ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to:<br><br>*Jane Doe (D.H.) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04322-CRB | Date:        March 13, 2026<br>Time:       10:00 a.m.<br>Courtroom:  6 – 17th Floor |

*CL 70 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06863-CRB

*W.J. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01705-CRB

*L.B. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04645-CRB

*Jane Doe KGDG 020 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04979-CRB

*Jane Doe 690917 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05318-CRB

*KG 008 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05320-CRB

*KG 013 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05577-CRB

*J.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05719-CRB

*KG 039 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06077-CRB

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2   In its Motion to Dismiss Cases for Failure to Comply with Amended PTO 10 (ECF 5198),
3  Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants"
4  or "Uber") established that certain Plaintiffs had failed to serve substantially complete Plaintiff Fact
5  Sheets (PFS) despite this Court's clear directive that they do so months ago. ECF 348 at 6; ECF 4286.
6  These Plaintiffs' noncompliance with the Court's order impairs Uber's ability to defend itself in this
7  MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and
8  prepare for trial. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig. (In re PPA).*, 460
9  F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.
10 (In re Bextra)*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.).
11 Effective management of the Court's docket, the public's interest in a quick resolution, the significant
12 prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of
13 Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice.
14 *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

15   Nothing in Plaintiffs' oppositions alters this conclusion. Three of the ten Plaintiffs subject to
16 this Motion have not responded to Uber's Motion and can therefore can be deemed to have consented
17 to the relief it seeks. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at
18 *1 (9th Cir. July 21, 2025). One of the other Plaintiffs, L.B., represents that she has cured the
19 deficiencies with her PFS since the filing of the Motion. ECF 5265 at 4. Uber has confirmed that L.B.
20 has made additional submissions, and therefore withdraws its Motion as to her, although it reserves
21 any potential arguments regarding prejudice and the sufficiency of Plaintiffs' late submissions. Uber
22 also withdraws its Motion as moot with regard to five Plaintiffs whose claims have subsequently been
23 dismissed without prejudice on other grounds. Finally, Plaintiff J.M. argues that she cured her PFS
24 deficiencies two days before Uber filed its motion and purports to seek sanctions for Uber's allegedly
25 frivolous motion. ECF 5265 at 2-4. But, J.M. has not cured the defects in her PFS, and regardless has
26 not met the procedural or substantive requisites for sanctions, and her improper request must be denied.
27 *See Primus Automotive Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 649 (9th Cir. 1997).

28

# ARGUMENT

## I. Three Plaintiffs have not responded to Uber's motion and therefore should be deemed to have consented to the relief sought.

The Nachawati Law Group, representing Plaintiff W.J., failed to file an opposition to Uber's Motion to Dismiss. Similarly, the law firm representing Plaintiffs John Doe KGDG 020 and Jane Doe KG 008 has not responded. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure produce substantially complete Plaintiff Fact Sheets by failing to timely oppose Uber's Motion, it should be granted as to those Plaintiffs.

## II. Uber withdraws its motion as to the Plaintiff who has belatedly cured the defects in her Plaintiff Fact Sheet and the five Plaintiffs whose claims have now been dismissed without prejudice on other grounds.

Plaintiff L.B. claims that, following Uber's Motion, she cured the PFS deficiencies identified by Uber and should therefore not be subject to dismissal with prejudice. ECF 5265 at 4. L.B. has not offered any excuse for her late submission, nor any apology for the failure to comply with this Court's order, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber has confirmed that L.B. has attempted to cure the defects with her PFS and therefore withdraws its motion as to her, although it reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiff's late submissions. Uber reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiff L.B. or her counsel for continued disregard of this Court's orders. In addition, on February 10, after Uber filed the Motion at issue, this Court dismissed the claims of five of the relevant Plaintiffs (Jane Doe (D.H.), Jane Roe CL 70, Jane Doe 690917, Jane Doe KG 013, and Jane Doe KG 039) without prejudice on other grounds. ECF 5216. Uber accordingly withdraws its Motion as to

1  these Plaintiffs as moot.[1] For this Court's convenience, Uber submits concurrently with this Reply an
2  Amended Proposed Order reflecting the withdrawal of the Motion as to these Plaintiffs.

3        **III.    Plaintiff J.M. has not cured the defects in her PFS, such that dismissal is appropriate,**
4               **and her request that Uber be sanctioned for a "frivolous" motion is unfounded and improper.**

5        The Wagstaff Law Firm, on behalf of Plaintiff J.M., asserts that it has "produced a compliant
6  PFS, authorizations, and records certifications for J.M., and her claim should be removed from
7  consideration of Defendant's Motion." ECF 5265 at 2. It asserts that J.M.'s PFS deficiencies were
8  cured on February 2, 2026, two days prior to Uber's filing of the Motion to Dismiss. *Id.* Accordingly,
9  Wagstaff characterizes Uber's motion to dismiss as "frivolous" and demands its fees and costs as a
10 sanction. *Id.* at 2-4. But contrary to the Wagstaff Firm's claims, J.M. did not cure her PFS deficiencies
11 and sanctions are in no way warranted.

12       In a January 26, 2026 meet and confer, counsel for Uber informed the Wagstaff Firm that
13 J.M.'s PFS was materially deficient because she had answered "yes" when asked in the PFS if she had
14 communicated in writing with her independent driver outside of the Uber App, but had not produced
15 those communications. Supporting Declaration of Michael B. Shortnacy ("Shortnacy Decl.") ¶ 3.
16 Counsel for Uber explained to Plaintiffs' counsel that the deficiency could be cured either by: (1)
17 serving the relevant production, or (2) serving a verified, amended PFS that explained why the relevant
18 productions were unavailable.[2] *Id.* Plaintiff J.M. took neither of those steps to cure the deficiency. *Id.*
19 Thus, Uber properly included Plaintiff J.M. and her deficient PFS in its February 4 motion to dismiss
20 for failure to comply with PTO 10, and her inclusion in the motion was in no way frivolous.

21       After receiving J.M.'s Opposition to the Motion, in which the Wagstaff firm claimed J.M. had
22 cured her deficiencies on February 2, counsel for Uber emailed the Wagstaff firm to apprise them that

---

[1] Plaintiff Jane Roe CL 70 opposed Uber's Motion, asking for "additional time to produce the information required" and asserting that "a Plaintiff may become unavailable for a variety of reasons" and that "[c]ounsel has utilized extensive efforts to reach each of the clients." Dkt. 5269 at 1-2. Of course, courts have rejected excuses like these in the past, *see In re PPA.*, 460 F.3d at 1233; *Richards v. Centripetal Networks, Inc.,* No. 23-cv-00145-HSG, 2024 WL 3834386, at *2 (N.D. Cal. Aug. 15, 2024), but this is a moot point in light of this Court's previous dismissal of Plaintiff's claims.

[2] These options to cure are based on Amended PTO 10 itself, which requires Plaintiffs to "Produce the requested documents to the extent such documents are in the Party's possession, custody, or control." ECF 4287 at 8. So, Plaintiff could either produce the requested documents or explain that they were not in her possession, custody or control.

1  no production or amended PFS that would cure the deficiencies had been uploaded to MDL Centrality
2  on February 2. Shortnacy Decl. ¶. Uber invited the Wagstaff firm to correct any misunderstanding in
3  this regard, but has received no response to date. *Id.* Thus, the Wagstaff firm has not substantiated its
4  claim that J.M. cured her PFS deficiencies prior to the filing of Uber's Motion and the inclusion of
5  J.M. in the Motion was entirely proper.

6  Of course, under these circumstances, sanctions against Defendants are not appropriate.
7  "[S]anctions should be reserved for the rare and exceptional case where the action is clearly frivolous,
8  legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus*
9  *Automotive Fin. Servs., Inc.,* 115 F.3d at 649. Indeed, although the Wagstaff Firm cited both *Primus*
10 and *In re Keegan Mgmt. Co., Sec. Litig.* in support of its request for sanctions, both cases actually **reversed**
11 the grant of sanctions. 115 F.3d at 650; 78 F.3d 431, 457 (9th Cir. 1996) (sanctions are "an extraordinary
12 remedy, one to be exercised with extreme caution").[3] Regardless, Uber's motion to dismiss Plaintiff J.M.'s
13 case for failure to comply with PTO 10 due to a material PFS deficiency was clearly not frivolous,
14 unreasonable, or brought for an improper purpose when J.M. had not cured the deficiency at the time of
15 the Motion (and still hasn't), and where the parties met and conferred and the Wagstaff firm was given
16 notice and an opportunity to cure the deficiency and correct the record if they contend a mistake was made.
17 They did none of those things. Accordingly, this Court should reject Plaintiff's request for sanctions. *See*
18 *Bravo v. Beard,* No. 12-cv-6414, 2013 WL 5862749, at*5 (N.D. Cal. Oct. 30, 2013) ("Plaintiff's sanctions
19 motion is DENIED as it is based on Plaintiff's incorrect assertion that Defendant's motion to dismiss is
20 frivolous."). Moreover, Plaintiff J.M.'s request for sanctions in her opposition violated Local Rule 7-8,
21 which requires "[a]ny motion for sanctions" to "be separately filed" and set for hearing in accordance with
22 Local Rule 7-2, which is to say "not less than 35 days after filing of the motion." This constitutes a separate
23 and independent ground for denying the sanctions request. *Kellman v. Home Depot, LLC,* No. 25-cv-6974,
24 2025 WL 3097919, at *1 (N.D. Cal. Nov. 6, 2025).

---

27 [3] Another decision cited by the Wagstaff Firm in support of its request for sanctions, *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002), was recognized as abrogated on other grounds in *Juarez*
28 *v. Walmart, Inc.,* No. 24-2844, 2025 WL 1983845, at *1 (9th Cir. July 17, 2025).

4
DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10
Case No. 3:23-MD-3084-CRB

## CONCLUSION

Plaintiffs have failed to comply with PTO 10's requirement that they submit a substantially complete PFS. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims without prejudice.

Dated: February 25, 2026  SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC