William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*Jane Doe LS 333 v. Uber Technologies, Inc., et al., Case No. 3:25-cv-07376-CRB*

*Jane Doe LS 397 v. Uber Technologies, Inc., et al., Case No. 3:25-cv-07381-CRB*

Case No. 3:23-md-03084-CRB

**DECLARATION OF WILLLIAM A. LEVIN IN SUPPORT OF LEVIN SIMES PLAINTIFFS' RESPONSE TO COURT ORDER COMPELLING COMPLIANCE (ECF 5217)**

I, William A. Levin, declare as follows:

1. I am a co-founder of Levin Simes LLP and counsel of record for all Levin Simes Plaintiffs in the Uber MDL and Uber JCCP. I am also court-appointed lead counsel in the Uber JCCP, *In re: Uber Rideshare Cases,* Case No. CJC-21-005188.
2. We are in agreement with Uber and the Court that whenever it is established that a Plaintiff has falsified evidence that his or her case should be dismissed with prejudice.
3. For context, the firm's representation of victims of sexual assault and sexual misconduct in the rideshare industry began in 2019 and Levin Simes LLP brought both Petitions to Coordinate in the Lyft and Uber litigations to form the statewide JCCPs.
4. Everyone who works on the rideshare litigations within our firm, including all of the attorneys, paralegals, and staff, understand that Uber is in a position to confirm whether or not a particular ride occurred.
5. Over the past six years, we have provided several hundred ride receipts to Uber.
6. In some instances where the client did not order the ride or did not retain the receipt, the rides were located and confirmed by Uber.
7. As early as 2019, we came to understand that both Uber retained detailed account records and GPS data for each ride.
8. During the entire time period that Levin Simes has been formally litigating cases and informally discussing cases, we have had all of the following experiences with Uber:
   a. We submit a ride receipt and Uber confirms the ride;
   b. We lack a ride receipt, but submit sufficient ride identifying information where Uber company is able to find and confirm the ride;
   c. We submit a ride receipt, Uber is able to tell us that they think the client actually misidentified the ride, and are able to point us to the correct ride;
   d. We lack a ride receipt, and submit sufficient ride identifying information and Uber is unable to identify or confirm the ride for a variety of reasons;
9. We learned for the first time in May of 2024 that there was an issue of a potentially altered

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

ride receipt from Uber's former counsel.

10. Our firm cannot independently determine whether a ride shown on a receipt is reflected in Uber's records.

11. Levin Simes has never created, altered, edited, or generated any ride receipt for any client including Jane Doe LS 333 and 397.

12. Pursuant to the Court's February 10, 2026 order, attached hereto as **Exhibit A**, is a privilege log of all pre-suit communications with Jane Doe LS 333.

13. Pursuant to the Court's February 10, 2026 order, attached hereto as **Exhibit B**, is a privilege log of all pre-suit communications with Jane Doe LS 397.

14. The Court has since dismissed both Plaintiffs' claims with prejudice for failing to respond to the OSC (ECF 5216).

15. Our firm has attempted to discuss the Court's February 10, 2026 order with Jane Doe LS 333 and Jane Doe LS 397 to ensure compliance. However, neither client has responded to any outreach efforts. As such, we have not been able to obtain a declaration from either Plaintiff with respect to any documents, nor have we been able to confirm that either Plaintiff will appear for a deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 25, 2026, in San Francisco, California.

Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*
William A. Levin
*Attorneys for LS Plaintiffs*

# EXHIBIT A

**Privilege Log - Jane Doe LSA 333**

| Date | Type of Communication | Author | Detail | Privilege Asserted |
|---|---|---|---|---|
| 6/30/2022 | | Levin Simes | Client retained. | Attorney-Client |
| 7/6/2022 | Incoming email | Levin Simes | Received intake information from referral firm, including ride receipt. | Attorney-Client |
| 7/6/2022 | Outgoing call | Levin Simes | Attempted intro call, left voicemail and requested a call back at her convenience. | Attorney-Client |
| 7/6/2022 | Outgoing email | Levin Simes | Sent intro email to client. | Attorney-Client |
| 7/8/2022 | Outgoing call and text | Levin Simes | Attempted intro call. Sent follow-up text. | Attorney-Client |
| 7/8/2022 | Incoming text | Jane Doe LS 333 | Incoming text from client regarding intro call. | Attorney-Client |
| 7/11/2022 | Outgoing email | Levin Simes | Sent email confirming time for intro call. | Attorney-Client |
| 7/11/2022 | Outgoing call | Levin Simes | Completed introductory call with client, reviewed intake information. | Attorney-Client |
| 7/11/2022 | Incoming Text | Jane Doe LS 333 | Received text from client re: requested information. | Attorney-Client |
| 7/11/2022 | Outgoing text | Levin Simes | Responded to client text confirming receipt. | Attorney-Client |
| 7/22/2022 | Outgoing email | Levin Simes | Sent update letter to client. | Attorney-Client |
| 8/8/2022 | Outgoing to text | Levin Simes | Sent follow-up text to client re update letter. | Attorney-Client |
| 9/28/2022 | Outgoing email | Levin Simes | Resent update letter. | Attorney-Client |
| 10/14/2022 | Outgoing call | Levin Simes | Attempted call to client, number out of service. | Attorney-Client |
| 10/14/2022 | Outgoing email | Levin Simes | Sent email to client regarding contact information. | Attorney-Client |
| 10/31/2022 | Outgoing email | Levin Simes | Sent follow-up email to client regarding contact information. | Attorney-Client |
| 11/7/2022 | Outgoing letter | Levin Simes | Sent letter to client regarding regarding contact information and communication. | Attorney-Client |
| 11/7/2022 | Outgoing email | Levin Simes | Emailed copy of letter to client regarding contact information and communication. | Attorney-Client |
| 11/30/2022 | | Levin Simes | Case is filed in San Francisco Superior Court on multi-plaintiff complaint. | |

# EXHIBIT B

**Privilege Log - Jane Doe LSA 397**

| Date | Type of | Author | Note Text | Privilege Asserted |
|---|---|---|---|---|
| 9/20/2023 | Incoming Email | Levin Simes | Retained client and received intake information from referral firm, including ride | Attorney-Client |
| 9/20/2023 | Outgoing text | Levin Simes | Sent client introductory text to set up call. | Attorney-Client |
| 9/20/2023 | Incoming Text | Jane Doe LS 397 | Text from client confirming time for call. | Attorney-Client |
| 9/20/2023 | Outgoing call | Levin Simes | Attempted call, no answer. | Attorney-Client |
| 9/20/2023 | Incoming Call | Jane Doe LS 397 | Completed intro call, reviewed all intake paperwork and confirmed information. | Attorney-Client |
| 9/20/2023 | Outgoing text | Levin Simes | Sent follow-up text after intro call. | Attorney-Client |
| 11/1/2023 | | | Case is filed in San Francisco Superior Court on multi-plaintiff complaint. | |