UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>*N.MP. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10776-CRB | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF REPLY OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF N.MP.** |

I, Sommer D. Luther, declare:

1. I am a partner at Wagstaff Law Firm. I am admitted to practice before this Court pro hac vice. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the matters stated herein.

2. Circumstances outside counsel's control – including the inability to reach Plaintiff N.MP. and maintain consistent communication – have made continued representation impractical and unreasonably difficult.

3. The communication breakdown between attorney and client underscores the impossibility of effective representation under current conditions.

4. A breakdown in communication and trust between attorney and client constitutes good cause for withdrawal, particularly where withdrawal will not prejudice other parties or delay proceedings.

5. Plaintiff N.MP.'s failure to communicate with and provide necessary information to our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her

1

DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF WAGSTAFF LAW FIRM'S
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF N.MP., CASE NO. 3:25-CV-10776-CRB

input. Our withdrawal from the case has become necessary.

6. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff N.MP.

7. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

8. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility. Executed this 3 day of March 2026 in Denver, Colorado.

/s/
Sommer D. Luther