**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>*K.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10778-CRB | Case No. 3:23-md-03084-CRB<br><br>**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.B.**<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.B.**

Counsel for Plaintiff N.MP. respectfully submits this reply in support of their motion to withdraw as counsel. *See Docket No. 5214.* This motion was filed after diligent efforts to maintain communication with Plaintiff. Unfortunately, circumstances outside counsel's control – including the inability to reach Plaintiff and maintain consistent communication – have made continued representation impractical and unreasonably difficult.

Defendants have raised collateral concerns regarding Plaintiff's obligations under PTO 31. Nevertheless, the communication breakdown between attorney and client underscores the impossibility of effective representation under current conditions.

A breakdown in communication and trust between attorney and client constitutes good cause for

withdrawal, particularly where withdrawal will not prejudice other parties or delay proceedings. The Court has broad discretion to permit withdrawal under such circumstances, and courts in this Circuit have consistently found it appropriate when counsel cannot maintain contact or cooperation with their clients.

Under California Rule of Professional Conduct 1.16(b)(4), withdrawal is permitted when a client renders it unreasonably difficult for counsel to carry out representation effectively. As Plaintiff's counsel stated in their initial Motion, counsel documented client non-responsiveness through multiple contact attempts across different communication methods.

Courts consider four factors when ruling on a motion to withdraw: (1) the reason for withdrawal, (2) potential prejudice to other litigants, (3) impact on the administration of justice, and (4) delay in resolving the case. *See Riese v. County of Del Norte*, 2013 WL 6056606, at *1 (N.D. Cal. Nov. 14, 2013). Each factor supports withdrawal here. Reason for Withdrawal: Counsel cannot meaningfully respond to Defendants' filings or advance the litigation without input from the Plaintiff. This factor favors withdrawal. Prejudice to Other Litigants: Plaintiff is not a bellwether selected case. Plaintiff will receive all relevant materials and can obtain new counsel, proceed *pro se*, or choose not to pursue further action. There is no delay or prejudice to other litigants. Administration of Justice: withdrawal will not disrupt the overall MDL proceedings. This case is among more than 2,500 and has no bearing on bellwether scheduling or trials. Delay in Resolution: the earliest potential trial date for this client remains distant, as 19 bellwether trials remain to be tried. Permitting withdrawal now will not delay the MDL process. Courts routinely grant withdrawal under similar circumstances where client noncommunication prevents effective advocacy. *See, e.g., Capital Commc'ns v. Lucen Techs.*, 2004 WL 201596 (N.D. Cal. Jan. 16, 2004); *El Hage v. U.S. Sec. Assocs.*, 2007 WL 4328809 (N.D. Cal. Dec. 10, 2007); and *Hershey v. Berkeley*, 2008 WL 4723610 (C.D. Cal. Oct. 24, 2008).

Inappropriately, Defendants' response inaccurately insinuates that Plaintiff's counsel failed to

adhere to its duty to conduct a reasonable factual investigation prior to filing this complaint. *See Docket No. 5239*. This assertion is baseless and contradicts Plaintiff's filed declaration for K.B. *See Docket No. 5214.1*. As declared, Plaintiffs' counsel attempted to contact Plaintiff K.B. on at least twenty-seven (27) occasions in various methods of communication. Defendants woefully mischaracterize our firm's handling of this case and communication with Plaintiff K.B. in its attempt to inflate a narrative that Plaintiffs firms in this MDL prioritize marketing over ethical obligations and due diligence upon establishing an attorney-client relationship.

Counsel has made diligent efforts, but is unable to communicate with Plaintiff, leaving counsel unable to continue representation. This Court has previously granted similar motions; *see Docket No. 4426 and 4427*. Under these circumstances, counsel's motion to withdraw should be granted for K.B.

## CONCLUSION

For these reasons, counsel's motion to withdraw for Plaintiff K.B. should be granted.

Dated: March 3, 2026                                  Respectfully submitted,

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, I electronically filed the foregoing

**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.B.**

**DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF REPLY OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.B.**

**[PROPOSED] ORDER GRANTING WAGSTAFF LAW FIRM'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.B.**

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: March 3, 2026

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff*