John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 1416 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05667-CRB | Case 3:23-md-03084-CRB<br><br>MDL No. 3084<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

1

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10

3:23-md-03084-CRB

## INTRODUCTION

Pursuant to Local Rule 7-9, Plaintiff respectfully moves for leave to file a motion for reconsideration of the Court's February 13 Order dismissing her case with prejudice.

As shown below, Plaintiff is acting with reasonable diligence in filing this motion for leave, and within the time period set forth by Fed. R. Civ. P 59. Specifically, there is now a material difference in the facts of Plaintiff's case that justifies granting leave to file a motion to reconsider. Plaintiff's proposed motion for reconsideration is attached as Exhibit 1.

On October 22, 2025, Defendants filed an Amended Motion to Dismiss Cases for Failure to Comply with PTO 10. [No. 4203] Plaintiff WHB 1416's case was included as one of the cases Defendants sought to dismiss because she had not verified her Amended Plaintiff Fact Sheet. [No. 4203-A]. Plaintiff has since uploaded her executed verification to MDL Centrality and is in compliance with Amended PTO 10. **Ex. A** to the Declaration of Walt Cubberly. Plaintiff WHB 1416 respectfully submits that due to the circumstances discussed below, that leave be granted to file her Motion for Reconsideration, and that her case not be subject to dismissal with prejudice and instead be allowed to proceed.

## ARGUMENT

Federal Rule of Civil Procedure 59(e) allows a motion to reconsider a final order to made "no later than 28 days after the entry of the judgment." The Court entered dismissal with prejudice of Plaintiff's case on February 13, 2026. Plaintiff brings the present motion for leave within twenty-eight days of the Court's Order of dismissal.[1]

There are four grounds that justify the granting of a Rule 59(e) motion: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgement is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is

---

[1] Twenty-eight days from February 13, 2026 is March 13, 2026,

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10

2

3:23-md-03084-CRB

necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Hiken v. Dept. of Defense*, 836 F.3d 1037, 1042 (9th Cir. 2016)(*citing Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). Moreover, "a district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner*, 338 F.3d at 1063.

Here, Plaintiff has filed her motion for leave to file motion for reconsideration within the time limits permitted under Rule 59, and she has uploaded her signed fact sheet verification, the sole grounds upon which Defendant moved to dismiss her case. Pursuant to local Rule 7-9, Plaintiff acted with reasonable diligence under the circumstances in bringing this motion (within the time limits permitted under Rule 59) and in uploading her signed verification. In accordance with Local Rule 7-9, Plaintiff has presented new, material, evidence (her uploaded, signed PFS verification) that was not available when the Court dismissed her case. The motion is also necessary to prevent manifest injustice to Plaintiff who has satisfied her discovery obligations under Amended PTO 10.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her leave to file her Motion for Reconsideration (attached hereto as Exhibit A) and given the time limits prescribed by Rule 59, that the Court deem the Motion for Reconsideration filed as of the time of filing this motion for leave. Plaintiff also respectfully requests that the Court grant her Motion for Reconsideration and amend the Orders dismissing cases for failure to comply with PTO 10 to remove Plaintiff WHB 1416, and to allow her case to be reinstated to the active docket.

3

PLAINTIFF'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION OF ORDER
DISMISSING CASE FOR FAILURE TO COMPLY
WITH PTO 10

3:23-md-03084-CRB

| | | |
|---|---|---|
| 1 | Dated: March 3, 2026 | /s/ *Walt Cubberly* |
| 2 | | John Eddie Williams, Jr.<br>Brian Abramson |
| 3 | | Margret Lecocke<br>Walt Cubberly (SBN 325163) |
| 4 | | Batami Baskin<br>Myles Shaw |
| 5 | | WILLIAM HART & BOUNDAS, LLP<br>8441 Gulf Freeway, Suite 600 |
| 6 | | Houston, Texas 77017-5051<br>Telephone: (713) 230-2200 |
| 7 | | Facsimile: (713) 643-6226<br>Email: jwilliams@whlaw.com |
| 8 | | Email: babramson@whlaw.com<br>Email: mlecocke@whlaw.com |
| 9 | | Email: wcubberly@whlaw.com<br>Email: bbaskin@whlaw.com |
| 10 | | Email: mshaw@whlaw.com |
| 11 | | |
| 12 | | *Attorneys for Plaintiff* |

4

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10

3:23-md-03084-CRB