Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' RESPONSE TO THE ORDER TO SHOW CAUSE REGARDING SEALING [ECF 5245]** |

**DEFENDANTS' RESPONSE TO THE ORDER TO SHOW CASE REGARDING SEALING [ECF 5245]**

Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Defendants") respectfully submit this Response to the Court's January 17, 2026 Order to Show Cause. ECF 5245 ("OSC"). In the OSC, the Court ordered Defendants to show cause why the parties' motions to seal in connection with Uber's Second Motion for Sanctions (ECF 4603, 4780, and 4825) "should not be denied in part." ECF 5245 at 31. Although Defendants have heeded the Court's guidance and significantly reduced the amount of information they seek to maintain under seal, Defendants maintain that certain filings should remain under partial seal. Specifically, the Court should seal (1) the Universally Unique Identifier ("UUID") of a non-party Uber Eats Earner in four of Mr. Stanley's filings; and (2) limited internal Uber Eats safety and compliance audit information in Mr. Stanley's sanctions opposition brief and declaration in support that he extracted from the VFB Analysis, the very document that the Court ruled Mr. Stanley improperly searched for and used to advance his state court auto accident case in violation of the MDL Protective Order. Defendants respectfully submit that there is good cause to seal this information, in part because this information is entirely irrelevant to the MDL, and the proposed sealing is the least restrictive means of protecting both a non-party Earner's legitimate expectation of privacy and Defendants' legitimate interest in maintaining the confidentiality of sensitive, internal safety audit information.

**I.    BACKGROUND AND REQUESTED SEALING**

Defendants seek to seal limited portions of the following documents: (1) Mr. Stanley's Response to Defendants' Second Motion for Sanctions ("Sanctions Response"); (2) Mr. Stanley's Declaration in support of his Sanctions Response ("Stanley Declaration"); (3) Exhibit 1 to the Stanley Declaration; and (4) Exhibit 2 to the Stanley Declaration, specifically:

| Document | Description | Defendants' Request |
|---|---|---|
| **The Sanctions Response** (ECF 4780-3; redacted version filed at ECF 4783; proposed redactions at Ex. 1 to Cummings Decl.[1]) | Confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business as well as personally identifiable information ("PII"). | Seal in part (portions of pages 6 and 11) |
| **The Stanley Declaration** (ECF 4780-4; redacted version filed at ECF 4783-1; proposed redactions at Ex. 2 to Cummings Decl.) | Confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business as well as PII. | Seal in part (portions of ¶¶17, 42) |
| **Exhibit 1 to the Stanley Declaration** (ECF 4780-5; redacted version filed at ECF 4783-2; proposed redactions at Ex. 3 to Cummings Decl.) | The *Smith* plaintiff's requests for production ("RFP") referencing PII. | Seal in part (portions of RFPs 65 and 70) |
| **Exhibit 2 to the Stanley Declaration** (ECF 4780-6; redacted version filed at ECF 4783-3; proposed redactions at Ex. 4 to Cummings Decl.) | Defendants' objections to RFPs in the *Smith* case referencing PII. | Seal in part (portions of RFPs 70 and 72) |

---

[1] Defendants have highlighted all of their proposed redactions in green. Any yellow or blue highlights were either in Mr. Stanley's proposed redactions or in the original copy of the respective document.

## II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a motion for sanctions and concern the Uber Eats business, and therefore do not pertain to the merits of the underlying litigation in any fashion; also, the documents are not related to a dispositive motion. Therefore, the good cause standard applies. *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (finding good cause standard applies to motion for attorney fees); *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, 2019 WL 6525752, at *6 (N.D. Cal. Dec. 4, 2019) (same); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (same); *TB Holding Co. LLC v. J&S Siding*, 2024 WL 4924738, at *1 (D. Idaho June 21, 2024) (same). District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

Good cause to seal exists where the documents at issue contain confidential business information because competitive harm results–and sealing is warranted–where public disclosure would provide competitors insight into a party's internal data and analyses or "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022); *see also, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) (sealing is appropriate as to "business information that might harm a litigant's competitive standing"); *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) (sealing documents containing confidential information on "internal business strategy and corporate

decisionmaking"); *Mobileum Inc. v. Sarl*, 2023 WL 8481802, at *2 (N.D. Cal. Dec. 7, 2023) (sealing portions of document addressing "operation of [plaintiff's] proprietary software platform" because the public information "could be used by competitors to undercut the litigant"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. Nov. 8, 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *4 (N.D. Cal. June 26, 2023) (finding compelling reasons to seal "confidential and internal data, including platform user and franchise data, and economic and commercial analysis that are not publicly accessible outside the company"); *CertainTeed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, 2021 WL 6621061, at *2 (N.D. Cal. Dec. 13, 2021) (granting motion to seal "company's internal report about the efficacy of the company's products" because it "is a 'compilation of information which is used in [the company's] business' and gives the company 'an opportunity to obtain an advantage over competitors who do not know or use it'"); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *4 (N.D. Cal. Mar. 14, 2012) (granting motion to seal information concerning party's "product testing, development, and evaluation processes"); *Daybreak Game Co., LLC v. Takahashi*, 2025 WL 3552744, at *3 (S.D. Cal. Dec. 11, 2025) (compelling reasons to seal user engagement metrics, which are the sort of "confidential business information that companies guard closely"); *Craig v. Am. Tuna, Inc.*, 2023 WL 8242460, at *3 (S.D. Cal. Nov. 28, 2023) (finding compelling reasons to seal "aggregated data and analysis that could be used 'as sources of business information that might harm [Defendant's] competitive standing'") (citation omitted).

Courts also routinely find good cause to seal documents that contain personally identifiable information, especially where, as here, the information pertains to a non-party to the case and is not relevant to the disposition of a non-dispositive motion. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("This Court has found compelling reasons to seal personally identifiable information.") (collecting cases); *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to

the underlying causes of action.").

### III. DEFENDANTS' MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue should be sealed, in part, under the good cause standard. For starters, the information Defendants seek to seal is not relevant to this MDL because it pertains only to the Uber Eats platform. Moreover, Defendants have a legitimate business interest in sealing these documents in part, as they feature confidential, non-public information regarding findings conducted in connection with a self-evaluative audit, the public disclosure of which would harm Uber's competitive standing. And each of the documents at issue features personally identifiable information of a non-party Uber Eats Earner, and the Earner has a legitimate privacy interest as to his PII. The sealing that Defendants request—limited redactions to a response in opposition to a motion for sanctions and its supporting documents—is the least restrictive means of protecting these interests.

**A. Good Cause Exists to Seal the Documents In Part.**

**1. Defendants No Longer Seek to Seal Information that Has Been Made Public or that is a Product of Mr. Stanley's General Knowledge.**

In the OSC, the Court raised concerns over sealing information that was (1) discussed in a public hearing in the *Smith* case pending in Texas; (2) discussed in the 1/20/26 public hearing concerning Defendant' Second Motion for Sanctions against Mr. Stanley; (3) not redacted by Mr. Stanley in his Sanctions Response and associated filings and thus remained on the public MDL docket for a period of time before the Court ordered that it be provisionally sealed; and (4) known to Mr. Stanley from prior litigation against Defendants (*i.e.*, Mr. Stanley's "general knowledge"). ECF 5245 at 31-32. Defendants understand the Court's concern regarding sealing this information and, without intending to effect any waiver as to subject matter, no longer seek to redact from the papers on the Motion any information that falls into the four categories identified above.

**2. Public Disclosure Would Reveal the Personally Identifiable Information of a Non-Party to this Case.**

The Court should seal the portions of the Sanctions Response, Stanley Declaration, and Exhibits 1 and 2 to the Stanley Declaration that specify the Universally Unique Identifier of a non-

party to this MDL, who is identified by name in the sanctions related filings.[2] A UUID is a personal identifier for each individual Earner on the Uber platform and is used in a variety of contexts to identify Earners. *See* ECF 4826-1 (Declaration of Daniel Cummings), ¶4. UUIDs, like an employee identification, social security, or credit card number, are treated as personally identifiable information ("PII"), and courts routinely grant motions to seal documents containing PII. *See, e.g.*, *UnifySCC v. Cody*, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (finding compelling reasons to seal employee identification numbers); *Regents of Univ. of Cal. v. LTI Flexible Prod., Inc.*, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (finding compelling reasons to seal employee identification numbers); *Snapkeys, Ltd.*, 2021 WL 1951250, at *3 ("This Court has found compelling reasons to seal personally identifiable information.") (collecting cases); *Am. Automobile Ass'n of N. Cal., Nev., & Utah v. General Motors, LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal PII); ECF 4826-1, ¶¶4-5. Public disclosure of the UUID would harm the privacy interests of the non-party Uber Eats Earner. ECF 4826-1, ¶5. Indeed, the Court has previously recognized the potential privacy concerns associated with a UUID. *See* ECF 2647.

Balanced against these reasons to maintain the redacted information under seal is the complete absence of any public interest in the disclosure of the specific UUID of a non-party to this litigation. The specific Uber Eats Earner's UUID adds nothing to the public's understanding of the merits of this litigation, or even the Motion for Sanctions. *See* ECF 4826-1, ¶6; *see also Stiner*, 2022 WL 1180216, at *2 ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action."); *UnifySCC*, 2024 WL 4752092, at *2. Therefore, Defendants respectfully request that the Court maintain under seal the portions of the Sanctions Response, Stanley Declaration, and Exhibits 1 and 2 to the Stanley Declaration disclosing the UUID of a non-party to this MDL.

---

[2] To be clear, Defendants do not contend that the term "UUID" should be sealed.

### 3. Sealing Is Necessary to Allow Defendants to Protect Their Rights Under The Protective Order and Because Competitive Harm Would Flow from Public Disclosure.

Defendants seek to seal portions of two sentences in Mr. Stanley's Sanctions Response and Declaration in support that specifies what Mr. Stanley refers to as the "VFB ratio" of a non-party Uber Eats Earner. This information includes specific information about the Earner's "VFB ratio" and how Mr. Stanley believes it would have been applied to the Earner based on his flawed understanding of Uber's systems.

Preliminarily, this information should be sealed because it was improperly extracted from the VFB Analysis, a document designated as confidential under the Protective Order that was the subject of Defendants' Second Motion for Sanctions against Mr. Stanley.[3] Indeed, the Court has already ruled that Mr. Stanley, in violation of the Protective Order, searched for this document in the MDL discovery repository and then "relied on what he found in" the document, including the precise information Defendants seek to seal, "to advance arguments in *Smith* …." ECF 5245 at 27. Mr. Stanley then included this information in his Sanctions Response and Declaration in an attempt to justify his actions and establish that Defendants were withholding information in the *Smith* case.[4] Mr. Stanley of course had a right to respond to the Motion for Sanctions, but Defendants should not face a "catch-22" where they are forced to decide between bringing a motion to enforce a protective order but risking the protected information becoming public through briefing in connection with the issue, or not bringing the motion at all. This concern is heightened here where the information at issue in the sanctions motion is about an entirely different platform (Eats) having no relevance to the Rides platform on which Plaintiffs' allegations in the MDL are based.

"Protective orders safeguard the interests of litigants who have no choice but to turn over sensitive information to the other party." *Ground Zero Ctr. for Non-Violent Action v. United States*

---

[3] In October 2025, Mr. Stanley challenged Defendants' confidentiality designation of the VFB Analysis. However, he subsequently withdrew his challenge with prejudice. ECF 4366 at 3.

[4] Mr. Stanley's understanding of what the document shows is erroneous. *See* ECF 4603-6 (Declaration of Greg Brown), ¶6.

1  *Dep't of Navy*, 860 F.3d 1244, 1259 (9th Cir. 2017). But to serve as a meaningful safeguard, parties must be able to enforce a protective order; a legal right that is not "enforceable" is a "nullity." *Cf. Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037 (9th Cir. 2011) (discussing contract enforceability). Denying a motion to seal in circumstances such as this one would discourage litigants from seeking to enforce their rights under protective orders, thereby undermining the efficacy of protective orders and fueling unnecessary discovery fights when parties believe they cannot rely on a protective order. This fact weighs very heavily in favor of sealing the confidential business information at issue.

In addition, the information Defendants seek to seal pertains to a self-evaluative audit undertaken by Uber in connection with its Uber Eats platform–not the rideshare platform at issue in the MDL–and public disclosure would result in competitive harm to Uber. *See* ECF 4603-6 (Declaration of Greg Brown), ¶¶5-6 (explaining that access to the VFB Analysis "was restricted by role and responsibility, and is not broadly shared within the Uber organization" and that the "details of the VFB Analysis are unknown to Uber's competitors and application users, and the disclosure of this information would result in a competitive disadvantage to Uber …."). Uber's competitors, for example, could gain insight into Uber's proprietary methodologies and strategies for performing audits related to Uber Eats that are wholly outside the scope of this litigation, while using that same information about internal Uber Eats audit processes to promote their own, competing delivery products to potential delivery contractors as well as the public at large. *See id.* ¶6; *see also* Exhibit A, Declaration of Daniel Cummings In Support of Defendants' Response to the Order to Show Cause Regarding Sealing, ¶9.

Uber's internal data and its analysis of that data are core to its business operations and strategies. Exhibit A, ¶8. Courts have sealed analogous information regarding internal company data, analyses, and reports that, if publicly disclosed, could harm the party's competitive standing. *See, e.g.*, *DeMartini*, 2023 WL 4205770, at *4 (finding compelling reasons to seal "confidential and internal data, including platform user and franchise data, and economic and commercial analysis that are not publicly accessible outside the company"); *CertainTeed Gypsum, Inc.*, 2021 WL 6621061, at *2

(granting motion to seal "company's internal report about the efficacy of the company's products"); *Kowalsky*, 2012 WL 892427, at *4 (granting motion to seal information concerning party's "product testing, development, and evaluation processes"); *Daybreak Game Co., LLC*, 2025 WL 3552744, at *3 (compelling reasons to seal user engagement metrics, which are the sort of "confidential business information that companies guard closely"); *Craig*, 2023 WL 8242460, at *3 (finding compelling reasons to seal "aggregated data and analysis that could be used 'as sources of business information that might harm [Defendant's] competitive standing'") (citation omitted). Moreover, public disclosure of information pertaining to a self-evaluative analysis performed by a company, especially where it has nothing to do with the underlying litigation, would work as a perverse incentive, as companies would be less inclined to conduct such self-evaluative analyses designed to improve safety. *Cf.* Fed. R. Evid. 407.

Balanced against these reasons to maintain the redacted information under seal is the complete absence of any public interest in the specific "VFB ratio" of a non-party Uber Eats Earner. Exhibit A, ¶10. That information has minimal relevance to the Motion for Sanctions, and, more importantly, it adds nothing to the public's understanding of the merits of this litigation. *Id.* Again, the information pertains to the Uber Eats platform, which is an entirely different business line than the rideshare business at issue in this MDL. Defendants therefore respectfully ask the Court to maintain this information under seal.

### B. The Proposed Sealing Is the Least Restrictive Means of Protecting Defendants' Legitimate Interest in Maintaining Confidentiality.

Defendants' proposed sealing is narrowly tailored to cover only information for which Defendants have a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their entirety. Civ. L.R. 79-5(c)(3). Indeed, Defendants have significantly narrowed the redactions they seek; the proposed limited redactions are now focused exclusively on PII and information improperly extracted by Mr. Stanley from the VFB Analysis that forms the basis of this Court's most recent finding that Mr. Stanley violated the Protective Order. Actions short of sealing portions of these documents would be insufficient to protect Defendants' legitimate

expectations of confidentiality and a non-party's legitimate expectation of privacy. *See* Exhibit A, ¶16. Accordingly, there is good cause to grant the sealing Defendants request, and there are no less restrictive means of protecting Defendants' legitimate interest in maintaining confidentiality.

### IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the documents listed above be maintained under partial seal, as specified herein.

DATED: March 3, 2026                             Respectfully submitted,

By: */s/ DANIEL E. CUMMINGS*
    DANIEL E. CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK L. OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL E. CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC