Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' RESPONSE TO THE ORDER TO SHOW CAUSE REGARDING SEALING [ECF 5245]**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G-15th Floor |

I, Daniel Cummings, having personal knowledge of the following, state:

1. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants' Response to the Order to Show Cause Regarding Sealing [ECF 5245] ("OSC Response").

2. I have reviewed Bret Stanley's Administrative Motion to File Under Seal (ECF 4780, "Stanley Sealing Motion"), Mr. Stanley's Response to Defendants' Second Motion for Sanctions Against Bret Stanley (ECF 4780-3, "Sanctions Response"), the Stanley Declaration in Support of his Sanctions Response (ECF 4780-4, "Stanley Declaration"), and the exhibits to the Stanley Declaration. ECF 4780-5 through ECF 4780-10.

3. I have also reviewed the Court's Order to Show Cause regarding sealing. ECF 5245.

4. The documents at issue for purposes of this OSC Response are the Sanctions Response, Stanley Declaration, and Exhibits 1 and 2 to the Stanley Declaration. On information and belief, the documents Defendants seek to seal, only in part, contain reference to personally identifiable information and confidential, non-public safety and compliance audit data and analysis conducted by Uber.

5. I hereby incorporate by reference my prior Declaration filed with the Defendants' Administrative Motion to File Under Seal Portions of Motion for Sanctions Against Bret Stanley. ECF 4603-1.

6. I hereby incorporate by reference my prior Declaration filed in support of Defendants' Statement in Support of Bret Stanley's Administrative Motion to File Under Seal [ECF 4780]. ECF 4826-1 ("Cummings' 12/29/25 Declaration"). For the reasons set forth in the Cummings' 12/29/25 Declaration, Defendants ask the Court to seal the portions of the Sanctions Response, Stanley Declaration, and Exhibits 1 and 2 to the Stanley Declaration that specify the

2

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS'
RESPONSE TO THE ORDER TO SHOW CAUSE REGARDING SEALING [ECF 5245]
Case No. 3:23-MD-03084-CRB

Universally Unique Identifier ("UUID") of a non-party Uber Eats Earner.

7. Moreover, Defendants ask the Court to seal portions of the Sanctions Response and Stanley Declaration that reference data and analysis derived from a self-evaluative audit undertaken by Uber in connection with its Uber Eats platform–not the rideshare platform at issue in the MDL.

8. On information and belief, Uber's internal data and its analysis of that data are core to its business operations and strategies.

9. On information and belief, public disclosure of Uber's internal audit data and analysis could harm Uber's competitive standing, including by providing competitors with insight into Uber's proprietary methodologies and strategies for performing audits.

10. Balanced against these reasons to maintain the redacted audit information under seal is the complete absence of any public interest in the specific "VFB ratio" of a non-party Uber Eats Earner. That information has minimal relevance to the Motion for Sanctions, and, more importantly, it adds nothing to the public's understanding of the merits of this litigation.

11. Attached as Exhibit 1 to this Declaration is a true and correct copy of the Sanctions Response with Defendants' proposed redactions.

12. Attached as Exhibit 2 to this Declaration is a true and correct copy of the Stanley Declaration with Defendants' proposed redactions.

13. Attached as Exhibit 3 to this Declaration is a true and correct copy of Exhibit 1 to the Stanley Declaration with Defendants' proposed redactions.

14. Attached as Exhibit 4 to this Declaration is a true and correct copy of Exhibit 2 to the Stanley Declaration with Defendants' proposed redactions.

15. Defendants' proposed redactions, as specified in Exhibits 1 through 4, are significantly narrower than the proposed redactions Defendants previously sought with respect to these four documents.

16. There are no less restrictive alternatives to sealing the documents—Defendants' proposed sealing is narrowly tailored to cover only information for which Defendants have a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their

entirety. The proposed limited redactions are focused exclusively on information pertaining to Defendants' proprietary, confidential, and non-public safety and compliance audit procedure as well as a non-party Uber Eats Earner's Personally Identifiable Information. Actions short of sealing portions of these documents would be insufficient to protect Defendants' legitimate expectations of confidentiality. Accordingly, there is good cause to grant the sealing Defendants request, and there are no less restrictive means of protecting Defendants' legitimate interest in maintaining confidentiality.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 3, 2026.           By:    */s/ Daniel Cummings*
                                                                           Daniel Cummings