William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB  **LEVIN SIMES PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31** |
| This Document Relates to: *Jane Doe LS 185 v. Uber Technologies, Inc., et al., Case No.* 3:23-cv-05922-CRB  *Jane Doe LS 291 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06020-CRB  *Jane Doe LS 296 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06021-CRB  *John Doe LS 3 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05760-CRB  *Jane Doe LS 54 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05387-CRB  *Jane Doe LS 134 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-03811-CRB | |

1

1 | *Jane Doe LS 191 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05573-CRB

2
3 | *John Doe LS 5 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05853-CRB

4 | *Jane Doe LS 616 v. Uber Technologies, Inc., et al.,* Case No. 3:25-cv-05942-CRB

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' REPLY ISO MOTION TO RECONSIDER
ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31

## I.   INTRODUCTION

Plaintiffs respectfully submit this Reply in further support of their Motion to Reconsider the Court's February 10, 2026 Order dismissing certain cases for failure to comply with PTO 31. Uber's Opposition (ECF 5261) improperly frames this issue as a deliberate disregard of Court-ordered deadlines, as it misstates both the factual circumstances and the practical realities underlying the delayed submissions. At its core, the issue was not willful noncompliance, it was an issue of consistent client responsiveness. Uber's requested remedy is highly prejudicial and ignores the Court's broad case management authority to manage its own docket.

## II.   PROCEDURAL HISTORY

Jane Doe LS 185 submitted her ride identification form on February 15, 2024, and her PFS on November 15, 2024. Jane Doe LS 185 submitted her certified PTO 31 statement on January 16, 2026, along with an amended ride identification form. Declaration of Samira J. Bokaie ¶ 3.

Jane Doe LS 291 submitted her ride identification form on September 26, 2024, and her PFS on December 19, 2024. Jane Doe LS 291 submitted her certified PTO 31 statement on December 19, 2025. *Id.* ¶ 4.

Jane Doe LS 296 submitted her ride identification form on September 26, 2024, and her PFS on November 15, 2024. Jane Doe LS 296 submitted her certified PTO 31 statement on January 5, 2026, along with an amended ride identification form. *Id.* ¶ 5.

John Doe LS 3 submitted his ride identification form on September 26, 2024, and his PFS on December 22, 2024. John Doe LS 3 submitted his certified PTO 31 statement on January 5, 2026. He previously produced his messages with Uber support regarding the incident and his inability to access the receipt on December 5, 2025. *Id.* ¶ 6.

Jane Doe LS 134 submitted her ride identification form on February 15, 2024, and her PFS on December 18, 2024. The ride was ordered by an individual other than Plaintiff. Plaintiff has recently been able to obtain the police report, which was produced on February 5, 2026, which has allowed her to identify the exact date of incident. An amended ride identification form was produced to reflect this information on February 5, 2026. *Id.* ¶ 7.

Jane Doe LS 191 submitted her ride identification form on February 15, 2024, and her PFS on

2

Case No. 3:23-md-03084-CRB     LEVIN SIMES PLAINTIFFS' MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31

April 11, 2025. The ride was ordered by an individual other than Plaintiff. Bokaie Decl. ¶ 8.

John Doe LS 5 submitted his ride identification form on September 26, 2024, and his PFS on November 22, 2024. He submitted his certified PTO 31 statement on February 12, 2026 along with an amended ride information form. *Id.* ¶ 9.

Jane Doe LS 616 submitted her ride identification form on July 17, 2025, and her PFS on July 28, 2025. Jane Doe LS 616 submitted her certified PTO 31 statement on January 16, 2026, along with an amended ride identification form. *Id.* ¶ 10.

Jane Doe LS 54 submitted her ride identification form on September 25, 2024 and her PFS on November 15, 2024. Uber produced the DFS on March 17, 2025. On September 12, 2025, Uber gave written notice of Jane Doe LS 54's PTO 31 obligations. But on October 10, 2025, before the 30 days to provide the statement were up, Uber produced an Amended DFS which identified the ride which was canceled. *Id.* ¶ 11. With respect to Jane Doe LS 54, given that Uber identified the ride at issue in the DFS, we did not believe it was necessary to submit a PTO 31 statement since there was no dispute that the canceled ride was the ride at issue in the case. We interpreted the Defense Fact Sheet to confirm the ride, and why there was no receipt, namely that the ride was canceled and there was "no financial transaction" that would a yield a ride receipt. *Id.* ¶ 12. This was not a matter of willful noncompliance, as we believed that there was no issue of which ride that parties were discussing as it related to that particular case. *Id.* ¶ 13.

### III.   ARGUMENT

Uber's argument that these Plaintiffs should be dismissed because of the delayed PTO 31 statements, is a disproportionate remedy to this delay in discovery. Periods of disengagement are not uncommon among sexual assault survivors. Survivors may avoid revisiting traumatic events, relocate, change contact information, and/or be experiencing instability that affects communication. Counsel cannot compel clients to respond completely to our outreach efforts. However, as stated in prior briefing related to this issue, when we lose contact with a client, we endeavor to reestablish contact with that client through a variety of channels. Uber's rigid application of PTO 31 deadlines, without flexibility for clients who later resurface and provide the necessary information, disproportionately penalizes plaintiffs.

3

CASE NO. 3:23-MD-03084-CRB      LEVIN SIMES PLAINTIFFS' MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31

As this Court is aware, PTO 31 has very specific requirements for the declaration that counsel cannot conduct without the client, nor can we verify on their behalf. We cannot independently search personal email accounts. We cannot access the Uber app on a client's device. We cannot certify under penalty of perjury that a search was conducted. When client contact is lost, for whatever reason, compliance with PTO 31 becomes functionally impossible until communication is fully restored. However, that does not mean that we cease trying to bring any particular Plaintiff into compliance. The manner and timing by which a client reengages to provide all the information necessary by the Court's order is not within our control. Critically, when clients have resurfaced, statements required by the Court were submitted. Given that these plaintiffs are now in compliance with the Court's order, reinstatement would align with the principle that cases should be resolved on their merits where feasible. *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (*quoting Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (stating "public policy favoring disposition of cases on their merits.")

Moreover, Uber emphasizes that reconsideration under Rule 59(e) is an "extraordinary remedy." Plaintiffs do not dispute the legal standard. However, the Court's dismissal here was without prejudice and entered as case-management remedy, rather than an order dismissing the action on the merits of the case. In our mind, the purpose of PTO 31 was to assist in ride-substantiation, and to foster the exchange information relevant to the case, rather than terminating otherwise viable claims where there is substantive compliance with the Court's Order, albeit delayed compliance.

Importantly, Uber does not assert substantive prejudice. Their argument is procedural as it relates to timing. The discovery issue with respect to the sworn statement regarding the availability of the ride receipt is now addressed for these Plaintiffs, who have taken the steps to find the pertinent information and provided that necessary information to Uber. Reinstatement of these cases in the MDL merely restores the status quo ante and allows the claims to proceed through the MDL process like all others on the merits of the claim rather than this procedural defect. Given that plaintiffs have now complied, and there is no demonstrated prejudice to Uber,

4

Case No. 3:23-md-03084-CRB    LEVIN SIMES PLAINTIFFS' MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31

1  reinstatement would align with the principle that cases should be resolved on their merits where
2  feasible *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)

3  Finally, the Court has inherent and broad discretion to manage its docket. *Id*; see also
4  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (stating "the trial judge is in the best
5  position to determine whether the delay in a particular case interferes with docket management
6  and the public interest.") That discretion includes the ability to reinstate cases where compliance
7  has now occurred. Indeed, the Court has granted similar motions for reconsideration in this
8  litigation. (See ECF 5243, 4980, and 4500.) It is worth noting that Uber did not oppose these
9  motions. This is not to say that claimants should disregard discovery deadlines, however, case
10 termination, even without prejudice, is a disproportionate consequence in light of the current
11 compliance of these Plaintiffs.

**IV.     CONCLUSION**

For the foregoing reasons, the above-captioned Plaintiffs respectfully request that this Court grant the motion for reconsideration to dismiss their cases without prejudice.

Dated:  March 3, 2026                               Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ Samira J. Bokaie*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for LS Plaintiffs*

5

CASE NO. 3:23-MD-03084-CRB          LEVIN SIMES PLAINTIFFS' MOTION TO RECONSIDER ORDER
                                    DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Samira J. Bokaie*
Samira J. Bokaie