Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2500 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*J.H. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-03441-CRB* | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO RECONSIDER ORDER REGARDING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW CAUSE ORDERS**<br><br>Judge:  Honorable Charles R. Breyer |

## I.     INTRODUCTION

Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf") asks this Court to reconsider its February 10 Order (ECF 5216) (the "Order") and its certification requirement for all past and future receipts submitted by Peiffer Wolf on behalf of its clients in this MDL.

As an initial matter, Peiffer Wolf's Motion to Reconsider ("Motion") should be denied because Peiffer Wolf failed to move for leave prior to filing the Motion as required by Civil Local Rule 7-9(b). Under this district's local rules, a party may seek reconsideration of an interlocutory order only after the Court grants leave to move for reconsideration. N.D. Cal. Civ. R. 7-9(b). That rule requires the moving party to "specifically show reasonable diligence in bringing the motion" and one of the following circumstances: (1) "a material difference in fact or law exists from that which was presented to the Court before entry" of the order at issue which the moving party did not know of at the time of the order despite its reasonable diligence; (2) "emergence of new material facts or a change of law" which occurred after the Court entered its order; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Peiffer Wolf makes no showing under Rule 7-9(b) in its motion. This Court recently denied Plaintiffs' Leadership's Motion for Reconsideration for failure to do the same. ECF 5291.

Peiffer Wolf complains about Uber's reply brief, alleging that it "constrained the ability of Peiffer Wolf and the other firms involved to adequately understand and respond to that request." Mot. at 2. As Uber explained in its Opposition to Motion to Reconsider and Partially Vacate Order (ECF 5408), that is incorrect. In any event, a motion for reconsideration is certainly not an appropriate vehicle to complain about a reply brief, particularly given Peiffer Wolf's acknowledgement in its Motion for Reconsideration "that it would have been preferable to have sought leave to file a sur-reply." (Mot. at 7; *see also Wit v. United Behav. Health*, No. 14-CV-05337 JCS, 2016 WL 5930576, at *2 (N.D. Cal. Oct. 12, 2016) (denying leave to file a motion for reconsideration where moving party could have "at least requested an opportunity to file a supplemental brief on the basis that new arguments were raised in the Reply brief. UBH did not present its arguments or make such a request at oral argument. Instead, UBH waited until after the Court had issued its Order to raise these arguments for the first time. The Court concludes that

UBH has not demonstrated that it acted with reasonable diligence, which is a prerequisite for bringing a motion for reconsideration. . .").

And prevailing on a motion for leave is not the only bar to reconsideration. Were leave granted—which it wasn't here—and were the Motion procedurally proper, the Court would still apply the rigorous standard for motions for reconsideration. *See Pac. Coast Fed'n of Fishermen's Ass'n v. Locke*, No. C 10-04790 CRB, 2011 WL 289927, at *1 (N.D. Cal. Jan. 27, 2011) (Breyer, J.) (denying reconsideration even though the Court had granted leave to file a motion for reconsideration).

Though Peiffer Wolf cites no rule at all in its Motion, Peiffer Wolf does not come close to meeting the standard for reconsideration of the Order. A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *In re Transpacific Air Transp. Antitrust Litig.*, No. 07-CV-05634-CRB, 2023 WL 1428564, at *2 (N.D. Cal. Jan. 25, 2023), *aff'd*, 2024 WL 810703 (9th Cir. Feb. 27, 2024) (quoting *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made." *Fallay v. S.F. City & Cnty.*, No. C 08-2261 CRB, 2016 WL 888901, at *2 (N.D. Cal. Mar. 8, 2016) (quoting *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005)). Moreover, a "motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could *reasonably have been raised earlier in the litigation*.'" *Niantic, Inc. v. Global++*, No. 19-CV-03425-JST, 2020 WL 12175723, at *2 (N.D. Cal. Jan. 29, 2020) (quoting *Kona*, 229 F.3d at 890 (emphasis added).

Rule 59(e) provides the relevant standard when evaluating a motion to reconsider an interlocutory order. In *Locke*, the Court analyzed Ninth Circuit cases applying the Rule 59(e) standard to a motion to reconsider an interlocutory order, and quoted *Kona*, 229 F.3d at 890. *Id.* ("Reconsideration of a court's prior ruling is an 'extraordinary remedy, to be used sparingly.'" (*quoting Kona*, 229 F.3d at 890)). Critically, the Ninth Circuit has held that motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

Against this backdrop, the two bases for reconsideration urged by Peiffer Wolf here—(1) that Peiffer Wolf was not given a meaningful opportunity to respond to Uber's Amended Proposed Order; and (2) the (incorrect) claim that Peiffer Wolf has only submitted one fraudulent receipt in this litigation—are obviously not proper bases for reconsideration.

## II.    ARGUMENT

### A.    Peiffer Wolf has not shown that it satisfied Rule 7-9(b).

Acting with reasonable diligence is a "prerequisite for bringing a motion for reconsideration under Civil Local Rule 7-9(b)." *Wit*, 2016 WL 5930576, at *2. Here, Peiffer Wolf complains about Uber's reply brief. Mot. at 2. Uber filed its reply on December 12, 2025. ECF 4663. The Court did not enter the Order until February 10, 2026. A delay of over sixty days from the complained-of action is not reasonable diligence. As the Court held in *Wit*, a party is not reasonably diligent when, as here, it could have "at least requested an opportunity to file a supplemental brief on the basis that new arguments were raised in the [r]eply brief" or made the arguments it raised after the Court entered its order at oral argument, but did not do so. 2016 WL 5930576, at *2. A motion for leave to move for reconsideration may be denied "[o]n that basis alone." *Id.*

Nor did Peiffer Wolf show either a material difference in fact or law, new material facts or a change of law, or the Court's manifest failure to consider anything before it when it entered the Order. Its Motion should be denied for failure to comply with the local rules.

### B.    Peiffer Wolf also cannot meet the Ninth Circuit's requirements for a motion for reconsideration.

Even after leave to file a motion for reconsideration is granted under Rule 7-9(b), the Court considers the underlying reconsideration motion as "an extraordinary remedy, to be used sparingly." *See Locke*, 2011 WL 289927, at *1 (even though Court had "granted leave" to file a motion for reconsideration, denying that motion for reconsideration); *Blockchain Innovation, LLC v. Franklin Res., Inc.*, No. 21-CV-08787-TSH, 2025 WL 672941, at *2, *5 (N.D. Cal. Mar. 3, 2025) (ultimately denying reconsideration motion after the Court "granted Defendants leave to file the Motion" under N.D. Cal. Civ. R. 7-9(b), stating: "It was not error, clear or otherwise, for the Court not to address an argument that wasn't

1    made. And as noted, a motion for reconsideration may not be used to raise arguments or present evidence

2    for the first time when they could reasonably have been raised earlier in the litigation" (citing *Marlyn*

3    *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009))).

4        In *Locke*, which involved a request for reconsideration of an interlocutory order, this Court cited

5    and quoted the Ninth Circuit's decision in *Kona*, which applied a Rule 59(e) standard to a motion for

6    reconsideration. *See Locke*, 2011 WL 289927, at *1 ("Reconsideration of a court's prior ruling is an

7    'extraordinary remedy, to be used sparingly.'" (*quoting Kona*, 229 F.3d at 890)).

8        In the *Kona* decision cited by this Court in *Locke*, the Ninth Circuit held that motions for

9    reconsideration "may not be used to raise arguments or present evidence for the first time when they could

10   reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

11       Courts have repeatedly rejected motions for reconsideration filed *after* the challenged order was

12   entered but based on complaints about reply briefs, including for the obvious reason that such a "wait and

13   see" tactic should not be rewarded. *See, e.g.*, *Werner v. Liberty Life Assurance Co. of Bos*., No.

14   CV071506SJOAJWX, 2008 WL 11432070, at *2 n.1 (C.D. Cal. Jan. 8, 2008) ("*Even if Defendants' reply*

15   *had raised new arguments*, Werner should have: (1) objected to the reply and asked to have the new

16   arguments struck; (2) moved for permission to file a sur-reply as described in Paragraph 14(d) of this

17   Court's Initial Standing Order; or (3) requested the opportunity to present oral argument. Instead, Werner

18   waited until the Court ruled against her to move for reconsideration.") (emphasis added); *Victory v. Berks*

19   *Cnty*., No. CV 18-5170, 2019 WL 12097827, at *1 n.1 (E.D. Pa. Aug. 9, 2019) ("Mses. Victory and

20   Velazquez-Diaz also argue for reconsideration to prevent 'manifest injustice' because they could not

21   respond to Berks County's argument concerning the Equal Rights Amendment in its reply brief. But under

22   our Policies and Procedures they could have moved for leave to file a sur-reply."); *Oceania III Condo.*

23   *Ass'n, Inc. v. Westchester Surplus Lines Ins.*, No. 22-23681-CIV, 2023 WL 3943612, at *2 (S.D. Fla. June

24   12, 2023) (denying motion for reconsideration because "to the extent Oceania suggests that it could not

25   adequately address the Defendants' version of events because it was only set forth in their reply in support

26   of dismissal, Oceania could have, but failed to, move the Court for leave to file a sur-reply"); *Doe v. Bd.*

27   *of Trs. of Univ. of Ill.*, No. 19-CV-1107, 2020 WL 13883389, at *4 (C.D. Ill. Dec. 14, 2020) (denying

28   motion for reconsideration even when new arguments were raised for the first time in reply because

4

"Plaintiff, in that time [between the reply's filing and the Court's entry of its order], could have moved to file a Sur-Reply to address Defendants' argument, but Plaintiff did not.").

Despite having nearly two months before the Court entered its order, Peiffer Wolf did not move to file a sur-reply to Uber's December 12, 2025 reply, although it admits in its Motion that it should have. Mot. at 7 ("Peiffer Wolf further acknowledges that it would have been preferable to have sought leave to file a sur-reply. . ."). Peiffer Wolf also filed multiple other responses during this 60-day period, so its argument that it was not given a meaningful opportunity to respond (Mot. at 6) is disingenuous. *See* ECF 4734 (Resp. to Order to Show Cause – Duplicate Filings) filed on 12/19/2025; ECF 4789 (Reply Supp. Mot. to Withdraw) filed on 12/23/2025; ECF 4855 (Opp'n to Mot. to Dismiss for Failure to Comply with Am. PTO 10) filed on 12/31/2025).

It wasn't until February 19, 2026—more than two months after Uber filed its reply and over a week after the Court entered the Order—that Peiffer Wolf finally filed a motion seeking reconsideration of the Court's February 10 Order. This delay alone counsels against using the "extraordinary remedy" of reconsideration to revisit an argument that "could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

### C.    Peiffer Wolf has submitted at least two fraudulent receipts in this litigation and is rightfully subject to the certification requirement.

If the Court does consider the motion for reconsideration, it should deny the motion on its own terms. Peiffer Wolf claims it "never should have been included among the firms" subject to the "onerous" certification requirement because it "does not have a pattern of submitting non-bona fide receipts." Mot. at 1-2. Peiffer Wolf says it should not have been included in Uber's November 21, 2025 Motion to Dismiss Cases for Failure to Comply with PTO 31 and Show Cause Orders (ECF 4456) because even though J.H. was one of the 27 fraudulent receipt cases covered by the motion, Peiffer Wolf's motion to withdraw had been granted prior to Uber's November 21 Motion and J.H. now has different counsel. At no point does Peiffer Wolf deny the receipt it submitted for J.H. was fraudulent. Instead, Peiffer Wolf states, "to date, the receipt for Plaintiff J.H. is the only receipt submitted for a Peiffer Wolf client in this MDL that has been identified by Uber as problematic." Mot. at 2. This is false.

Submitting one fraudulent receipt—which Peiffer Wolf admits it did on behalf of Plaintiff J.H.—warrants being included in the certification requirements on its own, but Peiffer Wolf submitted another fraudulent receipt for a different client, Plaintiff A.G. (MDL ID 3921). That Plaintiff was included in one of Uber's subsequent fraudulent receipts motions (the third fraudulent receipts motion, filed on October 13, 2025) and was ordered to show cause for her fraudulent receipt by this Court on November 19, 2025. (ECF 4440). Uber met and conferred with Peiffer Wolf about this second fraudulent receipt prior to filing that motion, but Peiffer Wolf did not even bother to file a response to Uber's motion. While Peiffer Wolf acknowledges that it submitted a fraudulent receipt for J.H. and moved to withdraw (Mot. at 2-3), its Motion never mentions the second fraudulent receipt (that Uber has discovered so far) that Peiffer Wolf submitted on behalf of a Plaintiff in this litigation. Peiffer Wolf also fails to mention that the second fraudulent receipt was submitted on behalf of Plaintiff A.G. (MDL ID 3921) on September 3, 2025, a whole month *after* Uber's first fraudulent receipts motion.

Peiffer Wolf's argument that the Court's order is "onerous" is also not a proper basis for reconsideration. Mot. at 5 ("Peiffer Wolf Does Not Have a Pattern of Producing Fraudulent Ride Receipts, and Imposing the Onerous Certification Requirement is not Warranted."). Requiring attorneys to review receipts with Plaintiffs is not "onerous." It is the bare minimum. Peiffer Wolf is required to vet its clients' claims. *See* Cal. R. Prof. Conduct 3.3(a)(3) ("A lawyer shall not[] offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence, and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures. . ."). Peiffer Wolf has shown at least twice that it is not fulfilling its professional responsibilities to vet these receipts, maintain contact with its clients, or obtain client signoff before submitting Plaintiff Fact Sheets in this litigation, underscoring why the certification requirement from the Court's February 10, 2026 order is necessary. Peiffer Wolf admits it submitted a fraudulent receipt on behalf of Plaintiff J.H. but *omits* that it submitted a second fraudulent receipt on behalf of Plaintiff A.G. Peiffer Wolf has brought at least two claims involving fraudulent receipts and is rightly subject to the Order.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Peiffer Wolf's motion for reconsideration.

DEFENDANTS' OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:23-md-03084-CRB

1   DATED: March 5, 2026                    Respectfully submitted,

2

3                                           /s/ *Laura Vartain Horn*
                                            Laura Vartain Horn (SBN 258485)
4                                           **KIRKLAND & ELLIS LLP**
                                            555 California Street, Suite 2700
5                                           San Francisco, CA 94104
                                            Telephone: (415) 439-1625
6                                           laura.vartain@kirkland.com

7                                           Allison M. Brown (Admitted *Pro Hac Vice*)
                                            **KIRKLAND & ELLIS LLP**
8                                           2005 Market Street, Suite 1000
                                            Philadelphia, PA 19103
9                                           Telephone: (215) 268-5000
                                            alli.brown@kirkland.com

10                                          Jessica Davidson (Admitted *Pro Hac Vice*)
                                            **KIRKLAND & ELLIS LLP**
11                                          601 Lexington Avenue
                                            New York, NY 10022
12                                          Telephone: (212) 446-4800
                                            jessica.davidson@kirkland.com
13

14                                          SABRINA H. STRONG (SBN: 200292)
                                            sstrong@omm.com
15                                          JONATHAN SCHNELLER (SBN: 291288)
                                            jschneller@omm.com
16                                          **O'MELVENY & MYERS LLP**
                                            400 South Hope Street, 19th Floor
17                                          Los Angeles, CA 90071
                                            Telephone: (213) 430-6000
18                                          Facsimile: (213) 430-6407

19                                          PATRICK L. OOT (Admitted *Pro Hac Vice*)
                                            oot@shb.com
20                                          **SHOOK, HARDY & BACON, LLP**
                                            1800 K Street NW, 10th Floor
21                                          Washington, DC 20006
                                            Telephone: (202) 783-8400
22                                          Facsimile: (202) 783-4211

23                                          ALYCIA A. DEGEN (SBN: 211350)
                                            adegen@shb.com
24                                          MICHAEL B. SHORTNACY (SBN: 277035)
                                            mshortnacy@shb.com
25                                          **SHOOK, HARDY & BACON, LLP**
                                            2121 Avenue of the Stars, Suite 1400
26                                          Los Angeles, CA 90067
                                            Telephone: (424) 285-8330
27                                          Facsimile: (424) 204-9093

28                                          CHRISTOPHER V. COTTON (Admitted *Pro
                                            Hac Vice*)

                                            7

ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' OPPOSITION TO MOTION TO RECONSIDER          Case No. 3:23-md-03084-CRB

**PROOF OF SERVICE**

I hereby certify that on March 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn

1