William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB <br><br> **LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: <br><br> SEE EXHIBIT A TO THE DECLARATION OF SAMIRA J. BOKAIE | |

1

CASE NO. 3:23-MD-03084-CRB        LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

## I. INTRODUCTION

We agree that the records subject to Amended PTO 10 should be produced, and we are working on ensuring compliance for each Levin Simes client. Since the filing of Uber's motion, we have produced dozens of records and are continuing to do so. Declaration of Samira J. Bokaie ¶ 4. Below, there is summary of the current status of all the Levin Simes cases enumerated in Uber's motion. We are continuing to produce records and the required certification regarding the production and/or if no records could be found by a specific provider. There are still some cases where records have not been produced by a Plaintiff's healthcare provider to our office. Bokaie Decl. ¶ 5. We anticipated that we would need more time to complete the productions and requested an extension from Uber, in late December 2025. (Exhibit B to Bokaie Decl.) Uber was not amenable to the extension request. (Exhibit C to Bokaie Decl.) We also note that there is a subset of cases when the records had already been turned over to Uber, prior to the implementation of Amended PTO 10.

We acknowledge that we are delayed in the production of records for this high volume of clients, however, this is not the fault of the clients. Dismissing cases at this juncture, even without prejudice, would be highly prejudicial to these clients and would be a disproportionate remedy to the issue of the production of records. As such, we respectfully request that the Court deny Uber's motion as to the Levin Simes' clients.

## II. CURRENT STATUS OF LEVIN SIMES' CASES

The status of record production for the Levin Simes' Plaintiffs that are subject to Uber's motion is as follows. There are seventy-two (72) Plaintiffs where all records in the possession of our office have been produced. Bokaie Decl. ¶ 8. There a twenty (21) Plaintiffs where we are continuing to produce records. Bokaie Decl. ¶ 9. There are fifteen (15) Plaintiffs where we are working with the client to identify the provider to be able to order the records. Bokaie Decl. ¶ 10. There are five (5) Plaintiffs who are incarcerated or deceased. Bokaie Decl. ¶ 11. There are sixteen (16) Plaintiffs who are already subject to dismissal on other grounds or have already been

2

CASE NO. 3:23-MD-03084-CRB   LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

dismissed by this Court.[1] Bokaie Decl. ¶ 12.

### III.     ARGUMENT

We do not dispute with the principle that the records should be provided. As detailed in Section II, we have produced over eighty-two percent (82%) of the records subject to Uber's motion. We are continuing to produce records of other Plaintiffs and expect to complete the production. This status reflects a substantial and ongoing compliance, rather than a disregard of the Court's order. Under the *Malone* factors, dismissal at this juncture—when the vast majority of records have already been produced and the remaining productions are forthcoming—is both improper and disproportionate.

### A.     The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal.

With respect to the first *Malone* factor, the district court has discretion to determine what is an unreasonable delay in the expeditious resolution of the litigation because "it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The second *Malone* factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay…[the district court] knows when its docket may become unmanageable." *Id*. at 1453.

Uber' motion does not show that there has been unreasonable delay in compliance with PTO in these cases. *See contra In re Eisen*, 31 F.3d 1451-52 ("the bankruptcy court found that Moneymaker had taken no action to prosecute in four years...the four-year delay in this case is clearly unreasonable.) Here, over 82% of the records have been produced at the time of filing this opposition, and the remainder will be produced in short order. The resolution of these cases due to the minor delays in production of medical and therapy records in non-bellwether cases is not

---

[1] We are happy to provide the Court with a breakdown of each particular client should the Court find that information helpful.

3

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

significantly impacted.

Furthermore, from a practical standpoint, the limited delays that remain do not meaningfully impact the management of this litigation or the Court's docket. The cases at issue are non-bellwether matters, and the incremental production of remaining records will not delay the broader progression of the litigation. In these circumstances, the first and second Malone factors weigh against dismissal.

### B. Risk of Prejudice to Defendants Weighs Against Dismissal.

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Here, Uber has not demonstrated that it has suffered any meaningful prejudice. The vast majority of the requested records have already been produced, and the remaining records are in the process of being produced, and/or being obtained from third-party providers. Uber therefore already possesses the bulk of the information it seeks and will receive the remaining materials shortly. Moreover, Uber cannot show that any temporary delay in obtaining records from medical providers has impaired its ability to defend these cases or prepare for trial. This is not an issue of a client being unresponsive and not providing any information to Uber. Here, separate from the other information in the PFS, the clients have already provided Uber with the names of providers, authorization to obtain the records, dates of treatment, and other information. Given the substantial compliance already achieved and the continued production of records, this factor weighs strongly against dismissal.

### C. The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal.

At a general level, the "public policy favoring disposition of cases on their merits"—the fourth Malone factor—always weighs against a default judgment, and often "strongly" so." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "By definition, a default judgment does not

4

Case No. 3:23-md-03084-CRB   LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

promote the public policy of resolving lawsuits in their merits." *Smith v. Humboldt Cnty. Sheriff's Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *5 (N.D. Cal. Jan. 7, 2025). This principle is particularly compelling here. The Plaintiffs whose cases Uber seeks to dismiss have largely complied with PTO 10 and are continuing to do so. Dismissal under these circumstances would not serve the interests of justice but instead would penalize Plaintiffs for temporary delays in obtaining and producing third-party records. These Plaintiffs have already provided Uber with substantial information about their case. Dismissal at this point of the case is in direct contrast with well settled public policy. Therefore, this factor weighs strongly against dismissal.

### D. The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal.

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 1. "Before dismissing an action, a court should always be certain that other less drastic alternatives are not available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Here, dismissal without prejudice for a small delay in record production is a severe sanction, particularly when counsel has rectified a substantial portion of the issue and will rectify the remaining issues in short order. As such, this factor weighs against dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Levin Simes Plaintiffs respectfully request this Court deny Uber's motion to dismiss.

Dated: March 5, 2026                                   Respectfully Submitted,

                                                       **LEVIN SIMES LLP**

                                                       */s/ Samira J. Bokaie*
                                                       William A. Levin
                                                       Laurel L. Simes
                                                       David M. Grimes
                                                       Samira J. Bokaie
                                                       *Attorneys for LS Plaintiffs*

5

CASE NO. 3:23-MD-03084-CRB     LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Samira J. Bokaie*
        Samira J. Bokaie

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

6

CASE NO. 3:23-MD-03084-CRB     LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10