E. SCOTT VERHINE (Ms Bar No. 10548)
**Verhine & Verhine. PLLC**
1013 Adams Street
Vicksburg, MS 39183
Telephone: 601.636.0791
Facsimile:  601.636.2718
Email: scott@verhine.biz

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>*This document relates to:*<br><br>*JANE DOE VV2 (GKB). v. UBER TECHNOLOGIES, INC., et al., 3:25-cv-07670-CRB* | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC., RAISER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASE FOR FAILURE TO COMPLY WITH PTO 10**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom:  6-17th Floor |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PTO 10

### I. INTRODUCTION

E. Scott Verhine, on behalf of Verhine & Verhine PLLC and Plaintiff submit this Response in Opposition to Defendants' Motion to Dismiss for Failure to Comply With PTO 10. (ECF No. 5297).  Plaintiff's counsel has uploaded the required disclosure pursuant to PTO 10, so this motion should be denied.  Plaintiff's counsel did not see an email from Defendants sent on December 31, 2025, (New Year's Eve), notifying Plaintiff that there was an overdue document pursuant to PTO 10 as counsel's offices were closed for the New Year holiday.. . There is no prejudice or harm to Defendants arising out of this oversight as Defendants already

had the Plaintiff Fact Sheet, authorizations, ride receipts and other discovery information that was produced on September 30, 2025. Therefore, Defendants motion should not be granted and should be dismissed.

## II. ARGUMENT

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a claim for failure to prosecute or comply with a court order, "dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme cases." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Involuntary dismissal under FRCP 41(b) is a "drastic remedy which by its nature cannot be appropriately applied to every case of failure to comply with an order of the Court." *Industrial Bldg. Materials v. Interchemical Corp.*, 278 F.Supp. 938, 949 (C.D. Cal. 1967). Additionally, dismissal is appropriate under Fed. R. Civ. P. 37 for violation of a discovery order "only where the failure to comply is due to willfulness, bad faith, or fault of the parties," *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir.1983), and "where lesser sanctions are considered by the district court to be inadequate." *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986). "The sanctions of dismissal or default, however, are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case." *Id.*

In analyzing whether involuntary dismissal under FRCP 41(b) is warranted in any particular case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829

(1986)). Each of these factors weigh against dismissal because of the posture of the litigation, the nature of the cases, and the unique positioning of these Plaintiffs.

### A. The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the Litigation and the Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice.

With respect to the first *Malone* factor, the district court has discretion to determine what is an unreasonable delay in the expeditious resolution of the litigation because "it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The second *Malone* factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay…[the district court] knows when its docket may become unmanageable." *Id*. at 1453.

A Plaintiff's delayed submission of the certification of "no medical records" document required from PTO 10 does not unreasonably impede the resolution of the litigation. Bellwethers have already been selected. The production of these items and/or information will not have a substantial impact on the timeline of the bellwether cases set for trial. Those trial deadlines will be driven by case specific discovery in the bellwether cases as well as the overall corporate

### B. The Third *Malone* Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Plaintiffs' actions do not impair Uber's ability to go to trial because the only further case-specific discovery that will take place is in those cases set for bellwether trials. Uber's reliance on *In re Phenylpropanolamine (PPA) Product Liability Litigation* (hereinafter "PPA") is

misplaced because the underlying facts of the claims and discovery process are inconsistent with this case. 460 F. 3d 1217, 1223 (9th Cir., 2006). In *PPA*, the discovery timeline was triggered by the submission of the Plaintiff Fact Sheet: Defendants could not take case-specific fact depositions sooner than 120 days after the Plaintiff Fact Sheet was submitted, and the one-year discovery period for completion of discovery would also not start until a Plaintiff Fact Sheet was submitted. *Id*. at 1224. By contrast, here, the case specific discovery process is rooted in the bellwether cases rather than each individual claim. The bellwethers have already been selected and the cases remaining in the litigation are in fact discovery.

Plaintiff's counsel has provided Defendants with the form required by PTO 10 stating that there are no medical records. Plaintiff has previously provided Defendants with responsive documents to this Court's previous pre-trial orders. There is no prejudice or harm to Defendants for this oversight. Therefore, Defendants motion should be dismissed.

### C. **The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice.**

At a general level, the "'public policy favoring disposition of cases on their merits'—the fourth Malone factor—always weighs against a default judgment, and often 'strongly' so." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "By definition, a default judgment does not promote the public policy of resolving lawsuits in their merits." *Smith v. Humboldt Cnty. Sheriff's Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *5 (N.D. Cal. Jan. 7, 2025). As such, this factor weighs against dismissal.

### D. **The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice.**

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131.

> Our case law reveals that the following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

*Id.*

These factors as well as the pretrial orders and processes in other multi-district litigations weigh against a dismissal with prejudice. "Before dismissing an action, a court should always be certain that other less drastic alternatives are not available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

This particular issue can be resolved by less drastic measures. Plaintiff has provided the information and documents requested by Defendant and there is no evidence of prejudice or actual harm to Defendants.

By contrast, Uber's proposed dismissal process is particularly punitive in light of the nature of Plaintiffs' claims, which all stem from the sexual assault or sexual misconduct by an Uber driver, and this Court's prior Order.

### III. CONCLUSION

The Court should deny Uber's Motion because the document has been provided to Defense counsel and there are less drastic measures are available to the Court and should be implemented rather than a dismissal. Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: March 6, 2026 | Respectfully submitted, |
| 3 | | |
| 4 | | By: /s/ E. Scott Verhine<br>E. SCOTT VERHINE (Ms Bar No. 10548)<br>**Verhine & Verhine. PLLC** |
| 5 | | 1013 Adams Street<br>Vicksburg, MS 39183 |
| 6 | | Telephone: 601.636.0791<br>Facsimile:  601.636.2718 |
| 7 | | Email: scott@verhine.biz |
| 8 | | *Counsel for Plaintiff* |