1    [*Counsel Listed on Signature Page*]

2

3                    **UNITED STATES DISTRICT COURT**

4                    **NORTHERN DISTRICT OF CALIFORNIA**

5                    **SAN FRANCISCO DIVISION**

6

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **JOINT STIPULATION TO STAY ENFORCEMENT OF JUDGMENT AND WAIVE BOND** |
| This Document Relates to: | |
| *Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Judge:     Hon. Charles R. Breyer |
| | Courtroom:  Courtroom 6 – 17th Floor |
| | Date Filed: March 6, 2026 |
| | Trial Date: January 13, 2026 |

13

14                    **UNITED STATES DISTRICT COURT**

15                    **DISTRICT OF ARIZONA**

16                    **PHOENIX DIVISION**

17

| | |
|---|---|
| JAYLYNN DEAN, | CASE NO. 25-cv-4276-PHX-CRB |
|       Plaintiff, | |
| | Judge:     Hon. Charles R. Breyer |
| v. | Courtroom:  501 |
| UBER TECHNOLOGIES, INC., et al., | |
|       Defendants | |

24

25

26

27

28

---

Plaintiff Jaylynn Dean ("Plaintiff") and Defendant Uber Technologies, Inc., *et al.* ("Uber") (collectively, the "Parties"), by and through their undersigned counsel, respectfully submit this stipulation regarding a stay of enforcement of the judgment.

1. On February 6, 2026, the Court entered judgment in favor of Plaintiff and against Uber for $8,500,000.00.  N.D. Cal. ECF No. 5203; D. Ariz. ECF No. 177.

2. Uber intends to pursue an appeal from the judgment to the United States Court of Appeals for the Ninth Circuit.

3. Federal Rule of Civil Procedure 62(a) permits a stay of enforcement of a judgment pending appeal upon posting of supersedeas bond or other security or on other terms approved by the Court. The Court has "inherent discretionary authority" to "waive the bond requirement." *CrossFirst Bank v. Vieste SPE LLC*, 2025 WL 2710313, at *1 (D. Ariz. Sept. 23, 2025). Waiving the bond requirement is appropriate where there are adequate assurances that the judgment debtor can satisfy the judgment following an appeal, including where "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money." *De La Fuente Manriquez v. City of Phoenix*, 2014 WL 12675250, at *1 (D. Ariz. July 24, 2014) (waiving bond requirement); *CrossFirst Bank*, 2025 WL 2710313, at *1 (finding "waiver of the bond requirement justified because [the court] is confident that [the debtors] have the funds to pay . . . and because [the debtors'] ability to pay is so plain that the cost of a bond would be a waste of money").

4. Good cause exists to waive the bond requirement in this case. As the trial evidence showed, Uber's cash on hand and undrawn credit is more than adequate to cover the judgment in this case. *See* Tr. 900:5-12 (cash on hand), 904:21-905:6 (undrawn lines of credit); Uber Techs., Inc., Annual Report (Form 10-K), at 50 (Feb. 13, 2026) (reporting $7.6 billion in unrestricted cash, cash equivalents, and short-term investments), *available at* https://d18rn0p25nwr6d.cloudfront.net/CIK-0001543151/22e9f27b-deea-485f-b5b6-7ecc7462b84a.pdf.

5. Because Uber's financial condition provides no room for doubt that Uber could satisfy the judgment, requiring a supersedeas bond or other security would only impose unnecessary

1    expense on the party bearing the cost of the bond after appeal.

2        6.    The parties' stipulation that a bond is unnecessary does not in any way waive Plaintiff's

3        rights to execute upon the judgment upon finality of appeal, including any entitlement to

4        post-judgment interest.

5        7.    The judgment should be stayed pending appeal.

6        **NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED** by the Parties

7    that the Court should stay enforcement of the judgment pending appeal and waive the requirement

8    that Uber post a supersedeas bond or any other form of security.

9    DATED: March 6, 2026

10   By: /s/ *Sarah R. London*
     Sarah R. London (SBN 267083)
11   **GIRARD SHARP LLP**
     601 California St., Suite 1400
12   San Francisco, CA 94108
     Telephone: (415) 981-4800
13   slondon@girardsharp.com

14   
15   *MDL Co-Lead Counsel*

16   By: /s/ *Rachel B. Abrams*
     Rachel B. Abrams (SBN 209316)
17   **PEIFFER WOLF CARR KANE
     CONWAY & WISE, LLP**
18   555 Montgomery Street, Suite 820
     San Francisco, CA 94111
19   Telephone: (415) 426-5641
     Facsimile: (415) 840-9435
20   rabrams@peifferwolf.com

21   
22   *MDL Co-Lead Counsel &
     Counsel for Plaintiff Dean*

23   By: /s/ *Roopal P. Luhana*
     Roopal P. Luhana
24   **CHAFFIN LUHANA LLP**
25   600 Third Avenue, 12th Floor
     New York, NY 10016
26   Telephone: (888) 480-1123
     Facsimile: (888) 499-1123
27   luhana@chaffinluhana.com

28   *MDL Co-Lead Counsel*

By: /s/ *Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)

**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9100
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Sabrina H. Strong (SBN: 200292)
Jonathan Schneller (SBN: 291288)

**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

JOINT STIPULATION TO STAY ENFORCEMENT OF JUDGMENT AND WAIVE BOND
CASE NO. 3:23-MD-03084-CRB/ 25-CV-4276-PHX-CRB

sstrong@omm.com
jschneller@omm.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

1

2                              **<u>CERTIFICATE OF SERVICE</u>**

3          I hereby certify that on March 6, 2026, I electronically filed the foregoing document with

4   the Clerk of the Court using the CM/ECF system, which will automatically send notification of

5   the filing to all counsel of record.

6                                                        /s/ *Laura Vartain Horn*
                                                         Laura Vartain Horn
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                          **UNITED STATES DISTRICT COURT**

3                          **NORTHERN DISTRICT OF CALIFORNIA**

4                              **SAN FRANCISCO DIVISION**

5

6   IN RE: UBER TECHNOLOGIES, INC.,           Case No. 3:23-md-03084-CRB
    PASSENGER SEXUAL ASSAULT
7   LITIGATION                                **[PROPOSED]** ORDER GRANTING
                                              **JOINT STIPULATION TO STAY**
8   _____   **ENFORCEMENT OF JUDGMENT AND**
                                              **WAIVE BOND**
9   This Document Relates to:
                                              Judge:      Hon. Charles R. Breyer
10  *Jaylynn Dean v. Uber Technologies, Inc., et*   Courtroom:  Courtroom 6 – 17th Floor
    *al.*, No. 3:23-cv-06708
11                                            Trial Date: January 13, 2026

12

13                          **UNITED STATES DISTRICT COURT**

14                              **DISTRICT OF ARIZONA**

15                                **PHOENIX DIVISION**

16

17  JAYLYNN DEAN,                             CASE NO. 25-cv-4276-PHX-CRB

18           Plaintiff,                       Judge:      Hon. Charles R. Breyer
                                              Courtroom:  501
19  v.

20  UBER TECHNOLOGIES, INC., et al.,

21           Defendants

22

23

24

25  The Court hereby GRANTS the Parties' joint stipulation to stay enforcement of the judgment

26  entered on February 6, 2026 (N.D. Cal. ECF No. 5203; D. Ariz. ECF No. 177) pending resolution

27  of the appeal.

28  _____
                                            -1-

1. The Court waives the requirement that Defendant Uber Technologies, Inc., *et al.* post a supersedeas bond or other security under Federal Rule of Civil Procedure 62.

2. This stay shall remain in effect until issuance of the mandate by the United States Court of Appeals for the Ninth Circuit or further order of this Court.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Date: _____ March 6 _____, 2026      _____

HON. CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE

IT IS SO ORDERED

Judge Charles R. Breyer

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA