UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER SETTING BACKSTOP DISCOVERY DEADLINES FOR FIRST WAVE OF BELLWETHER CASES** |

On February 18, 2026, the Court directed the parties to propose a "backstop" deadline for any lingering case-specific discovery issues in the first wave of bellwether cases, where case-specific discovery is now closed:

> In the parties' joint status report due on February 23, the parties shall propose a deadline for the parties to raise any remaining case-specific disputes or discovery requests for Wave 1 cases that they might believe they have sufficient cause to raise after the originally applicable deadline. Any case-specific discovery request or dispute raised after that "backstop" deadline must show good cause not only for failure to meet the original deadline, but also for failure to meet the backstop deadline. The backstop deadline is intended as the parties' last chance to clear any backlog of case-specific discovery issues they might believe they had sufficient cause not to have raised earlier.

Dkt. No. 5270 at 2. That Order also required the parties to seek leave of Court to raise any further case-specific discovery issues in those cases with a showing of good cause, whether before or after the backstop deadline. *Id.* at 1–2.

Plaintiffs proposed March 10, 2026 backstop deadline for *WHB 823* (which is set to begin trial in April) and rolling deadlines for the remaining cases forty-five days before each trial. Dkt. No. 5288 at 3. Uber proposed a March 15, 2026 backstop deadline for all of the Wave 1 bellwether cases. *Id.* at 3–4. The Court heard argument at the March 5, 2026 discovery status

conference.

The Court now sets March 13, 2026 as the backstop deadline for *WHB 823* and May 22, 2026 as the backstop deadline for all of the remaining Wave 1 bellwether cases.[1]

To be clear, this is *not* an extension of the cut-off for case-specific discovery. As noted in the February 18 Order, the parties must still seek leave to raise case-specific discovery issues on or before the backstop deadline, and must show good cause for failure to raise before the cut-off date (to the extent that a party seeks to take additional discovery) or before the deadline set by Civil Local Rule 37-3 (to the extent that a party seeks to raise a discovery dispute). Any party seeking leave to raise a case-specific discovery issue after the backstop deadline must also show good cause for failure to meet that additional deadline.

The Court previously directed the parties to address any categories of discovery issues that they believe should be exempt from the backstop deadline. Uber proposes exemptions for "[d]iscovery from additional fact witnesses not identified by Plaintiffs prior to the 'backstop' deadline" and "disputes about whether each Plaintiff should sit for a limited-in-time-and-scope refreshed deposition in advance of trial." Dkt. No. 5288 at 4. Plaintiffs oppose those exemptions and propose none of their own. *Id.* Having considered the parties' positions, the Court declines to adopt any exemptions. If a party believes there is good cause to raise a particular issue after the backstop, it may seek leave to do so when the issue arises.[2]

**IT IS SO ORDERED.**

Dated: March 7, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

[1] The Court's February 18, 2026 Order exempted *WHB 318* from the backstop requirement. Dkt. No. 5270 at 2. With case-specific discovery now closed in that case, however, the Court now applies the backstop deadline to that case as well.

[2] A belatedly disclosed witness might be sufficient cause for further discovery, depending on the circumstances. To avoid the risk of last-minute discovery, not to mention possible exclusion of a witness from trial, the parties are strongly encouraged to disclose relevant witnesses on a timely basis.