Roopal P. Luhana (*Admitted Pro Hac Vice*)
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to :<br><br>ALL PLAINTIFFS REPRESENTED BY CHAFFIN LUHANA LISTED IN EX. A TO DEFENDANTS' DECLARATION | Case No.: 3:23-md-03084-CRB<br><br>Hon. Charles R. Breyer<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Date: March 27, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

## INTRODUCTION

On February 19, 2026, Defendants filed a Motion to Dismiss cases of Plaintiffs who allegedly did not comply with Amended Pretrial Order ("PTO") 10 (ECF No. 5279). For the reasons stated below, Defendants' motion should be denied.

First, Defendants' motion is not properly before the Court, as motions regarding discovery disputes should have been filed as a joint discovery letter in front of Magistrate Judge Cisneros pursuant to PTO 8, and the instant issue reflects a disagreement over the interpretation of Amended PTO 10 on a technical point rather than a basis for dismissal. (ECF No. 323).

Second, dismissal is not warranted because Plaintiffs identified on this Motion have all submitted verified Plaintiff Fact Sheets ("PFS") in compliance with Amended PTO 10

1

and have cured any alleged deficiencies by completing certification via MDL Centrality regarding the status of any records. Plaintiffs disagree with Defendants' assertion that additional certifications beyond the PFS verification are required for substantial compliance with Amended PTO 10, but out of an abundance of caution have provided such certification. So in any event, Defendants' motion is now moot and should be denied.

# ARGUMENT

**A. Defendants' Motion should be denied because this is a discovery dispute that should be presented to Magistrate Judge Cisneros in a joint discovery letter pursuant to PTO 8**

This Court has set forth clear instructions as to how the parties are to address discovery disputes. PTO 5, issued on December 28, 2023, outlined the protocol for submission of joint discovery letters to Magistrate Judge Cisneros in the event the Parties were unable to resolve disputes through the meet-and-confer process. Then in PTO 8 the Court ordered the parties to utilize the process outlined in PTO 5 or risk their motions being stricken from the record. The Court included explicit definitions: "A discovery dispute is defined as a refusal to fully produce requested discovery _or an inability to agree on the parameters of the discovery sought or ordered_, or the parameters of the parties' preservation obligations under PTO No. 2." (ECF No. 323) (emphasis added).

Notwithstanding these directions from the Court, Defendants move to dismiss Plaintiffs' claims, framing a discovery dispute as "non-compliance with a court order." (ECF No. 5279 at 3). Defendants' motion violates PTO 5 and 8, and should be denied on this basis.

What is ultimately at issue for the vast majority cases identified in Defendant's Motion is "an inability to agree on the parameters of the discovery sought or ordered." (ECF No. 323). Amended PTO 10 includes, _inter alia_, the requirement for Plaintiffs to "produce from each Health Care Provider who treated the Plaintiff in connection with the Incident

2

either a) records; b) proof that they have ordered records; or c) certification that no records exist is limited to medical and therapy records pursuant to paragraph 3(a)." (ECF No. 4287).

Uber issued Notices of Overdue Discovery related to the issue of MDL Centrality certification under Amended PTO 10 on December 30, 2025. (Declaration of Steven Cohn ("Cohn Decl."), ¶ 3). On January 7, 2026, Plaintiffs requested that Uber reconsider its position or proceed with a joint discovery letter pursuant to PTO 8, as the issue reflects a disagreement over the interpretation of Amended PTO 10 on a technical point rather than a basis for dismissal. (*Id*. at 4.) Without responding to that request or providing further notice, Uber filed a motion to dismiss on February 19, 2026. (ECF No. 5279; Cohn Decl. ¶ 5).

Because Defendants have disregarded this Court's Orders and instructions for addressing discovery disputes, Defendants' Motion should be denied.

**B. Substantial compliance with Amended PTO 10 does not require Plaintiffs to complete MDL Centrality certification of the status of records**

Equally clear was the Court's Order regarding substantial completion of a PFS. Amended PTO 10 identifies four requirements that constitute a substantially complete PFS – the Plaintiff must "[a]nswer all *applicable* questions. . . ; [i]nclude a signed Declaration. . . ; [p]rovide duly executed record release Authorizations. . . ; and [p]roduce the requested documents. . . in the Party's possession, custody, or control." (ECF No. 4287 at 8) (emphasis added).

Amended PTO 10 provides for Defendants to file a motion to dismiss if a Plaintiff "fails to submit a PFS or submits a PFS that fails to substantially comply with this Order. . . , *and any deficiencies are material*[.]" *Id*. The only "deficiency" identified by the Defendants in their motion is that Plaintiffs failed to submit confirmation that all responsive medical, therapy, police reports, law enforcement and forensic records have been uploaded, or that no such records exist. All of the PFSs submitted by these Plaintiffs are substantially complete,

including answers to each question seeking information about medical, therapy, and law enforcement reporting, and verifications signed under penalty of perjury declaring that the information contained in the PFS is true and correct. (Cohn Decl. ¶ 6.) The PFS answers of the Plaintiffs named in Defendants' motion all confirm that no medical treatment or therapy was sought after the Incident, and/or that no report was made to law enforcement. (*Id.* ¶ 7.)

The requirement in Amended PTO 10 for Plaintiffs to produce confirmation through MDL Centrality *only* applies when a Plaintiff represented the existence of medical or therapy records. The Authorizations section of the PFS requires a medical authorization to be submitted only where a Plaintiff answered "Yes" to Question 36, which asks "Did You suffer physical harm caused in whole or in part by the subject incident?" (ECF No. 4287, Exh. 1 at 14). Likewise, a psychiatric authorization is required where a plaintiff answered "Yes" to Questions 33, 34, or 35, which ask if Plaintiffs have "sought treatment from a psychologist, therapist, psychiatrist, or other mental healthcare provider for any . . . conditions that were caused in whole or in part by the subject Incident;" have "been diagnosed with any psychiatric, mental or behavioral conditions that were caused in whole or in part by the subject Incident by a Healthcare Provider;" or have "been diagnosed with or treated for an aggravation of any pre-existing psychiatric, mental or behavioral conditions that were caused in whole or in part by the subject Incident by a Healthcare Provider." *Id*.

Questions 32-36 of the PFS all require a "Yes/No" response and are not left blank. It is redundant for Amended PTO 10 to require the certification that no records exist where a Plaintiff answers "No" to all of these questions. Further, Paragraph 3(a) of Amended PTO 10, where the Court describes the certification required from certain Plaintiffs, begins by specifically limiting application of that paragraph to the healthcare providers who *treated plaintiffs in connection with the incident* – indicating that the certification requirement is only

applicable where the Plaintiff reports having received treatment. (ECF No. 4287 at 4) (emphasis added).

Notably, Paragraph 3(b), which pertains to law enforcement records, contains no requirement for Plaintiffs to certify that these types of records do not exist. (*Id*. at 5).

**C. Plaintiffs have completed MDL Centrality certification regarding the status of any records**

Notwithstanding Defendants' misunderstanding of the MDL Centrality certification process for Plaintiffs who have no medical treatment, therapy, or law enforcement reporting, out of an abundance of caution Plaintiffs have now completed the MDL certification. (Cohn Decl. ¶ 8.) Thus, Defendants' motion is now moot. But again, for the reasons set forth above, such certifications are unnecessary and not required for the Plaintiffs at issue.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion should be denied.

| | |
|---|---|
| Dated: | Respectfully Submitted,<br><br>By: */s/ Roopal P. Luhana*<br>Roopal P. Luhana<br><br>**CHAFFIN LUHANA LLP**<br>600 Third Avenue, 12th Floor<br>New York, NY 10016<br>Telephone: (888) 480-1123<br>Facsimile: (888) 499-1123<br>luhana@chaffinluhana.com<br><br>*Co-Lead Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

Dated: March 9, 2026                     /s/ Roopal P. Luhana