Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2500 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>  ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DECLARATION OF CHRISTOPHER V. COTTON REGARDING CONFERRAL EFFORTS IN SUPPORT OF DEFENDANTS' MOTION TO BAR ATTORNEY DAVID GRIMES FROM PARTICIPATING IN MDL NO. 3084**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

1

DECLARATION OF CHRISTOPHER V. COTTON REGARDING CONFERRAL EFFORTS ISO DEFENDANTS' MOTION TO BAR ATTORNEY DAVID GRIMES FROM PARTICIPATING IN MDL 3084
Case No. 3:23-MD-03084-CRB

I, Christopher V. Cotton, declare as follows:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration detailing the parties' conferral efforts in support of Defendants' Motion to Bar Attorney David Grimes from Participating in MDL No. 3084.

2. I am a partner with the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber" or "Defendants") in this MDL as well as in the Judicial Council Coordination Proceeding No. 5188, In Re: Uber Rideshare Cases, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of Missouri. I make this declaration based upon matters within my personal knowledge. If called as a witness, I could and would testify to the matters set forth herein.

3. On March 9, 2026, I participated in a meet and confer via Zoom with David Grimes of the Levin Simes LLP law firm. Ricky Brown, an associate at my law firm, joined me on the meet and confer.

4. The meet and confer was scheduled to address several topics relevant to the Uber MDL and JCCP. The topics addressed during the meet and confer included:

    a. Defendants' efforts to secure compliance with this Court's repeated orders requiring document productions and depositions of plaintiffs represented by Levin Simes who submitted fraudulent ride receipts (ECF 5217);

    b. The Levin Simes firm's submission of a fraudulent receipt in a JCCP case; and

    c. Plaintiffs' Motion for Reconsideration (ECF 5299) of the MDL Court's February 10, 2026 Order imposing a certification requirement relating to receipts and Defendants' Response (ECF 5408).

5. Throughout the meet and confer, Mr. Grimes engaged in inappropriate conduct and remarks. Examples of Mr. Grimes' inappropriate remarks include:

    a. Mr. Grimes asked if I was a "pedophile."

    b. Mr. Grimes stated that I sounded like a "pedophile."

2

DECLARATION OF CHRISTOPHER V. COTTON REGARDING CONFERRAL EFFORTS ISO DEFENDANTS' MOTION TO BAR ATTORNEY DAVID GRIMES FROM PARTICIPATING IN MDL 3084
Case No. 3:23-MD-03084-CRB

      c. Mr. Grimes compared me to a "rapist."

      d. Mr. Grimes referred to me as "a cock-sucker."

      e. Mr. Grimes referred to me as a "dirt bag."

      f. Mr. Grimes referred to me as a "scum bag."

      g. Mr. Grimes referred to me as an "idiot."

      h. Mr. Grimes referred to me as "dumb."

      i. Mr. Grimes asked whether Mr. Brown and I were engaged in sexual conduct during the meet and confer.

      j. At one point, Mr. Grimes asked Mr. Brown: "Is Chris touching you right now?"

      k. Mr. Grimes made inappropriate references to my daughter.

6. Throughout the meet and confer, Mr. Grimes shouted his comments on several occasions, including shouting over me as I spoke.

7. The meet and confer lasted for approximately two hours. At some point during the meet and confer, Levin Simes partner Laurel Simes entered Mr. Grimes' office. Ms. Simes suggested Mr. Grimes "take a break." The meet and confer concluded after that.

8. Later that same day, on March 9, I wrote a letter to Mr. Grimes, documenting Mr. Grimes' misconduct. I copied Ms. Simes and William Levin, both partners at Levin Simes LLP. Mr. Levin responded to the letter with an email stating: "Laurel and I met with David late today and I was going to call you anyway tomorrow. And, I still will."

9. On March 10, 2026, I participated in a meet and confer with Mr. Levin to address Mr. Grimes' inappropriate conduct and remarks. Laura Vartain, additional counsel for Uber from the law firm of Kirkland & Ellis LLP, joined the March 10 meet and confer. Mr. Levin stated his firm does not condone Mr. Grimes' behavior, acknowledged consequences were appropriate, and said that he is considering internally how to handle. Ms. Vartain and I made clear that Uber intended to file a motion for sanctions if the parties could not reach a resolution. Ultimately, the parties did not reach a resolution by the time of filing this motion.

10. Later on March 10, Mr. Grimes sent me an email that stated "I apologize for my conduct on our Zoom call. It was not appropriate or professional. I get that. It was a bad look. I'm not sure your colleague's account is perfectly accurate, and some of the more choice items are missing what I would regard as key context, but it doesn't matter. It was, I agree, inappropriate."

11. Mr. Grimes' email also stated: "By way of explanation, if not excuse, I have been suffering from a chronic condition for the past year and a half that causes my nervous system to leap into fight-or-flight mode very quickly, and it is very difficult to get it to disengage."

12. Mr. Grimes' email also stated: "I propose the following: you or your firm and I never have to engage in another live meet and confer again. They have yet to be productive. If I have a dispute with anyone from your firm, we can exchange our positions on paper. If we cannot come to a resolution, we can go move on the next step, and will stipulate that a telephonic meet and confer would not be productive. You can confirm with your colleagues that I was nothing but professional (and effective) in the deposition I took opposite Michelle Fujimoto. I have never yelled at the Court. I have certainly never yelled in a filing. It does not make any sense to demand I be prevented from taking part in depositions; speaking to the Court; authoring filings; or otherwise participate in representing my clients."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 11, 2026

Respectfully submitted,

/s/ Christopher V. Cotton

CHRISTOPHER V. COTTON
(admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

|   |   |
|---|---|
| 1 | *Attorney for Defendants* |
| 2 | UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC |

5

DECLARATION OF CHRISTOPHER V. COTTON REGARDING CONFERRAL EFFORTS ISO DEFENDANTS' MOTION TO BAR ATTORNEY DAVID GRIMES FROM PARTICIPATING IN MDL 3084
Case No. 3:23-MD-03084-CRB

## **FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: March 11, 2026                          */s/ Laura Vartain Horn*
                                               Laura Vartain Horn

---

1

DECLARATION OF CHRISTOPHER V. COTTON REGARDING CONFERRAL EFFORTS ISO DEFENDANTS' MOTION TO BAR ATTORNEY DAVID GRIMES FROM PARTICIPATING IN MDL 3084
Case No. 3:23-MD-03084-CRB