Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com
Jessica Davidson (Admitted *Pro Hac Vice*)

Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

*Attorneys for Defendants*

UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSULT LITIGATION, <br><br> This Document Relates to: <br><br> ALL ACTIONS | CASE NO. 3:23-md-03084-CRB (LJC) <br><br> **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING DEPOSITIONS OF THREE PLAINTIFFS REFERENCED HEREIN** <br><br> Judge:      Hon. Charles R. Breyer <br> Courtroom:   6 – 17th Floor |

# TABLE OF CONTENTS

Page

I.     INTRODUCTION AND SUMMARY OF ARGUMENT................................... 1

II.    BACKGROUND................................................................................................. 3

A.    PTO #5 ............................................................................................................. 3

B.    NON-BONA-FIDE RECEIPTS SUBMITTED BY CERTAIN
      PLAINTIFFS .................................................................................................... 3

III.   ARGUMENT ................................................................................................... 10

A.    LIKE PRIOR FRAUDULENT RECEIPT MOTIONS, THE COURT
      SHOULD EXERCISE ITS AUTHORITY UNDER RULE 37(B) TO
      DISMISS THE CLAIMS OF PLAINTIFFS WHO HAVE
      SUBMITTED NON-BONA-FIDE RECEIPTS. ........................................... 10

B.    THE COURT SHOULD AUTHORIZE LIMITED DEPOSITIONS OF
      PLAINTIFF MDL ID'S 4152, 4190, 4657 TO UNDERSTAND HOW
      THEY BECAME PLAINTIFFS IN THE LITIGATION AND THEIR
      CONNECTIONS TO OTHER PLAINTIFFS SUBJECT TO UBER'S
      FRAUDULENT RECEIPTS MOTIONS. ....................................................... 14

IV.    CONCLUSION ............................................................................................... 14

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE
SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*,
 69 F.3d 337 (9th Cir. 1995) ........................................................................................11

*Estate of Arroyo v. Cnty. of San Diego*,
 Case No. 21-cv-1956-RBM-SBC, 2025 WL 1914399 (S.D. Cal. April 14, 2025) .................14

*Barton v. Delfgauw*,
 CASE NO. 3:21-cv-05610-DGE, 2025 WL 814484 (W.D. Wash. March 13, 2025) .............14

*In re Deepwater Horizon*,
 907 F.3d 232 (5th Cir. 2018) ...................................................................................2, 13

*Garcia v. Berkshire Life Ins. Co. of Am.*,
 569 F.3d 1174 (10th Cir. 2009) ..............................................................................11, 12

*Goodyear Tire & Rubber Co. v. Haeger*,
 581 U.S. 101 (2017)..................................................................................................14

*IV Sols., Inc. v. Office Depot Emp. Welfare Benefit Plan*,
 No. EDCV 07-1603-VAP, 2009 U.S. Dist. LEXIS 133650 (C.D. Cal. May 13, 2009)11, 12, 13

*Malone v. U.S. Postal Serv.*,
 833 F.2d 128 (9th Cir. 1987) ...........................................................................11, 12, 13

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
 460 F.3d 1217 (9th Cir. 2006) ..............................................................................11, 12

*Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*,
 727 F.2d 1470 (9th Cir. 1984) .................................................................................3, 10

*In re Silica Prods. Liab. Litig.*,
 398 F. Supp. 2d 563 (S.D. Tex. 2005) ................................................................1, 12, 13

*Singh v. Hancock Nat. Res. Grp., Inc.*,
 Case No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893 (E.D. Cal. Feb. 21,
 2017) ...............................................................................................................11, 13

*Thompson v. Hous. Auth. of City of Los Angeles*,
 782 F.2d 829 (9th Cir. 1986) ......................................................................................10

*Wood v. Cnty. of Los Angeles*,
 Case No. CV 16-7451-DMG, 2018 WL 6332275 (C.D. Cal. May 16, 2018).........................14

ii

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Wyle v. R.J. Reynolds Indus., Inc.*,
709 F.2d 585 (9th Cir. 1983) ................................................................................10, 11

*In re Yasmin, and Yaz (Drospirenone) Mktg., Sales Pracs. and Prods. Liab. Litig.*,
No. 3:09-md-02100-DRH-PMF, 2011 WL 3035087 (S.D. Ill. July 25, 2011) ......................14

*Yourish v. Cal. Amplifie*r,
191 F.3d 983 (9th Cir. 1999) ................................................................................11

**Rules**

Fed. R. Civ. P. 16(f)(1)(C)................................................................................10

Fed. R. Civ. P. 37(b)(2)................................................................................3, 10

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

This is now the fifth fraudulent receipt motion Uber has had to file.  Unfortunately, these five motions have needed to address the same fraudulent conduct over and over: timestamp errors, address errors, and indicators that the receipts were prepared through fraud websites like makereceipt.com. Notwithstanding plaintiffs' counsels' repeated assurances to the Court, plaintiffs' counsel continue to fail to adequately vet receipts, resulting in significant burdens on the Court and Uber, and the diversion of resources from non-fraudulent plaintiffs.

The fraudulent-receipt plaintiffs' firms have made clear to this Court that they do not intend to properly vet incoming cases following the long-standing directives from this Court to do so.  Regardless of the consequences for submitting fraudulent receipts in the MDL, plaintiffs remain undeterred. As a result, the fraud in this proceeding continues to impose an unacceptably high burden on (1) Uber and (2) non-fraudulent plaintiffs.  The burden on Uber is far beyond what plaintiffs' counsel claim.  For example, on a recent meet and confer regarding fraudulent receipts, plaintiffs' counsel suggested that the burden on Uber was minimal and that Uber could easily use its systems to determine if a receipt is fraudulent.  That suggestion is far from the truth.  The process of trying to match a submitted receipt by a plaintiff with one in Uber's systems is time-consuming for each receipt. *See* ECF 3855, Ex. 13, Decl. of Brett D. Harrison (describing work involved in matching receipts).  And, as set forth in each of the numerous declarations FTI has now submitted in support of Uber's multiple fraud motions, efforts to detect fraudulent alterations require a laborious, line-by-line review of each receipt.

Fraud also imposes a significant burden on non-fraudulent plaintiffs participating in this MDL. Fraud prejudices the rights of claimants who have complied with their discovery obligations and are not fraudulent and undermines their "full and meaningful access to the courts." *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 636 (S.D. Tex. 2005)  Such conduct "hamper[s] the resolution of meritorious claims

1

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

by real plaintiffs." *In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir. 2018). Moreover, PTO 31 does not address the issue, because it relates to missing receipts, not fraudulent receipts.

Plaintiffs' counsel also recently told the Court that, for example: (i) "There has been no evidentiary determination that fraudulent receipts are widespread across firms or cases" (ECF 5289 at 7) (false; for example, Reich and Binstock, LLP represents three of the seven plaintiffs identified in Uber's Third Fraudulent Receipts Motion, two of the seven plaintiffs addressed in Uber's Fourth Fraudulent Receipts Motion, and one of the three plaintiffs addressed in this Fifth Fraudulent Receipts Motion) (ECF 5289); (ii) "Nor has there been any showing that submission of contested receipts resulted from systemic screening failures rather than isolated issues" (ECF 5289 at 7) (false; the three plaintiffs identified in the present motion had their receipts filed *at the time of or after* the filing of Uber's November 21, 2025 Motion (ECF 4456)); and (iii) "There has been no finding that any law firm knowingly submitted fraudulent receipts" (ECF 5289 at 7) (omits key context; zero out of five plaintiffs have attended ordered depositions despite multiple motions to compel and orders by this Court to understand the fraud).

The plaintiffs identified in the present motion submitted their receipts via counsel and MDL Centrality on November 21, 2025 (Reich and Binstock, LLP was recently ordered to file a sworn declaration describing the firm's presuit investigation for the two fraudulent-receipt plaintiffs at issue in ECF 4933); December 30, 2025 (Wagstaff Law Firm); and January 13, 2026 (Nachawati Law Group; also, one of the 10 law firms subject to ECF 5216). If anything, this continued fraud on the Court and Uber demonstrates the need for increased efforts to protect the integrity of this litigation.[1]

Uber respectfully moves for an order to show cause why the claims of the three plaintiffs identified in this motion—who have submitted non-bona fide receipts—should not be dismissed with prejudice. *See* Exhibit A1. Finally, Uber respectfully moves for an order authorizing the targeted depositions of plaintiffs

---

[1]   The Nachawati Law Group and Wagstaff Law Firm are subject to Uber's first fraudulent receipts motion to be filed in the JCCP. *In re Uber Rideshare Cases*, JCCP No. 5188, Case No. CJC-21-005188 (Cal. Super. Ct. San Francisco Cnty.)

2

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

with MDL IDs 4152, 4190, and 4657. As the Ninth Circuit has recognized, dismissal of claims is warranted where a party, "[p]ursuant to a discovery order," "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *See Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984) (upholding dismissal under Fed. R. Civ. P. 37(b)(2)(C) where "[p]ursuant to a discovery order, [a party] produced documents" that were "falsified," including "photocopies of checks," without holding an evidentiary hearing). This relief is consistent with the Court's four prior orders on the issue of submission of fraudulent receipts. ECF 3876, 3972, 4440, and 5454.

## II.     BACKGROUND

### A.     PTO #5

The Court's PTO #5 required plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident." PTO #5, ECF 175, ¶ 4; *see also* PTO #10, ECF 348, ¶ 2.

### B.     NON-BONA-FIDE RECEIPTS SUBMITTED BY CERTAIN PLAINTIFFS

At least an additional three plaintiffs listed in Exhibit A1 have violated the Court's Order by submitting receipts that are non-bona fide. Since July 30, 2025 (the date of Uber's First Fraudulent Receipts Motion), plaintiffs have produced additional fraudulent receipts (not including the three at issue in the present motion). There are likely to be additional such plaintiffs moving forward.

#### 1.     Uber Has Identified the Alteration of Additional Actual Receipts

As set forth above and confirmed by Uber's four prior fraudulent receipts motions, Uber has identified additional plaintiffs who submitted altered versions of authentic Uber receipts in direct violation of the Court's orders. Each plaintiff addressed below is represented by counsel whose prior clients were the subject of earlier fraud motions involving the same categories of defects identified here, including manipulation of dates and times, misuse of state-specific fees, alteration of rider and location information, and reliance on authentic receipts associated with other accounts. Despite that clear notice, and despite

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

repeated Court findings and dismissals with prejudice, these firms have continued to submit new claims reflecting the same indicia of fraud, demonstrating their failure to meaningfully increase or implement effective vetting measures. The receipts addressed in this section therefore do not reflect isolated errors or inadvertence but instead confirm the persistence of the very misconduct plaintiffs' counsel has improperly attempted to minimize, even after repeated warnings and escalating judicial intervention.

**MDL ID 4152**

The actual ride for this plaintiff occurred on November 17, 2024, not November 17, 2023 as alleged, and is associated with a non-party's Uber account. The receipt produced in this litigation is not an actual Uber receipt, but an altered version of that authentic record, modified to conform to Plaintiff MDL ID 4152's allegations rather than to the facts reflected in the authentic Uber receipt.

Specifically, the name of the rider was changed from "███" to "███", and the date of the ride receipt and date of payment (i.e., year of the ride) were altered from 2024 to 2023. Decl. of Brett D. Harrison, at 4:7 – 8. With the exception of these changes to the document, the remainder of the receipt submitted by Plaintiff MDL ID 4152 is an exact match of an authentic Uber receipt. *Id.* at 4:8 – 10.



**Real Receipt (4152) (Cotton Decl. Ex. 2)     MDL ID 4152 (Cotton Decl. Ex. 1)**

Counsel for Plaintiff MDL ID 4152, Reich and Binstock, LLP, is well acquainted with the precise form of the fraudulent receipt manipulation at issue here. Five (5) of that firm's clients have already been

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

the subject of Uber's Third Fraudulent Receipts Motion and Fourth Fraudulent Receipts Motion (both granted by this Court), each involving materially indistinguishable misconduct by the plaintiffs.

In Uber's Third Fraudulent Receipts Motion, Uber demonstrated that three Reich and Binstock, LLP clients engaged in the same core fraud now presented by Plaintiff MDL ID 4152. Plaintiff MDL ID 3877 altered the name and date on a ride receipt belonging to a non-party and submitted that receipt in support of the claim. Plaintiff MDL ID 3977 did the same. Plaintiff MDL ID 3962 altered, among other details, the name and date on a ride receipt associated with an account owned by another MDL plaintiff, whose receipts were also altered and submitted by two additional MDL plaintiffs.[2]

The pattern continued in Uber's Fourth Fraudulent Receipts Motion. There, Uber showed that two additional Reich and Binstock, LLP clients again engaged in the same form of fraud. Plaintiff MDL ID 4142 altered the name and date on a receipt belonging to another MDL plaintiff—Plaintiff MDL ID 2785—and submitted that altered receipt. Plaintiff MDL ID 3879 altered the name on a ride receipt belonging to a third party, whose receipts were likewise altered by other MDL plaintiffs.

The recurrence of identical receipt alterations across multiple motions, multiple plaintiffs, and the same law firm demonstrates that the issue is systemic, not accidental. This record squarely contradicts plaintiffs' counsel's claim that such submissions are isolated or unsupported by evidentiary findings. It also underscores why plaintiffs' counsels' attempts to minimize the scope, significance, and persistence of this misconduct are incompatible with the record and with the Court's findings. Plaintiff MDL ID 4152 fits squarely within this established pattern of fraud, and the present motion is a continuation of, not a departure from, the widespread fraud Uber have repeatedly and successfully brought to light.

---

[2] The authentic receipt belonged to Plaintiff MDL ID 4243 who is subject to the Court's March 9, 2026 Order. ECF 5454. Receipts associated with Plaintiff MDL ID 4243 were also altered and submitted by other plaintiffs in this action, including Plaintiff MDL ID 4097, represented by Wagstaff Law Firm, and Plaintiff MDL ID 3286, represented by Cutter Law.

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

While MDL ID 4152's claims have already been dismissed without prejudice, (ECF 5253), based on the evidence of fraud, MDL ID 4152 still should be ordered to show cause why that dismissal should not be converted to a dismissal with prejudice.

**MDL ID 4657**

The receipt submitted by Plaintiff MDL ID 4657 exhibits multiple, independent indicators of alteration that individually and collectively establish that the document is not a bona-fide Uber receipt. As with prior fraudulent submissions by plaintiffs and addressed by this Court via Uber's motions, the receipt is an altered version of a real receipt associated with a different Uber account.

Plaintiff MDL ID 4657's submitted ride receipt contains defects that are not expected within authentic Uber receipts. First, the receipt reflects that payment occurred before the ride commenced—an indicia of fraud dating back to Uber's First Fraudulent Receipts Motion. Decl. of Brett D. Harrison, at 5:6 – 7. Second, the payment date on the produced receipt includes a leading "0" padding in the date format ("01/28/25") which is not expected behavior within an authentic receipt. *Id.* at 5:7.



**MDL ID 4657 (Cotton Decl. Ex. 3)**

A side-by-side comparison with the authentic receipt further confirms the fraudulent nature of the plaintiff's submission. The altered receipt includes an "Access for All Fee," which is a California-specific charge. *Id.* at 5:7 – 11. The purported ride, however, allegedly occurred in Tennessee, where no such fee

exists. *Id*. Likewise, the receipt includes a line item for "TN Driver Benefits," which is not an expected Tennessee charge. *Id*. This entry is derived from California's "CA Driver Benefits" fee. *Id*. The substitution of "TN" for "CA" reflects an attempt to localize a California-modeled receipt for a Tennessee claim, despite the absence of any corresponding Tennessee program or fee structure. *Id*. Every other aspect of the document was also altered from the authentic version within Uber's systems, further underscoring that the submission was not the product of error or misunderstanding, but of deliberate modification.



**MDL ID 4657 (Cotton Decl. Ex. 3)    Real Receipt (4657) (Cotton Decl. Ex. 4)**

In Uber's Fourth Fraudulent Receipts Motion, the Court was presented with materially identical misconduct by Wagstaff clients MDL ID 4385 and MDL ID 4097. There, Uber demonstrated that receipts reflected a payment time preceding a trip commencement, formatting anomalies inconsistent with Uber's systems, and the misuse of the *exact same California related charges* for an alleged ride in a different state.[3] In the case of MDL ID 4097, Uber further demonstrated that the submitted receipt was an altered version of a real receipt belonging to another account and formed part of a cluster of fraudulent

---

[3]    Plaintiff MDL ID 4385 submitted a receipt alleging that the ride occurred in Texas, despite the inclusion of the same California-specific "Access for All" fee and a manipulated "TX Driver Benefits" charge. Further, the California "CA Driver Benefits" fee was likewise altered in Plaintiff MDL ID 4385's submission to read "TX Driver Benefits."

submissions tied to the same plaintiff's Uber account, which is now the subject of multiple Orders to Show Cause issued by this Court.[4]

Despite this record of noncompliance, the receipt submitted by MDL ID 4657 repeats the same indicia of fraud previously identified, including reuse of a real receipt from another account, payment timing, improper formatting, and the transplantation of California-specific fees into a non-California claim. The recurrence of these precise receipt defects demonstrates that the issues are not isolated, and that prior findings and motions did not result in effective screening, remediation, or correction by counsel.

Based on the evidence of fraud, MDL ID 4657 should also be ordered to show cause.

**MDL ID 4190**

Using the ride details reflected in the receipt submitted by Plaintiff MDL ID 4190, Uber identified multiple anomalies demonstrating that the document is not a bona-fide Uber receipt.

As with Plaintiff MDL ID 4152 addressed above, Plaintiff MDL ID 4190's receipt date and ride pickup and drop-off times include a leading "0" padding in the date and time formats ("04 Dec, 2023," "02:37 AM," and "03:04 AM"). which is not expected behavior within an authentic receipt. Decl. of Brett D. Harrison, at 6:24 – 25. Beyond this, and as with Plaintiff MDL ID 4657 addressed above, Plaintiff MDL ID 4190's altered receipt also includes an unrelated out-of-state charge. The ride, alleged by Plaintiff MDL ID 4190 to have occurred in Las Vegas, Nevada, contains a "Michigan TNC Assessment Fee," which is a Michigan-specific charge that would not be expected to appear on a Nevada receipt. *Id.* at 6:20 – 21. Compounding this defect with the plaintiff-produced document, the receipt omits the "NV Recovery Surcharge," a charge that is expected on a bona-fide Nevada-based Uber ride. *Id.* at 6:21 – 23.

Finally, Plaintiff MDL ID 4190's receipt does not list street addresses for the pickup and drop-off locations. Instead, the receipt substitutes the names of business entities located at those addresses

---

[4]    The authentic receipt belonged to Plaintiff MDL ID 4243. Receipts associated with Plaintiff MDL ID 4243 were also altered and submitted by Plaintiff MDL ID 3962 (Reich and Binstock, LLP) and Plaintiff MDL ID 3286 (Cutter Law).

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

("████████" and "██████████"). *Id.* at 6:26 – 27. Given that the Nachawati Law Group has submitted claims for over 180 plaintiffs in this MDL—four of which were addressed in Uber's First and Second Fraudulent Receipts Motions filed in 2025—this failure cannot be reconciled with reasonable screening practices.



**MDL ID 4190 (Cotton Decl. Ex. 5)**

As with Reich and Binstock, LLP and the Wagstaff Law Firm, the Nachawati Law Group has previously had these exact issues addressed in prior Uber fraudulent receipts motions. In Uber's First Fraudulent Receipts Motion, Nachawati client Plaintiff MDL ID 2734 submitted a receipt that likewise purported to reflect a ride in Las Vegas, Nevada, but contained the same California-specific charges previously mentioned in this motion ("Access for All" and "CA Driver Benefits") while omitting the required "NV Recovery Surcharge." ECF 3604. Two additional Nachawati clients, Plaintiff MDL ID 2812 addressed in the First Fraudulent Receipts Motion and Plaintiff MDL ID 1507 addressed in the Second Fraudulent Receipts Motion, submitted receipts containing multiple defects in the pickup and drop-off

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB

1   address fields, including improper capitalization, misspelled city names, incorrect punctuation, and an

2   invalid zip code. ECF 3604; ECF 3784. Both claims were ultimately dismissed with prejudice.

3       Plaintiff MDL ID 4190's submission underscores the precise problem addressed in the

4   introduction to the present Motion. The plaintiff-produced documents reflect the same categories of

5   defects previously identified for this Court. That these issues persist, even after multiple fraudulent

6   receipts motions and dismissals with prejudice, confirms that the problem is not one of misunderstanding,

7   but of failed screening and disregard of prior warnings. This submission is yet another example of the

8   widespread and recurring misconduct Uber has repeatedly brought to the Court's attention, and which

9   plaintiffs' counsel continues to minimize in the face of an expanding record.

10      Based on the evidence of fraud, MDL ID 4190 should also be ordered to show cause.

11  **III.  ARGUMENT**

12      **A.  LIKE PRIOR FRAUDULENT RECEIPT MOTIONS, THE COURT SHOULD
        EXERCISE ITS AUTHORITY UNDER RULE 37(B) TO DISMISS THE CLAIMS
        OF PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS.**

13      An additional three plaintiffs included in Exhibit A1 have not provided "a bona fide ride receipt

14  from an Uber trip connected to the alleged incident." PTO #5, ECF 175, ¶ 4; PTO #10, ECF 348, ¶ 2.

15      Rule 16(f) provides that "the [C]ourt may issue any just orders" when a party "fails to obey a

16  scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Such "just orders" may include, for

17  example, "dismissing the action." Fed. R. Civ. P. 37(b)(2)(A)(v); *Wyle v. R.J. Reynolds Indus., Inc.*, 709

18  F.2d 585, 592 (9th Cir. 1983) ("By its terms, Rule 37 authorizes the sanction of dismissal."). The

19  production of "falsified" discovery in response to a "discovery order" is grounds for dismissal under Rule

20  37. *Pro. Seminar Consultants, Inc.*, 727 F.2d at 1472–73 (affirming default judgment against defendant

21  that "did not assert that the documents were genuine"). Courts may impose sanctions as part of their

22  "inherent power to control their dockets," including their "inherent power to dismiss an action when a

23  party has willfully deceived the court." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

831 (9th Cir. 1986); *Wyle*, 709 F.2d at 589. "Where a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings'—such as "fabricat[ing]" evidence during discovery— '[i]t is well settled that dismissal is warranted" under the Court's inherent authority. *IV Sols., Inc. v. Office Depot Emp. Welfare Benefit Plan*, No. EDCV 07-1603-VAP (JWJx), 2009 U.S. Dist. LEXIS 133650, *14 (C.D. Cal. May 13, 2009) (dismissing action where plaintiff "fabricated an invoice" during discovery) (citing *Anheuser-Busch, Inc. v. Nat, Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)); *see also, e.g.*, *Singh v. Hancock Nat. Res. Grp., Inc.*, Case No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893, *24 (E.D. Cal. Feb. 21, 2017) (plaintiffs "falsified documents to respond to discovery requests," which "demonstrate bad faith and . . . willful abuse of the judicial process and support the issuance of terminating sanctions"); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1176 (10th Cir. 2009) (affirming dismissal where plaintiff "fabricated a number of discovery documents in an effort to win her case."). Regardless of whether a district court is acting pursuant to Rule 37 or its inherent authority, the Ninth Circuit has held that "[a] district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal quotations omitted).

Each of the *Malone* factors support dismissal with prejudice here.

***Public interest and the Court's docket***. The first two factors— "the public's interest in expeditious resolution of litigation" and "the court's need to manage its docket"—both "strongly support the court's dismissal" of the claims of plaintiffs who deliberately fail to comply with court orders or engage in fraudulent discovery. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, *1240 (9th Cir. 2006). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifie*r, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiffs' failure to comply honestly with their

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

discovery obligations or even conduct the most basic of investigations has also consumed scarce judicial time and resources. "Sound management of the court's docket also counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig,* 460 F.3d at 1234. Given the already rampant fraud, deterrence is vital here. There are now more than 2,900 plaintiffs in this proceeding, resulting in part from aggressive online advertising from plaintiffs' counsel, such as the ad promising "Significant Compensation" with "No Paperwork" and "No Hassle." *See* https://www.rideshareassaultjustice.com/; *see also* Rebecca Ellis, *In the biggest sex abuse settlement in U.S. history, some claim they were paid to sue,* L.A. TIMES (Oct. 2, 2025), https://www.latimes.com/california/story/2025-10-02/settlement-story-ab218-sex-abuse. (stating that in Instagram attorney advertisement for L.A. County sex abuse lawsuit, "a representative from the firm's intake department called" a *Times* reporter who entered their phone number in the ad "more than 38 times"). It remains clear that prospective plaintiffs need to understand there is a consequence for falsifying evidence (or aiding) and that doing so will not result in monetary compensation.

**Prejudice**. Courts "examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Here, plaintiffs' fabrication (and plaintiffs' firms' failure to conduct a reasonable investigation) of receipts means that Uber has "been forced to defend this case from the outset – despite its basis in fraud," which is the paradigmatic form of prejudice. *See IV Sols. Inc.*, 2009 U.S. Dist. LEXIS 133650 at *20; *see also In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d at 636 (filing claims based on false diagnoses forced defendants to "pay significant costs litigating meritless claims[.]") This misconduct also calls into question the "veracity" of all of these plaintiffs' other discovery responses, which will require Uber to "attempt independent corroboration of each submission, at substantial expense or time and money, or to accept the real possibility that those discovery documents . . . are inaccurate." *Garcia*, 569 F.3d at 1180 ("submission

12

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

of falsified evidence substantially prejudices an opposing party). Allowing these claims to proceed would also prejudice the rights of claimants who have complied with their discovery obligations and undermine their "full and meaningful access to the courts[.]" *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d at 636; *see also In re Deepwater Horizon*, 907 F.3d at 236 (explaining that non-bona-fide lawsuits "hamper the resolution of meritorious claims by real plaintiffs").

**Public policy**. Where plaintiffs have "purposefully and defiantly violated a court order"—in this case, by submitting non-bona-fide receipts— "it is unnecessary … to discuss why alternatives to dismissal are infeasible." *Malone*, 833 F.2d at 132. Nor is any further warning to plaintiffs necessary. There is no concern that the receipts at issue were somehow generated in good faith by unsophisticated people. For example, in the case of receipts altered utilizing bona-fide Uber receipts, it takes a level of sophistication and consciousness of wrong-doing to know how to edit certain aspects of an image (even if doing so on a mobile device like an Apple iPhone). Dismissal is thus very strongly in the public interest.

**Availability of lesser sanctions**. "It is difficult to conceive an act of misconduct graver than the outright fabrication of evidence that Plaintiffs here undertook[.]" *IV Sols. Inc.*, 2009 U.S. Dist. LEXIS 133650 at *23. Such actions "demonstrate bad faith and Plaintiffs' willful abuse of the judicial process and support the issuance of terminating sanctions." *Singh*, 2017 U.S. Dist. LEXIS 24893, *24. Lesser sanctions would not sufficiently compensate Uber for having to defend against these claims. Nor would lesser sanctions deter other current (or potential) plaintiffs from engaging in similar conduct.

For these reasons, the Court should enter Uber's proposed order attached as Exhibit A, requiring the three plaintiffs in Exhibit A1 to show cause why their claims should not be dismissed with prejudice.

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

**B.    THE COURT SHOULD AUTHORIZE LIMITED DEPOSITIONS OF PLAINTIFF MDL IDS 4152, 4190, 4657 TO UNDERSTAND HOW THEY BECAME PLAINTIFFS IN THE LITIGATION AND THEIR CONNECTIONS TO OTHER PLAINTIFFS SUBJECT TO UBER'S FRAUDULENT RECEIPTS MOTIONS.**

Uber respectfully requests leave to conduct limited, three-hour depositions of Plaintiffs with MDL IDs 4152, 4190, 4657 in light of the use of bona-fide receipts as the basis for plaintiffs' PTO #5 submissions. Courts have recognized that additional discovery may be an appropriate remedy for violations of court orders. *See, e.g., Estate of Arroyo v. Cnty. of San Diego,* Case No. 21-cv-1956-RBM-SBC, 2025 WL 1914399, at *12 (S.D. Cal. April 14, 2025) (ordering deposition to permit exploration of late-produced evidence); *Barton v. Delfgauw,* CASE NO. 3:21-cv-05610-DGE, 2025 WL 814484, at *4 (W.D. Wash. March 13, 2025) (ordering limited discovery after late disclosure of evidence that "call[s] into question the veracity of Plaintiff's claim"); *Wood v. Cnty. of Los Angeles,* Case No. CV 16-7451-DMG (JPRx), 2018 WL 6332275, at *4 (C.D. Cal. May 16, 2018) (ordering limited discovery to mitigate prejudice from production violating scheduling order). Given the substantial "questions about the credibility of the information that has been obtained" through the PFS, depositions would be doubly helpful for counsel on both sides to assess the quality of these claims and whether they "should proceed to trial, settlement, or dismissal." *In re Yasmin*, *and Yaz (Drospirenone) Mktg., Sales Pracs. and Prods. Liab. Litig.*, No. 3:09-md-02100-DRH-PMF, 2011 WL 3035087, at *3 (S.D. Ill. July 25, 2011). Courts and litigants alike have reason to be concerned about potential fraud in the discovery process and to explore whether a plaintiff has "initiate[d] a case in complete bad faith." *Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 110 (2017). Ordering the limited depositions of just these three plaintiffs with non-bona fide receipts would continue to help safeguard the credibility of MDL plaintiffs' allegations without substantial inconvenience or expense.

## IV.    CONCLUSION

For the reasons stated above, Uber respectfully requests that the Court:

---

14

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

1.     Enter the Order attached as Exhibit A, requiring the three plaintiffs in Exhibit A1 to show cause why their claims should not be dismissed with prejudice for submitting non-bona fide receipts;

2.     Enter the Order attached as Exhibit A, authorizing limited and narrowly tailored depositions of plaintiffs with MDL IDs 4152, 4190, 4657 to investigate how the plaintiffs became involved in the litigation, how the fraudulent receipts were generated and distributed, and who else was involved in or aware of the fraud at issue (including third parties and/or plaintiffs' Counsel); and

3.     Consider whether dismissal alone is sufficient or whether additional relief is necessary for the firms at issue for repeatedly submitting fraudulent receipts in this litigation.

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

1    DATED:  March 11, 2026                      Respectfully submitted,

2                                                */s/ Laura Vartain Horn*
                                                 Laura Vartain Horn (SBN 258485)
3                                                **KIRKLAND & ELLIS LLP**
                                                 555 California Street, Suite 2700
4                                                San Francisco, CA 94104
                                                 Telephone: (415) 439-1625
5                                                laura.vartain@kirkland.com

6                                                Jessica Davidson (Admitted *Pro Hac Vice*)
                                                 Christopher D. Cox (Admitted *Pro Hac Vice*)
7                                                **KIRKLAND & ELLIS LLP**
                                                 601 Lexington Avenue
8                                                New York, NY 10022
                                                 Telephone: (212) 446-4800
9                                                jessica.davidson@kirkland.com
                                                 christopher.cox@kirkland.com
10
                                                 Allison M. Brown (Admitted *Pro Hac Vice*)
11                                               **KIRKLAND & ELLIS LLP**
                                                 2005 Market Street, Suite 1000
12                                               Philadelphia, PA 19103
                                                 Telephone: (215) 268-5000
13                                               alli.brown@kirkland.com

14                                               SABRINA H. STRONG (SBN: 200292)
                                                 sstrong@omm.com
15                                               JONATHAN SCHNELLER (SBN: 291288)
                                                 jschneller@omm.com
16                                               **O'MELVENY & MYERS LLP**
                                                 400 South Hope Street, 19th Floor
17                                               Los Angeles, CA 90071
                                                 Telephone: (213) 430-6000
18                                               Facsimile: (213) 430-6407

19                                               PATRICK L. OOT (*Pro Hac Vice*)
                                                 oot@shb.com
20                                               **SHOOK, HARDY & BACON, L.L.P.**
                                                 1800 K Street NW, 10th Floor
21                                               Washington, DC 20006
                                                 Telephone: (202) 783-8400
22                                               Facsimile: (202) 783-4211

23                                               ALYCIA A. DEGEN (SBN: 211350)
                                                 adegen@shb.com
24                                               MICHAEL B. SHORTNACY (SBN: 277035)
                                                 mshortnacy@shb.com
25                                               **SHOOK, HARDY & BACON, L.L.P.**
                                                 2121 Avenue of the Stars, Suite 1400
26                                               Los Angeles, CA 90067
                                                 Telephone: (424) 285-8330
27                                               Facsimile: (424) 204-9093

28
                                              16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

17

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

## **PROOF OF SERVICE**

I hereby certify that on March 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB