1 | [Submitting Counsel below]

2
3
4

5 | UNITED STATES DISTRICT COURT

6 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

7 | SAN FRANCISCO DIVISION

8

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB |
| This Document Relates to: | **MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES:** |
| *WHB 823 v. Uber Techs., Inc.*, et al. N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | **TODD GADDIS AND ERIN O'KEEFE** |
| | Judge:  Honorable Charles R. Breyer Date:  April 2, 2026 Time:  2:00 PM PT Courtroom: 6 – 17th Floor |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| WHB 823, | No. 3:25-cv-00737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

Plaintiff WHB 823, respectfully moves this Court to strike Todd Gaddis and Erin O'Keefe from Uber Technologies, Inc., Raiser, LLC and Raiser-CA, LLC's (collectively, "Defendants" or "Uber") trial witness list.

## I. INTRODUCTION

On March 9, 2026, Defendants designated Todd Gaddis and Erin O'Keefe as trial witnesses for WHB 823. These individuals have never been previously disclosed during case specific discovery, nor have their custodial files ever been produced or case specific depositions taken. In fact, in the case of Ms. O'Keefe, she is an entirely new and unknown witness disclosed by Uber for the first time this month. With a fast approaching trial date of April 14, 2026, allowing Mr. Gaddis and Ms. O'Keefe's testimony would unfairly prejudice Plaintiff and undermine the integrity of the discovery process. Indeed, these individuals are designated by Uber to testify on incredibly substantive and critical issues at trial, including, for Ms. O'Keefe "the industry standards under which Uber operates as a Transportation Network Company," and, for Mr. Gaddis "Uber utilization data, and data and operative documents related to the subject ride, Plaintiff, and the independent driver." Uber should not be permitted to circumvent disclosure and discovery requirements and elicit untested testimony that is central to this case. The Court should strike Mr. Gaddis and Ms. O'Keefe from Uber's witness list.

## II. LEGAL STANDARD

Rule 26 requires parties to disclose witnesses that may be used to support the claims or defense in the initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i). Late disclosed witnesses may not "supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The "party whose evidence may be excluded has the burden of proving that its failure to disclose was substantially justified or harmless." *In re Korean Ramen Antirust Litig.*, 281 F. Supp. 3d 892, 937 (N.D. Cal. 2017). Nondisclosure "is harmless if it does not prejudice the other party." *Id.* In evaluating whether a failure is harmless, courts consider: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprises; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Id.* (citation omitted).

### III. TODD GADDIS AND ERIN O'KEEFE SHOULD NOT BE PERMITTED TO TESTIFY

Uber's failure to timely disclose Mr. Gaddis and Ms. O'Keefe is *not* harmless. All five of the *Korean Ramen* considerations demonstrate substantial prejudice to Plaintiff and thus Uber should be prohibited from calling them at trial. *See* Fed. R. Civ. P. 37 (c)(1).

As an initial matter, there is no question that Mr. Gaddis and Ms. O'Keefe's disclosure as trial witnesses was a complete surprise to Plaintiff. Mr. Gaddis has been known to Uber throughout this litigation. Had Uber wanted it, it could have (as it has done in other cases), identified him in initial disclosures or designated him as a corporate designee on Rule 30(b)(6) depositions. Uber intentionally chose not to. And this decision sent a clear message: Mr. Gaddis was not a potential witness in this case. Uber's eleventh hour decision to include him is a classic example of gamesmanship and sandbagging. Similarly unexpected was the designation of Ms. O'Keefe, an individual who has never been identified by Uber in any respect as an individual with any relevant knowledge. Plaintiff could not have anticipated that either of these individuals would be trial witnesses in this case.

This surprise cannot be cured: Jury selection is one month away, leaving woefully insufficient time for Uber to collect, review, and produce Mr. Gaddis and Ms. O'Keefe's custodial documents; to resolve any discovery disputes with respect to that production; and to afford Plaintiff sufficient time to review, prepare and conduct depositions – all while in the midst of trial preparations. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F. 3d. 1101, 1107 (9th Cir. 2001) (excluding undisclosed witness because opposing party is entitled to deposition); *Mendoza v. Intuitive Surg., Inc.* 2021 WL 1910886, at *4 (N.D. Cal. May 12, 2021) ("[I]f the undisclosed witness' testimony were allowed, Intuitive would be entitled to documentary and testimonial discovery into what each undisclosed witness knows. Yet the time for such discovery has long passed.").

#### A. TODD GADDIS SHOULD BE STRUCK FROM THE WITNESS LIST

Permitting Mr. Gaddis to testify at trial would be incredibly disruptive. Plaintiff will be substantially prejudiced if Mr. Gaddis were permitted to testify at trial, both because preparation of

a new witness with no deposition or documents prevents the fair and just administration of the trial and because his proposed testimony regarding "Uber utilization data, and data and operative documents related to the subject ride, Plaintiff, and the independent driver," is newly disclosed information to the Plaintiff. *See* Ex. A (Defendants' Witness List). For Uber to designate a witness with alleged personal knowledge of the incident that is the basis of this lawsuit so close to trial—and thus evade the normal course of disclosure and discovery on these central tropics—is highly prejudicial and harmful. *See Mendoza,* 2021WL 1910886, at *4 ("To admit the undisclosed witness' testimony on the eve of trial would prejudice Intuitive."); *Tyco Thermal Controls, LLC v. Redwood Industrials, LLC*, 2012 WL 2571318, at *2 (N.D. Cal. July 2, 2012) ("Moreover, given that fact and expert discovery have long since closed, coupled with the imminent trial date, it would be unduly prejudicial to permit the trial testimony of these previously undisclosed witnesses – none of whom Rowe has had the opportunity to depose."). His testimony is doubly prejudicial, in that it reflects an undisclosed witness discussing undisclosed evidence.[1]

Uber could have disclosed Mr. Gaddis long ago, but chose not to. Mr. Gaddis should not be permitted to testify.

### B. ERIN O'KEEFE SHOULD BE STRUCK FROM THE WITNESS LIST

Permitting Ms. O'Keefe to testify at trial would also be incredibly disruptive. Plaintiff will be substantially prejudiced if this brand-new witness were permitted to testify at trial, both because preparation of a new witness with no deposition or documents prevents Plaintiff from adequately preparing for trial and because Ms. O'Keefe is slated to testify regarding Uber's relationship with its drivers providing transportation services and the drivers' discretion and responsibilities, and "industry standards under which Uber operates as a Transportation Network Company." This is newly disclosed information and issues of central importance to Plaintiff's case. *See* Exhibit A; Plaintiff's Motion for Partial Summary Judgment on Common Carrier Status and Liability (ECF: 5468); *see also Mendoza*, 2021WL 1910886, at *4; *Tyco*, 2012 WL 2571318, at *2 (N.D. Cal. July

---

[1] Should Uber claim undue prejudice on its end if Mr. Gaddis be excluded, Plaintiff notes that Uber's witness list already includes Greg Brown, an individual who has been deposed in this case regarding the incident ride, Plaintiff, and driver.

2, 2012). Yet the limited information Uber provided in its witness list regarding Ms. O'Keefe and her scope of testimony was the first time Plaintiff was ever made aware of Ms. O'Keefe's involvement in this case.[2] As with Mr. Gaddis, Uber could have disclosed Ms. O'Keefe long ago, but choose not to. It cannot now reap the benefits of its discovery misconduct to present a trial witness for whom Plaintiff was deprived of the opportunity to obtain discovery and depose.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Todd Gaddis and Erin O'Keefe from Uber's trial witness list and preclude them from testifying at trial. In the alternative, Plaintiff respectfully requests that the Court direct Uber to provide the full custodial files of Mr. Gaddis and Ms. O'Keefe and provide two deposition dates for each within three days of the Court's ruling.

DATED: March 12, 2026                                          Respectfully Submitted,

By: /s/ Sejal K. Brahmbhatt
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com

---

[2] Should Uber claim undue prejudice on its end if Ms. O'Keefe is excluded, Plaintiff notes that Ms. O'Keefe did not begin working at Uber until 2022, years after the subject incident of this lawsuit. *See* Ex. B; Brahmbhatt Decl at. ¶ 4. Given that the only issues for the jury to decide involve Uber's vicarious liability for its driver's assault (i.e. did the assault occur and what are the damages), Ms. O'Keefe does not have any personal or relevant knowledge to the case.

jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH & LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

6
MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES: TODD GADDIS AND ERIN O'KEEFE
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737