ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe LS 98 v. Uber Technologies Inc., et al.,* No. 3:23-cv-05412-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO ENFORCE THE COURT'S PRIOR ORDERS ON UBER'S MOTIONS TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDERS**<br><br>Date:       May 8, 2026<br>Time:      10:00 a.m.<br>Courtroom:  6 – 17th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Jane Doe LS 326, v. Uber Technologies Inc., et al.,* No. 3:23-cv-05415-CRB

*D.P. v. Uber Technologies Inc., et al.,* No. 3:24-cv-04449-CRB

*Jane Roe CL 16 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04837-CRB

*Jane Roe CL 24 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05536-CRB

*Jane Roe CL 34 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05696-CRB

*Jane Roe CL 37 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05728-CRB

*Jane Doe LS 268 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05910-CRB

*Jane Roe CL 65 v. Uber Technologies Inc., et al.,* No. 3:24-cv-06189-CRB

*Jane Roe CL 71 v. Uber Technologies Inc., et al.,* No. 3:24-cv-06864-CRB

*Jane Roe CL 77 v. Uber Technologies Inc., et al.,* No. 3:24-cv-07571-CRB

*Jane Roe CL 79 v. Uber Technologies Inc., et al.,* No. 3:24-cv-07587-CRB

*Jane Roe CL 81 v. Uber Technologies Inc., et al.,* No. 3:24-cv-08521-CRB

*Jane Roe CL 83 v. Uber Technologies Inc., et al.,* No. 3:24-cv-08525-CRB

*Jane Roe CL 85 v. Uber Technologies Inc., et al.,* No. 3:24-cv-08754-CRB

*K.J. v. Uber Technologies Inc., et al.,* No. 3:24-cv-09059-CRB

*Jane Roe CL 88 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09145-CRB

*G.C. v. Uber Technologies Inc., et al.,* No. 3:24-cv-09195-CRB

*Jane Doe LS 547 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09208-CRB

1  *Jane Roe CL 91 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09235-CRB

2  *Jane Roe CL 92 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09237-CRB

3  *Jane Roe CL 98 v. Uber Technologies Inc., et al.,* No. 3:25-cv-00853-CRB

4  *Jane Roe CL 101 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01118-CRB

5  *Jane Roe CL 102 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01120-CRB

6  *Jane Doe LS 550 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01327-CRB

7  *Jane Roe CL 107 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01470-CRB

8  *Jane Roe CL 109 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01652-CRB

9  *Jane Roe CL 110 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01653-CRB

10 *Jane Roe CL 114 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01942-CRB

11 *K.G. v. Uber Technologies Inc., et al.,* No. 3:25-cv-01962-CRB

12 *TA.W. v. Uber Technologies Inc., et al.,* No. 3:25-cv-01967-CRB

13 *Jane Roe CL 119 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02133-CRB

14 *Jane Roe CL 122 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02138-CRB

15 *Jane Doe LS 580 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02460-CRB

16 *Jane Roe CL 130 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02742-CRB

17 *Jane Doe LS 584 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02806-CRB

18 *Jane Doe LS 589 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03216-CRB

DEFENDANTS' MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

| | |
|---|---|
| 1 | *Jane Doe LS 590 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03217-CRB |
| 2 | |
| 3 | *Jane Roe CL 139 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03255-CRB |
| 4 | *Jane Doe LS 592 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03266-CRB |
| 5 | |
| 6 | *Jane Doe LS 594 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03274-CRB |
| 7 | *T.G. v. Uber Technologies Inc., et al.,* No. 3:25-cv-03621-CRB |
| 8 | |
| 9 | *Jane Roe CL 125 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02233-CRB |
| 10 | *Jane Roe CL 128 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02497-CRB |
| 11 | |
| 12 | *L.L. v. Uber Technologies Inc., et al.,* No. 3:25-cv-03742-CRB |
| 13 | *Roe CL 148 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03812-CRB |
| 14 | |
| 15 | *Roe CL 147 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03811-CRB |
| 16 | *Jane Roe CL 151 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03816-CRB |
| 17 | |
| 18 | *Jane Doe CL 156 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03944-CRB |
| 19 | *Jane Roe CL 163 v. Uber Technologies Inc., et al.,* No. 3:25-cv-04386-CRB |
| 20 | |
| 21 | *T.S. v. Uber Technologies Inc., et al.,* No. 3:24-cv-00635-CRB |
| 22 | *C.B. v. Uber Technologies Inc., et al.,* No. 3:25-cv-01961-CRB |
| 23 | |
| 24 | *Jane Doe LS 597 v. Uber Technologies Inc., et al.,* No. 3:25-cv-04070-CRB |
| 25 | *Jane Roe CI 165 v. Uber Technologies Inc., et al.,* No. 3:25-cv-04589-CRB |
| 26 | |
| 27 | *T.T. v. Uber Technologies Inc., et al.,* No. 3:25-cv-04647-CRB |
| 28 | |

DEFENDANTS' MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

1 | *Jane Roe CL 17 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04915-CRB

*Jane Roe CL 38 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05729-CRB

*Jane Roe CL 67 v. Uber Technologies Inc., et al.,* No. 3:24-cv-06191-CRB

*L.G. v. Uber Technologies Inc., et al.,* No. 3:24-cv-09036-CRB

*Jane Roe CL 126 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02495-CRB

*Jane Roe CL 164 v. Uber Technologies Inc., et al.,* No. 3:25-cv-04587-CRB

*Jane Doe LS 608 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05312-CRB

*Jane Doe LS 609 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05328-CRB

*Jane Doe LS 610 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05374-CRB

*Jane Roe CL 178 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05537-CRB

*Jane Roe CL 179 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05538-CRB

*Jane Roe CL 182 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05628-CRB

*Jane Roe CL 181 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05633-CRB

*Jane Roe CL 183 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05733-CRB

*Jane Doe LS 615 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05887-CRB

*Jane Roe CL 186 v. Uber Technologies Inc., et al.,* No. 3:25-cv-06086-CRB

*Jane Doe NLG (M.E.) v. Uber Technologies Inc., et al.,* No. 3:25-cv-06480-CRB

*Jane Doe LS 37 v. Uber Technologies Inc., et al.,* No. 3:23-cv-04393-CRB

*WHB 1027 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04820-CRB

*WHB 928 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04825-CRB

*WHB 511 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04842-CRB

*WHB 1023 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04877-CRB

*WHB 1293 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04817-CRB

*WHB 1590 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04946-CRB

*WHB 689 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04965-CRB

*WHB 1497 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04891-CRB

*WHB 1619 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04961-CRB

*WHB 676 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05024-CRB

*WHB 666 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05127-CRB

*WHB 1272 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05366-CRB

*A.T. (2) v. Uber Technologies Inc., et al.,* No. 3:24-cv-05592-CRB

*WHB 1043 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05501-CRB

*WHB 1677 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05556-CRB

*WHB 935 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05776-CRB

*WHB 1544 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05622-CRB

*H.L. v. Uber Technologies Inc., et al.,* No. 3:24-cv-04526-CRB

| | |
|---|---|
| 1 | *WHB 1552 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05599-CRB |
| 2 | |
| 3 | *WHB 946 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05698-CRB |
| 4 | *WHB 1142 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05712-CRB |
| 5 | |
| 6 | *WHB 871 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05770-CRB |
| 7 | *WHB 991 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05959-CRB |
| 8 | |
| 9 | *Jane Roe CL 73 v. Uber Technologies Inc., et al.,* No. 3:24-cv-07030-CRB |
| 10 | *WHB 1999 v. Uber Technologies Inc., et al.,* No. 3:24-cv-07048-CRB |
| 11 | |
| 12 | *D.C. 2636 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09367-CRB |
| 13 | *Jane Doe NLG (H.K.) v. Uber Technologies Inc., et al.,* No. 3:24-cv-08614-CRB |
| 14 | |
| 15 | *C.B. v. Uber Technologies Inc., et al.,* No. 3:24-cv-09049-CRB |
| 16 | *I.A. (2) v. Uber Technologies Inc., et al.,* No. 3:25-cv-00822-CRB |
| 17 | |
| 18 | *L.F. (4) v. Uber Technologies Inc., et al.,* No. 3:25-cv-01005-CRB |
| 19 | *WHB 2061 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01095-CRB |
| 20 | |
| 21 | *WHB 2070 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01126-CRB |
| 22 | *WHB 2073 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01143-CRB |
| 23 | |
| 24 | *WHB 2077 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01150-CRB |
| 25 | *WHB 2039 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01202-CRB |
| 26 | |
| 27 | *WHB 2047 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01215-CRB |
| 28 | |

DEFENDANTS' MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

*WHB 2049 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01218-CRB

*Jane Doe NLG (IM) v. Uber Technologies Inc., et al.,* No. 3:25-cv-02771-CRB

*M.S. (5) v. Uber Technologies Inc., et al.,* No. 3:25-cv-01863-CRB

# NOTICE OF MOTION TO ENFORCE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on May 8, 2026 at 10:00 AM, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order dismissing without prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to prosecute their cases and have failed to comply with the Court's discovery orders.

This Motion is made pursuant to Pretrial Order No. 5 (ECF No. 4490); Amended Pretrial Order No. 10 (ECF 4287); Judge Breyer's Orders dated August 8, 2025 (ECF No. 3666); September 8, 2025 (ECF No. 3861 & 3862); September 16, 2025 (ECF No. 3921 & 3922); and October 23, 2025 (ECF No. 4220 & 4221), Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: March 12, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

The Plaintiffs at issue in this Motion all missed deadlines to comply with Pretrial Order 5 (ECF 4490) and/or Amended Pretrial Order 10 (ECF 4287) months ago. They all received multiple warnings about their non-compliance and its possible consequences and a final opportunity from this Court to cure. The deadline for that final opportunity to cure came and went months ago, and the Plaintiffs subject to this Motion still failed to comply. These litigants have apparently made the decision to withdraw from the litigation process entirely, refusing to participate or adhere to any of the Court's orders creating modest discovery requirements for Plaintiffs. As a result, these Plaintiffs' cases should now be dismissed as per this Court's Orders dated August 8, 2025 (ECF 3666); September 8, 2025 (ECF 3861 & 3862); September 16, 2025 (ECF 3921 & 3922); and October 23, 2025 (ECF 4220 & 4221) (collectively, the "Dismissal Orders"). Dismissal of these cases is a justified consequence of Plaintiffs' continued non-compliance.

Uber now requests that the Court enforce its Dismissal Orders and dismiss without prejudice those cases identified in the December 12, 2025, Declaration of Michael B. Shortnacy, ECF 4461, that are still pending and still have Plaintiffs non-compliant with this Court's orders as of the date of this filing.[1]

## BACKGROUND

Uber moved the Court to dismiss Plaintiffs' cases for failing to comply with Pre-trial Order ("PTO") 5 or PTO 10 on July 16, 2025, August 11, 2025, August 12, 2025, September 15, 2025, and September 26, 2025 (collectively, "Uber's Motions"). ECF 3493; ECF 3677; ECF 3682; ECF 3731; ECF 3912; ECF 4026; ECF 4027. After considering each of Uber's Motions, the Court ordered that the Plaintiffs subject to each motion comply with their PTO 5 or PTO 10 obligations within 14 days of the entry of the Court's Order. ECF 3666; ECF 3861; ECF 3862; ECF 3921; ECF 3922; ECF 4220; ECF 4221.

The Dismissal Orders each provided that "[e]ach Plaintiff subject to Defendants' Motion must provide a complete and verified Plaintiff Fact Sheet within 14 days of this Order," in the case of

---

[1] For this Court's convenience, Uber submits a proposed order with this Motion that revises the list of Plaintiffs to be dismissed to remove any who have subsequently complied with this Court's orders or been dismissed on other grounds.

Plaintiffs subject to PTO 10 Motions (*see* ECF 3666; ECF 3861; ECF 3921; ECF 3922; ECF 4220), and "[e]ach Plaintiff subject to Defendants' Motion must provide a bona fide receipt within 14 days of this Order," in the case of Plaintiffs subject to PTO 5 Motions (*see* ECF 3862; ECF 4221). As a result, the Plaintiffs subject to the Court's Dismissal Orders were required to submit their PFS and/or ride receipt by the following dates:

| Order on Uber's MTD that Plaintiff is Subject (ECF #) | Order Date | Uncured Deficiency/Delinquency | Final Deadline |
|---|---|---|---|
| 3666 | August 8, 2025 | PTO 10 (PFS) | August 22, 2025 |
| 3861 | September 8, 2025 | PTO 10 (PFS) | September 22, 2025 |
| 3862 | September 8, 2025 | PTO 5 (Ride Receipt) | September 22, 2025 |
| 3921 | September 16, 2025 | PTO 10 (PFS) | September 30, 2025 |
| 3922 | September 16, 2025 | PTO 10 (PFS) | September 30, 2025 |
| 4220 | October 23, 2025 | PTO 10 (PFS) | November 6, 2025 |
| 4221 | October 23, 2025 | PTO 5 (Ride Receipt) | November 6, 2025 |

If a complete and verified PFS and/or ride receipt was not provided by the final deadline, then the "Court will dismiss without prejudice the claims of any Plaintiff who does not comply with Paragraph 1 of this Order." ECF 3666; ECF 3861; ECF 3862; ECF 3921; ECF 3922; ECF 4220; ECF 4221.

The Orders also required Uber to "submit a declaration within 21 days of this Order, identifying which, if any, Plaintiffs have not complied with the Court's Order as of that date." *Id.* In addition, the Dismissal Orders also provided that if any Plaintiffs "disagree[] with their inclusion in Uber's declaration, they shall submit a declaration within 28 days of this order, identifying the date when such Plaintiffs" complied with their obligations under PTO 5 or PTO 10. *See, e.g.*, ECF 3666 at 6.

Uber filed declarations as contemplated by the process outlined in the Court's Dismissal Orders identifying the Plaintiffs who failed to comply with each Dismissal Order. ECF 743; ECF 3988; ECF 3991; ECF 4072; ECF 4042; ECF 4375; ECF 4376. On December 12, 2025, counsel for Uber submitted an additional declaration collecting and identifying for the Court's reference a list of Plaintiffs subject to the Court's Orders who had not complied with their PTO 5 or PTO 10 obligations, and are eligible for dismissal without prejudice. *See* ECF 4661; ECF 4661-1. As set forth in that declaration, each of the Plaintiffs listed in the accompanying Exhibit A: (i) have not complied with their Court-ordered obligations, (ii) were previously identified in Uber's prior declarations made pursuant to the Court's Orders on Uber's Motions for failing to comply with their PTO 5 or PTO 10 obligations, and (iii) were not previously the subject of any prior declaration by counsel for Plaintiffs made pursuant to the Court's Orders on Uber's Motions for failing to comply with their PTO 5 or PTO 10 obligations. ECF 4661 ¶ 8.

## ARGUMENT

### I. The Court Should Enforce Its Dismissal Orders

The Plaintiffs subject to this Motion had an abundant amount of time and opportunities to cure their non-compliance. In the seven Dismissal Orders entered between August and October of 2025, the Court issued final orders compelling these Plaintiffs to submit the overdue discovery within 14 days of the Court's order, and providing notice that the Court will dismiss without prejudice the case of any Plaintiff who fails to comply with the extended deadlines. Those deadlines, as set forth above, have come and gone, and Plaintiffs failed to submit a timely PFS and/or ride receipt. The principal facts are entirely undisputed: there are dozens of Plaintiffs who have ignored the Court's multiple orders, failed to provide required discovery, and are not engaged with this litigation.

Despite a clear final notice and deadline for providing Plaintiff Fact Sheets and/or ride receipts, Plaintiffs have failed to provide Court-ordered discovery and have prejudiced Uber in the process. Now, the Court should enforce its Dismissal Orders and take the same approach as other MDL courts and dismiss those Plaintiffs' claims. *E.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232–34 (9th Cir. 2006) (affirming dismissal for failure to submit required fact sheets); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*), 2007 WL

136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) (ordering dismissal for failure to submit required fact sheets); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865–66 (8th Cir. 2007) (affirming dismissal in cases where plaintiffs failed to submit timely fact sheets); *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019) (ordering dismissal); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2018 WL 1109553, at *2 (S.D.W. Va. Feb. 28, 2018) (same); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2015 WL 12844447, at *3 (D.S.C. June 19, 2015) (same); *In re Plavlix Mktg., Sales Pracs. & Prods. Liab. Litig.* (No. II), 2015 WL 12746199, at *2 (D.N.J. Sept. 1, 2015) (ordering dismissal for failure to submit plaintiff profile form); *In re Fosamax Prods. Liab. Litig.*, 2010 WL 2465497, at *1 (S.D.N.Y. June 15, 2010) (same); Pretrial Order No. 252: Granting Mot. to Dismiss for Failure to Submit PFS at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021), ECF No. 13858. This action is warranted given Plaintiffs' disregard of their discovery obligations.

## CONCLUSION

For the foregoing reasons, the Court should enforce its Dismissal Orders and dismiss without prejudice the cases identified in the proposed order accompanying this Motion.

Dated: March 12, 2026         SHOOK, HARDY & BACON L.L.P.

                              By: */s/ Michael B. Shortnacy*

                              MICHAEL B. SHORTNACY (SBN: 277035)
                              mshortnacy@shb.com
                              2121 Avenue of the Stars, Suite 1400
                              Los Angeles, CA 90067
                              Telephone: (424) 285-8330
                              Facsimile: (424) 204-9093

                              *Attorney for Defendants*
                              UBER TECHNOLOGIES, INC.,
                              RASIER, LLC, and RASIER-CA, LLC