ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO VACATE DISMISSAL WITHOUT PREJUDICE** |
| This Document Relates to:<br><br>*Jane Roe CL 105 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01349 | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

It should be undisputed that Plaintiffs and Plaintiffs' counsel in this MDL are obligated to timely respond to Court-ordered deadlines. Yet, Plaintiff Jane Roe CL 105 violated Court-ordered deadlines—not just by days but by months. She was rightly dismissed as part of the Court's February 10, 2026 Order. ECF 5216.

On July 30, 2025, in light of the fact that 90 Plaintiffs provided either no reason for failing to submit a ride receipt, or otherwise provided limited or boilerplate reasons, Uber moved for a case management order requiring Plaintiffs who had not provided a receipt to provide a detailed explanation, under penalty of perjury, of why they could not produce one. ECF 3604. On September 9, 2025, the Court entered Uber's proposed case management order, PTO 31, which applies to Plaintiffs who only submitted Ride Information Forms but are missing receipts. PTO 31 requires, among other things, the following:

> a. Where any Plaintiff who claims to have ordered the relevant ride themselves has not submitted a ride receipt and Uber, as indicated by its Defense Fact Sheet, has not been able to substantiate the ride alleged by that Plaintiff, Uber may serve written notice on each such Plaintiff requiring that the Plaintiff comply with the procedures set forth in this Order.
>
> b. Within 30 days of receiving Uber's written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt.
>
> ***
>
> c. A failure by a Plaintiff to provide the information required in [PTO 31] by the deadlines set forth above shall subject the Plaintiff to dismissal without prejudice.

ECF 3877.

On November 21, 2025, Uber moved to dismiss 181 plaintiffs who had not complied with PTO 31, including Plaintiff Jane Roe CL 105. ECF 4456. Plaintiff received proper PTO 31 notice by September 2025 and was well beyond her deadline to respond at the time of Uber's November 21 Motion. Plaintiff failed to request a meet and confer or respond despite being on notice of the lack of substantiation (identification of the alleged trip) via both the Defendant Fact Sheet Uber served on

August 14, 2025, and the delinquency notice. Neither Uber's motion to dismiss pursuant to PTO 31 or Plaintiff's deadline to oppose that motion spurred her to comply with this Court's order; by her own admission, it was only on the day Uber's reply was due, December 12, that Plaintiff finally made a submission. ECF 5305 at 2.

Plaintiff Jane Roe CL 105 cites no legal authority for her Motion and it should be denied for that reason alone. *California Pacific Bank v. FDIC,* 885 F.3d 560, 570 (9th Cir. 2018) (arguments waived where party fails to cite authority or makes only "perfunctory arguments"). And Plaintiff's failure to even identify what rule or court order she bases her Motion on makes it difficult for Uber to respond and this Court to resolve the issues presented. Tellingly, PTO 31 itself does not provide a mechanism for Plaintiffs to seek to vacate dismissals, ECF 3877, unlike Amended PTO 10, which provides a brief window for post-dismissal cure and motions to vacate, ECF 4287. This Court could construe the Motion as one under Federal Rule of Civil Procedure 59 or 60; in light of the timing of the motion (sixteen days after the dismissal without prejudice), it is probably best considered to be a Rule 59(e) motion for reconsideration. *See Johnson v. Fong,* No. 11-cv-2058, 2012 WL 161297, at *1 (N.D. Cal. Jan. 17, 2012)."[1] Such a motion "should not be granted, absent highly unusual circumstances." *Id.* Rather, it is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Drumm v. Morningstar, Inc*., 695 F. Supp. 2d 1014, 1017 (N.D. Cal. 2010) (citing *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Four grounds justify granting a Rule 59(e) motion: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Id.* (citing *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

None of the permissible grounds under Rule 59(e) justifies reconsideration of the dismissal of Plaintiff Jane Roe CL 105. Plaintiff does not allege that the Court based its judgment on errors of law

---

[1] Rule 59(e) allows a motion to reconsider a final order to be made "no later than 28 days after the entry of the judgment." A dismissal without prejudice entered as a sanction, as here, is a final order. *See Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007).

or fact. ECF 5305. Her belated PTO 31 form submission is not newly discovered evidence that was previously unavailable to her, but her own statement of information about her own litigation conduct that has long been within her own knowledge. Plaintiff has not identified any manifest injustice, which this Court has defined as an "error in the trial court that is direct, obvious and observable." *Rupert v. Bond,* No. 12-cv-5292, 2015 WL 78739, at *5 (N.D. Cal. Jan. 6, 2015). Nor has there been any intervening change in the law governing Rule 37 motions like the one that led to Plaintiff's dismissal without prejudice.

The bottom line is that Plaintiff Jane Roe CL 105 failed to timely meet her Court-ordered deadline under PTO 31. The Motion admits that Plaintiff did not submit a statement pursuant to PTO 31 until months after the October 13 deadline had passed. ECF 5305 at 2. She did not even submit such a statement before Uber's November 21 Motion to Dismiss was filed (over a month after the deadline)—a clear disregard for Court-ordered obligations. Instead, she submitted her belated statement on December 12— two months late.



The failure by Jane Roe CL 105 is even more striking because she received notice from Uber before PTO 31 was entered by the Court that Uber could not identify the alleged trip, via the Defendant Fact Sheet served on August 14, 2025. Plaintiff had the opportunity to provide additional information to facilitate such identification within the bounds of a less rigorous set of obligations than those imposed by PTO 31, yet she still failed to provide any such information or attempt to cooperate via a

simple meet and confer until well after Uber filed its November 21 Motion to Dismiss.

Because Jane Roe CL 105 disregarded her Court-ordered deadline, did not timely comply with her PTO 31 obligations, and offered no reason for her months-long delinquency, she cannot meet her burden of demonstrating why a motion to vacate should be granted. To rule otherwise would render this Court's Orders and the associated deadlines mere suggestions that the parties could ignore without consequences. That would be contrary to the spirit of the Court's directives and threaten the integrity of efficacy of this Court's standing orders.

Dated: March 12, 2026               SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC