ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO VACATE DISMISSAL WITHOUT PREJUDICE** |
| This Document Relates to: | |
| *WHB 1334 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05624 | |
| *WHB 2064 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01101 | |

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
DISMISSAL WITHOUT PREJUDICE
Case No. 3:23-MD-3084-CRB

1  *WHB 2053 v. Uber Technologies, Inc.,*
   *et al., No. 3:25-cv-01237*
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

It should be undisputed that Plaintiffs and Plaintiffs' counsel in this MDL are obligated to timely respond to Court-ordered deadlines. Yet, Plaintiffs WHB 1334, WHB 2064, and WHB 2053 each violated Court-ordered deadlines—not just by days but by months. They were rightly dismissed as part of the Court's February 10, 2026 Order. ECF 5216.

On July 30, 2025, in light of the fact that 90 Plaintiffs provided either no reason for failing to submit a ride receipt, or otherwise provided limited or boilerplate reasons, Uber moved for a case management order requiring Plaintiffs who had not provided a receipt to provide a detailed explanation, under penalty of perjury, of why they could not produce one. ECF 3604. On September 9, 2025, the Court entered Uber's proposed case management order, PTO 31, which applies to Plaintiffs who only submitted Ride Information Forms but are missing receipts. PTO 31 requires, among other things, the following:

> a. Where any Plaintiff who claims to have ordered the relevant ride themselves has not submitted a ride receipt and Uber, as indicated by its Defense Fact Sheet, has not been able to substantiate the ride alleged by that Plaintiff, Uber may serve written notice on each such Plaintiff requiring that the Plaintiff comply with the procedures set forth in this Order.
>
> b. Within 30 days of receiving Uber's written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt.
>
> \*\*\*
>
> c. A failure by a Plaintiff to provide the information required in [PTO 31] by the deadlines set forth above shall subject the Plaintiff to dismissal without prejudice.

ECF 3877.[1]

WHB 1334, WHB 2064, and WHB 2053 all received proper PTO 31 notice and failed to timely respond. On November 21, 2025, Uber moved to dismiss these Plaintiffs along with 178 other Plaintiffs who failed to comply with PTO 31. ECF 4456. But neither Uber's motion to dismiss pursuant

---

[1] For the 90 Plaintiffs subject to Uber's July 30, 2025 Motion, including WHB 2064 and WHB 2053, PTO 31 served as the written notice required by subparagraph (b.); no additional notice was required to trigger these Plaintiffs' PTO 31 obligations. ECF 3877.

to PTO 31 or Plaintiffs' deadline to oppose that motion spurred them to comply with this Court's order. Indeed, by their own admission, it was only four days after Uber's reply was due—December 16—that Plaintiffs finally made a submission. ECF 5440 at 2.

Plaintiffs cite no legal authority for their Motion and it should be denied for that reason alone. *California Pacific Bank v. FDIC,* 885 F.3d 560, 570 (9th Cir. 2018) (arguments waived where party fails to cite authority or makes only "perfunctory arguments"). And Plaintiffs' failure to even identify what rule or court order she bases her Motion on makes it difficult for Uber to respond and this Court to resolve the issues presented. Tellingly, PTO 31 itself does not provide a mechanism for Plaintiffs to seek to vacate dismissals, ECF 3877, unlike Amended PTO 10, which provides a brief window for post-dismissal cure and motions to vacate. ECF 4287. This Court could construe Plaintiffs' Motion as one under Federal Rule of Civil Procedure 59 or 60; in light of the timing of the motion (sixteen days after the dismissal without prejudice), it is probably best considered to be a Rule 59(e) motion for reconsideration. *See Johnson v. Fong,* No. 11-cv-2058, 2012 WL 161297, at *1 (N.D. Cal. Jan. 17, 2012)."[2] Such a motion "should not be granted, absent highly unusual circumstances." *Id.* Rather, it is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1017 (N.D. Cal. 2010) (citing *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Four grounds justify granting a Rule 59(e) motion: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Id.* (citing *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

None of the permissible grounds under Rule 59(e) justifies reconsideration of the dismissals of Plaintiffs WHB 1334, WHB 2064, and WHB 2053. Plaintiffs do not allege that the Court based its judgment on errors of law or fact. ECF 5440. Their belated PTO 31 form submissions are not newly

---

[2] Rule 59(e) allows a motion to reconsider a final order to be made "no later than 28 days after the entry of the judgment." A dismissal without prejudice entered as a sanction, as here, is a final order. *See Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007).

discovered evidence that was previously unavailable to them; rather, such statements consist of information about their own litigation conduct that has long been within their own knowledge. Plaintiffs have not identified any manifest injustice, which this Court has defined as an "error in the trial court that is direct, obvious and observable." *Rupert v. Bond,* No. 12-cv-5292, 2015 WL 78739, at *5 (N.D. Cal. Jan. 6, 2015). Nor has there been any intervening change in the law governing Rule 37 motions like the one that led to these Plaintiffs' dismissals without prejudice.

The bottom line is that Plaintiffs WHB 1334, WHB 2064, and WHB 2053 failed to timely meet their Court-ordered deadlines under PTO 31. Plaintiffs' Motion admits that each did not submit a statement pursuant to PTO 31 until months after their October 13 deadline had passed. ECF 5440 at 2. They did not even submit such a statement before Uber's November 21 Motion to Dismiss was filed (over a month after the deadline)—a clear disregard for Court-ordered obligations. Instead, they submitted their belated statements on December 16— two months late.



The failure by Plaintiffs WHB 1334, WHB 2064, and WHB 2053 is even more striking because they received notice from Uber months before PTO 31 was entered by the Court that Uber could not

identify their alleged trips, via the Defendant Fact Sheets served upon WHB 1334 on January 17, 2025, WHB 2064 on February 21, 2025, and WHB 2053 on March 7, 2025. Plaintiffs had the opportunity to provide additional information to facilitate Uber's identification within the bounds of a less rigorous set of obligations than those imposed by PTO 31, yet they failed to provide any such information or attempt to cooperate via a simple meet and confer until well after Uber filed its November 21 Motion to Dismiss.

Because Plaintiffs WHB 1334, WHB 2064, and WHB 2053 disregarded their Court-ordered deadlines, did not timely comply with their PTO 31 obligations, and offered no reason for their months-long delinquencies, they cannot meet their burden of demonstrating why a motion to vacate should be granted. To rule otherwise would render this Court's Orders and the associated deadlines mere suggestions that the parties could ignore without consequences. That would be contrary to the spirit of the Court's directives and threaten the integrity of efficacy of this Court's standing orders.

Dated: March 12, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC