# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO TAKE THE DEPOSITION OF MR. D.Y.**<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Date Filed: March 12, 2026<br>Trial Date: April 13, 2026 |

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| WHB 823<br><br>            Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>            Defendants. | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO TAKE THE DEPOSITION OF MR. D.Y.**<br><br>Judge:     Hon. Charles R. Breyer |

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
Caroline Power (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5100
alli.brown@kirkland.com
Telephone: (215) 268-5004
caroline.power@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

Defendants Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully move for leave to depose Mr. D.Y., an individual recently disclosed on Plaintiff's preliminary witness list. *See* ECF No. 5458. During the fact discovery period, Uber diligently took the depositions of six fact witnesses and two expert witnesses. Uber did not, however, depose Mr. D.Y., who Plaintiff identified in her written discovery responses as an individual with knowledge of the alleged incident and its impact on her. That is because aside from Plaintiff and her mother — both of whom Uber deposed — the remaining four deponents testified that they had no meaningful knowledge of the alleged incident and its impact on Plaintiff. Accordingly, Uber elected not to depose Mr. D.Y. prior to the close of fact discovery, a decision that was reasonable under the circumstances. But now that Plaintiff has disclosed Mr. D.Y. as an individual likely to testify at trial, good cause exists for a limited modification of the Scheduling Order to reopen fact discovery for the purpose of allowing Uber to depose him. Without that opportunity, Uber will be significantly prejudiced. Uber seeks only two hours of time on the record with Mr. D.Y. and is happy to do so remotely and at whatever date and time would be most convenient for the witness.

## I. BACKGROUND

On March 15, 2025, Uber served on Plaintiff its first set of interrogatories, which, in relevant part, asked Plaintiff to identify the names of any individuals she spoke to about the alleged incident and any damages she claims to have suffered as a result. *See* Uber's First Set Interrogatories to Plaintiff (Mar. 15, 2025), attached hereto as Ex. A. On May 16, 2025, Plaintiff objected to that interrogatory, but nonetheless identified eight such individuals: (1) J.R.; (2) A.W.; (3) N.Y.; (4) T.L.; (5) M.M.; (6) P.R.; (7) D.Y.; and (8) Dr. J.S. *See* Plaintiff's First Am. Responses and Objections to Uber's First Set of Interrogatories (May 16, 2025), attached hereto as Ex. B. Over the next fifteen months, Uber deposed Plaintiff (on two separate occasions) and five of those eight individuals: Mr. N.Y., Mr. T.L., Ms. A.W., Ms. M.M., and Dr. J.S. The only deponent to recall any meaningful conversation with Plaintiff about the alleged incident, however, was Ms. M. (Plaintiff's mother). The remaining witnesses had limited, if any, knowledge of the incident and its impact on Plaintiff.

In addition to those witnesses, Uber subsequently deposed two of Plaintiff's expert witnesses, Heleya Rad and Rajeev Kelkar, both of whom Plaintiff has elected not to call at trial.

## II.   LEGAL STANDARD

Courts are permitted to modify a Scheduling Order and reopen fact discovery if a party demonstrates "good cause." Fed. R. Civ. P. 16(b)(4). "What constitutes good cause . . . necessarily varies with the circumstances of each case." *Washington v. Essex*, No. 2:12-cv-03054-DAD-DB, 2022 WL 17417871, at *3 (E.D. Cal. Dec. 5, 2022) (quoting 6A Wright & Miller, Fed. Prac. & Proc. § 1522.2 (3d ed. 2018)). That said, the Ninth Circuit has instructed district courts to consider the following factors when undertaking such an analysis: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citations omitted). Of those factors, the "diligence of the party seeking the amendment" is the primary consideration. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (citations omitted).

## III.   ARGUMENT

Here, good cause exists for a limited modification of the Scheduling Order to reopen fact discovery for the purpose of allowing Uber to depose Mr. D.Y. As detailed above, Uber diligently took the depositions of six fact witnesses. But aside from Plaintiff and her mother, Ms. M., the four remaining deponents — Mr. N.Y., Mr. T.L., Ms. A.W., and Dr. J.S. — all testified that they had no meaningful knowledge of the alleged incident and its impact on Plaintiff.

Taking each in turn, Mr. N.Y., who was Plaintiff's boyfriend at the time of the incident, testified that he could not remember whether Plaintiff told him any specific details about the incident. *See* Dep. Tr. of N.Y. (July 17, 2025) at 26:16-26:19; 27:8-27:11, attached hereto as Ex. C. Nor did he remember ever discussing the incident with Plaintiff, Ms. M., or any other individuals. *Id.* at 26:16-26:19, 27:8-27:11, 44:5-44:11. He also had no information as to whether the alleged incident impacted Plaintiff. *Id.* at 45:9-45:13. Mr. T.L., who is Plaintiff's current boyfriend, repeatedly disclaimed any meaningful

knowledge of the underlying incident or the lawsuit. *See* Dep. Tr. of T.L. (July 31, 2025) at 10:1-10:11; 17:8-18:22; 27:21–28:13, attached hereto as Ex. D. When asked directly about what Plaintiff told him about the lawsuit, Mr. T.L. confirmed that all he knew was that it "involve[d] an alleged incident involving a ride"; he was not aware of any other specifics. *Id.* at 27:21–28:9. At another point during the deposition, he testified that his only understanding of Plaintiff's lawsuit was that it pertained to "some sort of . . . it was against the Uber driver for some sexual misconduct of some sort." *Id.* at 10:1-10:5. He could not recall when Plaintiff told him this information, nor could he provide any details about the alleged incident, the driver, or the timing of the events. *Id.* at 10:9-10:11; 17:8-18:22. Ms. A.W., Plaintiff's longtime and then-current best friend, similarly had no knowledge of the alleged incident. *See* Dep. Tr. of A.W. (July 23, 2025) at 9:2-9:14; 12:1-12:5, attached hereto as Ex. E. She testified that she only became aware of the alleged incident when Plaintiff contacted her in 2025 asking if she could be listed as a witness in this lawsuit. *Id.* at 9:2-9:14. Before then, she explained that Plaintiff never told her about any incident involving Uber, or any incident involving "unwanted sexual touching" more generally. *Id.* at 9:2-9:14; 12:1-12:5. And finally, Dr. J.S., who served as Plaintiff's psychiatrist from January 2023 to March 2024 while Plaintiff was incarcerated at the North Carolina Correctional Institution for Women, testified that Plaintiff never mentioned anything concerning "a trauma from a rideshare incident" during their sessions. *See* Dep. Tr. of Dr. J.S. (August 29, 2025) at 32:7-32:14; 33:18-34:4, attached hereto as Ex. F.

Furthermore, Plaintiff's deposition testimony about Mr. D.Y. indicated that she was not as personally close to Mr. D.Y. as she was to those witnesses who disclaimed knowledge of the incident. Plaintiff described him as "a family friend" and her "dad's work friend," rather than her own friend. Dep. Tr. of Plaintiff (July 10, 2025) at 45:25-46:14, attached hereto as Ex. G. At the time of her deposition, Plaintiff testified that she did not see Mr. D.Y. regularly, and that their primary interaction was him sending "videos and stuff, like random videos," via social media, "because he's alone and – I don't know. He doesn't really have any friends." *Id.* at 165:7-165:11, 165:23-166:5. In contrast, Plaintiff described

Ms. A.W. as her "best friend" who she saw "all the time . . . like at least twice a week," *id.* at 44:12-44:17, and Mr. N.Y. as her then live-in boyfriend whom she had been with for over six months, *id.* at 25:4-25:18.

Against that backdrop, it was reasonable for Uber to assume that deposing Mr. D.Y. during fact discovery would not be productive. But now that Plaintiff has disclosed Mr. D.Y. on her preliminary witness list for trial, that calculus has changed such that Uber would be significantly prejudiced without the opportunity to depose him. In taking the depositions of six fact witnesses and two expert witnesses, it is clear that Uber acted diligently throughout discovery. Further, trial is not scheduled to start for another month, which provides ample time for the parties to find a mutually agreeable time to depose him. Finally, Uber is not seeking a full day of in-person testimony with Mr. D.Y. Uber requests only two hours on the record, conducted virtually, and at whatever date and time is most convenient for the witness.

## IV.     CONCLUSION

For the foregoing reasons, Uber respectfully urges the Court to grant its Administrative Motion and allow Uber leave to depose Mr. D.Y. in advance of trial.

| | |
|---|---|
| Dated: March 12, 2026 | Respectfully submitted,<br><br>*/s/ Laura Vartain Horn*<br>Laura Vartain Horn (SBN 258485)<br>**KIRKLAND & ELLIS LLP**<br>555 California Street, Suite 2700<br>San Francisco, CA 94104<br>Telephone: (415) 439-1625<br>laura.vartain@kirkland.com<br><br>Allison M. Brown (Admitted *Pro Hac Vice*)<br>Caroline Power (Admitted *Pro Hac Vice*)<br>**KIRKLAND & ELLIS LLP**<br>2005 Market Street, Suite 1000<br>Philadelphia, PA 19103<br>Telephone: (215) 268-5000<br>alli.brown@kirkland.com<br>Telephone: (215) 268-5004<br>caroline.power@kirkland.com<br><br>Jessica Davidson (Admitted *Pro Hac Vice*)<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>jessica.davidson@kirkland.com<br><br>*Attorneys for Defendants*<br>UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn