# EXHIBIT A

ROBERT ATKINS (*Admitted Pro Hac Vice*)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Admitted Pro Hac Vice*)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Admitted Pro Hac Vice*)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

KYLE SMITH (*Admitted Pro Hac Vice*)
  ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Admitted Pro Hac Vice*)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
2001 "K" Street, NW
Washington, DC 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER LLC, and
RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 832* v. *Uber Technologies, Inc., et al.*, 3:24-cv-04900 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES TO PLAINTIFF WHB 832, SET ONE** |

**PROPOUNDING PARTY**:  UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

**RESPONDING PARTY**:  WHB 832

**SET NO.**:  ONE (1)

## <u>INSTRUCTIONS</u>

1.  The instructions set forth in Federal Rules of Civil Procedure 26 and 33 are incorporated herein by reference.

2.  No Interrogatory shall be read as limiting to any other Interrogatory.

3.  Each Interrogatory shall be answered in good faith and as completely as Your information will permit.  Your answers shall be based upon Your entire knowledge from all sources, including all information in Your possession, custody, or control. You may not give lack of information or knowledge as an answer or as a reason for failure to answer unless You state that You have made a reasonable inquiry and that information known or readily obtainable by You is insufficient to enable You to answer the substance of the Interrogatory.

4.  These Interrogatories seek all information (including information contained in or on Documents or any tangible thing or material) that is known or available to You, including all information in the possession of Your employees, agents, representatives, accountants, attorneys, investigators, and consultants.

5.  These Interrogatories should be construed as broadly as possible with all doubts resolved in favor of providing full and complete responses to the Interrogatories.  The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatories inclusive rather than exclusive. Except as specifically provided in these Interrogatories, words imparting the singular shall include the plural and vice versa, where appropriate, and words imparting the present tense shall also include the past and future tense and vice versa, where appropriate.

6. Unless otherwise specified, the time period covered by these requests is January 1, 2016 through the present.

7. If You cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and provide the following information: (a) the portion of the Interrogatory that cannot be responded to fully and completely; (b) the efforts that were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and (c) the knowledge, information, or belief You have concerning the unanswered portion of the Interrogatory.

8. If a claim of privilege is asserted with respect to any information requested herein, information shall be identified on a privilege log that provides all of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure subject to any agreement by the parties in this litigation regarding claims of privilege and privilege logs.  Provide all information falling within the scope of the Interrogatory which is not privileged.

9. In the event You contend that any of these Interrogatories is objectionable, in whole or in part, state with particularity each such objection and the bases therefor, and respond to the remainder of the Interrogatory to the extent You are not objecting to it.

10. If, in responding to any request, any ambiguities in the request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding to the request.

11. The requests are continuing and may require, pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, supplemental responses if, at any time after responding to these Interrogatories, You discover additional information that will make Your responses to these Interrogatories more complete or correct.  Such supplemental responses are to be promptly produced.  This continuing obligation to amend responses includes additional information created during the course of this litigation.

12. These Instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these Interrogatories or as an admission at trial of the relevance or materiality of any of the matters covered by these Interrogatories.

13. Uber reserves its rights to modify or supplement any request in this First Set of Interrogatories.

## **DEFINITIONS**

1. "ACTIVITY" OR "ACTIVITIES" shall mean ALL actions Plaintiff engaged in during the specified time period, INCLUDING, but not limited to: (1) the address of ALL locations, AND, if applicable, the name of ANY commercial establishment OR the name AND CONTACT INFORMATION of ANY PERSONS residing at the location, at which the Plaintiff was physically present, the names AND CONTACT INFORMATION of ALL PERSONS with whom Plaintiff was accompanied by at ANY such locations, AND a detailed description of what the Plaintiff did at those locations; (2) ALL PERSONS with whom Plaintiff communicated, the CONTACT INFORMATION of ALL PERSONS with whom Plaintiff communicated, AND a detailed description of the substance of those COMMUNICATIONS.

2. "ALL" AND "ANY" both INCLUDE "each" AND "every."

3. "COMMUNICATION(S)" is used in its broadest sense to encompass ANY transmission or exchange of information, ideas, facts, data, proposals, OR ANY other matter, whether between individuals OR between OR among members of a group, whether face-to-face, by telephone, letter, e-mail, message, telegram, OR ANY other means of written, electronic, OR other medium.

4. "COMPLAINT" shall refer to the Master Long Form Complaint, filed on February 15, 2024, in the Northern District of California, San Francisco Division, Case No. 3:23-md-03084-CRB, AND ANY individual COMPLAINT, original OR amended, that YOU have filed in ANY legal proceeding RELATED TO the ALLEGED INCIDENT, INCLUDING ANY short form COMPLAINT.

5.    "CONTACT INFORMATION" shall mean the name, address, telephone number(s), email address(es), AND ANY information RELATED TO ANY other means by which YOU may communicate with the PERSON for whom the CONTACT INFORMATION is being requested, INCLUDING social media profiles AND online usernames OR aliases.

6.    "DAMAGES" shall mean ANY financial, mental, OR physical harm that YOU allege resulted from the INCIDENT AND for which YOU allege UBER is responsible, as well as ANY financial compensation YOU seek as a result of those harms.

7.    When used in conjunction with PERSONS, "IDENTIFY" shall mean to provide the full name, address, telephone number(s) AND email addresses of the PERSONS.

8.    "INCIDENT" OR "ALLEGED INCIDENT" shall mean the circumstances AND events surrounding the accident, INJURY, OR other occurrence described in the COMPLAINT, SHORT FORM COMPLAINT, AND PLAINTIFF FACT SHEET.

9.    "INCLUDE" AND "INCLUDING" shall mean INCLUDING, but not limited to.

10.    "INJURY" OR "INJURIES" means ANY INJURY, harm, OR DAMAGES, INCLUDING but not limited to general DAMAGES, economic DAMAGES, pain AND suffering, emotional OR mental DAMAGES, AND physical DAMAGES.

11.    "MEDICAL PRACTITIONER" shall INCLUDE ANY medical doctor, nurse, emergency medical technician, physician, podiatrist, doctor of chiropractic medicine, physical therapist, psychologist, psychiatrist, mental health counselor, therapist, OR other PERSON who performs ANY form of healing art.

12.    "MEDICAL EXPENSES" shall mean ANY expenses owed to a MEDICAL PRACTITIONER OR other healthcare facility OR treatment center, whether owed by the Plaintiff personally OR owed by ANY other PERSON on the Plaintiff's behalf, INCLUDING a health insurance provider.

13.    "OR" AND "AND" shall INCLUDE AND/OR.

14.    PERSON" OR "PERSONS" shall INCLUDE ANY natural person, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

15.    "PLAINTIFF FACT SHEET" shall mean ANY fact sheet YOU completed AND provided to UBER in Case No. 3:23-md-03084-CRB AND ANY addition OR supplement to ANY such fact sheet.

16.    "RELATING TO," "RELATED TO," OR "CONCERNING" means, by way of example AND without limitation: demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these requests.

17.    "UBER" shall refer to Uber Technologies, Inc., Rasier, LLC, AND Rasier-CA, LLC, collectively, AND their employees, agents, assigns, directors officers, AND subsidiaries.

18.    "YOU" AND "YOUR" shall refer to the Plaintiff named in the above case caption, AND her agents, employees, insurance companies, attorneys, accountants, investigators, guardians, AND anyone else acting on her behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State whether YOU have ever been a party in another legal action, criminal OR civil, AND, if so, state the name of the lawsuit, the county of venue, the docket number, the claims OR charges, whether the case is closed OR still pending, the resolution of the case if it is closed, AND the name AND address of the attorney who represented YOU, if ANY.

**INTERROGATORY NO. 2:**

Provide a summary of each COMMUNICATION YOU have had CONCERNING the ALLEGED INCIDENT OR CONCERNING ANY DAMAGES YOU claim YOU suffered as a result of the ALLEGED INCIDENT, INCLUDING (a) the date of each COMMUNICATION, (b) whether the COMMUNICATION occurred orally OR in writing, (c) the medium through which each COMMUNICATION occurred if it occurred in writing, (d) the parties to each COMMUNICATION, AND (e) the content of each COMMUNICATION.

**INTERROGATORY NO. 3:**

Identify ANY INJURIES YOU sustained because of the ALLEGED INCIDENT AND ANY DAMAGES to which YOU claim OR expect to claim that YOU are entitled as a result of

1  the ALLEGED INCIDENT.

2  **INTERROGATORY NO. 4:**

3      For each INJURY identified in response to Interrogatory No. 3, identify every symptom,

4  condition, OR manifestation that YOU believe YOU have experienced as a result of that INJURY

5  AND when YOU first experienced each symptom, condition, OR manifestation, INCLUDING

6  whether YOU ever experienced that symptom, condition, OR manifestation before the ALLEGED

7  INCIDENT.

8  **INTERROGATORY NO. 5:**

9      If ANY MEDICAL PRACTITIONER has advised YOU that YOU may require future OR

10  additional treatment for ANY INJURIES that YOU attribute to the ALLEGED INCIDENT, state,

11  for each INJURY:

12      a.  The name, address, AND phone number of the MEDICAL PRACTITIONER who

13          advised YOU;

14      b.  The illness, condition, OR INJURY for which future treatment was discussed; AND

15      c.  The nature, duration, AND estimated cost of the discussed future treatment.

16  **INTERROGATORY NO. 6:**

17      IDENTIFY ANY MEDICAL PRACTITIONER who has diagnosed, examined, AND/OR

18  provided YOU with ANY psychological, psychiatric, OR other mental health treatment, at ANY

19  time prior to AND/OR following the ALLEGED INCIDENT INCLUDING (a) ANY such

20  MEDICAL PRACTITIONER'S full name, address, AND telephone number; (b) the date(s) when

21  YOU were diagnosed, examined, AND/OR treated; AND (c) the INJURY, condition, illness, etc.

22  for which YOU were diagnosed, examined, AND/OR treated.

23  **INTERROGATORY NO. 7:**

24      Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life,

25  INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks,

26  hobbies, OR responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

27  **INTERROGATORY NO. 8:**

28      Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering,

-7-

YOU claim to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as a result of the ALLEGED INCIDENT

**INTERROGATORY NO. 9:**

Describe each ACTIVITY YOU took part in within the 24 hours before AND after the ALLEGED INCIDENT, INCLUDING ALL PERSONS who YOU were with OR communicated with in the 24 hours before AND after the ALLEGED INCIDENT AND their CONTACT INFORMATION.

**INTERROGATORY NO. 10:**

Within 24 hours before the ALLEGED INCIDENT did YOU OR any PERSON involved in the ALLEGED INCIDENT use OR take any of the following substances: alcoholic beverage, marijuana, or ANY other drug or medication (prescription or not)? If so, for each PERSON, state:

    a.  The name, address, AND telephone number;

    b.  The nature OR description of each substance;

    c.  The quantity of each substance used OR taken;

    d.  The date AND time of day when each substance was used OR taken;

    e.  The address where each substance was used OR taken;

    f.  The name, address, AND telephone number of each PERSON who was present when each substance was used OR taken; AND

    g.  The name, address, AND telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance AND the condition for which it was prescribed OR furnished.

**INTERROGATORY NO. 11:**

Identify ANY instance of sexual misconduct, sexual harassment, AND/OR sexual assault YOU experienced at ANY time prior to OR at ANY time following the ALLEGED INCIDENT YOU allege in YOUR PLAINTIFF FACT SHEET AND/OR COMPLAINT INCLUDING the date(s) of each such event AND a summary of each such event AND ANY INJURY that YOU

1  suffered as a result of each such event, INCLUDING ANY financial, mental, OR physical harm

2  that YOU suffered as a result of each such event.

3  **INTERROGATORY NO. 12:**

4      Identify ALL social media AND social networking accounts, INCLUDING but not limited

5  to Facebook, Instagram, X (formerly known as Twitter), MySpace, SnapChat, BeReal, TikTok,

6  Threads, Bluesky, Mastodon, LinkedIn, YouTube, Twitch, Reddit, Tumblr, Pinterest,

7  SoundCloud, MixCloud, Blogger, Yelp, Quora, AND Nextdoor, that YOU have set up OR used

8  from 5 years prior to the ALLEGED INCIDENT to the present, INCLUDING as applicable, the

9  username, account name, alias, AND/OR social media handle associated with each account.

10  DATED:  March 15, 2025
              **PAUL, WEISS, RIFKIND, WHARTON &**
              **GARRISON LLP**

11

12                By:  */s/ Jessica E. Phillips*
                    JESSICA E. PHILLIPS

13                      RANDALL S. LUSKEY
                    ROBERT ATKINS

14

15                *Attorneys for Defendants*
              UBER TECHNOLOGIES, INC., RASIER,

16                LLC, and RASIER-CA, LLC

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' INTERROGATORIES, SET ONE
Case No. 3:23-md-03084-CRB

**PROOF OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the District of Columbia.  My business address is Paul, Weiss, Rifkind, Wharton & Garrison LLP, 2001 "K" Street, NW, Washington, DC 20006.

On the date set forth below, I caused the following document(s):

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES TO PLAINTIFF WHB 832, SET ONE**

to be served by providing a true copy thereof addressed to each of the persons named below:

| | |
|---|---|
| Walt Cubberly, Esq. | *Attorneys for Plaintiff* |
| Brian Abramson, Esq. | |
| Margret Lecocke, Esq. | Telephone: (713) 230-2200 |
| John Eddie Williams, Jr., Esq. | Facsimile: (713) 643-6226 |
| Batami Baskin, Esq. | Email: wcubberly@whlaw.com |
| Myles Shaw, Esq. | babramson@whlaw.com |
| WILLIAMS HART & | mlecocke@whlaw.com |
| BOUNDAS, LLP | jwilliams@whlaw.com |
| 8441 Gulf Freeway, Suite 600 | bbaskin@whlaw.com |
| Houston, Texas 77017 | mshaw@whlaw.com |

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION**: I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 15, 2025 in Arlington, Virginia.

*/s/ Jessica E. Phillips*
Jessica E. Phillips