[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MR. RICHARDSON'S ONE-STAR REVIEWS** |
| This Document Relates to: | |
| *WHB 832 v. Uber Techs., Inc.,* N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | Judge:   Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |
| | Judge:   Mag. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| WHB 832, | CASE NO. 3:25-cv-00737 |
| Plaintiff, | Judge:   Hon. Charles R. Breyer |
| v. | Courtroom:   501 |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**NOTICE OF MOTION AND MOTION TO EXCLUDE**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") by and through their undersigned counsel, will and hereby do move the Court for an order excluding evidence, questioning, or argument related to Mr. Richardson's one-star reviews.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: March 13, 2026                                KIRKLAND & ELLIS LLP


                                                     By: /s/ Laura Vartain Horn
                                                     *Counsel for Uber*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Pursuant to the Court's February 17, 2026 Order Granting Joint Proposed Pretrial Schedule, Dkt. 5249, Uber is relying on its motions in limine filed in the *Dean* case for the *Mensing* trial. Uber is submitting only one additional MIL, which addresses an issue specific to *Mensing* and is therefore not covered by its prior motions: a request to exclude evidence of Mr. Richardson's one-star reviews.

At the time of the ride underlying this lawsuit, Mr. Richardson's average rating over his previous 500 rides was 4.94 stars out of 5. Nonetheless, during 30(b)(6) deposition questioning in this case, Plaintiff's counsel focused on the fact that Mr. Richardson had been given a one-star rating in six of his 1,058 completed rides, falsely insinuating that those poor ratings reflected sexual assaults or misconduct. Any questioning about these one-star ratings would be improper under multiple Rules of Evidence. First, there is nothing tying these outlier ratings to alleged sexual assault or misconduct other than Plaintiff's counsel's own speculation, rendering them irrelevant under Rule 401. And the evidence is all the more irrelevant given Plaintiff's narrowed vicarious-liability claim, which disavows any liability based on Uber's alleged conduct.

Second, any questioning on this topic would also violate Rule 404 because it would unfairly (and falsely) suggest that Mr. Richardson had a propensity to engage in bad conduct.

And third, any marginal probative value would be vastly outweighed by the danger of unfair prejudice and confusion, requiring exclusion under Rule 403.

For each of these reasons, discussed in greater detail below, the Court should bar any questioning or argument related to Mr. Richardson's one-star ratings.

**II.    BACKGROUND**

At the time of the subject ride, Plaintiff's driver, Mr. Richardson, had completed 1,058 rides. *See* 8/26/25 Dep. of Greg Brown 503:25-504:8 (Ex. 1). Mr. Richardson's average rating over his last 500 rides was 4.94 stars out of 5. *See id.* 504:13-15. He was given a one-star rating in just six of his 1,058 completed rides—about one-half of one percent of all of the rides he had completed. *See id.* 322:7-323:9. Of Mr. Richardson's six one-star ratings, three were tagged: one with a "professionalism" tag, and two with

"other." *See id.* 328:2-8, 329:1-10, 335:7-10. Apart from these tags, there is no evidence why Mr. Richardson was given a one-star rating in any of these six rides.

Nonetheless, during a 30(b)(6) deposition, Plaintiff's counsel insinuated through her questioning that some or all of these one-star ratings reflected sexual assault or misconduct. For example, she questioned the deponent about a 2017 Uber document stating that sexual assaults were three times more likely to be committed by a driver with a rate of one-star ratings that is greater than the mean. *See id.* 325:5-12. After establishing that there has never been a rating tag for sexual assault or sexual misconduct, Plaintiff's counsel asked the deponent whether the "other" tag could encompass sexual assault or sexual misconduct. *See id.* 326:14-20, 328:6-13, 335:7-22. Plaintiff's counsel also referenced a presentation that, in her view, suggested that the "professionalism," "comfort," and "conversation" tags are "more likely to" to be associated with future reports of sexual assault or sexual misconduct than other tags. In truth, the chart at issue reflected that the probability of a driver receiving a sexual-assault or sexual-misconduct report within 30 trips after receiving a one-to-four-star rating and a "professionalism," "comfort," or "conversation" tag ***is less than 0.20%***. *See id.* 329:7-332:19; Greg Brown Dep. Ex. 1932 at UBER_JCCP_MDL_000455121 (Ex. 2).

### III.   ARGUMENT

This Court should preclude any evidence or argument related to Mr. Richardson's one-star reviews under Rules 401, 404, and 403.

***First***, Mr. Richardson's one-star reviews are not probative of the issues in this lawsuit. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Mr. Richardson's reviews cannot make Plaintiff's sexual assault allegations more or less probable because no one knows why Mr. Richardson was given a one-star rating in ***any*** of these six rides. Drivers can receive one-star ratings for any number of reasons. A driver might take a bad route. The car may smell badly. Or he may be on the receiving end of a rider in a bad mood, or one who is attempting to defraud Uber into providing an unwarranted refund. Here, the only evidence related to Mr. Richardson's one-star ratings is that one was tagged with a "professionalism" tag, two were tagged "other," and the remaining three

received no tag at all. Although Plaintiff's counsel attempted to suggest during deposition questioning that the "professionalism" and "other" tags *might* reflect alleged sexual assault or misconduct, that is pure speculation. Because Plaintiff lacks any foundation for this highly charged insinuation, the Court should not permit Plaintiff to present it to the jury. *See Trs. of Colum. Univ. v. Gen Digit. Inc.*, No. 3:13cv808, 2023 U.S. Dist. LEXIS 226212, at *19-20 (E.D. Va. Sept. 30, 2023) ("[T]he Court properly struck demonstrative exhibits and the related line of questioning because they presented inadmissible and irrelevant evidence without foundation and were based on a speculative guess from a lay witness . . . ."); *see also Webb v. Daymark Recovery Servs., Inc.*, No. 1:21cv424, 2023 U.S. Dist. LEXIS 75835, at *18 n.2 (M.D.N.C. May 2, 2023) (excluding evidence as "speculative, and lack[ing] foundation").

The one-star ratings are all the more irrelevant given Plaintiff's narrowed theory of her case. If Plaintiff's counsel meant to suggest that the ratings somehow gave Uber notice of a risk of sexual assault, any such suggestion is utterly irrelevant to Plaintiff's narrowed vicarious-liability claim, which disavows any liability based on Uber's own conduct. *See* Dkt. 5264 at 2.

**Second**, any evidence, argument, or reference to Mr. Richardson's one-star reviews is barred by Fed. R. Evid. 404(b)(1) because it would unfairly (and falsely) suggest that Mr. Richardson had a propensity to engage in bad conduct. *See Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 53 (4th Cir. 1993) (evidence of prior speeding tickets had no purpose other than to suggest that party had a trait, "that he tended to speed, and to suggest that because he speeded on prior occasions, he was speeding at the time of the accident," which is "specifically prohibited by Rule 404"); *see also In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 785 (5th Cir. 2018) (counsel "tainted [the trial] by inviting the jury to infer guilt based on no more than prior bad acts").

**Third**, any marginal probative value would be vastly outweighed by the danger of "unfair prejudice, confusing the issues, [and] misleading the jury[.]" Fed. R. Evid. 403. The only conceivable purpose for admitting this evidence would be to paint Mr. Richardson as a bad actor and to invite the jury to find Uber liable simply because the driver has been alleged to have engaged in other purported misconduct. That would be particularly unfair to Uber because, as discussed above, drivers can receive one-star ratings for any number of reasons. Moreover, any questioning by Plaintiff on this topic would

result in time-intensive and confusing "mini-trials" on those other rides involving riders who are not parties to this case and whose subjective reviews of Mr. Richardson are collateral to this case. *Holley v. N.C. Dep't of Admin.*, 846 F. Supp. 2d 416, 434 (E.D.N.C. 2012) (prior unrelated alleged incidents of race discrimination "are likely to confuse or mislead jurors as to the only race discrimination claim in this case" and also "will waste time and result in a multitude of mini-trials concerning the validity of each promotion that [witness] opines that he did not receive due to his race"); *see also Ernst v. HB Aspen, Inc.*, No. CV 07-1070 CBM (CWx), 2008 WL 11338185, at *2 (C.D. Cal. Mar. 24, 2008) (excluding co-worker complaints against plaintiff as "both irrelevant and unduly prejudicial," especially where defendant did not rely on complaints to terminate plaintiff's employment). It would also confuse jurors given the narrowed nature of Plaintiff's claims, by suggesting that Uber's conduct *is* at issue in this now-narrowed case, when it is not.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Uber's Motion and exclude any evidence or argument regarding Mr. Richardson's one-star reviews.

DATED: March 13, 2026                                   Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022

1
2      Telephone: (212) 446-4800
       jessica.davidson@kirkland.com
3
       *Attorneys for Defendants*
4      UBER TECHNOLOGIES, INC.,
       RASIER, LLC, And RASIER-CA, LLC
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                           7
MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF MR. RICHARDSON'S ONE-STAR REVIEWS
                                              Case No. 3.23-md-03084-CRB (LJC)