| | |
|---|---|
| 1 | Laura Vartain Horn (SBN 258485) |
| | **KIRKLAND & ELLIS LLP** |
| 2 | 555 California Street, Suite 2700 |
| | San Francisco, CA 94104 |
| 3 | Telephone: (415ll) 439-1625 |
| | laura.vartain@kirkland.com |
| 4 | |
| | Allison M. Brown (Admitted *Pro Hac Vice*) |
| 5 | **KIRKLAND & ELLIS LLP** |
| | 2005 Market Street, Suite 1000 |
| 6 | Philadelphia, PA 19103 |
| | Telephone: (215) 268-5000 |
| 7 | alli.brown@kirkland.com |
| 8 | Christopher V. Cotton (Admitted *Pro Hac Vice*) |
| | **SHOOK, HARDY & BACON L.L.P.** |
| 9 | 2555 Grand Boulevard |
| | Kansas City, MO 64108 |
| 10 | Telephone: (816) 474-6550 |
| | ccotton@shb.com |
| 11 | |
| | *Attorneys for Defendants* |
| 12 | UBER TECHNOLOGIES, INC., RASIER, LLC, |
| | and RASIER-CA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR FINDINGS OF CONTEMPT & TO ENFORCE PRIOR COURT ORDERS** |
| This Document Relates to: | |
| *J.H. v. Uber Technologies., Inc., et al.*, No. 3:25-cv-05342-CRB | Date:       May 8, 2026 <br> Time:       10:00 a.m. <br> Courtroom:  6 – 17th Floor |
| *R.L. v. Uber Technologies, Inc., et al*, No. 3:25-cv-05515-CRB | |
| *A.E. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-07668-CRB | |
| *Jane Doe LS 333 v. Uber Technologies, Inc. Et al.*, No. 3:23-cv-05930-CRB | |
| *Jane Doe LS 397 v. Uber Technologies, Inc. Et al.*, No. 3:24-cv-05864-CRB | |

# NOTICE OF MOTION FOR FINDINGS OF CONTEMPT & TO ENFORCE PRIOR COURT ORDERS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 8, 2026, at 10:00 a.m. Pacific, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order (1) finding Plaintiffs J.H., R.L., A.E., Jane Doe LS 333, and Jane Doe LS 397 in civil contempt of court and (2) enforcing prior Court orders, including by imposing daily monetary sanctions as necessary to achieve compliance. Such sanctions may be avoided through Plaintiffs' compliance with the Court's previous orders.

This Motion is made pursuant to this Court's February 10 Orders (ECF 5217, ECF 5218) and Rules 16(f)(1)(C) & 37(b)(2)(A) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Christopher V. Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

DATED: March 13, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ Christopher V. Cotton

CHRISTOPHER V. COTTON
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order (1) finding Plaintiffs J.H., R.L., A.E., Jane Doe LS 333, and Jane Doe LS 397 in civil contempt of court and (2) enforcing prior Court orders, including by imposing daily monetary sanctions as necessary to achieve compliance. Such sanctions may be avoided through Plaintiffs' compliance with the Court's previous orders.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. The Court's February 10 Orders.**

On February 10, 2026, this Court entered two orders at issue in this Motion. ECF 5217; ECF 5218. The first order required Plaintiffs Jane Doe LS 333 and Jane Doe LS 397 to produce documents related to the fraudulent receipts the Court had previously found they submitted within ten court days or, if either took the position no responsive documents exist, "provide a sworn declaration within five court days explaining why the documents . . . are allegedly not available for production." ECF 5217. It warned that "[i]f either Plaintiff neither produces all responsive documents nor provides the declaration described herein, such Plaintiff(s) will be found in contempt of Court." *Id.* Plaintiffs Jane Doe LS 333 and 397 were also ordered to appear for a deposition "for up to three hours, no later than 30 days after entry of this Court's order." *Id.* The second order directed Plaintiffs J.H., R.L., and A.E. to sit for depositions within 30 days of the Order. ECF 5218. The Court warned that "[i]f any Plaintiff fails to appear for deposition, such Plaintiff(s) will be found in contempt of Court." *Id.*

The two February 10 orders were the result of a long history of misconduct by the Plaintiffs at issue in this Motion that Uber will not repeat at length here.[1] In short, each of these Plaintiffs had violated prior orders by the Court to sit for depositions and/or produce documents. ECF 5217; ECF 5218. The Court had also found that Plaintiffs Jane Doe LS 333, Jane Doe LS 397, R.L., and A.E. had produced non-bona fide receipts in support of their claims. ECF 3876; ECF 4440. The fifth Plaintiff, J.H., had provided a receipt that appeared to have been used as the basis for another Plaintiff's fraudulent receipt. ECF 4440.

Since Uber presented evidence that these Plaintiffs were involved in fraud, each of them has become largely non-responsive even to their own counsel. On December 5, Plaintiff R.L.'s counsel

---

[1] *See* ECF 3604, ECF 3784, ECF 4206, ECF 4569, and ECF 4575.

informed the Court that she had "failed to respond to counsel's contact attempts." ECF 4571. A.E. failed to comply with Amended PTO 10 and the Court dismissed her case without prejudice on January 12. ECF 4979. Plaintiff J.H. purported to file a notice of voluntary dismissal without prejudice on December 15, ECF 4666, though Uber pointed out it was procedurally improper and should not be permitted until J.H. had completed the deposition at issue here, ECF 4746. The Court dismissed Jane Doe LS 333 and 397's cases with prejudice at the same time it ordered them to sit for depositions in a separate February 10 order. ECF 5216. Shortly after that, their counsel has reported that they have become nonresponsive. ECF 5303.[2]

### B. Plaintiffs' Noncompliance with the February 10 Orders.

As of March 12, thirty days after the Court's entry of the February 10 orders, none of the five Plaintiffs at issue has complied with those orders. Supporting Declaration of Christopher V. Cotton ("Cotton Decl.") ¶ 4. Neither Jane Doe LS 333 nor Jane Doe LS 397 has produced documents related to her fraudulent receipt or a declaration explaining why those materials are unavailable. *Id.* None of the five Plaintiffs has sat for the Court-ordered depositions. *Id.* Plaintiffs Jane Doe LS 397, A.E., R.L., and J.H. did not show up to their properly noticed depositions. *Id.* & Cotton Decl. Exs. A-D. The deposition of Plaintiff Jane Doe LS 333 was scheduled to take place on March 6, Cotton Decl. Ex. E, but it was postponed because (1) Jane Doe LS 333 failed to produce in advance of the deposition the documents or declaration required by the Court's February 10 Order (ECF 5217); and (2) according to her counsel at the Levin Simes law firm, she was unavailable in light of her work schedule to appear for the noticed deposition for up to three hours as ordered by the Court (ECF 5414). The parties discussed rescheduling, but Jane Doe LS 333 did not offer any date for her deposition. *Id.*

### ARGUMENT

Under 18 U.S.C. § 401(3), "a court is empowered to enforce compliance with its orders through civil contempt." *Land v. Walmart, Inc.,* 2025 638589 (E.D.N.Y. Feb. 27, 2025). This includes orders

---

[2] Even as to the Plaintiffs who have been dismissed, it is well established that "[a] federal court may consider collateral issues after an action is no longer pending[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). District courts retain authority to enforce their prior orders absent extraordinary circumstances. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993). This includes orders granting relief under Rule 37, *Fosselman v. Gibbs,* No. 06-cv-0375, 2010 WL 1008264, at *4 (N.D. Cal. March 18, 2010), which was what Uber sought from the Court here. ECF 4569 at 6; ECF 4575 at 5.

to sit for depositions where a party has failed "to take all reasonable steps within the party's power to comply." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2389 F.R.D. 548, 552 (N.D. Cal. Feb. 19, 2013). A contempt order is considered civil when its purpose is "to compensate for the costs of the contemptuous conduct or to coerce future compliance with the court's order." *Portland Feminist Women's Health Center v. Advocates for Life, Inc.,* 877 F.2d 787 (9th Cir. 1989). And civil contempt may appropriately be used to get a party to make good faith efforts to comply with a discovery request. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992); *Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-cv-420, 2012 WL 2551000, at *15 (E.D. Cal. June 22, 2021) (using civil contempt to encourage witnesses to appear for depositions). Civil contempt is appropriate on a showing by clear and convincing evidence that a party violated a specific and definite order of the court. *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D. Cal. 2004) (citing *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

Here, there can be no dispute that the identified Plaintiffs have violated specific and definite orders of the court. Plaintiffs were ordered to sit for depositions within 30 days of February 10. ECF 5217; ECF 5218. They did not do so. Plaintiffs Jane Doe LS 333 and 397 were additionally ordered to produce documents related to their fraudulent receipts within ten court days or an explanation of why no such documents were available within five court days. ECF 5217. They did neither. Although Plaintiffs will be permitted the opportunity to "demonstrate why they were unable to comply," *Oliner*, 305 B.R. at 520, they have made absolutely no effort to justify their non-compliance, and indeed in most cases have failed to respond to this Court's orders in any way. The Court can and should impose sanctions to prevent the Plaintiffs from simply ignoring its orders. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1106 (9th Cir. 2005) (affirming imposition of sanctions to prevent "an intentional effort, reckless and in bad faith… to ignore the court's orders"); *Buccola v. Boucher*, No. 22-cv-3877, 2024 WL 4584-35, at *4 (N.D. Cal. Oct. 24, 2024) (granting sanctions because none of plaintiff's excuses "speak to why [she] could willingly ignore a Court order"). Both of this Court's February 10, 2026 Orders were unequivocal that failure to comply would result in civil contempt. ECF 5217; ECF 5218.

Given Plaintiffs' repeated non-compliance, Uber requests that the Court order Plaintiffs to pay monetary sanctions that would accumulate until such time as Plaintiffs have complied with the Court's

previous orders that they sit for depositions. *See Lopez v. Lee*, No. 23-cv-3660, 2025 WL 3248750, at *3 (N.D. Cal. Nov. 21, 2025) (ordering witness "to show cause why a civil contempt sanction should not issue and monetary sanctions be imposed . . . lifting upon [his] appearance at his deposition"); *Yan v. Fu*, No. 11-cv-1814, 2022 WL 18402460, at *1 (N.D. Cal. Nov. 21, 2022) (sanctioning party $500 per day until he complied with discovery order); *Proofpoint, Inc. v. Vade Secure*, No. 19-cv-4238, 2020 WL 6591210, at *5 (N.D. Cal. Nov. 11, 2020) (sanctioning party "in the sum of $2,500.00 per day until" it "has certified to the court in writing" that it has complied with discovery order, but noting that payment would be excused if compliance was achieved by certain date).

A fine that accumulates until such time as the Plaintiffs comply with this Court's orders is an appropriate use of this Court's authority to ensure compliance with its orders. Monetary fines are a less extreme sanction than others available to this Court for civil contempt. *See Backertop Licensing LLC v. Canary Connect, Inc.*, No. CV 22-572-CFC, 2023 WL 5348827, at *5 (D. Del. Aug. 21, 2023) ("A fine also comports with the principle that 'in contempt proceedings courts should never exercise more than the least possible power adequate to the end proposed.'" (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 332 (1947) (Black, J., concurring in part and dissenting in part))). This Court should, in its discretion, impose a sanction on Plaintiffs adequate to motivate them to comply with its orders and finally appear at their depositions.

## **CONCLUSION**

Plaintiffs Jane Doe LS 333 and LS 397, J.H., R.L., and A.E. have repeatedly disregarded this Court's orders. The Court's February 10, 2026 Orders expressly warned that any Plaintiff who failed to comply "will be found in contempt of Court." Each Plaintiff disregarded that warning. Under these circumstances, immediate contempt findings and enforcement measures are necessary to uphold the Court's authority and compel compliance with the Court's orders. Accordingly, Defendants respectfully request that the Court an order (1) finding Plaintiffs J.H., R.L., A.E., Jane Doe LS 333, and Jane Doe LS 397 in civil contempt of court and (2) enforcing prior Court orders, including by imposing daily monetary sanctions as necessary to achieve compliance.

| | |
|---|---|
| DATED: March 13, 2026 | Respectfully submitted, |
| | **SHOOK, HARDY & BACON L.L.P.** |
| | By: /s/ Christopher V. Cotton |
| | CHRISTOPHER V. COTTON<br>2555 Grand Boulevard<br>Kansas City, MO 64108<br>Telephone: (816) 474-6550<br>ccotton@shb.com |
| | *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC |