1  Laura Vartain Horn (SBN 258485)
   **KIRKLAND & ELLIS LLP**
2  555 California Street, Suite 2700
   San Francisco, CA 94104
3  Telephone: (415ll) 439-1625
   laura.vartain@kirkland.com
4
5  Allison M. Brown (Admitted *Pro Hac Vice*)
   **KIRKLAND & ELLIS LLP**
   2005 Market Street, Suite 1000
6  Philadelphia, PA 19103
   Telephone: (215) 268-5000
7  alli.brown@kirkland.com

8  Christopher V. Cotton (Admitted *Pro Hac Vice*)
   **SHOOK, HARDY & BACON L.L.P.**
9  2555 Grand Boulevard
   Kansas City, MO 64108
10 Telephone: (816) 474-6550
   ccotton@shb.com
11
12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC., RASIER, LLC,
13 and RASIER-CA, LLC

14                      **UNITED STATES DISTRICT COURT**

15                     **NORTHERN DISTRICT OF CALIFORNIA**

16                            **SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to: | **DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS' MOTION FOR FINDINGS OF CONTEMPT & TO ENFORCE PRIOR COURT ORDERS** |
| *J.H. v. Uber Technologies., Inc., et al.*, No. 3:25-cv-05342-CRB | Judge:     Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |
| *R.L. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05515-CRB | |
| *A.E. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-07668-CRB | |
| *Jane Doe LS 333 v. Uber Technologies, Inc. Et al.*, No. 3:23-cv-05930-CRB | |

*Jane Doe LS 397 v. Uber Technologies, Inc. Et al.*, No. 3:24-cv-05864-CRB

# DECLARATION OF CHRISTOPHER V. COTTON

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Defendants") Motion for Findings of Contempt and to Enforce Prior Court Orders.

2. I am a partner with the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber" or "Defendants") in this MDL as well as in the Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State Iowa, the Bar of the State of Missouri, and the Bar of the State of Wisconsin. I make this declaration based upon matters within my personal knowledge. If called as a witness, I could and would testify to the matters set forth herein.

3. On February 10, 2026, this Court entered two orders. ECF 5217; ECF 5218. The first order required Plaintiffs Jane Doe LS 333 and Jane Doe LS 397 to produce documents related to the fraudulent receipts the Court had previously found they submitted within ten court days or, if either took the position no responsive documents exist, "provide a sworn declaration within five court days explaining why the documents . . . are allegedly not available for production." ECF 5217. It warned that "[i]f either Plaintiff neither produces all responsive documents nor provides the declaration described herein, such Plaintiff(s) will be found in contempt of Court." *Id.* Plaintiffs Jane Doe LS 333 and 397 were also ordered to appear for a deposition "for up to three hours, no later than 30 days after entry of this Court's order." *Id.* The second order directed Plaintiffs J.H., R.L., and A.E. to sit for

depositions within 30 days of the Order. ECF 5218. The Court warned that "[i]f any Plaintiff fails to appear for deposition, such Plaintiff(s) will be found in contempt of Court." *Id.*

      4.     As of March 12, thirty days after the Court's entry of the February 10 orders, none of the five Plaintiffs at issue has complied with those orders. Neither Jane Doe LS 333 nor Jane Doe LS 397 has produced documents related to her fraudulent receipt or a declaration explaining why those materials are unavailable. None of the five Plaintiffs has sat for the Court-ordered depositions. Plaintiffs Jane Doe LS 397, A.E., R.L., and J.H. did not show up to their properly noticed depositions:

- The deposition of Jane Doe LS 397 was properly noticed to take place on March 2, 2026. Ex. A. I communicated with counsel for Jane Doe LS 397 regarding the deposition. Jane Doe LS 397 did not appear for the noticed deposition on March 2.

- The deposition of A.E. was properly noticed to take place on March 3, 2026. Ex. B. I communicated with counsel for A.E. regarding the deposition. A.E. did not appear for the noticed deposition on March 3.

- The deposition of R.L. was properly noticed to take place on March 3, 2026. Ex. C. I communicated with counsel for R.L. regarding the deposition. R.L. did not appear for the noticed deposition on March 3.

- The deposition of J.H. was properly noticed to take place on March 9, 2026. Ex. D. I communicated with counsel for J.H. regarding the deposition. J.H. did not appear for the noticed deposition on March 9.

The deposition of Plaintiff Janes Doe LS 333 was scheduled to take place on March 6, Ex. E, but it was postponed because (1) Jane Doe LS 333 failed to produce in advance of the deposition the documents or declaration required by the Court's February 10 Order (ECF 5217); and (2) according to her counsel at the Levin Simes law firm, she was unavailable in light of her work schedule to appear for the noticed deposition for up to three hours as ordered by the Court (ECF 5414). The parties discussed rescheduling, but Jane Doe LS 333 did not offer any date for her deposition. *Id.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3

DECLARATION OF CHRISTOPHER V. COTTON ISO
DEFENDANTS' MOTION FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-03084-CRB

1  Executed on March 13, 2026, in Kansas City, Missouri.

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
(admitted *Pro Hac Vice*)
ccotton@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC