[Submitting counsel below]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Technologies, Inc.*,<br>N.D. Cal. No. 3:24-cv-04900<br>W.D.N.C. No. 3:25-cv-00737 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE AND EXHIBITS** |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Administrative Motion to File Under Seal Portions of Plaintiff's Omnibus Motions in Limine.

Plaintiff respectfully requests the Court seal portions of Plaintiff's Omnibus Motions in Limine ("Plaintiff's Motions") and certain exhibits filed in support of same.

I.  BACKGROUND AND REQUESTED SEALING

The following portions of Plaintiff's Motions and attached exhibits are at issue:

| Exhibit | Description of Material to Be Sealed |
| --- | --- |
| Portions of Plaintiff's Omnibus Motions in Limine | References to intimate aspects of Plaintiff's personal life, references to names of third parties |
| Exhibit 2 to Plaintiff's Omnibus Motions in Limine | References to Plaintiff WHB 823's name |
| Exhibit 5 to Plaintiff's Omnibus Motions in Limine | Deposition transcript of Plaintiff WHB 823 |
| Exhibit 6 to Plaintiff's Omnibus Motions in Limine | Deposition transcript of third party A.W.L. |
| Exhibit 7 to Plaintiff's Omnibus Motions in Limine | Rebuttal Report of Dr. A. Reminick |
| Exhibit 8 to Plaintiff's Omnibus Motions in Limine | Expert Report of Dr. A. Reminick |
| Exhibit 9 to Plaintiff's Omnibus Motions in Limine | Document with the bates no. FCSO-000092 |
| Exhibit 10 to Plaintiff's Omnibus Motions in Limine | Supplemental deposition transcript of Plaintiff WHB 823 |
| Exhibit 11 to Plaintiff's Omnibus Motions in Limine | Deposition transcript of third party M.M. |
| Exhibit 12 to Plaintiff's Omnibus Motions in Limine | Deposition transcript of third party T. L. |
| Exhibit 13 to Plaintiff's Omnibus Motions in Limine | Deposition transcript of third party N.Y. |
| Exhibit 14 to Plaintiff's Omnibus Motions in Limine | Document with the bates no. FCSO-000081 |
| Exhibit 15 to Plaintiff's Omnibus Motions in Limine | Document with the bates no. FCSO-000089 |
| Exhibit 16 to Plaintiff's Omnibus Motions in Limine | Document with the bates no. FCSO-000084 |
| Exhibit 17 to Plaintiff's Omnibus Motions in Limine | Document with the bates no. OVBHS-000001 |
| Exhibit 18 to Plaintiff's Omnibus Motions in Limine | Deposition transcript of third party J.S. |

1

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE AND EXHIBITS
Case No. 23-md-03084-CRB

## II. LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. What constitutes a "'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has applied the compelling reasons standard to motions in limine. *Ctr. for Auto Safety*, 809 F.3d at 1099 (stating that "plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case" and should therefore be subject to the compelling reasons standard.).

## III. PORTIONS OF THE OMNIBUS MOTION AND EXHBITS AT ISSUE SHOULD BE SEALED

The information that Plaintiff seeks to seal includes the names of third parties, information regarding the intimate aspects of Plaintiff's personal life, and the medical and mental health history of Plaintiff and  third parties. *See* Luhana Decl. ¶¶ 2-21.

### A. Failing to Seal the Records Would Harm Plaintiff and Third Parties

First, Exhibits X - X to Plaintiff's Motions that contain the names of third parties are sealable under the compelling reasons standard because they are personally identifiable information ("PII"). *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)). They are also "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying

information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed.").

Second, the portions of Plaintiff's Motions and Exhibits 1 and 5-18 that contain the intimate aspects of Plaintiff's personal life should be sealed. *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights.").

Third, the portions Plaintiff's Motions and Exhibits 1 and 5-18 that contain information regarding Plaintiff's and third parties' medical and mental health history should be sealed. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."). Courts routinely find that "individual privacy rights in… health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases).

The intimate aspects of Plaintiff's personal life and the medical and mental health history of Plaintiff and third parties, are inherently private and highly sensitive, and typify the types of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel. *See* Luhana Decl. ¶ 7; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted).

The significant privacy concerns of Plaintiff and third parties outweigh the public's minimal interest in knowing their identities or highly sensitive information, and warrant the sealing of this information.

B.     **Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of Plaintiff's Motions and the relevant exhibits, since describing the material Plaintiff seeks to seal is tantamount to revealing the details of its content. Plaintiff's request is narrowly tailored to seal only PII and highly sensitive personal information, while ensuring that the public retains access to the rest of the exhibits. *See id*.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court order that the portions of Plaintiff's Motions and the exhibits listed above be maintained under seal.

Dated: March 13, 2026                                Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

### FILER'S ATTESTATION

I, Roopal P. Luhana, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: March 13, 2026                           */s/ Roopal P. Luhana*
                                                Roopal P. Luhana

5

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S
OMNIBUS MOTIONS IN LIMINE AND EXHIBITS
Case No. 23-md-03084-CRB