UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Technologies, Inc.*,<br>N.D. Cal. No. 3:24-cv-04900<br>W.D.N.C. No. 3:25-cv-00737 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**DECLARATION OF ROOPAL P. LUHANA IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE AND EXHIBITS** |

I, Roopal P. Luhana, declare:

1. I am a partner of Chaffin Luhana, LLP, an attorney licensed in the State of New York, and duly admitted to practice before this Court pro hac vice, representing Plaintiffs in the above caption action. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Plaintiff's Administrative Motion to File Under Seal Portions of Plaintiff's Omnibus Motions In Limine and Exhibits.

2. I have reviewed Plaintiff's Omnibus Motions in Limine and Exhibits 1 and 5-18 to the Motions.

3. Plaintiff's Omnibus Motions contain information regarding the intimate personal history of

1  Plaintiff WHB 823 and references to third parties who have provided testimony in this case.

2      4.    Exhibit 1 is a compendium of Plaintiff WHB 823's Uber Rider Records, containing
3  references to her full name.

4      5.    Exhibit 5 is excerpts of the deposition of Plaintiff WHB 823, which contains references to
5  Plaintiff's intimate personal, medical, and mental health history.

6      6.    Exhibit 6 is excerpts of the deposition of third party A.W.L, containing the name and
7  information of a third party.

8      7.    Exhibit 7 is a true and correct copy of the rebuttal report of Dr. A. Reminick, containing
9  references to Plaintiff's intimate personal, medical, and mental health history.

10      8.    Exhibit 8 is a true and correct copy of the rebuttal expert report of Dr. A. Reminick,
11  containing references to Plaintiff's intimate personal, medical, and mental health history.

12      9.    Exhibit 9 is a true and correct copy of the document with Bates No. FCO-000092, which
13  contains personal records related to Plaintiff.

14      10.    Exhibit 10 is excerpts of the supplemental deposition of Plaintiff WHB 823, which contains
15  references to Plaintiff's intimate personal, medical, and mental health history.

16      11.    Exhibit 11 is excerpts of the deposition of third party M.M, containing the name and
17  information of a third party.

18      12.    Exhibit 12 is excerpts of the deposition of third party T.L., containing the name and
19  information of a third party.

20      13.    Exhibit 13 is excerpts of the deposition of third party N.Y., containing the name and
21  information of a third party.

22      14.    Exhibit 14 is a true and correct copy of the document with Bates No. FCO-000081, which
23  contains personal records related to Plaintiff.

24      15.    Exhibit 15 is a true and correct copy of the document with Bates No. FCO-000089, which
25  contains personal records related to Plaintiff.

26      16.    Exhibit 16 is a true and correct copy of the document with Bates No. FCO-000084, which
27  contains personal records related to Plaintiff.

28

DECLARATION OF ROOPAL P. LUHANA ISO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
PORTIONS OF PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE AND EXHIBITS
Case No. 23-md-03084-CRB

17. Exhibit 17 is a true and correct copy of the document with Bates No. OVBHS-000001, which contains personal records related to Plaintiff.

18. Exhibit 18 is excerpts of the deposition of third party J.S.., containing the name and information of a third party.

19. The significant privacy concerns of Plaintiff and third parties outweigh any minimal public interest in disclosure of their identities or highly sensitive information. The public's interest in the case may be satisfied without revealing this information.

20. The intimate aspects of Plaintiff WHB 823's personal life are highly sensitive and typify the type of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel.

21. The disclosure of personally identifiable and highly sensitive private information of Plaintiff and third parties would harm their legitimate privacy interests. Plaintiff's request is narrowly tailored to sealing only PII and sensitive personal information. There is no less restrictive alternative to sealing portions of the relevant materials that would protect the legitimate privacy interests of Plaintiff and third parties, as describing the information would reveal its contents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 13, 2026 in Brooklyn, NY.

*/s/ Roopal P. Luhana*
Roopal P. Luhana