[Submitting Counsel below]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*WHB 823 v. Uber Techs., Inc., et al*
N.D. Cal. No. 3:24-cv-04900
W.D.N.C. No. 3:25-cv-00737

Case No. 23-md-03084-CRB

**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS TO PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO TAKE THE DEPOSITION OF MR. D.Y.**

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

WHB 823,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

No. 3:25-cv-00737

Judge: Honorable Charles R. Breyer

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Administrative Motion to File Under Seal Portions of Exhibits to Plaintiff's Response to Defendants' Administrative Motion for Leave to Take the Deposition of Mr. D.Y.

Plaintiff respectfully requests the Court seal portions of exhibits to Plaintiff's Response to Defendants' Administrative Motion for Leave to Take the Deposition of Mr. D.Y.

## I. BACKGROUND AND REQUESTED SEALING

The following exhibits from Plaintiff's Response to Defendants' Administrative Motion for Leave to Take the Deposition of Mr. D.Y are at issue:

| Exhibit | Description of Material to Be Sealed |
|---|---|
| [UNREDACTED] Exhibit A to Plaintiff's Response to Defendants' Administrative Motion for Leave to Take the Deposition of Mr. D.Y. | Plaintiff WHB 823's Responses to Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Interrogatories, Set One (dated April 14, 2025) containing the names of third parties and intimate aspects of Plaintiff's life. |
| [UNREDACTED] Exhibit B to Plaintiff's Response to Defendants' Administrative Motion for Leave to Take the Deposition of Mr. D.Y. | Plaintiff WHB 823's Second Amended Plaintiff Fact Sheet (submitted on April 30, 2025) containing the names and contact information of third parties, intimate aspects of Plaintiff's life, and the mental health history of Plaintiff. |
| [UNREDACTED] Exhibit C to Plaintiff's Response to Defendants' Administrative Motion for Leave to Take the Deposition of Mr. D.Y. | Plaintiff WHB 823's Rule 26(A)(1) Initial Disclosures (dated April 30, 2025) containing the names and contact information of third parties. |

| [UNREDACTED] Exhibit D to Plaintiff's Response to Defendants' Administrative Motion for Leave to Take the Deposition of Mr. D.Y. | Excerpts from Plaintiff WHB 823's Deposition (dated July 10, 2025) containing the name of WHB 823, the names of third parties, and intimate aspects of Plaintiff's life. |
|---|---|

## II. LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. What constitutes a "'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## III. THE EXHIBITS AT ISSUE SHOULD BE SEALED

The information that Plaintiff seeks to seal includes the names of Plaintiff and third parties, information regarding the intimate aspects of Plaintiff's personal life, and the mental health history of Plaintiff. *See* Brahmbhatt Decl. ¶¶ 3-6.

### A. Failing to Seal the Records Would Harm Plaintiff and Third Parties

First, the portions of Exhibits A-D to Plaintiff's Response that contain the names of third parties are sealable under the compelling reasons standard because they are personally identifiable information ("PII"). *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)). They are also "not relevant to any of the issues in this litigation, nor would the

public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed.").

Second, the portions of Exhibits A, B, and D that contain the intimate aspects of Plaintiff's personal life should be sealed. *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights.").

Third, the portions of Exhibit B that contain information regarding Plaintiff's mental health history should be sealed. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."). Courts routinely find that "individual privacy rights in… health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases).

The intimate aspects of Plaintiff's personal life and mental health history of Plaintiff are inherently private and highly sensitive, and typify the types of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel. *See* Brahmbhatt Decl. ¶ 8; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted).

The significant privacy concerns of Plaintiff and third parties outweigh the public's minimal interest in knowing their identities or highly sensitive information, and warrant the sealing of this information. *See* Brahmbhatt Decl. ¶ 7.

**B. Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of the exhibits to Plaintiff's Response, since describing the material Plaintiff seeks to seal is tantamount to revealing the details of its content. *See* Brahmbhatt Decl. ¶ 9. Plaintiff's request is narrowly tailored to seal only PII and highly sensitive personal information, while ensuring that the public retains access to the rest of the exhibits. *See id*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court order that the portions of the exhibits to Plaintiff's Response listed above be maintained under seal.

Dated: March 16, 2026

Respectfully submitted,

By: */s/ Sejal K. Brahmbhatt*

Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH & LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC 28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email: bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: March 16, 2026 By: */s/ Myles Shaw*