[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**OF NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO TAKE THE DEPOSITION OF MR. D.Y.** |
| This Document Relates to:<br><br>*WHB 823 v. Uber Technologies, Inc., et al.*<br>N.D. Cal. No. 3:24-cv-04900<br>W.D.N.C. No. 3:25-cv-00737 | Judge: Honorable Charles R. Breyer<br>Trial Date: April 13, 2026<br>Ctrm.: 6-17th Floor |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| WHB 823,<br><br>       Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>       Defendants. | No. 3:25-cv-00737<br><br>Judge: Honorable Charles R. Breyer |

1

P'S RESPONSE TO D'S ADMINISTRATIVE MOTION
FOR LEAVE TO TAKE THE DEPOSITION OF MR. D.Y.
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

Plaintiff files this response to Defendants' Administrative Motion for Leave to Take the Deposition of Mr. D.Y. (the "Motion"), as follows:

## I.     INTRODUCTION

Beginning in April 2025, Plaintiffs repeatedly disclosed Mr. D.Y., the individual Uber now seeks to depose over five months after discovery closed (October 6, 2025), as a person with knowledge of the incident at issue. Plaintiff even testified at her deposition that she told Mr. D.Y. about the incident. And yet, although Uber had ample time and opportunity to depose him, Uber admits it nonetheless made a conscious strategic decision not to do so. Uber now attempts to excuse that decision, saying it mainly did so on the sheer conjecture that D.Y. would not have relevant knowledge because some other witnesses did not have knowledge that Uber found significant. And therefore, in Uber's telling, Uber chose not to depose Mr. D.Y., despite his disclosure during discovery and Plaintiff's testimony. Uber's reasoning, even if taken as fact, does not excuse Uber from the consequences of its strategic choice. Plaintiff followed the rules. Now Uber seeks to upend those rules and have this Court bless Uber's lack of diligence. The Court should deny Uber's motion.

## II.     Legal Standard

Uber claims that there is "good cause" to allow it to undertake this extremely late discovery under Fed. R. Civ. P. 16(b)(4). It cites *City of Pomona v. SQM N. Am. Corp.,* 866 F.3d 1060 (9th Cir. 2017), which lists the relevant factors to the analysis: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *See id.*, at 1066 (citations omitted).

That said, "the 'diligence of the party seeking the amendment' is the primary consideration." Motion at 3 (citing and quoting *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023)); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.

2

P'S RESPONSE TO D'S ADMINISTRATIVE MOTION
FOR LEAVE TO TAKE THE DEPOSITION OF MR. D.Y.
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

1992) (The good cause standard under Rule 16(b) "*primarily considers the diligence of the party seeming the amendment*.") (emphasis added).

### III.    ARGUMENT

The first sentence of Uber's Motion characterizes Mr. D.Y. as "an individual recently disclosed on Plaintiff's preliminary witness list." Motion at 2. Of course, even Uber must acknowledge that Mr. D.Y. has been disclosed many times before the service of Plaintiff's witness list.

**First**, eleven months ago (April 14, 2025), in response to Uber's interrogatories, Mr. D.Y. was disclosed as an individual Plaintiff communicated with about the incident made the basis of this lawsuit. Ex. A (Plaintiff's Responses to Uber's Interrogatories, Set One) at 4-5.

**Second**, Mr. D.Y. was disclosed over ten months ago in Plaintiff's Amended Fact Sheet as an individual who Plaintiff has "communicated with out about the incident," along with his phone number, on April 30, 2025. Ex. B (Plaintiff's Amended Fact Sheet) at 17.  The same day, Plaintiff disclosed Mr. D.Y. again in her Rule 26(A)(1) Initial Disclosures. Ex. C, at 3.

**Third**, in her deposition taken July 10, 2025, Uber specifically asked Plaintiff who she told about the assault by Uber's driver.  Among others, she testified that "**I told [Mr. D.Y.]** . . . " Ex. D (Plaintiff's July 10, 2025 Deposition) at 43. She also testified that, although she was not sure of the exact date, she told Mr. D.Y. "soon after" the incident. *Id*. at 45.  She testified that Mr. D.Y., like other witnesses, reacted with shock and disgust after being told what happened.  *Id*. at 46-47.

In these circumstances, the factors weigh heavily ***against*** allowing Uber to take this late discovery. Trial is imminent, the request is opposed, Uber was not diligent in seeking to obtain the discovery within the ample time allowed in the scheduling order, and the discovery was clearly foreseeable given that Plaintiff disclosed the witness as well as the fact that she told him about the incident.

As for the likelihood that the discovery will lead to relevant evidence: this is not recent news but rather something that Uber has been aware of for many months. As to whether Plaintiff would be prejudiced, the answer is yes. Allowing this deposition in the face of Uber's failure to

abide by the scheduling order when she promptly and diligently complied with the same by disclosing Mr. D. Y. multiple times provides Uber with an extended discovery schedule that Plaintiff does not have.[1] Of course, a party could almost always claim there is "no prejudice" to the other by taking depositions beyond the date set by a scheduling order. But that reality is precisely why, as noted above, the diligence of the party seeking the amendment is the primary consideration. And on this score, Uber's argument fails. Were it any other way, scheduling orders, discovery deadlines, initial disclosures, and identification interrogatories would become meaningless.

Here, there was no diligence in seeking Mr. D.Y.'s deposition. Indeed, despite being aware of his identity for nearly a year, Uber made a conscious **strategic choice** not to depose Mr. D.Y. because Uber thought he would not have significant relevant information, even though Plaintiff repeatedly communicated and testified that he did.

Further, the Order Setting Backstop Discovery Deadlines for First Wave of Bellwether Cases makes it clear that "the parties must still seek leave to raise case-specific discovery issues on or before the backstop deadline, must show good cause for failure to raise before the cut-off date (to the extent that a party seeks to take additional discovery)…" *See* Doc. # 5450 at 2. Uber sought exemptions from the backstop deadline for "[d]iscovery from additional fact witnesses not identified by Plaintiffs prior to the 'backstop' deadline…" *Id.* The Court declined to adopt any exemptions. *Id.* Thus, there should be an especially strong showing of good cause for Uber to be entitled to the relief it seeks because Mr. D.Y. was disclosed to Defendants nearly a year ago.

Uber ignored Plaintiff's timely disclosure of Mr. D.Y., and her own testimony that she told him about the incident, and made a decision not to depose Mr. D.Y. Uber fails to show **any** diligence in obtaining the discovery. And the circumstances show precisely the opposite: Uber was long aware of this witness, Plaintiff diligently disclosed his identity and testified that she discussed

---

[1] While Uber is seeking the months-late deposition of an individual known to Uber since last spring, it simultaneously seeks to call as trial witnesses two undisclosed case-specific witnesses (Todd Gaddis and Erin O'Keefe). *See* Doc. # 5486 (Motion to Strike Uber's Designated Trial Witnesses: Todd Gaddis and Erin O'Keefe, filed March 12, 2026).

the incident with him. And Uber decided not to depose him. Thus, there is no "good cause" under

Fed. R. Civ. P. 16(b)(4) or the Court's Order Setting Backstop Discovery Deadlines to amend the

scheduling order. The Court should deny Uber's motion.

## IV.    CONCLUSION

For the foregoing reasons, Uber's Motion to depose Mr. D.Y. months after the close of

discovery should be denied.

Dated: March 16, 2026                         Respectfully submitted,

                                              By: /s/ Sejal K. Brahmbhatt
                                              Sejal K. Brahmbhatt (pro hac vice)
                                              John Eddie Williams, Jr. (pro hac vice)
                                              John Boundas (pro hac vice)
                                              Brian Abramson (pro hac vice)
                                              Margret Lecocke (pro hac vice)
                                              Walt Cubberly (SBN 325163)
                                              Batami Baskin (pro hac vice)
                                              Myles Shaw (pro hac vice)
                                              Joseph C. Melugin (SBN 279439)
                                              Stasja Drecun (pro hac vice)

                                              **WILLIAMS HART & BOUNDAS LLP**
                                              8441 Gulf Freeway, Suite 600
                                              Houston, TX  77017-5051
                                              Telephone: (713) 230-2227
                                              Facsimile: (713) 643-6226
                                              sbrahmbhatt@whlaw.com
                                              jwilliams@whlaw.com
                                              jboundas@whlaw.com
                                              babramson@whlaw.com
                                              mlecocke@whlaw.com
                                              wcubberly@whlaw.com
                                              bbaskin@whlaw.com
                                              mshaw@whlaw.com
                                              jmelugin@whlaw.com
                                              sdrecun@whlaw.com

                                              *Attorneys for Plaintiff WHB 823*

                                              By: /s/ Brett E. Dressler
                                              Brett E. Dressler (NC Bar # 34516)

                                              **SELLERS AYERS DORTCH &
                                              LYONS, P.A.**
                                              301 South McDowell Street, Suite 410
                                              Charlotte, NC  28204

Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email: bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**<u>FILER'S ATTESTATION</u>**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: March 16, 2026                    By:    */s/ Myles Shaw*