# EXHIBIT A

John Eddie Williams, Jr. (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
**WILLIAMS HART & BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com
Email: jmelugin@whlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **MDL No. 3084 CRB** |
| | **PLAINTIFF WHB 832'S RESPONSES TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES, SET ONE** |
| This Document Relates to: | |
| *WHB 832 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-04900 | |

PROPOUNDING PARTIES:    **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

RESPONDING PARTY:    **PLAINTIFF WHB 832**

SET NO.:    **ONE (1)**

Plaintiff WHB 832 ("Plaintiff") objects and responds to Defendants Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLC's Interrogatories as follows:

## PRELIMINARY STATEMENT

Plaintiff has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for trial in this case. These responses, while based on diligent inquiry and investigation by Plaintiff, reflect only the current state of Plaintiff's knowledge, understanding, and belief, based upon the information reasonably available to the Plaintiff at this time. As this action proceeds, and further investigation and discovery are conducted, additional or different facts and information could be revealed to Plaintiff. Moreover, Plaintiff anticipates that Defendants may make legal or factual contentions presently unknown to and unforeseen by Plaintiff which may require Plaintiff to adduce further facts in rebuttal to such contentions.

Consequently, Plaintiff may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses. Accordingly, these responses are provided without prejudice to Plaintiff's right to rely upon and use any information that Plaintiff subsequently discovers, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating themselves to do so, Plaintiff reserves the right to: (1) modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, based upon information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may be hereafter discovered; and/or (2) produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence, and information at trial or in any pretrial proceedings held herein.

Except for the facts explicitly stated herein, no incidental or implied admissions are intended. Plaintiff expressly reserves: All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produces and the contents thereof; and all objections as to vagueness, ambiguity, unintelligibility and over breadth. Nothing herein shall be construed as an admission by Plaintiff regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in Defendants' discovery requests.

The fact that part or all of any discovery request has been answered should not be construed to be

1    a waiver of any objection to any discovery request. Plaintiff responds to each and every discovery request

2    subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference

3    into each of the following responses.

4       Nothing contained herein is to be construed as a waiver of any attorney client privilege, work

5    product doctrine, or any other applicable privilege or doctrine. To the extent any request may be construed

6    as calling for disclosure of information protected from discovery by the attorney client privilege, work

7    product doctrine, or any other privilege or protection, a continuing objection to each and every such

8    request is hereby interposed.

9    **<u>GENERAL OBJECTIONS</u>**

10       1.  Subject to each and every general objection and each and every specific objection stated

11    herein, Plaintiff responds to the Interrogatories as set forth below. Plaintiff's statements in response to the

12    Interrogatories shall not be construed to be a waiver of any of the general or specific objections interposed

13    herein.

14       2.  Plaintiff objects to the Interrogatories to the extent that they seek to impose burdens on

15    Plaintiff that are inconsistent with, or in addition to, Plaintiff's discovery obligations pursuant to the

16    Federal Rules of Civil Procedure. Plaintiff will respond consistently with her discovery obligations.

17       3.  Plaintiff objects generally to the Interrogatories to the extent that they seek the disclosure

18    of information that is protected from disclosure by the attorney client privilege and/or work product

19    doctrine. Plaintiff will not disclose any information protected from disclosure by the attorney client

20    privilege and/or work product doctrine. Relatedly, Plaintiff will not disclose any privileged

21    communications with testifying and non-testifying experts.

22       4.  Plaintiff objects generally to the Interrogatories to the extent they seek the disclosure of

23    information that is protected from disclosure by the patient-physician, psychotherapist, and/or doctor-

24    patient privileges. Plaintiff will not produce such documents unless the relevant privilege has been waived

25    or put at issue by the claims and defenses in this case.

26       5.  Plaintiff objects generally to the Interrogatories to the extent that they seek information in

27    which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to

28    Constitutional, statutory, or case law.

6.  Plaintiff objects generally to the Interrogatories to the extent that they are vague and ambiguous, including broad and undefined terms that do not put a reasonable person on notice of what specifically is being sought.

7.  Plaintiff objects generally to the Interrogatories to the extent that they seek to have Plaintiff furnish information and documents that are a matter of the public record and therefore are equally available to Defendants as they are to Plaintiff.

8.  Plaintiff objects generally to the Interrogatories to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Defendants, while placing a wholly unwarranted burden and expense on Plaintiff in locating, reviewing, and producing the requested information.

9.  Plaintiff objects generally to the Interrogatories to the extent that they are not limited to a time period relevant or even proximate to the events at issue in this action.

10.  Plaintiff objects generally to Interrogatories to the extent that they seek the disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

11.  Any information disclosed by Plaintiff in response to the Interrogatories is subject to all objections as to competence, relevance, materiality and admissibility, as well as to any other objections on any grounds that would require the exclusion of such information if it were offered into evidence, and Plaintiff expressly reserves all such objections.

12.  Plaintiff objects generally to the Interrogatories to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to identify documents or other information in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time and great expense to Plaintiff, whereas the information sought to be obtained by Defendants would be of little use or benefit to Defendants.

13.  Plaintiff incorporates these general objections into each of the responses below as if fully

1  set forth.

2  **RESPONSES TO INTERROGATORIES**

3  **INTERROGATORY NO. 1**:

4      State whether YOU have ever been a party in another legal action, criminal OR civil, AND, if so,

5  state the name of the lawsuit, the county of venue, the docket number, the claims OR charges, whether the

6  case is closed OR still pending, the resolution of the case if it is closed, AND the name AND address of

7  the attorney who represented YOU, if ANY.

8  **RESPONSE TO INTERROGATORY NO. 1**:

9      Plaintiff objects to this interrogatory on the grounds that it is overly broad and seeks information

10 that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

11     Plaintiff objects to the extent that the request seeks public information that is equally available to

12 Defendants.

13     Plaintiff objects to the extent that this request seeks private information that is covered by

14 confidentiality agreements and/or attorney client privilege.

15     Subject to and without waiving these and the general objections, Plaintiff responds as follows: At

16 this time, Plaintiff stands on her objections. If Defendants believe information is relevant and subject to

17 discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to amend/supplement this

18 response at a later time with responsive, nonprivileged, relevant information.

19 **INTERROGATORY NO. 2**:

20     Provide a summary of each COMMUNICATION YOU have had CONCERNING the ALLEGED

21 INCIDENT OR CONCERNING ANY DAMAGES YOU claim YOU suffered as a result of the

22 ALLEGED INCIDENT, INCLUDING (a) the date of each COMMUNICATION, (b) whether the

23 COMMUNICATION occurred orally OR in writing, (c) the medium through which each

24 COMMUNICATION occurred if it occurred in writing, (d) the parties to each COMMUNICATION,

25 AND (e) the content of each COMMUNICATION.

26 **RESPONSE TO INTERROGATORY NO. 2**:

27     Plaintiff objects to this interrogatory on the basis that it would encompass materials protected by

28 the attorney client privilege, work product doctrine, and/or other privileges. **Plaintiff will not identify or**

1   **summarize such communications**.

2        Plaintiff objects to the extent that this interrogatory seeks, prematurely, expert materials and/or

3   opinions, as doing so impermissibly intrudes upon work product.

4        Plaintiff objects to the extent that Defendants require Plaintiff to summarize communications that

5   Plaintiff had with Defendants regarding the alleged incident, as Defendants have equal or better access to

6   such information.

7        Plaintiff objects to the extent this interrogatory is unnecessarily cumulative and duplicative of

8   Request for Production No. 1. As to such documents, Plaintiff reasserts, as if stated in full, the objections

9   stated in response to Request for Production No. 1.

10       Subject to and without waiving these and the general objections, Plaintiff responds as follows:

11  Plaintiff recalls the following communications:

12      1.   ███████████; on approximately 03/26/2019; orally; Plaintiff and ███████████; they

13           conversed during the ride and Plaintiff told him, "No," after he grabbed her.

14      2.   ████████; on approximately 03/26/2019; orally; Plaintiff and ████████; generally about

15           the incident.

16      3.   ████████; on approximately 03/26/2019; orally; Plaintiff and ████████; generally about the

17           incident.

18      4.   █████████; approximately two years ago; orally; Plaintiff and █████████; generally about

19           the incident.

20      5.   ██████████; approximately one to two years after the incident; orally; Plaintiff and ████

21           ██████; generally about the incident.

22      6.   █████████; on approximately 03/26/2019 or soon after; orally; Plaintiff and ██████████;

23           generally about the incident.

24      7.   ██████████; on approximately 03/26/2019 or soon after; orally; Plaintiff and ██████████;

25           generally about the incident.

26      8.   █████████; during time at ███████████████████; orally; Plaintiff

27           and ████████; generally about the incident.

28       Additionally, certain responsive information can be derived or ascertained from medical records

1  in the custody or possession of the healthcare providers counsel has identified.

2      If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing

3  to confer on this issue. Plaintiff reserves the right to amend/supplement this response at a later time should

4  she obtain or recall responsive, nonprivileged, relevant information.

5  **INTERROGATORY NO. 3**:

6      Identify ANY INJURIES YOU sustained because of the ALLEGED INCIDENT AND ANY

7  DAMAGES to which YOU claim OR expect to claim that YOU are entitled as a result of the ALLEGED

8  INCIDENT.

9  **RESPONSE TO INTERROGATORY NO. 3**:

10      Plaintiff objects to this interrogatory to the extent that it requires a legal conclusion and/or the

11  disclosure of information protected from disclosure by the attorney client privilege and/or work product

12  doctrine.

13      Plaintiff objects to this interrogatory to the extent that it seeks, prematurely, expert materials and/or

14  opinions, as doing so impermissibly intrudes upon work product.

15      Plaintiff object to this interrogatory to the extent that it calls for a professional opinion from a lay

16  witness; consequently, it is oppressive and harassing and without a foundational showing of competence

17      Plaintiff further objects that case specific discovery has just begun, and as such this interrogatory

18  may be premature.

19      Subject to and without waiving these and the general objections, Plaintiff responds as follows:

20  Pain and suffering and mental anguish.

21      If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing

22  to confer on this issue. Plaintiff reserves the right to amend/supplement this response at a later time should

23  she obtain or recall responsive, nonprivileged, relevant information.

24  **INTERROGATORY NO. 4**:

25      For each INJURY identified in response to Interrogatory No. 3, identify every symptom, condition,

26  OR manifestation that YOU believe YOU have experienced as a result of that INJURY AND when YOU

27  first experienced each symptom, condition, OR manifestation, INCLUDING whether YOU ever

28  experienced that symptom, condition, OR manifestation before the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 4**:

Plaintiff objects to this interrogatory to the extent that it requires a legal conclusion and/or the disclosure of information protected from disclosure by the attorney client privilege and/or work product doctrine.

Plaintiff objects to this interrogatory to the extent it seeks, prematurely, expert materials and/or opinions, as doing so impermissibly intrudes upon work product.

Plaintiff objects to this interrogatory to the extent it calls for a professional opinion from a lay witness; consequently, it is oppressive and harassing and without a foundational showing of competence.

Plaintiff objects to this interrogatory to the extent it would require Plaintiff to make a compilation, abstract, audit, or summary of or from documents, and the burden or expense of preparing or making that compilation abstract, audit, or summary would be substantially the same for Defendants as for Plaintiff.

Plaintiff further objects that case specific discovery has just begun, and as such this interrogatory may be premature.

Subject to and without waiving these and the general objections, Plaintiff responds as follows: Pain and suffering and mental anguish; further information may be derived or ascertained from medical records in the custody or possession of the healthcare providers counsel has identified

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to amend/supplement this response at a later time should she obtain or recall responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 5**:

If ANY MEDICAL PRACTITIONER has advised YOU that YOU may require future OR additional treatment for ANY INJURIES that YOU attribute to the ALLEGED INCIDENT, state, for each INJURY:

    a.  The name, address, AND phone number of the MEDICAL PRACTITIONER who advised YOU;

    b.  The illness, condition, OR INJURY for which future treatment was discussed; AND

    c.  The nature, duration, AND estimated cost of the discussed future treatment.

**RESPONSE TO INTERROGATORY NO. 5**:

Plaintiff objects to this interrogatory to the extent it seeks the premature disclosure of expert opinions or information provided to a consulting expert witness, it violates the work product doctrine.

Plaintiff objects to this interrogatory to the extent it calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence.

Plaintiff objects to this interrogatory to the extent it requires Plaintiff to make a compilation, abstract, audit, or summary of or from documents, and the burden or expense of preparing or making that compilation abstract, audit, or summary would be substantially the same for Defendants as for Plaintiff.

Subject to and without waiving these and the general objections, Plaintiff responds as follows: The response to this interrogatory may be derived or ascertained from medical records in the custody or possession of the healthcare providers counsel has identified. Plaintiff understands that she may require treatment, such as therapy and/or medication, for mental health conditions and symptoms.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Discovery is ongoing. Plaintiff reserves the right to amend/supplement this response at a later time should she obtain responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 6**:

IDENTIFY ANY MEDICAL PRACTITIONER who has diagnosed, examined, AND/OR provided YOU with ANY psychological, psychiatric, OR other mental health treatment, at ANY time prior to AND/OR following the ALLEGED INCIDENT INCLUDING (a) ANY such MEDICAL PRACTITIONER'S full name, address, AND telephone number; (b) the date(s) when YOU were diagnosed, examined, AND/OR treated; AND (c) the INJURY, condition, illness, etc. for which YOU were diagnosed, examined, AND/OR treated.

**RESPONSE TO INTERROGATORY NO. 6**:

Plaintiff objects to this interrogatory on the grounds that it is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

While Plaintiff has put her mental, psychological, and psychiatric health at issue, that does not

1  entitle Defendants to a fishing expedition into all treatment Plaintiff has ever received in her lifetime,

2  unrestricted by type or limited to a time period even remotely connected to the alleged incident.

3      Thus, to the extent this interrogatory seeks medical information not directly relevant or germane

4  to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy. *Soto v. City*

5  *of Concord,* 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe,* 429 U.S. 589-600 (1977)). A

6  litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private

7  information that is relevant to the lawsuit. *See, e.g., Enwere v. Terman Assocs., L.P.,* No. C 07-1239 JF

8  (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) (citing *Doe v. City of Chula*

9  *Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages "does

10 not entitle defendants to invade the whole of [the plaintiff's] medical history")). In light of privacy

11 interests, disclosure of highly confidential and sensitive medical information should only be compelled

12 where the documents concern specific conditions the litigant has put directly at issue.

13     Plaintiff objects to this interrogatory to the extent that it seeks the disclosure of information that

14 would be protected by the patient-physician, psychotherapist, and/or doctor-patient privileges.

15     Plaintiff objects to this interrogatory to the extent that it seeks the disclosure of Plaintiff's sexual

16 conduct with individuals other than the alleged perpetrator and therefore is unduly harassing,

17 embarrassing, and oppressive.

18     Plaintiff objects to this interrogatory to the extent it seeks identical information to that which has

19 been disclosed in Plaintiff's Fact Sheet and thus is cumulative and duplicative.

20     Subject to and without waiving these and the general objections, Plaintiff responds as follows:

21 Plaintiff directs Defendants to Plaintiff's responses to Plaintiff's Fact Sheet.

22     If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing

23 to confer on this issue. Plaintiff reserves the right to amend/supplement this response at a later time should

24 she obtain responsive, nonprivileged, relevant information.

25 **INTERROGATORY NO. 7**:

26     Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life,

27 INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR

28 responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 7**:

Plaintiff objects to this interrogatory to the extent it calls for a professional opinion from a lay witness; consequently, it is oppressive and harassing and without a foundational showing of competence.

Plaintiff objects to this interrogatory to the extent it calls for expert opinion and for premature expert disclosure.

Subject to and without waiving these and the general objections, Plaintiff responds as follows: Plaintiff felt as if she was spiraling and particularly traumatized when in isolated spaces and places. For example, she remembers feeling uncomfortable and cramped being with her mom in the kitchen. She has felt and continues to feel the impact in various ways.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Discovery is ongoing. Plaintiff reserves the right to amend/supplement this response at a later time should she obtain responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 8**:

Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as a result of the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 8**:

To the extent that this interrogatory seeks information regarding future expected out-of-pocket costs and damages, Plaintiff objects that it impermissibly intrudes on counsel's work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose expert discovery at the time specified by the Court.

More broadly, Plaintiff object to this interrogatory to the extent that it requires a legal conclusion and/or the disclosure of information that is protected by the attorney client privilege and/or work product doctrine.

Plaintiff also objects to this interrogatory to the extent it calls for a professional opinion from a lay witness; consequently, it is oppressive and harassing and without a foundational showing of competence.

Plaintiff objects to this interrogatory to the extent it requires Plaintiff to make a compilation, abstract, audit, or summary of or from documents, and the burden or expense of preparing or making that compilation abstract, audit, or summary would be substantially the same for Defendants as for the Plaintiff.

Subject to and without waiving these and the general objections, to the extent this interrogatory is limited to damages incurred to date, Plaintiff responds as follows: The response to this interrogatory can be derived or ascertained from records in the custody or possession of the healthcare providers counsel has identified.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Discovery is ongoing. Plaintiff reserves the right to amend/supplement this response at a later time should she obtain responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 9**:

Describe each ACTIVITY YOU took part in within the 24 hours before AND after the ALLEGED INCIDENT, INCLUDING ALL PERSONS who YOU were with OR communicated with in the 24 hours before AND after the ALLEGED INCIDENT AND their CONTACT INFORMATION.

**RESPONSE TO INTERROGATORY NO. 9**:

Plaintiff objects to this interrogatory on the grounds that it is impermissibly compound;  overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Absent some justification for why Defendants must know each and every single "ACTIVITY" Plaintiff engaged in for a 48-hour period over a year ago, including but not limited to contact information for every person at any commercial establishment Plaintiff may have briefly entered, the request is vastly disproportionate to the needs of the case or Defendants.

Defendants have no legitimate need for information that has no bearing on the case, including, for example, whether Plaintiff brushed her teeth in the morning or ordered takeout at night. Nor are Defendants entitled to intimate details of Plaintiff's location for the entire 24 hours prior to and following the alleged incident, absent foundation for the belief that Plaintiff's conduct in such location had bearing on the claims and defenses. Moreover, per the defined term "ACTIVITY," which includes every "action

1  Plaintiff engaged in" during the specified time period, this interrogatory requires Plaintiff to chronicle

2  every step she took. Unless Defendants can explain why such a broad category of information is relevant

3  and proportionate to their legitimate needs, such an unreasonable request is patently oppressive, harassing,

4  and intimidating.

5  Nor is this the most efficient way to obtain any information that is potentially relevant to the claims

6  and defenses in this case. As Plaintiff has disclosed information regarding potential witnesses in Plaintiff's

7  Fact Sheet (and in response to Interrogatory No. 2), such discovery is needlessly duplicative and

8  cumulative. *See* Fed. R. Civ. P. 26(2)(C) (limiting discovery when unreasonably cumulative or duplicative

9  or obtainable from some other source that is more convenient, less burdensome, or less expensive).

10  Plaintiff objects that this interrogatory lacks specificity to allow a person of reasonable intelligence

11  to determine what it is seeking. For example, is the request seeking to know whether Plaintiff got dressed

12  in the morning and contact information for every person located in the building where Plaintiff did so? Is

13  it seeking to know whether Plaintiff stopped at a coffee shop and purchased a cup of coffee and the contact

14  information of every person who was with her at the time of purchase? If so, why is this information

15  relevant and proportionate to the needs of this case? Absent greater specificity and particularity, this

16  interrogatory is too vague to answer as drafted.

17  Plaintiff objects to this interrogatory to the extent that it seeks the disclosure of information that

18  would be protected by the patient-physician, psychotherapist, and/or doctor-patient privileges. To the

19  extent this interrogatory seeks medical information not directly relevant or germane to Plaintiff's claims,

20  Plaintiff objects on the grounds of relevancy, overbreadth, and privacy. *Soto v. City of Concord,* 162

21  F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe*, 429 U.S. 589-600 (1977)). A litigant's waiver of

22  privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is

23  relevant to the lawsuit. *See, e.g., Enwere v. Terman Assocs., L.P.,* No. C 07-1239 JF (PVT), 2008 U.S.

24  Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) (citing *Doe v. City of Chula Vista,* 196 F.R.D. 562,

25  569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages "does not entitle defendants

26  to invade the whole of [the plaintiff's] medical history")). In light of privacy interests, disclosure of highly

27  confidential and sensitive medical information should only be compelled where documents concern

28  specific conditions the litigant has put directly at issue.

In contrast, as drafted, this interrogatory seeks information on every "action Plaintiff engaged in" for a 48-hour period, which could include taking prescribed medication. Thus, it potentially requires disclosure of a broad range of medical conditions and medical history that is unrelated to any physical, mental, or emotional state that Plaintiff has put at issue.

Plaintiff also object to this interrogatory to the extent it seeks information about Plaintiff's sexual conduct with individuals other than the alleged perpetrator, the information sought is unduly harassing, embarrassing, and oppressive.

Subject to and without waiving these and the general objection, Plaintiff responds as follows: Plaintiff recalls leaving her house to go hang out at a friend's house. She hung out with █████████ at his house and then got in an Uber to go back home. At the time, Plaintiff lived with ████████. See also Plaintiff's Fact Sheet; response to Interrogatory No. 2.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to amend/supplement this response at a later time should she obtain responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 10**:

Within 24 hours before the ALLEGED INCIDENT did YOU OR any PERSON involved in the ALLEGED INCIDENT use OR take any of the following substances: alcoholic beverage, marijuana, or ANY other drug or medication (prescription or not)? If so, for each PERSON, state:

   a. The name, address, AND telephone number;

   b. The nature OR description of each substance;

   c. The quantity of each substance used OR taken;

   d. The date AND time of day when each substance was used OR taken;

   e. The address where each substance was used OR taken;

   f. The name, address, AND telephone number of each PERSON who was present when each substance was used OR taken; AND

   g. The name, address, AND telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance AND the condition for which it was prescribed OR furnished.

**RESPONSE TO INTERROGATORY NO. 10**:

Plaintiff objects to this interrogatory on the grounds that it is impermissibly compound;  overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

To the extent that this interrogatory seeks information regarding Plaintiff's actions in the 24 hours prior to the alleged incident, it is duplicative of Interrogatory No. 9. Plaintiff directs Defendants to her objections and response to Interrogatory No. 9 and incorporates them by reference.

Absent justification for why Defendants must know every substance Plaintiff or another person took—extending to include non-psychoactive over the counter medication, as much as 24 hours prior to the incident, including specifics such as addresses, health care providers, and medical information not germane to the case, the interrogatory is disproportionate to the needs of the case or Defendants.

Defendants have no legitimate need for medical information that has no bearing on the case, including unrelated treatment details and prescriptions. Nor are Defendants entitled to the intimate details of Plaintiff's location for the entire 24 hours prior to the alleged incident, absent foundation for the belief that Plaintiff's conduct in such location—including substances that Plaintiff may or may not have taken—had had bearing on the claims and defenses. Unless Defendants can explain why the information is relevant and proportionate to their legitimate needs, such a broad and unreasonable request is patently oppressive, harassing, and intimidating.

Nor is this the most efficient way to obtain any information that is potentially relevant to the claims and defenses, as Defendants have the means to issue subpoenas for medical records. *See* Fed. R. Civ. P. 26(2)(C) (limiting discovery when it is unreasonably cumulative or duplicative or obtainable from some other source that is more convenient, less burdensome, or less expensive).

Plaintiff objects that this interrogatory lacks specificity to allow a person of reasonable intelligence to determine what it is seeking. More precisely, Plaintiff objects that it is vague and ambiguous as to the terms "substance," "drug," "medication," and "involved." For example, is the interrogatory seeking to understand whether anyone involved in the alleged incident had a cup of caffeinated coffee up to 24 hours before and if so every person present when the coffee was consumed? Is it seeking to know whether

anyone smoked a nicotine-containing cigarette? Does the term "involved" mean simply Plaintiff and the Uber driver, or does it mean anyone else, such as any first responder or person to whom Plaintiff spoke about the incident? Absent greater specificity, the interrogatory is too vague to answer as drafted.

Plaintiff further objects to the extent that it seeks the disclosure of information that would be protected by the patient-physician, psychotherapist, and/or doctor-patient privileges. To the extent this interrogatory seeks medical information not directly relevant or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy. *Soto v. City of Concord,* 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe*, 429 U.S. 589-600 (1977)). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is relevant to the lawsuit. *See, e.g., Enwere v. Terman Assocs., L.P.,* No. C 07-1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) (citing *Doe v. City of Chula Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages "does not entitle defendants to invade the whole of [the plaintiff's] medical history").) In light of privacy interests, disclosure of highly confidential and sensitive medical information should only be compelled where the documents concern specific conditions the litigant has put directly at issue.

In contrast, as drafted, this interrogatory seeks information regarding every single substance that Plaintiff or anyone else involved in the alleged incident took for an entire day prior to the alleged incident, including any medical conditions and prescribing treatment providers associated with each such substance. Thus, this interrogatory potentially requires disclosure of a broad range of medical conditions and medical history that is unrelated to any physical, mental, or emotional state that Plaintiff has put at issue in the present lawsuit. This is particularly true considering the request seeks information about not just Plaintiff's own conditions, but additionally anyone else "involved" in the alleged incident.

Furthermore, to the extent that this interrogatory seeks information about anyone other than Plaintiff, such as other witnesses or the Uber driver who assaulted Plaintiff, Defendants have an equal or greater ability to obtain the information as Plaintiff has and placing the burden of discovery on Plaintiff is inappropriate. *See* Fed. R. Civ. P. 26(2)(C) (limiting discovery when it is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive).

To the extent appropriate, Plaintiff objects on the basis of Fifth Amendment privilege against self-incrimination.

Subject to and without waiving these and the general objections, Plaintiff responds as follows: Unknown as to Uber's driver. As for Plaintiff, Plaintiff recalls maybe drinking a beer when hanging out at her friend's house before getting in an Uber to go back home. See also response to Interrogatory No. 9.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to amend/supplement this response at a later time should she obtain responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 11**:

Identify ANY instance of sexual misconduct, sexual harassment, AND/OR sexual assault YOU experienced at ANY time prior to OR at ANY time following the ALLEGED INCIDENT YOU allege in YOUR PLAINTIFF FACT SHEET AND/OR COMPLAINT INCLUDING the date(s) of each such event AND a summary of each such event AND ANY INJURY that YOU suffered as a result of each such event, INCLUDING ANY financial, mental, OR physical harm that YOU suffered as a result of each such event.

**RESPONSE TO INTERROGATORY NO. 11**:

Plaintiff objects to this interrogatory on the grounds that it is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Insofar as this interrogatory seeks information about Plaintiff's sexual conduct with individuals other than the alleged perpetrator, the information sought is unduly harassing, embarrassing, and oppressive. Absent justification as to why Defendants have a non-oppressive and non-harassing purpose for asking for incredibly detailed information on "ANY instance of sexual misconduct, sexual harassment, AND/OR sexual assault," Plaintiff has ever experienced, unlimited by severity or temporal proximity to the case, there is not sufficient basis to establish why the request is relevant and proportionate to the needs of the case.

This interrogatory also lack specificity and particularity sufficient to put a person of reasonable

intelligence on notice of what it seeks. Plaintiff objects that the interrogatory is vague and ambiguous as to the terms "sexual misconduct" and "sexual harassment." Requiring Plaintiff to list every incident over Plaintiff's entire lifetime puts an unreasonable and potentially incalculable burden on Plaintiff.

Nor is this the most efficient way to obtain information that is potentially relevant to the claims and defenses, as Defendants have the means to issue subpoenas for medical records. *See* Fed. R. Civ. P. 26(2)(C) (limiting discovery when it is unreasonably cumulative or duplicative or obtainable from some other source that is more convenient, less burdensome, or less expensive).

Subject to and without waiving these and the general objections, Plaintiff responds as follows: At this time, Plaintiff stands on her objections. If Defendants believe information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to amend/supplement this response at a later time with responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 12**:

Identify ALL social media AND social networking accounts, INCLUDING but not limited to Facebook, Instagram, X (formerly known as Twitter), MySpace, SnapChat, BeReal, TikTok, Threads, Bluesky, Mastodon, LinkedIn, YouTube, Twitch, Reddit, Tumblr, Pinterest, SoundCloud, MixCloud, Blogger, Yelp, Quora, AND Nextdoor, that YOU have set up OR used from 5 years prior to the ALLEGED INCIDENT to the present, INCLUDING as applicable, the username, account name, alias, AND/OR social media handle associated with each account.

**RESPONSE TO INTERROGATORY NO. 12**:

Plaintiff objects to this interrogatory on the grounds that it is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Plaintiff objects to this interrogatory on privacy and proportionality grounds to the extent it seeks information not temporally related and/or not relevant to any matter at issue in this lawsuit. Defendants "do[] not have a generalized right to rummage at will" through social media posts, especially where Defendants "ha[ve] nothing more than [their] hope that there might be something of relevance in the social media posts." *Palma v. Metro PCS Wireless, Inc.*, 18 F.Supp.3d 1346, 1347-48 (M.D. Fla. 2014). Instead,

1   Defendants must still make "a threshold showing that the requested information is reasonably calculated

2   to lead to the discovery of admissible evidence." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566,

3   570-71 (C.D. Cal. 2012) (holding social media communications are "not necessarily probative of the

4   particular mental and emotional health issues in the case" unless they bear directly on claims and issues).

5        "[D]istrict courts within the Ninth Circuit have permitted discovery of a party's social media posts

6   and information, but at least for emotional distress claims, the requests must be 'narrowed by websites or

7   platforms, time-period, and content related to the case.'" *Kellman v. Spokeo, Inc.*, No. 3:21-cv-08976-

8   WHO, 2023 U.S. Dist. LEXIS 13132, at *3 (N.D. Cal. Jan. 25, 2023) (internal citations omitted); *see also*

9   *Perez v. Directv Grp. Holdings*, No. SA CV 16-01440-MS (DFMx), 2020 U.S. Dist. LEXIS 259346, at

10   *26 (C.D. Cal. July 23, 2020) (holding a request for "virtually unfettered and unlimited access" to a social

11   media account was "overbroad as written"). Applying this rule, courts have routinely held that incredibly

12   broad requests for every single social media post that might conceivably bear on Plaintiff's emotional

13   well-being or mental state, even where such requests are temporally limited to a far more constrained and

14   relevant time period than in this interrogatory, fail "to put a 'reasonable person of ordinary intelligence'

15   on notice of which specific documents or information would be responsive to the request, and therefore

16   fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable

17   particularity." *Mailhoit*, 285 F.R.D. at 571.

18        Here, Defendants have sought an extremely broad category of information relating to Plaintiff's

19   entire social media history over a multi-year period, most of which is not proximal to the events at issue

20   and thus cannot relate to the claims, defenses, and/or the physical, mental, and/or emotional conditions

21   Plaintiff has put at issue. In short, "rather than tailor its requests, Defendants seek 'to rummage through

22   the entirety of [Plaintiff's] social media profiles and communications in the hope of concocting some

23   inference about her state of mind.'" *Mailhoit*, 285 F.R.D. at 571.

24        Absent explanation of why every social media account, handle, and/or username for an extensive

25   period of time, without restriction as to whether Plaintiff posted about matters relevant to the case, is

26   probative of claims or defenses, this interrogatory is impermissibly overbroad and oppressive.

27        Plaintiff had extensive social media accounts during the specified time period. As such, requiring

28   her to identify these accounts, particularly where the information sought is not stated with reasonable

particularity, is unduly burdensome and disproportionate to the needs of the case. Even if some negligible information about Plaintiff's claims could be gleaned from this information, the burden far outweighs the likely benefit.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After a reasonable inquiry, Plaintiff is not aware of posts about the alleged incident and/or damages arising from the alleged incident on social media accounts.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to amend/supplement this response at a later time.

DATED:  April 14, 2025                              Respectfully submitted,

                                                   **WILLIAMS HART & BOUNDAS, LLP**

                                                   */s/ Walt Cubberly*
                                                   John Eddie Williams, Jr. Esq.
                                                   Brian Abramson, Esq.
                                                   Margret Lecocke, Esq.
                                                   Walt Cubberly, Esq.
                                                   Batami Baskin, Esq.
                                                   Myles Shaw, Esq.

                                                   *Attorneys for Plaintiff*

RESPONSES TO INTERROGATORIES

**PROOF OF SERVICE**

1

2       I, the undersigned, am at least 18 years old and not a party to this action.  My business address is

3   Williams Hart & Boundas, LLP, 8441 Gulf Freeway, 6th Floor, Houston TX 77017.

4   On the date set forth below, I caused the following document(s):

5       **PLAINTIFF WHB 832's RESPONSES TO DEFENDANTS UBER TECHNOLOGIES, INC.,**

6       **RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES, SET ONE.**

7   to be served by providing a true copy thereof addressed to each of the persons named below:

8

9                                                        *Attorneys for Defendants*
                                                         Email: ratkins@paulweiss.com
10  Robert Atkins, Esq.                                         rluskey@paulweiss.com
    Randy Luskey, Esq.                                          ksmith@paulweiss.com
11  Kyle Smith, Esq.                                            jrubin@paulweiss.com
    Jacqueline Rubin, Esq.                                      jphillips@paulweiss.com
12  Jessica Phillips, Esq.                                      ycleary@paulweiss.com
    Yahonnes Cleary, Esq.                                       mpricewolf@paulweiss.com
13  Marc Wolf, Esq,                                             cgrusauskas@paulweiss.com
    Caitlin Grusauskas, Esq                                     cabbadi@paulweiss.com
14  Claire Abbadi, Esq.

15

16      BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused the above-referenced document(s)

17  to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom

18  such document(s) is/are to be served at the email address(es) shown above, as last given by that

19  person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an

20  email response upon sending such email indicating that such email was not delivered.

21      I declare under penalty of perjury under the laws of the State of California that the foregoing is

22  true and correct.

23

24  Executed on April 14, 2025

25              */s/Walt Cubberly*_____
                Walt Cubberly
26

27

28