# EXHIBIT C

John Eddie Williams, Jr. (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Sejal K. Brahmbhatt (pro hac vice)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
**WILLIAMS HART & BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: sbrahmbhatt@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com
Email: jmelugin@whlaw.com

COUNSEL FOR PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>Judge: Honorable Charles R. Breyer |
| This Document Relates to:<br><br>Plaintiff WHB 832<br>Case No. 3:24-cv- 04900 | **PLAINTIFF WHB 832's RULE 26(A)(1) INITIAL DISCLOSURES** |

**PROPOUNDING PARTY:**     Plaintiff WHB 832

**DATE OF SERVICE:**          April 30, 2025

Plaintiff WHB 832 submits the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

1

### I.     Prefatory Statement

Plaintiff's investigation in this action continues, and these disclosures reflect only the current status of Plaintiff's knowledge. Plaintiff reserves the right to supplement and/or amend her disclosures as additional information becomes known to him, including information uncovered through discovery.

Rule 26(a)(1) does not require the production of any information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or applicable doctrine with respect to all such information and documents. The inadvertent disclosure of any information or documents shall not constitute a waiver of any such privilege.

This Prefatory Statement is incorporated in its entirety into each of the following disclosures. It shall be deemed continuing as to each such disclosure, and it is not waived, or in any way limited, by the following disclosures.

### II.     Disclosures

*(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

  (1)

  **(a)** ███████████████████ **Plaintiff spoke to her generally about the incident.**

  **(b)** ███████████████████ **Plaintiff spoke to him generally about the incident.**

  **(c)** ███████████████████ **Plaintiff spoke to him generally about the incident.**

  **(d)** ███████████████████ **Plaintiff spoke to her generally about the incident.**

  **(e)** ███████████████████ **Plaintiff spoke to him generally about**

the incident.

(f) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **Plaintiff spoke to him generally about the incident.**

(g) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Plaintiff spoke to her generally about the incident.**

(2) former Agents, Directors and Employees of Defendant Uber, including, but not limited to the following individuals identified in **Exhibit A** who may be contacted by and through Uber's Counsel.

(3) Agents and employees of Defendant Uber identified in the materials produced to Plaintiff in response to the Defense Fact Sheet including but not limited to the following individuals whom may be through Uber's Counsel:

(a) ▇▇▇▇▇▇▇▇▇▇ **the Driver involved in the Subject Incident.**

(b) **Justin Gill**

(c) **Cassie Hawk**

(d) **Cam Gordon**

(4) Plaintiff believes the third parties identified in **Exhibit B** may have discoverable information concerning the matters alleged in her First Amended Complaint.

*(ii) A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

Besides the Ride Receipt, which is already in Defendants' possession, Plaintiff does not currently have any additional responsive documents within her possession, custody, or control. Plaintiff will supplement as discovery continues.

*(iii) A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which*

*each computation is based, including materials bearing on the nature and extent of injuries suffered.*

Plaintiff will retain experts to identify and estimate losses suffered by Plaintiff as a result of Defendants' actions. Plaintiff's retained experts will be designated and their opinions provided to Defendants according to the Court's applicable schedule for the disclosure of expert discovery. Disclosure prior to that time would be premature and would intrude on privileged work product. Generally, Plaintiff expects her losses to include her economic and non-economic compensatory damages, punitive and exemplary damages together with interest, cost of suit, attorneys' fees and all such other relief as the Court deems proper. At this time, Plaintiff does not seek injunctive relief, but reserves all rights to later seek such relief as appropriate under Fed. R. Civ. P. 15(b)(2) and Fed. R. Civ. P. 54(c).

*(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Plaintiff does not have any insurance policy related to this action.

Dated: April 30, 2025                                Respectfully Submitted,

**WILLIAMS HART & BOUNDAS, LLP**

/s/Walt Cubberly_____
John Eddie Williams, Esq.
Brian Abramson, Esq.
Margret Lecocke, Esq.
Walt Cubberly, Esq.
Sejal K. Brahmbhatt, Esq.
Batami Baskin, Esq.
Myles Shaw, Esq.
Joseph C. Melugin, Esq.

*Attorneys for Plaintiff*

# PROOF OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. My business address is Williams Hart & Boundas, LLP, 8441 Gulf Freeway, 6th Floor, Houston TX 77017. On the date set forth below, I caused the following document(s):

**PLAINTIFF WHB 832's RULE 26(A)(1) INITIAL DISCLOSURES**

to be served by providing a true copy thereof addressed to each of the persons named below:

*Attorneys for Defendants*

| | |
|---|---|
| Alli Brown | alli.brown@kirkland.com |
| Chris Cox | christopher.cox@kirkland.com |
| Jessica Davidson | jessica.davidson@kirkland.com |
| Jennifer Levy | jlevy@kirkland.com |
| Rupal Joshi | rupal.joshi@kirkland.com |
| Sabrina Strong | sstrong@omm.com |
| Jonathan Schneller | jschneller@omm.com |
| Joshua Revesz | jrevesz@omm.com |
| Louis Fisher | lfisher@omm.com |
| Shook Hardy | UberMDLService@listserv.shb.com |

BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 30, 2025

/s/Walt Cubberly_____
Walt Cubberly