ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>SEE ECF 5279-2 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Date:       March 27, 2026<br>Time:       10:00 a.m.<br>Courtroom:  6 – 17th Floor |

**MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with Amended PTO 10, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to submit the required certification that all responsive records have been uploaded or that no such records exist. ECF 5579. These Plaintiffs' noncompliance with the Court's order impairs Uber's ability to defend itself in this MDL and adequately investigate the claims against it under the immense time pressure of an MDL. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice. *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Nothing in Plaintiffs' oppositions alters this conclusion. A number of the Plaintiffs subject to the Motion, as identified in the section below, have not responded and can therefore can be deemed to have consented to the relief it seeks. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Some of the Plaintiffs represent that they have belatedly submitted the required records confirmation since the filing of the Motion. ECF 5412 at 1; ECF 5420 at 1; ECF 5452 at 2; 5459 at 6; ECF 5461 at 5. Uber has confirmed that many of these Plaintiffs have in fact made these submissions, and therefore withdraws its Motion as to them, although it reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' late submissions. Other Plaintiffs assert that Uber's motion presents a discovery dispute for the magistrate, ECF 5461 at 2, but courts have recognized that Rule 37 motions like this one are not discovery motions, *e.g., Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011), and the Magistrate expressly found this issue was not properly before her. ECF 5415. Some Plaintiffs suggest that Amended PTO 10's records confirmation requirement does not apply to

them, ECF 5461 at 3-5, but on its face PTO 10 contains no exemptions. Other Plaintiffs subject to the motion dispute the application of the *Malone* factors (ECF 5418; ECF 5420) but, as set forth in Uber's Motion, those factors favor the dismissal of Plaintiffs' claims without prejudice. Finally, some Plaintiffs simply ask for more time to comply. ECF 5459 at 6. This request is untimely and unsupported and an extension would be futile in light of Plaintiffs' lengthy period of non-compliance.

## ARGUMENT

**I.  The Plaintiffs who have not responded to Uber's motion should be deemed to have consented to the relief sought.**

A number of Plaintiffs have not responded to Uber's Motion, either by filing an opposition or submitting the required records confirmation:

| MDL ID | Case Number |
|---|---|
| 1214 | 3:23-cv-05870 |
| 1996 | 3:24-cv-5190 |
| 3470 | 3:24-cv-8177 |
| 2719 | 3:24-cv-8614 |
| 3685 | 3:25-cv-05393 |
| 4154 | 3:25-cv-08523 |
| 4262 | 3:25-cv-08817 |
| 4144 | 3:25-cv-09315 |

"Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure produce the required records confirmation by failing to timely oppose Uber's Motion, it should be granted as to those Plaintiffs.

**II.  Uber withdraws its motion as to the Plaintiffs who have belatedly submitted the required records confirmation and the Plaintiffs whose claims have now been dismissed without prejudice on other grounds.**

Several hundred Plaintiffs belatedly submitted the required records confirmation *after* Uber filed its Motion. These Plaintiffs have not offered any excuse for their late submissions, nor any

apology for the failure to comply with this Court's order, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber has confirmed that these Plaintiffs have made records confirmation submissions and therefore withdraws its motion as to these Plaintiffs, although it reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions. Given the volume of these Plaintiffs, Uber does not list them here but rather submits with this Reply an Amended Proposed Order excluding these Plaintiffs from its request for dismissal without prejudice.[1] Uber reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiffs or their counsel for continued disregard of this Court's orders.

Seven Plaintiffs claimed in their Oppositions that they had cured their noncompliance by submitting the appropriate records confirmation. ECF 5457. To the contrary, the MDL Centrality system shows that six of these Plaintiffs did not submit a records confirmation at all: Williams, No. 3:24-cv-00114; H.L., No. 3:24-04526; A.T., No. 3:24-05592; L.L., No. 3:25-03742; R.A., No. 3:25-cv-05361; and N.B., No. 3:25-cv-09061. Supporting Declaration of Michael B. Shortnacy ("Shortnacy Decl.") ¶ 3. The seventh Plaintiff, R.S., No. 3:24-cv-03607, submitted a records confirmation form, but it is blank and lacks any information, making it non-compliant with the Court's requirement. *Id.* Accordingly, Uber renews its request that the Court grant its Motion as to each of these Plaintiffs.

**III.  Uber's Motion is properly before this Court.**

Some Plaintiffs argue that "this is a discovery dispute that should be presented to Magistrate Judge Cisneros." ECF 5461 at 2. But their own briefing shows that is not the case, as they spend pages arguing about the meaning of this Court's Amended PTO 10. *Id.* at 3-5. That is not a discovery issue but a matter of interpretation, and "district courts are in the best position to interpret their own orders." *N. Cent. Distrib., Inc. v. Bogenschutz*, No. 1:17-cv-01351, 2019 WL 1004843, at *6 n.2 (E.D. Cal. March 1, 2019) (*quoting JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.,* 359 F.3d 699, 705 (4th Cir. 2004)). In addition, Uber has brought this motion under Rule 37 seeking dismissal for Plaintiffs failure

---

[1] As reflected in the Amended Proposed Order, Uber also withdraws its Motion as to three pro se Plaintiffs that did not receive a Notice of Deficiency because they lacked access to MDL Centrality. Uber has now mailed the appropriate Notice to these Plaintiffs and will file a new motion in the future should their non-compliance with Amended PTO 10's records confirmation requirement continue.

3
DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10
Case No. 3:23-MD-3084-CRB

to comply with a court order. ECF 5579. Courts have recognized that a motion "pursuant to Rule 37" is "not a discovery motion." *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). This Court's referral to the Magistrate was limited to "ALL DISCOVERY PURPOSES." ECF 66. Indeed, when Plaintiffs attempted to bring this same issue before the Magistrate, she ruled that "such issues are for Judge Breyer to resolve unless and until they are referred to this Court." ECF 5415.

### IV. Amended PTO 10 does not provide for any exceptions to the requirement that Plaintiffs confirm that they have produced the required records or that no records exist.

Some Plaintiffs assert that "Amended PTO 10 does not require Plaintiffs to complete MDL Centrality certification of the status of records." ECF 5461 at 3. Interestingly, this is a point as to which not all Plaintiffs agree. Other Plaintiffs have acknowledged that "the court created procedures and deadlines to produce a certification form with or without medical records," ECF 5459 at 5, that such certifications are "necessary" or "mandated" by PTO 10, ECF 5412 at 1; ECF 5452 at 2, or that they are "required." ECF 5418 at 2; ECF 5420 at 1. But the Plaintiffs represented by Chaffin Luhana take the position that "[t]he requirement in Amended PTO 10 for Plaintiffs to produce confirmation through MDL Centrality only applies when a Plaintiff represented the existence of medical or therapy records." ECF 5461 at 4.

Chaffin Luhana's position is contrary to the plain language of Amended PTO 10,[2] which states that "[w]ithin 30 days of this Order, or from the deadline to submit a completed PFS, whichever is later, counsel will confirm via MDL Centrality that all records have been uploaded, ordered by Plaintiffs' counsel (including using a third-party ordering service), or that no records exist." ECF4287 at 4. This language does not include any exceptions for any Plaintiffs and indeed expressly contemplates that Plaintiffs will provide the confirmation even if "no records exist." *Id.* Indeed, where responsive documents do not exist, such a confirmation is all the more important, so Uber and this Court both have assurance that Plaintiffs have made the required reasonable effort to locate them, but

---

[2] The position is also contrary to Plaintiffs' established practice, as several hundred Plaintiffs—including several dozen represented by Chaffin Luhana—have produced records certifications despite answering "no" to PFS questions about whether they had law enforcement or health care contact.

could not. *See ABN Corp. v. Groupe PELM Int'l Corp.,* No. 23-cv-00004 (LJC), 2025 WL 2978710, at *5 (N.D. Cal. Sept. 17, 2025). Otherwise, Uber and the Court would be left unable to track what, if anything, Plaintiffs have done to investigate and comply with their production obligations. But regardless, because the plain language is clear, Plaintiffs should not be permitted to read in exceptions that PTO 10 simply does not provide. *See U.S. ex rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181, 1188 (9th Cir. 2001). This Court could have said, as the Chaffin Luhana Plaintiffs apparently would prefer, that only some subset of Plaintiffs is required to confirm via MDL Centrality that it has produced all relevant records or that none exist, but the Court did not do so. "Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *La Clinica de la Raza v. Trump,* No. 19-cv-4980, 2020 WL 7053313, at *6 (N.D. Cal. Nov. 25, 2020).

This Court should enforce the plain language of Amended PTO 10 and dismiss without prejudice the cases of those Plaintiffs who have refused to comply with the Order's records confirmation requirement.

## V. The *Malone* factors support dismissal with prejudice.

### A. The public's interest in expedition resolution of the litigation and the Court's need to manage its docket favor dismissal.

Those Plaintiffs who address the first two *Malone* factors (the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket) essentially argue those factors should be ignored because Plaintiffs' failure to comply with the Court's order "can be endured" and has not rendered the Court's docket "unmanageable." ECF 5418 at 3; ECF 5420 at 3. Plaintiffs cite one case in support of their argument, *id.*, but that case did not hold that courts must endure violations of their orders until their dockets become unmanageable. Instead, the Ninth Circuit in that case actually found that the first two Malone factors **favored** dismissal for failure to prosecute and affirmed the dismissal of plaintiff's case. *In re Eisen*, 31 F.3d 1447, 1451-52 & 1456 (9th Cir. 1994).

Some Plaintiffs also argue that the failure to comply with court orders is not "unreasonable" because, considering all Plaintiffs in this MDL, "over 82% of the records have been produced at the

time of filing this opposition, and the remainder will be produced in short order." ECF 5418 at 3. But all of the Plaintiffs have to comply with this Court's orders, not just 82% of them. The Plaintiffs at issue here cannot ignore their discovery obligations just because other Plaintiffs represented by the same attorneys have complied with their obligations, any more than Uber could refuse to provide a Defendant Fact Sheet as to one Plaintiff because Uber has already done so with regard to others. Plaintiffs' cases remain "fundamentally separate actions" even where they share attorneys. *In re Korean Air Lines Co.*, Ltd., 642 F.3d 685, 700 (9th Cir. 2011). Plaintiffs have individual discovery obligations and cannot take advantage of being in an MDL to avoid them. *See Sanchez v. Autozone, Inc.,* No. 14-cv-1347, 2018 WL 6137165, at *5 (C.D. Cal. March 27, 2018). As the Court put it in *Holley v. Gilead Sciences, Inc.*, MDLs "are not class actions. You have 1,000 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate a thousand individual cases. There it is. That's a burden you willingly accepted because you thought it was a good strategy and, because you're a profit-making enterprise, you thought you would make more money that way, I guess." No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24.

In fact, this Court has recognized that the public's interest in expedition resolution of litigation "always favors dismissal" and that the Court's need to manage its docket also favors dismissal where, as here "Plaintiff has repeatedly failed to comply with court orders, causing both the Court and counsel for the opposing party to expend time and resources to no productive end." *Bell v. Walmart, Inc.,* No. 25-cv-08113, 2026 WL 458141, at *1 (N.D. Cal. Feb. 18, 2026). Dismissal is appropriate under the first two factors of the *Malone* test.

### B. The prejudice to Uber from Plaintiffs' noncompliance supports dismissal.

Those Plaintiffs who address the third *Malone* factor argue that their failure to comply with Amended PTO 10 does not "impair [Uber's] ability to go to trial or threaten to interfere with the rightful decision of the case." ECF 5418 at 4; ECF 5420 at 3. But the Ninth Circuit has recognized that "there is a rebuttable presumption of prejudice to defendants from a plaintiff's unreasonable delay" in litigating a case. *Lundquist v. United States,* No. 21-55908, 2022 WL 1639659, at *2 (9th Cir. May 24, 2022). Plaintiffs delay of several months (and counting) in submitting the records confirmation is

unreasonable. *See Temujin Labs Inc. v. Translucence Rsch., Inc.,* No. 21-cv-09152, 2025 WL 277402, at *2 (N.D. Cal. Jan. 23, 2025) (three month delay unreasonable); *Haag v. Macomber,* No. 5:24-cv-01907, 2025 WL 20562, at *1 (C.D. Cal. Jan 2, 2025) (two month delay unreasonable). And Plaintiffs do not rebut the presumption of prejudice, but rather cite only to cases that actually **affirmed** dismissal in whole or in part. *PPA,* 460 F.3d at 1252; *Malone,* 833 F.2d at 134. Plaintiffs argue that *PPA* is distinguishable because the failure to submit a PFS in that case prevented other discovery deadlines from being triggered (ECF No. 5420 at 3-4), but the court in *PPA* did not rely on that fact at all. Rather, the court stated that "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA,* 460 F.3d at 1227. Without even discussing any delay to other discovery triggers, the court approved the district court's reasoning that:

> unreasonable delay in completing Fact Sheets prejudiced the defendants' ability to proceed with the cases effectively…. [T]he purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and… without this device, a defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint…. Allen's and Anderson's inability or unwillingness to furnish the information requested in a timely fashion was not excusable…. Failure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records.

*Id.* at 1234. The same is true here. The Plaintiffs' failure to comply with Amended PTO 10 by confirming that they have produced all responsive records or the records do not exist has prejudiced Uber's overall ability to defend itself by denying it substantive information about the individual plaintiffs or their injuries outside the allegations of their complaints. *See Bextra*, 2007 WL 136625, at *1. And as set forth above, Uber and this Court need to know that, if Plaintiffs have not produced responsive documents, they have at least made a reasonable effort to locate them. *See ABN Corp.,* 2025 WL 2978710, at *5. The prejudice to Uber is particularly acute given that it must prepare to defend thousands of cases in a short time frame. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). By failing to timely submit information that should be readily available to them, Plaintiffs are unfairly depriving Uber of time it needs to prepare its defenses in this complex litigation.

**C. The general preference for disposition on the merits is outweighed in this case and dismissal is not too drastic a sanction.**

Although Plaintiffs correctly state that disposition on the merits is generally preferred (ECF 5418 at 4-5; ECF 5420 at 4), in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC,* No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am – Loc. 872.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits").

And despite Plaintiffs contrary arguments (ECF 5418 at 5; ECF 5420 at 5), dismissal is not too drastic a sanction in this case. As set forth in Uber's Motion, each of the Plaintiffs at issue received notice of their obligation to confirm that they have produced all relevant records or that the records do not exist from Amended PTO 10 itself. ECF 5579 at 3. They did not comply with that obligation. *Id.* Uber then served them with a Notice of Overdue Discovery and gave them an additional thirty days to comply. *Id.* Still they did not do so. *Id.* Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson v. United States*, 116 F.3d 484, 484 (9th Cir. 1997); *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber is not even requesting dismissal with prejudice of Plaintiffs' cases despite their long-term non-compliance with this Court's order and previous warnings but rather seeks only dismissal without prejudice. This is, in fact, a less drastic sanction than is warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit court ordered documents, which would be contrary to law and highly prejudicial to Uber.

**VI.    Plaintiffs have not shown good cause for an extension of Amended PTO 10's deadline.**

Cutter Law P.C. requests that it "be given additional time to produce the information required, as [Cutter Law claims it] continues to follow up in various methods to locate the remaining missing

information for the other named Plaintiffs." ECF 5459 at 6. But the time to seek an extension of a Court-ordered deadline is before it passes, not after. *See Synapsis, LLC v. Evergreen Data Sys., Inc.,* No. 05-cv-1524, 2006 WL 2884413, at *2 (N.D. Cal. Oct. 10, 2006) (party's options were to comply with court order or "present the problem to the Court with a request for additional time within which to comply. Simply ignoring the prior order was not an acceptable option."). And any such request must be supported by good cause and not just vague platitudes about the desire to comply. *See Effinger v. Ancient Organics LLC,* No. 22-cv-03596, 2024 WL 3643395, at *3 (N.D. Cal. Aug. 2, 2024). Moreover, whereas here a party has demonstrated a "pattern of refusing to respond to opposing counsel or adhere to Court orders," any extension would be futile. *Buccola v. Boucher,* No. 2024 WL 4584035, at *3 (N.D. Cal. Oct. 24, 2024). Plaintiffs have been given every opportunity to comply with Amended PTO 10's record confirmation requirement and have failed to do so, such that dismissal without prejudice is appropriate.

## CONCLUSION

Plaintiffs have failed to comply with PTO 10's requirement that they submit a confirmation that all responsive records have been produced or no such records exist. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims without prejudice.

Dated: March 16, 2026                                SHOOK, HARDY & BACON L.L.P.

                                                     By: */s/ Michael B. Shortnacy*

                                                     MICHAEL B. SHORTNACY (SBN: 277035)
                                                     mshortnacy@shb.com
                                                     2121 Avenue of the Stars, Suite 1400
                                                     Los Angeles, CA 90067
                                                     Telephone: (424) 285-8330
                                                     Facsimile: (424) 204-9093

                                                     *Attorney for Defendants*
                                                     UBER TECHNOLOGIES, INC.,
                                                     RASIER, LLC, and RASIER-CA, LLC