Allison M. Brown (Admitted Pro Hac Vice)
alli.brown@kirkland.com
Jessica Davidson (Admitted Pro Hac Vice)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted Pro Hac Vice)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

Attorneys for Defendants
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO CONVERT ORDER OF DISMISSAL WITHOUT PREJUDICE TO ORDER OF DISMISSAL WITH PREJUDICE** |
| This Document Relates to: | |
| *T.K. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06734-CRB | Date: May 8, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |
| *S.S. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07149-CRB | |

1

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONVERT ORDER OF DISMISSAL
WITHOUT PREJUDICE TO ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. 3:23-MD-3084-CRB

1    Plaintiffs' Response to Defendants' Motion to Convert Order of Dismissal Without Prejudice
2    to Order of Dismissal With Prejudice (ECF 5460) misstates the basis for which they were included in
3    Defendants' Motion (ECF 5287). Plaintiffs state that they filed timely notices of dismissal without
4    prejudice, but pursuant to Amended PTO 10 (ECF 4287), whether a plaintiff files a notice of dismissal
5    without prejudice is irrelevant to their eligibility for inclusion in a motion to convert. ECF 4287 at 8-
6    9.

7    Amended PTO 10 allows Uber to move to convert a dismissal without prejudice to a dismissal
8    with prejudice after 30 days have passed from the entry of the dismissal without prejudice. *Id.* at 8-9.
9    Plaintiffs are generally required by this Court's orders of dismissal without prejudice to file notices of
10   dismissal within 14 days of such orders, but Uber can file a motion to convert regardless of whether
11   plaintiffs file such notices. The mere filing of a notice of dismissal does nothing to cure a plaintiff's
12   non-compliance with Amended PTO 10 or otherwise insulate them from conversion to dismissal with
13   prejudice.

14   Here, Defendants included Plaintiff T.K. and Plaintiff S.S. in their Motion to Dismiss Cases
15   for Failure to Comply with Amended PTO 10 (ECF 5287) because each had failed to timely submit a
16   PFS pursuant to Amended PTO 10. On January 12, 2026, this Court entered an order (4979) dismissing
17   without prejudice those Plaintiffs identified in Uber's Motion to Dismiss, including Plaintiff T.K. and
18   Plaintiff S.S. Pursuant to ECF 4979, Plaintiff T.K. and Plaintiff S.S. filed their respective notices of
19   dismissal on January 26, 2026, though Plaintiff S.S.'s was filed on the individual docket, not in the
20   MDL docket as required by this Court. *See* ECF 4658.

21   Per Amended PTO No. 10, Plaintiffs' deadline to either complete and submit a PFS or move
22   to vacate the dismissal was February 11, 2026. Uber filed its Motion to Convert as to Plaintiff T.K.
23   and Plaintiff S.S. on February 23, 2026.

24   Neither Plaintiff T.K. nor Plaintiff S.S. has submitted a PFS and each remains noncompliant
25   with Amended PTO 10. That fact is as true today as it was when Uber filed its Motion to Convert.
26   Neither was included in Uber's Motion to Convert in error. To the contrary, Plaintiffs are in error for
27   arguing their notices of dismissal are sufficient basis to preclude conversion to dismissal with
28

prejudice. That argument misconstrues their obligations under Amended PTO 10 and conflates their filing notices of dismissal with timely submission of a PFS.

For the foregoing reasons, Defendants respectfully request this Court grant Defendants' Motion to Convert.

Dated: March 16, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC