**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>*J.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05719 -CRB | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

Plaintiff J.M., by and through her counsel of record, respectfully submits this Response to the Court's Order to Show Cause Regarding Uber's Motion to Dismiss Cases for Failure to Comply with Amended PTO 10.

**I.      INTRODUCTION**

1.   Upon request in Defendants' Motion to Dismiss Cases for Failure to Comply with Amended PTO 10 (the "Motion"), this Court issued an Order to Show Cause for Plaintiff J.M. as to "how her PFS deficiencies were cured and why her case should not be dismissed without prejudice." Docket No. 5455. Plaintiff respectfully submits this response and accompanying Declaration of Sommer Luther.

2. After a meeting with Plaintiff J.M. on February 2, 2026, counsel intended to produce a compliant PFS and its verification. Due to an internal administrative error within counsel's firm, only the PFS verification was filed at that time. Upon discovery of this clerical oversight, Plaintiff's counsel immediately corrected the oversight and filed the compliant PFS corresponding to the verification from February 2, 2026 on March 10, 2026.

## II.   PROCEDURAL HISTORY

3. Plaintiff J.M.'s PFS, signed Verification, and signed Authorizations were originally produced via MDL Centrality on July 21, 2025.

4. On August 14, 2025, a PFS Deficiency Notice was received through MDL Centrality.

5. Plaintiff's First Amended Fact Sheet was produced on September 12, 2025.

6. Uber sent an email on January 20, 2026 to set up a meet and confer for Plaintiffs' failure to serve productions responsive to PFS question 15a. No additional PFS Deficiency Notice was uploaded to MDL Centrality.

7. In response, counsel met and conferred with Defendants on January 26, 2026.

8. During this meet and confer, the parties reached an agreement in good faith, despite a PFS technicality both sides disagree over.

9. Question 15 on the PFS states, "Did You communicate with the Driver in a written form outside of the Uber App, including text messages, social media messages or email?" To which Plaintiff J.M. answered "Yes."

10. Question 15a states, "If you answered yes to this question, please provide all of these communications to your lawyer for production."

11. Plaintiff J.M. is unable to produce these communications.

12. Uber believes that because the PFS does not provide an explicit mechanism for plaintiffs to explain why such productions may be unavailable, that Plaintiffs must sign a verified, amended PFS

explaining the lack of production for Question 15 in Question 20 (which calls for a description of the Incident).

13. Counsel for J.M. stated that she does not believe she is required to produce anything under Question 15, if nothing is able to be produced. However, in the spirit of cooperation, Plaintiff's counsel agreed to amend Plaintiff J.M.'s PFS with the fact she would not be able to produce the productions for Question 15 in Question 20 as a compromise.

14. On January 29, 2026, Plaintiff J.M.'s PFS was amended to reflect why she could not produce the communications in 15a into Question 20. This reflected the agreement contemplated during the meet and confer from January 26, 2026.

15. On February 2, 2026, Plaintiff J.M. signed the updated PFS verification. See Exhibit A.

16. That same day, Wagstaff Law Firm filed the February 2, 2026, verification but failed to file the updated PFS due to an internal administrative error.

17. Two days later, Uber filed its Motion to Dismiss Plaintiff J.M.'s case for failure to follow PTO 10 on February 4, 2026. Uber moved to dismiss this case, before notifying counsel for J.M., despite the good faith efforts and compromise of the meet and confer regarding this specific issue.

18. It was not until February 20, 2026, that counsel for Uber notified counsel for J.M. that J.M.'s PFS had not been filed with the verification form.

19. Despite meeting and conferring with Uber's counsel almost weekly regarding PFS and DFS deficiencies, counsel for J.M. missed Uber's email highlighting the error.

20. Once the error was discovered by Plaintiff's counsel on March 10, 2026, the amended PFS from February 2, 2026, was filed, correcting the administrative error.

## II.   ARGUMENT

a. *The Court should deny the Motion to Dismiss because Plaintiff J.M. is compliant with PTO 10, and a delay in her amended PFS was a clerical error that should not prejudice her.*

Case 3:23-md-03084-CRB   Document 5536   Filed 03/16/26   Page 4 of 7

21. Plaintiff J.M.'s Complaint should not be dismissed because her failure to attach the amended Plaintiff Fact Sheet ("PFS") to her timely verification filing was the result of administrative error rather than a lack of J.M.'s diligence. While Plaintiff acted in good faith by executing her amended PFS and verification prior immediately after the meet and confer, a clerical error resulted in the verification being uploaded to MDL Centrality in isolation. Counsel corrected this oversight immediately upon discovery. Here, dismissal is an inappropriately harsh and an inequitable sanction where the Plaintiff has acted in good faith, the delay is minimal, and the Defendant suffers no prejudice.

   b. *The failure to Attach the PFS was a singular Administrative Oversight*

22. Plaintiff J.M. has demonstrated consistent, good-faith efforts to comply with the requirements of PTO 10. She amended her PFS on January 29, 2026, and provided a signed verification by February 2, 2026, demonstrating a coordinated effort to move expeditiously. Due to an inadvertent administrative error, only the verification was uploaded to MDL Centrality on February 2. Counsel remained under the mistaken, but good-faith, impression that the deficiency had been cured when responding to the Motion to Dismiss. Upon discovering the error on March 10, 2026, Counsel immediately corrected the issue by uploading the compliant PFS it already had in its possession.

23. Counsel was under the incorrect impression that amended PFS was filed in February when responding to Uber's Motion to Dismiss Plaintiff J.M.'s complaint.

24. When the error was discovered on March 10, 2026, the issue was immediately corrected and the compliant PFS was uploaded to MDL Centrality.

25. Plaintiff J.M.'s timely verification filing demonstrates good faith compliance. As soon as the error was discovered, the issue was corrected. Plaintiff J.M. would be prejudiced if her claim is dismissed due to an administrative error.

26. Under PTO 10, Plaintiff J.M.'s PFS and verifications have been timely. Due to a good faith compromise on behalf of her counsel with Uber, Uber now seeks sanctions against Plaintiff J.M despite

4
PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10, CASE NO. 3:25-CV-05719

the fact she complied with the timeliness of these compromises despite an oversight not contemplated by the specific language within the PFS.

27. As seen throughout the procedural history, Plaintiff J.M. has good faith compliance with PTO 10, she has engaged and followed PTO 10, and her signature on the verification evidences her commitment to compliance with PTO 10.

28. Plaintiff J.M. is aware of and actively participating in the litigation requirements and she provided additional information to counsel to complete all documentation. Clearly, the failure here was clerical.

29. This is further evidenced by Plaintiff J.M.'s continuation of updating her PFS despite multiple PFS deficiencies filed by Uber.

30. Additionally, Plaintiff J.M.'s verification date shows a coordinated effort between Plaintiff and her counsel to move expeditiously.

31. Given the circumstances, Plaintiff J.M. should not be barred from relief in her case given the severity of her claims versus a filing attachment mistake by her representatives.

32. Plaintiff J.M. would be severely prejudiced, whereas the opposing party faces no prejudice whatsoever, especially considering the fact this was a good faith compromise of a debated PFS issue through no fault of J.M.

33. Given the next wave of bellwethers for selection are not even scheduled yet, this has no impact on judicial proceedings.

34. Plaintiff J.M. was not the reason for the delay, in fact her cooperation was immediate as referenced by her verification date.

35. Plaintiff J.M. clearly acted in good faith.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court DENY Uber's Motion to

Dismiss Plaintiff J.M.'s Complaint.

Dated: March 16, 2026

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: March 16, 2026

*/s/ Sommer D. Luther*
**SOMMER D. LUTHER**