**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>*J.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05719 -CRB | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

I, Sommer D. Luther, declare as follows:

1. I am an attorney at Wagstaff Law Firm appearing *Pro Hac Vice* in this matter. I am counsel of record for all filed Wagstaff claimants. I have personal knowledge of the matters set forth herein, and if called to testify, I would testify competently to the information below.

2. This declaration is made in support of Plaintiff's Response to Order to Show Cause Regarding Motion to Dismiss Cases for Failure to Comply with Amended PTO 10.

3. Plaintiff J.M.'s PFS, signed Verification, and signed Authorizations were originally produced via MDL Centrality on July 21, 2025.

4. On August 14, 2025, a PFS Deficiency Notice was received through MDL Centrality.

5. Plaintiff's First Amended Fact Sheet was produced on September 12, 2025.

6. Uber sent an email on January 20, 2026 to set up a meet and confer for Plaintiff's failure to serve productions responsive to PFS question 15a. No additional PFS Deficiency Notice was uploaded to MDL Centrality.

7. Counsel met and conferred with Defendants on January 26, 2026.

8. During this meet and confer, counsels disagreed but reached a compromise in good faith on behalf of Plaintiff J.M. Uber believed that Plaintiff J.M. must update Question 20 to incorporate the fact she cannot produce documents under Question 15a and why or the PFS is not complete. Plaintiff's counsel stated that there is no requirement within the PFS for such production if there is nothing to produce. Nevertheless, Plaintiff's counsel agreed to have Plaintiff J.M. amend her PFS with its corresponding verification.

9. Plaintiff J.M.'s PFS was amended on January 29, 2026 to include that she could not produce communications in Question 15a and her reason for it, into Question 20.

10. My firm received Plaintiff's signed verification on February 2, 2026.

11. Plaintiff's signed verification was uploaded to MDL Centrality on February 2, 2026. Plaintiff's amended PFS was erroneously not attached.

12. Uber filed its motion to dismiss Plaintiff J.M.'s complaint under PTO 10 on February 4, 2026.

13. Counsel was under the impression that the PFS had been filed when responding to Uber's Motion to Dismiss Plaintiff J.M.'s complaint.

14. Counsel for Uber notified Plaintiff's counsel of the lack of PFS attachment on February 20, 2026.

15. It was not until March 10, 2026 that my firm noticed this administrative error on Plaintiff J.M.'s behalf. The amended PFS corresponding with the verification from February 2, 2026 was uploaded to MDL Centrality that same day.

16. I declare under penalty of perjury that the foregoing is true and correct.

1  Dated: March 16, 2026

Respectfully submitted,

/s/
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff J.M.*