**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | **WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | Judge:        Hon. Charles R. Breyer |
| *J.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09790-CRB | Courtroom:    6 – 17th Floor |
| *K.C. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09794-CRB | Date:         May 8, 2026<br>Time:         10:00 a.m.<br>Courtroom:    6 – 17th Floor |
| *A.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09818-CRB | |
| *E.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09824-CRB | |
| *JA.M.. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09965-CRB | |
| *JE.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09971-CRB | |
| *A.F. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09768-CRB | |
| *B.D. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10369-CRB | |
| *AN.C. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10403-CRB | |

*J.T. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10434-CRB

*K.L. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10472-CRB

*J.H. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10624-CRB

*B.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10627-CRB

*M.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10650-CRB

*AP.P. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10659-CRB

*Sha.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10714-CRB

*JE.H. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10742-CRB

*NE.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10743-CRB

*H.I. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10745-CRB

*LU.L.. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10746-CRB

*JA.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10749-CRB

*SH.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10774-CRB

*N.MP. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10776-CRB

*AL.H. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10777-CRB

*K.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10778-CRB

*R.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10781-CRB

*D.A. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10856-CRB

2

*C.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10857-CRB

Comes now, the above captioned plaintiffs and their Counsel in Response to Uber's Motion to Dismiss. Plaintiffs respectfully request this Court *deny* all requests.

## I. INTRODUCTION

On March 4, 2026, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a Plaintiff Fact Sheet ("PFS") in connection with Amended Pretrial Order ("PTO") 10. ECF No. 5382. Counsel acknowledges and understands that under PTO 10, the Court has created procedures and deadlines to produce a PFS. Counsel has and continues to diligently comply with discovery obligations.

## II. ARGUMENT

### a. *Plaintiff B.D. has complied with Amended PTO 10.*

Plaintiff B.D. has complied with the Court's directives. Specifically, the completed PFS were produced to Defendants on March 4, 2026, through the MDL Centrality portal, the same day Defendants filed the Motion. Due to the incident, a separate criminal action was filed with plaintiff as the named victim. Plaintiff required extra support in order to complete her PFS due to the overwhelming nature of both the civil and criminal litigations.

Because the PFS for Plaintiff B.D. was submitted and discovery obligations are now satisfied, Plaintiff B.D. should be excluded from Defendants' Motion, as any deficiencies with respect to Plaintiffs' obligations have been cured.

Plaintiffs' Counsel notified Defendants on of B.D.'s compliance through its "Supplement to Motion to Withdraw as Counsel for Plaintiff B.D." filed March 4, 2026. ECF No. 2407. This Court denied Plaintiff's previous Motion to Withdraw as Counsel as moot on March 6, 2026. ECF No. 5448.

### b. *Plaintiff J.G. has complied with Amended PTO 10, <u>despite his incarceration</u> and Uber has agreed to remove Plaintiff J.G. from its Reply to its Motion to Dismiss.*

Plaintiffs' Counsel notified Defendants on March 17, 2026, of J.G.'s compliance and requested Uber withdraw its pending Motion to Dismiss given the inherent difficulties of locating an incarcerated individual, securing discovery from incarcerated plaintiffs, the challenges of coordinating legal communication within a correctional setting, and curious administrative guidance and delays encountered at the facility level. Defendants confirmed on March 18, 2026 that Plaintiff J.G. would be removed from the final list that Uber will file in support of its Reply.

On February 18, 2026, it was discovered that Plaintiff J.G. was incarcerated at Sagamon Prison. That same day, a call was placed to the Prison to set up a call with the client to complete the PFS. After multiple transfers, the admin team of the jail advised that they would give J.G. the firm's phone number and have him call the firm. Given the inherent skepticism of such advice in a correctional setting, Counsel continued to monitor the situation and initiated a follow-up call on March 3, 2026, only to be met with further administrative delays regarding the availability of coordinating officers. The prison advised that the two officers who coordinate calls for out of state firms were out of office until March 5, 2026. On March 9, 2026, Plaintiff J.G. contacted undersigned counsel's office to advise that he is now at the Family Guidance Center and can receive mail. Counsel completed the PFS with Plaintiff J.G. by phone on Monday, March 16 and Plaintiff J.G.'s PFS and related documents were produced on March 17, 2026.

### c.   Counsel has attempted to withdraw from Plaintiff N.MP.'s and K.B.'s cases

Plaintiff's counsel has already addressed some of the issues raised in this motion in Plaintiffs motions to withdraw as counsel for N.MP. and K.B., ECF No. 5213 and 5214, which the court denied. ECF No. 5446 and 5447.

After initial contact with N.MP., counsel lost contact with the client at the beginning of 2026. Since losing contact, we attempted to contact the client on at least nine different occasions, none of which has elicited a response from the client. To date, N.MP. has not agreed to voluntarily dismiss her claim and has not contacted our firm in any respect.

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10. CASE NO. 3:23-MD-03084-CRB

After initial contact with K.B., counsel lost contact with the client in the winter of 2025. Since losing contact, we attempted to contact the client on at least 27 different occasions, none of which has elicited a response from the client. To date, K.B. has not agreed to voluntarily dismiss her claim and has not contacted our firm in any respect.

### d. Plaintiffs JA.M., JE.M., and H.I. have voluntarily dismissed their cases

Plaintiff JA.M. advised counsel of her intent to voluntarily dismiss this action on January 22, 2026. Plaintiff's Notice of Voluntary Dismissal was filed March 18, 2026, ECF No. 5546.

Plaintiff JE.M. advised counsel of her intent to voluntarily dismiss this action on December 30, 2025. Plaintiff's Notice of Voluntary Dismissal was filed March 18, 2026, ECF No. 5547.

Plaintiff H.I. advised counsel of her intent to voluntarily dismiss this action on January 2, 2026. Plaintiff's Notice of Voluntary Dismissal was filed March 18, 2026, ECF No. 5548.

### e. Counsel continues to attempt to reach Plaintiffs K.C., A.W., E.M., A.F., AN.C., J.T., K.L., J.H., B.G., M.R., AP.P., Sha.R., JE.H., NE.R., LU.L., JA.R., SH.B., AL.H., R.R., D.A., C.J.

Uber wrongly presents this issue as one of refusal by the clients to fill out a Plaintiff Fact Sheet, as if they were unwilling to comply with the Court's Orders. However, this is not the case. The clients are not unwilling; our firm has been unsuccessful in obtaining current contact information to reach them to comply with this Court's orders. We acknowledge and understand that under Amended PTO 10, the Court created procedures and deadlines to produce a PFS. Our firm has and continues to employ all resources available to us outside of the original contact information to obtain necessary information. These efforts include numerous phone calls, emails, texts, written letters, and address searches. (Luther Decl. at ¶¶ 25-48). While we made every effort to reach these Plaintiffs to complete a PFS, we also have no indication that these clients are even aware that they failed to comply with the Court's orders.

There are many reasons why these victims of sexual assault could be unresponsive may years after the assault. These cases often involve young women who are mobile – changes in address, name, phone number, etc. – are all logical reasons why their initial contact information is no longer valid. Our

5

office has employed extensive efforts to reach these plaintiffs. Those efforts predate the filing of Uber's motion.

Additionally, we understand that Plaintiff J.T. may have a disability that would give rise to a request for accommodation, however we have been unable to reach her to obtain further information.

### f.    The Court should deny Uber's Motion to Dismiss as procedurally improper.

Rule 37 supplies the Court with a panoply of options for dealing with discovery disputes. Within that rubric, dismissal is the most "drastic sanction" that due process reserves for "non-compliance…due to willfulness, fault or bad faith" alone. *Signalo v.Mendoza*, 642 F.2d 309, 310 (9th Circ. 1981). Uber has not even tried to make the requisite showing of "flagrant disregard" here, which dooms their motion and the bespoke procedure it envisions. *Id*. (citation omitted). Uber could have developed an appropriate record in support of its position had it followed proper procedure and sought an order to show cause. Instead, Defendants prematurely filed the present motion, which must therefore be denied.

### g.    The Court should not dismiss these cases with prejudice.

Uber has moved to dismiss without prejudice. To the extent the Court considers dismissal with prejudice, it is bound by the five-factor test established in *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Circ. 1987). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*. at 130.

Application of these factors confirms that dismissal with prejudice is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal with prejudice is a punitive sanction reserved only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of any egregious conduct required to justify a terminal sanction and because less drastic measures are available, any dismissal should be without prejudice.

There is no real prejudice to Uber that warrants dismissal. Meanwhile, the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on. It is frequently described as overwhelming. Counsel will continue its efforts with the plaintiffs to cure their deficiencies.

### III.    CONCLUSION

For the foregoing reasons, we respectfully request this Court deny Uber's motion as to the WLF Plaintiffs referenced above who have complied with the Court's order. We further request that we be given additional time to follow up with the remaining WLF plaintiffs with missing fact sheets.

Dated: March 18, 2026                    Respectfully submitted,

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiffs J.G., K.C., A.W., E.M., JA.M., JE.M., A.F., B.D., AN.C., J.T., K.L., J.H., B.G., M.R., AP.P., Sha.R., JE.H., NE.R., H.I., LU.L., JA.R., SH.B., N.MP., AL.H., K.B., R.R, D.A., C.J.*

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10. CASE NO. 3:23-MD-03084-CRB

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  March 18, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH
AMENDED PTO 10. CASE NO. 3:23-MD-03084-CRB