**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** <br><br> This Document Relates to: <br><br> *P.S. v. Uber Technologies, Inc., et al.,* Case No. 3 :25-cv-08574-CRB | Case No. 3:23-md-03084-CRB <br><br> **PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** <br><br> Judge:  Hon. Charles R. Breyer <br> Courtroom:  6 – 17th Floor |

**INTRODUCTION**

Pursuant to Local Rule 7-9, Plaintiff respectfully moves for leave to file a motion for reconsideration of the Court's February 17, 2026 Order (ECF No. 5253), dismissing her case without prejudice.

As shown below, Plaintiff is acting with reasonable diligence in filing this motion for leave, and within the time period set forth by Fed. R. Civ. P 59. Specifically, there is now a material difference in the facts of Plaintiff's case that justifies granting leave to file a motion to reconsider. Plaintiff's proposed motion for reconsideration is attached as Exhibit 1.

On January 9, 2026, Defendants filed a Motion to Dismiss the claims of multiple Plaintiffs, including P.S., on the grounds that Plaintiffs failed to comply with Amended Pretrial Order ("PTO") No. 10. *See* ECF No. 4967. Amended PTO 10 establishes procedures and deadlines related to the production of Plaintiff Fact Sheets. *See* ECF No. 4287. On January 23, 2026, Plaintiff filed an Opposition to Defendant's Motion to Dismiss, explaining that additional time was required due to Plaintiff's

incarceration. *See* ECF No. 5096. Despite being incarcerated, Plaintiff and her counsel were able to complete the PFS and submitted it to this Court with an addendum explaining that her verification would be submitted upon receipt, subject to constraints between FedEx and the jail.

## ARGUMENT

Local Rule 7-9(a) allows "any party" to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order." To be granted leave, the party must show "reasonable diligence in bringing the motion." Local Rule 7-9(b). The moving party also must show one of three grounds for leave. Local Rule 7-9(b)(1)-(3).

### I.      Plaintiff P.S. Meets the First and Third Grounds for Leave Under Local Rule 7-9(b)(3)

Under Local Rule 7-9(b)(1), a party seeking leave to file a motion for reconsideration must show:

> That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

Local Rule 7-9(b)(1).

Under Local Rule 7-9(b)(3), a party seeking leave to file a motion for reconsideration must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Here, Plaintiff P.S. satisfies both grounds for reconsideration because, despite reasonable diligence, ample facts and law exist that materially affect this Court's Order and which were not considered by the Court when the Order was issued.

Plaintiff P.S. is currently incarcerated at the Flagler County Sheriff's Office Jail. On January 23, 2026, counsel successfully contacted Plaintiff at the facility to address the deficiencies in her PFS. On January 28, 2026, counsel spoke with Plaintiff at the facility to cure the remaining deficiencies in her PFS. The PFS Verification and Authorizations were sent to the Jail via Federal Express on January 28, 2026. The PFS was filed with an addendum explaining why it would be filed without the Verification and Authorizations on January 30, 2026. The signed Verification and Authorizations were uploaded to MDL Centrality on March 2, 2026.

Plaintiff P.S. has uploaded her signed fact sheet and all related documents, the sole grounds upon which Defendants moved to dismiss her case.

**II.      Plaintiff P.S. Exercised Reasonable Diligence in Bringing this Motion**

Plaintiff acted with reasonable diligence under the circumstances, pursuant to local Rule 7-9, in bringing this motion and in uploading her signed fact sheet and all related documents. Plaintiff has presented new, material, evidence (her uploaded, signed PFS and verification) that was not available when the Court issued its February 17, 2026 Order. This motion is also necessary to prevent manifest injustice to Plaintiff who has satisfied her discovery obligations under Amended PTO 10, despite her incarceration.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Plaintiff P.S. respectfully requests that this Court grant her leave to file her proposed motion for reconsideration.

Dated: March 18, 2026                              Respectfully submitted,


/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff*

PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10, CASE NO. 3:25-CV-08574

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  March 18, 2026

/s/ *Sommer D. Luther*
Sommer D. Luther

1