Allison M. Brown (Admitted Pro Hac Vice)
alli.brown@kirkland.com
Jessica Davidson (Admitted Pro Hac Vice)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted Pro Hac Vice)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

Attorneys for Defendants
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE** |
| This Document Relates to: SEE EXHIBIT A TO SUPPORTING DECLARATION | Date:        May 8, 2026<br>Time:        10:00 a.m.<br>Courtroom:   6 – 17th Floor |

DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

CASE NO. 3:23-MD-3084-CRB

**DEFENDANTS' NOTICE OF MOTION TO CONVERT ORDERS OF DISMISSAL**

**WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 8, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6, on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move for the Court to convert the Court's prior orders of dismissal without prejudice (ECF 5216; ECF 5232; ECF 5238; ECF 5242; ECF 5253) to orders of dismissal with prejudice for the Plaintiffs listed in Exhibit A to the accompanying Declaration of Michael B. Shortnacy, dated March 19, 2026, and filed herewith.

This Motion is made pursuant to Pretrial Order No. 5 (ECF 175), Pretrial Order No. 31 (ECF 3877), Amended Pretrial Order No. 10 (ECF 4287), and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: March 19, 2026                    SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

1

DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

CASE NO. 3:23-MD-3084-CRB

**STATEMENT OF RELIEF SOUGHT**

Pursuant to the Court's November 3, 2025 Amended Pretrial Order No. 10 ("Amended PTO 10"), Uber seeks for the Court to convert its orders of dismissal without prejudice (ECF 5216; ECF 5232; ECF 5238; ECF 5242; ECF 5253) to orders of dismissal with prejudice for the above-referenced Plaintiffs for failure to comply with this Court's Pretrial Order No. 5 ("PTO 5"), Pretrial Order No. 31 ("PTO 31"), and Amended PTO 10.

**BACKGROUND**

On February 10, 2026, this Court entered an Order (ECF 5216) dismissing without prejudice the claims of certain Plaintiffs who had failed to comply with PTO 31 (ECF 3877) by failing to produce a bona fide ride receipt or a statement explaining in detail the reasonable efforts they have undertaken to search for the receipt and why they have been unable to locate it. On February 13, 2026, this Court entered an Order (ECF 5232) dismissing without prejudice the claims of certain Plaintiffs who had failed to comply with Amended PTO 10 (ECF 4287) by providing the required Plaintiff Fact Sheet. That same day, the Court entered an Order (ECF 5238) dismissing without prejudice the claims of certain Plaintiffs who had failed to comply with PTO 5 (ECF 175) by producing a bona fide ride receipt or an information sheet regarding the trip giving rise to their claims, as required. It also entered an Order (ECF 5242) dismissing without prejudice the claims of additional Plaintiffs who have failed to comply with PTO 31. On February 17, 2026, this Court entered an Order (ECF 5253) dismissing the claims of additional Plaintiffs who had failed to comply with Amended PTO 10.

Amended PTO 10 establishes a process for Uber to seek to convert dismissals without prejudice to dismissals with prejudice. ECF 4287 § 9. If, within the 30 days following the Court's dismissal without prejudice, a Plaintiff fails to either (1) cure the underlying deficiency(ies), or (2) move to vacate their dismissal without prejudice, "the Order will be converted to a dismissal with prejudice upon Uber's motion." *Id.*

Exhibit A to the accompanying declaration of Michael B. Shortnacy identifies the Plaintiffs subject to the Court's February 2026 Orders described above who failed to either (1) submit the required PFSs, bona fide ride receipts/information sheet, or PTO 31 statement, or (2) move to vacate

1

DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

CASE NO. 3:23-MD-3084-CRB

the prior dismissal without prejudice. *See* Declaration of Michael B. Shortnacy ("Shortnacy Decl.") ¶ 5 & Ex. A. Accordingly, all Plaintiffs identified in Exhibit A to the declaration are subject to conversion of their Order of dismissal without prejudice to dismissal with prejudice pursuant to Amended PTO 10.

### ARGUMENT

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to Rule 41(b), Rule 37(b)(2), and Amended PTO No. 10, dismissal with prejudice of Plaintiffs' claims is justified here.

The Court should dismiss these Plaintiffs with prejudice pursuant to its power to manage its dockets "without being subject to endless non-compliance with case management orders," which is amplified in the MDL context. *See In re Phenylproanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 406 F.3d 1217, 1227 (9th Cir. 2006). As the Ninth Circuit observed, "an MDL court's decision to invoke dismissal as a sanction for failure to comply with its orders, the court's discretion is necessarily informed, and broadened, by the number of actions, their complexity, and its charge in the multidistrict context to promote the just and efficient conduct of actions that are coordinated or consolidated for pretrial purposes." *Id.* at 1252. Thus, dismissal with prejudice for failure to submit the information for substantial completion of a PFS—including a verification—as required by an MDL court order is common practice. *See, e.g.*, *id.; In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-66 (8th Cir. 2007). Dismissal with prejudice for failure to comply with discovery obligations like those in PTOs 5 and 31 is similarly common. *See, e.g.*, *Drumgoole v. Am. Airlines, Inc.,* 316 F. App'x 606, 607 (9th Cir. 2009); *Doe v. Tapang,* No. 18-cv-07721-NC, 2020 WL 13499905, at *4 (N.D. Cal. Jan. 28, 2020); *Briseno v. Saratoga Pizza Corp.,* No. C 08-00873 JW,

2

DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

CASE NO. 3:23-MD-3084-CRB

2009 WL 10695148, at *4 (N.D. Cal. June 5, 2009). Plaintiffs had notice and multiple opportunities to comply with the Court's orders, yet they failed to do so. The Court should dismiss the cases with prejudice.

## CONCLUSION

Accordingly, pursuant to Pretrial Order No. 5 (ECF 175), Pretrial Order No. 31 (ECF 3877), Amended Pretrial Order No. 10 (ECF 4287), and the Court's February 2026 Orders of dismissal without prejudice (ECF 5216; ECF 5232; ECF 5238; ECF 5242; ECF 5253), Uber respectfully requests the Court enter an order converting its orders of dismissal without prejudice of the identified Plaintiffs' claims to orders of dismissal with prejudice.

Dated: March 19, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093
*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

CASE NO. 3:23-MD-3084-CRB