[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*WHB 832 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900

Case No. 3:23-md-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S STATEMENT IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [PLAINTIFF'S OPENING MOTION IN LIMINE]**

Judge:          Hon. Charles R. Breyer
Courtroom:    6 – 17th Floor

Date Filed: March 20, 2026
Trial Date: April 14, 2026

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

WHB 832,

          Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

          Defendants.

Case No. 3:25-cv-00737-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S STATEMENT IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [PLAINTIFF'S OPENING MOTION IN LIMINE]**

Judge:          Hon. Charles R. Breyer

Courtroom:    501

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

Pursuant to Northern District of California Civil Local Rule 79-5(f)(3), Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Statement in Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [WHB 823's Opening Motions in Limine] (ECF No. 5522). Plaintiff takes no position on Uber's proposed redactions. *See* Declaration of Laura Vartain Horn in Support of the Administrative Motion to Seal, ¶ 2. For the reasons set forth herein, there are compelling reasons to seal the narrowly-tailored proposed redactions in the following Exhibits:

| Document | Description[1] |
|---|---|
| Ex. 3 to Plaintiff's Motions in Limine (Vartain Decl. Ex. A) (ECF No. 5522-4) | UBER-MDL3084-DFS00159967 |
| Ex. 4 to Plaintiff's Motions in Limine (Vartain Decl. Ex. B) (ECF No. 5522-5) | Defendants' June 25, 2025 Amended Supplemental Responses to Plaintiff WHB 823's Special Interrogatories |

## I.    LEGAL STANDARD

In the Ninth Circuit, courts use one of two standards to decide whether a document supporting a motion should remain under seal—the "compelling reasons" standard or the "good cause" exception. *Amarte USA Holdings, Inc. v. Kendo Holdings Inc.*, No. 22-cv-08958-CRB, 2024 WL 4487404, at *1 (N.D. Cal. Aug. 13, 2024) (citations omitted). When a motion is dispositive, the compelling reasons standard applies. *Id.* Motions in limine are generally considered dispositive for purposes of a sealing motion. *E.g.*, *Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (VET), 2025 WL 1115295, at *1 (S.D. Cal. Apr. 14, 2025); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) ("plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case").[2]

---

[1]     In each case, Uber is the party claiming confidentiality.

[2]     The Ninth Circuit provided the example of a motion in limine to admit statements in furtherance of a conspiracy, which it noted "will often spell out the very conspiracy alleged in a civil RICO complaint." *Id.* at 1099 n.5. Of course, some motions in limine may be more tangentially related to the merits of the case. Indeed, Plaintiff argues that the good cause standard applies to motions related to the scope of evidence that may be presented at trial. ECF No. 4880 at 1. Uber contends that its proposed redactions are appropriate under either the good cause or compelling reasons standard, and addresses the higher standard in an abundance of caution.

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

"'[B]usiness information that might harm a litigant's competitive standing [if disclosed]' meets the compelling reasons standard for sealing." *Miller v. RP On-Site, LLC*, No. 19-CV-02114-LHK, 2021 WL 624175, at *2 (N.D. Cal. Jan. 8, 2021) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)); *see also Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) ("common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.") (internal alterations and citations omitted); *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld the sealing of "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing").

## II.    ARGUMENT

Uber has established a compelling interest in redacting the requested portions of the Exhibits as discussed below.

### A.    Exhibit 3

Exhibit 3 is a report generated from Uber's project management software, known as JIRA, that reveals the details of Uber's proprietary system for performing comprehensive investigations in response to incident reports related to Uber trips ("Investigative Procedures"). *See generally* Brown Decl. ¶ 3. Specifically, the document details the investigation undertaken by Uber in response to Plaintiff's incident complaint. This report reveals proprietary, highly confidential information regarding Uber's Investigative Procedures, including: Uber's investigative methodology and measures for evaluating reports; the type of information that is collected by Uber and how that information is analyzed and distilled during an investigation; and the process by which reports are characterized, assessed, and classified as a result of

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

Uber's investigation thereof. *Id.*

Unsealing this document would result in competitive harm to Uber because Uber's main competitors could replicate Uber's Investigative Procedures, which Uber has invested significant human and financial capital to develop and operationalize. *Id.* ¶ 5; *see Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025) (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons standard); *E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (granting motion to seal "proprietary, confidential, and trade secret information, which if made public, would harm [party's] business by, e.g., allowing competitors to replicate [party's] development of [its digital banking service] without expending the resources it invested"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products"); *United States v. Rite Aid Corp.*, No. 2:12-CV-1699-KJM-EFB, 2019 WL 1923234, at *2 (E.D. Cal. Apr. 29, 2019) (granting motion to seal "'detailed, non-public information' regarding [party's] 'internal data systems, processes, and practices,'... consisting primarily of the layout, organization, and content of [party's] internal computer system"); *id.* (compelling reasons existed to seal exhibit where public dissemination "'may allow Defendants' competitors to reap the benefit of the [content] without having to incur the costs associated with developing the[m]'") (citing *Esquivel v. Bank of Am., N.A.*, No. 2:12-CV-02502-GEB, 2015 WL 4224712, at *4 (E.D. Cal. July 10, 2015)). Moreover, revealing Uber's Investigative Procedures to the public could allow third-party users of the Uber app to undermine and exploit Uber's methodologies for investigating and deactivating riders and drivers, including through fraudulent activity, compromising safety to the detriment of users and drivers. Brown Decl. ¶ 6; *Ashcraft v. Welk Resort Grp. Corp.*, No. 2:16-cv-02978-JAD-NJK, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "identity thieves could use [ ] to develop methods to circumvent Experian's protections").

Although Uber seeks to seal this document in full, that is the least restrictive approach to protect Uber's Investigatory Procedures from disclosure. The manner in which the information is collected, laid out, and formatted in the JIRA Report is itself valuable and proprietary information. *See Rite Aid Corp.*,

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

2019 WL 1923234, at *2 (granting motion to seal "'detailed, non-public information' regarding [party's] 'internal data systems, processes, and practices,'... consisting primarily of the ***layout, organization, and content*** of [party's] internal computer system") (emphasis added).

The JCCP Court agreed that JIRA reports similar to Exhibit 3 should be maintained under seal. "The declaration of Greg Brown filed July 3, 2025 establishes an overriding interest in confidentiality [of] business information, Uber's investigatory records, that supports sealing the record…. Although Uber seeks to seal [the reports] in their entirety, no less restrictive means exist to achieve the overriding interest." *See* Vartain Decl. Ex. C, JCCP Sealing Order at 9. The Court should similarly seal Exhibit 3 here.

### B.     Exhibit 4

Uber seeks to seal a chart in Exhibit 4, Defendants' June 25, 2025 Amended Supplemental Responses to Plaintiff WHB 823's Special Interrogatories. Brown Decl. ¶ 7. The chart provides descriptions of the Mobile Event codes that appear in Uber's Mobile Event logs. This information concerning Uber's internal data systems, specifically, the mobile event data that are collected and the fields of information that are maintained by Uber, is confidential. *Id.* ¶ 8. This is sensitive and confidential information that would be valuable to Uber's competitors to copy in their own data collection and analysis. *Id.* ¶ 9; *Rite Aid Corp.*, 2019 WL 1923234, at *2 (granting motion to seal information about "the layout, organization, and content of [party's] internal computer system") (citation omitted).

In addition, Uber is not seeking to seal Exhibit 4 in full, but only the specific chart described above, which is necessary to seal in order to protect Uber from competitive harm. *See Rodman*, 2015 WL 13673842, at *2 (granting motion to seal when company "has proposed to redact only the portions of the documents containing the confidential information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (granting motion to seal when parties sought "to only redact the portions of the filings and the precise exhibits that implicate such confidential business information"). Thus, Uber's approach is the least restrictive alternative and is narrowly tailored to protect Uber's competitive and other interests.

### III.    CONCLUSION

Compelling reasons exist for the Court to redact the two Exhibits as described above. Uber

4

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

therefore respectfully requests that the Court order that the redacted Exhibits be maintained on the docket under seal.

DATED:  March 20, 2026                                    Respectfully submitted,


                                                         */s/ Laura Vartain Horn*
                                                         Laura Vartain Horn (SBN 258485)
                                                         **KIRKLAND & ELLIS LLP**
                                                         555 California Street, Suite 2700
                                                         San Francisco, CA 94104
                                                         Telephone: (415) 439-1625
                                                         laura.vartain@kirkland.com

                                                         Allison M. Brown (Admitted *Pro Hac Vice*)
                                                         **KIRKLAND & ELLIS LLP**
                                                         2005 Market Street, Suite 1000
                                                         Philadelphia, PA 19103
                                                         Telephone: (215) 268-5000
                                                         alli.brown@kirkland.com

                                                         Jessica Davidson (Admitted *Pro Hac Vice*)
                                                         **KIRKLAND & ELLIS LLP**
                                                         601 Lexington Avenue
                                                         New York, NY 10022
                                                         Telephone: (212) 446-4800
                                                         jessica.davidson@kirkland.com

                                                         Kim Bueno (Admitted *Pro Hac Vice*)
                                                         **KIRKLAND & ELLIS LLP**
                                                         401 W. 4th Street, Austin, TX 78701
                                                         Telephone: (512) 355-4390
                                                         kim.bueno@kirkland.com

                                                         *Attorneys for Defendants*
                                                         UBER TECHNOLOGIES, INC.,
                                                         RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' STATEMENT RE SEALING                          Case No. 3:23-md-03084-CRB (LJC)