# EXHIBIT B

# EXHIBIT 4
# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to: | **DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S JUNE 25, 2025 AMENDED SUPPLEMENTAL RESPONSES TO PLAINTIFF WHB 823 SPECIAL INTERROGATORIES** |
| *WHB 823 v. Uber Technologies, Inc., et al.*; No. 3:24-cv-04900 | Judge:      Hon. Charles R. Breyer<br>Courtroom:   G – 17th Floor |

PROPOUNDING PARTY:          WHB 823

RESPONDING PARTY:          UBER TECHNOLOGIES INC., RASIER, LLC and RASIER-CA, LLC

SET NO.:          ONE (1) AND TWO (2); SPECIAL INTERROGATORIES

1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## PRELIMINARY STATEMENT

Responding Party has not completed its investigation of the facts relating to this action, has not yet completed its discovery in this action, and has not yet completed its preparation for trial in this action. All of the responses contained herein are based only upon such information and documents that are presently available to it and specifically known to it. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following responses are given without prejudice to Responding Party's right to produce responsive documents or information of any subsequently discovered fact or facts that Responding Party may later develop or recall. The responses contained herein were prepared with the assistance of counsel and are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, analysis, or production of responsive documents and information.

Responding Party objects to each Special Interrogatory to the extent that it purports to impose obligations beyond those required or permitted under the Federal Rules of Civil Procedure. Responding Party will respond only in accordance with the requirements of the federal rules. Responding Party objects to each Special Interrogatory to the extent that it is overbroad, vague, or ambiguous.

In preparing these responses, Responding Party has consulted sources reasonably available to it. However, investigation and discovery in this action are ongoing. Hence, Responding Party's responses to these Special Interrogatories are necessarily based on incomplete information available at this time.

In addition to any specific objections that may be made to the separate responses set forth below, Responding Party objects generally to each Special Interrogatory to the extent it calls for privileged documents and/or information, including, without limitation, documents and/or information protected by attorney-client privilege, the attorney work product doctrine, the trade secret privilege, and all of the privileges set forth in the Federal Rules of Civil Procedure, or any other aplicable privilege of law. All references to "privileged" documents and/or information in these responses will include, without limitation, the attorney-client privilege, the attorney work product doctrine, the trade secret privilege, the

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

insurance code privilege, all of the privileges set forth in the Federal Rules of Civil Procedure, and all applicable common law or constitutional privileges. Responding Party therefore construes each Special Interrogatory to exclude information protected from disclosure by any privilege or the work product doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or doctrine.

These responses are made solely for the purpose of this action. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competency, authenticity, relevance, materiality, propriety, and admissibility of the subject matter of the Discovery requests; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to these discovery requests; any and all other objections on grounds that would or could require or permit the exclusion of any information from evidence, all of which objections and grounds are reserved and may be interposed in connection with any subsequent proceeding.

Responding Party objects to each Special Interrogatory insofar as it seeks information in the public domain and thus equally available to Propounding Party, and to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, and les expensive.

Responding Party objects to these Special Interrogatories to the extent they assume facts that are incorrect or do not exist, and to the extent they are vague, ambiguous, and make responses impossible without speculation.

By responding to these Special Interrogatories, Responding Party neither admits nor concedes the appropriateness or accuracy of the words or definitions in these Special Interrogatories. Responding Party will respond to each Special Interrogatory to the extent that it does not object thereto, in accordance with the relevant provisions of law and according to their understanding of the fair and reasonable meaning of the Special Interrogatory.

Responding Party objects generally to the extent these Special Interrogatories seek Discovery regarding third parties and also objects to the extent that these Special Interrogatories, or portions thereof, seek information that would violate any constitutional, statutory, or common law privacy rights of any third party, or current or former client or employee of Responding Party.

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Responding Party objects to each Special Interrogatory on the grounds and to the extent it calls for documents or information covered by confidentiality and/or non-disclosure agreements or understandings with third parties.

Responding Party objects to each Special Interrogatory on the grounds and to the extent that it seeks information that is proprietary, confidential, trade secret, and/or similarly protected.

Responding Party objects to each Special Interrogatory on the grounds and to the extent that it seeks information regarding policies, procedures, or specific incidents outside the geographic scope of this action.

Responding Party objects to each Special Interrogatory on the grounds and to the extent that it seeks information related to instances of alleged sexual misconduct or sexual assault outside the scope of the case captioned above.

Responding Party objects to each Special Interrogatory on the grounds and to the extent that it seeks information outside a reasonable scope of time relative to the specific instances of alleged sexual misconduct or sexual assault at issue in this action.

Responding Party objects to each Special Interrogatory to the extent that it seeks information not within the possession, custody, or control of Responding Party.

Responding Party has endeavored to respond with specificity to each Special Interrogatory below. However, Responding Party's failure to repeat in its specific objections any general objection made herein shall not be intended to waive the application of these general objections where they are applicable. Responding Party objects to each Special Interrogatory to the extent that it seeks information regarding any matter not relevant to the subject matter involved in the pending action, or information regarding any matter which is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to these Special Interrogatories to the extent they are unnecessarily burdensome and duplicative.

The Preliminary Statement, Objections to Instructions, and Objections to Definitions shall be deemed incorporated in full into each response separately stated below.

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## OBJECTIONS TO INSTRUCTIONS

1.    Responding Party objects to the Instructions to the extent they purport to impose obligations on Responding Party beyond those required or permitted under the Federal Rules of Civil Procedure. Responding Party will respond only in accordance with the Federal Rules of Civil Procedure.

## OBJECTIONS TO DEFINITIONS

1.    Responding Party objects to the definition of "ACCOUNT HISTORY" as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this definition to the extent that it (i) purports to require Responding Party to produce files, including electronically recorded information, that are currently inaccessible, not reasonably accessible, stored in a form in which they are not ordinarily maintained or reasonably usable, unreasonably voluminous, or would be otherwise burdensome to search or review; and/or (ii) would impose on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

2.    Responding Party objects to the definition of "ADVERTISING" and "ADVERTISEMENT" as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this definition to the extent it purports to include any and all "COMMUNICATIONS" via any "COMMUNICATIONS CHANNELS" aimed at promoting a product, service, or idea, without adequate limitation. This definition is not reasonably tailored to the issues in this case and includes content that is irrelevant, non-commercial, or not reasonably calculated to lead to the discovery of admissible evidence.

3.    Responding Party objects to the definition of "AGREEMENT" as vague and overbroad, as it improperly encompasses informal expectations and general "terms" or "conditions" that may not rise to the level of a legally binding agreement. To the extent this definition includes non- contractual understandings or unilateral policies, it is misleading and may be used to distort the nature of documents or information requested or produced.

4.    Responding Party objects to the definition of "ALL ACCOUNTS" as overly broad and unduly burdensome, particularly to the extent it seeks all accounts and "flow types" associated with a

5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Rider or Driver "at any time." This scope is not limited in time, is vague in its reference to "flow types," and is not narrowly tailored to the subject matter of this litigation.

5.      Responding Party objects to the definition of "BACKGROUND CHECK" as vague, compound, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

6.      Responding Party objects to the definition of "APP STORE LISTING" as compound, overly broad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure. This definition is also vague to the extent it refers to an "app store," which is not defined.

7.      Responding Party objects to the definition of "CAMPAIGN" as compound, overly broad, and unduly burdensome. This definition is also vague and ambiguous, particularly with respect to its reference to "communication channels."

8.      Responding Party objects to the definition of "COMMUNICATIONS," "COMMUNICATING," and "COMMUNICATED" as overly broad, unduly burdensome, and seeking information that is not relevant to the claims in this Action. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

9.      Responding Party objects to the definition of "COMMUNICATIONS CHANNEL" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is not relevant to the claim and defenses in this Action. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

10.     Responding Party objects to the definition of "CRIMINAL HISTORY" as compound, vague, ambiguous, overly broad, unduly burdensome, and seeking information that is not relevant to the claims in this Action. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

6

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

11.    Responding Party objects to the definition of "DATE OF UBER'S SAFETY TAXONOMY IMPLEMENTATION" as compound and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

12.    Responding Party objects to the definition of "DEACTIVATE" or "DEACTIVATION" as compound, vague, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

13.    Responding Party objects to the definition of "DISPLAYED STAR RATING" as compound, vague, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

14.    Responding Party objects to the definition of "DISQUALIFY," "DISQUALIFIED," or "DISQUALIFYING" as compound, vague, ambiguous, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

15.    Responding Party objects to the definition of "DOCUMENTS" as overly broad, unduly burdensome, and seeking information that is not relevant to other claims and defenses in this Action. Responding Party further objects to this definition to the extent that it (i) purports to require Responding Party to produce files, including electronically recorded information, that are currently inaccessible, not reasonably accessible, stored in a form in which they are not ordinarily maintained or reasonable usable, unreasonably voluminous, or would be otherwise burdensome to search or review; and/or (ii) would impose on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

16.    Responding Party objects to the definition of "DRINKING-RELATED COMMUNICATIONS" as compound, vague, ambiguous, overly broad, unduly burdensome, and seeking information that is not relevant to the claim and defenses in this Action. Responding Party further objects to this definition to the extent that it (i) purports to require Responding Party to produce files, including

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

electronically recorded information, that are currently inaccessible, not reasonably accessible, stored in a form in which they are not ordinarily maintained or reasonable usable, unreasonably voluminous, or would be otherwise burdensome to search or review; and/or (ii) would impose on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

17.    Responding Party objects to the definition of "DRIVER" to the extent it implies any employment relationship between Responding Party and independent third-party transportation providers, and to the extent it purports to include potential or prospective independent third-party transportation providers.

18.    Responding Party objects to the definition of "DRIVER APP" as compound, vague, ambiguous, and overly broad.

19.    Responding Party objects to the definition of "HIGH RISK DRIVER" as compound, overly broad, unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure. This definition is also vague and ambiguous, particularly in its reference to "interpersonal conflict."

20.    Responding Party objects to the definition of "INCIDENT" as compound and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

21.    Responding Party objects to the definition of "INFORMATION" as compound, vague, ambiguous, overly broad, unduly burdensome, and seeking information that is not relevant to the claim and defenses in this Action. Responding Party further objects to this definition to the extent that it (i) purports to require Responding Party to produce files, including electronically recorded information, that are currently inaccessible, not reasonably accessible, stored in a form in which they are not ordinarily maintained or reasonable usable, unreasonably voluminous, or would be otherwise burdensome to search or review; and/or (ii) would impose on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

22.    Responding Party objects to the definition of "INTERPERSONAL CONFLICT" as compound, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this

8

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure. This definition is also vague, particularly in its reference to "IPC."

23. Responding Party objects to the definition of "INTOXICATED RIDERS" as compound and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

24. Responding Party objects to the definition of "KNOWLEDGE" as compound, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure. This definition is also vague, particularly to the extent it references "research" and "communicated."

25. Responding Party objects to the definition of "INVESTIGATION" as compound, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure. This definition is also vague, particularly to the extent it references "deactivation" and "communications."

26. Responding Party objects to the definition of "LOCATION DATA" as vague, ambiguous, and overly broad.

27. Responding Party objects to the definition of "LOCATION TRACKING" as vague, lacking foundation, and assuming facts not in evidence.

28. Responding Party objects to the definition of "LOW CREDIBILITY" as compound, ambiguous, lacking foundation, and assuming facts not in evidence. Responding Party further objects to this definition as vague, particularly in its reference to "riders" or "drivers," Propounding Party's definitions of those terms, and in its reference to "over escalation."

29. Responding Party objects to the definition of "MARKETING" as compound, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

30. Responding Party objects to the definition of "MINIMUM REQUIREMENTS FOR A RIDER TO SAFELY RIDE WITH UBER" as compound, lacking foundation, and improperly requiring the assumption of fact. This definition is also vague and ambiguous to the extent it references a "safe ride."

31. Responding Party objects to the definition of "MATERIALS" as compound, vague, ambiguous, overly broad, unduly burdensome, and seeking information that is not relevant to the claim and defenses in this Action. Responding Party further objects to this definition to the extent that it (i) purports to require Responding Party to produce files, including electronically recorded information, that are currently inaccessible, not reasonably accessible, stored in a form in which they are not ordinarily maintained or reasonable usable, unreasonably voluminous, or would be otherwise burdensome to search or review; and/or (ii) would impose on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

32. Responding Party objects to the definition of "MINORS" as vague, ambiguous, and overly broad.

33. Responding Party objects to the definition of "MISCONDUCT" as compound, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it (i) imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure, and (ii) includes conduct that is not included in Responding Party's taxonomy.

34. Responding Party objects to the definition of "OFFER CARD" as compound, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure. This definition is also vague, particularly in its reference to "displayed star rating."

35. Responding Party objects to the definition of "PLAINTIFF" as vague, ambiguous, and overly broad.

36. Responding Party objects to the definition of "RELIANT" or "RELYING" as argumentative and improperly requiring the adoption of an assumption of fact.

37. Responding Party objects to the definition of "REPORTS or RIDER REPORTS" as compound, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this

10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

38.    Responding Party objects to the definition of "RIDECHECK" as compound, vague, ambiguous, overly broad, and assuming facts not in evidence. Responding Party further objects to this definition to the extent that it (i) purports to require Responding Party to produce files, including electronically recorded information, that are currently inaccessible, not reasonably accessible, stored in a form in which they are not ordinarily maintained or reasonable usable, unreasonably voluminous, or would be otherwise burdensome to search or review; and/or (ii) would impose on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

39.    Responding Party objects to the definition of "RIDE" or "RIDES" to the extent it purports to include transportation of individuals coordinated outside the Uber Application.

40.    Responding Party objects to the definition of "RIDER" as overly broad to the extent it purports to include the transportation of individuals coordinated outside the Uber Application.

41.    Responding Party objects to the definition of "RIDE LOG" as compound, vague, ambiguous, overly broad, and assuming facts not in evidence.

42.    Responding Party objects to the definition of "RISK FACTORS" as compound, vague, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

43.    Responding Party objects to the definition of "SAFETY" as argumentative and improperly requiring the adoption of an assumption of fact.

44.    Responding Party objects to the definition of "SAFETY IMPACT" as compound, vague, ambiguous, argumentative, and improperly requiring the adoption of an assumption of fact.

45.    Responding Party objects to the definition of "SAFETY INCIDENT" as compound, vague, ambiguous, argumentative, and improperly requiring the adoption of an assumption of fact.

46.    Responding Party objects to the definition of "SAFETY LENS" as compound, vague, ambiguous, argumentative, overly broad, unduly burdensome, and improperly requiring the adoption of an assumption of fact. Responding Party further objects to this definition to the extent that it (i) purports

11

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

to require Responding Party to produce files, including electronically recorded information, that are currently inaccessible, not reasonably accessible, stored in a form in which they are not ordinarily maintained or reasonable usable, unreasonably voluminous, or would be otherwise burdensome to search or review; and/or (ii) would impose on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

47.    Responding Party objects to the definition of "SAFETY TOOLKIT" as compound, vague, ambiguous, overly broad, unduly burdensome, lacking foundation, and assuming facts not in evidence. Responding Party further objects to this definition to the extent that it (i) purports to require Responding Party to produce files, including electronically recorded information, that are currently inaccessible, not reasonably accessible, stored in a form in which they are not ordinarily maintained or reasonable usable, unreasonably voluminous, or would be otherwise burdensome to search or review; and/or (ii) would impose on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

48.    Responding Party objects to the definition of "SCREEN" or "SCREENING" as compound, vague, lacking foundation, and assuming facts not in evidence. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

49.    Responding Party objects to the definition of "SCREEN OUT" or "SCREENING OUT" as compound, vague, lacking foundation, and assuming facts not in evidence. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

50.    Responding Party objects to the definition of "SEXUAL ASSAULT" to the extent it includes conduct or acts that are not addressed in Responding Party's taxonomy or RALIANCE's Sexual Assault taxonomy.

51.    Responding Party objects to the definition of "SEXUAL MISCONDUCT" to the extent it includes conduct or acts that are not addressed in Responding Party's taxonomy or RALIANCE's Sexual Misconduct taxonomy.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

52.    Responding Party objects to the definition of "STAR RATING" as compound, vague, lacking foundation, and assuming facts not in evidence.

53.    Responding Party objects to the definition of "SUBJECT DRIVER" as compound, vague, ambiguous, overly broad, and unduly burdensome to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure. Uber will interpret "SUBJECT DRIVER" to mean the independent driver in the alleged underlying incident.

54.    Responding Party objects to the definition of "SUBJECT RIDE" as compound, vague, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

55.    Responding Party objects to the definition of "TELEMATICS" as vague, lacking foundation, and assuming facts not in evidence.

56.    Responding Party objects to the definition of "TELEMATICS TRIGGER" as vague, lacking foundation, and assuming facts not in evidence.

57.    Responding Party objects to the definition of "TRUSTING" as argumentative and improperly requiring the adoption of an assumption of fact.

58.    Responding Party objects to the definition of "TICKET" as compound, ambiguous, lacking foundation, and assuming facts not in evidence.

59.    Responding Party objects to the definition of "TICKET-RELATED DOCUMENTS" as compound, ambiguous, overly broad, unduly burdensome, lacking foundation, and assuming facts not in evidence. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

60.    Responding Party objects to the definition of "UBER," "YOU," "YOUR," and "YOURSELF" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action. Responding Party further objects to this definition to the extent it refers to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, directors, owners, members, partners, principals, agents, employees, contractors,

13

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

subcontractors, administrators, attorneys, experts, investigators, consultants, joint ventures, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants.

61.    Responding Party objects to the definition of "UBER APP" as compound, vague, ambiguous, overly broad, and unduly burdensome.

62.    Responding Party objects to the definition of "UBER PRO" as compound, vague, ambiguous, overly broad, and unduly burdensome.

Responding Party objects to the definition of "UNPLANNED RIDER-DRIVER PROXIMITY" as compound, ambiguous, lacking foundation, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

63.    Responding Party objects to the definition of "UNPLANNED STOPS" as compound, ambiguous, lacking foundation, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

64.    Responding Party objects to the definition of "USER EXPERIENCE" as compound, ambiguous, overly broad, unduly burdensome, lacking foundation, and assuming facts not in evidence. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

65.    Responding Party objects to the definition of "USER INTERACTIONS" as compound, ambiguous, overly broad, unduly burdensome, lacking foundation, and assuming facts not in evidence. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

66.    Responding Party objects to the definition of "VIGILANT" as argumentative and improperly requiring the adoption of an assumption of fact.

67.    Responding Party objects to the definition of "VOYAGER DATA" as compound, ambiguous, overly broad, unduly burdensome, lacking foundation, and assuming facts not in evidence.

14

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

68.    Responding Party objects to the definition of "WOMAN" as compound, vague, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

69.    Responding Party objects to the definition of "WOMAN TO WOMAN MATCHING" as compound, ambiguous, overly broad, unduly burdensome, lacking foundation, and assuming facts not in evidence. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure.

## SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1: [Withdrawn by Plaintiff]**

**SPECIAL INTERROGATORY NO. 4:**

If You contend Plaintiff violated Your Community Guidelines or Your Terms of Use in connection with the Subject Ride, identify all facts in support of that contention, including but not limited to (1) the details of Plaintiff's actions that You contend were a violation of the Community Guidelines or Terms of Use, (2) the operative version of the Community Guidelines or Terms of Use, (3) the specific provision of the Community Guidelines or Terms of Use that You contend Plaintiff violated.

**RESPONSE NO. 4:**

Second Supplemental Response: Subject to the foregoing objections and to Responding Party's best understanding of this Interrogatory, Responding Party directs Plaintiff to Uber's Terms of Use in effect at the time of each transaction, to which Plaintiff consented. The applicable Terms of Use, and record of Plaintiff's checkbox consent thereto, have been produced at the following Bates Nos. UBER-MDL3084-BW-00000473 - UBER-MDL3084-BW-00000509. Further answering, Responding Party does not make the contention identified in this Interrogatory at this time. Responding Party further states that its investigation in this matter, including discovery, is ongoing and continuing, including but not limited to discovery regarding Plaintiff's social media usage and depositions of Plaintiffs as well as other fact

15

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

witnesses. Responding Party reserves the right to supplement or amend this response with additional information about its contentions.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to this Interrogatory on the grounds that it is premature and it calls for legal conclusion. Responding Party further objects to this Interrogatory as compound and overly broad and burdensome in that it seeks "all facts in support..."

**SPECIAL INTERROGATORY NO. 5:**

If You contend that any pre-Incident reports of Misconduct against the Subject Driver were by Riders with Low Credibility, please state in detail all facts that contention is based on.

**RESPONSE NO. 5:**

Second Supplemental Response: Subject to and without waiving the below objections, and to Responding Party's best understanding of this Interrogatory, Responding Party has a reasonable and good faith belief that it does not use "Low Credibility" as a term of art or as a formal designation in its internal systems and therefore states that it does not make the contention identified in this Interrogatory at this time. Responding Party states that its Fraud Investigations Team may flag Rider accounts for suspected customer support abuse, including efforts to obtain inappropriate refunds or benefits. To the extent such flags exist for Plaintiff or individuals who reported sexual assault or misconduct in this case, such information would appear in Jira tickets or Bliss communications. Responding Party directs Plaintiff to the documents previously produced in response to Question No. 31(d) of the Defendant Fact Sheet at Bates Nos. UBER-MDL3084-DFS00074489 - UBER- MDL3084-DFS00074491; UBER-MDL3084-DFS00159617; and UBER-MDL3084-DFS00184434.

Responding Party reserves the right to supplement this response as discovery continues.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the term "Low Credibility" as vague, overbroad and calls for speculation, as defined. For example, the term is unbound in scope, and thus inclusive of any factor that could lead to a determination of the inherently subjective defined term of "Low Credibility".

16

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Thus, Responding Party would be called to speculate as to every possible factor of the subjective proposed designation. Responding Party further objects to the terms "[pre-]Incident", "Misconduct", and "Subject Driver" to the extent they are overbroad, unduly burdensome, call for legal conclusion, or expert opinion.

Responding Party further objects to this Interrogatory to the extent that it implicates the privacy rights and interests of third parties whose information may be contained in the referenced documents and who are not parties to this case.

**SPECIAL INTERROGATORY NO. 6:**

If Uber ever applied any Low Credibility designation to Plaintiff, please identify (1) the date of any such Low Credibility designation(s), (2) the title/nature of such Low Credibility designation(s), and (3) all facts any such Low Credibility designation was based on.

**RESPONSE NO. 6:**

Second Supplemental Response: Subject to and without waiving the below objections, and to Responding Party's best understanding of this Interrogatory, Responding Party has a reasonable and good faith belief that it does not use "Low Credibility" as a term of art or as a formal designation in its internal systems and therefore states that it does not make the contention identified in this Interrogatory at this time. Responding Party states that its Fraud Investigations Team may flag Rider accounts for suspected customer support abuse, including efforts to obtain inappropriate refunds or benefits. To the extent such flags exist for Plaintiff or individuals who reported sexual assault or misconduct in this case, such information would appear in Jira tickets or Bliss communications. Responding Party reserves the right to supplement this Response as discovery continues.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the term "Low Credibility" as vague, overbroad and calls for speculation, as defined. For example, the term is unbound in scope, and thus inclusive of any factor that could lead to a determination of the inherently subjective defined term of "Low Credibility". Thus Responding Party would be called to speculate as to every possible factor of the subjective proposed designation. Responding Party further objects to this Interrogatory to the extent it is overbroad, unduly burdensome, calls for legal conclusion, and/or expert opinion.

17

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**SPECIAL INTERROGATORY NO. 7:**

If You contend that any Information or Data (including but not limited to any Uber App data, dash cam footage, and/or Location Data) contradicts Plaintiff's statements about the Subject Ride and/or Incident (including any statements Plaintiff made directly to Uber, and any statements in Plaintiffs most recent amended complaint), please specifically identify the contents and source of such Information or Data.

**RESPONSE NO. 7:**

Second Supplemental Response: Subject to and without waiving the below objections and to Responding Party's best understanding of this Interrogatory, Responding Party directs Plaintiff to the Mobile Events Log produced at Bates Nos. UBER-MDL3084-BW-00006318 and UBER-MDL3084-BW-00006302 and UBER-MDL3084-BW-00006318. Responding Party also directs Plaintiff to previously produced documents in response to the Defendant Fact Sheet Questions 8, 9, and 31(d) at BatesNos.:UBER-MDL3084-DFS00074492(GPSData); UBER-MDL3084-DFS00074493 (Chronicle Trip user interface snaphot); and UBER-MDL3084-DFS00074489; UBER-MDL3084- DFS00159617; UBER-MDL3084-DFS00184434 (Communications Regarding the Alleged Incident). Further answering, Responding Party does not make the contention identified in this Interrogatory at this time. Responding Party further states that its investigation in this matter, including discovery, is ongoing and continuing, including but not limited to discovery regarding Plaintiff's social media usage and depositions of Plaintiffs as well as other fact witnesses. Responding Party reserves the right to supplement or amend this response with additional information about its contentions.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the definitions of the terms "Information", "Incident", and "Subject Ride" as vague, overbroad, and unduly burdensome. For example the definition of "Information" is unbound in scope and is thus inclusive of all facts that exist in an unbound universe in "any form whatsoever". "Incident" and "Subject Ride" are vague and overbroad, call for legal conclusion, and are defined by other objectionable terms such as "Sexual Assault" and "Sexual Misconduct" which are themselves at least vague, overbroad, and call for legal conclusion. Responding Party further objects

18

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

to this Interrogatory on the grounds that it is premature, calls for legal conclusion, and calls for the rendering of an expert opinion.

**SPECIAL INTERROGATORY NO. 8:**

Do You contend that Plaintiff bears any fault for the Incident?

**RESPONSE NO. 8:**

Second Supplemental Response: Subject to and without waiving the below objections, and to Responding Party's best understanding of this Interrogatory, Responding Party directs Plaintiff to the documents previously produced in response to Question No. 31(d) of the Defendant Fact Sheet at Bates Nos.    UBER-MDL3084-DFS00074489;    UBER-MDL3084-DFS00159617;    UBER-MDL3084-DFS00184434. Further answering, Responding Party does not make the contention identified in this Interrogatory at this time. Responding Party further states that its investigation in this matter, including discovery, is ongoing and continuing, including but not limited to depositions of Plaintiffs as well as other fact witnesses. Responding Party reserves the right to supplement or amend this response with additional information about its contentions.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the term "Incident" as the term is vague, overbroad, calls for legal conclusion, and is defined by other objectionable terms such as "Sexual Assault" and "Sexual Misconduct" which are themselves at least vague, overbroad, and call for legal conclusion. Responding Party further objects to this Interrogatory on the grounds that it is premature, calls for legal conclusion, and calls for the rendering of an expert opinion.

**SPECIAL INTERROGATORY NO. 9:**

If You contend that Plaintiff bears any fault for the Incident, please state all facts that contention is based on.

**RESPONSE NO. 9:**

Second Supplemental Response: Subject to and without waiving the below objections, and to Responding Party's best understanding of this Interrogatory, Responding Party directs Plaintiff to the

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

documents previously produced in response to Question No. 31(d) of the Defendant Fact Sheet at Bates Nos. UBER-MDL3084-DFS00074489; UBER-MDL3084-DFS00159617; UBER-MDL3084-DFS00184434. Further answering, Responding Party does not make the contention identified in this Interrogatory at this time. Responding Party further states that its investigation in this matter, including discovery, is ongoing and continuing, including but not limited to depositions of Plaintiffs as well as other fact witnesses. Responding Party reserves the right to supplement or amend this response with additional information about its contentions.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the term "Incident" as the term is vague, overbroad, calls for legal conclusion, and is defined by other objectionable terms such as "Sexual Assault" and "Sexual Misconduct" which are themselves at least vague, overbroad, and call for legal conclusion. Responding Party further objects to this Interrogatory on the grounds that it is premature, argumentative, calls for legal conclusion, and calls for the rendering of an expert opinion.

**SPECIAL INTERROGATORY NO. 12:**

For every status change in the Subject Driver's Account History, please identify the reasons for the status change including (1) identify the date and title of the status change, (2) identify the policy or program that governed the status change, if any (2) identify any events or deadlines that triggered the status change, (4) if the status was the result of any Information Uber learned about the Subject Driver, any report by anyone regarding the Subject Driver, or any action or inaction of the Subject Driver, describe such Information, actions, and/or events.

**RESPONSE NO. 12:**

Second Supplemental Response: Subject to the below objections and to Responding Party's best understanding of this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), Responding Party directs Plaintiff to the Account Status Log Produced in answer to Defendant Fact Sheet Request 24 for this action. To the extent not self-evident from the face of the Account Status Log, Responding Party responds as follows: As shown in the Account Status Log produced at UBER- MDL3084-DFS00074479, the independent third-party driver referenced in this Interrogatory applied to accept Rides (flow type P2P)

20

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

on the Uber platform on October 30, 2018. This individual's Account Status Log reflects one (1) additional Applied status on November 9, 2019, which reflects this individual's re-consent to a background check renewal. This individual's status changed automatically from active to waitlisted one (1) time between November 9, 2018 and May 1, 2019. The automatic status changes between November 9, 2018 and May 1, 2019 related to automatic renewals of background checks and vehicle information. This individual was waitlisted on February 7, 2023 as a result of new information provided to the Responding Party. This individual was deactivated on January 28, 2025, for safety reasons, as a result of new information provided to the Responding Party and subsequent investigations. Investigation and discovery are ongoing. Responding Party reserves the right to supplement or amend this response.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the terms "status", "Subject Driver", "Account History", "policy", "program", "deadline", "Information", as vague, ambiguous, and overbroad. Responding Party objects to terms "status", "policy", and "program" because they are undefined, vague, overbroad, unduly burdensome, and fail to describe with reasonable particularity the information sought by this Interrogatory. Responding Party objects to the term "Subject Driver" to the extent it calls for legal conclusion or requires expert testimony. Responding Party objects to the term "Account History" as overbroad to the extent its definition requests information not reasonably calculated to lead to the discovery of admissible evidence or disproportionate to the needs of the case. Responding Party also objects to this Interrogatory to the extent the information requested is in the possession of Propounding Party. Responding Party further objects to this Interrogatory as compound. Responding Party further objects to this Interrogatory to the extent it calls for a narrative response.

**SPECIAL INTERROGATORY NO. 13:**

For any acronyms or terms of art that appear in Uber's Location Data related to the Subject Ride (including the Chronicle data and maps, Voyager data and maps, and/or Fractal data and maps) describe what each acronym or term of art means.

**RESPONSE NO. 13:**

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Second Supplemental Response: Subject to and without waiving the below objections and to Responding Party's best understanding of this interrogatory, the parties agreed to a hybrid approach for helping define mobile events language/codes. Responding Party will produce convenience description they can locate pursuant to reasonable searches, and Plaintiffs will provide a list of the terms that they request be defined, which may be done in multiple iterations. To Responding Party's best understanding of this interrogatory, and the Party's June 9, 2025 Agreement, Responding Party is producing the chart below of convenience descriptions from the Mobile Events log that are available, and further agree to provide convenience descriptions for terms requested by Plaintiffs, including the terms provided on June 12, 2025.

Second Supplemental Response: Subject to and without waiving the below objections and to Responding Party's best understanding of this interrogatory, the parties agreed to a hybrid approach for helping define mobile events language/codes. Responding Party will produce convenience description they can locate pursuant to reasonable searches, and Plaintiffs will provide a list of the terms that they request be defined, which may be done in multiple iterations. To Responding Party's best understanding of this interrogatory, and the Party's June 9, 2025 Agreement, Responding Party is producing the chart below of convenience descriptions from the Mobile Events log that are available, and further agree to provide convenience descriptions for terms requested by Plaintiffs, including the terms provided on June 12, 2025.

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

23

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

24

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

25

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

26

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

███████████████████████████████████████

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the undefined terms " acronym" and "terms of art" as vague and ambiguous as they are unlimited in scope and fail to identify the information sought in this Interrogatory with reasonable particularity. For instance, an acronym like GPS could be a term of art but is also a commonly understood acronym. Responding Party also objects to the definition of the terms "Uber Location Data" to the extent it requires the disclosure of information that is not reasonably calculated to lead to the discovery of admissible evidence or is disproportionate to the needs of the case. Responding Party objects to the definition of "Subject Ride" to the extent it calls for expert opinion or legal conclusion.

**SPECIAL INTERROGATORY NO. 14:**

Please identify, for every safety tool in Uber's Safety Toolkit (e.g. Share My Ride), (1) the date that tool became available to Plaintiff, and (2) the dates if any when Plaintiff used that tool.

**RESPONSE NO. 14:**

Supplemental Response: Subject to and without waiving the below objections and to Responding Party's best understanding of this Interrogatory, Responding Party directs Plaintiff to the Mobile Events Log produced at Bates No. UBER-MDL3084-BW-00006318, which details if a safety tool was triggered during the alleged subject trip. At the time of Propounding Party's first trip pairing, the following tools were available in the rider Safety Toolkit: My Trip, Follow my Ride, Trusted Contacts, and the In-App Emergency Button. *2017-2018 U.S. Safety Report, at 23*. The following features were subsequently added on or before June 30, 2022: Pre-trip: Real-Time ID Check, Verify My Ride (2020), Rider Seat Belt Alerts, Phone number and address anonymization; On-trip: On-Trip Reporting (2020), Unsafe driving notifications, Bike Lane Alerts, Audio Recording. *See 2019-2020 U.S. Safety Report, at 26-28.*

27

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Responding Party further directs Plaintiffs to the Communications Log, produced at Bates No. UBER-MDL3084-BW-00000033, which does not indicate use of RideCheck. Investigation and discovery are ongoing. Responding Party reserves the right to supplement or amend this response.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the definition of "Safety Toolkit" as vague and ambiguous because it is not limited in scope and fails to identify the information sought in this Interrogatory with reasonable particularity. Responding Party also objects to this Interrogatory as compound.

**SPECIAL INTERROGATORY NO. 15:**

Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, from 2012 to the present, regarding any of the Minimum Requirements for a Rider to have a Safe Ride with Uber.

**RESPONSE NO. 15:**

Supplemental Response: Subject to and without waiving the below objections and to Responding Party's best understanding of this Interrogatory, pursuant to Federal Rule of Civil Procedure Rule 33(d), Responding Party directs Plaintiff to the Communications Log produced at Bates Nos. UBER-MDL3084-BW-00000033. Responding Party also refers Plaintiff to the Community Guidelines (formerly called Code of Conduct) at Bates Nos. UBER-MDL3084000366765 to UBER-MDL3084-000367014, and the Terms of Service at Bates Nos. UBER- MDL3084-BW-00000473 - UBER-MDL3084-BW-00000509. Further answering, Responding Party conducted a reasonably diligent search to identify communications related to the Minimum Requirements for a Rider to have a Safe Ride with Uber pre-incident, so that Plaintiff can locate the specific communication on Plaintiff's communication log, to the extent they exist, and Responding Party identifies communications on the following dates:

| Communication Type | Communications Log Date |
|---|---|
| Email* | 3/22/2019<br>3/14/2019 |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

| In_app | 3/26/2019 |
| | 3/26/2019 |
| | 3/26/2019 |

*Based on investigation to date, Responding Party has not identified a corresponding template, but may supplement this response.

Responding Party reserves the right to amend this Response as discovery and investigation is ongoing.

<u>Objection Based on Rule 33(a)(1):</u> Objection preserved subject to the Parties' May 9, 2025 Agreement.

<u>Other Objection(s):</u> Responding Party objects to the definition of "Minimum Requirements for a Rider to have a Safe Ride with Uber" as it is vague, overbroad, and calls for speculation. For example, the definition is inclusive of "everything" that Responding Party "...expected of RIDERS" which is unlimited in scope and inclusive of unbound "expectations" which are inherently speculative. Responding Party further objects to this Interrogatory to the extent it seeks information equally available to Propounding Party.

**SPECIAL INTERROGATORY NO. 16:**

Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, where Uber attempted to make Plaintiff more Vigilant and less Reliant on or Trusting of Uber during Rides (including but not limited to Communications to Plaintiff, using any words, that Plaintiff was Riding at her own risk; that Plaintiff was doing business with an independent Drivers rather than with Uber when she took a Ride; that Plaintiff should make an independent judgment regarding whether to Trust a particular Driver; that Uber had never met or interviewed its Drivers; that Uber had incomplete information about Drivers; and/or that Uber was not responsible for Plaintiff's Safety during Rides).

**RESPONSE NO. 16:**

<u>Supplemental Response:</u> Subject to and without waiving the below objections and to Responding Party's best understanding of this Interrogatory, pursuant to Federal Rule of Civil Procedure Rule 33(d),

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Responding Party directs Plaintiff to the Communications Log produced at Bates No. UBER-MDL3084-BW-00000033. Responding Party also refers Plaintiff to the Community Guidelines (formerly called Code of Conduct): at Bates Nos. UBER-MDL3084-000366765 to UBER- MDL3084-000367014, and the Terms of Service at Bates Nos. UBER-MDL3084-BW-00000473 - UBER-MDL3084-BW-00000509. Further answering, Responding Party conducted a reasonably diligent search to identify responsive communications so that Plaintiff can locate the specific communication on Plaintiff's communication log, to the extent they exist, and Responding Party identifies communications on the following dates:

| Communication Type | Communications Log Dates |
| --- | --- |
| Email* | 3/22/2019 |
| In_app | 3/26/2019 |
| | 3/26/2019 |
| | 3/26/2019 |
| | 3/14/2019 |

*Based on investigation to date, Responding Party has not identified a corresponding template, but may supplement this response.

Responding Party reserves the right to amend this Response as discovery and investigation is ongoing.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the definitions of "Vigilant", "Reliant", and "Trusting" as vague, overbroad, and unduly burdensome as all three definitions are subjective in nature. For example, while the definition of "Trusting" includes some commonly understood elements of the word, it also includes "to provide a RIDE that is free from harm, danger, and/or risk" that is overbroad and vague. Further, Responding Party objects to the phrasing "more Vigilant and less Reliant on or Trusting of Uber during Rides" that employs these subjective terms as these qualifications are purely subjective, and thus are vague and fail to reasonably identify what information is being sought in this Interrogatory. Responding Party also objects to this Interrogatory as a whole as it calls for speculation.

30

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Responding Party further objects to this Interrogatory to the extent it seeks information equally available to Propounding Party.

**SPECIAL INTERROGATORY NO. 17:**

Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to any risk of Sexual Assault and/or Sexual Misconduct.

**RESPONSE NO. 17:**

Supplemental Response: Subject to and without waiving the below objections and to Responding Party's best understanding of this Interrogatory, pursuant to Federal Rule of Civil Procedure Rule 33(d), Responding Party directs Plaintiff to the Communications Log produced at Bates No. UBER-MDL3084-BW-00000033. Responding Party also refers Plaintiff to the Community Guidelines (formerly called Code of Conduct): at Bates Nos. UBER-MDL3084-000366765 to UBER- MDL3084-000367014, and the Terms of Service at Bates Nos. UBER-MDL3084-BW-00000473 - UBER-MDL3084-BW-00000509. Further answering, Responding Party conducted a reasonably diligent search to identify sexual misconduct and/or sexual assault related communications so that Plaintiff can locate the specific communication on Plaintiff's communication log, to the extent they exist, and Responding Party identifies the following responsive Communication Log dates:

| Communication Type | Communication Log Dates |
| --- | --- |
| Email* | 3/22/2019 |
| In_app | 3/26/2019 |
| | 3/26/2019 |

*Based on investigation to date, Responding Party has not identified a corresponding template, but may supplement this response.

Responding Party reserves the right to amend this Response as discovery and investigation is ongoing.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

31

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Other Objection(s): Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous, and overbroad, including but not limited to the undefined and expansive terms "any risk of Sexual Assault and/or Sexual Misconduct" and "Communications from Uber to Plaintiff." Responding Party further objects to this Interrogatory to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Responding Party also objects on the grounds that this Interrogatory assumes facts not in evidence, including that Responding Party communicated with Propounding Party about any such risks before the alleged incident. Responding Party further objects to the extent this Interrogatory seeks to impose obligations beyond those required under the Federal Rules, including requiring the identification of "Bates numbers of supporting Documents" in an interrogatory response, where such information, if responsive, would be more appropriately addressed through Rule 34 document requests. Responding Party further objects to this Interrogatory to the extent it seeks information equally available to Propounding Party.

**SPECIAL INTERROGATORY NO. 18:**

Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to the risk of Sexual Assault and/or Sexual Misconduct for Female Riders Matched with Male Drivers.

**RESPONSE NO. 18:**

Supplemental Response: Subject to and without waiving the below objections and to Responding Party's best understanding of this Interrogatory, pursuant to Federal Rule of Civil Procedure Rule 33(d), Responding Party directs Plaintiff to the Communications Log produced at Bates No. UBER-MDL3084-BW-00000033. Responding Party also refers Plaintiff to the Community Guidelines (formerly called Code of Conduct) at Bates Nos. UBER-MDL3084-000366765 to UBER- MDL3084-000367014, and the Terms of Service at Bates Nos. UBER-MDL3084-BW-00000473 - UBER-MDL3084-BW-00000509. Further answering, Responding Party conducted a reasonably diligent search to identify sexual misconduct and/or sexual assault related communications so that Plaintiff can locate the specific communication on Plaintiff's communication log, to the extent they exist, and Responding Party did not identify responsive

32

Communication Log dates. Responding Party reserves the right to amend this Response as discovery and investigation is ongoing.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the terms "Sexual Assault" and "Sexual Misconduct" as overbroad and vague as they call for qualifications of interactions beyond what Responding Party understands and defines as the type of conduct referenced. For example, "Sexual Misconduct" is defined as "any and all non-physical conduct… including but not limited to all acts addressed in Defendants' taxonomy and RALIANCE'S Sexual Misconduct taxonomy". Thus, the definition requires Responding Party to speculate as to whether or not conduct Responding Party does not consider as falling under the category of "Sexual Misconduct" in its ordinary course of business would nonetheless fall under Propounding Party's definition as used in this Interrogatory.

**SPECIAL INTERROGATORY NO. 19:**

Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to Risk Factors, including but not limited to Risk Factors present during the Subject Ride and/or Risk Factors related to the Subject Driver.

**RESPONSE NO. 19:**

Supplemental Response: Subject to and without waiving the below objections and to Responding Party's best understanding of this Interrogatory, pursuant to Federal Rule of Civil Procedure Rule 33(d), Responding Party directs Plaintiff to the Communications Log produced at Bates No. UBER-MDL3084-BW-00000033. Responding Party also refers Plaintiff to the Community Guidelines (formerly called Code of Conduct): at Bates Nos. UBER-MDL3084-000366765 to UBER- MDL3084-000367014, and the Terms of Service at Bates Nos. UBER-MDL3084-BW-00000473 - UBER-MDL3084-BW-00000509. Further answering, in addition to the search conducted for Interrogatory 18, Responding Party conducted a reasonably diligent search to identify other safety- related communications so that Plaintiff can locate the specific communication on Plaintiff's communication log, to the extent they exist, and Responding Party did not identify additional responsive Communication Log dates.

33

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Responding Party reserves the right to amend this Response as discovery and investigation is ongoing.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the terms "Incident", "Sexual Assault", and "Sexual Misconduct" as vague, overbroad, and unduly burdensome. Responding Party further objects to the definition of "RISK FACTORS" as compound, vague, ambiguous, overly broad, and unduly burdensome. Responding Party further objects to this definition to the extent that it imposes on Responding Party obligations greater than those imposed under the Federal Rules of Civil Procedure. Responding Party further objects to these terms to the extent they call for legal conclusion or expert opinion. Responding Party further objects to this Interrogatory to the extent it seeks information equally available to Propounding Party.

DATED:  July 25, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*

34

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

***In Re: Uber Rideshare Cases***
***(Coordination Proceeding Special Title [Rule 3.550])***
JUDICIAL COUNCIL COORDINATION PROCEEDING CASE NO. 5188

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco. My business address is Kirkland & Ellis LLP, 555 California Street, 27th Floor, San Francisco, California 94104.

On the date set forth below, I caused the following document(s) to be served by providing a true copy thereof addressed to each of the persons named below:

**DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF WHB 823 SPECIAL INTERROGATORIES**

☒ **VIA EMAIL OR ELECTRONIC SUBMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
|---|---|
| John Eddie Williams, Jr.<br>Email: jwilliams@whlaw.com<br>Brian Abramson<br>Email: babramson@whlaw.com<br>Margret Lecocke<br>Email: mlecocke@whlaw.com<br>Walt Cubberly<br>Email: wcubberly@whlaw.com<br>Sejal K Brahmbhatt<br>Email: sbrahmbhatt@whlaw.com<br>Batami Baskin<br>Email: bbaskin@whlaw.com<br>Myles Shaw<br>Email: mshaw@whlaw.com<br>Joseph C. Melugin<br>Email: jmelugin@whlaw.com<br>Stasja Drecun<br>Email: sdrecun@whlaw.com<br>Israela Rivera<br>irivera@whlaw.com | **WILLIAMS HART & BOUNDAS, LLP**<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017-5051<br>Telephone: (713) 230-2200<br>Facsimile: (713) 643-6226 |

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 25, 2025 in San Francisco, California.

*/s/ Lisa A. Tarpley*_____
Lisa A. Tarpley

DEFENDANTS' THIRD SUPPL. RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES
Case No. 3.23-md-03084-CRB (LJC)