[Submitting counsel below]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **PLAINTIFF WHB 823'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 5590]** |
| *WHB 823 v. Uber Techs., Inc.*, et al. N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | Judge:        Honorable Charles R. Breyer |

**PLAINTIFF'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS**

Pursuant to Civil Local Rules 7-11(b) and 79-5(c), Plaintiff WHB 823 ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal. ECF No. 5590. Plaintiff respectfully requests that the Court seal portions of Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D., and portions of Exhibits 1-7 to Defendants' Opposition.

## I.   BACKGROUND AND REQUESTED SEALING

The documents at issue in this Motion to File Under Seal are:

| Document | Description of Material to Be Sealed |
| --- | --- |
| Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. (ECF 5591) | The details of WHB 823's private life at i:9-12, 1:19, 1:21-22, 1:24-27, 2:3-4, 3:21-24, 5:3-7, 5:9-13, 8:2-3, 8:9-11, 8:13-15, 8:18, 9:18-20, and 11:11-12<br><br>The name of WHB 823 at 4:27, 5:2, 5:7, 5:10, 5:13, 8:15, 11:9-10, 11:12, 11:18, and 11:20<br><br>The name of third-party AW at 5:12, 8:9-10, and 8:12<br><br>The name of third-party ET at 11:17 and 11:19<br><br>The details of WHB 823's mental health history at 2:2-4, 3:6-7, 3:9-21, 4:5-6, 4:9-11, 4:15-5:2, 6:3-5, 8:16-17, 9:21-22, 9:24-25, 10:3-6, 10:18-21, 10:23-26, 11:1-3, 11:6-10, 11:13-21, and 12:2-3 |
| Exhibit 1 to Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. (ECF 5591-2) | Excerpts of the deposition of Alison Reminick, dated November 3, 2025, containing the name of WHB 823, the names of third parties, the details of WHB 823's private life, and the details of WHB 823's mental health history |
| Exhibit 2 to Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. (ECF 5591-3) | Excerpts of mental health treatment records of Plaintiff containing the name of WHB 823 and PII, the names and PII of third parties, the details of WHB 823's private life, and the details of WHB 823's mental health history |
| Exhibit 3 to Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. (ECF 5591-4) | Excerpts of mental health treatment records of Plaintiff containing the name of WHB 823 and PII, the names and PII of third parties, the details of WHB 823's private life, and the details of WHB 823's mental health history |
| Exhibit 4 to Defendants' Opposition to | Excerpts of the deposition of Heleya Rad, dated |

| Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. (ECF 5591-5) | October 17, 2025, containing the details of WHB 823's private life and the details of WHB 823's mental health history |
|---|---|
| Exhibit 5 to Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. (ECF 5591-6) | Excerpts of the deposition of Plaintiff, dated July 10, 2025, containing the name of WHB 823, the names of third parties, and the details of WHB 823's private life |
| Exhibit 6 to Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. (ECF 5591-7) | Excerpts of the deposition of AW, dated July 23, 2025, containing the name of WHB 823, the names of third parties, and the details of WHB 823's private life |
| Exhibit 7 to Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. (ECF 5591-8) | Excerpts of the comprehensive clinical assessment of Plaintiff containing the name of WHB 823 and PII, the details of WHB 823's private life, and the details of WHB 823's mental health history |

## II.    LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## III.    PORTIONS OF DEFENDANTS' OPPOSITION AND EXHIBITS 1-7 TO THE OPPOSITION SHOULD BE SEALED

The relevant documents were filed at ECF 5591. *See* Brahmbhatt Decl. ¶¶ 2-9. The underlying information that Plaintiff seeks to maintain under seal includes Plaintiff's name, other personally identifiable information (PII), sensitive personal information and mental health information, as well as the PII of third parties. Courts routinely find that "individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of Plaintiff WHB 823 and third

parties outweigh the public's minimal interest in knowing their identities or sensitive information and warrant the sealing of this information. *See* Brahmbhatt Decl. ¶ 18.

### A. Failing to Seal the Records Would Harm Plaintiff and Third Parties

First, portions of Defendants' Opposition and Exhibits 1-3 and 5-6 should be sealed because they contain the names and/or contact information of third parties. *See* Brahmbhatt Decl. ¶¶ 10-13 and 15-16. As names and contact information are PII, this information should be sealed under the compelling reasons standard. *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names [] and physical addresses…"). The privacy interests of third parties outweigh any minimal public interest in disclosure. *See* Brahmbhatt Decl. ¶ 18; *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). (finding that "individual privacy rights in personal identifying information [] outweigh the presumption in favor of public access to court records."). This Court has allowed the sealing of PII, including that of third-party witnesses, and should do so again, as publicly disclosing such PII could, at a minimum, pose risk of harassment.

Second, portions of Defendants' Opposition and Exhibits 1-7 should be sealed because they include Plaintiff WHB 823's private mental health information and highly sensitive aspects of her private life. *See* Brahmbhatt Decl. ¶¶ 10-17; *see also Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."); *Sparks v. Mamer*, 2020 WL 2513675,

at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights."). The privacy interests of Plaintiff WHB 823 outweigh any minimal public interest in disclosure. *See* Brahmbhatt Decl. ¶ 18. This information is inherently private and highly sensitive, and typifies the type of information that may be used by a third party to gratify private spite or circulate libel. *See id*. ¶ 19; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted). Accordingly, the highly sensitive personal information in these records should be sealed.

Third, portions of Defendants' Opposition and Exhibits 1-3 and 5-7 should be sealed because Plaintiff WHB 823 is referred to by her name, rather than her pseudonym. *See* Brahmbhatt Decl. ¶¶ 10-13 and 15-17. Although the public has a general right to access court proceedings, courts routinely allow parties to proceed anonymously "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000) (citing "many federal courts, including the Ninth Circuit, [that] permitted parties to proceed anonymously"); *see also Doe v. Lincoln Unified Sch. Dist*., 188 Cal.App.4th 758, 766 (2010) (citing "countless" published decisions featuring fictitious names in California courts, the Ninth Circuit, and the Supreme Court). Plaintiff WHB 823's name is sealable under the compelling reasons standard because it is PII. Her name is also "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). Plaintiff's continued need for anonymity outweighs any minimal prejudice to the public because the public's interest in the case can be satisfied without revealing Plaintiff's name. *See* Brahmbhatt Decl. ¶ 18. Defendants will suffer no prejudice because they know Plaintiff's identity and have recognized that the public disclosure of PII, including names, "could cause significant and avoidable harm or embarrassment to the

PLAINTIFFS' STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5590]
CASE NO. 3:23-MD-03084-CRB

affected individuals." ECF 4205. As Plaintiff WHB 823 wishes to continue proceeding under her pseudonym, portions of Defendants' Opposition and Exhibits 1-3 and 5-7 should be sealed. *See* Brahmbhatt Decl. ¶ 20.

### B. Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm

Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information. *See* Brahmbhatt Decl. ¶ 20. No less restrictive alternative to sealing portions of Defendants' Opposition and Exhibits 1-7 is sufficient. *See id*. Actions short of sealing portions of these records would reveal the contents of WHB 823's and third parties' PII and highly sensitive information and would not protect their privacy interests. *See id*.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order that PII and highly sensitive information contained in Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D and Exhibits 1-7 to Defendants' Opposition remain under seal.

Dated: March 23, 2026                              Respectfully submitted,


By: */s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com

PLAINTIFFS' STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5590]
CASE NO. 3:23-MD-03084-CRB

bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH &  LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

## FILER'S ATTESTATION

I, Myles Shaw, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: March 23, 2026                              */s/ Myles Shaw*
                                                                    Myles Shaw

PLAINTIFFS' STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5590]
CASE NO. 3:23-MD-03084-CRB