[Submitting counsel below]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc.*, et al.<br>N.D. Cal. No. 3:24-cv-04900<br>W.D.N.C. No. 3:25-cv-00737 | **DECLARATION OF SEJAL K. BRAHMBHATT IN SUPPORT OF PLAINTIFF WHB 823'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 5590]**<br><br>Judge:      Honorable Charles R. Breyer |

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

# CHARLOTTE DIVISION

| | |
|---|---|
| WHB 823,<br><br>       Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>       Defendants. | No. 3:25-cv-00737<br><br>Judge: Honorable Charles R. Breyer |

I, Sejal K. Brahmbhatt, declare:

1.      I am an attorney in the law firm of Williams, Hart & Boundas, LLP, and counsel for Plaintiff in the above-captioned Multi-District Litigation. I am a member of the State Bar of Texas and am admitted to practice before this Court pro hac vice. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Plaintiff WHB 823's Statement in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal ("Plaintiff's Statement"), ECF No. 5590.

2.      I have reviewed Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D. ("Opposition") that was filed at ECF 5591.

3.      I have reviewed Exhibit 1 to Defendants' Opposition that was filed at ECF 5591-2.

4.      I have reviewed Exhibit 2 to Defendants' Opposition that was filed at ECF 5591-3.

5.      I have reviewed Exhibit 3 to Defendants' Opposition that was filed at ECF 5591-4.

6.      I have reviewed Exhibit 4 to Defendants' Opposition that was filed at ECF 5591-5.

7.      I have reviewed Exhibit 5 to Defendants' Opposition that was filed at ECF 5591-6.

8.      I have reviewed Exhibit 6 to Defendants' Opposition that was filed at ECF 5591-7.

9.      I have reviewed Exhibit 7 to Defendants' Opposition that was filed at ECF 5591-8.

10.     The Opposition includes details of WHB 823's private life and mental health history, the name of WHB 823, and the names of third parties AW and ET.

11.     Exhibit 1 includes the name of WHB 823, the names of third parties, and the details of WHB 823's private life and mental health history.

12.     Exhibit 2 includes the name of WHB 823 and PII, the names and PII of third parties, and the details of WHB 823's private life and mental health history.

13.     Exhibit 3 includes the name of WHB 823 and PII, the names and PII of third parties, and the details of WHB 823's private life and mental health history.

14.     Exhibit 4 includes the details of WHB 823's private life and mental health history.

15.     Exhibit 5 includes the name of WHB 823, the names of third parties, and the details

of WHB 823's private life.

16.     Exhibit 6 includes the name of WHB 823, the names of third parties, and the details of WHB 823's private life.

17.     Exhibit 7 includes the name of WHB 823 and PII and the details of WHB 823's private life and mental health history.

18.     The significant privacy concerns of Plaintiff and third parties outweigh any minimal public interest in disclosure of their identities or highly sensitive information. The public's interest in the case may be satisfied without revealing this information.

19.     The highly sensitive mental health information of WHB 823 and the personal information regarding her private life typify the type of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel.

20.     The disclosure of personally identifiable and highly sensitive private information would harm WHB 823's and third parties' legitimate privacy interests. Plaintiff's request is narrowly tailored to sealing only PII and sensitive personal information. There is no less restrictive alternative to sealing that would protect the legitimate privacy interests of Plaintiff and third parties, as describing the information would reveal its contents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 23, 2026 in Houston, Texas.

*/s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt

- 3 -