ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO VACATE DISMISSAL WITHOUT PREJUDICE** |
| This Document Relates to: | |
| *WHB 1556 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05986 | |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

It should be undisputed that Plaintiffs and Plaintiffs' counsel in this MDL are obligated to respond to Court-ordered deadlines in a timely manner. Yet, Plaintiff WHB 1556 violated Court-ordered deadlines—not just by days but by months. Her case was rightly dismissed as part of the Court's February 10, 2026 Order. ECF 5216.

More than a year ago, on January 17, 2025, Uber served Plaintiff WHB 1556 with a Defendant Fact Sheet stating that Uber had not been able to substantiate that the ride she alleged she ordered through the Uber application had actually occurred. Supporting Declaration of Chrisopher V. Cotton ("Cotton Decl.") ¶ 3. On June 17, 2025, Uber served a deficiency notice on WHB 1556 based on her failure to provide a sufficient approximate date for the ride in question on her August 2024 Ride Information Form (Plaintiff merely listed "2019" as the approximate date). *Id.*

On July 30, 2025, in light of the fact that 90 Plaintiffs provided either no reason for failing to submit a ride receipt, or otherwise provided limited or boilerplate reasons, Uber moved for a case management order requiring Plaintiffs who had not provided a receipt to provide a detailed explanation, under penalty of perjury, of why they could not produce one. ECF 3604. On September 9, 2025, the Court entered Uber's proposed case management order, PTO 31, which applies to Plaintiffs who only submitted Ride Information Forms but are missing receipts. ECF 3877. PTO 31 requires, among other things, the following:

> a.    Where any Plaintiff who claims to have ordered the relevant ride themselves has not submitted a ride receipt and Uber, as indicated by its Defense Fact Sheet, has not been able to substantiate the ride alleged by that Plaintiff, Uber may serve written notice on each such Plaintiff requiring that the Plaintiff comply with the procedures set forth in this Order.

> b.    Within 30 days of receiving Uber's written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt . . . .

> c. A failure by a Plaintiff to provide the information required in [PTO 31] by the deadlines set forth above shall subject the Plaintiff to dismissal without prejudice.

*Id.*

Plaintiff WHB 1556 received proper PTO 31 notice and failed to timely respond. Cotton Decl. ¶ 4. On November 21, 2025, Uber moved to dismiss Plaintiff WHB 1556 along with 180 other plaintiffs who had not complied with PTO 31. ECF 4456. Neither Uber's motion to dismiss pursuant to PTO 31 or Plaintiff's deadline to oppose that motion spurred her to comply with this Court's order; by her own admission, it was only on March 11, 2026, **three months** after Plaintiff filed her own December 05, 2025, response to Uber's motion to dismiss and **more than a year** after Uber informed her that it could not substantiate her ride, that Plaintiff finally submitted a statement regarding her missing ride receipt. ECF 5481 at 2. WHB 1556's disregard for her Court-ordered obligations is clear.

Plaintiff cites no legal authority for her Motion and it should be denied for that reason alone. *California Pac. Bank v. Fed. Deposit Ins. Corp.,* 885 F.3d 560, 570 (9th Cir. 2018) (arguments waived where party fails to cite authority or makes only "perfunctory arguments"). Because Plaintiff's Motion was filed 29 days after the dismissal without prejudice, it is not proper under Federal Rule of Civil Procedure 59. *Austin v. ABC Legal,* No. 21-cv-9076, 2022 WL 14812646, at *1 n.2 (N.D. Cal. Oct. 25, 2022) (Rule 59 motions must be filed within 28 days of judgment). Rather, it should be considered a motion for relief from judgment under Federal Rule of Civil Procedure 60. *Alden v. AECOM Tech. Corp.,* No. 18-cv-3258, 2021 WL 2258505, at *1 (N.D. Cal. June 3, 2021). Such a motion can only be granted under six specifically enumerated circumstances, *see New Cingular Wireless PCS, LLC v. City of Los Altos,* No. 20-cv-294, 2024 WL 2882554, at *2 (N.D. Cal. June 6, 2024), none of which WHB 1556 has argued are present here. Plaintiff's non-compliance with this Court's order did not constitute "excusable neglect," which requires "some justification for error beyond mere carelessness or ignorance of the law on the part of the litigant." *Ha v. McGuiness*, No. C 07-3777-SBA, 2009 WL 462803, at *1 (N.D. Cal. Feb. 23, 2009). Her belated PTO 31 form submission is not newly discovered evidence that was previously unavailable to her; rather, it consists of information about her own litigation conduct that has long been within her own knowledge. WHB 1556 has not identified any fraud by Uber, the judgment against her is not void, and it has not been satisfied, released, or discharged. And there are no "extraordinary circumstances" that would justify relief under Rule

2

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

60(b)'s "catchall provision." *Sweet v. Cardona,* No. 19-cv-3674, 2026 WL 504706, at *3 (N.D. Cal. Feb. 24, 2026).

Rather, Plaintiff WHB 1556 presents this Court with the, unfortunately, very ordinary circumstance of a Plaintiff who has ignored her Court-ordered obligations for months and now seeks to avoid consequences:



Because WHB 1556 disregarded her Court-ordered deadline, did not timely comply with her PTO 31 obligations, and offered no reason for her months-long delinquency, she cannot meet her burden of demonstrating why a motion to vacate should be granted. To rule otherwise would render this Court's Orders and the associated deadlines mere suggestions that the parties could ignore without consequences. That would be contrary to the spirit of the Court's directives and threaten the integrity of efficacy of this Court's standing orders.

Dated: March 23, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
ccotton@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

3

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB