*[Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **JOINT STATUS REPORT FOR MARCH 26, 2026 DISCOVERY STATUS CONFERENCE** |
| This Document Relates to: | |
| ALL ACTIONS | Judge:        Hon. Lisa J. Cisneros |
| | Courtroom:   G – 15th Floor |

## JOINT STATUS REPORT

In advance of the discovery status conference set for March 26, 2026 at 2:30PM PST (ECF 5164.), Plaintiffs and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") (jointly, "the Parties"), respectfully submit this Joint Status Report.

## I.   <u>Outstanding Wave 1 Discovery</u>

**B.L.**

**Plaintiffs' Position:**   The parties have engaged in meet and confer conferences relating to the new discovery that Uber is seeking.  Plaintiff does not agree that any individual was not properly identified during prior discovery; however, and despite this, Plaintiff has advised Defendants of the willingness to work in cooperation to schedule depositions with appropriate time restrictions.

**Defendants' Position:**

The parties have been meeting and conferring regarding two issues: (1) depositions of additional fact witnesses: (a) Plaintiff's friends/witnesses who were interviewed by Plaintiff's expert (Dr. Mechanic) but were not accurately identified during prior discovery and (b) Plaintiff's mental health providers who were disclosed after the discovery deadline; and (2) improper redactions of chats/communications produced by Plaintiff. An impasse has been reached, and the parties expect to file PTO 8 briefs on these issues prior to the March 26 discovery conference.

**A.R.**

**Joint Position:** Since the Court-ordered depositions of Plaintiff A.R. and witness I.E. (ECF 3985), the parties have been negotiating a protocol for production of potentially responsive documents. If no agreement can be reached, Uber reserves the right to seek Court intervention.

## I.   <u>Lyft and Checkr Discovery</u>

**Plaintiffs' Position:** The Court issued orders resolving the remaining disputes on Plaintiffs' subpoena to Lyft for Wave 1 cases. ECF 5263; ECF 5281. Plaintiffs will advise the Court of any issues that arise related to Lyft productions. With respect to Checkr, prior to the close of discovery for Wave 1 cases, Plaintiffs served Checkr with subpoenas to obtain information related to background check investigations of the subject drivers. There is no dispute that the requested documents are relevant and necessary to this case, yet Checkr's production has been critically deficient. Plaintiffs will continue to meet and confer with Checkr and seek the Court's intervention as needed, including potentially moving to compel a 30(b)(6) deposition.

**Defendants' Position:** Uber understands these to be matters (i) between Plaintiffs and the respective third parties, (ii) subject to, respectively, existing Orders and continued conferrals, and

therefore (iii) unnecessary or unripe to be raised here.

## II.    Other Third-Party Discovery

**Plaintiff's Position:** During the first Bellwether trial and trial depositions, Uber introduced evidence relating to several third parties who allegedly had either endorsed Uber's actions, had partnered with Uber, and/or had played a role in the development of S-RAD. While Plaintiffs did obtain some information about third parties during discovery, Uber's partnership with third parties on S-RAD was new information to Plaintiffs, and Uber's heavy reliance upon the endorsement of its nonprofit partners. Plaintiffs were not able to conduct prior discovery into third party roles with S-RAD or into what information these third parties had from Uber before they offered to lend their names to Uber and/or its initiatives. To that end, Plaintiffs informed Uber that they intended to explore the following topics and in the following order:

*First*, on March 19, 2026, Plaintiffs served a 30(b)(6) notice of deposition on Uber, focusing on third party roles in (1) driver education, (2) S-RAD, (3) Safety Reports, and (4) Uber's Taxonomy. Plaintiffs intend to use this deposition to narrow both the list of third parties to depose and the scope of questions that need to be asked of third parties. This deposition is noticed for April 9, 2026, and Plaintiffs intend to continue meeting and conferring with Uber in advance of that date.

*Second*, based upon Uber's answers to the questions and the scope of various third parties' involvement in each of the four topics, Plaintiffs intend to take limited depositions of any third parties who played substantive roles in these four areas and where the testimony of Uber did not provide Plaintiffs with sufficient information with which to defend against Uber's third party enforcement claims. Plaintiffs have not yet had the opportunity to depose these third parties, in large part because during the initial round of third-party discovery, both Uber and the third parties maintained that Plaintiffs would receive sufficient information from Uber alone. This did not turn out to be the case. Per the Court's guidance, Plaintiffs intent to depose Uber first to obtain what they can without going to third parties, but some information, specifically what information Uber provided them and what assumptions they made about Uber's safety program they made, will need to be obtained directly.

**Defendant's Position:** Uber has worked with hundreds of third parties to varying degrees

JOINT STATUS REPORT FOR THE MARCH 26, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB

including in connection with the development of Uber's taxonomy, the issuance of its U.S. Safety Reports, the development of driver training programs on sexual assault and misconduct, and the launch of S-RAD. These communications have been exhaustively covered in prior discovery. Uber has produced thousands of documents related to its communications with third-party entities regarding all of the foregoing issues. In addition, several of the entities themselves have already produced documents to Plaintiffs in responses to third-party subpoenas. These include RAINN (with which Uber communicated about driver training), NSVRC (with which Uber communicated about the Taxonomy and U.S. Safety Reports), and the Urban Institute (with which Uber communicated about the Taxonomy). Further, Plaintiffs have already deposed multiple Uber witnesses regarding these communications or relationships, including Emilie Boman, Katy McDonald, Brooke Anderson, Jill Hazelbaker, and Sunny Wong.

Plaintiffs' claim that "they were not able to conduct prior discovery into third party roles with S-RAD" is unfounded and, in any event, does not justify their sweeping notice. At a deposition in January 2026, Plaintiffs examined Sunny Wong regarding third-party entities that were consulted in connection with S-RAD development, including a document that identified 18 such entities. As Mr. Wong testified, most of those entities are not sexual assault survivor advocacy groups but rather were consulted by Uber for their views on data privacy and potential discrimination issues, including with respect to any use of gender inference. Contrary to their suggestion, Plaintiffs' notice is not an attempt to further explore those issues. Of the 18 entities listed in the exhibit from Mr. Wong's deposition, only 7 are listed among the 23 "relevant entities" in Plaintiffs' notice. Instead, Plaintiffs' notice identifies familiar names – Raliance, RAINN, NSVRC, Urban Institute, NO MORE and other groups with similar missions – about which Plaintiffs already have thousands of documents, hours of corporate representative testimony from Ms. Boman (who was deposed on these issues for a full day in October 2025, prior to which Uber provided a 60-page deposition aid that provided information regarding Uber's communications with and payments to hundreds of third parties) and others, and trial testimony. As such, it underscores that what Plaintiffs really seek is not new information but to retread ground already well-covered: a re-do of their prior deposition of Ms. Boman. Uber will meet and confer with Plaintiffs regarding legitimate discovery needs (if any) related to third parties, but as

drafted, Plaintiffs' notice is overly broad and duplicative, among other defects.

## III.    Modifying PTO 10

Plaintiffs have requested supplements to the DFS and an order regarding the process and timing for dispositive motions in non-bellwether cases. The parties have agreed to meet and confer and file joint or competing positions by March 31, 2026

## IV.    Modifying Protective Order

**Plaintiff's Position:** Pursuant to this Court's order, Dkt. 5245, the parties have met and conferred regarding the confidentiality of Uber's policy titles. Plaintiffs made a formal proposal to Uber on February 27, 2026. The parties met and conferred on March 23, 2026. Should the parties not be able to reach an agreement, Plaintiffs intend to seek a court order authorizing the disclosure of Uber's policy and knowledge base titles, version dates, and "issued by" information, as well as modification of the protective order.

**Defendants' Position**: The parties have been meeting and conferring since February 24 regarding Plaintiffs' confidentiality challenge. Despite Uber's requests, Plaintiffs have not provided a list identifying the documents they are challenging. On March 9, Uber proposed discussing the policies and Knowledge Bases that Plaintiffs previously identified as being of particular importance to this litigation and also offered to evaluate additional documents Plaintiffs identified. On March 18, Plaintiffs advised that Uber had interpreted their request too narrowly, but again did not identify additional documents of interest. Uber and Plaintiffs had a further meet-and-confer on March 23 to continue discussing the scope of Plaintiffs' challenges. It is premature to raise this topic with the Court.

JOINT STATUS REPORT FOR THE MARCH 26, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB

By: */s/ Roopal P. Luhana*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Laura Vartain Horn*

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
CHRISTOPHER COX
LAURA VARTAIN HORN

**SHOOK, HARDY & BACON L.L.P.**
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON
ALYCIA A. DEGEN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

JOINT STATUS REPORT FOR THE MARCH 26, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: March 23, 2026

By: /s/  *Laura Vartain Horn*

JOINT STATUS REPORT FOR THE MARCH 26, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Laura Vartain Horn*

JOINT STATUS REPORT FOR THE MARCH 26, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB