[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE** |
| This Document Relates to: | |
| *WHB 823 v. Uber Technologies, Inc.*, N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | Judge: Honorable Charles R. Breyer Date:  April 2, 2026 Time:  2:00 P.M. PT Ctrm.:  6-17th Floor |

## INTRODUCTION

Defendants seek to exclude the subject driver's one-star reviews by dismissing them as speculative and irrelevant. Uber's own data shows otherwise. These reviews are not conjecture—they are objective data generated by Uber's platform and interpreted through Uber's own internal analyses and corporate testimony.

Uber's designated representatives ███████████████████████████████ ████████████████████████████████████████████████. That admission alone establishes relevance. Defendants cannot simultaneously rely on these metrics internally while asking the Court to treat them as meaningless in front of a jury.

The timing of the reviews makes them even more probative. This driver did not have a remote or sporadic history of negative feedback. He received multiple one-star ratings in the days immediately preceding the assault, including within forty-eight hours of the incident. That clustering is precisely the type of contemporaneous evidence a jury is entitled to consider when evaluating whether the assault occurred.

Defendants' Rule 404 argument misstates the purpose of the evidence. Plaintiff does not offer these reviews to show character or propensity. They are offered to show risk indicators identified by Uber itself, to provide context for the incident, and to support the likelihood of misconduct. That is a permissible, non-propensity use grounded in Defendants' own data.

Finally, Rule 403 does not warrant exclusion. The evidence is highly probative, limited in scope, and easily understood. Any competing explanations for the ratings can be addressed through cross-examination. What Defendants seek is not to prevent unfair prejudice, but to prevent the jury from hearing evidence that is both damaging and admissible. Defendants' motion should be denied.

## BACKGROUND

Mr. Richardson had been driving on the Uber platform for less than five months at the time he assaulted Plaintiff. During that short period, he received six one-star ratings from riders. *See* 8/26/2025 (30(b)(6)) Deposition of Greg Brown at 323:02-323:09, Ex. A.

The timing of those ratings is significant. Mr. Richardson's first one-star rating occurred

on December 6, 2018. *Id.* at 323:10-323:13. His second occurred on January 14, 2019. *Id.* at 328:02-328:05. The remaining ratings were concentrated immediately before the subject assault. He received one one-star rating eleven days prior to the incident and two additional one-star ratings within forty-eight hours of the incident itself. *Id.* at 333:25-334:13; 7/23/2025 (30(b)(6)) Deposition of Sunny Wong at 141:02-141:05, Ex. B.

Greg Brown was designated by Uber as its corporate representative to testify regarding Mr. Richardson's history with the platform. *See* 8/26/2025 Greg Brown Dep. at 320:04-320:09. During his deposition, Mr. Brown was shown an internal Uber document ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 324:25-325:04. That document states ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 325:07-325:12. Mr. Brown did not dispute that fact.

Mr. Richardson also received at least one "professionalism" tag associated with a one-star rating. *Id.* at 329:07-329:10. Mr. Brown was shown another Uber document stating that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 331:21-332:05. The same document states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 332:08-332:19. Mr. Brown did not dispute these findings.

Sunny Wong, another Uber corporate representative, likewise did not dispute ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* 7/23/2025 Sunny Wong Dep. at 131:09-133:19.

Based on Defendants' own evidence and testimony, the record establishes that Mr. Richardson accumulated multiple one-star ratings within a compressed timeframe immediately preceding the incident, that at least one of those ratings carried a behavioral tag associated with misconduct risk, and that Uber ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

## ARGUMENT

Mr. Richardson's one-star review evidence is admissible because it is relevant, non-propensity evidence, and its probative value is not substantially outweighed by any risk identified by Defendants.

First, the evidence is relevant under Rule 401. Defendants argue that the reviews are meaningless because the reasons for each rating are unknown. That argument ignores the undisputed testimony ████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████.

Defendants' position also improperly demands a level of precision that Rule 401 does not require. Evidence need only have any "tendency" to make a consequential fact more or less probable. Fed. R. Evid. 401. Here, the combination of (1) multiple one-star ratings, (2) their temporal clustering immediately before the incident, and (3) Uber's own admission that ████ ████████████████████████ easily satisfies that standard. A jury need not know the exact reason for each individual rating to conclude that a sudden concentration of negative feedback—████████████████████—makes misconduct more likely.

The timing of the ratings further strengthens their relevance. The fact that multiple one-star ratings occurred in the days immediately preceding the incident is not random or remote. A reasonable jury may consider that temporal clustering, together with Uber's own findings, as circumstantial evidence supporting Plaintiff's account. The jury may draw a reasonable inference from this pattern and timing, particularly where the evidence reflects conditions immediately surrounding the alleged conduct.

Second, the evidence is not barred by Rule 404. Plaintiff does not seek to introduce the ratings to establish a general character trait or to argue that the driver acted in conformity with past behavior. As Defendants pointed out, "no one knows why Mr. Richardson was given a one-star rating in any of these six rides. Drivers can receive one-star ratings for any number of reasons." ECF No. 5517 at 4. If no one knows what behavior Mr. Richardson engaged in that

3

resulted in him receiving one-star ratings, Uber cannot argue that Plaintiff is using the evidence to prove he acted in conformity with his past behavior. Instead, the evidence is offered to demonstrate the presence of risk indicators identified by Uber itself that make it more likely the incident happened and to provide context for the events surrounding the incident. That is a permissible, non-propensity use.

Defendants' argument collapses any pattern-based circumstantial evidence into improper propensity evidence, which is not the law. Evidence that shows a pattern, condition, or risk factor—especially one defined by ███████████████████—is admissible where it bears on the likelihood of the specific conduct at issue. The one-star ratings are not being used to argue "he did it before, so he did it again," but rather "he exhibited risk indicators that make the alleged conduct more probable" based on ████████. *See, e.g., Boyd v. City & County of San Francisco*, 576 F.3d 938, 944-47 (9th Cir. 2009)(finding evidence of prior high-speed chase was relevant and probative of excessive force claim, as evidence made it more likely that suspect blamed police for his injuries, and the probative value of prior incident showing increased risk was not outweighed by the danger of unfair prejudice); *United States v. Pacific Gas & Electric Co.*, 178 F. Supp. 3d 927, 973 (N.D. Cal. 2016)(evidence of pressure increases on gas pipelines was admissible to show increased risk of gas line rupture based on defendant's own data showing increased risk).

Third, Rule 403 does not warrant exclusion. The probative value of this evidence is substantial and outweighs any alleged prejudice. Fed. R. Evid. 403. It is grounded in Defendants' own analyses and relates directly to the likelihood of the conduct at issue. Any potential for prejudice is limited and can be addressed through examination and appropriate argument.

Defendants' suggestion that admission would result in confusion or "mini-trials" is meritless. The evidence consists of driver ratings and associated testimony that can be presented succinctly. It does not require any collateral litigation. To the extent any explanation of the ratings is necessary, that inquiry will be limited and straightforward, particularly given that Uber itself does not track specific reasons for most one-star reviews. Defendants cannot rely on that lack of detail as both a sword and a shield—arguing the data is meaningful internally while claiming it is

too ambiguous to be presented to a jury.

Finally, the narrowed scope of Plaintiff's claim does not render this evidence irrelevant. Even where liability is based on a common carrier's non-delegable duty, the jury must still determine whether the assault occurred. Evidence that makes that fact more probable remains admissible. Fed. R. Evid. 401. The one-star review evidence does exactly that.

## CONCLUSION

For the reasons stated here, Defendants' motion in limine should be denied.

Dated: March 24, 2026

Respectfully Submitted,

By: /s/ Sarah R. London
Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY
& WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: /s/ Sejal K. Brahmbhatt
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)

5

Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Counsel for Plaintiff WHB 823*


By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH & LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

6

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: March 24, 2026                          By:    */s/ Roopal P. Luhana*
                                                       Roopal P. Luhana