[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 832 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S STATEMENT IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT]**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor<br><br>Date Filed: March 20, 2026<br>Trial Date: April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 832,<br><br>          Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>          Defendants. | Case No. 3:25-cv-00737-CRB<br><br>Judge:        Hon. Charles R. Breyer<br><br>Courtroom:   501 |

Pursuant to Northern District of California Civil Local Rule 79-5(f)(3) and the Stipulation and Order entered by the Court on March 13, 2026 (ECF No. 5511), Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Statement in Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [WHB 823's Motion for Partial Summary Judgment] (ECF No. 5466). Plaintiff takes no position on Uber's proposed redactions. *See* Declaration of Laura Vartain Horn in Support of the Administrative Motion to Seal, ¶ 2. For the reasons set forth herein, there are compelling reasons to seal the narrowly-tailored proposed redactions in the following Exhibit:

| Document | Description | Party Seeking Confidentiality |
|---|---|---|
| Ex. X to Plaintiff's Motion for Partial Summary Judgment (Vartain Decl. Ex. 1) (ECF No. 5466-18) | Excerpts of the July 15, 2025 30(b)(6) deposition transcript of Mariana Esteves | Uber |

## I. LEGAL STANDARD

In the Ninth Circuit, courts use one of two standards to decide whether a document supporting a motion should remain under seal—the "compelling reasons" standard or the "good cause" exception. *Amarte USA Holdings, Inc. v. Kendo Holdings Inc.*, No. 22-cv-08958-CRB, 2024 WL 4487404, at *1 (N.D. Cal. Aug. 13, 2024) (citations omitted). When a motion is dispositive, the compelling reasons standard applies. *Id.* The compelling reasons standard applies to the briefing related to Plaintiff's motion for partial summary judgment here.

"'[B]usiness information that might harm a litigant's competitive standing [if disclosed]' meets the compelling reasons standard for sealing." *Miller v. RP On-Site, LLC*, No. 19-CV-02114-LHK, 2021 WL 624175, at *2 (N.D. Cal. Jan. 8, 2021) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)); *see also Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) ("common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to

DEFENDANTS' STATEMENT RE SEALING                     Case No. 3:23-md-03084-CRB (LJC)

seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.") (internal alterations and citations omitted).

## II.    ARGUMENT

Uber has established a compelling interest in redacting the requested portion of Exhibit X. Uber seeks to seal limited information concerning the functioning of its RideCheck technology, including the specific variables considered in determining whether a route deviation has occurred. Brown Decl. ¶ 3. Uber has expended significant time and money in developing and improving the RideCheck technology, and has maintained documents and communications related to how the technology works under strict confidentiality. *Id.* ¶ 6.

Information concerning the function of RideCheck is competitively sensitive and could be used by Uber's competitors to Uber's disadvantage if it were made public, including by those competitors' copying Uber's technology. *Id.* ¶ 3; *see Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (granting motion to seal when "public release of these documents could give non-party competitors an unfair advantage in the development or marketing of rival products"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products"); *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *2 (N.D. Cal. Feb. 5, 2025) (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons standard); *Ashcraft v. Welk Resort Grp., Corp.*, No. 2:16-CV-02978-JAD-NJK, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "a competitor could [use to] reverse-engineer" Experian's systems).

Public disclosure of this information about how RideCheck works could also allow users of the Uber platform or other individuals to take steps to undermine or circumvent RideCheck's effectiveness. Brown Decl. ¶ 4; *see, e.g.*, *Ashcraft*, 2019 WL 12518367, at *2 (sealing information that "identity thieves could use [ ] to develop methods to circumvent Experian's protections"); *Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 WL 12965295, at *2 (N.D. Cal. Oct. 15, 2015) (finding good cause to seal documents that could cause Facebook competitive harm and compromise the technology of the products,

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

harming Facebook and Facebook's end users).

In addition, Uber is not seeking to seal Exhibit X in full, but only to redact the limited portion that is necessary to seal in order to protect Uber from competitive harm. *See Rodman*, 2015 WL 13673842, at *2 (granting motion to seal when company "has proposed to redact only the portions of the documents containing the confidential information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (granting motion to seal when parties sought "to only redact the portions of the filings and the precise exhibits that implicate such confidential business information"). Thus, Uber's approach is the least restrictive alternative and is narrowly tailored to protect Uber's competitive and other interests.

## III.    CONCLUSION

Compelling reasons exist for the Court to redact the Exhibit as described above. Uber therefore respectfully requests that the Court order that the redacted Exhibit be maintained on the docket under seal.

DATED:  March 24, 2026                    Respectfully submitted,


*/s/ Laura Vartain Horn*
_____
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**

3

401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' STATEMENT RE SEALING        Case No. 3:23-md-03084-CRB (LJC)