# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DECLARATION OF GREG BROWN** |
| This Document Relates to: | Judge:         Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |
| *WHB 832 v. Uber Techs., Inc.,* N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | Judge:         Mag. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NORTH CAROLINA

### CHARLOTTE DIVISION

| | |
|---|---|
| WHB 832, | CASE NO. 3:25-cv-00737 |
| Plaintiff, | Judge:         Hon. Charles R. Breyer |
| v. | Courtroom:   501 |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

I, Greg Brown, having personal knowledge of the following, state:

1.      I am the Director, Head of Central Safety, at Uber. I was first employed by Uber from 2014 through 2020, during which time I worked as Operations and Logistics Manager (July 2014 – September 2015); Senior Operations Manager (September 2015 – November 2017); Program Lead, Safety (November 2017 – August 2019); and Senior Program Lead, Safety & Risk (August 2019 – December 2020). When I returned to Uber in 2022, I initially worked as Director of Safety, United States & Canada (September 2022 – August 2024). Since August 2024, I have served in my current role. In that role, I am responsible for overseeing, organizing, and implementing global risk programs, and ensuring, where applicable, that Uber's safety policies and standards are appropriately globalized. I offer this Declaration in the above-captioned matter in support of the Motion to Seal filed by Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called to testify in this matter.

2.      I have reviewed Exhibit X to Plaintiff 's Motion for Partial Summary Judgment.

3.      Exhibit X consists of excerpts from the July 15, 2025 30(b)(6) deposition transcript of Mariana Esteves. The transcript discusses Uber's proprietary RideCheck technology. Uber seeks to seal a portion of the transcript that provides details about how the RideCheck technology works, including the specific variables considered in determining whether a route deviation has occurred. Ex. X at 35:14-37:3. This information about how the RideCheck technology works and the variables it takes into account is competitively sensitive and could be used by Uber's competitors to Uber's disadvantage if it were made public, including by the competitors' copying of these variables.

4.      Public disclosure of this information about how RideCheck works could also allow users of the Uber platform or other individuals to take steps to undermine or circumvent RideCheck's effectiveness.

5.      I am personally familiar with the proprietary and confidential RideCheck technology through my work as Director, Head of Central Safety at Uber.

Docusign Envelope ID: ADBD9404-3189-4890-909A-6BCA79D5A8DD

6.  Uber has expended significant time and money in developing and improving the RideCheck technology, and has maintained documents and communications related to how the technology works under strict confidentiality.

DECLARATION OF GREG BROWN

Case No. 3:23-MD-03084-CRB

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ___March 24, 2026___        _Greg Brown_____

                                    GREG BROWN