ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | |
| *Jane Roe CL 225 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09555-CRB | Date:          May 8, 2026 |
| *Jane Doe NLG (M.F.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09589-CRB | Time:          10:00 a.m. Courtroom:   6 – 17th Floor |

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

*John Doe LS 16 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09767-CRB

*K.C. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09794-CRB

*A.W. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09818

*E.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09824-CRB

*Jane Doe NLG (A.R.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09839-CRB

*Jane Doe NLG (L.R.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09842-CRB

*Jane Roe CL 232 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09861-CRB

*Jane Doe LS 658 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09914-CRB

*Jane Roe CL 234 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09916-CRB

*A.F. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09768

*R.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10029-CRB

*AN.C. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10403-CRB

*J.T. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10434-CRB

*K.L. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10472

*J.H. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10624-CRB

*B.G. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10627-CRB

*M.R. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10650-CRB

*AP.P. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10659-CRB

*Sha.R. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10714-CRB

*Jane Roe CL 247 v. Uber Technologies,
Inc., et al.*, No. 3:25-cv-10725-CRB

*Jane Roe CL 249 v. Uber Technologies,
Inc., et al.*, No. 3:25-cv-10727-CRB

*Jane Doe DMA (N.B.) v. Uber
Technologies, Inc., et al.*, No. 3:25-cv-10736-CRB

*Jane Roe CL 250 v. Uber Technologies,
Inc., et al.*, No. 3:25-cv-10737-CRB

*JE.H. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10742-CRB

*NE.R. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10743-CRB

*LU.L. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10746-CRB

*JA.R. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10749-CRB

*Jane Roe CL 252 v. Uber Technologies,
Inc., et al.*, No. 3:25-cv-10758-CRB

*Sh.B. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10774-CRB

*N.MP. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10776-CRB

*Al.H. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10777-CRB

*K.B. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10778

*R.R. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10781-CRB

*D.A. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10856-CRB

*C.J. v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-10857-CRB

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

In its Motion to Dismiss Cases for Failure to Comply with Amended PTO 10 (ECF 5382), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve Plaintiff Fact Sheets (PFS) despite this Court's clear directive that they do so months ago. PTO 10 at 5-6, ECF 348; Amended PTO 10 at 4-5; ECF 4274-1; ECF 4286. These Plaintiffs' noncompliance with the Court's orders impairs Uber's ability to defend itself in this MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and prepare for trial.

Nothing in Plaintiffs' Oppositions alters this conclusion. Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of dismissal. *See Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice is entirely reasonable. Indeed, courts have repeatedly ordered cases to be dismissed *with* prejudice under similar circumstances, including in MDL proceedings where plaintiffs fail to submit complete and timely fact sheets. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig. (In re PPA).*, 460 F.3d 1217, 1232-34 (9th Cir. 2006) (affirming dismissal with prejudice of cases for failure to submit complete PFS); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig. (In re Bextra)*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) (dismissing with prejudice those plaintiffs' cases who failed to file PFS and otherwise provide discovery pursuant to PTO); *In re Taxotere (Docetaxel) Prods. Liab. Litig (In re Taxotere)*, 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice where plaintiff consistently failed to submit a complete PFS in spite of "numerous extensions and grace periods"); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig. (In re Guidant)*, 496 F.3d 863, 865-66 (8th Cir. 2007); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019) (dismissing with prejudice for failure to submit PFS).

In their oppositions, four Plaintiffs responded that, following Uber's motion, they belatedly submitted a PFS and should therefore not be subject to dismissal without prejudice. ECF 5549 at 2;

1

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

ECF 5552 at 3-4; ECF 5562 at 2. Uber has confirmed that these Plaintiffs have in fact belatedly submitted a PFS, and therefore withdraws its motion as to them, although Uber reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' late submissions. Uber also withdraws its motion as moot with regard to a number of Plaintiffs whose cases have already been dismissed for other reasons.

The remaining Plaintiffs are still not in compliance with this Court's PTO 10 and this Court should dismiss their cases without prejudice. As an initial matter, Uber seeks dismissal as to the three Plaintiffs represented by Nachawati, one represented by Reich & Binstock, and another one represented by D. Miller & Associates who have not responded to Uber's Motion (in addition to failing to submit a PFS) and can therefore be deemed to have consented to the relief it seeks. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025).

In addition, some of the law firms make various procedural and substantive challenges to the Motion to Dismiss, but all of these challenges are unavailing. Contrary to some Plaintiffs' contention, ECF 5552 at 6, Uber was not required to seek an order to show cause or make a showing of "flagrant disregard" before filing its Motion. *Endurance Am. Specialty Ins. Co.  v. Lance-Kashian & Co*., No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). In fact, this Court has already denied similar arguments. *See e.g.*, ECF 4979, 5232, 5253, 5455. Similarly, this Court should reject Plaintiffs' contention that they can disobey court orders if they have what they believe are good reasons for doing so. ECF 5549 at 1; ECF 5552 at 5; ECF 5562 at 1. Indeed, Plaintiffs' reasons for non-compliance are not even a consideration under the well-established *Malone* factors. Rather, that test appropriately focuses on other concerns, including the Court's abiding interest in managing its own docket and safeguarding the public's interest in expeditious resolution of the litigation. 833 F.2d at 130. Finally, certain Plaintiffs assert that "[t]here is no real prejudice to Uber that warrants dismissal" and that dismissal is too harsh of a sanction for their violation of Court orders. ECF 5552 at 7. But Uber has been harmed, as set forth herein. And Plaintiffs have already been given warnings of their noncompliance, making dismissal an appropriate remedy. *See, e.g.*, *Jackson v. United States*, 116 F.3d 484, 484 (9th Cir. 1997).

2

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

Pursuant to the procedures set forth in Amended Pretrial Order No. 10, Uber seeks an order dismissing these Plaintiffs' cases without prejudice for failure to timely and substantially comply with Amended PTO 10. For this Court's convenience, a revised proposed order listing these Plaintiffs accompanies this Reply as Exhibit 1.

### ARGUMENT

**I.    Five Plaintiffs have not responded to Uber's motion and therefore should be deemed to have consented to the relief sought.**

The Nachawati Law Group, representing Plaintiffs Jane Doe NLG (M.F.), Jane Doe NLG (A.R), and Jane Doe NLG (L.R.), the Reich & Binstock law firm, representing Plaintiff R.M., and the D. Miller & Associates law firm, representing Plaintiff Jane Doe DMA (N.B.), have not filed an opposition to Uber's Motion to Dismiss. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure to timely produce Plaintiff Fact Sheets by failing to timely oppose Uber's Motion, it should be granted as to those five Plaintiffs.

**II.    Uber withdraws its motion as to those Plaintiffs who have belatedly produced Plaintiff Fact Sheets or who have previously had their cases dismissed.**

A number of Plaintiffs represented by the Wagstaff Law Firm[1], Levin Simes LLP[2], and Cutter Law[3] claim that, following Uber's motion, they belatedly submitted a PFS and should not be subject to dismissal with prejudice. ECF 5549 at 1; ECF 5552 at 3-4; 5562 at 1. These Plaintiffs have not offered any excuse for their late submissions, nor any apology for the failure to comply with this Court's order, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber has confirmed that these Plaintiffs have now

---

[1] Two Plaintiffs represented by Wagstaff: B.D. and J.G.
[2] One Plaintiff represented Levin Simes: Jane Doe LS 659.
[3] One Plaintiff represented by Cutter Law: Jane Roe CL 231.

3

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

submitted a PFS and therefore withdraws its motion as to them,[4] although it reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions.

### III.    Uber's motion was procedurally proper.

Uber's Motion to dismiss was procedurally proper pursuant to Amended Pretrial Order No. 10: Fact Sheet Implementation Order.  ECF 4287.  Pursuant to that Order, if a plaintiff fails to submit a PFS or submits a PFS that fails to substantially comply with Pretrial Order No. 10, "Uber may move the Court for an Order dismissing the relevant Complaint without prejudice. *Id.* ¶9(b).

The Wagstaff Law Firm launches various misplaced procedural objections to Uber's Motion to Dismiss. First, the Wagstaff Law Firm argues that Uber's motion was "procedurally improper," claiming that Uber needed to seek an order to show cause to make a record in support of "the requisite showing of 'flagrant disregard.'" ECF 5552 at 6. This argument is meritless because Amended PTO No. 10 does not require making such a showing to seek dismissal without prejudice. Moreover, this misstates the requisite showing for dismissal under Rule 37, which is "noncompliance… due to willfulness, fault, or bad faith." *Fjelstad v. Honda Motor Co., Inc*., 762 F.2d 1334, 1337 (9th Cir. 1985). Although the Ninth Circuit has "specifically encouraged dismissal" in cases involving flagrant disregard of court orders, *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981), flagrant disregard is not required. Rather, "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v. Comb*s, 285 F.3d 899, 905 (9th Cir. 2002). Uber's motion showed that Plaintiffs have disobeyed this Court's order and Plaintiffs have not shown the disobedience to be outside their control.

### IV.    Plaintiffs' Failure to Comply with this Court's PFS Deadline Cannot Be Excused and Mandates Dismissal Under the First and Second *Malone* Factors.

Several of the Plaintiffs argue that, although they have failed to submit the required fact sheets, they have good reasons for not doing so, and this Court should not dismiss their cases so Plaintiffs' counsel can continue their efforts to reach their clients. ECFs 5549 at 1; 5552 at 7; 5562 at 1.

---

[4] Three other Plaintiffs initially subject to this Motion have now had their cases dismissed for other reasons, rendering the Motion moot as to them: Ja.M., Je.M., and H.I.

4

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

Specifically, Cutter Law argues that "a Plaintiff may become unavailable for a variety of reasons. Counsel has utilized extensive efforts to reach each of the clients, predating the filing of Defendant's motion." ECF 5562 at 1. The Wagstaff Law Firm makes a similar argument, saying "[t]here are many reasons why these victims of sexual assault could be unresponsive may [sic] *years* after the assault" and that their "office has employed extensive efforts to reach these plaintiffs."  ECF 5552 at 5 (emphasis added). They further point out that "the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on" and that "[c]ounsel will continue its efforts with the Plaintiffs to cure their deficiencies." *Id.* at 7. Finally, Levin Simes argues that "[t]here are many reasons why these victims of sexual assault could be unresponsive after having their case stayed for many years," and therefore requests an unspecified amount of additional time to follow up with these Plaintiffs. ECF 5549 at 1.

This meager attempt to explain away Plaintiffs' noncompliance is unavailing. At bottom, the Court still has an abiding interest in safeguarding the public's interest in expeditious resolution of the litigation and the Court's need to manage its own docket, as recognized by the first two factors outlined by the Court in *Malone*. 833 F.2d at 130. And Uber has been significantly prejudiced by Plaintiffs' non-compliance because it lacks even basic information about the claims against which it is being asked to defend. *See Comput. Task Grp, Inc. v. Brody*, 364 F.3d 1112, 1116 (9th Cir. 2004). These law firms are essentially arguing that the first three factors under *Malone* should be ignored because "there are many reasons" why a Plaintiff may become unavailable and thus make compliance with a Court order challenging. ECF 5549 at 1.

Whether couched in the language of the *Malone* factors or not, Plaintiffs cannot ignore this Court's obligation to manage its own docket and protect the public's interest in expeditious resolution of the litigation or the prejudice to Uber from their noncompliance. While there might be various challenges confronting Plaintiffs, courts have recognized that difficulty in locating clients or the difficult nature of the injuries at issue are not adequate excuses for the failure to comply with a court order. *In re PPA.*, 460 F.3d at 1233; *see also Richards v. Centripetal Networks, Inc.,* No. 23-cv-00145-HSG, 2024 WL 3834386, at *2 (N.D. Cal. Aug. 15, 2024); *see also* ECF 4979, 5232, 5253, 5455. By

5

choosing to file their lawsuits, Plaintiffs have agreed to take on the burdens of compliance with court orders, which by their nature may be personally challenging but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

**V.      Plaintiffs' Failure to Comply with the Court's Order Overrides the Public Policy Favoring Disposition on the Merits, and No Less Drastic Sanction is Available.**

Although disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. Generall Motors LLC,* No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits").

And, dismissal is not too drastic a sanction in this case. This Court has already recognized that "Plaintiffs' failure to provide substantially complete and verified fact sheets has caused prejudice to Uber" and that dismissal without prejudice is an appropriate remedy. ECF 4979 at 5. Other courts in this Circuit have also recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). The Wagstaff law firm urges the Court to not dismiss these cases with prejudice. However, Uber is not even requesting dismissal with prejudice of Plaintiffs' cases at this stage despite their long-term non-compliance with this Court's order and previous warnings, but rather seeks only dismissal without prejudice consistent with Amended Pretrial Order No. 10, ¶9.  ECF 4287.  What Plaintiffs want is open-ended permission to ignore the Court's order to submit a PFS, which would be contrary to law and highly prejudicial to Uber. There is no situation in which an unsubstantiated claim should persist in this litigation, particularly given the fact that many other Plaintiffs are fully able to submit the required information.

6

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

## CONCLUSION

Plaintiffs' continued failure to comply with court orders and rules persists beyond reasonable delay and veers straight into intentional avoidance of Court-mandated deadlines in pursuit of allegations that seemingly have no plaintiff attached to them. None of the Plaintiffs' Opposition motions change the basic facts here: despite many months in which to do so, Plaintiffs have still not complied with the Court's Order to submit a complete and verified Plaintiff Fact Sheet. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims without prejudice.

Dated: March 25, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

7

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10