**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| _____ | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING DEPOSITIONS OF THREE PLAINTIFFS REFERENCED HEREIN** |
| This Document Relates to: | |
| *N.MP. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10776-CRB | |
| | Judge:          Hon. Charles R. Breyer |
| | Courtroom:    6 – 17th Floor |

Plaintiff N.MP., through undersigned counsel, respectfully responds to Defendants' Motion (ECF No. 5483) and urges the Court to (1) deny dismissal with prejudice; (2) permit Plaintiff 30 days to address the ride receipt issue; and (3) deny the request for a deposition as it is currently premature.

### I. INTRODUCTION

Plaintiff does not take lightly the concerns raised by Defendants regarding the ride receipt submitted in compliance with PTO #5. Undersigned counsel acknowledges the Court's prior orders addressing receipt integrity in this MDL and the seriousness of the issues presented. However, the

1

appropriate remedy here is not immediate dismissal with prejudice, the harshest sanction available, but rather to provide a reasonable opportunity for Plaintiff to address the receipt issue, now that communication with Plaintiff has been reestablished.

## II. BACKGROUND REGARDING CLIENT COMMUNICATION

As explained in the attached Declaration of Sommer D. Luther, circumstances outside of counsel's control have made this case exceptionally difficult to manage. For months, undersigned counsel was unable to reach Plaintiff N.MP., despite repeated attempts to contact her through various means. However, on March 20, 2026, the undersigned's office received a text message from Plaintiff N.MP., marking the first communication with her months. (Decl. of Sommer Luther, ¶ 3).

The undersigned is involved in urgent attempts to perform her due diligence in speaking with Plaintiff N.MP. to learn the circumstances surrounding the present issue. Until the undersigned can perform this due diligence, counsel cannot fully address the issues present before the Court.

## III. DISMISSAL WITH PREJUDICE IS NOT WARRANTED AT THIS STAGE

While Defendants invoke the five-factor test set forth in *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), the factors do not support the most severe sanction here, particularly before Plaintiff has had a meaningful opportunity to respond.

### A. The Court's Docket and Lack of Prejudice to Defendant

Counsel recognizes that the public interest favors the expedient resolution of litigation and respects the Court's mandate to efficiently manage its docket, particularly within an MDL comprising thousands of coordinated cases. However, providing Plaintiff N.MP. and counsel a targeted opportunity to investigate and address the specific receipt at issue will not materially burden the Court's calendar or unduly delay the broader proceedings. To the contrary, a brief continuance serves the interest of justice by ensuring that this Court renders its decision based on a fully developed and accurate factual record.

Defendants cannot demonstrate any particularized prejudice that would result from a brief

continuance to allow counsel and Plaintiff N.MP. to address the current issue. Uber has already identified what it characterizes as irregularities in the receipt through its existing review process. Permitting undersigned counsel and Plaintiff a defined and limited period to respond will neither increase Defendants' discovery burden nor otherwise compromise their position in this litigation. Instead, it ensures that the integrity of the record is preserved, a prerequisite for the "fully informed decision" this Court requires.

**B. Public Policy Favoring Disposition on the Merits**

The Ninth Circuit has consistently recognized that "public policy favors disposition of cases on their merits." *Malone*, 833 F.2d at 130. Dismissal with prejudice permanently bars a litigant's claims, it is a drastic sanction that courts should not impose without first allowing the plaintiff a meaningful chance to be heard. This principle applies with force here, given that Plaintiff's communication difficulties are on the record and undersigned counsel has only recently reestablished contact. As the court is aware, these subsets of plaintiffs have experienced traumatic experiences, and often need more attention in transition periods in their lives; plaintiffs often have difficulty facing the ghosts of these experiences.

**C. Availability of Less Drastic Sanctions**

Several less drastic, more proportionate sanctions are readily available and appropriate in this instance. For example, this Court could:

- Order Plaintiff to produce a bona fide receipt by a date certain or face dismissal.

- Require Plaintiff N.MP. to file a sworn declaration detailing the origin of the submitted receipt; or

- Even permit a voluntary dismissal without prejudice, should Plaintiff N.MP be unable to cure the deficiency.

The Ninth Circuit has consistently held that dismissal with prejudice is a remedy of last resort, which should be imposed only after lesser sanctions have been considered and found inadequate. *Malone*,

3

833 F.2d at 132; *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Because no lesser sanction has yet been attempted or evaluated with respect to Plaintiff N.MP., resorting to the ultimate sanction of dismissal with prejudice would be premature.

**D. Willfulness**

Notably, there is currently no evidence provided or produced that Plaintiff N.MP. personally or willfully submitted a fraudulent receipt. The circumstances surrounding the generation of the receipt in question remain unresolved. The undersigned is currently and diligently investigating the concerns raised by Defendants, with hopes of rectifying the issue with the change in contact with Plaintiff N.MP. A dismissal with prejudice based on allegations of fraud requires a clear showing of the plaintiff's personal culpability or willful misconduct; such a harsh sanction is unwarranted here. *See Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1474 (9th Cir. 1984) (upholding dismissal where the offending party "willfully, deliberately, and intentionally submitted false documents").

### IV. THE DEPOSITION REQUEST IS PREMATURE

Defendants seek leave to depose Plaintiff N.MP. regarding her involvement in this litigation and the generation of the subject receipt. A deposition at this juncture is premature and unlikely to be productive.

As this Court is aware, undersigned counsel has only just reestablished contact with Plaintiff. The undersigned has not yet been able to substantively discuss the receipt issue with her. Deposing Plaintiff N.MP., before her own attorney has had the opportunity to discuss the matter with her, would be procedurally unfair and highly inefficient.

The undersigned respectfully submits that the more prudent course is to permit the previously suggested 30 days to allow Plaintiff N.MP. to submit a sworn response addressing the receipt.

## V. CONCLUSION

For the foregoing reasons, Plaintiff N.MP. respectfully requests that the Court deny Defendants' request for immediate dismissal with prejudice and grant the undersigned 30 days to investigate and respond to the receipt issue, with the understanding that failure to comply may result in dismissal. Further, the court should deny Defendants' deposition request without prejudice to renewal after Plaintiff's response.

Dated: March 25, 2026                    Respectfully submitted,


                                         /s/ *Sommer D. Luther*
                                         **WAGSTAFF LAW FIRM**
                                         Sommer D. Luther, CO 35053
                                         940 Lincoln Street
                                         Denver, CO 80203
                                         Tel: (303) 376-6360
                                         Fax: (303) 376-6361
                                         sluther@wagstafflawfirm.com
                                         *Attorney for Plaintiff N.MP.*

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE
CASE NO. 3:25-CV-10776

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: March 24, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF N.MP., CASE NO. 3:25-CV-10776