LAYNE C. HILTON *(Admitted PHV)*
**Meyer Wilson, Co., LPA**
900 Camp Street, Suite 337
New Orleans, LA 70130
Telephone: 614.255.2697
Facsimile: 614.224.6066
Email: lhilton@meyerwilson.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | Honorable Charles R. Breyer |
| This Document Relates to: | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE PREVIOUS COURT ORDERS ON UBER'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDERS** |
| *M.S. v. Uber Technologies, Inc., et al;* Case No. 3 :25-cv-01863 | |
| *G.C. v. Uber Technologies Inc., et al., No. 3:24-cv-09195-CRB* | Judge Hon. Charles R. Breyer |
| *D.P. v. Uber Technologies Inc., et al., No. 3:24-cv-04449-CRB* | Courtroom: 6 – 17th Floor |
| | Date: May 8, 2026 |
| *L.L., v. Uber Technologies Inc., et al., 3 :25-cv-03742* | Time: 10:00am |

## INTRODUCTION

Plaintiffs' counsel respectfully submits this Opposition to Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's (collectively, "Defendants") Motion to Enforce the Court's Prior Orders (ECF No. 5487) ("Motion"). As to Plaintiff M.S. (Case No. 3:25-cv-01863), Plaintiff did file an initial PFS on June 25, 2025, but Defendants argued the PFS was not substantially complete because Plaintiff M.S. was unable to cure the ministerial deficiencies

identified by Defendants. Plaintiff M.S. has now done that. *See* Declaration of Layne Hilton in Support of Response (hereafter "Hilton Decl.") at ¶¶3-4 As to the remaining Plaintiffs (D.P., G.C., and L.L.), while Plaintiffs' counsel does not dispute that certain discovery obligations under Pretrial Order No. 5 ("PTO 5") and Amended Pretrial Order No. 10 ("PTO 10") remain outstanding, the drastic remedy of dismissal is not warranted nor procedurally proper[1] at this time. Plaintiffs' counsel has made diligent and repeated efforts to contact Plaintiffs but has been unable to do so through no fault of the Plaintiffs themselves.

Dismissal of these four claims under these circumstances would be unjust, contrary to the strong public policy favoring resolution of claims on the merits, and inconsistent with the Court's wide discretion to impose lesser sanctions in lieu of the extreme sanction of dismissal. Counsel respectfully requests that the Court deny Defendants' Motion, or in the alternative, grant Plaintiffs a reasonable additional period of time within which counsel may re-establish contact with their clients and cure the outstanding deficiencies.

## **ARGUMENT**

**A.    Plaintiff M.S. (Case No. 3:25-cv-01863) has now cured all deficiencies identified by Defendants**

Plaintiff M.S. initially filed a substantially complete PFS on June 25, 2025. The so-called "deficiencies" identified by Defendants on this PFS were minor, ministerial, and technical in nature. For example, Defendants argued that the PFS was incomplete for Plaintiff's failure to include a maiden name, when Plaintiff has never been married. Additionally, in another deficiency, Defendants argue that Plaintiff needed to provide her contact information, when her contact information has been provided in the first section of the fact sheet. And so on and so forth. Plaintiff's statements in the as-submitted PFS are not the kinds of substantive failures that do not reflect any willful non-compliance, bad faith, or prejudice to Defendants' ability to defend this case. Nevertheless, out of an abundance of caution and in a continued spirit of good-faith

---

[1] Plaintiffs incorporate by reference the arguments made in previous submissions on this matter at ECF 5652 about the propriety of Defendants' attempting to "Enforce" the Court's previous orders and the draconian nature of dismissal in this context.

compliance, Plaintiff has since amended her PFS to address the items identified by Defendants. Dismissal under these circumstances would be a grossly disproportionate sanction that would deny a sexual assault survivor her day in court over inconsequential technicalities. To the extent Defendants remain dissatisfied[2] with Plaintiff M.S.'s amendments to the fact sheet, an appropriate remedy would be to provide the Parties additional time to come to agreement on these issues so that the PFS will eventually be answered to Defendants' satisfaction.

**B.    Counsel continues to attempt to reach Plaintiff L.L., G.C., and D.P.**

The sole reason for the outstanding deficiencies in this matter is that Plaintiffs' counsel has been unable to reach and communicate with Plaintiffs despite diligent and repeated attempts to do so. It is not that Plaintiffs are unwilling to comply with the Court's order, it is that Counsel has been unable to even alert Plaintiff of the Court's orders.  Counsel has made good-faith efforts to contact Plaintiffs by phone, text, certified mail, and skip tracing resulting in contacting potential family members, all of which have been unsuccessful to date. *See* Hilton Decl. at ¶¶ 5-13

**C.    The Sensitive Nature of This Litigation Makes Client Contact Uniquely Difficult and Should Be Considered by the Court.**

This litigation involves allegations of sexual assault experienced by highly vulnerable individuals. These Plaintiffs are survivors of serious trauma, and it is well documented that sexual assault survivors often have heightened difficulty maintaining consistent communication due to the psychological effects of trauma, including post-traumatic stress disorder, avoidance behaviors, fear, and privacy concerns.

These factors are not within counsel's control, and they militate strongly against treating non-response as willful abandonment of litigation. The Court should account for the unique circumstances of this plaintiff population when evaluating the appropriateness of dismissal.

---

[2] To be clear, the deficiencies identified by Defendants do not make it difficult for Defendants to prepare a defense for this case.

PLAINTIFFS' OPPOSITION

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Enforce the Court's Prior Orders, or in the alternative, grant Plaintiffs a reasonable additional period within which to re-establish contact with their clients and cure any outstanding deficiencies. Plaintiffs further request that the Court consider imposing any less drastic alternatives to dismissal that it deems appropriate under the circumstances.

Dated: March 26, 2026                    Respectfully submitted,

                                         By: */s/ Layne C. Hilton*

                                         LAYNE C. HILTON *(Admitted PHV)*
                                         **Meyer Wilson, Co., LPA**
                                         900 Camp Street, Suite 337
                                         New Orleans, LA 70130
                                         Telephone: 614.255.2697
                                         Facsimile: 614.224.6066
                                         Email: lhilton@meyerwilson.com



                                         *Counsel for Plaintiffs M.S., L.L., G.C., and DP*