[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc.,*<br>*N.D. Cal. No. 3:24-cv-04900*<br>*W.D.N.C. No. 3:25-cv-00737* | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor<br><br>Date Filed:  March 26, 2026<br>Trial Date:  April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823,<br><br>            Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>            Defendants. | CASE NO. 3:25-cv-00737<br><br>Judge:       Hon. Charles R. Breyer<br><br>Courtroom:   501 |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES
                                             Case No. 3.23-md-03084-CRB (LJC)

## I.     INTRODUCTION

Plaintiff asks the Court to strike two of Uber's disclosed trial witnesses, Todd Gaddis and Erin O'Keefe, on the ground that they were not included in Uber's Rule 26 initial disclosures. This Court previously **considered and rejected** a similar request to preclude Mr. Gaddis from testifying at the *Dean* trial. The same result is appropriate here. Plaintiffs have long been aware of Mr. Gaddis as a potential witness, as he provided a Rule 30(b)(6) deposition and was designated as a trial witness in *Dean*, and Uber has offered to present Mr. Gaddis for an additional two hours of deposition testimony specific to this case prior to trial. As a result, no prejudice would result from his testimony at trial.

Ms. O'Keefe should be permitted to testify for similar reasons. Uber designated Ms. O'Keefe as a trial witness to address issues related to vicarious liability **after** Plaintiff's recent decision to significantly narrow her case and make this the sole theory of liability at trial, justifying Ms. O'Keefe's addition to the trial roster. Further, Uber has offered to present Ms. O'Keefe for a five-hour deposition in advance of trial, mitigating any prejudice to Plaintiff regarding her anticipated testimony. As a result, Plaintiff's request that the Court bar Uber's trial witnesses should be rejected.

## II.    BACKGROUND

On March 9, 2026, Uber submitted a timely witness disclosure in this case that identified certain of its employees, including Todd Gaddis and Erin O'Keefe, as potential trial witnesses. ECF No. 5462.

### A.     Mr. Gaddis

Mr. Gaddis, Manager II Data Analytics at Uber, was deposed as a Rule 30(b)(6) witness in this MDL proceeding on July 11, 2025 and provided testimony about, *inter alia*, Uber's Safety Reports and incident data. *See, e.g.*, Pls.' Am. Notice of 30(b)(6) Deposition to T. Gaddis at 31 (ECF No. 4654-3) (demanding testimony about "the numbers and classifications of Sexual Misconduct and Sexual Assault incidents reported to Uber by Riders" from 2012 to the present). On December 8, 2025, Uber timely disclosed Mr. Gaddis as a trial witness in the *Dean* case to testify about various issues, including information specific to the trip at issue in *Dean* (i.e., the absence of in-app audio recording), which was not addressed at his 30(b)(6) deposition. *See* Defs.' Proposed Witness List, *Dean v. Uber Techs., Inc.*, No. 3:23-cv-06708 (N.D. Cal. Dec. 8, 2025) (Ex. 1). In connection with that disclosure, Uber offered to

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

present Mr. Gaddis for a supplemental deposition. *See* 12/15/2025 Email from K. Bueno to R. Luhana & E. Hurd (Ex. 2). Plaintiff's counsel in *Dean* declined that offer and instead moved to exclude Mr. Gaddis's trial testimony. *See* ECF No. 4654. Uber opposed the motion, *see* ECF No. 4709, and it was denied by the Court, *see* ECF No. 4740. Plaintiff ultimately conducted a limited deposition regarding Mr. Gaddis's case-specific testimony in *Dean* prior to trial.

On March 9, 2026, Uber timely designated Mr. Gaddis to testify in this case regarding "Uber utilization data, and data and operative documents related to the subject ride, Plaintiff, and the independent driver" at issue.[1] *See* ECF No. 5462 at 2. Plaintiff moved to strike Mr. Gaddis as a witness on March 12, 2026. *See* ECF No. 5486. On March 20, counsel for Uber offered to present Mr. Gaddis for a supplemental deposition to address issues specific to this case as to which Mr. Gaddis will testify but Plaintiff refused. *See* 3/20/26 Email from C. Power to J. Boundas (Ex. 3).

## B.   Ms. O'Keefe

In mid-February 2026, Plaintiff changed the overall thrust of her case by focusing her claims on a theory of vicarious liability premised on the assertion that Uber is a common carrier liable for the actions of drivers who use its platform. Uber subsequently designated Ms. O'Keefe, a Senior Manager, Corporate Business Operations at Uber, to testify in this case regarding "Uber's business model and business operations, including its relationship with independent drivers providing transportation services; the function of Uber's platform, including the services offered by Uber (compared to those offered by independent drivers), independent drivers' discretion and responsibilities; how Uber exercises its discretion over the services it provides; and the industry standards under which Uber operates as a Transportation Network Company." *See* ECF No. 5462 at 1. A different company witness, Chad Dobbs, previously provided a 30(b)(6) deposition on some of these issues. Given Plaintiff's recent decision to significantly narrow her case to focus solely on a vicarious-liability theory, however, Uber timely

---

[1]   Assuming that the Court properly denies Plaintiff's concurrently pending Motion in Limine No. 2 and allows Uber to reference the fact that more than 99.99% of rides arranged on the Uber platform do not involve any safety incident, which is relevant to demonstrate the likelihood that the alleged incident at issue occurred, *see* Uber's Opp'n to MIL No. 2 (ECF No. 5641), Mr. Gaddis should be permitted to testify about this information consistent with his Rule 30(b)(6) deposition testimony, which applies to all cases in this proceeding.

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

designated Ms. O'Keefe, who has particular knowledge on issues relevant to this theory, as a trial witness. In connection with this designation, Uber offered to present Ms. O'Keefe for a deposition regarding her anticipated testimony, but Plaintiff refused. *See* 3/20/26 Email from C. Power to J. Boundas.

## II.    ARGUMENT

There is no basis to strike either Mr. Gaddis or Ms. O'Keefe from Uber's trial witness list. As Plaintiff concedes, witnesses not included in a party's initial disclosures may testify at trial where the previous non-disclosure "was substantially justified or is harmless" because the presentation of the witness at trial will "not prejudice the other party." Pl.'s Mot. at 2 (quoting Fed. R. Civ. P. 37(c)(1) and *In re Korean Ramen Antirust Litig.*, 281 F. Supp. 3d 892, 937 (N.D. Cal. 2017)). That is precisely the case with respect to both: (1) Mr. Gaddis, Uber's 30(b)(6) witness, as to whom the Court has already denied a similar motion; and (2) Ms. O'Keefe, who was disclosed in response to Plaintiff's substantial narrowing of her case and is available for deposition prior to trial.

### A.    There Is No Basis To Strike Mr. Gaddis As A Trial Witness.

Plaintiff's assertion that Mr. Gaddis's designation as a trial witness was "a complete surprise to Plaintiff" and that she "will be substantially prejudiced if Mr. Gaddis were permitted to testify at trial," Pl.'s Mot. at 3-4, is baseless. Mr. Gaddis was deposed as a 30(b)(6) witness in this litigation. And while he was not specifically included on the initial disclosures submitted in *Dean*, the Court held that he was permitted to testify as to case-specific ride information in that case (without requiring an additional pre-trial deposition). *See* ECF No. 4740. Thus, it could not possibly have been a "complete surprise" to Plaintiff that Mr. Gaddis also would be designated as a trial witness on data and other issues related to the specific ride that allegedly caused injury to Plaintiff. *See United States v. Johnson & Johnson*, No. 12-7758 (MAS) (LHG), 2021 WL 7906211, at *4 (D.N.J. June 14, 2021) ("[T]he disclosures and Relators' own acknowledgement of the identities of the witnesses suffices to render them otherwise made known to Relators, such that Janssen's failure to formally disclose them earlier does not constitute a violation of Rule 26.").

Further, just as in *Dean*, Plaintiff will not be prejudiced if Mr. Gaddis testifies at trial. As noted above, Mr. Gaddis has already been deposed in this litigation. To the extent the Court deems it necessary,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

Uber has offered to present Mr. Gaddis for a two-hour supplemental deposition to address testimony specific to this case that could not have been covered at his 30(b)(6) deposition. For this reason, the caselaw cited by Plaintiff, in which witness testimony was precluded where there had been ***no opportunity*** for an adverse party to depose or otherwise discover information from the witness prior to trial, is inapplicable. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (cited in Pl.'s Mot. at 3) ("Plaintiffs received Vuckovich's report one month before they were to litigate a complex case. To respond to it, plaintiffs would have had to depose Vuckovich and prepare to question him at trial."); *Mendoza v. Intuitive Surgical, Inc.*, No. 18-CV-06414-LHK, 2021 WL 1910886, at *3 (N.D. Cal. May 12, 2021) (cited in Pl.'s Mot. at 3-4) (excluding new fact witness who would testify about plaintiff's medical condition and damages a day before final pretrial conference where defendant "did not obtain discovery from or depose" the individual); *Tyco Thermal Controls, LLC v. Redwood Indus., LLC*, No. C 06-7164 SBA, 2012 WL 2571318, at *2 (N.D. Cal. July 2, 2012) (cited in Pl.'s Mot. at 4) (precluding testimony of undisclosed expert witness also designated to provide percipient fact testimony when the adverse party had no opportunity to depose the witness prior to trial and therefore it would be "unduly prejudicial to permit the [witness's] trial testimony").

In short, Plaintiff has long been aware that Mr. Gaddis is a witness in this litigation and, as this Court implicitly recognized by allowing him to testify as a trial witness in *Dean*, no prejudice will result from his participation in bellwether trials.

**B.      Ms. O'Keefe's Recent Disclosure Was Substantially Justified, And No Prejudice Would Result From Her Testimony.**

The Court should also permit the trial testimony of Ms. O'Keefe, who was designated to testify on issues related to vicarious liability in response to Plaintiff's recent decision to significantly limit the scope of her case to this issue, and is also available for deposition prior to trial.

***First***, Uber's designation of Ms. O'Keefe as a trial witness was "substantially justified" by the last-minute changed circumstances in this case. Fed. R. Civ. P. 37(c)(1). Plaintiff, like other claimants in the litigation, initially asserted claims based on a number of theories, including that Uber was negligent with respect to safety issues. *See* Pl.'s Am. Bellwether Compl. & Demand for Jury Trial (ECF No. 2513).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

Last month, however, Plaintiff substantially limited the scope of her claims to a theory of vicarious liability only, differentiating this case from others in the litigation. As a result, Uber was substantially justified in re-evaluating its defense to this theory of liability and designating Ms. O'Keefe to address the key issues that will be raised in connection with this theory at trial.[2] *See, e.g.*, *Complete Ent. Res. LLC v. Live Nation Ent., Inc.*, No. CV 15-9814 DSF (AGRx), 2017 WL 11682916, at *1 (C.D. Cal. Oct. 25, 2017) (denying plaintiff's motion to exclude testimony of defense witness when any "failure to disclose could be viewed as substantially justified under Rule 37(c) because it would be unreasonable to require [d]efendants to prophylactically disclose every possible witness in the case . . . just in case [p]laintiff might decide at some late moment to put that witness at issue").

**Second**, no prejudice will result from Ms. O'Keefe's testimony because Uber has offered to present her for deposition in advance of trial, which is still weeks away. Courts have made it clear that a party cannot refuse to depose a potential witness and then cry "prejudice" based on the lack of a deposition. *See Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (district court properly rejected claim of prejudice where appellants "made no effort whatsoever to depose" the expert at issue); *see also In re Social Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-md-03047-YGR (PHK), 2025 WL 3043392, at *4 (N.D. Cal. Oct. 31, 2025) ("[C]ourts have found that allowing for a deposition of a late-disclosed witness can cure the prejudice suffered by the opposing party . . . ."). Notably, Plaintiff has not offered any legitimate reason why her counsel cannot depose Ms. O'Keefe on issues related to Plaintiff's theory of vicarious liability before trial. To the contrary, Plaintiff specifically requests in her Motion, as alternative relief, that Ms. O'Keefe be required to submit to a pre-trial deposition. *See* Pl.'s Mot. at 5. Accordingly, Uber simply asks that the Court order Plaintiff's alternative relief—i.e., that Ms. O'Keefe undergo a deposition and be allowed to testify at trial.

---

[2]    There is no merit to Plaintiff's assertion that Ms. O'Keefe "does not have any personal or relevant knowledge to the case" because: (1) she "did not begin working at Uber until 2022"; and (2) the "only issues for the jury to decide" are "did the assault occur and what are the damages." Pl.'s Mot. at 5. The issue of vicarious liability in this case will turn on, *inter alia*, questions related to Uber's business model, its relationship with independent drivers, and industry standards, all of which Ms. O'Keefe is in a unique position to address by virtue of her responsibilities at the company. Because Ms. O'Keefe does not seek to testify on issues specific to the ride that allegedly caused injury to Plaintiff, it is irrelevant that she joined Uber after the ride occurred.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

**Third**, in the event that the Court is inclined not to permit Ms. O'Keefe's testimony, fairness demands that the Court permit Uber to amend its witness list to designate Chad Dobbs to testify regarding issues related to vicarious liability. There is no basis for Plaintiff to object to the introduction of Mr. Dobbs's testimony at trial, insofar as he was previously deposed as a 30(b)(6) witness and was also identified as a witness in **both** Plaintiff's and Uber's initial disclosures. *See* Pl. WHB 823's Rule 26(A)(1) Initial Disclosures, *WHB 823 v. Uber Techs., Inc.*, No. 3:24-cv-04900 (C.D. Cal. Apr. 30, 2025) (Plaintiff identifying Mr. Dobbs as potential witness) (Ex. 4); Defs.' Initial Disclosures, *WHB 823 v. Uber Techs., Inc.*, No. 3:24-cv-04900 (N.D. Cal. Apr. 30, 2025) (Uber identifying as potential witnesses "[a]ny individual, including fact and expert witnesses, identified in the Rule 26(a)(1) disclosures served by any other party") (Ex. 5).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Mr. Gaddis and Ms. O'Keefe from Uber's trial witness list should be denied.

DATED: March 26, 2026                    Respectfully submitted,


                                         */s/ Laura Vartain Horn*
                                         Laura Vartain Horn (SBN 258485)
                                         **KIRKLAND & ELLIS LLP**
                                         555 California Street, Suite 2700
                                         San Francisco, CA 94104
                                         Telephone: (415) 439-1625
                                         laura.vartain@kirkland.com

                                         Allison M. Brown (Admitted *Pro Hac Vice*)
                                         **KIRKLAND & ELLIS LLP**
                                         2005 Market Street, Suite 1000
                                         Philadelphia, PA 19103
                                         Telephone: (215) 268-5000
                                         alli.brown@kirkland.com

                                         Jessica Davidson (Admitted *Pro Hac Vice*)
                                         **KIRKLAND & ELLIS LLP**
                                         601 Lexington Avenue
                                         New York, NY 10022
                                         Telephone: (212) 446-4800

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)