# EXHIBIT 5

MICHELLE M. FUJIMOTO (SBN: 125462)
MAYELA C. MONTENEGRO-URCH (SBN: 304471)
PAULINA N. TRAN (SBN: 337946)
DIANA A. CHANG (SBN: 319714)
**SHOOK HARDY& BACON LLP**
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949)475-1500
Facsimile: (949)475-0016
mfujimoto@shb.com
mmontenegro@shb.com
ptran@shb.com
dchang@shb.com

Attorneys for Defendants
UBER TECHNOLOGIES, INC,
RASIER, LLC, and RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | MDL No. 3084 |
| | Honorable Charles R. Breyer |
| | **DEFENDANTS UBER TECHNOLOGIES INC, RASIER, LLC, and RASIER-CA, LLC'S INITIAL DISCLOSURES** |
| This Document Relates to: | |
| *Plaintiff WHB 823 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-4900* | |

DEFENDANTS' INITIAL DISCLOSURES
Case No. 3:23-md-03084-CRB

Pursuant to Rule 26(a)(1) and (e) of the Federal Rules of Civil Procedure, Defendant Uber Technologies, Inc. ("Uber"), by and through undersigned counsel, hereby provides its Initial Disclosure in this bellwether case based upon information reasonably available to Uber. Uber respectfully reserves the right to amend or supplement these disclosures as the case progresses.

**CASE SPECIFIC INITIAL DISCLOSURES**

This disclosure incorporates all prior initial disclosures made by Uber, including the disclosure made on March 7, 2024.  Uber expressly reserves all rights as set forth in its March 7, 2024 disclosure.  Uber reserves any and all objections it may have including, but not limited to, objections based on the attorney-client privilege, the work-product doctrine, relevancy, undue burden, competency, materiality, hearsay, or any other valid objection.  Uber's disclosures represent its good faith effort to identify information as required by Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure specific for this matter.  Because investigation and discovery are ongoing, Uber reserves the right to amend, modify, or supplement these disclosures in accordance with Rule 26(e).  Uber further reserves the right to identify additional witnesses who may be presented at trial pursuant to Rules 702, 703, and 705 of the Federal Rules of Evidence. In addition, Uber reserves the right to withhold from disclosure the identities of any witnesses or documents that may be used solely for impeachment or rebuttal.  Finally, Uber reserves its right to challenge deficiencies in Plaintiff's Fact Sheet(s) under PTO 10 or any future applicable Court Order.

**I.      RULE 26(a)(1)(A)(i): INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT UBER MAY USE TO SUPPORT ITS DEFENSES**

Uber incorporates by reference its March 7, 2024 initial disclosures for individuals likely to have discoverable information that Uber may use to support its defenses.  Uber further provides the following:

1.      Plaintiff WHB 823 has discoverable information concerning matters related to her claims and alleged damages, and Uber's defenses, including, but not limited to, the events

surrounding WHB 823's alleged incident that forms the basis of her complaint; interactions with healthcare providers, law enforcement and/or investigators, and other third parties about the incident; and her alleged injuries, damages, and/or losses.  Contact information is already available to Plaintiff's counsel.

2.     The independent driver identified in the DFS and corresponding documents may have discoverable information concerning matters related to Plaintiff's claims and alleged damages, and Uber's defenses, including, but not limited to, the events surrounding Plaintiff's alleged incident that form the basis of Plaintiff's complaint.  Contact information for the independent driver is already available to Plaintiff's counsel.

3.     All healthcare providers, including, but not limited to, healthcare providers identified by Plaintiff in Plaintiff's PFS and/or discovery responses, who may have discoverable information and/or who have provided care to Plaintiff concerning matters related to Plaintiff's claims and alleged damages, and Uber's defenses.  This includes, but is not limited to, information regarding Plaintiff's medical and mental health history, care, and treatment as it relates to the alleged incident that forms the basis of Plaintiff's complaint and the injuries for which Plaintiff seeks recovery. Names and contact information for these individuals is already available to opposing counsel.  As case specific discovery is just beginning, Uber is not in possession of names or contact information for additional healthcare providers not previously identified by Plaintiff.

4.      All law enforcement personnel and/or investigators with knowledge of the events alleged in Plaintiff's lawsuit who may have discoverable information concerning matters related to Plaintiff's claims and alleged damages, and Uber's defenses, including, but not limited to, any investigation into the alleged incident that forms the basis of Plaintiff's complaint and the injuries for which Plaintiff seeks recovery.  As case specific discovery is just beginning, Uber is not in possession of names or contact information for currently unidentified law enforcement personnel and/or investigators.

5.     All witnesses to the events alleged in Plaintiff's lawsuit, including, but not limited to, those identified by Plaintiff in Plaintiff's PFS and/or discovery responses, who may have discoverable information concerning matters related to Plaintiff's claims and alleged damages, and Uber's defenses. This includes, but is not limited to, details of the alleged incident that forms the basis of Plaintiff's complaint, as well as the injuries for which Plaintiff seeks recovery in this case. Names and contact information for these individuals is already available to opposing counsel.  As case specific discovery is just beginning, Uber is not in possession of names or contact information for additional witnesses not previously identified by Plaintiff.

6.     All Plaintiff's spouses, partners, family members, friends, acquaintances and co-workers, including, but not limited to individuals identified by Plaintiff in Plaintiff's PFS and/or discovery responses, who may have discoverable information concerning matters related to Plaintiff's claims and alleged damages, and Uber's defenses.  This includes, but is not limited to, details of the alleged incident that forms the basis of Plaintiff's complaint, as well as the injuries for which Plaintiff seeks recovery in this case.  Names and contact information for these individuals is already available to opposing counsel.  As case specific discovery is just beginning, Uber is not in possession of names or contact information for additional spouses, partners, family members, and friends not previously identified by Plaintiff.

7.     Any individual, including fact and expert witnesses, identified in the Rule 26(a)(1) disclosures served by any other party.  Such individuals may have discoverable information concerning the facts and circumstances surrounding the alleged claims of Plaintiff and Uber's defenses.

8.     Any individual identified by any party during discovery, including, but not limited to, any individual identified in Plaintiff's Fact Sheet(s) and Defendant's Fact Sheet(s) and corresponding document productions.  Such individuals may have discoverable information concerning the facts and circumstances surrounding the alleged claims of Plaintiff and Uber's defenses.

9.     All individuals required for the authentication of documents and things.

10.    Any other individual identified by Plaintiff.

11.    Expert witnesses to be designated at a later date in accordance with any scheduling order the Court later enters.

Uber reserves all rights as set forth in its March 7, 2024 initial disclosures.  Uber reiterates here that it reserves the right to modify the list above and to identify and call as witnesses additional persons, or to rely on the testimony of additional persons, if, during the course of discovery and investigation relating to this action, Uber learns that such additional persons have knowledge or information that Uber may use to support its defenses.

## II.    RULE 26(a)(1)(A)(ii): DOCUMENTS THAT UBER MAY USE TO SUPPORT ITS DEFENSES

Uber incorporates by reference its March 7, 2024 initial disclosures for a description of documents by category that it may use to support its defenses.  Uber reserves all rights as set forth in its March 7, 2024 initial disclosures. Uber's evaluation of documents relevant to this lawsuit and information it may use to support its defenses in this case is ongoing, and Uber expressly reserves the right to supplement, change or modify this case-specific Initial Disclosure to further identify additional documents and information beyond the categories of documents previously identified and those listed below.

- Documents relating to the relevant trip in this case.

- Documents relating to plaintiff, including but not limited to her medical and mental health history.

- Documents relating to witnesses.

- Documents produced in connection with this litigation by any party or third parties, including but not limited to documents relating to Uber's policies, standards, and procedures for responding to and investigating alleged incidents of sexual misconduct or sexual assault committed by drivers against riders, as well as Uber's safety features and initiatives.

- Documents identified by any party, expert witness, or other third parties relevant to the claims and/or defenses in this litigation.

## III.    RULE 26(a)(1)(A)(iii): COMPUTATION OF DAMAGES

Uber is not seeking damages in this action.

## IV.    RULE 26(a)(1)(A)(iv): INSURANCE AGREEMENTS

Uber incorporates by reference its March 7, 2024 initial disclosures for insurance agreements.  Uber reserves all rights as set forth in its March 7, 2024 initial disclosures.

Dated:  April 30, 2025

Respectfully submitted,

By: */s/  Paulina N. Tran*
    Michelle M. Fujimoto
    Mayela C. Montenegro-Urch
    Paulina N. Tran
    Diana A. Chang

*Attorneys For Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC*

## PROOF OF SERVICE

On the date set forth below, I caused the following document(s):

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INITIAL DISCLOSURES TO PLAINTIFF WHB 823.**

to be served by providing a true copy thereof addressed to each of the persons named below:

| Counsel for Plaintiff | |
|---|---|
| JOHN EDDIE WILLIAMS, JR. (PRO HAC VICE)<br>BRIAN ABRAMSON (PRO HAC VICE)<br>MARGRET LECOCKE (PRO HAC VICE)<br>WALT CUBBERLY (SBN 325163)<br>BATAMI BASKIN (PRO HAC VICE)<br>MYLES SHAW (PRO HAC VICE)<br>WILLIAMS HART & BOUNDAS, LLP 8441 Gulf Freeway, Suite 600, Houston, Texas 77017-5051<br>Telephone: (713) 230-2200<br>Facsimile: (713) 643-6226<br>Email: jwilliams@whlaw.com<br>Email: babramson@whlaw.com<br>Email: mlecocke@whlaw.com<br>Email: wcubberly@whlaw.com<br>Email: sbrahmbhatt@whlaw.com<br>Email: bbaskin@whlaw.com<br>Email: mshaw@whlaw.com<br><br>ROOPAL P. LUHANA (Pro Hac Vice)<br>CHAFFIN LUHANA LLP<br>600 Third Avenue, Fl. 12<br>New York, NY 10016<br>Telephone: (888) 480-1123<br>Email: luhana@chaffinluhana.com<br>Co-Lead Counsel for Plaintiffs | SARAH ROBIN LONDON<br>GIRARD SHAP LLP<br>601 CALIFORNIA STREET, SUITE 1400<br>SAN FRANCISCO, CA 94108<br>Telephone: (415) 981-4800<br>Email: slondon@girard sharp.com<br><br>RACHEL B. ABRAMS (SBN 209316)<br>PEIFFER WOLF CARR KANE CONWAY & WISE, LLP<br>555 Montgomery Street, Suite 820<br>San Francisco, CA 94111<br>Telephone: (415) 426-5641<br>Email: rabrams@peifferwolf.com |

☒ BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served atthe email address(es) shown above, as last given by that person(s) or as obtainedfrom an internet website(s) relating to such person(s), and I did not receive an emailresponse upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 30, 2025 in San Francisco, California.

*/s/ Paulina N. Tran*
Paulina N. Tran

DEFENDANTS' INITIAL DISCLOSURES
Case No. 3:23-md-03084-CRB