[Submitting counsel below]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*WHB 823 v. Uber Techs., Inc.*, et al.
N.D. Cal. No. 3:24-cv-04900
W.D.N.C. No. 3:25-cv-00737

Case No. 3:23-md-03084-CRB

**PLAINTIFF WHB 823'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 5657]**

Judge:        Honorable Charles R. Breyer

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NORTH CAROLINA

## CHARLOTTE DIVISION

WHB 823,

     Plaintiff,

   v.

UBER TECHNOLOGIES, INC., et al.,

     Defendants.

No. 3:25-cv-00737

Judge: Honorable Charles R. Breyer

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5657]
CASE NO. 3:23-MD-03084-CRB

**<u>PLAINTIFF'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS</u>**

Pursuant to Civil Local Rules 7-11(b) and 79-5(c), Plaintiff WHB 823 ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal. ECF No. 5657. Plaintiff respectfully requests that the Court seal Exhibit 4 to Defendants' Opposition to Plaintiff's Motion to Strike Uber's Designated Trial Witnesses.

## I.  BACKGROUND AND REQUESTED SEALING

The documents at issue in this Motion to File Under Seal are:

| Document | Description of Material to Be Sealed |
|---|---|
| Exhibit 4 to Defendants' Opposition to Plaintiff's Motion to Strike Uber's Designated Trial Witnesses (ECF 5658-5) | The name and PII of third-party AW at 2:19 |
| | The name and PII of third-party NY at 2:21 |
| | The name and PII of third-party TL at 2:23 |
| | The name and PII of third-party MM at 2:25 |
| | The name and PII of third-party PR at 2:27 |
| | The name and PII of third-party DY at 3:2 |
| | The name and PII of third-party JS at 3:4 |

## II.  LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## III.  PORTIONS OF EXHIBIT 4 TO DEFENDANTS' OPPOSITION SHOULD BE SEALED

The relevant document was filed at ECF 5658-5. *See* Brahmbhatt Decl. ¶ 2. The underlying information that Plaintiff seeks to maintain under seal includes the name and PII of third parties.

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5657]
CASE NO. 3:23-MD-03084-CRB

Courts routinely find that "individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of third parties outweigh the public's minimal interest in knowing their identities or sensitive information and warrant the sealing of this information. *See* Brahmbhatt Decl. ¶ 4.

### A. Failing to Seal the Records Would Harm Third Parties

Exhibit 4 to Defendants' Opposition should be sealed because it contains the names and PII of third parties. *See* Brahmbhatt Decl. ¶ 3. As names and contact information are PII, this information should be sealed under the compelling reasons standard. *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names [] and physical addresses…"). The privacy interests of third parties outweigh any minimal public interest in disclosure. *See* Brahmbhatt Decl. ¶ 4; *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). (finding that "individual privacy rights in personal identifying information [] outweigh the presumption in favor of public access to court records."). This Court has allowed the sealing of PII, including that of third-party witnesses, and should do so again, as publicly disclosing such PII could, at a minimum, pose risk of harassment.

### B. Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm

Plaintiff's request is narrowly tailored to seal only names and PII. *See* Brahmbhatt Decl. ¶ 5. No less restrictive alternative to sealing portions of Exhibit 4 to Defendants' Opposition is sufficient.

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5657]
CASE NO. 3:23-MD-03084-CRB

*See id*. Actions short of sealing portions of these records would reveal the contents of third parties' PII and would not protect their privacy interests. *See id*.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order that the names and PII of third parties contained in Exhibit 4 to Defendants' Opposition to Plaintiff's Motion to Strike Uber's Designated Trial Witnesses remain under seal.

Dated: March 27, 2026                                    Respectfully submitted,

By: */s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH &  LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050

PLAINTIFF'S STATEMENT ISO DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5657] CASE NO. 3:23-MD-03084-CRB

Facsimile: (704) 339-0172
Email: bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

## **FILER'S ATTESTATION**

I, Myles Shaw, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: March 27, 2026                    */s/ Myles Shaw*
                                          Myles Shaw

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5657]
CASE NO. 3:23-MD-03084-CRB