[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-3084-CRB |
| This Document Relates to: *WHB 823 v. Uber Techs., Inc.*, N.D. Cal. No. 24-cv-4900 W.D.N.C. No. 25-cv-737 | **JOINT PROPOSED PRETRIAL ORDER**<br><br>Judge: Honorable Charles R. Breyer<br>Date: April 2, 2026<br>Time: 2 P.M. PT<br>Ctrm.: 6-17th Floor |

UNITED STATES DISTRICT COURT
WESERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHB 823,<br><br>      Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>      Defendants. | No. 25-cv-737<br><br>Judge: Honorable Charles R. Breyer |

## **JOINT PROPOSED PRETRIAL ORDER**

Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), and Plaintiff WHB 823 respectfully submit this Joint Proposed Pretrial Order.

## I.    SUBSTANCE OF THE ACTION

### Plaintiff's Description

This is a personal injury action. Plaintiff WHB 823 alleges that she was sexually touched by a driver using the Uber platform named Jeffrey Richarson on March 26, 2019, in Wake County, North Carolina.

### Uber's Description

This is a personal injury action. Plaintiff WHB 823 alleges that she requested a ride through the Uber App in Wake County, North Carolina, on March 26, 2019 and, upon arriving at her destination, the driver placed a hand on her thigh and said "can I keep this with me."

### Agreed Description

She asserts a single claim against Uber for breach of a common carrier's non-delegable duty of safe transportation based on the driver's alleged touching of her thigh and comments.  Uber denies liability and asserts the defense of nonliability for independent-contractor acts.

## II.    RELIEF PRAYED

Plaintiff seeks compensatory damages for her pain and suffering. Uber denies liability, opposes Plaintiff's requested relief, and seeks entry of a take-nothing judgment.

## III.    STIPULATED FACTS

There are three Uber Defendants: Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC. The jury instructions and verdict form refer to these entities collectively as "Uber." You may see evidence that discusses one or more of these Uber Defendants individually. In evaluating the evidence against the Uber Defendants, you should treat these three Defendants as if they are a single Defendant. Your verdict must be the same as to all of the Uber Defendants.

## IV.    DISPUTED FACTUAL ISSUES

Agreed Issues in Dispute

1.  Whether Uber is a common carrier under North Carolina law.[1]

2.  The existence and amount of compensatory damages.

Plaintiff Proposed Issues in Dispute

3.  Whether the driver (1) by an intentional act or display of force and violence threatened Plaintiff with an imminent bodily injury; and (2) such act or display caused the Plaintiff to have a reasonable apprehension that offensive contact with her person was imminent.

4.  Whether the driver (1) intentionally caused bodily contact with Plaintiff; (2) such bodily contact actually offended a reasonable sense of personal dignity; and (3) that such bodily contact occurred without Plaintiff's consent.

Uber Proposed Issues in Dispute

5.  Whether the driver was an independent contractor rather than an Uber employee.

6.  Whether the alleged incident occurred as Plaintiff asserts.

7.  Whether and to what extent the alleged incident caused Plaintiff's asserted pain and suffering damages.

## V.    DISPUTED LEGAL ISSUES

The parties respectfully refer to the Court to the following motions:

- Plaintiff's Motion for Partial Summary Judgment: ECF 5468 (public motion); ECF 5466-2 (sealed motion); ECF 5634 (public opposition); ECF TBD (reply).

- Uber's Motion for Summary Judgment: ECF 5475 (public motion); ECF 5474 (sealed motion); ECF 5625 (public opposition); ECF 5642-2 (sealed opposition); ECF TBD (reply).

Those papers set out the parties' positions on the following disputed legal issues:

---

[1] The parties have both moved for summary judgment on issue 1. Uber has also moved for summary judgment on issues 2, 5, and 7.

- Whether Uber is a common carrier as a matter of law, or whether Uber is not a common carrier as a matter of law.
- Whether, if Uber is a common carrier, it would be vicariously liable for the driver's alleged tortious actions, even though he was an independent contractor.
- Whether Plaintiff presented sufficient evidence of actual damages.

The parties' list of disputed legal issues does not include legal arguments raised and resolved at the motion to dismiss stages, and the parties reserve all rights as to those issues, including for any subsequent appeal.[2]

## VI.   TRIAL ALTERNATIVES AND OPTIONS DISCUSSED

### A.   Settlement Discussions

The MDL parties continue to meet with Judge Andler, the Court-appointed Settlement Special Master. At this time, the parties do not believe there is any prospect of pretrial settlement in the *WHB 823* matter.

### B.   Consent to Trial before a Magistrate Judge

The Court referred discovery in this MDL to Judge Cisneros, ECF 66, and appointed the Honorable Barbara A. Jones (ret.) as Special Master to oversee privilege issues, ECF 2289. The parties do not consent to trial before a Magistrate Judge.

### C.   Bifurcation, Separate Trial of Issues

There is no request for a bifurcated trial in the *WHB 823* case.

---

[2] To the extent the Court considers the disputes in the parties' March 24, 2026 Motions in Limine "disputed factual issues" or "disputed legal issues," Guidelines § E(4)-(5), the parties incorporate those disputes into this order by reference. Additionally, the Parties have not yet filed trial briefs.  To the extent the Court considers trial briefs to constitute "disputed factual issues" or "disputed legal issues," the parties similarly incorporate those disputes into this order by reference.

Dated:  March 27, 2026

By: */s/ Sarah R. London*_____

Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*_____

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*_____

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

JOINT PROPOSED PRETRIAL ORDER
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

Dated:  March 27, 2026

By: */s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700 San
Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Sabrina H. Strong (SBN: 200292)
sstrong@omm.com
Jonathan Schneller (SNB: 291288)
jschneller@omm.com
**O'MELVENY AND MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

Bradley R. Kutrow
MCGUIRE WOODS LLP
bkutrow@mcguirewoods.com
201 N. Tryon St., Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2049

*Attorneys for Defendants*

UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

### **FILER'S ATTESTATION**

I, XXX, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: March 27, 2026                    /s/ *Andrew R. Kaufman*
                                         Andrew R. Kaufman