D. Douglas Grubbs *(Admitted PHV)*
Adam K. Pulaski *(Admitted PHV)*
**PULASKI KHERKHER, PLLC**
2925 Richmond Avenue, Ste 1725
Houston, TX 77098
Telephone: 713-664-4555
Facsimile: 713-664-7543
Email: dgrubbs@pulaskilawfirm.com
Email: adam@pulaskilawfirm.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>Honorable Charles R. Breyer |
| This Document Relates to:<br><br>*N.C. vs. Uber Technologies, Inc., et al.,* 3:25-cv-05671-CRB;<br><br>*D.P. vs. Uber Technologies, Inc., et al.,* 3:25-cv-05680-CRB; and<br><br>*L.M.B. vs. Uber Technologies, Inc., et al.,* 3:25-cv-08803-CRB | **DECLARATION OF D. DOUGLAS GRUBBS IN COMPLIANCE WITH COURT ORDER**<br><br>Re:  Dkt. No. 5454 |

I, Donald Douglas Grubbs, declare:

1.  I am an attorney with the law firm of Pulaski Kherkher, PLLC ("Pulaski").  I am a member of the State Bar of Texas and I am admitted to practice *pro hac vice* before this Court. I make this declaration based on my own personal knowledge.  If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.  I have been the managing attorney handling Pulaski's rideshare sexual assault docket since joining the firm in late-February 2024.  Over the past two years, I have personally reviewed each ride receipt, Plaintiff Fact Sheet and Short Form Complaint prior to filing or submission by Pulaski in this MDL and JCCP 5188.

3.  As ordered by the Court, I have reviewed the files and communication notes for the above-identified Plaintiffs and summarized Pulaski's presuit investigation of each Plaintiff's claims against Uber from the date they retained the firm until the filing of their Short Form Complaint.  I prepared the table summaries in the Response accompanying this declaration and incorporate the tables herein.

4.  Beginning in August 2024, clients who were unable to timely provide Pulaski with their ride receipt at issue or complete a ride information form were turned back and files closed.

5.  If a client's ride receipt was timely provided to Pulaski, then the receipt would be reviewed and the client would be contacted if additional information was needed.  If the ride receipt appeared suspicious, then the client would be contacted and additional proof of the ride was requested.  If the client was unable to provide additional proof or became non-responsive, then their file would be closed.

6.  At the time L.M.B. retained Pulaski in August 2024, the firm's intake protocol was to contact new clients by telephone to request their ride receipt.  Pulaski staff called and spoke with L.M.B. who provided her bona fide receipt to Pulaski via email.  Pulaski reviewed the receipt for accuracy and authenticity.

7.  By the time N.C. and D.P. retained Pulaski in October 2024, the firm's intake protocol was revised to first sending an introductory email including steps how each client could obtain a copy of their ride receipt via their Uber app, email or Uber's website.  Follow-up phone calls and emails would be made, if necessary.  N.C. and D.P. provided their ride receipt screenshots via email and Pulaski reviewed the receipts for accuracy and authenticity.

8.  The ride receipts provided to Pulaski by N.C., D.P. and L.M.B. did not appear suspicious to me at intake or any time prior to filing their Short Form Complaints.

9. In late-2024, I revised the firm's filing protocol and implemented the requirement that a Plaintiff Fact Sheet ("PFS") must be completed by the client prior to the firm preparing a Short

Form Complaint ("SFC") due to the firm's past difficulties with client responsiveness and the 30-day deadline to produce a PFS after filing suit.  Around the same time, Pulaski began requesting that clients forward their emailed ride receipt from Uber.

10.  If a client with an approaching statute of limitations deadline did not timely complete a PFS and confirm their ride information, then their case would be turned back and file closed.

11.  If any discrepancies were identified during PFS completion or ride confirmation, then the client would be turned back and file closed.

12.  All three above-identified Plaintiffs completed their PFS and confirmed their ride information without issue prior to Pulaski preparing their SFC.

13.  I personally reviewed each ride receipt, PFS and SFC for the above-referenced Plaintiffs prior to filing suit.  At no time did I have reason to question that the ride receipts were bona fide as mandated by Pretrial Order No. 5.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March 30, 2026 in Houston, Texas.

/s/ D. Douglas Grubbs
D. Douglas Grubbs