UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **JOINT AND CONTESTED PROPOSED JURY INSTRUCTIONS** |
| | Judge:  Honorable Charles R. Breyer |
| This Document Relates to: | |
| *WHB 832 v. Uber Techs., Inc.*, N.D. Cal. No. 24-cv-4900 W.D.N.C. No. 25-cv-737 | |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHB 832, | No. 25-cv-737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

Introductory Statement ................................................................................................ 1

Duty of Jury .............................................................................................................. 2

The Uber Defendants ................................................................................................. 3

Corporations and Partnerships—Fair Treatment ....................................................... 4

Wealth of Parties ....................................................................................................... 5

Burden of Proof .......................................................................................................... 6

What is Evidence ........................................................................................................ 7

What is Not Evidence .................................................................................................. 8

Evidence for a Limited Purpose .................................................................................. 9

Direct and Circumstantial Evidence .......................................................................... 10

Credibility of Witnesses ............................................................................................ 11

Expert Opinion .......................................................................................................... 12

Taking Notes ............................................................................................................. 13

[Disputed] Common Carrier Liability—Statement of Claim ........................................ 14

[Disputed] Assault ..................................................................................................... 21

[Disputed] Battery ..................................................................................................... 23

[Disputed] Proximate Cause—Definition ................................................................... 25

[Disputed] Proximate Cause—Activation/Aggravation ............................................... 27

[Disputed] Insulating/Intervening Negligence ........................................................... 29

[Disputed] Final Mandate—Common Carrier Issue .................................................... 32

[Disputed] Personal Injury Damages .......................................................................... 33

Personal Injury Damages—No Punitive Damages ...................................................... 36

[Disputed] Personal Injury Damages—Final Mandate ................................................ 37

Duty to Deliberate ..................................................................................................... 40

Communication with the Court ................................................................................... 41

Return of Verdict ....................................................................................................... 42

[In-Trial Instruction] Deposition in Lieu of Live Testimony ......................................... 43

[In-Trial Instruction] Video Corporate Representative Deposition ................................ 44

[Disputed] [In-Trial Instruction] Expert Work on Multiple Cases ................................. 45

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Introductory Statement**

Pursuant to the Court's scheduling order, the parties respectfully submit the proposed agreed and disputed jury instructions be given to the jury prior to trial and after the close of evidence as designated herein. Because the Fourth Circuit does not offer pattern jury instructions, the parties formulated the procedural instructions based on Ninth Circuit model instructions as given by the Court in the *Dean* trial.

These proposed jury instructions are submitted prior to rulings on, among other things, motions for summary judgment, motions in limine and any other pretrial motions, deposition designations and evidentiary objections at trial, and without knowing precisely which witnesses will be called at trial or the exact claims that will be submitted to the jury following a ruling on any motions for judgment as a matter of law.

By submitting these proposed instructions, Uber does not waive any defenses or arguments; nor does it concede there is any fact issue on any question pertaining to either liability or damages. Uber submits it is entitled to a take-nothing judgment. Uber reserves ~~their~~ its rights to seek dismissal, summary judgment, judgment as a matter of law, j.n.o.v., and any other appropriate relief before, during, or after trial. Plaintiff reserves all rights as well.

The parties reserve rights to offer additional instructions as necessary or to clarify or withdraw instructions already submitted.

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Duty of Jury**[1]

Members of the jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations. You must follow these instructions as well as those that I previously gave you.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

---

[1] Ninth Cir. Model Civil Instr. 1.4 (as modified by the Court in the *Dean* trial, ECF 5187)

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**The Uber Defendants**

There are three Uber Defendants: Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC. The jury instructions and verdict form refer to these entities collectively as "Uber." You may have seen evidence that discusses one or more of these Uber Defendants individually. In evaluating the evidence against the Uber Defendants, you should treat these three Defendants as if they are a single Defendant. Your verdict must be the same as to all of the Uber Defendants.

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Corporations and Partnerships—Fair Treatment[2]**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

---

[2] Ninth Cir. Model Civil Instr. 4.1

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Wealth of Parties[3]**

In reaching a verdict, you may not consider the wealth or poverty of any party. The parties' wealth or poverty is not relevant to any of the issues that you must decide.

---

[3] CACI 117; *see also Di Frega v. Pugliese*, 164 N.C. App. 499, 505, 596 S.E.2d 456 (2004) (observing that a defendant's wealth is "totally irrelevant to the issue of liability" and admission of such evidence is prejudicial where punitive damages are not warranted) (citation omitted).

- 5 -

**Burden of Proof[4]**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[4] Ninth Cir. Model Civil Instr. 1.6

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**What is Evidence**[5]

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn video and live testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I have instructed you to accept as proved.

---

[5] Ninth Cir. Model Civil Instr. 1.9

- 7 -

**What is Not Evidence**[6]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[6] Ninth Cir. Model Civil Instr. 1.10 (modified to select among bracketed options, as given in *Dean*)

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Evidence for a Limited Purpose**[7]

Some evidence may have been admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

---

[7] Ninth Cir. Model Civil Instr. 1.11 (modified to past tense, as given in *Dean*)

**Direct and Circumstantial Evidence**[8]

Evidence may be direct or circumstantial. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[8] Ninth Cir. Model Civil Instr. 1.12 (modified as given in *Dean*)

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Credibility of Witnesses**[9]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

---

[9] Ninth Cir. Model Civil Instr. 1.14

JOINT AND CONTESTED PROPOSED JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Expert Opinion**[10]

You have heard testimony from expert witnesses, who testified to opinions and the reasons for their opinions. This opinion testimony was allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

---

[10] Ninth Cir. Model Civil Instr. 2.13 (modified to select among bracketed options, as given in *Dean*)

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Taking Notes**[11]

You may have taken notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

---

[11] Ninth Cir. Model Civil Instr. 1.18 (modified to past tense, as given in *Dean*)

[<mark>Disputed</mark>] **Common Carrier Liability—Statement of Claim**

In this case, Plaintiff claims that her Uber driver, Jeffrey Richardson, touched her sexually without her consent. Uber is liable if the driver committed either an assault or a battery against her. To prove her claim against Uber, Plaintiff must show that the driver committed either an assault or a battery against her.

<u>Uber's Proposed Instructions:</u>

**Common Carrier Issue—Burden of Proof**

This first issue reads:

"Was the plaintiff injured by the defendant's breach of duty as a common carrier?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant was a common carrier, that the driver Jeffrey Richardson was its employee, that Jeffrey Richardson committed an assault or battery against plaintiff, and that Jeffrey Richardson's assault or battery was a proximate cause of the plaintiff's injury.

*Source:* 102.10 Negligence Issue--Burden of Proof., NC Pattern Jury Inst. - Civ. 102.10 (modified); *see Mann v. Va. Dare Transp. Co., Inc.*, 193 S.E.2d 558, 565 (N.C. 1973) (noting that common-carrier "is not an insurer of its passengers; it is liable only for negligence proximately causing injury to them").

**Common Carrier Issue—Status of Common Carrier Disputed**

Plaintiff contends that Uber was a "common carrier" at the time of the alleged incident. To prove that Uber was a common carrier, plaintiff must prove that the vehicle at issue was operating under a certificate of authority issued by the North Carolina Utilities Commission for operation on the highways of North Carolina between fixed endpoints or over a regular route of transportation of persons for compensation.

*Source:* NC Pattern Jury Inst. – Civil MV Definitions 27(c) ("Passenger Vehicles—Common carriers of passengers") (modified).

**Common Carrier Issue—Duty of Common Carrier[12]**

A common carrier owes to the passengers it undertakes to transport the highest degree of care for their safety so far as is consistent with the practical operations and conduct of its business.[13] To breach its duty to protect a passenger from assault, a common carrier must have known of or had reasonable grounds to anticipate the assault and have had the ability to avoid injury to the passenger by the exercise of proper care.[14]  A common carrier is not an insurer of the safety of its passenger.[15]

*Source*:        102.11 Negligence Issue--Definition of Common Law Negligence. (Adopted June 2018), N.C.P.I.-CIVIL 102.11 (modified based on sources in footnotes).

**Employment Relationship—Status of Person as Employee**

Uber is not liable for the conduct of independent contractors.[16]  Thus, plaintiff also has the burden of proving that Jeffrey Richardson was Uber's employee, rather than an independent contractor.

[12] Plaintiff's only remaining claim is that if Uber is a common carrier it is per se vicariously liable for any intentional tort committed by a driver, regardless of Uber's fault. As explained in Uber's pending motion for summary judgment, that claim fails as a matter of law, both because Uber is not a common carrier and because, even if it were, it would not be vicariously liable for an independent contractor's torts. Because Plaintiff has abandoned any direct-liability theory based on Uber's own conduct, even if the Court were to conclude Uber is a common carrier (or find a fact question on the issue), it should not be necessary to instruct the jury on common carrier duties—Plaintiff's unsupported vicarious liability theory would still warrant summary judgment for Uber. Uber submits this proposed instruction for the record solely to reflect its position regarding common carrier duties under North Carolina law.

[13] *Mann v. Va. Dare Transp. Co., Inc.*, 193 S.E.2d 558, 565 (N.C. 1973) (A common "carrier owes to the passengers whom it undertakes to transport 'the highest degree of care for their safety so far as is consistent with the practical operations and conduct of its business.'").

[14] *Smith v. Camel City Cab Co.*, 42 S.E.2d 657, 659 (N.C. 1947) ("[T]he carrier must have known of, or had reasonable grounds to anticipate the assault by intruders, with present ability to avoid injury to the passenger by the exercise of proper care.").

[15] *Smith v. Camel City Cab Co.*, 42 S.E.2d 657, 659 (N.C. 1947) ("[T]he carrier is not an insurer of the safety of its passenger, and can only be held liable in damages for negligent breach of its duty, proximately resulting in injury to the passenger . . . .").

[16] *See Gordon v. Garner*, 493 S.E.2d 58, 64 (N.C. App. 1997) (analyzing the defendant's liability for driver's negligence under ordinary vicarious liability principles where defendant was exempt from statutory franchise requirement and affirming summary judgment because "at the time of the accident, [the driver] was an independent contractor"); *Parker v. Erixon*, 473 S.E.2d 421, 426-27 (N.C. App. 1996) (analyzing a common carrier's liability for an accident occurring during a trucker's off-duty detour under respondeat superior principles where the carrier was exempt from North Carolina's franchise requirement because it engaged in interstate, rather than intrastate, carriage); *see also* N.C.G.S. § 20-280.1(5) (any "transportation service" through the Uber platform

*Footnote continued on next page*

A person performing services for hire is either an employee or an independent contractor. Under North Carolina law, you are to presume that a driver providing a ride matched by a rideshare platform is acting as an independent contractor.[17] The burden is on the plaintiff to prove that, notwithstanding this presumption, Jeffrey Richardson acted as an employee in this case.

A person is an employee rather than an independent contractor when the hiring party retains the right and power to control the method, manner and means by which the details of the work are performed rather than the right simply to require certain definite results.

In determining whether the defendant retained the right and power to control the method, manner and means by which Jeffrey Richardson performed the details of his work, you may consider several factors. An employee, for example, usually:

is not a party to a contract containing express and explicit language indicating that he was not an employee;[18]

conducts his work under the hiring party's supervision;[19]

conducts his work using the employer's equipment or instrumentalities rather than his own;[20]

is not engaged in an independent business, calling or occupation;

does not have independent use of his special skills, knowledge or training in the performance of the work;

does work on an hourly wage or salary basis rather than for a fixed price, a lump sum or upon a piece rate basis;

---

must be "provided by a TNC driver"); *id.* § 20-280.8 (driver is presumptively "an independent contractor and not an employee").

[17] N.C.G.S. § 20-280.8.

[18] *See Ademovic v. Taxi USA, LLC*, S.E.2d 571, 579 (2014) (holding that taxi driver was an independent contractor based in part on the finding that "plaintiff signed an associate agreement with defendant Taxi . . . that contained express and explicit language indicating that plaintiff was not an employee of defendant Taxi, but an independent contractor").

[19] *Alford v. Victory Cab Co.*, 228 S.E.2d 43, 46 (1976) (holding that taxi driver was an independent contractor, in part because the defendant "had no supervision or control over the manner or method claimant chose to operate" the taxicab).

[20] *Mills v. Triangle Yellow Transit*, 751 S.E.2d 239, 243 (2013) (holding that taxi driver was an employee, in part because: "plaintiff did not rent a taxi from defendants. Defendants maintained and owned the taxis driven by plaintiff," and "Plaintiff was not allowed to use the taxi for his own personal purposes and picked it up from defendants' office each day and returned it to the same location at the end of his shift").

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

is subject to discharge if he adopts one method of doing the work rather than another;

is required by the hiring party to conduct the work in a specific geographic area;[21]

regularly performs services for the hiring party for whom the work is being done;

is not free to use such assistance as he thinks proper; and

does not select his own time for working.

These factors are to be considered by you along with all of the other evidence in determining whether Uber had the right and power to control the method, manner and means by which Jeffrey Richardson performed the details of his work. The existence or nonexistence of one or more of these factors is not necessarily controlling.

*Source*:    640.01 Employment Relationship--Status of Person as Employee. (Adopted June 2018), N.C.P.I.-CIVIL 640.01 (modified based on common carrier allegation and sources in footnotes).

**Plaintiff's Position**:

**Plaintiff's Proposed Instruction Should be Given**. Plaintiffs' proposed accurately states the law in light of the Court's tentative ruling on the motions for summary judgment. As explained in Plaintiff's Motion for Partial Summary Judgment and Opposition to Defendants' Motion for Summary Judgment, common carriers owe their passengers non-delegable duties of protection, duties that are breached when a driver assaults a passenger, whether that driver is acting within or outside the scope of any employment. *See* PTO 28 at 13; *White v. Norfolk & S.R. Co.*, 20 S.E. 191, 192-93 (N.C. 1894) ("The doctrine of respondeat superior is not involved."). Uber argues that the duty applies only to carriers operating under a "public franchise," but the confuses a different type of non-delegable duty (owed to the public at large) with the duty applicable here: a common carrier's duty to its passengers. Uber argues that North Carolina cases recognizing such a duty do not apply when the duty is breached by an independent contractor. As explained in Plaintiff's summary judgment papers, Uber's position is not supported by the relevant North Carolina cases and contradicts the basic logic of nondelegable duties.

**Uber's proposed instructions should all be rejected as inconsistent with North Carolina law**.

Burden of Proof. First, Uber's instruction inaccurately requires that the driver be an employee. Second, Uber's instruction cites negligence instructions for a proximate cause requirement, but, as explained below in response to Uber's proposed proximate cause instructions, proximate cause is not an element of an intentional tort claim. There is no negligence claim in this case. Finally, the language stating that proof must be by the "greater weight of the evidence" is confusing without the standard language explaining that "greater weight of the evidence" merely means a preponderance. *See* N.C.P.I-Civil 101.10. No reference to the burden of proof is necessary, because the parties have agreed to the Ninth Circuit pattern instruction setting out that burden. *See* Ninth Cir. Model Civil Instr. 1.6.

---

[21] *Ademovic v. Taxi USA, LLC*, 767 S.E.2d 571, 578 (2014) (holding that taxi driver was an independent contractor, in part because he "was not restricted to any specific geographic area in the operation of the taxicab").

Common Carrier Definition. Uber defines a common carrier as one "operating under a certificate of authority" operating "on the highways … between fixed endpoints or over a regular route…." Uber's instruction is directly contrary with relevant North Carolina decisions setting out the common-law definition:

> A common carrier is one who holds himself out to the public as engaged in the public business of transporting persons … for compensation from place to place, offering his services to such of the public generally as choose to employ him and pay his charges. The distinctive characteristic of a common carrier is that he undertakes as a business to carry for all people indifferently.

*Beavers v. Fed. Ins. Co.*, 437 S.E.2d 881, 883 (N.C. App. 1994) (quoting *Jackson v. Stancil*, 116 S.E.2d 817, 824 (N.C. 1960)). A company may be a common carrier even if it lacks a "regular schedule," a "fixed route," or a "relatively unlimited carrying capacity." *Jackson*, 116 S.E.2d at 824. Nor does it matter if the carrier offers only "charter" transportation." *Id.* Instead, "[t]he crucial test as to whether one is a common carrier is whether he holds himself out as such, either expressly or by a course of conduct, that he will carry for hire on a uniform tariff all persons applying so long as he has room. The holding out is not a formal matter, but consists of conduct naturally inducing a belief in the minds of the public, … [including through] advertising [or] solicitation." *Id.* at 825 (internal quotation marks, citations, and alterations omitted).

Uber's instruction not only disregards the common law definition applicable in this case, but is based on authorities that are clearly *in*applicable to this case. Uber cites a definitional appendix (not even an actual instruction) appended to a set of instruction that apply to cases involving "motor vehicle collision[s]." N.C.P.I-Motor Vehicle 100.100. Even if this were such a case (its not), the definition itself simply restates a provision of the Motor Vehicle Code that expressly applies "through this Chapter" only. N.C.G.S. § 20-40.01. It does not govern liability in this case.

For the record, the appropriate common carrier definition instruction would be this:

> A common carrier is one who holds itself out to the public as engaged in the business of transporting persons for compensation, offering its services to anyone who chooses to pay its charges. The holding out can be either through words or by a course of conduct naturally inducing a belief in the minds of the public, including through advertising. A company can be a common carrier even if the service offered will be used only by a limited subset of the population.

Common Carrier Duty. Uber's duty instruction disregards the non-delegable duty at issue in this case. Uber's proposed requirement that "a carrier must have know of or had reasonable grounds to anticipate the assault" is based on a case involving an "assault by intruders." *Smith v. Camel City Cab Co.*, 42 S.E.2d 657, 659 (N.C. 1947). The Court previously rejected Uber's reliance on "cases that concerns assault on passengers not be the agents of the common carrier, but by third parties…" PTO 17 at 33. Uber is correct that "a common carrier's duty of care is not breached every time a passenger gets hurt in transit, no matter how it happens."—that is what courts mean when they say a common carrier is not an "insurer" of its passengers' safety. *Id.* at 34. But "that is not the basis for the Plaintiffs' theory in this case. Instead, Plaintiffs' theory is that, when a driver assaults a passenger, there is no question that the driver has failed to discharge the common carriers' duties: instead of safely transporting the passenger, the common carrier's agent intentionally assaulted her." *Id.* As outlined in the summary judgment papers, those exact same legal standards govern in North Carolina. Uber repeats its reliance on cases like *Gordon v. Garner*, 493 S.E.2d 58 (N.C. App. 1997) and *Parker v. Erixon*, 473 S.E.2d 421 (N.C. App. 1996), which, as explained in the summary judgment papers, did not involve any duties owed to passengers.

Employment Relationship. This instruction is irrelevant as there is no respondeat superior

- 18 -

claim in this case. Plaintiff will not seek to prove at trial that the driver was an employee. It bears noting, however, that Uber has embellished the pattern instruction N.C.P.I.-Civil 640.01) with multiple inaccurate statements. For example, the fact that the Uber-driver agreement says the driver is no an employee is relevant. *See Williams v. ARL, Inc.*, 516 S.E.2d 187, 191 (N.C. App. 1999) (disregarding "how the parties may have designated their relationship" and instead applying the standard eight factors); *In re Estate of Redding v. Welborn*, 612 S.E.2d 664, 669 (N.C. App. 2005) "although a contract may designate that an employer-independent contractor, rather than an employer-employee relationship exists, the terms of the contract are not controlling."). To take another example, the pattern instruction does not includeaas a factor "conducts his work under the hiring party's supervision," and the case Uber cites for that proposition affirmed an agency's finding of independent-contractor status where the tax company "had no supervision or control over the manner or method claimant chose to operate that cab." *Alford v. Victory Cab Co., Inc.*, 228 S.E.2d 43, 36 (N.C. App. 1976). Here, as the evidence showed in the *Dean* trial (some of which is discussed in the common-carrier summary judgment papers), Uber in fact has a great deal of supervision of the "manner and method" Uber drivers employ to drive. If and when a future bellwether includes an employee-based claim, the Court should stick to the pattern instructions concerning                              employee                              status.

**Uber's Position**:  Uber objects to Plaintiff's proposed instruction. Uber preserves its position that it is not a common carrier, notwithstanding the Court's tentative ruling on summary judgment to the contrary (which was entered before briefing was complete). But regardless of common carrier status, Plaintiff's proposal erroneously invites the jury to hold Uber automatically liable for Richardson's alleged assault regardless of whether he was acting as Uber's employee. That is incorrect as a matter of law: the jury would still have to determine whether Richardson was Uber's employee before holding it vicariously liable for his alleged tort.

*First*, the jury could not hold Uber vicariously liable for Richardson's conduct without first finding that he was Uber's employee. Under North Carolina law, "one who employs an independent contractor is not liable for the independent contractor's acts." *DeRose for Est. of DeRose v. DoorDash, Inc.*, 675 F. Supp. 3d 591, 600 (E.D.N.C. 2023). Plaintiff invokes the "nondelegable duty" exception to this rule, but that rule applies only to *statutory common carriers* operating under a *public franchise* issued by the state's Public Utilities Commission. *See Mann v. Va. Dare Transp. Co.,* 198 S.E.2d 558, 565 (N.C. 1973).[22] The rationale is straightforward: a franchise recipient cannot "put off the liabilities incident to the franchise given it, while continuing to enjoy its profits." *Harden v. N.C. R. Co.,* 40 S.E. 184, 187 (N.C. 1901). That rationale does not apply to Uber, which operates under a TNC *permit* issued by the Department of Motor Vehicles. Whereas "common carriers operating under [franchises]" receive "certain protection in their franchise area" against competitors, "carriers holding permits" receive no such protection. *State ex rel. Utilities Comm'n v. Am. Courier Corp.*, 174 S.E.2d 814, 816-17 (N.C. 1970). Accordingly, North Carolina courts have declined to impose nondelegable duties on non-franchised carriers. *See Gordon v. Garner*, 493 S.E.2d 58, 62-64 (N.C. App. 1997) (analyzing liability under ordinary vicarious liability principles where carrier was exempt from franchise requirement). Imposing nondelegable duties would be particularly unwarranted for a permit under the TNC statute, which imposes *no* transportation duties on Uber, but rather *requires* that the "transportation service" be "provided by a TNC driver," N.C. Gen. Stat. § 20-280.1(5), who is presumptively "an independent contractor," *id.* § 20-280.8; *see Osborne v. Yadkin Valley Economic Development District, Inc.*, 865 S.E.2d 307,

[22] Plaintiff contends that *Mann* approvingly cited an Alabama case that imposed a nondelegable duty regardless of public franchise. But *Mann* cited the case for the proposition that "[t]he high degree of care, which a *carrier operating under a public franchise* owes to its passengers[] is a nondelegable duty." 198 S.E.2d at 565 (emphasis added). Its citation to a single Alabama case— one of seven it cited for the proposition—does not suggest that *Mann* did not mean what it said. Plaintiff does not cite a single North Carolina case imposing a nondelegable duty on a common carrier in the absence of a public franchise. Plaintiff contends that franchised common carriers owe a "different type of non-delegable duty" to the "public at large," rather than to specific passengers, but cites no authority recognizing such a distinction.

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

319-20 (N.C. App. 2021) (finding nondelegable duty rule inapplicable where statute authorized delegation). Plaintiff offers no explanation reconciling her nondelegable duty theory with the TNC statute's express mandate for Uber to delegate transportation responsibilities to independent drivers.

Plaintiff asserts that Uber is vicariously liable under the rule of *Hairston v. Atl. Greyhound Corp.*, 18 S.E. 2d 166 (N.C. 1942). But that case described two different standards of liability for carriers. On one hand, a common carrier is liable for the acts of third parties only if the assault "could have [been] prevented in the reasonable and proper performance of [its] duty," *id.* at 169—a standard negligence inquiry. On the other hand, a common carrier is liable, without regard to fault, for an assault committed by an on-duty employee or agent: an assault "committed on a passenger by an employee while on duty, whether within the line of his employment or not, constitutes a breach of duty directly imposing liability," *id.* at 170: Thus, only an "assault committed on a passenger *by an employee while on duty*, whether within the line of his employment or not, constitutes a breach of a duty directly imposing liability." *Id.* at 170 (emphasis added). [23] *Hairston* did not suggest common-carrier duties are nondelegable; its rule rests on the premise that the carrier necessarily breaches its duty when its own agents assault a passenger. *Hairston* did not address—and did not purport to craft an exception to—the general rule of nonliability for torts by an independent contractor. By its terms, the rule of *Hairston* would permit the jury to hold Uber vicariously liable only if it found Richardson was Uber's employee.

**Second**, Uber's proposal accurately states the law on employment relationships. Uber's proposal is grounded in the most relevant pattern instruction, N.C.P.I.-CIVIL 640.01, and is modified only to the extent necessary to fit the unique facts of this case.[24] Specifically, it is modified to reflect the applicable statutory scheme, which establishes a presumption that TNC drivers are independent contractors. *See* N.C.G.S. § 20-280.8. Additionally, the factors set forth in the pattern have been tailored to the unique facts of the case and are supported by cited authority. Although the pattern instructions are the "preferred method" of instructing the jury, *Hampton v. Hearn*, 269 N.C. App. 397, 408 (2020) (citation omitted), this does not obviate the need for courts to "mold[]" a given instruction to the "applicable facts." *Wall v. Stout*, 310 N.C. 184, 197 (1984) (citation omitted). Uber's instruction does exactly that, hewing as close as possible to the most relevant pattern, while modifying it to the extent necessary to conform to the facts of the case.

**Third**, Plaintiff's argument regarding the definition of common carrier is incorrect. Uber's proposed instruction on the definition of common carrier accurately reflects the law. It is adopted from the North Carolina Pattern Jury Instructions for Motor Vehicle Cases. *See* NC Pattern Jury Inst. – Civil MV Definitions 27(c) ("Passenger Vehicles—Common carriers of passengers"). Plaintiff argues the instruction is inapplicable because it reflects a statutory definition, but Plaintiff has not cited a single North Carolina decision, at any point of this litigation, imposing common-carrier duties on a party not covered or expressly exempted by North Carolina's common-carrier statute.

**Finally**, Uber's instruction on the burden of proof is similarly adopted from the pattern instructions. *See* 102.10 Negligence Issue--Burden of Proof., NC Pattern Jury Inst. - Civ. 102.10. "The use of the North Carolina Pattern Jury Instruction is 'the preferred method of jury instruction' unless a pattern instruction misstates the law." *Hampton v. Hearn*, 269 N.C. App. 397, 408 (2020) (citation omitted). As such, Uber requests that its instruction based on the pattern be given.

---

[23] It therefore does not help Plaintiff that common carriers owe a duty to prevent assaults from "any source." For assaults by third parties, that duty is limited to assaults that "could have [been] prevented in the reasonable and proper performance of [the common carrier's] duty." *Hairston*, 18 S.E.2d at 169. *Hairston* crafts an exception to that rule only for assaults by *employees*, and explains that the usual scope-of-employment test does not apply to assaults against passengers by common carriers' employees. *Id.* It does not, however, impose absolute liability on common carriers for assaults from "any source," nor does it suggest common carriers can be held liable for the tortious actions of independent contractors absent any reason to know or reasonably foresee the contractors might commit a tort.

[24] The pattern instruction specifically contemplates consideration of "any other applicable factor arising from the evidence." N.C.P.I.-Civil 640.01.

## [Disputed] Assault[25]

Plaintiff's Proposed Instruction:

To prove that the Uber driver, Jeffrey Richardson, committed an assault against her, Plaintiff must prove two things.

First, that Mr. Richardson by an intentional act or display of force and violence threatened the Plaintiff with an imminent bodily injury.

Second, that such act or display caused the Plaintiff to have a reasonable apprehension that offensive contact with her person was imminent. Reasonable apprehension of imminent bodily injury occurs when a person of ordinary care and prudence under the same or similar circumstances would believe that offensive bodily contact is about to occur.

A person acts intentionally if he desires to cause the consequences of his act or believes that the consequences are substantially certain to occur. Intent may be proven by direct evidence or inferred from the circumstances.

Uber's Proposed Instruction (changes from Plaintiff's instruction indicated in strike-through and red):

In addition to proving that Jeffrey Richardson was acting as Uber's employee, the plaintiff must also prove either that Jeffrey Richardson assaulted her or committed a battery against her while working as an Uber employee.

The burden of proof is on the plaintiff to prove that she was assaulted by Jeffrey Richardson. To prove that the Uber driver, Jeffrey Richardson, committed an assault against her, Plaintiff must prove two things.

First, that Mr. Richardson by an intentional act or display of force and violence threatened the Plaintiff with an imminent bodily injury.

Second, that such act or display caused the Plaintiff to have a reasonable apprehension that offensive contact with her person was imminent. Reasonable apprehension of imminent bodily injury occurs when a person of ordinary care and prudence under the same or similar circumstances

---

[25] N.C.P.I.-Civil 800.50 (modified to remove extraneous language and to select offensive rather than harmful); N.C.P.I.-Civil 101.46 (defining intent)

would believe that offensive bodily contact is about to occur.

A person acts intentionally if he desires to cause the consequences of his act or believes that the consequences are substantially certain to occur. Intent may be proven by direct evidence or inferred from the circumstances.

Ordinarily, mere words unaccompanied by some act or display to carry out the threat are not enough to cause reasonable apprehension that offensive bodily contact is imminent.

**Plaintiff's Position**:

*First*, Uber's proposed instruction requires that the driver be an employee, but there is no respondeat superior claim in this case, only a claim for breach of a common carrier's non-delegable duty, which does not require an employer-employee relationship.

*Second*, Uber's proposed instruction unnecessarily repeats that the burden of proof is on the Plaintiff, when earlier instructions made clear that the Plaintiff must prove an assault or battery. Uber's instruction also uses the word "assaulted" as a verb, which may be confusing in that the tort of assault does not require a physical touch.

*Third*, the optional language added regarding "mere word unaccompanied by some act or display" is not appropriate here where the allegations do involve an "act or display." *See* N.C.P.I.-Civil .010 ("The optional parenthetical phrases should be given only when warranted by the evidence.").

**Uber's Position**:

*First*, as explained above in the context of the common carrier instructions, Uber's proposed instruction accurately states the jury could not hold Uber vicariously liable for Richardson's conduct without first finding that he was Uber's employee. *See supra. Second*, the language in Uber's proposed instruction regarding the burden of proof tracks the cited pattern instruction, which includes the following language: "On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, [the elements of assault]." N.C.P.I.-Civil 800.50. Moreover, Uber's use of the verb "assaulted" is not confusing because the instruction immediately proceeds to define that term.

*Third*, an instruction regarding "mere words unaccompanied by some act or display" is appropriate here because Plaintiff alleges that the driver made a suggestive comment toward her, and the jury should be instructed that such a comment alone is ordinarily not sufficient to constitute assault. *See Johnson v. Bollinger*, 356 S.E.2d 378, 381 (N.C. Ap. 1987) (explaining that "words alone may not constitute assault").

## [Disputed] Battery[26]

Plaintiff's Proposed Instruction:

To prove that the Uber driver, Jeffrey Richardson, committed a battery against her, Plaintiff must prove three things.

First, that Mr. Richardson intentionally caused bodily contact with the Plaintiff.

Second, that such bodily contact actually offended a reasonable sense of personal dignity.

Third, that such bodily contact occurred without the Plaintiff's consent.

A person acts intentionally if he desires to cause the consequences of his act or believes that the consequences are substantially certain to occur. Intent may be proven by direct evidence or inferred from the circumstances.

Uber's Proposed Instruction (changes from Plaintiff's instruction indicated in ~~strike-through~~ and red):

The burden of proof is on the plaintiff to prove that Jeffrey Richardson committed a battery against her. To prove that the Uber driver, Jeffrey Richardson, committed a battery against her, Plaintiff must prove three things.

First, that Mr. Richardson intentionally caused bodily contact with the Plaintiff.

Second, that such bodily contact actually offended a reasonable sense of personal dignity.

Third, that such bodily contact occurred without the Plaintiff's consent.

~~A person acts intentionally if he desires to cause the consequences of his act or believes that the consequences are substantially certain to occur. Intent may be proven by direct evidence or inferred from the circumstances.~~

**Plaintiff's Position**:

Repeating the burden of proof is unnecessary given that earlier instructions state that the burden is on Plaintiff, and this instruction sets out elements that Plaintiff must "prove."

**Uber's Position**:

---

[26] N.C.P.I.-Civil 800.51 (modified to select dignity rather than physical harm); N.C.P.I.-Civil 101.46 (defining intent)

The language in Uber's proposed instruction regarding the burden of proof tracks the cited pattern instruction, which includes the following language: "On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, [the elements of battery]." N.C.P.I.-Civil 800.51.

Repeating the definition of intentionality is not necessary because the identical definition is provided in the immediately preceding instruction.

- 24 -

# [Disputed] Proximate Cause—Definition

<u>Uber's Proposed Instruction:</u>

The plaintiff not only has the burden of proving breach of a common carrier's duty, but also that such breach was a proximate cause of the particular injury for which plaintiff seeks recovery.[27]

Proximate cause is a cause which in a natural and continuous sequence produces a person's injury, and is a cause without which the injury would not have occurred, and one which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.

There may be more than one proximate cause of an injury. Therefore, the plaintiff need not prove that the defendant's breach of a common carrier's duty was the sole proximate cause of the injury. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's breach was a proximate cause.

**<u>Plaintiff's Position</u>**:

There is no negligence claim in this case, so there is no basis to give a negligence proximate-cause instruction. *See* N.C.P.I.-Civil 810.00 n.22 ("Care should be exercised in choosing the appropriate standard. Negligence cases require proximate cause. Intentional torts generally do not require proximate cause."). Nor does the claim "sound in negligence." Plaintiff's claim is a breach of Uber's non-delegable duty as a common carrier in the form of an assault or battery on the part of the driver. Uber relies on common carrier cases in which the asserted breach of duty was an employee's or contractor's negligent act, rather than an intentional tort. *See Lynn v. Burnette*, 531 S.E.2d 275, 279 (N.C. App. 2000) ("Our North Carolina Supreme Court has acknowledged that an intentional tort and willful negligence are discrete concepts." An intentional act of violence is not a negligent act.") (internal quotation marks omitted).

Uber depicts Plaintiff's theory as "absolute liability," but it is not. As the Court has previously explained, a nondelegable duty is not the same as strict liability—for example, if the independent contractor driver reasonably tried but failed to protect the plaintiff against an assault from another passenger, there would be no breach of Uber's duty. *See* PTO 17 at 34. But "when a driver assaults a passenger, there is no question that the driver has failed to discharge the common carriers' duties: instead of safely transporting the passenger, the common carrier's agent intentionally assaulted her." *Id.*

So, this is an assault-and-battery case. The assault and battery pattern instructions do not refer to proximate cause. The cases discussing assault and battery torts do not refer to proximate cause (nor

[27] *See Gillikin v. Burbage*, 263 N.C. 317, 324, 139 S.E.2d 753 (1965) ("To hold a defendant responsible for a plaintiff's injuries, defendant's negligence must have been a substantial factor, that is, a proximate cause of the *particular* injuries for which plaintiff seeks recovery."); *see also id.* at 325 ("Where . . . the subject matter—for example, a ruptured disc—is so far removed from the usual and ordinary experience of the average man that expert knowledge is essential to the formation of an intelligent opinion, only an expert can competently give opinion evidence as to the cause of death, disease, or a physical condition.") (internal quotation marks and citation omitted).

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

do the cases explaining common carriers' duty can be breached by an intentional tort committed by delegee). Uber cites no authority for giving a proximate-cause instruction in an intentional-tort case.

Uber has also modified the pattern instruction to focus the jury on a "particular injury." Uber cites only *Gilikin v. Burbage*, 139 S.E.2d 753 (N.C. 1965), a case talking about the "medical evidence" required to link a car accident to a spinal injury. *Id.* at 759. Plaintiff will not put on evidence of any specific medical or psychiatric diagnoses, so the reasoning of *Gilikin* is inapplicable. Plaintiff seeks only garden variety emotional distress damages stemming from the assault in this case. Plaintiff has moved to exclude Uber's "evidence of preexisting trauma" under Rules 402 and 403.

**Uber's Position**:

*First*, Plaintiffs' theory that Uber breached a non-delegable duty as a common carrier sounds in negligence, which means that proximate causation is an element on which Plaintiff has the burden of proof. North Carolina law makes clear "the liability of the carrier for injuries to a passenger is based on negligence." *See Humphries v. Queen City Coach Co.*, 228 N.C. 399, 401 (1947). Throughout these instructions, Plaintiff seeks to erroneously transform this breach-of-duty theory into an absolute liability theory, which it is not.[28] Accordingly, even if Uber were a common carrier (which, as explained above, it is not), the jury would still have to determine whether Richardson's alleged assault of Plaintiff was a reasonably foreseeable consequence of Uber's alleged breach of its duty as a common carrier. *See Mann v. Va. Dare Transp. Co., Inc.*, 193 S.E.2d 558, 565 (N.C. 1973) ("[A] common carrier[] is not an insurer of its passengers; it is liable only for negligence proximately causing injury to them.").

*Second*, under any theory, Uber can only be liable for the particular injuries to Plaintiff (whether "garden variety emotional distress" or other types of injuries) that Uber's supposed breach of duty proximately caused. *Smith v. Camel City Cab Co.*, 42 S.E.2d 657, 659 (N.C. 1947) ("[B]efore liability may be predicated for the injury to the passenger, it must have proximately resulted from the negligent failure of the carrier to perform its duty."). This remains true even if Plaintiff's claim is conceptualized as an assault and battery claim rather than a negligence claim. *Shugar v. Guill*, 277 S.E.2d 126, 131 (N.C. Ct. App. 1981) (remedy for assault or battery is compensatory damages for "the natural and probable result of the wrongful acts complained of"). Either way, Plaintiff must demonstrate a nexus between Uber's supposed breach and her alleged injuries. Proof of that nexus is particularly important in this case given the evidence of preexisting trauma that Uber intends to present to the jury.

*Source:*      102.19 Proximate Cause--Definition; Multiple Causes, NC Pattern Jury Inst. - Civ. 102.19 (modified to add language from *Loftis v. Little League Baseball, Inc.*, 169 N.C. App. 219, 222, 609 S.E.2d 481, 484 (2005), which is cited in the pattern instruction); *see Mann v. Va. Dare Transp. Co., Inc.*, 193 S.E.2d 558, 565 (N.C. 1973) ("[A] common carrier[] is not an insurer of its passengers; it is liable only for negligence proximately causing injury to them."); *Smith v. Camel City Cab Co.*, 42 S.E.2d 657, 659 (N.C. 1947) ("[B]efore liability may be predicated for the injury to the passenger, it must have proximately resulted from the negligent failure of the carrier to perform its duty.").

---

[28] Plaintiff objects to this characterization, but by seeking to hold Uber liable for Richardson's alleged assault and battery of Plaintiff, Plaintiff is effectively seeking to impose automatic vicarious liability on Uber.

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

[<mark>Disputed</mark>] **Proximate Cause—Activation/Aggravation**

Uber's Proposed Instruction:

The defendant is not liable for damages attributable solely to the pre-existing mental condition of the plaintiff. Instead, the defendant is liable only to the extent that the defendant's fault proximately and naturally aggravated the plaintiff's pre-existing mental condition.

When the defendant's negligence does not cause a mental condition of the plaintiff, but only aggravates and increases the severity of a condition existing at the time of the plaintiff's injury, the plaintiff's recovery in damages is limited to the additional injury caused by the aggravation over and above the consequences, which the pre-existing mental condition, running its normal course, would itself have caused if there had been no aggravation by the defendant.

Plaintiff's Contingent Proposed Instruction (subject to objecting to instruction in total):[29]

In deciding whether the injury to the Plaintiff was a reasonably foreseeable consequence of the driver's assault or battery, you must determine whether such negligent conduct, under the same or similar circumstances, could reasonably have been expected to injure a person of ordinary mental condition. If so, the harmful consequences resulting from the driver's assault or battery would be a proximate cause of the Plaintiff's injury. Otherwise, the harmful consequences resulting from the driver's assault or battery would not be a proximate cause of the Plaintiff's injury.

**Plaintiff's Position**:

There is no negligence claim in this case, so there is no basis to give a negligence proximate-cause instruction. *See* N.C.P.I.-Civil 810.00 n.22 ("Care should be exercised in choosing the appropriate standard. Negligence cases require proximate cause. Intentional torts generally do not require proximate cause."). Plaintiff's claim is a breach of Uber's non-delegable duty as a common carrier in the form of an assault or battery on the part of the driver. The assault and battery pattern instructions do not refer to proximate cause. The cases discussing assault and battery torts do not refer to proximate cause (nor do the cases explaining common carriers' duty can be breached by an intentional tort committed by delegee). Uber cites no authority for giving a proximate-cause instruction in an intentional-tort case. Neither of the two cases Uber cites endorses this type of jury instruction.

Even if one could imagine a battery case in which an aggravation instruction were appropriate, this is not that case. Plaintiff will not introduce evidence of specific diagnosed conditions. Accordingly, Plaintiff has moved to exclude evidence of the prior mental conditions under Rule 403.

Should the Court give a form of Uber's proposed instruction, it should also give a form of N.C.P.I.—Civil 102.20 ("Proximate Cause—Peculiar Susceptibility"), North Carolina's version of

---

[29] N.C.P.I—Civil 102.20

JOINT AND CONTESTED PROPOSED<br>JURY INSTRUCTIONS<br>N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

the eggshell plaintiff rule. Plaintiff's proposed instruction modifies the pattern instruction to omit concepts of "reasonable foreseeability" that have no relevance to an intentional-tort claim.

**Uber's Position**:

Plaintiff's medical records document anxiety diagnoses and trauma from incidents predating the alleged incident with Richardson and link Plaintiff's trauma to a host of pre-incident events. *See* Uber's MSJ, ECF No. 5475, at 8-9. Uber intends to argue at trial that Plaintiff's purported damages were caused by prior issues in her life, and not by the alleged assault and battery by Richardson.

Under North Carolina law, Plaintiff cannot recover for PTSD and anxiety symptoms that predated the alleged incident. Rather, she may recover "only for such increased or augmented sufferings as are the natural and proximate result of the wrongful act." *Potts v. Howser*, 161 S.E.2d 737, 741-42 (N.C. 1968). The jury should be instructed accordingly.

Crucially, all the above remains true even if Uber were somehow strictly or vicariously liable for the assault or battery committed by Richardson. That is because the remedy for assault or battery under North Carolina law is compensatory damages for "the natural and probable result of the wrongful acts complained of." *Shugar v. Guill*, 277 S.E.2d 126, 131 (N.C. Ct. App. 1981). In other words, a plaintiff in an assault or battery action may only recover for the "injury, mental or physical, directly caused by the assaults and batteries." *Dickens v. Puryear*, 276 S.E.2d 325, 337 (N.C. 1981). To allow Plaintiff to recover for injuries that pre-date, and were therefore not caused by, the defendant's intentional conduct, would contravene this uncontroversial principle.

Moreover, for the reasons explained above in the context of the proximate cause instructions, Plaintiff's breach-of-duty claim is more properly viewed as a negligence action, of which proximate causation is an element. In that view, it is plainly the case that Plaintiff may only recover for any injuries that were proximately caused by Uber's negligent conduct, and not for any pre-existing injuries. *See Smith*, 42 S.E.2d at 659.

Finally, Plaintiff's alternative contention that the Court instead give an "eggshell plaintiff" instruction, N.C.P.I – Civil 102.20 ("Proximate Cause – Peculiar Susceptibility"), is baseless. As noted, it is well-documented that Plaintiff experienced mental health conditions prior to the alleged incident. The issue is thus whether Plaintiff's preexisting injury was aggravated—not whether she was uniquely susceptible to a new injury. *See Potts*, 274 N.C. at 54 (Where "there is evidence from which the jury could find that plaintiff's diseased condition was active prior to the accident, and its severity was increased and aggravated as a result" of the alleged conduct, "the injured person may recover only for such increased or augmented sufferings as are the natural and proximate result of the wrongful act."). Here, the jury's role is to determine which damages—if any—are attributable to the alleged assault/battery, as distinct from a preexisting injury or condition. *See S. Ry. Co. v. Biscoe Supply Co.*, 114 N.C. App. 474, 479, 442 S.E.2d 127 (1994). And in any event, Plaintiff has not included the entirety of the pattern instruction on susceptibility, which includes additional language on foreseeability of the particular harm. (*See* N.C.P.I—Civil 102.20 ("If so, the harmful consequences resulting from the defendant's negligence would be **reasonably foreseeable and, therefore, would be** a proximate cause of the [plaintiff's injury]") (emphasis added to portion omitted); *see also id.* (two additional paragraphs further address the question of defendant's prior knowledge of susceptibility).

*Source:*        102.22 Proximate Cause--Activation/Aggravation, NC Pattern Jury Inst. - Civ. 102.22 (adopted Feb. 2024).

**[Disputed] Insulating/Intervening Negligence**[30]

<u>Uber's Proposed Instruction:</u>

A natural and continuous sequence of causation may be interrupted or broken by the intentional conduct of a second person. This occurs when a second person's conduct was not reasonably foreseeable by the first person and causes its own natural and continuous sequence which interrupts, breaks, displaces or supersedes the consequences of the first person's negligence. Under such circumstances, the intentional conduct of the second person, not reasonably foreseeable by the first person, insulates the negligence of the first person and would be the sole proximate cause of the injury.

In this case, the defendant, Uber, contends that if it breached the duty of a common carrier, which it denies, such breach was not a proximate cause of the plaintiff's injury because it was insulated by the intentional conduct of Jeffrey Richardson.

You will consider this matter only if you find that the defendant breached the duty of a common carrier. If you find the defendant was at fault, that fault would be insulated—and the defendant would not be liable to the plaintiff—if the intentional conduct of Jeffrey Richardson was such as to have broken the causal connection or sequence between the defendant's breach of the common carrier duty and the plaintiff's injury, thereby excluding the defendant's fault as a proximate cause. The conduct of Jeffrey Richardson would thus become, as between the fault of the defendant and Jeffrey Richardson, the sole proximate cause of the plaintiff's injury.

On the other hand, if the causal connection between the fault of the defendant and the plaintiff's injury was not broken, and the defendant's fault continued to be a proximate cause of the plaintiff's injury up to the moment of the alleged assault, then the defendant would be liable to the plaintiff.

If, at the time of the defendant's breach of a common carrier duty, the defendant reasonably could have foreseen intentional conduct which was likely to produce injury on the part of one in

---

[30] Because Plaintiff has abandoned any claim of direct liability against Uber, it should not be necessary to instruct the jury on intervening causation. Uber proposes this instruction for the record consistent with its position that to prove a breach of a common carrier's duty, the plaintiff must prove (among other things) some breach of a duty of care.

the position of Jeffrey Richardson, the causal connection would not be broken, and the fault of the defendant would not be prevented from being a proximate cause of the plaintiff's injury.

However, if the fault of the defendant would not have resulted in the plaintiff's injury except for the intentional conduct of Jeffrey Richardson, and if the intentional conduct and resulting injury on the part of one in the position of Jeffrey Richardson was not reasonably foreseeable to the defendant, then the causal connection would be broken and the fault of the defendant Uber would not be a proximate cause of the plaintiff's injury.

The burden is not on the defendant to prove that its fault, if any, was insulated by the intentional conduct of Jeffrey Richardson. Rather, the burden is on the plaintiff to prove, by the greater weight of the evidence, that the fault of the defendant was a proximate cause of the plaintiff's injury.

**Plaintiff's Position**:

As Uber acknowledges, this proposed instruction makes no sense given that the supposed "intervening cause"—the driver's conduct—*is* the asserted breach of Uber's duty.

More generally, as discussed in connection with the above instructions, there is no justification for giving a negligence-based instruction in a case where liability is asserted on the basis of an intentional tort.

Finally, Plaintiff notes for the record that even if this were a case in which an intervening cause instruction were potentially appropriate, one would not be here for substantially the same reasons as one was inappropriate in *Dean*: the driver's conduct was not "sufficiently independent" and "unassociated" with Uber's conduct. N.C.P.I-Civil 102.65 n.1; *see also Boykin v. Morrison*, 557 S.E.2d 583, 586 (N.C. App. 2001) (affirming refusal to instruct on intervening cause where "Wilson's act was not sufficient independent of, and unassociated with, Morrison's initial negligence ….").

**Uber's Position**:

Uber submits that this instruction should not be necessary because (1) for the reasons explained above in the context of the common carrier instructions, Plaintiff's theory of vicarious liability fails as a matter of law, and (2) Plaintiff has not asserted a theory of direct liability against Uber.

Uber offers this instruction only to memorialize its position on the proper elements of Plaintiff's common carrier claim. As explained more fully in Uber's responses on the proximate cause instructions, Plaintiff's theory of the case – that Uber breached its duty as a purported common carrier – is inherently negligence-based. *See Humphries*, 228 N.C. at 401 ("[T]he liability of the carrier for injuries to a passenger is based on negligence."). That means that Uber is not strictly liable for Plaintiff's injuries but, rather, can be liable only for any injuries that its alleged breach of duty proximately caused. *See Smith*, 227 N.C. at 573. And because proximate causation is an

element of Plaintiff's claim, it follows that an insulating/intervening negligence charge is appropriate because such intervening negligent acts by a third party are, by definition, not reasonably foreseeable. *See* N.C.P.I.-Civil 102.65. In this view, the jury would therefore be entitled to determine whether Richardson's conduct broke the chain of causation.

Moreover, Uber has proffered plenty of evidence that the driver's alleged conduct was "sufficiently independent" from Uber's alleged conduct so as to justify an instruction on insulating/intervening cause. For example: Uber does not own, operate, or lease the vehicles independent drivers use; it does not "dispatch" drivers or control the operational details of rides; it maintains no central location where riders may access services, such as a terminal, depot, or garage; and Uber's Terms of Use make clear that drivers using the platform are "third party providers." These facts demonstrate that Richardson's alleged conduct was independent from Uber's. And the case Plaintiff cites in her objection, *Boykin*, was a car accident case that bears little resemblance to the facts alleged here

*Source*:        102.65 Insulating/Intervening Negligence. (Adopted June 2020), N.C.P.I.-CIVIL 102.65 (modified to refer to driver's conduct as intentional rather than negligent; the authority cited in the pattern instruction expressly notes that an insulating cause may be "'culpable, intentional, or merely negligent'" (quoting *Harton v. Telephone Co.*, 141 N.C. 455, 462-63, 54 S.E. 299, 301-02 (1906)); further modified to reflect theory of breach of common carrier duty rather than negligence).

## [Disputed] Final Mandate—Common Carrier Issue

Uber's Proposed Instruction:

Finally, as to this first issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant is a common carrier, that Richardson was defendant's employee, that Richardson committed assault or battery against Plaintiff, and that such breach was a proximate cause of the plaintiff's injury, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

**Plaintiff's Position**:

This negligence director instruction is redundant and unnecessary in a case involving a single claim for liability. Uber's proposed instruction also misstates the elements of Plaintiff's claim, specifically that the driver must be an employee, and that Plaintiff's claim requires proof of proximate cause.

**Uber's Position**:

Uber's proposed instruction mirrors the cited pattern instruction and helpfully summarizes the issues in an understandable manner for the jury. Additionally, Uber's proposed instruction correctly states the elements of Plaintiff's claim because, as explained above in the context of the common carrier instructions, the jury could not hold Uber vicariously liable for Richardson's conduct without first finding that he was Uber's employee. *See supra*. Moreover, as explained in connection with "Proximate Cause – Definition," Plaintiff's claim also requires proof of proximate cause.

*Source:*    102.50 Final Mandate--Negligence Issue., NC Pattern Jury Inst. - Civ. 102.50 (modified).

**[Disputed] Personal Injury Damages[31]**

Plaintiff's Proposed Instruction:

If you found Uber liable to Plaintiff, then the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by a preponderance of the evidence, the amount of actual damages caused by the driver's wrongful conduct.

Actual damages are the fair compensation to be awarded a person for any injury caused by the wrongful conduct of another.

Damages for personal injury include fair compensation for the actual physical pain and mental suffering experienced by the Plaintiff as a result of the wrongful conduct of the driver. There is no fixed formula for placing a value on mental suffering. Pain and suffering may include: anxiety, depression, and the resulting adverse impact on the injured person's lifestyle. You will determine what is fair compensation by applying logic and common sense to the evidence.

Uber's Proposed Instruction (changes from Plaintiff's instruction indicated in ~~strike-through~~ and red):

If you found Uber liable to Plaintiff, then the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by ~~a preponderance~~ the greater weight of the evidence, the amount of actual damages proximately caused by the fault of the defendant. ~~caused by the driver's wrongful conduct.~~

Actual damages are the fair compensation to be awarded a person for any injury caused by the ~~wrongful conduct~~ fault of another.

---

[31] N.C.P.I.-Civil 810.00; N.C.P.I.-Civil 810.02; N.C.P.I.-Civil 810.08; N.C.P.I.810.08 n.3 (quoting *Iadanza v. Harper*, 611 S.E.2d 217, 222 (N.C. App. 2005)).

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

Damages for personal injury include fair compensation for the actual physical pain and mental suffering experienced by the Plaintiff as a result of fault of the defendant the wrongful conduct of the driver. There is no fixed formula for placing a value on mental suffering. Pain and suffering may include: anxiety, depression, and the resulting adverse impact on the injured person's lifestyle. You will determine what is fair compensation by applying logic and common sense to the evidence.

**Plaintiff's Position**:

*First*, Plaintiff's proposed instruction replaces the language "greater weight of the evidence" with "preponderance of the evidence." Even though the two phrases mean the same thing, the jury will have been instructed using the pattern Ninth Circuit burden-of-proof instruction, which refers to "preponderance." Conversely, the jury will not know what "greater weight of the evidence" means. If the Court accepts Uber's proposal on this point, then the pattern instruction on burden-of-proof should be modified to explain that "greater weight of the evidence" means the same thing as "preponderance."

*Second*, Uber's proposed instruction includes the phrase "proximately caused." But, as discussed above, the concept of proximate cause applies only to negligence claims. The pattern instruction points towards the phrase "caused" in "intentional tort cases." N.C.P.I-Civil 810.00.

*Third*, Uber's proposed instruction uses the phrase (not found in the pattern instruction) "fault" rather than "wrongful conduct." But the jury has not heard anything about the concept of "fault" so the pattern language—"wrongful conduct"—is appropriate.

*Fourth*, Uber's proposed instruction focuses on the fault of "the defendant" when the liability claim in this case is that the driver assaulted plaintiff, thereby breaching Uber's duty. The harm-causing act was, as Plaintiff proposes, the "wrongful conduct of the driver." Uber's proposed instruction would be confusing.

*Fourth*, Uber omits the language in footnote 3 of the pattern instruction, helping the jury understand that "pain and suffering damages are intended to redress a wide array of injuries ranging from physical pain to anxiety, depression, and the resulting adverse impact upon the injured party's lifestyle." N.C.P.I.-Civil 810.08 n.3 (quoting *Iadanza v. Harper*, 611 S.E.2d 217, 222 (N.C. App. 2005) (citation omitted)). This language helps the jury understand the concept of "mental suffering" and so should be included.

**Uber's Position**:

*First*, the Court should use the term "greater weight of the evidence" rather than "preponderance of the evidence" because the former is the term used throughout the North Carolina Pattern Instructions, *e.g.*, N.C.P.I.-Civil 101.10, *id.* 800.50, *id.* 800.51, and because that term is more understandable to a lay member of the jury. If Plaintiff is concerned about the possible confusion between the terms "preponderance" and "greater weight of the evidence"—which seems unlikely— then the solution is not to revise several North Carolina pattern instructions but rather to replace the Ninth Circuit instruction defining preponderance (9th Cir. Instr. 1.6) with North Carolina's instruction on greater weight of the evidence (N.C.P.I.-Civil 101.10).

*Second*, for the reasons explained above in the context of the Proximate Cause instructions, Plaintiff's breach-of-duty theory sounds in negligence, and so Uber can only be liable to the extent its breach of duty proximately caused Plaintiff's alleged injuries. *See Humphries v. Queen City Coach Co.*, 228 N.C. 399, 401 (1947); *Mann v. Va. Dare Transp. Co., Inc.*, 193 S.E.2d 558, 565 (N.C. 1973); *Smith v. Camel City Cab Co.*, 42 S.E.2d 657, 659 (N.C. 1947) ("[B]efore liability may be predicated for the injury to the passenger, it must have proximately resulted from the negligent failure of the carrier to perform its duty.")

*Third*, relatedly, Uber's proposed instruction properly focuses on the "fault of the defendant" rather than the "wrongful conduct of the driver" because—again—Uber is only liable for injuries that its supposed breach of duty proximately caused. This is not a strict liability case, and so it would be improper to instruct the jury that Uber is strictly liable for injuries caused by the wrongful conduct of the driver. Moreover, contrary to Plaintiff's objection, the term, "fault" can be understood by its plain meaning and does not require instruction. *See, e.g.*, *United States v. Maxey*, 898 F.2d 148, at *4 (4th Cir. 1990) (unpublished opinion) ("[I]t is well settled that a court need not define terms that are not unduly technical or ambiguous or that are within the common understanding of the jury.") (citation omitted); *Dickerson v. Waid*, No. CIV A 2:07-00415, 2009 WL 277624, at *13 (S.D.W. Va. Feb. 5, 2009) ("[A] term which is widely used and which is readily comprehensible to the average person without further definition or refinement need not have a defining instruction.") (internal quotation marks and citation omitted).

*Fourth*, Plaintiff's proposed definition of pain and suffering is inapplicable to the facts of the case because Plaintiff is only seeking damages for PTSD and anxiety symptoms. *See* Ex. 8 to Uber's MSJ, ECF No. 5475, at 8-9 (Plaintiff's interrogatory responses). Plaintiff is not alleging a "wide array of injuries," N.C.P.I.-Civil 810.08 n.3, and so an instruction listing other examples of pain and suffering is unwarranted. *See Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1421 (4th Cir. 1991) ("[J]ury instructions [should] be drawn so as to relate to the particular factual circumstances of the case.").

**Personal Injury Damages—No Punitive Damages[32]**

You must not include in your award any damages to punish or make an example of Uber. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate the plaintiff for any loss.

---

[32] CACI 3924

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**[Disputed] Personal Injury Damages—Final Mandate**

<u>Plaintiff's Proposed Instruction:</u>

I instruct you that your findings on damages must be based on the evidence and the rules of law I have given you with respect to the measure of damages.  You are not required to accept the amount of damages suggested by the parties or their attorneys.

Your award must be fair and just.  You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

If you find by the preponderance of the evidence the amount of actual damages caused by the wrongful conduct of the driver, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.

<u>Uber's Proposed Instruction (changes from Plaintiff's instruction indicated in ~~strike-through~~ and <span style="color:red">red</span>):</u>

I instruct you that your findings on ~~damages~~ <span style="color:red">this second issue</span> must be based on the evidence and the rules of law I have given you with respect to the measure of damages.  You are not required to accept the amount of damages suggested by the parties or their attorneys.

Your award must be fair and just.  You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

<span style="color:red">Finally, as to this second issue on which the plaintiff has the burden of proof,</span> if you find by the ~~preponderance~~ <span style="color:red">greater weight</span> of the evidence the amount of actual damages <span style="color:red">proximately</span> caused by the ~~wrongful conduct of the driver~~ <span style="color:red">fault of the defendant</span>, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.

**Plaintiff's Position**:

*First*, Plaintiff's proposed instruction replaces the language "greater weight of the evidence" with "preponderance of the evidence." Even though the two phrases mean the same thing, the jury will have been instructed using the pattern Ninth Circuit burden-of-proof instruction, which refers to "preponderance." Conversely, the jury will not know what "greater weight of the evidence" means. If the Court accepts Uber's proposal on this point, then the pattern instruction on burden-of-proof should be modified to explain that "greater weight of the evidence" means the same thing as "preponderance."

*Second*, Uber's proposed instruction includes the phrase "proximately caused." But, as explained above, the concept of proximate cause applies only to negligence claims. The pattern instruction points towards the phrase "caused" in "intentional tort cases." N.C.P.I-Civil 810.00.

*Third*, Uber's proposed instruction uses the phrase (not found in the pattern instruction) "fault" rather than "wrongful conduct." But the jury has not heard anything about the concept of "fault" so the pattern language—"wrongful conduct"—is appropriate.

*Fourth*, Uber's proposed instruction focuses on the fault of "the defendant" when the liability claim in this case is that the driver assaulted plaintiff, thereby breaching Uber's duty. The harm-causing act was, as Plaintiff proposes, the "wrongful conduct of the driver." Uber's proposed instruction would be confusing.

*Fourth*, Uber includes directors ("second issue") that are unnecessary in a straightforward case involving a single claim.

**Uber's Position**:

*First*, the Court should use the term "greater weight of the evidence" rather than "preponderance of the evidence" because the former is the term used throughout the North Carolina Pattern Instructions, *e.g.*, N.C.P.I.-Civil 101.10, *id.* 800.50, *id.* 800.51, and because that term is more understandable to a lay member of the jury. If plaintiff is concerned about the possible confusion between the terms "preponderance" and "greater weight of the evidence"—which seems unlikely— then the solution is not to revise several North Carolina pattern instructions but rather to replace the Ninth Circuit instruction defining preponderance (9th Cir. Instr. 1.6) with North Carolina's instruction on greater weight of the evidence (N.C.P.I.-Civil 101.10).

*Second*, for the reasons explained above in the context of the Proximate Cause instructions, Plaintiff's breach-of-duty theory sounds in negligence, and so Uber can only be liable to the extent its breach of duty proximately caused Plaintiff's alleged injuries. *See Humphries v. Queen City Coach Co.*, 228 N.C. 399, 401 (1947); *Mann v. Va. Dare Transp. Co., Inc.*, 193 S.E.2d 558, 565 (N.C. 1973); *Smith v. Camel City Cab Co.*, 42 S.E.2d 657, 659 (N.C. 1947) ("[B]efore liability may be predicated for the injury to the passenger, it must have proximately resulted from the negligent failure of the carrier to perform its duty.")

*Third*, (responding to Plaintiff's third and fourth arguments above), Uber's proposed instruction properly focuses on the "fault of the defendant" rather than the "wrongful conduct of the driver" because—again—Uber is only liable for injuries that its supposed breach of duty proximately caused. This is not a strict liability case, and so it would be improper to instruct the jury that Uber is strictly liable for injuries caused by the wrongful conduct of the driver. Moreover, contrary to Plaintiff's objection, the term, "fault" can be understood by its plain meaning and does not require instruction. *See, e.g.*, *United States v. Maxey*, 898 F.2d 148, at *4 (4th Cir. 1990) (unpublished opinion) ("[I]t is well settled that a court need not define terms that are not unduly technical or ambiguous or that are within the common understanding of the jury.") (citation omitted); *Dickerson v. Waid*, No. CIV A 2:07-00415, 2009 WL 277624, at *13 (S.D.W. Va. Feb. 5, 2009) ("[A] term which is widely used and which is readily comprehensible to the average person without further

definition or refinement need not have a defining instruction.") (internal quotation marks and citation omitted).

*Fourth*, the instruction's reference to damages as a "second issue" appropriately informs the jury that liability and damages are two distinct issues to be analyzed separately. Uber's proposed language also mirrors the pattern instruction on this point. *See* N.C.P.I.-Civil 810.20 ("Finally, as to this (*state number*) issue on which the plaintiff has the burden of proof . . . .").

*Source:*          810.20 Personal Injury Damages--Final Mandate. (Regular)., NC Pattern Jury Inst. - Civ. 810.20

**Duty to Deliberate**[33]

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[33] Ninth Cir. Model Civil Instr. 3.1

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Communication with the Court**[34]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

---

[34] Ninth Cir. Model Civil Instr. 3.3 (modified bracketed options, as given in *Dean*)

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**Return of Verdict**[35]

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

---

[35] Ninth Cir. Model Civil Instr. 3.5 (modified to omit bracketed options, as given in *Dean*)

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**[In-Trial Instruction] Deposition in Lieu of Live Testimony**[36]

You will now be shown the video-recorded testimony of [name of witness] taken [date of deposition]. Edits were made both to shorten the video and to comply with my earlier out-of-court rulings on specific objections or issues raised during the testimony. You should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

---

[36] Adapted from Ninth Cir. Model Civil Instr. 2.4 (modified to explain video editing)

- 43 -

**[In-Trial Instruction] Video Corporate Representative Deposition[37]**

You will now be shown the video-recorded testimony of Uber through a witness designated by Uber to testify on its behalf, [name of witness], taken [date of deposition]. The testimony concerns information known or reasonably available to Uber. The testimony should be considered by you as testimony of Uber itself except when it is clear from context or an instruction by the Court that the witness is speaking only on his or her own behalf. Edits were made both to shorten the video and to comply with my earlier out-of-court rulings on specific objections or issues raised during the testimony. You should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

---

[37] Adapted from Ninth Cir. Model Civil Instr. 2.4 to instruct jury on nature of 30(b)(6) testimony

JOINT AND CONTESTED PROPOSED
JURY INSTRUCTIONS
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

**[Disputed] [In-Trial Instruction] Expert Work on Multiple Cases**

Plaintiff's Proposed Instruction:

You have heard an expert or experts testify as to the amount of money they have been paid for their work in this litigation. It is important for you to know that this trial is part of a larger Multi-District Litigation (MDL) proceeding. An MDL involves a number of similar cases filed in different parts of the country. All of the similar cases are consolidated and transferred to one judge for handling. These cases were consolidated for purposes of the MDL for reasons of efficiency only because they share certain facts in common, including some common expert witnesses.

Uber's Proposed Instruction (changes from Plaintiff's instruction indicated in ~~strike-through~~ and red):

You have heard an expert or experts testify as to the amount of money they have been paid for their work in this litigation. Experts may testify across other cases, whether of a similar nature or not, which might contribute to their overall fees. ~~It is important for you to know that this trial is part of a larger Multi-District Litigation (MDL) proceeding. An MDL involves a number of similar cases filed in different parts of the country. All of the similar cases are consolidated and transferred to one judge for handling. These cases were consolidated for purposes of the MDL for reasons of efficiency only because they share certain facts in common, including some common expert witnesses.~~

**Plaintiff's Position**:

Plaintiff's proposed instruction reflects what the Court gave in *Dean*. It is necessary to ensure that the jury is not given a misleading impression that an expert (specifically Dr. Valliere) was paid an inordinate amount relative to the value of the single case at issue. This is only more of a problem in a case, like this one, involving relatively lower compensatory damages than were at issue in *Dean*. Uber's proposal is insufficient: it tells the jury only that experts "may testify" in other cases, which "might contribute to their overall fees." In reality, Dr. Valliere *did* testify in other cases (and *will* testify in more), which *did* contribute to her overall fees.

If Uber does not want the jury to know that there are many similar cases pending, the solution is simple: do not ask Dr. Valliere how many hours she has worked or what she has been paid. If the door is not opened, this instruction is unnecessary.

**Uber's Position**:

Plaintiff's proposed instruction improperly references other litigations against Uber and should be rejected. It is well-established that "references to other litigations risk danger of unfair prejudice, confusion of the issues, and misleading the jury." *SPEX Techs., Inc. v. W. Digital Corp.*, No. 8:16-CV-01799-JVS (AGRX), 2024 WL 5379305, at *1 (C.D. Cal. Oct. 7, 2024); *see also BackGrid USA, Inc. v. Source Digital, Inc.*, No. 2:22-CV-06176-HDV (SKX), 2024 WL 3001344, at *1 (C.D. Cal. May 3, 2024) ("It is well-settled that alluding to a plaintiff's prior litigation actions is generally irrelevant and prejudicial under Federal Rule of Evidence 402."); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. CIV.A.05-CV-1887 DMC, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (references to "prior and/or collateral litigations are likely to result in unfair prejudice, confusion and undue delay will result"). As these and other courts have recognized, such references "tend to encourage a verdict in their favor based merely on the fact that [Uber] has been named as a defendant in other lawsuits." *Hubbell v. State Farm Fire & Cas. Co.*, No. 21-CV-0341-CVE-JFJ, 2022 WL 3050020, at *8 (N.D. Okla. Aug. 2, 2022) (prohibiting references to other litigation unless necessary to assess experts' experience or bias).

Uber's proposed instruction strikes the right balance between informing the jury that an expert's fees may be high because they are testifying in other cases and improperly informing jurors that similar allegations have been made against Uber in other cases. It supplies Plaintiff all she needs to defend Dr. Valliere's hours worked or payments received, without unnecessarily highlighting the multiple cases pending against Uber. As a result, Uber requests that its proposed instruction be given.