# EXHIBIT 1

LAURA VARTAIN HORN (SBN: 258485)
    laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (admitted *Pro Hac Vice*)
    allison.brown@kirkland.com
JESSICA DAVIDSON (admitted *Pro Hac Vice*)
    jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC
*[Additional Counsel Listed on Following Pages]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S MOTION FOR SANCTIONS AGAINST BRET STANLEY** |
| This Document Relates to: | |
| ALL ACTIONS | Judge:      Hon. Lisa J. Cisneros |
| | Courtroom:  G-15th Floor |
| | Date:       January 13, 2026 |
| | Time:       10:30 a.m. |

1

## NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST BRET STANLEY

## TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on January 13, 2026 at 10:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Lisa J. Cisneros, in Courtroom G, on the 15th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants") will and hereby do move the Court for an Order sanctioning Bret Stanley pursuant to Federal Rule of Civil Procedure 37(b) based on Bret Stanley's new violation of the stipulated Protective Order (ECF 176) by using MDL Confidential Information to litigate a non-MDL vehicle crash case, styled *Smith v. Uber Technologies, et al*. Specifically, Defendants request entry of an Order: (a) finding that Mr. Stanley violated the Protective Order; (b) ordering the Plaintiffs' Steering Committee ("PSC) to revoke Mr. Stanley's access to its MDL document repository; (c) prohibiting Mr. Stanley from accessing the MDL repository, except permitting him direct access to his client-specific documents; (d) recommending that the District Court order Mr. Stanley's removal from the PSC; and (e) awarding Defendants their reasonable attorneys' fees and costs incurred as a result of Mr. Stanley's violation of the Protective Order by improperly searching and using MDL documents in *Smith v. Uber Technologies, et al*., including Defendants' fees and costs for bringing this Motion. Defendants request all such other and further relief this Court deems just and proper.[1]

The Motion for Sanctions (the "Motion") is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying supporting Declarations of Veronica Hayes Gromada and Greg Brown, the pleadings and papers on file herein, any Reply that may be filed in support of this Motion, and any other arguments or evidence that may be presented to the Court in support of this Motion.

---

[1] While this Motion seeks enforcement of an Order entered by Judge Charles R. Breyer [ECF 176], Defendants have noticed this Motion for hearing before Magistrate Judge Lisa J. Cisneros in light of Judge Breyer's prior referral to Judge Cisneros of Defendants' earlier motion seeking similar relief against Mr. Stanley pursuant to the Protective Order. ECF 3553.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

DATED: December 8, 2025

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN HORN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY & BACON L.L.P.**
ALYCIA A. DEGEN
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

3
DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

**TABLE OF CONTENTS**

**Page**

I.   Introduction and Summary of Argument.................................................................... 1

II.  Facts ........................................................................................................................... 2

    A.   In the MDL, Defendants produced a document unrelated to the Rides business—the VFB Analysis—and designated it Confidential under the Protective Order. ......... 2

    B.   Mr. Stanley searched the MDL discovery repository using the *Smith* Earner's UUID and used the VFB Analysis he found in that search to litigate *Smith*. ............... 2

III. Argument .................................................................................................................... 4

    A.   Mr. Stanley violated the Protective Order by searching the MDL discovery repository using the *Smith* Earner's UUID and by using the VFB Analysis to litigate *Smith*. .................................................................................................. 4

    B.   Mr. Stanley's latest violation of the Protective Order should be sanctioned under Federal Rule of Civil Procedure 37. .................................................................. 6

IV.  Conclusion ................................................................................................................. 9

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 511CV01846LHKPSG, 2014 WL 12596470 (N.D. Cal. Jan. 29, 2014) ...........................6

*Berster Techs., LLC v. Christmas*,
    No. CIV 2:11-CV-1541-KJM, 2011 WL 4710801 (E.D. Cal. Oct. 4, 2011)............................6

*David v. Hooker, Ltd.*,
    560 F.2d 412 (9th Cir. 1977) .................................................................................................8

*Evon v. L. Offs. of Sidney Mickell*,
    688 F.3d 1015 (9th Cir. 2012) ...............................................................................................9

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) .................................................................................................9

*Gonzales v. Charter Commc'ns, LLC*,
    No. 2:20-CV-08299-SB-AS, 2022 WL 570003 (C.D. Cal. Jan. 26, 2022) ..........................5, 6

*Gopher Media, LLC v. Spain*,
    No. 3:19-cv-02280-CAB-KSC, 2020 WL 6449193 (S.D. Cal. Nov. 3, 2020).........................8

*Grimes v. City & Cnty. of San Francisco*,
    951 F.2d 236 (9th Cir. 1991) ..........................................................................................6, 7, 8

*L.D. v. United Behavioral Health*,
    No. 4:20-cv-02254, Dkt. No. 518 (N.D. Cal. Oct. 7, 2025) (Gonzalez Rogers, J.)...................8

*Mahboob v. Educ. Credit Mgmt. Corp.*,
    No. 15-CV-0628-TWR-AGS, 2021 WL 818971 (S.D. Cal. Mar. 2, 2021), report
    and recommendation adopted, No. 15-CV-628 TWR (AGS), 2021 WL 7448532
    (S.D. Cal. Mar. 31, 2021).......................................................................................................5

*National Hockey League v. Metropolitan Hockey Club*,
    427 U.S. 639 (1976) (*per curiam*) ........................................................................................8

*On Command Video Corp. v. LodgeNet Ent. Corp.*,
    976 F. Supp. 917 (N.D. Cal. 1997) ........................................................................................4

*Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*,
    419 F.3d 794 (8th Cir. 2005) .................................................................................................7

*Silicon Genesis Corp. v. EV Grp. E. Thallner GmbH*,
    No. 22-CV-04986-JSC, 2023 WL 6882749 (N.D. Cal. Oct. 18, 2023)...................................5

ii

*Youngevity Int'l, Corp. v. Smith*,
    No. 16-CV-704-BTM-JLB, 2019 WL 1542300 (S.D. Cal. Apr. 9, 2019), *report
    and recommendation adopted*, 2019 WL 11274846 (S.D. Cal. May 28, 2019)........................6

**Other Authorities**

Fed. R. Civ. P. 16(f).................................................................................................................6

Fed. R. Civ. P. 26(c) ...............................................................................................................6

Fed. R. Civ. P. 37.........................................................................................................2, 6, 7, 8

Fed. R. Civ. P. 37(b)(2)........................................................................................................6, 8

Fed. R. Civ. P. 37(b)(2)(A) .....................................................................................................6

Fed. R. Civ. P. 37(b)(2)(A)(ii-vii)..........................................................................................6

Fed. R. Civ. P. 37(b)(2)(A)(vii) ..............................................................................................6

Fed. R. Civ. P. 37(b)(2)(C) .....................................................................................................8

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    Introduction and Summary of Argument

Bret Stanley once again violated the Protective Order by admittedly searching Plaintiffs' MDL discovery repository using the UUID of an Earner[2] involved in a non-MDL vehicle accident case (*Smith v. Uber Technologies, Inc., et al.*) where Mr. Stanley represents the plaintiff. Mr. Stanley then admittedly used the ill-gotten Confidential MDL document to litigate the *Smith* case. Worse, Mr. Stanley misunderstood this Confidential MDL document and—based on his misunderstanding—falsely accused Defendants' *Smith* counsel of concealing facts and making misrepresentations to the *Smith* court. Mr. Stanley is yet again using a Confidential MDL document to litigate his non-MDL cases–a clear violation of the Protective Order.

The Protective Order prohibits the use of Protected Material[3] for any purpose other than "prosecuting, defending, or attempting to settle [the MDL] or the [related JCCP] consolidated action…." ECF 176, ¶7.1.[4] As such, MDL Plaintiffs' counsel who are litigating cases unrelated to the MDL cannot *search* their extensive MDL discovery repository for documents that might help their non-MDL cases. Nor can MDL Plaintiffs' counsel *use* documents found in such an improper search to litigate their non-MDL cases. Indeed, this Court recently admonished MDL Plaintiffs' counsel—Mr. Stanley specifically—for this type of conduct and made clear that "discovery in this MDL is for this MDL…." ECF 4233-1 (August 12, 2025 Transcript) at 14:4.

This Court already found that Mr. Stanley violated the Protective Order by using Defendants' Confidential and Highly Confidential MDL documents to litigate unrelated cases and ordered him to take remedial measures. ECF 3708 (August 18, 2025 Order ("Enforcement Order")). Mr. Stanley then violated the Enforcement Order as detailed in Defendants' Motion for Sanctions. ECF 4233. Mr. Stanley's latest violation conclusively establishes that he cannot be trusted to abide by the Protective

---

[2] As addressed earlier in this litigation, a universally unique identifier ("UUID"), like a SSN or a credit card number, can be used to identify a specific individual. The "Earner" is the person making deliveries on the Uber Eats platform.

[3] Capitalized terms are defined in the Protective Order. ECF 176.

[4] The stated purpose of this Court's Protective Order is to provide confidential, proprietary, or private information "special protection from public disclosure and from use for any purpose other than prosecuting this litigation…." ECF 176, ¶1.

1

Order. Mr. Stanley has repeatedly abused his access to the MDL discovery repository. Defendants must therefore again request that this Court protect them from Mr. Stanley's continued violations and impose sanctions under Federal Rule of Civil Procedure 37.

## II.    Facts

### A.    In the MDL, Defendants produced a document unrelated to the Rides business—the VFB Analysis—and designated it Confidential under the Protective Order.

Defendants produced UBER_JCCP_MDL_003941399 (the "VFB Analysis") in this MDL and designated it Confidential[5] under the Protective Order. *See* Declaration of Veronica Hayes Gromada ("Gromada Dec."), Exhibit A, at ¶2. As a member of the PSC, Mr. Stanley has direct access to the MDL repository of more than 1.8 million documents, including the VFB Analysis. Exhibit A, Gromada Dec., at ¶2. The document is an analysis of Uber Eats deliveries in the United States and worldwide and is not related to trips on the Rideshare platform at issue in the MDL. *See* Declaration of Greg Brown ("Brown Dec."), Exhibit B, at ¶4. The VFB Analysis is properly designated Confidential as it falls into multiple categories the Protective Order defines as Confidential Information. Exhibit B, Brown Dec., at ¶¶4-5.

### B.    Mr. Stanley searched the MDL discovery repository using the *Smith* Earner's UUID and used the VFB Analysis he found in that search to litigate *Smith*.

As the plaintiff's counsel in *Smith*, Mr. Stanley propounded a request for production seeking "documents that indicate Uber's system flagged Joshua Aldana (UUID [XXXX[6]]) as making VERY FAST BIKE deliveries." Exhibit A, Gromada Dec. at ¶4 (RFP 70 in Plaintiff's Fifth Set of Requests for Production). Defendants did not produce documents in response to Mr. Stanley's "very fast bike" Request because the *Smith* Earner was never flagged as making "very fast bike" deliveries. Exhibit B, Brown Dec. at ¶6. Accordingly, no responsive documents exist. *Id*.

---

[5] Categories of Confidential information listed in Protective Order include: "proprietary business information," "confidential research, design, development, financial, business or commercial information," "personal information and any identifying information of any Non-Party," "non-public incident reports" and "any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or contract." ECF 176, ¶2.3.

[6] Defendants have omitted Mr. Aldana's UUID from this quotation because, as Mr. Stanley's actions here demonstrate, UUIDs should be treated as confidential information.

2

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

On November 13, 2025, Mr. Stanley claimed that he knew "very fast bike" flags existed for Mr. Aldana "based on documents related to Aldana's UUID." Exhibit A, Gromada Dec. at ¶5. Mr. Stanley also accused Defendants' *Smith* counsel of making "a substantial misrepresentation" to the *Smith* court:

> Importantly, RFP 70 was granted and Uber is to produce 'Very Fast Bike' flags related to Aldana. On the record you made a substantial misrepresentation that Uber has **no very fast bike flags for Aldana**. This is absolutely untrue based on documents related to Aldana's UUID. The Order granting RFP 70 allows me to trigger procedures in the MDL Protective Order to seek this production.

Exhibit A, Gromada Dec. at ¶5 (emphasis in original).

Following Mr. Stanley's accusations, Defendants' *Smith* counsel searched again and located no information supporting Mr. Stanley's accusation. Exhibit A, Gromada Dec. at ¶6. Accordingly, Defendants' *Smith* counsel asked Mr. Stanley to "identify the Aldana UUID documents mentioned in your November 13 email…by bates number…." Exhibit A, Gromada Dec. at ¶6.

Mr. Stanley responded to Defendants' *Smith* counsel that the document "**is from MDL 3084**…." Exhibit A, Gromada Dec. at ¶7 (emphasis added). Mr. Stanley suggested that attorneys who have access to the MDL repository "**could search MDL Database using Aldana's UUID and it will populate**."[7] Exhibit A, Gromada Dec. at ¶7 (emphasis added). Mr. Stanley claimed the VFB Analysis "indicates Very Fast Bike triggers" for the *Smith* Earner (Aldana) and was therefore responsive to RFP 70. *Id*. Mr. Stanley also continued to assert that "a false statement to the court was made" by Defendants' *Smith* counsel. *Id*. Mr. Stanley later provided the Bates number of the Confidential MDL document allegedly supporting his claims; the document is the VFB Analysis. Exhibit A, Gromada Dec. at ¶8.

Notably, the VFB Analysis is the same document that formed the basis of Mr. Stanley's October 16, 2025 confidentiality designation challenge in the MDL. Exhibit A, Gromada Dec. at ¶9. Mr. Stanley subsequently withdrew his challenge, with prejudice, on November 12, 2025, one day

---

[7] Notably, Mr. Stanley's co-counsel in another non-MDL case, *Lord v. Uber Technologies, Inc.*, which has been pending since February 2024, asked the driver defendant's counsel for the driver's UUID on November 4, 2025. Exhibit A, Gromada Dec., at fn 2.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

before his accusations against Defendants' *Smith* counsel. ECF 4366; Exhibit A, Gromada Dec. at ¶5.[8] Yet Mr. Stanley continued to use the VFB Analysis of Uber Eats trips he found in the MDL repository to litigate *Smith* without seeking permission from Defendants or this Court as required by the Protective Order and in direct defiance of this Court's admonishments in the Enforcement Order hearing. Exhibit A, Gromada Dec. at ¶¶3-8.[9]

## III. Argument

### A. Mr. Stanley violated the Protective Order by searching the MDL discovery repository using the *Smith* Earner's UUID and by using the VFB Analysis to litigate *Smith*.

This Court already recognized that using Confidential MDL documents to litigate non-MDL cases violates the Protective Order. ECF 3708. The Court's conclusion was based on the Protective Order's clear and plain language. The purpose of the Protective Order is to provide confidential, proprietary, or private information "special protection from public disclosure and from use for any purpose other than prosecuting this litigation…." ECF 176, ¶1. The Protective Order prohibits the use of Protected Material for any purpose other than "prosecuting, defending, or attempting to settle [the MDL] or the [related JCCP] consolidated action…." ECF 176, ¶7.1. Protected Material is material designated Confidential or Highly Confidential/Attorneys Eyes Only. ECF 176, ¶2.16.

As was the case with Mr. Stanley's previous violations, the Protective Order language unambiguously bars the use of material covered by the Protective Order to litigate unrelated cases. *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 923 (N.D. Cal. 1997) (finding the magistrate judge erred by failing to recommend a contempt finding because, where protective order

---

[8] Contrary to Mr. Stanley's supposition, the VFB Analysis does not indicate that Mr. Aldana was flagged for a VFB. Exhibit B, Brown Dec. at ¶6. Instead, the VFB Analysis included Mr. Aldana's UUID because the document includes, in pertinent part, Uber Eats Earners who were only approved for scooter, bike, or foot deliveries but were involved in an auto accident. Exhibit B, Brown Dec. at ¶6.

[9] Defendants conferred with Mr. Stanley in an attempt to resolve this dispute as required. Exhibit A, Gromada Dec. at ¶12. During the conferral, Mr. Stanley did not deny that he searched the MDL discovery repository using the *Smith* Earner's UUID and apparently does not believe this conduct violates the Protective Order because he did not disclose the VFB Analysis document. Exhibit A, Gromada Dec. at ¶12. Given Mr. Stanley's apparent view that searching the MDL discovery repository for non-MDL cases is not a violation, Defendants remain concerned that Mr. Stanley violated the Protective Order in still more cases.

4

prohibits all uses of confidential information except for "analysis of issues presented in this litigation," argument that the protective order "could reasonably be interpreted as permitting the filing of a completely *separate lawsuit* in state court strains credulity") (emphasis in original); *Gonzales v. Charter Commc'ns, LLC*, No. 2:20-CV-08299-SB-AS, 2022 WL 570003, at *4-5 (C.D. Cal. Jan. 26, 2022) (finding counsel's use of confidential policies to file another case violated protective order); *Mahboob v. Educ. Credit Mgmt. Corp.*, No. 15-CV-0628-TWR-AGS, 2021 WL 818971, at *3 (S.D. Cal. Mar. 2, 2021), report and recommendation adopted, No. 15-CV-628 TWR (AGS), 2021 WL 7448532 (S.D. Cal. Mar. 31, 2021); *Silicon Genesis Corp. v. EV Grp. E. Thallner GmbH*, No. 22-CV-04986-JSC, 2023 WL 6882749, at *3 (N.D. Cal. Oct. 18, 2023) (Corley, J.) (holding party in contempt for using information derived from a confidential document to file another case).

Mr. Stanley's recent actions in *Smith* violated the Protective Order in two ways. First, Mr. Stanley searched the MDL discovery repository—comprised almost entirely of Confidential and Highly Confidential documents—using the *Smith* Earner's UUID and for the purpose of litigating the *Smith* case. Mr. Stanley's search was plainly for a purpose other than "prosecuting, defending, or attempting to settle" the MDL and therefore violated the Protective Order. Second, Mr. Stanley used the VFB Analysis located through his improper search to litigate the *Smith* case. Thus, Mr. Stanley violated the Protective Order by using a Confidential MDL document for a purpose other than "prosecuting, defending, or attempting to settle" the MDL.

Notably, the Protective Order "cover[s] not only Protected Material" but also "any information copied or extracted from Protected Material" and any "conversations…by Parties or their Counsel that might reveal Protected Material." ECF 176, ¶3. Mr. Stanley is using information in the VFB Analysis to: (a) falsely claim Defendants' production in *Smith* is incomplete; and (b) falsely accuse Defendants' *Smith* counsel of making misrepresentations to the *Smith* court. Mr. Stanley's arguments and emails reveal the content of a Confidential MDL document—even though he is wildly misunderstanding and misrepresenting the content of the document.[10] Again, Mr. Stanley's use of the VFB Analysis to litigate *Smith* violates the Protective Order irrespective of whether he disclosed the entire document.

---

[10] The primary purpose of the Protective Order—as this Court has repeatedly noted—"was to deal with discovery in this case and to simplify the process and give assurances to parties involved that their

5

Mr. Stanley's actions are clear and egregious Protective Order violations.

**B.      Mr. Stanley's latest violation of the Protective Order should be sanctioned under Federal Rule of Civil Procedure 37.**

Rule 37 provides for enforcement of Rule 26(c) protective orders. *Apple, Inc. v. Samsung Elecs. Co.*, No. 511CV01846LHKPSG, 2014 WL 12596470, at *5 (N.D. Cal. Jan. 29, 2014) (The Ninth Circuit "has repeatedly held that Rule 37 'provides comprehensively for enforcement of all discovery orders, including Rule 26(c) protective orders.'"); *see also* Fed. R. Civ. P. 16(f) ("[I]f a party or its attorney...fails to obey a scheduling or other pre-trial order," "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii)[.]").

Rule 37(b)(2) allows the court to treat a protective order violation "as contempt of court" and "[a] court need not find bad faith before imposing sanctions for violations of Rule 37." Fed. R. Civ. P. 37(b)(2)(A)(vii); *see also Gonzales v. Charter Commc'ns, LLC*, No. 2:20-CV-08299-SB-AS, 2022 WL 570003, at *3 (C.D. Cal. Jan. 26, 2022) quoting *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009).

Here, sanctions are appropriate under the plain language of Rule 37(b)(2) to deter future violations and remedy contempt. This Court may also "issue further just orders" upon finding that Mr. Stanley violated the Protective Order. Rule 37(b)(2)(A). While Rule 37(b)(2)(A) lists possible remedies, that list is not exclusive. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ("Rule 37 is flexible: 'The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural.'" (citation omitted)); *Youngevity Int'l, Corp. v. Smith*, No. 16-CV-704-BTM-JLB, 2019 WL 1542300, at *6 (S.D. Cal. Apr. 9, 2019) (same), *report and recommendation adopted*, 2019 WL 11274846 (S.D. Cal. May 28, 2019); *Berster Techs., LLC v. Christmas*, No. CIV 2:11-CV-1541-KJM, 2011 WL 4710801, at *4 (E.D. Cal. Oct. 4, 2011) ("The sanctions contemplated in Rule 37 are not comprehensive ….").

---

information, their confidential information or highly confidential information would [not] be used for other purposes." ECF 4233-1 (August 15, 2025 Transcript) at 14:9-13. In addition to these purposes, allowing counsel to use the vast MDL discovery repository is practically problematic because those documents can be easily misconstrued—as occurred here—leading to unnecessary discovery disputes and false accusations.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

**1.    Mr. Stanley's access to Confidential MDL discovery should be restricted.**

Under Rule 37, this Court may fashion a remedy appropriate to the particular facts at issue. *See Grimes*, 951 F.2d at 241 (For purposes of Rule 37, the "'court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.'" (citation omitted)). The facts here are unique. The scope of MDL discovery is vast.[11] Thus, Defendants can be substantially and irreparably damaged by the misuse of Confidential MDL information. Indeed, Mr. Stanley's actions have already caused Defendants to incur substantial damages both in this MDL (for which Defendants sought reimbursement in part) and in non-MDL cases (for which Defendants have not sought reimbursement to date). Mr. Stanley has abused his position as a PSC member, with unfettered access to the MDL repository, to violate the Protective Order after already being admonished by this Court for using Confidential MDL discovery in non-MDL cases. And Mr. Stanley violated the Enforcement Order designed to remediate the damages from his previous violations. This situation is untenable and ongoing.

Mr. Stanley's blatant disregard for the Protective Order combined with the volume of Confidential MDL information produced by Defendants and accessible to Mr. Stanley as a PSC member, necessitates extraordinary relief here. Mr. Stanley should no longer have access to the PSC's MDL discovery repository containing Defendants' vast productions. Instead, like all MDL counsel other than the PSC, Mr. Stanley's access should be limited to documents specifically related to his clients' cases. Moreover, Mr. Stanley should be removed from the PSC. An attorney who has violated multiple Court orders should not be a PSC member. *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 807 (8th Cir. 2005) (affirming removal of an attorney from the PSC where he "failed to exercise due care regarding the handling of confidential documents" and stating "[t]his improper

---

[11] As this Court said: "The fact of the matter is that this discovery process involved Uber disclosing an immense amount of information in response to Plaintiffs' far reaching discovery requests and a lot of information that was confidential or proprietary or sensitive to the company had come into play as part of the discovery process, and the purpose of the protective order was to give [Defendants] some confidence and assurance that this information would not get released for purposes other than – or used for purposes other than advancing this MDL." ECF 4233-1 (August 15, 2025 Transcript) at 13:20-14:3. The VFB Analysis is precisely the type of information—wholly unrelated to any issue disputed in the MDL—that was produced only because of Plaintiffs' "far reaching" discovery requests.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

handling, and failure to even attempt to correct the problem, demonstrate that Moll is not qualified to perform the duties of a PSC member with the zeal and integrity this Court requires").

Restricting Mr. Stanley's access to Confidential MDL documents and removing him from the PSC are "necessary to hold the scales of justice even" here. *Grimes*, 951 F.2d at 241.

### 2. Defendants should be awarded the fees and costs incurred because of Mr. Stanley's most recent violation.

Finally, Defendants request that this Court order Mr. Stanley to pay the reasonable attorneys' fees they incurred as a result of Mr. Stanley's most recent violation. Rule 37(b)(2)(C) provides that the court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *see also Gopher Media, LLC v. Spain*, No. 3:19-cv-02280-CAB-KSC, 2020 WL 6449193, at *1 (S.D. Cal. Nov. 3, 2020); *L.D. v. United Behavioral Health,* No. 4:20-cv-02254, Dkt. No. 518, at 4 (N.D. Cal. Oct. 7, 2025) (Gonzalez Rogers, J.).

Except where the offender's conduct was "substantially justified," or an award of expenses is otherwise "unjust," Rule 37 sanctions are mandatory and must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction" and "to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976) (*per curiam*). The party against whom an award of expenses is sought for violation of a court order has the burden of showing that his failure to comply was "substantially justified." *David v. Hooker, Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977); Fed. R. Civ. P. 37(b)(2), 1970 Advisory Committee Notes.

Mr. Stanley's conduct in searching the MDL discovery repository using the UUID of the *Smith* Earner and then using the Confidential MDL document he located to litigate *Smith*—while falsely accusing Defendants' *Smith* counsel of making misrepresentations to the court—is entirely unjustified. Therefore, an award of the attorneys' fees caused by Mr. Stanley's violations is required even if Mr. Stanley's actions were "not willful or malicious." *L.D.*, No. 4:20-cv-02254, Dkt. No. 518, at 4

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

(Gonzalez Rogers, J.) (tentative order made final on October 15, 2025 Order (ECF 521)). To be sure, Mr. Stanley's actions demonstrate both willfulness and bad faith. *See Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (to establish a willful violation of a court order, "it is enough that a party acted deliberately"); *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) ("[B]ad faith…includes a broad range of willful improper conduct," such as "'hampering enforcement of a court order'" or attempting to "gain an advantage in [another] case[.]" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). Defendants therefore seek leave to submit a fee petition.

## IV.     Conclusion

This Court was clear: "The purpose of the Protective Order was to give [Defendants] some confidence and assurance that this information would not get released for purposes other than – or used for purposes other than advancing this MDL." ECF 4233-1 (August 15, 2025 Transcript) at 13:25-14:3. Mr. Stanley has now repeatedly violated the Protective Order by searching the repository for, and using, Confidential MDL documents to litigate non-MDL cases. But this time, Mr. Stanley has taken it a step further. He is now misrepresenting the content of a Confidential MDL document to falsely claim Defendants failed to produce responsive documents in automobile litigation and accuse Defendants' *Smith* counsel of misrepresentations. Moreover, Mr. Stanley violated the Enforcement Order meant to address his first round of Protective Order violations. Unfortunately, this Court cannot stop all damages resulting from Mr. Stanley's violations. But this Court can mitigate the likelihood of future violations, in part, by denying Mr. Stanley access to the MDL repository, removing him from the PSC, and ordering him to pay Defendants' reasonable attorneys' fees incurred because of his most recent Protective Order violation.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-3084-CRB

DATED: December 8, 2025

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
        MICHAEL B. SHORTNACY

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN HORN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY & BACON L.L.P.**
ALYCIA A. DEGEN
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-3084-CRB