# EXHIBIT 12

| | |
|---|---|
| **From:** | Gromada, Veronica G. (SHB) |
| **To:** | Bret Stanley; Chris Cox |
| **Cc:** | Roopal Luhana; Rachel Abrams; Sarah London; Andrew Kaufman; Priest Johnson, Kimberly (SHB); Shortnacy, Michael (SHB); Kirk, Brittany E. (SHB) |
| **Subject:** | RE: Challenge to Confidential Designation Per Pretrial Order No. 4 |
| **Date:** | Tuesday, October 28, 2025 10:39:04 PM |
| **Attachments:** | image003.png |
| | image007.png |
| | image009.png |
| | image011.png |

[EXTERNAL]

Bret,

We do not agree with your characterization of the meet and confer.  In fact, we asked you to pull up the document to discuss specific information on the face of the document in detail.  Yet you would not agree that *any* of the business information contained in the document was confidential.  The Protective Order allows designation of, among other things, "proprietary business information," "confidential research," and "confidential...business or commercial information." Of course, the Protective Order does not attempt to list every conceivable document or type of information that falls into these categories. Therefore, the suggestion that the information is not properly designated because "analysis of information across global markets" and "methodology" are not specifically listed is specious.

Also, you made no proposal for us to take back to our client.  Specifically, you did not identify any particular information that you are seeking for purposes of a "redacted" version of the document. However, even if you had, the document is an excel spreadsheet with formulas analyzing various inputs of confidential business information. By nature, this is not a situation where producing a redacted version is appropriate or logical.

We consider this a frivolous challenge and have no choice but to move forward with briefing.

With such a fundamental difference of opinion as to the confidential nature of any of the information on the document, there does not appear to be a plausible resolution.  We need a court determination as to the confidential nature of the document to ensure its protection.

**From:** Bret Stanley <BStanley@johnsonlawgroup.com>
**Sent:** Tuesday, October 28, 2025 8:00 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Kirk, Brittany E. (SHB) <bkirk@shb.com>
**Subject:** RE: Challenge to Confidential Designation Per Pretrial Order No. 4

**EXTERNAL**

Ms. Gromada –

I agree that we met today, but there was very little spirit of conferral with the intention of compromise from the Uber Defendants.

I indeed identified Pretrial Order 4's requirements for a document to be marked as confidential, none of which apply to this document. The document does provide information from other countries, but Uber's reliance on "analysis of information across global markets" as foundation for the confidiality is not listed as one of the key identifiers of confidential information in PTO 4. An anonymized list of Uber users, some of which have an outside of U.S. designation, does not make this document confidential. PTO 4 does not categorize outside of U.S. designation of drivers as a tenant of confidentiality.

The document contains no "business information" related to Uber's financial projections or information related to "research, design, development, financial, business or commercial information."

Related to your claim that Uber's "Methodology" is exposed, the document merely lists the definition for "Very Fast Bike" and identifies the parameters that were used to pull the report.  It should be noted that your undefined term of "methodology" is also not listed in PTO 4's requirements for items that are confidential.

I noted to you and Uber's other lawyers on the conferral that under your definitions of "analysis" and "methodology," every document produced by Uber would be designated as confidential, and indeed every document produced by Uber _has_ been listed as confidential.

As you may recall, I asked if you would provide a redacted version of this document for me to review that may allow for the confidential designation to be removed.  In response, you stated, "that would be something [you] would have to take back to the client." Based on your response, you did not take this back to the client per my request or, if you did, the request was summarily denied.

Finally, as to whether I'm bringing this request in my leadership capacity on the PSC or individual capacity as a lawyer with filed cases, I have maintained that identification of the capacity that I bring this challenge on is not required in PTO 4. You have not identified any portions of PTO 4 that require this and you have not provided _any_ additional information as to why this is relevant.

Sincerely,

Bret Stanley



**Bret Stanley** | Senior Counsel

Johnson Law Group | 2925 Richmond Ave., Suite 1700 | Houston, Texas 77098
Toll Free (800) 230-7700 | Phone (713) 626-9336 | Fax (713) 583-9460
BStanley@johnsonlawgroup.com | www.johnsonlawgroup.com

The information contained in this email is confidential and/or privileged. This email is intended to be reviewed initially by the recipient or a representative of the recipient, you are hereby notified that any review, dissemination or copying of this email or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by telephone and return this email to the sender at the above address. Thank you.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Tuesday, October 28, 2025 7:08 PM
**To:** Bret Stanley <BStanley@johnsonlawgroup.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Kirk, Brittany E. (SHB) <bkirk@shb.com>
**Subject:** Challenge to Confidential Designation Per Pretrial Order No. 4

[EXTERNAL]

Bret,

This is to confirm that today you met and conferred with us on your challenge of Uber's designation of UBER_JCCP_MDL_003941399 as Confidential Material under the Protective Order.

During the conferral, we asked you to share the basis for your challenge.  In response you read out loud paragraph 2.3 of the Protective Order, indicating that you do not believe the document in question meets the threshold for protection under that provision. We pointed out, as an example of how the document clearly met the definition for Confidential protection under Para. 2.3, that the

document involves the analysis of business information across global markets.  We also pointed out— among other points about why the document is in fact confidential and is appropriately covered under the Protective Order—that Uber's methodology for its proprietary analysis is expressly set out in the document.  Despite this additional context, you said that you still disagreed with the confidential designation.  But you never provided a basis for your conclusory challenge, despite our request during the call.  We therefore did not come to any agreement as to this document.

Finally, during the conferral, we asked for the second time whether you were making this challenge on your own behalf or on behalf of the Plaintiffs' Steering Committee.  You responded that you do not believe this is a "relevant question." Since we are still unclear as to whose behalf you are making the challenge, we will continue to copy the PSC on all communications regarding this issue.

Thus, as discussed, in the next fourteen days Uber will be moving the court for a protective order to retain the confidentiality designation.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com



---

**From:** Bret Stanley <BStanley@johnsonlawgroup.com>
**Sent:** Tuesday, October 21, 2025 8:08 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Kirk, Brittany E. (SHB) <bkirk@shb.com>
**Subject:** Re: Challenge to Confidential Designation Per Pretrial Order No. 4

**EXTERNAL**

Thank you, Veronica.

Let's use the Oct. 28, 11am CT slot. Can your team provide the link?

My original email discusses why this document should not be confidential. If you have specific questions or responses to that email, please provide them.

I am bringing this challenge in connection to PTO 176. Whether this challenge is being brought in connection to my leadership position or individually is irrelevant.

Thanks.

Bret Stanley

Get Outlook for iOS

**Bret Stanley** | Senior Counsel

Johnson Law Group | 2925 Richmond Ave., Suite 1700 | Houston, Texas 77098
Toll Free (800) 230-7700 | Phone (713) 626-9336 | Fax (713) 583-9460
BStanley@johnsonlawgroup.com | www.johnsonlawgroup.com

003



The information contained in this email is confidential and/or privileged. This email is intended to be reviewed initially by the recipient or a representative of the recipient, you are hereby notified that any review, dissemination or copying of this email or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by telephone and return this email to the sender at the above address. Thank you.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Tuesday, October 21, 2025 5:56 PM
**To:** Bret Stanley <BStanley@johnsonlawgroup.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Kirk, Brittany E. (SHB) <bkirk@shb.com>
**Subject:** RE: Challenge to Confidential Designation Per Pretrial Order No. 4

[EXTERNAL]

Mr. Stanley,
We are writing in response to your email challenging Uber's confidential designation of UBER_JCCP_MDL_003941399, titled **"INA-4142 | Very Fast Bike VFB Logistic Flow List to Audit"**.  As you requested, we will prepare to meet and confer at a mutually agreeable time.  But to have a productive discussion, please explain the basis for your belief that the confidential designation was not proper.
Also advise whether you are bringing this challenge individually, or on behalf of the Plaintiffs' Steering Committee.
In the meantime, we are available to meet and confer **on Monday, October 27** between 2:30 p.m. and 4 p.m. CT or **Tuesday, October 28** before 11 a.m. CT.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com



---

**From:** Bret Stanley <BStanley@johnsonlawgroup.com>
**Sent:** Thursday, October 16, 2025 4:36 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Kirk, Brittany E. (SHB) <bkirk@shb.com>
**Subject:** Challenge to Confidential Designation Per Pretrial Order No. 4

**EXTERNAL**

Ms. Gromada and Counsel –

I'm writing to challenge the designation of UBER_JCCP_MDL_003941399 as Confidential by the Uber Defendants. Attached is the slip-sheet from the production of UBER_JCCP_MDL_003941399 that designates the underlying spreadsheet as confidential in its entirety.

004

Per Paragraph 2.3 of Pretrial Order 4 (ECF 176 at 2), "Confidential Information or Items" is defined as:

Any Discovery Material that the Producing Party believes in good faith contains:
- financial or business plans or projections;
- proprietary business information, or other confidential research, design, development, financial, business or commercial information;
- information regarding or relating to a Party's insurance program;
- personnel information;
- personal information about any Party to this lawsuit or employees (current or former) or board members (current or former) of any Party to this lawsuit;
- the personal information and any identifying information of any Non-Party;
- non-public incident reports;
- executive committee selection; and
- any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or contract.

The Spreadsheet produced as UBER_JCCP_MDL_003941399 does not qualify under the definition contained in Paragraph 2.3 of Pretrial Order 4.

Per Paragraph 6.2 of Pretrial Order 4 (ECF 176 at 11), the parties must attempt to resolve this challenge in good faith and must being the process by conferring directly within 14 days of the date of this Notice.

Please provide me dates of your availability to meet and confer on the confidentiality designation of this document no later than **October 30, 2025.**

If Counsel is unable to meet and confer by **October 30, 2025**, I will proceed with the Court's instructions for Judicial Intervention per Paragraph 6.3 of Pretrial Order 4 (ECF 176 at 11-12).

Sincerely,

Bret Stanley

 

**Bret Stanley** | Senior Counsel

Johnson Law Group | 2925 Richmond Ave., Suite 1700 | Houston, Texas 77098
Toll Free (800) 230-7700 | Phone (713) 626-9336 | Fax (713) 583-9460
BStanley@johnsonlawgroup.com | www.johnsonlawgroup.com

The information contained in this email is confidential and/or privileged. This email is intended to be reviewed initially by the recipient or a representative of the recipient, you are hereby notified that any review, dissemination or copying of this email or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by telephone and return this email to the sender at the above address. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.