**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>*G.M. v. Uber Technologies, Inc., et al.,* No. 3 :25-cv-09190-CRB<br><br>*M.J. v. Uber Technologies Inc., et al.*, No. 3 :25-cv-08088-CRB | Case No. 3:23-md-03084-CRB<br><br>**WLF PLAINTIFFS' RESPONSE TO ORDER REGARDING MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE [ECF 5454]**<br><br>Judge:        Hon. Charles R. Breyer<br><br>Courtroom:    6 – 17th Floor |

Comes now, the above captioned plaintiffs and their Counsel in Response to the Order Regarding Motion for Entry of an Order to Show Cause (ECF 5454). Plaintiffs G.M. and M.J. are not active parties to this litigation as their cases have been involuntarily dismissed upon Defendant's motion. *See* ECF Nos. 5325 and 5326. Defendants now seek to dismiss these cases with prejudice.

Counsel asks the Court to (1) deny dismissal with prejudice; and (2) permit Plaintiffs 30 days to address the ride receipt issues;

## I. BACKGROUND

Undersigned counsel submitted the receipt at issue on behalf of Plaintiff G.M. in compliance with

PTO #5, relying upon materials provided during the client's intake and maintained in the case file. On July 30, 2025, Uber filed its "Motion for Entry of (1) an Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not be Dismissed With Prejudice and (2) a Case Management Order Addressing Certain Plaintiffs Who Have Not Submitted Receipts" (ECF 3604).  This was the first time Uber shared any information with opposing counsels about how to identify potential fraud. In response, Wagstaff Law Firm put together an internal team to audit each receipt obtained from its clients. Counsel has since learned that the audit and verification of each ride receipt did not make it into the annotation system used by the litigation system.

As a result, at the time these cases were filed, the concerns about the receipts were not annotated and these potential concerns were missed. Counsel has since recognized this error and has reimplemented an entire system to avoid filing any cases that may have been flagged as potential fraud. After reviewing the concerns raised by Defendants, counsel attempted to contact G.M. and J.M by all available means on multiple occasions. *See* Luther Dec.

On March 20, 2026, G.M. reached our office via text. Counsel has not yet been able to speak with G.M. directly regarding the circumstances of the receipt creation and cannot currently provide a complete account of how the document was generated or incorporated into the case file. Counsel is actively investigating and will provide the Court with a fuller account once that investigation concludes.

## II. THE CONDUCT DOES NOT WARRANT DISMISSAL WITH PREJUDICE

The Court directed Plaintiffs to show cause why their claims should not be dismissed with prejudice, specifically addressing whether the conduct warrants dismissal "under the Court's inherent powers." Counsel respectfully submits that it does not.

Federal courts possess inherent power to manage their proceedings and to impose sanctions necessary to ensure compliance with their orders.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). This power includes the authority to dismiss an action, but its exercise must be proportionate to the

WLF PLAINTIFFS' RESPONSE TO ORDER REGARDING MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE [ECF 5454], CASE NO. 3:23-MD-03084-CRB

circumstances presented.  *See Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (inherent power sanctions must be exercised with restraint and discretion).

Dismissal without prejudice appropriately serves the Court's interests here. It vindicates the integrity of the Court's processes by making clear that a questionable receipt cannot serve as the basis for proceeding in this MDL. This removed these cases from the Court's docket, preserved the Court's ability to address any further issues as warranted, and left open the possibility that Plaintiffs may demonstrate a legitimate basis for her claims in a future proceeding, bearing the full burden of doing so.

Dismissal with prejudice would permanently extinguish Plaintiff's claims at a stage where the full facts remain unclear and where no court has made a finding of fraud attributable to Plaintiff personally. The Court need not reach that result to protect its processes or its docket.

### III. THE MALONE FACTORS DO NOT SUPPORT DISMISSAL WITH PREJUDICE

Under the five-factor framework of *Malone v. U.S. Postal Service*, the circumstances do not support dismissal with prejudice.  833 F.2d 128, 130 (9th Cir. 1987).

#### A. The Court's Docket and Prejudice to Defendants

Counsel acknowledges the Court's responsibility to manage its docket efficiently. The dismissals without prejudice fully address any docket concerns by removing these cases from the MDL. Uber identified the irregularities through its existing review process, and its position in this litigation is not compromised by permitting Plaintiff to pursue her claims, if at all, through a new action where she bears the burden of establishing their legitimacy from the outset.

#### B. Public Policy Favors Disposition on the Merits

The Ninth Circuit has consistently recognized that "public policy favors disposition of cases on their merits." *Malone*, 833 F.2d at 130.  This principle weighs against the permanent bar of dismissal with prejudice, as the Court can adequately protect its processes through a less drastic remedy.

#### C. Willfulness

There is no evidence that Plaintiff G.M. or M.J. personally or willfully submitted fraudulent receipts. The circumstances surrounding the receipt's creation remain under active investigation by undersigned counsel.

## IV. CONCLUSION

The deficiencies in the receipt do not require the permanent death of Plaintiff's claims. The appropriate use of the Court's inherent power is to allow these cases to remain dismissed without prejudice. This is a remedy that protects the Court's integrity, removes these cases from the MDL docket, and preserves proportionality.

Dated: March 30, 2026                              Respectfully submitted,

                                                   /s/ *Sommer D. Luther*
                                                   **WAGSTAFF LAW FIRM**
                                                   Sommer D. Luther, CO 35053
                                                   940 Lincoln Street
                                                   Denver, CO 80203
                                                   Tel: (303) 376-6360
                                                   Fax: (303) 376-6361
                                                   sluther@wagstafflawfirm.com
                                                   *Attorney for Plaintiffs G.M. and M.J.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  March 30, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

WLF PLAINTIFFS' RESPONSE TO ORDER REGARDING MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE [ECF 5454],
CASE NO. 3:23-MD-03084-CRB