William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Plaintiffs Jane Doe LS 333
and Jane Doe LS 397*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR FINDINGS OF CONTEMPT & TO ENFORCE PRIOR COURT ORDERS** |
| *Jane Doe LS 333 v. Uber Technologies, Inc., et al., No. 3:23-cv-05930-CRB* | |
| *Jane Doe LS 397 v. Uber Technologies, Inc., et al., No. 3:24-cv-05864-CRB* | Judge: Honorable Charles R. Breyer |
| | Date: May 8, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

## I.    INTRODUCTION

Uber's motion seeks a contempt order and ongoing monetary sanctions against Jane Doe LS 333 and 397, whose cases were dismissed with prejudice by the Court. The motion is based upon the failure of Jane Doe LS 333 and 397 to appear for their depositions and the failure to produce certain documents. These two clients had previously informed us that they did not have any such documents. We have so informed Uber counsel. With respect to their depositions, Jane Doe LS 397 has been completely unresponsive, and Jane Doe LS 333 was briefly responsive though inconsistently.

At its core, Uber argues that these Plaintiffs have not provided the documents they deem necessary to take the deposition. However, both Plaintiffs have consistently stated that no documents exist. Simply put, these Plaintiffs cannot produce something that does not exist. A finding of contempt and accruing monetary sanctions for not producing documents that do not exist does not comport with the underlying jurisprudence.

Additionally, the nature of the testimony Uber seeks to elicit is not routine civil discovery. Uber has made clear that its intended questioning centers on alleged fraudulent conduct that could expose these individuals to potential criminal liability. Under such circumstances, decisions regarding testimony which implicate constitutional protections, including the Fifth Amendment, would require the advice of competent criminal counsel. Civil counsel, operating under California Rules of Professional Conduct Rule 1.1, cannot provide such guidance. The issue is not whether these individuals may ultimately be required to appear, but whether their failure to do so under these circumstances—without the benefit of criminal counsel in the face of potential self-incrimination— can be deemed willful for purposes of contempt.

Further, the procedural posture of the case is atypical in that both individuals' cases have been dismissed with prejudice, and they are no longer active participants in this litigation.[1] As a result, these Plaintiffs are no longer parties to the civil litigation. Bokaie Decl. at ¶ 3. Accordingly,

---

[1] See ECF 5216, dismissing Jane Doe LS 333 and 397's cases with prejudice. We note the language referencing a finding of civil contempt came in subsequent orders 5217 and 5218.

CASE NO. 3:23-MD-03084-CRB          PLAINTIFFS' OPPOSITION TO UBER'S MOTION FOR FINDINGS OF
CONTEMPT & TO ENFORCE PRIOR COURT ORDERS

any testimony concerning alleged fraud would be uniquely personal, and irrelevant to the remaining Plaintiffs in this litigation.

Our firm has been unable to maintain consistent contact with these Plaintiffs despite repeated, good-faith efforts to communicate the Court's orders and facilitate compliance. Bokaie Decl. at ¶ 4. The Court has already issued what is effectively terminating sanctions against these Plaintiffs for their conduct. As such, the monetary sanctions Uber requests will not deter these Plaintiffs' future noncompliance or coerce compliance with the Court's order.

## II.     LEGAL ARGUMENT

Civil contempt consists of a party's disobedience to "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 289 F.R.D. 548, 552 (N.D. Cal. 2013).

### A.     Given the Nature of Uber's Allegations of Fraud, We Believe That Criminal Counsel is Necessary to Protect the Interests of These Plaintiffs In a Deposition.

To the extent contact can be reestablished and a deposition scheduled, the content of the depositions at this stage of the litigation present criminal complications. Bokaie Decl. at ¶ 5.  Uber has indicated it intends to question these individuals regarding alleged fraudulent conduct, including whether and how such conduct occurred. Indeed, Rule 1.1(a) of the California Rules of Professional Conduct states, "a lawyer shall not intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence." Further, Rule 1.1(b) states, "for purposes of this rule 'competence' in any legal service shall mean to apply the 'learning and skill', and 'mental, emotional, and physical ability reasonably necessary for the performance of such service."

Here, in our capacity as civil tort lawyers, we do not have the requisite competency to meaningfully advise our clients on what is essentially a criminal matter because none of the attorneys at the firm have experience in criminal cases. Bokaie Decl. at ¶ 6. While we understand generally that there are ways in which criminal lawyers address circumstances where questioning under oath might trigger criminal exposure. We cannot determine whether it is beneficial for our client to assert her fifth amendment rights, or to answer any particular question. We were engaged to represent these clients in their tort claim, which has now been dismissed with prejudice. From

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

this juncture forward, particularly where there is no longer a tort claim, these clients would be better served by seeking the advice of an actual criminal lawyer on the issue of fraudulent conduct.

Moreover, from a practical perspective, it is unclear what Uber seeks to gain from these two Plaintiffs, whose cases have been dismissed with prejudice, other than seeking information that could lead to some kind of criminal action against these individuals. Any testimony regarding whether they committed the alleged fraud, how they committed the alleged fraud, and why they committed the alleged fraud is unique to each individual and has no bearing on the rest of the litigation or Plaintiffs therein. As such, other than trying to get in contact with these clients to help facilitate the client finding appropriate counsel, and beyond working with Uber counsel with respect to the mechanics of scheduling the deposition, we should not be representing them in this context.

### B. We Have Not Had Consistent Contact with These Plaintiffs To Ensure Compliance.

As Mr. Levin stated in his declaration on February 25, 2026, as of that date, "our firm has attempted to discuss the Court's February 10, 2026 order with Jane Doe LS 333 and Jane Doe LS 397 to ensure compliance. However, neither client has responded to any outreach efforts. As such, we have not been able to obtain a declaration from either Plaintiff with respect to any documents, nor have we been able to confirm that either Plaintiff will appear for a deposition." ECF 5303-1.

We also likewise did not have regular contact with either individual between the Court's November 19, 2025 order and the February 10, 2026 dismissal of these Plaintiffs' cases. With respect to Jane Doe LS 397, we have been unable to reach her despite repeated outreach efforts. Prior communications indicated she did not possess responsive documents. Bokaie Decl. at ¶ 7. With respect to Jane Doe LS 333, prior communications similarly indicated an absence of any responsive documents. We did not have contact with the client prior to the deadline enumerated in ECF 5217 and we were unable to obtain a declaration. Bokaie Decl. at ¶ 8. We informed Uber's counsel that neither Plaintiff had responsive documents. Bokaie Decl. at ¶ 9. The limited contact we did have with Jane Doe LS 333 was not enough to ensure compliance. Bokaie Decl. at ¶ 10.

### C. The Severity of Uber's Proposed Sanctions Does Not Take Into Account The Termination of the Cases.

Uber' request for accumulating monetary sanctions is a severe penalty in light of the fact that

4

the case has already received a case terminating sanction for the conduct at issue. In discussing the appropriateness of its request, Uber cites to cases where the case at issue was still ongoing. For example, In *Lopez v, Lee*, the Court considered contempt sanctions in the context of a witness's failure to appear for a deposition in an ongoing criminal matter. No. 23-cv-3660, 2025 WL 3248759 (N.D. Cal. Nov. 21, 2022.). Similarly, in *Proofpoint*, the Court imposed monetary sanctions in an ongoing civil matter. *Proofpoint, Inc. v. Vade Secure*, No. 19-cv-4238 2020 WL 6591210 (N.D. Cal. Nov. 11, 2020.)

In each case above, the compelled discovery bore directly on the adjudication of active claim. Here, by contrast, there are no remaining claims involving these individuals. It is conceivable that Uber's request would yield compliance and act as a deterrent for future conduct if Uber was seeking the depositions or the documents in order to impeach the Plaintiff at a trial related to their underlying Uber claim. However, there is simply no testimony to impeach. The practical effect of granting Uber's order would only seek to compel testimony from Plaintiffs about potentially criminal conduct and to obtain a declaration affirming the fact that no documentation exists. As such, where there is no practical ability to compel compliance, particularly from former parties with whom our office has no reliable contact, accruing monetary sanctions would not achieve any coercive or compelling purpose.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Jane Doe LS 333 and 397 respectfully request that this Court deny Uber's motion for findings of contempt and to enforce prior Court orders.

Dated:  March 30, 2026

Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*

William A. Levin
Laurel L. Simes
Samira J. Bokaie
*Attorneys for Plaintiffs Jane Doe LS 333 and Jane Doe LS 397*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

5

CASE NO. 3:23-MD-03084-CRB      PLAINTIFFS' OPPOSITION TO UBER'S MOTION FOR FINDINGS OF CONTEMPT & TO ENFORCE PRIOR COURT ORDERS

**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ William A. Levin*
        William A. Levin

6