[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**OF NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF ALISON REMINICK, M.D.** |
| This Document Relates to: | Judge: Honorable Charles R. Breyer |
| *WHB 823 v. Uber Technologies., Inc.,* N.D. Cal. No. 3:24-cv-4900 W.D.N.C. No. 3:25-cv-00737 | Date:   April 2, 2026<br>Time:   2:00 P.M. PT<br>Ctrm.:  6-17th Floor |
| | **PROVISIONALLY FILED UNDER SEAL** |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823, | No. 3:25-cv-00737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

## I.    INTRODUCTION

As Plaintiff states in her opening brief, she moves the Court to exclude two related opinions of Defendant Uber Technologies, Inc.'s ("Uber") psychiatry expert Dr. Alison Reminick, which are: (1) Plaintiff is ███████████████ during the Uber Incident, and that (2) Plaintiff is ██ ███ because, as Dr. Remick asserts, "she is known to ███████████████████ ████████████████ *See* Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D., p. 2 ("Plaintiff's Motion").[1] These opinions are inadmissible and should be excluded because "Rule 702 renders inadmissible expert testimony on issues of witness credibility." *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013). The evaluation of a witness's credibility is "within *the jury's exclusive purview*." *U.S. v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1995)(emphasis added).

Uber's dressing them up as mere comments upon the totality of Plaintiff's medical records and this case's other evidence does not cure the opinions' defects. In fact, none of the flurry of parenthetical citations to non-binding unpublished opinions support Uber's position, and in fact, some find just the opposite. Plaintiff's motion to exclude the forgoing opinions should be granted.

## II.    AUTHORITIES AND ARGUMENT

Uber contends Dr. Reminick should be able to testify that Plaintiff is not a reliable historian, has a ███████████ and is ███████████ during the Uber incident because Dr. Reminick arrives at these opinions after her review of the "medical and litigation record." Uber's Opposition, p. 8. Uber further asserts that it is "well recognized that medical experts may offer opinions based on a review of available records, testimony, and the experts' own clinical assessment." citing *Walker v. DDR Corp.*, 2019 WL 3409724, at *6 (D.S.C. Jan. 4, 2019). In

---

[1] In her opening brief Plaintiff also moved to exclude Dr. Remick's opinions about the import of two psychological tests, the TSI-2 and DAPS, Plaintiff's psychological expert Dr. Heleya Rad administered to Plaintiff. This issue is, however, moot. Plaintiff will neither present Dr. Rad nor any of the disputed test results at trial, and as such, Uber "does not expect that Dr. Reminick will have any reason to offer opinions about them." Defendant's Opposition to Plaintiff's Motion to Exclude Expert Testimony of Alison Reminick, M.D ("Uber's Opposition"). In the event Dr. Reminick does attempt to offer such opinions, she is plainly not qualified to render them as she admits she had never heard of them before she read Dr. Rad's report. Plaintiff's Motion, Ex. 2, pp. 48:25-49:22.

*Walker*, however, the expert there was not opining about the veracity of the Plaintiff's testimony, but rather "Plaintiff's physical and psychological impairments and how those impairments impact her ability to engage in a 'gainful work activity.'" *Walker*, 2019 WL 3409724, at *6. Importantly, Dr. Reminick's diagnoses and medical opinions about Plaintiff in her original report make no mention of Plaintiff's credibility or veracity about Plaintiff's psychological symptoms or history, much less depends on them. *See* Exhibit 1 to Plaintiff's Motion, Report of Dr. Alison Reminick.

Indeed, *none* of the cases Uber cites in support of its opposition hold that an expert may attack a witness' credibility if based upon the "totality of the record". *See, e.g.*, *Leonard v. Denny*, 2020 WL 5039065, at *3 (E.D. Cal. Aug. 26, 2020), *report and recommendation adopted*, 2020 WL 5891389 (E.D. Cal. Oct. 5, 2020) (observing expert offered "to opine about plaintiff's diagnosis, medical care received while held at the Sutter County Jail, or any inaccuracies in the medical record."); *see also United States v. Boccone*, 556 F. App'x 215, 226 (4th Cir. 2014)(allowing expert to testify "that the entire course of treatment was outside the bounds of the accepted standard of care for pain management practice and for no legitimate medical purpose."); *see also Bouygues Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d 722 (E.D.N.C. 2007)(allowing testimony of expert who was opining on Defendant's "knowledge, … state of mind, motive or intent," and not merely seeking to attack the credibility of any of defendant's witnesses.).

Moreover, two of the cases Uber cites hold just the opposite of Uber's assertions. For example, in *Allen v. Barratt*, the Court specifically ruled that the expert there would "not be permitted to testify as to his belief regarding the *truthfulness* of Plaintiff's testimony." 2025 WL 1484736, at *7 (W.D. Wash. May 23, 2025)(emphasis in original). And in *Norman v. Leonard's Express, Inc.*, the Court ruled that the expert was:

> precluded from testifying, expressly or impliedly, that Norman is lying about or exaggerating her medical condition(s)—'alter[ing] details ... in the setting of litigation,' as she describes it in her report—***as is every other medical expert***.

2023 WL 3244002, at *5 (W.D. Va. May 4, 2023)(emphasis added).

PLAINTIFF'S REPLY
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

Thus, Dr. Reminick's broadsides against Plaintiff's ███████ and other credibility opinions are plainly inadmissible as set forth fully in Plaintiff's Motion. Likewise, Dr. Reminick's contention Plaintiff was ██████████████████████ is inadmissible. If for no other reason (in addition to the forgoing), Dr. Reminick plainly admits in her deposition she has no factual basis to make that contention:

Plaintiff's Motion, Ex. 2, p. 59:8-21 (emphasis added).

### III.    CONCLUSION

For the forgoing reasons Plaintiff's motion should be granted.

DATED: March 31, 2026

Respectfully Submitted,

By: */s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH & LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*


By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)


**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

Dated:  March 31, 2026

By:    */s/ Myles Shaw*

_____

Myles Shaw

PLAINTIFF'S REPLY
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737