[Submitting counsel below]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB |
| | Honorable Charles R. Breyer |
| This Document Relates to: | **PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL OPPOSITION TO DEFENDANTS' MOTION TO PERMIT EVIDENCE UNDER FRE 412 AND SUPPORTING EXHIBITS** |
| *WHB 823 v. Uber Technologies, Inc.,* N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Administrative Motion to File Under Seal her Opposition to Defendants' Motion to Permit Evidence under FRE 412 and exhibits filed in support of same.

Plaintiff respectfully requests the Court seal portions of her Opposition to Defendants' Motion to Permit Evidence under FRE 412 and exhibits filed in support of same.

## I.     BACKGROUND AND REQUESTED SEALING

The following portions of Plaintiff's Motions and attached exhibits are at issue:

| Exhibit | Description of Material to Be Sealed |
|---|---|
| Plaintiff's Opposition to Defendants' Motion to Permit Evidence Under FRE 412 | References to intimate aspects of Plaintiff's personal life |
| Exhibit A to Plaintiff's Opposition to Defendants' Motion to Permit Evidence Under FRE 412 | Document with the bates no. NCCIW-MD-000155 |
| Exhibit B to Plaintiff's Opposition to Defendants' Motion to Permit Evidence Under FRE 412 | Deposition transcript of third party J.S., containing references to intimate aspects of Plaintiff's personal life |
| Exhibit C to Plaintiff's Opposition to Defendants' Motion to Permit Evidence Under FRE 412 | Document with the bates no. VBHS-000008 |
| Exhibit D to Plaintiff's Opposition to Defendants' Motion to Permit Evidence Under FRE 412 | Deposition transcript of Plaintiff WHB 823 |
| Exhibit E to Plaintiff's Opposition to Defendants' Motion to Permit Evidence Under FRE 412 | Document with the bates no. CO-000039 |

## II.     LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. What constitutes a "'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

1

The Ninth Circuit has applied the compelling reasons standard to motions in limine. *Ctr. for Auto Safety*, 809 F.3d at 1099 (stating that "plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case" and should therefore be subject to the compelling reasons standard.).

**III.    PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO PERMIT EVIDENCE UNDER FRE 412 AND SUPPORTING EXHIBITS SHOULD BE SEALED**

The information that Plaintiff seeks to seal includes the names of a third party, information regarding the intimate aspects of Plaintiff's personal life, and the medical and mental health history of Plaintiff. *See* Cohn Decl. ¶¶ 2-7.

**A.    Failing to Seal the Records Would Harm Plaintiff and Third Parties**

First, Exhibit A to Plaintiff's Opposition that contains the name of a third party are sealable under the compelling reasons standard because they are personally identifiable information ("PII"). *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)). They are also "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed.").

Second, Plaintiff's Opposition and Exhibits A - E contain the intimate aspects of Plaintiff's personal life and should be sealed. *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights.").

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL OPPOSITION TO DEFENDANTS'
MOTION TO PERMIT EVIDENCE UNDER FRE 412
Case No. 23-md-03084-CRB

Third, Plaintiff's Opposition and Exhibits A - E contain information regarding medical and mental health history and should be sealed. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."). Courts routinely find that "individual privacy rights in… health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases).

The intimate aspects of Plaintiff's personal life and her medical and mental health history are inherently private and highly sensitive, and typify the types of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel. *See* Cohn Decl. ¶ 9; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted).

The significant privacy concerns of Plaintiff outweigh the public's minimal interest in knowing their identities or highly sensitive information, and warrant the sealing of this information.

**B.       Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of Plaintiff's Motions and the relevant exhibits, since describing the material Plaintiff seeks to seal is tantamount to revealing the details of its content. Plaintiff's request is narrowly tailored to seal only PII and highly sensitive personal information, while ensuring that the public retains access to the rest of the exhibits. *See id.*

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court order that the portions of Plaintiff's Motions and the exhibits listed above be maintained under seal.

Dated: March 31, 2026                          Respectfully submitted,

3

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL OPPOSITION TO DEFENDANTS'
MOTION TO PERMIT EVIDENCE UNDER FRE 412
Case No. 23-md-03084-CRB

By: /s/ Sarah R. London
    Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: /s/ Rachel B. Abrams
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
    Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

## FILER'S ATTESTATION

I, Roopal P. Luhana, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: March 31, 2026                    /s/ Roopal P. Luhana

                                         Roopal P. Luhana

4