[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc.,*<br>*N.D. Cal. No. 3:24-cv-04900*<br>*W.D.N.C. No. 3:25-cv-00737* | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DR. VERONIQUE VALLIERE**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor<br><br>Date Filed:  March 31, 2026<br>Trial Date:  April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823,<br><br>           Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>           Defendants. | CASE NO. 3:25-cv-00737<br><br>Judge:        Hon. Charles R. Breyer<br><br>Courtroom:    501 |

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") moved to partially exclude the opinions of Plaintiff's Expert Dr. Veronique Valliere. As set forth in Uber's motion, as well as its motion to exclude Dr. Valliere's testimony in connection with the *Dean* case, *see* ECF No. 4339, Uber objects to a number of Dr. Valliere's opinions because they fall outside her area of expertise and/or are not grounded in a reliable methodology. Plaintiff's opposition refers the Court to the arguments made in opposition to the motion to exclude Dr. Valliere in *Dean*, and Uber incorporates herein its reply in support of its motion in *Dean*. *See* ECF No. 4818.

In addition, given Plaintiff's recent decision to limit her claims to a narrow theory of vicarious liability premised on the assertion that Uber is a common carrier liable for the actions of drivers who use its platform, many of the opinions proffered by Dr. Valliere—including her opinions regarding Uber's corporate conduct and related safety evidence—are now irrelevant and do not "fit" the facts of Plaintiff's case. *See, e.g.*, *United States v. Prezioso*, 782 F. App'x 586, 588 (9th Cir. 2019) (affirming exclusion of expert whose intended testimony on accounting standards and duties had "no bearing" on the "specific facts of th[e] case"); *Bassilios v. City of Torrance*, No. CV 14-03059-AB (JEMx), 2016 WL 1253864, at *4 (C.D. Cal. Jan. 14, 2016) (excluding expert opinion and testimony which "is not relevant to any remaining issues"); *IceMOS Tech. Corp. v. Omron Corp.,* No. CV-17-02575-PHX-JAT, 2019 WL 5960069, at *19 (D. Ariz. Nov. 13, 2019) (excluding expert testimony since it "is irrelevant, and thus, not fit for this case"). Indeed, Plaintiff recently took the position in her Omnibus Motions In Limine that "[b]ecause Plaintiff's claim is based on Uber's non-delegable duty as a common carrier, the case does not turn on Uber's corporate conduct, safety practices, or general record as a transportation platform" and therefore such evidence "has no bearing on the questions the jury will be asked to resolve in this trial." ECF. No. 5523 at 1.[1]

In light of the narrowed case, Uber has requested that Plaintiff identify the specific opinions offered by Dr. Valliere that Plaintiff believes are still relevant and will seek to present at trial. *See* E-mail from C. Power to J. Boundas (Mar. 25, 2026, at 7:30PM ET) (Ex. 1). Yesterday, Plaintiff's counsel responded that

---

[1] In addition, if the Court's final summary judgment order adopts Plaintiff's theory that Uber is absolutely liable for any assault committed by a third-party driver, none of Dr. Valliere's opinions regarding Uber's knowledge, conduct, and safety measures will have any bearing on the issues to be resolved at trial.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PARTIALLY
EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DR. VERONIQUE VALLIERE
Case No. 3.23-md-03084-CRB (LJC)

they intended to "provide [Uber] with an update on the scope of Dr. Valliere's testimony a few days before she takes the stand." E-mail from S. Brahmbhatt to C. Power (Mar. 30, 2026, at 12:27PM ET) (Ex. 1). When Uber followed up with a request that Plaintiff provide her position regarding the scope of Dr. Valliere's testimony prior to the filing of this reply brief, E-mail from C. Power to S. Brahmbhatt (Mar. 30, 2026, at 11:55AM ET) (Ex. 2), Plaintiff's counsel stated only: "We do not have additional information to provide to you regarding the scope of Dr. Valliere's testimony at this time. As previously stated, the scope will be tailored to reflect the narrowing of the case," E-mail from S. Brahmbhatt to C. Power (Mar. 30, 2026, at 3:33PM ET) (Ex. 2).

Uber respectfully requests that, even if the Court is not inclined to grant Uber's motion to exclude Dr. Valliere's testimony based on the qualifications and reliability arguments set forth in Uber's opening brief, and previously in the *Dean* case, the Court should, at the very least: (1) require Plaintiff to timely provide a proffer of the opinions Dr. Valliere intends to offer at trial given the now-narrowed scope of Plaintiff's claims; and (2) allow Uber a full and fair opportunity to submit a trial brief objecting to the admissibility of those opinions on relevance grounds specific to this case.

DATED: March 31, 2026                    Respectfully submitted,


                                         */s/ Laura Vartain Horn*
                                         Laura Vartain Horn (SBN 258485)
                                         **KIRKLAND & ELLIS LLP**
                                         555 California Street, Suite 2700
                                         San Francisco, CA 94104
                                         Telephone: (415) 439-1625
                                         laura.vartain@kirkland.com

                                         Allison M. Brown (Admitted *Pro Hac Vice*)
                                         **KIRKLAND & ELLIS LLP**
                                         2005 Market Street, Suite 1000
                                         Philadelphia, PA 19103
                                         Telephone: (215) 268-5000
                                         alli.brown@kirkland.com

                                         Jessica Davidson (Admitted *Pro Hac Vice*)
                                         **KIRKLAND & ELLIS LLP**
                                         601 Lexington Avenue

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PARTIALLY
EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DR. VERONIQUE VALLIERE
Case No. 3.23-md-03084-CRB (LJC)

New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PARTIALLY
EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DR. VERONIQUE VALLIERE
Case No. 3.23-md-03084-CRB (LJC)