[Submitting Counsel below]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB |
| This Document Relates to: | **MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS:** |
| *WHB 823 v. Uber Techs., Inc.*, et al. N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | **DR. HELEYA RAD** |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823, | No. 3:25-cv-00737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

## I.    INTRODUCTION

Dr. Heleya Rad is an expert retained by Plaintiff. In mid-2025, Dr. Rad conducted a psychological evaluation of Plaintiff's emotional and psychological functioning and provided an opinion as to further treatment. *See* Rad Rpt. (attached as Exhibit A) at 1, 13. That report, however, is no longer relevant to the claim and defenses in this case. Plaintiff has since limited her claims to vicarious liability (common carrier) and her damages to garden variety emotional distress. She is not asserting that the incident caused any diagnosable psychiatric or medical condition. Accordingly, Dr. Rad's testimony, which focuses on an in-depth clinical interview that delved into Plaintiff's developmental, family, and social history (including ███████████████ ███████████████████████████████████████████████████ ████████), to assess Plaintiff's need for treatment, is irrelevant to this case. *See* Rad Rpt. at 2-12; Rad Deposition Tr. (attached as Exhibit B). On March 5, 2025, Plaintiff advised Uber that she was withdrawing Dr. Rad as an expert.

Notwithstanding the irrelevance of Dr. Rad's testimony to the now narrowed claim and defenses, on March 9, 2025, Uber designated Dr. Rad as an expert that it would likely call at trial by deposition designation. *See* ECF 5462. Plaintiff requested clarity from Uber regarding intended designations and were told only that Uber would play designations "within the discretion of the Court." To date, no designations have been provided. But the gamesmanship here is clear. Uber seeks to use Plaintiff's withdrawn expert, Dr. Rad, as a vehicle to introduce and bolster (as "opinion" testimony) irrelevant and highly prejudicial facts regarding Plaintiff's ███████████ ████████████. This is improper. The Court should strike Dr. Rad from Uber's witness list.

## II.    ARGUMENT

Fed. R. Civ. 32(a)(B)(1) provides that a party may use a deposition at trial only to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying. Under Fed. R. Evid. 401, 402 and 403, only relevant evidence is admissible at trial and, even then, it may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Here, Dr. Rad's testimony is not relevant to any issue at trial. Moreover, the manner in which Uber seeks to present the testimony, and the inflammatory nature of the underlying information itself, is such that any limited probative value is far outweighed by the unfair prejudice. Uber should not be permitted to use Dr. Rad's deposition testimony at trial.

### A.    Dr. Rad's testimony is irrelevant.

Dr. Rad's testimony pertains to Plaintiff's ███████████ history, and recommendations regarding ██████████████████████████ ████████████████. *See* Rad Rpt. at 13. None of this is relevant at trial because Plaintiff has limited her damages to garden variety emotional distress. Neither Plaintiff's history, treatment recommendations, nor expert testimony is required for the asserted damages.[1] *See G.D. ex rel. S.G. v. Kannapolis City Schs. Bd. of Educ.*, 2024 WL2832779, at *1 (M.D.N.C. June 4, 2024) (concluding that "[e]xpert testimony is not necessary for a jury to conclude that a physical sexual assault … would result in injury, such as emotional pain and mental suffering..."); North Carolina Pattern Jury Charge, N.C.P.I.-Civil. 810.08 (directing the jury to apply "logic and common sense" in assessing mental suffering damages: "There is no fixed formula for placing a value on physical pain and mental suffering. You will determine what is fair compensation by applying logic and common sense to the evidence"); *see also Mateti v. Activus Fin., LLC*, 2010 WL 11692306, at *4 (D. Md. Apr. 22, 2010) (noting that garden variety emotional distress is "something ordinary individuals understand; therefore, expert testimony is not required. A trier of fact ... does not need help understanding the ordinary grief, anxiety, anger, and frustration that any person feels when something bad occurs. Most triers of fact are already experts in that. Therefore, a defendant would not need to offer expert testimony on this kind of emotional distress") (citation and quotations omitted).

This case concerns a single assault arising from a discrete incident that happened in an Uber one night, and the ordinary emotional consequences flowing from it. Plaintiff is not seeking

---

[1] Plaintiff incorporates by reference the arguments raised in her Motion in Limine No. 8 (to exclude argument or evidence regarding irrelevant and unduly prejudicial aspects of Plaintiff's personal life), *see* ECF 5523, and her opposition to Uber's Motion to Permit Evidence Under Fed. R. Evid. 412, *see* ECF 5700-3.

damages for some complex psychiatric diagnoses requiring apportionment across multiple life events. A person can experience prior harms, traumas and hardships and still have emotional distress damages stemming from such an incident; this certainly does not mean that her negative past life events – ██████████████████████████████████████████ ████████████████████████████ all become fair game, even if the opposing party questioned an expert witness about them in a deposition.

Notably, Dr. Rad's opinions in this case are limited to ██████████████ ███████████████████████████████. *See* Rad Rpt. at 12-13. But because there is no request to recoup the cost of mental health treatment (either past, current, or future), these opinions are wholly irrelevant and inadmissible. What remains – and what Uber truly wants to elicit – is not expert opinion at all but the introduction of the facts of Plaintiff's traumatic history. This is improper. An expert cannot be the mouthpiece for facts of which they have no personal knowledge. Under the precepts of Fed. R. Evid. 702, while an expert may testify as to facts that form the basis of their opinion, the ability to do so is inextricably tied to the opinion itself. Absent an admissible opinion, the underlying facts are inadmissible without personal knowledge. *See* Fed. R. Evid. 602; *see, e.g., Marvel Characters, Inc. v. Kirby,* 726 F.3d 119, 136 (2d Cir. 2013) (a party may not "call an expert simply as a conduit for introducing hearsay under the guise of that the testifying expert used the hearsay as a basis for his testimony…The appropriate way to adduce factual details of specific past events is, where possible through persons who witnessed those events").

**B.    Dr. Rad's testimony should be excluded under Fed. R. Evid. 403.**

Even if Uber could establish some marginal relevance (it cannot), Dr. Rad's testimony should still be excluded because the risk of harm and unfair prejudice is substantial and outweighs any probative value. *See* Fed. R. Evid. 403.

Uber's attempt to introduce evidence of Plaintiff's ██████████████████ ████████████████████████████ serve only to distract from the core issues at trial and advance a narrative intended to embarrass, demean, and attack Plaintiff's character. Dr. Rad's deposition (in which Uber spent the majority of its time cataloging virtually every negative experience in Plaintiff's life) cannot be used as a vehicle to turn inadmissible evidence admissible,

4

or as an excuse for Uber to dredge through Plaintiff's entire past just because it questioned Dr. Rad about these incidents.[2] Indeed, the evidence touches on polarizing social and cultural issues (███████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████████) that will trigger, whether intended or not, moral judgments and victim blaming. Any probative value is outweighed by this significant prejudice. *See, e.g., U.S. v. Kizer,* 569 F.2d 504, 506 (9th Cir. 1978) ("there is widespread recognition that ██████████ is an issue fraught with potential prejudice["); *U.S. v. Brown,* 2018 WL 1903121, at *3 (D. Nev. Apr. 19, 2018) (acknowledging "stigmas attached to any ████████ labeling"); *Spears v. Payman,* 2001 WL 420749, at *2 (W.D. Va. Jan. 26, 2001) (even if marginally relevant, evidence is excludable under Rule 403 as ████████████ is likely to arose strong feelings among jurors and distract them from the central task of deciding the issues [in the case]"); Fed. R. Evid. 412 Advisory Committee Notes (recognizing "the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details"). The attempt to introduce this evidence is particularly egregious where it has little to no legitimate purpose: Plaintiff is not asserting complex psychological injuries, expert-driven diagnoses, or apportionment of harm. Nor is there any basis to suggest that her emotional distress stemming from this incident must be ranked and compared with what has happened to her in the past.

Uber's attempt to present testimony from Plaintiff's expert is also cumulative. Uber has already designated its own expert, Dr. Alison Reminick, as a likely trial witness (live). To the extent permitted by the Court, Dr. Reminick – Uber's counterpart to Dr. Rad – has been designated to testify "consistent with her report, rebuttal report, and deposition concerning her evaluation of Plaintiff and Dr. Rad's evaluation of Plaintiff." ECF 5462 at 2. Thus, there is no need to also call Plaintiff's withdrawn expert. *See, e.g., In re Bard IVC Filters Prod. Liab. Litig.,* 2018 WL 11445967, at *2 (D. Ariz. Mar. 9, 2018) (noting that "before the deposition of any withdrawn expert may be used at trial, 'there should be some showing…that no other expert of similar qualifications

---

[2] As noted, Plaintiff has filed motions *in limine* to exclude evidence of the many irrelevant and highly prejudicial aspects of Plaintiff's past that Uber would like to admit, and it appears that one, if not the primary, vehicle it seeks to introduce this evidence is through Dr. Rad's deposition.

is available or that the unavailable expert has some unique testimony to contribute'") (citing *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536-537 (2d Cir. 1972)).

Indeed, should the Court deem some aspect of Plaintiff's history to be admissible, there are many other alternatives to how that information may be presented to the jury. Yet, Uber insists on the ***most*** prejudicial route – through Plaintiff's withdrawn expert. The harm is clear and significant. Expert testimony, on its own, carry "special weight with the jury" (*U.S. v. Freeman,* 498 F.3d 893, 903 (9th Cir. 2007)), such that hearing inflammatory facts from an expert will suggest undue deference should be applied. Uber then magnifies this harm by attempting to elicit the evidence from Plaintiff's own expert—a strategy designed to further confuse the jury on the weight of the evidence and to elicit unfair speculation as to why Plaintiff's expert was withdrawn.

Finally, there is no way for Uber to cogently designate the deposition testimony without giving the jury the impression that Plaintiff had originally retained Dr. Rad but had since withdrawn her testimony from trial. Courts in similar circumstances have found such evidence to be highly prejudicial and excludable. For example, in *In re Bard IVC Filters Products Liability Litig.,* the Court held that disclosing the fact that a party had withdrawn an expert was unfairly prejudicial as it could "lead[] the jury to speculate as to why the experts were withdrawn and, potentially, to conclude that Defendants or their counsel attempted to engage in dishonest or unethical behavior." 2018 WL 11445967, at *2 (D. Ariz. Mar. 9, 2018). Accordingly, in *Bard*, the proponent of the testimony was barred from disclosing to the jury, "through argument or deposition excerpts, that the experts originally were retained by Defendants." *Id*. (citing Fed. R. Evid. 403). While the same should apply here to the extent that the Court were to allow the deposition in some limited fashion, as shown above, exclusion of this fact alone does not address the core prejudice stemming from the introduction of Plaintiff's history through Dr. Rad.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Dr. Heleya Rad from Uber's trial witness list.

MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737

DATED:  March 30, 2026

Respectfully Submitted,

By: /s/ Sejal K. Brahmbhatt
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: /s/ Brett E. Dressler
Brett E. Dressler (NC Bar # 34516)
**SELLERS AYERS DORTCH &
LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

By: /s/ Sarah R. London
Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE**

MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737

**CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com


By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737