Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON, L.L.P.**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING DEPOSITIONS OF THREE PLAINTIFFS REFERENCED HEREIN** |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Judge:      Honorable Charles R. Breyer |
| | Courtroom:  6 – 17th Floor |

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS

Case No. 3:23-MD-3084-CRB

In its Motion for an Order to Show Cause, Uber provided evidence that the Plaintiffs at issue had submitted non-bona fide receipts. ECF 5483. Specifically, Uber demonstrated that two of these Plaintiffs submitted ride "receipts" that had been altered from bona fide receipts in Uber's system from other rides and non-party riders. *Id.* at 4-8. The third Plaintiff produced a ride receipt that was formatted in a way that is inconsistent with the formatting expected within bona-fide Uber ride receipts and included charges not applicable in the state where the ride allegedly took place. *Id.* at 8-9. Only one of these Plaintiffs has bothered to respond to Uber's Motion for an Order to Show Cause, and that Plaintiff has not denied the alleged fraud. ECF 5648. Instead, that Plaintiff's counsel argues that they recently received an unspecified text message from Plaintiff and mischaracterizes Uber's Motion as one seeking "immediate dismissal." *Id.* at 2. But Uber does not seek "immediate dismissal." Instead, Uber seeks an order to show cause why that Plaintiff should not be dismissed with prejudice. ECF 5483 at 2. Thus, Uber's Motion provides exactly what Plaintiff seeks, which is "a reasonable opportunity for Plaintiff to address the receipt issue, now that communication with Plaintiff has been reestablished." ECF 5648 at 2.

The submission of falsified discovery is grounds for an order to show cause why plaintiffs should not be dismissed with prejudice under Federal Rule of Civil Procedure 37. *Pro Seminar Consultants, Inc. v. Sina Am. Tech. Exch. Council, Inc.,* 727 F.2d 1470, 1474 (9th Cir. 1984). The nature of Plaintiffs' fraud, the prejudice to Uber, and the inadequacy of lesser remedies favor this result. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances. *See, e.g.*, *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders."); *IV Sols., Inc. v. Office Depot Emple. Welfare Ben. Plan*, No. 07-cv-1603, 2009 WL 10314274, at *10 (C.D. Cal. May 13, 2009); *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 1:15-cv-01435, 2017 WL 710571, at *9 (E.D. Cal. Feb. 21, 2017); *Garcia v. Berkshire Life Ins.*, 569 F.3d 1174, 1176 (10th Cir. 2009). Here, however, Uber seeks an order to show cause why Plaintiff should not be dismissed with prejudice.

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS

Case No. 3:23-MD-3084-CRB

Only one of the three Plaintiffs who is identified in Uber's Motion (the Plaintiff with MDL ID 4657, represented by the Wagstaff Law Firm) filed a response; the other two Plaintiffs (MDL IDs 4152 and 4190) did not oppose the Motion and therefore should be deemed to have consented to the relief Uber seeks. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Wagstaff's response follows the firm's prior attempt to withdraw as counsel at the eleventh hour (which was denied by this Court on March 6, 2026, *see* ECF 5446) without reference to the fraudulent nature of the Plaintiff's conduct. ECF 5648. And Uber has already shown that it has been prejudiced by being forced to expend resources defending a case based on a falsified document. *See IV Sols.*, 2009 WL 10314274, at *8. Wagstaff cites the public policy favoring disposition on the merits, ECF 5648 at 3, but that policy is overridden where, as here, Plaintiff's "past conduct obscures the merits of their claims." *IV Sols.*, 2009 WL 10314274, at *8. Wagstaff also asserts that there is "no evidence" that Plaintiff "personally or willfully submitted a fraudulent receipt," ECF 5648 at 4, but Uber submitted an (unrebutted) declaration from an expert establishing that the receipt is fraudulent, *see* ECF 5483-7, and the willfulness is clear— "it is well-settled that fabricating and submitting knowingly false evidence amounts to willful and bad faith conduct." *Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.,* No. 12-cv-6972, 2015 WL 12732433, at *23 (C.D. Cal. Dec. 14, 2015).

Finally, Wagstaff argues that ordering MDL ID 4657's deposition would be "premature" and "procedurally unfair" because her own attorney has not yet had the opportunity to discuss the matter with her. ECF 5648 at 4. But the requested deposition is highly relevant to Plaintiff's claims and the evidence of fraud therein, as well as to the issue of whether others are assisting her (and/or other Plaintiffs like her) in committing fraud on this Court. Rooting out conspiracies to commit fraud is in the interests of everyone in this litigation—including legitimate claimants. Fraud prejudices the rights of claimants who have complied with their discovery obligations and are not fraudulent; fraud also undermines those claimants' "full and meaningful access to the courts." *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 636 (S.D. Tex. 2005). Uber's requested relief imposes no burden that MDL ID 4657 has not agreed to undertake by choosing to file her complaint. *See Est. of Arroyo v. Cnty. of San Diego,* No. 21-cv-1956, 2025 WL 1914399, at *12 (S.D. Cal. April 14, 2025). Like Uber's prior

1

motions for orders to show cause why Plaintiffs should not be dismissed for submitting fraudulent receipts and requests for limited depositions to investigate such fraud on the Court, ECF 3876; ECF 3972; ECF 4440; ECF 5454, Uber's current motion should be granted.

## ARGUMENT

**I.    Plaintiffs with MDL IDs 4152 and 4190 have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.**

Reich & Binstock, LLP, representing the Plaintiff with MDL ID 4152, and Nachawati Law Group, representing the Plaintiff with MDL ID 4190, did not file responses in opposition to Uber's Motion. A "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F. Supp. 2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted under Rule 41. *Sotoodeh v. City of S. El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs failed to timely oppose Uber's Motion, the motion should be granted as to them.

**II.    Uber has demonstrated prejudice to Uber and burden to the Court from MDL ID 4657's submission of a fraudulent receipt.**

Wagstaff argues that the Court should grant it a continuance "to investigate and address the specific receipt at issue" and "deny dismissal with prejudice" which it says "will not materially burden" the Court. ECF 5648 at 1-2. It also claims that Uber cannot show additional prejudice from such a continuance. *Id.* at 2. But Uber is not requesting immediate dismissal with prejudice; rather, it seeks *an order to show cause*, which by its nature provides a meaningful opportunity for a Plaintiff to provide a response. *See* ECF 5454 (Court providing a 21-day deadline for Plaintiffs subject to Uber's fourth receipts motion—including Wagstaff's client—to "file a written response" that "*specifically address[es] the factual and legal basis for the submission of the non-bona fide receipts and why the conduct does not warrant dismissal* under the Court's inherent powers" (emphasis added)).

Uber's Motion demonstrated with supporting authority, including a forensic analysis, the burden on the Court and prejudice to Uber from MDL ID 4657's fraud. ECF 5483 at 11-13. The Ninth Circuit has recognized that a court's ability to manage is docket is harmed and the counterparty is

2

prejudiced where a party "has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958 (9th Cir. 2006) (citing *Anheuser-Busch, Inc. v Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). These deceptive practices include submitting "misleading and false declarations and fraudulent documents." *Indiezone, Inc. v. Rooke,* 720 F. App'x 333, 337 (9th Cir. 2017). Indeed, the Ninth Circuit has stated that "[w]hat is most critical for case-dispositive sanctions, regarding the risk of prejudice and of less drastic sanctions, is whether the discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. v. New Images of Beverly Hills,* 482 F.3d 1091, 1097 (9th Cir. 2007) ("There is no point to a lawsuit, if it merely applies law to lies." (internal quotations omitted)). That is exactly what has happened here—Plaintiff MDL ID 4567's submission of a fraudulent receipt makes it impossible to adjudicate her other allegations.

### III.    The public policy favoring disposition on the merits does not apply to fraudulent claims.

Wagstaff states that "public policy favors disposition of cases on their merits." ECF 5648 at 3. As an initial matter, Wagstaff again ignores that Uber is not seeking "immediate dismissal," but instead an order to show cause why Plaintiff's claims should not be dismissed. In any event, the policy favoring disposition on the merits does not control where "Plaintiffs' unlawful conduct likely will render it difficult or impossible to determine the merits of the case." *See IV Sols.,* 2009 WL 10314274, at *8; *see also U.S. ex rel. Berglund v. Boeing Co.,* 835 F. Supp. 2d 1020, 1053-54 (D. Or. 2011) (party's "continuing misconduct in this case has made impossible a fair resolution on the merits and outweighs" the policy favoring disposition on the merits). The preference for disposition on the merits is also "insufficient to outweigh" the other factors that favor dismissal. *Rodas v. McCullough,* No. 12-cv-2541, 2013 WL 3579894, at *2 (N.D. Cal. July 12, 2013). Ultimately, it is MDL ID 4657's own misconduct that has stalled the case and deprived the Court of the ability to fairly resolve this case on the merits. *See Brush v. Woodford,* No. 1:07-cv-1009, 2011 WL 5320999, at *6 (E.D. Cal. Nov. 1, 2011).

### IV.    Wagstaff's arguments regarding "lesser relief" also ignore that Uber is seeking an order to show cause at this stage.

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS

Case No. 3:23-MD-3084-CRB

Wagstaff argues for an order "to produce a bona fide receipt by a date certain or face dismissal," a requirement to "file a sworn declaration detailing the origin of the submitted receipt," or "a voluntary dismissal without prejudice." ECF 5648 at 3. Of course, like all Plaintiffs, MDL ID 4657 was already ordered to produce a bona fide receipt "within 14 days of the case being filed" under PTO 5. ECF 175 at 3. Moreover, Wagstaff again ignores that Uber is not seeking immediate dismissal with prejudice, but instead an order to show cause why Plaintiff's claims should not be dismissed with prejudice.

## V.    Wagstaff does not dispute the specific fraud cited in Uber's expert declaration.

Wagstaff argues that "there is currently no evidence provided or produced that [MDL ID 4657] personally or willfully submitted a fraudulent receipt." ECF 5648 at 4. But Uber's Motion provided forensic evidence, including an affidavit from FTI, that the receipt MDL ID 4657 submitted was an altered version of a real receipt associated with a different Uber account. ECF 5483 at 10-12; ECF 5483-7 at 5 ("I determined the file contained inconsistencies showing editing and changing of an Uber receipt filed had occurred."). Among other things, the receipt showed payment before the ride commenced (which is not expected within a bona-fide Uber receipt) and included a California-specific charge even though the ride allegedly took place in Tennessee. *Id.* ("I noted an inconsistent payment timestamp that occurred (2:04 pm) before the ride began (3:23 pm). I noted an inconsistent payment date notation containing a preceding zero '0'. I observed inconsistent fees for the state of Tennessee. Particularly, the 'Access for All Fee' and 'TN Driver Benefits' are consistent with a California Uber receipt and not Tennessee."). Wagstaff has not disputed these indicia of fraud. ECF 5648. And myriad cases have concluded that the submission of false evidence to a court is a willful act. *See, e.g., Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 805 (9th Cir. 1982); *SEC v. Blockvest, LLC,* No. 18-cv-2287, 2020 WL 2786869, at *9 (S.D. Cal. May 29, 2020); *Am. Rena Int'l Corp.,* 2015 WL 12732433, at *32; *Arnold v. Cnty. of El Dorado,* No. 2:10-cv-3119, 2012 WL 3276979, at *14 (E.D. Cal. Aug. 9, 2012). For example, in *Combs v. Rockwell Int'l Corp.,* the Ninth Circuit affirmed dismissal with prejudice as a sanction for a Plaintiff's submission of false deposition testimony where counsel incorporated the falsehoods and Plaintiff "never reviewed either the original or the altered deposition transcripts." 927 F.2d 486, 488 (9th Cir. 1991). The Court concluded that

4

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS

Case No. 3:23-MD-3084-CRB

"[t]he mendacity of the client and the combined fraud and incompetence of his counsel are so egregious that there is no need to reach the merits of the motion for summary judgment. The case was properly dismissed." *Id.* at 489. The same result is appropriate here.

**VI.    Depositions of Plaintiffs related to the submission of fraudulent receipts are highly relevant, and any prejudice to MDL ID 4657 would be of her own making.**

Wagstaff asserts that a deposition of MDL ID 4657 "is premature and unlikely to be productive." ECF 5648 at 4. It also complains that deposing Plaintiff "before her own attorney has had the opportunity to discuss the matter with her, would be procedurally unfair and highly inefficient." *Id.*

As an initial matter, a deposition of MDL ID 4657 related to her submission of a fraudulent receipt in support of her claims is not premature. The discovery misconduct that Plaintiff appears to have committed relates to "issues [that] are not peripheral" but "go to underlying questions in this case[,]" specifically whether Plaintiff committed fraud. *Twins Special Co., Ltd. v. Twins Special, LLC,* No. 23-cv-223, 2025 WL 1292528, at *10 (S.D. Cal. May 5, 2025). Moreover, the deposition is needed to determine whether others assisted Plaintiff in committing fraud. Because information about whether Plaintiff fabricated her receipt could "corroborate or undermine Plaintiff's claims in this case," it is highly relevant and warrants further investigation. *Adams v. Sotelo,* No. 3:16-cv-02161, 2018 WL 3019928, at *3 (S.D. Cal. June 18, 2018). As set forth in Uber's Motion, ECF 5483 at 14, courts have repeatedly granted additional limited discovery to investigate potential litigation misconduct like that at issue here. *See, e.g.*, *Est. of Arroyo,* 2025 WL 1914399, at *12; *Barton v. Delfgauw,* No. 3:21-cv-05610, 2025 WL 814484, at *4 & *6 (W.D. Wash. Mar. 13, 2025). This Court has ordered the same relief in this very matter. *E.g.*, ECF 3876; ECF 4440; ECF 5454.

Wagstaff's claim that it would be unfair to depose Plaintiff because counsel has not "had the opportunity" to discuss her fraud with her is simply incorrect. Counsel has had every opportunity to discuss the genuineness of MDL ID 4657's receipt with her, including before it filed her complaint, before it electronically served that receipt on Uber, and before it responded to Uber's Motion. It simply did not do so. Wagstaff cannot claim prejudice from circumstances it and its client created through their own actions. *See Buenviaje v. Wal-Mart Assocs., Inc.,* No. 23-cv-1938, 2024 WL 4584583, at *6

5

(S.D. Cal. Oct. 25, 2024) (rejecting Plaintiff's claim of prejudice where "any prejudice to Plaintiff is of his own making based on his lack of diligence"). Rather, because MDL ID 4657 "did not act promptly or [seek] meaningful relief, any prejudice it *now* claims at this juncture of the proceedings is largely of its own making." *See Hong Kong Ucloudlink*, 2021 WL 2457148, at \*2. This Court should order the requested depositions.

## **CONCLUSION**

The Plaintiffs subject to this Motion committed (and even now, continue to commit) serious litigation misconduct. Two of the Plaintiffs have not responded to Uber's evidence of their misconduct at all and the third has failed to rebut that evidence or provide any explanation or excuse. This Court should grant the order requiring Plaintiffs to show cause why their claims should not be dismissed with prejudice and grant the limited depositions and other relief that Uber requests.

Dated: April 1, 2026                                   Respectfully submitted,


                                                       */s/ Laura Vartain Horn*

                                                       Laura Vartain Horn (SBN: 258485)
                                                       **KIRKLAND & ELLIS LLP**
                                                       555 California Street, Suite 2700
                                                       San Francisco, CA 94104
                                                       Telephone: (415) 439-1625
                                                       laura.vartain@kirkland.com

                                                       Jessica Davidson (Admitted *Pro Hac Vice*)
                                                       Christopher D. Cox (Admitted *Pro Hac Vice*)
                                                       **KIRKLAND & ELLIS LLP**
                                                       601 Lexington Avenue
                                                       New York, NY 10022
                                                       Telephone: (212) 446-4800
                                                       jessica.davidson@kirkland.com
                                                       christopher.cox@kirkland.com

                                                       Allison M. Brown (Admitted *Pro Hac Vice*)
                                                       **KIRKLAND & ELLIS LLP**
                                                       2005 Market Street, Suite 1000
                                                       Philadelphia, PA 19103
                                                       Telephone: (215) 268-5000
                                                       alli.brown@kirkland.com

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS

Case No. 3:23-MD-3084-CRB

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

7

## PROOF OF SERVICE

I hereby certify that on April 1, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/ Laura Vartain Horn*
Laura Vartain Horn