ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S PRIOR ORDERS ON UBER'S MOTIONS TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDERS** |
| This Document Relates to: | |
| *Jane Doe LS 98 v. Uber Technologies Inc., et al.,* No. 3:23-cv-05412-CRB | Date:          May 8, 2026 |
| | Time:          10:00 a.m. |
| *Jane Doe LS 326, v. Uber Technologies Inc., et al.,* No. 3:23-cv-05415-CRB | Courtroom:  6 – 17th Floor |
| *D.P. v. Uber Technologies Inc., et al.,* No. 3:24-cv-04449-CRB | |
| *Jane Roe CL 16 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04837-CRB | |
| *Jane Roe CL 24 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05536-CRB | |
| *Jane Roe CL 34 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05696-CRB | |

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

*Jane Roe CL 37 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05728-CRB

*Jane Doe LS 268 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05910-CRB

*Jane Roe CL 65 v. Uber Technologies Inc., et al.,* No. 3:24-cv-06189-CRB

*Jane Roe CL 71 v. Uber Technologies Inc., et al.,* No. 3:24-cv-06864-CRB

*Jane Roe CL 77 v. Uber Technologies Inc., et al.,* No. 3:24-cv-07571-CRB

*Jane Roe CL 79 v. Uber Technologies Inc., et al.,* No. 3:24-cv-07587-CRB

*Jane Roe CL 81 v. Uber Technologies Inc., et al.,* No. 3:24-cv-08521-CRB

*Jane Roe CL 83 v. Uber Technologies Inc., et al.,* No. 3:24-cv-08525-CRB

*Jane Roe CL 85 v. Uber Technologies Inc., et al.,* No. 3:24-cv-08754-CRB

*K.J. v. Uber Technologies Inc., et al.,* No. 3:24-cv-09059-CRB

*Jane Roe CL 88 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09145-CRB

*G.C. v. Uber Technologies Inc., et al.,* No. 3:24-cv-09195-CRB

*Jane Doe LS 547 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09208-CRB

*Jane Roe CL 91 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09235-CRB

*Jane Roe CL 92 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09237-CRB

*Jane Roe CL 98 v. Uber Technologies Inc., et al.,* No. 3:25-cv-00853-CRB

*Jane Roe CL 101 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01118-CRB

*Jane Roe CL 102 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01120-CRB

*Jane Doe LS 550 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01327-CRB

*Jane Roe CL 107 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01470-CRB

*Jane Roe CL 109 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01652-CRB

*Jane Roe CL 110 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01653-CRB

*Jane Roe CL 114 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01942-CRB

*K.G. v. Uber Technologies Inc., et al.,* No. 3:25-cv-01962-CRB

*TA.W. v. Uber Technologies Inc., et al.,* No. 3:25-cv-01967-CRB

*Jane Roe CL 119 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02133-CRB

*Jane Roe CL 122 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02138-CRB

*Jane Doe LS 580 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02460-CRB

*Jane Roe CL 130 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02742-CRB

*Jane Doe LS 584 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02806-CRB

*Jane Doe LS 589 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03216-CRB

*Jane Doe LS 590 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03217-CRB

*Jane Roe CL 139 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03255-CRB

*Jane Doe LS 592 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03266-CRB

*Jane Doe LS 594 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03274-CRB

*T.G. v. Uber Technologies Inc., et al.,* No. 3:25-cv-03621-CRB

*Jane Roe CL 125 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02233-CRB

*Jane Roe CL 128 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02497-CRB

*L.L. v. Uber Technologies Inc., et al.,* No. 3:25-cv-03742-CRB

*Roe CL 148 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03812-CRB

*Roe CL 147 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03811-CRB

*Jane Roe CL 151 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03816-CRB

*Jane Doe CL 156 v. Uber Technologies Inc., et al.,* No. 3:25-cv-03944-CRB

*Jane Roe CL 163 v. Uber Technologies Inc., et al.,* No. 3:25-cv-04386-CRB

*T.S. v. Uber Technologies Inc., et al.,* No. 3:24-cv-00635-CRB

*C.B. v. Uber Technologies Inc., et al.,* No. 3:25-cv-01961-CRB

*Jane Doe LS 597 v. Uber Technologies Inc., et al.,* No. 3:25-cv-04070-CRB

*Jane Roe CI 165 v. Uber Technologies Inc., et al.,* No. 3:25-cv-04589-CRB

*T.T. v. Uber Technologies Inc., et al.,* No. 3:25-cv-04647-CRB

*Jane Roe CL 17 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04915-CRB

*Jane Roe CL 38 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05729-CRB

*Jane Roe CL 67 v. Uber Technologies Inc., et al.,* No. 3:24-cv-06191-CRB

*L.G. v. Uber Technologies Inc., et al.,* No. 3:24-cv-09036-CRB

*Jane Roe CL 126 v. Uber Technologies Inc., et al.,* No. 3:25-cv-02495-CRB

*Jane Roe CL 164 v. Uber Technologies Inc., et al.,* No. 3:25-cv-04587-CRB

*Jane Doe LS 608 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05312-CRB

*Jane Doe LS 609 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05328-CRB

*Jane Doe LS 610 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05374-CRB

*Jane Roe CL 178 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05537-CRB

*Jane Roe CL 179 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05538-CRB

*Jane Roe CL 182 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05628-CRB

*Jane Roe CL 181 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05633-CRB

*Jane Roe CL 183 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05733-CRB

*Jane Doe LS 615 v. Uber Technologies Inc., et al.,* No. 3:25-cv-05887-CRB

*Jane Roe CL 186 v. Uber Technologies Inc., et al.,* No. 3:25-cv-06086-CRB

*Jane Doe NLG (M.E.) v. Uber Technologies Inc., et al.,* No. 3:25-cv-06480-CRB

*Jane Doe LS 37 v. Uber Technologies Inc., et al.,* No. 3:23-cv-04393-CRB

*WHB 1027 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04820-CRB

*WHB 928 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04825-CRB

*WHB 511 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04842-CRB

*WHB 1023 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04877-CRB

*WHB 1293 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04817-CRB

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS
Case No. 3:23-MD-3084-CRB

*WHB 1590 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04946-CRB

*WHB 689 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04965-CRB

*WHB 1497 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04891-CRB

*WHB 1619 v. Uber Technologies Inc., et al.,* No. 3:24-cv-04961-CRB

*WHB 676 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05024-CRB

*WHB 666 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05127-CRB

*WHB 1272 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05366-CRB

*A.T. (2) v. Uber Technologies Inc., et al.,* No. 3:24-cv-05592-CRB

*WHB 1043 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05501-CRB

*WHB 1677 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05556-CRB

*WHB 935 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05776-CRB

*WHB 1544 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05622-CRB

*H.L. v. Uber Technologies Inc., et al.,* No. 3:24-cv-04526-CRB

*WHB 1552 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05599-CRB

*WHB 946 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05698-CRB

*WHB 1142 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05712-CRB

*WHB 871 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05770-CRB

*WHB 991 v. Uber Technologies Inc., et al.,* No. 3:24-cv-05959-CRB

*Jane Roe CL 73 v. Uber Technologies Inc., et al.,* No. 3:24-cv-07030-CRB

*WHB 1999 v. Uber Technologies Inc., et al.,* No. 3:24-cv-07048-CRB

*D.C. 2636 v. Uber Technologies Inc., et al.,* No. 3:24-cv-09367-CRB

*Jane Doe NLG (H.K.) v. Uber Technologies Inc., et al.,* No. 3:24-cv-08614-CRB

*C.B. v. Uber Technologies Inc., et al.,* No. 3:24-cv-09049-CRB

*I.A. (2) v. Uber Technologies Inc., et al.,* No. 3:25-cv-00822-CRB

*L.F. (4) v. Uber Technologies Inc., et al.,* No. 3:25-cv-01005-CRB

*WHB 2061 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01095-CRB

*WHB 2070 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01126-CRB

*WHB 2073 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01143-CRB

*WHB 2077 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01150-CRB

*WHB 2039 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01202-CRB

*WHB 2047 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01215-CRB

*WHB 2049 v. Uber Technologies Inc., et al.,* No. 3:25-cv-01218-CRB

*Jane Doe NLG (IM) v. Uber Technologies Inc., et al.,* No. 3:25-cv-02771-CRB

*M.S. (5) v. Uber Technologies Inc., et al.,* No. 3:25-cv-01863-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In its Motion to Enforce the Court's Prior Orders on Uber's Motions to Dismiss Cases for Failure to Comply with Court Orders (ECF 5487) (the "Motion"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs were ripe for dismissal pursuant to the Court's various Dismissal Orders under Pretrial Order 5 (ECF 4490) and/or Amended Pretrial Order 10 (ECF 4287). Nothing about Plaintiffs' oppositions changes that, other than a few limited exceptions involving Plaintiffs who have (belatedly) cured their non-compliance.

The vast majority of Plaintiffs who are subject to the Motion did not submit any response. Certain Plaintiffs represented by the Wagstaff Law Firm ("Wagstaff"), Meyer Wilson, LPA ("Meyer Wilson"), and Peiffer Wolf Carr Kane Conway & Wise ("Peiffer Wolf") did file oppositions. *See* ECF 5652; 5653; 5649. Additionally, William Hart & Boundas, LLP ("WHB") filed a supplemental declaration on behalf of two Plaintiffs that purports to respond to the Motion to Enforce, but WHB did not separately file an opposition to the Motion to Enforce. *See* ECF 5631.

Each of the filed oppositions lacks merit. Wagstaff's opposition (1) asserts that it "continues to attempt to reach" certain Plaintiffs who are unresponsive; (2) raises frivolous procedural challenges both to Uber's Motion to Enforce *and* the underlying motions to dismiss (which have already been adjudicated); and (3) asserts that the Court "should not dismiss these cases with prejudice" (a remedy that was not even sought in Uber's Motion). *See* ECF 5652. Meyer Wilson's opposition identifies one Plaintiff who claims to have "cured all deficiencies," and asserts that counsel "continues to attempt to reach" certain unresponsive Plaintiffs, asking the Court to consider "[t]he sensitive nature of this litigation" when assessing Plaintiffs' failures to communicate with their counsel. *See* ECF 5653. Peiffer Wolf's Opposition, brought on behalf of a single Plaintiff, simply reports that Peiffer Wolf had previously sought to withdraw from representation due to that Plaintiff's "unresponsiveness and inability to meet her discovery obligations," that its request to withdraw was denied, and claims that counsel's subsequent efforts to reestablish contact with that Plaintiff have failed. *See* ECF 5649.

Uber's Motion adheres to the clear and straightforward process outlined in the Court's Dismissal Orders, which unambiguously provide that the Court "will dismiss without prejudice the

1

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

claims of any Plaintiff who does not comply with Paragraph 1." ECF 3666; ECF 3861; ECF 3862; ECF 3921; ECF 3922; ECF 4220; ECF 4221. The Motion does not seek any relief outside of that framework, and none of the arguments raised in the filed oppositions warrants deviation from this well-established that framework. The Motion should be granted.

## ARGUMENT

**I.      Most Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.**

Approximately one hundred Plaintiffs who are subject to Uber's Motion failed to file an opposition.[1] "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States*, 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sodoteh v. City of South El-Monte*, No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating sanctions, failure to respond is deemed to be consent to the motion being granted. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Thus, because these Plaintiffs compound their failure to comply with PTO 5 and/or Amended PTO 10 by failing to timely oppose Uber's Motion, the Motion should be granted as to those Plaintiffs.

**II.     Uber withdraws its motion as to those Plaintiffs who have belatedly cured deficiencies in their PFS and/or ride receipts.**

Certain Plaintiffs represented by Meyer Wilson[2] and WHB[3] claim that, following the Court's Dismissal orders, they belatedly cured the PFS and/or ride receipt deficiencies identified by Uber. *See* ECF 5653, at 2-3; ECF 5631 ¶¶ 4-5. These Plaintiffs have not offered any excuse for their late submissions, nor any apology for the failure to comply with this Court's orders, and Uber should not have to file a dispositive motion and a motion to enforce in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber has confirmed that Plaintiffs WHB 871, M.S., and WHB 1293 have now cured the identified deficiencies, and therefore withdraws its motion as to them,

---

[1] The following Plaintiffs *did* file a response to the Motion to enforce: K.J., K.G., TA.W., T.G., T.T. (ECF 5652); M.S., G.C., D.P., L.L. (ECF 5653); A.T. (ECF 5649); WHB 1293, WHB 871 (ECF 5631).
[2] Plaintiff M.S.
[3] Plaintiffs WHB 1293 and WHB 871.

2

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

although it reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions. Uber reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiffs or counsel for continued disregard of this Court's orders.

In addition, Uber withdraws its motion as to four Plaintiffs whose cases have already been dismissed for other reasons.[4] Uber submits with this Reply an Amended Proposed Order that reflects its withdrawal of its Motion as to all of the Plaintiffs discussed in this section.

## III.    Uber's "Original Motion to Dismiss" is not at issue and was procedurally proper.

The Wagstaff Law Firm argues that "Uber's Original Motion to Dismiss" was "procedurally improper," claiming that Uber needed to seek an order to show cause to make a record in support of "the requisite showing of 'flagrant disregard.'" ECF 5096 at 5. Wagstaff's opposition does not identify or provide a docket reference to what Wagstaff claims is the "Original Motion to Dismiss" that Wagstaff now seeks to have ruled "improper." In any event, the Court has already decided Uber's "original" motions to dismiss (ECF 3493; ECF 3677; ECF 3682; ECF 3731; ECF 3912; ECF 4026; ECF 4027) by entering the Dismissal Orders in Defendants' favor, which Orders are cited in the instant Motion. *See* ECF 5487, at 2 (citing ECF 3666; ECF 3861; ECF 3862; ECF 3921; ECF 3922; ECF 4220; ECF 4221). Wagstaff's opposition to the instant Motion is not the proper place for Plaintiffs to relitigate the procedural propriety of Uber's prior motions to dismiss. *See Cotti v. Pa Chang,* No. 18-cv-2980, 2020 WL 2572771, at *4 (N.D. Cal. May 21, 202) ("Plaintiffs have not sought reconsideration of the [Court's earlier] Order and their attempt to relitigate that order in the context of the current Motion for Relief is improper."); *Haynesworth v. Berryhill,* No. 16-cv-4006, 2017 WL 5900206, at *4 (N.D. Cal. Sept. 7, 2017) (rejecting "improper attempt to relitigate old matters" by rehashing arguments from already-decided motion).

Regardless, Wagstaff's argument is baseless on its merits, as it misstates the requisite showing for dismissal under Rule 37, which is "noncompliance… due to willfulness, fault, or bad faith." *Fjelstad v. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985). Although the Ninth Circuit has "specifically encouraged dismissal" in cases involving flagrant disregard of court orders, *Sigliano*

---

[4] Plaintiffs WHB 1544, LS 268, Jane Doe LS 326, and Jane Roe CL 37.

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS

*v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981), flagrant disregard is not required. Rather, "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Uber's motions to dismiss demonstrated that Plaintiffs have disobeyed this Court's orders and Plaintiffs have not shown the disobedience to be outside their control.

**IV.    Uber's Motion that is actually before the Court is procedurally proper.**

Wagstaff also argues that the Motion is procedurally improper because "[a] Motion to Enforce requires an existing court order that can be enforced." ECF 5652, at 3. But of course, Uber's Motion *is* explicitly premised upon "existing court order[s]," namely the Dismissal Orders entered by the Court upon Uber's various Motions to Dismiss. *See* ECF 3666; ECF 3861; ECF 3862; ECF 3921; ECF 3922; ECF 4220; ECF 4221. The Court's Dismissal Orders each required that "[e]ach Plaintiff subject to Defendants' Motion must provide a complete and verified Plaintiff Fact Sheet [or a bona fide receipt] within 14 days of this Order" (Paragraph 1), after which Uber was required to submit a declaration identifying which Plaintiffs have failed to comply (Paragraph 2), and Plaintiffs had an opportunity to state their disagreement with their inclusion in Uber's declaration (Paragraph 3). *See, e.g.,* ECF 3666; 3862. The Dismissal Orders then provide that the Court "***will*** dismiss without prejudice the claims of any Plaintiff who does not comply with Paragraph 1." *Id.*

Wagstaff's procedural challenge hinges on a mischaracterization of Uber's Motion. The Motion does not seek "new substantive relief," as Wagstaff claims. *See* ECF 5652. Rather, it asks the Court to impose the specific sanction outlined in its Dismissal Orders (dismissal without prejudice) for noncompliance with the obligations set forth in Paragraph 1 of those Orders—curing the PFS or receipt deficiencies at issue. And Wagstaff does not even dispute that the Plaintiffs it represents have not cured their deficiencies, ECF 5652, which means they are now non-compliant with the Court's Dismissal Orders as well as PTO 10 or PTO 5. So, Uber's Motion is an entirely proper request, consistent with the authority cited by Wagstaff, that the court "exercise its ability to impose a penalty or sanction for noncompliance with its prior orders." *See* ECF 5652 (citing *United States Sec. & Exch. Comm'n v. Collector's Coffee, Inc.*, 602 F.Supp.3d 488 (S.D.N.Y. 2022)).

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

## V.    Counsel's continued attempts to reach nonresponsive Plaintiffs and the sensitive nature of this litigation do not warrant deviation from the Court's Dismissal Orders.

The three filed Oppositions each argue that this Court should give counsel additional time to reestablish contact with their unresponsive clients. Specifically, Wagstaff argues that certain of its clients[5] are "not unwilling" to comply with the Court's Orders but are simply nonresponsive to counsel's outreach. *See* ECF 5652. Meyer Wilson argues that it has made "diligent and repeated attempts" to reach and communicate with its clients but asks the Court to consider the "sensitive nature of this litigation" when assessing Plaintiffs' unresponsiveness. *See* ECF 5653, at 3. Peiffer Wolf acknowledges that it previously moved to withdraw as counsel for Plaintiff A.T. due to her continued "unresponsiveness and inability to meet her discovery obligations," but nevertheless asserts (without explanation) that Uber will not be prejudiced by allowing more time to Plaintiff A.T. to "reengage with counsel and comply with her discovery obligations." *See* ECF 5649.

None of these arguments have merit. As an initial matter, if Plaintiffs wanted an extension of this Court's deadlines (which have already been extended multiple times) to provide PFS and/or ride receipts, they should have filed motions that, among other things "set[] forth with particularity the reasons for the requested enlargement of time… identif[y] the substantial harm or prejudice that would occur if the Court did not change the time; and describe[] the effect that the requested time modification would have on the schedule for the case." N.D. Cal. Civ. L.R. 6-1(b) & 6-3; *Smith v. Humboldt Cnty. Sherriff's Office Correctional Facility*, No. 24-cv-1035, 2025 WL 41926, at *2 (N.D. Cal. Jan. 7, 2025). And they should have filed those motions before missing the Court's deadline, *see, e.g., Reid v. City & Cnty. of San Francisco*, No. 25-cv-8285, 2026 WL 836577, at *4 (N.D. Cal. March 26, 2026), rather than failing to comply and demanding additional time only when faced with the dismissal they were warned would result. And a party is not entitled to an extension of a deadline if, as here, "that party was not diligent." *Doe v. Uber*, No. 19-cv-3310, 2022 WL 2267568, at *3 (N.D. Cal. June 23, 2022). Plaintiffs have failed to meet their court-ordered deadlines for months, which is the very definition of a lack of diligence.

Nor is the sensitive nature of this litigation a reason to suspend the normal rules and deadlines that accompany litigation. By choosing to file their lawsuits, Plaintiffs have agreed to take on the

---

[5] Plaintiffs K.J., K.G., TA. W., T.G., and T.T.

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

burdens of compliance with court orders, which by their nature may be personally challenging but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019). And Courts have recognized that difficulty in locating clients or the difficult nature of the injuries at issue are not adequate excuses for the failure to comply with a court order. *See, e.g. In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006); *see also Richards v. Centripetal Networks, Inc.,* No. 23-cv-00145-HSG, 2024 WL 3834386, at *2 (N.D. Cal. Aug. 15, 2024). At bottom, the Court still has an abiding interest in safeguarding the public's interest in expeditious resolution of the litigation and the Court's need to manage its own docket. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). And Uber has been significantly prejudiced by Plaintiffs' non-compliance because it lacks even basic information about the claims against which it is being asked to defend. *See Comput. Task Grp., Inc. v. Brody*, 364 F.3d 1112, 1116 (9th Cir. 2004). The Court should not hesitate to enforce its own Orders by implementing the dismissals without prejudice it warned Plaintiffs would result from noncompliance.

**VI.    Uber's Motion does not seek dismissal with prejudice, and Wagstaff's arguments regarding dismissal with prejudice are inapposite.**

Wagstaff's Opposition acknowledges that "Uber has moved to dismiss without prejudice," but nevertheless asserts that the Court "should not dismiss these cases with prejudice." ECF 5652. In essence, Wagstaff is arguing against relief that Uber's Motion did not request, and that is not contemplated by the Dismissal Orders that are the subject of the Motion. As such—although Uber reserves and does not waive any arguments that dismissal with prejudice may be an appropriate remedy for these Plaintiffs' claims—the Court need not consider Wagstaff's irrelevant arguments regarding the propriety of 'dismissal with prejudice' for purposes of the instant Motion.

### CONCLUSION

For the foregoing reasons, the Court should enforce its Dismissal Orders and dismiss without prejudice the cases identified in the amended proposed order accompanying this Reply.

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS

Case No. 3:23-MD-3084-CRB

Dated: April 2, 2026                              SHOOK, HARDY & BACON L.L.P.


                                                  By: /s/ Michael B. Shortnacy

                                                  MICHAEL B. SHORTNACY (SBN: 277035)
                                                  mshortnacy@shb.com
                                                  2121 Avenue of the Stars, Suite 1400
                                                  Los Angeles, CA 90067
                                                  Telephone: (424) 285-8330
                                                  Facsimile: (424) 204-9093

                                                  *Attorney for Defendants*
                                                  UBER TECHNOLOGIES, INC.,
                                                  RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY ISO MOTION TO ENFORCE COURT ORDERS
Case No. 3:23-MD-3084-CRB