Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415ll) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION FOR FINDINGS OF CONTEMPT & TO ENFORCE PRIOR COURT ORDERS** |
| This Document Relates to: | |
| *J.H. v. Uber Technologies., Inc., et al.*, No. 3:25-cv-05342-CRB | Date:        May 8, 2026 |
| | Time:        10:00 a.m. |
| *R.L. v. Uber Technologies, Inc., et al*, No. 3:25-cv-05515-CRB | Courtroom:   6 – 17th Floor |
| *A.E. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-07668-CRB | |
| *Jane Doe LS 333 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05930-CRB | |
| *Jane Doe LS 397 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05864-CRB | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs do not dispute the only facts that matter: five Plaintiffs were subject to specific and definite Court orders; five Plaintiffs failed to comply; and none has taken any steps to cure that noncompliance. The oppositions instead attempt to shift responsibility away from the Plaintiffs themselves by citing dismissal of claims, difficulties contacting clients, Fifth Amendment concerns, and the asserted "severity" of the requested sanctions.

None of these arguments excuse disobedience of this Court's orders. The February 10, 2026 Orders expressly warned that failure to comply *"will be found in contempt of Court."* ECF 5217; ECF 5218. Plaintiffs ignored that warning. Civil contempt is therefore not only appropriate—it is necessary to vindicate the Court's authority and prevent litigants from unilaterally deciding which orders they will obey.

### II.    PLAINTIFFS DO NOT DISPUTE THAT THEY VIOLATED CLEAR AND DEFINITE ORDERS

The standard for civil contempt is well settled: Defendants must show by clear and convincing evidence that Plaintiffs violated a specific and definite Court order. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). That burden is easily met here.

The February 10 Orders: (1) required all five Plaintiffs to appear for depositions within 30 days; and (2) required Jane Doe LS 333 and Jane Doe LS 397 to produce receipts-related documents or sworn declarations explaining their unavailability within days. ECF 5217; ECF 5218. Plaintiffs do not claim compliance. *See* ECF 5662; ECF 5690. They concede that: (1) no Plaintiff sat for a Court-ordered deposition; (2) no documents or declarations were produced by Jane Doe LS 333 or Jane Doe LS 397; and (3) no extension or relief was requested prior to the deadline. *Id.* Instead, counsel explain that their clients were nonresponsive or unavailable. That is not a defense to contempt. A party violates a "specific and definite court order" when it fails "to take all reasonable steps within its power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695. Plaintiffs here took no steps at all.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR FINDINGS OF CONTEMPT
& TO ENFORCE PRIOR COURT ORDERS                                    Case No. 3:23-MD-3084-CRB

The Levin Simes firm opposition further highlights Plaintiffs Jane Doe LS 333 and Jane Doe Ls 397's refusal to comply with this Court's Orders.  ECF 5690.  Regarding the required production of documents or a declaration, they state that "both Plaintiffs have consistently stated that no documents exist," and "[a] finding of contempt and accruing monetary sanctions for not producing documents that do not exist does not comport with the underlying jurisprudence." *Id.* at 2.  However, this argument ignores the fact that the Court ordered Plaintiffs to *either* produce the document *or* provide a sworn declaration "explaining why the documents identified by Uber in its Motion are allegedly not available for production."  ECF 5217.  If either Plaintiff failed to either produce the documents or provide the sworn declaration, they would "be found in contempt of Court." *Id.*  So, the argument that these Plaintiffs should not be required to comply with the Court's orders because they do not possess the requested documents is unavailing because they had an alternative route to satisfy their requirements.  Yet they chose to do nothing.  They did not produce documents, they did not provide a sworn declaration, and they did not appear for their duly noticed depositions.

## III.    DISMISSAL OF PLAINTIFFS' CLAIMS DOES NOT EXCUSE NONCOMPLIANCE

The Levin Simes opposition argues that contempt is inappropriate because Jane Doe LS 333 and Jane Doe LS 397's cases were dismissed with prejudice. ECF 5690 at 2-3.  That argument fails as a matter of law.

Federal courts retain jurisdiction to enforce prior orders and to address collateral misconduct, including discovery violations, even after dismissal. *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 970 (9th Cir. 2014). Plaintiffs themselves acknowledge that this Court's February 10 Orders post-date dismissal—and those Orders explicitly required compliance and warned of contempt consequences. ECF 5690 fn 1.

Allowing parties to evade court-ordered discovery simply by becoming unreachable after dismissal would reward obstruction and undermine MDL administration.  The Court correctly ordered compliance notwithstanding dismissal, and Plaintiffs were not free to ignore those directives.

## IV.    FIFTH AMENDMENT CONCERNS DO NOT JUSTIFY REFUSING TO APPEAR FOR A COURT-ORDERED DEPOSITION

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR FINDINGS OF CONTEMPT
& TO ENFORCE PRIOR COURT ORDERS                                Case No. 3:23-MD-3084-CRB

The Levin Simes firm further suggests that Plaintiffs should not be compelled to sit for depositions because Uber may ask questions about alleged fraud that could implicate criminal exposure.  ECF 5690 at 3-4.  That argument is both premature and legally improper.

The Fifth Amendment does not excuse failure to appear.  The Ninth Circuit has repeatedly held that civil litigants have no right to suspend discovery—or to avoid depositions—simply because Fifth Amendment issues may arise. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326–27 (9th Cir. 1995).  A witness must appear, be sworn, and assert the privilege on a question-by-question basis if appropriate.  *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995) ("[t]he only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis."). The Fifth Amendment claim must "be raised in response to specific questions propounded by the investigating body.  This permits the reviewing court to determine whether a responsive answer might lead to injurious disclosures.  Thus, a blanket refusal to answer any questions is unacceptable." *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982) (quoting *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977).

The Levin Simes firm further contends that their clients should be allowed to disobey this Court's orders because they "do not have the requisite competency to meaningfully advise [their] clients on what is essentially a criminal matter."  ECF 5690 at 3. But Plaintiffs' counsel's alleged incompetency is not a valid reason to disobey a court order. The Court's orders require Plaintiffs to appear for depositions—not to waive any of their constitutional rights. Plaintiffs are free to hire additional or different counsel if they so choose, but they are not free to disobey a court order.

## V.      INABILITY TO CONTACT CLIENTS IS NOT A DEFENSE TO CONTEMPT

Both oppositions emphasize counsel's difficulty contacting their clients.  ECF 5662 at 1-2; ECF 5690 at 3.  That explanation confirms contempt rather than negates it.  Civil contempt focuses on the party's noncompliance, not counsel's diligence. *See, e.g., Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1480 (9th Cir. 1992).  Here, Plaintiffs were personally ordered to appear for their depositions.  Their disappearance—particularly after findings of potentially fraudulent conduct—does not convert willful disobedience into excusable neglect.  Indeed, the oppositions

3

underscore why a contempt finding is necessary: absent coercive measures, these Plaintiffs have demonstrated they will continue to ignore court orders—be it this Court's or another—with impunity.

**VI.    REQUESTED SANCTIONS ARE MODEST, COERCIVE, AND APPROPRIATELY TAILORED**

The Pulaski law firm effectively concedes that sanctions are warranted, requesting only that they be "minimal but appropriate to motive" compliance.  ECF 5662.  That is exactly what Defendants are requesting.  Defendants seek coercive, avoidable daily sanctions—not punitive fines.  These Plaintiffs can stop the sanctions at any time by simply doing what the Court ordered months ago; appearing for depositions and producing required materials or declarations.

**CONCLUSION**

The Court should enforce its Orders and find contempt.  This Court afforded these Plaintiffs multiple opportunities to comply.  It warned them unequivocally of the consequences of failure. Plaintiffs nevertheless chose silence and nonappearance.  Civil contempt exists exactly for these circumstances: to compel obedience to lawful orders and preserve the authority of the Court. Plaintiffs' oppositions offer explanations and excuses—but no legal justification—for why the Court should tolerate continued defiance.

For the foregoing reasons, and those set forth in Defendants' Motion (ECF 5520), the Court should: (1) find Plaintiffs J.H., R.L., A.E., Jane Doe LS 333, and Jane Doe LS 397 in civil contempt; (2) order immediate compliance with the February 10 Orders; and (3) impose coercive daily monetary sanctions, accruing until full compliance is achieved.  Only such relief will ensure that this Court's orders are respected and enforced.

Dated: April 6, 2026                    SHOOK, HARDY & BACON L.L.P.


                                         By: */s/ Christopher V. Cotton*

                                         CHRISTOPHER V. COTTON
                                         ccotton@shb.com
                                         **SHOOK, HARDY & BACON L.L.P.**
                                         2555 Grand Blvd.
                                         Kansas City, MO 64108
                                         Telephone: (816) 474-6550

4

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR FINDINGS OF CONTEMPT
& TO ENFORCE PRIOR COURT ORDERS                    Case No. 3:23-MD-3084-CRB

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5