[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD** |
| This Document Relates to: | |
| *WHB 823 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900 | Judge:     Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |
| | Date Filed: April 6, 2026<br>Trial Date: April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823, | CASE NO. 3:25-cv-00737-CRB |
| Plaintiff, | |
| v. | Judge:      Hon. Charles R. Breyer |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants | |

LAURA VARTAIN HORN (SBN: 258485)
**KIRKLAND & ELLIS LLP**
laura.vartain@kirkland.com
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
**KIRKLAND & ELLIS LLP**
alli.brown@kirkland.com
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000

JESSICA DAVIDSON (Pro Hac Vice admitted)
**KIRKLAND & ELLIS LLP**
jessica.davidson@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Bradley R. Kutrow
**MCGUIRE WOODS LLP**
bkutrow@mcguirewoods.com
201 N. Tryon St., Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2049

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

## MEMORANDUM OF POINTS & AUTHORITIES[1]

### I.    INTRODUCTION

Up until a month ago, Plaintiff claimed that the alleged leg-touching at the center of this case ████████████████████████████████. In support of that claim, Plaintiff retained Dr. Heleya Rad, a clinical psychologist, to testify about Plaintiff's mental health. When Dr. Rad conceded that ████████████████████████████████████████ ████████████████████████████████, Plaintiff withdrew Dr. Rad on March 5 and now asks this Court to bar Uber from playing Dr. Rad's deposition testimony at trial. In Plaintiff's view, Dr. Rad's opinions are "no longer relevant to the claim and defenses in this case" because Plaintiff is now only seeking damages for "garden variety emotional distress" she felt in the 24-hour period following the alleged incident. Mot. at 2.

Plaintiff's eleventh-hour pivot certainly narrows the scope of alleged damages, but it does not support Plaintiff's bid to control Uber's defense. Here, Plaintiff's pronouncement of irrelevance and prejudice does not square with the facts or the law.

Dr. Rad's testimony easily clears the low bar for relevance under Rule 401. While *some* of Dr. Rad's testimony—like observations about ████████████████████ ██████████—is no longer probative of Plaintiff's purported damages,[2] other testimony remains directly relevant, even under Plaintiff's new damages theory. Dr. Rad evaluated ████████ ████████████████████ leading up to the incident and opined that ████████████████ ████████████████████████████████████████████████████ ████████████. This testimony undermines Plaintiff's assertion ████████████████████████ and, if the jury believes ████████████████████████, the testimony will assist the jury in evaluating Plaintiff's credibility about her claimed emotional distress in the 24 hours after the alleged incident.

---

[1] Unless otherwise noted, all emphases are added and internal quotation marks and alterations are omitted.

[2] Consistent with the Court's remarks during the Final Pretrial Conference, Uber will not seek to offer that testimony at trial.

The probative value of Dr. Rad's testimony also outweighs any danger of unfair prejudice under Rule 403. Plaintiff's emotional reaction to the incident is still her only alleged injury, and Dr. Rad's testimony bearing on the credibility of Plaintiff's recounting of her emotional state is still highly relevant. No other expert had access to the same information or was permitted to perform the same analysis. And the jury's knowledge that Plaintiff retained Dr. Rad is not unfairly prejudicial; to the contrary, it helps explain why Dr. Rad's testimony is so crucial to Uber's defense.

For all of these reasons, discussed further below, the Court should deny Plaintiff's Motion.

## II.   ARGUMENT

Plaintiff accuses Uber of "gamesmanship" for seeking to present deposition testimony from Dr. Rad at trial, but there is nothing "improper" about Uber's timely designation of Dr. Rad's testimony. *See* Mot. at 2. The "[s]impl[e]" fact that Plaintiff retained Dr. Rad "does not somehow imbue [Plaintiff] with absolute, exclusive dominion to control the circumstances and manner through which [Dr. Rad's] testimony reaches the jury." *NetAirus Techs., LLC v. Apple, Inc.*, 2013 WL 9570686, at *3 (C.D. Cal. Nov. 11, 2013).[3] In spite of Plaintiff's last-minute change to her damages theory, Dr. Rad's testimony remains relevant to and probative of Plaintiff's credibility (or lack thereof) regarding the incident and what effect it had on her.[4]

### A.   Dr. Rad's Testimony is Relevant

Under Rule 401, evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and that fact is "of consequence in determining the action." Dr. Rad's testimony clears this "exceptionally low bar" for three reasons,

---

[3] *See also De Lage Landen Operational Servs., LLC v. Third Pillar Sys., Inc.*, 851 F. Supp. 2d 850, 853 (E.D. Pa. 2012) ("[E]ither party may introduce the deposition of an opposing party's expert if the expert is identified as someone who may testify at trial because 'those opinions do not belong to one party or another but rather are available for all parties to use at trial.'").

[4] Under Federal Rule of Civil Procedure 32(a), Uber is entitled to present Dr. Rad's testimony as long as the testimony is otherwise admissible under the Federal Rules of Evidence. *See* Fed. R. Civ. P. 32(a). And as Plaintiff's own authority confirms, her decision to withdraw Dr. Rad on the eve of trial does not affect Uber's ability to use Dr. Rad's deposition testimony under Rule 32(a). *See In re Bard IVC Filters Prods. Liab. Litig.*, 2018 WL 11445967, at *1-2 (D. Ariz. Mar. 9, 2018) (plaintiffs allowed to introduce depositions of three expert witnesses withdrawn by defendants) (cited in Mot. at 5-6).

OPPOSITION TO MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
Case No. 3:23-md-03084-CRB/ 3:25-cv-00737-CRB

notwithstanding Plaintiff's new theory of damages.[5] *United States v. Ferguson*, 140 F.4th 538, 544 (4th Cir. 2025). First, Dr. Rad's testimony helps establish that ▬▬▬▬▬▬▬▬ during the timeframe when the alleged incident occurred. Second, Dr. Rad's testimony reflects Plaintiff's previous dishonesty about ▬▬▬▬ Third, Dr. Rad's testimony helps explain what effect ▬▬▬▬▬▬▬▬ may have had on her memory of the alleged incident and her reaction to it. As the Court recognized at the Final Pretrial Conference, such issues concerning ▬▬▬▬▬ go directly to her credibility as a witness today.[6]

Dr. Rad testified, based on her examination of and conversation with Plaintiff, that ▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 1 (Deposition of Dr. Heleya Rad ("Rad Dep.")) at 134:21-135:8, 232:12-16. The incident underlying this lawsuit allegedly occurred in March 2019—the exact timeframe when ▬▬▬▬▬ ▬▬▬. That testimony alone makes it more likely than not that ▬▬▬▬▬ at the time of the alleged incident, contrary to her assertion.[7] Dr. Rad's testimony offers further reason to disbelieve Plaintiff's account.

Dr. Rad, ▬▬▬▬▬▬▬▬ observed that ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 189:22-190:4. ▬▬▬▬▬▬▬▬ *Id.* at 190:7-14. As Dr. Rad conceded, ▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 190:15-21. Dr. Rad noted that, on the whole, ▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[5] Plaintiff argues that that Dr. Rad's testimony is not relevant because Plaintiff no longer seeks damages for ▬▬▬▬▬▬ Mot. at 1-2.

[6] Uber has requested a copy of the transcript for the Final Pretrial Conference, *see* Dkt. 5733, but the transcript is not available as of the date of this filing.

[7] Dr. Rad assumed for the purposes of her expert testimony that ▬▬▬▬▬, but admitted she had no independent knowledge of that fact. *See* Rad Dep. at 232:17-19 ▬▬▬▬▬▬▬▬▬▬▬▬).

3

████████████████████████████████████████████ *Id.* at 272:14-273:20.

This behavior was consistent with Dr. Rad's understanding of ████████████████ ████████████████████████. *Id.* at 82:24-83:7.

Lastly, if the jury finds █████████████████████████████████████, Dr. Rad's testimony will help the jurors decide how that fact should impact their assessment of Plaintiff's present-day narrative about the incident and how it affected her. Dr. Rad opined that ████████████████████████████████████████████████ ████.[8] Rad Dep. at 248:8-18. Dr. Rad testified that ████████████████████ ████████████████████████████████████████████: As Dr. Rad put it, ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████ *Id.* at 110:12-16. With respect to Plaintiff, specifically, Dr. Rad opined that ████████████████████████████████████████████████ ████████████████████████ *Id.* at 115:19-22. In short, Dr. Rad's testimony would allow the jury to conclude that, ████████████████████ Plaintiff's account of what actually happened ████████, and any testimony about how it may have severely affected her, is unreliable and should be treated with skepticism.

For all these reasons, Dr. Rad's deposition testimony is relevant and should not be excluded under Rule 401.

**B.    Dr. Rad's Testimony is Admissible Under Rule 403**

Plaintiff's backup argument for exclusion under Rule 403 fares no better. Relevant evidence is admissible unless the probative value of that evidence is "substantially outweighed" by unfair prejudice. Fed. R. Evid. 403. "In analyzing evidence under the balancing test of Rule 403, the court is 'required to look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.'" *Mason v. Health Mgmt. Assocs., LLC*, 2023 WL 5281518, at *1 (W.D.N.C. Aug. 16, 2023) (quoting *United States v. Russell*, 971 F.2d 1098,

---

[8] Dr. Rad also testified that ████████████████████████████████████ ████████████ Rad Dep. at 132:20-23.

1106 (4th Cir. 1992)). The Fourth Circuit has instructed, "the balance under Rule 403 should be *struck in favor of admissibility*, and evidence should be excluded only sparingly." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008).

Plaintiff does not, and cannot, demonstrate that the probative value of Dr. Rad's testimony is outweighed by the danger of unfair prejudice. Rule 403's balancing test looks at the specific purpose for which the evidence is offered at trial. *Yue v. Chordiant Software, Inc.*, 2010 WL 11575579, at *1 (N.D. Cal. Apr. 22, 2010). Here, Uber will introduce Dr. Rad's testimony to assist the jury in assessing causation and damages—particularly Plaintiff's truthfulness about her emotional state, and claimed distress, immediately following the alleged incident—not to "embarrass, demean, and attack Plaintiff's character," or to "distract from the core issues at trial," as Plaintiff suggests, Mot. at 4.

Plaintiff's real concern is that the testimony undermines the merits of her claims. But that "is ordinary prejudice, not the unfair prejudice Rule 403 is concerned with." *United States v. Owens*, 2023 WL 5289376, at *3 (4th Cir. Aug. 17, 2023); *see also United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."). That is why courts allow evidence of a plaintiff's ███████ under Rule 403 when it bears on the plaintiff's credibility and claimed damages. *See, e.g., Grubb v. Hensley*, 2023 WL 2415162, at *4 (N.D. W. Va. Mar. 8, 2023) ("evidence of ██████ is relevant to the issue of damages") (admitting evidence); *Cordova v. Hoisington*, 2014 WL 11663252, at *4 (D.N.M. Jan. 16, 2014) (admitting ████ for both credibility and damages). Plaintiff's contrary authorities are unavailing. *See* Mot. at 5. In each of those cases, ██████████ were tangential to the question before the jury, whereas here, ████████████ at the time of the alleged incident is highly relevant both to her credibility and to her alleged damages. *Cf. United States v. Kizer*, 569 F.2d 504, 505-06 (9th Cir. 1978) ████████████" was "not logically relevant" to witness bias); *United States v. Brown*, 2018 WL 1903121, at *3 (D. Nev. Apr. 19, 2018) ("low probative value of layperson testimony regarding ████████████"); *Spears v. Payman*, 2001 WL 420749, at *2 (W.D. Va. Jan. 26, 2001) ("████████████

5

▮▮▮▮ not relevant to credibility under Rule 608).

Plaintiff also argues that Dr. Rad's testimony should be excluded because it is allegedly cumulative of testimony to be offered by Uber's expert, Dr. Alison Reminick. *See* Mot. at 5-6. But Plaintiff confuses overlap in subject matter with cumulative testimony. Evidence from a plaintiff's withdrawn expert is not cumulative where the expert "has relevant information probative of plaintiff's alleged emotional distress" and used unique evaluation methods. *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 247 (N.D. Iowa 1996). That is the case here. Plaintiff disclosed ▮▮▮▮ to Dr. Rad that she did not provide to Dr. Reminick. *Compare* Rad Dep. at 232:12-19 (discussing ▮▮▮▮ based on a direct interview), *with* Ex. 2 (Deposition of Alison Reminick ("Reminick Dep.")) at 53:15-54:8, 57:13-58:6 (evaluation of ▮▮▮▮ based on ▮▮▮▮ and deposition testimony). And Dr. Rad, a clinical psychologist, was permitted to ▮▮▮▮ to assess the credibility and consistency of Plaintiff's self-reporting. *See* Rad Dep. at 93:9-94:14. In contrast, Dr. Reminick, a psychiatrist, "wasn't allowed to" ▮▮▮▮. Reminick Dep. at 39:20-40:5. Dr. Rad therefore does not merely repeat Dr. Reminick's opinions. She brings different testing, different source information, and a distinct professional perspective on the central issues of causation and damages. *See Santa Clarita Valley Water Agency v. Whittaker Corp.*, 2020 WL 8125550, at *4 (C.D. Cal. July 27, 2020) ("[T]estimony on the same topic by different experts . . . is not needlessly cumulative where the experts will testify from different professional perspectives.").

Uber has no other way to present this evidence. Dr. Rad alone combines the relevant credentials with her uniquely comprehensive review of ▮▮▮▮ in the immediate aftermath of the alleged incident, making her testimony uniquely relevant to assessing Plaintiff's credibility on both causation and damages issues. Plaintiff cannot seriously object to this presentation when her own restrictions on Dr. Reminick and withholding of information prevented Uber from presenting the same evidence through any other witness. *See* Mot. at 6.

Finally, Plaintiff argues that Dr. Rad's testimony is unfairly prejudicial because the jury will learn that Dr. Rad was originally designated by Plaintiff and then "speculate" about why she

6

was withdrawn. *Id.* However, once Plaintiff designated Dr. Rad as a testifying expert, Plaintiff had "to live with the consequence that [Uber could] call the expert at trial on [its] own behalf." *Sinclair v. Hembree & Hodgson Constr., L.L.C.*, 2020 WL 6479782, at *2 (W.D. Okla. July 14, 2020) (quoting *House*, 168 F.R.D. at 247). Plaintiff's retention of Dr. Rad, and the unique access she gave Dr. Rad to information and analysis no other expert had, helps explain why Dr. Rad's opinions rest on a materially different and more developed foundation. This information ensures the jury gives Dr. Rad's testimony proper weight. Further, to the extent Dr. Rad's opinions are consistent with those of Dr. Reminick, allowing the jury to know that Dr. Rad was originally designated by Plaintiff will bolster Dr. Reminick's testimony and credibility.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion and admit deposition designations of Plaintiff's withdrawn expert, Dr. Heleya Rad.

Dated: April 6, 2026                    **O'MELVENY & MYERS LLP**

By: /s/ *Jonathan Schneller*

JONATHAN SCHNELLER
SABRINA H. STRONG

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN HORN
ALLISON M. BROWN
JESSICA DAVIDSON

**MCGUIRE WOODS LLP**
BRADLEY R. KUTROW

*Counsel for Defendants*