[Submitting counsel below]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DEFENDANTS' TRIAL BRIEF REGARDING PLAINTIFF'S EXPOSURE TO ATTORNEY ADVERTISING** |
| This Document Relates to: | **PUBLIC VERSION** |
| *WHB 823 v. Uber Techs., Inc., N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737* | Judge: Hon. Charles R. Breyer <br> Courtroom: 6 – 17th Floor <br><br> Date Filed: April 6, 2026 <br> Trial Date: April 14, 2026 |

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NORTH CAROLINA

## CHARLOTTE DIVISION

| | |
|---|---|
| WHB 823, <br><br>      Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., et al., <br><br>      Defendants. | CASE NO. 3:25-cv-00737 <br><br> Judge:      Hon. Charles R. Breyer <br><br> Courtroom:     501 |

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

## I.  INTRODUCTION

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") ask the Court to admit evidence at trial that Plaintiff was exposed to attorney advertising before she brought her lawsuit. While the Court excluded evidence related to attorney advertising in *Dean*, that ruling was based on specific circumstances that do not apply here. Specifically, the Plaintiff in *Dean* brought suit less than a month after the alleged incident occurred, whereas Plaintiff in this case did not file suit until at least ***three years after*** the alleged incident, and did so only after completing an online survey that led Plaintiffs' counsel to contact Plaintiff about participating in litigation. 1/6/2026 Hr'g Tr. at 71-72 (attached as Ex. 1). As such, the Court apparently concluded that the advertising could not have played a significant role in the decision to sue. Here, by contrast, evidence regarding the manner in which Plaintiff became aware of her potential claims is highly relevant to the credibility of those claims, as well as Plaintiff's motivation for bringing suit.

## II.  BACKGROUND

Plaintiff alleges that the alleged incident giving rise to her suit occurred in the early hours of March 26, 2019. 7/10/2025 Pl. Dep. 31:10-15, 33:2-21 (attached as Ex. 2). The first indication that Plaintiff intended to bring suit was the inclusion of her anonymous marker ("WHB 823") in a California state court complaint filed on behalf of 30 Plaintiffs almost exactly ***three years later***, on March 18, 2022. Compl., *Jane Doe WHBE 823 et al. v. Uber Technologies, Inc. et al.*, Case No. CGC-22-598770 (Cal. Super. Ct. S.F. Cnty. Mar. 18, 2022) (attached at Ex. 3). Plaintiff filed a Short Form Complaint in this MDL proceeding more than two years after that, in August 2024. Compl., *WHB 823 v. Uber Technologies Inc.*, No. 3:24-cv-4900 (N.D. Cal. Aug. 8, 2024), ECF No. 1 (attached at Ex. 4).

Plaintiff testified at her deposition that ███████████████████████████ ███████████████████████████████████████████. 7/10/2025 Pl. Dep. 18:12-20:18. But Plaintiff went on to explain that ███████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████." *Id*. 20:4-15. In addition, Plaintiff admitted in her Responses to Uber's Requests for Admissions that she ███████████

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

████████████████████████████████████ Pl.'s Resp. to Defs.' Req. for Admis. No. 1) (attached as Ex. 5).

## II.    ARGUMENT

Uber should be permitted to present evidence at trial that Plaintiff became involved in this litigation three years after the alleged incident occurred, ████████████████████████████ ████████████, because such evidence is highly relevant to the credibility of Plaintiff's claims, her credibility as a witness, and her motives for filing suit.

As courts have recognized, evidence that a plaintiff viewed and/or responded to attorney advertising is probative of the "Plaintiff[']s[] decision to file the case" and whether that course of action was grounded in a sincere belief that she had a *bona fide* claim of injury against the defendant. *See Herrera v. Eli Lilly & Co.*, No. 2:13-CV-02702-SVW-MAN, 2015 WL 12911753, at *4 (C.D. Cal. Aug. 3, 2015) (denying motion to exclude attorney advertising "insofar as this motion concerns evidence relating to Plaintiffs' decision to file the case at bar"); *see also, e.g.*, *In re Mentor Corp. ObTape, Transobturator Sling Prods. Liab. Litig.*, MDL No. 2004, 2015 WL 7863032, at *5 (M.D. Ga. Dec. 3, 2015) (denying motion to exclude evidence of television advertisements regarding ObTape and other mesh products because it is relevant to "how [plaintiffs] discovered their potential claims"); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 WL 260989, at *7 (M.D. Fla. Feb. 4, 2009) (attorney advertising is relevant to determine whether "it played a role in a [p]laintiff's belief that he or she suffered injury as a result of Seroquel"); *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-cv-4301, 2014 WL 505234, at *3 (S.D. W. Va. Feb. 5, 2014) (denying plaintiff's motion in limine to exclude evidence that the plaintiff "was prompted by a television commercial to file suit"; evidence "is probative of her credibility regarding her injuries").

While the Court excluded evidence related to attorney advertising in *Dean*, the Court indicated that its ruling was based on the fact that the Plaintiff in *Dean* filed suit less than a month after the alleged assault occurred. 1/6/2026 Hr'g Tr. at 71-72. Given the short time period between when the alleged incident happened and when litigation was initiated, the Court asked: "What difference does it make that there was an[] [attorney] ad out there" during the same time period. *Id.* By contrast, here, Plaintiff did

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)

not file suit until three years after the alleged incident, raising questions as to why she suddenly decided to bring a lawsuit and whether that decision was motivated by the attorney advertisements that she admits she viewed—rather than a sincere belief that she had been injured. *See, e.g.*, *Herrera*, 2015 WL 12911753, at *4. Because evidence regarding Plaintiff's exposure to and interaction with attorney advertisements in connection with filing her lawsuit is highly relevant to both the credibility of her claims and her credibility as a witness, it should be admitted.

### III.    CONCLUSION

For the foregoing reasons, Uber should be permitted to present evidence that Plaintiff was exposed to attorney advertising before bringing her lawsuit.

DATED: April 6, 2026                                Respectfully submitted,


*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE UBER'S DESIGNATED TRIAL WITNESSES

Case No. 3.23-md-03084-CRB (LJC)