[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE STATEMENT OF RECENT DECISION AND SUPPLEMENTAL BRIEF** |
| This Document Relates to: | Judge: Honorable Charles R. Breyer |
| *WHB 823 v. Uber Techs., Inc.*, N.D. Cal. No. 24-cv-4900 W.D.N.C. No. 25-cv-737 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHB 823, | No. 25-cv-737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**<u>RESPONSE</u>**

Plaintiff does not oppose Uber submitting, and the Court considering, the statement of recent decision. Plaintiff does oppose Uber submitting an additional four pages of briefing that adds nothing more than the same arguments already fully set out in three previous briefs from Uber and explored at the hearing. Neither filing supports denial of Plaintiff's Motion for Partial Summary Judgment or granting of Uber's Motion for Summary Judgment.

***E.B. v. Uber Technologies***. It is not clear why Uber deems this out-of-state, trial court decision new authority. Uber already cited to the Court the earlier decision in that same case reaching the same result on the same issue. *See E.B. v. Uber Techs., Inc.*, No. 2024-CP-46-02996 (S.C. Ct. of Common Pleas June 12, 2025) (attached to Uber's MSJ as Ex. 17). As Plaintiff earlier explained, the common-carrier claim in *E.B.* "failed for a host of reasons, most obviously that the driver did not assault anyone, but instead delivered the passengers to their requested destinations, and so no common-carrier duty was breached." MSJO at 3 n.4. In any event, the new order in *E.B.* is unpersuasive on its own terms because it does not even recite the common law standard, the "crucial test" set out by the North Carolina Supreme Court in *Jackson v. Stancil*, 116 S.E.2d 817, 825 (N.C. 1960)). The Court has previously rejected Uber's reliance on "unpublished cases from state trial courts," PTO 17 at 41—this one does not even come from the right state.

**Supplemental Brief**. Uber's supplemental brief makes the same arguments and logical errors that pervaded its previous briefing on these matters. As Plaintiff's MSJ Reply explained, because a common carrier's duties are non-delegable, courts cannot determine who is the common carrier by merely looking at who is sitting behind the wheel, or who owns the vehicle. That person may well be the delegee. No, "[t]he crucial test as to whether one is a common carrier is whether he holds himself out as such, either expressly or by a course of conduct…." *Jackson*, 116 S.E.2d at 825. So, Uber's myopic focus on "control" misses the point.

To the extent that "control" is evidence of common carrier status, Uber's argument that it exercises literally "no control" over the rides is counterfactual, as the Court recognized at the pretrial conference. Uber's argument—made now for the fourth time—that "a driver … alone has control over the ride," ignores the undisputed evidence showing otherwise. *See* PMSJ at 5-6; PMSJ

Reply at 3-4; *see also JCCP Order at* 13 ("The Court finds that Uber is the 'operator' of a rideshare service, even if the vehicles it utilizes are owned and driven by individual drivers, because Uber has substantial control over its passengers' safety.").

Uber also ignores that, whatever "control" it chooses to *exercise*, it in fact *has* a great deal more control than that. Even assuming that Uber's enforcement of minimum vehicle standards is irrelevant (Uber's only citation for this point is an out-of-state "*cf*"), Uber absolutely has the power to enforce whatever vehicle standards it wants.[1] Why? Because Uber holds itself out as the provider of the transportation service and is trusted and relied on as such. So Uber, not the drivers, sets the terms of the service. Similarly, Uber is fully capable of exercising whatever control it wants over driving routes. For example, Uber actively monitors those routes and intervenes if it decides, in its sole discretion, that an "anomal[y]" has occurred. *See* PMSJ at 6. And the driver agreement that Uber cites notes that Uber "reserves the right to … adjust the Fare [if] you took an inefficient route …"). ECF 5475-2 § 4.3; *see also O'Connor v. Uber Techs., Inc.*, 82 F. Supp. 3d 1133, 1150 (N.D. Cal. 2015) (citing evidence that Uber threatened deactivation of a driver whose "passenger let us know that they felt you did not take the most efficient/direct route on a trip").

Finally, Uber litters its supplemental brief with new legal authority, but almost none of it has anything to do with common carriers or this case. There are two exceptions. First, 13 Am. Jur. 2d Carriers § 1, in discussing "brokers," referred to federally defined and regulated freight brokers, rather than anything to do with passenger carriage, North Carolina law, or common law at all. *See* MPSJO at 5-6 (explaining irrelevance of Carmack Amendment). That is why Uber misleadingly edits out from its quoting of Am. Jur. the words "shipment" and "cargo." Second, *Stafford v. Intrav., Inc.*, 841 F. Supp. 284 (E.D. Mo. 1993), stated without explanation that a "tour operator," akin to a "travel agent," was not a common carrier. *Id.* at 286-87. There was no indication that the "travel agent" held itself out as offering transportation to the public.

For these reasons, the Court should grant in part and deny in part Uber's motion for leave to submit supplemental authority (grant) and a supplemental brief (deny).

---

[1] *See*, *e.g.*, "Uber Comfort," Uber (last visited Apr. 7, 2026), https://www.uber.com/us/en/ride/uber-comfort/ (offering service limited to "newer vehicles").

PLAINTIFF'S RESP. TO DEFS.' MOT. FOR LEAVE
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

Dated: April 8, 2026

Respectfully submitted,

By: /s/ Sarah R. London
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: April 8, 2026          By:    /s/ Andrew R. Kaufman
Andrew R. Kaufman

PLAINTIFF'S RESP. TO DEFS.' MOT. FOR LEAVE
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737