[Submitting counsel below]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC.
PASSENGER SEXUAL ASSAULT
LITIGATION

_____

This Document Relates to:

*WHB 823 v. Uber Technologies, Inc.,*
N.D. Cal. No. 3:24-cv-04900
W.D.N.C. No. 3:25-cv-00737

Case No. 23-md-03084-CRB

Honorable Charles R. Breyer

**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

WHB 823,

        Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

        Defendants.

No. 3:25-cv-00737

Judge: Honorable Charles R. Breyer

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 23-md-03084-CRB

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Administrative Motion to File Under Seal Portions of Plaintiff's Reply in Support of Motion to Strike Uber's Designated Trial Witness: Dr. Heleya Rad ("Plaintiff's Reply").

## I.   BACKGROUND AND REQUESTED SEALING

The following portions of Plaintiff's Reply are at-issue:

| Portion/Exhibit | Description of Material to Be Sealed |
|---|---|
| Portions of Plaintiff's Reply in Support of Motion to Strike Uber's Designated Trial Witness: Dr. Heleya Rad | References to intimate aspects of Plaintiff's personal life and medical history. |

## II.   LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. What constitutes a "'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## III.   PORTIONS OF THE MOTION TO STRIKE AND EXHBITS AT ISSUE SHOULD BE SEALED

The information that Plaintiff seeks to seal includes information regarding the intimate aspects of Plaintiff's personal life, including medical and mental health history. *See* Hurd Decl.

### A.   Failing to Seal the Records Would Harm Plaintiff and Third Parties

The portions of Plaintiff's Reply that contain information regarding Plaintiff's medical and mental health history should be sealed. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of

the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."). Courts routinely find that "individual privacy rights in… health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases).

The intimate aspects of Plaintiff's personal life and her medical and mental health history are inherently private and highly sensitive, and typify the types of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel. *See* Hurd Decl.; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted).

The significant privacy concerns of Plaintiff outweigh the public's minimal interest in knowing their identities or highly sensitive information and warrant the sealing of this information. *See* Hurd Decl.

**B.    Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of Plaintiff's Reply and the relevant exhibits, since describing the material Plaintiff seeks to seal is tantamount to revealing the details of its content. *See* Hurd Decl. Plaintiff's request is narrowly tailored to seal only highly sensitive personal information, while ensuring that the public retains access to the rest of the content. *See id*.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court order that the portions of Plaintiff's Reply listed above be maintained under seal.

Dated: April 8, 2026                                  Respectfully submitted,


                                                By: */s/ Sarah R. London*
                                                    Sarah R. London (SBN 267083)
                                                    **GIRARD SHARP LLP**
                                                    601 California St., Suite 1400
                                                    San Francisco, CA 94108
                                                    Telephone: (415) 981-4800
                                                    slondon@girardsharp.com

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 23-md-03084-CRB

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*


## FILER'S ATTESTATION

I, Ellyn Hurd, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.


Dated: April 8, 2026                    /s/ Ellyn Hurd
                                        Ellyn Hurd

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 23-md-03084-CRB