[Submitting Counsel below]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc.*, et al.<br>N.D. Cal. No. 3:24-cv-04900<br>W.D.N.C. No. 3:25-cv-00737 | Case No. 23-md-03084-CRB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD** |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823,<br><br>      Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>      Defendants. | No. 3:25-cv-00737<br><br>Judge: Honorable Charles R. Breyer |

REPLY ISO MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737

## I.    INTRODUCTION

Uber's opposition brief confirms that Uber intends to use Dr. Rad's deposition designations for wholly inadmissible and highly prejudicial purposes.

*First,* Uber now asserts that it will present Dr. Rad's testimony as an "opin[ion] that ████████████████████████████████████████████████████████████████████████████████████████████." Opp. at 1. This is not an opinion proffered by Dr. Rad and thus inadmissible.

*Second,* Uber now indicates its intent to use Dr. Rad's testimony to "help[] establish that Plaintiff was using ████ during the timeframe when the alleged incident occurred" and to "help explain what effect ███████████████ may have had on her memory of the alleged incident and her reaction to it." Opp. at 3. This evidence, to the extent admissible, can be obtained through other witnesses at trial, including Plaintiff and Uber's own expert, Dr. Reminick.

*Third*, Uber now confirms that it intends to explicitly disclose that Dr. Rad was retained and withdrawn by Plaintiffs. This evidence is highly prejudicial and clearly improper.

Uber should not be permitted to use Dr. Rad's testimony at trial.

## II.    ARGUMENT

### A.    Dr. Rad's testimony is not admissible.

Uber's opposition is clear: it does not seek to admit Dr. Rad's testimony for any opinion within the scope of her report. Instead, Uber seeks to attribute to Dr. Rad a completely new opinion, which is "████████████████████████████████████████████████████████████████████████████████████████████." Opp. at 1. This is ***not*** an expert opinion offered by Dr. Rad. *See* Rad Rpt. at 12-13 (identifying Dr. Rad's conclusions and recommendations). Dr. Rad was enlisted solely to provide a psychological evaluation of Plaintiff and an opinion as to potential need for future treatment. *See id.* Nowhere in her report does she assert Uber's proffered opinion. At most, Dr. Rad concludes that "████████████████████████████████████████████████████████████████████████████" (*id.* at 12), but that in no way stretches to the conclusion that Uber now seeks to present – that ████████████████.[1]

---

[1] If the tables were turned, there is no question that Uber would move to strike any such testimony
*Footnote continued on next page*

REPLY ISO MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737

The fact that Uber may have elicited some testimony from Dr. Rad surrounding these issues at deposition does not convert them into expert opinions within the scope of her report.[2] *See, generally* Fed. R. Civ. P. 26(a)(2)(B)(i) (mandating that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them"). Fed. R. Civ. P. 26(a)(2); *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1051 (9th Cir. 2025) (upholding on appeal district court's exclusion of expert opinion that was not disclosed in expert's report); *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025) (the federal rules "forbid[] the use of any information not properly disclosed.").

Even if it could, Uber's characterization of Dr. Rad's testimony as "opinions" is inaccurate and misleading. For example, Uber claims that there are various instances in which Dr. Rad made conclusions regarding Plaintiff's credibility, i.e., that Dr. Rad opined that Plaintiff was "████," "████," and "████." Opp. at 3-4. In truth, these are not opinions by Dr. Rad but rather instances where she was asked by Uber's counsel to review and interpret third-party statements recorded in medical records. *See, e.g.,* Opp. at 3 (seeking to admit testimony regarding Dr. Rad's review and interpretation of medical notes and information provided by third parties) (citing Rad Dep. Tr. at 189:22-190:21); *id.* at 3-4 (seeking to admit testimony regarding Dr. Rad's reading and interpretation of therapy notes) (citing Rad Dep. Tr. at 272:14-273:20). The Court has already noted that this type of testimony is inadmissible. *See* Apr. 2, 2026 Hrg. Tr. at 80:19-21; *see also* Fed. R. Evid. 802.

Uber's remaining citations, which frame its argument by taking testimony out of order and context, also fail to support the claimed "opinion." By and large, Dr. Rad's testimony regarding ████ ████ (*see, e.g.,* Rad Dep. Tr. at

---

as being outside the scope of disclosed expert opinions, as it did in during the *Dean* trial. *See* ECF 5013, Uber's Mot. to Strike Dr. Minette Drumwright's Undisclosed Expert Opinions. Further, to be admissible, expert testimony must meet the requirements of Fed. R. Evid. 702. Uber, having now confirmed that it seeks to improperly offer a new expert opinion, cannot meet those requirements through limited deposition designations.

[2] Nor are they otherwise admissible absent an expert opinion. As argued in Plaintiff's opening brief, and discussed further herein, because this evidence is not tethered to an admissible expert opinion, they revert to inadmissible lay opinion and hearsay.

REPLY ISO MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737

115:4-22), not, as Uber suggests, to a propensity to lie or manufacture facts. Indeed, Dr. Rad *never* testifies, let alone opines, that Plaintiff lacks credibility. Quite the opposite. Dr. Rad concluded at the outset that ███████████████████████████████████████████████ ████████████████████████████████. *See id.* at 93:12-25.

Finally, Uber argues that "if the jury finds ███████████████████████████████ ███████████, Dr. Rad's testimony will help the jurors decide how that fact should impact their assessment of the Plaintiff's present-day narrative about the incident and how it affected it her." Opp. at 4 (emphasis in original). As noted above, this reasoning is incorrect as Dr. Rad does not offer any opinion on ██████████ credibility. In any event, the impact of █████████, should that be a fact proven at trial, is within common experience for which expert opinion is not needed. *See, e.g., U.S. v. Stewart,* 2023 WL 6629579, at *7 (10th Cir. Oct. 12, 2023) (no error in trial court excluding expert witness who sought to opine on the impact of ██████ on memory and cognitive function because "the average juror likely understands the general effects of ████████████ on cognitive and physical functions" and because the testimony "would have usurped the jury's role in evaluating witness credibility" which "is generally not an appropriate subject for expert testimony"); *U.S. v. Dorsey,* 45 F.3d 809, 815 (4th Cir. 1995) ("the evaluation of a witness's credibility is a determination usually within the jury's exclusive purview"); *U.S. v. Cecil,* 836 F.2d 1431, 1441 (4th Cir. 1988) (noting "the authorities seem uniform that a psychiatrist may not testify to the credibility of a witness; that issue is one for the jury").

Because it is now apparent that Uber seeks to present an opinion outside the scope of Dr. Rad's report, and otherwise introduce inadmissible testimony, the Court should strike her from Uber's trial witness list.

**B.     Dr. Rad's testimony should be excluded under Fed. R. Evid. 403.**

Uber argues that it has no other means to elicit evidence regarding █████████████ ██████████████████ and the impact that it would have memory. Not true. As to the former, the Court held at the pretrial conference that Uber may cross examine Plaintiff on these issues, which is "direct[]" and "powerful evidence of credibility." Apr. 2, 2026 Hrg. Tr. at 69:14-15. Thus, there is an alternative means to introduction of this evidence. As to the latter, the jury is well able to

assess the impact on memory. *See supra*. Moreover, should the Court deem it appropriate, Uber can call its own expert, Dr. Reminick (although the authorities cited above apply equally to limit any testimony by Dr. Reminick on these issues). On this point, Uber does not meaningfully dispute that Dr. Reminick can cover the same issues. *See* Opp. at 6. According to Uber, the primary distinction between Dr. Rad and Dr. Reminick is the "testing, different source of information and a distinct professional perspective" (Opp. at 6). But the relevance of Dr. Rad's testing is unrelated to the testimony that Uber seeks to elicit. As to source and "distinct professional perspective" these are just euphemisms for saying that the weight of the evidence will be unfairly skewed when presented through Plaintiff's expert, which is improper. *See, e.g., Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458 (S.D.N.Y. 1995) (precluding plaintiff from calling defense damages expert under Rule 403).

At core, what Uber attempts here is to introduce evidence in its most harmful form – through piecemeal testimony *from Plaintiff's expert*, in a manner that is intended to mislead and confuse the jury.  Uber's brief confirms this point, arguing that it should be allowed to explicitly inform the jury that Dr. Rad is an expert retained and withdrawn by Plaintiff. *See* Opp. at 7 (arguing that Plaintiff's retention of Dr. Rad will "explain why Dr. Rad's opinions rests on a materially different and more developed foundation" and will serve to "bolster Dr. Reminick's testimony and credibility"). Any probative value of eliciting testimony about who retained Dr. Rad is far outweighed by the prejudice. Thus, even if limited testimony from Dr. Rad is permissible (it should not be), the fact that Plaintiff retained Dr. Rad must be excluded. *See Rubel v. Eli Lilly and Co.*, 160 F.R.D. at 460 (noting the "'explosive' prejudice that could attach to [expert's] testimony solely by virtue of his prior retention by [defendant]" and precluding use of adverse party's damages expert); *see also In re Bard IVC Filters Prods. Liab. Litig.*, 2018 WL 11445967, at *2 (D. Ariz. Mar. 9, 2018) (permitting expert testimony but parties "may not disclose to the jury, through argument or deposition excerpts, that the experts originally were retained by Defendants"); *Peterson v. Willie,* 81 F.3d 1033, 1037-1038 (11th Cir. 1996) ("a party should not generally be permitted to establish hat the witness had been previously retained by the opposing party"); *House v. Combined Ins. Co. of Am.,* 168 F.R.D. 236, 248 (N.D. Iowa 1996) (finding "tremendous potential

for prejudice to Combined simply in the revelation to the jury that Combined originally hired, designated, then dropped Dr. Taylor as an expert after his examination of the plaintiff once Dr. Taylor's opinions were actually known"; thus, neither party may refer to how the expert became involved in the case).

## III.   CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's opening brief, Plaintiff respectfully requests that the Court strike Dr. Heleya Rad from Uber's trial witness list.

DATED:  April 8, 2026

Respectfully Submitted,

By: */s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH & LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172

REPLY ISO MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737

Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

REPLY ISO MOTION TO STRIKE UBER'S DESIGNATED TRIAL WITNESS: DR. HELEYA RAD
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737