ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 5** |
| This Document Relates to: | |
| *R.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10029-CRB | Date:       June 12, 2026 Time:       10:00 a.m. Courtroom:  6 – 17th Floor |
| *Jane Doe NLG (M.F.) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09589-CRB | |
| *Jane Doe NLG (A.R.) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09839-CRB | |
| *Jane Doe NLG (L.R.) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09842-CRB | |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

*S.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-11076-CRB

*Jane Doe NLG (L.H.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-00057-CRB

*J.C. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-00207-CRB

*D.Y. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-00213-CRB

*Jane Roe CL 258 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-00282-CRB

*Jane Roe CL 259 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-00284-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with PTO 5 (ECF 5561), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") established that certain Plaintiffs had failed to produce a bona fide ride receipt or ride information form despite this Court's order directing them to do so months ago. ECF 175 at 2-3. These Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL and prepare for trial. *See Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1116 (9th Cir. 2004). Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice is entirely reasonable. Indeed, courts have repeatedly ordered cases to be dismissed *with* prejudice under similar circumstances. *See* ECF 5561 at 2 (citing cases). Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

Six of the Plaintiffs subject to Uber's Motion have not filed oppositions, and for that reason alone the Motion should be granted as to those Plaintiffs. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Of the three who have responded, Plaintiff S.G. argues that she belatedly submitted a ride receipt, ECF 5718; Uber has confirmed the submission and therefore withdraws its Motion as to this Plaintiff. (Uber also withdraws its motion as to Plaintiff R.M., who submitted a ride receipt but not an opposition.) The last two Plaintiffs[1], represented by Cutter Law P.C., admit their non-compliance but request more time to comply with the Court's order, citing counsel's difficulties in contacting these clients. ECF 5719 at 1-2. But Plaintiffs have already had significant time to comply with the Court's order, have been warned of the consequences of non-compliance, and their continued failure to provide receipts or ride information forms prejudices Uber and harms this Court's orderly administration of justice. In light of this, no less dramatic sanction would be effective, and dismissal is an appropriate remedy. *See, e.g.*, *Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997).

---

[1] Jane Roe CL 258; and Jane Roe CL 259.

1

## ARGUMENT

**A.    Six Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.**

Six Plaintiffs did not file a response in opposition to Uber's Motion to Dismiss or cure their deficiencies. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F. Supp. 2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears*, 2025 WL 2028305, at *1. Moreover, each of these Plaintiffs has had months to be compliant with PTO 5 but has not done so. Jane Doe NLG (M.F.) filed her case on November 6, 2025; Jane Doe NLG (A.R.) and Jane Doe NLG (L.R.) filed on November 14, 2025; Jane Doe NLG (L.H.) filed on January 5, 2026; and J.C. and D.Y. filed on January 8, 2026. Thus, because these Plaintiffs compounded their failure to timely produce ride receipts or information forms by failing to timely oppose Uber's motion to dismiss, the motion should be granted as to those Plaintiffs.

**B.    Uber withdraws its motion as to two Plaintiffs who have belatedly produced ride receipts.**

Plaintiff S.G. argues that she has now submitted a ride receipt and that Uber's Motion should therefore be denied as moot. ECF 5718 at 1-2. Uber has confirmed that S.G. has in fact belatedly produced a ride receipt. Uber has also discovered that another Plaintiff at issue here, R.M., belatedly produced a ride receipt. Plaintiffs have not offered any excuse for their late submissions, and Uber should not have to incur the costs to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber withdraws its motion as to S.G. and R.M., although it reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' submissions. (Uber submits a revised proposed order reflecting the Plaintiffs and cases that remain subject to this Motion for this Court's convenience.) Uber reserves the right to seek an award of sanctions, including recovery of its reasonable attorneys' fees and costs, as against Plaintiffs or counsel, for continued disregard of this Court's orders.

2

**C.    Plaintiffs' failure to comply with this Court's ride receipt deadline cannot be excused just because they are difficult to reach.**

Plaintiffs Jane Roe CL 258 and Jane Roe CL 259 argue that their non-compliance should be excused because counsel has diligently tried to contact them to obtain a ride receipt or information form but has not been successful. ECF 5719 at 2. They argue that "there are many circumstances that may occur to render information not readily available to comply with PTO 5 discovery obligations." *Id.* Plaintiffs cite no legal authority in support of this argument, and in fact the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 & 1242 (9th Cir. 2006). After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes personally challenging," but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

**D.    Uber has been prejudiced by Plaintiffs' failure to timely submit a ride receipt or information form and dismissal without prejudice is an appropriate remedy.**

Tellingly, Plaintiffs have not even disputed that Uber was prejudiced by their failure to comply with PTO 5. ECF 5718; ECF 5719. This is appropriate, given the controlling authority making clear that "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA*, 460 F.3d at 1227. Not only has each Plaintiff's failure to provide a bona fide ride receipt directly prejudiced Uber's ability to initially select bellwether cases, it has also prejudiced Uber's overall ability to defend itself given the absence of substantive information about the individual plaintiffs or their injuries outside the allegations of the complaint. *See In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*), No. 05-CV-01699CRB, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007) (Breyer, J.).

3

And, although Plaintiffs argue that this Court should not impose any sanction at all in response to their non-compliance but instead give them additional time to "continue to reach out to Plaintiffs," ECF 5719 at 2, dismissal without prejudice is an appropriate remedy. Courts need not exhaust every possible alternative before ordering dismissal. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Indeed, dismissal is an appropriate remedy where, as here, a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). And Uber is not actually requesting dismissal *with* prejudice—a sanction that MDL courts have repeatedly found warranted in light of noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2019 WL 12048517 (S.D.N.Y. Sept. 9, 2019), at *2. These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere (Docetaxel) Prods. Liab. Litig. (In re Taxotere)*, 966 F.3d 351 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865–66 (8th Cir. 2007). What Uber is seeking—dismissal *without* prejudice—is, in fact, a less drastic sanction than is certainly warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a ride receipt, which would be contrary to law and highly prejudicial to Uber.

### CONCLUSION

Plaintiffs have still not complied with the Court's Order to submit a bona fide ride receipt or information form, despite many months to do so and repeated warnings of the consequences for non-compliance. Plaintiffs' Oppositions raise procedural and substantive objections, but none of them change the basic facts. Plaintiffs' excuses are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims without prejudice.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5                    Case No. 3:23-MD-3084-CRB

Dated: April 8, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5