[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **PLAINTIFF'S RESPONSE TO DEFENDANT'S TRIAL BRIEF RE: PLAINTIFF'S EXPOSURE TO ATTORNEY ADVERTISING** |
| This Document Relates to: | Judge: Honorable Charles R. Breyer |
| *WHB 823 v. Uber Techs., Inc.*, N.D. Cal. No. 24-cv-4900 W.D.N.C. No. 25-cv-737 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHB 823, | No. 25-cv-737 |
|      Plaintiff, | Judge: Honorable Charles R. Breyer |
|   v. | |
| UBER TECHNOLOGIES, INC., et al., | |
|      Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S TRIAL BRIEF RE: PLAINTIFF'S EXPOSURE TO ATTORNEY ADVERTISING**

## I.    Evidence of Attorney Advertising is Irrelevant.

Uber seeks to introduce evidence of attorney advertising that has no relevance to any issue in this case. The Court put it best when excluding the same type of evidence in the *Dean* trial – "What difference does it make that there was an[] ad out there?" 1/6/2026 Hr'g Tr. at 71:24-25 (Ex. 1 to Vartain Decl.). Uber argues that this case is different because Plaintiff did not bring her lawsuit within months of the incident, so Uber should be permitted to argue that advertising influenced her decision to file. But *why* Plaintiff chose to file a lawsuit is not an issue that the jury will decide. Judge Schulman concluded as much in the first bellwether trial of the parallel JCCP litigation: "These cases are about Plaintiffs' claims on the merits, not about how they learned of counsel's willingness to represent them or the terms on which they agreed to do so." Ex. 1 (*JCCP* Motion in Limine Order) at 20:14-15; *see also In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 2019 WL 7171542, at *1 (C.D. Cal. Oct. 31, 2019) (Evidence of counsel's "direct marketing campaign" to potential plaintiffs "is not relevant to any issue in this case so it is excluded."); *Carlos Rivera v. Ford Motor Co.*, 2020 WL 4001914, at *2 (C.D. Cal. Mar. 12, 2020) (excluding attorney advertisement evidence where "[p]laintiffs' 'motive for bringing suit.'…[was] not relevant the merits" of her claim); *Rodriguez v. Google LLC*, 2025 WL 2237720, at *2 (N.D. Cal. Aug. 6, 2025) ("The intricacies of how this litigation evolved are not important to the jury; what matters is the evidence relevant to disputed, material issues of fact.").

Far from bearing upon Plaintiff's credibility, it is unclear that attorney advertising had *any* impact on Plaintiff's connection with her lawyers in this case. When asked about how she found her lawyers, Plaintiff testified that she did not recall seeing an advertisement. Ex. 2 to Vartain Decl., Plaintiff Deposition Vol. 1, 7/10/25 at 19:23-20:3 ("I don't know. I don't recall. I don't know exactly. No."). And while she recalled completing an online questionnaire to seek legal advice, she was unsure where she found it: "It could have been either just on regular Google or on Facebook; I have no idea." *Id.* at 20:10-15. Advertising can hardly be relevant where the Plaintiff has no specific recollection of exposure to it. *See In re Bard IVC Filters Prods. Liab. Litig.*, 2018 WL

2095829, at *5 (D. Ariz. May 3, 2018) (excluding attorney advertising evidence where "[t]he testimony does not show that Plaintiff and her husband were prompted by attorney advertising to file suit.").

Uber's authorities are thus distinguishable, because those cases involved evidence of exposure to specific advertisements affecting plaintiff behavior. *See In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2015 WL 7863032, at *5 (M.D. Ga. Dec. 3, 2015) ("Taylor, Sanborn, and Mack all assert that they learned of their potential claims when they saw television commercials."); *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2014 WL 505234, at *2-3 (S.D.W. Va. Feb. 5, 2014) (evidence that "Ms. Lewis was prompted by a television commercial to file suit"); *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *7 (M.D. Fla. Feb. 4, 2009) (The plaintiff contacted a doctor after seeing an advertisement. Uber also cites a summary of attorney argument, not the Court's holding, which deferred decision to the trial judge "based on the testimony of Plaintiffs presented at trial"). And *Herrera v. Eli Lilly & Co.*, 2015 WL 12911753, at *4 (C.D. Cal. Aug. 3, 2015), only allowed "evidence relating to Plaintiffs' decision to file the case."

At most, Uber points to a generic admission that Plaintiff was exposed to advertisements about "rideshare litigation" before filing this lawsuit. But that admission reveals nothing about whether she saw those advertisements months or years before filing, or whether they related to sexual assault or a different type of "rideshare litigation," such as car accidents. *Cf. Rivera*, 2020 WL 4001914, at *2 (C.D. Cal. Mar. 12, 2020) ("Defendant also fails to identify any advertisements or evidence it seeks to admit or establish their particular relevance."). Uber can muster no justification for the strained proposition that exposure to some undisclosed advertisement could affect a person's credibility. And the sincerity of Plaintiff's belief that she has been injured is beyond question given her years-long participation in this lawsuit and her resolve to try her claims notwithstanding that it was Defendants who selected her case as a bellwether. To the extent Uber hopes to argue that Plaintiff was not injured, it can do so through cross-examination without any need to reference irrelevant advertisements.

PLAINTIFF'S RESPONSE TO DEFENDANT'S TRIAL
BRIEF RE: ATTORNEY ADVERTISING
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

## II.    Evidence of Attorney Advertising is Unfairly Prejudicial.

Any limited probative value of attorney advertising evidence is substantially outweighed by the risk of unfair prejudice and juror confusion. The suggestion that this litigation was manufactured through advertising invites the jury to decide the matter on an improper basis and opens the door to a time-consuming diversion. *See In re Ford*, 2019 WL 7171542, at *1 (admission of evidence that would be used to "demonstrate that this case is 'attorney-driven'" raises concerns "that this evidence would be used to prejudice the jury unfairly and could become a time-consuming sideshow."); *In re Bard IVC Filters*, No 2018 WL 2095829, at *5 (D. Ariz. May 3, 2018) ("any probative value of the evidence is substantially outweighed by the danger of unfair prejudice and juror confusion"); *Rivera*, 2020 WL 4001914, at *2 (C.D. Cal. Mar. 12, 2020) ("given the often negative public sentiment towards plaintiffs' lawyers, [attorney advertising] evidence may 'prejudice the jury unfairly and could become a time-consuming sideshow.'").

## III.    Conclusion.

For these reasons, the Court should deny Uber's request to present evidence that Plaintiff was exposed to attorney advertising before bringing her lawsuit.

Dated: April 8, 2026                    Respectfully submitted,

By: */s/ Sarah R. London*
    Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
    Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

## <u>FILER'S ATTESTATION</u>

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: April 8, 2026            By:    */s/ Simon S. Grille*
                                       Simon S. Grille

PLAINTIFF'S RESPONSE TO DEFENDANT'S TRIAL
BRIEF RE: ATTORNEY ADVERTISING
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737