Allison M. Brown (admitted *pro hac vice*)
alli.brown@kirkland.com
Jessica Davidson (admitted *pro hac vice*)
jessica.davidson@kirkland.com
Christopher D. Cox (admitted *pro hac vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Michael B. Shortnacy (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

Attorneys for Defendants
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>SEE EXHIBIT A TO ECF 5567-1 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE**<br><br>Date:　　　May 8, 2026<br>Time:　　　10:00 a.m.<br>Courtroom:　6 – 17th Floor |

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

Case No. 3:23-MD-3084-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

Amended PTO 10 is clear and unambiguous and the dismissals of Plaintiffs' claims should be converted from dismissals without prejudice to dismissals with prejudice under its terms. ECF 4287. Amended PTO 10 states that where, as here, a Plaintiff's claim has been dismissed without prejudice for failure to timely submit a Plaintiff Fact Sheet as required by that order, "the Order will be converted to a dismissal with prejudice upon Uber's motion—to be filed no earlier than (30) days after the Court's entry of the Order of Dismissal Without Prejudice—unless (1) a Plaintiff submits the information required under this Order; or (2) moves to vacate the dismissal without prejudice within that same time period." *Id.* § 9. As set forth in Uber's Motion, none of the Plaintiffs at issue have submitted a PFS or moved to vacate the dismissals. ECF 5567 at 1-3. Under the plain language of Amended PTO 10, then, the dismissals "will be converted to a dismissal with prejudice." ECF 4287 § 9. Amended PTO 10's language is mandatory and does not contain any exceptions other than the two that are inapplicable due to Plaintiffs' own unwillingness or inability to take the actions required.

The vast majority of the more than one hundred Plaintiffs at issue in Uber's Motion have apparently recognized that they have not fulfilled the clear requirements to avoid their dismissals being converted from dismissals without prejudice to dismissals with prejudice, and have not filed oppositions to Uber's Motion. They should therefore be deemed to have appropriately consented to the relief Uber seeks. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). The Wagstaff Law Firm, representing about a dozen Plaintiffs, has filed an opposition, but does not suggest that its Plaintiffs have taken the steps that would be required to avoid dismissal with prejudice. ECF 5734. That is, none of the Wagstaff Plaintiffs at issue even claim to have belatedly submitted a PFS or that they have moved to vacate their dismissals as Amended PTO 10 requires. *Id.* Accordingly, because they do not claim to have done either of those two things, under the plain terms of Amended PTO 10, the dismissals of these Plaintiffs' claims "will be converted to a dismissal with prejudice." ECF 4287 § 9.

The arguments Wagstaff does raise in its opposition are irrelevant and unsupported. ECF 5734. Wagstaff cites only a single case in its opposition, which is the case that describes the factors courts consider in dismissing cases for failure to comply with a court order, *Malone v. U.S. Postal Serv.*, 833

2

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

Case No. 3:23-MD-3084-CRB

F.2d 128 (9th Circ. 1987). That case affirmed the dismissal of a plaintiff's case for the violation of a pretrial order and therefore does not support Wagstaff's argument for the opposite result. *Id.* Wagstaff points out that it unsuccessfully attempted to withdraw as counsel for two of the Plaintiffs at issue, but does not explain why it is pointing that out or why that is possibly relevant to the Motion. ECF 5734 at 2. It is not. The fact is that Wagstaff has not followed the procedures for seeking reconsideration of the denial of that motion, Local Rule 7-9, and a motion to withdraw is not a bar to a court's granting of a motion to dismiss. *See, e.g., Lucero v. Ettare,* No. 15-cv-2654, 2017 WL 2812962, at *5 (N.D. Cal. June 29, 2017) (dismissing case with prejudice and denying motion to withdraw as moot). Wagstaff also states that it "continues to attempt to reach" other Plaintiffs at issue, ECF 5734 at 2, but attempts are insufficient to avoid dismissal at this point, given that Plaintiffs have already been non-compliant with this Court's orders for many months. *See In re Phenylproanolamine (PPA) Prods. Liab. Litig.*, 406 F.3d 1217, 1227 (9th Cir. 2006). And while Wagstaff asserts "[t]here is no real prejudice to Uber" from its clients' failure to abide by court orders, ECF 5734 at 3, this Court explicitly found that Plaintiffs noncompliance "caused prejudice to Uber" in its order dismissing their cases without prejudice. ECF 5253. Wagstaff might not like the Court's conclusion, but it cannot just ignore it.

Accordingly, pursuant to Amended PTO 10, this Court should enter an order in the form of the Proposed Order Uber submitted with its Motion, converting the Court's orders of dismissal without prejudice of the identified Plaintiffs' claims to orders of dismissal *with prejudice*.

Dated: April 9, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093
*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

Case No. 3:23-MD-3084-CRB

## PROOF OF SERVICE

I hereby certify that on April 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

Case No. 3:23-MD-3084-CRB