# EXHIBIT A

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


IN RE: UBER TECHNOLOGIES, INC.,
PASSENGER SEXUAL ASSAULT LITIGATION                    MDL No. 3084


**TRANSFER ORDER**


**Before the Panel:**[*]  Respondents[1] in the District of Colorado *Express Digital Services* action and plaintiff in the Northern District of Illinois *McClain* action, listed on Schedule A, each move under Panel Rule 7.1 to vacate our orders that conditionally transferred their actions to the Northern District of California for inclusion in MDL No. 3084.  Uber[2] opposes the motions.

After considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 3084, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that centralization was warranted for actions sharing factual questions arising from allegations that Uber failed to implement appropriate safety precautions to protect passengers, and that plaintiffs suffered sexual assault or harassment as a result.  *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 699 F. Supp. 3d 1396 (J.P.M.L. 2023).

Like many MDL No. 3084 plaintiffs, plaintiff in *McClain* alleges that she was assaulted by her Uber driver and that Uber performed inadequate background checks, was aware of and concealed the risk of sexual assaults committed by its drivers, and misrepresented its commitment to safety.  Plaintiff argues these allegations are merely background information, and her claims will turn on incident-specific evidence.  But these allegations appear to be central to her negligence claim against Uber.[3]  Furthermore, as plaintiff acknowledges in her brief, "[e]ach alleged assault

---

[*]     Judge David C. Norton took no part in the decision of this matter.

[1]     Express Digital Services, LLC, and Shawn Graft (together, Express Digital Services).

[2]     Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC—petitioners in the *Express Digital Services* action—and Uber Technologies, Inc., and Rasier, LLC—defendants in *McClain*.

[3]     *See McClain* Compl. at ¶ 134 ("Uber represented to the public that it offered safe, reliable transportation, and that it implemented robust safety standards, including background checks and incident response procedures, and these representations created a reasonable expectation among users … that rides arranged through the Uber application … would adhere to a standard of care sufficient to protect them from foreseeable harm."); ¶ 139-40 (alleging that Uber "failed to

in MDL No. 3084 involves a different driver, a different location, different witnesses, different medical records, and distinct evidentiary circumstances." In granting centralization, we rejected the argument that the actions "will focus on the various circumstances of plaintiffs' alleged assaults and their injuries," finding that, "there are sufficient common issues present to warrant centralized treatment." *In re Uber*, 699 F. Supp. 3d at 1398.

Plaintiff argues both that there is no concrete evidence of overlapping pretrial proceedings at this stage of her case and that she is willing to informally coordinate any overlap proceedings. Plaintiff does not persuasively argue why her action alone should be excluded from the MDL and the parties and courts made to informally coordinate. The clear overlap in factual allegations persuades us that centralization will most efficiently minimize duplicative discovery and other pretrial proceedings.

*Express Digital Services* is somewhat atypical, in that the action is a non-party subpoena enforcement action. "While the Panel has not often considered transfer of [actions relating to the enforcement of a subpoena], it is not unprecedented." *In re Online DVD Rental Antitrust Litig.*, 744 F. Supp. 2d 1378, 1378 (J.P.M.L. 2010). Respondents operate websites and apps that allow users to create their own fake receipts that mimic real receipts from real companies, using pre-set receipt templates. Uber alleges that, in the underlying MDL litigation, the court has found that some MDL plaintiffs have submitted fraudulent Uber ride receipts, including receipts created on respondents' websites. Uber seeks information to help uncover the identities of individuals who used respondents' websites and apps to create fraudulent Uber ride receipts. In opposing transfer, respondents Express Digital Services argue that the merits of the motion to compel enforcement of the subpoena do not share sufficient factual questions with the MDL because respondents have substantially complied with the subpoena, and the remaining dispute is a narrow one relating to the meaning of the subpoena's language. The information sought by the subpoena is squarely related to an issue in the MDL—the transferee court's efforts to curb the submission of fraudulent ride receipts. The expertise and familiarity of the transferee judge with the factual and legal issues in the Uber litigation favor having him decide the motion to compel. Accordingly, transfer will promote the just and efficient conduct of this action and the litigation taken as a whole.

Respondents also argue that transfer will be burdensome and inconvenient. While it might impose some burden on respondents to litigate this motion outside their home forum, it would be inefficient and a waste of judicial resources to require the transferor judge to learn the particulars of MDL No. 3084. Moreover, the MDL No. 3084 magistrate judge has stated that she will conduct subpoena enforcement hearings transferred by the Panel using Zoom. It is unlikely that respondents' counsel will need to travel to California to defend the motion to compel.

---

implement effective screening, monitoring, or safety intervention systems to prevent sexual assault" and "failed to provide adequate post-incident support, investigation, or accountability").

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: UBER TECHNOLOGIES, INC.,**
**PASSENGER SEXUAL ASSAULT LITIGATION**                     MDL No. 3084

**SCHEDULE A**

District of Colorado

UBER TECHNOLOGIES, INC., ET AL. v. EXPRESS DIGITAL SERVICES, LLC, ET
      AL., C.A. No. 1:25-mc-00121

Northern District of Illinois

MCCLAIN v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:26-00297