# EXHIBIT D

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 1
of 25
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 2 of 26

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC,<br><br>　　*Petitioners-Issuing Parties*,<br><br>　v.<br><br>Express Digital Services, LLC and Shawn Graft d/b/a Express Digital Services, LLC<br><br>　　*Respondents- Subpoenaed Parties* | Case No. 1:25-mc-00121-NYW<br><br>Assigned to:<br>　Hon. Nina Y. Wang, U.S. District Judge |
| ***Subpoena relates to: In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation, Case No. 3:23-md-03084-CRB, MDL No. 3084, pending in the U.S. District Court for the Northern District of California before Hon. Charles R. Breyer*** | **Petitioners' Reply in Support of Motion to Transfer Proceeding to Enforce Subpoenas Duces Tecum Issued by the U.S. District Court for the Northern District of California to the Issuing Court or to Compel Compliance with Subpoenas (Dkt. 1) and Opposition to Respondents' Request for Costs, Fees, and Sanctions (Dkt. 18)** |

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 2
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 3 of 26
of 25

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. 2

TABLE OF AUTHORITIES .......................................................................................... 4

PETITIONERS' REPLY IN SUPPORT OF  MOTION TO TRANSFER OR COMPEL ...... 6

BACKGROUND ......................................................................................................... 8

    *Respondents' Services Facilitate Fraud*.................................................................. 8

    *Respondents Admit That They Do Possess Responsive  IP Addresses for Users Who Made Fraudulent Uber Receipts* .......................................................................... 8

    *Respondents Did Not Raise Their "Contact Information"  Responsiveness Argument in Conferrals* .................................................................................................... 10

    *Respondents' Litigation Conduct Increases Time and Expense* ............................... 10

ARGUMENT ............................................................................................................. 11

  I.   THE COURT SHOULD GRANT THE MOTION TO COMPEL BASED ON RESPONDENTS' WAIVER OF SUBPOENA OBJECTIONS ........................... 11

  II.  IN THE ALTERNATIVE, THE COURT SHOULD GRANT THE MOTION TO COMPEL BECAUSE THE SUBPOENAS SEEK RELEVANT, PROPORTIONAL DISCOVERY AND DOES NOT IMPOSE AN UNDUE BURDEN ..................... 12

    A.   The Subpoenas Seek Relevant and Proportional Discovery ........................... 12

    B.   Compliance with the Subpoenas is Not an Undue Burden. ........................... 12

  III.  RESPONDENTS' NEW ARGUMENT THAT THE DISCOVERY UBER SEEKS IS NOT RESPONSIVE IS WAIVED AND WITHOUT MERIT. ............................. 14

    A.   Respondents Waived their New Objection that the Discovery Sought is Not Responsive to the Subpoena. .................................................................. 14

    B.   Respondents' Argument that Stripe IDs and User IP Addresses and Names Are Not Responsive Is Without Merit. .............................................................. 14

    C.   Respondents Should Provide Declarations to Support Any Claims of Not Possessing Responsive Documents. ........................................................... 15

    D.   Respondents' Argument that Stripe IDs Are Not Discoverable Because They Do Not Identify Users in Isolation is Meritless. ............................................ 16

IV.   RESPONDENTS' REQUEST FOR FEES OR COSTS UNDER RULE
       45(d)(2)(B)(ii) SHOULD BE DENIED. ............................................................... 16

   A.   Respondents Are Not Entitled to Fees or Costs Under Rule 45(d)(2)(B)(ii)
         Because They Did Not Timely Object To the Subpoenas. ........................... 16

   B.   Fees or Costs Under Rule 45(d)(2)(B)(ii) Are Limited To Costs of Compliance
         with Court-Ordered Compliance. ................................................................ 18

V.    RESPONDENTS' REQUEST FOR SANCTIONS UNDER RULE 45(d)(1) IS
       PROCEDURALLY IMPROPER AND WITHOUT MERIT. ................................. 21

   A.   Respondents' Request for Sanctions Under Rule 45(d)(1) Is Procedurally
         Improper. ...................................................................................................... 21

   B.   Respondents' Request for Sanctions Under Rule 45(d)(1) Is Without Merit. .. 21

CONCLUSION ....................................................................................................... 24

CERTIFICATION PURSUANT TO DECEMBER 1, 2025 STANDING ORDER ............. 25

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

## TABLE OF AUTHORITIES

***Cases***

*In re Aggrenox Antitrust Litig.*, 2017 WL 4679228 (D. Conn. Oct. 18, 2017) ................. 20

*Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, 2023 WL 3624783 (S.D. Ohio May 24, 2023) ............................................................................................................................... 20

*In re Application of Michael Wilson & Partners, Ltd., for Jud. Assistance Pursuant to 28 U.S.C. Section 1782*, 2012 WL 1901217 (D. Colo. May 24, 2012) ........................... 17-18

*Blueberry Hill Home Owners, Inc. v. Am. Fam. Mut. Ins. Co.*, 2022 WL 2953040 (D. Colo. July 26, 2022) ...................................................................................................... 17-18

*Brown v. Larsen*, 2014 WL 3573415 (D. Utah July 21, 2014) ....................................... 12

*Contant v. Bank of Am. Corp.*, 2020 WL 3260958 (S.D.N.Y. June 17, 2020) ................. 20

*Coomer v. Lindell*, 2023 WL 6376723 (D. Colo. Sept. 29, 2023) .................................. 14

*Cruz v. AerSale, Inc.*, 2025 WL 1426884 (D.N.M. May 16, 2025) ................................. 17

*E.E.O.C. v. Citicorp Diners Club, Inc.*, 985 F.2d 1036 (10th Cir. 1993) ......................... 13

*Electro-Mech. Prods., Inc. v. Alan Lupton Assocs. Inc.*, 2025 WL 51205 (D. Colo. Jan. 8, 2025) ................................................................................................................ 19-20, 22

*Equal Emp. Opportunity Comm'n v. Glob. Med. Response, Inc.*, 2024 WL 5397527 (D. Colo. Oct. 1, 2024) ...................................................................................................... 12-13

*In re Fresh & Process Potatoes Antitrust Litig.*, 2016 WL 11784717 (D. Idaho Sept. 30, 2016) ............................................................................................................................. 20

*Good Clean Love, Inc. v. Epoch NE Corp.*, 2025 WL 55242 (D. Utah Jan. 9, 2025) ......... .............................................................................................................................. 17, 19, 22

*Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013) ........................................ 22

*Mackey v. IDT Energy, Inc.*, 2019 WL 2004280 (S.D.N.Y. May 7, 2019) ....................... 16

*Martinez v. Wells Fargo Bank, Nat'l Ass'n*, 2018 WL 7825201 (D. Colo. Nov. 28, 2018)... ...................................................................................................................................... 21

*Mount Hope Church v. Bash Back!*, 705 F.3d 418 (9th Cir. 2012) ................................. 22

*Muhlberg v. Sprint Corp.*, 2008 WL 631257 (D. Kan. Mar. 5, 2008) ............................. 12

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 5
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 6 of 26
of 25

*Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 930809 (N.D. Cal. Mar. 9, 2017) ...
....................................................................................................................................... 20

*Pandora Media, LLC v. 800 Pound Gorilla Media, LLC*, 2024 WL 4799115 (C.D. Cal.
Sept. 16, 2024)..................................................................................................................... 20

*Raymond James & Assocs., Inc. v. Terran Orbital Corp.*, 2020 WL 5367319 (S.D. Fla.
Sept. 8, 2020)....................................................................................................................... 20

*Rhea v. Apache Corp.*, 833 F. App'x 186 (10th Cir. 2020) ............................................... 19

*Schweitzer v. LNU*, 2014 WL 722488 (D. Utah Feb. 24, 2014) ...................................... 12

*Stormans Inc. v. Selecky*, 2015 WL 224914 (W.D. Wash. Jan. 15, 2015) ..................... 20

*Wang v. All. for Sustainable Energy, LLC*, 2022 WL 1500779 (D. Colo. May 12, 2022) ....
................................................................................................................................... 12, 14

*W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 2014 WL 1257762 (D.
Colo. Mar. 27, 2014)........................................................................................................22-24

*W. Publ'g Corp. v. LegalEase Sols., LLC*, 2019 WL 8014512 (D. Minn. Nov. 22, 2019)....
....................................................................................................................................... 21

*In re Zantac (Ranitidine) Prods. Liab. Litig.,* 2022 WL 1591128 (S.D. Fla. May 19, 2022)
....................................................................................................................................... 19

*In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2022 WL 19919934 (S.D. Fla. May 23,
2022) ................................................................................................................................. 23

**Rules**

Fed. R. Civ. P. 26(b)(1) ..................................................................................................... 16

Fed. R. Civ. P. 45(d)(1) ................................................................................................. 7, 21-22

Fed. R. Civ. P. 45(d)(2)(B) ........................................................... 7, 11-12, 14, 16-20, 22

Civil Local Rule 7.1(a) ...................................................................................................... 21

Civil Local Rule 7.1(d) ...................................................................................................... 21

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW   Document 19   filed 03/25/26   USDC Colorado   pg 6
Case 3:23-md-03084-CRB   Document 3318-4   Filed 04/10/26   Page 7 of 26
of 25

## PETITIONERS' REPLY IN SUPPORT OF
## <u>MOTION TO TRANSFER OR COMPEL</u>

Petitioners Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this reply in support of its Motion to Transfer or Compel (Dkt. 1) and Opposition to Respondents' Request for Costs, Fees, and Sanctions (Dkt. 18). Pursuant to the Court's February 18, 2026 order (Dkt. 17), Uber limits this brief to replying to Respondents' arguments in opposition to Uber's request for the Court to compel Respondents' compliance with the subpoenas and does not address Uber's request to transfer.[1]

\* \* \* \* \*

Uber seeks narrowly tailored, important, and highly relevant discovery from Respondents about fake ride receipts created by Respondents' website and app-based services and submitted as fraudulent evidence in the Uber MDL. Respondents produced some but not all responsive information in October 2024. Since then, Respondents have fought tooth and nail to avoid producing two discrete categories of responsive data: Stripe payment identifiers for users who paid for Respondents' services to generate fake Uber receipts (which can be used to identify those users) and the names and IP addresses of users who created fake Uber receipts. While Uber has successfully identified some of the fraudulent filings in the vast MDL, there is reason to believe those cases are just the tip

---

[1] Uber reserves the right to reply to any arguments offered by Respondents regarding Uber's motion to transfer this miscellaneous subpoena enforcement proceeding to the issuing court pursuant to Federal Rule of Civil Procedure 45(f). *See* Dkt. 1 at 1-2, 13-23 (9-10, 21-31). Page numbers in citation parentheticals refer to ECF file-stamped page numbers.

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

of the iceberg. Obtaining the discovery from Respondents is critical to identifying and rooting out fraud.

Before reaching the merits of Uber's strong arguments for compelling subpoena compliance, this Court can compel compliance for the simple reason that Respondents have waived their opposition by failing to object to the subpoenas and failing to respond to the waiver argument in their opposition brief.

The Court should also deny Respondents' request for an award of costs and fees. Cost-shifting under Rule 45(d)(2)(B)(ii) is not available because Respondents failed to object to the subpoenas—which they do not dispute in their opposition brief. Respondents therefore waived the right to seek costs. Regardless, costs under this rule cover only *compliance* with a court order compelling subpoena compliance. Respondents' limited compliance was voluntary, not compelled, and therefore not compensable. Costs resulting from Respondents' choice to engage in extensive motion practice is also not compensable under Rule 45(d)(2)(B)(ii). Respondents' attempt to pursue sanctions under Rule 45(d)(1) within their opposition brief and without conferring must be denied as procedurally defective. Further, Respondents have not identified any bad faith or abuse of the subpoena process that would justify an award of sanctions under Rule 45(d)(1). Uber's position has always been that it will reimburse *reasonable* costs of Respondents' *compliance* with the subpoena. *See* Dkt. 1-8 at 14-15 (15-16). Nothing has changed with respect to Uber's position, only Respondents' unreasonable noncompliance and decision to fight compliance on every front.

-7-

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 8
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 9 of 26
of 25

## BACKGROUND

### *Respondents' Services Facilitate Fraud*

In their opposition, Respondents repeat the argument that "Uber has never provided EDS with any evidence that a receipt submitted in the MDL litigation was generated using EDS's services." Opp. at 8. This claim is false. Last year, Uber provided Respondents with MDL filings that include examples of fraudulent receipts MDL plaintiffs submitted that were generated from Respondents' services and that bear Respondents' watermark. *See* Dkt. 1 at 6-7 (14-15).Respondents' claim also ignores the MDL court's finding that MDL plaintiffs have submitted fraudulent receipts generated from Respondents' services.[2]

### *Respondents Admit That They Do Possess Responsive IP Addresses for Users Who Made Fraudulent Uber Receipts*

Four days after Respondents made their production of five spreadsheets, Uber advised Respondents that it did "not believe that compliance is complete." Dkt. 1-8 at 6-7 (7-8). The next day, Respondents advised that one of the spreadsheets had incorrect information and produced a replacement document. *Id.* at 5 (6). In the conferrals and email exchanges following, Uber told Respondents that it believed Stripe IDs and names

---

[2] While not relevant to the discovery issue in this motion, Respondents attempt to address the fact that their services are used to facilitate fraud by stating that "Receipt generation platforms such as those operated by EDS serve a variety of legitimate business and technological purposes" and that "EDS's platforms are used by thousands of small businesses to generate receipts for products and services" and serve the "need replacement or sample receipts for legitimate recordkeeping purposes" Opp. at 3-4. But none of these purposes explains Respondents' numerous templates for users to generate realistic-looking fake receipts from real companies, which can serve little purpose other than facilitating fraud.

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 9
Case 3:23-md-03084-CRB    Document 5318-4    Filed 04/10/26    Page 10 of 26
of 25

and IP addresses (to the extent they were in Respondents' possession) should be produced. *Id.* at 10-15 (11-16).

Respondents' counsel represented that Respondents do not possess names or IP addresses for users of its free or paid services, despite the fact their terms of services stated that they may collect names and IP addresses. Dkt. 1-1 ¶ 24; *see also* Dkt. 1-8 at 11-14 (12-15) (email memorializing November 21, 2025 meet and confer); *id.* at 17 (18) (Respondents counsel stating, following Uber repeatedly explaining it was seeking Stripe IDs and names and IP addresses of users who created fake Uber receipts: "To be clear, Express Digital Services has already produced all responsive data maintained in its systems. The Company does not store first or last names, does not maintain additional identifying information beyond the fields already produced."). In light of this apparent contradiction with the Terms of Service, Uber asked Respondents to provide a declaration supporting Respondents' counsel's representations that they did not have this information. Dkt. 1-8 at 13-14 (14-15). Respondents balked and refused the request. *Id.* at 12-13 (13-14).

Respondents' refusal to support their representations now makes sense— Respondents admit for the first time in their opposition brief that their "systems capture certain technical data fields, including IP address information," but claim that "Uber was aware [of this] during the parties' early discussions." Opp. at 13. That is not true, and illustrates why Respondents must support their unverified assertions with sworn declarations.

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

### *Respondents Did Not Raise Their "Contact Information" Responsiveness Argument in Conferrals*

Another misrepresentation in Respondents' opposition is the claim that they took the position in conferrals with Uber that Stripe IDs and IP addresses were not "contact information" responsive to the subpoena. *See* Dkt. 18-3, ¶¶ 19-20. That is not true. Had Respondents indicated they had not even read the full subpoena, Uber would have pointed them to the subpoena's definition of "contact information" that plainly encompasses such documents. *See* Dkt. 1-5 at 7; Dkt. 18-4 at 5.

### *Respondents' Litigation Conduct Increases Time and Expense*

Respondents have created significant delay and increased costs for both sides through their obstructive conduct.

At the outset, Respondents (unsurprisingly as a business offering services facilitating fraud) made it difficult to locate and serve them. They listed themselves as their own registered agent on their state business entity filing and provided an address for service at a Pack & Ship store, in violation of Colorado law. *See* Dkt. 14 ¶¶ 6-12. This required Uber to subpoena the Pack & Ship store to uncover Mr. Graft's identity and locate him with a private investigator. *See* Dkt. 1-1 ¶ 5.

Then, during the parties' conferrals, Respondents repeatedly represented that they would submit any motion practice to the MDL court. About a week after Uber provided Respondents with its portion of the joint letter brief, pursuant to MDL pretrial procedure, Respondents did an about-face and claimed they never consented to MDL court jurisdiction, demanding that Uber file the motion in this Court. *See* Dkt. 1 at 22-23 (30-

-10-

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 11
Case 3:23-md-03084-CRB    Document 5318-4    Filed 04/10/26    Page 12 of 26
of 25

31); Dkt. 14 ¶¶ 20-24. When Uber did just that, Respondents' counsel refused to accept service of the motion. Dkt. 14 ¶¶ 25-39.

Following the filing of this miscellaneous action and Uber notifying the Judicial Panel on Multidistrict Litigation's (JPML) of it, the JPML issued a Conditional Transfer Order (CTO). After not objecting to the order within the time allowed under the rules, Respondents were allowed to object out of time because they misrepresented that they had not received service of the initial CTO. *See* Dkt. 12 at 7. Respondents elected to file a motion to vacate the CTO and litigate the JPML's tentative decision to transfer the subpoena dispute to the MDL court.

In this Court, Respondents have filed two separate motions seeking to draw out the case schedule even further by months, while missing their initial deadline to filing an opposition brief. *See* Dkt. 7, 12, 15, 16.

None of the delay and extensive motion practice—and the costs associated with it for both sides—was necessary for Respondents to comply with the subpoena.

## ARGUMENT

## I.    THE COURT SHOULD GRANT THE MOTION TO COMPEL BASED ON RESPONDENTS' WAIVER OF SUBPOENA OBJECTIONS.

Respondents' waiver is dispositive. Uber's Motion should be granted. Uber argued in its Motion that the Court should compel compliance for the independent reason that Respondents waived any opposition to compliance the subpoenas by failing to object. *See* Dkt. 1 at 33-36 (41-44). Respondents offered no response to that argument in their opposition brief. *See, generally*, Opp. Respondents have thus waived any argument that they have not waived their opposition to the subpoena by failing to timely object in

-11-

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 12
Case 3:23-md-03084-CRB    Document 3818-4    Filed 04/10/26    Page 13 of 26
of 25

accordance with Rule 45(d)(2)(B). *See Wang v. All. for Sustainable Energy, LLC*, 2022 WL 1500779, at \*3 n.4 (D. Colo. May 12, 2022) (Wang, J.) ("[T]he failure to file written objections to a subpoena 'typically constitutes a waiver of such objections.'"); Dkt. 1 at 33-36 (41-44) (citing cases); *Brown v. Larsen*, 2014 WL 3573415, at \*1 n.1 (D. Utah July 21, 2014) ("In her opposition to Defendants' Motion for Summary Judgment, Brown does not address Defendants' arguments against her federal constitutional claims and thereby waives them."), aff'd, 653 F. App'x 577 (10th Cir. 2016); *Muhlberg v. Sprint Corp.*, 2008 WL 631257, at \*3 n.1 (D. Kan. Mar. 5, 2008) (similar); *Schweitzer v. LNU*, 2014 WL 722488, at \*1 (D. Utah Feb. 24, 2014) (similar, motion to dismiss). As a result of Respondents' waiver, Uber respectfully requests that the Court grant Uber's motion to compel.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD GRANT THE MOTION TO COMPEL BECAUSE THE SUBPOENAS SEEK RELEVANT, PROPORTIONAL DISCOVERY AND DOES NOT IMPOSE AN UNDUE BURDEN.

### A.    The Subpoenas Seek Relevant and Proportional Discovery.

Uber explained why the discovery it seeks is relevant and proportional. *See* Dkt. 1 at 23-29 (31-37). Respondents offer no response in their opposition brief, conceding the issues of relevance and proportionality. *See, generally*, Opp.

### B.    Compliance with the Subpoenas is Not an Undue Burden.

Respondents generally reference "significant" and "increasing" costs associated with their response to Uber's subpoenas—but offer no substantive argument as to why compliance with the subpoenas would be an undue burden and no details about those costs or why they were incurred. *See* Opp. at 2-3, 8, 14. "The party resisting discovery

-12-

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 13
of 25
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 14 of 26

has the burden to show that the request is unduly burdensome." *Equal Emp. Opportunity Comm'n v. Glob. Med. Response, Inc.*, 2024 WL 5397527, at \*7 (D. Colo. Oct. 1, 2024). "A court will not excuse compliance with a subpoena for relevant information simply upon the cry of 'unduly burdensome.' Rather, the employer must show that compliance would unduly disrupt and seriously hinder normal operations of the business." *E.E.O.C. v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993).

As explained above and below, Respondents' costs are primarily the result of their unreasonable noncompliance, obstruction, and gamesmanship in order to *avoid complying* with the subpoena, not the result of *complying* with the subpoenas.

In its Motion, Uber explained why the burdens articulated by Respondents in conferrals—contractual restrictions, privacy objections, and Stored Communications Act restrictions—were meritless. *See* Dkt. 1 at 29-33 (37-41). Respondents have apparently abandoned these arguments. *See, generally*, Opp. Uber also explained that, because Respondents have already identified the universe of fake Uber receipts created with their services, producing Stripe IDs and any names or IP addresses for those users would require only a simple data export. *See* Dkt. 1 at 29-33 (37-41). Respondents offer no response or rebuttal in their opposition brief, conceding the point. *See, generally*, Opp. Mr. Graft's declaration does include an estimate that producing the data "would take several hours to complete." Dkt. 18-1 ¶ 45. This only supports Uber's position; it would take a few hours, not days or dozens or hundreds of hours for Respondents to fully comply with the subpoena and would not impose any substantial or undue burden.

UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 14
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 15 of 26
of 25

### III.    RESPONDENTS' NEW ARGUMENT THAT THE DISCOVERY UBER SEEKS IS NOT RESPONSIVE IS WAIVED AND WITHOUT MERIT.

Respondents' lead argument is that they have already fully complied with the subpoenas with their initial production because Stripe IDs and IP addresses are not responsive to the request for "contact information." *See* Opp. at 10-13. Respondents did not raise this new objection in the parties' conferrals, or any objection of non-responsiveness. The objection is waived. And in any event, it is meritless given that the subpoena defines "contact information" to include the very production being sought.

### A.    Respondents Waived their New Objection that the Discovery Sought is Not Responsive to the Subpoena.

Respondents did not serve any written objections to Uber's subpoenas. Indeed, Respondents never took the position that Stripe IDs and user names and IP addresses in particular were not responsive to the subpoenas in the parties' conferrals, despite conceding that this information was specifically requested by Uber in conferrals. *See, e.g.*, Opp. at 2, 6-8; *see also* Dkt. 18-3 ¶¶ 9, 15, 17, 24-27; Dkt. 1-8 at 10-15, 17-18 (11-16, 18-19). "Ordinarily, the failure to lodge a timely objection under Rule 45(d)(2)(B) will constitute a waiver of any objection to production of the designated documents." *Coomer v. Lindell*, 2023 WL 6376723, at *6 (D. Colo. Sept. 29, 2023) (Wang, J.); *see also Wang*, 2022 WL 1500779, at *3 n.4. Respondents offer no argument as to why this objection is not waived or why the waiver should be excused.

### B.    Respondents' Argument that Stripe IDs and User IP Addresses and Names Are Not Responsive Is Without Merit.

Respondents' argument that Stripe IDs and IP addresses for users who paid for fake Uber receipts are not responsive "contact information" is meritless. "Contact

-14-

information" is a defined term in the request that means "ANY information that could be used to identify a PERSON, INCLUDING name, phone number, physical address, email address, IP address, Apple Account ID, Google Account ID, OR the number AND financial institution RELATED TO ANY payment method, INCLUDING ANY credit card, debit card, OR bank account." Dkt. 1-5 at 7; Dkt. 18-4 at 5. Both IP addresses and Stripe IDs fall within the definition of "ANY information that could be used to identify a PERSON." Further, this definition expressly includes "IP address[es]" and plainly encompasses Stripe IDs by covering "the number …. RELATED to any payment method." *Id.* The subpoena also requests "API data" related to fake Uber receipts generated by Respondents' services, which also encompasses Stripe IDs and IP addresses. *See* Dkt. 1-5 at 8; Dkt. 18-4 at 6 (nos. 3-4).

### C. Respondents Should Provide Declarations to Support Any Claims of Not Possessing Responsive Documents.

Respondents' argument that a declaration supporting their representations that they do not possess names and IP addresses is not responsive to the subpoena is peculiar. Their position appears to be that Uber has no choice but to accept their unverified representations. *See* Opp. at 13-14.

Uber had good reason to not accept their representations blindly. Their Terms of Service indicated they collected names and IP addresses. *See* Dkt. 1 at 12-13 (20-21). And Uber's position has been justified. As explained above, Respondents admitted for the first time in their opposition that they do, in fact, possess user IP addresses—contrary to their prior representations. Courts routinely order both parties and non-parties to submit declarations to support representations about discovery and compliance with subpoenas

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 16
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 17 of 26
of 25

and Uber is not required to blindly trust Respondents. *See* Dkt. 1 at 26-28 (34-36) (citing cases). Respondents should produce these IP addresses and any other contact information or, if they do not have or no longer have such information, provide the requested declarations.

### D. Respondents' Argument that Stripe IDs Are Not Discoverable Because They Do Not Identify Users in Isolation is Meritless.

Stripe IDs will allow Uber to identify users of Respondents' services who created fake Uber ride receipts by obtaining those users' identities through a subpoena to Stripe. Respondents argue that "Rule 45 does not require a non-party to produce internal technical identifiers so that Uber may pursue additional information from Stripe that is maintained in Stripe's own systems." Opp. at 11-12. But they offer no legal authority in support of this proposition. To the contrary, information is not outside the scope of discovery merely because it is not itself admissible or useful in isolation. *See* Fed. R. Civ. P. 26(b)(1). The Stripe IDs are discoverable because they may be used to identify relevant evidence. *See Mackey v. IDT Energy, Inc.*, 2019 WL 2004280, at \*5 (S.D.N.Y. May 7, 2019) (finding that subpoena request "which seeks the identity of third parties possessing [responsive] records … seeks relevant information.").

### IV. RESPONDENTS' REQUEST FOR FEES OR COSTS UNDER RULE 45(d)(2)(B)(ii) SHOULD BE DENIED.

### A. Respondents Are Not Entitled to Fees or Costs Under Rule 45(d)(2)(B)(ii) Because They Did Not Timely Object To the Subpoenas.

Respondents ask the Court to permit them "to seek recovery of its reasonable costs and attorneys' fees incurred in responding to the subpoena and this motion" (Opp. at 15) based on Rule 45(d)(2)(B)(ii), which states that an "order [compelling production or

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 17
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 18 of 26
of 25

inspection] must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."

But the provisions of Rule 45(d)(2)(B) plainly apply only when the responding party timely objects. *See* Fed. R. Civ. P. 45(d)(2)(B) ("A person commanded to produce documents … may serve on the party or attorney designated in the subpoena a written objection …. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. *If an objection is made*, the following rules apply" (emphasis added)).

Consistent with the plain language of Rule 45, courts in this circuit have held that, without a timely objection, the cost-shifting provision does not apply. *See Cruz v. AerSale, Inc.*, 2025 WL 1426884, at *3 (D.N.M. May 16, 2025) ("Rule 45(d)(2)(B) by its own terms applies only where the third party makes objections." (quoting *Cypress Prop. & Cas. Ins. Co. v. Jallad & R Invs., LLC*, 2023 WL 2899461, at *2 (N.D. Tex. Mar. 2, 2023))); *Good Clean Love, Inc. v. Epoch NE Corp.*, 2025 WL 55242, at *2 (D. Utah Jan. 9, 2025) ("[A] subpoenaed party can obtain cost-shifting protections under Rule 45(d)(2) only if [among other things] the subpoenaed party timely serves objections on the requesting party …. If this process is not followed, the court cannot rely on Rule 45(d)(2)'s cost-shifting provisions, which precludes the court from delving into the numerous factors as to whether a non-party's costs constitute 'expenses' and are 'significant.'"); *Blueberry Hill Home Owners, Inc. v. Am. Fam. Mut. Ins. Co.*, 2022 WL 2953040, at *2 (D. Colo. July 26, 2022) (Rule 45(d)(2) applies where "a *court orders a non-party to comply with a subpoena over that non-party's objection*" (quoting *U.S. v. McGraw-Hill Cos., Inc.*, 302 F.R.D. 532, 534 (C.D. Cal. 2014))); *In re Application of Michael Wilson & Partners, Ltd., for Jud.*

-17-

*Assistance Pursuant to 28 U.S.C. Section 1782*, 2012 WL 1901217, at *3 (D. Colo. May 24, 2012) (Rule 45(d)(2) applies "*where there is an objection*" (emphasis added)), *aff'd* 520 F. App'x 736 (10th Cir. 2013).

As explained in Uber's motion (Dkt. 1 at 23-29 (31-37)), Respondents failed to timely object to the subpoenas. And as explained above (*supra*, § I), Respondents conceded this point by failing to respond to Uber's waiver argument in Respondents' opposition brief. Therefore, the cost-shifting provision of Rule 45(d)(2)(B)(ii) does not apply. *See Blueberry Hill*, 2022 WL 2953040, at *3 (denying cost-shifting under Rule 45(d)(2)(B)(ii) because "[t]he only burden [the non-party] objected to—the tight timeline— was alleviated by an extension of time and rolling productions.").

**B.    Fees or Costs Under Rule 45(d)(2)(B)(ii) Are Limited To Costs of Compliance with Court-Ordered Compliance.**

Even if they had not waived their ability to seek costs and fees under Rule 45(d)(2)(B), Respondents appear to misunderstand the scope of reimbursable expenses under this provision. They "seek recovery of its reasonable costs and attorneys' fees incurred in *responding to* the subpoena and this motion," and also refer to the costs of litigating the Judicial Panel on Multidistrict Litigation's (JPML) conditional transfer order. Opp. at 8, 14-15 (emphasis added). But Rule 45(d)(2)(B)(ii) protects objecting non-parties from "significant expense resulting from compliance" with an order compelling compliance with a subpoena. There has not yet been an order compelling compliance. Expenses incurred by Respondents through voluntary compliance and through resisting compliance with the subpoena are not compensable.

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 19
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 20 of 26
of 25

The focus of the "significant expense" inquiry is the expense that Respondents would incur in producing the Stripe IDs and names and IP addresses (or declarations/affidavits that they do not possess such documents), not everything Respondents have done following the service of the subpoenas. *See Good Clean Love*, 2025 WL 55242, at \*3 ("[E]ven if [the non-party] wanted to avail itself of Rule 45(d)(2)'s cost-shifting provisions at this point, it cannot because no court has entered an order compelling [the non-party] to respond to the subpoena and finding that [the non-party] would incur expenses that are significant in order to comply with the court's order."). That is because the Rule 45(d)(2)(B)(ii) inquiry focuses on "significant expense resulting from [a non-party's] compliance *with the order*" compelling subpoena compliance. *See Rhea v. Apache Corp.*, 833 F. App'x 186, 189 (10th Cir. 2020) (emphasis added); *In re Zantac (Ranitidine) Prods. Liab. Litig.,* 2022 WL 1591128, at \*3 (S.D. Fla. May 19, 2022). ("Although [the non-party's] Motion cites Rule 45(d)(2)(B), I never entered an order compelling Valisure to comply with either subpoena. '[T]he protections of Rule 45(d)(2)(B)(ii) are only applicable if a responding non-party timely enters objections to the subpoena and a court subsequently issues an order compelling a response to the requests.'" (quoting *In re Am. Kidney Fund, Inc.*, 2019 WL 1894248 at \*4 (D. Md. Apr. 29, 2019))). Producing this data would not impose significant expense on Respondents and would only take a few hours of work. *See* Dkt. 18-1 ¶ 45.

Further, Rule 45(d)(2)(B)(ii) allows reimbursement of costs and fees only for *compliance*—not for resisting a subpoena. *Electro-Mech. Prods., Inc. v. Alan Lupton Assocs. Inc.*, 2025 WL 51205, at \*10 (D. Colo. Jan. 8, 2025) (Rule 45(d)(2)(B)(ii) "refers specifically to 'significant expense resulting from compliance,'" making it "an unlikely

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW   Document 19   filed 03/25/26   USDC Colorado   pg 20
Case 3:23-md-03084-CRB   Document 3318-4   Filed 04/10/26   Page 21 of 26
of 25

source of authority to award attorney's fees incurred in *resisting* a subpoena."). "The plain language of Rule 45 provides that non-parties must be protected from significant expenses resulting from *compliance* [with a court order or subpoena]. It is a tenuous proposition, at best, that attorneys' fees incurred *resisting* a subpoena are expenses resulting from compliance. … [The rule does not encompass] attorneys' fees for litigating a subpoena." *Stormans Inc. v. Selecky*, 2015 WL 224914, at \*5 (W.D. Wash. Jan. 15, 2015); *see also Pandora Media, LLC v. 800 Pound Gorilla Media, LLC*, 2024 WL 4799115, at \*3 (C.D. Cal. Sept. 16, 2024); *Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, 2023 WL 3624783, at \*4 (S.D. Ohio May 24, 2023); *Raymond James & Assocs., Inc. v. Terran Orbital Corp.*, 2020 WL 5367319, at \*3 (S.D. Fla. Sept. 8, 2020); *Contant v. Bank of Am. Corp.*, 2020 WL 3260958, at \*5 (S.D.N.Y. June 17, 2020); *In re Aggrenox Antitrust Litig.*, 2017 WL 4679228, at \*9 (D. Conn. Oct. 18, 2017); *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 930809, at \*2 (N.D. Cal. Mar. 9, 2017); *In re Fresh & Process Potatoes Antitrust Litig.*, 2016 WL 11784717, at \*6 (D. Idaho Sept. 30, 2016).

Here, Respondents' compliance to date was completed by October 31, 2025—while they have not provided any evidentiary support, Respondents claimed their expenses were around $3,000 at that point. *See* Dkt. 1-8 at 4-5, 15 (5-6, 16). That production was a simple data export and production of a handful of spreadsheets. Respondents have not done any further compliance since that point, but have engaged in significant motion practice to *resist* complying with the subpoenas. The lion's share of Respondents' expenses have not resulted from compliance but from their decisions to fight compliance and fight the JPML's tentative decision to transfer the dispute to the MDL court. Such expenses are not recoverable under Rule 45(d)(2)(B)(ii).

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 21
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 22 of 26
of 25

## V.    RESPONDENTS' REQUEST FOR SANCTIONS UNDER RULE 45(d)(1) IS PROCEDURALLY IMPROPER AND WITHOUT MERIT.

The other basis for Respondents' request for costs and fees is Rule 45(d)(1), which provides for enforcement of the duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" by imposing "an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." This request is meritless and procedurally improper.

### A.    Respondents' Request for Sanctions Under Rule 45(d)(1) Is Procedurally Improper.

Respondents' request should be denied because they have not filed a separate motion for sanctions under Rule 45(d)(1). Instead, they included this request in their opposition brief, in violation of Civil Local Rule 7.1(d). *See also W. Publ'g Corp. v. LegalEase Sols., LLC*, 2019 WL 8014512, at *7 n.4 (D. Minn. Nov. 22, 2019) (denying request for costs by non-party subpoena recipient because, among other reasons, it was "raised in [the non-party's] opposition brief rather than made by motion").

Relatedly, Respondents did not confer with Uber prior to requesting sanctions, in violation of Civil Local Rule 7.1(a)—as Respondents have failed to do with their prior two motions in this action. *See* Dkt. 12 at 3-4; Dkt. 18 at 4. "A violation of Local Rule 7.1(a) is an independent basis for denial of a motion." *Martinez v. Wells Fargo Bank, Nat'l Ass'n*, 2018 WL 7825201, at *3 (D. Colo. Nov. 28, 2018) (Wang, J.).

### B.    Respondents' Request for Sanctions Under Rule 45(d)(1) Is Without Merit.

Procedure aside, Respondents' request for sanctions under Rule 45(d)(1) (without using the word "sanctions") is meritless. Sanctions under Rule 45(d)(1) are distinct from

-21-

cost-shifting under Rule 45(d)(2)(B)(ii). Even a subpoena that is sufficiently overbroad that a motion to compel is denied (or motion to quash granted) does not automatically warrant sanctions. *See, e.g.*, *Good Clean Love*, 2025 WL 55242, at *3 ("[The non-party] has not carried its burden to show that Plaintiffs' subpoena was so unreasonable as to be sanctionable … [as it] has not made any showing that Plaintiffs' subpoena was issued in bad faith, for an improper purpose, in violation of existing law, or was unsigned. … Although the court agrees that some of the requests in the subpoena are overly broad, they do not cross the line into sanctionable conduct."); *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 2014 WL 1257762, at *22 (D. Colo. Mar. 27, 2014) ("While Western's document requests could have been drafted more narrowly, that fact standing alone does not justify sanctions."); *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012) ("[W]e hold that absent undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party, Rule 45[(d)](1) sanctions are inappropriate.").

There is an important principle behind courts' reluctance to sanction parties for issuing subpoenas: "[t]he scope of permissible sanctions under Rule 45(c)(1) should not be so broad as to chill or deter the vigorous advocacy on which our civil justice system depends." *Mount Hope*, 705 F.3d at 429–30; *see also Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) ("[T]he district court need not impose sanctions every time it finds a subpoena overbroad."); *Electro-Mech.*, 2025 WL 51205, at *11.

Also relevant to the Rule 45(d)(1) sanctions analysis is the issuing party's "willingness to narrow the scope of its subpoena" through conferrals with the non-party and "the non-party's own evasive or obstructive conduct" and "unreasonable behavior" in

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 23
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 24 of 26
of 25

the form of noncompliance with the subpoena and "deliberate foot-dragging." *W. Convenience Stores,* 2014 WL 1257762, at *23, *25-*26

**Respondents' expenses primarily arise from their unreasonable noncompliance, obstruction, and litigation gamesmanship, not from compliance with the subpoena.** Uber's position has been and remains consistent. It will cover *reasonable* costs of Respondents' *compliance* with the subpoena. *See* Dkt. 1-8 at 14-15 (15-16). Uber's subpoena was narrowly tailored. Respondents' initial production was exported and produced in a very short period of time and did not involve extensive searches or review of emails, as is common in discovery. Even by Respondents' estimate, producing the additional responsive data would take "several hours," not dozens or hundreds of hours. *See* Dkt. 18-1 ¶ 45.

Respondents' costs of "responding to the subpoena" are largely self-inflicted by choosing to fight tooth and nail over two discrete categories of documents it could and should have easily produced months ago. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2022 WL 19919934, at *7 (S.D. Fla. May 23, 2022) ("[T]he [non-party] should not be compensated for opposing the [JPML] Motion to Transfer this matter to the MDL court …. It was absolutely within [the non-party's] rights to oppose transfer to this Court, but the financial costs of that decision cannot fairly be attributed to the Brand Defendants.").

**Respondents have engaged in obstructive conduct and delay tactics.** As outlined above, Respondents have engaged in "evasive [and] obstructive conduct" through its gamesmanship and delay tactics, "unreasonable behavior" by refusing to comply with the subpoena on two narrow categories of responsive data, and "deliberate foot-dragging" by forcing extensive motion practice for Uber to obtain plainly relevant

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW

discovery. *W. Convenience Stores,* 2014 WL 1257762, at *23, *25-*26. Even if sanctions were potentially warranted against Uber (and they are not), Respondents' own conduct weighs strongly against imposing sanctions. *See id.*

**Respondents have not shown any bad faith or abuse of the subpoena power by Uber that would warrant an award of sanctions.** While Respondents argue (new and waived) responsiveness objections to the subpoena, they do not articulate any conduct by Uber approaching bad faith or "so unreasonable as to be sanctionable." *W. Convenience*, 2014 WL 1257762, at *22.

## CONCLUSION

For the reasons set forth above, Uber asks the Court to order Respondents to: (1) produce all Stripe IDs associated with all users who created an Uber ride receipt using one of Respondents' services, and (2) either produce all names and IP addresses associated with all users who created an Uber ride receipt using Respondents' services, or provide a declaration to Petitioners from each Respondent, stating under oath that they do not maintain this information.

Dated: March 25, 2026

Respectfully Submitted,

*/s/ Daniel E. Rohner*
Daniel E. Rohner
**SHOOK, HARDY & BACON L.L.P.**
1660 17th Street, Suite 450
Denver, CO 80202
drohner@shb.com

*Counsel for Petitioners Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC*

-24-

Case No. 1:25-mc-00121-NYW    Document 19    filed 03/25/26    USDC Colorado    pg 25
Case 3:23-md-03084-CRB    Document 3318-4    Filed 04/10/26    Page 26 of 26
of 25

## CERTIFICATION PURSUANT TO DECEMBER 1, 2025 STANDING ORDER

The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

*/s/ Daniel E. Rohner*
Daniel E. Rohner
**SHOOK, HARDY & BACON L.L.P.**
*Counsel for Petitioners Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC*

**UBER'S REPLY IN SUPPORT OF MOTION TO TRANSFER OR COMPEL (DKT. 1)**
Case No. 1:25-mc-00121-NYW