[Submitting Counsel below]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANTS' TRIAL BRIEF ON PLAINTIFF'S DAMAGES THEORY** |
| *WHB 823 v. Uber Techs., Inc., et al* N.D. Cal. No. 3:24-cv-04900 | |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| WHB 823, | No. 3:25-cv-00737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Administrative Motion to File Under Seal portions of Plaintiff's Response to Defendants' Trial Brief on Plaintiff's Damages Theory.

Plaintiff respectfully requests the Court seal portions of Plaintiff's Response to Defendants' Trial Brief on Plaintiff's Damages Theory ("Plaintiff's Response").

## I. BACKGROUND AND REQUESTED SEALING

The following portions of Plaintiff's Response and attached exhibits are at issue:

| Exhibit | Description of Material to Be Sealed |
|---|---|
| [UNREDACTED] Exhibit 1- Portions of Plaintiff's Response to Defendants' Trial Brief on Plaintiff's Damages Theory | Portions of Plaintiff's Response to Defendants' Trial Brief on Plaintiff's Damages Theory containing the mental health history of Plaintiff WHB 823 and the intimate aspects of her personal life. |

## II. LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. What constitutes a "'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## III. PLAINTIFF'S RESPONSE SHOULD BE SEALED

The information that Plaintiff seeks to seal includes information regarding the intimate aspects of Plaintiff's personal life and the mental health history of Plaintiff. *See* Brahmbhatt Decl. ¶ 3.

### A. Failing to Seal the Records Would Harm Plaintiff

First, the portions of Plaintiff's Response that contain the intimate aspects of Plaintiff's personal life should be sealed. *Sparks v. Mamer,* 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the

public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights.").

Second, the portions of Plaintiff's Response that contain information regarding Plaintiff's mental health history should be sealed. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."). Courts routinely find that "individual privacy rights in… health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases).

The intimate aspects of Plaintiff's personal life and mental health history of Plaintiff are inherently private and highly sensitive and typify the types of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel. *See* Brahmbhatt Decl. ¶ 5; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted).

The significant privacy concerns of Plaintiff outweigh the public's minimal interest in knowing her highly sensitive information and warrant the sealing of this information. *See* Brahmbhatt Decl. ¶ 4.

**B.      Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of Plaintiff's Response, since describing the material Plaintiff seeks to seal is tantamount to revealing the details of its content. *See* Brahmbhatt Decl. ¶ 6. Plaintiff's request is narrowly tailored to seal only highly sensitive personal information. *See id.*

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court order that the portions of Plaintiff's Response listed above be maintained under seal.

Dated: April 11, 2026                                        Respectfully submitted,

By: */s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH & LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

PLAINTIFF'S ADMININSTRATIVE MOTION TO FILE UNDER SEAL
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-CV-00737

4

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: April 11, 2026                             By:     */s/ Myles Shaw*

                                                          Myles Shaw

---