**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **PLAINTIFF'S RESPONSE TO DEFENDANTS' TRIAL BRIEF ON PLAINTIFF'S DAMAGES THEORY** |
| This Document Relates to: | **PROVISIONALLY FILED UNDER SEAL** |
| *WHB 823 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900 | Judge: Hon. Charles R. Breyer |
| | Courtroom: 6 – 17th Floor |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823, | No. 3:25-cv-00737-CRB |
| Plaintiff, | |
| v. | Judge: Hon. Charles R. Breyer |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff WHB 823 only seeks damages for ▮▮▮▮▮▮ she experienced on the date of the incident, March 26, 2019. Pretrial Conf. Tr. 60:9–20. Therefore, the Court already decided to "instruct the jury that they can't consider any ▮▮▮▮▮▮ or ▮▮▮▮▮▮" outside the date of the incident. Pretrial Conf. Tr. 70:15–19; *see also id.* 81:12–19 ("Out with the ▮▮▮▮▮▮. Out with ▮▮▮▮▮▮ and ▮▮▮▮. ▮▮▮, out. ▮▮▮▮▮▮▮▮, out. ▮▮▮, out. ▮▮▮, not there."). Uber asks the Court to reconsider its prior decision based on the theory that Plaintiff was somehow ▮▮▮▮▮ to suffer any ▮▮▮▮▮▮ from the incident. *See* Dkt. 5801 at 7. But this is exactly what the Court cautioned against, noting "this other stuff just paints her as a person [who is] ▮▮▮▮▮▮ and not worthy of recompense." *Id.* at 69:22–70:1. The Court was right the first time and should reject Uber's attempt to seek reconsideration of this decision.

**ARGUMENT**

**I.    Plaintiff's Prior ▮▮▮▮▮▮▮▮ is Not Relevant to Her ▮▮▮▮▮▮▮ from this Discrete Incident.**

Uber claims that it must be able to compare Plaintiff's emotional distress on the date of incident to her ▮▮▮▮▮▮▮▮ to parse the extent to which the incident ▮▮▮▮▮▮ ▮▮▮▮▮▮▮ contributed to her harm. Dkt. 5801 at 1. This is because, according to Uber, Plaintiff is simply ▮▮▮▮ for its ▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 5801 at 4 ("it is difficult to imagine any ▮▮▮▮▮▮▮ Plaintiff might assert that could not have arisen from, or been impacted by, her ▮▮▮▮▮▮▮▮▮."). However, Uber fails to identify any authority that permits evidence of ▮▮▮▮ where such circumscribed and ordinary emotional distress damages are at issue. Instead, Uber relies exclusively on cases involving severe, continuing injuries and not the kind of discrete injury at issue here. *See Potts v. Howser*, 161 S.E.2d 737, 739 (N.C. 1968) (permitting evidence of past physical injuries where plaintiff alleged severe, continuing injury); *McCleland v. Montgomery Ward & Co.*, 1995 WL 571324, at *2 (N.D. Ill. 1995) (permitting evidence of ▮▮▮▮▮ where plaintiffs retained claims for specific ▮▮▮▮▮

████████, including ██████ and ████████). These continuing injuries are nothing like Plaintiff's discrete claim for garden variety ████████████ on the day of the incident.

Uber also misrepresents *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999),[1] *E.E.O.C. v. Sheffield Fin.*, LLC, 2007 WL 1726560, at *4-5 (M.D.N.C. June 13, 2007), and *Vinson v. Superior Court*, 740 P.2d 404 (Cal. 1987).[2] Those cases have nothing to do with the *admissibility* of emotional distress damages at trial and only address whether prior mental health history is *discoverable*. Even so, under the much more liberal discovery standard, "[g]arden variety allegations by a plaintiff of emotional distress, however, are generally insufficient to put the mental condition of the plaintiff at issue." *M.M. v. Burke Cnty. Pub. Schs.*, 2014 WL 2812536, at *1 (W.D.N.C. July 23, 2014).

None of the cases Uber cites even suggest ████████████ is relevant to ordinary garden variety emotional distress claims in order to establish the "baseline" emotional state of the plaintiff. Dkt. 5801 at 1. This is unsurprising because garden variety emotional distress claims are distinct from an aggravation of a preexisting mental health condition. Garden variety emotional distress claims are "the distress that any healthy, well-adjusted person would likely feel as a result of being victimized; the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel given the defendant's conduct; and general pain and suffering that is not serious enough to require psychological treatment or disrupt of affect the claimant's life activities." *Norbert v. San Francisco Sheriff's Dept.* 2023 WL 12033253 at *18 (N.D. Cal. April 5, 2023) (citations and quotations omitted). In other words, a jury does not need to know Plaintiff's "baseline psychological state," Dkt.

---

[1] There is also no evidence in *Doe* that the plaintiff limited her claimed "severe emotional distress" to the immediate effects of a discrete incident (indeed, because the discovery issue was decided on the pleadings, there was no basis to find such a limitation). 196 F.R.D. at 569.

[2] *Vinson* is also distinguishable because the plaintiff in that case attributed "continuing mental ailments" to the defendants. 740 P.2d at 839, 842. The court clarified, however, that were the plaintiff seeking damages only for "having to endure" the incident, it would rule differently. *Id.* at 840. Here, Plaintiff does not claim any continuing ████████████████ from the incident and is only seeking garden variety emotional distress damages from the date of incident for "having to endure" the incident. *See id.* Though Uber asserts the Court admitted evidence of prior trauma "based on this authority" in *Dean*, the present case is not comparable to *Dean*. While Plaintiff Dean claimed a continuing impact on her mental health from the incident, Plaintiff WHB 823 does not.

PL'S RESPONSE TO TRIAL BRIEF RE: DAMAGES THEORY
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

5801 at 1, to determine whether Plaintiff experienced "ordinary" emotional distress. *Id.*; *see also* Pretrial Conf. Tr. 66:17–22 ("the jury is perfectly capable of coming to a conclusion that a person who is ███████ … reasonably would have affected her in a particular way, a person in a particular way.").

**II.      Plaintiff's Prior ███████████████████████████ is Highly Prejudicial.**

Even if Plaintiff's ████████████████ issues were relevant, the risk of unfair prejudice substantially outweighs this arguable probative value. Fed. R. Evid. 403; *Schagene v. Mabus*, 704 Fed. App'x 671, 673 (9th Cir. 2017) (holding district court erred in admitting evidence of ████████████████████████████████.

Uber's suggestion that it will not use Plaintiff's ███████████████████ to portray her "in a bad light" but rather as a "victim" of others is disingenuous given that Uber plans to introduce evidence of █████████████████████████████████. Dkt. 5801 at 5 (quoting *Kahle v. Leonard*, 2008 WL 11450648, at *2 (D.S.D. Feb. 15, 2008)).[3] Not only is this evidence "so prejudicial with so little probative value," Pretrial Conf. Tr. 69:22–70:1, it poses a substantial risk of derailing a trial (and, by necessity, voir dire) based on a discrete damages theory with mini-trials about the facts of each prior incident and its impact on Plaintiff's mental state.

A limiting instruction will not cure the risk of prejudice.[4] There is significant risk the evidence will be used for an improper purpose given Uber's assertion that it is "difficult to imagine" Plaintiff's reaction to the incident was anything other than a result of ████████. Dkt. 5801 at 4. However, to the extent the Court intends to permit some of this evidence, any limiting instruction should include Plaintiff's proposed modification to the Proximate Cause—Activation/Aggravation jury instruction, Dkt. 5679 at 27.

**III.      Plaintiff's ███████████ and ███████████ Does Not Go to Credibility.**

---

[3] Unlike in this case, the plaintiff in *Kahle* brought claims for past *and* future emotional distress resulting from ███████████████████. 2008 WL 11450648, at *1. Thus, the probative value of past ███████ was far greater relative to potential prejudice than in this case. *Id.*

*United States v. Devine*, 40 F.4th 139 (4th Cir. 2022) is inapposite. Devine centers on the use of limiting instructions to prevent evidentiary spillover between criminal defendants whose cases are tried together. 40 F.4th at 149.

PL'S RESPONSE TO TRIAL BRIEF RE: DAMAGES THEORY
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

Uber claims evidence of prior ██████████████ and ████ is admissible to prove Plaintiff's "motive" of minimizing the impact of ██████ on her ████████ in favor of emphasizing the impact of the incident. Dkt. 5801 at 6. This theory does not stand up to scrutiny. Plaintiff has no motive to suggest the incident impacted her ████████████ when she is not bringing any claim for those injuries. Uber cannot require Plaintiff to seek damages she is not seeking, or put her current ██████ at issue, so that it can cross-examine her about them. And Uber's argument that Plaintiff's self-diagnosed ███ is now relevant is flatly inconsistent with the company's earlier commitment that it "does not intend to reference Plaintiff's statements about ███ at trial." Uber MIL Opp. at 13 n.4.

Further, while Uber may believe Plaintiff's subjective analysis of her ████████ is "implausible," *id.*, there is no suggestion that Plaintiff ever intentionally misrepresented or "exaggerated"[6] her ██████. Most importantly, Uber failed to demonstrate that purported "exaggeration" of claims not at issue may be introduced to challenge credibility. In *McCleland*, for example, the court permitted evidence of the plaintiff's hospitalization for impeachment purposes where the plaintiffs withdrew claims for medical bills from the hospitalization but *not* the underlying ████████████████████ for which they were treated. 1995 WL 571324, at *2. Uber's unsupported speculation about Plaintiff's alleged motive does not warrant introduction of highly prejudicial evidence of unrelated ████ ██████.

**CONCLUSION**

For the foregoing reasons, the Court should prohibit Uber from introducing evidence of Plaintiff's ████████████████ pre- or post-dating March 26, 2019.

---

[5] In *Linden v. Berryhill*, the Plaintiff's exaggeration of symptoms was considered as part of a two-part test by an ALJ evaluating the credibility of her disability claims. 736 Fed. App'x 684, 685 (9th Cir. 2018). The court in *Linden* did not evaluate whether purported exaggeration of symptoms was admissible at trial. *Id.*

[6] Uber's selective citations to Dr. Rad's testimony (a witness that has been stricken from Uber's witness list) are misleading. Dr. Rad never opined that Plaintiff misrepresented or exaggerated her ██████. To the contrary, Dr. Rad explained, after the incident, Plaintiff's past ██████ began to "pour out," which is why Plaintiff attributes her ██████ to the Uber ride specifically. Rad Dep. 111:11–13.

PL'S RESPONSE TO TRIAL BRIEF RE: DAMAGES THEORY
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

Dated: April 11, 2026

Respectfully submitted,

By: /s/ Sejal K. Brahmbhatt
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
sbrahmbhatt@whlaw.com

*Counsel for Plaintiff WHB 823*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated:  April 11, 2026

By:    /s/ Myles Shaw
Myles Shaw