[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL** |
| This Document Relates to: | Judge:        Hon. Charles R. Breyer |
| | Courtroom:   6 – 17th Floor |
| *WHB 823 v. Uber Techs., Inc.,* | Date Filed:   April 12, 2026 |
| *N.D. Cal. No. 3:24-cv-04900* | Trial Date:    April 14, 2026 |
| *W.D.N.C. No. 3:25-cv-00737* | |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823, | CASE NO. 3:25-cv-00737-CRB |
| Plaintiff, | Judge:        Hon. Charles R. Breyer |
| v. | Courtroom:   501 |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants | |

Pursuant to Northern District of California Civil Local Rule 79-5(f), Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion to Seal Exhibits 2, 4, and 6[1] attached to Uber's Opposition to Plaintiff's Offer of Proof Regarding Driver Deactivation. For the reasons set forth herein, there are compelling reasons to seal the following Exhibits:

| Document | Description | Party Claiming Confidentiality |
|---|---|---|
| Defendants' Opposition to Plaintiff's Offer of Proof re Driver Deactivation | Defendants' Opposition to Plaintiff's Offer of Proof re Driver Deactivation containing references to material designated confidential by Uber | Uber |
| Ex. 2 to Declaration of Laura Vartain Horn ISO Defendants' Opposition | UBER_MDL3084-DFS00074490 | Uber |
| Ex. 4 to Declaration of Laura Vartain Horn ISO Defendants' Opposition | UBER_JCCP_MDL_000366728 | Uber |
| Ex. 6 to Declaration of Laura Vartain Horn ISO Defendants' Opposition | UBER-MDL3084-DFS00159967 | Uber |

## I.    LEGAL STANDARD

In the Ninth Circuit, courts use one of two standards to decide whether a document supporting a motion should remain under seal—the "compelling reasons" standard or the "good cause" exception. *Amarte USA Holdings, Inc. v. Kendo Holdings Inc.*, No. 22-cv-08958-CRB, 2024 WL 4487404, at *1 (N.D. Cal. Aug. 13, 2024) (citations omitted). When a motion is dispositive, the compelling reasons standard applies. *Id.* Motions concerning evidence at trial, such as motions in limine, are generally considered dispositive for purposes of a sealing motion. *E.g.*, *Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (VET), 2025 WL 1115295, at *1 (S.D. Cal. Apr. 14, 2025); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) ("plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case").[2]

---

[1]    Uber is also seeking to seal an image in its Opposition taken from Exhibit E to Plaintiff's Motion. Uber will address the sealing of that image when it files its Statement in Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Materials Should Be Filed Under Seal.

[2]    The Ninth Circuit provided the example of a motion in limine to admit statements in furtherance of a conspiracy, which it noted "will often spell out the very conspiracy alleged in a civil RICO complaint." *Id.* at 1099 n.5. Of course, some motions in limine may be more tangentially related to the merits of the

1

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)

"'[B]usiness information that might harm a litigant's competitive standing [if disclosed]' meets the compelling reasons standard for sealing." *Miller v. RP On-Site, LLC*, No. 19-CV-02114-LHK, 2021 WL 624175, at *2 (N.D. Cal. Jan. 8, 2021) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)); *see also Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) ("common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.") (internal alterations and citations omitted); *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld the sealing of "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing").

**II.    ARGUMENT**

Uber has established a compelling interest in sealing Exhibits 2, 4, and 6. Exhibits 2 and 6 are reports generated from Uber's project management software, known as JIRA, in connection with Uber's investigation into Plaintiff's incident complaint. The JIRA reports reveal the details of Uber's proprietary system for performing comprehensive investigations in response to incident reports related to rides arranged on the Uber platform ("Investigative Procedures"), as Uber has described previously. *See generally* 3/20/26 Brown Decl. ¶ 3 (ECF 5586-2). The JIRA reports reveal proprietary, highly confidential information regarding Uber's Investigative Procedures, including: Uber's investigative methodology and measures for evaluating reports; the type of information that is collected by Uber and how that information

---

case. Indeed, Plaintiff argues that the good cause standard applies to motions related to the scope of evidence that may be presented at trial. ECF No. 4880 at 1. Uber contends that its proposed redactions are appropriate under either the good cause or compelling reasons standard, and addresses the higher standard in an abundance of caution.

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)

is analyzed and distilled during an investigation; and the process by which reports are characterized, assessed, and classified as a result of Uber's investigation thereof. *Id.*

Similarly, Exhibit 4 is a description of the deactivation policies ("Deactivation Policies") that Uber has implemented. It reveals specific and detailed information about Uber's deactivation policies, and how decisions concerning deactivation are made. *See generally* 1/13/26 Brown Dec. ¶ 16 (ECF 4992-25) (discussing the confidential and proprietary nature of Uber's deactivation policies).

Unsealing these documents would result in competitive harm to Uber because Uber's main competitors could replicate Uber's Investigative Procedures and Deactivation Policies, which Uber has invested significant human and financial capital to develop and operationalize. 3/20/26 Brown Dec. ¶¶ 4-5; 1/13/26 Brown Dec. ¶ 16; *see Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025) (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons standard); *E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (granting motion to seal "proprietary, confidential, and trade secret information, which if made public, would harm [party's] business by, e.g., allowing competitors to replicate [party's] development of [its digital banking service] without expending the resources it invested"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products"); *United States v. Rite Aid Corp.*, No. 2:12-CV-1699-KJM-EFB, 2019 WL 1923234, at *2 (E.D. Cal. Apr. 29, 2019) (granting motion to seal "'detailed, non-public information' regarding [party's] 'internal data systems, processes, and practices,'… consisting primarily of the layout, organization, and content of [party's] internal computer system"); *id.* (compelling reasons existed to seal exhibit where public dissemination "'may allow Defendants' competitors to reap the benefit of the [content] without having to incur the costs associated with developing the[m]'") (citing *Esquivel v. Bank of Am., N.A.*, No. 2:12-CV-02502-GEB, 2015 WL 4224712, at *4 (E.D. Cal. July 10, 2015)).

Moreover, protecting Uber's Investigative Procedures and Deactivation Policies is necessary to protect the drivers and riders who use the Uber platform. Revealing those procedures and policies to the public could allow third-party users of the Uber app to undermine and exploit Uber's methodologies for

3

investigating and deactivating riders and drivers, including through fraudulent activity, compromising safety to the detriment of users and drivers. 3/20/26 Brown Dec. ¶ 6; 1/13/26 Brown Dec. ¶ 16; *Ashcraft v. Welk Resort Grp. Corp.*, No. 2:16-cv-02978-JAD-NJK, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "identity thieves could use [ ] to develop methods to circumvent Experian's protections").

Although Uber seeks to seal these documents in full, that is the least restrictive approach to protect Uber's Investigatory Procedures and Deactivation Policies from disclosure. The manner in which the information is collected, laid out, and formatted in the JIRA Reports is itself valuable and proprietary information. *See Rite Aid Corp.*, 2019 WL 1923234, at *2 (granting motion to seal "'detailed, non-public information' regarding [party's] 'internal data systems, processes, and practices,'... consisting primarily of the **layout, organization, and content** of [party's] internal computer system") (emphasis added). Moreover, Exhibit 4 is a dense policy document that reveals specific details concerning Uber's approach to deactivation throughout.

The JCCP Court agreed that JIRA reports similar to Exhibits 2 and 6 should be maintained under seal. "The declaration of Greg Brown filed July 3, 2025 establishes an overriding interest in confidentiality [of] business information, Uber's investigatory records, that supports sealing the record.... Although Uber seeks to seal [the reports] in their entirety, no less restrictive means exist to achieve the overriding interest." *See* JCCP Sealing Order at 9 (ECF No. 5586-5). The Court should similarly seal Exhibit 4 here.

## III.    CONCLUSION

Compelling reasons exist for the Court to seal the Exhibits as described above. Uber therefore respectfully requests that the Court order that the Exhibits be sealed.

DATED:  April 12, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

4

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

5

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL          Case No. 3:23-md-03084-CRB (LJC)