ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDERS DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10** |
| *WHB 1673 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05552-CRB | |

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDERS
DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

WHB 1673 failed to comply with this Court's PTO 10 for more than nine months, despite repeated warnings from Uber and this Court that her case could be dismissed as a result. More than four months ago, this Court dismissed WHB 1673's case without prejudice for her non-compliance and failure to prosecute her case. ECF 4442. Although the Court had set forth procedures Plaintiffs could take to cure their deficiencies and reinstate their cases in Amended PTO 10, ECF 4287, WHB 1673 failed to take any of the necessary actions. Accordingly, Uber moved to convert the dismissal of WHB 1673's case to a dismissal with prejudice under procedures agreed to by the parties and approved by the Court in Amended PTO 10. ECF 5014. The Court granted Uber's motion and dismissed WHB 1673's case with prejudice a month and a half ago, on February 13. ECF 5229. Now, glossing over this extensive history of non-compliance and making vague excuses about a "serious medical treatment" that apparently impacted her ability to sign a verification, ECF 5779, WHB 1673 seeks to have her case reinstated. But litigants agree to follow court rules and deadlines when they invoke the power of the court by filing litigation, *see Khan v. Rogers,* No. 17-cv-05548, 2018 WL 4693414, at *2 (N.D. Cal. Sept. 28, 2018), and WHB 1673's attempt to cure her non-compliance is simply too late.



Plaintiff presents her motion as a Rule 59(e) motion, but the very language of that rule requires that such motions "must be filed no later than 28 days after the entry of the judgment." WHB 1673's

motion, filed on April 8, and therefore more than fifty days after the February 13 dismissal with prejudice she asks the Court to reconsider, is not permissible under Rule 59(e). *Austin v. ABC Legal,* No. 21-cv-09076, 2022 WL 14812646, at *1 n.2 (N.D. Cal. Oct. 25, 2022). The Court could construe Plaintiff's motion as one for relief from judgment under Rule 60, but when, as in this case, the 30 days to file an appeal has already passed, it is appropriate for a court to give "the interest in finality great weight" and deny a Rule 60 motion. *AmTrust Bank v. Lewis*, 687 F. App'x 667, 670 (9th Cir. 2017). After all, there is a "strong public interest in the timeliness and finality of judgments." *Martinez v. Shinn*, 33 F. 4th 1254, 1262 (9th Cir. 2022). WHB 1673 certainly had the "ability to learn earlier of the grounds relied upon" for her motion, since it is premised on her own filing of verification that she could have produced (and indeed was under Court order to produce) many months before her case was even dismissed. *Ranza v. Nike, Inc.*, No. 21-35992, 2023 WL 8663754, at *1 (9th Cir. Dec. 15, 2023). Plaintiff had clear notice of the requirement that she submit a verification with any amended PFS; in November 2024, Magistrate Judge Cisneros explicitly rejected an argument that verifications could come "sometime later in the case," stressing that "[d]eferring verification of amended answers until a later phase of discovery undermines the intent to provide Uber with reliable basic information about the claims asserted against it at this early stage." ECF 1877 at 2. And Plaintiff's delay in complying and seeking relief is not excusable, since she "utterly failed to keep abreast of the status of [her] case" and "fail[ed] to communicate with [her] attorney." *Wooldridge v. Cal.*, 178 F. App'x 743, 744 (9th Cir. 2006). A Plaintiff's "[n]eglect or lack of diligence is not to be remedied through" a Rule 60 motion. *Roe v. White*, No. 03-cv-04035, 2009 WL 4899211, at *1 (N.D. Cal. Dec. 11, 2009) (Breyer, J.).

Although Plaintiff argues that the Court should vacate the dismissal with prejudice because she has "presented new evidence" in the form of "her uploaded, signed PFS verification," ECF 5779, she is incorrect. "[E]vidence that was not in existence at the time of the judgment" is not considered "newly discovered evidence" that would permit relief under Rule 60. *Drevaleva v. McDonough*, No. 5:24-mc-80089, 2025 WL 551865, at *3 (N.D. Cal. Feb. 19, 2025). The declaration, submitted in April 2026, was not in existence when the judgment was entered in February 2026. So, it may be a recent

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDERS
DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

event, but it is not newly discovered evidence within the meaning of the Federal Rules. *See Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007).

Plaintiff WHB 1673 chose to file a lawsuit against Uber and in doing so became subject to the same rules and orders that all litigants must follow. *See Morgensen v. Downey Sav. & Loan Ass'n*, No. 5:15-cv-02000, 2016 WL 234430, at *1 (N.D. Cal. Jan. 20, 2016). She then ignored the Court's PTO 10 requirements for months, prejudicing Uber and impairing this Court's management of its docket, resulting in the dismissal of her claims. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.  (In re PPA)*, 460 F.3d 1217, 1232-34 (9th Cir. 2006). Though the Court gave Plaintiff a limited pathway to having her claims reinstated, she did not take the required actions within the time permitted. ECF 4442. Instead, months later, she comes back to this Court asking it to reconsider the judgment it appropriately entered based on her lengthy noncompliance and nonparticipation. Plaintiff's attempt to cure her noncompliance and her motion are both too late. *Austin,* 2022 WL 14812646, at *1 n.2. To reconsider the dismissal of WHB 1673's action at this point would prejudice Uber and render this Court's Orders and deadlines mere suggestions that the parties could ignore without consequences even after dismissal with prejudice. That would be contrary to the spirit of the Court's directives and threaten the integrity of efficacy of this Court's standing orders.

Dated: April 13, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
ccotton@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDERS
DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10
Case No. 3:23-MD-3084-CRB