[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS' GLOBAL OBJECTION TO PLAINTIFF'S DEPOSITION DESIGNATIONS OF UBER WITNESSES** |
| This Document Relates to: | |
| *WHB 823 v. Uber Techs., Inc.,*<br>*N.D. Cal. No. 3:24-cv-04900*<br>*W.D.N.C. No. 3:25-cv-00737* | Judge:        Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor<br><br>Date Filed:   April 14, 2026<br>Trial Date:   April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823,<br><br>              Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>              Defendants | CASE NO. 3:25-cv-00737-CRB<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:  501 |

1

DEFENDANTS' GLOBAL OBJECTION TO PLAINTIFF'S DEPOSITION DESIGNATIONS OF UBER WITNESSES
Case No. 3.23-md-03084-CRB / 3:25-cv-00737

Plaintiff's corporate witness deposition designations, submitted on April 10, pertain to topics that *Plaintiff* has chosen to remove from the scope of this case or that the Court has already resolved, including Uber's conduct with respect to safety, common carrier issues, and the "profound" impacts of unwanted sexual experiences. None of this testimony is relevant, and most of it is also highly prejudicial. As this Court noted earlier today during jury selection, this is not a negligence case and Uber's conduct is not on trial. *See* 4/14/2026 Rough Trial Tr. 164-167. Moreover, if such evidence were admitted, it would throw open the door to testimony and evidence from Uber with respect to safety and conduct, substantially widening the scope of issues at trial.

Most notably, Plaintiff has designated a substantial amount of irrelevant testimony about "safety" and company conduct issues in an apparent attempt to inject Uber's corporate conduct back into this case, or, at the very least, suggest to jurors, misleadingly, that Uber did not take safety seriously. This is particularly improper given Plaintiff's repeated representations to the Court that Uber's conduct is irrelevant to this case, and Plaintiff's own motions that have sought to preclude Uber from mentioning anything about its safety record. Another subset of designated testimony speaks to common carrier issues already ruled upon by the Court. And the remaining designations involve now-irrelevant and prejudicial questions to unqualified corporate witnesses about the impacts of unwanted sexual experiences on women and related "trauma." Plaintiff cannot have it both ways. Having voluntarily narrowed this trial at the eleventh hour, she should not be allowed to flood jurors with irrelevant testimony in an attempt to prejudice them against Uber.

### RESPONSE TO PLAINTIFF'S AFFIRMATIVE DESIGNATIONS

Based on Plaintiff's own strategic decisions and this Court's rulings, all of the corporate witness testimony affirmatively designated by Plaintiff is inadmissible.

***Corporate Conduct***. As Plaintiff is well aware, evidence of Uber's conduct, including evidence regarding its practices with respect to safety or investigations, has been excluded ***at Plaintiff's behest***. *See*

2

4/2/2026 Hr'g Tr. 39:20-40:10 (Court stating that the only live issues are "[d]id the assault happen," "causation," and "damages"); *see also* PTO No. 43 at 4 (granting Plaintiff's motions in limine on safety-related issues and corporate conduct); Pl.'s Omnibus Motions in Limine (ECF 5523) at 1 ("Because Plaintiff's claim is based on Uber's non-delegable duty as a common carrier, the case does not turn on Uber's corporate conduct, safety practices, or general record as a transportation platform," and "[e]vidence regarding Uber's safety reports, safety features, safety initiatives . . . or broader efforts to prevent sexual assault . . . has no bearing on the questions the jury will be asked to resolve in this trial."). Because Plaintiff chose to withdraw these matters from the jury's consideration, the company's safety protocols and corporate behavior are no longer relevant, and there should be no testimony on these topics at trial. *See* Fed. R. Evid. 401. Moreover, even if testimony regarding Uber's safety practices had any minimal probative value (and it does not), it would be vastly outweighed by the staggering prejudice to Uber given that all positive evidence of Uber's corporate conduct has already been excluded by this Court. *See* Fed. R. Evid. 403. It would also create a significant risk of jury confusion as to why Uber executives are testifying about the company's policies and practices in a case that does not involve claims regarding Uber's conduct. *See id.*

Plaintiff has nonetheless designated all manner of testimony from corporate witnesses in an attempt to suggest to jurors that Uber's conduct with respect to safety was somehow lacking. For example, she cites testimony from Uber's Director of Central Safety, Greg Brown, about Uber's knowledge of sexual assault reporting rates. *See* 8/26/2025 Greg Brown Dep. 374:22-23, 375:1-2 *see also id.* 320:4-9 (asking Mr. Brown to confirm he is there to discuss "Uber's investigation" of the alleged incident); 2/26/2025 Phillip Cardenas Dep. 51:20-52:3 (asking if "being sexually assaulted makes a ride unsafe").

Not only is this evidence irrelevant, but if it were admitted, it would open the door to testimony and evidence from Uber with respect to safety and conduct, substantially widening the scope of issues at trial. Plaintiff, of course, cannot open the door to conduct issues and then bar Uber from responding in

kind. *See Parker v. Freedom Mortg. Corp.*, No. 4:18-CV-140, 2020 WL 13605540, at *9 n.6 (E.D. Va. Oct. 22, 2020) ("In keeping with typical trial procedure, if a party opens the door by presenting certain new evidence, the opposing party may have the opportunity to further explore it."); *Kim v. BMW of N. Am., LLC*, No. 5:22-CV-00202-JWH-KK, 2023 WL 3150086, at *6 (C.D. Cal. Mar. 16, 2023) ("It is well established that when a party 'opens the door' to evidence . . . the other party is entitled to then comment upon or rebut the evidence."). Thus, permitting corporate witness testimony aimed at attacking Uber's record on safety or otherwise discussing operational decisions, sexual assault rates, and investigatory procedures would clearly open the door to the introduction of substantial responsive evidence from Uber.

*Uber Corporate Structure.* For similar reasons, testimony about who hired which corporate witnesses and what roles they occupied with respect to safety also has no relevance to this case. *See, e.g.,* 11/19/2024 Roger Kaiser Dep. 13:22-14:2, 18:8-17 (noting that Mr. Kaiser is "head of safety operations" and has held that title for "[a]pproximately three and a half years," heading the "safety operations team" composed of "[a]pproximately a hundred" employees). If this trial is limited to whether the alleged incident happened, the size of Uber's safety operations team has zero bearing on the questions to be answered by the jury. Thus, such evidence is similarly inadmissible under Fed. R. Evid. 401 and 403.

*Previous Testimony.* Plaintiff also seeks to introduce testimony that these corporate witnesses have testified in prior Uber cases. The obvious purpose of such testimony is to suggest that there are many other cases against Uber alleging sexual assault and insinuate to jurors that the existence of other lawsuits means this alleged incident likely occurred. *See, e.g.,* 7/23/2025 Sunny Wong Dep. 6:20-7:3 (agreeing he has "given additional depositions in this action"); 7/10/2025 Hannah Nilles Dep. 9:19-22 (stating "[a]ll" of her "maybe five" depositions have been for Uber). MDL courts routinely exclude such testimony under Rules 401 and 403 because it is so prejudicial. *See, e.g., Eghnayem v. Boston Sci. Corp.*, No. 2:13-cv-07965, 2014 U.S. Dist. LEXIS 153284, at *24 (S.D. W. Va. Oct. 28, 2014) ("Evidence of other lawsuits is likely to confuse and mislead the jury . . . and it is highly prejudicial to [the defendant]."). While the

Court allowed similar testimony to be played to the jury in the *Dean* trial, the Plaintiff there claimed it was necessary "to show [the] institutional perspective" on sexual assault claims, which is not relevant to this narrowed case.

*Pairing Of Riders And Drivers.* Plaintiff has also designated testimony about Uber's role in pairing drivers and riders, which is irrelevant in light of this Court's decision on the common carrier issue—and Plaintiff's abandonment of her negligence claim. *See, e.g.,* 8/26/2025 Greg Brown Dep. 346:16-18, 20-22 ("Uber chose which driver to match [her] with"); 7/23/2025 Sunny Wong Dep. 85:3-11 (asking if he is designated to discuss "how Uber selected the subject driver for the subject ride"); *id.* 101:11-102:6 (testifying about how Plaintiff was paired with Mr. Richardson). Any testimony about Uber's large-scale operations or matching protocols has no bearing on whether the alleged assault happened, causation, and damages (if any), which are the only relevant topics remaining in this case, according to Plaintiff's own statements and representations.

*Trauma.* Plaintiff seeks to play testimony from multiple corporate witnesses about the alleged impacts of trauma, including that "unwanted sexual experiences" "can be *profoundly damaging* to the people who experience them[.]" 2/26/2025 Phillip Cardenas Dep. 69:14-20 (emphasis added); *see also* 4/22/2025 Roger Kaiser Dep. 186:16-187:13 (asking corporate witness if he would "discount the severe impact that experiencing any of these forms of sexual misconduct could have on a woman or a man"); *id.* (asking corporate witness if a verbal threat of sexual assault can be "a deeply traumatic experience for a woman"). This is directly contrary to Plaintiff's counsel's statements just a few days ago, reiterating that she "does not claim any continuing mental health or *trauma impact* from the incident[.]" Pl.'s Resp. to Defs.' Trial Brief (ECF 5820-2) at 3 n.2 (emphasis added); *see also id.* at 5 (claiming "she is not bringing any claim for" "post-incident mental health" injuries); *id.* (requesting the Court "prohibit" the introduction of "evidence of Plaintiff's mental health or trauma history pre- or post-dating March 26, 2019"). Given that Plaintiff has now disavowed any theory that the alleged incident had a "trauma impact" on her, such

testimony clearly falls outside the bounds of Fed. R. Evid. 401. Allowing Plaintiff to slip in such testimony would be particularly prejudicial because Uber's case-specific psychiatric expert has been barred from offering any case-specific testimony about Plaintiff's traumatic experiences. Having withdrawn her specific cause expert and purported to narrow her theory of damages to 24 hours of distress (drastically limiting what Uber's expert is allowed to say at trial), Plaintiff cannot be allowed to insinuate to jurors that the alleged incident was "profoundly damaging," while Uber is barred from responding with the overwhelming evidence that Plaintiff has experienced numerous traumatic events that have in fact profoundly affected her mental state and that explain any distress she has experienced.

**<ins>CONCLUSION</ins>**

For the foregoing reasons, the Court should exclude all of Plaintiff's corporate employee deposition designations.

DATED: April 14, 2026

Respectfully submitted,

/s/ Laura Vartain Horn

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' GLOBAL OBJECTION TO PLAINTIFF'S DEPOSITION DESIGNATIONS OF UBER WITNESSES
Case No. 3.23-md-03084-CRB / 3:25-cv-00737