[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **PLAINTIFF'S TRIAL BRIEF RE: DRIVER CONVICTION** |
| This Document Relates to: | Judge: Honorable Charles R. Breyer |
| *WHB 823 v. Uber Techs., Inc.*, N.D. Cal. No. 24-cv-4900 W.D.N.C. No. 25-cv-737 | **REDACTED** |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHB 823, | No. 25-cv-737 |
|     Plaintiff, | Judge: Honorable Charles R. Breyer |
|   v. | |
| UBER TECHNOLOGIES, INC., et al., | |
|     Defendants. | |

**TRIAL BRIEF**

Uber intends to play testimony from the driver in this case that he is of good character and therefore could not have committed the assault alleged. If the Court permits the driver to testify that he is of good character, then the Court should also admit, under Federal Rule of Evidence 405, the driver's testimony that he was convicted of communicating threats.

Uber's motion to exclude the evidence of the driver's conviction does not even cite Rule 405. Instead, Uber argues that the conviction is propensity evidence under Rule 404 (it's not), offered to impeach the driver's character under Rule 609 (it's not that, either), or that admission somehow depends on whether Plaintiff's conviction is admissible (which does not make sense).

## I.    BACKGROUND

In his deposition, the driver Jeffery Richardson testified that he does not remember the ride or the Plaintiff at all. *See* **Ex. A** at 9:11 (" ███████████████████ ██████████████ "); *id.* at 14:25-15:9 (" ██████████████████████████████████████████████████████████████████████████████ ██████████ "); *id.* at 15:22-24 (" █████████████████████████ "); *id.* at 26:5 (" ███████████████ ").

Prompted by Uber's counsel, however, Mr. Richardson insisted that he did not do anything wrong on this ride (that he does not remember). In response to learning, from Uber, about the allegations in this case, Mr. Richardson testified the allegations were " ████████████████ ██████████ " *Id.* at 25:17-25; *see also id.* at 28:9-10 (testifying that ████████████ ████████████ ); *id.* at 48:17 (" █████████████████ "); *id.* at 69:14-16 (" ████████████████████████████████ ").

Mr. Richardson's deposition also revealed that he was criminally convicted for ████████████████████████████████████████████████████ *Id.* at 8:8-15, 48:11-12. Wilson County court records confirm Mr. Richardson was in fact convicted of "communicating threats" on October 23, 2000. **Ex. B**.

## II.    __ARGUMENT__

Federal Rule of Evidence 405 provides that "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). On "cross-examination of the character witness," however, "the court may allow an inquiry into relevant specific instances of the person's conduct." *Id.*; *accord United States v. Watkins*, 111 F.4th 300, 312 (4th Cir. 2024) ("She painted a picture of Watkins as an upright family man and strongly suggested that, in accordance with that character, he would not have involved himself in the conspiracy to distribute eutylone. The district court reasonably concluded that those statements are character evidence that opened the door to counterevidence."); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1105 (9th Cir. 2002) ("Defendant testified that he was a family man who was busy providing for his family and lacked the time, the inclination, and the courage to become involved in dealing cocaine... The foregoing evidence of general good character opened the door for the government's evidence of prior bad acts to demonstrate bad character.").

Here, if Mr. Richardson is permitted to vouch for his own character, Plaintiff should be permitted to rebut as Rule 405 provides. While "the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans." *Michelson v. United States*, 335 U.S. 469, 479 (1948). Accordingly, "[a] character witness may be cross-examined as to an arrest of defendant whether or not it culminated in a conviction and may even be asked about rumors concerning an event not too remote in time." *Mullins v. United States*, 487 F.2d 581, 585 (8th Cir. 1973); *United States v. Lewis*, 482 F.2d 632, 638 (D.C. Cir. 1973) ("[I]t is well settled, both here and elsewhere, that it may become appropriate on cross-examination to ask a good-character witness whether he has heard reports of particular events, including prior convictions or arrested of the accused, which are inconsistent with the reputation to which he has testified."). Uber says that "Mr. Richardson is not a party and simply truthfully answered a question he was asked." *Id.* at 8. It was Uber's counsel, not Plaintiff, that elicited testimony about the driver's "character." But more fundamentally, Uber "simply" assumes

that Mr. Richardson's testimony about his "character" was "truthful[]," but the Rules of Evidence and basic principles of fairness do not permit such an assumption.

This is not a case under Rule 404, i.e., one where "the only purpose of introducing such evidence would be to show that Mr. Richardson is capable of threatening another person." Uber Br. at 5. This is a case about opening the door and fair rebuttal. Uber cites the unpublished decision in *United States v. Howell*, 166 F.3d 335 (4th Cir. 1998) (table), but that case did not involve any character evidence (only testimony that a witness had never been stopped by the police).[1] Uber also cites *In re: DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753 (5th Cir. 2018), plaintiff's counsel "suggested unequivocally that the jury treat the [prior offense] *not* … as otherwise-inadmissible rebuttal evidence offered curatively, but as a proxy for J&J's liability." *Id.* at 785 (emphasis added, quotation marks omitted). And in *Broadspring, Inc. v. Congoo, LLC*, 2014 WL 7392905 (S.D.N.Y. Dec. 29, 2014) the witness *did* testify to his prior convictions; he just misunderstood the distinction between a misdemeanor and a felony. *Id.* at *5.

Because Plaintiff seeks to play testimony about the conviction in response to Mr. Richardson's affirmative endorsement of his own character, and does not seek to admit the conviction merely to impeach Mr. Richardson's truthfulness, the requirements of Federal Rules of Evidence 608 and 609 do not apply. *See* Fed. R. Evid. 608(b) (permitting, even without affirmative reputation testimony, the admission of "specific instances of a witness's conduct in order to attach or support the witness's character for truthfulness"); Fed. R. Evid. 609(a) ("The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction[.]"). Under the principles applied in Rules 608 and 609, "[o]pinion and reputation evidence used for impeachment … may refer only to character for truthfulness and untruthfulness." *United States v. Thomas*, 676 F.2d 531, 537 (11th Cir. 1982) (citation omitted). That is not the situation here: "In contrast, when the accused has called character witnesses to testify to his character, the prosecution may come forward with other evidence rebutting good character." *Id.* (citation omitted); *see also United States v. Tran Trong Cuong*, 18 F.3d 1132, 1136 (4th Cir. 1994) ("[W]hen a defendant

---

[1] Similarly, in *Grassi v. Grassi*, 2022 WL 1912312 (N.D. Ohio June 1, 2022), there was no character testimony. *Id.* at *8-9; *accord Holley v. N.C. Dep't of Admin.*, 846 F. Supp. 2d 416, 433-34 (E.D.N.C. 2012) (same).

PLAINTIFF'S TRIAL BRIEF
RE: DRIVER CONVICTION
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

testifies as a witness in his own behalf, his general reputation as to truth and veracity in the community may be shown, but the defendant's general character may not be attacked by the government unless evidence of his good character is first introduced by the defendant.").

Even if Rules 608 and 609 did apply, the evidence of the conviction would still be admissible because "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). It would be unfair and illogical to allow Mr. Richardson to freely tout his own good character in Uber's defense, but prevent Plaintiff from cross-examining him on an instance of conduct that undermines that claim. *See Stone v. C.R. Bard, Inc.*, 2003 WL 22902564, at *1, 4 (S.D.N.Y. Dec. 8, 2003) (where witness testified to corporation's "reputation in the industry for 'quality, integrity and service,' admitting evidence of violations of FDA regulations, and explaining that "the probative value of the 1994 conviction substantially outweighs any prejudice Bard may suffer as a result of admitting the evidence. It was defendants who opened the door to this inquiry by introducing evidence of Bard's good character, and plaintiffs should be permitted to impeach that evidence.").

Uber suggests that Mr. Richardson's testimony on this point is irrelevant, but character evidence is relevant or it is not; there is no basis for deeming relevant Mr. Richardson's endorsement of his own character, but excluding evidence tending to undermine that endorsement. Uber also argues that the testimony will be unduly prejudicial because "the facts suggest that Mr. Richardson was acting out of fear for his own personal safety." Uber Br. at 9. But Uber may designate Mr. Richardson's testimony explaining his story of the incident (a story that a North Carolina judge evidently rejected) if the company deems that explanation helpful. Admission will not "risk a mini-trial," *id.* at 7—the only evidence either side seeks to admit on these points is in Mr. Richardson's short deposition. And there is zero connection between Mr. Richardson's conviction—to which he and Uber opened the door—and "Plaintiff's criminal history." *Id.* at 7.

## III.   CONCLUSION

For these reasons, if the Court permits Mr. Richardson to testify to his own good character, the Court should also permit the designation of testimony about his conviction for threats.

PLAINTIFF'S TRIAL BRIEF
RE: DRIVER CONVICTION
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

Dated: April 15, 2026                              Respectfully submitted,

                                                   By: /s/ Sarah R. London
                                                   Sarah R. London (SBN 267083)

                                                   **GIRARD SHARP LLP**
                                                   601 California St., Suite 1400
                                                   San Francisco, CA 94108
                                                   Telephone: (415) 981-4800
                                                   slondon@girardsharp.com

                                                   By: /s/ Rachel B. Abrams
                                                   Rachel B. Abrams (SBN 209316)

                                                   **PEIFFER WOLF CARR KANE
                                                   CONWAY & WISE, LLP**
                                                   555 Montgomery Street, Suite 820
                                                   San Francisco, CA 94111
                                                   Telephone: (415) 426-5641
                                                   Facsimile: (415) 840-9435
                                                   rabrams@peifferwolf.com

                                                   By: /s/ Roopal P. Luhana
                                                   Roopal P. Luhana

                                                   **CHAFFIN LUHANA LLP**
                                                   600 Third Avenue, 12th Floor
                                                   New York, NY 10016
                                                   Telephone: (888) 480-1123
                                                   Facsimile: (888) 499-1123
                                                   luhana@chaffinluhana.com

                                                   *Co-Lead Counsel*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: April 15, 2026                    By:    /s/ Andrew R. Kaufman
                                                 Andrew R. Kaufman

PLAINTIFF'S TRIAL BRIEF
RE: DRIVER CONVICTION
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737