ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | |
| *JLG 229 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10874-CRB | Date:        June 12, 2026 Time:        10:00 a.m. Courtroom:  6 – 17th Floor |
| *S.T. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10918-CRB | |
| *T.H. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-11021-CRB | |
| *St.H. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-11024-CRB | |

*A.L. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-11049-CRB

*G.G. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-11050-CRB

*S.G. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-11076-CRB

*Jane Roe CL 254 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-11089-CRB

*Jane Doe NLG (L.H.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00057-CRB

*J.C. (2) v. Uber Technologies, Inc., et al.*, No. 3:26-00207-CRB

*D.Y. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00213-CRB

*Jane Roe CL 258 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00207-CRB

*Jane Roe CL 259 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00284-CRB

*Jane Roe CL 261 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00422-CRB

*Jane Doe LS 671 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00422-CRB

*Jane Doe LS 672 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00423-CRB

*Jane Doe LS 673 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00445-CRB

*Jane Doe NLG (L.T.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00454-CRB

*Jane Doe NLG (A.Z.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00465-CRB

*Jane Doe LS 674 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00510-CRB

*Jane Doe LS 681 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00541-CRB

*Jane Doe LS 684 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00546-CRB

*Jane Doe NLG (H.D.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00690-CRB

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

## DECLARATION OF MICHAEL B. SHORTNACY

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1.      I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Raiser LLC's, and Raiser-CA, LLC's (collectively, "Defendants") motion to dismiss the cases of certain Plaintiffs for noncompliance with Amended Pretrial Order No. 10 ("Amended PTO 10").

2.      I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3.      In March 2024, the Court entered Pretrial Order No. 10 in this matter, requiring each Plaintiff to submit a "substantially complete" PFS that "answer[ed] all applicable questions," "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record release Authorizations," and was accompanied by a production of "the requested documents." ECF No. 348 at 6. For Plaintiffs who filed their cases before March 26, 2024, the PFS were due within sixty days of that date. *Id.* at 5. For all other Plaintiffs, the PFS were due within 30 days of the case being filed in, removed to, or transferred to this MDL. *Id.* at 5-6.

4.      On October 31, 2025, the parties filed a stipulation proposing amendments to PTO 10 ("Amended PTO 10"). ECF No. 4274. The Court granted the stipulation on November 3, 2025. ECF No. 4286.

5.      Amended PTO 10 states that if a Plaintiff fails to timely and substantially comply with the Order, Uber may serve them with a "Notice of Overdue Discovery" identifying the Plaintiff's violation(s) and stating that if Plaintiff does not comply their case may be subject to dismissal. ECF No. 4274-1 at 8. If that Plaintiff then fails to cure within thirty days of service of the Notice of Overdue

Discovery, Uber may move the Court for an Order dismissing the relevant Complaint without prejudice.[1] *Id.*

6.    The Plaintiffs listed in the attached **Exhibit A** have, as of April 15, 2026, all failed to comply with their Amended PTO 10 obligations. Specifically, none of these Plaintiffs have produced a PFS. Uber served each of these Plaintiffs, listed in Exhibit A, with a written Notice of Overdue Discovery on a date, more than thirty days ago. Plaintiffs have failed to cure their non-compliance with Amended PTO 10 and thus, following the procedures specified in the Order, Uber respectfully moves the Court to dismiss Plaintiffs' complaints without prejudice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2026 in Scottsdale, Arizona.

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

---

[1] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to Uber moving the Court for a dismissal without prejudice based on such deficiencies. However, this Motion only pertains to Plaintiffs that have failed to submit a PFS altogether (as opposed to submitting anything that Uber argues is deficient) and therefore this PTO conferral provision is not applicable here and no conferral is required.

2

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB