[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS' PROPOSED INSTRUCTION ON LIMITATION OF DAMAGES** |
| This Document Relates to: | |
| *WHB 823 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900 | Judge:      Hon. Charles R. Breyer <br> Courtroom:  6 – 17th Floor |
| | Date Filed:  April 15, 2026 <br> Trial Date:  April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823, | CASE NO. 3:25-cv-00737-CRB |
|     Plaintiff, | **DEFENDANTS' PROPOSED INSTRUCTION ON LIMITATION OF DAMAGES** |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | Judge:      Hon. Charles R. Breyer <br> Courtroom:  501 |
|     Defendants | |

1

At the April 2 pretrial conference, the Court indicated it would "instruct the jury that they can't consider any emotional distress or emotional issue . . . that may or may not have occurred to her post-March 27th" in light of Plaintiff's strategic decision to limit the damages window to the 24-hour period immediately following her alleged incident. (4/2/2026 Hr'g Tr. 70:15-19.) Defendants respectfully submit the following proposed instruction, to be read as the final paragraph of the Personal Injury Damages instruction:

> Plaintiff is only claiming personal injury during the 24-hour period immediately following the assault or battery she alleges—between 1:53 a.m. on March 26 and 1:53 a.m. on March 27. If you found Uber liable, you may only award actual damages, if any, for that 24-hour period. You may not speculate about or award damages for any personal injury Plaintiff might have sustained before or after that period.[1]

---

[1]  Temporal limitations on the scope of a claim have been affirmed in other cases. *Mems v. City of St. Paul, Dep't of Fire & Safety Servs.*, 327 F.3d 771, 783 (8th Cir. 2003) (no abuse of discretion where district court gave temporal instruction that provided in part, "[e]ach Plaintiff may only recover damages . . . for unlawful acts occurring within the period listed on his Special Verdict Form. . . .  You may not award damages for any acts which occurred outside of the period listed on each Plaintiff's Special Verdict Form.") (emphasis omitted); *O.K. Sand & Gravel, Inc. v. Martin Marietta Techs., Inc.*, 36 F.3d 565, 570 (7th Cir. 1994) (affirming where court instructed jury that if it found statute-of-limitations defense applied to certain claims, "then damages for those claims can only be based on activities that occurred on or after April 24, 1988 and [plaintiff] cannot recover damages based on the activities of [defendant] occurring before that date.").

DATED: April 15, 2026

Respectfully submitted,

_/s/ Laura Vartain Horn_

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted _Pro Hac Vice_)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted _Pro Hac Vice_)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

_Attorneys for Defendants_
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' PROPOSED INSTRUCTION ON LIMITATION OF DAMAGES
Case No. 3.23-md-03084-CRB / 3:25-cv-00737