UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **TENTATIVE FINAL JURY INSTRUCTIONS** |
| This Document Relates to: | Judge:  Honorable Charles R. Breyer |
| *WHB 823 v. Uber Techs., Inc.*, N.D. Cal. No. 24-cv-4900 W.D.N.C. No. 25-cv-737 | |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHB 823, | No. 25-cv-737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

Introductory Statement ................................................................................................ 1

Duty of Jury ................................................................................................................ 2

The Uber Defendants ................................................................................................... 3

Corporations and Partnerships—Fair Treatment ....................................................... 4

Wealth of Parties ........................................................................................................ 5

Burden of Proof ........................................................................................................... 6

What is Evidence ......................................................................................................... 7

What is Not Evidence .................................................................................................. 8

Evidence for a Limited Purpose ................................................................................. 9

Direct and Circumstantial Evidence .......................................................................... 10

Credibility of Witnesses ............................................................................................. 11

Expert Opinion ............................................................................................................ 12

Taking Notes ............................................................................................................... 13

Common Carrier Liability—Statement of Claim ....................................................... 14

Assault ........................................................................................................................ 15

Battery ........................................................................................................................ 16

Personal Injury Damages ............................................................................................ 17

Personal Injury Damages—No Punitive Damages ..................................................... 18

Personal Injury Damages—Final Mandate ................................................................ 19

Duty to Deliberate ...................................................................................................... 20

Communication with the Court ................................................................................... 21

Return of Verdict ........................................................................................................ 22

**Introductory Statement**

Pursuant to the Court's scheduling order, the parties respectfully submit the proposed agreed and disputed jury instructions be given to the jury prior to trial and after the close of evidence as designated herein. Because the Fourth Circuit does not offer pattern jury instructions, the parties formulated the procedural instructions based on Ninth Circuit model instructions as given by the Court in the *Dean* trial.

These proposed jury instructions are submitted prior to rulings on, among other things, motions for summary judgment, motions in limine and any other pretrial motions, deposition designations and evidentiary objections at trial, and without knowing precisely which witnesses will be called at trial or the exact claims that will be submitted to the jury following a ruling on any motions for judgment as a matter of law.

By submitting these proposed instructions, Uber does not waive any defenses or arguments; nor does it concede there is any fact issue on any question pertaining to either liability or damages. Uber submits it is entitled to a take-nothing judgment. Uber reserves ~~their~~ its rights to seek dismissal, summary judgment, judgment as a matter of law, j.n.o.v., and any other appropriate relief before, during, or after trial. Plaintiff reserves all rights as well.

The parties reserve rights to offer additional instructions as necessary or to clarify or withdraw instructions already submitted.

- 1 -

**Duty of Jury**

Members of the jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations. You must follow these instructions as well as those that I previously gave you.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**The Uber Defendants**

There are three Uber Defendants: Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC. The jury instructions and verdict form refer to these entities collectively as "Uber." You may have seen evidence that discusses one or more of these Uber Defendants individually. In evaluating the evidence against the Uber Defendants, you should treat these three Defendants as if they are a single Defendant. Your verdict must be the same as to all of the Uber Defendants.

**Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Wealth of Parties**

In reaching a verdict, you may not consider the wealth or poverty of any party. The parties' wealth or poverty is not relevant to any of the issues that you must decide.

**Burden of Proof**

When a party has the burden of proving any claim by the greater weight of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn video and live testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Evidence for a Limited Purpose**

Some evidence may have been admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

- 11 -

**Expert Opinion**

You have heard testimony from expert witnesses, who testified to opinions and the reasons for their opinions. This opinion testimony was allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Taking Notes**

You may have taken notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Common Carrier Liability—Statement of Claim**

In this case, Plaintiff claims that her Uber driver, Jeffrey Richardson, touched her sexually without her consent. Uber is liable if the driver committed either an assault or a battery against her. To prove her claim against Uber, Plaintiff must show that the driver committed either an assault or a battery against her.

**Assault**

To prove that the Uber driver, Jeffrey Richardson, committed an assault against her, Plaintiff must prove two things.

First, that Mr. Richardson by an intentional act or display of force and violence threatened the Plaintiff with an imminent bodily injury.

Second, that such act or display caused the Plaintiff to have a reasonable apprehension that offensive contact with her person was imminent. Reasonable apprehension of imminent bodily injury occurs when a person of ordinary care and prudence under the same or similar circumstances would believe that offensive bodily contact is about to occur.

A person acts intentionally if he desires to cause the consequences of his act or believes that the consequences are substantially certain to occur. Intent may be proven by direct evidence or inferred from the circumstances.

**Battery**

To prove that the Uber driver, Jeffrey Richardson, committed a battery against her, Plaintiff must prove three things.

First, that Mr. Richardson intentionally caused bodily contact with the Plaintiff.

Second, that such bodily contact actually offended a reasonable sense of personal dignity.

Third, that such bodily contact occurred without the Plaintiff's consent.

A person acts intentionally if he desires to cause the consequences of his act or believes that the consequences are substantially certain to occur. Intent may be proven by direct evidence or inferred from the circumstances.

**Personal Injury Damages**

If you found Uber liable to Plaintiff, then the plaintiff is entitled to recover nominal damages even without proof of actual damages.  Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages caused by the driver's wrongful conduct.

Actual damages are the fair compensation to be awarded a person for any injury caused by the wrongful conduct of another.

Damages for personal injury include fair compensation for the actual physical pain and mental suffering experienced by the Plaintiff as a result of the wrongful conduct of the driver. There is no fixed formula for placing a value on mental suffering. You will determine what is fair compensation by applying logic and common sense to the evidence.

Plaintiff is only claiming personal injury during the 24-hour period immediately following the assault or battery she alleges—between 1:53 a.m. on March 26 and 1:53 a.m. on March 27. If you found Uber liable, you may only award actual damages, if any, for that 24-hour period. You may not speculate about or award damages for any personal injury Plaintiff might have sustained before or after that period.

**Personal Injury Damages—No Punitive Damages**

You must not include in your award any damages to punish or make an example of Uber. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate the plaintiff for any loss.

**Personal Injury Damages—Final Mandate**

I instruct you that your findings on damages must be based on the evidence and the rules of law I have given you with respect to the measure of damages.  You are not required to accept the amount of damages suggested by the parties or their attorneys.

Your award must be fair and just.  You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

If you find by the greater weight of the evidence the amount of actual damages caused by the wrongful conduct of the driver, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.