[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc., N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737* | Case No. 3:23-md-03084-CRB (LJC)<br><br>**TRIAL BRIEF REGARDING ADMISSIBILITY OF PLAINTIFF'S STATEMENTS TO MEDICAL PROVIDERS IN MEDICAL RECORDS**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor<br><br>Date Filed:  April 16, 2026<br>Trial Date:  April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | CASE NO. 3:25-cv-00737<br><br>Judge:      Hon. Charles R. Breyer<br><br>Courtroom:  4A |

TRIAL BRIEF REGARDING ADMISSIBILITY OF PLAINTIFF'S STATEMENTS TO MEDICAL
PROVIDERS IN MEDICAL RECORDS
Case No. 3.23-md-03084-CRB (LJC)

## I.    INTRODUCTION

Several of Plaintiff's medical records indicate ███████████████████ ███: one demonstrates that ███████████████████, D-4145.0006 (Ex. 1); in another she expressly ███████████████████, D-4145.0015 (Ex. 1); a third acknowledges that ███████████████████, D-4145.0031 (Ex. 1). Another record bears Plaintiff's own signature below a "██████████" in which ███████████████████ ███████████████████. D-4135.0006; D-4135.0010 (Ex. 2).

No one seriously disputes the relevance of these records. But the Court suggested earlier today that such evidence is inadmissible hearsay. Although the Court acknowledged that a statement by the Plaintiff would be an admission, the Court indicated that where "it's the provider saying that the plaintiff said it," the provider's statement constitutes hearsay. (4/16/2026 Tr. 350:7-12.) What the Court identified is a classic "hearsay within hearsay" issue. *See* Fed. R. Evid. 805. But "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." *Id.* And that is precisely the case here: the first layer of hearsay is the Plaintiff's statement, which is an admission, Fed. R. Evid. 801(d)(2)(A); and the second layer is the document prepared by the doctor in which the Plaintiff's statement is recorded, which is admissible both as a medical record, *see* Fed. R. Evid. 803(4), and as a business record, *see* Fed. R. Evid. 803(6). Courts repeatedly admit statements on these grounds, and this Court should do the same.

## II.    ARGUMENT

### A.    The First Layer Constitutes An Admission.

There is no question that a party's statement against interest is admissible notwithstanding the hearsay rule; indeed, such statements are defined not to be hearsay. *See* Fed. R. Evid. 801(d)(2)(A) (A

TRIAL BRIEF REGARDING ADMISSIBILITY OF PLAINTIFF'S STATEMENTS TO MEDICAL PROVIDERS IN MEDICAL RECORDS

Case No. 3.23-md-03084-CRB (LJC)

statement that is "offered against an opposing party and . . . was made by the party in an individual or representative capacity" is "***not*** hearsay[.]") (emphasis added).

Courts have repeatedly recognized that party opponent statements in medical records count as admissions under this Rule. *See, e.g., Hutcherson v. Lim*, No. RWT 8-cv-3044, 2013 WL 1482861, at *2, *4 (D. Md. Apr. 9, 2013) ("Separately, [plaintiff's] statement in the Final Evaluation is admissible as an admission by a party opponent under Rule 801(d)(2). . . ."), *aff'd*, 584 F. App'x 151 (4th Cir. 2014); *Keffer v. Bank of Am.*, No. CV PWG-04-3523, 2006 WL 8456614, at *4 (D. Md. Jan. 11, 2006) (plaintiff's "statement within the [medical] report is admissible evidence if offered by the Defendants as an admission by the party-opponent"); *Safeco Ins. Co. of Am. v. Davis*, No. 2:21-CV-05505-RGK-KS, 2022 WL 2784817, at *3 n.3 (C.D. Cal. June 3, 2022) ("And the medical records would be admissible at trial as business records that contain either statements for the purposes of medical diagnosis or admissions by a party-opponent.").

That is true notwithstanding the hearsay-within-hearsay nature of some medical records.[1] *Hutcherson* directly addressed a hearsay-within-hearsay argument in this context and rejected it. It held that a statement in a medical record attributed to the plaintiff that he had "improved in many ways" was indeed an admission under the hearsay rules. 2013 WL 1482861, at *1, *4. That was true even though the plaintiff argued that the quotation attributed to him in the record "constitutes inadmissible 'hearsay within hearsay,' as it is included within the written [document], which on its own is hearsay." *Id.* at *4. As long as the document containing the admission was itself subject to admission under an exception to the hearsay rule, the admission was admissible under Fed. R. Evid. 801(d)(2)(A).[2]

---

[1] Medical records as to which Plaintiff signed off after an opportunity to review (*see, e.g.*, Ex. 2) are admissible at the first layer because the fact of review and signature makes the records adoptive admissions under Fed. R. Evid. 801(d)(2)(C).

[2] *Hutcherson* also held that the same statement was independently admissible under Fed. R. Evid. 803(4) as a "statement . . . made for—and . . . reasonably pertinent to—medical diagnosis or treatment" that "describes medical history; past or present symptoms or sensations; [or] their inception." *Id.*; *accord Keffer*, 2006 WL 8456614, at *4 ("Ms. Keffer's

TRIAL BRIEF REGARDING ADMISSIBILITY OF PLAINTIFF'S STATEMENTS TO MEDICAL PROVIDERS IN MEDICAL RECORDS

Case No. 3.23-md-03084-CRB (LJC)

The same is true here. The documents at issue contain direct statements attributed to Plaintiff. They therefore constitute admissions and by definition are not hearsay, and they are admissible as long as the documents containing them are themselves admissible notwithstanding the hearsay rule. And they are indeed admissible for the reasons set forth in the next section.

### B. The Second Layer Is Admissible As Both A Medical Record And A Business Record.

#### 1. The Records Are Admissible As Medical Records Under Rule 803(4).

The medical records are admissible for the truth of the matters they assert because they contain statements made by Plaintiff for purposes of medical diagnosis or treatment. *See* Fed. R. Evid. 803(4). The rationale behind this exception is that "'the declarant's motive guarantees [the statements'] trustworthiness' since treatment will depend on what is reported." *Morgan v. Foretich*, 846 F.2d 941, 949 (4th Cir. 1988) (quoting J. Weinstein & M. Berger, *Weinstein's Evidence* (1979)).

Statements to a provider are admissible under this exception if: (1) the declarant's motive in making the statement is consistent with the purposes of promoting treatment; and (2) the content of the statement is of the kind that would be reasonably relied on by a physician. *Id.* at 949-50 (plaintiff's "statements for purposes of diagnosis or treatment should have been admitted into evidence"); *see also, e.g.*, *Williams v. TD Bank, N.A.*, No. 3:20-04449-MGL, 2022 U.S. Dist. LEXIS 219590, at *7 (D.S.C. Dec. 5, 2022) ("The Court also notes that medical records generally fall under an exception to the hearsay rule, Fed. R. Evid. 803(6), as do statements made for the purpose of medical diagnosis or treatment, Fed. R. Evid. 803(4)."); *Hutcherson*, 2013 WL 1482861, at *2 (evaluation report including physician's notes regarding plaintiff's condition stating it has improved "constitutes an admissible medical record" under

---

statement within the report is admissible evidence if offered by the Defendants as an admission by the party-opponent under FRE 801(d)(1)(A), as well as under FRE 803(4) (statement made in furtherance of medical diagnosis or treatment)."). That is the case here as well. As discussed in greater detail in Part II.B below, Plaintiff's statements regarding her honesty were made for treatment and pertained to medical history.

TRIAL BRIEF REGARDING ADMISSIBILITY OF PLAINTIFF'S STATEMENTS TO MEDICAL PROVIDERS IN MEDICAL RECORDS

Case No. 3:23-md-03084-CRB (LJC)

Rule 803(4)); *Keffer*, 2006 WL 8456614, at \*4 (plaintiff's "statement within the report" of her doctor is admissible "under FRE 803(4) (statement made in furtherance of medical diagnosis or treatment)").

Both requirements are easily satisfied with respect to the medical records Uber seeks to admit in this case. *First*, the statements in the records at issue were made by Plaintiff for the purpose ███████████. Indeed, several of the records expressly state that "█████ ███████████████████████████████████████████████████████ ████████████████████████." D-4145.0031; D-4145.0015; D-4145.0006. Throughout those records, ███████████████████████████████ ████████, D-4145.0006; that ███████████████████████████, D-4145.0015; and that ███████████████████████████, D-4145.0031. The only conceivable purpose for making these statements ███████████████. *See Hutcherson*, 2013 WL 1482861, at \*2 ("there is no evidence that [plaintiff] made the statement included in the [record] for a purpose other than promoting treatment or diagnoses, and the statement was consistent with that purpose.") (internal quotation marks and citation omitted).

*Second*, because those statements were expressly memorialized in her provider's treatment report to facilitate Plaintiff's care, they were "reasonably relied" upon by a medical provider in treatment or diagnosis. *See Morgan*, 846 F.2d at 949 (statements by plaintiff to a psychologist, even one who was not her treater, are of the type "reasonably relied [up]on by a physician in treatment or diagnosis.") (citation omitted). Accordingly, the documents constitute medical records, thereby establishing the second-level exception required for the admission of hearsay-within-hearsay under Rule 805.

2.    The Records Are Admissible As Business Records Under 803(6).

The medical records are separately admissible under the business records exception under Rule 803(6). *See* Fed. R. Evid. 803(6). To be admissible under this exception, the record must be: (i) "made at or near the time" by someone with knowledge of the information record; (ii) "kept in the course of a

5

regularly conducted activity of a business, organization, occupation"; and (iii) made as part of a "regular practice[.]" *Id.*

"Medical records are quintessentially business records[.]" *Grimm v. Gloucester Cnty. Sch. Bd.*, 400 F. Supp. 3d 444, 454 (E.D. Va. 2019), *aff'd*, 972 F.3d 586 (4th Cir. 2020), and "are routinely admitted into evidence as" such, *Hutcherson*, 2013 WL 1482861, at *2-3. This is so because a medical provider's "report recording his or her examination of a patient is the kind of record 'kept in the course of a regularly conducted activity of a business, organization, occupation, or calling.'" *Lewis v. Peterkin*, No. 1:19CV418, 2023 WL 6319553, at *15 (M.D.N.C. Aug. 31, 2023) (quoting *Hutcherson*, 2013 WL 1482861, at *3); *see also, e.g.*, *Keffer*, 2006 WL 8456614, at *4 (doctor's report discussing plaintiff's fall "is a medical record that would be admissible evidence under the 'business record hearsay exception,'"). And "[i]t is a 'regular practice' of medical providers to make records of their examinations of patients." *Hutcherson*, 2013 WL 1482861, at *3 (quoting *Doali–Miller v. SuperValu, Inc.*, 855 F. Supp. 2d 510, 514 (D. Md. 2012)).

The same is true here. Each of the treatment records Uber seeks to admit bears the Perkins Counseling & Psychological Services header and sets forth the date of the appointment (which corresponds with the date on which the document is electronically signed by the provider), states the start and end times, and includes narrative discussions of the "████████," "██████████████," a "███████████," and various other pertinent information. D-4145.0006-.0010; D-4145.0015-.0017; D-4145.0031-.0033. These records satisfy the contemporaneous time and regularity requirements of Rule 803(6). And although this exception ordinarily requires a foundation witness, the parties have "stipulate[d] and agree[d] that the medical records collected pursuant to authorizations as part of this litigation are authentic and admissible at trial without the need for a directly sponsoring witness, such as a records custodian." 4/10/2026 Stipulation ¶ 1 (ECF 5816). Accordingly, the medical records are also business

TRIAL BRIEF REGARDING ADMISSIBILITY OF PLAINTIFF'S STATEMENTS TO MEDICAL PROVIDERS IN MEDICAL RECORDS

Case No. 3.23-md-03084-CRB (LJC)

records, furnishing an additional basis for satisfying the second-level exception needed for the admission of hearsay-within-hearsay under Rule 805.

## III.    CONCLUSION

For the foregoing reasons, the Court should permit Uber to introduce evidence pertaining to Plaintiff's misrepresentations to her providers regarding her drug and alcohol use.

DATED: April 16, 2026                              Respectfully submitted,

/s/ Laura Vartain Horn

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

TRIAL BRIEF REGARDING ADMISSIBILITY OF PLAINTIFF'S STATEMENTS TO MEDICAL PROVIDERS IN MEDICAL RECORDS
Case No. 3.23-md-03084-CRB (LJC)