[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' TRIAL BRIEF REGARDING OFFER OF PROOF OF TESTIMONY OF TODD GADDIS**<br><br>Judge:    Hon. Charles R. Breyer<br>Courtroom:    6 – 17th Floor<br><br>Date Filed:    April 17, 2026<br>Trial Date:    April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823,<br><br>        Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>        Defendants | CASE NO. 3:25-cv-00737-CRB<br><br>Judge:    Hon. Charles R. Breyer<br>Courtroom:    4A |

DEFENDANTS' TRIAL BRIEF REGARDING OFFER OF PROOF OF TESTIMONY OF TODD GADDIS
Case No. 3:23-md-03084-CRB / 3:25-cv-00737

## I.      OFFER OF PROOF OF TESTIMONY OF TODD GADDIS

At trial on April 15, the Court indicated that it would exclude testimony seeking to establish that Plaintiff's creation of eight different profiles under multiple false names on the Uber platform after the incident *and* after this lawsuit was filed was indicative of fraud—i.e., an attempt to avoid having those multiple profiles linked to her. (4/15/2026 Tr. 232:7-233:1.) The Court also barred questioning of Plaintiff's expert, Veronique Valliere, regarding an Uber document she tendered during her direct examination that identifies "[d]uplicate accounts or multiple devices" as indicators of fraud.  (4/17/2026 Tr. forthcoming; *see also* P-01528.00015 (attached as Ex. 1).)

While Plaintiff sought to downplay the extent of her continued use of the Uber platform, testifying at deposition that she only did so "when it's absolutely necessary," (7/10/2025 B.M. Dep. 47:11-48:17.) her creation of eight new profiles under false names directly contradicts those assertions, revealing that Plaintiff's actual platform usage was far more extensive than she represented, and that she took affirmative steps to conceal that usage by registering under different names, email addresses, an indicator of fraud on the platform. She also testified in open court on the record that she did not report the incident to Uber because she is  "not tech savvy" and "not good with any of that," (4/15/2026 Tr. 103:19-22) yet her extensive use of the Uber platform, Uber Eats platform, and Lyft platform and creation of marketplace accounts suggests otherwise. Plaintiff admitted she "definitely did" create multiple accounts under different names (4/15/2026 Tr. 173:7-17), showcasing the pattern of deliberate, sustained engagement with the platform throughout the pendency of this litigation.

Additionally, this testimony is highly relevant because it directly contradicts her testimony in this case. Plaintiff's testimony that she only ever used the Uber platform was directly contradicted by records confirming she has been using Lyft since April 2022. (4/15/2026 Tr. 42:3-17.) Further, the creation of eight separate accounts under false names, while simultaneously testifying she only used the platform "when it's absolutely necessary" directly undermines her testimony regarding both the nature and severity

of her alleged injuries. The jury should be entitled to hear evidence that contradicts this testimony, particularly if there is a demonstrated pattern of concealment. In addition to its attempt to cross-examine Dr. Valliere on this topic, Uber sought to introduce this evidence through the testimony of Todd Gaddis, a Data Science Manager at Uber Technologies, Inc., where he has worked for approximately eleven years. He currently manages a team of eight data scientists and analysts working within Uber's Safety organization, and he works closely with Uber's legal team on data requests related to safety incidents, including incidents of sexual assault and sexual misconduct. He has worked with safety data—and, in particular, data related to reported incidents of sexual assault or sexual misconduct—for approximately eight years, since he joined Uber's Safety team around 2017. In his role, Mr. Gaddis also has access to and familiarity with Uber's business records concerning user data, including account creation history, associated contact information, and trip records.

Mr. Gaddis's personal knowledge would enable him to assist the jury in understanding the extensive measures Uber has undertaken to collect, maintain, and organize user data on its platform, the data systems and processes Uber employs to manage account creations history, associated contact information, trip records, and specific facts relevant to Plaintiff's use of the platform.

Had he been allowed to address this issue, Mr. Gaddis could have testified to the following:

- Over time, Uber has identified and come to understand various forms of abusive and/or fraudulent behavior on the platform. One form of such abuse is the creation of multiple accounts by the same individual, which is widely recognized across digital marketplaces as characteristic of fraudulent behavior, requiring companies like Uber to take affirmative action to detect and restrict the user's access to the platform.

- The creation of multiple accounts is expressly prohibited by Uber's Terms of Use, which provide: "Unless otherwise permitted by Uber in writing, you may only possess one Account." Uber's Community Guidelines identify duplicate accounts as a form of "[f]raudulent or

DEFENDANTS' TRIAL BRIEF REGARDING OFFER OF PROOF OF TESTIMONY OF TODD GADDIS
Case No. 3.23-md-03084-CRB / 3:25-cv-00737

illegitimate behavior" that "undermines the trust on which Uber is built," and expressly provide that Uber "may deactivate any account(s) associated with this type of activity, including . . . duplicate accounts." Plaintiff's creation of eight different accounts thus constitutes a direct and repeated violation of the terms she agreed to as a condition of using the platform, terms that exist to combat fraud on the platform.

- The creation of so many accounts gives rise to a strong inference of fraudulent intent, as experience indicates that individuals who deliberately create aliases to circumvent single-use restrictions have no other purpose in doing so other than obtaining a financial benefit to the detriment of the company. Creation of multiple accounts, utilizing different names, phone numbers or email addresses falls within this prohibited conduct.

- Uber has developed interventions over time within the Uber App to help prevent such abuses. For example, the Uber App does not permit creation of multiple accounts under the same phone number or email. In addition, because these restrictions may be bypassed by users who have access to multiple phone numbers or email accounts, Uber has developed more sophisticated detection methods for the Uber App. For example, the App can detect and in specific circumstances block the creation of multiple accounts where multiple phone numbers or emails are used to create multiple accounts on the same device.

- The data available to Uber in this case indicates that Plaintiff established multiple different accounts using different names and emails across multiple devices. The first duplicate account was created post-incident on April 2, 2022, approximately one month after Plaintiff filed this lawsuit. Plaintiff went on to create an additional seven accounts between June 2022 and May 2025.

Excluding this evidence would leave the jury with a materially incomplete picture of Plaintiff's actual conduct during the pendency of this litigation and would deprive Uber of its right to challenge the

4

credibility and veracity of Plaintiff's testimony regarding her alleged injuries and her use of the Uber platform. The evidence that she created eight duplicate accounts in violation of Uber's Terms of Use and Community Guidelines— as well as use of false names, and commencing just one month after she filed suit, is highly relevant because it contradicts her testimony, is probative of a proclivity for fraud, and bears on the alleged severity of her claimed damages. The Court should have allowed the cross-examination of Dr. Valliere and permitted Mr. Gaddis to testify regarding Plaintiff's account creation history, the data underlying those accounts, and Uber's policies prohibiting the creation of duplicate accounts through objective, verifiable business records.

DATED: April 17, 2026                           Respectfully submitted,


                                                 /s/ Laura Vartain Horn
                                                 Laura Vartain Horn (SBN 258485)
                                                 **KIRKLAND & ELLIS LLP**
                                                 555 California Street, Suite 2700
                                                 San Francisco, CA 94104
                                                 Telephone: (415) 439-1625
                                                 laura.vartain@kirkland.com

                                                 Allison M. Brown (Admitted *Pro Hac Vice*)
                                                 **KIRKLAND & ELLIS LLP**
                                                 2005 Market Street, Suite 1000
                                                 Philadelphia, PA 19103
                                                 Telephone: (215) 268-5000
                                                 alli.brown@kirkland.com

                                                 Jessica Davidson (Admitted *Pro Hac Vice*)
                                                 **KIRKLAND & ELLIS LLP**
                                                 601 Lexington Avenue
                                                 New York, NY 10022
                                                 Telephone: (212) 446-4800
                                                 jessica.davidson@kirkland.com

                                                 *Attorneys for Defendants*
                                                 UBER TECHNOLOGIES, INC.,
                                                 RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' TRIAL BRIEF REGARDING OFFER OF PROOF OF TESTIMONY OF TODD GADDIS
Case No. 3.23-md-03084-CRB / 3:25-cv-00737