[Submitting Counsel Below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC.,
PASSENGER SEXUAL ASSAULT
LITIGATION

_____

This Document Relates to:

*B.L. v. Uber Technologies, Inc., et al.*
No. 24-cv-7940

Case No. 3:23-md-03084-CRB (LJC)

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO REFILE JOINT PTO 8 LETTER REGARDING PLAINTIFF'S IMPROPER USE OF REDACTIONS**

Judge:          Mag. Lisa J. Cisneros
Courtroom:   G – 15th Floor

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
Caroline Power (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5100
alli.brown@kirkland.com
Telephone: (215) 268-5004
caroline.power@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER,
LLC, and RASIER-CA, LLC

Defendants Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully move for leave to refile the Parties' Joint PTO 8 Letter Regarding Deficient Productions by Plaintiff B.L. (Dkt. No. 5802-3) (the "Letter").

For nearly a year, Uber has worked diligently to address Plaintiff's pattern of improperly redacting third-party messages. Unfortunately, it has become clear that Plaintiff has no real interest in working collaboratively on this issue. Instead, it appears that Plaintiff has feigned collaboration to delay providing relevant discovery and prevent Uber from raising this issue with the Court in a timely manner. Plaintiff's most recent production of unredacted messages earlier this month (half a year after the close of discovery) revealed that messages she had long claimed were irrelevant are in fact highly relevant to her claims because, *inter alia*, they (1) describe events immediately prior to the alleged incident; (2) include an admission that Plaintiff was "fawning… with the Uber driver"; and (3) reveal that Plaintiff misrepresented the nature of her relationship with certain third party witnesses. Although Plaintiff finally unredacted this group of messages, Uber is concerned that hundreds of others may have been improperly redacted.

Plaintiff's late production provides good cause for Uber to seek judicial involvement in resolving the parties' dispute over the remaining redacted communications. If Uber is prevented from seeking relief on this issue, Plaintiff will be rewarded for withholding evidence until after the close of fact discovery, resulting in a substantial injustice to Uber and prejudicing its ability to fully defend itself at trial.

## I.    BACKGROUND

On April 30, 2025, Plaintiff produced incomplete and highly redacted text conversations with several witnesses. Benfield Decl. ¶ 2. Over the ensuing months, Plaintiff continued to redact productions with no legitimate basis. *Id.* ¶¶ 4–5, 7–9, 15, 17, 20, 24–25, 29. While Plaintiff has periodically produced certain missing and previously redacted messages, many communications remain redacted and hundreds of messages remain unproduced to this day. *Id.* Most concerning, when Plaintiff has removed redactions, it has revealed highly relevant information, such as messages about her interactions with the driver or about this lawsuit that appear to have been redacted simply because they are unhelpful to her claims.

Uber, by contrast, has undertaken extensive efforts to resolve these deficiencies cooperatively. On September 9, 2025—two weeks after Plaintiff indicated she would be supplementing her productions to

UBER's ADMINISTRATIVE MOTION FOR LEAVE TO FILE JOINT PTO 8 LETTER REGARDING PLAINTIFF'S IMPROPER USE OF REDACTIONS
CASE NO. 3:23-MD-03084-CRB (LJC)

1

cure the deficiencies—Uber contacted Plaintiff to follow up. Plaintiff did not respond, and Uber followed up two days later. *Id.* ¶¶ 9–10. This pattern persisted throughout the parties' communications. On October 6, Uber raised several discovery issues via email and requested a meet and confer. *Id.* ¶¶ 11–12. Plaintiff failed to respond, requiring Uber to follow up multiple times. *Id.* Even after Uber arranged conferrals, Plaintiff failed to address the redactions or fix her deficient privilege log. *Id.* ¶¶ 14, 16. In November 2025, Plaintiff demanded more specificity even though Uber had outlined its position a number of times. *Id.* ¶¶ 18–19. Uber promptly provided a detailed account, with specific examples and screenshots of improper redactions, and Plaintiff represented that she would address the issue. *Id.* ¶¶ 19–20. She did not.

On February 13, 2026, after the conclusion of the *Dean* trial, Uber again raised concerns that Plaintiff's privilege assertions were unfounded and sought to confer. *Id.* ¶ 21. After additional prompting, the parties conferred, and Plaintiff agreed it was "appropriate to unredact some messages." *Id.* ¶¶ 22–24. But Plaintiff's efforts were a ruse—redactions persisted across entire pages of messages, and she continued to withhold several hundred messages. *Id.* ¶ 25. By March, Uber ascertained that Plaintiff had no intention of providing proper discovery and began briefing the issue. *Id.* ¶¶ 26–27. Confronted with the prospect of Court intervention, Plaintiff produced a subset of unredacted messages, revealing that Plaintiff had been concealing key evidence without any conceivable basis. *Id.* ¶¶ 28–29. While Plaintiff has finally produced some unredacted messages, Uber is concerned that Plaintiff continues to conceal crucial evidence through other improper redactions. *Id.* ¶¶ 29–31.

On April 9, 2026, the Parties filed the Letter outlining their respective positions on this issue. Dkt. No. 5802-3. On April 12, 2026, the Court instructed Uber to seek "leave to refile that letter in compliance with" the Court's February 18, 2026 Order. Dkt. No. 5823. This motion follows.

## II.    LEGAL STANDARD

Pursuant to the Court's February 18, 2026 and April 12, 2026 Orders, Uber seeks leave to refile the Letter for "good cause." Dkt. Nos. 5450, 5823; *see also* Fed. R. Civ. P. 16(b)(4). "What constitutes good cause . . . necessarily varies with the circumstances of each case." *Washington v. Essex*, No. 2:12-cv-03054-DAD-DB, 2022 WL 17417871, at *3 (E.D. Cal. Dec. 5, 2022) (quoting 6A Wright & Miller, Fed. Prac. & Proc. § 1522.2 (3d ed. 2018)). The Ninth Circuit, however, has instructed district courts to

consider the following factors in undertaking such an analysis: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that the discovery will lead to relevant evidence. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citations omitted). Of those factors, the "diligence of the party seeking the amendment" is the primary consideration. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (citations omitted).

## III.    ARGUMENT

Good cause exists to address Plaintiff's improper use of redactions and failure to produce certain messages. Indeed, nearly all the good cause factors weigh in Uber's favor.

### A.  There Is No Imminent Trial Date

The next bellwether trial is not set to begin until September 14, 2026—***5 months from the filing of this motion***. Dkt. No. 5623. Moreover, the Court has not determined whether the next trial will be AR2 or B.L. *Id.* As such, there is ample time for the Parties to address this discovery issue with the Court.[1]

### B.  There Is No Legitimate Basis To Oppose The Motion

While the motion is opposed, Plaintiff has articulated no substantive reason why it should not be granted. *See* M. Vives Declaration. Rather, she has attempted to deflect and distract from her months-long obfuscation with unfounded accusations that Uber intends to harass Plaintiff. Not so. Uber only seeks responsive and relevant documents to properly propounded discovery requests that Plaintiff has wrongfully withheld.

### C.  There Is No Prejudice To Plaintiff

Plaintiff cannot claim prejudice. First, she knows the content of her own text conversations, has had the full messages for months and months, and thus cannot be surprised by their contents. Second, the evidence was requested well within the fact discovery period. *See* Ex. A (Uber's First Set of Requests for Document Production). It is *only* Plaintiff's own concealment that has delayed disclosure of the messages past the close of fact discovery. Thus, any prejudice was to Uber, which has gone months without rightful

---

[1]  Uber anticipates filing a motion for sanctions that asks Judge Breyer to remove BL from the first wave of bellwether cases.

discovery. Uber has not only been deprived of its ability to use this evidence in litigation, but also of the ability to procure any additional evidence these documents may lead to.

### D. Uber Was Diligent In Seeking Proper Discovery

The record makes it clear that Uber pursued this discovery diligently, regularly arranging conferrals and raising concerns with Plaintiff. For example, after Plaintiff represented in November 2025 that she would re-evaluate her redactions, Uber followed up several times. Yet, it was not until February 2026 that Plaintiff actually attempted to do so and at that point, Plaintiff unredacted very narrow swaths of information, asserting to Uber that everything else that remained was not relevant. Uber only learned that these representations were false on April 1, 2026, when Plaintiff, for the first time, removed redactions from highly relevant messages, laying bare a months-long attempt to keep critical evidence from Uber.

To be sure, Plaintiff's dilatory tactics have pushed this dispute past the close of fact discovery, but Plaintiff should not be permitted to benefit from her own gamesmanship. *See Prewitt v. Hamline Univ.*, 764 F. App'x 524, 529 (6th Cir. 2019). Uber exhausted every reasonable avenue of informal resolution before seeking Court intervention. Good cause accordingly exists to address these deficiencies now.

### E. Uber Could Not Foresee The Need For Additional Discovery

Plaintiff intentionally obscured discovery while making promises to remedy her incomplete productions. Uber could not have dreamed that Plaintiff redacted communications regarding her interactions with the driver at issue in this case or someone who turned out to be a mental health provider. Such egregious discovery misconduct is not foreseeable.

### F. The Subject Messages Are Virtually Certain to Yield Relevant Evidence

Discovery is virtually certain to yield relevant evidence. Each time Plaintiff has removed redactions, the new information has been highly relevant to her claims. Moreover, the context surrounding the redactions makes it highly likely that the redacted portions relate to Plaintiff's claims. For example, Plaintiff messaged J.H. about ████████████████ and ████████████████ but redacted the message she sent 26 seconds later. The message subsequent to the redaction discusses ███████ ████████ *See* Ex. B (B.L. - SMS J.H. - 000001 – 000010 at 2-3). Thus, this factor is satisfied as well.

## IV.    CONCLUSION

For the foregoing reasons, Uber respectfully urges the Court to grant its Administrative Motion and allow Uber leave to refile the Letter.

Dated: April 17, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
Caroline Power (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com
Telephone: (215) 268-5004
caroline.power@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn