ROBERT ATKINS (*Admitted Pro Hac Vice*)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Admitted Pro Hac Vice*)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Admitted Pro Hac Vice*)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

KYLE SMITH (*Admitted Pro Hac Vice*)
  ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Admitted Pro Hac Vice*)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
2001 "K" Street, NW
Washington, DC 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER LLC, and
RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*B.L.* v. *Uber Technologies, Inc., et al.*, 3:24-cv-07940 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF B.L., SET ONE** |

-1-

**PROPOUNDING PARTY**:    UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

**RESPONDING PARTY**:    B.L.

**SET NO.**:    ONE (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants") hereby requests that B.L. ("Plaintiff") produce documents responsive to the document requests set forth below (the "Requests").  Plaintiff is directed to answer within 30 days of the date these Requests are served.

### DEFINITIONS

1.    "ALL" AND "ANY" both INCLUDE "each" AND "every."

2.    "COMMUNICATION(S)" is used in its broadest sense to encompass ANY transmission or exchange of information, ideas, facts, data, proposals, OR ANY other matter, whether between individuals OR between OR among members of a group, whether face-to-face, by telephone, letter, e-mail, message, telegram, OR ANY other means of written, electronic, OR other medium.

3.    "COMPLAINT" shall refer to the Master Long Form Complaint, filed on February 15, 2024, in the Northern District of California, San Francisco Division, Case No. 3:23-md-03084-CRB, AND ANY individual COMPLAINT, original OR amended, that YOU have filed in ANY legal proceeding RELATED TO the ALLEGED INCIDENT, INCLUDING ANY short form COMPLAINT.

4.    "DAMAGES" shall mean ANY financial, mental, OR physical harm that YOU allege resulted from the INCIDENT AND for which YOU allege UBER is responsible, as well as ANY financial compensation YOU seek as a result of those harms.

5.    "DOCUMENTS" means a writing AND INCLUDES the original OR a copy of handwriting, typewriting, printing, photostating, photographing, AND every other means of

-2-

recording ANY tangible things AND form of communicating OR representation, INCLUDING letters, words, pictures, sounds OR symbols, OR combinations of them.

6. "INCIDENT" OR "ALLEGED INCIDENT" means the circumstances AND event surrounding the accident, INJURY, OR other occurrence described in the COMPLAINT AND PLAINTIFF FACT SHEET.

7. "INCLUDE" AND "INCLUDING" shall mean INCLUDING, but not limited to.

8. "INDEPENDENT DRIVER" shall refer to the PERSON YOU allege perpetrated the INCIDENT described in the COMPLAINT AND PLAINTIFF FACT SHEET.

9. "INJURY" means ANY INJURY, harm, OR DAMAGES, INCLUDING but not limited to general DAMAGES, economic DAMAGES, pain AND suffering, emotional OR mental DAMAGES, AND physical DAMAGES.

10. "LOST INCOME" shall mean ANY claim by YOU of LOST INCOME, earning capacity, OR future LOST INCOME as a result of or arising from the DAMAGES AND INJURIES YOU allege were caused by this INCIDENT.

11. "MEDICAL PRACTITIONER" shall INCLUDE ANY medical doctor, nurse, emergency medical technician, physician, podiatrist, doctor of chiropractic medicine, physical therapist, psychologist, psychiatrist, mental health counselor, therapist, OR other PERSON who performs ANY form of healing art.

12. "MEDICAL EXPENSES" shall mean ANY expenses owed to a MEDICAL PRACTITIONER OR other healthcare facility OR treatment center, whether owed by the Plaintiff personally OR owed by ANY other PERSON on the Plaintiff's behalf, INCLUDING a health insurance provider.

13. "OR" AND "AND" shall INCLUDE AND/OR.

14. "PERSON" shall INCLUDE ANY natural person, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

15. "PLAINTIFF FACT SHEET" shall mean ANY fact sheet YOU completed AND provided to UBER in Case No. 3:23-md-03084-CRB AND ANY addition OR supplement to ANY such fact sheet.

-3-

16.    "RELATING TO" OR "RELATED TO" means, by way of example AND without limitation: demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these requests.

17.    "SOCIAL MEDIA" means ANY internet OR mobile-based application that allows end-user interaction AND content generation.  SOCIAL MEDIA INCLUDES but is not limited to social networking sites, business networking sites, internet message boards, chat rooms, comments sections of news OR other websites, other internet forums, blogs, digital media sharing sites, wikis, virtual worlds, AND interactive features such as comments sections on otherwise static websites, AND ANY email, chat, OR other COMMUNICATION capabilities included on such sites.

18.    "UBER" shall refer to Uber Technologies, Inc., Rasier, LLC, AND Rasier-CA, LLC, collectively, AND their employees, agents, assigns, directors officers, AND subsidiaries.

19.    "YOU" AND "YOUR" shall refer to the Plaintiff named in the above case caption, AND her agents, employees, insurance companies, attorneys, accountants, investigators, guardians, AND anyone else acting on her behalf.

## INSTRUCTIONS

1.    In addition to the specific instructions set forth below, these Requests incorporate the instructions set forth in Federal Rules 26 and 34, the Local Rules, and the Protective Order. Subject to a valid claim of privilege, please produce the entire document if any part of that document is responsive.

2.    Please produce all requested documents in Your possession, custody, or control, or available to You, or to which You may gain access through reasonable effort, including information in the possession of Your past and present attorneys, representatives, investigators, consultants, agents, or other Persons directly or indirectly employed or retained by You, or anyone else otherwise subject to Your control who maintains records on Your behalf, in Your name, or otherwise under Your control.

-4-

3. Pursuant to Federal Rule 34, documents must be produced either: (a) as they are kept in the usual course of business (in which case they must be produced in such fashion as to identify the Person in whose possession the document was found or the server or central file in which it was found, and the address of each document's custodian(s)) or (b) segregated as responsive to a specific Request enumerated herein, with such specific Request identified.

4. You must retain all of the original documents for inspection or copying throughout the pendency of this Action, any appeal(s), and any related proceedings.

5. You must produce all documents and associated metadata according to the Federal Rules, Local Rules, and the governing ESI Order for this Action. You must provide instructions and all other materials necessary to use or interpret Your data compilations, such as a data dictionary, with Your production.

6. Data and materials that are stored electronically or in machine-readable form should be produced in accordance with the governing ESI Order for this Action.

7. If You object to all or any portion of any of the below Requests, You must identify the objectionable Request or portion thereof, and the nature and basis of the objection. Notwithstanding any objection to any portion of any Request, You must produce all documents and information to which such objection does not apply.

8. If any document responsive to a particular Request no longer exists for reasons other than Your document retention policy, describe the circumstances under which it was lost or destroyed, describe the information lost or destroyed, identify the Request to which it was responsive, and identify Persons with knowledge of the document.

9. If You are unable to produce a document that is responsive to a Request, describe the document, state why it cannot be produced and, if applicable, state the whereabouts of such document when last in Your possession, custody, or control.

10. If there are no documents or information responsive to all or any portion of any Request, so state in writing.

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
Case No. 3:23-md-03084-CRB

11.    Failure to provide information in response to a Request will be deemed a waiver of Your right to produce such evidence at trial.  Uber reserves the right to move to preclude the introduction of any evidence not produced in response to these Requests.

12.    Other than redactions of privileged information, documents are to be produced in full.  If any requested document cannot be produced in full, or if You withhold production of any document or portion of any document responsive to these Requests based upon any privilege, protection, or immunity, produce it to the extent possible and provide a privilege log in accordance with any ESI Order and/or agreed upon protocol.

13.    In construing the Requests herein:

    a.  terms not specifically defined shall be given their ordinary meaning as You understand them to be used in the trade;

    b.  the use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, whenever necessary, to bring within the scope of any Request all information that might otherwise be construed to be outside its scope;

    c.  the use of the singular form of any word includes the plural and vice versa;

    d.  words in the masculine, feminine, or neutral gender shall include each of the other genders;

    e.  the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope; and

    f.  the terms "all," "any," and "each" shall each be construed as encompassing any and all.

14.    None of the Definitions or Requests set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definitions or the Requests.

-6-

15. These Requests are continuing in nature. In the event that You become aware of responsive documents or information in addition to, or in any way inconsistent with, that which You previously have produced, prompt supplementation of Your responses is required.

16. Uber specifically reserves the right to seek supplementary responses and the additional supplementary production of documents before trial.

17. Unless otherwise stated, the Requests call for the production of documents from the Relevant Period.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS AND COMMUNICATIONS received by YOU from UBER OR sent by YOU to UBER for ANY UBER account YOU currently OR previously created, used, OR maintained.

**REQUEST FOR PRODUCTION NO. 2:**

ALL COMMUNICATIONS RELATED TO the ALLEGED INCIDENT that YOU have had with ANY PERSON.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS about OR RELATING TO the ALLEGED INCIDENT, INCLUDING but not limited to DOCUMENTS that describe, document, identify, OR depict the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 4:**

ALL COMMUNICATIONS AND DOCUMENTS that support YOUR claim for DAMAGES INCLUDING but not limited to ANY claim for general DAMAGES, economic DAMAGES, pain AND suffering, emotional OR mental DAMAGES, physical DAMAGES, MEDICAL EXPENSES, AND LOST INCOME.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS, COMMUNICATIONS, records, papers, notes, OR pleadings from the last ten (10) years concerning ANY claims YOU have submitted to ANY insurance carrier OR governmental agency for benefits in which YOU asserted that YOU have suffered INJURY.

**REQUEST FOR PRODUCTION NO. 6:**

ANY DOCUMENTS sufficient to show YOUR total income from ANY source over the last ten (10) years.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS that support YOUR claim for emotional distress.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS YOU have had with ANY PERSON regarding the emotional distress YOU claim as a result of the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS RELATING TO medical treatment YOU sought OR received for the alleged INJURIES YOU claim to have sustained as a result of the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS evidencing medical billing RELATED TO ANY medical treatment YOU sought OR received as a result of the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS RELATING TO ANY future medical treatment YOU claim YOU will require as a result of the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS evidencing ANY psychological OR psychiatric treatment YOU received as a result of the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS RELATING TO ANY psychological OR psychiatric care YOU claim YOU will require in the future as a result of the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS RELATING TO YOUR medical treatment AND ANY diagnoses within the five (5) years preceding the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA that were posted OR sent by YOU, OR directed to AND received by YOU, from the date of the ALLEGED INCIDENT to the present RELATING TO the ALLEGED INCIDENT, regardless of whether the information is publicly available OR requires a password AND login to access.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA that YOU posted, sent, directed, received AND/OR were tagged in OR mentioned in, from five (5) years prior to the ALLEGED INCIDENT to the present that depict, describe, OR RELATE TO (a) YOU attending social gatherings, public OR private, with people YOU know OR with strangers; (b) YOU practicing hobbies of ANY kind whether done alone OR with people; (c) alcohol OR drug use; AND/OR (d) use of UBER, Lyft, OR ANY other ridesharing service, regardless of whether the information is publicly available OR requires a password AND login to access.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA AND/OR a social networking website that YOU, posted, sent, directed, received AND/OR were tagged in OR mentioned in, from five (5) years prior to the ALLEGED INCIDENT to the present, that depict, describe, OR RELATE TO ANY mental OR emotional state OR condition of YOURS, INCLUDING but not limited to those RELATED TO (a) ANY mental health diagnosis, (b) ANY traumatic experience, (c) ANY nonsexual assault OR battery, (d) depression, (e) anxiety, (f) PTSD, (g) difficulty falling asleep AND/OR staying asleep, (h) stress-related gastrointestinal disturbances, (i) hypoactive sexual desire, (j) suicidal ideation AND/OR planning, (k) stress, (l) headaches AND/OR migraines, (m) difficulty concentrating, (n) trauma, AND/OR (o) emotional pain AND suffering, regardless of whether the information is publicly available OR requires a login AND/OR password to access.

-9-

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS RELATING TO YOUR use of the UBER Application at ANY time INCLUDING but not limited to records of payment methods AND gratuities, completed surveys, AND recommendations OR feedback posted on ANY online platform.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS evidencing YOUR use of the UBER Application after the ALLEGED INCIDENT took place.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS evidencing YOUR use of ANY rideshare applications AND services other than UBER, INCLUDING but not limited to Lyft, after the ALLEGED INCIDENT took place.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO the ALLEGED INCIDENT YOU sent to ANY law enforcement agency OR entity OR that ANY law enforcement agency OR entity sent to YOU.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY criminal complaint filed regarding the ALLEGED INCIDENT, INCLUDING ALL reports prepared by ANY federal, state, OR local governmental body OR agency.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY criminal investigation of the ALLEGED INCIDENT.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS AND COMMUNICATIONS YOU exchanged with, whether to OR from, ANY insurance provider RELATING TO the ALLEGED INCIDENT AND YOUR alleged INJURIES.

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
Case No. 3:23-md-03084-CRB

**REQUEST FOR PRODUCTION NO. 25:**

ALL COMMUNICATIONS between YOU, members of YOUR family, OR anyone speaking on YOUR behalf OR at YOUR request AND the INDEPENDENT DRIVER.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS RELATING TO YOUR contention that the INDEPENDENT DRIVER perpetrated the ALLEGED INCIDENT described in YOUR COMPLAINT AND PLAINTIFF FACT SHEET.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS AND COMMUNICATIONS exchanged between YOU AND ANY PERSON who claims to have been sexually assaulted in connection with use of the UBER Application, INCLUDING but not limited to, ANY plaintiffs with claims against UBER pending in the Northern District of California in Case No. 3:23-md-03084-CRB.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ANY criminal action in which YOU were named as a defendant.

**REQUEST FOR PRODUCTION NO. 29:**

ALL DOCUMENTS AND COMMUNICATIONS evidencing ANY instance OR symptom(s) of (a) depression, (b) anxiety, (c) PTSD, AND/OR (d) trauma, INCLUDING but not limited to interpersonal AND familial trauma, YOU experienced at ANY time prior to OR at ANY time following the ALLEGED INCIDENT, INCLUDING but not limited to DOCUMENTS AND COMMUNICATIONS from ANY MEDICAL PRACTITIONER who treated YOU as a result of each such instance of trauma.

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY instance of sexual misconduct, sexual harassment, AND/OR sexual assault YOU experienced at ANY time prior to OR at ANY time following the ALLEGED INCIDENT, INCLUDING but not limited to DOCUMENTS AND COMMUNICATIONS from ANY MEDICAL PRACTITIONER who treated YOU as a result of each such event.

**REQUEST FOR PRODUCTION NO. 31:**

ANY AND ALL writings by YOU RELATED TO the ALLEGED INCIDENT OR RELATED TO ANY INJURIES YOU claim to have sustained as a result of the ALLEGED INCIDENT, INCLUDING but not limited to notes, journal entries, diary entries, OR writings of ANY kind.

DATED:  March 15, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:  */s/ Jessica E. Phillips*
JESSICA E. PHILLIPS
RANDALL S. LUSKEY
ROBERT ATKINS

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
Case No. 3:23-md-03084-CRB

## PROOF OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the District of Columbia.  My business address is Paul, Weiss, Rifkind, Wharton & Garrison LLP, 2001 "K" Street, NW, Washington, DC 20006.

On the date set forth below, I caused the following document(s):

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF B.L., SET ONE**

to be served by providing a true copy thereof addressed to each of the persons named below:

Sommer D. Luther, Esq.                  *Attorney for Plaintiff*
WAGSTAFF LAW FIRM
940 Lincoln Street                      Telephone: (303) 263-8949
Denver, CO 80203                        Facsimile: (303) 376-6361
                                        Email: sluther@wagstafflawfirm.com

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION**: I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 15, 2025 in Arlington, Virginia.

*/s/ Jessica E. Phillips*
Jessica E. Phillips

-13-
DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
Case No. 3:23-md-03084-CRB