[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 823 v. Uber Techs., Inc., et al.*, No. 3:24-cv-04900 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' PROPOSED INSTRUCTION ON "FINAL MANDATE" FOR LIABILITY**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor<br><br>Date Filed:  April 19, 2026<br>Trial Date:  April 14, 2026 |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| WHB 823,<br><br>           Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>           Defendants | CASE NO. 3:25-cv-00737-CRB<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:  4A |

The Court should add a "final mandate" instruction at the conclusion of the liability portion of the jury charge, consistent with the approach taken by North Carolina law. At the charge conference, the Court noted the inclusion of such a final mandate in the damages section of the charge, consistent with the pattern approach, explaining that it "want[ed] to do what is usually done" in North Carolina. (4/16/2026 Tr. 318:13-15.)

The Court should take the same approach with respect to the liability portion of the jury charge. The purpose of the final mandate under North Carolina practice is to advise the jury of the verdict options before it and the conditions under which each option may be exercised. *State v. Calderon*, 774 S.E.2d 398, 403 (N.C. Ct. App. 2015) ("Every criminal jury must be instructed as to its right to return, and the conditions upon which it should render, a verdict of not guilty.") (citation omitted). Defects in final mandates have been deemed to constitute reversible error. *E.g., State v. Ledford*, 613 S.E.2d 726, 727 (N.C. Ct. App. 2005).

Here, Defendants submitted a proposed final mandate for the liability question in the parties' joint submission on jury instructions. (ECF 5679 at 32.) The Court declined to adopt the proposal, but it appears that its decision to do so might have stemmed from the fact that Defendants' proposal framed the final mandate in terms of the common-carrier instruction that Defendants proposed and the Court has rejected. Without waiving their position as to the proper instructions on common carrier issues, Defendants submit the following proposed final mandate tailored to the other instructional language the Court has adopted as to the common-carrier and battery issues, which is modeled on the pattern final mandate instruction for negligence (N.C.P.I.-CIVIL 102.50):

> Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the driver, Jeffrey Richardson, committed a battery against Plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.
>
> If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of Uber.

Defendants submit it is important to read this instruction here to provide equally clear instructions to the jury on how to complete the verdict form for liability and damages (only the latter of which presently is addressed by the instructions). The final mandate instruction for common carrier/battery would be read between the instruction on "Battery" and the instruction on "Personal Injury Damages."

Finally, Defendants stand on all of their prior submissions as to requested jury instructions that the Court has not adopted. That includes those submissions the Court has not adopted that Defendants proposed in the parties' joint submission on jury instructions, (*see generally* ECF 5679), the justifications for which are provided in the sections throughout that submission entitled "Uber's position," as well as in the footnotes. It also includes Uber's position that the Court's should include the word "sexually" in the "Common Carrier Liability–Statement of Claim" instruction as originally proposed in the Court's tentative final jury instructions. (*See* ECF 5899 at 14:2; *see also* 4/17/2026 Tr. 363:14-365:20.) As Defendants argued, this language is important because the jury must find not only a "touching" but an "offen[sive]" touching in order to find for Plaintiff on the battery claim (ECF 5899 at 16:5), and the only theory of offensiveness advanced by Plaintiff in this case is that the touching was sexual in nature.[1] The jury's inquiry should be cabined accordingly to avoid the possibility that the jury could find the element of offensiveness satisfied on some other basis, for which there is no sufficient evidence in the record.

---

[1] Indeed, to the extent the touching were alleged to be anything other than sexual in nature, Uber would have exercised its right to compel arbitration of Plaintiff's claim, and it never would have been included in these MDL proceedings.

DATED: April 19, 2026

Respectfully submitted,

/s/ Laura Vartain Horn

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC