[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
|  | **PLAINTIFF'S TRIAL BRIEF RE: CLOSING ARGUMENT** |
| This Document Relates to: | Judge: Honorable Charles R. Breyer |
| *WHB 823 v. Uber Techs., Inc.*, N.D. Cal. No. 24-cv-4900 W.D.N.C. No. 25-cv-737 |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| WHB 823, | No. 25-cv-737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. |  |
| UBER TECHNOLOGIES, INC., et al., |  |
| Defendants. |  |

**TRIAL BRIEF**

It is a "fundamental rule, known to every lawyer, that argument is limited to the facts in evidence." *United States v. Lighty*, 616 F.3d 321, 361 (4th Cir. 2010) (citation omitted). While counsel "may argue that the evidence gives rise to an inference, [] the suggested inference must be reasonably drawn from the facts in evidence." *United States v. Wilson*, 135 F.3d 291, 298 (4th Cir. 1998).

The trial record is now complete, and Uber has failed to substantiate several issues that it has raised at trial. The Court should therefore preclude arguments or suggestions with respect to those issues in Uber's closing argument.

**I.  ARGUMENT THAT PLAINTIFF WAS LIKELY INTOXICATED OR OTHERWISE IMPAIRED THE NIGHT OF THE INCIDENT.**

Plaintiff testified that on March 25, 2019, she had one beer. *See* Tr. at 77:9-13. There is no evidence to the contrary. Uber could have deposed or subpoenaed Trevor (the friend whom Plaintiff visited that night); Uber did not. *See id.* at 74:20-75:21. Uber could have cross-examined Plaintiff herself on this point; Uber did not.

Over Plaintiff's objection, the Court permitted Dr. Reminick, a psychiatrist who specializes in women's reproductive health, to read from Plaintiff's medical records and pronounce that "[s]he absolutely was addicted" and it would have been difficult for her not to have consumed drugs or alcohol on the date in question. *Id.* at 491:7-23. But the Court admitted that evidence only to the extent it weighs on Plaintiff's credibility, i.e., whether she is being honest that she had *one* beer. *See* 2/4/26 Hr'g Tr. at 68:11-69:20. Beyond that, there is no evidence to support any argument or inference that Plaintiff was or was not intoxicated, i.e., the degree or extent of any drug or alcohol use on the night of the incident. *See also* ECF 5469-4 (Reminick Dep.) at 56:8-18, 59:8-21 (acknowledging "There's no evidence that indicates that she was intoxicated or sober on that day" and "I would say I don't know for a fact if the patient was sober or intoxicated. I don't have any factual data of that point in time"); *see also* ECF No. 5809, Pretrial Order No. 43 at 4 (excluding Dr. Reminick's testimony "to the extent she seeks to offer opinions about Plaintiff's credibility as a witness *or that Plaintiff is lying about her sobriety the night of the alleged incident*") (emphasis added).

Accordingly, there is no foundation for Uber to argue or suggest any degree or level of impairment or intoxication during the Uber ride in question. Any attempt by Uber to offer such argument at closing should be precluded.

## II. ARGUMENT THAT PLAINTIFF'S SUBSTANCE ABUSE AND MEMORY ISSUES CAUSED HER TO REMEMBER SOMETHING THAT DID NOT OCCUR.

Uber presented Dr. Reminick to testify that Plaintiff's memory and recall are impaired. *See* Tr. at 478:2-4. But, as the Court observed, a person's difficulty recalling things says nothing about whether a person is honestly recounting an incident they say they *do* remember. *See* Tr. at 471:10-472:7. There is no evidence that "a person under the influence of drugs at the time will make up things that didn't happen," *Id.* at 472:3-7, nor is there any evidence that a person with a substance abuse history is more likely to lie in general. Indeed, such a presumption would be inherently prejudicial and direct usurpation of the jury's exclusive province on issues of fact and credibility. It would also contravene this Court's ruling, which excluded any opinion as to Plaintiff's credibility as witness. *See* ECF No. 5809, Pretrial Order No 43, at 4.

Uber should be prohibited from arguing or suggesting that the memory problems to which Dr. Reminick testified support a finding that Plaintiff is lying about the assault.

## III. ARGUMENT THAT PLAINTIFF'S TESTIMONY IS INCONSISTENT BECAUSE SHE DID NOT RECALL A STOP DURING THE INCIDENT RIDE.

During opening, Uber signaled its intent to highlight purported inconsistencies in Plaintiff's recollection of the incident trip. *See* Tr. at 40:7-12. During Plaintiff's cross-examination, Uber's counsel identified one of these "inconsistencies," asking Plaintiff if she recalled making any stops during the incident ride; Plaintiff did not. *See id.* at 91:7-8; *see also id.* at 166:8-167:5 (reiterating that she "personally [has no] memory of stopping at a Sheetz…"). The Court noted that absent some evidence that a stop had, in fact, occurred, e.g., either through Plaintiff's own recollection (which does not exist) or other witness (Uber called none),[1] then there is no foundation for this argument. *See id.* at 166:17-22.

Uber has not presented any evidence demonstrating that a stop in fact occurred during the incident trip. It should be precluded from raising any argument or suggestion of an inconsistency

---

[1] Uber represented that it would call Todd Gaddis to testify on this issue, *see* Tr. at 233:12-18, but ultimately withdrew that witness.

on this issue.

## IV.   ARGUMENT THAT PLAINTIFF CREATED MULTIPLE UBER ACCOUNTS TO COMMIT FRAUD.

During this trial, Uber has referenced that Plaintiff had multiple Uber accounts, *see* Tr. at 41:6-12, 41:18-25, and has argued that this is "an indication of fraud," *id.* at 232:18-19. But there is no evidence in the record as to any fraudulent activity.

Plaintiff testified that she has used Uber and Lyft at times since the March 2019 assault. *See* Tr. at 108:8-110:23. And she acknowledged that she did so using different Uber accounts. *See id.* at 173:2-11. Uber then tried to cross Dr. Valliere on the question of whether "drivers or riders who have duplicate or multiple accounts are an indicia or a sign of fraudulent activity." *Id.* at 425:4-7. The Court sustained Plaintiff's objection and instructed the jury to disregard the question because "[t]here's no evidence in this case in which that type of issue has been raised." *Id.* at 425:8-22.

Accordingly, the Court should preclude any evidence or suggestion that Plaintiff used multiple Uber accounts to commit fraud.

Dated: April 19, 2026

Respectfully Submitted,

By: */s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com

PLAINTIFF'S TRIAL BRIEF
RE: CLOSING ARGUMENT
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)
**SELLERS AYERS DORTCH &
LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

PLAINTIFF'S TRIAL BRIEF
RE: CLOSING ARGUMENT
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737

## **FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: April 19, 2026                                        By:    */s/ Ellyn Hurd*
                                                                              Ellyn Hurd

PLAINTIFF'S TRIAL BRIEF
RE: CLOSING ARGUMENT
N.D. CAL. NO. 24-CV-4900; W.D.N.C. NO. 25-CV-737