[Submitting Counsel below]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*WHB 823 v. Uber Techs., Inc.*, et al.
N.D. Cal. No. 3:24-cv-04900
W.D.N.C. No. 3:25-cv-00737

Case No. 23-md-03084-CRB

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DR. ALISON REMINICK'S TESTIMONY**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

WHB 823,

      Plaintiff,

   v.

UBER TECHNOLOGIES, INC., et al.,

      Defendants.

No. 3:25-cv-00737

Judge: Honorable Charles R. Breyer

## I.    INTRODUCTION

Most of the testimony of Uber expert Dr. Alison Reminick (three of the four opinions she purported to offer) consisted of no expert opinion at all but simply summarized Plaintiff's medical records. For example, she testified that the records contain Plaintiff's substance abuse history, instances when Plaintiff acknowledged minimizing drug use, and, based on her review, simply confirms the absence of a record of Plaintiff reporting the assault to her health care providers. But this is nothing more than a gratuitous factual recitation; there are no actual opinions tethered to this testimony.

Plaintiff recognizes and acknowledges the Court's expressed concern that the narrowing of the case might preclude Uber's expert from testifying. But the scope of the evidence and the legal claims does not change the rules of evidence, including Fed. R. Evid. 702. Rule 702 requires actual opinions that are the product of reliable principles and methodology. Testimony that merely parrots the contents of records or statements of others does not meet this requirement. Indeed, these are not opinions at all.

Uber cannot simply put a witness on the stand to recite records into evidence. Uber could have cross-examined Plaintiff with these records, thereby affording her the opportunity to respond to Uber's cherry-picked excerpts. Uber chose not to. It opted instead to have its expert read and summarize medical notes, giving the testimony a false veneer and weight of an expert opinion, when, in truth, it is nothing more than a prejudicial fact summary.

The Court should strike the following "opinions" and testimony in support of them: (1) that Plaintiff has a history of alcohol and substance abuse, *see* Tr. at 477:21-25; (2) that Plaintiff acknowledged she lied about or minimized her substance abuse to medical providers, *see id.* at 490:8-25; and (3) that Plaintiff did not report the alleged incident to her medical providers, *see id.* at 478:5-8.

## II.    LEGAL STANDARD

Under Fed. R. Evid. 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles and methods" which (3) has been reliably applied

"to the facts of the case." But where, as here, "the expert testimony [] merely regurgitates factual information that is better presented directly to the jury, rather than through the testimony of an expert witness, it is properly excluded." *In re C.R. Bard, Inc.,* 948 F. Supp. 2d 589, 608 (S.D.W. Va. June 4, 2013) (excluding testimony that merely repeated what plaintiffs stated); *see also Marvel Characters, Inc. v. Kirby,* 726 F.3d 119, 136 (2d Cir. 2013) (a party may not "call an expert simply as a conduit for introducing hearsay under the guise of that the testifying expert used the hearsay as a basis for his testimony…[T]he appropriate way to adduce factual details of specific past events is, when possible, through persons who witnessed those events"); *Fucich Contracting, Inc. v. Shread-Kuyrkendall & Associates, Inc.,* 2021 WL 11669758, at *3 (E.D. La. July 28, 2021) (excluding expert testimony where accountant relied solely on financial statements and conversations with others, and disclaimed any independent basis for offering an opinion; he "cannot be admitted as an expert because his report simply restates Plaintiffs' 'testimony dressed up and sanctified as the opinion of an expert'") (internal citations omitted); *Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2014 WL 3417941, at *13, n.8 (N.D. Cal. Jul. 11, 2014) (excluding expert opinion "based upon her interpretation of the evidence" where "her opinion merely summarize[d] the record evidence and gratuitously interpret[ed] it").

## III.    ARGUMENT

The Court should strike three of Dr. Reminick's opinions that merely read and summarize medical records.

*First*, Dr Reminick's testimony regarding Plaintiff's alcohol and substance abuse consisted solely of recitation of medical records (often simply agreeing with counsel's summary of those records). There was no opinion offered, just statement after statement either reading or summarizing what was written by other medical providers regarding Plaintiff's history and care. *See* Tr. at 479:25-482:13 (testifying to the contents of exhibit D-4149); *id.* at 482:15-484:19 (testifying as to what is stated in exhibit D-4131 as "just another medical record from another medical provider that kind of references time frame and how much she was using. And it was on a daily basis"); *id.* at 485:8-486:1 (testifying as to the contents of D-4135, by summarizing an incident that is recorded in the medical record); *id.* at 486:2-19 (testifying as to the contents of D-

4143, which "confirmed what was reported in terms of the drug she was using at the time"); *id.* at 486:20-488:1 (testifying as to contents of D-4145, by summarizing statements made by plaintiff to her medical provider); 488:15-19 (testifying as to D-4145, by summarizing diagnoses by other medical providers regarding cognitive impairment); 492:1-19 (testifying as to her review of Plaintiff's trial testimony and emphasizing certain portions); 493:10-494:8 (summarizing contents of a letter from Plaintiff's medical provider and opining as to counselor's intent and purpose, e.g., "so it *seems* the Perkins counselor was seeing her outpatient treatment") (emphasis added).

*Second*, Dr Reminick's testimony summarizing portions of Plaintiff's medical records where Plaintiff acknowledged she lied or minimized her substance abuse use consisted solely of reading the medical records. There are no opinions tethered to this recitation. *See* Tr. at 487:18-21 (reading recorded account of Plaintiff' having a beer or two); 490:8-25 (summarizing record where Plaintiff acknowledged to her treating provider that she had, in addition to reported beer or two, also used cocaine). Indeed, there could not be, as Dr. Reminick was precluded from testifying as to Plaintiff's credibility. *See* ECF No. 5809, Pretrial Order No. 43, at 4.

*Third*, Dr Reminick's testimony regarding the absence of a record that Plaintiff had reported the assault to medical providers is literally just a statement that a set of documents does not include something. *See* Tr.  at 499:5-14 (based on her review of medical records there is no indication that Plaintiff reported the assault to her medical providers). Again, there is no opinion tethered to this factual recitation.

Uber's evidentiary presentation was particularly prejudicial as it is brought under the weight and authority of an expert witness, whose testimony "ha[s] the potential to be both powerful and quite misleading…." *Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194, 199 (4th Cir. 2001) (citations omitted). Here, the jury may well think that because an expert read these medical records to them, those records carry greater weight than what they are, which is just one more piece of evidence.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike the following "opinions" and testimony in support of them: (1) that Plaintiff has a history of alcohol and substance abuse, *see* Tr. at 477:21-478:1; (2) that Plaintiff acknowledged she lied about or minimized her

substance abuse use to medical providers, *see id.* at 490:8-25; and (3) that Plaintiff did not report the alleged incident to her medical providers, *see id.* at 478:5-8.

DATED:  April 19, 2026

Respectfully Submitted,

By: */s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*

By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)
**SELLERS AYERS DORTCH & LYONS, P.A.**
301 South McDowell Street, Suite 410
Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108

PLAINTIFF'S MOTION TO STRIKE
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-cv-00737

Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com


By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

PLAINTIFF'S MOTION TO STRIKE
N.D. CAL. 3:24-CV-04900; W.D.N.C. 3:25-cv-00737