UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **FINAL JURY INSTRUCTIONS** |
| This Document Relates to: | Judge:  Honorable Charles R. Breyer |
| *WHB 823 v. Uber Techs., Inc.*, N.D. Cal. No. 24-cv-4900 W.D.N.C. No. 25-cv-737 | |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHB 823, | No. 25-cv-737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

Duty of Jury ................................................................................................................. 1

The Uber Defendants .................................................................................................... 2

Corporations and Partnerships—Fair Treatment ............................................................. 3

Wealth of Parties ......................................................................................................... 4

Burden of Proof............................................................................................................. 5

What is Evidence........................................................................................................... 6

What is Not Evidence.................................................................................................... 7

Direct and Circumstantial Evidence................................................................................ 8

Credibility of Witnesses ................................................................................................ 9

Expert Opinion .............................................................................................................. 10

Taking Notes ................................................................................................................. 11

Common Carrier Liability—Statement of Claim................................................................ 12

Battery .......................................................................................................................... 13

Common Carrier Liability—Final Mandate..................................................................... 14

Personal Injury Damages .............................................................................................. 15

Personal Injury Damages—No Punitive Damages .......................................................... 16

Personal Injury Damages—Final Mandate ..................................................................... 17

Duty to Deliberate ........................................................................................................ 18

Communication with the Court....................................................................................... 19

Return of Verdict........................................................................................................... 20

**Duty of Jury**

Members of the jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations. You must follow these instructions as well as those that I previously gave you.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so at the beginning of the case.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**The Uber Defendants**

There are three Uber Defendants: Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC. The jury instructions and verdict form refer to these entities collectively as "Uber." You may have seen evidence that discusses one or more of these Uber Defendants individually. In evaluating the evidence against the Uber Defendants, you should treat these three Defendants as if they are a single Defendant. Your verdict must be the same as to all of the Uber Defendants.

**Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Wealth of Parties**

In reaching a verdict, you may not consider the wealth or poverty of any party. The parties' wealth or poverty is not relevant to any of the issues that you must decide.

**Burden of Proof**

When a party has the burden of proving any claim by the greater weight of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn video and live testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I have instructed you to accept as proved.

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, what they will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider the evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Credibility of Witnesses**

In deciding this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

- 9 -

**Expert Opinion**

You have heard testimony from expert witnesses, who testified to opinions and the reasons for their opinions. The opinion testimony was allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Taking Notes**

You may have taken notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Common Carrier Liability—Statement of Claim**

In this case, Plaintiff claims that her Uber driver, Jeffrey Richardson, touched her without her consent. The law assigns certain responsibilities to an entity like Uber that provides transportation services. Uber is liable if the driver committed a battery against the plaintiff. To prove her claim against Uber, Plaintiff must show that the driver committed a battery against her.

**Battery**

To prove that the Uber driver, Jeffrey Richardson, committed a battery against her, Plaintiff must prove three things.

First, that Mr. Richardson intentionally caused bodily contact with the Plaintiff.

Second, that such a bodily contact actually offended a reasonable sense of personal dignity.

Third, that such a bodily contact occurred without the Plaintiff's consent.

A person acts intentionally if he desires to cause the consequences of his act or believes that the consequences are substantially certain to occur. Intent may be proven by direct evidence or inferred from the circumstances.

**Common Carrier Liability—Final Mandate**

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the driver, Jeffrey Richardson, committed a battery against the plaintiff, then it would be your duty to answer this question "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this question "No" in favor of Uber.

- 14 -

**Personal Injury Damages**

If you found Uber liable to Plaintiff, then the plaintiff is entitled to recover nominal damages even without proof of actual damages.  Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages caused by the driver's wrongful conduct.

Actual damages are the fair compensation to be awarded a person for any injury caused by the wrongful conduct of another.

Damages for personal injury include fair compensation for the actual mental suffering experienced by the Plaintiff as a result of the wrongful conduct of the driver. There is no fixed formula for placing a value on mental suffering. Plaintiff claims mental suffering from the battery she alleges and the 24-hour period immediately following it. If you found that the battery occurred, you may award damages, if any, only for that timeframe. You will determine what is fair compensation by applying logic and common sense to the evidence.

**Personal Injury Damages—No Punitive Damages**

You must not include in your award any damages to punish or make an example of Uber. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate the plaintiff for any loss.

**Personal Injury Damages—Final Mandate**

I instruct you that your findings on damages must be based on the evidence and the rules of law I have given them to you with respect to the measure of damages. You are not required to accept the amount of damages suggested by the parties or their attorneys.

Your award must be fair and just. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

If you find by the greater weight of the evidence the amount of actual damages caused by the wrongful conduct of the driver, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.

- 17 -

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

- 18 -

**Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Return of Verdict**

A verdict form has been prepared for you. After you have reached a unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign it and date it, and advise the clerk that you are ready to return to the courtroom.