ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br><br> This Document Relates to: <br><br> *T.K. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06734-CRB | Case No. 3:23-md-03084-CRB <br><br> **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO VACATE ORDER OF DISMISSAL WITHOUT PREJUDICE** |

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
ORDER OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff T.K. filed her complaint in this matter on August 8, 2025. Under this Court's PTO 10, she was required to produce a Plaintiff Fact Sheet within thirty days, or by September 8, 2025. ECF 4287. She did not do so. More than three months ago, the Court dismissed Plaintiff T.K.'s case without prejudice for her non-compliance with PTO 10 and failure to prosecute her case. ECF 4979. Although the Court had set forth procedures Plaintiffs could take to cure their deficiencies and reinstate their cases in Amended PTO 10, ECF 4287, Plaintiff T.K. failed to take any of the necessary actions. Accordingly, nearly two months ago, Uber moved to convert the dismissal of Plaintiff T.K.'s case to a dismissal with prejudice under procedures agreed to by the parties and approved by the Court in Amended PTO 10. ECF 5287. Now, glossing over this extensive history of non-compliance and improperly implying that incarcerated litigants are exempt from complying with court rules, ECF 5889, Plaintiff T.K. seeks to have her case reinstated. But litigants agree to follow court rules and deadlines when they invoke the power of the court by filing litigation. *See Khan v. Rogers,* No. 17-cv-05548, 2018 WL 4693414, at *2 (N.D. Cal. Sept. 28, 2018). And incarceration "does not excuse plaintiff's obligations to prosecute [her] case" and comply with court rules. *Rodgers v. Alameda Cnty. Social Servs. Agency,* No. 00-cv-4470, 2001 WL 58966, at *1 (N.D. Cal. Jan. 12, 2001). Plaintiff T.K.'s attempt to cure her non-compliance is simply too late.



**Sept. 8, 2025** — T.K.'s PFS due

**November 26, 2025** — Uber moves to dismiss T.K.'s case for failure to serve PFS (ECF 4491)

**Feb. 23, 2026** — Uber moves to convert T.K.'s dismissal without prejudice to with prejudice (ECF 5287)

August 2025 · September 2025 · October 2025 · November 2025 · December 2025 · January 2026 · February 2026 · April 2026

**August 8, 2025** — T.K. files complaint

**Sept. 15, 2025** — Uber serves notice of overdue discovery on T.K.

**January 12, 2025** — Court dismisses T.K.'s case without prejudice (ECF 4979)

**April 15, 2026** — T.K. submits PFS

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
ORDER OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

Plaintiff presents her motion as a motion to vacate under Rule 60(b)(1). ECF 5889 at 2. But she did not file it until April 15, 2026, more than ninety days after the court dismissed her case. ECF 4979. When a Rule 60 motion is filed after the thirty-day threshold for an appeal has passed, courts appropriately give "the interest in finality great weight," which favors denial of the motion. *AmTrust Bank v. Lewis*, 687 F. App'x 667, 670 (9th Cir. 2017); *see also Morton v. Twitter,* No. 23-55732, 2024 WL 2843031, at *1 (9th Cir. June 5, 2024) (Rule 60 motion untimely because issues should have been raised sooner in a timely appeal). After all, there is a "strong public interest in the timeliness and finality of judgments." *Martinez v. Shinn*, 33 F. 4th 1254, 1262 (9th Cir. 2022).

Although Plaintiff characterizes her failure to comply with her PFS obligations for more than seven months as "excusable neglect," ECF 5889 at 3, that is not the case. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). As an initial matter, Plaintiff incorrectly characterizes the delay as "brief" and "minimal," considering only the span from the "January dismissal without prejudice to the April production of Plaintiff T.K.'s PFS." ECF 5889 at 3. But Plaintiff's PFS was due in early September 2025, more than seven months ago. Courts have recognized that failing to pursue a case for seven months is unreasonable and risks prejudice to the defendants. *See Wolff v. California,* 318 F.R.D. 627, 630-31 (C.D. Cal. 2016); *Tobin v. Granite Gaming Group II, LLC,* No. 2:07-cv-577, 2008 WL 723337, at *13 (D. Nev. March 17, 2008). And Plaintiff's delay in complying and seeking relief is not excusable, since she "utterly failed to keep abreast of the status of [her] case" and "fail[ed] to communicate with [her] attorney." *Wooldridge v. Cal.*, 178 F. App'x 743, 744 (9th Cir. 2006). A Plaintiff's "[n]eglect or lack of diligence is not to be remedied through" a Rule 60 motion. *Roe v. White*, No. 03-cv-04035, 2009 WL 4899211, at *1 (N.D. Cal. Dec. 11, 2009) (Breyer, J.). Moreover, Plaintiff's non-compliance continued for months after Uber had alerted her to the problem through a Notice of Overdue Discovery, followed by a motion to dismiss, ECF 4491. Failure to cure noncompliance even after being alerted to it by opposing counsel is not excusable neglect. *AmeriColor Corp. v. Kosto Food Prods. Co.,* No. 16-cv-00029, 2016 WL 10576634, at *3 n.3 (C.D. Cal. June 30, 2016).

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
ORDER OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

Additionally, although Plaintiff relies on her incarceration to excuse her noncompliance, "prisoner status does not automatically excuse the failure to prosecute." *Petrich v. City of El Cerrito,* No. 92-cv-4087, 1993 WL 381307, at *2 (N.D. Cal. Sept. 17, 1993). Incarcerated plaintiffs must still comply with discovery rules and orders. *McClure v. Chen,* No. 1:14-cv-00932, 2019 WL 1243714, at *6 (E.D. Cal. March 18, 2019). And tellingly, Plaintiff provides no details about her incarceration, such as when she was incarcerated, for how long, or how that incarceration related to her PFS deadline in this case; she states only that "she was incarcerated in Osceola County, Florida." ECF 5889. Plaintiff bears the burden of establishing excusable neglect. *Mitchell v. San Diego Cnty. Sheriff,* 17 F. App'x 697, 697 (9th Cir. 2001). Meeting that burden requires specific facts, not vague generalizations.

Plaintiff T.K. chose to file a lawsuit against Uber and in doing so became subject to the same rules and orders that all litigants must follow. *See Morgensen v. Downey Sav. & Loan Ass'n,* No. 5:15-cv-02000, 2016 WL 234430, at *1 (N.D. Cal. Jan. 20, 2016). She then ignored the Court's PTO 10 requirements for months, prejudicing Uber and impairing this Court's management of its docket, resulting in the dismissal of her claims. *See, e.g.,* *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig. (In re PPA),* 460 F.3d 1217, 1232-34 (9th Cir. 2006). Though the Court gave Plaintiff a pathway to having her claims reinstated, she did not take the required actions within the time permitted. ECF 4442. Instead, months later, she comes back to this Court asking it to vacate the judgment it appropriately entered based on her lengthy noncompliance and non-participation. Plaintiff's attempt to cure her noncompliance and her motion are both too late. *See AmTrust Bank,* 687 F. App'x at 670. To reconsider the dismissal of Plaintiff T.K.'s action at this point would prejudice Uber and render this Court's Orders and deadlines mere suggestions that the parties could ignore without consequences even after dismissal with prejudice. That would be contrary to the spirit of the Court's directives and threaten the integrity of efficacy of this Court's standing orders.

Dated: April 20, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
ccotton@shb.com

3

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
ORDER OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

4

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
ORDER OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on April 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Christopher V. Cotton*
Christopher V. Cotton

DEFENDANTS' OPPOSITION TO MOTION TO VACATE
ORDER OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB