*[Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**JOINT STATUS REPORT FOR APRIL 23, 2026 DISCOVERY STATUS CONFERENCE**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

**<u>JOINT STATUS REPORT</u>**

In advance of the discovery status conference set for April 23, 2026 at 2:30PM PST (ECF 5164.), Plaintiffs and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") (jointly, "the Parties"), respectfully submit this Joint Status Report.

## I.    Outstanding Wave 1 Discovery

**B.L.**

**Plaintiffs' Position:**   Plaintiff B.L. has attempted to meet and confer with Uber and address Uber's concerns regarding outstanding discovery issues.  The parties raised a dispute as to Collateral Source and Treater Depositions through a PTO 8 brief, filed with the Court on April 9, 2026.  The Court resolved the parties' PTO 8 dispute as to these depositions and the parties are currently working to schedule depositions, per the Court's Order.  In addition, on April 16, 2026, the parties submitted their Joint Statement in anticipation of an in-person hearing, as ordered by the Court.  Uber raises additional disputes in a PTO 8 brief re-filed with the Court at Dkt. 5803.  Plaintiff B.L. does not believe that good cause exists for the relief requested by Defendants in Dkt. 5803 and will address those issues through a responsive pleading.

**Defendants' Position:** Uber filed two PTO 8 Letter Briefs related to the B.L. matter on April 9 (ECF Nos. 5802, 5803).  One of those letter briefs, Dkt. 5802 (Joint PTO 8 Letter Regarding Collateral Source and Treater Depositions) was resolved by this Court at ECF 5823 and the parties are working together to schedule the eight depositions that were ordered as part of that briefing and to facilitate the in-person hearing requested by the Court.

The second letter brief, Dkt. 5803 (Joint PTO 8 Letter Regarding Deficient Productions By Plaintiff B.L." was stricken by the Court without prejudice for not seeking leave of Court pursuant to ECF 5270.  Promptly thereafter, Uber notified Plaintiff that it intended to file an Administrative Motion consistent with Local Rule 7-11 explaining its good cause to seek this discovery at this stage. That motion was filed on April 17 (ECF 5917). Plaintiff has indicated that she will oppose that motion.

**A.R.**

**Joint Position:** Since the Court-ordered depositions of Plaintiff A.R. and witness I.E. (ECF 3985), the parties have been negotiating a protocol for production of potentially responsive documents. If no agreement can be reached, Uber reserves the right to seek Court intervention.

## II.    Other Third Party Discovery

**Joint Position:** The Parties filed a PTO 8 brief regarding party and nonparty depositions

2

concerning nonprofits that consulted on Uber's safety policies or safety features on April 15, 2026. ECF 5893.

### III.    Lyft Discovery

**Plaintiffs' Position:** The Court issued orders resolving the remaining disputes on Plaintiffs' subpoena to Lyft for Wave 1 cases. ECF 5263; ECF 5281.  On April 17, 2026, Plaintiffs received Lyft's production of document, as ordered by the Court, for Plaintiffs B.L., A.R., LCHB1238.  Lyft's production is woefully incomplete.  Plaintiff intends to meet and confer with Lyft regarding the incomplete production and further anticipates the need to seek a 30(b)(6) deposition of Lyft.  Plaintiffs will utilize the PTO 8 process to properly raise this issue with the Court.

**Defendants' Position:** Defendants generally understand these to be matters (i) between Plaintiffs and Lyft, (ii) subject to, respectively, existing Orders and continued conferrals, and therefore (iii) not yet ripe for the Court's attention.

### IV.    Checkr Discovery

**Plaintiffs' Position:**   Plaintiffs served Checkr with subpoenas to obtain information related to background check investigations of the subject drivers. There is no dispute that the requested documents are relevant and necessary to this case, yet Checkr's production has been critically deficient. Plaintiffs have been attempting to work with Checkr; however, anticipate that they will need to seek the Court's intervention through the PTO 8 process and anticipate seeking leave to proceed with a 30(b)(6) deposition.  Importantly, in at least the B.L. case, on April 17, 2026, Lyft produced documents related to the subject driver.  The produced documents showed that Checkr had conducted background checks of the subject driver for Lyft in October 2020 and September 2021, which were never produced in response to Plaintiff B.L.'s original subpoena issued to Checkr.  This is simply an example of the concerns relating to the Checkr production and Plaintiffs believe highlight the need for a 30(b)(6) deposition of Checkr.

**Defendants' Position**: As with the discovery Plaintiffs are seeking from Lyft, Defendants generally understand that Plaintiffs and Checkr are continuing to meet and confer regarding the scope of Checkr's subpoena response and that any dispute is not ripe for adjudication.

## V.    Modifying Protective Order

**Plaintiff's Position:** Pursuant to this Court's order, Dkt. 5245, the parties continue to meet and confer regarding the confidentiality of Uber's policy titles.  Plaintiffs made a formal proposal to Uber on February 27, 2026.  Should the parties not be able to reach an agreement, Plaintiffs intend to seek a court order authorizing the disclosure of Uber's policy and knowledge base titles, version dates, and "issued by" information, as well as modification of the protective order.

**Defendants' Position**: Following meet-and-confer discussions on February 24 and March 23, on March 26, Plaintiffs provided Defendants a spreadsheet containing 11,519 Bates numbers (and no other information) purporting to relate to policies or knowledge bases, seeking de-designation of not only policy names (as contemplated by ECF 5245) but also "2) the version, 3) issue date, and 4) 'issued by' information that can be derived from the face of the document or its metadata." Plaintiffs also provided two exemplar documents, without any markings to indicate what information on these documents falls into the four categories.

Based on Defendants' ongoing review of the more than 11,000 documents identified, in addition to Defendants' policies and Knowledge Bases, Plaintiffs' list includes liability insurance policies, contracts with third parties, as well as internal Company presentations, analyses, and other documents that are clearly not policies or Knowledge Bases. Plaintiffs' list also includes policies and Knowledge Bases that are not relevant to this litigation, including policies related to Uber's non-Rides business lines (*i.e.* Eats, Courier, Flash, and Kitchen Confidential) that Defendants produced pursuant to Court orders regarding policies or hyperlinked documents, as well as policies and Knowledge Bases related to countries or regions outside the U.S.

On March 27, Defendants reached out for clarification on the specific information Plaintiffs are requesting Defendants to de-designate. Receiving no response, Defendants followed up on April 10, seeking (1) confirmation that Plaintiffs' list is complete and accurate (noting that almost 10% of the Bates numbers were duplicates) and (2) clarification of the exact information on each document Plaintiffs believe should be de-designated, pointing out that many of the documents on the list are formatted differently from Plaintiffs' exemplars and providing two additional exemplars with a

request for Plaintiffs to mark up. Defendants explained they need this information in order to assess Plaintiffs' requests. On April 20, Plaintiffs sent a brief response that did not substantively address Defendants' requests for clarifications.  Defendants will continue to meet and confer with Plaintiffs regarding their requests.

While the Parties have engaged in the above-referenced communications regarding Plaintiffs' de-designation requests, the Parties have not met and conferred regarding any modifications of the Protective Order. ECF 176, issued by Judge Breyer on December 28, 2023.

By: */s/ Rachel B. Abrams*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Chris Cox*

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN

**SHOOK, HARDY & BACON L.L.P**.
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON
ALYCIA A. DEGEN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: April 20, 2026

By: /s/ Rachel B. Abrams

JOINT STATUS REPORT FOR THE APRIL 23, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ Rachel B. Abrams

JOINT STATUS REPORT FOR THE APRIL 23, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB