Sommer D. Luther (PHV)
WAGSTAFF LAW FIRM
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084 |
| This Document Relates to:<br><br>*B.L. v. Uber Technologies, Inc., et al.*, No. 24-cv-7940 | **PLAINTIFF B.L.'S RESPONSE IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO REFILE JOINT PTO 8 LETTER REGARDING PLAINTIFF'S IMPROPER USE OF REDACTIONS**<br><br>Honorable Charles R. Breyer |

I.    **INTRODUCTION**

Plaintiff B.L. files this response to Defendants' Administrative Motion for Leave Refile Joint PTO 8 Letter Regarding Plaintiff's Improper Use of Redactions (the "Motion"). Plaintiff B.L. has committed significant time and effort to working with Uber to ensure that each side's discovery obligations are met. But that working relationship has broken down. Uber has recently taken maximalist positions in discovery and resorted to threats instead of engaging meaningful conferral and negotiation. This administrative motion is the latest iteration of Uber's extremist approach. Thus, B.L. must respectfully oppose leave.

There is no good cause to refile the Joint PTO 8 letter brief regarding redactions. Uber has not diligently sought the materials that it now insists require the Court's urgent attention. Uber did

not raise any objection to redactions to B.L. text exchanges until October 2025, three months after the close of discovery, far longer than the 7-day deadline for discovery motions set by Civ. L.R. 37-3. Plaintiff offered to continue to confer with Uber about specific redactions on November 19, 2025. Uber responded with the same concerns it raised prior, stating that they were only a subset of examples. Plaintiffs agreed to look further into the redactions, and Uber never responded with more examples, nor otherwise follow up about redactions, for four months until February 13, 2026. Uber's attempt to manufacture good cause (*see* ECF No. 5917) does not withstand scrutiny.

The inquiry begins and ends at Uber's lack of diligence. The Court should deny the leave that Uber belatedly seeks.

## II.    LEGAL STANDARD

Pursuant to Civ. L.R. 37-3, motions related to fact discovery may be filed no more than 7 days after the fact discovery cut-off if the Court has set separate deadlines for fact and expert discovery. And Federal Rule of Civil Procedure 16(b)(4) provides that discovery schedules may be modified *only* for good cause *and* with the judge's consent.

As the Court explained when it struck the original PTO 8 filing, the parties are "also required . . . to seek leave of Court to raise any further case-specific discovery issues in those cases with a showing of good cause, whether before or after the backstop deadline." ECF No. 5450 at 22-24. Further, "this is *not* an extension of the cut-off for case-specific discovery. . . the parties must still seek leave to raise case-specific discovery issues on our before the backstop deadline, and must show good cause for failure to raise before the cut-off date . . . ." *Id.* at 4-5.

Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify a scheduling order only "if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Most critically, "if that party was not diligent, the inquiry should end." *Id.* at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* Indeed, "[i]n complex litigation, a case management order is the case's constitution; it is the single most important document governing the conduct of the parties." *Hynix Semiconductor Inc. v. Rambus Inc.,* 250 F.R.D. 452, 457-58

(N.D. Cal. 2008). "Failing to review the case management order's plain text, consider the order's implications, or raise a timely objection ensures later chaos." *Id*.

To demonstrate diligence under Rule 16, a party seeking modification is required to show: (1) that it diligently assisted the court in creating a workable scheduling order; (2) that its noncompliance with the deadline occurred notwithstanding diligent efforts to comply, because of the development of matters not reasonably foreseeable at the time of the scheduling conference; and (3) that it was diligent in seeking amendment once it became apparent it could not comply. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999).

## II.    ARGUMENT

Uber has not demonstrated good cause for at least three reasons.

*First*, Uber has not demonstrated basic diligence in raising or resolving its (baseless) objections to redactions. The only time that Uber and Plaintiffs conferred about redactions was in response to a deficiency letter served on Plaintiff on May 29, 2025, regarding two witnesses.[1] SDL Dec. ¶ 5.  The parties then met and conferred on June 4, 2025. SDL Dec. ¶ 6. Plaintiffs produced text messages between Plaintiff and 27, *of which 26 were produced before the discovery deadline*. After this conferral, Plaintiff heard nothing for the next four months as the discovery cutoff came and went. SDL Dec. ¶¶ 11-15.

*Second*, Uber has not adequately explained why it did not raise the redaction dispute before the applicable Local Rule 37-3 deadline. Uber never argues that it was unable to discover the basis for the dispute despite diligent effort. This absence of diligence is fatal to Uber's request. Like in *Sequoia Property v. U.S.*, where the party failed to pursue discovery relief and inexplicably delayed more than a year to seek relief, this motion must be denied as untimely.  203 F.R.D. at 447. Here too: Uber had raised *some* redaction concerns before the deadline but did nothing to pursue the matter further. If it wanted to preserve the issue, the company could and should have filed a motion to extend the deadline to raise objections to the redactions. Better yet, Uber could have simply conferred with Plaintiff, which may well have resolved the issue once and for all. But Uber did not.

---

[1] This is the same witness M.B. that Uber claimed Plaintiff hid from discovery, yet Plaintiffs turned over text communications with M.B. on April 14, 2025, and disclosed her timely on June 11, 2025.

It waited and then made maximalist demands (and extreme accusations) of the sort that make meaningful negotiation between the parties all but impossible.

*Third*, in keeping with these tactics, Uber's administrative motion for leave fails to properly apprise the Court of the facts. In particular, the voluminous exhibits Uber attached to its motion include only excerpts of emails between counsel. Apart from failing to apprise the Court of the whole story, Uber's submissions leave the impression that Plaintiff's counsel has been unresponsive to Uber's escalating rhetoric. Not so. For the record, Plaintiff's counsel has diligently and timely responded to Uber on all of the points raised in the company's exhibits. For instance: Uber claims in its Motion that Plaintiff represented, "in November 2025 that she would re-evaluate her redactions, Uber followed up several times." Yet, by Uber's own exhibit of the email chain and Ms. Benfield's declaration, that is not true. Uber did not reach out one time regarding redactions until February 13, 2026.

Uber also misleads the court in bolstering its diligence efforts by including mention of the September 9, 2025, correspondence regarding, "incomplete" productions.  As Uber's exhibit also reveals, this correspondence was Uber reaching out to state that Plaintiffs failed to produce "hundreds" of documents. These documents had been produced in both June of 2025 and with the supplemental discovery production on August 25, 2025. (SDL Dec. ¶ 12) On two occasions, plaintiffs had to direct Uber to such productions. (SDL Dec. ¶¶ 12-14).  As the exhibit of the email chain also reveals, there were numerous instances where Plaintiffs had to spell out what documents were produced and when, despite accusations of failed productions. (SDL Dec. ¶¶ 12-14)

Uber's own disorganization and inability to track records while making claims of hiding the ball is a tactic that plays into the issues at play here. Carelessness is not compatible with the finding of diligence. Had Uber parsed through the messages produced in April through July of 2025 and raised more issues during discovery, Plaintiffs would have met and conferred and resolved the issue.

Instead, Uber uses smoke and mirrors to shirk responsibility of its own lack of diligence. Uber does not even attempt to explain its diligence between November 2025 and February 2026. Nor does it even attempt to explain how after Plaintiffs unredacted messages on February 24, 2026,

P'S RESPONSE TO D'S ADMINISTRATIVE MOTION
FOR LEAVE TO REFILE JOINT PTO 8 LETTER
MDL NO. 3084 CRB, CASE NO. 24-CV-7940

Uber made zero effort to communicate about any messages until March 26, 2026, a week after B.L.'s case was set for trial this fall. (SDL Dec. ¶ 22).

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this court DENY Uber's Administrative Motion for Leave to Refile Joint PTO 8 Letter.

Dated: April 21, 2026                                    Respectfully submitted,


                                                        /s/ *Sommer D. Luther*
                                                        WAGSTAFF LAW FIRM
                                                        Sommer D. Luther (PHV)
                                                        940 Lincoln Street
                                                        Denver, CO 80203
                                                        Tel: (303) 263-8949
                                                        Fax: (303) 376-6361
                                                        sluther@wagstafflawfirm.com

                                                        *Attorney for Plaintiff B.L.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  April 21, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

P'S RESPONSE TO D'S ADMINISTRATIVE MOTION
FOR LEAVE TO REFILE JOINT PTO 8 LETTER
MDL NO. 3084 CRB, CASE NO. 24-CV-7940