Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]** |
| This Document Relates to: | |
| *ALL ACTIONS* | |
| | Judge:     Hon. Lisa J. Cisneros |
| | Courtroom:  Courtroom G – 15th Floor |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]

Case No. 3:23-MD-3084-CRB

## **DEFENDANTS' STATEMENT IN SUPPORT OF SELAING**

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated April 15, 2026, ECF 5894 ("Plaintiffs' Motion").

## I.    BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns exhibits to a Joint Letter Brief Regarding Nonprofit Depositions, filed April 15, 2026, ECF 5893 ("Letter Brief"):

| Document | Description | Defendants' Request |
|---|---|---|
| **Exhibit DX-1:** November 3, 2025 email chain | Email communication | No Redactions or Sealing |
| **Exhibit DX-2:** Exhibit 1243 to June 25, 2025 deposition of Sunny Wong<br><br>**Exhibit DX-3:** Exhibit 3867 to January 7, 2026 deposition of Sunny Wong<br><br>**Exhibit DX-6:** Exhibit 2827 to April 16, 2025 deposition of Sunny Wong | Document used as deposition exhibit | No Redactions or Sealing |
| **Exhibit DX-4:** Excerpts of January 7, 2026 deposition of Sunny Wong | Confidential deposition testimony about S-RAD variables, thresholds, and trigger rates. | Seal in Part (100:8-101:1) |
| **Exhibit DX-5:** Excerpts of April 16, 2025 deposition of Sunny Wong | Deposition testimony | No Redactions or Sealing |
| **Exhibit DX-7:** Exhibit 2059 to October 1, 2025 deposition of E. Bowman | Highly Confidential Emilie Boman deposition aid listing payments to third party organizations. | Seal in Full |

## II.    LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)."

2

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]

Case No. 3:23-MD-3084-CRB

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

The documents at issue here are exhibits to a discovery motion and have no bearing on the public's ability to understand the merits of the litigation.  Neither the Letter Brief nor the sealed exhibits are related to a dispositive motion.  *See* Cummings Decl. ¶ 3.  Therefore, the good cause standard applies.  *E.g.*, *Berland v. X Corp.*, 2026 WL 785528, at *1 (N.D. Cal. Mar. 20, 2026) (concluding good cause standard applied to motion to continue deposition); *Entangled Media, LLC v. Dropbox Inc.*, 2025 WL 2958555, at *1 (N.D. Cal. Apr. 11, 2025) ("As the parties' respective motions to seal relate to a discovery matter, the lower good cause standard applies."); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (concluding good cause standard applied to motion to compel discovery).

District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents.  *Kamakana*, 447 F.3d at 1180.  Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities."  *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022); *see also Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing confidential information such as "propriet[ar]y information about a [party's] products").  Courts will seal information that would allow competitors to "replicate [a party's] development of [technology] without expending the resources [the party] invested."  *E. W. Bank v. Shanker*, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021); *see also CertainTeed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, 2021 WL 6621061, at *2 (N.D. Cal. Dec. 13, 2021) (granting motion to seal "company's internal report about the efficacy of the company's products" because it "is a 'compilation of information which is used in [the company's] business' and gives the company 'an opportunity to obtain an

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]

Case No. 3:23-MD-3084-CRB

advantage over competitors who do not know or use it,'"); *Williams v. Apple, Inc.*, 2021 WL 2476916, at \*4 (N.D. Cal. June 17, 2021) (granting motion to seal "exhibits that comprise internal Apple documents on iCloud's development and technical metrics"); *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at \*2 (N.D. Cal. June 1, 2020) (granting motion to seal when "public release of these documents could give non-party competitors an unfair advantage in the development or marketing of rival products"); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at \*4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at \*4 (N.D. Cal. Mar. 14, 2012) (granting motion to seal information concerning party's "product testing, development, and evaluation processes"); *Ashcraft v. Welk Resort Grp., Corp.*, 2019 WL 12518367, at \*2 (D. Nev. Sept. 26, 2019) (sealing information that "a competitor could [use to] reverse-engineer" Experian's systems).

Likewise, sealing is justified based on the risk that disclosure could allow third parties, including malicious actors, to circumvent a proprietary technology's effectiveness or security measures. *See, e.g., Ashcraft*, 2019 WL 12518367, at \*2 (sealing information that "identity thieves could use … to develop methods to circumvent Experian's protections"); *Campbell v. Facebook, Inc.*, 2015 WL 12965295, \*2 (N.D. Cal. Oct. 15, 2015) (finding good cause to seal documents that could cause Facebook competitive harm and compromise the technology of the products, harming Facebook and Fakebook's end users).

## III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The exhibits Defendants seek to seal consists of proprietary, confidential technical information regarding Uber's S-RAD system and non-public details regarding Uber's relationships with third parties. *See* Cummings Decl. ¶¶ 4-10. Defendants therefore submit this request that the Court seal these exhibits under Local Rule 79-5(f)(3) and (c)(1). There are no less restrictive alternatives to sealing. *See* Cummings Decl. ¶ 11.

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]

Case No. 3:23-MD-3084-CRB

## A. Failing to Seal the Exhibits Would Harm Uber

### *Exhibit DX-4: Confidential deposition testimony about S-RAD variables, thresholds, and trigger rates*

Exhibit DX-4 consists of excerpts of the transcript of the January 7, 2026, deposition of Uber's Director, Applied Science for Safety, Sunny Wong. Uber seeks to seal one page of the eight-page exhibit, at pp. 100:8-101:1. The portion of Exhibit DX-4 Uber seeks to seal consists of questions and testimony disclosing confidential, non-public information regarding the design and operation of Uber's S-RAD system, namely thresholds and trigger rates for the system.

Uber's S-RAD system is a confidential and proprietary trip-matching, safety assessment technology. *See* Decl. of Sunny Wong, ECF 4848-3 ¶ 3 ("12/23/2025 Wong Decl."); *see also* Decl. of Sunny Wong, ECF 4470-35 ¶ 3 ("11/21/2025 Wong Decl."). As Mr. Wong previously declared, this technology is "a highly confidential trade secret," the details of which are "unknown to Uber's competitors, and their disclosure would result in a competitive disadvantage to Uber" in the "highly competitive space" in which Uber operates. 11/21/2025 Wong Decl. ¶ 5. "Addressing challenges that face the ridesharing industry is a key part of Uber's business, and disclosure of research, processes, and technology that Uber has developed and continues to refine would be injurious to Uber's competitive standing." 12/23/2025 Wong Decl. ¶ 5. "S-RAD and its level of sophistication is unique to Uber." *Id.* ¶ 7.

Disclosing S-RAD thresholds and trigger rates would provide competitors insights and visibility into Uber's trade secrets, which even on a limited basis could allow competitors to begin to reverse engineer this highly confidential technology, the details of which "Uber has not revealed publicly and has gone to great lengths to safeguard, [causing] competitive harm to Uber." *Id.* ¶ 8; Cummings Decl. ¶ 6. Indeed, this Court has recognized the highly sensitive, proprietary nature of this advanced safety technology and sealed documents containing confidential information about S-RAD under both the good cause and compelling reasons standards. *See* ECF 3868; ECF 2858; *see also Skillz Platform Inc.*, 2023 WL 6135556, at *2; *Calhoun*, 2022 WL 1122843, at *2; *E. W. Bank*, 2021 WL 3112452, at *17; *CertainTeed Gypsum, Inc.*, 2021 WL 6621061, at *2; *Williams*, 2021 WL

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]

Case No. 3:23-MD-3084-CRB

2476916, at \*4; *Exeltis USA Inc.*, 2020 WL 2838812, at \*2; *Finjan, Inc.* 2016 WL 7911651, at \*4 (N.D. Cal. Apr. 6, 2016); *Kowalsky*, 2012 WL 892427, at \*4; *Ashcraft*, 2019 WL 12518367, at \*2.

"Uber has expended significant time and money in the research and development of S-RAD and has maintained documents and communications related to that research and development under strict confidentiality."  12/23/2025 Wong Decl. ¶ 7.  While "some limited and general information about S-RAD" and its existence has been publicly disclosed, "the details" have not been "revealed publicly."  *Id.* ¶ 8.

Not only would disclosure pose a risk of competitive harm to Uber, but "public disclosure of information about the details of S-RAD to the public, such as information about variables that impact S-RAD scores and trip-matching functions, may allow users of the Uber platform or other individuals to take steps to undermine or circumvent S-RAD's effectiveness."  *Id.* ¶ 10; *see also, e.g., Ashcraft*, 2019 WL 12518367, at \*2; *Campbell*, 2015 WL12965295, \*2.

Balanced against these compelling reasons to maintain this information under seal is the complete absence of any public interest in the disclosure of S-RAD thresholds and trigger rates. This information adds nothing to the public's understanding of the merits of this litigation.  *See* Cummings Decl. ¶ 7.  Defendants therefore respectfully ask the Court to maintain the unredacted version of Exhibit DX-4 under seal.

### *Exhibit DX-7: Highly Confidential E. Boman deposition aid listing payments to third party organizations*

Exhibit DX-7 is a deposition guide provided by Uber to Plaintiffs for the 30(b)(6) deposition of Emilie Bowman.  The exhibit provides detailed, exhaustive information on the 30(b)(6) topic "Uber's payments to nonprofit organizations whose work involves combatting sexual violence (including the amount(s), date(s), and circumstances of the payment(s))," and is designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to the Protective Order. *See* Cummings Decl. ¶ 8.

6

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]

Case No. 3:23-MD-3084-CRB

*The Court has sealed similar information under the good cause standard* and should do so again here.  In granting (in substantial part[1]) a motion to seal portions of exhibits to Uber's motion to strike one of Plaintiffs' experts who discussed Uber's relationships and partnerships with nonprofit organizations, the Court found good cause to seal portions of an expert report relating "to specific internal documents, internal discussions of specific initiatives with specific partners, and monetary values of contributions, all of which might reveal corporate strategy in a manner that might cause Uber competitive harm or impair its relationships with nonprofit partners."  ECF 4701 at 20-22.

The Court's reasoning in its prior order applies with full force here.  Exhibit DX-7 includes detailed information covering 60 pages regarding the dates and amounts of Uber's payments and donations to nonprofit organizations and describes the nature of the partnership or relationship with each organization. Disclosure of this non-public information "might reveal corporate strategy in a manner that might cause Uber competitive harm or impair its relationships with nonprofit partners." ECF 4701 at 20-22; *See* Cummings Decl. ¶ 9.

There is no countervailing public interest in the disclosure of the detailed non-public information regarding Uber's relationships with and details of payments to nonprofit organizations in Exhibit DX-7; it is not necessary for the public to understand the merits of this litigation. *See* Cummings Decl. ¶ 10. Defendants therefore respectfully ask the Court to maintain Exhibit DX-4 under seal.

**B.  Any Less Restrictive Alternative to Partial Sealing is Insufficient to Prevent Harm**

There are no less restrictive alternatives to sealing the unredacted Stipulation—Defendants seek only narrowly-tailored redactions to one exhibit and to seal one other exhibit, consisting of confidential information, in full.  *See* Cummings Decl. ¶ 11.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court order that the exhibits identified above be maintained under seal.

---

[1] The Court did "not find good cause to seal [the expert's] characterizations themselves, which reflect her opinions and do not appear likely to cause any particularized harm if disclosed," but otherwise granted Uber's request to seal. *See* ECF 4701 at 21.

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]

Case No. 3:23-MD-3084-CRB

DATED: April 22, 2026

Respectfully submitted,

By: */s/ Daniel Cummings*
    DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

8

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 5894]

Case No. 3:23-MD-3084-CRB