# EXHIBIT 29

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Sent:** Monday, February 23, 2026 3:09 PM
**To:** Emma Guidry <eguidry@wagstafflawfirm.com>; Lambert, Haydn C. <haydn.lambert@kirkland.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** Tara Doyle <Tdoyle@wagstafflawfirm.com>; UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>; Cox, Christopher <christopher.cox@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

Sommer and Rachel,

Thanks for speaking with us Friday and for sending those authorizations and Plaintiff's ID. I'm writing to recap the rest of our meet and confer and the outstanding discovery issues we discussed:

- **Identities and Depositions of New Treaters and Updated Discovery Responses**: As you are aware, Plaintiff has sought treatment from additional mental health treatment providers since the close of fact discovery. Plaintiff supplemented her discovery responses in October with some additional providers. However, based on our review of records, Defendants believe there are additional mental health care providers Plaintiff has failed to identify. By Tuesday, 2/24/2026, please provide verified discovery responses identifying all mental health treatment providers Plaintiff has sought or received treatment from. As we discussed, we plan to request their records and depose Plaintiff's new treaters. I am not clear on if you intend to oppose these depositions or what perimeters you are proposing and would appreciate if you could confirm by tomorrow.

- **Depositions of Additional Fact Witnesses and Updated Discovery Responses**: As we have discussed at multiple meet and confers and via email, we do not believe Plaintiff accurately or adequately identified a number of fact witnesses prior to the fact discovery cut-off. We only learned of this after the close of fact discovery when Dr. Mechanic disclosed that she had interviewed several of Plaintiff's friends and that their statements conflicted with what Plaintiff disclosed about their knowledge. We would like to depose the collateral source witnesses who have not yet been deposed and were not properly identified during the course of discovery ███████ ████████████████ ). *See* also email from me on 10/6/2025, 10/16/2025, etc. for additional explanation. Please provide updated discovery responses by Tuesday, 2/24/2026, with correct information about the scope of these witnesses knowledge. As I understand it, you oppose our requests for these depositions, and we intend to seek the Court's intervention.

- **Redactions to Plaintiff Production Documents**: As discussed in our email exchanges on 10/16/2025, 10/30/2025, 11/17/2025, and 11/19/2025, etc. and on several meet and confers, there are heavy redactions and/or omissions in Plaintiff's text, email, social media message, etc. productions. You previously submitted a "privilege log" asserting your objections to producing these documents in unredacted and/or complete form. We do not believe Plaintiff's objections are valid or that any of the materials are privileged, based on the authorities cited in Plaintiff's privilege log or based on our own research. We discussed this again on Friday. You indicated that you would review the productions and unredact some additional material. You confirmed that you would update Uber with any modifications and/or the basis for continued redactions no later than Tuesday, 2/24/2026.

- **Authorizations:** Thank you for sending the authorizations earlier today. We are covered on that front for now.

- **████████ Records:** Ms. ████ has notified Uber that it is her policy to only release records directly to patients. Per our medical records vendor, Plaintiff's records were mailed to her on or before 6/25/2025. My understanding based on prior meet and confers is that you are requesting these records. We have been requesting the records since August. Please supplement Plaintiff's production ASAP.

- **Dr. Mechanic Deposition and Invoices:** We are in receipt of Dr. Mechanic's notes and assessment materials. As we shared on Friday's call, we note that Dr. Mechanic's notes include significant details not reflected in her report. Accordingly, Uber requests additional deposition time so that we may examine her about these late-disclosed materials. Further, we note that we have not received Dr. Mechanic's invoices as requested in her deposition notice, at the deposition, and in our 10/16/2025, 11/17/2025, and 11/19/2025 email messages, or our MTC. Please provide these materials as soon as possible.

We would appreciate if you could confirm Plaintiff's positions and supplement with the outstanding materials by tomorrow, as we discussed.

Thank you,

Katie

**Katie Benfield**

**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

katie.benfield@kirkland.com