# EXHIBIT 30

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Sent:** Thursday, October 16, 2025 11:02 AM
**To:** Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>

**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Sommer and Rachel,

Thank you for speaking with me. As promised, I am sending a recap below.

**Depositions of Collateral Source Interviewees**: We discussed our request to depose ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As noted in my prior email, Plaintiff's sworn statements in her discovery responses conflict with what Dr. Mechanic claims these witnesses told her. Had Plaintiff timely disclosed the scope of these witnesses' knowledge, we would have deposed them and questioned Plaintiff about their knowledge at her deposition on June 12. However, Plaintiff did not disclose ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ until after her deposition and only disclosed that she had spoken with ▮▮▮ a handful of times. Additionally, Plaintiff's 7th and 8th Supplemental Interrogatory Responses, served on July 16, 2025 and August 25, 2025, respectively, represent that she has not spoken to ▮▮▮▮▮▮ since September 2022 or ▮▮▮▮▮▮ since December 2022. Yet, Dr. Mechanic claims that she interviewed these witnesses on July 2, 2025 and that they had current and extensive knowledge of Plaintiff's alleged damages. Thus, we seek to depose the 3 friends Dr. Mechanic claims to have interviewed.

Your position, as I understand it, is that we are not entitled to take these depositions because fact discovery is closed, you believe Plaintiff's disclosures were sufficient, and that we can ask Dr. Mechanic about what the witnesses told her instead of deposing them. We cannot agree to this. Plaintiff prevented Defendants from timely taking these depositions by making late and incomplete disclosures that are totally inconsistent with what Dr. Mechanic claims these witnesses told her weeks prior to Plaintiff serving her inaccurate discovery responses. We reiterate our request to depose these witnesses and plan to raise this with the Court, if necessary.

**Outstanding and Redacted Text Messages, Emails, and Instagram Messages Privilege Log**: We have not received Plaintiff's messages with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Pl. 8th Sup. Resp. to Int. No. 2, at 9 ("texts and emails to be produced"); *See id.* at 24 (referencing texts with ▮▮▮▮▮▮ discussing Facebook post the day after the incident); *see id.* (referencing multiple conversations with ▮▮▮▮▮▮); Pl. Second Sup. Disclosures, at 10. Additionally, many of the texts and emails are heavily redacted and not covered by the existing privilege log. *See e.g.,* texts with ▮▮ ▮▮▮▮; Texts with ▮▮▮▮▮▮; 8/22/22 email with ▮▮▮▮▮. Some of the text threads also appear incomplete based on the total count. *See e.g.* ▮▮▮▮▮▮ thread, S.M.S. R.H. 00001 (indicating total message count was 1036—approximately 50 heavily redacted messages were produced). Based on Dr. Mechanic's report, it appears there are more recent messages with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ that should be produced. Please supplement with the outstanding privilege log and complete messages.

**<u>Dr. Mechanic Reliance Materials</u>**: There are a couple things on Dr. Mechanic's reliance list we have not received. Please produce "██████████ 8/15/25" and ██████████ Notes, Bates 00001-0000023." *See* Mechanic Rep. on B.L., at 5.

**<u>New Treaters/Treater Depositions:</u>** On our call, we discussed that Plaintiff started seeing a new treater or possibly treaters in August 2025. Please confirm the names of the new treaters. We discussed deposing these new treaters. You do not object to the depositions but would like for these to take place at a later date closer to trial. Please provide proposed dates and Plaintiff's records from these treaters at your earliest convenience.

**<u>Dr. ██████████ M.D. – ██████████:</u>** Plaintiff identified ██████ as one of her treaters. ██████ ██████ denies ever seeing Plaintiff. Please confirm Plaintiff never sought treatment at this provider.

**<u>Authorizations:</u>** Please have Plaintiff sign and return the attached authorizations.

**<u>Updated Discovery Responses:</u>** Please provide updated discovery responses with correct and current information regarding the scope of the collateral source interviewees knowledge and the identities of Plaintiff's treaters.

Thank you,

Katie

**Katie Benfield**

**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701

**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

katie.benfield@kirkland.com

*Admitted in Georgia & Tennessee

Not admitted in Texas

**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

katie.benfield@kirkland.com