# EXHIBIT 31

**From:** Vives, Michael <michael.vives@kirkland.com>

**Date:** Tuesday, April 7, 2026 at 2:10 PM

**To:** Tara Doyle <Tdoyle@wagstafflawfirm.com>, Benfield, Katie <katie.benfield@kirkland.com>, Sommer Luther <SLuther@wagstafflawfirm.com>, Emma Guidry <eguidry@wagstafflawfirm.com>, Lambert, Haydn C. <haydn.lambert@kirkland.com>, Rachel Abrams <rabrams@peifferwolf.com>

**Cc:** UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>, Bueno, Kim <kim.bueno@kirkland.com>, Michael Nimmo <mnimmo@wagstafflawfirm.com>, Uber PW Bellwether <uberbellwether@peifferwolf.com>, Trangle, Asher <asher.trangle@kirkland.com>, John, Brady <brady.john@kirkland.com>, Blake, Tara <tara.blake@kirkland.com>, Vartain, Laura <laura.vartain@kirkland.com>, Cox, Christopher <christopher.cox@kirkland.com>, Love, Cohl K. <cohl.love@kirkland.com>, Piasecki, Paulina <paulina.piasecki@kirkland.com>, Davidson, Jessica <jessica.davidson@kirkland.com>

**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

Sommer and Tara:

Thanks for meeting with us yesterday related to discovery issues Uber has identified in the BL case. We write to memorialize what we discussed and propose a final briefing schedule for our PTO8 letter briefs.

In general, Uber reached out to Plaintiff to meet and confer related to what Uber views to be systematic deficiencies in Plaintiff's productions.  Uber asked Plaintiff to explain why those deficiencies occurred and, in general, did not receive any specific information or explanations. Instead, Plaintiff's counsel largely reiterated that they believe they acted in good faith without explaining how or why that is or was accurate.

<span style="color:red">As I explained to you on Monday, throughout this process Uber has referred to "systematic" issues that Plaintiff fundamentally disagrees with.  By presenting all issues in a general sense, it is very difficult for Plaintiff to be able to address concerns.  Throughout this process Plaintiff has engaged in multiple meet and confers, exchanged information in good faith, and has offered potential resolutions to issues raised by Uber.  From Plaintiff's perspective, the lack of meaningful engagement and the continued broad statements make clear that seeking true resolution is not something Uber is interested in.</span>

A few specific issues were discussed, including:

- Uber relayed its concerns surrounding the delayed production of text messages between BL and ▮▮▮▮▮▮▮▮. An incomplete set of these text messages was produced on 7/16/2025, with heavy redactions. At a meet and confer on 2/20/2026, you agreed to personally review these and other text messages and make a supplemental production, which you did on 2/24/2026. In that production, the 121 missing messages were added back into the thread, but under heavy redactions. It was not until 4/1/2026 that the complete and unredacted thread was produced. You maintain your position that the messages are irrelevant to the litigation and not responsive to Uber's discovery requests, even though they include discussions between Plaintiff and Ms. ▮▮▮▮ about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and the



█████████████" Plaintiff purchased from Ms. ████ a licensed mental health professional. You did not have any explanation as to how or why these redactions were previously applied (and reiterated as recently as February 2026) or why Plaintiff was deciding now, almost seven months after the close of fact discovery to finally underact this information. Ms. ████ is not a licensed mental health professional nor is she a counselor or any type. This is not an appropriate representation of Ms. ████ role and I attempted to correct that misunderstanding during our call. As we discussed during the call, Plaintiff stands by the redactions previously made and has further indicated that despite not being discoverable, the Plaintiff did agree to unredact certain information, as Plaintiff has been willing to do throughout this litigation, going back to last year when we were engaging in similar discussions. To be clear, throughout the litigation of the B.L. case, Uber has repeatedly used highly sensitive information in ways that appear to be designed to harass, embarrass and intimidate the Plaintiff.

- We also asked you why Ms. ████ was not previously disclosed as a mental health provider. You suggested she was not a mental health provider, but that Plaintiff had paid her to provide some sort of text-based therapy. We pointed out that publicly available information suggests Ms. ████ holds herself out as a therapist and asked you whether there were further texts with Ms. ████ and Plaintiff related to Ms. ████ apparent treatment of Plaintiff. You indicated you did not know. Ms. ████ is not a licensed mental health provider and I have not seen any evidence to the contrary. I am unclear as to what information that Uber is relying on that supports the position that Ms. ████ is a licensed mental health provider. I was very clear about this during our most recent call. The text message exchanges are not "treatment".

- We also discussed Plaintiff's email production including emails between Plaintiff and two ex-boyfriends which was produced without redactions for the first time on 4/1/2026. You stated that you believe the messages to also be irrelevant and non-responsive, despite Plaintiff saying that what happened in the alleged Uber incident ████████████████████████ ████████.

  I made this exceptionally clear during our most recent call that is highly inappropriate to suggest that the emails that you are referring are in any way similar to what occurred in the Uber. B.L. was raped by the Uber driver. These email exchanges, which were unredacted as part of a conferral process, do not address or discuss any instances of rape. Again, these highly personal and sensitive documents and exchanges are not responsive to any discovery requests in this case and are not subject disclosure in this litigation.

- You clarified that the Facebook Messenger thread produced on 4/1/2026, at B.L. - SMS T.R. - 000001 – 000004 represents a conversation with BL and ████████ prior to the incident ride. You stated that you received these messages directly from ████████, who you contacted for the first time in the days before you produced the messages to Uber on 4/1/2026. You also represented that you believe Plaintiff's Facebook account no longer exists and was deactivated by Facebook after her account was hacked. We asked you if Plaintiff had any documentation related to her account being hacked and you said you were not sure.

  During our meet and confer, I advised you that we had only recently been able to connect with Mr. ████ In addition, the fact that B.L.'s Facebook account was hacked and not accessible has been known to Uber for over a year and I would suggest that you speak with your colleagues who were handling this case last year, including

> Ms. Bueno who took the deposition of B.L. and questioned B.L. about this at that time. It is only now that Uber is asking for information about this and again, we have previously addressed these issues with Uber.

- We discussed our continued concern that citations in at least six of Plaintiff's production logs were hallucinated by Artificial Intelligence. You stated that the errors were purely technical and represent real cases, though they "maybe cover different topics." You did not answer whether the privilege log was created through the use or assistance of AI.

    > This issue has been addressed in our Response to our PTO 8 Brief and as well during our call. Again, you have misrepresented what I said during our call – the cases cited were discovered to have improper citations; however, the proper citations to the cases has been provided. Further, the Privilege Log has been updated and amended since that time.

Since we appear to be at an impasse with these, we intend to move forward with filing both Joint Letters tomorrow in addition to a Motion for Sanctions. We propose the following briefing schedule for the PTO8 letters:

- Tuesday, 4/7 at 2 PM PST – Uber provides its updated position on both briefs.
- Wednesday, 4/8 at 2 PM PST – Plaintiff provides its updated position on both briefs.
- Wednesday, 4/8 at 5 PM PST – Both briefs are filed by the Court by Uber.

In full disclosure, Uber intends to file a Motion for Sanctions with Judge Breyer as we previously discussed. We are planning to have that motion on file later this week.

Thanks,
Mike

**Michael Vives**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

michael.vives@kirkland.com