[Submitting counsel below]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **PLAINTIFF WHB 823'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 5906]** |
| *WHB 823 v. Uber Techs., Inc.*, et al. N.D. Cal. No. 3:24-cv-04900 W.D.N.C. No. 3:25-cv-00737 | Judge:      Honorable Charles R. Breyer |

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NORTH CAROLINA

## CHARLOTTE DIVISION

| | |
|---|---|
| WHB 823, | No. 3:25-cv-00737 |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5906]
CASE NO. 3:23-MD-03084-CRB

**PLAINTIFF'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS**

Pursuant to Civil Local Rules 7-11(b) and 79-5(c), Plaintiff WHB 823 ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal. ECF No. 5906. Plaintiff respectfully requests that the Court seal portions of Defendants' Trial Brief Regarding Admissibility of Plaintiff's Statements to Medical Providers in Medical Records and Exhibits 1 and 2 to Defendants' Trial Brief.

## I.       BACKGROUND AND REQUESTED SEALING

The documents at issue in this Motion to File Under Seal are:

| Document | Description of Material to Be Sealed |
|---|---|
| Defendants' Trial Brief Regarding Admissibility of Plaintiff's Statements to Medical Providers in Medical Records (ECF 5907) | The details of WHB 823's private life at 2:2-8<br><br>The details of WHB 823's mental health history at 5:4-13, 6:19-20 |
| Exhibit 1 to Declaration of Laura Vartain Horn ISO Defendants' Trial Brief Regarding Admissibility of Plaintiff's Statements to Medical Providers in Medical Records (ECF 5907-2) | Excerpt of Defendants' Trial Exhibit D-4145 (Perkins Counseling & Psychological Services Medical Records, at 4145.0006-.0010, 4145.0015-.0017, and 4145.0031-.0033) containing the PII of WHB 823, the names of third parties, the details of WHB 823's private life, and the details of WHB 823's mental health history |
| Exhibit 2 to Declaration of Laura Vartain Horn ISO Defendants' Trial Brief Regarding Admissibility of Plaintiff's Statements to Medical Providers in Medical Records (ECF 5907-3) | Excerpt of Defendants' Trial Exhibit D-4135 (Holly Hill Hospital Medical Records, at 4135.0006 and 4135.0010) containing the PII of WHB 823, the names and PII of third parties, the details of WHB 823's private life, and the details of WHB 823's mental health history |

## II.      LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

### III.   PORTIONS OF DEFENDANTS' TRIAL BRIEF AND EXHIBITS 1 AND 2 TO THE TRIAL BRIEF SHOULD BE SEALED

The relevant documents were filed at ECF 5907. *See* Brahmbhatt Decl. ¶¶ 2-4. The underlying information that Plaintiff seeks to maintain under seal includes Plaintiff's personally identifiable information (PII), sensitive personal information and mental health information, as well as the names and PII of third parties. Courts routinely find that "individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of Plaintiff WHB 823 and third parties outweigh the public's minimal interest in knowing their identities or sensitive information and warrant the sealing of this information. *See* Brahmbhatt Decl. ¶ 8.

#### A.   Failing to Seal the Records Would Harm Plaintiff and Third Parties

First, Exhibits 1 and 2 to Defendants' Trial Brief should be sealed because they contain the names of third parties. *See* Brahmbhatt Decl. ¶¶ 6 and 7. As names and contact information are PII, this information should be sealed under the compelling reasons standard. *Stiner v. Brookdale Senior Living, Inc*., 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *see also In re Pac. Fertility Ctr. Litig*., 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names [] and physical addresses…"). The privacy interests of third parties outweigh any minimal public interest in disclosure. *See* Brahmbhatt Decl. ¶ 8; *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). (finding that "individual privacy rights in personal identifying information [] outweigh the presumption in favor of public access to court records."). This Court has allowed the sealing of PII, including that

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5906]
CASE NO. 3:23-MD-03084-CRB

of third-party witnesses, and should do so again, as publicly disclosing such PII could, at a minimum, pose risk of harassment.

Second, portions of Defendants' Trial Brief and Exhibits 1 and 2 should be sealed because they include Plaintiff WHB 823's private mental health information and highly sensitive aspects of her private life. *See* Brahmbhatt Decl. ¶¶ 5-7; *see also Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature.'"); *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights."). The privacy interests of Plaintiff WHB 823 outweigh any minimal public interest in disclosure. *See* Brahmbhatt Decl. ¶ 8. This information is inherently private and highly sensitive, and typifies the type of information that may be used by a third party to gratify private spite or circulate libel. *See id*. ¶ 9; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted). Accordingly, the highly sensitive personal information in these records should be sealed.

**B. Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information. *See* Brahmbhatt Decl. ¶ 10. No less restrictive alternative to sealing portions of Defendants' Trial Brief and Exhibits 1 and 2 is sufficient. *See id*. Actions short of sealing portions of these records would

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5906]
CASE NO. 3:23-MD-03084-CRB

reveal the contents of WHB 823's and third parties' PII and highly sensitive information and would not protect their privacy interests. *See id*.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order that PII and highly sensitive information contained in Defendants' Trial Brief Regarding Admissibility of Plaintiff's Statements to Medical Providers in Medical Records and Exhibits 1 and 2 to Defendants' Trial Brief remain under seal.

Dated: April 23, 2026                                    Respectfully submitted,


By: */s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt (pro hac vice)
John Eddie Williams, Jr. (pro hac vice)
John Boundas (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
Stasja Drecun (pro hac vice)
**WILLIAMS HART & BOUNDAS LLP**
8441 Gulf Freeway, Suite 600
Houston, TX  77017-5051
Telephone: (713) 230-2227
Facsimile: (713) 643-6226
sbrahmbhatt@whlaw.com
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com
bbaskin@whlaw.com
mshaw@whlaw.com
jmelugin@whlaw.com
sdrecun@whlaw.com

*Attorneys for Plaintiff WHB 823*


By: */s/ Brett E. Dressler*
Brett E. Dressler (NC Bar # 34516)

**SELLERS AYERS DORTCH &  LYONS, P.A.**
301 South McDowell Street, Suite 410

Charlotte, NC  28204
Telephone: (704) 377-5050
Facsimile: (704) 339-0172
Email:  bdressler@sellersayers.com

*Local Counsel for Plaintiff WHB 823*

## FILER'S ATTESTATION

I, Myles Shaw, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: April 23, 2026

*/s/ Myles Shaw*
Myles Shaw

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5906]
CASE NO. 3:23-MD-03084-CRB