Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted Pro Hac Vice)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted Pro Hac Vice)
Christopher D. Cox (Admitted Pro Hac Vice)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*ALL ACTIONS* | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION SUBMITTED TO THE COURT ON APRIL 23, 2026**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

I, Christopher V. Cotton, declare the following:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Defendants" or "Uber") Position Submitted to the Court on April 23, 2026.

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation, Case No. 3:23-md-03084-CRB (N.D. Cal.)* (the "MDL"). I am a member in good standing of the Bar of the State of Iowa, the Bar of the State of Missouri, and the Bar of the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge, and upon information and belief. If called as a witness, I could and would competently testify to the matters set forth herein.

3. On March 16, 2026, while the Parties were preparing the Joint Case Management Statement for the March 20, 2026 Case Management Conference (ECF 5563), Plaintiffs unexpectedly demanded changes to the Defendant Fact Sheet (DFS). The parties subsequently met and conferred on March 27, April 3, and April 6, 2026, regarding Plaintiffs' new DFS document requests and the ongoing issues with Plaintiffs' deficient fact sheet responses pursuant to PTO 10. The Parties reached an impasse and agreed to proceed with a joint submission to be made on April 9, 2026, though that date was subsequently extended by agreement a number of times thereafter. On the evening of April 8, the day before the Parties initially agreed to file this joint submission, Plaintiffs made additional PTO 10 and DFS production demands, which the parties did not meet and confer on, including a rewrite of the DFS deficiency resolution process outlined in PTO 10. This additional demand was made by Plaintiffs for the first time in their draft position statement.

4. PTO 10 was originally entered on March 19, 2024, and established mandatory Plaintiff Fact Sheet (PFS) and Defendant Fact Sheet (DFS) requirements. ECF 348. The original PTO 10 also made clear: "**The Court will not revise either this Order or the fact sheets unless the parties agree on a given change**." ECF 348 (emphasis added). Following persistent issues with many PFS responses, the Parties undertook negotiations to revise the original PTO 10. That meet and confer process culminated in agreed-upon revisions to PTO 10, which were adopted and ordered by the Court

1

in Amended PTO 10 on November 3, 2025. ECF 4287.  Like the original PTO 10, Amended PTO 10 likewise makes clear: "**The Court will not revise either this Order or the fact sheets unless the parties agree on a given change.**" *Id.* (emphasis added).

5.      As of April 23, 2026, over 3,200 Plaintiffs have served PFSs on Uber via MDL Centrality, of which approximately 1,750—more than half—have been amended. Uber continues to identify deficiencies in  Plaintiffs' PFSs and has served PFS Deficiency Notices pursuant to PTO 10 on 2,525 Plaintiffs via MDL Centrality.

6.      As of April 23, 2026, 90 Plaintiffs have missed the Court-ordered deadline to serve their PFS and their responses remain past-due. A week ago, there were 168 such Plaintiffs.

7.      Thus far, Uber has filed 30 motions related to numerous issues with Plaintiffs' submissions, including missing PFSs; deficient PFSs; fraudulent PFS submissions; and missing, deficient, and/or fraudulent ride receipts. In total, as of April 22, 2026, more than 2,000 Plaintiffs have been at issue in these motions.

8.      Of 30 PFS-related motions filed to date, 17 of those motions have been filed since Amended PTO 10 was entered on November 3, 2025.  Those 17 motions addressing PFS issues have addressed almost 1,200 Plaintiffs. *See* Table below.

9.      It is Uber's position that the continuing issues with Plaintiffs' PFS responses need to be addressed.  Indeed, the PFS-related motions have resulted in over 200 docket entries in total, including responses, replies, sur-replies, 26(g) certifications from Plaintiffs' firms, and other supplemental briefing. The Court has granted all 27 of Uber's PFS-related motions decided thus far (three motions are currently pending before the Court).

DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION SUBMITTED TO THE COURT ON APRIL 23, 2026
Case No. 3:23-md-03084-CRB

| Table: Uber's Motions Related to Plaintiffs' Ride Information, Ride Receipts, or PFS | | | | |
|---|---|---|---|---|
| Motion Filing Date | ECF No. | Nature of Motion | No. Ptlfs.[1] | Result |
| 2/18/2025 | 2358 | Delinquent PFS | 57 | GRANTED |
| 5/16/2025 | 3003 | Delinquent PFS | 52 | GRANTED |
| 7/16/2025 | 3493 | Delinquent PFS | 77 | GRANTED |
| 7/30/2025 | 3604 | Fraudulent Ride Receipt; Delinquent Ride Receipt | 111 | GRANTED |
| 8/11/2025 | 3677 | Delinquent PFS | 27 | GRANTED |
| 8/12/2025 | 3682 | Delinquent Ride Receipt | 47 | GRANTED |
| 8/22/2025 | 3731 | Deficient PFS | 179 | GRANTED |
| 8/28/2005 | 3784 | Fraudulent Ride Receipt | 6 | GRANTED |
| 9/15/2025 | 3912 | Delinquent PFS | 9 | GRANTED |
| 9/26/2025 | 4026 | Delinquent PFS | 7 | GRANTED |
| 9/26/2025 | 4027 | Delinquent Ride Receipt | 7 | GRANTED |
| 10/13/2025 | 4137 | Fraudulent Ride Receipt | 7 | GRANTED |

[1] This column reflects the number of Plaintiffs subject to Uber's moving papers. In some instances, certain Plaintiffs belatedly cured their deficiencies or delinquencies subsequent to Uber's initial motion but before the Court's order and therefore were not the subject of the resulting order.

3

| Table: Uber's Motions Related to Plaintiffs' Ride Information, Ride Receipts, or PFS | | | | |
|---|---|---|---|---|
| Motion Filing Date | ECF No. | Nature of Motion | No. Ptlfs.[1] | Result |
| 10/20/2025 | 4203 | Deficient PFS | 218 | GRANTED |
| 11/21/2025 | 4456 | Delinquent Ride Receipt | 208 | GRANTED |
| 11/26/2025 | 4490 | Delinquent Ride Receipt | 10 | GRANTED |
| 11/26/2025 | 4491 | Delinquent PFS | 54 | GRANTED |
| 12/5/2025 | 4580 | Fraudulent PFS | 77 | GRANTED |
| 12/19/2025 | 4737 | Deficient PFS | 8 | GRANTED |
| 12/31/2025 | 4854 | Delinquent Ride Receipt | 18 | GRANTED |
| 1/6/2026 | 4924 | Delinquent Ride Receipt | 15 | GRANTED |
| 1/7/2026 | 4933 | Fraudulent Ride Receipt | 6 | GRANTED |
| 1/9/2026 | 4967 | Delinquent PFS | 83 | GRANTED |
| 2/4/2026 | 5198 | Deficient PFS | 10 | GRANTED |
| 2/19/2026 | 5279 | Deficient PFS | 90 | GRANTED |
| 3/4/2026 | 5382 | Delinquent PFS | 37 | GRANTED |
| 3/11/2026 | 5483 | Fraudulent Ride Receipts | 3 | GRANTED |

DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION SUBMITTED TO THE COURT ON APRIL 23, 2026

Case No. 3:23-md-03084-CRB

| Table: Uber's Motions Related to Plaintiffs' Ride Information, Ride Receipts, or PFS | | | | |
|---|---|---|---|---|
| Motion Filing Date | ECF No. | Nature of Motion | No. Ptlfs.[1] | Result |
| 3/18/2026 | 5561 | Delinquent Ride Receipt | 10 | GRANTED |
| 4/15/2026 | 5891 | Delinquent PFS | 23 | PENDING |
| 4/17/2026 | 5914 | Delinquent Ride Receipt | 9 | PENDING |
| 4/17/2026 | 5915 | Delinquent Ride Receipt | 11 | PENDING |

10.    As of this filing, nearly 530 Plaintiffs have been dismissed from this litigation for ride receipt, ride information, or PFS-related issues pursuant to this Court's Pre-Trial Orders, and another 43 Plaintiffs have motions to dismiss pending against them. Uber continues to identify, and move for dismissal of, Plaintiffs for failure to comply with Amended PTO 10.

11.    Plaintiffs in this MDL are responsible for providing basic information about their claims in their PFS. See ECF 4287 at 4-5. The PFS expressly requires responses to be completed by the Plaintiff herself, not merely by counsel:

> The Plaintiff completing this Plaintiff Fact Sheet is under oath and must provide information
> that is true and correct to the best of her or his knowledge, information, and belief. Plaintiff
> is under an obligation to supplement these responses consistent with the Federal Rules of
> Civil Procedure.

ECF 4287 at 15 (PFS at 3). This Court has previously noted that it had "questions about whether Plaintiffs' counsel consulted the individual Plaintiffs before amending their PFS prior to service." ECF 4442 at p. 2.

12.    Despite the clear requirements of Amended PTO 10 (see paragraph 11 above), there have been multiple instances in this litigation in which Plaintiffs or Plaintiffs' counsel have explicitly

DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION SUBMITTED TO THE COURT ON APRIL 23, 2026
Case No. 3:23-md-03084-CRB

or tacitly acknowledged that Plaintiffs have not reviewed or even seen their PFS before they were submitted, even though those Plaintiffs counsel submitted PFS verifications bearing the Plaintiff's signature.  Examples include the following:

- Plaintiff WHB 823 (April 15, 2026): Testifying at her bellwether trial that she did not review electronically-signed PFSs, and that they contained inaccurate statements. (A true and correct copy of an excerpt from her trial testimony is attached hereto as Exhibit A.)

- ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- ECF 4103-1: Plaintiff's counsel acknowledging that Plaintiff "ha[d] not responded to any efforts to reach her made by myself or my staff since May 9, 2023."  Despite the lack of contact, Plaintiffs' counsel served a PFS via MDL Centrality for the Plaintiff on August 23, 2024.

- ECF 4104-1: Plaintiff's counsel acknowledging that Plaintiff "has not responded to any efforts to reach her made by myself or my staff since March 13, 2025" and "has been unable to provide Peiffer Wolf with adequate information to substantiate her case and fulfill her discovery obligations."  Despite the lack of contact, Plaintiff's counsel served a PFS via MDL Centrality on April 17, 2025.

- ECF 4409-1: Plaintiff's counsel acknowledging that Plaintiff had "failed to provide our firm with all the information necessary to fulfill her discovery obligations" and that Plaintiff had "not responded to any efforts to reach her made by myself or my staff since January 9, 2025".  Despite the lack of contact, Plaintiff's counsel served a PFS via MDL Centrality on her behalf on January 28, 2025.

- ECF 4508: Plaintiff's counsel certified that Plaintiff had not reviewed the amended PFS before it was served.

6

DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION SUBMITTED TO THE COURT ON APRIL 23, 2026
Case No. 3:23-md-03084-CRB

- ECF 4512: Plaintiffs' counsel conceding that a number of their clients "did not review their most recently amended PFS before it was served via MDL Centrality."

- ECF 4522: Plaintiffs' counsel admitted that, for 48 Plaintiffs, "executed verifications were not obtained and amended plaintiff fact sheets were not able to be reviewed [by Plaintiffs] due to unavailability or non-responsiveness."

- ECF 4584: Plaintiff's counsel served (1) a PFS on August 1, 2025, (2) an amended PFS on September 26, 2025, and (3) a second amended PFS on December 12, 2025, despite the fact Plaintiff had not responded to counsel since July 30, 2025.

- ECF 4585: Even though Plaintiff had failed to respond to counsel's twenty-seven communication attempts to Plaintiff since July 18, 2025, Plaintiff's counsel served a PFS on August 17, 2025 and an amended PFS on October 4, 2025.

- ECF 4698: Even though Plaintiff's counsel had not been able to make contact with Plaintiff since May 5, 2025, Plaintiff's counsel served a PFS on June 20, 2025 and an amended PFS on August 27, 2025.

- ECF 4699-1: Even though Plaintiff's counsel had been attempting to reach Plaintiff without success since June 13, 2025, Plaintiff's counsel served a PFS on June 20, 2025 and an amended PFS on August 27, 2025.

- ECF 4776: Plaintiff's counsel served a PFS on behalf of Plaintiff despite knowing that "these responses were incomplete and unverified because NGRV could not reach [Plaintiff] to finalize her PFS despite [counsel's] requests that she do so and explaining in its communications that failure to work with NGRV to complete the PFS could result in dismissal or withdrawal." Despite counsel's "at least 36 communication attempts, a background check, and engagement of a private investigator," counsel had not been in contact with Plaintiff for months before filing her complaint or submitting her PFS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2026, in Kansas City, Missouri.

DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION SUBMITTED TO THE COURT ON APRIL 23, 2026
Case No. 3:23-md-03084-CRB

By:    /s/*Christopher V. Cotton*
Christopher V. Cotton

DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION SUBMITTED TO THE COURT ON APRIL 23, 2026
Case No. 3:23-md-03084-CRB