Sommer D. Luther (PHV)
WAGSTAFF LAW FIRM
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084 |
| This Document Relates to:<br><br>*B.L. v. Uber Technologies, Inc., et al.*, No. 24-cv-7940 | **PLAINTIFF B.L.'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 5920]**<br><br>Honorable Charles R. Breyer |

Pursuant to Civil Local Rule 79-5(c), Plaintiff B.L. ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (ECF No. 5920). Plaintiff respectfully requests that the Court seal some, but not all, of the Declaration of Katelyn Marshall Benfield in Support of Defendants' Administrative Motion for Leave to File Joint PTO 8 Letter Regarding Plaintiff's Improper Redactions and Exhibit A, B, C, D and F.

**I.      BACKGROUND AND REQUESTED SEALING**

The documents at issue are summarized in the table below. Consistent with Civil Local Rule 79-5(a), Plaintiff asks only that certain sensitive materials in Defendants' Motion be redacted; the entire Motion need not be sealed. Exhibit B to Defendants' Motion is interspersed with highly

confidential and sensitive information—including Plaintiff's name, sensitive details of her private life and treatment, and the names of third parties—such that those documents should be kept under seal in their entirety.

| Document | Description of Material to Be Sealed |
|---|---|
| Declaration of Katelyn Marshall Benfield in Support of Defendants' Administrative Motion for Leave to File Joint PTO 8 Letter Regarding Plaintiff's Improper Use of Redactions (ECF 5919) | Quotations from plaintiff's text messages including the details of B.L.'s private life at p. 2, lines 19-20, and p. 7, lines 2-4 which are highly personal and in which the public has no interest. |
| Ex. A to Declaration of Katelyn Marshall Benfield in Support of Defendants' Administrative Motion for Leave to File Joint PTO 8 Letter Regarding Plaintiff's Improper Use of Redactions (ECF 5919-1) | B.L.'s text messages with a third party containing the name of third parties, the details of B.L.'s private life, and the details of B.L.'s mental health history |
| Ex. B to Declaration of Katelyn Marshall Benfield in Support of Defendants' Administrative Motion for Leave to File Joint PTO 8 Letter Regarding Plaintiff's Improper Use of Redactions (ECF 5919-2) | B.L.'s text messages with a third party containing the names of B.L. and third parties, the details of B.L.'s private life, and the details of B.L.'s mental health history |
| Ex. C to Declaration of Katelyn Marshall Benfield in Support of Defendants' Administrative Motion for Leave to File Joint PTO 8 Letter Regarding Plaintiff's Improper Use of Redactions (ECF 5919-3) | Emails between counsel containing:<br>• The names of third parties at p. 2, 3, 4, 11, 12, 13, 14, 16, 17, 18, 19, 20, 24<br>• The details of B.L.'s private life at p. 12, 13, 24 |
| Ex. D to Declaration of Katelyn Marshall Benfield in Support of Defendants' Administrative Motion for Leave to File Joint PTO 8 Letter Regarding Plaintiff's Improper Use of Redactions (ECF 5919-4) | Emails between counsel containing:<br>• The names of third parties at p. 1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16<br>• The details of B.L.'s private life at p. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16<br>• The name of B.L. at p. 3, 4, 5, 7 |
| Ex. F to Declaration of Katelyn Marshall Benfield in Support of Defendants' Administrative Motion for Leave to File Joint PTO 8 Letter Regarding Plaintiff's Improper Use of Redactions (ECF 5919-6) | Emails between counsel containing:<br>• The names of third parties at p. 1, 2<br>• The details of B.L.'s private life at p. 1, 2 |

## II.     LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting one of two standards: compelling reasons or good cause. In proceedings closely related to the merits of a case, courts "may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*

*v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).[1] But there is an exception to this standard "for sealed materials attached to a discovery motion unrelated to the merits of a case . . . . Under this exception, a party need only satisfy the less exacting 'good cause' standard." *Id.* at 1097; *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

**III.    PORTIONS OF MS. BENFIELD'S AFFIDAVIT AND EXHIBITS A, B, C, D, F SHOULD BE SEALED**

Plaintiff respectfully states that there is good cause or, in the alternative, compelling reasons to keep the documents and portions of documents referenced above under seal. The relevant documents were filed at ECF 5919. *See* Luther Decl. ¶¶ 1-11. The underlying information that Plaintiff seeks to maintain under seal includes sensitive personal information and mental health information, as well as the names of Plaintiff and third parties who will not have an opportunity to be heard in this motion practice.

Courts routinely find that "individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnt. Of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of Plaintiff B.L. and third parties outweigh the public's minimal interest in knowing their identities or sensitive information about their lives. *See* Luther Decl. ¶¶ 8-11. Courts reached these conclusions applying both the good-cause standard, *see Id.*, and the compelling-reasons standard, *see Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022). Either standard is satisfied here for four reasons.

*First*, Exhibits A, B, C, D, F should be sealed because they contain the names of third parties. *See* Luther Decl. ¶¶ 8-11. As names are personal identifying information ("PII"), this information should be sealed under the compelling reasons standard. *Stiner*, 2022 WL 1180216, at

---

[1] "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner*, 435 U.S. 589, 599 (1978)).

*2 ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action"); *see also Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal . . . personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."). The privacy interests of third parties outweigh any minimal public interest in disclosure. *See* Luther Decl. ¶¶ 8-11.; *Hernandez,* 2023 WL 4688522, at *4. This Court has allowed the sealing of PII, including that of third-party witnesses, and should do so again, as publicly disclosing such PII could, at a minimum, pose risk of harassment.

*Second*, portions of Ms. Benfield's Affidavit and Exhibits, A, B, C, D, F should be sealed because they include Plaintiff B.L.'s private mental health information and highly sensitive aspects of her private life. *See* Luther Decl. ¶¶ 8-11; *see also Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."); *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [ ] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [ ] well-established privacy rights.").

*Third*, Exhibit C to the Affidavit should be sealed because Plaintiff B.L. is referred to by her name, rather than her pseudonym. *See* Luther Decl. ¶¶ 8-11. Although the public has a general right to access court proceedings, courts routinely allow parties to proceed anonymously "when special circumstances justify secrecy." *Does 1 thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing "many federal courts, including the Ninth Circuit, [that] permitted parties to proceed anonymously"); *see also Doe v. Lincoln Unified Sch. Dist.*, 188 Cal.Ap..4th 758,

766 (2010 (citing "countless" published decisions featuring fictitious names in California courts, the Ninth Circuit, and the Supreme Court). Plaintiff B.L.'s name is sealable under the compelling reasons standard because it is PII. Her name is also "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). Plaintiff's continued need for anonymity outweighs any minimal prejudice to the public because the public's interest in the case can be satisfied without revealing Plaintiff's name. *See* Luther Decl. ¶¶ 8-11. Defendants will suffer no prejudice because they know Plaintiff's identity and have recognized that the public disclosure of PII, including names, "could cause significant and avoidable harm or embarrassment to the affected individuals." ECF 4205. As Plaintiff B.L. wishes to continue proceeding under her pseudonym, Exhibit C to the Affidavit should be sealed. *See* Luther Decl. ¶¶ 8-11.

*Fourth,* the privacy interests of Plaintiff B.L. outweigh any minimal public interest in disclosure. *See* Luther Decl. ¶¶ 8-11. This information is inherently private and highly sensitive and typifies the type of information that may be used by a third party to gratify private spite or circulate libel. *See* Luther Decl. ¶¶ 8-11; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements . . .") (internal quotation marks and citation omitted). Accordingly, the highly sensitive personal in these records should be sealed.

Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information. *See* Luther Decl. ¶¶ 8-11; *see also* Civ. L. R. 79-5(a). No less restrictive alternative to sealing portions of Ms. Benfield's Affidavit and Exhibits A, B, C, D, F is sufficient. *See* Luther Decl. ¶¶ 8-11; *compare* Civ. L.R. 79-5(e) (providing a redaction procedure for briefs)*, with* (e) (providing a simplified, whole-document procedure for exhibits and declarations). Actions short of sealing portions of Ms. Benfield's Affidavit and Exhibits A, B, C, D, F would reveal the contents of B.L.'s and third parties' PII and highly sensitive information and would not protect their privacy interests. *See id.*

IV.    **CONCLUSION**

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 5920]
MDL NO. 3084 CRB, CASE NO. 24-CV-7940

For the foregoing reasons, Plaintiff respectfully requests that the Court order that PII and highly sensitive information contained in Ms. Benfield's Affidavit and Exhibits A, B, C, D, F remain under seal.

Dated: April 24, 2026

Respectfully submitted,

/s/ *Sommer D. Luther*
WAGSTAFF LAW FIRM
Sommer D. Luther (PHV)
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff B.L.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  April 24, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**