**WAGSTAFF LAW FIRM**
Sommer D. Luther, PHV
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **PLAINTIFF T.K.'S MOTION TO VACATE ORDER REGARDING DEFENDANTS' MOTION TO CONVERT ORDER OF DISMISSAL WITHOUT PREJUDICE TO ORDER OF DISMISSAL WITH PREJUDICE [ECF 5954]** |
| *T.K. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06734 -CRB | Judge:        Hon. Charles R. Breyer<br>Courtroom:    6 – 17th Floor |

Plaintiff T.K., by and through her counsel of record, respectfully submits this Motion to Vacate Order Regarding Defendants' Motion to Convert Order of Dismissal Without Prejudice to Order of Dismissal With Prejudice (ECF 5954) entered against her and to reinstate her claim. As such, Plaintiff T.K. states the following:

## I.        BRIEF HISTORY

On November 26, 2025, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a Plaintiff Fact Sheet ("PFS") in connection with Pretrial Order ("PTO") 10. (ECF 3493). Plaintiff opposed the motion (ECF 4631). The Court granted Defendants' Motion to Dismiss on January 12, 2026 (ECF 5954) and required a notice of dismissal to be filed within 14 days. The Notice of Dismissal Without

Prejudice was filed on January 26, 2026 (ECF 5107). On February 23, 2026, Defendants filed a Motion to Convert Dismissal without Prejudice to Dismissal with Prejudice (ECF 5287). Plaintiff opposed the motion (ECF 5460). On April 15, 2026, Plaintiff T.K. filed a Motion to Vacate Order of Dismissal Without Prejudice (ECF 5889). Defendants filed a response on April 20, 2026 (ECF 5934) and Plaintiff's Reply is due on May 6, 2026.

## II.   PLAINTIFF REQUESTS THAT THE ORDER BE VACATED BECAUSE SHE HAS COMPLIED WITH HER OBLIGATIONS

### a.   Plaintiff T.K.'s incarceration and production of PFS

Since the filing of the Notice of Dismissal Without Prejudice on January 26, 2026, undersigned counsel's office was advised that Plaintiff was previously unresponsive to outreach because she was incarcerated in Osceola County, Florida. Counsel worked diligently to finalize the PFS for filing and the PFS and corresponding documents were produced via MDL Centrality on April 15, 2026.

### b.   The Court has previously indicated that a plaintiff's incarceration will exempt them from dismissal without prejudice

This Court previously issued an order pertaining to Plaintiffs who failed to provide a complete and verified Plaintiff Fact Sheet within 14 days of the Court's Order. The order indicated that the claims would be dismissed without prejudice, "absent a declaration that they are **<u>incarcerated</u>** or deceased." (ECF 3666, emphasis added). Here, Plaintiff was incarcerated and should not be subject to the dismissal without prejudice.

### c.   The Pioneer factors and FRCP 60(b) favor relief for Plaintiff T.K.

The Supreme Court and the Ninth Circuit require an equitable analysis under *Pioneer* to determine "excusable neglect," weighing the danger of prejudice, the length of delay, the reason for the delay, and the movant's good faith.

Federal Rule of Civil Procedure 60(b)(1) allows courts to relieve parties from final judgments, orders, or proceedings for mistake, inadvertence, surprise or excusable neglect. (2026).

2

The Supreme Court established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* that excusable neglect determinations require an equitable analysis considering all relevant circumstances, including the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within reasonable control of the movant, and whether the movant acted in good faith. 507 U.S. 380 (1993).

Specifically, the Ninth Circuit held in *Briones v. Riviera Hotel & Casino* that the *Pioneer* equitable test applies to Rule 60(b) excusable neglect determinations, emphasizing that courts must consider all equitable factors rather than applying rigid per se rules. 116 F.3d 379 (1997).

Here, under *Pioneer*, the key inquiry focuses on whether the procedural failure resulted from circumstances that warrant relief under the equitable analysis, with particular attention to Plaintiff T.K.'s own conduct and good faith efforts to comply with court requirements.

Under *Pioneer*, the four major equitable factors weigh heavily in favor of granting the relief Plaintiff T.K requests. First, there is limited prejudice to the Defendants. The delay was brief, and the Plaintiff Fact Sheet and corresponding documents have now been fully produced, which allows Defendants to evaluate the claim on its merits. Second, the delay in this case spans from the January dismissal without prejudice to the April production of Plaintiff T.K.'s PFS. This delay is relatively minimal and has no negative impact on the broader judicial proceedings or the Court's docket, as this is just one case in an MDL comprising thousands of cases. Third, the major reason for the delay was the Plaintiff T.K.'s incarceration, a circumstance this Court has already explicitly recognized as an exemption from the dismissal without prejudice. Finally, as demonstrated by her prompt production of the PFS upon re-establishing contact with counsel, Plaintiff T.K. has shown good faith to fulfill her obligations under PTO 10 and will continue to do so.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court vacate the Order Regarding

3

Defendants' Motion to Convert Order of Dismissal Without Prejudice to Order of Dismissal With Prejudice (ECF 5954) and reinstate Plaintiff T.K.'s claims to the active docket.

Dated: May 6, 2026

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  May 6, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**