LAYNE C. HILTON *(Admitted PHV)*
**Meyer Wilson, Co., LPA**
900 Camp Street, Suite 337
New Orleans, LA 70130
Telephone: 614.255.2697
Facsimile: 614.224.6066
Email: lhilton@meyerwilson.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB **DECLARATION OF LAYNE HILTON IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE DISMISSAL WITHOUT PREJUDICE PER ECF 5953** |
| This Document Relates to: *R.S. v. Uber Technologies Inc., et al ;* Case No. 3:24-cv-03607 *A.R. v. Uber Technologies, Inc.,* Case No. 3:24-cv-08177 *L.L. v. Uber Technologies, Inc.,* Case No. 3:25-03742 | Judge Hon. Charles R. Breyer |

I, Layne C. Hilton, declare:

1. I am an attorney at Meyer Wilson, Co., LPA. I am a member of the Louisiana Bar and am admitted to practice in this action pro hac vice. I make this declaration based on my personal knowledge. If called upon to testify, I could and would testify competently to the truth of the maters stated herein.

2. I submit this declaration in support of Plaintiffs R.S. (Case No. 3:24-cv-03607), A.R. (Case No. 3:24-cv-08177) and L.L. (Case No. 3:25-cv-03742) (hereafter "Plaintiffs") Motion to Vacate the Court's Dismissal Without Prejudice per ECF No. 5953.

***Plaintiffs R.S. (Case No. 3:24-cv-03607)***

3.    Plaintiff R.S. submitted a PTO 10 Certification on March 9, 2026.  Due to a technical error, the Certification was submitted blank.

4.    Plaintiff R.S. remedied the technical error and submitted a first amended PTO 10 certification on March 17, 2026.

***Plaintiff A.R. (Case No. 3:24-cv-08177)***

5.    Plaintiff A.R. submitted a PTO 10 certification on March 17, 2026.

***Plaintiff L.L. (Case No. 3:25-cv-03742)***

6.    Plaintiff L.L. submitted a PTO 10 certification on March 17, 2026.

***Counsel Meets and Confers with Uber Regarding Certification***

7.    On March 17, 2026, I reached out to Counsel for Uber, highlighted the issues with these clients, indicating that we had remedied the issues with the PTO 10 certifications.  I further inquired whether Uber would stipulate to my filing a sur-reply as to R.S., A.R., and L.L to inform the Court that the PTO 10 Certifications had been submitted, and the issues remedied.

8.    Exhibit A is a true and correct copy of this correspondence.

9.    On March 19, 2026, Uber responded and indicated that it believed the "appropriate course of action" was to "wait and see if Breyer grants the motion then file a motion to vacate those 3 plaintiffs."  Uber further wrote that it would not oppose such a motion.

10.   Exhibit B is a true and correct copy of this correspondence.

Executed this 6 day of May, 2026, in New Orleans, Louisiana.



Layne C. Hilton

2                    DECLARATION OF LAYNE HILTON