# EXHIBIT A

William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **LEVIN SIMES PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10 (ECF NO. 5953)** |

*Jane Doe LS 15 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05933-CRB*

*Jane Doe LS 86 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05970-CRB*

*Jane Doe LS 168 v. Uber Technologies, Inc., et al., Case No. 3:23-cv-05371-CRB*

*Jane Doe LS 199 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05402-CRB*

*Jane Doe LS 208 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-06024-CRB*

*Jane Doe LS 216 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-06029 -CRB*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

*Jane Doe LS 269 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05922-CRB*

*Jane Doe LS 342 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05913-CRB*

*Jane Doe LS 384 v. Uber Technologies, Inc., et al., Case No. 3:23-cv-05292-CRB*

*Jane Doe LS 456 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05654-CRB*

*Jane Doe LS 460 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05640-CRB*

*Jane Doe LS 530 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-07143-CRB*

*Jane Doe LS 581 v. Uber Technologies, Inc., et al., Case No. 3:25-cv-02758-CRB*

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER TO DISMISS CASES WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH AMENDED PTO 10

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

## I.    INTRODUCTION

Plaintiffs respectfully move this Court to reconsider its Order to dismiss for failure to comply with Amended PTO 10. In accordance with Civil L.R. 7-9, Plaintiffs are filing a motion for leave to file this motion for reconsideration.

On February 19, 2026, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (hereinafter "Defendants"), filed a Motion to Dismiss Cases for Failure to Comply with Amended PTO 10. ECF No. 5279.  The above-named Plaintiffs were subject to Defendants' Motion because they have not been able to submit the required confirmation that all responsive records have been uploaded or that no such records exist. Plaintiffs respectfully request that due to the circumstances discussed below, leave be granted to file their Motion for Reconsideration, and that their cases not be subject to dismissal without prejudice and instead be allowed to proceed.

## II.    ARGUMENT

Federal Rule of Civil Procedure 59(e) allows a motion to reconsider a final order to made "no later than 28 days after the entry of the judgment." The Court entered dismissal without prejudice of Plaintiffs' cases on April 22, 2026. Plaintiffs bring the present motion for leave well within twenty-eight days of the Court's Order of dismissal.

There are four grounds that justify the granting of a Rule 59(e) motion: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgement is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Hiken v. Dept. of Defense*, 836 F.3d 1037, 1042 (9th Cir. 2016) (citing *Turner v. Burlington Northern Santa Fe* R.R., 338 F.3d 1058, 1063 (9th Cir. 2003)). Moreover, "a district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e). *Turner*, 338 F.3d at 1063. Here, Plaintiffs have filed their motion for leave to file motion for reconsideration within the time limits permitted under Rule 59.

Jane Doe LS 15 has submitted her PTO 10 certification form by uploading it to MDL Centrality on May 6, 2026.

3

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

With respect to Jane Doe LS 86, Plaintiff's counsel have not been able to get an updated signed authorization from the Plaintiff in order to determine if there is a police report in connection with her case. Plaintiff lives overseas and it is sometimes difficult to maintain a constant stream of communication. Plaintiff's counsel is working diligently to get the signed authorization and request the report in order to determine whether one exists. Because Plaintiff does not yet know if there is a report, she cannot accurately fill out and submit a PTO certification form. Other than this specific issue, Plaintiff Jane Doe LS 86 is in compliance with all of her other discovery obligations.

Jane Doe LS 460 submitted her PTO certification form by uploading it to MDL Centrality on March 16, 2026.

Jane Doe LS 530 submitted her PTO certification form and records by uploading them to MDL Centrality on March 25, 2026.

The remaining above-named Plaintiffs all fall into the same category. It is not that they are withholding evidence or choosing not to comply with Amend PTO 10. These Plaintiffs did receive treatment, but they genuinely do not recall the names of their providers or the facilities. In this situation, Plaintiffs' counsel is unable to order the possible records or submit the PTO certification forms as the forms do not include an option that accurately captures this situation such that counsel can certify. Plaintiffs are happy to meet and confer with Uber about how to remedy this issue and to report back to the Court on our progress.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for Reconsideration and amend the Order dismissing cases for failure to comply with Amended PTO 10 to remove Plaintiffs, and to allow their cases to be reinstated to the active docket.

//

//

//

//

4

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

Dated:  May 6, 2026

Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ Samira J. Bokaie*
William A. Levin
Laurel L. Simes
Samira J. Bokaie
*Attorneys for Levin Simes Plaintiffs*

5

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER TO DISMISS CASES WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH AMENDED PTO 10