ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31** |
| This Document Relates to: | |
| *C.F. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-00914-CRB, | Date:         June 12, 2026 |
| | Time:         10:00 a.m. |
| *L.C. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01451-CRB, | Courtroom:   6 – 17th Floor |
| *T.C. (3:25-cv-03583) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-03583-CRB, | |
| *NLG (V.F.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08545-CRB, | |

DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

*NLG (B.G.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08732-CRB,

*Jane Doe LS 657 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09904-CRB,

*Jane Doe LS 658 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09914-CRB,

*JLG 211 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10144-CRB,

*JLG 227 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10872-CRB,

*Jane Doe LS 681 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00541-CRB, and

*JLG 234 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00701-CRB.

DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion to Dismiss Cases for Failure to Comply with PTO 31, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs have failed to comply with Pretrial Order No. 31 ("PTO 31"), which required Plaintiffs who had not produced a bona fide Uber ride receipt to provide, within 30 days and under penalty of perjury, a detailed explanation of their efforts to locate that receipt and the reasons it could not be found. ECF 3877. These Plaintiffs' noncompliance with the Court's orders impairs Uber's ability to defend itself in this MDL. Effective management of this Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

The time for Plaintiffs to respond has now passed, and nothing has transpired that casts doubt on Uber's arguments. The majority of the Plaintiffs at issue did not bother to respond to Uber's Motion and therefore should be deemed to have consented to the relief sought. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). The only Plaintiffs who have responded—three represented by Levin Simes LLP—do not raise valid substantive arguments. ECF 6068. One of those Plaintiffs accurately represents that she has belatedly cured, so Uber withdraws its Motion as to that Plaintiff. (Uber takes the same step with regard to another Plaintiff who has also belatedly cured but who did not apprise the Court of that fact through a response to the Motion, as well as a Plaintiff whose case has now been dismissed for other reasons.) Beyond that, Levin Simes argues that Plaintiffs are somehow excused from complying with court orders if they have previously been subject to a motion to dismiss for noncompliance. ECF 6068 at 1. Not so. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"). It also vaguely asserts that "[t]here are many reasons why [Plaintiff] could be unresponsive" and suggests that counsel's diligent efforts to contact them should excuse noncompliance with PTO 31. ECF 6068 at 1. These excuses and explanations are unavailing.

*See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.*, 460 F.3d 1217, 1233 & 1242 (9th Cir. 2006).

This Court was clear in PTO 31: "A failure by a Plaintiff to provide the information required by this Order by the deadlines . . . shall subject the Plaintiff to dismissal without prejudice." *Id*. Accordingly, pursuant to the procedures set forth in PTO 31, Uber seeks an order dismissing the eight Plaintiffs' cases[1] still at issue above without prejudice for failure to timely and substantially comply with PTO 31. This request is entirely reasonable. Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances, including in MDL proceedings where plaintiffs fail to timely comply with discovery orders. *See, e.g.*, *In re PPA*, 460 F.3d at 1232-34; *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699-CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 354 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab., Litig.*, 496 F.3d 863, 865-66 (8th Cir. 2007); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 15-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019).

## ARGUMENT

### A. Seven Plaintiffs have not responded to Uber's motion and therefore should be deemed to have consented to the relief sought.

Chaffin Luhana, representing Plaintiff's C.F., L.C., and T.C.; the Nachawati Law Group, representing Plaintiff NLG (V.F.); and the Johnson Law Group, representing Plaintiffs JLG 211, JLG 227, and JLG 234 have each failed to respond to Uber's motion, either with a timely opposition or relevant submission. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States*, 901 F. Supp. 2d 1179, 1188 (N.D. Cal. 2012). Any unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte*, No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears*, 2025 WL 2028305, at *1. Thus,

---

[1] Uber now seeks to dismiss the following eight Plaintiffs' cases without prejudice: C.F., L.C., T.C. (3:25-cv-03583), NLG (V.F.), JLG 211, JLG 227, Jane Doe LS 681, and JLG 234. An amended proposed order is included with this Reply for this Court's convenience.

2

DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

because each of the seven Plaintiffs noted above compounded their failure to timely comply with PTO 31 by failing to oppose Uber's motion to dismiss, the motion should be granted as to those Plaintiffs.

**B. Uber withdraws, without prejudice, its motion as to those Plaintiffs who have belatedly cured or whose cases have recently been dismissed.**

Two Plaintiffs—NLG (B.G.) and Jane Doe LS 657—belatedly submitted PTO 31 statements after Uber filed its Motion. These Plaintiffs have not offered any excuse for their late submissions, nor any apology for the failure to comply with this Court's order, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber withdraws its motion as to these Plaintiffs, although it reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions. Uber further reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiffs or counsel for continued disregard of this Court's orders.

Additionally, on April 22, 2026, this Court dismissed without prejudice the case of Plaintiff Jane Doe LS 658 for failure to comply with PTO 10. ECF 5958. Since that Plaintiff's case has been dismissed without prejudice on other grounds, the instant motion to dismiss no longer requires judicial disposition, and Uber withdraws its Motion as to this Plaintiff. Uber reserves its rights, however, and does not waive any potential future reinstatement of this motion as to that Plaintiff.

**C. Plaintiff Jane Doe LS 681's separate failure to comply with their obligation to produce a Plaintiff Fact sheet supports, rather than undermines, the propriety of dismissal.**

Levin Simes notes in its opposition that Plaintiff Jane Doe LS 681 is subject to another motion to dismiss (for failure to produce a PFS) and claims that it therefore should not be subject to the instant motion. ECF 6068 at 1. Levin Simes cites no authority in support of its argument that already being subject to a previously filed motion to dismiss for a separate failure to comply with this Court's orders somehow creates a shield for Plaintiff Jane Doe LS 681 to escape inclusion in the instant motion for failure to comply with Court orders. Quite to the contrary, in evaluating the second *Malone* factor— the court's need to manage its docket—the Ninth Circuit has held that routine noncompliance with the Court's orders (such as that evidenced by the prior motion to dismiss for failure to comply) counsels

3

in favor of dismissal, not against. *Pagtalunan* 629 F.3d at 642 (citing *Ferdik,* 963 F.2d at 1261). Other courts have similarly found routine noncompliance as a factor supporting dismissal. *See McCloskey v. Humboldt Cnty. Sheriff's Dept.*, No. 23-cv-1699, 2024 WL 3906730, at *2 (N.D. Cal. Aug. 21, 2024; *Smith v. Flores*, No. 23-cv-132, 2024 WL 3446327, at *1 (N.D. Cal. Jul. 16, 2024); *Tyson v. ACRT Servs. Incorporated*, No. 23-cv-1889, 2024 WL 3416258, at *1 (N.D. Cal. Jul. 15, 2024). Plaintiff Jane Doe LS 681 cannot use her noncompliance with PFS obligations as a shield to any consequences for their concurrent failure to comply with PTO 31.

### D. Neither Plaintiff Jane Doe LS 681's vague assertions of personal challenges nor counsel's claims of diligence in attempting to contact them excuse their noncompliance.

Levin Simes also argues that Plaintiff Jane Doe LS 681's noncompliance should be excused because counsel has diligently tried to contact her and because there are "many reasons why" she may be unavailable, such as that she is a "young wom[a]n who [is] mobile." ECF 6068 at 1. Of course, if Plaintiff had legitimate reasons that she was unable to timely comply with PTO 31, the appropriate procedure would have been to request an extension of the deadline under Local Rule 6-1(b), not to ignore the deadline entirely. Extensions are discretionary and must be based on a showing of specific facts demonstrating good cause. *See Emery v. Oregon Dep't of Corr.*, No. 24-6602, 2025 WL 2977821, at *1 (9th Cir. 2025). Plaintiff's response does not set forth specific facts explaining her noncompliance, but merely avers generally about challenges Plaintiffs may face. ECF 6068 at 1. Of course, it is not surprising that Levin Simes lacks specific information about the reasons Plaintiff Jane Doe LS 681 has not complied with PTO 31, as the firm concedes it has not been able to reach its client. *Id*. Regardless, when Levin Simes suggests that Plaintiff Jane Doe LS 681 has good reasons for her noncompliance, that is really just sheer speculation—tellingly, Levin Simes does not claim to have asked Plaintiff her actual reasons for disobeying this Court's order.

Moreover, Plaintiffs cite no legal authority in support of arguments that Plaintiff's difficult circumstances or counsel's diligence can excuse compliance, ECF 6068, and in fact the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re PPA*, 460 F.3d at 1233 & 1242.

4

DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

After all, Plaintiff's court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiff Jane Doe LS 681 has agreed to take on the burdens of compliance with court orders, which are by their nature sometimes personally challenging," but regardless, "compliance is not optional." *Capolupo v. Ellis*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

<b><u>CONCLUSION</u></b>

Plaintiffs' continued failure to comply with court orders and rules persists beyond reasonable delay and veers into intentional avoidance of Court-mandated deadlines in pursuit of allegations that seemingly have no Plaintiff attached to them. The sole opposition does nothing to change the basic facts here: despite over a month in which to do so, Plaintiffs have still not complied with PTO 31. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these eight Plaintiffs' claims without prejudice.

Dated: May 8, 2026                          SHOOK, HARDY & BACON L.L.P.


By:*/s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

## PROOF OF SERVICE

I hereby certify that on May 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Michael B. Shortnancy*
Michael B. Shortnancy