John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB |
| | MDL No. 3084 |
| | Honorable Charles R. Breyer |
| | **WHB 1843's MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10** |
| This Document Relates to: | |
| *WHB 1843 v. Uber Technologies, Inc., et al., No. 3:24-cv-05693-CRB* | Date: June 12, 2026 Time: 10:00 am Courtroom: 6 – 17th Floor |

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                    -1-

## INTRODUCTION

Plaintiff WHB 1843 served her Third Amended Plaintiff Fact Sheet with Additional Information Page on Defendants on June 30, 2025. She uploaded her verification to that Third Amended PFS on November 4, 2025 after receiving Defendants' Deficiency Notice on September 18, 2025. Defendants now move to dismiss Plaintiff's case because she answered a PFS question on a separate page rather than in the space provided for the answer to a totally different PFS question.

## BACKGROUND

On October 31, 2024, Plaintiff uploaded her original PFS to MDL Centrality. *See* Ex. 1 to the Declaration of Walter Cubberly. Defendants served her with a Deficiency Letter on November 12, 2024. Ex. 2 to the Declaration of Walter Cubberly. Plaintiff uploaded her First Amended PFS on December 18, 2024. *See* Ex. 1 to the Declaration of Walter Cubberly. On January 21, 2025, Plaintiff uploaded her Second Amended PFS, together with Verification. See Ex. 1 to the Declaration of Walter Cubberly.

In May of 2025, Defendants served another Deficiency Notice on Plaintiff, this time notifying her that among other "deficiencies," she had failed to produce communications with the Uber driver who assaulted her in response to question III.15.a. Ex. 3 to the Declaration of Walter Cubberly. Question 15 asks, "Did you communicate with the driver in a written form outside of the Uber App, including text messages, social media messages or email?" Plaintiff had checked "yes" to this question in her original PFS. Ex. 1 to the Declaration of Walter Cubberly.

Question 15.a. instructs, "If you answered yes to this question, please provide all of these communications to your lawyer for production." There is no space under 15.a for an answer since it is not a question:

15.    Did You communicate with the Driver in a written form outside of the Uber App, including text messages, social media messages or email?

☒ Yes

☐ No

☐ Do Not Know/Do Not Recall

    a. **If you answered *yes* to this question, please provide all of these communications to your lawyer for production.**

16.    If You know or recall, state the time and location (including, city, state, zip, and nearest street address or, if unknown, the closest intersection) of the Incident:

In response to Uber's second deficiency notice, Plaintiff uploaded her Third Amended PFS, together with Additional Information Page, on June 30, 2025. *See* Ex. 1 to the Declaration of Walter Cubberly. Because there is no space to provide an answer to question 15.a, Plaintiff followed the General Instructions on page 1 -2 of the PFS form and used (and submitted) an additional sheet of paper to provide complete and accurate information. ("Additional Space for Completeness: In filling out any section or sub-section of this form, additional sheets of paper should be used and submitted as necessary to provide complete and accurate information.")

The information Plaintiff needed to submit in response to Questions 15 and 15.a in particular was that she was no longer in possession of the text messages that the Uber driver sent her. As a result, she had no communications to produce. Plaintiff uploaded an Additional Information Page on June 30, 2025 that responded directly to Uber's May 2025 deficiency:

**ADDITIONAL INFORMATION**

**15. Did You communicate with the Driver in a written form outside of the Uber App, including text messages, social media messages or email?**
**a. If you answered *yes* to this question, please provide all of these communications to your lawyer for production.**

I am no longer in possession of the text messages the Uber driver sent me.

Plaintiff verified her Third Amended PFS, including the Additional Information Page that accompanied it, on November 4, 2025. *See* Ex. 1 to the Declaration of Walter Cubberly.

On February 24, 2026, Defendants notified Plaintiff's counsel that Plaintiff's PFS was "materially deficient" because she had "failed to serve productions responsive to PFS Question 15.a." Ex. 4 to the Declaration of Walter Cubberly. Plaintiff's counsel pointed out to Defendants' counsel that Plaintiff had uploaded an Additional Information Sheet in which she notes that she is no longer in possession of the text messages with the driver. *Id*. Defendants' response is that the PFS is materially deficient because if a plaintiff no longer has the production, she must put that answer in response to Question 20 in the PFS. *Id*.

**ARGUMENT**

Amended PTO 10 permits Defendants to move the Court for an Order dismissing a Complaint if a Plaintiff fails to submit a PFS that substantially complies with the Order within 30 days of service of a Norice of Overdue Discovery and contains any deficiencies are "material." Amended PTO 10 specifies that a material deficiency must be something more than merely missing a maiden name for example. [Doc. 4287 at 8.]

The "deficiency" Defendants move on in this case is not material. Here, Defendants would have this Court dismiss Plaintiff's case because she followed the General Instructions of the PFS form and added an additional sheet of paper in providing her complete and accurate response to Question 15. Nowhere in the general PFS instructions, in Question 15 or 15.a, or in the PFS at all, is the Plaintiff instructed to provide her answer or information in response to Question 15.a. in Question 20. Nowhere in the PFS is the Plaintiff instructed that the failure to answer Question 15.a in Question 20 will result in a material deficiency under PTO 10. This is simply Defendants' preference, and while it may be convenient for Defendants' review, it does not amount to a *material* deficiency under Amended PTO 10 if a Plaintiff has followed the General Instructions provided on the form Defendants themselves agreed to.

Defendants' argument that the Additional Information Page that Plaintiff uploaded on June 30, 2025 also fails. Ex. 4 to the Declaration of Walter Cubberly. Plaintiff uploaded the Additional Information Page as part of her Third Amended PFS. When she verified the truth and veracity of her Third Amended PFS on November 4, 2025, she verified the entire PFS, Additional Information Page included.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                    -4-

**CONCLUSION**

Defendants' Motion should be denied. Since Defendants began serving Deficiency Letters, WHB has diligently and in good faith worked with Defendants to resolve these issues without the Court's involvement. This case should have been no different. Plaintiff followed the general instructions set forth in the PFS when she uploaded her Third Amended PFS and Additional Information Sheet. Plaintiff's case should not be dismissed because she provided complete and accurate information on a sheet of paper as instructed rather than in answer to a totally different PFS question.

Plaintiff respectfully asks that the Court deny Defendants' Motion.

Dated: May 11, 2026

/s/ *Walt Cubberly*
John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*