Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE** |
| This Document Relates to: | |
| *See Exhibit to Motion* | |
| | Date:       July 10, 2026 |
| | Time:       10:00 a.m. |
| | Courtroom:  6 – 17th Floor |

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

**NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order dismissing with prejudice the claims of the Plaintiffs listed in Exhibit A to the Declaration of Christopher V. Cotton and subject to this Court's November 19, 2025 and March 9, 2026 show-cause orders (ECF 4440; ECF 5454) for failing to comply with those orders to show cause why their claims should not be dismissed; and to convert order of dismissal without prejudice for the Plaintiffs listed in Exhibit B to order of dismissal with prejudice.

This Motion is made pursuant to this Court's November 19, 2025 and March 9, 2026, orders to show cause (ECF 4440; ECF 5454), Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Christopher V. Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: May 13, 2026

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

**STATEMENT OF RELIEF SOUGHT**

Pursuant to this Court's November 19, 2025 and March 9, 2026, orders to show cause (ECF 4440; ECF 5454) ("Third" and "Fourth Show Cause Order", respectively), Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure, Uber seeks an order dismissing with prejudice the claims of the 6 Plaintiffs listed in Exhibit A to the Declaration of Christopher Cotton and converting orders of dismissal without prejudice for the 3 Plaintiffs listed in Exhibit B to orders of dismissal with prejudice.

**BACKGROUND**

On November 19, 2025 and March 9, 2026, the Court found that 13 Plaintiffs "have submitted non-bona fide receipts[,]" and ordered these Plaintiffs to "SHOW CAUSE why their claims should not be dismissed with prejudice." ECF 4440; ECF 5454. Every one of these Plaintiffs failed to substantively respond to the Court's orders.

This Court has already addressed this very issue and resolved it by dismissing other noncompliant Plaintiffs with prejudice. In November 2025, Uber moved for 27 Plaintiffs to be dismissed with prejudice for failing to comply with the Court's September 9 and September 25, 2025 show cause orders. *See* ECF 4456; ECF 3876; ECF 3972. The Court granted that motion and dismissed all 27 Plaintiffs with prejudice on February 10, 2026. ECF 5216.

Exhibit A to the accompanying declaration of Christopher V. Cotton identifies six Plaintiffs subject to the Third and Fourth Show Cause Orders who (1) failed to adequately respond, and (2) have not already been dismissed with prejudice. *See* Declaration of Christopher V. Cotton ("Cotton Decl."), dated May 12, 2026, Exhibit A. Exhibit B to the Cotton Decl. identifies three Plaintiffs subject to the Third and Fourth Show Cause Orders who (1) failed to adequately respond, and (2) are currently dismissed without prejudice. Cotton Decl., Exhibit B. All Plaintiffs identified in Exhibits A and B should be dismissed with prejudice. [1]

---

[1] Of the 13 cases subject to the Third and Fourth Show Cause Orders, four are already dismissed with prejudice and thus not included within the scope of this motion. *See* ECF 5287; ECF 5287-2 (dismissing 3:25-cv-07091, 3:25-cv-07668, 3:25-cv-07700, 3:25-cv-07097).

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

**ARGUMENT**

Nothing is more critical to the integrity of our judicial system than honesty. Unfortunately, Uber has discovered a disturbing pattern: certain Plaintiffs in this MDL proceeding have submitted fraudulent receipts to manufacture support for their lawsuits. Twice, on November 19, 2025 and March 9, 2026, this Court ordered plaintiffs to show cause why their claims should not be dismissed with prejudice. ECF 4440 (requiring Plaintiffs to "SHOW CAUSE why their claims should not be dismissed with prejudice"); ECF 5454 (same). None of these Plaintiffs attempted to explain or justify their fraud. Not one offered any substantive response whatsoever. Their silence speaks volumes.

This is certainly not the first time the Court has confronted the problem of Plaintiffs submitting fraudulent receipts, receiving a show case order, and then ignoring it entirely. The Court has consistently dismissed all such Plaintiffs with prejudice. *See* ECF 5216 (dismissing with prejudice 27 plaintiffs who provided fraudulent receipts). There is no reason to deviate from that well-established and well-reasoned course. If anything, the Court's resolve should strengthen as the scope of fraud becomes clearer. These 9 *additional* Plaintiffs who have failed to respond to the Court's show-cause Orders with prejudice must be dismissed with prejudice as well. *See* ECF 5216 (dismissing Plaintiffs who submitted fraudulent receipts with prejudice for failing to comply with prior show cause orders).

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a case with prejudice for failure to comply with a court order. Rule 37(b)(2) likewise provides a court with the authority to dismiss an action with prejudice for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal of Plaintiffs' claims is justified here.

This Court previously ordered the 9 Plaintiffs listed in Exs. A and B to the Declaration of Christopher V. Cotton to show cause why their cases should not be dismissed with prejudice. ECF 4440; ECF 5454. The deadlines for their response were December 5, 2025 (Third Show Cause Order) and March 30, 2026 (Fourth Show Cause Order). *Id*. None of these Plaintiffs substantively responded by

4

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

their respective deadlines *or* any time thereafter. Cotton Decl. ¶ 3 & Exs. A and B. Under the circumstances, dismissal with prejudice is the only appropriate remedy. ECF 4440; ECF 5454; *see, e.g.*, *Amina v. WMC Mortg. Corp.,* 554 Fed. App'x 555, 555–556 (9th Cir. 2014) (affirming dismissal with prejudice under Rule 41 where Plaintiff failed to respond to order to show cause).

Indeed, the only responses received by these Plaintiffs lack any substance regarding the factual and legal basis for the submission of their non-bona fide receipts:

- In response to the Court's November 19, 2025, show cause order (ECF 4440), Peiffer Wolf submitted a response for Plaintiff A.G. representing that A.G. has been "uncooperative with Counsel and unresponsive" (ECF 4485) and later indicated they do not oppose dismissal (ECF 4567).

- In response to the Court's March 9, 2026, show cause order (ECF 5454), Reich & Binstock submitted a response identifying their "[f]ormer" Plaintiff C.C. and containing no factual or legal basis for the submission of Plaintiff C.C.'s non-bona fide receipt. *See* ECF 5678.

- In response to the Court's March 9, 2026, show cause order (ECF 5454), Wagstaff Law Firm submitted a response for Plaintiffs M.J. and G.M—already dismissed without prejudice—that provides no responsive information to the Court's order, only that "[t]he circumstances surrounding the receipt's creation remain under active investigation by undersigned counsel." *See* ECF 5689 at 4.

Cotton Decl. ¶ 3.

Courts routinely find that a response to a show-cause order is "fundamentally inadequate" where it "contains no explanation as to *why*" the challenged conduct occurred, "fails to acknowledge that [an] error was unacceptable or apologize, and does not reflect any commitment to do better in the future." *Soto v. United Airlines Inc.,* No. 24-cv-03045, 2024 WL 3996068, at *1 n.1 (N.D. Cal. Aug. 28, 2024); *see also United States v. Hayes,* 763 F. Supp. 3d 1054, 1066 (E.D. Cal. 2025) (response to order to show cause "inadequate and not credible" where it failed to explain how challenged conduct Cal. May 30,

5

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

2023) (response to order to show cause "inadequate and insufficient" where it failed to "explain why these failures occurred"). Here, Plaintiffs did not even clear that bar. It bears noting that Plaintiffs' counsel similarly failed to act on these fraudulent receipts when Uber noticed them about the fraud, opting to simply wait for this Court to rid them of their problematic claims in this MDL with virtually no consequences. This pattern continues to take a toll on both Uber and this Court.

Given Plaintiffs' utter failure to justify, explain, or indeed even acknowledge their fraud, the Court should dismiss these Plaintiffs with prejudice pursuant to its power to manage its dockets "without being subject to endless non-compliance with case management orders," which is amplified in the MDL context. *See In re Phenylproanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *see also Hedges v. United States*, 2024 WL 5666537, at *4 (N.D. Cal. Mar. 26, 2024). As the Ninth Circuit has recognized, "an MDL court's decision to invoke dismissal as a sanction for failure to comply with its orders, the court's discretion is necessarily informed, and broadened, by the number of actions, their complexity, and its charge in the multidistrict context to promote the just and efficient conduct of actions that are coordinated or consolidated for pretrial purposes." *In re PPA*, 460 F.3d at 1252; *see also see, Amina*, 554 Fed. App'x at 555–556 (affirming dismissal with prejudice under Rule 41 where Plaintiff failed to respond to order to show cause). Allowing this type of fraud and blatant noncompliance would undermine both the integrity of this litigation and the Court's authority to manage this complex MDL.

## CONCLUSION

This Court ordered 13 Plaintiffs who submitted fraudulent receipts in this litigation to show cause why their cases should not be dismissed with prejudice. ECF 4440; ECF 5454. Those Plaintiffs and their counsel failed to substantively respond. The Court has already dismissed 27 similarly situated Plaintiffs with prejudice for identical conduct. The same result is warranted here. To the extent they have not already been dismissed, these cases should now be dismissed with prejudice.

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

Dated: May 13, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

7

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

**<u>PROOF OF SERVICE</u>**

I hereby certify that on May 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By:   */s/ Laura Vartain Horn*
Laura Vartain Horn

8

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB