Sommer Luther (*pro hac vice*)
sluther@wagstafflawfirm.com
Wagstaff Law Firm
940 Lincoln St.
Denver, CO 80203
Telephone: 303-376-6360
Facsimile: 888-875-2889

*Attorney for Plaintiff B.L.*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*B.L. v. Uber Technologies, Inc. et al.*, No. 24-cv-7940 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**PLAINTIFF'S EMERGENCY ADMINISTRATIVE MOTION TO SEAL ECF NO. 6194, AND ORDER UBER TO MAKE ALL EFFORTS TO DESTROY RETAINED COPIES**<br><br>Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

Late last night,[1] Defendants ("Uber") filed papers related to a purported reply in support of their sanctions motion. ECF No. 6194. In that reply, they raised significant amounts of new materials that were not part of their original motion, ECF No. 5964.[2] Defendants' papers, filed on the public docket, expose (i.e., do not redact) Plaintiff's full name and the full name of third parties while discussing intimate details of Plaintiff's sexual history and disclosing contact information for those persons. Uber might oppose this

---

[1] ECF indicates the filing was made at 11:15pm PT.

[2] *See Citizens for Free Speech, LLC v. Cnty. of Alameda*, 62 F. Supp. 3d 1129, 1132 n.1 (N.D. Cal. 2014) (Breyer, J.) ("The Court does not consider arguments raised for the first time in a reply brief.").

motion. *See infra* (conferral certification).

These papers are highly confidential, and Uber's post of them to the public docket plainly and directly violates the Protective Order in this action, ECF No. 176, and Judge Breyer's order allowing Plaintiffs to proceed anonymously, ECF No. 174. The Protective Order designates as "confidential" any "personal information about any Party to this lawsuit" including B.L., and any "personal information and any identifying information of any Non-Party." ECF No. 176 at 2. Further, the Protective Order contemplates that parties may "assert[] in good faith that certain Protected Materials require additional protection, such as protection of one Party's sensitive personal information from being disclosed . . . ." *Id.* at 6.

Documents filed at ECF No. 6149, including the Declaration of Ms. Benfield, one of Uber's attorneys, which was filed by Ms. Vartain, another of Uber's attorneys, on the public docket contain:

- B.L.'s real name at multiple points. *See, e.g.*, ECF No. 6194-2 at 8, 9, 10.
- The full name of non-parties at multiple points. *Id.*
- Highly sensitive information about B.L. and non-parties and their sexual histories at multiple points. *Id.*
- Contact information related to B.L. and non-parties. *Id.*

Plaintiff has not yet had time to review all of the voluminous submissions with the reply brief, thus Plaintiff must ask that the Court ***seal ALL of Uber's filings in ECF No. 6194***.[3] Such an order will have the benefit of ensuring these records remain confidential until an appropriate motion is made and deterring use by those who may have already downloaded them.

But merely sealing ECF No. 6194 is not enough. Many attorneys in this MDL use docket monitoring systems like PacerPro. Screenshots of several of Uber's lawyers' ECF entries show that filings are automatically retrieved and stored by a service.

Laura Marquez-Garrett     laura@socialmediavictims.org

Laura Elizabeth Vartain Horn     laura.vartain@kirkland.com, alice.pai@kirkland.com, GAndler@jamsadr.com, janet.glick@kirkland.com, laura-vartain-1256@ecf.pacerpro.com, nicole.bigley@kirkland.com

Laura Kathleen Whitmore     lwhitmore@shb.com

---

[3] It appears the Clerk may have locked some or all of ECF No. 6194 already. However, to protect Plaintiff and the others mentioned in the documents, a Court order should enter to prevent future unsealing of these materials without appropriate motions practice.

Michael Brian Shortnacy    mshortnacy@shb.com, dhillburn@shb.com, michael-shortnacy-2694@ecf.pacerpro.com

Michael Lee Nimmo    mnimmo@wagstafflawfirm.com

Jessica Davidson    jessica.davidson@kirkland.com, brian.baggetta@kirkland.com, jessica-davidson-1690@ecf.pacerpro.com

Jessica Meng Liu    jessica.liu@zimmreed.com

Merely sealing ECF No. 6194 will not cause those services—including PacerPro, Docketbird, and Courtdrive—to delete the under-seal materials, thus making them easily accessible to all of their users. Members of the media are also believed to use docket monitoring services and so will also have continued access to these highly confidential materials even if the Court orders them sealed. That is not tenable. Indeed, part of what Uber disclosed was the *contact information* of Plaintiff and non-parties. There is now nothing stopping them from being contacted by the media (and, perhaps, chilled from participating in this action). Thus, the Court should *order Uber to take all necessary action to remove/delete these materials from docket monitoring services* and file a declaration that this has been achieved within 48 hours.

Given the emergent nature of this issue, Plaintiff respectfully requests that the Court issue an order on this administrative motion forthwith. *See generally* Civ. L. R. 7-11(c) (preserving the Court's discretion to rule on administrative motions on a timeline set by the Court).[4]

Dated:  May 14, 2026                                  Respectfully submitted,


                                                     /s/ *Sommer D. Luther*
                                                     Sommer D. Luther
                                                     Attorney for Plaintiff B.L.

---

[4] Plaintiff intends to confer further with Uber on this issue. It may be that further Court involvement is called for.

## Conferral Certification

I, Sommer Luther, hereby declare that emails pertaining to the locking of the docket entry have been exchanged with Uber's counsel. A brief telephone conferral with Ms. Vartain and Mr. Michael Vives took place at approximately 11:30am MT on May 14, 2026. An earlier, pared down draft of this motion was exchanged with Ms. Vartain and Mr. Vives, who were told that Plaintiff needed a decision on whether Uber opposed by 12:30pm MT on May 14, 2026. At 12:30 pm MT, Uber's counsel informed me by email that Uber's view was that Plaintiff's motion is moot because, as Uber's counsel represented:

> at approximately 9am PT this morning (10 minutes after you first notified us that there was confidential material that was left unredacted) we began contacting third-party vendors to request removal of the document from their respective platforms. Because several vendors do not provide designated legal or takedown contacts, the initial outreach process necessarily began through general support channels and phone calls, which has been time-intensive.
>
> The following vendors have been contacted to date:
> Bloomberg
> CourtAlert
> CourtHouse News
> CourtLink/Lexis
> DocketAlerm
> DocketBird
> Docket Navigator
> FastCase
> Justia
> Law360
> LexMachina
> LexisNexis
> PacerMonitor
> Westlaw
> CourtDrive
> PacerPro
>
> We have received verbal confirmation and/or independently confirmed removal or restricted access or there was nothing to remove from many of the above and are continuing removal efforts from certain additional vendors.

However, counsel did not agree to Plaintiff's request to file a declaration that the above is true, that these steps were taken, or to provide Plaintiff with communications with those services (assuming the list is comprehensive). As of the time of this filing, as-filed version of ECF No. 6194 appear to be accessible on at least some of these platforms. And that says nothing of copies already downloaded.

Dated: May 14, 2026                                        /s/ *Sommer D. Luther*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  May 14, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**