Docusign Envelope ID: 19EB923B-AB36-484F-A5F0-78D966E51647

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DECLARATION OF TODD GADDIS** |
| This Document Relates to: | Judge: Hon. Charles R. Breyer |
| | Courtroom: 6 – 17th Floor |
| ALL MATTERS | |

DECLARATION OF TODD GADDIS

I, TODD GADDIS, having personal knowledge of the following, state:

1.      I am a Manager II, Data Science, at Uber Technologies, Inc. ("Uber"). I have been employed at Uber since September 2014, and I have held my current position since March 2021. I previously held the positions of Manager, Data Analytics; Data Analyst II; Claims Analyst; and Claims Advocate at Uber. Over the course of my employment with Uber, I have acquired personal knowledge of Uber's system and data sources.

2.      As part of my daily work, I am familiar with data about alleged incidents of sexual assault and misconduct that are reported to Uber, including from trips that occurred in 2023 and 2024. From this data, I am able to determine the date that the incidents were reported to Uber through any channel (including litigation), and the date that the underlying trips occurred.

3.      I have been asked to determine how much time passed between a ride where an incident of sexual assault or misconduct was alleged to have occurred, and when the alleged incident was reported to Uber.

4.      Using 2023 and 2024 U.S. Rides data incidents reported prior to May 1, 2026, the following tables reflect the percentage of alleged sexual assault and misconduct incidents that were reported to Uber within various time frames after the ride where the incident was alleged to have occurred:

| 2023 | Time Frame | % of Total SA/SM Incidents Reported |
|---|---|---|
| | 0-30 days | 96.45% |
| | 31-60 days | 97.40% |
| | 61-90 days | 97.76% |
| | 91-180 days | 98.30% |
| | 181-365 days | 98.63% |
| | 366-730 days | 99.42% |
| 2024 | Time frame | % of Total SA/SM Incidents Reported |
| | 0-30 days | 95.88% |
| | 31-60 days | 96.91% |
| | 61-90 days | 97.34% |

---

DECLARATION OF TODD GADDIS

| 91-180 days | 97.90% |
|---|---|
| 181-365 days | 98.51% |
| 366-730 days* | 99.75% |

\* For some trips occurring in 2024, there have been fewer than 730 days to report.

5. From this data, I conclude that more than 97% of alleged incidents of sexual assault and sexual misconduct are reported to Uber within 90 days of the ride.

6. Once Uber receives a report of an incident of sexual assault or misconduct within that timeframe, Uber will be able to identify and preserve the supply plan S-RAD score data associated with that trip.

7. Therefore, a 90-day preservation period would historically provide Uber with sufficient time to preserve the supply plan S-RAD score data for more than 97% of reported incidents of sexual assault or misconduct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: May 14, 2026

/s/ *Todd Gaddis*

Todd Gaddis

DECLARATION OF TODD GADDIS