Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION IN THE JOINT PTO 8 LETTER REGARDING SUPPLEMENTATION OF DISCOVERY**<br><br>**Judge: Hon. Lisa J. Cisneros**<br>Courtroom: Courtroom G – 15th Floor |

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER
TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION IN THE JOINT
PTO 8 LETTER REGARDING SUPPLEMENTATION OF
DISCOVERY                                            Case No. 3:23-md-03084-CRB

I, Jamie A. Brown, declare the following:

1.      I am over the age of 18 and am a resident of New York.

2.      I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants" or "Uber"). I am a member in good standing of the Bars of the State of Arizona and the District of Columbia. Prior to joining Shook, Hardy & Bacon LLP, I was a Vice President of Strategic Consulting Services at Lighthouse, which provides eDiscovery services to, *inter alia*, Uber. I previously set forth my qualifications in a declaration provided in support of Uber's ESI protocol on April 12, 2024, ECF 499-6, which are incorporated herein. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I submit this declaration in support of Defendants' position in the Parties' PTO 8 Letter Brief Regarding Reopening Custodial Discovery.

3.      In connection with this declaration, I spoke with members of the Lighthouse team that supports the Uber account, who have been directly involved in the relevant issues throughout this litigation.

4.      Custodial data through December 1, 2024, for the 55 custodians for both the JCCP and the MDL was collected, reviewed, and produced to Plaintiffs. These 55 document custodians included both current and former employees.

5.      Of those 55 document custodians, 28 were employed by Uber beyond December 1, 2024. These custodians used various data sources. The estimated time to collect this data differs for each source based on various factors, including data volume and export capabilities of the underlying system. Similarly, the estimated time to process the data will also vary by data source due to volume and Lighthouse's workflow for that data type; some data is easier and, therefore, faster for Lighthouse's systems to process while other data is more nuanced and requires more time. The time it takes to perform these tasks is largely driven by the machine as opposed to human hours. Machine time is limited by the nature of the task; adding additional computing resources to those currently improved will not materially improve machine time requirements and may introduce errors.

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION IN THE JOINT PTO 8 LETTER REGARDING SUPPLEMENTATION OF DISCOVERY                                      Case No. 3:23-md-03084-CRB

**Estimated Time**.

6.    Based on the work Uber has performed to date, I estimate that it would take approximately 5 weeks to **collect** the 13 months of custodial data Plaintiffs request (from December 1, 2024 through December 31, 2025) for 28 custodians.

7.    I then estimate it would take approximately 30-45 days to **process** the 13 months of custodial data Plaintiffs' request (from December 1, 2024 through December 31, 2025) for 28 custodians.

8.    For **review**, the timeframe is driven by the time it takes to retrain the technology assisted review (TAR) model, time to conduct the human review (for responsiveness and privilege), and machine time. The review estimates are based on data volumes and/or the document numbers, as opposed to the specific system, at least for this purpose.

9.    Based on the work Lighthouse has performed to date, they estimate that, for the 13 months of custodial data Plaintiffs request (from December 1, 2024 through December 31, 2025) for 28 custodians, there would be approximately 3.123 million unique documents after de-duplication (which equates to approximately 111,536 documents per custodian) that must be promoted to the TAR system, a step that also requires machine time. Then, using the search term hit estimate of 32% (*see* ECF 779 at 2), approximately 999,385 documents would be subject to the TAR process.

10.    Significantly, the privilege review for the post-December 1, 2024, data set is expected to take longer and cost more than previous data sets, because most of the privileged documents were generated during the pendency of the litigation. Contrary to Mr. Jaffe's opinion, this is not an issue of simply knowing the names of attorneys, *see* Jaffe Decl. at ¶ 18, rather the issue is that the volume and proportion of privileged documents is expected to be considerably higher.

11.    Assuming 12-17% of the TAR review population would be sent to the review team for human review (119,926–169,895 documents), upon information and belief, the time to complete the review process would be substantial, and would entail the following (which does not include TAR review time):

- 1L Review - 4,000-5,600 hours

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION IN THE JOINT PTO 8 LETTER REGARDING SUPPLEMENTATION OF DISCOVERY                    Case No. 3:23-md-03084-CRB

- 2L Review - 1,440-1,760 hours

- Privilege Redaction / Logging - 480-800 hours

- Privilege Redaction / Logging QC - 160-240 hours

In total, reviewing these documents would require approximately 6,080 to 8,400 human hours of review time.

**Estimated Cost.**

12. Lighthouse estimates that it would cost Uber approximately $605,232 to **process** Plaintiffs' proposed additional 13 months of data for 28 custodians, **promote** the data for review, and **host** it for just one year.

13. Lighthouse then estimates it would cost $579,643 for **TAR** review and validation. In his declaration, Mr. Jaffe disregards the fact that TAR requires significant retraining each time a new data set is added. This is especially true with refresh collections for a large number of custodians or timeframes that span several months or years. It is also true when dealing with low richness environments where the percentage of relevant documents within the data sets is small (like this matter has had) and when the new data may introduce a high volume of content that is not responsive. Without additional training, the TAR model will not account for new documents that might be responsive. In other words, training is needed each time new data sets are added to ensure the model can accurately assess the new content as responsive or non-responsive.

14. Assuming a standard $47/hour review cost for 1L review (4,000-5,600 hours); $75/hour for 2L review (1,440-1,760 hours), privilege redactions and logging (480-800 hours) and QC (160-240 hours); $125/hour for Review Management (304-420 hours); and $205/hour for eDiscovery Project Management costs (125-150 hours), the estimated cost to **review** Plaintiffs' proposed additional 13 months of data for 28 custodians would be:

- 1L Review - $188,000-$263,200

- 2L Review - $108,000-$132,000

- Privilege Redaction / Logging - $36,000-$60,000

- Privilege Redaction / Logging QC - $12,000-$18,000

- Review Management - $38,000-$52,500

- eDiscovery Project Management - $25,625-$30,750

**Total Estimated Human Review Costs** -  $407,625-$556,450

15.    In sum, the total estimated costs associated with Plaintiffs' proposed additional 13 months of data for 28 custodians, taking into account **processing**, **TAR** and **review** costs above, would be $1,592,500-$1,741,325.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2026, in New York, New York.


/s/ *Jamie A. Brown*
Jamie A. Brown

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER
TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S POSITION IN THE JOINT
PTO 8 LETTER REGARDING SUPPLEMENTATION OF
DISCOVERY                                                    Case No. 3:23-md-03084-CRB