Sommer D. Luther (PHV)
WAGSTAFF LAW FIRM
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*B.L. v. Uber Technologies, Inc., et al.*, No. 24-cv-7940 | **PLAINTIFF B.L.'S OBJECTION TO REPLY EVIDENCE RE: DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS (ECF NO. 6194)**<br><br>Hon. Charles R. Breyer<br><br>Hon. Lisa J. Cisneros |

Plaintiff respectfully objects to evidence submitted in Defendants' (collectively, "Uber's") reply in support of their motion for sanctions, ECF No. 6194 ("Reply Brief"),[1] pursuant to Civil Local Rule 7-3(d)(1):"If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed . . . an Objection to Reply Evidence. . . stating its objections to the new evidence, which may not include further argument on the motion." "Generally, '[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.'" *Dragu v. Motion Picture Indus. Health Plan for Active*

---

[1] The Court has sealed this docket entry following Uber's unauthorized disclosure of protected information. ECF Nos. 6200, 6207, 6214. Uber is to refile a properly redacted version by May 22, 2026. ECF No. 6207.

*Participants*, 144 F. Supp. 3d 1097, 1113 (N.D. Cal. 2015) (citation omitted); *see also Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). If, however, the Court is inclined to consider this evidence, Plaintiff respectfully requests leave to file a Sur-Reply providing a response to Uber's newly presented evidence and argument regarding its significance, if any. *See Oregon Nat. Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014) ("[T]he court may permit the [opposing] party to counter the new arguments or evidence." (citation omitted)).

| Defendants' New Evidence | Basis for Objection |
|---|---|
| 1. Declaration of Katie Benfield (ECF No. 6194-2) at ¶¶ 10–46, and exhibits C, D, E, H, and L thereto, presented in Reply Brief at 2:6-9; 11:11–13:23. | Plaintiff objects to these portions of the Benfield Declaration and accompanying exhibits on the grounds that they untimely introduce new evidence that was required to be submitted in Uber's motion papers but was omitted, including additional email exchanges and discovery responses.<br><br>Plaintiff further objects on the basis of relevance because this new evidence was due to be submitted with Uber's motion, not in reply. This new evidence is not properly before the Court.<br><br>Plaintiff further objects that the materials in paragraphs 34 and 35 of the Benfield declaration may be a draft rather than a sent email and objects to clarify the record. The parties continue to confer on this issue in connection with ongoing discovery efforts. |
| 2. Declaration of Michael Vives (ECF No. 6194-15) ¶¶ 2–23, presented in Reply Brief at 2:6-9; 11:11–13:23. | Plaintiff objects to these portions of the Vives Declaration on the grounds that it untimely introduces new evidence that was required to be submitted in Uber's motion papers but was omitted.<br><br>Plaintiff further objects on the basis of relevance because this new evidence was due to be submitted with Uber's motion, not in reply. This new evidence is not properly before the Court. |
| 3. Declaration of Laura Vartain (ECF No. 6194-1) ¶¶ 2–3 and exhibits 1 (ECF No. 6194-2) and 2 (ECF No. 6194-15) thereto, presented in Reply Brief at 2:6-9; 11:11–13:23. | Plaintiff objects to these portions of the Vartain Declaration and accompanying exhibits (namely the Benfield and Vives declarations) for the same reasons set out above.<br><br>Plaintiff further objects on the basis of relevance because this new evidence was due |

| Defendants' New Evidence | Basis for Objection |
|---|---|
| | to be submitted with Uber's motion, not in reply. This new evidence is not properly before the Court.<br><br>Plaintiff further objects that Ms. Vartain lacks the personal knowledge required to make a declaration in support of the materials contained in Exhibit 1 and Exhibit 2 and accompanying exhibits. *See* Civ. L.R. 7-5(b). |

Plaintiff respectfully requests that the Court sustain her objections and refuse to consider this new evidence. In the alternative, Plaintiff requests an opportunity to respond to this new evidence with a short Sur-Reply.

Dated: May 20, 2026

Respectfully submitted,

/s/ *Sommer D. Luther*
WAGSTAFF LAW FIRM
Sommer D. Luther (PHV)
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff B.L.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  May 20, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

PLAINTIFF'S OBJECTION TO EVIDENCE
MDL NO. 3084 CRB, CASE NO. 24-CV-7940