# EXHIBIT C

## Love, Cohl K.

| | |
|---|---|
| **From:** | Love, Cohl K. |
| **Sent:** | Saturday, April 18, 2026 8:41 AM |
| **To:** | Love, Cohl K. |
| **Subject:** | FW: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages |

**From:** Emma Guidry <eguidry@wagstafflawfirm.com>
**Sent:** Tuesday, February 24, 2026 10:20 PM
**To:** Benfield, Katie <katie.benfield@kirkland.com>; Lambert, Haydn C. <haydn.lambert@kirkland.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** Tara Doyle <Tdoyle@wagstafflawfirm.com>; UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>; Cox, Christopher <christopher.cox@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

> **This message is from an EXTERNAL SENDER**
> Be cautious, particularly with links and attachments.

Please see below from B.L. team:

Katie:

As discussed in Friday's meet and confer, here are our responses to the discovery claims. Please note that we are also producing updated communications where we believe we could remove redactions, an updated privilege log reflecting these updates, and discovery responses.

- **Identities and Depositions of New Treaters and Updated Discovery Responses**: As you are aware, Plaintiff has sought treatment from additional mental health treatment providers since the close of fact discovery. Plaintiff supplemented her discovery responses in October with some additional providers. However, based on our review of records, Defendants believe there are additional mental health care providers Plaintiff has failed to identify. By Tuesday, 2/24/2026, please provide verified discovery responses identifying all mental health treatment providers Plaintiff has sought or received treatment from. As we discussed, we plan to request their records and depose Plaintiff's new treaters. I am not clear on if you intend to oppose these depositions or what perimeters you are proposing and would appreciate if you could confirm by tomorrow.

Regarding new treaters and updated discovery responses. You are correct that in October of 2025, Plaintiff supplemented her discovery responses and identified new mental health treatment providers. As of today, we are not aware of any other mental health treatment providers that have not been identified. We intend to update our Discovery Responses with any additional providers today.

With respect to the request for depositions (including mental health providers and the three collateral witnesses interviewed by Dr. Mechanic) – I do not agree with the representations that have been made thus far as it relates to Plaintiff's disclosures and if need be, we can go through a detailed timeline of disclosures in this case. However, we are willing to meet and confer regarding the scheduling of these depositions only and would propose a time limitation for all of the depositions, as previously applied in this case. At this point, we would

propose an allocation of 5 hours for the completion all depositions requested (that is not a per deposition time limit)

- **Depositions of Additional Fact Witnesses and Updated Discovery Responses**: As we have discussed at multiple meet and confers and via email, we do not believe Plaintiff accurately or adequately identified a number of fact witnesses prior to the fact discovery cut-off. We only learned of this after the close of fact discovery when Dr. Mechanic disclosed that she had interviewed several of Plaintiff's friends and that their statements conflicted with what Plaintiff disclosed about their knowledge. We would like to depose the collateral source witnesses who have not yet been deposed and were not properly identified during the course of discovery ███████████████████████████ *See* also email from me on 10/6/2025, 10/16/2025, etc. for additional explanation. Please provide updated discovery responses by Tuesday, 2/24/2026, with correct information about the scope of these witnesses knowledge. As I understand it, you oppose our requests for these depositions, and we intend to seek the Court's intervention.

Please see my notes above regarding the depositions. Plaintiff will update her Discovery Responses with additional information related to these witnesses.

- **Redactions to Plaintiff Production Documents:** As discussed in our email exchanges on 10/16/2025, 10/30/2025, 11/17/2025, and 11/19/2025, etc.  and on several meet and confers, there are heavy redactions and/or omissions in Plaintiff's text, email, social media message, etc. productions. You previously submitted a "privilege log" asserting your objections to producing these documents in unredacted and/or complete form. We do not believe Plaintiff's objections are valid or that any of the materials are privileged, based on the authorities cited in Plaintiff's privilege log or based on our own research. We discussed this again on Friday. You indicated that you would review the productions and unredact some additional material. You confirmed that you would update Uber with any modifications and/or the basis for continued redactions no later than Tuesday, 2/24/2026.

Plaintiff is disclosing the following today:

- ████████████
  - o   These messages have been re-reviewed and there are no changes to the redactions to be made.
- ███████████
  - o   These messages have been re-reviewed and we believe that it's appropriate to unredact some messages. We are disclosing amended communications and the corresponding privilege log, today, February 24, 2026.
- ██████████
  - o   These messages have been re-reviewed and we believe that it's appropriate to unredact some messages. We are disclosing amended communications and the corresponding privilege log, today, February 24, 2026.
- ██████████
  - o   These messages have been re-reviewed and there are no changes to the redactions to be made.
- ███████████
  - o   These messages have been re-reviewed and we believe that it's appropriate to unredact some messages. We are disclosing amended communications and the corresponding privilege log, today, February 24, 2026.
- ███████████
  - o   These messages have been re-reviewed and there are no changes to the redactions to be made.
- ██████████

- o   These messages have been re-reviewed and there are no changes to the redactions to be made.
- ▮▮▮▮▮
  - o   These messages have been re-reviewed and we believe that it's appropriate to unredact some messages. We are disclosing amended communications and the corresponding privilege log, today, February 24, 2026.
- ▮▮▮▮▮▮▮
  - o   These messages have been re-reviewed and we believe that it's appropriate to unredact some messages. We are disclosing amended communications and the corresponding privilege log, today, February 24, 2026.
- ▮▮▮▮▮▮
  - o   These messages have been re-reviewed and we believe that it's appropriate to unredact some messages. We are disclosing amended communications and the corresponding privilege log, today, February 24, 2026.
- ▮▮▮▮▮▮▮
  - o   These messages have been re-reviewed and we believe that it's appropriate to unredact some messages. We are disclosing amended communications and the corresponding privilege log, today, February 24, 2026.
- ▮▮▮▮▮▮
  - o   These messages have been re-reviewed and we believe that it's appropriate to unredact some messages. We are disclosing amended communications and the corresponding privilege log, today, February 24, 2026.

- **Authorizations:** Thank you for sending the authorizations earlier today. We are covered on that front for now.

- **Ruth Awah Records:** Ms. Awah has notified Uber that it is her policy to only release records directly to patients. Per our medical records vendor, Plaintiff's records were mailed to her on or before 6/25/2025. My understanding based on prior meet and confers is that you are requesting these records. We have been requesting the records since August. Please supplement Plaintiff's production ASAP.

As we discussed during our meet and confer, we are working to obtain these records and will provide the same upon receipt.

- **Dr. Mechanic Deposition and Invoices:** We are in receipt of Dr. Mechanic's notes and assessment materials. As we shared on Friday's call, we note that Dr. Mechanic's notes include significant details not reflected in her report. Accordingly, Uber requests additional deposition time so that we may examine her about these late-disclosed materials. Further, we note that we have not received Dr. Mechanic's invoices as requested in her deposition notice, at the deposition, and in our 10/16/2025, 11/17/2025, and 11/19/2025 email messages, or our MTC. Please provide these materials as soon as possible.

This is being handled on a global basis and we are working on this and will produce the same upon receipt.

**Emma Guidry, ACP |** *Wagstaff Law Firm*
**Senior Paralegal**
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 961-5788 | eguidry@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Sent:** Monday, February 23, 2026 3:09 PM
**To:** Emma Guidry <eguidry@wagstafflawfirm.com>; Lambert, Haydn C. <haydn.lambert@kirkland.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** Tara Doyle <Tdoyle@wagstafflawfirm.com>; UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>; Cox, Christopher <christopher.cox@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

Sommer and Rachel,

Thanks for speaking with us Friday and for sending those authorizations and Plaintiff's ID. I'm writing to recap the rest of our meet and confer and the outstanding discovery issues we discussed:

- **Identities and Depositions of New Treaters and Updated Discovery Responses**: As you are aware, Plaintiff has sought treatment from additional mental health treatment providers since the close of fact discovery. Plaintiff supplemented her discovery responses in October with some additional providers. However, based on our review of records, Defendants believe there are additional mental health care providers Plaintiff has failed to identify. By Tuesday, 2/24/2026, please provide verified discovery responses identifying <u>all</u> mental health treatment providers Plaintiff has sought or received treatment from. As we discussed, we plan to request their records and depose Plaintiff's new treaters. I am not clear on if you intend to oppose these depositions or what perimeters you are proposing and would appreciate if you could confirm by tomorrow.

- **Depositions of Additional Fact Witnesses and Updated Discovery Responses**: As we have discussed at multiple meet and confers and via email, we do not believe Plaintiff accurately or adequately identified a number of fact witnesses prior to the fact discovery cut-off. We only learned of this after the close of fact discovery when Dr. Mechanic disclosed that she had interviewed several of Plaintiff's friends and that their statements conflicted with what Plaintiff disclosed about their knowledge. We would like to depose the collateral source witnesses who have not yet been deposed and were not properly identified during the course of discovery ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* also email from me on 10/6/2025, 10/16/2025, etc. for additional explanation. Please provide updated discovery responses by Tuesday, 2/24/2026, with correct information about the scope of these witnesses knowledge. As I understand it, you oppose our requests for these depositions, and we intend to seek the Court's intervention.

- **Redactions to Plaintiff Production Documents:** As discussed in our email exchanges on 10/16/2025, 10/30/2025, 11/17/2025, and 11/19/2025, etc.  and on several meet and confers, there are heavy redactions and/or omissions in Plaintiff's text, email, social media message, etc. productions. You previously submitted a "privilege log" asserting your objections to producing these documents in unredacted and/or complete form. We do not believe Plaintiff's objections are valid or that any of the materials are privileged, based on the authorities cited in Plaintiff's privilege log or based on our own research. We discussed this again on Friday. You indicated that you would review the productions and unredact some additional material. You confirmed that you would update Uber with any modifications and/or the basis for continued redactions no later than Tuesday, 2/24/2026.

4

- **Authorizations:** Thank you for sending the authorizations earlier today. We are covered on that front for now.

- **Ruth Awah Records:** Ms. Awah has notified Uber that it is her policy to only release records directly to patients. Per our medical records vendor, Plaintiff's records were mailed to her on or before 6/25/2025. My understanding based on prior meet and confers is that you are requesting these records. We have been requesting the records since August. Please supplement Plaintiff's production ASAP.

- **Dr. Mechanic Deposition and Invoices:** We are in receipt of Dr. Mechanic's notes and assessment materials. As we shared on Friday's call, we note that Dr. Mechanic's notes include significant details not reflected in her report. Accordingly, Uber requests additional deposition time so that we may examine her about these late-disclosed materials. Further, we note that we have not received Dr. Mechanic's invoices as requested in her deposition notice, at the deposition, and in our 10/16/2025, 11/17/2025, and 11/19/2025 email messages, or our MTC. Please provide these materials as soon as possible.

We would appreciate if you could confirm Plaintiff's positions and supplement with the outstanding materials by tomorrow, as we discussed.

Thank you,

Katie

**Katie Benfield**

**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

katie.benfield@kirkland.com

**From:** Emma Guidry <eguidry@wagstafflawfirm.com>
**Sent:** Monday, February 23, 2026 3:38 PM
**To:** Lambert, Haydn C. <haydn.lambert@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** Tara Doyle <Tdoyle@wagstafflawfirm.com>; UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

Thank you, attached are the signed authorizations and copy of her ID.

**Emma Guidry, ACP |** *Wagstaff Law Firm*
**Senior Paralegal**
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 961-5788 | eguidry@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained**

**in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

---

**From:** Lambert, Haydn C. <haydn.lambert@kirkland.com>
**Sent:** Monday, February 23, 2026 8:46 AM
**To:** Emma Guidry <eguidry@wagstafflawfirm.com>; Benfield, Katie <katie.benfield@kirkland.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** Tara Doyle <Tdoyle@wagstafflawfirm.com>; UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

Hi Emma,

I'm attaching the two authorization forms:
- Quest Diagnostics (proprietary authorization form)
- Ascensions Health (requires a wet signature)

We'll also need a copy of Plaintiff's photo ID as required by Texas Medicaid.

Thanks,
Haydn

**Haydn C. Lambert**

---

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 2767  **M** +1 773 720 9878
**F** +1 312 862 2200

---

haydn.lambert@kirkland.com

---

**From:** Emma Guidry <eguidry@wagstafflawfirm.com>
**Sent:** Monday, February 23, 2026 9:37 AM
**To:** Benfield, Katie <katie.benfield@kirkland.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** Tara Doyle <Tdoyle@wagstafflawfirm.com>; UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; Lambert, Haydn C. <haydn.lambert@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

Katie, would you please forward to me the authorization that you need B.L. to sign? I will try to get her signature on that today.
Thank you,

**Emma Guidry, ACP | *Wagstaff Law Firm***
**Senior Paralegal**
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 961-5788 | eguidry@wagstafflawfirm.com**

6

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Sent:** Thursday, February 19, 2026 9:22 AM
**To:** Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** Emma Guidry <eguidry@wagstafflawfirm.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>; UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; Lambert, Haydn C. <haydn.lambert@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

10:00 or 10:30 PT works for me. I can send an invite if one of those times work for you, Sommer.

**Katie Benfield**

**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

katie.benfield@kirkland.com

**From:** Rachel Abrams <rabrams@peifferwolf.com>
**Sent:** Thursday, February 19, 2026 11:20 AM
**To:** Luther Sommer <SLuther@wagstafflawfirm.com>
**Cc:** Benfield, Katie <katie.benfield@kirkland.com>; Emma Guidry <eguidry@wagstafflawfirm.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>; UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; Lambert, Haydn C. <haydn.lambert@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

I'm traveling today. Can we schedule a time tomorrow? I can be available from 10-12 PT.

**Rachel Abrams**
Partner



555 Montgomery Street, Suite 820
San Francisco, CA 94111
**Main:** 415-766-3544 I **Direct:** 415-426-5641

peifferwolf.com

This message is intended for the named recipient(s) only. It may contain information protected by the attorney-client and/or work product privilege. If you have received this email in error, please notify the sender immediately, do not

disclose this message to anyone, and delete the message and any attachments. Thank you very much. No attorney-client relationship is formed unless agreed to explicitly in writing.

On Feb 19, 2026, at 7:52 AM, Sommer Luther <SLuther@wagstafflawfirm.com> wrote:

Hi Katie

I am available anytime this afternoon after 1:30pm MST and most of tomorrow.

However, I expect that Rachel will be joining our call as well, so I will let her provide her availability.

Thank you,
Sommer

_____

**Sommer D. Luther, Esq. | *Wagstaff Law Firm***
**Attorney at Law**
***\*\*Licensed and Practicing in Colorado \*\****
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 208-9417 | sluther@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Date:** Thursday, February 19, 2026 at 7:54 AM
**To:** Sommer Luther <SLuther@wagstafflawfirm.com>, Emma Guidry <eguidry@wagstafflawfirm.com>, Rachel Abrams <rabrams@peifferwolf.com>, Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>, Bueno, Kim <kim.bueno@kirkland.com>, Uber PW Bellwether <uberbellwether@peifferwolf.com>, Trangle, Asher <asher.trangle@kirkland.com>, Lambert, Haydn C. <haydn.lambert@kirkland.com>, John, Brady <brady.john@kirkland.com>, Blake, Tara <tara.blake@kirkland.com>, Vartain, Laura <laura.vartain@kirkland.com>, Vives, Michael <michael.vives@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages
Hi Sommer,

Can you speak this afternoon or tomorrow? I am flexible.

Thanks,

Katie

**Katie Benfield**

**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

katie.benfield@kirkland.com

**From:** Sommer Luther <SLuther@wagstafflawfirm.com>
**Sent:** Friday, February 13, 2026 1:48 PM
**To:** Benfield, Katie <katie.benfield@kirkland.com>; Emma Guidry <eguidry@wagstafflawfirm.com>; Rachel Abrams <rabrams@peifferwolf.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>; Lambert, Haydn C. <haydn.lambert@kirkland.com>; John, Brady <brady.john@kirkland.com>; Blake, Tara <tara.blake@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

Katie,

I am available on Tuesday or Wednesday to discuss the below items.

I will also let Ms. Abrams advise as to her availability for the call as well.

Sommer

_____

**Sommer D. Luther, Esq. |** *Wagstaff Law Firm*
**Attorney at Law**
***Licensed and Practicing in Colorado ***
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 208-9417 |** **sluther@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Date:** Friday, February 13, 2026 at 11:29 AM
**To:** Sommer Luther <SLuther@wagstafflawfirm.com>, Emma Guidry <eguidry@wagstafflawfirm.com>, Rachel Abrams <rabrams@peifferwolf.com>, Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>, Bueno, Kim <kim.bueno@kirkland.com>, Uber PW Bellwether <uberbellwether@peifferwolf.com>, Trangle, Asher <asher.trangle@kirkland.com>, Lambert, Haydn C. <haydn.lambert@kirkland.com>, John, Brady <brady.john@kirkland.com>, Blake, Tara <tara.blake@kirkland.com>, Vartain, Laura <laura.vartain@kirkland.com>, Vives, Michael <michael.vives@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews & Redacted Messages

Good afternoon, Sommer and team,

I hope you are well. I am following on regarding a few outstanding discovery items in BL.

We have never received Dr. Mechanic's notes and testing documents, which Plaintiff was ordered to produce prior to the *Dean* trial. Can you please supplement by Wednesday, 2/18? I believe we still need these for the other cases Dr. Mechanic testified in besides Dean.

We have also never received the unredacted messages, updated discovery responses, and other materials we have asked in for on several occasions related to BL. We have reviewed the privilege log and case law you cited and do not believe these are valid objections and request you produce unredacted and complete texts, social media, emails, and other messages. We also need Plaintiff to identify all new treaters and produce records from her treatment.

There are also a few outstanding records collection issues we need Plaintiff to address. I have attached a proprietary authorization required by Quest Diagnostics. Ascension Seton Medical has advised they will not accept an electronic signature, so we need Plaintiff to sign with a wet signature. We need a copy of Plaintiff's photo identification for Medicaid. As I also previously mentioned, Ruth Awah will not release records to anyone besides the Plaintiff. She has advised us that Plaintiff's records were sent to Plaintiff several months ago, but we have never received. I understand based on our last meet and confer you were looking into this.

We also need to address the requests for treater depos and depositions of the collateral source witnesses, but will need Dr. Mechanic's and Plaintiff's complete treatment records first.

We are initiating the PTO-8 discovery letter process on these issues.

Can you please let us know your availability to meet and confer about the outstanding items by Wednesday? I am free Monday after 12:30 ET, Tuesday before 11 ET and between 11:30 and 1 ET, and Wednesday before 3 ET.

Thank you,

Katie

**Katie Benfield**

———————————————————

**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

———————————————————

katie.benfield@kirkland.com

**From:** Sommer Luther <SLuther@wagstafflawfirm.com>
**Sent:** Thursday, November 20, 2025 11:50 AM
**To:** Benfield, Katie <katie.benfield@kirkland.com>; Emma Guidry <eguidry@wagstafflawfirm.com>; Rachel Abrams <rabrams@peifferwolf.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Katie,

Thank you very much and my team and I are going through this now to help work with you on these issues.  I'll be in touch after we've reviewed everything.

10

Also, to follow up on our discussions regarding Uber's requests for additional lay witness depositions and treater provider depositions. I just wanted reiterate our prior discussions on this.

In terms of lay witnesses, as you know, Dr. Mechanic interviewed these witnesses as part of her work in this case. Uber is taking the deposition of Dr. Mechanic this coming Saturday (11/22) and following that deposition, I am happy to meet and confer with Uber regarding the request/need for the lay witness depositions.

In terms of the treating providers, as I previously mentioned I am not necessarily opposed to this request; however, I think the timing is important. B.L. continues to receive treatment in this case and at this point in time, without a set trial date or understanding of what the timeline will be in this case, it is premature to take these depositions at this time. As we receive more specific information regarding timeline, then I believe we can have a discussion about scheduling these depositions.

Please let me know if you have any questions or if you wish to confer further on any of these issues.

Sommer


_____

**Sommer D. Luther, Esq. |** *Wagstaff Law Firm*
**Attorney at Law**
***Licensed and Practicing in Colorado ****
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 208-9417 | sluther@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Date:** Wednesday, November 19, 2025 at 6:53 PM
**To:** Sommer Luther <SLuther@wagstafflawfirm.com>, Emma Guidry <eguidry@wagstafflawfirm.com>, Rachel Abrams <rabrams@peifferwolf.com>, Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>, Bueno, Kim <kim.bueno@kirkland.com>, Karizamimba, Johanne <johanne.karizamimba@kirkland.com>, Uber PW Bellwether <uberbellwether@peifferwolf.com>, Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews
Sommer,

Thank you for agreeing to send the unredacted ███████ messages and also for posting the privilege log.

Sure. I don't think any of the remaining issues flagged in my email on the thread below from October 28 have been cured:

    **Outstanding and Redacted Text Messages, Emails, and Instagram Messages Privilege Log**: We have not received Plaintiff's messages with ███████████

11

██████████████████████████ *See* Pl. 8th Sup. Resp. to Int. No. 2, at 9 ("texts and emails to be produced"); *See id.* at 24 (referencing texts with ████████ iscussing Facebook post the day after the incident); *see id.* (referencing multiple conversations with ████████ Pl. Second Sup. Disclosures, at 10.  Additionally, many of the texts and emails are heavily redacted and not covered by the existing privilege log. *See e.g.,* texts with ████████ Texts with ████████ 8/22/22 email with ████████ Some of the text threads also appear incomplete based on the total count. *See e.g.* ████████ hread, S.M.S. R.H. 00001 (indicating total message count was 1036—approximately 50 heavily redacted messages were produced). Based on Dr. Mechanic's report, it appears there are more recent messages with ██████████████████ ██████████████ that should be produced. Please supplement with the outstanding privilege log and complete messages.

There are a lot of different issues with the other messages that have been produced being over-redacted or incomplete. Additional examples are below:

1. BL- Instagram Messages MG -00001-3. The beginning of conversation has not been produced and there is no date visible. The end of the messages are completely redacted even though Plaintiff was discussing her ████ ████████

&lt;image001.png&gt;

...

&lt;image002.png&gt;

1. Conversation with ████████ that is about the sexual assault has been selectively and heavily redacted, mostly including Plaintiff's own replies, which are relevant and do not implicate any privacy concerns of third parties, which is the basis of Plaintiff's objections. *See* BL-Instagram Messages AM-00004

&lt;image003.png&gt;

1. *Id.* at 000006.

&lt;image004.png&gt;

1. *Id.* at 0007.
2. &lt;image005.png&gt;
3. *Id.* at 00008.

&lt;image006.png&gt;

Most of the conversation with ████████ is redacted. The conversation is clearly about the alleged assault and mostly contains Plaintiff's own messages, so the objections based on relevancy and third party privacy do not appear valid. Additionally, the message count indicates "162" total messages, but only 41 have been produced and only 9 messages have any visible text. Examples are below but this applies to the entire thread at BL-SMS-████ Redacted-00001-4.

&lt;image007.png&gt;

&lt;image008.png&gt;

12

**Much of the conversation with** ▇▇▇▇▇▇ **is redacted even though they were clearly discussing her lawsuit against Uber. SMS HG-00001-7. The objections are again based on relevancy, third party privacy concerns, and to redact identifying information of a third party. With the exception of maybe** ▇▇▇ **phone number, these objections appear invalid. The issues with the objections apply throughout the remaining messages highlighted below.**

**Plaintiff's conversation with** ▇▇▇▇ **about the Uber incident , her lawsuit, and what she would need to "prove" via her therapy records is heavily redacted and appears incomplete. BL-SMS-JH -00001-10.**

**Conversations with** ▇▇▇▇▇▇ **, Plaintiff's brother, 2 days after the incident in which they are clearly discussing the incident are heavily redacted and appear incomplete.** *Id.* **at SMS Lu.L—000006-21.**

**Messages with** ▇▇▇▇▇▇ **are heavily redacted and include conversation about the incident. BL-SMS-MB-00001-17.**

**Messages with** ▇▇▇▇ **following the incident are heavily redacted. SMS PA.L-00001-12.**

**As I flagged previously, the messages with** ▇▇▇▇▇▇ **are heavily redacted and appear incomplete and are clearly about the incident.**

**Conversation with** ▇▇▇▇▇▇ **in the days following the incident…**

These are meant to be examples and are not the only issues. Please produce unredacted and complete messages at your earliest convenience.

Thank you,

Katie

**Katie Benfield**
_____

13

**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

_____

katie.benfield@kirkland.com

\*Admitted in Georgia & Tennessee

Not admitted in Texas

**From:** Sommer Luther <SLuther@wagstafflawfirm.com>
**Sent:** Wednesday, November 19, 2025 6:38 PM
**To:** Benfield, Katie <katie.benfield@kirkland.com>; Emma Guidry <eguidry@wagstafflawfirm.com>; Rachel Abrams <rabrams@peifferwolf.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Hi Katie,

I am just following on this and the other issues that we have been discussing regarding B.L.'s case.

Here are my responses, in no particular order:

1. Text messages with ███████ – I have reviewed these, and I have unredacted some information.  My team will send those to you shortly and/or upload the updated documents to the shared folder.
2. Dr. Mechanic's notes – I do not have any notes from Dr. Mechanic.  I noted your comment about her deposition in the Dean case and I have I am working to follow up on this with Dr. Mechanic.  I will send along any information that I receive from Dr. Mechanic.
3. I do not have any invoices from Dr. Mechanic.  I expect she will address that at her deposition, as she did in the Dean case.  If I receive any information between now and her deposition, I will send that along.
4. If you have concerns about other redactions, please send me specific concerns. I will be happy to address each of them.

Thank you and please let me know if you have any other questions.

I am happy to continue to meet and confer and discuss any of these issues with you.

Sommer

_____

**Sommer D. Luther, Esq. |** *Wagstaff Law Firm*
**Attorney at Law**
***Licensed and Practicing in Colorado ***
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 208-9417 | sluther@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

14

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Date:** Wednesday, November 19, 2025 at 9:30 AM
**To:** Emma Guidry <eguidry@wagstafflawfirm.com>, Rachel Abrams <rabrams@peifferwolf.com>, Tara Doyle <Tdoyle@wagstafflawfirm.com>, Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>, Bueno, Kim <kim.bueno@kirkland.com>, Karizamimba, Johanne <johanne.karizamimba@kirkland.com>, Uber PW Bellwether <uberbellwether@peifferwolf.com>, Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Hi all,

Following up about Dr. Mechanic's invoices and notes, and Plaintiff's unredacted messages.

Can you please send at your earliest convenience and no later than COB today so that we have time to review and prepare for Dr. Mechanic's depositions this weekend?

Thank you,

Katie

**Katie Benfield**

————————————————————

**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701
**T** +1 512 355 4465  **M** +1 737 737 1176
**F** +1 512 678 9101

————————————————————

katie.benfield@kirkland.com

*Admitted in Georgia & Tennessee

Not admitted in Texas

**From:** Benfield, Katie
**Sent:** Monday, November 17, 2025 10:22 AM
**To:** 'Emma Guidry' <eguidry@wagstafflawfirm.com>; 'Rachel Abrams' <rabrams@peifferwolf.com>; 'Tara Doyle' <Tdoyle@wagstafflawfirm.com>; Sommer Luther <SLuther@wagstafflawfirm.com>
**Cc:** UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Hi all,

I hope you had nice weekends. I saw the note in the draft JSR submission that we had not raised the issue with the redactions previously. The redactions issue was raised in my recap email on October 28 and discussed on our meet and confer. I have highlighted this portion of my email below.

I see that you posted some of the outstanding materials we raised in the email below on Box. However, the new materials are also heavily redacted and/or incomplete. I have attached one example of this. These are texts between

15

Plaintiff and ▮▮▮▮▮ Nearly the entire conversation is redacted, and the messages appear incomplete based on what Dr. Mechanic has stated in her report about the scope and timing of Mr. ▮▮▮▮ nvolvement with B.L. Please supplement with unredacted messages no later than Wednesday, 11/19.

Please also send us Dr. Mechanic's notes and invoices for B.L. no later than Wednesday. My understanding is that these remain outstanding for *Dean* as well. We would appreciate if you could send those at your earliest convenience.

We are available to confer at your convenience.

Thank you,

Katie

**Katie Benfield**

---

**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

---

katie.benfield@kirkland.com

*Admitted in Georgia & Tennessee

Not admitted in Texas

**From:** Emma Guidry <eguidry@wagstafflawfirm.com>
**Sent:** Monday, November 3, 2025 11:57 AM
**To:** Benfield, Katelyn Marshall <katie.benfield@kirkland.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; UberBW@wagstafflawfirm.com; Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Attached are the authorizations signed by B.L.
Thank you,

**Emma Guidry, ACP | *Wagstaff Law Firm***
**Senior Paralegal**
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 961-5788 | eguidry@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

---

**From:** Emma Guidry <eguidry@wagstafflawfirm.com>
**Sent:** Thursday, October 30, 2025 9:44 PM
**To:** Benfield, Katie <katie.benfield@kirkland.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; UberBW@wagstafflawfirm.com <UberBW@wagstafflawfirm.com>; Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>; Uber PW

Bellwether <<u>uberbellwether@peifferwolf.com</u>>
**Subject: Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews**

Katie:
Please see our responses below:



**Depositions of Collateral Source Interviewees**: We discussed our request to depose ███████████ ███████████████████████████████ As noted in my prior email, Plaintiff's sworn statements in her discovery responses conflict with what Dr. Mechanic claims these witnesses told her. Had Plaintiff timely disclosed the scope of these witnesses' knowledge, we would have deposed them and questioned Plaintiff about their knowledge at her deposition on June 12. However, Plaintiff did not disclose ███████████████████ until after her deposition and only disclosed that she had spoken with ████ a handful of times. Additionally, Plaintiff's 7th and 8th Supplemental Interrogatory Responses, served on July 16, 2025 and August 25, 2025, respectively, represent that she has not spoken to ██████████ since September 2022 or ██████████ since December 2022. Yet, Dr. Mechanic claims that she interviewed these witnesses on July 2, 2025 and that they had current and extensive knowledge of Plaintiff's alleged damages.  Thus, we seek to depose the 3 friends Dr. Mechanic claims to have interviewed.

Your position, as I understand it, is that we are not entitled to take these depositions because fact discovery is closed, you believe Plaintiff's disclosures were sufficient, and that we can ask Dr. Mechanic about what the witnesses told her instead of deposing them. We cannot agree to this. Plaintiff prevented Defendants from timely taking these depositions by making late and incomplete disclosures that are totally inconsistent with what Dr. Mechanic claims these witnesses told her weeks prior to Plaintiff serving her inaccurate discovery responses. We reiterate our request to depose these witnesses and plan to raise this with the Court, if necessary.

Plaintiffs oppose any additional depositions in this case. Fact discovery is closed in this case. Further, it is Plaintiff's position that any information sought by Uber related to these collateral witnesses can be obtained from Ms. Mechanic at the time of her deposition.



**Outstanding and Redacted Text Messages, Emails, and Instagram Messages Privilege Log**: We have not received Plaintiff's messages with ███████████████ ███████ See Pl. 8th Sup. Resp. to Int. No. 2, at 9 ("texts and emails to be produced"); See id. at 24 (referencing texts with ██████████ iscussing Facebook post the day after the incident); see id. (referencing multiple conversations with ██████████; Pl. Second Sup. Disclosures, at 10.  Additionally, many of the texts and emails are heavily redacted and not covered by the existing privilege log. See e.g., texts with ███████████ Texts with █████████ 8/22/22 email with ██████████ Some of the text threads also appear incomplete based on the total count. See e.g. ██████████ thread, S.M.S. R.H. 00001 (indicating total message count was 1036—approximately 50 heavily redacted messages were produced). Based on Dr. Mechanic's report, it appears there are more recent messages with ████████████████████████ that should be produced. Please supplement with the outstanding privilege log and complete messages.

The updated privilege log is attached.
SMS with ██████████ were previously produced on 6/27/25 and are being reproduced here: B.L. - SMS 08/12/22 - 000002 - 000003
SMS with ██████████ were previously produced on 6/24/25 and are being reproduced here: B.L. - SMS J.H. - 000001 - 000010
Messages with ████ were previously produced on 6/24/25 and are being reproduced here: B.L. - Instagram Messages ████ 000001 - 000002
SMS with ██████ attached: B.L. - SMS L.P. - 000001 - 000002_Redacted

We are in the process of obtaining the messages with ████████████████████ as well as the updated text messages with ███████████████████

**Dr. Mechanic Reliance Materials**: There are a couple things on Dr. Mechanic's reliance list we have not received. Please produce "Ally Medical, 8/15/25" and "███████ Notes, Bates 00001-0000023." *See* Mechanic Rep. on B.L., at 5.

Ally Medical: Please see attached: B.L. - Ally Medical Emergency Room - 000001 - 000014 ████████████ We believe that these bates numbers are a typo. The bates numbers she is referring to are Bates 000001 - 000002 (attached). We have reviewed the materials provided to Ms. Mechanic and we can confirm that the specific pages provided were Bates 000001 - 000002.

**New Treaters/Treater Depositions:** On our call, we discussed that Plaintiff started seeing a new treater or possibly treaters in August 2025. Please confirm the names of the new treaters. We discussed deposing these new treaters. You do not object to the depositions but would like for these to take place at a later date closer to trial. Please provide proposed dates and Plaintiff's records from these treaters at your earliest convenience.

Please refer to Plaintiff's Ninth Supplemental Responses to Interrogatories, Set One and Plaintiff's Ninth Supplemental Responses to Requests for Production, Set One (attached) for information pertaining to Plaintiff's new treaters.

**Dr. Syed Sajjad Zaidi, M.D. – Focus Psychiatry:** Plaintiff identified Dr. Zaidi as one of her treaters. Focus Psychiatry denies ever seeing Plaintiff. Please confirm Plaintiff never sought treatment at this provider.

Plaintiff confirms that she has not treated with this provider. She intended to at the outset of this case but never made an appointment.

**Authorizations:** Please have Plaintiff sign and return the attached authorizations.

Executed authorizations will be provided upon receipt.

**Updated Discovery Responses:** Please provide updated discovery responses with correct and current information regarding the scope of the collateral source interviewees knowledge and the identities of Plaintiff's treaters.

Please refer to Plaintiff's Ninth Supplemental Responses to Interrogatories, Set One and Plaintiff's Ninth Supplemental Responses to Requests for Production Set One and Seventh Supplemental Rule 26 Disclosures (attached).

**Emma Guidry, ACP |** *Wagstaff Law Firm*
**Senior Paralegal**
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 961-5788 |** **eguidry@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Sent:** Thursday, October 16, 2025 11:02 AM
**To:** Rachel Abrams <rabrams@peifferwolf.com>; Sommer Luther <SLuther@wagstafflawfirm.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Sommer and Rachel,

Thank you for speaking with me. As promised, I am sending a recap below.

**Depositions of Collateral Source Interviewees:** We discussed our request to depose ███████████████████████████████████ As noted in my prior email, Plaintiff's sworn statements in her discovery responses conflict with what Dr. Mechanic claims these witnesses told her. Had Plaintiff timely disclosed the scope of these witnesses' knowledge, we would have deposed them and questioned Plaintiff about their knowledge at her deposition on June 12. However, Plaintiff did not disclose ██████████ ███████ until after her deposition and only disclosed that she had spoken with ████ a handful of times. Additionally, Plaintiff's 7th and 8th Supplemental Interrogatory Responses, served on July 16, 2025 and August 25, 2025, respectively, represent that she has not spoken to ███████████ since September 2022 or ██████████ since December 2022. Yet, Dr. Mechanic claims that she interviewed these witnesses on July 2, 2025 and that they had current and extensive knowledge of Plaintiff's alleged damages. Thus, we seek to depose the 3 friends Dr. Mechanic claims to have interviewed.

Your position, as I understand it, is that we are not entitled to take these depositions because fact discovery is closed, you believe Plaintiff's disclosures were sufficient, and that we can ask Dr. Mechanic about what the witnesses told her instead of deposing them. We cannot agree to this. Plaintiff prevented Defendants from timely taking these depositions by making late and incomplete disclosures that are totally inconsistent with what Dr. Mechanic claims these witnesses told her weeks prior to Plaintiff serving her inaccurate discovery responses. We reiterate our request to depose these witnesses and plan to raise this with the Court, if necessary.

**Outstanding and Redacted Text Messages, Emails, and Instagram Messages Privilege Log:** We have not received Plaintiff's messages with ███████████████████████████████████████████ *See* Pl. 8th Sup. Resp. to Int. No. 2, at 9 ("texts and emails to be produced"); *See id.* at 24 (referencing texts with ███████████ iscussing Facebook post the day after the incident); *see id.* (referencing multiple conversations with ███████████; Pl. Second Sup. Disclosures, at 10. Additionally, many of the texts and emails are heavily redacted and not covered by the existing privilege log. *See e.g.,* texts with █████ ███████ Texts wit ███████████ 8/22/22 email with ███████████ Some of the text threads also appear incomplete based on the total count. *See e.g.* ███████████ thread, S.M.S. R.H. 00001 (indicating total message count was 1036—approximately 50 heavily redacted messages were produced). Based on Dr. Mechanic's report, it appears there are more recent messages with ███████████████████████ ████████ that should be produced. Please supplement with the outstanding privilege log and complete messages.

**Dr. Mechanic Reliance Materials:** There are a couple things on Dr. Mechanic's reliance list we have not received. Please produce "Ally Medical, 8/15/25" and "███████████ Notes, Bates 00001-0000023." *See* Mechanic Rep. on B.L., at 5.

**New Treaters/Treater Depositions:** On our call, we discussed that Plaintiff started seeing a new treater or possibly treaters in August 2025. Please confirm the names of the new treaters. We discussed deposing these new treaters. You do not object to the depositions but would like for these to take place at a later date closer to trial. Please provide proposed dates and Plaintiff's records from these treaters at your earliest convenience.

**Dr. Syed Sajjad Zaidi, M.D. – Focus Psychiatry:** Plaintiff identified Dr. Zaidi as one of her treaters. Focus Psychiatry denies ever seeing Plaintiff. Please confirm Plaintiff never sought treatment at this provider.

**Authorizations:** Please have Plaintiff sign and return the attached authorizations.

**Updated Discovery Responses:** Please provide updated discovery responses with correct and current information regarding the scope of the collateral source interviewees knowledge and the identities of Plaintiff's treaters.

Thank you,

Katie

## Katie Benfield

**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

katie.benfield@kirkland.com

*Admitted in Georgia & Tennessee

Not admitted in Texas

**From:** Rachel Abrams <rabrams@peifferwolf.com>
**Sent:** Monday, October 13, 2025 3:08 PM
**To:** Sommer Luther <SLuther@wagstafflawfirm.com>; Benfield, Katie <katie.benfield@kirkland.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>; Uber PW Bellwether <uberbellwether@peifferwolf.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Either time today work for me. Thanks.

**Rachel Abrams**                    <image017.png>
Partner

<image018.png>

555 Montgomery Street, Suite 820
San Francisco, CA 94111
**Main:** 415-766-3544 I **Direct:** 415-426-5641

20

peifferwolf.com <image019.png> <image020.png> <image021.png>

This message is intended for the named recipient(s) only. It may contain information protected by the attorney-client and/or work product privilege. If you have received this email in error, please notify the sender immediately, do not disclose this message to anyone, and delete the message and any attachments. Thank you very much. No attorney-client relationship is formed unless agreed to explicitly in writing.

**From:** Sommer Luther <SLuther@wagstafflawfirm.com>
**Date:** Monday, October 13, 2025 at 11:41 AM
**To:** Benfield, Katie <katie.benfield@kirkland.com>, Tara Doyle <Tdoyle@wagstafflawfirm.com>, Rachel Abrams <rabrams@peifferwolf.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>, Karizamimba, Johanne <johanne.karizamimba@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews
Unfortunately, I will not be available tomorrow, but I am available this afternoon at the times you offered.

We just need to confirm Ms. Abrams' availability.

Sommer

_____

**Sommer D. Luther, Esq. |** *Wagstaff Law Firm*
**Attorney at Law**
***Licensed and Practicing in Colorado ***
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 208-9417 | sluther@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Date:** Monday, October 13, 2025 at 12:39 PM
**To:** Sommer Luther <SLuther@wagstafflawfirm.com>, Tara Doyle <Tdoyle@wagstafflawfirm.com>, Rachel B. Adams <rabrams@peifferwolf.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>, Karizamimba, Johanne <johanne.karizamimba@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews
No worries. Thanks, Sommer.

Does 5:30 or 6:00 ET this afternoon work? I can also do 10 or 11 ET tomorrow morning. Let me know what you prefer, and I will send an invite.

**Katie Benfield**

_____

**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

_____

katie.benfield@kirkland.com

*Admitted in Georgia & Tennessee

Not admitted in Texas

**From:** Sommer Luther <SLuther@wagstafflawfirm.com>
**Sent:** Monday, October 13, 2025 2:12 PM
**To:** Benfield, Katie <katie.benfield@kirkland.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>; Rachel B. Adams <rabrams@peifferwolf.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Hi Katie,
Yes, I apologize because I meant to follow up on this over the weekend.

I am available anytime this afternoon.

I am cc'ing Rachel Abrams who will also be joining our meet and confer.

Please let me know what works best for you.

Sommer


_____

**Sommer D. Luther, Esq. |** *Wagstaff Law Firm*
**Attorney at Law**
***Licensed and Practicing in Colorado ***
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 208-9417 |** **sluther@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Date:** Monday, October 13, 2025 at 10:47 AM
**To:** Sommer Luther <SLuther@wagstafflawfirm.com>, Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>, Karizamimba, Johanne

<johanne.karizamimba@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Hi Sommer and Tara,

Following up on this. Could you please let me know your availability to confer this afternoon?

Thanks,

Katie

## Katie Benfield
―――――――――――――
**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101
―――――――――――――
katie.benfield@kirkland.com

*Admitted in Georgia & Tennessee

Not admitted in Texas

**From:** Benfield, Katie
**Sent:** Friday, October 10, 2025 12:18 PM
**To:** 'Sommer Luther' <SLuther@wagstafflawfirm.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>
**Subject:** RE: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Thanks, Sommer. Does Monday at 11:00 ET work for you?

## Katie Benfield
―――――――――――――
**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101
―――――――――――――
katie.benfield@kirkland.com

*Admitted in Georgia & Tennessee

Not admitted in Texas

**From:** Sommer Luther <SLuther@wagstafflawfirm.com>
**Sent:** Thursday, October 9, 2025 9:40 PM
**To:** Benfield, Katie <katie.benfield@kirkland.com>; Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Karizamimba, Johanne <johanne.karizamimba@kirkland.com>
**Subject:** Re: B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Katie,

I apologize for the delay in responding.  I have had a chance to review your email, and I was wondering if you'd like to schedule a time to discuss these issues. I am available tomorrow afternoon or Monday for a meet and confer.

Thank you,

Sommer

_____

**Sommer D. Luther, Esq. | *Wagstaff Law Firm***
**Attorney at Law**
***Licensed and Practicing in Colorado ***
940 Lincoln Street, Denver, Colorado 80203
**Direct - (720) 208-9417 | sluther@wagstafflawfirm.com**

**www.WagstaffLawFirm.com**

This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

**From:** Benfield, Katie <katie.benfield@kirkland.com>
**Date:** Monday, October 6, 2025 at 11:43 AM
**To:** Sommer Luther <SLuther@wagstafflawfirm.com>, Tara Doyle <Tdoyle@wagstafflawfirm.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>, Karizamimba, Johanne <johanne.karizamimba@kirkland.com>
**Subject:** B.L. v. Uber, et al. - Dr. Mechanic "Collateral Source" Interviews

Sommer and Tara,

We are in receipt of Dr. Mechanic's report regarding B.L. As you are aware, Dr. Mechanic claims to have conducted "collateral source" interviews of four of Plaintiff's friends: ██████████████████████████ ████████ Dr. Mechanic claims these witnesses have extensive knowledge regarding Plaintiff's current mental status and damages. However, this directly conflicts with Plaintiff's prior sworn statements.

For example, as of August 25, 2025, Plaintiff claimed in her verified discovery responses that she has not spoken to ████ █████████████ since 2022 and 2024, respectively. *See* 2025.08.25 Pl. 8ᵗʰ Supplemental Resp., at 9 ("Plaintiff told her friend ████████ about the assault and her ██████████ via text message in December of 2024. ***They have not spoken since.***); ("Plaintiff told her friend ██████████ about the sexual assault on August 16, 2022 via text message and continued to message with him off and on until September of 2022. ***They have not spoken since.***"). Plaintiff's discovery responses indicated she spoke with ████████ only "a handful of times." *Id.*

However, according to Dr. Mechanic, Plaintiff sees ████████████████████ egularly, and these witnesses have extensive knowledge about her current conditions, limitations, and alleged injuries.

Dr. Mechanic's interviews took place on July 2. Accordingly, Defendants should have been notified that the information in Plaintiff's sworn statements was inaccurate long before now. Because of Plaintiff's failure to timely and completely disclose, only one of these witnesses ██████████ has been deposed. This is unfair, prejudicial, and a wrongful attempt to back-door unsworn witness statements that are in direct conflict with Plaintiff's sworn statements into evidence.

We intend to pursue the depositions of ██████████████ ' Let us know if you will be representing them, and, if so, the soonest dates they are available for deposition.

24

Thank you,

Katie

## Katie Benfield

――――――――――――――――

**KIRKLAND & ELLIS LLP**
401 Congress Avenue, Austin, TX 78701
**T** +1 512 355 4465   **M** +1 737 737 1176
**F** +1 512 678 9101

――――――――――――――――

katie.benfield@kirkland.com

*Admitted in Georgia & Tennessee

Not admitted in Texas

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.