*[Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **JOINT STATUS REPORT FOR MAY 29, 2026 DISCOVERY STATUS CONFERENCE** |
| This Document Relates to: | |
| ALL ACTIONS | Judge:       Hon. Lisa J. Cisneros |
| | Courtroom:   G – 15th Floor |

## JOINT STATUS REPORT

In advance of the discovery status conference set for May 29, 2026 at 9:00AM PST (ECF 5164, ECF 6262), Plaintiffs and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") (jointly, "the Parties"), respectfully submit this Joint Status Report.

## I.      Additional Discovery Across All Wave 1 Cases

**Defendants' Position:** Judge Breyer reopened fact discovery open in all Wave 1 cases. PTO 44, ECF 6063. Uber intends to seek the following discovery in each of the bellwether cases. To the extent there is a dispute related to these issues, Uber will raise them through the PTO 8 process.  The below is not intended to be an exhaustive list of discovery Uber intends to seek with fact discovery now open. Uber will continue to meet and confer with Plaintiffs, and reserves the right to seek additional information related to current discovery requests, as well as the right to propound new discovery requests.

Updated witness disclosures. Plaintiffs should be required to provide Uber with updated initial disclosures and interrogatory responses that identify all witnesses with potentially relevant information, including full lists of relevant healthcare providers and fact witnesses. To be clear, these disclosures should be updated to include any providers who the Plaintiff has seen since September 2025 as well as any witnesses with whom Plaintiff has had relevant communications. As an example, in the LCHB 128 case, Plaintiff's initial disclosures were provided on April 30, 2025, have never been updated, and continue to omit relevant witnesses. Consistent with the Court's order requiring Uber to update its initial disclosures by May 22, Uber requests that Plaintiffs do the same for each Wave 1 case.

Refreshed/supplemental discovery responses. Plaintiffs are requesting that Uber supplement its collection and productions to include data that has been generated or created after the initial close of fact discovery in September 2025.  Uber requests that the Court require Plaintiffs to do the same. To that end, Plaintiff's counsel should work with their clients in each Wave 1 case to ensure that any additional relevant communications that occurred after the initial close of fact discovery are reviewed and produced.  This includes, but is not limited to, social media posts and direct communications, text message communications, emails, and other relevant information.  Plaintiffs should also supplement their discovery responses to note any new productions and, where needed, provide updated authorizations to allow for the collection of any new and relevant medical records.

Additional fact witness depositions. Uber intends to seek depositions of additional fact witnesses in each of the Wave 1 cases.  To the extent there are objections to those requests, Uber will confer with Plaintiffs and promptly seek Court intervention if necessary.

Refreshed Plaintiff depositions. In B.L., A.R., and LCHB 128, Uber will be requesting additional depositions of the Plaintiff to inquire into each Plaintiff's current mental state and asserted damages.

Additional document requests and motions to compel previously served discovery.  In certain cases, Uber plans to serve additional document requests on Plaintiff, and will meet and confer with Plaintiffs regarding materials that should have been produced already. If necessary, Uber will seek to compel production of these materials through the PTO 8 process.

Third party subpoenas. Uber intends to serve third party subpoenas on certain entities who are likely to have information relevant to this litigation, consistent with this Court's prior guidance.

**Plaintiffs' Position:** Defendants raised these topics for the first time through this submission process. The parties will confer and raise any disputes promptly to the Court.  Plaintiffs oppose any additional deposition of Plaintiffs.

## II.    B. L. Case Specific Discovery

The parties are working to schedule the depositions of collateral witnesses and treating providers consistent with this Court's prior Order (ECF 5808-3).  In light of Judge Breyer's order re-opening fact discovery in the Wave 1 cases, Plaintiff requested, and Uber has agreed that these depositions can take place after May 29, 2026 (the deadline set in ECF 5823).  Based on continuing conferral between the parties, the expectation is that these depositions will proceed in June. To the extent any disputes arise related to these depositions, including but not limited to objections to document requests served on these deponents, the parties will promptly advise the Court and seek additional guidance.

## III.    A.R. Case Specific Discovery

Since the Court-ordered depositions of Plaintiff A.R. and witness I.E. (ECF 3985), the parties negotiated a protocol for production of potentially responsive documents. Plaintiffs represent that the

JOINT STATUS REPORT FOR THE MAY 29, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB

collection has proceeded pursuant to the protocol and is nearing completion. Plaintiffs are preparing productions, though to date have not produced any documents pursuant to this protocol. Defendants reserve all rights to address any deficiencies in Plaintiff's production, once made.

**IV.    Discovery Verifications**

**Plaintiffs' Position:** On April 28, 2026, Uber committed to provide verifications that it noted were "to follow," with the exception of one set of Responses to Requests for Production. Plaintiffs followed up on May 11, 2026, including a copy of the representation made by Uber that verification was "to follow" on one set of Responses to Requests for Production. In the same email, Plaintiffs also inquired about interrogatory supplements that were pending. Plaintiffs received verifications on May 21 and 22 and are reviewing.

**Defendants' Position:** Uber has provided verified supplemental responses to interrogatories and/or verifications for interrogatory responses previously served.  The Federal Rules do not require verification of responses to requests for production, and the "verification to follow" page noted by Plaintiffs was inadvertently included in the response set Plaintiffs reference.

**V.    Mobile Events Log Glossary**

**Plaintiffs' Position:**

For each wave 1 Plaintiff and corresponding driver, Uber produced a "mobile events log" that details every action that occurred on the rider and driver's respective Uber apps during the timeframe of the incidents. The log describes events using Uber's internal terminology or technical jargon that does not intuitively translate into plain language. While Uber has provided definitions for some terms appearing on the logs, it has refused to comprehensively define all the terms. And in at least one instance, Uber contradicted a definition that it previously provided for one of the terms. The items in the event log are relevant because they provide contemporaneous evidence of what happened before, during, and after the incidents. Accordingly, Plaintiffs have repeatedly requested a comprehensive glossary of event names, but Uber has refused to provide it. The parties conferred on several occasions, have reached an impasse, and intend to brief this dispute under PTO 8.

**Defendants' Position:** During the June 9, 2025 in-person meet-and-confer, the Parties reached

agreement on a number of issues relating to bellwether discovery, including Mobile Events logs, and reported this agreement to the Court. ECF 3219. As to Mobile Events logs, Uber explained to Plaintiffs on June 9, as well as in the conferrals leading up to that in-person meet-and-confer, that there is no available "comprehensive glossary" of event names kept in the ordinary course, and on June 9 the Parties agreed to a hybrid approach in which, first, Uber agreed to produce definitions they can locate that are drafted/available, and second, Plaintiffs agreed that they would provide a list of event terms for Uber to research and provide definitions. The June 9 Agreement contemplated multiple iterations of such requests. Uber timely provided the available event name descriptions, and responded to Plaintiffs' additional requests. Consistent with this approach, Uber has consulted with a number of sources and relevant Uber employees to define the events in Plaintiffs' request. The events themselves are subject to interpretation and change over time so there may not be perfect consistency between explanations. Plaintiffs now seek to undo the June 9 agreement.

## VI.    Replacement Communications Logs

**Plaintiffs' Position:**   Uber provided supplemental responses to relevant interrogatories on June 2025, and then on June 27, 2025, including the production of HTML-format emails for communications referenced in the logs of A.R., B.L. and LCHB 128.  Plaintiffs assert deficiencies remain in Plaintiffs' ability to determine the actual communications each bellwether Plaintiff received.

**Defendants' Position:** Plaintiffs first provided a position on this topic to Uber at 12:22 pm on the day of filing. Pursuant to the Parties' June 9, 2025, agreement following the in-person meet-and-confer, Uber provided the supplemental interrogatory responses and productions Plaintiffs referenced above almost one year ago. To the extent Plaintiffs believe there are deficiencies in Uber's productions, the parties will meet and confer.

## VII.    Lyft Discovery

**Plaintiffs' Position:**

In response to the Court's Order [ECF 5263], Lyft produced some documents related to the B.L., A.R. and LCHB128. Plaintiffs contend that the production is incomplete and have begun

conferring with Lyft regarding deficiencies.  Plaintiffs also intend to seek a 30(b)(6) deposition from Lyft.

**Defendants' Position:** Defendants generally understand these to be matters (i) between Plaintiffs and Lyft, (ii) subject to, respectively, existing Orders and continued conferrals, and therefore (iii) not yet ripe for the Court's attention.

## VIII.    Checkr Discovery

**Plaintiffs' Position:**  After serving a subpoena in April seeking deposition testimony and documents, Plaintiffs and Checkr have conferred on several occasions and are working toward agreement on 30(b)(6) topics and scheduling a deposition for June. Plaintiffs will work with Uber and Checkr to ensure any deposition is set on a mutually agreeable date.

**Defendants' Position:** As with the discovery Plaintiffs are seeking from Lyft, Defendants generally understand that Plaintiffs and Checkr are continuing to meet and confer regarding the scope of Checkr's subpoena response and that any dispute is not ripe for adjudication.

## IX.    HireRight Discovery

**Plaintiffs' Position:**  Plaintiffs are working with HireRight to obtain relevant data relating the subject drivers in the remaining Wave 1 Bellwether cases and schedule a 30(b)(6) deposition for discovery of relevant information regarding the ISSP program.

**Defendants' Position:** As with the discovery relating to Lyft and Checkr, Defendants generally understand that Plaintiffs and HireRight are continuing to meet and confer, and that any dispute is not ripe for adjudication.

## X.    Policy and Knowledge Base Titles

**Plaintiff's Position:** Pursuant to this Court's order, Dkt. 5245, the parties continue to meet and confer regarding the confidentiality of Uber's policy titles.  Plaintiffs made a formal proposal to Uber on February 27, 2026.  Plaintiff made a further proposal specific to amend the language of the protective order on May 1, 2026.  Plaintiffs received a response from Uber on the day of this filing and are evaluating.

**Defendants' Position**: The Parties are continuing to meet-and-confer regarding Plaintiffs'

requests. On March 26, following meet-and-confer discussions on February 24 and March 23, Plaintiffs provided Uber a spreadsheet containing 11,519 Bates numbers (and no other information) purporting to relate to policies or knowledge bases, and sought de-designation not only of policy names as contemplated by ECF 5245, but also additional information not contemplated by ECF 5245. *See* ECF 5398 at 4, ECF 5621 at 5. The Parties further conferred regarding Plaintiffs' requests on April 23 and May 1. During the May 1 conferral, Plaintiffs conceded that identifying the identification they sought for the documents identified in the March 26 list—which, as Uber reported in the April JSR extended well beyond policies and Knowledge Bases to include a number of other document types[1]— was "messy." However, the parties are continuing to meet and confer regarding Plaintiffs' requests. A few minutes before the May 1 conferral, Plaintiffs provided Uber broad proposed language to modify the PO. Uber responded via email on May 7 and May 12 requesting some clarifications, and are awaiting Plaintiffs' response.

## XI.    **Pending Disputes**

The parties will be prepared to discuss the following fully-briefed motions and letter briefs at the Discovery Status Conference:

A.    Uber's Motion for Sanctions for Plaintiff's Discovery Misconduct, ECF 5964.

B.    Joint PTO 8 Letter Briefs Regarding

1.  Deficient Productions by Plaintiff B.L., ECF 5897,

2.  Supplementation of Discovery, ECF 6213, and

3.  Sexual Assault and Sexual Misconduct Incident Reports, ECF 6251.

---

[1] ECF 5938 at 4

By: */s/ Tiffany R. Ellis*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

**SHOOK, HARDY & BACON L.L.P.**
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON
ALYCIA A. DEGEN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

8

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: March 22, 2025

By: /s/ *Laura Vartain Horn*

JOINT STATUS REPORT FOR THE MAY 29, 2026 DISCOVERY STATUS CONF.
Case No. 3:23-MD-3084-CRB

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ _Laura Vartain Horn_