Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
AND RASIER-CA, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND TO STAY** |
| This Document Relates to:<br><br>ALL CASES | |
| | Judge:        Mag. Lisa J. Cisneros<br>Courtroom:    G – 15th Floor |

### ADMINISTRATIVE MOTION FOR LEAVE
### TO FILE MOTION FOR RECONSIDERATION AND TO STAY

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC respectfully move for leave to file a motion for reconsideration of the portions of the Court's May 15, 2026 Order that require Uber to, within 30 days: (1) produce the custodial files of Emilie Boman, Chad Dobbs, Todd Gaddis, and Erin O'Keefe; and (2) disclose all "employee witnesses" whom Uber may call at future trials and produce custodial files for them as well.[1] *See* Dkt. 6209 at 1-2 (the "May 15 Order"). Attached as Exhibit A to this Motion for Leave is Uber's Proposed Motion for Reconsideration and to Stay.

### ARGUMENT

Local Rule 7-9(a) allows "any party" to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order[.]" To be granted leave, the party must show "reasonable diligence in bringing the motion." Local Rule 7-9(b). The moving party also must show one of three grounds for leave. *See* Local Rule 7-9(b)(1)-(3). As set forth below, reconsideration is proper here because: (1) the discovery posture of this litigation has changed significantly since the parties presented their positions to the Court; and (2) Uber has exercised reasonable diligence in bringing this motion.

### I.       RECONSIDERATION IS APPROPRIATE UNDER LOCAL RULE 7-9(B)(1).

Under Local Rule 7-9(b)(1), a party seeking leave to file a motion for reconsideration must show:

> That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

Local Rule 7-9(b)(1).

---

[1] Uber intends to seek Judge Breyer's review of these and other aspects of the May 15 Order pursuant to Fed. R. Civ. P. 72, as necessary. That filing, which is due on May 29, 2026, will also address challenges to the May 15 Order that are not dependent on the changed circumstances and resulting new evidence addressed in Uber's Proposed Motion for Reconsideration. These include, but are not limited to, challenges to the portions of the May 15 Order requiring additional depositions of Uber employees such as Sachin Kansal, Ms. Boman, Mr. Dobbs, Mr. Gaddis, and Ms. O'Keefe.

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
Case No. 3:23-md-03084-CRB (LJC)

Local Rule 7-9(b)(1) is satisfied because the discovery posture of this litigation has changed significantly since the dispute regarding the production of these individuals' custodial files was presented to the Court. At the time this issue was briefed by the Parties, discovery in the Wave 1 Bellwether cases had been closed for months, and Uber's arguments in opposition to Plaintiffs' request for additional custodial files was focused primarily on Plaintiffs' inability to establish "good cause" to *re-open* discovery. Dkt. 6000 at 3-5. On May 1, 2026, however, the Court issued an order reopening discovery in the Wave 1 Bellwether cases. Dkt. 6063 at 2. As a result, Plaintiffs' request for the production of additional employees' custodial files is no longer governed by the "good cause" standard for reopening discovery that was the focus of Uber's briefing. Instead, the relevant question is whether the substantial amount of time and resources necessary to collect, review, and produce the voluminous materials included in the custodial files of these employees present an undue burden to Uber that outweighs the potential relevance of the materials.

Uber should be permitted to make this showing by submitting evidence—specifically, the Declaration of Jamie A. Brown—detailing the significant burden, both in terms of time and monetary costs, associated with the production of these materials, particularly given the length of these employees' tenures with the company, the large volume of documents in their files, and the nature of their roles at Uber. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes. . . . A party claiming undue burden or expense ordinarily has far better information— perhaps the only information—with respect to that part of the determination."). As explained in Ms. Brown's declaration, which is attached to Uber's Proposed Motion for Reconsideration, producing the identified employees' custodial files would likely take a minimum of *four and a half months* to complete and would cost approximately *$1.62 to $1.79 million*. Brown Decl. ¶¶ 14, 18. The Court should reconsider the May 15 Order in light of this critical evidence, which Uber did not know would be the key

2

consideration in evaluating this discovery until after it submitted its briefing. *See, e.g.*, *Kamradt v. Esurance Ins. Co.*, No. 22-cv-01445-TL, 2023 WL 9187193, at *1 (W.D. Wash. Dec. 19, 2023) (granting motion to reconsider discovery order "premised on an incomplete set of facts and a key point of which neither the Court nor Defendant was aware").

## II.    UBER EXERCISED REASONABLE DILIGENCE IN BRINGING THE MOTION.

Uber's motion for leave should also be granted because Uber exercised reasonable diligence in seeking reconsideration of the Court's May 15 Order. As courts in this district have recognized, "'[r]easonable diligence' in bringing a motion for leave to file a motion for reconsideration" pursuant to Local Rule 7-9(b) "requires the party seeking reconsideration to bring its motion expeditiously." *See Malcolm Drilling Co. v. Davey Kent, Inc.*, No. 19-cv-06974-SK, 2021 WL 6199635, at *1 (N.D. Cal. Mar. 26, 2021) (finding that a party "exercised reasonable diligence in bringing its motion for leave [to file a motion for reconsideration] fewer than 10 days after" the court issued its order); *see also James v. Portfolio Recovery Assocs., LLC*, No. 14-cv-03889-RMW, 2015 WL 13950262, at *1 (N.D. Cal. Apr. 8, 2015) (finding that plaintiff "acted with reasonable diligence" in bringing motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9(b) "21 days after the court entered its order granting defendant's motion to compel arbitration").

Here, Uber moved expeditiously in seeking leave to file a motion for reconsideration of the May 15 Order. Uber began preparing the instant motion for leave to seek reconsideration (as well as the attached Proposed Motion for Reconsideration and supporting declaration of Ms. Brown) immediately following receipt of the Court's ruling and is submitting this motion within seven days of the order.

### CONCLUSION

For the reasons set forth above, this Court should grant Uber leave to file its proposed motion for reconsideration.

3

DATED: May 22, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

4