Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR RECONSIDERATION AND FOR STAY OF ORDER (ECF 6209)**<br><br>**Judge: Hon. Lisa J. Cisneros**<br>Courtroom: Courtroom G – 15th Floor |

I, Jamie A. Brown, declare the following:

1.    I am over the age of 18 and am a resident of New York.

2.    I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants" or "Uber"). I am a member in good standing of the Bars of the State of Arizona and the District of Columbia. Prior to joining Shook, Hardy & Bacon LLP, I was a Vice President of Strategic Consulting Services at Lighthouse, which, *inter alia*, facilitates the production of Uber's custodial files in this litigation. I previously set forth my qualifications in a declaration provided in support of Uber's ESI protocol on April 12, 2024, ECF 499-6, which are incorporated herein. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I submit this declaration in support of Defendants' Motion for Reconsideration and Stay of Order (ECF 6209).

3.    In connection with this declaration, I spoke with members of Uber's eDiscovery team and the Lighthouse team that supports the Uber account, who have been directly involved in the relevant issues throughout this litigation.

4.    In the Court's May 15, 2026 Order (ECF 6209), it ordered Uber to produce data for four new custodians identified by name and for any employee witness Uber intends to call at trial within 30 days. As set forth below, I estimate that the time to collect, process, and review that data would exceed 30 days. The estimated time to collect the custodial data for new custodians differs for each source based on various factors, including data volume and export capabilities of the underlying system. Similarly, the estimated time to process the data will also vary by data source due to volume and Lighthouse's workflow for that data type; some data is easier and, therefore, faster for Lighthouse's systems to process while other data is more nuanced and requires more time. The time it takes to perform these tasks is largely driven by the machine as opposed to human hours. Machine time is limited by the nature of the task; adding additional computing resources to those currently improved will not materially improve machine time requirements and may introduce errors.

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR RECONSIDERATION AND STAY OF ORDER (ECF 6209)    Case No. 3:23-md-03084-CRB

5.      Custodial data through December 1, 2024, for the 55 custodians for both the JCCP and the MDL was collected, reviewed, and produced to Plaintiffs. These 55 document custodians included both current and former employees. Notably, these 55 custodial files were not collected all at once. In fact, Uber had already collected and processed many of the 55 custodians' files before this Court entered any production deadlines (and before the parties had agreed on the set of 55 custodians). For instance, Uber was able to provide Plaintiffs with search term hit reports for a number of potential custodians in May 2024 because many custodial files had already been collected and processed. The productions for the 55 custodians proceeded in stages and took many months with collections starting in November 2023, substantial completion of those custodial productions concluding in March 2025, and completion of the production of custodial documents from the TAR validation process concluding in June 2025. Here, in contrast, prior to the Court's May 15, 2026 Order Resolving Joint Letter Regarding Trial Witness Testimony (ECF 6209), three of the four custodial files had not been collected at all, and the fourth custodial file had been only partially collected.

**Estimated Time**.

6.      As discussed in more detail below, I estimate that it will take several months to collect, process, review, and produce the entire custodial files for the four custodians named in ¶ (c) of the Order Resolving Joint Letter Regarding Trial Witness Discovery (ECF 6209). This estimate is consistent with my prior declarations, explaining that it would likely take Uber months to produce even just a few months of custodial data. *See* Brown Decl. at ¶ 9 (ECF 2004-1); Joint Letter Regarding Uber's Production of Documents Postdating November 27, 2023 at 9 (ECF 2004) (noting that it would take approximately three-and-a-half months to produce just a few months of custodial data); Brown Decl. at ¶¶ 6-11 (ECF 6213-2) (noting that it would take months to produce 13 months of custodial data); *see also* Order Resolving Discovery Letter Regarding Documents Postdating November 27, 2023 at 2 (ECF 2028) (noting that Uber's declaration stated "that Uber could at most collect documents through approximately two more months–at significant expense for a relatively small supplemental production–if it is to produce them before the closing date. *See generally* Dkt. No. 2004-1 (Brown Decl.). The Court therefore adopts Uber's proposed limitation of custodial document production to

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR RECONSIDERATION AND STAY OF ORDER (ECF 6209)        Case No. 3:23-md-03084-CRB

documents created through December 1, 2024.").

7.    Three of the four custodians at issue (Emilie Boman, Chad Dobbs, and Todd Gaddis) have been employed by Uber for over a decade. Based on a preliminary review of these custodians' *Google Drive data alone* (not accounting for any other custodial data source), Uber has determined that these three custodial files are exceptionally large.

8.    Based on the work Uber has performed to date, I estimate that it would take approximately 2 to 4 months to **collect** the approximately 305 months of uncollected custodial data[1] for the four custodians named in ECF 6209 at ¶ (c). The estimated collection timeline is driven by numerous factors, including overall data volume, the systems from which data is being collected (where the "time to export" metric can vary due to system specific capabilities irrespective of data volumes), and the data sources within those systems (where data features can create complexity that impacts the collection and export process).

9.    Based upon the metrics Uber maintains on data collections in this and other litigation for each of the sources that comprise the custodian file, as well as the estimated volume of data to be collected for the four custodian files (which is driven by their tenure at Uber, role, data use, and systems per the above), I estimate it would take approximately 25-38 days to **process** the approximately 305 months of uncollected custodial data.[2]

10.    For **review**, the timeframe is driven by the time it takes to <u>retrain</u> the technology assisted review (TAR) model,[3] time to conduct the <u>human review</u> (for responsiveness and privilege), and <u>machine time</u>. The review estimates are based on data volumes and/or the document numbers, as opposed to the specific system, at least for this purpose. Notably, upon information and belief, two of

---

[1] The 305 months of custodial data accounts for the beginning of each individual custodian's employment at Uber through December 1, 2024 and does not include the approximately 92 months of custodial data that Uber has already collected for one of the four custodians that Lighthouse subsequently processed.

[2] This estimate and the estimates in the following paragraphs are based on approximate data sizes from the work performed in this litigation to date. To the extent some of the four custodians at issue here have significantly more data than the average custodian, as appears to potentially be the case, the estimated timeframes and costs would increase accordingly.

[3] Each time new data is introduced, the TAR model must be retrained to account for novel concepts within the data set. This is especially true for new custodians, which is the case here.

4

the at-issue custodians (Todd Gaddis and Erin O'Keefe) have roles at Uber that require significant communications with counsel subject to privilege, which will substantially increase the privilege review time for their custodial files.

11.    Based on the work Lighthouse has performed to date, they estimate that, for the approximately 397 months of custodial data[4] for these four custodians, there would be approximately 3.406 million unique documents after de-duplication that must be promoted to the TAR system, a step that also requires machine time. Then, using the search term hit estimate of 32% (*see* ECF 779 at 2), approximately 1,089,988 documents would be subject to the TAR process.

12.    I estimate that it would take 4 to 6 weeks for Lighthouse to retrain the TAR model and 1 to 1.5 weeks for validation. This process involves a combination of human and machine time, the components of which include an iterative loop of running the model over the data, reviewing a sample to assess the model's performance, and refining the model until the model reaches a level of performance that is satisfactory.

13.    Assuming 12-17% of the TAR review population would be sent to the review team for human review (130,798–185,298 documents), upon information and belief, the time to complete the review process would be substantial, and would entail the following (which does not include TAR review time):

- 1L Review - 4,363-6,108 hours
- 2L Review - 1,571-1,920 hours
- Privilege Redaction / Logging - 524-873 hours
- Privilege Redaction / Logging QC - 175-262 hours
- Review Management - 332-458 hours (to run concurrently with other categories)
- eDiscovery Project Management - 136-164 hours (to run concurrently with other categories)

In total, reviewing these documents would require approximately 7,101 to 9,785 person hours of

---

[4] For these four custodians, there is a total of approximately 397 months of custodial data that is subject to the review process, which includes the 92 months of data Uber has already collected for one of the four custodians (that Lighthouse has already processed).

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR RECONSIDERATION AND STAY OF ORDER (ECF 6209)        Case No. 3:23-md-03084-CRB

review time.

14.    Based on the foregoing, I estimate that it would take Uber approximately four-and-a-half months and potentially much longer to complete the collection, processing, review, and production of data for these four custodians.

**Estimated Cost.**

15.    Lighthouse estimates that it would cost Uber approximately $553,107 to **process** an additional 305 months of data for these four custodians and to **promote** the full 397 months of data for review and **host** it for just one year.

16.    It then estimates it would cost $632,193 for **TAR** review and validation. Use of TAR requires significant retraining each time a new data set is added. This is especially true with refresh collections for a large number of custodians and over several months or years. It is also true when dealing with low richness environments where the percentage of relevant documents within the data sets is small (like this matter has had) and when the new data may introduce a high volume of content that is not responsive. Without additional training, the TAR model will not account for new documents that might be responsive. In other words, training is needed each time new data sets are added to ensure the model can accurately assess the new content as responsive or non-responsive.

17.    Assuming a standard $47/hour review cost for 1L review (4,363-6,108 hours); $75/hour for 2L review (1,571-1,920 hours), privilege redactions and logging (524-873 hours) and QC (175-262 hours); $125/hour for Review Management (332-458 hours); and $205/hour for eDiscovery Project Management costs (136-164 hours), the estimated cost to **review** the approximately 397 months of data for these four custodians would be:

- 1L Review - $205,061-$287,076

- 2L Review - $117,825-$144,000

- Privilege Redaction / Logging - $39,300-$65,475

- Privilege Redaction / Logging QC - $13,125-$19,650

- Review Management - $41,500-$57,250

- eDiscovery Project Management - $27,880-$33,620

6

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR RECONSIDERATION AND STAY OF ORDER (ECF 6209)    Case No. 3:23-md-03084-CRB

**Total Estimated Human Review Costs** -  $444,691-$607,071

18.     In sum, the total estimated costs associated with the approximately 397 months of data for these four custodians, taking into account **processing**, **TAR** and **review** costs above, would be $1,629,991-$1,792,371.

**Additional Employee Witnesses.**

19.     In the Court's May 15, 2026 Order, it further ordered that Uber must produce custodial files within 30 days for any employee witness Uber intends to call at trial. *See* ECF 6209 at ¶ (b). To the extent Uber identifies additional employee witnesses in this regard, I estimate that production of their custodial files would also take longer than 30 days for the same reasons as above. Even for an employee with as few as 24 months of custodial data, based on the above assumptions and calculations, the estimated time to collect, process, and review that data would exceed 30 days. Further, the costs associated with collecting, processing, and reviewing that additional data would be substantial and consistent with the cost estimates described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2026, in New York, New York.

_____/s/ *Jamie A. Brown*_____

Jamie A. Brown

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR RECONSIDERATION AND STAY OF ORDER (ECF 6209)     Case No. 3:23-md-03084-CRB