Sommer D. Luther*
WAGSTAFF LAW FIRM
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB |
| | MDL No. 3084 |
| This Document Relates to:<br><br>*B.L. v. Uber Technologies, Inc., et al.*, No. 24-cv-7940 | **PLAINTIFF B.L.'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 6228]**<br><br>Honorable Charles R. Breyer<br><br>Magistrate Lisa J. Cisneros |

Pursuant to Civil Local Rule 79-5(c), Plaintiff B.L. ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (ECF No. 6228). Plaintiff respectfully requests that the Court seal some, but not all, of the Exhibits 1, 2 and 4 to the Declaration of Laura Vartain Horn In Support of Response to Plaintiff's Emergency Motion to Seal (ECF No. 6229).

**I.    BACKGROUND AND REQUESTED SEALING**

The documents at issue are summarized in the table below. Consistent with Civil Local Rule 79-5(a), Plaintiff asks only that certain sensitive materials in the exhibits be redacted; the entire Motion need not be sealed. the Exhibits 1, 2 and 4 to the Declaration of Laura Vartain Horn In

Support of Response to Plaintiff's Emergency Motion to Seal (ECF No. 6229) are interspersed with the names of third parties, which should be sealed..

| Document | Description of Material to Be Sealed |
|---|---|
| Exhibit 1 to the Declaration of Laura Vartain Horn In Support of Response to Plaintiff's Emergency Motion to Seal ECF No. 6194 (ECF No. 6229-3) | The names of third parties |
| Exhibit 2 to the Declaration of Laura Vartain Horn In Support of Response to Plaintiff's Emergency Motion to Seal ECF No. 6194 (ECF No. 6229-4) | The names of third parties |
| Exhibit 4 to the Declaration of Laura Vartain Horn In Support of Response to Plaintiff's Emergency Motion to Seal ECF No. 6194 (ECF No. 6229-6) | The names of third parties |

## II.   LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting one of two standards: compelling reasons or good cause. In proceedings closely related to the merits of a case, courts "may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).[1] But there is an exception to this standard "for sealed materials attached to a discovery motion unrelated to the merits of a case . . . . Under this exception, a party need only satisfy the less exacting 'good cause' standard." *Id.* at 1097; *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

## III.   EXHIBITS 1, 2 AND 4 TO THE DECLARATION SHOULD BE SEALED

---

[1] "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner*, 435 U.S. 589, 599 (1978)).

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 6228]
MDL NO. 3084 CRB, CASE NO. 24-CV-7940

Plaintiff respectfully states that there is good cause or, in the alternative, compelling reasons to keep portions of documents referenced above under seal. The relevant documents were filed at ECF 6229. *See* Luther Decl. ¶¶ 1-7. The underlying information that Plaintiff seeks to maintain under seal includes the names third parties who will not have an opportunity to be heard in this motion practice.

Portions of Exhibits 1, 2 and 4 to the Declaration should be sealed because they contain the names of third parties. *See* Luther Decl. ¶¶ 5-7. As names are personal identifying information ("PII"), this information should be sealed under the compelling reasons standard. *Stiner*, 2022 WL 1180216, at *2 ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action"); *see also Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal . . . personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."). The privacy interests of third parties outweigh any minimal public interest in disclosure. *See* Luther Decl. ¶¶ 5-7.; *Hernandez,* 2023 WL 4688522, at *4. This Court has allowed the sealing of PII, including that of third-party witnesses, and should do so again, as publicly disclosing such PII could, at a minimum, pose risk of harassment.

Plaintiff's request is narrowly tailored to seal only PII. *See* Luther Decl. ¶¶ 5-7; *see also* Civ. L. R. 79-5(a). No less restrictive alternative to sealing portions of the Exhibits 1, 2 and 4 to the Declaration is sufficient. *See* Luther Decl. ¶¶ 5-7; *compare* Civ. L.R. 79-5(e) (providing a redaction procedure for briefs)*, with* (e) (providing a simplified, whole-document procedure for exhibits and declarations). Actions short of sealing portions of Exhibits 1, 2 and 4 to the Declaration would reveal the contents of third parties' PII and would not protect their privacy interests. *See id.*

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order that PII a contained in Exhibits 1, 2 and 4 to the Declaration remain under seal.

Dated: May 26, 2026

Respectfully submitted,

/s/ *Sommer D. Luther*
WAGSTAFF LAW FIRM
Sommer D. Luther*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
**Appearing Pro Hac Vice*

*Attorney for Plaintiff B.L.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  May 26, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 6228]
MDL NO. 3084 CRB, CASE NO. 24-CV-7940