Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | **WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE** |
| This Document Relates to: | Judge:        Hon. Charles R. Breyer |
| *M.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08088-CRB | Courtroom:    6 – 17th Floor |
| *G.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09190-CRB | Date: July 10, 2026 Time: 10:00 a.m. Courtroom: 6 – 17th Floor |

Comes now, the above captioned plaintiffs, by and through their counsel, and hereby submit their Response to Uber's Motion to Convert Orders of Dismissal Without Prejudice to Orders of Dismissal With Prejudice.  Plaintiffs state as follows in support thereof:

## I. INTRODUCTION

On March 19, 2026, Defendants filed a Motion to Convert Orders of Dismissal Without Prejudice to Orders of Dismissal With Prejudice. [ECF No. 5567]  Plaintiffs filed a response on April 2, 2026. [ECF No. 5734]  Uber's Reply was filed April 9, 2026. [ECF No. 5790] Defendants' Motion has not been ruled on.

On May 13, 2026, Defendants filed another Motion to Convert Orders of Dismissal Without

1

Prejudice to Orders of Dismissal With Prejudice listing these same two plaintiffs on Exhibit B. [ECF No. 6192] Counsel has and continues to diligently comply with the discovery obligations, including those set forth under PTO 10.

## II. ARGUMENT

### a. *Counsel moved to withdraw from Plaintiffs M.J. and G.M.'s cases*

Plaintiffs' counsel has already addressed some of the issues raised in Defendant's original Motion to Dismiss in Plaintiffs' motions to withdraw as counsel for Plaintiffs M.J. and G.M. [ECF Nos. 4258 and 5212]. Those motions were denied by the Court. [ECF Nos. 4434 and 5548]

### b. *Counsel continues to make efforts to reach Plaintiffs M.J. and G.M.*

As explained in the attached Declaration of Sommer D. Luther, circumstances outside of counsel's control have made these cases exceptionally difficult to manage. For months, undersigned counsel has been unable to reach these Plaintiffs, despite repeated attempts to contact them through various means. (Decl. of Sommer Luther, ¶ 3-30).

The undersigned is involved in attempts to perform her due diligence in speaking with Plaintiffs to complete the Plaintiff Fact Sheets.

### III.    THE COURT SHOULD NOT DISMISS THESE CASES WITH PREJUDICE

The court is bound by the five-factor test established in *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Circ. 1987). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*. at 130. Application of these factors confirms that dismissal with prejudice is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal with prejudice is a punitive sanction reserved only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of any egregious conduct required to justify a terminal sanction and because less drastic measures are available, any dismissal should be without prejudice.

There is no real prejudice to Uber that warrants dismissal. Meanwhile, the process of producing

a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on. Many survivors report that the process is overwhelming and causes significant distress. Counsel will continue its efforts to communication with the plaintiffs and cure existing deficiencies.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for immediate dismissal with prejudice and grant Plaintiffs 30 days to continue efforts to engage the plaintiffs.

Dated: May 27, 2026                    Respectfully submitted,


/s/ *Sommer D. Luther*
 Sommer D. Luther*
WAGSTAFF LAW FIRM
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiffs M.J. and G.M.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: May 27, 2026

<u>/s/ *Sommer D. Luther*</u>
**SOMMER D. LUTHER**