Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** <br><br> ─────────────────────── <br><br> This Document Relates to: <br><br> *T.K. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06734 -CRB | Case No. 3:23-md-03084-CRB <br><br> **PLAINTIFF T.K.'S REPLY IN SUPPORT OF MOTION TO VACATE ORDER REGARDING DEFENDANTS' MOTION TO CONVERT ORDER OF DISMISSAL WITHOUT PREJUDICE TO ORDER OF DISMISSAL WITH PREJUDICE [ECF 6113]** <br><br> Judge:    Hon. Charles R. Breyer <br> Courtroom:    6 – 17th Floor |

Plaintiff T.K., by and through her counsel of record, respectfully submits this Reply in Support of her Motion to Vacate Order Regarding Defendants' Motion to Convert Order of Dismissal Without Prejudice to Order of Dismissal With Prejudice [ECF 6113]. As such, Plaintiff T.K. states the following:

**PROCEDURAL HISTORY**

On November 26, 2025, Defendants filed a Motion to Dismiss the cases of plaintiffs who had not filed a Plaintiff Fact Sheet ("PFS") in connection with Pretrial Order ("PTO") 10 (ECF 3493). Plaintiff opposed the motion (ECF 4631). On January 12, 2026, the Court granted Defendants' Motion to Dismiss (ECF 6113) and required a notice of dismissal to be filed within fourteen days. The Notice of Dismissal Without Prejudice was filed on January 26, 2026 (ECF 5107). On February 23, 2026, Defendants filed a Motion to Convert Dismissal Without Prejudice to Dismissal With Prejudice (ECF 5287). Plaintiff

opposed that motion (ECF 5460). On April 22, 2026, the Court granted Uber's Motion (ECF 5954). Plaintiff filed a Motion to Vacate this Order on May 6, 2025 (ECF 6113).

## ARGUMENT

### I. Plaintiff's Motion Is Timely.

Defendants contend that Plaintiff's Motion should be denied as untimely because it was filed "more than ninety days after the [C]ourt dismissed her case." Opp. at 3. The argument fails for two reasons.

Defendants measure timeliness from the wrong order. The Plaintiff's Motion seeks to vacate the Court's April 22, 2026 Order Converting the dismissal of Plaintiff's case to a dismissal with prejudice (ECF 5954), not the January 12, 2026 Order dismissing the case without prejudice (ECF 4979). Measured from the order Plaintiff seeks to vacate, the Motion was filed fourteen days later, well within any timeliness window.

Defendants' authority is inapplicable to the current case. *AmTrust Bank*, *Morton v. Twitter*, and *Martinez v. Shinn* each involved Rule 60 motions filed *after* the time to appeal had passed, and where those courts considered finality interests as a discretionary factor. Neither case holds that Rule 60(b)(1) motion filed within the one-year window is barred or disfavored by the lapse of the 30-day appeal period. Rather, there is consideration of the particularized facts and circumstances in those three cases, leading those particular court to their decisions. What ultimately constitutes "reasonable time" depends upon the facts of an individual case, balancing the interest in finality, the reason for delay, the ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties. see *Ashford v. Steurart*, 657 F.2d 1053, 1055 (9th. Cir. 1981).

The major reason for the delay was the Plaintiff T.K.'s incarceration, a circumstance this Court has already explicitly recognized as an exemption from dismissal without prejudice. Plaintiff T.K. was incarcerated from January 4, 2026 through February 26, 2026, during this period her PFS was due. Counsel was unable to reach her. Since reestablishing contact with her counsel on March 19, 2026, her PFS was produced April 15, 2026. This demonstrates that Plaintiff T.K. has shown good faith in fulfilling her obligations under PTO 10 and will continue to do so.

---

**II. Terminating Sanctions Are Not Warranted Because Plaintiff Has Complied with Amended PTO 10 and Has Not Acted Willfully or in Bad Faith.**

Terminating sanctions are not warranted where a party has complied with its discovery obligations, admittedly belatedly in the present case. "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault, or bad faith." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993)(citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985).

There has been no finding that Plaintiff T.K. has willfully disobeyed Amended PTO 10 or acted in bad faith. It is undisputed that Plaintiff has now complied with Amended PTO 10. Plaintiff produced her PFS and supporting documentation via MDL Centrality on April 15, 2026. She has also complied with the ride-receipt requirement, which was never in dispute, further showing her good faith participation in the discovery process.

Plaintiff's subsequent incarceration in Osceola County, Florida, explains the period during which counsel was unable to contact her, secure her cooperation, and respond to Defendants' Notice of Overdue Discovery on her behalf. Once Plaintiff's incarceration ended and counsel re-established contact, the PFS was promptly produced. This is not a case of a litigant ignoring her obligations. It is a case of a litigant who became unreachable through circumstances beyond her control, and who then acted in good faith the moment she was again able to do so.

Defendants' authority on this point is distinguishable from Plaintiff T.K.'s situation. *Rodgers v. Alameda County Social Services Agency*, *Petrich v. City of El Cerrito*, and *McClure v. Chen* each involved pro se incarcerated plaintiffs who had access to the courts and failed to comply. Plaintiff T.K. is represented by counsel; the issue is not that she affirmatively chose to ignore the litigation, but that her incarceration cut off communication with counsel.

**II. Dismissal Would Cause Substantial Prejudice to Plaintiff While Imposing No Corresponding Benefit on Defendants.**

Plaintiff's case is not a bellwether, and Defendants have suffered no substantial prejudice to their ability to investigate the case because of Plaintiff's late production of her Plaintiff Fact Sheet. The PFS has been produced; Defendants now have full access to the documents and authorizations necessary to

investigate the claim. Notably, Defendants' Opposition does not articulate any particular prejudice. It relies only on generalized references to the Court's management of its docket and inconvenience, neither of which approaches the level of prejudice the Ninth Circuit has held necessary to support terminating sanctions.

Defendants' authority does not support their position. *Wolff v. California* and *Tobin v. Granite Gaming Group II* involved longer delays and demonstrated, articulated prejudice to defendants, not the present situation in which the PFS has been produced, and individual case-specific discovery has not yet begun. Plaintiff's case is one of thousands in this MDL; the impact on the Court's docket of allowing one late produced PFS is negligible.

By contrast, dismissal of Plaintiff's case with prejudice would bar her from pursuing her claim on the merits and likely end any opportunity for re-filing under applicable statutes of limitations. The considerations that inform the exercise of discretion in multidistrict litigation may differ, and may tip the balance differently, from those in ordinary litigation on an ordinary docket. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (Also recognizing strong policy preference for resolution on the merits)

**III. If the Court Is Inclined to Impose Sanctions, Lesser Sanctions Are Appropriate.**

Even if the Court were to find that some sanctions are warranted, dismissal with prejudice is the most drastic available, and the Ninth Circuit requires courts to consider less drastic alternatives before imposing terminating sanctions. Lesser alternatives are available here, including imposing deadline-specific conditions on Plaintiff's continued participation. Plaintiff acknowledges that her delay in completing the PTO requirements violated the Court's order, and respectfully requests that, should the Court remain inclined to impose sanctions, it imposes sanctions less drastic than dismissal with prejudice.

Dated: May 27, 2026

/s/ *Sommer D. Luther*
Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
**Appearing Pro Hac Vice*

*Attorney for Plaintiff T.K.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  May 27, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**