UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER RESOLVING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND STAY REGARDING  DOCUMENT PRODUCTION FROM ADDITIONAL CUSTODIANS**<br><br>Re: Dkt. Nos. 6284, 6209 |

Resolving a joint discovery letter (ECF No. 6000), the Court previously ordered Uber to produce documents from four additional employees whom Uber has called as bellwether trial witnesses but who were not previously designated as document custodians within thirty days, as well as documents from any other employees Uber intended to call at trial.  Dkt. No. 6209.  Uber now moves for leave to file a motion for reconsideration and stay, arguing that the time and financial burden of such production (up to around $1.8 million for the four employees specifically identified) is undue, and that the thirty-day deadline is unachievable.  Dkt. No. 6284.

Uber contends that a motion for reconsideration is appropriate because Judge Breyer's reopening of discovery for Wave 1 bellwether cases constitutes "a material difference in fact or law . . . that which was presented to the Court before entry of the [previous] order."  Dkt. No. 6284 at 2 (quoting Civ. L.R. 7-9(b)(1)).  Uber suggests that it did not previously have reason to address the burden or feasibility of the proposed document production because the dispute—at the time it was raised in the parties' joint letter—implicated whether Plaintiffs could establish good cause to modify a discovery cutoff.

That argument is not persuasive.  The parties, of course, disputed whether Plaintiffs' request was appropriate in light of the discovery cutoff, but that was a question that the Court

could have resolved in favor of either side. If the Court sided with Plaintiffs, the burden of the requested document production would be relevant to whether it is proportional to the needs of the case. Uber's portion of the joint letter seems to have acknowledged that, arguing that "[p]roduction of full custodial files would result in needless duplication at significant burden and expense to Uber." Dkt. No. 6000 at 6. Yet Uber declined to offer evidence of any particular burden at that time. Regardless of whether Judge Breyer had lifted the discovery cutoff, this Court would not have been inclined to consider serial objections by Uber seeking to bolster arguments that it failed to substantiate when the dispute was first presented. Uber thus waived its arguments and evidence regarding the specific burden of this document production by failing to present them in the joint letter, and it has not shown any basis to allow it to do so now, after the Court has already resolved this dispute.[1]

With respect to the deadline, however, Uber has now offered (or perhaps more accurately, sought leave to offer) evidence indicating that it is *impossible* to comply with the previous Order's thirty-day deadline. Dkt. No. 6284-5, ¶¶ 4, 6–14. It is difficult to understand Uber's failure to include such evidence or argument in the parties' Joint Letter, where Plaintiffs proposed that specific deadline. *See* Dkt. No 6000 at 3. Nor has Uber "show[n] that in the exercise of reasonable diligence [it] did not know such fact or law at the time of the [previous] order." *See* Civ. L.R. 7-9(b)(1). Despite those significant procedural deficiencies, however, it would serve little practical purpose to hold to an Order for which compliance may be impossible. The Court therefore STAYS the thirty-day deadline for production of documents from any additional custodians, and directs the parties to meet and confer as to an achievable deadline. To the extent feasible, the parties should be prepared to discuss an appropriate schedule at least for those negotiations at the May 29, 2026 discovery status conference.

Because this Order alters the Court's previous Order requiring production within thirty

_____

[1] Though this Order does not reach the question of whether the Court would have resolved the parties' dispute the same way if Uber had offered its calculation of costs with the original joint letter, the Court notes that the $1.79 million upper bound of Uber's belated cost estimate equates to around $600 per active member case in the MDL. *See* Dkt. No. 6261 at 2 (May 21, 2026 Case Management Statement reporting 3,057 cases).

days, the deadline for Uber to seek relief from Judge Breyer with respect to this Court's authorization of additional custodial document production is CONTINUED until fourteen days after the date of this Order.

**IT IS SO ORDERED.**

Dated: May 28, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

3