Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084 |
| This Document Relates to:<br><br>*B.L. v. Uber Technologies, Inc., et al.*, No. 24-cv-7940 | **DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF PLAINTIFF B.L.'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 6279]**<br><br>Honorable Charles R. Breyer<br><br>Magistrate Lisa J. Cisneros |

I, Sommer D. Luther, declare:

1. I am an attorney in the law firm of Wagstaff Law Firm, and counsel for Plaintiff in the above-captioned Multi-District Litigation. I am a member of the State Bar of Colorado and am admitted to practice before this Court pro hac vice. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Plaintiff B.L.'s

Statement in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal [ECF NO. 6279].

2. I have reviewed the Reply ISO Motion for Sanctions for Plaintiff's Discovery Misconduct that was filed at ECF 6280.

3. I have reviewed Defendants' Ex. 1 to the Declaration of Laura Vartain Horn in Support of Defendants' Reply (Declaration of Katelyn Marshall Benfield) that was filed at ECF 6280-2.

4. I have reviewed Defendants' Ex. A to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-3.

5. I have reviewed Defendants' Ex. B to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-4.

6. I have reviewed Defendants' Ex. C to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-5.

7. I have reviewed Defendants' Ex. D to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-6.

8. I have reviewed Defendants' Ex. F to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-8.

9. I have reviewed Defendants' Ex. G to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-9.

10. I have reviewed Defendants' Ex. H to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-10.

11. I have reviewed Defendants' Ex. I to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-11.

12. I have reviewed Defendants' Ex. J to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-12.

13. I have reviewed Defendants' Ex. K to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-13.

14. I have reviewed Defendants' Ex. L to the Declaration of Katelyn Marshall Benfield that was filed at ECF 6280-14.

15. I have reviewed Defendants' Ex. 2 to the Declaration of Laura Vartain Horn in Support of Defendants' Reply (Declaration of Michael Vives) that was filed at ECF 6280-15.

16. I have reviewed Defendants' Ex. A to the Declaration of Michael Vives that was filed at ECF 6280-16.

17. These materials include the names of B.L. and third parties, and the details of B.L.'s private life and mental health history.

18. The significant privacy concerns of Plaintiff and third parties outweigh any minimal public interest in disclosure of their identities or highly sensitive information. The public's interest in the case may be satisfied without revealing this information.

19. The highly sensitive mental health information of B.L. and the personal information regarding her private life typify the type of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel.

20. The disclosure of personally identifiable and highly sensitive private information would harm B.L.'s and third parties' legitimate privacy interests. Plaintiff's request is narrowly tailored to sealing only PII and sensitive personal information. There is no less restrictive alternative to sealing that would protect the legitimate privacy interests of Plaintiff and third parties, as describing the information would reveal its contents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2026 in Denver, Colorado

_____
Sommer D. Luther
*Attorney for Plaintiff B.L.*

DECLARATION OF SOMMER D. LUTHER ISO
PLAINTIFF'S STATEMENT ISO MOTION TO SEAL
MDL NO. 3084 CRB, CASE NO. 24-CV-7940