Allison M. Brown (Admitted Pro Hac Vice)
alli.brown@kirkland.com
Jessica Davidson (Admitted Pro Hac Vice)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted Pro Hac Vice)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>SEE EXHIBIT A | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE**<br><br>Date:        July 10, 2026<br>Time:        10:00 a.m.<br>Courtroom:  6 – 17th Floor |

M. SHORTNACY DECL. ISO DEFS.' MTN TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE          CASE NO. 3:23-MD-03084-CRB

## **DECLARATION OF MICHAEL B. SHORTNACY**

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1.      I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Uber's") Motion to Convert Orders of Dismissal Without Prejudice to Orders of Dismissal with Prejudice.

2.      I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Uber in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3.      On November 3, 2025, this Court entered Amended Pretrial Order ("PTO") No. 10 in this matter, re-establishing requirements for Plaintiffs to submit substantially complete Plaintiff Fact Sheets ("PFS"), including a requirement that they be accompanied by a signed declaration or verification. ECF No. 4287 at 3, 8. Amended PTO 10 also establishes a process for Uber to seek to convert dismissals without prejudice to dismissals with prejudice. ECF 4287 § 9. If, within the 30 days following the Court's dismissal without prejudice, a Plaintiff fails to either (1) cure the underlying deficiency(ies), or (2) move to vacate their dismissal without prejudice, "the Order will be converted to a dismissal with prejudice upon Uber's motion." *Id.*

4.      On March 9, 2026, this Court entered an Order (ECF 5455) dismissing without prejudice the claims of certain Plaintiffs who had failed to comply with Amended PTO 10 (ECF 4287) by providing a substantially complete Plaintiff Fact Sheet. On April 22, 2026, this Court entered two similar orders (ECF 5953; ECF 5958) dismissing without prejudice the claims of certain Plaintiffs who had failed to comply with Amended PTO 10. The next day, the Court entered an order (ECF 5972) enforcing its prior orders by dismissing without prejudice the claims of certain Plaintiffs it had previously found failed to comply with Amended PTO 10 or PTO 5. Also on April 23, 2025, the Court

M. SHORTNACY DECL. ISO DEFS.' MTN TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

CASE NO. 3:23-MD-03084-CRB

entered an order (ECF 5976) dismissing without prejudice the claims of certain Plaintiffs who had failed to comply with PTO 5 (ECF 175) by producing a bona fide ride receipt or an information sheet regarding the trip giving rise to their claims, as required.

5.      Attached to this declaration as Exhibit A is a table identifying those Plaintiffs who, as of May 29, 2026, have failed to either: (1) submit anything in an attempt to cure their failure to submit the required substantially complete PFS or bona fide ride receipts/information sheet[1]; or (2) move to vacate their Ordered dismissal, thus making the claims of each of the listed Plaintiffs subject to conversion from dismissal without prejudice to dismissal with prejudice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2026 in Los Angeles, California.

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

---

[1] Plaintiff D.Y. (case number 3:26-cv-00213) did submit a ride receipt, but that receipt was for a different Plaintiff (J.C., case number 3:26-cv-00207) and therefore did not, and cannot, cure Plaintiff D.Y.'s deficiency as contemplated by Amended PTO 10.

M. SHORTNACY DECL. ISO DEFS.' MTN TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE          CASE NO. 3:23-MD-03084-CRB