Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to: | **MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| ALL CASES | Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
JUDGE; Case No. 3:23-md-03084-CRB (LJC)

Judge Cisneros's May 15, 2026 discovery order, Dkt. 6209 ("the May 15 Order"), asks Uber to do the impossible—predict every company witness who may testify in every future MDL trial—or forfeit its due process right to defend itself in those cases. The Order also imposes a sweeping, one-sided, and grossly disproportionate discovery obligation on Uber by requiring it to present all of these potential trial witnesses for deposition *now*, even though there is no way to know whether they will ever actually testify, and if so, what about. This is not targeted discovery. To the contrary, it will impose substantial burdens on Uber while yielding little, if any, discovery that will actually be useful in future trials. If Uber later designates a witness to address a discrete issue in a specific trial, Plaintiffs will inevitably come back to the Court and demand another deposition, arguing that they deposed the witnesses in the dark without knowing what case they may be called in and what topic they may address.

In addition, the May 15 Order improperly compels depositions of five employees— Emilie Boman, Chad Dobbs, Todd Gaddis, Erin O'Keefe, and Sachin Kansal—regardless of whether they will ever be called to testify at trial. Even if these five individuals were called to testify in the future, four have already been deposed on the very issues they would likely address at trial, and any future testimony would be focused and limited. It makes far more sense to determine whether their depositions are needed in the context of an actual trial where the scope of their testimony is known—not now.

While the May 15 Order does not address the burdens that this onerous discovery would impose on Uber, Judge Cisneros suggested in a related order this week that the burden of producing custodial files for the first four witnesses (another requirement of the May 15 Order)[1]

---

[1] The May 15 Order also required Uber to produce full custodial files for every employee Uber identifies as a potential trial witness, as well as custodial files for Boman, Dobbs, Gaddis, and O'Keefe. Uber has sought reconsideration on the grounds that this requirement, too, is enormously burdensome and disproportionate. In response to Uber's request for leave to seek reconsideration, Judge Cisneros "alter[ed]" the order to the extent it required custodial file production within 30 days and ordered the parties to meet and confer in an attempt to agree on a reasonable deadline for custodial file production. As a result, Judge Cisneros continued "the deadline for Uber to seek relief from Judge Breyer with respect to this Court's authorization of additional custodial document production" to June 12, 2026. Dkt. 6319 at 2-3.

1

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

would not be disproportionate when divided on a pro rata basis among the Plaintiffs. *See* Dkt. 6319 at 2. Uber respectfully submits that such a math exercise is misplaced. Plaintiffs are not paying for this incremental discovery or all the other onerous discovery Uber has already been required to provide. Rather, the burdens and costs all fall on one party: Uber. Litigation is not supposed to be a punitive or progressive corporate tax; the fact that Uber is a large company is no basis for requiring it to fund every new discovery tangent dreamed up by Plaintiffs' lawyers.

Because these portions of the May 15 Order are neither balanced nor proportionate, they should be reversed.

## BACKGROUND

On April 28, 2026, the parties filed a joint letter pursuant to PTO No. 8 in which Plaintiffs complained that they were put at a "disadvantage during cross-examination at [previous MDL] trial[s]" because Uber called, or considered calling, four witnesses whose custodial files had not been fully produced and/or who had not previously been deposed in their *individual* capacities. *See* Dkt. 6000 at 3. On May 15, 2026, Judge Cisneros issued a two-page order, devoid of any analysis, requiring Uber to: (1) produce full "custodial files" for all four witnesses within 30 days; (2) present the four witnesses for depositions within 60 days; (3) supplement its initial disclosures within seven days to include the names of *all* potential future trial witnesses; (4) produce full custodial files for all potential company trial witnesses within 30 days; (5) present those individuals for deposition within 60 days; and (6) produce Mr. Kansal for an additional deposition within 30 days. *See* Dkt. 6209. The Order does not explain why this is proportional to the needs of the case or why Uber should bear this burden now.

## ARGUMENT

This Court should reverse the May 15 Order because it is "clearly erroneous" and "contrary to law." Fed. R. Civ. P. 72(a). Specifically, the May 15 Order violates Rule 26's requirement that discovery be "proportional to the needs of the case" because "the burden or expense of [the] proposed discovery outweighs its likely benefit." *Id.* R. 26(b)(1); *see also*

2

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

*Gilead Scis., Inc. v. Merck & Co.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) (proportionality "defin[es] the scope of permissible discovery").

## I. The May 15 Order Unfairly Forces Uber To Predict The Future Or Forfeit Its Ability To Defend Itself At Trial.

It would be fundamentally unfair, and contrary to Rule 26, to require Uber to identify every employee it might call at a future trial and present them for deposition within 60 days. Rule 26 expressly provides different timelines for the disclosure of "individual[s] likely to have discoverable information," who must be identified on initial disclosures, Fed. R. Civ. P. 26(a)(1)(A), versus individuals whom a "party may present" at trial and should be disclosed in a ***pretrial*** order, *id.* R. 26(a)(3)(A) & (B). As Rule 26 makes clear, a party should identify individuals "the party expects to present [at trial] and those it may call if the need arises" at least 30 days before trial. *Id.* R. 26(a)(3)(A) & (B). There is no legitimate reason to drastically accelerate the Rule 26 timeline for the disclosure of trial witnesses here, especially because Uber cannot possibly know which case-specific issues will arise in future trials, what witnesses those issues will require, or who the appropriate witnesses will be given the circumstances of a specific case. Moreover, this requirement—and the related penalty for non-compliance—would unfairly restrict Uber's options in presenting its defense in future cases, raising serious due process concerns. That is not proportional discovery; it is a one-way litigation penalty.

## II. The Burden Of Conducting Individual Depositions Now Of Employees Who May Or May Not Ever Testify Far Outweighs Any Possible Benefit.

Even if Uber had a crystal ball and could predict every case that will ever be tried and which witnesses will actually be needed, the May 15 Order presents an untenable choice: undertake the enormous burden of preparing and presenting these employees for wide-ranging depositions untethered to any specific case, or lose the right to call them to testify about discrete, case-specific issues moving forward. It would also require individual-capacity depositions of Ms. Boman, Mr. Dobbs, Mr. Gaddis, and Ms. O'Keefe even if they never testify at another trial. This is exactly what Rule 26(b)(2)(C) prohibits because the burdens of these cumulative depositions would vastly outweigh any potential benefit.

3

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

The requirement that Uber present all future, hypothetical trial witnesses for deposition is entirely untethered to any actual trial. As a result, depositions conducted at this juncture will necessarily be limited to non-case-specific issues and would likely fail to yield any information that is relevant to the actual topics that such as-yet-unknown witnesses may actually address in future trials. And it is also almost certain that if one of these individuals is actually identified for a specific trial, Plaintiffs will claim they need yet *another* deposition to explore the bases for his or her case-specific testimony. That is precisely what Plaintiffs have done in the past. For example, although Plaintiffs had already deposed Mr. Gaddis as a Rule 30(b)(6) witness, they demanded additional case-specific depositions when he was identified as a potential trial witness in *Dean* and *WHB 823*, to address discrete, case-specific issues. This highlights why requiring depositions of *all* potential witnesses now would be a wasteful exercise in futility.

With respect to Boman, Dobbs, Gaddis, and O'Keefe, the requirement is doubly improper. As noted above, Mr. Gaddis has already been deposed as a corporate representative and as a proposed trial witness. Ms. Boman and Mr. Dobbs were each deposed as 30(b)(6) witnesses, and the deposition testimony they provided directly addressed the very same topics on which they testified at trial. This Court has already held that most of Mr. Dobbs' trial testimony was within the scope of his Rule 30(b)(6) testimony. Dkt. 5140; 1/28/2026 *Dean* Tr. 2312:6-11. Similarly, Ms. Boman's trial testimony regarding Uber's Safety Reports and the role of non-profits in Uber's development of safety features was consistent with her 30(b)(6) testimony about those issues. Plaintiffs' dissatisfaction with their prior cross-examinations of these individuals does not entitle them to re-depose Uber employees before every future trial.

Ms. O'Keefe was identified (but ultimately not called) to testify at the *WHB 823* trial on very narrow common carrier issues, and Plaintiffs *declined* an offer to take her deposition. If Uber were to identify Ms. O'Keefe as a witness in a future trial, it would likely be on a similarly discrete, case-specific issue. In that event, Uber would offer a limited deposition of Ms. O'Keefe, as it has done in the past. But there is no legitimate reason to compel Uber to prepare

4

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

and present Ms. O'Keefe now for a wide-ranging deposition that is entirely unmoored from any proposed trial testimony. This is particularly true given that Ms. O'Keefe works closely with Uber's counsel in defending litigation, and such a deposition would likely result in privilege and work product disputes that the Court would need to address.

In short, there is no legitimate basis to depose *any* of these identified witnesses now because it is unclear whether any of them will testify in future trials, let alone the scope of such potential testimony. Consistent with the Court's practice in previous trials, any such depositions should be taken closer to trial when the scope of their testimony is known.

## III. There Is No Legitimate Reason To Re-Depose Sachin Kansal.

The Court should also reverse the portion of the May 15 Order directing Uber to produce Mr. Kansal for a four-hour deposition within 30 days. Dkt. 6209 at 2. Mr. Kansal has already been deposed for seven hours in his individual capacity. Plaintiffs told Judge Cisneros that they need another Kansal deposition because a declaration he offered (prior to his deposition) was inconsistent with his later testimony at the *Dean* trial. Dkt. 6000 at 2. According to Plaintiffs, a statement in Mr. Kansal's declaration that he was not responsible for investigating alleged incidents of sexual assault was contrary to his trial testimony that he had conversations with sexual assault claimants. This is false; there is no inconsistency. Mr. Kansal testified at trial only that he engaged with survivors as part of his product development role. That is categorically different from investigating alleged incidents of sexual assault. Plaintiffs' manufactured pretext cannot justify the burden of an additional four-hour deposition. Further, Plaintiffs possessed documents showing that Mr. Kansal had conversations with sexual assault claimants *before* they deposed him in May 2025 and could have asked about these communications. Plaintiffs are not entitled to a second, burdensome, and disruptive deposition merely because they squandered that chance, let alone four more hours of his testimony.

## CONCLUSION

For the foregoing reasons, the Court should reverse the portions of the May 15 Order that are not subject to Uber's motion for reconsideration before Judge Cisneros.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

DATED: May 29, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*

UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **CERTIFICATE OF SERVICE** |
| This Document Relates to: | Judge:      Hon. Charles R. Breyer |
| | Courtroom:  6 – 17th Floor |
| ALL CASES | |

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 29, 2026, I electronically filed the foregoing documents with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

**(1) MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct. Executed on May 29, 2026 in San Francisco, CA.

*/s/ Laura Vartain Horn*
Laura Vartain Horn

CERTIFICATE OF SERVICE

Case No. 3:23-md-03084-CRB (LJC)