# OFFICE OF THE CLERK

## UNITED STATES DISTRICT COURT

### Northern District of California

### CIVIL MINUTES

| **Date:** May 29, 2026 | **Time:** 50 minutes | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 3:23-md-03084-CRB | **Case Name:**  In re: Uber Technologies, Inc. v. | |

**For Plaintiffs**: Sarah London, Lieff Cabraser Heimann & Bernstein LLC, Roopal Luhana, Chaffin Luhana LLP, Rachel Abrams and Tiffany Ellis, Peiffer Wolf Carr Kane Conway & Wise, LLP, Sommer Luther, Wagstaff Law Firm, and Marlene Goldenberg, Nigh Goldenberg Raso & Vaughn, counsel for Plaintiffs

**For Defendants**: Allison Brown, Christopher Cox and Michael Vives, Kirkland & Ellis LLP and Michael Shortnacy, Shook, Hardy & Bacon LLP, counsel for Defendants

**Deputy Clerk:** Brittany Sims                    **Reported by:** Andrea Bluedorn

### PROCEEDINGS

Motion Hearing and Discovery Status Conference held.

The Court addressed issues raised in the parties' status report (Dkt No. 6282) regarding reopened bellwether discovery. Plaintiffs should provide update initial disclosures as needed. Any reopening of Plaintiffs' depositions should be addressed on a case-by-case basis.

The Court confirmed that depositions in the B.L. case may occur after today's date, in accordance with the parties' agreement.

With respect to the joint letter regarding redactions in the B.L. case (Dkt. No. 5987), the Court is inclined to order production without redactions for relevance and with few if any redactions for privacy. Plaintiff's counsel conceded that redactions had been overbroad and suggested that redactions should be limited to third party privacy. Uber opposes further redactions but noted that it might be open to conferring over very narrowly tailored redactions. The Court ordered the parties to meet and confer no later than Monday, June 1, 2026 regarding any narrow redactions that Plaintiff intends to retain, and to file a joint letter no later than Tuesday, June 2, 2026 either presenting any remaining dispute or confirming that they have resolved their disputes.

Addressing the sanctions motion (Dkt. No. 5964), the Court noted that Uber failed to file a competent declaration with its motion as required by Rule 37.  The Court directed Plaintiff to file a surreply addressing the more substantive declarations offered with Uber's reply brief no later than June 4, 2026.

The Court raised concerns about B.L.'s unsupported redactions and initial false or incomplete representations in interrogatory responses regarding certain witnesses.  Uber also noted apparently "hallucinated" cases in B.L.'s privilege log, which the Court acknowledged.

The Court admonished Uber regarding certain potentially harassing questioning by defense counsel in the deposition of B.L.'s father, but noted that matter was not formally briefed or presented for resolution.