Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO ENFORCE THE COURT'S MARCH 9, 2026 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT** |
| *R.N.02 v. Uber Technologies., Inc., et al.*, No. 3:25-cv-07097-CRB | Date:          July 10, 2026 |
| *E.M. v. Uber Technologies, Inc., et al,* No. 3:25-cv-08451-CRB | Time:          10:00 a.m. |
| *C.C. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-08442-CRB | Courtroom:   6 – 17th Floor |
| *N.MP. v. Uber Technologies, Inc., et al,* No. 3:25-cv-10776-CRB | |

## NOTICE OF MOTION TO ENFORCE THE COURT'S MARCH 9, 2026 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2026, at 10:00 a.m. Pacific, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") will, and hereby do, move this Court for an order: (1) compelling Plaintiffs R.N.02, C.C., E.M., and N.MP. to comply with this Court's prior orders by submitting within 30 days of the Court's order to a deposition not to exceed three hours; (2) finding Plaintiffs E.M. and N.MP. in civil contempt of court for violation of the Court's prior orders; (3) enforcing this Court's prior orders, including by imposing daily monetary sanctions on Plaintiffs E.M. and N.MP. as necessary to achieve compliance (such sanctions may be avoided through Plaintiff E.M.'s and Plaintiff N.MP.'s compliance with the Court's previous order); (4) requiring the Reich & Binstock and Wagstaff law firms to cooperate in coordinating the Court-ordered depositions of Plaintiffs R.N.02, C.C., E.M., and N.MP.; and (5) ordering such further relief as the Court deems appropriate given Plaintiffs' fraud against Defendants and the Court and repeated noncompliance with this Court's orders.

This Motion is made pursuant to this Court's March 9 Order (ECF 5454), April 23 Order (ECF 5970), and Rules 16(f)(1)(C) & 37(b)(2)(A) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Christopher V. Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

DATED: June 2, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/  Christopher  V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

2

DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order: (1) compelling Plaintiffs R.N.02, C.C., E.M., and N.MP. to comply with this Court's prior orders by submitting within 30 days of the Court's order to a deposition not to exceed three hours; (2) finding Plaintiffs E.M. and N.MP. in civil contempt of court for violation of the Court's prior orders; (3) enforcing this Court's prior orders, including by imposing daily monetary sanctions on Plaintiffs E.M. and N.MP. as necessary to achieve compliance (such sanctions may be avoided through Plaintiff E.M.'s and Plaintiff N.MP.'s compliance with the Court's previous order); (4) requiring the Reich & Binstock and Wagstaff law firms to cooperate in coordinating the Court-ordered depositions of Plaintiffs R.N.02, C.C., E.M., and N.MP.; and (5) ordering such further relief as the Court deems appropriate given Plaintiffs' fraud against Defendants and the Court and repeated noncompliance with this Court's orders.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. This Court Ordered Plaintiffs to Appear for Deposition and to File a Written Response.**

On March 9, 2026 and April 23, 2026, respectively, the Court ordered the four Plaintiffs at issue here to show cause why their cases should not be dismissed with prejudice and file a written response "specifically address[ing] the factual and legal basis for the submission of [their] non-bona fide receipts and why the conduct does not warrant dismissal." ECF 5454; ECF 5970. The Court also ordered all four Plaintiffs at issue here to appear for depositions of up to three hours within 30 days of the Court's March 9 and April 23 Orders. *Id.* The subject matter of those depositions was to be how the Plaintiffs became involved in the litigation, how the fraudulent receipts were generated and

---

[1] Uber brings this motion before the Court rather than the Magistrate because it is "a motion relating to sanctions pursuant to Rule 37," which courts have recognized is "not a discovery motion." *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). This Court's referral to the Magistrate was limited to "ALL DISCOVERY PURPOSES." ECF 66. In addition, "district courts are in the best position to interpret their own orders." *Northern Central Distributing, Inc. v. Bogenschutz*, No. 1:17-cv-01351, 2019 WL 1004843, at *6 n.2 (E.D. Cal. March 1, 2019) (*quoting JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.,* 359 F.3d 699, 705 (4th Cir. 2004)). Indeed, Magistrate Judge Cisneros herself has observed that disputes over violations of a district court's order "should be directed to [the district judge] in the first instance, subject to referral [back to the magistrate] if he determines that such a motion implicates discovery issues best addressed by the undersigned." *Wills v. City of Monterey*, No. 21-cv-01998, 2024 WL 1008596, at *9 (March 8, 2024).

distributed, and who else was involved in or aware of the fraud. *Id.* To date, not one of the four Plaintiffs at issue here has complied with the Court's March 9 or April 23 Orders in any respect; none of the Plaintiffs served the required written responses[2]; none appeared for depositions; and none has offered any justification for their defiance.

**B. Plaintiffs' Noncompliance with the March 9 and April 23 Orders.**

As an initial matter, none of the Plaintiffs filed their written response as ordered by the Court and none of the Plaintiffs denied that their receipts were fraudulent. *See* Supporting Declaration of Christopher V. Cotton ("Cotton Decl.") ¶ 4.

**Plaintiffs C.C. and R.N.02.** Following entry of the Court's March 9 Order which applied to Plaintiffs C.C. and R.N.02 (among other Plaintiffs who submitted fraudulent receipts), Uber's counsel attempted to meet and confer with the Reich & Binstock Law Firm to coordinate the depositions of Plaintiffs C.C. and R.N.02. Cotton Decl. ¶ 5 (attaching email communications with Reich & Binstock firm). The Reich & Binstock firm had filed the complaints for Plaintiffs C.C. and R.N.02 and subsequently uploaded Plaintiffs' fraudulent receipts to MDL Centrality ("MDLC"). On March 17, Defendants served upon the Reich & Binstock firm notices for the depositions of these Plaintiffs to take place on April 7. *Id.* After service of the notices of deposition, Reich & Binstock took the remarkable position that they no longer represented Plaintiffs C.C. and R.N.02 because those Plaintiffs' claims have been dismissed.[3] Cotton Decl. ¶ 6. Though Defendants disagreed with Reich & Binstock's legally unfounded position and that firm's obstinate refusal to facilitate the depositions of the Plaintiffs subject to this Court's March 9 Order, out of an abundance of caution, Defendants

---

[2] The Reich & Binstock firm filed a response based on their "independent obligations" under the Court's Order, but neither Plaintiff C.C. nor Plaintiff R.N.02 submitted a written response as to "why their cases should not be dismissed with prejudice" as required by the March 9 Order. *See* ECF Nos. 5454 & 5678.

[3] It is well established that "[a] federal court may consider collateral issues after an action is no longer pending" even as to Plaintiffs who have already been dismissed. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990). District courts retain authority to enforce their prior orders absent extraordinary circumstances. *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993). This includes orders granting relief under Rule 37, *Fosselman v. Gibbs*, No. 06-cv-0375, 2010 WL 1008264, at *4 (N.D. Cal. March 18, 2010). The orders at issue here required discovery on indisputable collateral issues—ongoing fraud within this MDL.

2

DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

attempted to serve third-party deposition subpoenas on Plaintiffs, but service of the subpoenas could not be completed despite repeated attempts. Cotton Decl. ¶ 7. Counsel from Reich & Binstock appeared remotely for both depositions on April 7. *Id.* Plaintiffs C.C. and R.N.02 did not appear, a direct and foreseeable consequence of Reich & Binstock's refusal to cooperate in the scheduling of the depositions of these Plaintiffs and Defendants' inability to complete service of subpoenas. Cotton Decl. ¶¶ 7, 8.  At the proceeding on April 7, counsel for Uber asked counsel from Reich & Binstock whether they were "willing to assist [Defendants] in serving a subpoena on [their] former client?" *Id.* In response, counsel from the Reich & Binstock firm dismissively stated that "wouldn't really be [their] role;" a brazen abdication of their obligations to this Court, particularly given that it was their firm that uploaded the very fraudulent receipts prompting this Court's Order. Cotton Decl. ¶ 8.

**Plaintiff E.M.** Following entry of the April 23, 2026 Order (which applied to Plaintiff E.M. and Plaintiff N.MP. (discussed below), among other Plaintiffs), Uber's counsel attempted to meet and confer with the Reich & Binstock firm to coordinate the deposition of Plaintiff E.M. Cotton Decl. ¶ 9. The Reich & Binstock firm filed the complaint for Plaintiff E.M. and subsequently uploaded Plaintiff's fraudulent receipt to MDLC. Reich & Binstock responded on April 24 and took the position that it no longer represented E.M., stating that the firm had "released [her] as a client" following dismissal of her claims and took the position that it could not accept service or make representations regarding her availability. *Id.* Reich & Binstock's haste in disclaiming any responsibility following the Court's Order underscores the firm's calculated effort to insulate itself and its former clients from the consequences of the fraud perpetrated upon this Court.

In light of Reich & Binstock's position, Defendants served a subpoena upon Plaintiff E.M. for a deposition to occur on May 13 pursuant to the Court's Order. Cotton Decl. ¶ 10. Defendants also included with the subpoena a letter and a copy of the Court's April 23 Order. *Id.* The Reich & Binstock firm was also provided a copy of the materials served upon Plaintiff E.M. *Id.*

On May 13, 2026, counsel for Uber and counsel from the Reich & Binstock firm appeared for the deposition of Plaintiff E.M. Plaintiff E.M.—despite having been personally served with a subpoena for her deposition pursuant to the Court's order—willfully failed to appear. Cotton Decl. ¶ 11.  Plaintiff

3

E.M.'s absence was not the product of inadvertence or lack of notice; she was served with the subpoena, she was provided a copy of the Court's Order, and she simply chose to ignore both.

**Plaintiff N.MP.** Following entry of the Court's April 23, 2026 Order, Uber's counsel attempted to meet and confer with the Wagstaff Law Firm to coordinate the deposition of Plaintiff N.MP. Cotton Decl. ¶12. The Wagstaff Law Firm filed the complaint for Plaintiff N.MP. and subsequently uploaded Plaintiff's fraudulent receipt to MDLC. On April 24, 2026, Uber proposed that the deposition take place on May 14 and asked for information regarding Plaintiff's location. *Id.* Counsel from Wagstaff responded on April 27 that it would attempt to obtain additional information. *Id.* Counsel for Uber followed up on April 30 and May 4 in an effort to secure a deposition date before the Court-ordered deadline. Cotton Decl. ¶ 13. On May 4, counsel from Wagstaff responded that it had not confirmed Plaintiff's availability but confirmed the proposed deposition date of May 14 worked for Plaintiff's counsel. *Id.* On the same day, in light of the deadline set by the Court, Defendants served a notice for the deposition Plaintiff N.MP. to take place on May 14, 2026. *Id.* Counsel for Uber followed up again on May 11 and May 12 to confirm whether Plaintiff had been contacted and would appear. Cotton Decl. ¶ 14. On May 12, a mere two days before the scheduled deposition, counsel from Wagstaff indicated it anticipated filing a notice of dismissal with prejudice and brazenly took the position that the deposition could be "taken down." *Id.* In other words, Wagstaff's position was that a Plaintiff who submitted a fraudulent receipt to this Court could simply dismiss her case on the eve of her court-ordered deposition and thereby escape all accountability for the fraud. Counsel for Uber correctly advised that the deposition would proceed because the Court's April 23 Order anticipated both the dismissal of the case in light of the fraudulent submission and a deposition addressing issues relating to the fraudulent receipt, including, how the Plaintiff became involved in the litigation, how the fraudulent receipts were generated and distributed, and who else was involved in or aware of the fraud. *Id.*, ECF 5970.

On May 13, 2026—the day before the scheduled deposition—Plaintiff N.MP. unilaterally filed a notice of dismissal with prejudice in what can only be characterized as a transparent attempt to evade the Court's Order. Cotton Decl. ¶ 15. The timing is no coincidence: Plaintiff waited until the last

4

possible moment, after her counsel had already indicated an intention to frustrate the deposition. Counsel for Uber communicated to Plaintiff N.MP.'s counsel at the Wagstaff firm that the deposition had been properly noticed prior to dismissal and that Uber intended to proceed with the deposition ordered by the Court as previously noticed. *Id.*

On May 14, 2026, Plaintiff N.MP. did not appear for her noticed deposition. Cotton Decl. ¶ 16.   On May 19, 2026, the Wagstaff law firm sent a letter to Uber's counsel which confirmed that they had provided a copy of the deposition notice and a copy of the Court's April 23 Order to Plaintiff N.MP. prior to dismissal of her claims, thus confirming that Plaintiff N.MP. had full knowledge of her obligations under the Court's Order and chose to disregard them entirely. Cotton Decl. ¶ 17. The Wagstaff firm has never provided an address for Plaintiff N.MP. in a Plaintiff Fact Sheet or any other submission and again refused to do so in the May 19 letter, further obstructing Uber's ability to enforce the Court's Order. *Id.* The Wagstaff firm's continued refusal to provide even basic contact information—an address for this plaintiff for whom the firm produced a fraudulent receipt, effectively shields Plaintiff N.MP. from the reach of this Court and makes a mockery of its authority while undermining Uber's ability to serve a subpoena.

### **ARGUMENT**

**A. The Court should enforce its March 9, 2026 order and compel Plaintiffs R.N.02 and C.C to appear for their Court-ordered depositions.**

Federal Rule of Civil Procedure 37(b)(2) states that, where a party "fails to obey an order to provide or permit discovery," a court "may issue further just orders." *See also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). These orders may include orders to exclude evidence, strike pleadings, or even dismiss actions, Fed. R. Civ. P. 37(b)(2), but "courts have broad discretion to fashion an appropriate sanction for conduct which abuses the judicial process." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 Fed. App'x 238, 244 (9th Cir. 2021) (internal quotation omitted). This can include ordering additional discovery. *See, e.g., Hardin v. Mendocino Coast Dist. Hosp.,* No. 17-cv-05554, 2019 WL 4256383, at

5

*3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel is an order compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.,* No. 17-cv-4787, 2018 WL 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37).

"Compliance with court orders is not optional." *Narula v. Orange Cnty. Superior Ct.*, No. 8:19-cv-00133, 2021 WL 2406810, at *4 (C.D. Cal. May 3, 2021). This includes court-ordered deadlines. *21st Century Brands Ltd. v. RTW Retailwinds Acquisition LLC,* No. 22-cv-07539, 2024 WL 5504878, at *1 (N.D. Cal. March 12, 2024) ("Deadlines are not optional. If a party cannot meet a deadline, that party should meet and confer with the other side and shall request leave of Court reasonably before the deadline passes to extend the time."). Here, the Court's March 9 Order set a clear deadline, April 8, 2026, for Plaintiffs R.N.02 and C.C. to submit to a deposition not to exceed three hours regarding how they became involved in the litigation, how their fraudulent receipts were generated and distributed, and who else was involved in or aware of the fraud described in Defendants' underlying motion. ECF 5454; ECF 5970. Plaintiffs' failure to appear for and complete their depositions by that deadline is a clear violation of this Court's orders, and this Court should compel them to comply with the order. *See Tangle, Inc. v. Boxgear Int'l, LLC,* No. 23-cv-04573, 2025 WL 346083, at *1 (N.D. Cal. Jan. 30, 2025) (finding violation of court order under Rule 37 where party failed to produce documents by court-ordered deadline).

Because Plaintiffs R.N.02 and C.C. failed to appear for their duly noticed depositions, this Court should order them to appear for their depositions within 30 days or be found in contempt of Court.

**B. Plaintiffs E.M. and N.MP. should be found in civil contempt of court.**

Plaintiff E.M. and N.MP. both had notice of the applicable Court Order to appear for deposition and their individual depositions scheduled in light of that Order, but they refused to appear for deposition or otherwise comply with the Court's Order.[4] Under 18 U.S.C. § 401(3), "a court is empowered to enforce compliance with its orders through civil contempt." *Lang v. Walmart, Inc.,* No.

---

[4] As discussed above, Plaintiffs R.N.02 and C.C. might not have had notice of the Court's March 9 Order or their noticed depositions, because the Reich & Binstock firm refused to cooperate with respect to the scheduling of these depositions and service of subpoenas could not be achieved.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

22-CV-02784, 2025 WL 638589, at *4 (E.D.N.Y. Feb. 27, 2025). This includes orders to sit for depositions where a party has failed "to take all reasonable steps within the party's power to comply." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 289 F.R.D. 548, 552 (N.D. Cal. Feb. 19, 2013). A contempt order is considered civil when its purpose is "to compensate for the costs of the contemptuous conduct or to coerce future compliance with the court's order." *Portland Feminist Women's Health Center v. Advocates for Life, Inc.,* 877 F.2d 787 (9th Cir. 1989). And civil contempt may appropriately be used to get a party to make good faith efforts to comply with a discovery request. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992); *Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-cv-420, 2012 WL 2551000, at *15 (E.D. Cal. June 22, 2021) (using civil contempt to encourage witnesses to appear for depositions). Civil contempt is appropriate on a showing by clear and convincing evidence that a party violated a specific and definite order of the court. *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D. Cal. 2004) (citing *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)).

Here, there can be no dispute that Plaintiffs E.M. and N.MP. have each violated a specific and definite order of the court. Both were ordered to sit for a deposition within 30 days of a court order. ECF 5970. Both had actual, confirmed notice of this Court's order applicable to each.  Plaintiff E.M. was personally served with a subpoena and a copy of the Court's April 23 Order. Cotton Decl. ¶ 10. Plaintiff N.MP. was provided a copy of the deposition notice and a copy of the Court's April 23 Order by her counsel.  Cotton Decl. ¶ 17.  Neither Plaintiff appeared for their deposition. Although each Plaintiff can be permitted the opportunity to "demonstrate why [she was] unable to comply," *Oliner*, 305 B.R. at 520, neither has, to date, made an effort to justify their non-compliance and has completely failed to respond to this Court's order in any way. Their silence in the face of a direct court order is itself contemptuous. The Court can, and should, impose sanctions to prevent Plaintiff E.M. and Plaintiff N.MP. from simply ignoring its orders with impunity. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1106 (9th Cir. 2005) (affirming imposition of sanctions to prevent "an intentional efforts, reckless and in bad faith . . . to ignore the court's order"); *Buccola v. Boucher*, No. 22-cv-3877, 2024 WL 4584-35, at *4 (N.D. Cal Oct. 24, 2024) (granting sanctions because none of the plaintiff's excuses

DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

"speak to why [she] could willingly ignore a Court order"). This Court's April 23 Order was unequivocal about the obligations imposed upon these Plaintiffs, ECF 5970, and their total disregard for it warrants immediate judicial intervention.

Given Plaintiff E.M.'s and Plaintiff N.MP.'s non-compliance, Uber requests that the Court find both in contempt and order them to pay monetary sanctions that would accumulate until such time as each has complied with the Court's previous order to sit for a deposition. *See Lopez v. Lee*, No. 23-cv-3660, 2025 WL 3248750, at *3 (N.D. Cal. Nov. 21, 2025) (ordering witness "to show cause why a civil contempt sanction should not issue and monetary sanctions be imposed . . . lifting upon [his] appearance at his deposition"); *Yan v. Fu*, No. 11-cv-1814, 2022 WL 18402460, at *1 (N.D. Cal. Nov. 21, 2022) (sanctioning party $500 per day until he complied with discovery order); *Proofpoint, Inc. v. Vade Secure*, Inc., No. 19-cv-4238, 2020 WL 6591210, at *5 (N.D. Cal. Nov. 11, 2020) (sanctioning a party "in the sum of $2,500.00 per day until" it has "certified to the court in writing" that it has complied with discovery order, but noting that payment would be excused if compliance was achieved by certain date).

A fine that accumulates until such time as Plaintiff E.M. and Plaintiff N.MP. comply with this Court's orders is an appropriate use of this Court's authority to ensure compliance with its orders. Monetary fines are a less extreme sanction than others available to this Court for civil contempt. *See Backertop Licensing LLC v. Canary Connect, Inc.*, No. CV 22-572-CFC, 2023 WL 5348827, at *5 (D. Del. Aug. 21, 2023) ("A fine also comports with the principle that 'in contempt proceedings courts should never exercise more than the least possible power adequate to the end proposed.'" (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 332 (1947) (Black, J., concurring in part and dissenting in part)). This Court should, in its discretion, impose sanctions on Plaintiffs E.M. and N.MP. adequate to motivate them to comply with its order and finally appear at their depositions.

**C. The Reich & Binstock and Wagstaff Law Firms should be required to facilitate Plaintiffs R.N.02, C.C., E.M. and N.MP.'s compliance with the Court's orders.**

The Reich & Binstock and Wagstaff firms submitted fraudulent receipts in support of Plaintiff C.C.'s, R.N.02's, E.M.'s, and N.MP.'s claims. The Reich & Binstock firm has represented other

8

Plaintiffs in this MDL that have submitted fraudulent receipts, and the Wagstaff firm has similarly represented at least one other Plaintiff in the Uber JCCP who has submitted a fraudulent receipt. *See e.g.* ECF 4440 & ECF 5447. These firms were not passive bystanders to their clients' fraud—they were the very instrumentalities by which the fraudulent receipts were submitted to this Court. Having served as the conduit for the fraud, Reich & Binstock and Wagstaff cannot now wash their hands of the consequences by hiding behind the fiction that dismissal of their clients' claims severed all obligations. Their position that they no longer represent these Plaintiffs and will not facilitate Court-ordered depositions is not merely untenable, but an affront to this Court's authority and a transparent attempt to obstruct the Court's investigation into a fraud that these firms helped perpetuate.

"An attorney may not withdraw as counsel except by leave of court." *Int'l Petroleum Prods. & Additives Co., Inc. v. Black Gold S.A.R.L.,* No. 19-cv-3004, 2022 WL 4094136, at *1 (N.D. Cal. Aug. 16, 2022). Reich & Binstock and the Wagstaff firms have neither requested nor received leave to withdraw, they have simply declared themselves uninvolved, without any judicial authorization whatsoever. Any such motion should be denied because withdrawal here "would work an injustice or cause undue delay in the proceeding." *TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020). Nor can Reich & Binstock or Wagstaff evade their duties to this Court by attempting to step aside only after the fraud issue surfaced. The timing of their purported disengagement, coinciding precisely with the Court's orders requiring depositions about the fraud, speaks volumes about their intent. Attorneys owe duties not just to clients but to the Court, including a "duty to supervise and, if necessary, directly obtain documents from clients for discovery." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.,* No. 22-md-3047, 2024 WL 4125618, at *82 (N.D. Cal. Sept. 6, 2024). California Rule of Professional Conduct 3.4 flatly prohibits lawyers from unlawfully obstructing access to evidence, including witnesses, or suppressing evidence their clients are legally obligated to produce. By refusing to facilitate depositions ordered by the Court, declining to provide their clients' information, and suggesting that Court-ordered depositions can simply be "taken down" upon dismissal, these firms have done precisely what Rule 3.4 forbids. This Court should order the Reich & Binstock and Wagstaff law firms to facilitate

9

compliance with the Court's prior orders.

## CONCLUSION

This Court's Orders left no room for ambiguity. Plaintiffs E.M. and N.MP. were required to appear for depositions regarding their participation in fraud upon this Court. Both had confirmed knowledge of their obligations under the April 23 Order, and both chose to ignore the Court entirely—neither appeared for her deposition, neither filed a written response, and neither has offered any explanation for her flagrant defiance. Under these circumstances, immediate contempt findings and enforcement measures are not merely appropriate, but necessary to uphold the Court's authority and to send an unambiguous message that litigants cannot perpetrate fraud upon this Court and then simply walk away when called to account. Accordingly, this Court should enter an order (1) finding Plaintiff E.M. and N.MP. in civil contempt of court, and (2) enforcing this Court's prior order, including by imposing daily monetary sanctions as necessary to achieve compliance on the part of Plaintiff E.M. and Plaintiff N.MP.

Plaintiffs C.C. and R.N.02 did not appear for their noticed depositions, a failure directly attributable to their counsel's refusal to cooperate in the scheduling of those depositions despite this Court's Order. The Court should order these Plaintiffs to appear for their depositions consistent with the Court's March 9 Order. If they do not appear for depositions within 30 days, they should be found in contempt of Court.

Further, the Reich & Binstock and Wagstaff law firms, which uploaded the very fraudulent receipts that triggered this Court's Order, should be ordered to cooperate with Defendants' efforts to schedule and provide notice of these depositions. These firms cannot be permitted to frustrate the Court's investigation into fraud that they themselves facilitated.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

DATED: June 2, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ Christopher V. Cotton

CHRISTOPHER V. COTTON
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

11

DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

**<u>PROOF OF SERVICE</u>**

I hereby certify that on June 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Christopher V. Cotton*
Christopher V. Cotton

DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB