Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE COURT'S MARCH 9, 2026 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT** |
| This Document Relates to: | |
| *R.N.02 v. Uber Technologies., Inc., et al.*, No. 3:25-cv-07097-CRB | Judge:    Honorable Charles R. Breyer |
| *E.M. v. Uber Technologies, Inc., et al,* No. 3:25-cv-08451-CRB | |
| *C.C. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-08442-CRB | |
| *N.MP. v. Uber Technologies, Inc., et al,* No. 3:25-cv-10776-CRB | |

DECLARATION OF CHRISTOPHER V. COTTON ISO MOTION TO ENFORCE THE COURT'S MARCH 9 AND
APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-md-03084-CRB

**DECLARATION OF CHRISTOPHER V. COTTON**

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1.      I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Defendants") Motion for a Finding of Contempt and to Enforce the Court's March 9, 2026 and April 23, 2026 Orders.

2.      I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of Iowa, the Bar of the State of Missouri, and the Bar of the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3.      On March 9, 2026, this Court ordered Plaintiffs R.N.02 and C.C. to show cause why their claims should not be dismissed with prejudice based on a showing that they had submitted non-bona fide receipts. ECF 5454. The Court further ordered that they (1) file a written response no later than March 30, 2026 "specifically address[ing] the factual and legal basis for the submission of the non-bona fide receipts and why the conduct does not warrant dismissal;" and (2) submit within 30 days to a deposition not to exceed 3 hours relating to "how the Plaintiffs became involved in the litigation, how the fraudulent receipts were generated and distributed, and who else was involved in or aware of the fraud." *Id.* The Court entered a separate order on April 23, 2026 imposing the same requirements on Plaintiffs E.M. and N.MP., except that E.M. and N.MP. were required to file a written response by May 21, 2026.

4.      Plaintiffs never filed any written responses addressing their submissions of non-bona fide receipts or why their conduct did not warrant dismissal.  Likewise, none of the Plaintiffs at issue ever denied that their receipts were fraudulent.

5.      Following entry of the Court's March 9 Order, Uber's counsel attempted to meet and confer with the Reich & Binstock Law Firm to coordinate the depositions of Plaintiffs C.C. and

1

DECLARATION OF CHRISTOPHER V. COTTON ISO MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

R.N.02. Exhibit A (emails between C. Cotton and Andrew Holcomb and Dennis Reich, March 12-16, 2026). Thereafter, on March 17, Defendants served notices for the depositions of these Plaintiffs on Reich & Binstock to take place on April 7. Exhibit B (email from D. Hillburn to D. Reich (Mar. 17, 2026, 1:29 p.m.)) (notices of deposition attached).

6.    After service of the notices of deposition, the Reich & Binstock Law Firm took the position that they no longer represent Plaintiffs C.C. and R.N.02 because those Plaintiffs' claims have been dismissed. *See* Exhibit A (email from A. Holcomb to C. Cotton (Mar. 18, 2026, 11:46 a.m.)).

7.    Though Defendants disagreed with Reich & Binstock's position and that firm's refusal to facilitate the depositions of Plaintiffs subject to this Court's March 9 Order, out of an abundance of caution, Defendants attempted to serve third-party deposition subpoenas on Plaintiffs C.C. and R.N.02, but service could not be completed despite repeated attempts. Plaintiffs C.C. and R.N.02 did not appear for their noticed depositions.

8.    Counsel from Reich & Binstock appeared remotely at the depositions. At the proceeding for Plaintiff R.N.02, on April 7, when counsel for Uber asked counsel from Reich & Binstock whether they were "willing to assist [Defendants] in serving a subpoena on [their] former client?", counsel from the Reich & Binstock firm stated that "wouldn't really be [their] role." *See* Exhibit C (Pl. R.N.02 Dep. Tr., 7:1-5 (Apr. 7, 2026)).

9.    After entry of the April 23, 2026 Order, on April 24, Uber's counsel attempted to meet and confer to coordinate Plaintiff E.M.'s deposition with the Reich & Binstock firm. Exhibit D (emails between C. Cotton and A. Holcomb (Apr. 24, 2026)).  Reich & Binstock responded later that same day that it no longer represented E.M., stating that the firm had "released [her] as a client" following dismissal of her claims and could not accept service or make representations regarding her availability. *Id.* (email from A. Holcomb to C. Cotton (Apr. 24, 2026, 9:04 p.m.)).

10.    In light of Reich & Binstock's position, Defendants served a subpoena upon Plaintiff E.M. for a deposition to occur on May 13 pursuant to the Court's Order. Defendants also included with the subpoena a letter and a copy of the Court's April 23 Order. Exhibit I (Subpoena and Proof of

2

DECLARATION OF CHRISTOPHER V. COTTON ISO MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-md-03084-CRB

Service). The Reich & Binstock firm was also provided a copy of the materials served upon Plaintiff E.M.

11. On May 13, 2026, counsel for Uber appeared at the deposition in person, while counsel from Reich & Binstock appeared remotely. E.M.—despite having been personally served—failed to appear. *See* Exhibit E (Pl. E.M. Dep. Tr., 4:1-9:8 (May 13, 2026)).

12. Following entry of the Court's April 23, 2026 Order, Uber's counsel attempted to meet and confer with the Wagstaff Law Firm to coordinate the deposition of Plaintiff N.MP. On April 24, 2026, Uber proposed that the deposition take place on May 14 and asked for information regarding Plaintiff's location. Exhibit F (email from C. Cotton to S. Luther & T. Doyle (Apr. 24, 2026, 2:13 p.m.)). Counsel from Wagstaff responded on April 27 that it would attempt to obtain additional information. Exhibit F (email from T. Doyle to C. Cotton (Apr. 27, 2026)).

13. Counsel for Uber followed up on April 30 and May 4 in an effort to secure a deposition date before the Court-ordered deadline. *Id.* (email from C. Cotton to T. Doyle (Apr. 30, 2026, 11:52 a.m.); email from C. Cotton to T. Doyle (May 4, 2026, 8:56 a.m.)). On May 4, counsel from the Wagstaff firm responded that it had not confirmed Plaintiff's availability but confirmed the proposed deposition date of May 14 worked for Plaintiff's counsel. *Id.* (email from T. Doyle to C. Cotton (May 4, 2026, 10:49 a.m.)). On the same day, in light of the deadline set by the Court, Defendants served a notice for the deposition of Plaintiff N.MP. to take place on May 14, 2026.

14. Counsel for Uber followed up again on May 11 and May 12 to confirm whether Plaintiff had been contacted and would appear. *Id.* (email from C. Cotton to T. Doyle (May 11, 2026, 12:28 p.m.); email from C. Cotton to T. Doyle (May 12, 2026, 7:54 a.m.)). On May 12, counsel from the Wagstaff firm indicated it anticipated filing a notice of dismissal with prejudice and took the position that the deposition could be "taken down." *Id.* (email from T. Doyle to C. Cotton (May 12, 2026, 4:35 p.m.)). Counsel for Uber advised that the deposition would proceed because the Court's April 23 Order anticipated both the dismissal of the case in light of the fraudulent submission and a deposition addressing issues relating to the fraudulent receipt, including, how the Plaintiff became involved in the litigation, how the fraudulent receipts were generated and distributed, and who else

DECLARATION OF CHRISTOPHER V. COTTON ISO MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-md-03084-CRB

was involved in or aware of the fraud. *Id.* (email from C. Cotton to T. Doyle (May 13, 2026, 10:23 a.m.)).

15.     On May 13, 2026, Plaintiff N.MP. unilaterally filed a notice of dismissal with prejudice. That same day, the Wagstaff firm took the position that Plaintiff likely could not be deposed following dismissal and that it would not accept service of further discovery. *Id.* (E-mail from T. Doyle to C. Cotton (May 13, 2026, 3:24 p.m.)). Counsel for Uber communicated to Plaintiff N.MP.'s counsel at the Wagstaff firm that the deposition had been properly noticed prior to dismissal and that Uber intended to proceed with the deposition ordered by the Court as previously noticed. *Id.* (E-mail from C. Cotton to T. Doyle (May 13, 2026, 9:24 p.m.)).

16.     On May 14, 2026, Plaintiff N.MP. did not appear for her noticed deposition. *See* Exhibit G (Pl. N.MP. Dep. Tr., 4:3-6:4 (May 14, 2026)).

17.     On May 19, 2026, the Wagstaff law firm sent a letter to Uber's counsel which confirmed that they had provided a copy of the deposition notice and a copy of the Court's April 23 Order to Plaintiff N.MP. In the letter, the Wagstaff firm again refused to provide an address for Plaintiff N.MP. Exhibit H (Letter from Sommer D. Luther to C. Cotton (May 19, 2026)).

I declare under penalty of perjury under the laws of the State of Missouri that the foregoing is true and correct. Executed on June 2, 2026, in Kansas City, Missouri.

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
(admitted *Pro Hac Vice*)
ccotton@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER,
LLC, and RASIER-CA, LLC

4

DECLARATION OF CHRISTOPHER V. COTTON ISO MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT