# C. COTTON DECL. EXHIBIT C

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * *

IN RE: UBER
TECHNOLOGIES, INC.,
PASSENGER SEXUAL
ASSAULT LITIGATION

CASE NO.
3:23-md-03084-CRB

This Document
Relates to:

R.N.02 v. Uber
Technologies, Inc.,
et al.,
3:25-cv-07097

* * * * * * * * * * * * * * * * * * * * * * * * *

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

SCHEDULED VIDEO DEPOSITION OF
█████████████

Tuesday, April 7, 2026
Commencing at 9:30 a.m.
At the Holiday Inn Downtown-Superdome
330 Loyola Avenue, New Orleans, Louisiana.
Reported By:  CRYSTAL BALLAST, CCR, RPR

Job No. CS7967130

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 2

I N D E X

                                    Page

Caption                             1

Appearances                         3

Reporter's Certificate              10

Page 3

A P P E A R A N C E S:

Representing DEFENDANT UBER TECHNOLOGIES, INC.:
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO  64108-2613
816-474-6550
Tsexton@shb.com
Ccotton@shb.com

    BY:  TERRENCE J. SEXTON
         CHRISTOPHER COTTON (Via Zoom)


Also Present:
  ALBERT BONGARD, Videographer
  ANDREW HOLCOMB, Reich & Binstock (Via Zoom)

Reported by:  Crystal Ballast, CCR, RPR
              Certified Court Reporter
              In and for the State of
              Louisiana and Registered
              Professional Reporter

Page 4

MR. SEXTON:

Good morning.  This is Terry Sexton with Shook, Hardy & Bacon on behalf of Uber Technologies.

On March 9th, 2026, the Court ordered ████████, referenced in the pleadings by her initials, R.N.02, or by her MDL identification number, 3879, to appear for a deposition in this matter by April 8th. ████████ counsel from the Reich & Binstock law firm is aware of this order and the obligation for her to appear for deposition.

Counsel for Uber, specifically my law firm, communicated with Reich & Binstock regarding the scheduling of this deposition in light of the Court's order.  Uber served a notice for the deposition of ████████ on the Reich & Binstock law firm on March 17, 2026.

The deposition was noticed to begin today at 9 a.m. at the Holiday Inn Downtown in New Orleans, Louisiana, at 330 Loyola Street.

It's been 30 minutes since the notice start time, and the witness has failed to

Page 5

appear.

After the service of the deposition notice back on March 17th, Reich & Binstock advised my law firm that they no longer represent ████████ in this matter.

My understanding is that the Reich & Binstock law firm did not provide the deposition notice to their former client, ████████.

In light of the position taken by the Reich & Binstock firm, Uber has attempted to serve a subpoena on ████████ but efforts to serve that subpoena on her have been unsuccessful.

Again, we're now more than 30 minutes past the notice start time for this deposition.  I'm prepared to proceed, both the court reporter and the videographer are here, and ████████ has not appeared.

I'm not aware of any communications from ████████ indicating that she is running late or that she intends to appear.

I do believe that on the Zoom connection there is counsel present from the Reich & Binstock law firm, and I would just ask if

2 (Pages 2 - 5)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 6

they're aware of any information to the contrary; that is, do you have any information that suggests that ▮▮▮▮▮ is on her way and intends to appear today?

MR. HOLCOMB:

No. I haven't had any communications with Ms. R.N. since she's been dismissed by the firm and her case was dismissed by Uber.

MR. SEXTON:

I'm sorry. I -- we didn't quite get that, Andrew. Would you say that again, please?

MR. HOLCOMB:

Yeah, sure. Can you hear me?

MR. SEXTON:

Yeah. We're having some speaker trouble, though, so if you can try that one more time?

Thank you.

MR. IIOLCOMB:

Sure.

I haven't had any communications with my former client since her case was dismissed, so, whatever date that was, no, I haven't had any communications with this person.

MR. SEXTON:

Page 7

Okay. Andrew, are you willing to assist us in serving a subpoena on your former client?

MR. HOLCOMB:

No. That wouldn't really be my role.

You know, I would kind of ask what efforts you guys took to have the subpoena served, you know. I don't know what you guys did to have that subpoena served.

MR. SEXTON:

Yeah. We gave the subpoena to a process server and have had process servers out looking for your client, or your former client, and they've made repeated attempts to reach her but have been unsuccessful.

It may be that we don't have current address information for her. If you've got some additional information -- contact information that we can use to serve a subpoena on her, we'd be grateful to receive that.

MR. HOLCOMB:

I don't.

MR. SEXTON:

All right. Is there anything else you

Page 8

want to say, Andrew?

MR. HOLCOMB:

I don't think so.

MR. SEXTON:

Okay. All right.

Well, Judge Breyer ordered Plaintiff ▮▮▮▮ ▮▮▮ o appear for a deposition in his order dated March 9th, 2026, at docket entry 5454.

The deposition notice was properly served on the counsel firm for ▮▮▮▮▮▮ on that date. ▮▮▮▮▮ has failed to appear for her properly noticed deposition, and Uber will seek appropriate relief, including sanctions, pursuant to Federal Rule 37(a), and with that, we'll go off the record.

Thank you very much.

(Adjourned at 9:35 a.m.)

* * * * * * *

Page 9

REPORTER'S PAGE

I, Crystal Ballast, Certified Court Reporter in and for the State of Louisiana, the officer as defined in Rule 28 of the Federal Rules of Civil Procedure and/or Article 1434 (B) of the Louisiana Code of Civil Procedure, before whom this sworn testimony was taken, do hereby state on the record;

That due to the interaction in the spontaneous discourse of this proceeding, dashes (--) have been used to indicate pauses, changes in thought, and/or talkovers; that ellipses (...) have been used to indicate a trailing off of the speaker's thought; that same is the proper method for a Court Reporter's transcription or proceeding, and that dashes (--) and ellipses (...) do not indicate that words or phrases have been left out of this transcript; that any words and/or names which could not be verified through reference material have been denoted with the phrase "phonetic."

*Crystal Ballast CCR,RPR*

CRYSTAL BALLAST, 2012-009
CERTIFIED COURT REPORTER
REGISTERED PROFESSIONAL REPORTER

3 (Pages 6 - 9)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 10

REPORTER'S CERTIFICATE
Certification is valid only for a transcript accompanied by my original signature and original required seal or my certified digital signature on this page.

I, Crystal Ballast, Certified Court Reporter in and for the State of Louisiana, and Registered Professional Reporter, as the officer before whom the foregoing was taken, do hereby certify that the foregoing was reported by me in the stenotype reporting method, was prepared and transcribed by me or under my personal direction and supervision, and is a true and correct transcript to the best of my ability and understanding; that the transcript has been prepared in compliance with transcript format guidelines required by statute or by rules of the board, and that I am informed about the complete arrangement, financial or otherwise, with the person or entity making arrangements for deposition services; that I have acted in compliance with the prohibition on contractual relationships, as defined by Louisiana Code of Civil Procedure Article 1434 and in rules and advisory opinions of the board; that I have no actual knowledge of any prohibited employment or contractual relationship, direct or indirect, between a court reporting firm and any party litigant in this matter nor is there any such relationship between myself and a party litigant in this matter. I am not related to counsel or to the parties herein, nor am I otherwise interested in the outcome of this matter.

*Crystal Ballast CCR RPR*

CRYSTAL BALLAST, CCR -009
CERTIFIED COURT REPORTER
REGISTERED PROFESSIONAL REPORTER

4 (Page 10)