Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
AND RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*See Exhibit B to [ECF 6197]* | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE**<br><br>Date:          July 10, 2026<br>Time:          10:00 a.m.<br>Courtroom:   6 – 17th Floor |

DEFENDANTS' REPLY ISO MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On May 13, 2026, Defendants filed a motion seeking an order dismissing with prejudice the claims of 6 Plaintiffs and converting orders of dismissal without prejudice for 3 Plaintiffs. ECF 6192. Each of the Plaintiffs included in Defendants' motion were found by this Court to have submitted a non-bona fide receipt. *See* ECF 4440, ECF 5454. On May 26, 2026, counsel for Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf") filed a response of non-opposition to Uber's Motion to Dismiss with Prejudice (ECF 6192) Plaintiff A.G.'s claim in light of the fraud on the Court and Defendants. On May 27, 2026, counsel for Wagstaff Law Firm filed a response in opposition to Uber's Motion to Convert (ECF 6192) Plaintiffs M.J. and G.M.'s orders of dismissal without prejudice to orders of dismissal with prejudice. ECF 6307. No other firm subject to ECF 6192 has filed a response.

In Wagstaff's response, counsel represented to the Court that "circumstances outside of counsel's control have made [Plaintiffs M.J. and G.M.'s] cases exceptionally difficult to manage[,]" and that counsel "has been unable to reach these Plaintiffs [for months], despite repeated attempts to contact them through various means." ECF 6307 at 2. Indeed, since January 23, 2026, counsel has made at least 15 attempts to contact Plaintiff M.J. ("at least 5 phone calls, 5 emails, letters, and 5 text messages") and at least 33 attempts to contact Plaintiff G.M. ("at least 11 phone calls, 11 emails, letters, and 11 text messages")—all evidently with no response. *See* ECF 6307-1 ¶¶ 4, 7. Counsel does not suggest that Plaintiffs M.J. or G.M. have taken any steps whatsoever to respond to this Court's Order to "SHOW CAUSE why their claims should not be dismissed with prejudice" after these Plaintiffs "submitted non-bona fide receipts[.]" ECF 5454; *see Amina v. WMC Mortg. Corp.,* 554 F. App'x 555, 555–56 (9th Cir. 2014) (affirming dismissal with prejudice under Rule 41 where Plaintiff failed to respond to order to show cause); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).[1]

The three arguments Wagstaff does raise are irrelevant and unsupported. ECF 6307. First, Wagstaff's failed attempts to withdraw as counsel for these Plaintiffs have no bearing on this motion,

---

[1] None of the other Plaintiffs subject to Uber's Motion to Convert (ECF 6192) have responded in opposition. For this reason alone, the Court should convert those remaining Plaintiffs to dismissals with prejudice. *See Amina*, 554 F. App'x at 555–56.

1

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE
ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

and even if Wagstaff sought to properly re-raise this issue, a pending motion to withdraw is not a bar to a court's granting of a motion to dismiss. *See, e.g., Lucero v. Ettare*, 2017 WL 2812962, at *5 (N.D. Cal. June 29, 2017) (dismissing case with prejudice and denying motion to withdraw as moot). Indeed, Uber opposed Wagstaff's withdrawal efforts at that time so that Wagstaff could respond to Uber's Motions for Orders to Show Cause (ECF 4137; ECF 4933), arguing that because these Plaintiffs had submitted fraudulent evidence, withdrawal was premature. The court agreed with Uber and denied Wagstaff's attempts to withdraw. *See* ECF 4434; ECF 5448.

Second, Wagstaff's sole citation in its opposition is to *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987), where the Ninth Circuit affirmed the dismissal of a plaintiff's case for violating a pretrial order. Wagstaff makes no attempt to connect the *Malone* court's holding to the facts here. *See* ECF 6307 at 2. Third, Wagstaff's assertion that "[t]here is no real prejudice to Uber that warrants dismissal [with prejudice]" is belied by Plaintiffs' failure to comply with this Court's order demanding they explain their "submission of [ ] non-bona fide receipts[.]" *Id.*; ECF 5454. Wagstaff raises no cognizable reason why the specter of these specious lawsuits—supported by "non-bona fide" evidence—should be allowed to linger over the docket. "Such conduct is prejudicial to the court as well; Plaintiffs' noncompliance burdens the court system with delayed proceedings, wastes judicial resources, and offends the administration of justice." Report and Recommendation of Special Master Ellen Reisman, *In Re: Uber Rideshare Cases*, No. CJC-21-005188, at 12 (Cal. Super. Ct. May 7, 2026), *adopted by* No. CJC-21-005188, slip op. (Cal. Super. Ct. May 11, 2026) (quotations omitted) ("Reisman Report").

That these same Plaintiffs are subject to a separate motion to convert their orders of dismissal to dismissals with prejudice on entirely different grounds (failure to timely submit a Plaintiff Fact Sheet under Amended PTO 10 (ECF 4287)) should not change the outcome here. ECF 5790. It gives the Court even more reason to grant Uber's requested relief because it is indicative of the time and resources the parties and Court continue to spend on fraudulent cases which Plaintiffs' counsel tried to withdraw from (*see* ECF 4258, ECF 5212), and that Plaintiffs themselves do not wish to pursue.[2]

---

[2] These Plaintiffs made a rational calculation. In math terms, plaintiffs' Expected Recovery is equal to: ((Probability of Undetected Fraud) X (Expected Payout if Fraud Undetected)) Minus ((Probability of Detected Fraud) X (Expected Loss

DEFENDANTS' REPLY ISO MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

*See* ECF 6307-1 ¶¶ 1–8. Again, these Plaintiffs did not substantively respond whatsoever to this Court's operative Orders to Show Cause. *See* ECF 5454. Notwithstanding the contention that involvement in litigation can trigger those who claim to be survivors of abuse, Plaintiffs must still meet basic obligations to pursue their cases. "[I]f such Plaintiffs choose to avail themselves of the court system through litigation, they are required to comply with Court orders." Reisman Report at 10.

Plaintiffs M.J. and G.M.'s pattern of total disengagement with their lawsuits—despite multiple court orders spurring them to action—warrants conversion of their dismissals to dismissals with prejudice.

Dated: June 3, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

---

If Fraud Is Detected)). If the Expected Recovery is greater than or equal to zero, fraud will be an economically rational choice, *ex ante*. Considering the first half of the equation (the expected benefits from fraud), artificial intelligence tools and websites like Makereceipt.com make fraud detection more difficult, and fraud-ridden settlements like L.A. County's inflate plaintiffs' hopes of a large payout. On the other side of the equation, if the sole remedy is dismissal with prejudice, Plaintiffs' expected recovery will always be positive. This will also encourage other not-yet-detected fraudulent plaintiffs to remain quiet in the hopes that Uber does not identify their fraud.

DEFENDANTS' REPLY ISO MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on June 3, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn

DEFENDANTS' REPLY ISO MOTION TO DISMISS FOR FAILURE TO COMPLY WITH SHOW-CAUSE ORDERS AND TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB