# B.2

# Exhibit A

**Joint PTO 8 Letter Regarding Outstanding S-RAD Issues – Exhibit A**

A.      **Plaintiffs request exports from the S-RAD tables located in Uber's Safety Database for each trip found in the Safety Data and each of the Bellwether Plaintiff's trips, including data found in tables starting with "srad".**

1.   **Specifically, Plaintiffs request Supply plans and scores for each trip (this should resemble the data produced in UBER_JCCP_MDL_004929682 on the "Supply plans" tab)**

Uber has represented that it only retains supply plans for 30 days on a rolling basis.  Plaintiffs request a verified writing that confirms the following:

- Supply plans are deleted after 30 days;
- Deletions happen on a rolling basis;
- This policy, to date, has never been suspended;
- This policy has been in effect since S-RAD was operationalized in the US.

In addition, Plaintiffs request a verified written explanation of how Uber calculated the average S-RAD score for each Bellwether trip, including whether the calculation was based on all trips or only trips that were completed trips.

2.   **All considered S-RAD inputs ("features")**

Plaintiffs specifically request data on all S-RAD inputs it considered implementing and Uber provided a minimal, insufficient response. Uber should be compelled to respond fulsomely to this request.

B.      *S-RAD flagging thresholds and trigger rates set for US cities from the implementation of S-RAD (in 2022) to the present*

During the parties' meet and confer, Uber represented that it is unable to produce the trigger rate for all trips represented in the underlying safety data produced to Plaintiffs. Plaintiffs request that Uber confirm this, as well as how Uber retroactively calculates trigger rates, in a verified response.

Additionally, Plaintiffs understand, based on Uber's representations during meet and confers, that thresholds are available at the trip level and geographic level. Plaintiffs also understand, based on Uber's representations, that thresholds remain the same in any given region for approximately one month, that there are different day- and night-time thresholds, and that all thresholds have been retained.

Plaintiffs request all thresholds and S-RAD scores contemporaneously applicable to all trips in the produced safety data. Plaintiffs would consider narrowing this request further, but Plaintiffs first need information about how the thresholds are applied, including the relative value of any given threshold to any other at a given time. Plaintiffs also requested a written, verified explanation of how the thresholds are derived, the distribution of thresholds nationally, the quartile of the score (or some equivalent), and how thresholds changed over time.

1

**Joint PTO 8 Letter Regarding Outstanding S-RAD Issues – Exhibit A**

**C.**    *The following information about each model version of S-RAD implemented and tested in the United States, starting from version 1, which was deployed in beta in 2022, up to the most current version:*
   1. **A list of all features included in the model**
   2. **A description of all the features in the model, similar to that was provided in the July 2025 deposition of Wong**
   3. **The weight of each feature on the overall model**
   4. **The directional impact of each feature on the S-RAD score (whether it is positive, ambiguous, or negative)**
   5. **The specific cities where the model was active, along with the duration of its activity in each city**

(this should resemble the data produced in UBER_JCCP_MDL_004929682 on the "S-RAD features" tab). Plaintiffs also request Uber confirm whether the S-RAD U.S. Regional Model ran concurrent in the U.S. to either the Global Model 1.0 or 2.0 or if they were mutually exclusive, including whether one was tested in shadow mode, and if there was any sub-division of the U.S. Regional model.

Plaintiffs request Uber confirm whether inputs that were used in S-RAD beta testing were retained and, if so, if those can be identified for production. Plaintiffs request Uber confirm in verified writing that none of the Bellwether Plaintiffs were included in beta S-RAD testing.

**D.**    *All data and documents related to "slip-throughs," including Type 1 and Type 2 slip-throughs from the S-RAD program, and all supply plan information for the trips that were above the flagging thresholds and ultimately dispatched to a rider. For this subset of trips, such information should include:*

   1. **SRAD nudges that were sent as part of these trips, including tables labeled "srad_trip_nudges"**
   2. **Data relating to Ride Check that was recorded by Uber relating to these trips, including tables labeled secure_safety.ride_check_incident_rider_log**

Plaintiffs request Uber confirm in verified writing that "S-RAD nudges" were never used, tested, or implemented in the United States.

**E.    Provide a date for the 30(b)(6) deposition testimony of Sunny Wong following Uber's verified answers to these questions and production of this information.**