# D.15

# <u>Exhibit Q</u>

# EXHIBIT 48

## EXHIBIT FILED UNDER SEAL

Docusign Envelope ID: F4739D13-FEE4-4051-9636-A3553B8B5B94

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

LAURA VARTAIN (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
|---|---|
| | **DECLARATION OF TODD GADDIS** |
| This Document Relates to: | Judge:        Hon. Lisa J. Cisneros |
| ALL ACTIONS | Courtroom:  G – 15th Floor |

DECLARATION OF TODD GADDIS

Case No. 3:23-MD-3084-CRB

Docusign Envelope ID: F4739D13-FEE4-4051-9636-A3553B8B5B04

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

I, Todd Gaddis, hereby declare and state:

1. I am a Manager II, Data Science, at Uber Technologies Inc. ("Uber"). I have been employed at Uber since September 2014, and I have held my current position since March 2021. I previously held the positions of Manager, Data Analytics; Data Analyst II; Claims Analyst; and Claims Advocate at Uber. Over the course of my employment at Uber, I have acquired personal knowledge of Uber's systems and data sources relating to safety incident reporting.

2. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Uber's systems and data sources relating to safety incident reporting and/or informed conversations with other knowledgeable employees at Uber. If called upon as a witness in this action, I could and would testify competently to the matters discussed in this declaration.

**Jira and Bliss**

3. Uber has previously disclosed fields, and provided convenience descriptions, associated with SAFE Jira ticket data, Bliss Actions, and Bliss Messages that Uber has used in connection with alleged sexual assault and sexual misconduct incidents reported to Uber. *See* Convenience Descriptions (Aug. 23, 2024; Mar. 24, 2025); Katherine McDonald Certification (Feb. 25, 2025); Katherine McDonald Certification (Jan. 10, 2025).

4. In September 2024, Uber produced, through BDO, data from the Bliss Actions, Bliss Messages, and Jira data tables relating to alleged incidents of sexual assault and sexual misconduct possibly reported against independent drivers from 2017-2022. In January 2025, Uber produced, through BDO, data from the Bliss Actions, Bliss Messages, and Jira data tables relating to alleged incidents of sexual assault and sexual misconduct, regardless of reported-against party, from the same time period, as well as all data from the Jira Comments data table related to such incidents. In March 2025, Uber corrected a clerical error in the data and also, at Plaintiffs' request, produced, through BDO, combined data tables for, respectively, Bliss Actions, Bliss Messages, Jira, and Jira Comments, preserving in metadata the original table name so Plaintiffs could determine if a report was possibly made against an independent driver.

2

DECLARATION OF TODD GADDIS

Case No. 3:23-MD-3084-CRB

Docusign Envelope ID: F4739D13-FEE4-4051-9636-A3553B8B5B04

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

5.      For the period 2017 through the present, Uber has exclusively used Bliss and Jira as the source systems for recording reported incidents of sexual assault and sexual miscoduct. As discussed further below, for any particular reported incident of sexual assault or sexual misconduct, Uber maintains – in its data warehouse and/or other systems – other data relating to the rider, driver, or other characteristics of the trip at issue. Uber may use such data (or inferences based on such data) in its analyses of reported incidents of sexual assault and sexual misconduct.

6.      Uber maintains, reviews and analyzes on an ongoing basis data from a variety of sources related to trips, independent drivers, and riders to conduct its business.

### Flack

7.      Flack does not contain any data from the sexual assault or sexual misconduct incident reports themselves that are not also stored in Jira and Bliss for incidents from 2017 to present.

8.      Uber employees do not input any data, including sexual assault or sexual misconduct incident report data, into Flack. Rather, Flack aggregates and consolidates data from various sources, and Flack is used to create logical inferences from that data.

9.      For example, as Uber's corporate designee, Katherine McDonald, testified on April 24, 2025, if there are multiple reports for a single incident (*e.g.*, a Jira ticket and one or more Bliss tickets or multiple Bliss tickets), Flack uses a logic to consolidate those tickets into a single "event." The logic, broadly speaking, prioritizes Jira tickets over Bliss tickets and Bliss tickets with more characters over Bliss tickets with fewer characters. The consolidation is not the result of an analysis or an adjudication determining the "correct" classification, but rather reflects the application of the logic. This consolidation is reflected in fields referencing "dominant ticket" in Flack, as identified and described in the attached listing of fields.

10.      In addition, as Uber's corporate designee, Katherine McDonald, testified on April 25, 2025, Flack also applies a logic related to which party in a given incident is possibly or probably "reported against" by identifying which party was the first to report. Like with the "dominant ticket," "reported against" is not the result of an analysis or an adjudication determining the "correct" party reported against, but rather reflects the application of the logic. This logic is

3

DECLARATION OF TODD GADDIS

Case No. 3:23-MD-3084-CRB

Docusign Envelope ID: 54739D13-5EE4-4051-9636-A3553B8B5B04

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

reflected in fields referencing "reported against" in Flack, as identified and described in the attached listing of fields.

11.    Attached is a listing of the fields, along with descriptions, from Flack's on trip incidents database table, which consolidates and aggregates data that is used to create logical inferences, that Uber has used in connection with alleged sexual assault and sexual misconduct incidents reported to Uber. These fields are primarily derived from the same Bliss and Jira fields that Uber produced to Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this Declaration on August 18, 2025, in San Francisco, CA.

*Todd Gaddis*

_____

Todd Gaddis

---

4

DECLARATION OF TODD GADDIS

Case No. 3:23-MD-3084-CRB

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

5

**Fields Found Within the Flack On Trip Incidents Database Table**



5

DECLARATION OF TODD GADDIS

Case No. 3:23-MD-3084-CRB

Docusign Envelope ID: E4739D13-FEE4-4051-9636-A3553B8B5B04

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

6

DECLARATION OF TODD GADDIS

Case No. 3:23-MD-3084-CRB

Docusign Envelope ID: F4739D13-FEE4-4051-9636-A3553B8B5B04

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

7

DECLARATION OF TODD GADDIS

Case No. 3:23-MD-3084-CRB