# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB

**STIPULATED [PROPOSED] AMENDED PRETRIAL ORDER NO. 6: DIRECT FILING** |
| This Document Relates to:

ALL ACTIONS | |

## I.    SCOPE OF ORDER

This Order shall govern all actions in the above-captioned MDL proceeding to the extent set forth herein that are directly filed in this District as a member case of the MDL after the date of this Order.

## II.    DIRECT FILING OF ACTIONS INTO THE MDL

**A. Direct Filing.** To eliminate potential delays associated with transfer to this Court of actions filed in or removed to other federal district courts, and to promote judicial efficiency, any Plaintiff who alleges that Uber paired them with a driver who sexually assaulted them before, during, or after a trip, and the alleged incident occurred in the United States, may, subject to the

provisions set forth below, file his or her action against one or more Defendants hereto directly in this District as a member case of the MDL rather than in the federal district court in which the Plaintiff would have filed their case in the absence of this direct filing order.

**B.  Pretrial Proceedings Only; No *Lexecon* Waiver.** Each action filed directly in this District will be deemed related to and become a member case in the MDL for pretrial proceedings only, consistent with the JPML's October 4, 2023 Transfer Order (ECF No. 1). Plaintiffs' and Defendants' agreement to this Order does not constitute a waiver of any party's rights under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). However, nothing in this Order shall preclude the parties from agreeing to such waivers in the future.  Further, for avoidance of doubt, any case directly filed into the MDL shall be subject to the provisions of all prior or subsequent orders of the Court.

**C.  Designated Forum.** Each case filed directly in this District as a member case of the MDL must identify the federal district court in which the Plaintiff would have filed his or her case in the absence of direct filing. This designation shall not, standing alone, constitute a determination by this Court that jurisdiction or venue is proper in the designated forum. Nothing in this order precludes Defendants from moving to transfer a member case from either the venue in which the case was filed or the venue the Plaintiff designated following the direct filing of their complaint in this MDL.  If at the completion of all pretrial proceedings, and subject to any prior determinations by the Court as to the proper forum for a particular action, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon*, this Court will transfer such cases to a federal district court of proper venue as defined by 28 U.S.C. § 1391. The parties reserve all rights with respect to the proper venue for remand and any post-remand jurisdictional, venue, or forum challenges or motions, including pursuant to 28 U.S.C. § 1404(a).

**D.  Choice of Law.** Filing an action as a member case of the MDL pursuant to this Order will not determine the applicable choice of law, including the choice of law for any of the claims in the action and for statute of limitations purposes. The parties' agreement to this Order shall not constitute a waiver of or agreement to the application of any choice of law principles or

substantive choice of law to a particular Plaintiff's action. The fact that an action was filed in this District as a member case of the MDL pursuant to this Order will have no impact on choice of law. Choice of law issues are reserved and shall be briefed, as appropriate, at a later date.

**E.  Electronic Filing of Complaints.** All complaints must be filed electronically. Filing of a complaint in this District requires the completion of a Civil Cover Sheet which can be found here: https://www.cand.uscourts.gov/forms/civil-forms/. When filing a complaint in this District pursuant to this Order, Plaintiff's counsel must identify the MDL Case name and number in Section VIII of the Civil Cover Sheet to ensure the case is included as a member case of the MDL. Before any Plaintiff's attorney files a complaint in this District pursuant to this Order, that attorney must become a Northern District of California ECF User and must be assigned a Northern District of California ECF login name and password in accordance with Pretrial Order No. 1 entered on October 6, 2023. All forms and instructions may be found on the Court's website at www.cand.uscourts.gov/cm-ecf.

**F.  Attorney Admission.** Immediately after filing a complaint in this District pursuant to this Order, counsel for Plaintiffs who are not admitted to practice in the Northern District of California must file an application to be admitted *pro hac vice* in accordance with instructions provided in Pretrial Order No. 1 entered on October 6, 2023, as well as Northern District of California Civil Local Rule 11-3. The *pro hac vice* application shall be filed only in the underlying member case, and not in the main MDL Docket. Any attorney whose *pro hac vice* application is granted in a member case has permission to appear in MDL proceedings and file in the main MDL Docket. Once a counsel is admitted *pro hac vice* for any case in this litigation, that admission will suffice for any future cases filed in this MDL.  Defendants' counsel who have been admitted *pro hac vice* in this MDL shall be deemed admitted *pro hac vice* in any case directly filed in this Court pursuant to this order.

**G.  Service of Process.** For Complaints that are properly filed in, removed to, or transferred to this MDL, Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Service upon these entities will be deemed complete upon (1) providing copies of the Complaint,

Summons, Civil Cover Sheet, and this Order to the following email address: UBERMDLSERVICE@LISTSERV.SHB.COM; and (2) the filing of a Notice of the Filing of a New Action on the MDL docket (3:23-md-03084-CRB) within 7 days of service via email.

Defendants' email system will generate an automated response to the sender upon receipt of an e-mail to the designated address. The automated response will confirm receipt of the e-mail and shall, together with the filing of a Notice of the Filing of a New Action, constitute proof of service upon Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, respectively. Defendants will not otherwise respond to emails sent to the above e-mail address. Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(1) of the Federal Rules of Civil Procedure. For all Complaints filed in, removed to, or transferred to this MDL: (i) all requests for issuance of summons shall be made in the underlying member case, and not through the MDL case; (ii) all proofs of service shall be filed only in the underlying member case and not in the MDL Docket. Acceptance of electronic service shall not constitute a waiver of any defense.

**H. Filing Fees.** Internet credit card payments shall be required for all electronically filed complaints and made online through pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee. Information regarding filing fees may be found at https://www.cand.uscourts.gov/ecf/payments.

**I. Response to Complaint.** Defendants need not move, plead, or otherwise respond to any Complaint directly filed in this District as a member case of the MDL until so ordered by the Court.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE