ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | |
| *Jane Doe (J.B.) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04316-CRB | Date:         July 10, 2026<br>Time:         10:00 a.m.<br>Courtroom:  6 – 17th Floor |
| *T.K. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09006-CRB | |
| *NLG (GC) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01708-CRB | |
| *NLG (AR) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05902-CRB | |

*NLG (M.W.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06223-CRB

*P.H. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06840-CRB

*NLG (J.C.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08259-CRB

*NLG (R.R.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09182-CRB

*JLG 227 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10872-CRB

*JLG 240 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00996-CRB

*Knight v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01692-CRB

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

**<u>DECLARATION OF MICHAEL B. SHORTNACY</u>**

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Raiser LLC's, and Raiser-CA, LLC's (collectively, "Defendants") motion to dismiss the cases of certain Plaintiffs for noncompliance with Amended Pretrial Order No. 10 ("Amended PTO 10").

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. In March 2024, the Court entered Pretrial Order No. 10 in this matter, requiring each Plaintiff to submit a "substantially complete" PFS that "answer[ed] all applicable questions," "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record release Authorizations," and was accompanied by a production of "the requested documents." ECF No. 348 at 6. For Plaintiffs who filed their cases before March 26, 2024, the PFS were due within sixty days. *Id.* at 5. For all other Plaintiffs, the PFS were due within 30 days of the case being filed in, removed to, or transferred to this MDL. *Id.* at 5-6.

4. On October 31, 2025, the parties filed a stipulation proposing amendments to PTO 10 ("Amended PTO 10"). ECF No. 4274. The Court granted the stipulation on November 3, 2025. ECF No. 4286.

5. Amended PTO 10 requires Plaintiffs to, within thirty days of the entry of the revised Order or thirty days of submitting their PFS, produce their medical and/or therapy records and police reports, law enforcement and forensic records relating to the alleged incident. ECF No. 4274-1 at 4-5. If a Plaintiff does not already have such records in their possession, counsel must order the records within thirty days and produce them within fourteen days of receipt. *Id.* Procedurally, Amended PTO 10 states that if a Plaintiff fails to timely and substantially comply with the Order, Uber may

serve them with a "Notice of Overdue Discovery" identifying the Plaintiff's violation(s) and stating that if Plaintiff does not comply their case may be subject to dismissal. *Id.* at 8. If that Plaintiff then fails to cure within thirty days of service of the Notice of Overdue Discovery, Uber may, move the Court for an Order dismissing the relevant Complaint without prejudice. [1] *Id.*

6.    The Plaintiffs listed in the attached **Exhibit A** have, as of June 5, 2026, all failed to comply with their Amended PTO 10 obligations in various ways. Specifically, these Plaintiffs have failed to provide a verification, failed to provide a release, and/or failed to answer questions in the PFS as required by Amended PTO 10. The details of these Plaintiffs' non-compliance are set forth in Exhibit A. Uber served each of these Plaintiffs with a Notice of Overdue Discovery on a date, more than thirty days ago, as specified in Exhibit A. Uber also met and conferred with counsel for each of these Plaintiffs, as specified in Exhibit A, between May 27 and May 29, 2026.  In their respective conferrals, for five Plaintiffs[2], Counsel acknowledged the deficiencies that Uber raised in the Notice and represented that they would attempt to cure the deficiencies. But, as of the filing of this Motion they have not done so, in that none of them have provided any additional information. For another five Plaintiffs[3], Counsel acknowledged the deficiencies that Uber raised in the Notice but said that Plaintiffs were either very difficult to reach or unreachable despite Counsel's claimed extensive efforts, all of which Counsel said precluded meaningful attempts to cure the deficiencies. Indeed, as of the date of this Motion, these deficiencies have not been cured, in that none of these Plaintiffs have provided any additional information. Counsel for one Plaintiff, Jane Doe (J.B.), 3:24-cv-04316, asserted during a meet and confer that Plaintiff's case had been dismissed. Uber subsequently confirmed that Plaintiff's case remains active in this litigation and the PFS deficiency remains, and communicated those facts to Plaintiff's counsel via email after the meet and confer, but counsel has taken no further action.

---

[1] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to Uber moving the Court for a dismissal of without prejudice based on such deficiencies. Uber has complied with this requirement.

[2] Plaintiffs NLG (GC), NLG (AR), NLG (M.W.), NLG (J.C.), and NLG (R.R.).

[3] Plaintiffs T.K., P.H., JLG 227, JLG 240, and Knight.

2

8.      In sum, following these meet and confer efforts, and despite Uber's repeated efforts to resolve these disputes without Court intervention, Plaintiffs still have failed to cure their non-compliance with Amended PTO 10, and thus, following the procedures specified in that Order, Uber respectfully moves the Court to dismiss Plaintiffs' complaints without prejudice.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on June 5, 2026 in Los Angeles, California.

**SHOOK, HARDY & BACON L.L.P.**

 */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)

mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB