*[Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER**<br><br>Judge:　　　Hon. Lisa J. Cisneros<br>Courtroom:　G – 15th Floor |

**JOINT STATEMENT**

In accordance with the Minute Entry filed after the discovery hearing of May 29, 2026, (ECF 6358), Plaintiffs and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants") (jointly, "the parties"), respectfully submit this Joint Statement to update the Court on the course of negotiations following the hearing.

The Parties advise the Court that they have had initial meet and confer discussions to attempt to resolve issues related to production of custodial files, as outlined further below. The parties agree that additional time is needed to allow the parties' e-discovery consultants to be brought into the discussions. The Parties request that they be given until June 17, 2026 to file an additional joint statement updating the Court on the progress of negotiations.

I.      **Deadline for Uber to Produce Documents from Additional Custodians**

        a.  **Plaintiff's Position**

The parties met on June 5, 2026 to discuss the status of Uber's attempts to collect documents from the four custodians who are the subject of the Court's May 15, 2026 Order (ECF 6209, modified by ECF 6319 and 6354). Unfortunately, Uber was unable to provide a timeframe for producing those custodial files. Plaintiffs are unable to work with Uber to determine a feasible deadline for compliance without additional information from Uber. Plaintiffs have requested that Uber provide hit counts for each custodial file, or at a minimum, additional information about these custodial files, namely the sources that comprise each custodial file (for example, email, Slack messages, Google Drive files, etc.) and target dates for providing hit counts from each source. Uber has committed to providing, by June 11, a list of which sources comprise each the four custodians' files but has not provided a timeframe for providing a hit count for each source for each custodian.

        b.  **Uber's Position**

At the June 5 meet-and-confer, Uber advised Plaintiffs that it has begun to collect custodial files and is transmitting collections to its vendor for processing on a rolling basis. Uber further informed Plaintiffs that, due to the volume of data for these individuals and substantial machine time required for collection of certain elements of the custodial files (including Google Drive), it expects that collections

JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER
REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER
Case No. 3:23-MD-03084-CRB

will continue for at least several more weeks. Uber is willing to provide Plaintiffs with updates regarding the status of collection and search term hit reports on a rolling basis. By June 11, Uber will provide information regarding the information sources from which it is collecting, as well as an initial hit report for the portion of data that has been collected and processed. Uber further believes that discussions involving the parties' e-discovery consultants will be relevant in identifying a feasible time frame for substantial completion of these productions.[1]

## II.    Plaintiffs' Request for Full Supplementation Through 2025

### a.  Plaintiff's Position

During the June 5 meet and confer, Plaintiffs sought to discuss a reasonable, narrowed number of custodians in accordance with the Court's instructions and proposed a narrowed focus on 20 custodians; Uber's answer was that it viewed the Court's May 29, 2026 (ECF 6358) as an indication that Uber would not be required to produce any documents from the December 1, 2024 through December 31, 2025 timeframe. Plaintiffs requested further discussion on how the parties might limit TAR training and related parameters. Defendants responded that this conversation would be more productive with their e-discovery consultants present, and the parties are in the process of scheduling that meeting.

Further, Plaintiffs expressed concern regarding the May 15, 2026 Declaration of Jaime Brown (ECF 6213-2) that details the alleged burden of production of discovery for 28 custodians over the 13-month period December 1, 2024 to December 31, 2025, particularly in comparison to Ms. Brown's previous declaration regarding the burden of production for 28 custodians over the 12-month period from November 29, 2023 through December 1, 2024. Plaintiffs seek additional information to understand Uber's position that the burden and timeframe for production would be greater now, including how the numbers of documents per custodian were determined, whether the collection and review platform is the same as previous collections from these custodians, and whether prior TAR training can be applied to the new documents since they will contain largely the same document types and vocabulary. Without this information, Plaintiffs cannot meaningfully address ways to reduce the burden on Uber.

---

[1]    Uber is proceeding with collection and processing and is engaging in further discussions with Plaintiffs without waiver of its rights with respect to the Court's May 15 and May 28 orders.

JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER
Case No. 3:23-MD-03084-CRB

**b. Uber's Position**

At the June 5 meet-and-confer, Plaintiffs suggested that collection from approximately 20 custodians is appropriate but have not identified those individuals and did not identify other options for narrowing proposed supplementation. Uber believes that Plaintiffs' request for collection from 20 custodians (out of a possible 28) is not a meaningful narrowing and is inconsistent with the Court's guidance at the June 1 hearing. However, Uber cannot fully evaluate Plaintiffs' proposal without understanding the identity of the individuals who form Plaintiffs' proposal. As to Ms. Brown's declarations from May 2026 and December 2024, they are consistent and Uber can provide additional information explaining why that is the case. Indeed, Uber expects that the issues identified by Plaintiffs above can be addressed in the further meet-and-confer discussions (which will include the parties' e-discovery specialists), which the parties are scheduling for this week.

By: */s/Roopal Luhana*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com
*Co-Lead Counsel for Plaintiffs*

SARAH R. LONDON (SBN 267083)
**LIEFF CABRASER HEIMANN &
BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
Email: slondon@lchb.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

By: */s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Christopher D. Cox (Pro Hac Vice)
Jessica Davidson (Pro Hac Vice)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
christopher.cox@kirkland.com
jessica.davidson@kirkland.com

Allison M. Brown (Pro Hac Vice)
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Attorneys for Defendants
UBER TECHNOLOGIES, INC., RASIER,
LLC, And RASIER-CA, LLC

JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER
REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER
Case No. 3:23-MD-03084-CRB

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.


Dated: June 8, 2026

*/s/ Laura Vartain Horn*
Laura Vartain Horn

JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER
REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER
Case No. 3:23-MD-03084-CRB