Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084 |
| This Document Relates to:<br><br>*N.MP. v. Uber Technologies, Inc., et al.*, No. 25-cv-10776-CRB | **PLAINTIFF N.MP.'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PERSONAL IDENTIFYING INFORMATION [ECF NO. 6365]**<br><br>Honorable Charles R. Breyer<br><br>Magistrate Lisa J. Cisneros |

Pursuant to Civil Local Rule 79-5(c), Plaintiff N.MP. ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motion to Seal Personal Identifying Information [ECF No. 6365]. Plaintiff respectfully requests that the Court seal some, but not all, of Exhibits F and G to Christopher Cotton's Declaration ISO Motion to Enforce and for Contempt [ECF No. 6366].

**I.      BACKGROUND AND REQUESTED SEALING**

The documents at issue are summarized in the table below. Consistent with Civil Local Rule 79-5(a), Plaintiff asks only that certain sensitive materials in Exhibits F and G to Christopher

Cotton's Declaration ISO Motion to Enforce and for Contempt be redacted; the entire Exhibits need not be sealed.

| Document | Description of Material to Be Sealed |
|---|---|
| Ex. F to Declaration of Christopher Cotton [ECF 6366-7] | The name of N.MP. |
| Ex. G to Declaration of Christopher Cotton [ECF 6366-8] | The name of N.MP. |

## II.    LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting one of two standards: compelling reasons or good cause. In proceedings closely related to the merits of a case, courts "may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).[1] But there is an exception to this standard "for sealed materials attached to a discovery motion unrelated to the merits of a case . . . . Under this exception, a party need only satisfy the less exacting 'good cause' standard." *Id.* at 1097; *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

## III.    PORTIONS OF THE EXHIBITS SHOULD BE SEALED

Plaintiff respectfully states that there is good cause or, in the alternative, compelling reasons to keep portions of documents referenced above under seal. The relevant documents were filed at ECF No. 6366. *See* Luther Decl. ¶¶ 2-7. The underlying information that Plaintiff seeks to maintain under seal includes the name of Plaintiff.

Plaintiff's request is narrowly tailored to seal only PII. *See* Luther Decl. ¶ 7; *see also* Civ. L. R. 79-5(a). No less restrictive alternative to sealing portions of the Exhibits is sufficient. *See*

---

[1] "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner*, 435 U.S. 589, 599 (1978)).

Luther Decl. ¶ 7; *compare* Civ. L.R. 79-5(e) (providing a redaction procedure for briefs)*, with* (e) (providing a simplified, whole-document procedure for exhibits and declarations). Actions short of sealing portions of the Exhibits would reveal the contents of Plaintiff's PII and would not protect her privacy interests. *See id.*

Courts routinely find that "individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnt. Of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of Plaintiff N.MP. outweigh the public's minimal interest in knowing her identity. *See* Luther Decl. ¶¶ 6-7. Courts reached these conclusions applying both the good-cause standard, *see Id.*, and the compelling-reasons standard, *see Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022). Either standard is satisfied here for the following reasons.

*First*, portions of Exhibits F and G to the Declaration of Christopher Cotton, should be sealed because Plaintiff N.MP. is referred to by her name, rather than her pseudonym. *See* Luther Decl. ¶¶ 5-7. Although the public has a general right to access court proceedings, courts routinely allow parties to proceed anonymously "when special circumstances justify secrecy." *Does 1 thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing "many federal courts, including the Ninth Circuit, [that] permitted parties to proceed anonymously"); *see also Doe v. Lincoln Unified Sch. Dist.*, 188 Cal.Ap..4th 758, 766 (2010 (citing "countless" published decisions featuring fictitious names in California courts, the Ninth Circuit, and the Supreme Court). Plaintiff N.MP.'s name is sealable under the compelling reasons standard because it is PII. Her name is also "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). Plaintiff's continued need for anonymity outweighs any minimal prejudice to the public because the public's interest in the case can be satisfied without revealing Plaintiff's name. *See* Luther Decl. ¶¶ 5-7. Defendants will suffer no prejudice because they know Plaintiff's identity and have recognized that the public disclosure of PII, including names, "could cause significant and avoidable harm or embarrassment to the affected individuals." ECF 4205. As Plaintiff N.MP.

wishes to continue proceeding under her pseudonym, portions of the Exhibits F and G should be sealed. *See* Luther Decl. ¶¶ 5-7.

*Second,* the privacy interests of Plaintiff N.MP. outweigh any minimal public interest in disclosure. *See* Luther Decl. ¶¶ 5-7. This information is inherently private and highly sensitive and typifies the type of information that may be used by a third party to gratify private spite or circulate libel. *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements . . .") (internal quotation marks and citation omitted). Accordingly, the PII in these records should be sealed.

Plaintiff's request is narrowly tailored to seal only PII. *See* Luther Decl. ¶ 7; *see also* Civ. L. R. 79-5(a). No less restrictive alternative to sealing portions of the Exhibits is sufficient. *See* Luther Decl. ¶ 7; *compare* Civ. L.R. 79-5(e) (providing a redaction procedure for briefs)*, with* (e) (providing a simplified, whole-document procedure for exhibits and declarations). Actions short of sealing portions of the Exhibits would reveal the contents of N.MP.'s PII and would not protect her privacy interests. *See id.*

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order that PII contained in the Exhibits remain under seal.

Dated: June 9, 2026

Respectfully submitted,

/s/ *Sommer D. Luther*
Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiff N.MP.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  June 9, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

PLAINTIFF'S STATEMENT ISO DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF NO. 6365]
MDL NO. 3084 CRB, CASE NO. 25-CV-10776-CRB