Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL [RE JOINT LETTER BRIEF REGARDING MOBILE EVENT LOG DEFINITIONS]**<br><br>Judge:          Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Materials Should Be Filed Under Seal [re Joint Letter Brief Regarding Mobile Event Log Definitions] (ECF 6369). For the reasons set forth herein, good cause exists to seal the redacted versions of the following Exhibits:

| Document | Description | Party Claiming Confidentiality |
|---|---|---|
| Cox Decl. Ex. A (PX-1) | 12/4/25 Declaration of Todd Gaddis | Uber Technologies Inc.; Rasier LLC; Rasier-CA, LLC |
| Cox Decl. Ex. B (PX-2) | Uber's Second Supplemental Responses to Plaintiff A.R.'s Special Interrogatories, Set One, Part Two [corrected description] | Uber Technologies Inc.; Rasier LLC; Rasier-CA, LLC |
| Cox Decl. Ex. C (PX-3) | Uber's Supplemental Responses to Plaintiff LCHB128's Special Interrogatories, Set One | Uber Technologies Inc.; Rasier LLC; Rasier-CA, LLC |

## I.    LEGAL STANDARD

Documents attached to non-dispositive motions that are not directly relevant to the merits of a case are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and quotations omitted); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Rule 26 provides that good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(1)(iii), (c)(3).

## II.    ARGUMENT

Good cause exists for redacting the requested portions of the Exhibits. The Exhibits at issue relate not to a dispositive motion, but to a discovery dispute. This motion to seal therefore only needs to meet the less exacting "good cause" standard under Rule 26(c).

Uber seeks to seal certain charts in the discovery responses attached as Exhibits PX-2 and PX-3.

1

*See generally* 3/19/2026 Declaration of Greg Brown Decl. ¶¶ 7-9 (ECF 5586-2) (discussing similar chart in a different discovery response). These charts provide descriptions of the Mobile Event codes that appear in Uber's Mobile Event logs. This information concerning Uber's internal data systems, specifically, the mobile event data that are collected and the fields of information that are maintained by Uber, is confidential. *Id.* ¶ 8. This is sensitive and confidential information that would be valuable to Uber's competitors to copy in their own data collection and analysis. *Id.* ¶ 9; *United States v. Rite Aid Corp.*, No. 2:12-CV-1699-KJM-EFB, 2019 WL 1923234, at *2 (E.D. Cal. Apr. 30, 2019) (granting motion to seal information about "the layout, organization, and content of [party's] internal computer system") (citation omitted). In addition, Uber seeks to seal limited portions of PX-1 that reveal certain information that is contained in these Mobile Event Logs.

Judge Breyer granted Uber's request to seal the similar Mobile Event Log chart discussed in the March 19, 2026 Brown Declaration. *See* ECF 6046 (sealing chart); *see also* ECF 5586 (requesting that chart of Mobile Event Logs be sealed). Accordingly, the Court should likewise seal the charts and declaration excerpts here.

In addition, because the interrogatory responses containing these charts are the only portions of the discovery responses attached as Exhibits PX-2 and PX-3 that Plaintiff relies upon and cites, the Court should also seal the remaining portions of the discovery responses. As Judge Breyer has recognized, the inclusion of wholly superfluous material protected as highly confidential under the Protective Order is reason alone to seal all portions of the materials not cited in the underlying Letter Brief. *See* ECF 3976 at 7-8 (requesting that exhibits consisting of the entirety of certain discovery responses be sealed except for those portions cited in the letter brief); ECF 3996 (granting this sealing request); *see also Marks v. Crunch San Diego, LLC*, No. 14-cv-348 BAS (BLM), 2014 WL 12508596, at *2 (S.D. Cal. July 25, 2014) (finding good cause to seal "portions of [a deposition] transcript marked confidential [that] are not cited in [the] briefing"); *Rhino Metals, Inc. v. Sturdy Gun Safe, Inc.*, No. 1:2018cv00474, 2022 WL 657052, at *19 (D. Idaho Mar. 4, 2022) (sealing all portions of deposition transcript "not cited by either Party"); *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court."); *Certified Nutraceuticals, Inc. v. Clorox*

DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION TO SEAL          Case No. 3.23-md-03084-CRB (LJC)

*Co.*, No. 3:18-cv-00744-W-KSC, 2020 WL 4339489, at *6 (S.D. Cal. July 28, 2020) (concluding that "superfluous documents" that "were neither relevant nor necessary to the Court's determination of this dispute" should not be disclosed).

Uber's approach to sealing here is the least restrictive alternative and is narrowly tailored to protect Uber's competitive and other interests. Accordingly, good cause exists for the Court to redact the Exhibits as described above. Uber therefore respectfully requests that the Court order that the redacted Exhibits be maintained on the docket under seal.

DATED: June 9, 2026                                   Respectfully submitted,


                                                      /s/ Laura Vartain Horn
                                                      _____
                                                      Laura Vartain Horn (SBN 258485)
                                                      **KIRKLAND & ELLIS LLP**
                                                      555 California Street, Suite 2700
                                                      San Francisco, CA 94104
                                                      Telephone: (415) 439-1625
                                                      laura.vartain@kirkland.com

                                                      Allison M. Brown (Admitted *Pro Hac Vice*)
                                                      **KIRKLAND & ELLIS LLP**
                                                      2005 Market Street, Suite 1000
                                                      Philadelphia, PA 19103
                                                      Telephone: (215) 268-5000
                                                      alli.brown@kirkland.com

                                                      Jessica Davidson (Admitted *Pro Hac Vice*)
                                                      **KIRKLAND & ELLIS LLP**
                                                      601 Lexington Avenue
                                                      New York, NY 10022
                                                      Telephone: (212) 446-4800
                                                      jessica.davidson@kirkland.com

                                                      *Attorneys for Defendants*
                                                      UBER TECHNOLOGIES, INC.,
                                                      RASIER, LLC, And RASIER-CA, LLC

3

DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION TO SEAL          Case No. 3.23-md-03084-CRB (LJC)