# EXHIBIT A

Docusign Envelope ID: 51E22EC9-80AC-4951-B91A-0B16CC36E5DC

**HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY**

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DECLARATION OF TODD GADDIS** |
| This Document Relates to: | Judge:      Hon. Charles R. Breyer |
| *Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Courtroom:   6 – 17th Floor |

DECLARATION OF TODD GADDIS                    Case No. 3:23-md-03084-CRB (LJC)

**HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY**

I, Todd Gaddis, declare as follows:

1.    I am a Manager II, Data Science, at Uber Technologies, Inc. ("Uber"). I have been employed at Uber since September 2014, and I have held my current position since March 2021. I previously held the positions of Manager, Data Analytics; Data Analyst II; Claims Analyst; and Claims Advocate at Uber. Over the course of my employment at Uber, I have acquired personal knowledge of Uber's system and data sources.

2.    I was asked by counsel for Uber to look into whether Hassan Turay activated an in-app audio recording during the ride between Ms. Dean and Mr. Turay that occurred on November 15, 2023 between 12:33:22 AM and 12:38:00 AM local time with the trip uuid of 7088dc4a-90cc-4b78-bf3f-2f98c5c326e7 (the "Subject Trip").

3.    I was asked by counsel to review this information after questions arose from Plaintiffs' counsel concerning a reference to an event in Mr. Turay's Mobile Events Log, produced in this case at UBER-MDL3084-BW-00006299, named "safety_audio_recorder_driver_trip_ended_with_recording" (the "Event").

4.    To further understand this issue, I reviewed Mr. Turay's Mobile Events Log and consulted with Uber engineers who investigated the Event and all other surrounding mobile events in Mr. Turay's Mobile Events Log.

5.    As a result of this investigation, Uber has confirmed that there was never an in-app audio recording during the Subject Trip. Uber's conclusion is based on the findings described below.

6.    First, if there had been an in-app audio recording, prior to the Event there would have been another event indicating that the driver activated in-app audio recording through a mobile event called a tap. Tap events that would denote the starting of an in-app audio recording would include:

1

DECLARATION OF TODD GADDIS                    Case No. 3.23-md-03084-CRB (LJC)

**HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY**

██████████████████████              ██

██████████████████████████████████████

Mr. Turay's Mobile Events Logs do not include any of these start recording events during the Subject Trip.

7.    Second, the absence of certain other events in Mr. Turay's Mobile Events Log further confirms that no in-app audio recording took place:

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

8.    Based on these findings, an in-app audio recording was never started on the Subject Trip.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on December 4, 2025, in San Francisco, CA.

*Todd Gaddis*

Todd Gaddis

---

2

DECLARATION OF TODD GADDIS                    Case No. 3.23-md-03084-CRB (LJC)