# EXHIBIT B

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Christopher Cox *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4753
christopher.cox@kirkland.com

Laura Vartain Horn
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO** |
| This Document Relates to: | |
| *A.R. v. Uber Technologies, Inc., et al., 3:24-cv-07821* | Judge:        Hon. Charles R. Breyer |

PROPOUNDING PARTY:  A.R.

RESPONDING PARTY:    UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

SET NO.:                      ONE (1); SPECIAL INTERROGATORIES

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

5

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

12

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

|  | | |
|---|---|---|
| ███████ | | |
| ████████ ██ | ██████ ██ | █████ ██ |
| ████████ ██ | ████████ ██ | ██████ ██ |
| ████████ ██ | ████████ ██ | ██████ ██ |
| ████████ ██ | ████████ ██ | ██████ ██ |
| ████████ ██ | ██████ ██ | █████ ██ |
| ████████ ██ | ████████ ██ | ██████ ██ |
| ██████ ██ | ██████ ██ | ██████ ██ |
| ██████ ██ | ██████ ██ | ██████ ██ |
| ████████ ██ | ██████ ██ | ██████ ██ |
| ██████ ██ | ████████ ██ | ██████ ██ |
| ████████ ██ | ████████ ██ | ██████ ██ |
| ████████ ██ | ████████ ██ | ███████ ██ |
| ████████ ██ | ██████ ██ | |
| ████████ ██ | ██████ ██ | |
| ██████ ██ | ██████ ██ | |
| ████████ ██ | ██████ ██ | |
| ████████ ██ | ██████ ██ | |
| ████████ ██ | ██████ ██ | |
| ████████ ██ | ██████ ██ | |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

19

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

|  |  |  |
|---|---|---|
| ███████ | ███████ | █████ |
| ██ | ██ | ██ |
| ███████ | ██████ | ██████ |
| ██ | ██ | ██ |
| ███████ | ██████ | ██████ |
| ██ | ██ | ██ |
| ███████ | ██████ | ██████ |
| ██ | ██ | ██ |
| ███████ | ██████ | ██████ |
| ██ | ██ | ██ |
| █████ | █████ |  |
| █████ | █████ |  |

███████████████████████████████████

████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████

██████████████████

███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

25

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

**SPECIAL INTERROGATORY NO. 13:**

For any acronyms or terms of art that appear in Uber's Location Data related to the Subject Ride (including the Chronicle data and maps, Voyager data and maps, and/or Fractal data and maps) 31 describe what each acronym or term of art means.

**RESPONSE NO. 13 (6/13/2025):**

Subject to and without waiving the below objections and to Responding Party's best understanding of this interrogatory, the parties agreed to a hybrid approach for helping define mobile events language/codes. Responding Party will produce convenience description they can locate pursuant to reasonable searches, and Plaintiffs will provide a list of the terms that they request be defined, which may be done in multiple iterations. To Responding Party's best understanding of this interrogatory, and the Party's June 9, 2025 Agreement, Responding Party is producing the chart below of convenience descriptions from the Mobile Events log that are available, and further agree to identify convenience descriptions of terms requested by Plaintiffs, including the terms provided on June 12, 2025.

| ████████ | ████████████ | ██████████ |
|---|---|---|
| ███████ | ██████ | ███████████████ |
| | | ████████████████ |
| ██████ | ██████████ | ████████████████████ |
| | | ███████ |
| ███████ | █████████████ | ██████████████████████ |
| | | ██ |
| ██████ | ████████████████ | ███████████████████ |
| ██████ | █████████████ | █████████████████████ |
| | | ██ |
| ██████ | █████████████████ | ███████████████████ |
| | | ████████████████████ |
| █████ | ██████████████████ | █████████████████ |
| ██████ | █████████████ | ████████████████████ |
| | | ██ |
| ██████ | ████████████████████████ | █████████████ |
| ██████ | ████████████████ | ██████████████████████ |
| ███████ | █████████████ | ██████████████████████ |
| | | ██████████████████████ |
| | | ███ |
| ██████ | ████████████████ | █████████████████████ |
| | | ██████████ |

| | | |
|---|---|---|
| ███ | ████████████ | ████████████████ |
| | | ███████████████ |
| | | ██ |
| ████ | █████████████ | ███████████ |
| ███ | ████████████████████ | ██████████████ |
| ████ | ████████ | ██████████████ |
| | | ███ |
| ████ | ██████████████ | ███████████████ |
| | | ███████████ |
| █ | █████████████ | ███████████ |
| █████ | ███████████████ | ████████████████ |
| | | ███ |
| ████ | ██████████████ | ███████████████ |
| | | ███████████████ |
| █████ | █████████ | ████████████████ |
| | | ██████████████████ |
| | | ███████████ |
| ████ | █████████████ | ██████████████ |
| ███ | ███████████████████████ | ██████████████ |
| █ | | |
| ████ | ██████████ | ██████ |
| █████ | █████████████ | ████████████████ |
| █████ | █████████ | ████████████████ |
| | | ███████████████ |
| | | █████████ |
| ████ | ███████████████ | ██████████████ |
| ████ | ██████████ | █████████████████ |
| | | ██ |
| ████ | █████████ | ██████████████ |
| | | ███████ |
| █████ | █████████ | █████████████████ |
| | | █████████ |
| ████ | ███████ | ████████████████ |
| | | ██ |
| █████ | █████████ | ████████████████ |
| ████ | ███████████ | ███████████████ |
| | | ██████████████ |
| | | ████████████████ |
| | | █████████████ |
| | | █████████████████ |
| | | ██████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ███████████ |
| █ | █████████████ | ████████████████ |
| ████ | ███████████ | ██████████████ |
| | | ████████████ |
| ████ | ██████████ | ██████████████ |
| | | ███████████████ |
| | | █████████████████ |
| ████ | █████████████ | ████████████ |
| ████ | ███████████ | ███████████████ |
| | | ██████████ |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| | | |
|---|---|---|
| ███ | ████████████████ | ████████████████ |
| ███ | ████████████ | ████████████████ |
| ███ | ████████████ | ████████████████ |
| ███ | ████████████ | ████████████████ |
| ███ | ████████ | ████████████ |
| ███ | ████████ | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████ |
| | | ████████████ |
| ███ | ████████████████ | ████████████████ |
| ███ | ██████████████████ | ████████████████ |
| | | ████████ |
| ███ | ██████████ | ████████████ |
| ███ | ██████████████ | ████████████ |
| ███ | ██████████████ | ██████████ |
| custom | safety_audio_recorder_driver_trip_ended_with_recording | When a trip ends with a recording going on. |
| ███ | ██████████ | ██████████ |
| ███ | ██████████ | █████████ |
| ███ | ██████████ | ██████████ |
| ███ | ████████ | ███████ |
| ███ | ██████████ | ████████████ |
| | | ████████ |
| ███ | ██████████████ | ████████████ |
| ███ | ██████████ | ████████████ |
| | | ██████████ |
| ███ | ████████████ | ████████████ |
| | | ████████████ |
| ███ | ██████████ | ████████████████ |
| | | ██ |
| ███ | ██████████ | ████████████ |
| ███ | ████████████ | ████████████ |
| ███ | ██████████████ | ████████████ |
| | | ██ |
| ███ | ████████████████ | ████████████ |
| | | ██████ |
| ███ | ██████████ | ████████████ |
| | | ███████ |
| ███ | ████████████ | ████████████ |
| | | ████████ |
| | | |
| ███ | ████████████ | ████████████ |
| | | ██████████ |
| ███ | ████████████████ | ████████████ |
| ███ | ████████ | ██████████ |
| | | ███████ |

28

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Other Objection(s): Responding Party objects to the undefined terms "acronym" and "terms of art" as vague and ambiguous as they are unlimited in scope and fail to identify the information sought in this Interrogatory with reasonable particularity. For instance, an acronym like GPS could be a term of art but is also a commonly understood acronym. Responding Party also objects to the definition of the terms "Uber Location Data" to the extent it requires the disclosure of information that is not reasonably calculated to lead to the discovery of admissible evidence or is disproportionate to the needs of the case. Responding Party objects to the definition of "Subject Ride" to the extent it calls for expert opinion or legal conclusion.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

35

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

36

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| ███████████████ | ███████████████████ |
|---|---|
| ██ | ██████ |
| | █████ |
| | █████ |
| | ██████ |
| | ██████ |
| | █████ |
| | ██████ |
| | ██████ |
| | █████ |
| | █████ |
| | ██████ |
| | █████ |
| | █████ |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

39

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

40

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

41

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

43

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

45

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

48

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

49

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

53

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

DATED: May 22, 2026                    Respectfully submitted,

                                       **KIRKLAND & ELLIS LLP**

                                       By: */s/ Christopher Cox*_____

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO
CASE NO. 3:24-CV-07821

Docusign Envelope ID: 327ABDF5-E1F6-827F-8144-396968255C2C

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**VERIFICATION**

I, Erin O'Keefe, declare:

I have reviewed the following document: Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Supplemental Responses To Plaintiff's Special Interrogatories, Set One, Part Two (the "Responses").

The Responses were prepared based upon information obtained from Uber Technologies, Inc. The Responses contained therein are derived from numerous sources. No single (current or former) officer, employee, or agent of the company has direct knowledge of all of the information necessary to supply each and every answer required.

I am authorized to execute this verification on behalf of Uber Technologies, Inc. I am signing this verification solely to satisfy the applicable Federal Rules of Civil Procedure requiring such. The facts stated in the Responses have been assembled by authorized employees and counsel of Defendants, and I do not have direct knowledge regarding each specific Response, but I believe and am informed and, on that ground, allege that the matters stated in the foregoing document are true and correct.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct. Executed on May 15, 2026 at River Forest, Illinois.

_Erin O'Keefe_

Erin O'Keefe

1

VERIFICATION
CASE NO. 3:24-CV-07821

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**PROOF OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in Washington, D.C. My business address is 1301 Pennsylvania Avenue NW, Washington, D.C. 20004 and my email address is anna.harshman@kirkland.com.

On the date set forth below, I caused the following document(s): **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE, PART TWO** to be served by providing a true copy thereof addressed to each of the persons named below:

| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
|---|---|
| Rachel Abrams, Esq. <br> Email: rabrams@peifferwolf.com <br> Adam B. Wolf, Esq. <br> Email: awolf@peifferwolf.com | **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP** <br> 555 Montgomery Street, Suite 820 <br> San Francisco, California 94111 <br> Telephone: (415) 766-3544 <br> Facsimile: (415) 840-9435 |

☒ **VIA EMAIL OR ELECTRONIC SUBMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 22, 2026 in Washington, D.C.

*/s/ Anna Harshman*
Anna Harshman