Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to:<br><br>ALL CASES | **MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge:  Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Judge Cisneros's May 15, 2026 discovery order, Dkt. 6209 (the "Order"), imposes time-consuming, expensive, and impractical obligations on Uber to produce full custodial files for all future witnesses—documents that will likely be utterly irrelevant to Plaintiffs' claims. The Order imposes this extraordinary requirement even though courts generally do not require full custodial productions merely because an employee may testify, particularly where, as here, any testimony would concern narrow, case-specific issues.[1]

Worse yet, the Order conditions Uber's ability to defend itself at future trials on the production of custodial files for as-yet-unknown witnesses: unless Uber complies with the Order's unreasonable requirements, it risks losing the right to present appropriate witnesses at future trials. This is not ordinary discovery management. It is a preemptive witness-preclusion sanction untethered to any finding of discovery misconduct, prejudice, or proportional need. It would also provide Plaintiffs an opportunity to leak additional highly confidential documents to the media, laying the groundwork for another massive protective order violation, like the one that occurred in 2025, and for which no one was ever held accountable.

The cost of producing this irrelevant discovery would itself be punitive. Uber estimates that compliance would cost between $1.63 million and $1.79 million for just the first four witnesses identified by the Court. For each additional potential witness, the burden would multiply. In short, the Order is a highly onerous, disproportionate and punitive ruling that poses great dangers to Uber with no concomitant benefit to the litigation.

**BACKGROUND**

On April 28, 2026, the parties filed a joint letter pursuant to PTO No. 8 in which Plaintiffs complained that they were "disadvantage[d] during cross-examination at [previous MDL] trial[s]" because Uber called, or considered calling, four witnesses whose custodial files

---

[1] Uber previously appealed the portions of the Order related to the premature disclosure of trial witnesses and depositions of Uber employees. *See* Dkt. 6344. This motion addresses the Order's provisions requiring Uber to produce full custodial files for: (1) four specific employees who testified and/or had been proposed as witnesses in previous trials; and (2) any other employee "Uber intends to reserve the right to call at trial[.]" Dkt. 6209.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

had not been fully produced: Emilie Boman, Chad Dobbs, Todd Gaddis, and Erin O'Keefe. Dkt. 6000 at 1. Even though Uber has already produced over 18,000 documents relating to these witnesses, Plaintiffs argued that the complete custodial files for these witnesses, and any other employee who may testify at a future trial, could include documents that "might be used" to impeach future, hypothetical company witnesses. *Id*. at 3. On May 15, 2026, Judge Cisneros issued a two-page order—devoid of any analysis—directing Uber to, *inter alia*, produce within 30 days full "custodial files" for: (1) the four identified witnesses; and (2) any other employee Uber may call at a future trial. Dkt. 6209. The Order did not explain why these requirements were proportional to the needs of the litigation or why targeted discovery would be inadequate.

On May 22, 2026, Uber sought leave from Judge Cisneros to move for partial reconsideration of the portions of the Order related to custodial file production. *See* Dkt. 6284-1 (citing Dkt. 6063). Uber's motion included the Declaration of Jamie A. Brown, which explained that producing custodial files for the four witnesses—plus any potential future trial witnesses—would be costly, time-consuming, and impossible to complete by the Order's 30-day deadline. Dkt. 6284-5 ("Brown Decl."). On May 28, 2026, Judge Cisneros declined Uber's reconsideration request but stayed the portions of the Order related to custodial file production and instructed the parties to collaborate on an "achievable" production deadline. Dkt. 6319 at 2 (the "May 28 Order").[2] Those discussions are ongoing. The May 28 Order also continued Uber's deadline "to seek relief from Judge Breyer with respect to [Judge Cisneros's] authorization of additional custodial document production" to June 11, 2026. *Id.* at 3.[3]

## **ARGUMENT**

The Order should be reversed as "clearly erroneous" and "contrary to law," Fed. R. Civ. P. 72(a), because it violates Rule 26's requirement that discovery be "proportional to the needs

---

[2] Judge Cisneros acknowledged that, based on Uber's evidence in support of its motion for leave to move for reconsideration, the Order's 30-day deadline "may be impossible." *See* Dkt. 6319 at 2.

[3] Uber has already filed timely Objections to the other provisions in the Order.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

of the case," and because Judge Cisneros did not properly consider whether "the burden or expense of [Plaintiffs'] proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(1); *see also Gilead Scis., Inc. v. Merck & Co.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) (Rule 26(b)'s proportionality requirement "defin[es] the scope of permissible discovery"); *Hegarty v. Transamerica Life Ins. Co.*, No. 19-cv-06006-MMC (RMI), 2021 WL 4899482, at *2 (N.D. Cal. Oct. 21, 2021) (similar). As explained below, the Order: (1) does not contain any proportionality analysis; and (2) improperly restricts Uber's due process right to defend itself at trial by conditioning Uber's ability to call witnesses on highly disproportionate and impractical custodial-file productions.

## I. The Burden Of Producing Full Custodial Files For Every Potential Trial Witness Far Outweighs Any Possible Relevance Of The Materials.

This Court has previously denied Plaintiffs' requests to preclude the trial testimony of witnesses (Dobbs, Gaddis, and O'Keefe) whose full custodial files were not produced. *See* Dkt. 4740, 5786. That approach is consistent with well-established caselaw holding that plaintiffs are not "entitled to custodial files (i.e., ESI) of each witness whom [a defendant] intends to call in support of its case," particularly where, as here, the "burden and expense of such production certainly must outweigh the likely benefits." *In re Simply Orange Orange Juice Mktg. & Sales Pracs. Litig.*, No. 4:12-md-02361-FJG, 2018 WL 522785, at *2 (W.D. Mo. Jan. 23, 2018); *see also In re Pella Corp. Architect & Designer Series Windows Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 2:14-mn-00001-DCN, 2015 WL 4167786, at *2 (D.S.C. July 9, 2015) (denying plaintiffs' motion to compel production of custodial files for 12 witnesses; such discovery "will not only take time, but also cause [defendant] to incur significant expenses"). In other words, courts routinely reject the fundamental, erroneous premise of the Order: that a potential company trial witness automatically becomes a full ESI custodian.

Producing custodial files for every potential witness in future MDL trials would also impose a substantial burden on Uber that is disproportionate to any purported need for these voluminous materials. As set forth in detail in Ms. Brown's declaration, custodial file

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

production is a complex, multi-step process, requiring extensive machine and person hours to collect, process, review, and produce data for each employee. Brown Decl. ¶ 5. It would take at least 4.5 months to collect, process, and review (including for privilege) the custodial data for Boman, Dobbs, Gaddis, and O'Keefe. *Id*. ¶ 14. And the process would be particularly time-consuming with respect to Gaddis and O'Keefe because they work closely with Uber's legal team, necessitating a careful and costly review of their files for privileged materials. *Id*. ¶ 10. The projected production cost for just these four witnesses is between ***$1.63 and $1.79 million***. *Id*. ¶ 18. While the burden of producing custodial files for additional witnesses will vary based on the size and scope of their files, the resources and time required for such productions would be significant. *See id*. ¶ 19. Compliance with the Order will thus require millions of dollars and considerable manpower—all at Uber's expense—for documents that Plaintiffs "might" use for "impeach[ment]" at future trials. Dkt. 6000 at 3.

The burdens outlined above far outweigh any purported need for these voluminous materials, the vast majority of which are irrelevant to the discrete topics on which the witnesses would likely testify (if they testify at all). For example, Gaddis (who also sat for a Rule 30(b)(6) deposition) and O'Keefe were designated, ***but never called***, to testify at trial about very narrow topics (i.e., GPS data for a specific incident) that would not justify wholesale production of their custodial files. Dkt. 6284-1 at 5. In addition, Uber has already produced voluminous documents relating to each employee's anticipated testimony, including more than 11,000 documents for Boman; 2,000 for Dobbs; 5,000 for Gaddis; and 90 for O'Keefe (a more limited universe given her particular role at the company). *Id*. That targeted production reflects the proportionality embedded in Rule 26. Plaintiffs are not entitled to every email or Slack message in an employee's files merely because Uber might, someday, call him or her at a trial. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig*., No. 22-md-03047-YGR, 2025 WL 2962453, at *4 (N.D. Cal. Oct. 20, 2025) (denying plaintiffs' request for production of custodial files for two witnesses where production "would necessarily reach more expansive topics" than

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

the witnesses would address at trial).

Proportionality also must account for the real-world risk that confidential custodial files will be improperly leaked. This litigation has already resulted in serious protective-order violations: Uber's confidential documents appeared in media reports, and no one was held accountable. Full custodial files would contain highly confidential and sensitive materials, creating another opportunity for Plaintiffs' counsel to leak documents to the media (that have marginal, if any, relevance to the litigation). Ordering production of the custodial files would thus increase the risk of yet another violation of the Protective Order, while doing little, if anything, to advance the actual litigation. Rule 26 does not permit that result.

## II. The Order Infringes On Uber's Due Process Right To Defend Itself At Trial.

The Order is also erroneous because it imposes an untenable choice on Uber: undertake an onerous production burden for numerous employees that may prove utterly irrelevant, or lose the right to ever call them at a future trial, even on discrete case-specific issues. That choice violates basic fairness and due process because it operates as a preemptive witness-preclusion sanction without the findings required to justify such a punishment. The Court and the parties do not know what cases will be tried in the future (even the identity of the next bellwether trial is still up in the air) or what evidence or testimony may be required based on the specifics of each case. Moreover, Plaintiffs have not made a showing of necessity for any specific witness or case, and any finding that Uber has failed to provide relevant discovery or that Plaintiffs have been prejudiced would thus be wholly speculative and premature. For these reasons, the Order infringes on Uber's right to defend itself at trial, violating Uber's due process rights.[4]

## CONCLUSION

For the foregoing reasons, this Court should reverse the portions of the Order requiring Uber to produce custodial files.

---

[4]    It is also unknown whether Uber could practically complete production for every potential future witness by whatever new deadline Judge Cisneros may set.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

DATED: June 11, 2026                           Respectfully submitted,

                                               */s/ Laura Vartain Horn*
                                               Laura Vartain Horn (SBN 258485)
                                               **KIRKLAND & ELLIS LLP**
                                               555 California Street, Suite 2700
                                               San Francisco, CA 94104
                                               Telephone: (415) 439-1625
                                               laura.vartain@kirkland.com

                                               Allison M. Brown (Admitted *Pro Hac Vice*)
                                               **KIRKLAND & ELLIS LLP**
                                               2005 Market Street, Suite 1000
                                               Philadelphia, PA 19103
                                               Telephone: (215) 268-5000
                                               alli.brown@kirkland.com

                                               Jessica Davidson (Admitted *Pro Hac Vice*)
                                               **KIRKLAND & ELLIS LLP**
                                               601 Lexington Avenue
                                               New York, NY 10022
                                               Telephone: (212) 446-4800
                                               jessica.davidson@kirkland.com

                                               *Attorneys for Defendants*
                                               UBER TECHNOLOGIES, INC.,
                                               RASIER, LLC, and RASIER-CA, LLC

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)