**WAGSTAFF LAW FIRM**
Sommer D. Luther*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*O.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09192 -CRB | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFF O.G.'S MOTION TO VACATE ORDER OF DISMISSAL WITHOUT PREJUDICE [ECF 5253]**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

Plaintiff O.G., by and through her counsel of record, respectfully submits this Motion to Vacate Order of Dismissal without Prejudice [ECF 5253] entered against her and to reinstate her claim. As such, Plaintiff O.G. states the following:

## I.    BRIEF HISTORY

On January 9, 2026, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a Plaintiff Fact Sheet ("PFS") in connection with Pretrial Order ("PTO") 10. [ECF 4967]. Plaintiff opposed the motion [ECF 5096]. The Court granted Defendants' Motion to Dismiss on February 17, 2026 [ECF 5253] and required a notice of dismissal to be filed within 14 days. The Notice of Dismissal Without Prejudice was filed on March 3, 2026 [ECF 5336]. On March 19, 2026, Defendants filed a Motion to Convert Dismissal without Prejudice to Dismissal with Prejudice [ECF 5567]. Plaintiff opposed the motion [ECF 5734].

## II.    PLAINTIFF REQUESTS THAT THE ORDER OF DISMISSAL BE VACATED BECAUSE SHE HAS COMPLIED WITH HER OBLIGATIONS

### a.    *Plaintiff O.G. has complied with her discovery obligations*

Since the filing of the Notice of Dismissal Without Prejudice, undersigned Counsel obtained and a complete verified Plaintiff Fact Sheet from Plaintiff O.G. The PFS, verification and authorizations were produced via MDL Centrality on April 29, 2026.

### b.    *The* **Pioneer** *factors and FRCP 60(b) favor relief for Plaintiff O.G.*

The Supreme Court and the Ninth Circuit require an equitable analysis under *Pioneer* to determine "excusable neglect," weighing the danger of prejudice, the length of delay, the reason for the delay, and the movant's good faith.

Federal Rule of Civil Procedure 60(b)(1) allows courts to relieve parties from final judgments, orders, or proceedings for mistake, inadvertence, surprise or excusable neglect. (2026).

The Supreme Court established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* that excusable neglect determinations require an equitable analysis considering all relevant circumstances, including the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within reasonable control of the movant, and whether the movant acted in good faith. 507 U.S. 380 (1993).

Specifically, the Ninth Circuit held in *Briones v. Riviera Hotel & Casino* that the *Pioneer* equitable test applies to Rule 60(b) excusable neglect determinations, emphasizing that courts must consider all equitable factors rather than applying rigid per se rules. 116 F.3d 379 (1997).

Here, under *Pioneer*, the key inquiry focuses on whether the procedural failure resulted from circumstances that warrant relief under the equitable analysis, with particular attention to Plaintiff O.G.'s own conduct and good faith efforts to comply with court requirements.

Under *Pioneer*, the four major equitable factors weigh heavily in favor of granting the relief Plaintiff O.G. requests. First, there is limited prejudice to the Defendants. The delay was brief, and the Plaintiff Fact Sheet and corresponding documents have now been fully produced, which allows Defendants to evaluate the claim on its merits. Second, the delay in this case spans from the February dismissal without prejudice to the April production of Plaintiff O.G.'s PFS.  This delay is relatively

2

minimal and has no negative impact on the broader judicial proceedings or the Court's docket, as this is just one case in an MDL comprising thousands of cases. Finally, as demonstrated by her prompt production of the PFS upon re-establishing contact with counsel, Plaintiff O.G. has shown good faith to fulfill her obligations under PTO 10 and will continue to do so.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court vacate the Order of Dismissal Without Prejudice [ECF 5253] and reinstate Plaintiff O.G.'s claims to the active docket.

Dated: June 11, 2026

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
**Appearing Pro Hac Vice*

*Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 11, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  June 11, 2026

<u>/s/ *Sommer D. Luther*</u>
**SOMMER D. LUTHER**

---