Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | **WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE** |
| This Document Relates to: | Judge:        Hon. Charles R. Breyer |
| *K.J. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09059-CRB | Courtroom:     6 – 17th Floor |
| *K.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01962-CRB | Date: July 10, 2026 |
| *TA.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01967-CRB | Time: 10:00 a.m. Courtroom: 6 – 17th Floor |
| *T.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03621-CRB | |
| *T.T. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04647-CRB | |
| *E.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09824-CRB | |
| *K.C. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09794-CRB | |
| *A.F. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09768-CRB | |
| *A.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09818-CRB | |

1

*AN.C. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10403-CRB

*J.T. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10434-CRB

*K.L. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10472-CRB

*J.H. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10624-CRB

*B.G. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10627-CRB

*M.R. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10650-CRB

*AP.P. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10659-CRB

*Sha.R. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10714-CRB

*D.A. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10856-CRB

*C.J. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10857-CRB

*Sh.B. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10774-CRB

*Al.H. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10777-CRB

*K.B. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10778-CRB

*R.R. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10781-CRB

*JE.H. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10742-CRB

*NE.R. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10743-CRB

*LU.L. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10746-CRB

*JA.R. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-10749-CRB

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE
3:23-md-03084-CRB

*C.B. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-01961-CRB

Comes now, the above captioned plaintiffs, by and through their counsel, and hereby submit their Response to Uber's Motion to Convert Orders of Dismissal Without Prejudice to Orders of Dismissal With Prejudice.  Plaintiffs state as follows in support thereof:

## I. INTRODUCTION

On May 29, 2026, Defendants filed a Motion to Convert Orders of Dismissal Without Prejudice to Orders of Dismissal With Prejudice listing the above referenced plaintiffs. [ECF No. 6340]. Counsel has and continues to diligently comply with the discovery obligations, including those set forth under PTO 10.

## II. ARGUMENT

### a.  *Plaintiff JA.R. has complied with her discovery obligations*

Since the filing of the Notice of Dismissal Without Prejudice on April 28, 2026 [ECF 6041], Plaintiff JA.R. has cured the identified deficiencies by producing a complete verified Plaintiff Fact Sheet, including a signed verification and authorizations.  Plaintiff JA.R.'s PFS was produced via MDL Centrality on June 5, 2026 [Document ID 226501]. A Motion to Vacate Dismissal Without Prejudice was filed June 11, 2026 [ECF 6455].

### b.  *Plaintiff E.M. has complied with her discovery obligations*

Since the filing of the Notice of Dismissal Without Prejudice on April 28, 2026 [ECF 6005], Plaintiff E.M. has cured the identified deficiencies by producing a complete verified Plaintiff Fact Sheet including a signed verification and authorizations.  Plaintiff E.M's PFS was produced via MDL Centrality on June 11, 2026. [Document ID 226787]. A Motion to Vacate Dismissal Without Prejudice was filed June 11, 2026 [ECF 6456].

### c.  *Counsel moved to withdraw from Plaintiff K.B.'s case*

Undersigned counsel previously filed a Motion to Withdraw as counsel for Plaintiff K.B. [ECF No. 5214]. The Court denied Plaintiff's Motion to Withdraw. [ECF No. 5447].

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE
3:23-md-03084-CRB

> ***d. Counsel continues to make efforts to reach Plaintiffs K.G., TA.W., T.G., T.T., K.C., A.F., A.W., AN.C., J.T., K.L., J.H., B.G., M.R., Sha.R., D.A., C.J., Sh.B., Al.H., R.R., JE.H., NE.R., LU.L.. K.J., AP.P. and C.B.***

As explained in the attached Declaration of Sommer D. Luther, counsel has spent considerable time attempted to reach Plaintiffs K.G., TA.W., T.G., T.T., K.C., A.F., A.W., AN.C., J.T., K.L., J.H., B.G., M.R., Sha.R., D.A., C.J., Sh.B., Al.H., R.R., JE.H., NE.R., LU.L., K.J., AP.P. and C.B. Despite repeated attempts to contact these clients through various means, counsel has been unable to cure the deficiencies identified by Defendant. (Decl. of Sommer Luther, ¶ 3-76).

Undersigned counsel is continuing all attempts to reach these clients to obtain complete Plaintiff Fact Sheets in accordance with PTO 10.

### III.    THE *PIONEER* FACTORS AND FRCP 60(B) FAVOR RELIEF FOR PLAINTIFFS JA.R. and E.M.

The Supreme Court and the Ninth Circuit require an equitable analysis under *Pioneer* to determine "excusable neglect," weighing the danger of prejudice, the length of delay, the reason for the delay, and the movant's good faith.

Federal Rule of Civil Procedure 60(b)(1) allows courts to relieve parties from final judgments, orders, or proceedings for mistake, inadvertence, surprise or excusable neglect. (2026).

The Supreme Court established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* that excusable neglect determinations require an equitable analysis considering all relevant circumstances, including the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within reasonable control of the movant, and whether the movant acted in good faith. 507 U.S. 380 (1993).

Specifically, the Ninth Circuit held in *Briones v. Riviera Hotel & Casino* that the *Pioneer* equitable test applies to Rule 60(b) excusable neglect determinations, emphasizing that courts must consider all equitable factors rather than applying rigid per se rules. 116 F.3d 379 (1997).

Here, under *Pioneer*, the key inquiry focuses on whether the procedural failure resulted from circumstances that warrant relief under the equitable analysis, with particular attention to Plaintiffs JA.R. and E.M.'s own conduct and good faith efforts to comply with court requirements.

Under *Pioneer*, the four major equitable factors weigh heavily in favor of granting the relief Plaintiffs JA.R. and E.M. requests. First, there is limited prejudice to the Defendants. The delay was brief, and the Plaintiff Fact Sheet and corresponding documents have now been fully produced, which allows Defendants to evaluate the claim on its merits. Second, the delay in this case spans from the late April dismissal without prejudice to the June production of Plaintiffs JA.R. and E.M.'s PFS. This delay is relatively minimal and has no negative impact on the broader judicial proceedings or the Court's docket, as this is just one case in an MDL comprising thousands of cases. Finally, as demonstrated by their prompt production of the PFSs upon re-establishing contact with counsel, Plaintiffs JA.R. and E.M. have shown good faith to fulfill their obligations under PTO 10 and will continue to do so.

## IV. THE COURT SHOULD NOT DISMISS THESE CASES WITH PREJUDICE

The court is bound by the five-factor test established in *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Circ. 1987). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*. at 130. Application of these factors confirms that dismissal with prejudice is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal with prejudice is a punitive sanction reserved only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of any egregious conduct required to justify a terminal sanction and because less drastic measures are available; any dismissal should be without prejudice.

There is no real prejudice to Uber that warrants dismissal. Meanwhile, the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on. Many survivors report that the process is overwhelming and causes significant distress. Counsel will continue its efforts to communication with the plaintiffs and cure existing deficiencies.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request as to Plaintiffs JA.R. and E.M. as these clients have cured all deficiencies, as noted above.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant an additional thirty (30) day for the Plaintiffs K.G., TA.W., T.G., T.T., K.C., A.F., A.W., AN.C., J.T., K.L., J.H., B.G., M.R., Sha.R., D.A., C.J., Sh.B., Al.H., R.R., JE.H., NE.R., LU.L., K.J., AP.P. and C.B. to allow for additional time for Plaintiffs to cure any deficiencies prior to granting a dismissal with prejudice.

Dated: June 12, 2026                    Respectfully submitted,

                                        /s/ *Sommer D. Luther*
                                         Sommer D. Luther*
                                        WAGSTAFF LAW FIRM
                                        940 Lincoln Street
                                        Denver, CO 80203
                                        Tel: (303) 376-6360
                                        Fax: (303) 376-6361
                                        sluther@wagstafflawfirm.com
                                        *Appearing Pro Hac Vice*

                                        *Attorney for Plaintiffs*

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE
3:23-md-03084-CRB

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: June 12, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**