Timothy G. Tonkin (UT Bar No. 17500)
*Appearance Pro Hac Vice*
Lucas P. Frei (AZ Bar No. 032255)
*Appearance Pro Hac Vice*
Vara G. Lyons *(*NY Bar No. 5464524)
*Appearance Pro Hac Vice*
**PHILLIPS AND ASSOCIATES LAW FIRM P.C.**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
Tel: (602) 288-1684
Fax: (602) 900-0107
Email: tim.tonkin@phillipsandassociateslaw.com
Email: lucas.frei@phillipsandassociateslaw.com
Email: vara.lyons@phillipsandassociateslaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>*Jane Doe PNA (H.B.) v. Uber Technologies, Inc., et al.,*<br>Case No.: **3:26-cv-05679-CRB** | **Case No.: 3:23-MD-03084-CRB (LJC**)<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS (ECF NOS. 1 AND 2 IN NO. 3:26-CV-05679-CRB; ECF NO. 6462 IN NO. 3:23-MD-03084-CRB); ALTERNATIVELY, TO SEAL**<br><br>[Civil L.R. 7-11; Civil L.R. 79-5]<br><br>Judge: Hon. Charles R. Breyer<br>Magistrate Judge: Hon. Lisa J. Cisneros |

\* Plaintiff is identified herein as "Jane Doe PNA (H.B.)" pursuant to the Stipulation and Order Re: Plaintiffs Who Wish to Proceed Anonymously, ECF No. 174 (Dec. 28, 2023) (granting stipulation, ECF No. 167); see also ECF No. 147.

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to Civil Local Rule 7-11, Plaintiff respectfully moves the Court for an administrative order removing from the public docket, or permanently restricting public access to, the documents filed at ECF No. 1 (Short Form Complaint), ECF No. 2 (Certificate of Interested Entities), and ECF No. 6462 (Notice of Filing of a New Action) on June 12, 2026.

In the alternative, Plaintiff requests that the Court seal the Incorrectly Filed Documents pursuant to Civil Local Rule 79-5.

## I.    STATEMENT OF FACTS

On June 12, 2026, Plaintiff's counsel filed the Complaint in this action. Due to an inadvertent error in document preparation, the filed Complaint identifies Plaintiff by Plaintiff's true legal name rather than by pseudonym. This action arises from sexual assault; the Complaint discloses sensitive information; and Plaintiff faces a credible risk of retaliation.

Counsel discovered the error on June 12, 2026, at 1:22 p.m. (Central Time) and acted immediately: Counsel contacted the Court's ECF Helpdesk on June 12, 2026, at 1:23 p.m. (Central Time) requesting that access to the documents be temporarily blocked. The Helpdesk has temporarily restricted public access to the Incorrectly Filed Documents pending the Court's ruling on this Motion. Counsel files this Motion within several hours of discovery. This Motion is filed in the master docket and in the above-referenced member case pursuant to Pretrial Order No. 1. Under the Stipulation and Order Re: Plaintiffs Who Wish to Proceed Anonymously, ECF Nos. 167, 174, individual complaints in this MDL "shall be filed using the plaintiff's initials or other pseudonym," and this Court has already determined that "plaintiffs' need to proceed anonymously outweighs the prejudice to the defendants and the public's interest in knowing the parties' identities." ECF No. 147; see Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). The Complaint was intended to be filed in conformity with that Order, identifying Plaintiff as "Jane Doe PNA (H.B.)." Plaintiff will promptly file a First Amended Complaint so identifying Plaintiff as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

## II.    ARGUMENT

Good cause exists to remove or restrict the Incorrectly Filed Document, and the relief requested is consistent with this Court's prior practice in this MDL: the Court has previously granted

precisely this relief, ordering an incorrectly filed document removed, replaced, and sealed—on Defendants' own motion. See Order Regarding Administrative Motion for Removal and Replacement, ECF No. 1558 (Sept. 3, 2024) (Cisneros, M.J.) ("The incorrectly filed document is hereby SEALED."). Defendants, having sought and obtained identical relief for their own incorrectly filed brief, can claim no prejudice from Plaintiff receiving the same treatment. The disclosure of Plaintiff's identity was inadvertent and contrary to counsel's intent to proceed pseudonymously at the outset of this action. Plaintiffs throughout this MDL routinely proceed by pseudonym or initials in light of the sensitive nature of the allegations. Continued public availability of the documents would cause the precise harm—public identification of a sexual-assault survivor and exposure to retaliation—that the Court's existing anonymity framework is designed to prevent. Indeed, the Stipulated Order (ECF No. 167, entered at ECF No. 174) itself provides that where reference to a plaintiff by pseudonym is impossible, "such documents shall be filed under seal"— confirming that sealing, at minimum, is the agreed remedy for filings disclosing a plaintiff's identity.

No party is prejudiced by the relief requested. Defendants have not yet been served in the member case and the operative allegations will be re-filed in identical substance in the First Amended Complaint, with only Plaintiff's identifying information changed. The public's interest in access to judicial records is fully preserved because the substance of the pleading will remain publicly available.

Defendants have not yet been served in the member case, and no summons has issued; accordingly, Plaintiff was unable to obtain a stipulation prior to filing. Given the urgency of removing Plaintiff's identifying information from the public docket, Plaintiff files this Motion without Defendants' position. Defendants' counsel of record in this MDL will receive this Motion through the Court's ECF system, and Plaintiff does not anticipate opposition in light of ECF Nos. 167, 174, and 1558.

In the alternative, if the Court declines to remove the document, Plaintiff requests that it be maintained under seal pursuant to Civil Local Rule 79-5. Compelling reasons support sealing: the document's only sealable content is Plaintiff's identity, and the narrowly tailored relief of sealing the original Complaint — while a substantively identical, pseudonymous First Amended Complaint remains public — protects Plaintiff without restricting public access to the substance of this litigation.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) order ECF No. 1 (Short Form Complaint), ECF No. 2 (Certificate of Interested Entities), and ECF No. 6462 (Notice of Filing of a New Action) removed from the public docket or permanently restricted from public view; or, in the alternative, (2) order ECF No. 1 (Short Form Complaint), ECF No. 2 (Certificate of Interested Entities), and ECF No. 6462 (Notice of Filing of a New Action) sealed; and (3) grant such other relief as the Court deems just.

Dated: June 12, 2026

**PHILLIPS AND ASSOCIATES LAW FIRM P.C.**

*/s/ Timothy G. Tonkin*
Timothy G. Tonkin (UT Bar No. 17500)
*Appearance Pro Hac Vice*
Lucas P. Frei (AZ Bar No. 032255)
*Appearance Pro Hac Vice*
Vara G. Lyons (NY Bar No. 5464524)
*Appearance Pro Hac Vice*
700 Flower Street, Suite 1000
Los Angeles, CA 90017
Tel: (602) 288-1684
Fax: (602) 900-0107
Email: tim.tonkin@phillipsandassociateslaw.com
Email: lucas.frei@phillipsandassociateslaw.com
Email: vara.lyons@phillipsandassociateslaw.com

**COUNSEL FOR PLAINTIFF**