Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | **WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |

This Document Relates to:

*Mo.C. v. Uber Technologies, Inc., et al.,*
No. 3:26-cv-01150-CRB

*D.M. v. Uber Technologies, Inc., et al.,*
No. 3:26-cv-01151-CRB

*S.W. v. Uber Technologies, Inc., et al.,*
No. 3:26-cv-01747-CRB

*DE.C. v. Uber Technologies, Inc., et al.,*
No. 3:26-cv-02053-CRB

*AM.M.. v. Uber Technologies, Inc., et al.,*
No. 3:26-cv-02089-CRB

*Chadwick Freeman, on behalf of C.F. v. Uber Technologies, Inc., et al.,*
No. 3:26-cv-02370-CRB

Judge:        Hon. Charles R. Breyer

Courtroom:    6 – 17th Floor

Date:         July 10, 2026
Time:         10:00 a.m.
Courtroom:    6 – 17th Floor

Comes now, the above captioned plaintiffs and their Counsel in Response to Uber's Motion to Dismiss [Dkt 6350]. Plaintiffs respectfully request this Court *deny* all requests.

## I.    INTRODUCTION

On June 1, 2026, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a Plaintiff Fact Sheet ("PFS") in connection with Amended Pretrial Order ("PTO") 10 [ECF No. 6350.]. Counsel acknowledges and understands that under PTO 10, the Court has created procedures and deadlines to produce a PFS. Counsel has and continues to diligently comply with discovery obligations.

## II.    ARGUMENT

### a.    *Counsel continues to make efforts to reach Plaintiffs Mo.C., D.M., S.W., DE.C., AM.M., Chadwick Freeman, on behalf of C.F.*

Uber mischaracterizes this issue as a refusal by the clients to complete Plaintiff Fact Sheets, suggesting that they have been unwilling to comply with the Court's Orders. However, this is not the case. The clients have not refused to participate or comply. Rather, despite diligent efforts, our firm has been unable to obtain current contact information necessary to reach these individuals and facilitate compliance with the Court's Orders.

We acknowledge and understand that under Amended PTO 10, the Court created procedures and deadlines to produce a PFS. Our firm has made, and continues to make, diligent and good-faith efforts to locate these clients and obtain the information required for compliance. To that end, we have exhausted the original contact information available to us and have utilized all additional resources reasonably available to locate and communicate with these individuals. These efforts include numerous phone calls, emails, texts, written letters, and address searches. (Luther Decl. at ¶¶ 3-19). While we made every effort to reach these Plaintiffs to complete a PFS, we also have no indication that these clients are even aware that they failed to comply with the Court's orders.

There are numerous reasons why victims of sexual assault may become unresponsive years after the events giving rise to their claims. Many of these plaintiffs were young women at the time of the alleged assaults and, over the intervening years, may have changed residences, phone numbers, email addresses, surnames, or other identifying information. As a result, the contact information originally provided is often no longer valid. Our office has undertaken extensive and ongoing efforts to reach these plaintiffs. Those efforts predate the filing of Uber's motion.

### b.    *The Court should deny Uber's Motion to Dismiss as procedurally improper.*

Rule 37 supplies the Court with a panoply of options for dealing with discovery disputes. Within that rubric, dismissal is the most "drastic sanction" that due process reserves for "non-compliance…due to willfulness, fault or bad faith" alone. *Signalo v.Mendoza*, 642 F.2d 309, 310 (9th Circ. 1981). Uber does not even attempt to make the requisite showing of "flagrant disregard" here, which dooms their motion and the bespoke procedure it envisions. *Id*. (citation omitted). Uber could have developed an appropriate record in support of its position had it followed proper procedure and sought an order to show cause. Instead, Defendants prematurely filed the present motion, which must therefore be denied.

### c. *The Court should not dismiss these cases with prejudice.*

Uber has moved to dismiss without prejudice. To the extent the Court considers dismissal with prejudice, it is bound by the five-factor test established in *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Circ. 1987). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*. at 130.

Application of these factors confirms that dismissal with prejudice is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal with prejudice is a punitive sanction reserved only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of any egregious conduct required to justify a terminal sanction and because less drastic measures are available, any dismissal should be without prejudice.

There is no real prejudice to Uber that warrants dismissal. Meanwhile, the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on. It is frequently described as overwhelming. Counsel will continue its efforts with the plaintiffs to cure their deficiencies.

### III.    CONCLUSION

For the foregoing reasons, we respectfully request this Court deny Uber's motion as to the WLF Plaintiffs referenced above who have complied with the Court's order. We further request that we be given additional time to follow up with the remaining WLF plaintiffs with missing fact sheets.

Dated: June 15, 2026

Respectfully submitted,

/s/ *Sommer D. Luther*
Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiffs*

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10. CASE NO. 3:23-MD-03084-CRB

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  June 15, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10. CASE NO. 3:23-MD-03084-CRB