[*Submitting counsel below*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB **JOINT CASE MANAGEMENT STATEMENT** |
| This Document Relates To: ALL ACTIONS | Judge: Hon. Charles R. Breyer Courtroom: 6 – 17 Floor (videoconference) Date: June 16, 2026 Time: 10:00 a.m. |

**JOINT CASE MANAGEMENT STATEMENT**

Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), and Plaintiffs' Co-Lead Counsel (collectively referred to herein as "the Parties"), respectfully provide this Joint Case Management Conference Statement and Proposed Agenda in advance of the Case Management Conference scheduled for June 16, 2026.

**Proposed Agenda**

    **I.**    **Status of Case Filings**

    **II.**    **Settlement Update**

    **III.**    **Proposals for the Next Bellwether Trial**

    **IV.**    **Proposals for Scheduling Future Trials**

    **V.**    **Settlement / Mediation**

    **VI.**    **Next Case Management Conference**

**I.**    **STATUS OF CASE FILINGS**

    **A.**    **Number of MDL Case Filings**

As of June 15, 2026, there are 3,205 cases in this MDL, with more than 155 new filings and 6 dismissals since the last case management conference.

    **B.**    **Status of JCCP**

Approximately 797 cases are pending in the JCCP. The next trial set for September 14, 2026 has been vacated.

    **C.**    **Other Cases and Proceedings**

**Plaintiffs' Position:**

After agreeing in the past to provide, with each CMC statement, a list of related cases pending (*e.g.*, ECF 2629), Uber now refuses to do so. The Court should require it. Such a list is useful for a number of reasons (which is why judges in MDLs typically order it, with the most recent being Judge Seeborg in *Roblox*). Not only may other cases result in relevant legal authority, but also Uber has an ongoing obligation under PTO 19 to confirm with Plaintiffs' co-lead counsel regarding common-benefit obligations before paying settlements or judgments. Uber claims that its counsel

does not track other proceedings, a claim that is hard to believe and makes no sense in any event given that Uber obviously tracks those proceedings for itself.

The list should also include more information than just case captions. Recently, Plaintiffs' co-lead counsel has heard from other plaintiffs' lawyers that Uber has sought to delay trials in other venues on the basis that its counsel are busy with MDL proceedings. Going forward, Plaintiffs propose that Uber supplement the information provided in Exhibit A to include the current schedule in any significant civil action arising from allegations of sexual assault on the Uber platform in which Uber is a defendant. *See, e.g.*, Ex. A (sample from *JUUL* MDL providing similar information).  This information will assist the Court and the parties in coordinating this action with related proceedings in other jurisdictions, including coordinating trial dates.

**Uber's Position:**

The parties have not attached Exhibit A to any Case Management Conference Statement since December 2025. Exhibit A was a list of the other actions pending against Uber of which Uber's outside counsel was aware. Uber is amenable to continuing to provide information on the cases of which it is aware, but should not be required to do more.

Plaintiffs cite a sample document from the *JUUL* multidistrict litigation and ask the Court to require Uber to provide them with a similar document, but Uber's counsel does not maintain such a list. *See* Ex. B. The *Juul* MDL court entered  a "Joint Coordination Order" early in the litigation intending to cover MDL, JCCP, and any other "Related Actions" involving Plaintiffs who chose to participate in coordination. *See* Ex. C (Dkt. 572). The CMO extended to electronic document repositories, discovery and pretrial scheduling, use of discovery obtained in lead actions, service and coordination among counsel, a protocol for depositions, participation in written discovery and other topics. *Id.* As a result of the CMO and related coordination procedures, Lead Counsel in that MDL had information regarding litigation across the country. Those cases were documented in Ex. B as part of the formal coordination procedures.

Uber's MDL counsel have not created or maintained a list of cases in which they are not involved. Asking Uber to undertake a new record-keeping requirement for the sole benefit of Plaintiffs' counsel would impose an undue burden and is not warranted.

## II.    SETTLEMENT UPDATE

**Plaintiffs' Position:**

Uber has reached certain resolution agreements that will affect both the bellwether pool and the MDL as a whole. Plaintiffs sought to include that information, including the affected bellwether and total MDL cases at issue, in this case management statement. Uber refused to do so. The Court should order Uber to do so to assist the Court in managing the MDL in light of the new developments.

**Uber's Position:**

Settlement information is subject to confidentiality obligations and cannot be publicly disclosed in the format and detail sought by Plaintiffs. Uber has provided the Court with appropriate information and is willing to meet and confer with Plaintiffs about ways to provide settlement information that complies with relevant confidentiality obligations.

## III.    PROPOSALS FOR THE NEXT BELLWETHER TRIAL.

At the May 22 Case Management Conference, the Court directed the parties to confer about case selection for the next bellwether trial. *B.L.* and Uber stipulated to remove *B.L.* from the trial pool. ECF 6449. The parties disagree, however, on how which case should be the next bellwether trial. Plaintiffs propose *Jane Doe QLF 0001* or *A.R.2*. Uber proposes *LCHB128* or *Jane Roe CL 68*.

**Plaintifs' Position:**

The parties met and conferred, exchanged draft position statements, and agreed to make a joint submission in advance of the CMC. After the Court entered the *B.L.* stipulation, however, Uber refused to participate in a joint filing. Plaintiffs will submit their position today and be prepared to discuss at the CMC.

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:23-md-03084-CRB

**Uber's Position:**

Uber will provide its position on the next two trial selections by June 19, consistent with the Court's Order on June 12 at Dkt. 6467. Plaintiffs suggest that Uber should have provided its proposal ahead of the Court's deadline, but there is no reason to submit the proposal early. Moreover, Uber is still finalizing its proposal in light of recent developments.

As Uber will explain in its forthcoming submission, Plaintiffs' proposal seeks to obtain a windfall from Plaintiffs' discovery misconduct in *BL*; would jam Uber with a Wave 4 trial in October, depriving the Company of the ability to properly work the case up; and seeks to advance an outlier case that is not representative of the overall MDL pool. In short, Plaintiffs' proposal to work up a Wave 4 case that has been the subject of no discovery in the MDL for a bellwether trial in October defeats the purpose of the bellwether process. Uber will fully respond to Plaintiffs' position on trial selection before June 19, explaining why Uber proposes *LCHB 128* (a Wave 1 Plaintiff selection) and *CL 68*.

## IV.     PROPOSALS FOR SCHEDULING FUTURE, NON-BELLWETHER TRIALS

**Plaintiffs' Position:**

Once the Court resolves the imminent selection and scheduling of the next bellwether trials, Plaintiffs assert that the next step is to figure out the steps forward for all of the cases that deserve trial dates, but that do not make sense for the Court and the PSC to focus their time on. Plaintiffs have made a proposal to Uber with a compressed trial schedule and transfer/remand trial waves. The parties previously agreed to discuss and submit proposals in connection with the next CMC. When Uber withdrew from the joint statement discussed above, Uber threatened to submit briefing on big-picture next steps unilaterally if Plaintiffs proceeded to submit their position on the next bellwether trial. Uber's retaliation is inappropriate and unproductive. The Court should order the parties to meet and confer on global next steps and submit positions in connection with the next CMC.

**Uber's Position:**

Plaintiffs' reference to supposed retaliation is overblown. Uber asked Plaintiffs to defer the joint submission to the Court-ordered deadline of June 19, and Plaintiffs have declined to do so and instead preferred to press forward with their proposal in advance of the June 19 deadline.

In terms of next steps following the next two bellwether trials, Uber strongly believes that transfer/remand is premature. Uber's progress to date in resolving cases is directly attributable to this Court's case management orders requiring Plaintiffs to produce documents that Uber can use to evaluate their claims. If the Court remands cases now, those efforts will come to a standstill, the progress made to date will be lost, and the parties' case-resolution efforts will be stymied. Uber also seeks to present its proposal for bellwether replenishment to the Court at the earliest possible time given the depletion of bellwether cases through trial, settlement, and dismissal.

## V.    RESOLUTION / MEDIATION

The parties continue to meet periodically with Judge Andler to discuss the potential for resolution. The most recent mediation with Judge Andler occurred on May 27, 2026.

## VI.    NEXT CASE MANAGEMENT CONFERENCE

The parties request that the Court set the next monthly Case Management Conference.

Dated: June 15, 2026

By: /s/ Sarah R. London

      Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: /s/ Rachel B. Abrams

      Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

Dated:  June 15, 2026

**KIRKLAND & ELLIS LLP** By:

*/s/ Laura Vartain Horn*_____  _____

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN

**SHOOK, HARDY & BACON L.L.P**.
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON
ALYCIA A. DEGEN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG JONATHAN
SCHNELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

## FILER'S ATTESTATION

I, Laura Vartain Horn, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: June 15, 2026         /s/ *Laura Vartain Horn*
                    Laura Vartain Horn

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:23-md-03084-CRB