# EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | CASE NO. 19-md-02913-WHO |
| | **CASE MANAGEMENT ORDER NO. 9: JOINT COORDINATION ORDER** |
| This Document Relates to: | |
| *All matters* | HONORABLE JUDGE WILLIAM H. ORRICK |

The United States Judicial Panel on Multidistrict Litigation initiated *In re JUUL Labs Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL Docket No. 2913 (the "MDL Proceeding") and began transferring cases relating to JUUL Labs, Inc. ("JLI") products and their marketing and sales practices from various judicial districts to this Court for coordinated or consolidated pretrial proceedings. The Judicial Council of California created *JUUL Labs Product Cases*, JCCP No. 5052 (the "JCCP Proceeding") to coordinate numerous actions pending against JLI in California state courts. Actions involving the same subject matter as the MDL and JCCP Proceedings are pending in other state and federal courts (the "Related Actions"). Because the MDL and JCCP Proceedings ("Lead Actions") and the Related Actions involve similar allegations and many of the same parties, discovery in the various proceedings will substantially overlap.

This Court's goal is to engage in a cooperative effort to coordinate, to the extent practicable, parallel and overlapping proceedings in the federal and state cases in order to reduce costs and avoid unnecessary duplication of effort. While there are important benefits to coordination for all parties, this Court also recognizes that state courts are independent jurisdictions, and no party waives any jurisdictional rights whatsoever or obligations with regard to case management, discovery, trial setting,

1

trial, or case resolution by agreeing to coordinate with the MDL, including participating in MDL depositions that are cross-noticed in state cases.

Counsel for parties in the Lead Actions will use their best efforts to help ensure that such coordination is achieved wherever it is practicable and desired by a given court or courts.

To facilitate coordination in discovery and pretrial scheduling between the two Lead Actions, and any Related Action that wishes to cooperate with the Lead Actions, each court that enters this Joint Coordination Order ("Order") is doing so to further the just and efficient disposition of each proceeding and believes that the circumstances presented by these proceedings warrant the adoption of certain procedures to manage these litigations.

Any Related Action in which this Order has been entered by the court in which the action is pending is referred to herein as a "Coordinated Action" or, collectively, as the "Coordinated Actions." Each Court entering this Order is mindful of the jurisdiction of each of the other Courts in which other Coordinated Actions are pending and does not wish to interfere with the jurisdiction or discretion of those Courts.

Therefore, the parties jointly stipulate that they will work together to coordinate discovery to the maximum extent practicable in order to avoid duplication of effort and to promote the efficient and speedy resolution of the Lead Actions and the Coordinated Actions and, to that end, the following procedures for discovery and pretrial proceedings shall be adopted:

**1.      Electronic Document Repositories**

The Lead Action and Coordinated Action Plaintiffs will have access to documents through electronic document depositories. JLI will post document productions onto an FTP site maintained by JLI (the "JLI Depository"), to which parties who have agreed to the Joint Coordination Order, and/or otherwise have been granted access, will have permission to download that material into their own systems and litigation support software. Defendants Altria Group, Inc. and Philip Morris USA Inc. will post documents on Philip Morris USA's litigation document website, www.pmlitdocs.com (the "PM Litigation Website") (the JLI Depository and PM Litigation Website together, "the Document

2

Depository").  Counsel for parties to the Lead Actions and the Coordinated Actions may access and download documents from the Document Depository in accordance with the terms of the MDL Protective Order or its substantial equivalent, Federal Rule of Evidence 502(d) and the MDL Privileged Materials Order (ECF No. 322), subject to any future common benefit orders that may be entered in Lead Actions.

## 2.       Discovery and Pretrial Scheduling

On the first business day of each month, Defendants shall apprise the Courts presiding over the Lead Actions and Coordinated Actions, as well as all Lead Counsel and Liaison Counsel for the Lead Actions and Coordinated Actions, of matters of significance (including hearings, schedules, deadlines, and trial dates) in Related Actions to enable the MDL Court and the parties to effectuate appropriate coordination, including discovery coordination, with these cases.

Plaintiffs in the Coordinated Actions and their counsel shall be entitled to participate in discovery in the Lead Actions as set forth in this Order and the Deposition Protocol Order subject to any future common benefit orders that may be entered in Lead Actions and in accordance with the terms of the MDL Protective Order, ESI Order, Deposition Protocol Order, and any subsequent order entered in the Lead Actions governing the conduct of discovery (collectively, the "Discovery Orders"), copies of which shall be made available pursuant to the terms of this Order.  Each Court that adopts this Order thereby also adopts the Discovery Orders, which shall govern the use and dissemination of all documents and information produced in coordinated discovery conducted in accordance with the terms of this Order, subject to any future common benefit orders that may be entered in Lead Actions. Discovery in the MDL Proceeding will be conducted in accordance with federal law, including the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court, such as the Discovery Orders. Discovery in the JCCP will be conducted in accordance with California state law, including the California Code of Civil Procedure and the California Rules of Court and Orders of the JCCP Court, such as the JCCP Discovery Orders, as interpreted by the JCCP Court.  Discovery disputes shall be resolved as set forth in Section 7 below. Parties in the Lead Actions and their counsel may also participate in discovery in any Coordinated Action as set forth in this Order.

3

The parties in a Coordinated Action (other than the Lead Actions) may take discovery that is duplicative of discovery taken in the MDL (whether directed to the merits or class certification) only upon leave of the court in which the Coordinated Action is pending. Such leave shall be obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the MDL. To be clear, the parties need not obtain leave of court to conduct discovery relating solely to case-specific issues, such as discovery that is unique to plaintiffs in a Coordinated Action.

### 3. Use of Discovery Obtained in the Lead Actions

Counsel representing the plaintiff or plaintiffs in a Coordinated Action will be entitled to receive all discovery taken of Defendants or Third Parties, but not necessarily discovery of individual Plaintiffs in the Lead Actions, provided that such discovery responses and documents shall be used or disseminated only in accordance with the terms of the Discovery Orders and subject to any future common benefit orders that may be entered in Lead Actions. Counsel representing a party in the Lead Actions shall be entitled to receive all discovery taken of Defendants and Third Parties other than those involving individual Plaintiffs' facts in any Coordinated Action. Any such discovery responses and documents shall be used or disseminated only in accordance with the terms of the Discovery Orders and subject to any future common benefit orders that may be entered in Lead Actions.

Requests for documents, interrogatories, depositions on written questions, and requests for admission propounded in the Lead Actions and Coordinated Actions will be deemed to have been propounded and served in the Lead Actions and Coordinated Actions as if they had been propounded under the applicable civil discovery rules of the respective jurisdictions. Where possible, the Lead Actions will endeavor to serve joint written discovery requests. However, should the parties be unable to come to agreement, the JCCP Proceeding will retain independent rights to propound (1) written discovery where it is non-duplicative of discovery taken in the MDL or pertains to case-specific issues for a specified named plaintiff or (2) upon order of the court for good cause shown. All parties reserve the right to seek good faith numerical limits on discovery through agreement or order of the Court upon a showing of good

cause. The MDL Proceeding's written discovery requests will be governed by federal law, including the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the MDL Court, such as the MDL Discovery Orders.

The JCCP Proceeding's written discovery requests, to the extent permitted under this paragraph, will be governed by California state law, including the California Code of Civil Procedure and the California Rules of Court and Orders of the JCCP Court, such as the JCCP Discovery Orders, as interpreted by the JCCP Court.

Depositions taken in the Lead Actions may be used in the Coordinated Actions, subject to and in accordance with the terms of the Discovery Orders subject to any future common benefit orders that may be entered in Lead Actions, as if they had been taken under the applicable civil discovery rules of the respective jurisdictions. Depositions taken in a Coordinated Action may be used in the Lead Actions, subject to and in accordance with the terms of the Discovery Orders, as if they had been taken under the applicable discovery rules of the Lead Action's jurisdiction. The procedures for depositions shall be set forth in the Deposition Protocol.

**4.      Service and Coordination Among Counsel**

Co-Lead Counsel for Plaintiffs, Plaintiffs' Liaison Counsel, Federal/State Court Liaison Counsel, and Government Entity Liaison Counsel in the MDL Proceeding (collectively, "MDL Plaintiffs' Counsel") have been appointed (those counsel are identified in the attached Exhibit A). Co-Lead Counsel for Plaintiffs, Co-Lead Counsel for Public Entity Plaintiffs, Plaintiffs' Liaison Co-Counsel, and Federal/State Liaison Co-Counsel in the JCCP Proceeding (collectively, "JCCP Plaintiffs' Counsel") have been appointed (those counsel are identified in the attached Exhibit B). Defendants in the MDL shall file with the Courts for the Lead Actions and serve upon MDL Plaintiffs' Counsel and JCCP Plaintiffs' Counsel copies of all Complaints, Coordination Orders, Protective Orders, ESI Orders or other Discovery

Orders, and Orders designating plaintiffs' liaison counsel that are entered in the Coordinated Actions on the first of every month. Service may be made by electronic means.[1]

Any Court presiding over a Coordinated Action and wishing to grant the parties before it access to coordinated discovery may do so by joining this Order and designating one plaintiffs' counsel from the Coordinated Action ("Coordinated Action Plaintiffs' Liaison Counsel") to work with MDL Plaintiffs' Counsel and JCCP Plaintiffs' Counsel to facilitate coordination of discovery in the Coordinated Action and discovery in the Lead Actions subject to any future common benefit orders that may be entered in the Lead Actions.

Plaintiffs' Federal/State Court Liaison Counsel in the MDL Proceeding shall promptly serve upon the JCCP Plaintiffs' Counsel, as well as Coordination Action Plaintiffs' Liaison Counsel all discovery requests (including requests for documents, interrogatories, depositions on written questions, requests for admission, and subpoenas *duces tecum*), responses and objections to discovery requests; deposition notices; correspondence or other papers modifying discovery requests or schedules; and discovery motions (*i.e.*, motions under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure, or corresponding motions under California Code of Civil Procedure) or requests for hearing on discovery disputes regarding coordinated discovery matters that are served upon the parties in the Lead Actions. Service may be made by electronic means. Deposition notices shall be served by e-mail or other electronic means. JCCP Co-Lead and Federal/State Liaison Co-Counsel, as well as Plaintiffs' Liaison Counsel in the Coordinated Actions shall be responsible for providing such documents from their respective actions to Plaintiffs' Federal/State Court Liaison Counsel in the MDL Proceeding and distributing all such documents to other counsel for plaintiffs in their respective actions.

Plaintiffs' Federal/State Court Liaison Counsel in the MDL Proceeding shall maintain a log of all Orders entered in the MDL Proceeding and all discovery requests and responses sent and received in the Lead Actions and shall transmit a copy of said log by e-mail or other electronic means to the JCCP

---

[1] All forms of service made under this Order shall be deemed mailed in accordance with Rule 6 of the Federal Rules of Civil Procedure.

Plaintiffs' Counsel, as well as Plaintiffs' Liaison Counsel in each Coordinated Action by the seventh (7th) day of each month, or on a more frequent basis upon written request. Plaintiffs' Federal/State Liaison Counsel in the MDL Proceeding will promptly transmit a copy of each Order entered in the MDL Proceeding to the JCCP Liaison Co-Counsel and Coordinated Action Plaintiffs' Liaison Counsel. JCCP Liaison Co-Counsel and Coordinated Action Plaintiffs' Liaison Counsel shall be responsible for providing such documents from their respective actions to Plaintiffs' Federal/State Court Liaison Counsel in the MDL Proceeding and distributing all such documents to other counsel for plaintiffs in their respective actions.

**5.     Protocol for Depositions in the Lead Actions**

All counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions. The protocol for fact witness depositions on matters of general applicability to this litigation (as opposed to case-specific or expert witnesses) is set forth in the Deposition Protocol Order.

**6.     Participation in Written Discovery in the Lead Actions**

All parties to the Lead Actions who are subject to the MDL protective order or its substantial equivalent shall be entitled to receive copies of responses to interrogatories, responses to depositions on written questions, responses to requests for admission, and documents produced in any Coordinated Action. Any party or counsel otherwise entitled under this order to receive copies of discovery from other parties or counsel shall reimburse the producing party for actual out-of-pocket costs incurred in connection with the copying and shipping of such discovery (including but not limited to document productions) and shall use such materials only in accordance with the terms of the Discovery Orders.

Any counsel representing a plaintiff in a Coordinated Action shall, in accordance with the Discovery Orders, have access to any document depository or document website that may be established by the parties to the MDL Proceeding subject to any future common benefit orders that may be entered in Lead Actions.

7

**7.     Discovery Dispute Resolution**

Prior to any party in the MDL or JCCP Proceeding filing a discovery motion, the parties must first attempt to resolve the dispute in good faith and in accordance with the procedures and requirements outlined in their respective jurisdictions; *i.e.*, in the MDL, the parties must follow the Discovery Dispute Protocol.

In the event that the parties are not able to resolve any disputes that may arise in the coordinated pretrial discovery conducted in the MDL or JCCP Proceeding, including disputes as to the interpretation of the Discovery Orders, such disputes will be resolved as follows:

To avoid unnecessary conflicts and inconsistency in the rulings in the Actions, Judge Corley (or the magistrate judge subsequently assigned to the MDL) is designated as the "Discovery Coordination Judge" for all Lead and Coordinated Actions.  All discovery applications and disputes except for written discovery propounded in the JCCP shall, in the first instance, be brought to the Discovery Coordination Judge in the form described in MDL CMO No. 6 re: Discovery Dispute Resolution Procedures (ECF No. 357).  The Discovery Coordination Judge may in their discretion consult with Judge Jones (or any judge subsequently assigned to the JCCP) and, if the dispute arose in a Coordinated Action, the judge overseeing that Coordinated Action, and will endeavor to respond promptly.  The parties may seek review of the Discovery Coordination Judge's decision by Judge Orrick (or the district judge subsequently assigned to the MDL) pursuant to Northern District of California Local Rule 72-2.

A party to the JCCP Proceeding or to a Coordinated Action is not precluded from bringing the discovery conflict to the judge overseeing that proceeding, if the discovery conflict is governed by state law that is unique to that proceeding.  The party presenting shall attach to any such discovery motion or request for ruling a copy of the briefing on the issue and the Discovery Coordination Judge and, if applicable, the District Judge's rulings (or transcripts if no rulings are available) on the matter presented pursuant to this Section.  A party to the JCCP proceeding is not required to seek review by Judge Orrick (or the district judge subsequently assigned to the MDL) before bringing the issue to Judge Jones (or any judge subsequently assigned to the JCCP).

This procedure pertains to disputes arising during the discovery process only, and nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial, of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with this Order, whether on grounds of relevance, materiality or any other basis, and all such objections are specifically preserved. The admissibility into evidence in any Lead Action or Coordinated Action of any material provided or obtained in accordance with this Order shall be determined by the Court in which such action is pending.

**8. Implementing This Order**

Any Court before which a Coordinated Action is pending may join this Order, thereby authorizing the parties to that Coordinated Action to participate in coordinated discovery as and to the extent authorized in this Order.

Each Court that joins this Order shall retain jurisdiction to modify, rescind, and/or enforce the terms of this Order.

.

**IT IS SO ORDERED.**

Dated: May 20, 2020

Hon. William H. Orrick
United States District Court Judge

9

# EXHIBIT A

| MDL Leadership Position | Attorney |
|---|---|
| Co-Lead Counsel/Liaison | **Sarah London**<br>Lieff Cabraser Heimann & Bernstein LLP<br>slondon@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |
| Co-Lead Counsel | **Dean Kawamoto**<br>Keller Rohrback LLP<br>dkawamoto@kellerrohrback.com<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 |
| Co-Lead Counsel | **Dena Sharp**<br>Girard Sharp LLP<br>dsharp@girardsharp.com<br>601 California Street, Suite 1400<br>San Francisco, CA 94108 |
| Co-Lead Counsel | **Ellen Relkin**<br>Weitz & Luxenberg<br>erelkin@weitzlux.com<br>700 Broadway<br>New York, NY 10003 |
| Federal/State Court Liaison | **Khaldoun Baghdadi**<br>Walkup Melodia Kelly & Schoenberger<br>kbaghdadi@walkuplawoffice.com<br>650 California Street, 26th Floor<br>San Francisco, CA 94108 |
| Federal/State Court Liaison | **Leslie LaMacchia**<br>Pulaski Law Firm, PLLC<br>llamacchia@pulaskilawfirm.com<br>2925 Richmond Ave Suite 1725<br>Houston, TX 77098 |
| Gov. Entity Liaison | **Thomas Cartmell**<br>Wagstaff & Cartmell, LLP<br>tcartmell@wcllp.com<br>4740 Grand Ave, Suite 300<br>Kansas City, MO 64112 |

# EXHIBIT B

| JCCP Leadership Position | Attorney |
|---|---|
| Co-Lead Counsel/Liaison | **Paul R. Kiesel**<br>KIESEL LAW LLP<br>kiesel@kiesel.law<br>8648 Wilshire Boulevard<br>Beverly Hills, California 90211-2910 |
| Co-Lead Counsel | **Mark P. Robinson, Jr.**<br>ROBINSON CALCAGNIE, INC.<br>mrobinson@robinsonfirm.com<br>19 Corporate Plaza<br>Newport Beach, CA 92660 |
| Liaison Co- Counsel | **Raymond P. Boucher**<br>BOUCHER LLP<br>ray@boucher.la<br>21600 Oxnard Street, Suite 600<br>Woodland Hills, CA 91367 |
| Liaison Co- Counsel | **Thomas V. Girardi**<br>GIRARDI KEESE<br>tgirardi@girardikeese.com<br>1126 Wilshire Blvd<br>Los Angeles, CA 90017 |
| Co-Lead Public Entities | **John Fiske**<br>BARON & BUDD, P.C.<br>jfiske@baronbudd.com<br>11440 West Bernardo Court, Suite 265<br>San Diego, CA 92127 |
| Co-Lead Public Entities | **Rahul Ravipudi**<br>PANISH SHEA & BOYLE LLP<br>ravipudi@psblaw.com<br>11111 Santa Monica Blvd #700<br>Los Angeles, CA 90025 |
| Federal/State Court Liaison | **William A. Levin**<br>LEVIN SIMES ABRAMS LLP<br>wlevin@levinsimes.com<br>1700 Montgomery Street, Suite 250<br>San Francisco, CA 94111 |
| Federal/State Court Liaison | **Daniel S. Robinson**<br>ROBINSON CALCAGNIE, INC.<br>drobinson@robinsonfirm.com<br>19 Corporate Plaza<br>Newport Beach, CA 92660 |