Caleb Marker (SBN 269721)
Email: caleb.marker@zimmreed.com
Jessica M. Liu (CA SBN 358713)
Email: jessica.liu@zimmreed.com
**ZIMMERMAN REED LLP**
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | Hon. Charles R. Breyer |
| This Document Relates to: | **PLAINTIFF T.P.'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10 [ECF 6350]** |
| *T.P. v. Uber Technologies, Inc., et al.* Case No. 3:26-cv-01337 | Date: July 10, 2026 Time: 10:00 a.m. Courtroom: 6 – 17th Floor |

Plaintiff T.P. by her undersigned Counsel submits this Response to Defendants' Motion to Dismiss For Failure to Comply With Amended PTO 10 [DKT 6350]. Plaintiff respectfully requests this Court deny Defendants' Motion.

## I.   INTRODUCTION

On June 1, 2026, Defendants moved to dismiss Plaintiff T.P.'s case for noncompliance with Amended Pretrial Order No. 10 ("Amended PTO 10"). Plaintiff's Counsel recognizes the importance of complying with Amended PTO 10's procedures and deadlines for Plaintiff Fact Sheets. But dismissal "without prejudice" would effectively operate as dismissal with prejudice because Plaintiff's claims would be time-barred under Georgia law. Although communication with

Plaintiff lapsed, Counsel has re-established contact. Plaintiff has confirmed her intent to proceed, and Counsel continues to make good-faith efforts to comply with Amended PTO 10.

## II.  ARGUMENT

### A.  Plaintiff T.P.'s Renewed Participation and Counsel's Ongoing Efforts to Complete the Plaintiff Fact Sheet

Defendants mischaracterize Plaintiff's failure to complete the Plaintiff Fact Sheet ("PFS") as an unwillingness to comply with Amended PTO 10. That is not the case. Plaintiff has not refused to participate in this litigation or to comply with the Court's order. Rather, communication with Plaintiff lapsed for a period of time, but contact has since been re-established, and Plaintiff has confirmed her desire to proceed with this case.

Plaintiff's Counsel has diligently attempted to obtain and produce the discovery required for Plaintiff's claim. On February 20, 2026, Plaintiff submitted a ride receipt for the subject ride, as required by the Court. Marker Decl. ("Decl.") ¶ 5. Counsel has also made repeated efforts to assist Plaintiff in completing her PFS. Until recently, those efforts were unsuccessful because Plaintiff did not respond to any of Counsel's communications. However, on June 10, Plaintiff communicated to Zimmerman Reed that she wishes to continue pursuing her claim. Decl. ¶ 9. Counsel thereafter met and conferred with defense counsel to advise them that Plaintiff intends to proceed. Decl. ¶ 10.

Plaintiff's Counsel acknowledges that Amended PTO 10 establishes procedures and deadlines for completion of the PFS. Counsel has made—and continues to make—diligent, good-faith efforts to secure a completed PFS, including numerous phone calls, emails, text messages, and written correspondence sent by both U.S. Mail and Federal Express. Decl. ¶¶ 6-8.

Moreover, there are many reasons survivors of sexual assault may not respond in a timely manner regarding matters related to the events underlying their claims. Sexual assault is traumatic, and survivors may experience fear, shame, or uncertainty about engaging with the legal process. In these circumstances, some measure of grace is warranted where a plaintiff has not abandoned her claim but has re-engaged and confirmed her intent to proceed. Here, Plaintiff has done exactly that: she has re-established communication and confirmed her desire to continue. Decl. ¶ 9.

**B. Dismissal "Without Prejudice" Would Function as a Dismissal With Prejudice Because Plaintiff's Claims Are Time-Barred**

Plaintiff's claims for personal injury, negligence, and product liability expired shortly after filing in federal court under O.C.G.A. § 9-3-33, which imposes a two-year statute of limitations on actions for injuries to the person. As a result, dismissal "without prejudice" would, as a practical matter, operate as a dismissal with prejudice and extinguish Plaintiff's claims.

Rule 37 provides the Court with numerous options for addressing discovery disputes. Among them, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted). The Ninth Circuit has also "indicated a preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987) (citations omitted). Further, where a discovery sanction results in dismissal of a claim, the court is "required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (citations omitted). Here, Defendants have not shown that Plaintiff's failure to file a Plaintiff Fact Sheet involved willfulness, fault, or bad faith. Accordingly, dismissal is unwarranted.

**C. The Court Should Not Dismiss This Case With Prejudice**

Uber has moved to dismiss without prejudice. To the extent the Court considers dismissal with prejudice, it is bound by the five-factor test established in *Malone v. United States Postal Service*, 833 F.2d 128. These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. at 130.

Application of these factors, proves dismissal is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal with prejudice is a punitive sanction reserved only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of the egregious conduct required to justify a terminal sanction, and because

less drastic measures are available, dismissal with prejudice is not appropriate.

There is no real prejudice to Uber that warrants dismissal. Meanwhile, the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on and is frequently described as overwhelming. Counsel will continue its efforts with Plaintiff to cure her deficiencies promptly and in good faith.

### III. CONCLUSION

For the foregoing reasons, we respectfully request this Court deny Uber's motion as to Plaintiff T.P.'s claims and further request that Plaintiff T.P. be given additional time to provide a completed Plaintiff Fact Sheet.

Respectfully submitted,

**ZIMMERMAN REED LLP**

Dated: June 15, 2026

By: */s/ Caleb Marker*
Caleb Marker (CA SBN 269721)
Jessica M. Liu (CA SBN 358713)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781
caleb.marker@zimmreed.com
jessica.liu@zimmreed.com

*Counsel for Plaintiff T.P.*

PLAINTIFF T.P.'S RESPONSE TO
DEFS' MOTION TO DISMISS
CASE NO. 3:23-MD-03084-CRB