ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S CONSOLIDATED OPPOSITION TO MOTIONS TO VACATE DISMISSALS WITHOUT PREJUDICE** |
| This Document Relates to: | |
| *O.G. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09192 -CRB | |
| *E.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09824-CRB | |
| *JA.R. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10749-CRB | |
| *Jane Roe CL 252 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10758-CRB | |

DEFENDANTS' CONSOLIDATED OPPOSITION TO MOTIONS
TO VACATE DISMISSALS WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

*Jane Roe CL 259 v. Uber
Technologies, Inc., et al.*, No. 3:26-cv-
00284-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The five Plaintiffs at issue here all had their cases dismissed without prejudice[1] more than a month ago for their repeated and willful failure to comply with this Court's orders, either by failing to produce a Plaintiff Fact Sheet or a ride receipt or ride information form. ECF 5253; ECF 5958; ECF 5976. In Amended PTO 10, ECF 4287, this Court set forth a procedure that Plaintiffs could have followed to cure their deficiencies and reinstate their cases, but they did not do so. Instead, well after this Court's deadline to cure and months after they were first informed of their failure to comply with Court orders, Plaintiffs ask this Court to excuse their lateness and vacate their dismissals without prejudice. ECF 6450; ECF 6455; ECF 6456; ECF 6457; ECF 6469. Plaintiffs' request is unsupported by the law and, if granted, would give the thousands of Plaintiffs in this MDL a free pass to ignore this Court's orders with impunity. The Court should deny Plaintiffs' motions to vacate.

As an initial matter, two of the Plaintiffs—Jane Roes CL 252 and 259— have filed motions to vacate that do not identify any procedural rule or legal authority that would support vacating the orders of dismissal without prejudice in their cases. ECF 6450; ECF 6469. Plaintiffs' failure to provide legal support for their request alone is grounds for its denial. *See United States v. Cazares,* 788 F.3d 956, 983 (9th Cir. 2015); *Teetex LLC v. Zeetex, LLC,* No. 20-cv-7092, 2022 WL 2439176, at *7 (N.D. Cal. July 5, 2022).

The remaining three Plaintiffs—O.G., E.M., and JA. R.—purport to proceed under Federal Rule of Civil Procedure 60(b). ECF 6455 at 2; ECF 6456 at 2; ECF 6457 at 2. But all three of these Plaintiffs filed their motions more than thirty days after their cases were dismissed; E.M. and JA. R. were both dismissed in April, ECF 5958, and O.G. was dismissed all the way back in February of this year, ECF 5253. When a Rule 60 motion is filed after the thirty-day threshold for an appeal has passed, courts appropriately give "the interest in finality great weight," which favors denial of the motion. *AmTrust Bank v. Lewis*, 687 F. App'x 667, 670 (9th Cir. 2017); *see also Morton v. Twitter, Inc.,* No. 23-55732, 2024 WL 2843031, at *1 (9th Cir. June 5, 2024) (Rule 60 motion untimely because issues

---

[1] Although the dismissals at issue are currently dismissals without prejudice, all five Plaintiffs are subject to pending motions to convert their dismissals to dismissals with prejudice. ECF 5567; ECF 6340.

should have been raised sooner in a timely appeal). After all, there is a "strong public interest in the timeliness and finality of judgments." *Martinez v. Shinn*, 33 F. 4th 1254, 1262 (9th Cir. 2022); *see also Knox v. Donahoe,* No. 11-cv-2596, 2012 WL 949030, at *3 (N.D. Cal. March 20, 2012) (noting "important public interests including finality of judgments, avoiding inconsistent results, and preserving judicial economy"). Accordingly, this Court should not disturb the finality of the orders of dismissal it entered nearly two and four months ago simply because Plaintiffs have now found it convenient to attempt compliance with the discovery orders they previously flouted.

And although these three Plaintiffs characterizes their failure to comply with their discovery obligations for months as "excusable neglect," ECF 6455 at 2; ECF 6456 at 2; ECF 6457 at 2, that is not the case. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). As an initial matter, Plaintiffs incorrectly characterize the delay as "brief" and "minimal," considering only the span from the dismissals without prejudice to their cure attempts. ECF 6455 at 3; ECF 6456 at 3; ECF 6457 at 2-3. But as the chart below shows, all of the Plaintiffs at issue in this motion were first informed of their discovery deficiencies in December 2025 or January 2026, five or six months ago:

| Plaintiff | Complaint Filed | Deficiency | Notice of Deficiency Served | Motion to Dismiss Filed | Order of Dismissal Entered | Purported Cure | Motion to Vacate Filed |
|---|---|---|---|---|---|---|---|
| O.G | 10/26/25 | Missing PFS | 12/2/25 | 1/9/26 | 2/17/26 | 4/29/26 | 6/11/26 |
| E.M. | 11/14/25 | Missing PFS | 12/29/25 | 3/4/26 | 4/22/26 | 6/11/26 | 6/11/26 |
| JA. R. | 12/17/25 | Missing PFS | 1/20/26 | 3/4/26 | 4/22/26 | 6/5/26 | 6/11/26 |
| Jane Roe CL 252 | 12/17/25 | Missing PFS | 1/20/26 | 3/4/26 | 4/22/26 | 6/11/26 | 6/11/26 |
| Jane Roe CL 259 | 1/9/26 | Missing ride receipt/ information form | 1/27/26 | 3/18/26 | 4/23/26 | 6/3/26 | 6/12/26 |

DEFENDANTS' CONSOLIDATED OPPOSITION TO MOTIONS
TO VACATE DISMISSALS WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

Courts have recognized that delay of five or six months cannot be explained away as excusable neglect. *See Lux v. Benavides,* No. 25-1571, 2026 WL 184219, at *2 (5th Cir. 2026) (no excusable neglect after six-month delay); *Verizon Cal. Inc. v. OnlineNIC, Inc.,* 647 F. Supp. 2d 1110, 1123 (N.D. Cal. 2009) (no excusable neglect after five-month delay). And Plaintiffs' delay in complying and seeking relief is not excusable, since they "utterly failed to keep abreast of the status of [their] case[s]" and "fail[ed] to communicate with [their] attorney[s]." *Wooldridge v. Cal.*, 178 F. App'x 743, 744 (9th Cir. 2006). A Plaintiff's "[n]eglect or lack of diligence is not to be remedied through" a Rule 60 motion. *Roe v. White*, No. 03-cv-04035, 2009 WL 4899211, at *1 (N.D. Cal. Dec. 11, 2009) (Breyer, J.). Moreover, Plaintiffs' non-compliance continued for months after Uber had alerted them to the problem through a Notice of Overdue Discovery and, eventually, a motion to dismiss. Failure to cure noncompliance even after being alerted to it by opposing counsel is not excusable neglect. *AmeriColor Corp. v. Kosto Food Prods. Co.,* No. 16-cv-00029, 2016 WL 10576634, at *3 n.3 (C.D. Cal. June 30, 2016).

Moreover, Plaintiffs all failed to take advantage of the procedures this Court provided for them to have their matters reinstated even after dismissal without prejudice. Under Amended PTO 10, Plaintiffs were given thirty days after the Court's entry of a dismissal without prejudice to either (1) submit the discovery required by the order or (2) move the vacate the dismissal. ECF 4287 § 9. Plaintiffs did not do either of these things within thirty days. "Deadlines are not optional. If a party cannot meet a deadline, that party should meet and confer with the other side and shall request leave of Court reasonably before the deadline passes to extend the time." *21st Century Brands Ltd. v. RTW Retailwinds Acquisition LLC,* No. 22-cv-7539, 2024 WL 5504878, at *1 (N.D. Cal. March 12, 2024). But, as this Court's already-generous deadline to have their matters reinstated approached, Plaintiffs did not request an extension from Defendants or this Court, but simply missed the deadline by weeks and then filed their present motions. When the Plaintiffs filed their complaints, they voluntarily took on the responsibility to follow court rules and deadlines. *See Khan v. Rogers,* No. 17-cv-05548, 2018 WL 4693414, at *2 (N.D. Cal. Sept. 28, 2018). Instead, they ignored the Court's PTO 5 and PTO 10 requirements for months, prejudicing Uber and impairing this Court's management of its docket,

DEFENDANTS' CONSOLIDATED OPPOSITION TO MOTIONS
TO VACATE DISMISSALS WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

resulting in the dismissal of their claims. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.  (In re PPA)*, 460 F.3d 1217, 1232-34 (9th Cir. 2006). To reconsider the dismissal of Plaintiffs' actions at this point would prejudice Uber and render this Court's Orders and deadlines mere suggestions that the parties could ignore without consequences even after dismissal without prejudice. That would be contrary to the spirit of the Court's directives and threaten the integrity of efficacy of this Court's standing orders.

Dated: June 16, 2026                                  SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
ccotton@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

4
DEFENDANTS' CONSOLIDATED OPPOSITION TO MOTIONS
TO VACATE DISMISSALS WITHOUT PREJUDICE

Case No. 3:23-MD-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on June 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Christopher V. Cotton*
Christopher V. Cotton