**WAGSTAFF LAW FIRM**
Sommer D. Luther*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | **WLF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE PRIOR COURT ORDERS & FOR FINDINGS OF CONTEMPT [ECF 6366]** |
| This Document Relates to: | Judge:         Hon. Charles R. Breyer |
| *N.MP. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10776-CRB | Courtroom:    6 – 17th Floor |

Wagstaff Law Firm ("WLF") hereby submits the following Response in Opposition to Defendants' Motion to Enforce Prior Court Orders & Findings of Contempt. To be sure, Plaintiff N.MP. is no longer an active plaintiff in this litigation as her case was dismissed without prejudice on Defendant's Motion [ECF No. 5958] and later dismissed with prejudice. *See* ECF No. 6183[1]. Despite this procedural posture, undersigned counsel submits the following Response:

## I. BACKGROUND

As previously outlined for Uber, undersigned counsel has consistently taken the position that any fraud in this litigation is not appropriate and to that end, counsel has instituted specific processes internally focused on detecting and eliminating fraud as soon as possible. *See* Exhibit 1 to Declaration of Sommer D. Luther. Further, as previously explained to Uber, not all systems are perfect and in the instance of

---

[1] The dismissal was voluntary and at N.MP.'s request.

Plaintiff N.MP. after the filing of the case, Uber identified a concern that the provided ride receipt was not bona fide and therefore moved forward with the litigation and briefing of those issues, as reflected by the Court's docket.

In January of 2026, WLF and Uber engaged in a number of meet and confers related to N.MP's case. During those conferrals, WLF informed Uber that due to issues with responsiveness, WLF anticipated filing a motion to withdraw. WLF's Motion to Withdraw was filed on February 10, 2026, and denied by the Court on March 6, 2026. Uber filed a Motion to Dismiss for failure to provide a PFS on March 4, 2026, which was granted by the Court on April 22, 2026. In the interim, Uber filed its motion requesting N.MP.'s deposition on March 11, 2026.

On April 23, 2026, this Court ordered the deposition of N.MP. and a written response. ECF No. 5970. Between April 23, 2026, and May 13, 2026, WLF made daily contact attempts via various communication channels to N.MP., including phone calls, SMS messages, e-mails, outreach to known associates via e-mail and calls, and letters via Fed-EX and USPS.  On April 24, 2026, Defense counsel reached out to schedule the deposition of N.MP. per the April 23 Order. WLF continued attempts to reach N.MP. to advise her of the requirement for a deposition and schedule the deposition. *See* Luther Dec.¶ 17.

On May 4, 2026, Defense counsel sent a Notice of Deposition setting N.MP.'s deposition for May 14, 2026, despite counsel's office indicating that we had not been able to reach the Plaintiff N.MP. *See* Luther Dec.¶ 17.

On May 19, 2026, WLF and Uber engaged in another meet and confer regarding N.MP's case, this time specifically focused on the request for N.MP.'s deposition. WLF informed Uber again of its numerous daily contact attempts to N.MP. to all known or suspected email accounts, SMS, written letter, phone calls, and associates. (Correspondence to defense counsel dated May 19, 2026, Exhibit 1 to Declaration of Sommer D. Luther). *See* Luther Dec.¶ 23.

## II. PLAINTIFF'S CASE HAS BEEN DISMISSED WITH PREJUDICE

On May 13, 2026, Plaintiff N.MP's case was dismissed with prejudice [ECF No. 6183].

When the underlying proceeding has been rendered moot, a coercive contempt proceeding must be vacated to avoid a due-process violation. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 631 (9th Cir. 2016). Subjecting Plaintiff N.MP to further fines serves no legitimate purpose here. The proposed

daily fines can no longer coerce compliance with the deposition notice and requiring N.MP to pay the accumulated fines now would do nothing but punish her for past transgressions. *See Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 596 (6th Cir. 1999).

### III. WLF REMAINS WILLING TO COOPERATE WITH DEFENDANTS, AS APPROPRIATE

WLF has repeatedly advised Uber that, within the bounds of their ethical responsibilities, WLF remains willing to cooperate with Uber's efforts.  To date, WLF has done everything in its power to facilitate N.MP's appearance at the deposition and has *never* taken *any* position that it would not help coordinate a Court-ordered deposition. Instead, WLF took the position that it cannot provide N.MP's address to Uber under the California Rule of Professional Conduct. WLF merely pointed out that when N.MP's Motion to Dismiss with Prejudice was filed one day before the deposition, Uber's notice was rendered moot by the motion to dismiss, and Uber would then need to personally serve N.MP.

Uber's claim of WLF's obstruction is not justified. WLF has never acted in any way that obstructed Defendants' ability to move forward with the deposition of N.MP.

WLF has followed what is believes to be its ethical obligations and has further explained to Uber the reasons why WLF feels that they are unable to share personal information related to N.MP., including her last known address.  In the event that Uber seeks to compel production of that information, and such request is granted by the Court, WLF will certainly comply. However, that has not happened, and therefore, WLF cannot simply ignore its ethical obligations to its former clients.

In this instance, undersigned counsel submits that within their abilities and professional responsibilities, they will continue to cooperate on the issues raised in Uber's Motion.  However, tasking WLF with continuing to coordinate a deposition with an individual that WLF is unable to contact is not tenable or appropriate.  If Uber wish to pursue the deposition of N.MP then Uber should be required to obtain proper service of process on N.MP.

WHEREFORE, undersigned counsel respectfully requests that the Court decline to Order WLF to cooperate in the scheduling of the deposition of N.MP, including but not limited to, declining to Order WLF to obtain available deposition dates from N.MP.

Dated: June 16, 2026

Respectfully submitted,

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff N.MP.*

WLF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO ENFORCE PRIOR COURT ORDERS & FOR FINDINGS OF
CONTEMPT [ECF 6366], CASE NO. 3:23-MD-03084-CRB

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  June 16, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO ENFORCE PRIOR COURT ORDERS & FOR FINDINGS OF CONTEMPT [ECF 6366], CASE NO. 3:23-MD-03084-CRB