**WAGSTAFF LAW FIRM**
Sommer D. Luther*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO ENFORCE PRIOR COURT ORDERS & FOR FINDINGS OF CONTEMPT [ECF 6366]** |
| This Document Relates to: | |
| *N.MP. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10776-CRB | |

I, Sommer D. Luther, declare:

1. I am a partner at Wagstaff Law Firm. I am admitted to practice before this Court pro hac vice. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the matters stated herein.

2. This declaration is made in support of N.MP.'s response in opposition to Defendants' Motion to Enforce Prior Court Orders & For Findings of Contempt [ECF 6366].

3. Wagstaff Law Firm conducts an audit and review process of all Ride Receipts in efforts to identify non bona fide receipts prior to submission.  Unfortunately, despite this system the receipt in the N.MP case was submitted and later flagged by Uber to be a non bona fide receipt.

4. Circumstances outside counsel's control – including the inability to reach Plaintiff N.MP. and maintain consistent communication – have made continued representation impractical and

1

unreasonably difficult.

5.  My office lost contact with Plaintiff N.MP. at the beginning of 2026. Since that time, multiple attempts have been made to contact Plaintiff N.MP., including at least 12 phone calls, 12 text messages, 10 emails, and multiple letters sent via FedEx and Certified Mail.

6.  On March 20, 2026, after months of attempted contact, my office received a text message from Plaintiff. Another text message was received on March 24, 2026.

7.  Since March 24, 2026, multiple attempts have been made to contact Plaintiff N.MP., including at least 15 phone calls, 15 text messages, 15 emails, and multiple letters.

8.  On April 23, 2026, this Court ordered the deposition of N.MP. and this written response.

9.  On April 24, 2026, Defense counsel reached out to my office to schedule the deposition of N.MP. My office continued its efforts to reach N.MP. to advise her of the requirement for a deposition and schedule a deposition.

10. On May 4, 2026, Uber sent over a Notice of Deposition via email setting N.MP.'s deposition for May 14, 2026, despite our indication that we had not been able to reach N.MP. to advise her of the deposition.

11. My office continued its efforts to reach N.MP. to advise her of the deposition, including provided N.MP. with a copy of the Notice of Deposition.

12. On May 12, 2026, my office received an email from N.MP. indicating that she no longer wanted to pursue her claim and granting WLF permission to dismiss her case.

13. On May 13, 2026, Plaintiff's case was dismissed with prejudice per her request.

14. My office continued to reach out to N.MP. to advise her of her deposition.

15. On May 19, 2026, after conferral with Uber, I sent a letter to defense counsel discussing the issues with N.MP.'s case (Exhibit 1).

Executed this 16 day of June, 2026 in Denver, Colorado.



/s/
Sommer D. Luther

DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO ENFORCE PRIOR COURT ORDERS & FOR FINDINGS OF CONTEMPT [ECF 6366], CASE NO. 3:25-CV-10776-CRB