# EXHIBIT 1



**Sommer Luther, Esq.**
*Attorney*
SLuther@wagstafflawfirm.com

**Wagstaff Law Firm**
940 N. Lincoln Street
Denver, Colorado 80203
Office: (303) 376-6360
Direct: (720) 208-9417

May 19, 2026

*Sent via e-mail to CCotton@shb.com*
Chris Cotton
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd
Kansas City, MO 64108

Re:    *Jane Doe N. MP. V. Uber Technologies, Inc, et al.,*
       *Case*: 25-CV-10776 (Case Dismissed With Prejudice)

Mr. Cotton,

I am writing to follow up regarding the above referenced case and your prior communications with my associate, Tara Doyle. I also left you a voicemail message a few moments ago in the hope that we could discuss this matter.

By way of background, and as I believe your client is aware, my firm has consistently taken the position that any fraud in this litigation is not appropriate, and we have instituted specific processes internally which focus on detecting and eliminating fraudulent cases as soon as possible. I would be happy to walk through those processes with you. Unfortunately, not all systems are perfect and from time to time something has made its way through our quality assurance process and filings and subsequent motion practice has ensued. To my knowledge, the *N. MP* case is the first case where a Wagstaff Law Firm client (or, former client) has been ordered to appear for a deposition.

It is my understanding that following a conferral with Ms. Doyle on May 18, 2026, the parties agreed to communicate today regarding the *N. MP* matter. The goal of additional communication was to provide information, as we are able, regarding the steps taken by Wagstaff Law Firm as it relates the deposition of *N. MP* as Ordered by Judge Breyer on April 23, 2026.

As your client is aware, as early as January of 2026, our firm advised your client that we were having difficulty reaching *N. MP*. Within the bounds of our professional responsibilities, we repeatedly advised your client that due to lack of communication we were unable to comply with PTO 10. A Motion to Dismiss was filed and ultimately on April 23, 2026, Judge Breyer issued an Order dismissing *N. MP's* case and further ordering a deposition of *N. MP*.

I can confirm that from the time Judge Breyer's Order was received, Wagstaff Law Firm made numerous and consistent attempts to contact *N. MP*. The contact attempts included daily emails to *all* known or potential email accounts, SMS, phone calls, and contact attempts to individuals believed to be associated family members and/or emergency contacts. These

Letter re:  *Jane Doe N. MP. V. Uber Technologies, Inc, et al.m Case*: 25-CV-10776 (Case Dismissed
With Prejudice)
Page 2

communications also specifically referenced the Court's Order, enclosed copies of the Court's
Order, and further included a copy of the Notice of the Deposition.

I also understand that during the conferral with Ms. Doyle, Uber requested that we disclose
*N. MP's* address.  We acknowledge that had *N.MP* submitted a PFS, Uber would have access to
her address. However, Plaintiff did not submit a PFS in the above-captioned case. As you are
aware, pursuant to California Rule of Professional Conduct 1.6(a), we are prevented from
disclosing *N.MP's* address. Under California law, attorneys must, "maintain inviolate the
confidence, and at every peril to himself or herself to preserve the secrets, of his or her client,"
with only the narrowest of exceptions." Cal. Bus. & Prof. Code § 6068. These exceptions are
expressly encompassed by Cal. Bus. & Prof. Code § 6068 and Cal. Rules of Pro'l Conduct r. 1.6,
which confirm that confidential information can only be revealed when the attorney reasonably
believes disclosure is necessary to prevent a criminal act likely to *result in death of, or substantial
bodily harm to*, an individual. Obviously, that is not at play here. In consideration of candor
towards the tribunal, confidentiality still controls as the candor obligation applies, "unless
disclosure is prohibited by Cal. Bus. & Prof. Code § 6068(e) and rule 1.6."  Cal. Rules of Pro'l
Conduct r. 3.3.

As it relates to the deposition notice itself, we understand your position to be that *N.MP*
was properly served when she was a client.  We do not agree with that position.  Please contact
me if you wish to discuss that further.

It is my hope that we can continue to work towards resolution of the issues presented in
this case, even in light of the fact that we no longer represent N. MP. As we agreed yesterday
evening, please do not hesitate to reach out should a further phone discussion help clarify any
additional questions you may have.

Kind regards,

*/s/Sommer D. Luther*
Sommer D. Luther
Attorney