DENNIS C. REICH, ESQ. (SBN #69631)
ANDREW HOLCOMB, ESQ. (*Admitted Pro Hac Vice*)
Reich and Binstock, LLP
4265 San Felipe, Suite 1000
Houston, Texas 77027
Tel: 713.622.7271
Fax: 713.623.8724
Email: dreich@reichandbinstock.com
Email: aholcomb@reichandbinstock.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | Honorable Charles R. Breyer |
| This Document Relates to: | **REICH & BINSTOCK, LLP'S RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO ENFORCE THE COURT'S MARCH 9, 2026, AND APRIL 23, 2026, ORDERS & FOR FINDINGS OF CONTEMPT (ECF 6366)** |
| *R.N.02 v. Uber Technologies, et al.,* No. 3:25-cv-07097-CRB*;* | |
| *E.M. v. Uber Technologies, et al.,* No. 3:25-cv-08451-CRB*; and* | |
| *C.C. v. Uber Technologies, et al.,* No. 3:25-cv-08442-CRB | **Date: July 10, 2026**<br>**Time: 10:00 a.m.**<br>**Courtroom: 6 – 17th Floor** |

## STATEMENT OF RELIEF SOUGHT

Reich & Binstock, LLP, ("R&B") requests the Court to deny the relief sought by Uber in its entirety. In a colorful motion with no applicable case law; Uber insists that R&B: (1) failed to meet its obligations to the Court, (2) frustrated Uber's fruitless attempts at service of non-parties, and (3) is required to withdraw from dismissed lawsuits. This is all categorically false. Ultimately, Uber seeks remedies from the Court that are already available to Uber. Uber's Motion remains silent to the fact that these three cases were involuntarily dismissed upon separate grounds prior to seeking Plaintiffs' depositions. Uber's Motion and requested relief should be denied.

**R&B has met all of its obligations to the Court and will continue to do so.**

R&B has consistently represented to the Court and all parties, that it no longer represents former Plaintiffs, R.N.02 (MDL 3879), E.M. (MDL 4152), and C.C. (MDL 4142), following the Court Ordered dismissal of their respective cases.[1] To the extent the Court has directed Orders at R&B directly, R&B has taken every effort to meet its independent obligations.[2] The evidence demonstrates that R&B has not refused to facilitate depositions ordered by the Court, but consistent with the dismissal of cases, has no ongoing relationship with former clients. As a result of the Court ordered dismissals, Plaintiffs filed Notices of Dismissal and were subsequently released as clients by R&B. To date, no party has sought to reinstate the claims. Despite Uber's insistence to the contrary, former Plaintiffs, R.N.02 (MDL 3879), E.M. (MDL 4152), and C.C. (MDL 4142), are not active parties to this lawsuit – as a direct result of the dismissal of their respective lawsuits, *relief which Uber sought*.

**RNB has taken no action to frustrate Uber's access to anyone.**

Upon information and belief, Uber has issued subpoenas seeking the depositions of these three former parties. When asked, R&B has directly provided Uber with the requested information or represented to Uber directly and promptly that R&B cannot make representations on behalf of former clients' availability due to the termination of its respective attorney-client relationship.[3] Despite Uber's insistence that the timing of this "purported disengagement, coinciding precisely with the Court's orders requiring depositions about the fraud," the contractual termination is solely consistent with the involuntary dismissal of these lawsuits *upon* Uber's separate Motions.

Unfortunately, despite efforts to meet their ongoing discovery obligations under PTO 10, each of these three plaintiffs was unable to do so and their cases were dismissed *months prior to*

---

[1] *See* ECF Nos. 4979 and 5253.
[2] *See* ECF No. 5678.
[3] *See* ECF Nos. 6366-2 and 6366-5, Emails between counsel.

REICH & BINSTOCK, LLP'S RESPONSE TO DEFENDANTS' MOTION TO ENFORCE AND FOR FINDINGS OF CONTEMPT

*any communications with Uber about depositions.* R.N.02 (MDL 3879) was dismissed on January 12, 2026, and  C.C. (MDL 4142) and E.M. (MDL 4152) were dismissed on February 17, 2026.[4] From the outset of communications about depositions in March and early April, R&B represented to Uber that it no longer represented R.N.02 (MDL 3879), E.M. (MDL 4152), or C.C. (MDL 4142).[5]

For the avoidance of doubt, R&B, does not currently represent R.N.02 (MDL 3879), E.M. (MDL 4152), or C.C. (MDL 4142). Further, R&B, does not have any ongoing contractual relationship with these former clients whatsoever. As such, R&B, is in no position to make representations on their behalf.[6]

**R&B has not refused to facilitate depositions ordered by the Court.**

As discussed above, R&B has provided Uber's requested information directly to Uber when requested to do so.[7] A representative from R&B has participated in every one of Uber's noticed depositions to date. R&B has not engaged in the service of subpoenas on behalf of Uber because R&B does not operate as an independent process server. It is unclear as to why R&B would be in a different position than Uber to engage an independent process server. R&B has made clear to Uber, on multiple occasions, that R&B has had no contact with former clients following the involuntary dismissal of their respective lawsuits, and the release and termination of their attorney-client relationship. To the extent that Uber did not effectuate service of subpoenas, or seek alternative service thereof, R&B has no role in that process.

**R&B should not be ordered to effectuate service for Uber.**

Finally, Uber seeks a Court Order that "Reich & Binstock, LLP law firm to cooperate with

---

[4] *See* ECF Nos. 4979 and 5253.
[5] *See* ECF Nos. 6366-2 and 6366-5, Emails between counsel.
[6] Critically, Uber has been aware for months that R.N.02, C.C., and E.M. are not represented by R&B and appears to have taken *no action whatsoever* to serve those non-parties with the Motion upon which Uber now seeks remedies, including contempt.
[7] *See* ECF Nos. 6366-2 and 6366-5, Emails between counsel.

3    REICH & BINSTOCK, LLP'S RESPONSE TO
DEFENDANTS' MOTION TO ENFORCE AND
FOR FINDINGS OF CONTEMPT

counsel for   Defendants in coordinating the depositions of C.C., R.N.02, and E.M….Such cooperation shall include, *but will not be limited to*, obtaining available deposition dates from C.C., R.N.02, E.M…and providing Defendants' Notices of Deposition to C.C., R.N.02, E.M." *See* ECF 6366-11.

R&B objects fully to the implementation of this Order because it imposes obligations upon R&B that wholly belong to Uber. R&B has represented to the Court, to Uber, and to all parties in the MDL, that R&B does not represent C.C. (MDL 4142), R.N.02 (MDL 3879), or E.M. (MDL 4152) as of the time their cases were dismissed by the Court. Further, the Order is vague as to the relief sought and how those obligations can be satisfied. R&B simply does not have a role in the relief sought.

<strong><u>CONCLUSION</u></strong>

The Court should deny Uber's requested relief in its entirety.

Dated: June 16, 2026                    Respectfully submitted,

By: */s/ Andrew Holcomb*
DENNIS C. REICH (SBN #69631)
ANDREW HOLCOMB (*Admitted Pro Hac Vice*)
Reich & Binstock, LLP
4265 San Felipe, Suite 1000
Houston, Texas 77027
Tel: 713.622.7271
Fax: 713.623.8724
Email: dreich@reichandbinstock.com
Email: aholcomb@reichandbinstock.com

REICH & BINSTOCK, LLP'S RESPONSE TO DEFENDANTS' MOTION TO ENFORCE AND FOR FINDINGS OF CONTEMPT

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, June 16, 2026, I electronically transmitted the foregoing Response to Defendants' Motion to Enforce the Court's March 9, 2026, and April 23, 2026, Orders and for Findings of Contempt to the Clerk's office using the CM/ECF system for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Andrew Holcomb*
Andrew Holcomb

REICH & BINSTOCK, LLP'S RESPONSE TO
DEFENDANTS' MOTION TO ENFORCE AND
FOR FINDINGS OF CONTEMPT