Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER**<br><br>**Judge: Hon. Lisa J. Cisneros**<br>Courtroom: Courtroom G – 15th Floor |

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER      Case No. 3:23-md-03084-CRB

I, Jamie A. Brown, declare the following:

1.      I am over the age of 18 and am a resident of New York.

2.      I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants" or "Uber"). I am a member in good standing of the Bars of the State of Arizona and the District of Columbia. Prior to joining Shook, Hardy & Bacon LLP, I was a Vice President of Strategic Consulting Services at Lighthouse, which, *inter alia*, facilitates the production of Uber's custodial files in this litigation. I previously set forth my qualifications in declarations provided in support of Uber's ESI protocol on April 12, 2024, ECF 499-6, which are incorporated herein. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I submit this declaration in support of Defendants' Joint Status Report Pursuant to ECF 6354 Regarding Negotiations Over Requested Supplemental Custodial Collections from Uber.

3.      In my May 22, 2026 declaration (ECF 6284-5), I indicated it would be impossible for Uber to meet the court's 30-day production deadline for the four custodians named in the Order Resolving Joint Letter Regarding Trial Witness Discovery (ECF 6209). Instead, I estimated that it would take several months for Uber to collect, process, review and produce the custodial data. This estimate was based upon actual metrics in this litigation and is consistent with prior estimates I have provided in the matter. The estimate also took into account the actual processes Uber and Lighthouse (its eDiscovery vendor) use and have used in this matter, which are well defined, documented and consistent with industry standards and best practices for eDiscovery.

4.      The Court subsequently stayed the 30-day deadline and directed the parties to meet and confer as to an achievable deadline. *See* Order Resolving Motion for Leave to File Motion for Reconsideration and Stay Regarding Document Production from Additional Custodians at 2 (ECF 6319).

5.      The purpose of this declaration is to provide an updated estimate in connection with Uber's ongoing efforts to comply with the Court's May 15 and 28, 2026 orders.

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER     Case No. 3:23-md-03084-CRB

**TAR Training**

6.    In my May 22, 2026 declaration, I explained that every time new documents are introduced, the TAR model needs to be retrained to account for new concepts, and this is especially true when introducing new custodians (as is the case here). ECF 6284-5 at ¶ 10 n.3. Retraining is a necessary part of the TAR process to ensure the appropriate categorization of relevant and non-relevant documents. While the TAR model will continue to apply the concepts it has learned against the new data set, retraining is necessary to apply new concepts that might exist within additional documents. In my opinion, new concepts will exist within the decades of documents contained within the custodial files of the four employees subject to the Court's May 15, 2026 order. Even if the newly collected documents were to contain no new concepts (which I do not believe is a realistic scenario), retraining the TAR model is still required to make accurate relevancy determinations due to the nuances presented by additional documents even for documents that relate to concepts previously addressed.

7.    TAR continues to be the most efficient manner of reviewing documents in a case like this involving massive volumes of data, data originating from myriad systems, numerous issues to be reviewed, and short and ongoing production deadlines. A consistent TAR process should be followed throughout the matter to maintain the integrity of the TAR process and overall output, i.e., what gets produced.

**Revised Timeline**

8.    In connection with the Court's May 15 and 28, 2026 orders, Uber has implemented parallel tracks to collect, process, review, and produce the data as rapidly as possible. Within each track, the workstreams for various tasks have also been adjusted to run in parallel.

9.    For example, some of Ms. Boman's data, including data from Slack, had already been collected by Uber and processed by Lighthouse. Lighthouse has therefore started the TAR retraining process on Ms. Boman's data. At the same time, Uber is continuing to process and collect remaining data of the four custodians, across the various systems that comprise the custodial file.

10.    For these four custodians, Uber has already collected and is processing approximately 4.28 million documents (including an estimated more than one million from Chad Dobbs), and

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER    Case No. 3:23-md-03084-CRB

unknown volumes of additional documents are still being collected. This figure actually exceeds the estimated data volumes used to project the production timeline in my May 22, 2026 declaration.

11.    This total volume to date includes (1) an initial set of over 1.28 million documents against which Lighthouse has applied search terms; (2) approximately 500,000 additional documents that have been collected and processed (with search-term culling pending); (3) another estimated 2.5 million documents that have been collected and are being processed; and (4) unknown volumes of additional documents from Google Drive, Slack, and Box that are still being collected.

12.    As the data continues to be collected, Uber will upload it to Lighthouse, which then will process it as per specifications, retrain the TAR model, and data will be reviewed and produced in a rolling fashion.

13.    This parallel process deviates from the standard process where the TAR model is not retrained until all the collected data is available. Starting the TAR retraining while data is still being collected is less efficient and costs more because each time new data is introduced to the TAR model the following needs to occur:

- obtain a control sample (randomly generated) from the new documents to understand the rate of responsiveness (i.e., richness);

- assess the model's performance against the new data set to determine the level of training required, which involves comparing the responsiveness rate of the model from the prior data set to the new data set;

- create training sets from the new data set designed to identify granular and novel concepts, as well as low frequency topics likely to have the least predictable language;

- conduct an iterative process centered on a "develop - modify - test" workflow, and augment the current model to account for the new concepts and data;

- use samples to assess performance based on precision and recall until the model appears robust enough to meet success criteria; and

- conduct human review.

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER    Case No. 3:23-md-03084-CRB

14. Nevertheless, Uber is proceeding with this parallel workflow, which is designed to optimize its ability to expedite document production, albeit at an even greater expense.

15. Based on information currently known and the efforts underway, while accounting for remaining uncertainties, I estimate that it will take Uber until approximately August 31, 2026, or potentially later, to substantially complete the production of the four custodial files.

16. It is important to note that much of the uncertainty and variability involves time to collect the data, which is based not only on volume, but the nature of the systems, each of which have their own capabilities for collection and export. My prior estimates contained in the May 22, 2026 declaration took these collection metrics into account – again, metrics from data collected in this matter since custodial collections commenced. Uber has designed its collection processes to account for the unique features of the individual systems that are in scope and to optimize the "time to export." But much of the time required to collect the data from the various sources is simply machine time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2026, in New York, New York.

_____ /s/ *Jamie A. Brown* _____

Jamie A. Brown

DECLARATION OF JAMIE A. BROWN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S JOINT STATUS REPORT PURSUANT TO ECF 6354 REGARDING NEGOTIATIONS OVER REQUESTED SUPPLEMENTAL CUSTODIAL COLLECTIONS FROM UBER    Case No. 3:23-md-03084-CRB