Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
AND RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| | No. 3:23-md-03084-CRB-LJC |
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND TO STAY** |
| This Document Relates to:<br><br>All Cases | Magistrate Judge: Honorable Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

- 1 -

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
Case No. 3:23-MD-3084-CRB-LJC

## ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND TO STAY

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC respectfully move for leave to file a motion for reconsideration of the portions of the Court's June 11, 2026 Order that require Uber to: (1) produce Bliss and Jira data through 2025 by June 18, 2026; and (2) supplement Uber's categorized incident report charts by June 30, 2026 and reassess those charts annually until completion of the MDL. ECF 6452 ("June 11, 2026 Order").[1] Attached as Exhibit A to this Motion for Leave is Uber's Proposed Motion for Reconsideration and to Stay.

## ARGUMENT

Local Rule 7-9(a) allows "any party" to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order[.]" Civil L.R. 7-9(a). To be granted leave, the party must show "reasonable diligence in bringing the motion[.]" Civil L.R. 7-9(b). The moving party also must show one of three grounds for leave. *See* Civil L.R. 7-9(b)(1)-(3). As set forth below, reconsideration is proper here because: (1) Uber did not have an opportunity, prior to the June 11, 2026 Order, to address or brief certain deadlines and obligations included in the Court's ruling; and (2) Uber has exercised reasonable diligence in bringing this motion.

### I. RECONSIDERATION IS APPROPRIATE UNDER LOCAL RULE 7-9(B)(1).

Local Rule 7-9(b)(l) allows a party to seek reconsideration where "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Civil L.R. 7-9(b)(1).

Local Rule 7-9(b)(1) is satisfied here because the Court's June 11, 2026 Order set onerous deadlines and obligations that had not been addressed in the parties' limited briefing, including: (1) a one-week turnaround for production of Jira and Bliss data, a process that requires extensive privacy

---

[1] Uber intends to seek Judge Breyer's review of these aspects of the June 11, 2026 Order pursuant to Fed. R. Civ. P. 72, as necessary.

and privilege review; and (2) a continuing obligation to reassess Uber's incident report charts for an indefinite period of time. Because Plaintiffs never specifically requested these deadlines or obligations, Uber had no reason to address why these provisions in the Court's order would be enormously burdensome and why Uber cannot feasibly produce the Jira and Bliss data on such a compressed schedule. *See Roemen v. United States*, 343 F.R.D. 619, 624 (D.S.D. 2023) (granting a motion to reconsider portions of a motion to dismiss where the party argued that the "Court made decisions outside the adversarial issues presented by the parties.").

Uber's proposed Motion for Reconsideration is accompanied by the Declaration of Michael Shortnacy, which details the undue burdens of the Court's order, including the need for significant manual privacy and privilege review (sometimes in different languages), which would make collection and production of the Bliss and Jira data impossible in the mandated one-week timeframe.

Because Uber did not have the opportunity to brief these issues or submit a Declaration prior to the ruling, reconsideration is appropriate under Local Rule 7-9(b)(1).

## II.  UBER EXERCISED REASONABLE DILIGENCE IN BRINGING THE MOTION.

Uber's motion for leave should also be granted because Uber exercised reasonable diligence in seeking reconsideration of the Court's June 11, 2026 Order. As courts in this District have recognized, "'[r]easonable diligence' in bringing a motion for leave to file a motion for reconsideration" pursuant to Local Rule 7-9(b) "requires the party seeking reconsideration to bring its motion expeditiously." *See Malcolm Drilling Co. v. Davey Kent, Inc.*, No. 19-cv-06974-SK, 2021 WL 6199635, at *1 (N.D. Cal. Mar. 26, 2021) (party "exercised reasonable diligence in bringing its motion for leave [to file a motion for reconsideration] fewer than 10 days after" the court issued its order); *see also James v. Portfolio Recovery Assocs., LLC*, No. 14-cv-03889-RMW, 2015 WL 13950262, at *1 (N.D. Cal. Apr. 8, 2015) (plaintiff "acted with reasonable diligence" in moving for leave to file a motion for reconsideration pursuant to Local Rule 7-9(b) "21 days after the court entered its order granting defendant's motion to compel arbitration").

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
Case No. 3:23-MD-3084-CRB-LJC

Here, Uber moved expeditiously in seeking leave to file a motion for reconsideration of the June 11, 2026 Order. Uber began preparing the instant motion for leave to seek reconsideration (as well as the attached Proposed Motion for Reconsideration and supporting Declaration of Michael Shortnacy) immediately following receipt of the Court's ruling and filed this motion within seven days of the order.

## CONCLUSION

For the reasons set forth above, this Court should grant Uber leave to file its proposed motion for reconsideration.

DATED: June 18, 2026

By: */s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

- 4 -
DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
Case No. 3:23-MD-3084-CRB-LJC