Allison M. Brown (admitted *pro hac vice*)
alli.brown@kirkland.com
Jessica Davidson (admitted *pro hac vice*)
jessica.davidson@kirkland.com
Christopher D. Cox (admitted *pro hac vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Michael B. Shortnacy (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE** |
| This Document Relates to: | Date:        July 10, 2026 |
| SEE EXHIBIT A TO ECF 6340-1 | Time:        10:00 a.m. |
| | Courtroom:  6 – 17th Floor |

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

Case No. 3:23-MD-3084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

Amended PTO 10 is clear and unambiguous and the dismissals of the vast majority of the Plaintiffs at issue should be converted from without prejudice to with prejudice under its terms. ECF 4287. Amended PTO 10 states that where, as here, a Plaintiff's claim has been dismissed without prejudice for failure to timely submit discovery required by that order, "the Order will be converted to a dismissal with prejudice upon Uber's motion—to be filed no earlier than (30) days after the Court's entry of the Order of Dismissal Without Prejudice—unless (1) a Plaintiff submits the information required under this Order; or (2) moves to vacate the dismissal without prejudice within that same time period." *Id.* § 9. All but a few of the dozens of Plaintiffs at issue in Uber's Motion, ECF 6340, have not submitted a PFS (or in some cases, ride receipt/information form) or moved to vacate the dismissals. Under the plain language of Amended PTO 10, then, the dismissals "will be converted to a dismissal with prejudice." ECF 4287 § 9. Amended PTO 10's language is mandatory and does not contain any exceptions other than the two that are inapplicable due to Plaintiffs' own unwillingness or inability to take the actions required.

Only Plaintiffs represented by the Wagstaff Law Firm, Cutter Law P.C., Meyer Wilson, Co., LPA, and Peiffer Wolf Carr Kane Conway & Wise, LLP have opposed Uber's Motion. ECF 6422; ECF 6445; ECF 6473; ECF 6475. The dozens of remaining Plaintiffs who have not filed oppositions should be deemed to have appropriately consented to the relief Uber seeks. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Similarly, the oppositions filed by Cutter Law, Meyer Wilson, and Peiffer Wolf cite no legal authority in support of their contention that Uber's Motion should be denied, ECF 6422; ECF 6445; ECF 6473, and they can therefore be deemed to have waived or abandoned their arguments. *See Marsh v. J. Alexander's LLC,* 905 F.3d 610, 628 n.19 (9th Cir. 2018); *Yeganeh v. Mayorkas,* No. 21-cv-02426, 2021 WL 5113221, at *10 (N.D. Cal. Nov. 3, 2021).

Six Plaintiffs, represented by the Wagstaff Law Firm and Cutter Law, claim that conversion of the dismissals should be denied because these Plaintiffs have cured the non-compliance with PTO 5 or 10 that led to the initial dismissal without prejudice. ECF 6473 at 5; ECF 6475 at 4-6. As to two of those Plaintiffs, Jane Roe CL 88 and Jane Roe CL 163, Uber has confirmed that they cured their non-

1

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

Case No. 3:23-MD-3084-CRB

compliance with this Court's orders in a timely fashion by taking the steps identified by Amended PTO 10, serving the missing discovery and filing a motion to vacate within thirty days of the dismissal without prejudice. Accordingly, Uber withdraws its Motion as to those Plaintiffs, and files herewith an Amended Proposed Order reflecting as much.

As to the remaining four Plaintiffs in this category—JA.R., E.M., Jane Roe CL 252 and Jane Roe CL 259—the attempted cure came well after the deadline set by this Court and accordingly does not operate to prevent the conversion of the dismissals from without prejudice to with prejudice. All four Plaintiffs had their cases dismissed in April 2026 for not complying with PTO 5 or 10 and failing to provide the required information, ECF 5958; ECF 5976. These Plaintiffs did not serve a missing PFS or ride receipt/form until June, outside the 30 days to cure permitted by Amended PTO 10 following a dismissal, ECF 4287 § 9, and months after their initial PFS/receipt deadlines. "Deadlines are not optional. If a party cannot meet a deadline, that party should meet and confer with the other side and shall request leave of Court reasonably before the deadline passes to extend the time." *21st Century Brands Ltd. v. RTW Retailwinds Acquisition LLC,* No. 22-cv-7539, 2024 WL 5504878, at *1 (N.D. Cal. March 12, 2024). But, as this Court's already-generous deadline to have their matters reinstated approached, Plaintiffs did not request an extension from Uber or this Court, but rather continued their failure to cure, missing the deadline by weeks and then asking this Court for forgiveness. When Plaintiffs filed their complaints, they voluntarily took on the responsibility to comply with court orders and deadlines, just like any other litigants, *see Khan v. Rogers*, No. 17-cv-05548, 2018 WL 4693414, at *2 (N.D. Cal. Sept. 28, 2018), and their repeated flouting of this Court's orders should not be so easily forgiven.

The few cases cited by the Wagstaff Law Firm in its opposition do not support a different result. *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership* held that an attorney's inadvertent failure to file a proof of claim by the date specified in the bankruptcy rules could constitute "excusable neglect." 507 U.S. 380, 382-83 (1993). Plaintiffs here are not asserting that their attorneys were at fault for their failure to timely file and, in fact, have offered no specific explanation for their tardiness at all, averring only generally about "the process of producing a PFS" and what "[m]any survivors report" about it. ECF 6475 at 5. Similarly, *Briones v. Riviera Hotel &*

2

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

Case No. 3:23-MD-3084-CRB

*Casino* did not find that the plaintiff's late filing was due to excusable neglect, but merely concluded that "although a late filing will ordinarily not be excused by negligence, that possibility is by no means foreclosed," and remanded for the trial court to develop the facts. 116 F.3d 379, 382 (9th Cir. 1997). And regardless, Plaintiffs' failure to comply with this Court's order was willful, not negligent, because "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *In re Phenylproanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006). Finally, *Malone v. U.S. Postal Service* **affirmed** the dismissal of a plaintiff's case for the violation of a pretrial order and therefore plainly does not support the Wagstaff Law Firm's argument for the opposite result. 833 F.2d 128 (9th Circ. 1987). Indeed, if anything, *Malone* supports dismissal because here, as there, there was "repeated failure to comply in any respect with the Court's pretrial order." *Id.* at 130. Plaintiffs' failures here are multiple—they failed to comply with PTO 10 or 5 in the first place, failed to cure after receiving notice of the deficiency, failed to cure once a motion to dismiss was filed, and finally failed to cure during the period allotted by the Court following their dismissals without prejudice.

The Wagstaff Law Firm also points out that it unsuccessfully attempted to withdraw as counsel for one of the Plaintiffs at issue, but does not explain why it is pointing that out or why that is possibly relevant to the Motion. ECF 6475 at 3. It is not. The fact is, that Wagstaff has not followed the procedures for seeking reconsideration of the denial of that motion to withdraw, Local Rule 7-9, and a motion to withdraw is not a bar to a court's granting of a motion to dismiss. *See, e.g.*, *Lucero v. Ettare,* No. 15-cv-2654, 2017 WL 2812962, at *5 (N.D. Cal. June 29, 2017) (dismissing case with prejudice and denying motion to withdraw as moot). Wagstaff also claims that it made "repeated attempts to contact" other Plaintiffs at issue, ECF 6475 at 4, but attempts are insufficient to avoid a second dismissal at this point, given that Plaintiffs have already been non-compliant with this Court's orders for many months. *See In re PPA*, 406 F.3d at 1227. And while Wagstaff asserts "[t]here is no real prejudice to Uber" from its clients' failure to abide by court orders, ECF 6475 at 5, this Court explicitly found that Plaintiffs' noncompliance "caused prejudice to Uber" in its orders dismissing their cases without prejudice. ECF 5455; ECF 5953; ECF 5958; ECF 5972; ECF 5976. Wagstaff might not like the Court's conclusion, but counsel cannot just ignore it.

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE

Case No. 3:23-MD-3084-CRB

Accordingly, pursuant to Amended PTO 10, this Court should enter an order in the form of the Proposed Order Uber submitted with its Motion, converting the Court's orders of dismissal without prejudice of the identified Plaintiffs' claims to orders of dismissal *with prejudice*.

Dated: June 22, 2026                                    SHOOK, HARDY & BACON L.L.P.


By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093
*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY SUPPORTING MOTION TO CONVERT ORDERS OF DISMISSAL
WITHOUT PREJUDICE TO ORDERS OF DISMISSAL WITH PREJUDICE
Case No. 3:23-MD-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on June 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy