RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | **DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF NON-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | |
| *Ava Ryan Knight v. Uber Technologies, Inc., et al; 3:26-cv-01692-CRB;* | |
| *P.H. v. Uber Technologies, Inc., et al; 3:25-cv-06840* | |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP ("Peiffer Wolf"). I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

**Plaintiff Ava Ryan Knight:**

2. On June 4, 2024, Plaintiff Ava Ryan Knight retained Peiffer Wolf as legal counsel.

3. After communicating with Plaintiff Ava Ryan Knight before filing, her case was filed in the MDL on February 26, 2026. Our office informed Plaintiff of her discovery obligations, including her obligations under PTO 10.

4. On March 26, 2026, Peiffer Wolf submitted the Plaintiff Fact Sheet with the information provided by Plaintiff.

5. On April 14, 2026, Uber's counsel informed our firm of an inconsistency with Plaintiff's discovery submissions.

6. Between April 14, 2026 through the present, Plaintiff has received numerous emails, text messages, telephone calls, voice messages, and letters requesting that she contact our office to provide requested information.

7. On May 27, 2026, Plaintiff's Counsel advised Defendants that outreach to Plaintiff Ava Ryan Knight was ongoing.

8. Peiffer Wolf has continued outreach to Plaintiff Ava Ryan Knight in attempt to secure her compliance with her discovery obligations. Despite these ongoing efforts, further contact has yet to be established.

9. To date, Plaintiff Ava Ryan Knight has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

**Plaintiff P.H.:**

10. On November 13, 2023, Plaintiff P.H. retained Peiffer Wolf as legal counsel.

11. After communicating with Plaintiff P.H. before filing, her case was filed in the MDL on August 13, 2025. Our office informed Plaintiff of her discovery obligations, including her obligations under PTO 10.

12. On September 9, 2025, Peiffer Wolf submitted the Plaintiff Fact Sheet with the information provided by Plaintiff.

13. On April 31, 2026, Uber's counsel informed our firm of an inconsistency with Plaintiff's discovery submissions.

14. Between April 31, 2026 through the present, Plaintiff has received numerous emails, text messages, telephone calls, voice messages, and letters requesting that she contact our

office to provide requested information.

15. On May 27, 2026, Plaintiff's Counsel advised Defendants that outreach to Plaintiff P.H. was ongoing.

16. Peiffer Wolf has continued outreach to Plaintiff P.H. in attempt to secure her compliance with her discovery obligations. Despite these ongoing efforts, further contact has yet to be established.

17. To date, Plaintiff P.H. has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

18. Executed this day of June 22, 2026 in San Francisco, California.

*/s/ Rachel B. Abrams*
Rachel B. Abrams

*Counsel for Plaintiff*

DECLARATION IN SUPPORT OF NON-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10