ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | |
| *CLF K.P. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04288-CRB | Date: July 10, 2026 |
| | Time: 10:00 a.m. |
| *Canales v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01084-CRB | Courtroom: 6 – 17th Floor |
| *A.T. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01118-CRB | |
| *Mo.C. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01150-CRB | |
| *D.M. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01151-CRB | |

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

*Jane Roe CL 276 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01165-CRB

*K.G.02 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01175-CRB

*Jane Roe CL 278 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01267-CRB

*T.P. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01337-CRB

*J.N. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01377-CRB

*V.R. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01379-CRB

*Jane Roe CL 280 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01425-CRB

*S.W. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01747-CRB

*Jane Doe LS 686 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01751-CRB

*Jane Roe CL 284 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-01828

*E.D. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02008-CRB

*DE.C. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02053-CRB

*AM.M. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02089-CRB

*Jane Doe NLG (L.N.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02222-CRB

*Jane Roe CL 291 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02307-CRB

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

*Jane Doe LS 689 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02315-CRB

*Jane Doe LS 690 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02316-CRB

*C.F. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02370-CRB

*Jane Doe NLG (R.J.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02387-CRB

*Jane Doe NLG (D.A.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02393-CRB

*Jane Doe NLG (L.W.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02405-CRB

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with Amended PTO 10, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to submit Plaintiff Fact Sheets as required by PTO 10. ECF 6350. These Plaintiffs' noncompliance with the Court's order impairs Uber's ability to defend itself in this MDL and adequately investigate the claims against it under the immense time pressure of an MDL. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699-CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice. *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Nothing in Plaintiffs' oppositions alters this conclusion. Several of the Plaintiffs subject to the Motion, as identified in the section below, have not responded and therefore can be deemed to have consented to the relief it seeks. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Some Plaintiffs represent that they have belatedly submitted a PFS since the filing of the Motion. ECF 6487 at 2; ECF 6440 at 2; ECF 6438 at 2. Uber has confirmed that these Plaintiffs have in fact made these submissions, and therefore withdraws its Motion as to them, although it reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' late submissions. Other Plaintiffs assert that Uber's motion is "procedurally improper" because it should have sought an order to show cause before filing, ECF 6480 at 2-3, but the Ninth Circuit has recognized that a motion to dismiss like the one Uber has filed is the appropriate vehicle to seek relief under Federal Rule of Civil Procedure 37. *See Anheuser-Busch, Inc. v. Nat. Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995). And, indeed, this Court has granted numerous similar motions. *E.g.,* ECF 3666; ECF 5253. Some Plaintiffs assert vaguely that "[t]here are numerous reasons why [they] may become unresponsive," ECF 6480 at 2, or argue that counsel's diligent efforts to

contact them should excuse their noncompliance, ECF 6488 at 2. They cite no law suggesting that it is acceptable to ignore court orders even if one has personal challenges or hardworking counsel, and indeed cases have held otherwise. *E.g.*, *In re PPA*, 460 F.3d at 1233 & 1242. Finally, the Wagstaff Law Firm and Zimmerman Reed LLP argue that Plaintiffs' cases should not be dismissed with prejudice, ECF 6480 at 3; 6488 at 3, but as they acknowledge, Uber has not sought dismissal with prejudice and, regardless, the only authority Plaintiffs cite actually *supports* a with-prejudice dismissal. *Malone*, 833 F.2d at 134. This Court should grant Uber's Motion.

## ARGUMENT

### I.     Plaintiffs who have not responded to Uber's motion should be deemed to have consented to the relief sought.

Some Plaintiffs have not responded to Uber's Motion, either by filing an opposition or submitting the required PFS:

| MDLC ID | Case Number |
|---------|-------------|
| 3486 | 3:25-cv-04288 |
| None | 3:26-cv-01084 |
| 5185 | 3:26-cv-01118 |
| 4905 | 3:26-cv-01175 |
| 4998 | 3:26-cv-01751 |
| 5022 | 3:26-cv-02008 |
| 5244 | 3:26-cv-02222 |
| 5031 | 3:26-cv-02315 |
| 5251 | 3:26-cv-02387 |
| 5252 | 3:26-cv-02393 |
| 5253 | 3:26-cv-02405 |

"Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure to produce a PFS by failing to timely oppose Uber's Motion, it should be granted as to those Plaintiffs.

2

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

## II.    Uber withdraws its motion as to Plaintiffs who have belatedly submitted PFS.

Some Plaintiffs belatedly submitted a PFS *after* Uber filed its Motion:

| MDLC ID | Case Number |
|---|---|
| 4985 | 3:26-cv-01425 |
| 5051 | 3:26-cv-02307 |
| 4954 | 3:26-cv-01379 |
| 4953 | 3:26-cv-01377 |

These Plaintiffs have not offered any excuse for their late submissions, nor any apology for the failure to comply with this Court's order, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber has confirmed that these Plaintiffs have submitted PFS and therefore withdraws its motion as to these Plaintiffs, although it reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions. For the Court's convenience, Uber submits with this Reply an Amended Proposed Order reflecting the withdrawal of the Motion as to the Plaintiffs discussed in this section.

## III.    Uber's Motion is properly before this Court.

The Wagstaff Law Firm, representing five of the delinquent Plaintiffs at issue, argues that Uber's Motion was "procedurally improper" because it should have first "sought an order to show cause" to "develop[] an appropriate record" of "flagrant disregard." ECF 6480 at 2-3. Wagstaff is incorrect about each aspect of this contention, as Uber has informed the firm in past briefing. *E.g.,* ECF 3651 at 10; ECF 5165 at 11. Indeed, this Court has granted previous motions to dismiss where Wagstaff's opposition raised this same argument, implicitly rejecting it. *E.g.,* ECF 3666; ECF 5253.

As an initial matter, the rules pursuant to which Uber brings its Motion—Federal Rules of Civil Procedure 37 and 41—explicitly permit courts to dismiss Plaintiffs' cases for failing to comply with court orders or prosecute cases, and do not impose a procedural prerequisite of an order to show cause. And this Court has repeatedly granted motions to dismiss under these rules without any requiring a prior show cause motion, including in this matter. *E.g.*, ECF 5253; ECF 5232; ECF 4979; *Wilson v. Zentih Am. Sols., Inc.,* No. 20-cv-5617, 2023 WL 3579320, at *4 (N.D. Cal. Feb. 23, 2023); *Warne v. City & Cnty. of San Francisco,* No. 16-cv-6773, 2018 WL 2215848, at *9 (N.D. Cal. May 15, 2018).

3

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

Moreover, although the Ninth Circuit has "specifically encouraged dismissal" in cases involving flagrant disregard of court orders, *Sigliano v. Mendoz*a, 642 F.2d 309, 310 (9th Cir. 1981), flagrant disregard is not required. Rather, the requisite showing for dismissal is "noncompliance… due to willfulness, fault, or bad faith." *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985). And "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Wagstaff has misstated both the legal standard and the appropriate procedure.

The sole case cited by Wagstaff, ECF 6480 at 2, does not suggest otherwise. In *Sigliana v. Mendoza,* the Ninth Circuit **affirmed** the district court's dismissal of a plaintiff's case for failure to respond to discovery. 642 F.2d 309, 310 (9th Cir. 1981). And that court explicitly rejected the "argument that an order to compel discovery is a prerequisite to dismissal" under Rule 37. *Id.* While the court acknowledged that dismissal is appropriate in cases of flagrant disregard, it did not suggest dismissal is permitted *only* in those cases, but rather recognized that "willfulness, fault, or bad faith" can support dismissal. *Id.*

In short, Wagstaff's procedural arguments are "not warranted under existing law" but rather foreclosed by binding Ninth Circuit precedent discussed above, and should be rejected. *Hill v. Workday, Inc.,* No. 23-cv-6558, 2026 WL 1146289, at *1 (N.D. Cal. April 28, 2026) (noting that making arguments not warranted by existing law "erodes public trust in the legal profession").

**IV.    Neither Plaintiffs' vague assertions of personal challenges nor counsel's claims of diligence in attempting to contact them excuse their noncompliance.**

Some Plaintiffs argue that their non-compliance should be excused because counsel has diligently tried to contact them to obtain a PFS or because there are "a variety of reasons" they may be unavailable, ECF 6487 at 2, such as that they are "young women" who "may have changed residences, phone numbers, email addresses, surnames, or other identifying information." ECF 6480 at 2. But if Plaintiffs had legitimate reasons that they were unable to comply with this Court's PFS deadline, the appropriate procedure would have been to request an extension of the deadline under Local Rule 6-1(b), not to ignore the deadline entirely. And extensions are discretionary and based on

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

a showing of specific facts demonstrating good cause. *See Emery v. Oregon Dep't of Corr.*, No. 24-6602, 2025 WL 2977821, at *1 (9th Cir. 2025). None of Plaintiffs' responses has made any individualized showing as to any specific Plaintiff's reasons for noncompliance, but merely averred generally about challenges such plaintiffs *may* face. ECF 6480 at 2; ECF 6488 at 2. Of course, it is not surprising that Plaintiffs' counsel lacks specific information about the reasons Plaintiffs have not complied with the Court's order, as counsel concede that they have not been able to reach their clients. ECF 6487 at 2; ECF 6480 at 2. But regardless, when these firms suggest that Plaintiffs have good reasons for their noncompliance, that is really just speculation—counsel do not claim to have asked these individual Plaintiffs their actual reasons for disobeying the Court's order.

Moreover, Plaintiffs cite no legal authority in support of arguments that a plaintiff's difficult circumstances or counsel's claimed diligence can excuse compliance, and in fact the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re PPA*, 460 F.3d at 1233 & 1242. After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes personally challenging," but regardless, "compliance is not optional." *Capolupo v. Ellis*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

**V.  Uber is not seeking dismissal with prejudice and Plaintiffs' counsel's unsupported arguments against it waste the Court's time.**

The Wagstaff firm and Zimmerman Reed LLP both acknowledge that "Uber has moved to dismiss **without** prejudice." ECF 6480 at 3; 6488 at 3 (emphasis added). But they then proceed to argue that dismissal **with** prejudice is inappropriate. *Id.* This "straw man" argument, opposing relief no one has requested, is frivolous and a waste of the Court's time. *See M.G. v. Bodum USA, Inc.,* No. 19-cv-1069, 2021 WL 718839, at *17 (N.D. Cal. Feb. 24, 2021). Uber will not compound the waste of time by responding in full, but simply note that the sole case both Wagstaff and Zimmerman Reed cite in opposing dismissal with prejudice, *Malone,* **actually affirmed the grant of that relief**. 833

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

F.2d at 134. So, there is in fact precedent supporting dismissal with prejudice of Plaintiffs' cases, but Uber continues to request only the dismissal without prejudice anticipated as a remedy by Amended PTO 10 itself.

**VI.    It is irrelevant that a Plaintiff's claim will be time-barred from refiling after dismissal with prejudice.**

In addition to opposing dismissal **with** prejudice (which Uber did not request), Zimmerman Reed also argues that dismissal **without** prejudice as to Plaintiff T.P. would "function as a dismissal with prejudice" because Plaintiff T.P.'s claims are now outside the applicable two-year statute of limitations. ECF 6488 at 3. But Amended PTO 10's dismissal-without-prejudice mechanism is not limited to claims that will remain timely after being dismissed for non-compliance. ECF 4274-1 ¶ 9. All Plaintiffs must comply with their obligations under Amended PTO 10, and their failure to do so subjects them to the dismissal procedures agreed by the parties and ordered by the Court. Nor is a special exception for Plaintiff T.P. warranted under the *Malone* factors—indeed, as explained above, precedent supports dismissal **with** prejudice as a sanction for continued non-compliance with discovery orders. *See Malone*, 833 F.2d at 134.

## CONCLUSION

Plaintiffs have failed to comply with PTO 10's requirement that they submit a PFS. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims without prejudice.

Dated: June 22, 2026

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on June 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy