UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No.  23-md-03084-CRB   (LJC) |
| This Document Relates To:<br><br>ALL CASES. | **ORDER GRANTING IN PART MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 6540 |

## I.    INTRODUCTION

Uber seeks leave to file a motion for reconsideration of, and to stay, a previous Order requiring production of updated incident data.  For the reasons discussed below, the Court grants such leave to the extent that previous Order set a June 18, 2026 deadline that Uber has not met, and that Uber asserts would have been impossible to meet.  Plaintiffs may file an opposition brief not exceeding five pages no later than noon on June 24, 2026.  The Court will address Uber's motion for reconsideration and/or stay of the June 18 deadline at the June 25, 2026 discovery status conference.

Leave is granted to the extent Uber seeks to file a motion for reconsideration of a requirement for future annual updates of certain data, but the motion for reconsideration is denied on its merits as to that issue.

Leave is denied to the extent that Uber seeks to challenge the Court's order to produce data from its Bliss and Jira systems (as opposed to deadlines for such production), because that matter was submitted through prior adversarial briefing and Uber has shown no procedural basis for reconsideration under this Court's Local Rules.

## II.    PREVIOUS ORDER

On June 11, 2026, the Court issued an Order resolving a dispute between the parties regarding production of certain categories of supplemental incident data from Uber's Flack, Bliss, and Jira systems.  Dkt. No. 6452.

The Court ordered Uber to produce updated data for the calendar year 2025 by June 18, 2026, unless the parties stipulated to a different date.  *Id.* at 3–4.  That deadline also included a caveat in a footnote:

> To the extent the "raw data" called for by paragraph 3 of Plaintiffs' list might include internal communications requiring a manual privilege review that cannot be completed by this deadline, the parties are instructed to meet and confer as to a feasible prompt deadline for production of those communications. Any delay in producing those communications should not delay production of other responsive data beyond the deadline stated above, unless the parties stipulate to a later deadline.

*Id.* at 4 n.2.

The Court ordered Uber to supplement its previous production by June 30, 2026 to account for any incidents that it re-categorized or determined to be invalid, and to further supplement its production by the same date each subsequent year that this MDL remains active.  *Id.* at 4.

The Court denied Plaintiffs' requests for incident data from outside the United States.  *Id.* at 6.

## III.    LEGAL STANDARD

A district court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation and emphasis omitted).

In this district, Civil Local Rule 7-9 requires a party to seek leave of court before filing a motion for reconsideration.  The party seeking leave "must specifically show reasonable diligence in bringing the motion and one of the following:"

> (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2)  The emergence of new material facts or a change of law occurring after the time of such order; or

    (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).  A motion for leave to file a motion for reconsideration may not repeat the party's previous arguments.  Civ. L.R. 7-9(c).

## IV.    ANALYSIS

Uber seeks leave to file a motion for reconsideration solely based on Civil Local Rule 7-9(b)(1), arguing that "a material difference in fact or law exists from that which was presented to the Court before entry of the [previous] order" because Uber previously had no reason to address the one-week deadline for production of 2025 data or the continuing obligation each year to address invalid or recategorized incidents, neither of which had been proposed by Plaintiffs.  Dkt. No. 6540 at 2–3.

### A.    Updated Flack, Jira, and Bliss Data

Uber's motion for leave is GRANTED to the extent it seeks to present arguments regarding the June 18 production deadline that Plaintiffs did not specifically request in their briefing, and to the extent Uber argues that July 31, 2026 is a more appropriate and realistic deadline for that production.  Though it is not strictly true that Uber "did not know such fact or law at the time of the interlocutory order," *see* Civ. L.R. 7-9(b)(1), the Court recognizes that Uber did not have notice to address the feasibility of the specific one-week production deadline that the Court ordered.  Uber's proposed motion for reconsideration (Dkt. No. 6540-1) is deemed filed as to that issue.  *See* Dkt. No. 6540-1 at 9–10.

This granting of leave should not be construed as indicating any view of whether reconsideration should be granted.  Plaintiffs shall file an opposition brief no later than noon on June 24, 2026, not exceeding five pages.  The Court will hear argument at the June 25, 2026 discovery status conference.  The Court will also hear argument at that time on whether to stay the June 18, 2026 deadline if reconsideration is not granted.

Uber's proposed motion for reconsideration goes beyond the specific deadline that the

3

parties had not previously addressed, also arguing that Uber should not be required to produce updated Jira and Bliss data at all. *See* Dkt. No. 6540-1 at 14.[1] The motion for leave is DENIED to the extent that Uber seeks to reargue the requirement to produce Bliss and Jira data, which Uber had sufficient opportunity to address in the parties' previous joint letter. The Court disregards that portion of the motion for reconsideration.

The Court would also deny that request for reconsideration on its merits even if properly presented. As previously discussed, "Plaintiffs have a significant interest in testing, validating, or challenging" Uber's arguments (as presented at the *Dean* bellwether trial) that a significant minority of its incident reports arise from fraudulent or abusive reporting by customers. Dkt. No. 6452 at 1–3. "That interest warrants production of Uber's Bliss and Jira data, in addition to Flack, to allow Plaintiffs' expert witnesses more of the same data that is available to Uber to assess the frequency of 'support abuse' and other invalid reports." *Id.* at 3. Plaintiffs have established that the data is relevant and important to the case, and weighing that against the burden on Uber to produce it, this discovery is proportionate to the needs of the case.

**B.     Future Supplementation of Invalid and Recategorized Reports**

Plaintiffs' portion of the previous joint letter did not specifically address periodic supplementation in future years (beyond an initial supplementation now) of incidents that Uber recategorized or determined to be invalid. As to that issue, Uber's motion for leave to file is GRANTED, but the motion for reconsideration is DENIED on its merits. Uber asserts that providing such updates would take it "several hours involving different Uber personnel to create, peer review, and validate over the course of several days." Dkt. No. 6540-2, ¶ 13. The burden of "several hours" of work to provide updated data once each year is not disproportionate Plaintiffs' interest in access to this information in the context of this MDL.

Uber also asserts "[t]here is no basis in the Federal Rules for imposing a recurring, open-ended discovery obligation in any litigation." Dkt. No. 6540-1. Rule 26 specifically contemplates supplemental discovery responses. *See* Fed. R. Civ. P. 26(e). Regardless of whether Uber's

---

[1] Uber intends to produce updated Flack data by June 30, 2026. Dkt. No. 6540-2, ¶ 4.

United States District Court
Northern District of California

responses here could be said to be materially "incomplete or incorrect" within the meaning of that rule specifically, supplementation of discovery is not a novel or controversial concept.

In this MDL no claims cutoff date has been imposed, and Uber has referred to its incident information as "living data." Dkt. No. 6540-1 at 11. Given that the incident reports are subject to investigation by Uber and that review may result in reclassification of an incident into a different category within the taxonomy or determination that it is invalid, discovery is warranted to ensure that Plaintiffs have a mirror view of the incident information that Uber has in the form of its Flack, Jira, and Bliss data.

To the extent Uber seeks to stay the June 30, 2026 deadline for its first supplementation, it has offered no specific basis to do so or reason to believe it is likely to prevail on a motion for relief from Judge Breyer. That request is DENIED.

## V.    CONCLUSION

Plaintiffs shall file an opposition brief no later than noon on June 24, 2026 addressing Uber's motion for reconsideration of the June 18, 2026 production deadline, or alternatively to stay that deadline. The relief Uber seeks is otherwise denied on the procedural and substantive grounds discussed above.

**IT IS SO ORDERED.**

Dated: June 22, 2026

LISA J. CISNEROS
United States Magistrate Judge