Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9, 2026 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT** |
| This Document Relates to: | |
| *R.N.02 v. Uber Technologies., Inc., et al.*, No. 3:25-cv-07097-CRB | Date:      July 10, 2026 |
| | Time:      10:00 a.m. |
| *E.M. v. Uber Technologies, Inc., et al,* No. 3:25-cv-08451-CRB | Courtroom:  6 – 17th Floor |
| *C.C. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-08442-CRB | |
| *N.MP. v. Uber Technologies, Inc., et al,* No. 3:25-cv-10776-CRB | |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026
ORDERS & FOR FINDINGS OF CONTEMPT
Case No. 3:23-MD-3084-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs' responses to Defendants' Motion to Enforce the Court's March 9, 2026 and April 23, 2026 Orders & For Findings of Contempt ("Uber's Motion") do not dispute the facts that matter and confirm why enforcement is necessary. *See* ECF 6499; ECF 6500. The Court ordered Plaintiffs to file written responses addressing the factual and legal basis for their non-bona-fide receipts and to appear for limited depositions regarding how they became involved in this litigation, how the fraudulent receipts were generated and distributed, and who else was involved in or aware of the fraud. ECF 5454; ECF 5970. Plaintiffs did not comply. Plaintiff E.M. was personally served with a subpoena and the Court's April 23 Order yet did not appear. ECF 6366. Plaintiff N.MP. likewise, had notice of the April 23 Order and a deposition notice but dismissed her case on the eve of her noticed deposition and did not appear. *Id.* Plaintiffs C.C. and R.N.02 also failed to appear for depositions ordered by this Court. *Id.*

Rather than confront the noncompliance, Plaintiffs' responses to Uber's Motion continue to attempt to make the fraud disappear by treating dismissal as the end of the matter. It is not. When additional examples of fraud are detected (and continue to be detected), Plaintiffs' counsel should not be permitted to file the claims, submit unchecked receipts, disclaim responsibility once the fraud is exposed, and leave Uber and the Court to unwind the consequences. The Wagstaff Law Firm's ("Wagstaff") response offers no meaningful justification for Plaintiff N.MP.'s failure to appear, arguing that the dismissal of N.MP.'s case on the eve of her deposition somehow mooted her obligation to answer questions about the fraudulent receipt submitted in her case. ECF 6499. The Reich & Binstock Firm's ("Reich & Binstock") response rests on the same improper premise that dismissal of Plaintiffs E.M., C.C., and R.N.02's claims ended all relevant obligations, including counsel's obligations to cooperate with enforcement of orders directed to fraud in cases the firm filed and prosecuted. ECF 6500. Plaintiffs are mistaken.

This Court issued its orders to address collateral issues of fraud on the Court, not merely to manage open claims. ECF 5454; ECF 5970. The fraud and the obligations resulting from those orders

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

did not evaporate when Plaintiffs' claims were dismissed. To the contrary, the issues of fraud persist on this docket, and the Court's need to determine how it happened remains acute. Plaintiffs' now-familiar tactic of disclaiming responsibility and invoking counsel's claimed inability to contact their own clients as a basis to disregard court-ordered obligations should be rejected as it has been before. *See, e.g.,* ECF 5652 (Wagstaff opposing dismissal for non-compliance with prior order, claiming counsel was "unsuccessful in obtaining current contact information"); ECF 5649 (plaintiffs' counsel relying on the client's continued unresponsiveness as a basis to resist enforcement of the Court's orders); ECF 5972 (order granting Uber's motion to enforce prior orders).[1]

Uber's requested relief is both necessary and appropriately tailored: enforce the Court's prior orders by requiring the Plaintiffs at issue to appear for the short depositions this Court already ordered; find Plaintiffs E.M. and N.MP. in contempt for their knowing noncompliance and require Reich & Binstock and Wagstaff—the law firms that filed the complaints, submitted the fraudulent receipts, and retain relevant contact information—to cooperate in facilitating notice and deposition scheduling. The Court should grant Uber's Motion.

## I.    The Responses Confirm the Core Facts: Court Orders, Notice, and Noncompliance.

The March 9 and April 23 Orders required the Plaintiffs at issue to provide written responses and appear for depositions within 30 days. ECF 5454; ECF 5970. The responses do not dispute that the Plaintiffs failed to do so. Wagstaff acknowledges that the Court ordered N.MP. to provide a written response and appear for deposition but identifies no written response by N.MP., no deposition appearance, and no other compliance with the April 23 Order. ECF 6499. Reich & Binstock likewise does not contend that R.N.02, C.C., or E.M. provided the required written responses, appeared for their Court-ordered depositions, or otherwise complied with the March 9 or April 23 Orders; instead, it relies on dismissal and that firm's claimed termination of the attorney-client relationship in response.

---

[1] A similar Motion for Findings of Contempt & to Enforce Prior Court Orders with respect to other Plaintiffs is also pending before the Court. *See* ECF 5520 (seeking contempt findings and enforcement of prior orders against multiple Plaintiffs who failed to comply with court orders). That motion reflects the same pattern of noncompliance and fraud at issue here.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

ECF 6500. Thus, the operative facts remain undisputed: no Plaintiff filed the ordered written response, no Plaintiff appeared for the ordered deposition, and no Plaintiff complied with the Court's orders.

The Court did not merely invite voluntary cooperation; it entered specific orders requiring compliance. Plaintiffs' failure to appear for their depositions is not merely a scheduling inconvenience and it is not an ordinary discovery dispute. It is defiance of direct Court orders issued to investigate the clear fraud in this MDL, the source, scope, and participants of which remain unknown because Plaintiffs and their counsel have not provided the testimony and cooperation the Court ordered.

## II.    Dismissal Does Not Erase Plaintiffs' Obligations.

Both responses rely on the dismissal of Plaintiffs' cases. Reich & Binstock contends that C.C., R.N.02, and E.M. are no longer active parties because their cases were dismissed. ECF 6500. Wagstaff similarly suggests that N.MP.'s dismissal foreclosed the Court-ordered deposition. ECF 6499. That argument fails. As noted in Uber's Motion, the Court's authority to enforce its own orders and address collateral misconduct survives dismissal. *See* ECF 6366; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (court may consider collateral issues after action is no longer pending). A litigant cannot submit fraudulent documents in an MDL, receive an order requiring testimony about that fraud, and then avoid compliance through a dismissal.

The orders at issue were directed to collateral issues central to the Court's administration of this MDL: how fraudulent receipts entered the litigation, how they were generated and distributed, and who else was involved or aware. ECF 5454; ECF 5970. Those questions remain regardless of whether the individual claims have been dismissed. Indeed, allowing dismissal to cut off the inquiry would reward the very misconduct the orders were designed to investigate.

## III.    Counsel's Disengagement Does Not Defeat the Court's Orders.

Reich & Binstock argues that it cannot make representations for former clients and should not be ordered to serve as Uber's "process server". ECF 6500. That is not Uber's request. Uber does not ask Reich & Binstock to become a process server or to exercise authority it does not have. Uber asks that Reich & Binstock cooperate in facilitating compliance with Court-ordered depositions by

3

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

providing available contact information, transmitting notices, and assisting with scheduling. ECF 6366.

That relief is appropriate. Reich & Binstock filed Plaintiffs C.C., R.N.02, and E.M.'s complaints and uploaded the receipts that triggered the Court's fraud orders. *Id.* Having put those claims and receipts before the Court, Reich & Binstock cannot wash its hands of the resulting fraud inquiry simply by asserting that the attorney-client relationship has ended. At a minimum, the firm should be required to provide the basic cooperation necessary to enforce orders addressing misconduct in cases the firm filed and prosecuted. That includes transmitting notices and providing information necessary to locate witnesses whose testimony the Court ordered.

Reich & Binstock also states that it appeared at the noticed depositions. ECF 6500. But appearing at a deposition where the witness does not appear is not compliance and does not excuse the witness's noncompliance. The issue is whether the Reich & Binstock's position frustrated the depositions the Court ordered. It did. Reich & Binstock stated it no longer represented Plaintiffs C.C. and R.N.02, and there is no evidence that Reich & Binstock provided notice of the depositions to those Plaintiffs. Plaintiffs then did not appear for their depositions, and the issuance of subpoenas to them could not be completed despite repeated efforts. ECF 6366. The Court should not permit Reich & Binstock's posture to defeat enforcement of its orders. As noted in Uber's Motion, courts have broad discretion to fashion sanctions for conduct abusing the judicial process. *Grouse River Outfitters, Ltd. v. Oracle Corp.,* 848 Fed. App'x 238, 244 (9th Cir. 2021).

**IV.     Wagstaff Should Provide the Address for N.MP. and Likewise Be Ordered to Cooperate.**

Wagstaff insists that, "[i]f Uber wish[es] to pursue the deposition of N.MP. then Uber should be required to obtain proper service of process on N.MP." ECF 6499. But Wagstaff flatly refuses to provide N.MP.'s address, thereby obstructing the very service it says Uber must obtain. Wagstaff's position that the N.MP.'s address is somehow protected under the California Rules of Professional Conduct is baseless. Plaintiffs' addresses are routinely disclosed as part of the Plaintiff Fact Sheet process in this litigation. *See* ECF 4287, Ex. 1. Wagstaff's position should be rejected, and the firm

4

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

should be ordered to cooperate in facilitating N.MP.'s deposition, including by providing her address so Uber can serve a subpoena.

**V.     Plaintiffs E.M. and N.MP. Should Be Held In Contempt For Knowingly Failing To Appear.**

Civil contempt is appropriate where clear and convincing evidence shows violation of a specific and definite court order. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (noting it is civil contempt when a party disobeys a "specific and definite court order by failing to take all reasonable steps within its power to comply."). That standard is satisfied here. The record supports contempt as to both Plaintiffs E.M. and N.MP. because each had notice of a specific Court order requiring a limited deposition concerning the fraudulent receipts and each failed to appear. Plaintiff E.M. was personally served with a subpoena, a letter, and the Court's April 23 Order, yet did not appear for deposition, and Reich & Binstock offers no explanation that excuses her noncompliance. ECF 6500. Plaintiff N.MP. likewise, had notice of the April 23 Order and her deposition notice; her counsel confirmed those materials were provided before dismissal.[2] ECF 6366; ECF 6499. Plaintiff N.MP. then unilaterally filed a notice of dismissal the day before the scheduled deposition and did not appear. *Id.*

Neither response identifies any timely motion for relief from the Court's deposition orders, any completed deposition, or any written response by either Plaintiff that would satisfy the orders. *See* ECF 6499; ECF 6500. Nor does either response show that contempt would be punitive rather than coercive. Uber seeks sanctions that E.M. and N.MP. can avoid by simply complying with the Court's orders and appearing for limited depositions. That is the core function of civil contempt: compelling obedience to lawful orders and preserving the Court's authority. *Portland Feminist Women's Health Ctr. v. Advocs. for Life, Inc.*, 877 F.2d 787, 790 (9th Cir. 1989).

As to both Plaintiffs, the requested contempt findings are narrowly tailored to the same failure: refusal to comply with Court-ordered testimony about how non-bona fide receipts were generated, distributed, and submitted in this MDL. A party with notice of a specific Court order may not simply

---

[2] Moreover, Wagstaff's claim that it "made daily contact attempts" to N.MP. does not excuse noncompliance. ECF 6499. Civil contempt turns on the party's failure to comply—not counsel's claimed diligence.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

ignore it and then count on dismissal as a safe harbor. *Buccola v. Boucher*, No. 22-cv-3877, 2024 WL 458435, at \*4 (N.D. Cal. Oct. 24, 2024) (sanctions appropriate where excuses did not justify ignoring court order).

The Court should therefore find E.M. and N.MP. in civil contempt and impose coercive sanctions that accrue only until each Plaintiff complies. This relief is avoidable, proportional, and necessary to secure testimony concerning who created, distributed, and submitted the fraudulent receipts. *See Lopez v. Lee*, No. 23-cv-3660, 2025 WL 3248750, at \*3 (N.D. Cal. Nov. 21, 2025) (contempt sanction lifting upon appearance at deposition).

## VI.     The Requested Relief Is Targeted to Secure Compliance.

The responses mischaracterize Uber's requested relief as overbroad. It is not. The relief is carefully limited to enforcing this Court's prior orders. *See* ECF 6499; ECF 6500. Uber seeks the short depositions this Court has already ordered. ECF 5454; ECF 5970. Uber seeks contempt findings only as to Plaintiffs E.M. and N.MP., who had confirmed notice of their respective depositions but failed to appear. ECF 6366. And Uber seeks cooperation from Reich & Binstock and Wagstaff to facilitate notice, scheduling, and appearance for depositions already ordered by the Court. *Id.* That limited relief is targeted and well within the Court's discretion under Rules 16(f) and 37(b). *See* Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A).

The alternative urged by Plaintiffs' responses is not neutrality; it is non-enforcement. These Plaintiffs submitted non-bona fide receipts, failed to respond to orders requiring explanations, failed to appear for depositions, and counsel now rely on case dismissal and disengagement to avoid accountability. The outcome would reward noncompliance and leave fraud on the Court insufficiently examined. The Court should reject it.

## CONCLUSION

For the foregoing reasons, and those set forth in Uber's Motion, the Court should grant the Defendants' Motion to Enforce the Court's March 9, 2026 and April 23, 2026 Orders and for Findings of Contempt. ECF 6366. The Court should compel Plaintiffs R.N.02, C.C., E.M., and N.MP. to appear for Court-ordered depositions within 30 days; find Plaintiffs E.M. and N.MP. in civil contempt, impose

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

coercive daily monetary sanctions as necessary to secure compliance; require the Reich & Binstock and Wagstaff law firms to cooperate in facilitating the depositions, including by providing available contact information and transmitting notices; and award such further relief as the Court deems appropriate.

DATED: June 23, 2026                              Respectfully submitted,

                                                **SHOOK, HARDY & BACON L.L.P.**

                                                By: */s/ Christopher V. Cotton*

                                                CHRISTOPHER V. COTTON
                                                2555 Grand Boulevard
                                                Kansas City, MO 64108
                                                Telephone: (816) 474-6550
                                                ccotton@shb.com

                                                *Attorney for Defendants*
                                                UBER TECHNOLOGIES, INC.,
                                                RASIER, LLC, and RASIER-CA, LLC

7

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on June 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Christopher V. Cotton*
Christopher V. Cotton

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S MARCH 9 AND APRIL 23, 2026 ORDERS & FOR FINDINGS OF CONTEMPT

Case No. 3:23-MD-3084-CRB