[Submitting counsel below]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC.
PASSENGER SEXUAL ASSAULT
LITIGATION

_____

This Document Relates to:

*A.R. v. Uber Techs., Inc.*,
Case No. 3:24-cv-07821

Case No. 23-md-03084-CRB (LJC)

Honorable Charles R. Breyer

**PLAINTIFF'S STATEMENT IN SUPPORT
OF DEFENDANTS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD
BE FILED UNDER SEAL**

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Statement in support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal. ECF 4823.

Plaintiff respectfully requests that substantial portions of the motion and Exhibits 1-4 be sealed because they involve intimate and sensitive aspects of Plaintiff's and third parties' personal lives:

| Document | Description of Material to Be Sealed |
| --- | --- |
| Portions of Uber Statement re: Bellwether Trial Selection and Scheduling (ECF 6489) | The name of Plaintiff proceeding under a pseudonym at 10:25<br><br>Attorney-client privileged communications and work product at 11:3-10, 11:23-25, 11:26-27<br><br>Intimate and sensitive conversations between Plaintiff and third parties at 11:21-22, 11:23-25, 11:26-27 |
| Portions of Exhibit 1 to the Declaration of Laura Vartain Horn in Support of Uber's Statement (ECF 6489-2) | Third party's name at 1:10, 22:2, 22:3, 23:25, 28:16, 72:9-10, 72:15<br><br>The name of Plaintiff proceeding under a pseudonym at 21:24, 22:5<br><br>Attorney-client privileged communications at 21:15-23:1, 23:15-21, 28:16-29:6, 29:7-24 |
| Portions of Exhibit 2 to the Declaration of Laura Vartain Horn in Support of Uber's Statement (ECF 6489-3) | Plaintiff's photograph at BW-A_R-000765- BW-A_R-000770<br><br>Third party's name and photograph at BW-A_R-000765- BW-A_R-000770<br><br>Intimate and sensitive aspects of Plaintiff's and third parties' lives, conversations at BW-A_R-000765-BW-A_R-000766, BW-A_R-000768, BW-A_R-000770<br><br>Plaintiff's substance use at BW-A_R-000765<br><br>Attorney-client privileged communications at BW-A_R-000765, BW-A_R-000766, BW-A_R-000767, BW-A_R-000768, BW-A_R-000769, BW-A_R-000770 |

1

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
CASE NO. 3:23-MD-03084

| Portions of Exhibit 3 to the Declaration of Laura Vartain Horn in Support of Uber's Statement (ECF 6489-4) | Third party's name and photograph at BW-A_R-001373-BW-A_R-001389<br><br>Intimate and sensitive aspects of Plaintiff's and third party's lives and conversations at BW-A_R-001376-BW-A_R-001377, BW-A_R-001380-BW-A_R-001382, BW-A_R-001385, BW-A_R-001386, - BW-A_R-001389<br><br>Other third party's name at BW-A_R-001382, BW-A_R-001383, BW-A_R-001384, BW-A_R-001385, BW-A_R-001387, BW-A_R-001388, BW-A_R-001389<br><br>Attorney-client privileged communications and work product at BW-A_R-001374-BW-A_R-001380, BW-A_R-001382, BW-A_R-001384-BW-A_R-001388 |
| Portions of Exhibit 4 to the Declaration of Laura Vartain Horn in Support of Uber's Statement (ECF 6489-5) | Third party's name and photograph at BW-A_R-000636-000650<br><br>Intimate and sensitive aspects of Plaintiff's and third parties' lives and conversations at BW-A_R-000641- BW-A_R-000645<br><br>Third party's name at BW-A_R-000636, BW-A_R-000637, BW-A_R-000638, BW-A_R-000646<br><br>Attorney-client privileged communications at BW-A_R-000641- BW-A_R-000643 |

## I.   LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-1102 (9th Cir. 2016). Good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

2

The documents here are related to the scope of discovery into Plaintiff's condition and past—issues that would not be likely to come up at trial and, further, which Defendants argue make Plaintiff's case unsuitable to try *at all*. Even if this case were selected and these issues arose, courts consistently recognize that evidentiary rulings about what evidence may be presented are procedural determinations that do not resolve the underlying claims. *2-Way Computing, Inc. v. Nextel Fin. Co.,* 2015 WL 456519, at *1, fn. 1 (D. Nev. Feb. 3, 2015) (stating that "good cause is the standard to apply to… non-dispositive evidentiary motions."). As Defendants' Statement is related to the suitability of Plaintiff's case for trial, rather than resolving the merits of the case, the good cause standard applies.

## II.    PORTIONS OF DEFENDANTS' MOTION AND EXHIBITS SHOULD BE SEALED

The information that Plaintiff seeks to seal includes information regarding the intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's mental health history, details of substance abuse by Plaintiff and third parties, and the personally identifiable information ("PII") of Plaintiff (who is a bellwether plaintiff proceeding under pseudonym) and third parties. *See* Craig Decl. ¶¶ 3-7. Relevant portions of Defendants' Statement and Exhibits should be sealed to avoid harm to plaintiffs' and third parties' privacy interests.

### A.    Failing to Seal the Records Would Harm Plaintiffs and Third Parties

First, portions of Defendants' Statement and Exhibits that contain information regarding intimate and sensitive aspects of Plaintiff's and third parties' personal lives should be sealed. *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *Doe by & through Tanis v. Cnty. of San Diego*, 576 F. Supp. 3d 721, 733 (S.D. Cal. 2021) (holding that "a historic social stigma has attached to victims of sexual violence"). Courts have found that details of personal lives, including allegations of past abuse, "do[] not create a public interest sufficiently large to outweigh the [] private interests in confidentiality." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 427 (9th Cir. 2011).

Second, portions of Defendants' Exhibits pertaining to Plaintiff's and a third party's substance use should be sealed. *See Voice of San Diego v. Naval Crim. Investigative Serv.*, 753 F. Supp. 3d 1069, 1122

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
CASE NO. 3:23-MD-03084

(S.D. Cal. 2024) (recognizing that "records revealing [individuals']… participation in… using illegal or controlled substances implicated substantial privacy concerns" and disclosure could "foreseeably expose these third parties to harassment, embarrassment, or stigma and, potentially, could impact their employment.") (collecting cases).

Third, Uber's Statement and Exhibits contain attorney-client privileged communications (including between jointly represented Plaintiff and third parties) and work product related to non-disclosed consulting experts. Courts in the Ninth Circuit routinely have "attorney–client privilege and the work-product doctrine as sufficient justifications for sealing, even under the higher 'compelling reason' standard." *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at \*3 (N.D. Cal. Mar. 16, 2018) (collecting cases).

Lastly, the identified portions of Defendants' Statement and Exhibits that contain names and photos of third parties and of Plaintiff (a bellwether plaintiff proceeding under pseudonym), are sealable because they are PII. The Court has previously granted plaintiffs in this litigation the option of proceeding anonymously as "plaintiffs' need to proceed anonymously outweighs the prejudice to the defendants and the public's interest in knowing the parties' identities." ECF 174. Courts, further, routinely seal PII under the more stringent compelling reasons standard. *See Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at \*2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action") (collecting cases).

Disclosure of the intimate and sensitive aspects of Plaintiff's and third parties' personal lives, details of past substance use by Plaintiff, the personally identifiable information ("PII") of Plaintiff (a bellwether proceeding under pseudonym), and the PII of third parties, would cause significant privacy harms that may result in public humiliation, reputational damage, unwanted media attention, annoyance, and embarrassment. *See* Craig Decl. ¶ 8. Fed. R. Civ. P. 26(c).

The significant privacy concerns of Plaintiff and third parties outweigh the public's minimal interest in knowing their identities or highly sensitive information, and warrant the sealing of this information. *See* Craig Decl. ¶ 9.

4

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
CASE NO. 3:23-MD-03084

**B.    Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of Uber's Statement and Exhibits, since describing the material Plaintiff seeks to seal is tantamount to revealing the details of its content. *See* Craig Decl. ¶ 10. Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information, while ensuring the public retains access to the rest of the exhibits. *See id.*

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court order that the portions of Defendants' Statement and the Exhibits listed above be maintained under seal.

Dated: June 23, 2026                    Respectfully submitted,


By*: /s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By*: /s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By*: /s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

5

## FILER'S ATTESTATION

I, Rachel B. Abrams, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: June 23, 2026                                      */s/ Rachel B. Abrams*

Rachel B. Abrams

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
CASE NO. 3:23-MD-03084

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/  *Rachel B. Abrams*

7