[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*All Cases*

Case No. 3:23-md-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [JOINT PTO-8 LETTER REGARDING NONPROFIT DEPOSITIONS]**

Judge:       Hon. Lisa J. Cisneros
Courtroom:  G – 15th Floor

Pursuant to Northern District of California Civil Local Rule 79-5(f)(3), Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Statement in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [Joint PTO 8 Letter Regarding Non-Profit Depositions] (ECF No. 6511). Uber does not waive, and expressly reserves, all applicable privileges, confidentiality protections, privacy interests, trade secret protections, and other protections available under Rule 26(c), Civil Local Rule 79-5, and applicable law. For the reasons set forth herein, there is good cause to seal the following exhibits and letter as described below:

| Document | Description | Party Seeking Confidentiality |
|---|---|---|
| Ex. A to Joint Letter | Excerpts of the June 4, 2026 30(b)(6) Deposition of Emilie Boman | Uber |
| Ex. B to the Joint Letter | Deposition Aid used at the June 4, 2026 30(b)(6) Deposition of Emilie Boman | Uber |
| Joint Letter | Quotations or descriptions of portions of Ex. A | Uber |

## I.    LEGAL STANDARD

Documents attached to non-dispositive filings that are not directly relevant to the merits of a case are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Rule 26 provides that good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). That protection extends to confidential business information, commercially sensitive strategy, private compensation information, third-party relationship information, and other material whose disclosure would cause competitive harm, impair business relationships, or invade legitimate privacy interests. In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive

1

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ L.R. 79-5(c).

## II.    ARGUMENT

Uber has established good cause to seal the requested redactions to Exhibit B. The materials at issue relate not to a dispositive motion, but to a discovery dispute over the scope of depositions related to non-profits. This motion to seal therefore only needs to meet the less exacting "good cause" standard under Rule 26(c).

The material that Uber seeks to redact in Exhibit B is confidential, commercially sensitive, and protectable under Rule 26(c). It involves Uber's partnerships with non-profit organizations, including specific dollar amounts paid to those partners,[1] the names of Uber's particular contacts at the organizations,[2] communications with and information shared with Uber's partners,[3] and non-public information about which organizations provided input about certain Uber features.[4] Uber also seeks to redact confidential information concerning its Safety Advisory Board (the "Board"), including the current and historic composition of the Board,[5] compensation paid to Board members,[6] the duties outlined in its engagement agreements with Board members,[7] and information concerning communications with and topics considered by the Board.[8] The disclosure of this sensitive information would reveal more than isolated facts: it would expose the structure, scope, terms, and substance of Uber's strategic relationship with third-party organizations and

---

[1]    Ex. B at 1, 3.

[2]    Ex. B at 1-3, 7.

[3]    Ex. B at 2-3.

[4]    Ex. B at 2-3, 7.

[5]    Ex. B at 8-11.

[6]    Ex. B at 12.

[7]    Ex. B. at 12.

[8]    Ex. B at 11.

DEFENDANTS' STATEMENT RE SEALING                Case No. 3:23-md-03084-CRB (LJC)

advisers, impair Uber's ability to maintain those relationships, chill candid communications and collaboration with non-profit partners and advisory board members, disclose partner-specific and compensation information that third parties reasonably expect to remain confidential, and reveal Uber's internal safety strategies and business priorities. Courts routinely find good cause to protect comparable confidential business information, internal strategy, third-party relationship information, and compensation information. *See Impossible Foods Inc. v. Impossible LLC*, No. 5:21-cv-02419-BLF, 2025 WL 638350, at *3-4 (N.D. Cal. Feb. 27, 2025) (holding that "confidential business information and internal business strategy involving Impossible Foods's trademarks" meets the good cause standard); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 54692, at *3 (N.D. Cal. Jan. 4, 2024) ("The Court finds good cause to seal the information identified…. These exhibits discuss non-public information about Bold's corporate structure and business transactions, which if released would cause Bold competitive harm."); *Laatz v. Zazzle, Inc.*, No. 5:22-cv-04844-BLF, 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024) ("The Court finds that good cause exists to seal Exhibits B and C. The exhibits contain information related to Zazzle's business structure, strategies, and practices, public disclosure of which would harm Zazzle's competitive standing."); *Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2013 WL 12320765, at *2 (N.D. Cal. Oct. 30, 2013) ("Both parties agree that much of the material proposed to be sealed is internal information not otherwise made available to the public regarding Safeway.com's pricing strategies, pricing methodology, internal business strategy, financial performance, and transaction and customer data. The Court agrees with both parties that exposing this information could subject Defendant to 'undue burden or expense,' and [it] is therefore sealable.") (citation omitted); *Gomo v. NetApp, Inc.*, No. 17-CV-02990-BLF, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019) (sealing "non-public, confidential information regarding Defendant NetApp's compensation plan and executives"); *Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987 RSM, 2018 WL 3328224, at *2 (W.D. Wash. July 6, 2018) (compelling reasons to seal individual compensation amounts); *see also* 11/21/2025 Decl. of Greg Brown ¶ 18 (ECF No. 4470-36) (discussing the sensitivity of information concerning Uber's non-profit relationships under the

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

compelling interest standard); 12/15/2025 Decl. of Greg Brown ¶ 13 (ECF No. 4676-2) (similar); 1/6/2026 Decl. of Greg Brown ¶ 13 (ECF No. 4926-11) (similar).

Uber's request is also narrowly tailored and uses the least restrictive means available. Uber is not seeking to seal the full deposition aid, but only limited excerpts that would reveal Uber's sensitive relationships and strategies, including specific dollar amounts, individual contact names, and other non-public information concerning Uber's non-profit partnerships and Safety Advisory Board. *Impossible Foods Inc.*, 2025 WL 638350, at *4 ("Since IF's proposed redactions leave unredacted the material relevant to the Parties' dispute, the Court also finds that IF's proposed redactions are narrowly tailored."). Moreover, to the extent that any information was already made public in connection with the JCCP trial, the MDL trials, or otherwise, Uber does not seek to protect that information. Thus, Uber's approach is the least restrictive alternative and is narrowly tailored to protect Uber's non-profit partner relationships, Safety Advisory Board-related information, third-party privacy interests, competitive position, and other applicable privileges and protections.

This Court has previously granted Uber's motion to seal similar redactions related to Uber's non-profit relationships, finding that the redactions "generally relate to specific internal documents, internal discussions of specific initiatives with specific partners, and monetary values of contributions, all of which might reveal corporate strategy in a manner that might cause Uber competitive harm or impair its relationships with nonprofit partners." ECF No. 4701 at 21. The same reasoning applies here because the proposed redactions concern the same types of confidential, relationship-specific, and strategy-revealing information. The Court should therefore approve Uber's requested redactions.

Because confidentiality designations for Exhibit A to the Joint Letter are not yet due, Uber respectfully requests that the Court maintain the transcript under seal on an interim basis pending completion of the designation process. The transcript contains testimony concerning the same categories of confidential and commercially sensitive information addressed above, including Uber's non-profit partnerships, communications with third-party partners, partner-specific

DEFENDANTS' STATEMENT RE SEALING                    Case No. 3:23-md-03084-CRB (LJC)

information, compensation information, Safety Advisory Board-related information, and internal safety and business strategy. Public disclosure before the designation deadline would risk irreparable disclosure of material that Uber is entitled to designate and seek to protect. Once designations are complete and/or upon order of the Court, Uber will submit narrowly tailored redactions limited to sealable material and will not seek to maintain under seal any information that has been made public or is not properly sealable.

## III.    CONCLUSION

Good cause exists for the Court to seal the proposed redactions to Exhibit B as well as to maintain Exhibit A and the corresponding quotations or descriptions in the Joint Letter under seal on an interim basis. Uber therefore respectfully requests that the Court order that the Exhibits and Joint Letter be maintained on the docket under seal.

DATED:  June 24, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

5

DEFENDANTS' STATEMENT RE SEALING          Case No. 3:23-md-03084-CRB (LJC)