Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to:<br><br>ALL CASES | **MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
JUDGE; Case No. 3:23-md-03084-CRB (LJC)

The Magistrate Judge's June 11 Order will force Uber to divert resources away from trial preparation in order to give Plaintiffs another, less usable version of something they already have or will have shortly: data regarding reports of sexual assault/misconduct between 2017 and 2025. This ruling is contrary to law and violates Rule 26's requirement that discovery be "proportional to the needs of the case."

When Uber first produced Jira and Bliss data, Plaintiffs complained that data was not good enough. Now that Uber has produced the Flack data, they want more Jira and Bliss data. The only purposes served by this cumulative discovery are burden, duplication, and distraction. The Rule 26 proportionality requirement was designed to avoid just this result: to ensure that discovery is used as a tool—not a weapon. But Judge Cisneros never conducted the proportionality analysis required by the Federal Rules. Had she done so, it would have been clear that this discovery is disproportionate and improper. The same is true of the requirement that Uber periodically re-do incident report charts—for the duration of this proceeding—even though the likelihood of meaningful updates diminishes over time. For these reasons, discussed further below, the Court should reverse the Magistrate Judge's order as contrary to law.

## BACKGROUND

Uber maintains data on reported incidents of sexual assault or sexual misconduct on internal platforms. Uber's Jira and Bliss platforms are ticket-level systems that store and organize information related to, *inter alia*, individual complaints reported to Uber. Declaration of Michael B. Shortnacy, ECF 6540-2 ("Shortnacy Decl.") ¶ 5. Raw data from Jira and Bliss contains duplicative, unaudited, and freeform information that may overstate the number or frequency of valid incidents, because, among other reasons, there may be multiple individual tickets for any given single incident reported to Uber. *Id.*; *see* ECF 6540-1, at 2.

To address that issue, Uber's Flack system uses information from Jira and Bliss to combine multiple tickets involving the same trip into one event. ECF 6540-1, at 3. Plaintiffs themselves have argued that Flack is the proper database from which to acquire current and

1

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

historic incident rates for sexual assault. *Id.* at 3-4. Uber has already produced Flack system data regarding reports of alleged sexual assault and misconduct incidents in the United States through 2024, and Uber has agreed to produce the same Flack data for 2025 by June 30. *Id.* at 4. Nonetheless, Plaintiffs also seek duplicative 2025 Jira and Bliss data, in an apparent tactic to distract Uber from upcoming trial preparation and burden it with more discovery.

Additionally, Uber has produced to Plaintiffs a chart (based on Flack data) that includes the number of alleged incidents falling into each category of Uber's sexual assault and sexual misconduct taxonomy for each month between January 2017 and December 2024. Plaintiffs seek to have Uber re-do this chart, *just eight months after it was provided*, and the Magistrate Judge *sua sponte* ordered that Uber periodically revise it, even though it is unlikely that such an effort will result in updates to older data.

On June 11, 2026, Judge Cisneros issued an Order (the "June 11 Order") compelling Uber to produce (1) by June 18, 2026, the Jira and Bliss data requested by Plaintiffs, and (2) by June 30, 2026, and June 30 of each subsequent year the MDL remains active, the requested revisions to the monthly taxonomy data. Uber moved for reconsideration or a stay, and on June 22, 2026, Judge Cisneros issued an Order (the "June 22 Order") denying Uber's motion (or denying leave to file) in substantial part. These Rule 72 Objections follow.

## ARGUMENT

This Court should reverse the June 11 Order insofar as it (1) ordered Uber to produce Jira and Bliss data regarding 2025 reports of sexual assault/misconduct, and (2) ordered Uber to annually reassess its incident report charts. These two requirements are "clearly erroneous" and "contrary to law," Fed. R. Civ. P. 72(a), because they violate Rule 26's requirement that discovery be "proportional to the needs of the case" and because Judge Cisneros did not properly consider whether "the burden or expense of [Plaintiffs'] proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Gilead Scis., Inc. v. Merck & Co.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) (noting that Rule 26(b)'s

2

proportionality requirement "defin[es] the scope of permissible discovery.").

**I.      Additional Production Of Jira And Bliss Data Is Highly Disproportionate To The Needs Of The Litigation.**

Judge Cisneros erred in ordering Uber to produce additional 2025 Jira and Bliss data regarding reports of sexual assault and sexual misconduct on the Uber platform. The June 11 Order not only overstates the probative value of these materials, but also fails to include the required proportionality analysis under Rule 26, weighing the limited relevance of such data against the substantial burden that its production would impose on Uber.

First, any benefit to Plaintiffs from the Jira and Bliss data would be minimal, given that such data is cumulative and duplicative of the Flack data that Uber has already produced or agreed to produce. As explained above, Flack uses information from Jira and Bliss to consolidate multiple tickets associated with the same trip into a single, deduplicated event-level record, and thus provides a more reliable way of getting at the same information contained in the Jira and Bliss data. Indeed, Plaintiffs and their experts previously insisted that Flack data—not Jira or Bliss data—was the relevant data source for reported incidents. *See* ECF 3700, 3914.

In analyzing the probative value of 2025 Jira and Bliss data to this litigation, Judge Cisneros placed undue weight on Plaintiffs' supposedly "significant interest in testing, validating, or challenging" Uber's trial testimony regarding the frequency of fraudulent "support abuse" reports, erroneously concluding that this interest "warrants production of Uber's Bliss and Jira data, in addition to Flack, to allow Plaintiffs' expert witnesses more of the same data that is available to Uber to assess the frequency of 'support abuse' and other invalid reports." ECF 6452, at 3 (June 11 Order). But Judge Cisneros ignored that the Flack system already provides Plaintiffs' experts with the data necessary to conduct precisely this analysis. The raw Jira and Bliss data, by contrast, would require experts to perform the same deduplication that Flack already accomplishes (and which the experts previously failed to do). Ordering production of the same data in this duplicative, unaudited form runs afoul of Rule 26's

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

protections against cumulative discovery.[1]

Second, producing the requested Jira and Bliss data would impose a heavy burden on Uber, strongly outweighing the limited probative value of these materials. The June 11 Order and the June 22 Order both fail to consider this burden, violating Rule 26, which requires such a proportionality analysis. Production of Jira and Bliss data would be burdensome to Uber because it would require extensive, line-by-line review and redaction of private and privileged information, *see* Shortnacy Decl. ¶ 7, across tens of thousands of records. For example, the raw data from Jira "includes numerous fields that may contain the names, addresses, or contact information of either (a) potential victims of reported sexual assault or sexual misconduct, (b) individuals against whom sexual assault or sexual misconduct is alleged, or (c) witnesses to alleged sexual assault or sexual misconduct," "[t]he vast majority of" whom are not parties in this litigation. *Id.* ¶ 8. In addition, the raw data from Bliss contains information—e.g., "names," "telephone numbers or addresses"—"transcribed from telephone communications" that can be mis-spelled, mis-capitalized, or mis-formatted. *Id.* ¶ 10. All this would need to be manually reviewed. *Id.* And because certain data are transcribed in a variety of foreign languages, the data "would need to be reviewed and redacted for PII and privilege by qualified foreign-language reviewers." *Id.* ¶ 11. These PII and privilege reviews would be onerous and costly. *See id.* ¶ 12.

For the foregoing reasons, the request for Jira and Bliss data is not proportionate to the needs of the litigation, and the June 11 Order was clearly erroneous and contrary to law.

## II.   Requiring Annual Reassessment Of Uber's Incident Report Charts Is Not Proportionate To The Needs Of The Litigation.

The June 11 Order also erred in requiring Uber to recompile summaries of incident report data on an annual basis, indefinitely. Uber has already produced to Plaintiffs a chart that includes the number of alleged incidents for each taxonomy category for every month between January 2017 and December 2024, and Uber has agreed to provide the same monthly data

---

[1] The parties' experiences in this MDL proceeding, where numerous claims have been dismissed for fraud, highlight the risks of relying on unaudited data.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

through December 2025. The June 11 Order, however, goes further and orders Uber, by June 30, 2026 and then June 30 of each successive year, to redo the reports, updating the numbers for prior years to reflect any reports that were subsequently reclassified.[2]

Judge Cisneros imposed this obligation on the ground that certain instances of support abuse may be identified years later, and "Plaintiffs have a significant interest in reviewing the same updated data that is available to Uber[.]" ECF 6452, at 4. Here too, however, the Magistrate Judge failed to conduct the required proportionality analysis. Realistically, the benefit to Plaintiffs from receiving these updates is limited, because the number of reclassifications "dwindles markedly over time" as investigations conclude and categorizations stabilize. Shortnacy Decl. ¶ 13. By contrast, the burdens on Uber from producing these updates—which the June 11 Order ignores and the June 22 Order brushes aside—are significant. Preparing the charts would entail extensive review of a large set of incident data (from 2017-2025), and updating them periodically would require time-consuming peer review and validation efforts by multiple Uber personnel. *Id.*

Finally, the June 11 Order is also erroneous because there is no basis in the Federal Rules for imposing a recurring, open-ended discovery obligation on a party to litigation. Rather, a party is only required to supplement discovery when it has reason to believe "its prior discovery is incomplete or incorrect." *See Kuhns v. City of Allentown*, No. 08-2606, 2010 WL 4236873, at *2 (E.D. Pa. Oct. 26, 2010) (noting that a "rolling, open-ended discovery" obligation is inconsistent with Rule 26(e), which "provides that a party is *not* under a continuing burden [to supplement discovery] . . . except when a party learns that in some material respect its prior discovery is incomplete or incorrect") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, this Court should reverse the portions of the June 11 Order discussed above.

---

[2] Uber respectfully seeks a stay of the deadline pending consideration of these Objections.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

DATED: June 25, 2026                   Respectfully submitted,

/s/ *Laura Vartain Horn*
*L*aura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)