UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>  ALL CASES. | Case No.  23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING DEADLINES FOR SUPPLEMENTAL CUSTODIAL DISCOVERY AND REQUEST FOR WEEKLY STATUS CONFERENCES**<br>Re: Dkt. Nos. 6000, 6284 |

The Court heard argument on June 25, 2026 regarding appropriate deadlines for supplemental custodial document production, and now rules as follows.  This Order also addresses Plaintiffs' request for weekly status conferences.

### A.  Additional Custodians

On May 15, 2026, the Court ordered Uber to produce documents from its employees Emilie Boman, Chad Dobbs, Erin O'Keefe, and Todd Gaddis, as well as any employee witnesses whom Uber intended to reserve the right to call at future bellwether trials, no later than June 14, 2026.  Dkt. No. 6209.  Boman and Dobbs testified at the *Dean* bellwether trial, and Uber identified O'Keefe and Gaddis as witnesses for the *Mensing* bellwether trial.  Uber argued in a motion for reconsideration that the thirty-day deadline for production was impossible.  Dkt. No. 6284-1 at 13 (citing Dkt. No. 6284-5 (Jamie Brown Decl.) ¶¶ 8, 14, 19).  Though Uber did not strictly satisfy the standard for seeking leave to file a motion for reconsideration under this Court's local rules, and offered no convincing reason for its failure to offer specific arguments regarding burden in the parties' original joint letter, the Court found on May 28, 2026 that "it would serve little practical purpose to hold to an Order for which compliance may be impossible," stayed the thirty-day deadline, and directed the parties to meet and confer as to an achievable deadline.  Dkt.

No. 6319 at 2.  Those discussions have continued now for nearly a month.

Taking into account Jamie Brown's declarations (Dkt. Nos. 6284-5, 6512-1), Uber's representations at the June 25, 2026 status conference, and the parties' other arguments and evidence, the Court ORDERS Uber to begin rolling custodial document production for these witnesses no later than July 2, 2026, with productions to continue weekly thereafter until complete.  Uber is ORDERED to complete production of documents from Emilie Boman and Chad Dobbs no later than July 31, 2026.

Though Uber represented that that date would be impossible for Dobbs's documents, neither Uber's representations at the hearing nor Brown's declaration sufficiently account for Uber's ability to increase machine and human resources devoted to this task, streamline TAR processes (e.g., foregoing retraining) in ways that might reduce accuracy[1] but increase speed, and, if needed, forego levels of privilege review and quality control that may not be necessary when Uber maintains a right to claw back privileged documents.[2]  Brown's May 22, 2026 declaration states that "adding additional computing resources to those currently improved [sic] will not materially improve machine time requirements and may introduce errors."  Dkt. No. 6284-5, ¶ 4.  That assertion does not account specifically for the different steps from document collection through production, and is too conclusory to be fully credible.  Uber's counsel also offered at the June 25, 2026 to inquire with their team regarding the extent to which additional computing resources could accelerate production, suggesting that such inquiries had not yet been exhausted, much less at the time of Brown's declaration.

The Court recognizes that this deadline imposes a substantial burden on Uber, but finds that burden warranted based on Plaintiffs interest in preparing for cross examination of witnesses Uber has previously called (or sought to call) at trial.  Uber's waiver of specific arguments

---

[1] In a footnote, Brown asserts that "[e]ach time new data is introduced, the TAR model must be retrained to account for novel concepts within the data set."  Dkt. No. 6284-5, ¶ 10 n.3.  The Court understands that statement as describing what is needed to ensure accuracy at the level of generally acceptable best practices.  Plaintiffs have represented that they are willing to accept a reasonable risk of underinclusive production through streamlined TAR processes.
[2] This is not invitation for Uber to reinstate the sort of blanket unwarranted privilege designations that came to light earlier in this litigation.

regarding burden that it failed to present with the parties' original joint letter further supports this Order.

Uber is ORDERED to complete production of documents for Gaddis, O'Keefe, and any other employee witnesses it intends to reserve a right to call at the upcoming *QLF001* and *A.R.* bellwether trials no later than August 31, 2026. This Order is without prejudice to any motion in limine that Plaintiffs might bring to Judge Breyer seeking to exclude such witnesses or documents from those next two trials on the grounds that these custodial records were produced too late to allow for adequate trial preparation.

Uber is ORDERED to complete production of documents for other employee witnesses that it intends to reserve the right to call at future bellwether trials, but not the *QLF001* or *A.R.* trials, no later than October 30, 2026.

Uber represented at the June 25, 2026 status conference that it may be willing to commit to not call as trial witnesses certain of the new custodians at issue at the next two bellwether trials. Uber shall file notice no later than July 2, 2026 identifying any such custodians that Uber agrees to not to call as trial witnesses or introduce their prior testimony. The deadline for producing documents from any custodian so identified shall automatically be continued to October 30, 2026. For each custodian so identified who is currently subject to a July 31, 2026 production deadline, Uber must advance the deadline to August 15, 2026 for one of the other custodians (if any remain) who is currently subject to the August 31, 2026 deadline, and shall specify that election in its notice.

To the extent Plaintiffs might seek to exclude documents or witnesses from trial due to late production, whether or not Plaintiffs contend that the late production violates this Order,[3] that request is a matter to be addressed to Judge Breyer.

### B.    Supplemental Production of 2025 Custodial Documents

The Court previously directed the parties on June 1, 2026 to meet and confer regarding a limited number of custodians for whom Uber will supplement custodial document production

---

[3] With the exception of exclusion of evidence or case-dispositive sanctions, any other motion for sanctions for violation of this Court's Orders should be presented to this Court.

3

through 2025.  *See* Dkt. No. 6358.  The Court heard argument at the June 25, 2026 status conference.  Though updated production will likely be relevant to new cases that continue to be filed, Plaintiffs articulated few topics where 2025 documents might be relevant to the most immediately approaching bellwether trials, most notably Uber's development of a program to allow riders to request female drivers that debuted in the United States in 2026.  Taking into account the limited specific areas where supplementation is likely to be relevant for those trials, and the burden of producing additional documents in advance of those trials, the Court ORDERS Plaintiffs to select two existing custodians for high priority supplementation and eight existing custodians for lower priority supplementation, and file notice to that effect no later than June 29, 2026.  Uber shall produce documents created through the end of 2025 from the two high priority custodians no later than August 15, 2026, and from the lower priority custodians no later than October 30, 2026.

### C.    Request for Weekly Conferences

At the June 25, 2026 status conference, Plaintiffs requested weekly conferences to address ongoing discovery issues particularly with respect to the newly added *QLF001* bellwether case. The Court is not persuaded that weekly conferences will necessarily be useful, but in lieu of that request, counsel responsible for discovery are ORDERED to *reserve* time at 10:30 AM on each Thursday in July (in addition to the July 23, 2026 status conference) in the event that the Court elects to set a hearing on any dispute the parties have submitted or a status conference to address any other discovery-related matter.  The Court may provide notice of such a hearing or status conference as late as the day before a given Thursday.  If the Court does not set a hearing or status conference on a particular Thursday, the parties are encouraged to use that time to confer among

//

//

//

//

//

//

themselves.  The parties may address at the July 23, 2026 status conference whether this arrangement should continue into August.

**IT IS SO ORDERED.**

Dated: June 25, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California