ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | |
| *Jane Doe (J.B.) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04316-CRB | Date:      July 10, 2026 |
| | Time:      10:00 a.m. |
| *T.K. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09006-CRB | Courtroom:   6 – 17th Floor |
| *Jane Doe NLG (GC) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01708-CRB | |
| *Jane Doe NLG (AR) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05902-CRB | |

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-md-3084-CRB

*Jane Doe NLG (M.W.) v. Uber Technologies, Inc., et. al.*, No. 3:25-cv-06223-CRB

*P.H. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06840-CRB

*Jane Doe NLG (J.C.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08259-CRB

*Jane Doe NLG (R.R.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09182-CRB

*JLG 227 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10872-CRB

*JLG 240 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00996-CRB

*Knight v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01692-CRB

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-md-3084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its Motion to Dismiss Cases for Failure to Comply with Amended PTO 10 (ECF 6420), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve substantially complete Plaintiff Fact Sheets (PFS) despite this Court's clear directive that they do so months ago. ECF 348 at 6; ECF 4286. These Plaintiffs' noncompliance with the Court's Order impairs Uber's ability to defend itself in this MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and prepare for trial. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig. (In re PPA).*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig. (In re Bextra)*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice. *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Plaintiffs' oppositions do not alter this conclusion. Ten of the eleven Plaintiffs subject to this Motion have either not responded to Uber's Motion or, instead, filed a non-opposition and can therefore be deemed to have consented to the relief it seeks. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). One Plaintiff, T.K., represents that she has cured the deficiencies with her PFS. ECF 6501 at 1. Uber has confirmed that Plaintiff T.K. has made additional submissions—although belatedly—and therefore withdraws its Motion as to her, although it reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' late submissions.

**ARGUMENT**

**I.    Ten Plaintiffs have either not responded to Uber's motion or filed a non-opposition and therefore should be deemed to have consented to the relief sought.**

The Peiffer Wolf law firm, representing Plaintiffs P.H. and Knight, filed a non-opposition to Uber's motion stating that "[d]espite[ ]ongoing efforts, both Plaintiffs have become unresponsive[]"

1

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-md-3084-CRB

and that they had "no basis on which to oppose dismissal without prejudice." ECF 6634 at 2. The Nachawati Law Group, which represents six[1] of the Plaintiffs subject to this Motion, failed to file an opposition. Similarly, the Johnson Law Group, which represents two[2] of the Plaintiffs subject to this Motion, also failed to file an opposition. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). Moreover, unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions, a party's failure to respond constitutes consent to granting the motion. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure to produce substantially complete Plaintiff Fact Sheets by failing to timely oppose Uber's Motion, despite notice and numerous opportunities to do so, the Motion should be granted as to those Plaintiffs.

**II.    Uber withdraws its motion as to the Plaintiff who belatedly cured the defects in her Plaintiff Fact Sheet.**

Plaintiff T.K. claims that she cured the PFS deficiencies identified by Uber and should therefore not be subject to dismissal without prejudice. ECF 6501 at 1. Plaintiff T.K. has not offered any excuse for her late submission, nor any apology for the failure to comply with this Court's order, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber has confirmed that Plaintiff T.K. has attempted to cure the defects with her PFS and therefore withdraws its motion as to her, although it reserves and does not waive any potential arguments regarding prejudice against Uber and the sufficiency of Plaintiff's late submissions. Uber reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiff T.K. or her counsel for continued disregard of this Court's Orders. For this Court's convenience, Uber submits, concurrently with this Reply, an Amended Proposed Order reflecting the withdrawal of the Motion as to Plaintiff T.K.

---

[1] The Nachawati Law Group represents Plaintiffs Jane Doe (J.B.), 3:24-cv-04316; NLG (GC), 3:25-cv-01708; NLG (AR), 3:25-cv-05902; NLG (M.W.), 3:25-cv-06223; NLG (J.C.), 3:25-cv-08259; and NLG (R.R.), 3:25-cv-09182.

[2] The Johnson Law Group represents Plaintiffs JLG 227, 3:25-cv-10872; and JLG 240, 3:26-cv-00996.

2

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-md-3084-CRB

## CONCLUSION

Plaintiffs have failed to comply with PTO 10's requirement that they submit a substantially complete PFS. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts, and as this Court has already done in response to several similar motions [*e.g.* ECF 3922, ECF 5232 and ECF 5253], and dismiss these Plaintiffs' claims without prejudice.

Dated: June 29, 2026                    SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

3
DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-md-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on June 29, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy