ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 5** |
| This Document Relates to: | |
| *Canales v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01084-CRB-CRB | Date:        July 17, 2026 |
| | Time:        10:00 a.m. |
| *S.S.C. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01452-CRB | Courtroom:   6 – 17th Floor |
| *Jane Doe NLG (L.N.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02222-CRB | |
| *Jane Doe NLG (R.J.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02387-CRB | |
| *Jane Doe NLG (D.A.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02393-CRB | |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5                    Case No. 3:23-MD-3084-CRB

*Jane Doe NLG (L.W.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02405-CRB

*Jane Doe NLG (J.A.) v. Uber Technologies, Inc., et al.*, No3:26-cv-02506-CRB

*Jane Roe CL 293 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02510-CRB

*Jane Doe NLG (P.C.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02528-CRB

*Jane Doe LS 693 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02828-CRB

*Jane Doe NLG (B.M.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-03382-CRB

*John Doe NLG (C.R.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-03385-CRB

*Jane Doe NLG (A.S.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-03393-CRB

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

In their Motion to Dismiss Cases for Failure to Comply with PTO 5 (ECF 6468), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") established that certain Plaintiffs had failed to produce a bona fide ride receipt or ride information form despite this Court's order directing them to do so months ago. ECF 175 at 2-3. These Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL and prepare for trial. *See Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1116 (9th Cir. 2004). Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice is entirely reasonable. Indeed, courts have repeatedly ordered cases to be dismissed *with* prejudice under similar circumstances. *See* ECF 6468 at 2 (citing cases). Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

Only one of the Plaintiffs subject to Uber's Motion, Jane Roe CL 293, has filed an opposition. ECF 6685. The Plaintiffs who did not oppose the Motion (and have also continued their failure to produce a ride receipt or ride information form as ordered) should be deemed to have conceded its merits and the Motion should be granted as to them. *See Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). The opposition filed on behalf of Jane Roe CL 293 admits her non-compliance but requests more time to comply with the Court's order, citing counsel's difficulties in contacting their client. ECF 6685. But Jane Roe CL 293 has already had significant time to comply with the Court's order, has been warned of the consequences of non-compliance, and her continued failure to provide a ride receipt or ride information form prejudices Uber and harms this Court's orderly administration of justice. In light of this, no less drastic sanction would be effective, and dismissal is an appropriate remedy. *See, e.g.*, *Jackson v. United States*, 116 F.3d 484, 484 (9th Cir. 1997).

**ARGUMENT**

**A.     Twelve Plaintiffs subject to Uber's Motion have not filed oppositions and therefore should be deemed to have consented to the relief sought.**

Only one Plaintiff, Jane Roe CL 293, filed an opposition to Uber's Motion. ECF 6685. The remaining twelve Plaintiffs did not respond to Uber's Motion, either by filing an opposition or submitting a ride receipt or ride information form to cure their deficiencies. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F. Supp. 2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears*, 2025 WL 2028305, at *1. Moreover, each of these Plaintiffs has had months to be compliant with PTO 5 but has not done so. Thus, Plaintiffs have had significant time, in excess of that contemplated by PTO 5 in which to submit ride receipts or ride information forms, but have not done so. Regardless, because these Plaintiffs compounded their failure to timely produce ride receipts or information forms by failing to timely oppose Uber's motion to dismiss, the motion should

2

be granted as to those Plaintiffs.

**B.     Plaintiff Jane Roe CL 293's failure to comply with this Court's ride receipt deadline cannot be excused just because she is difficult to reach.**

Plaintiff Jane Roe CL 293's opposition argues that her non-compliance should be excused because counsel claims they have "diligently tried" to contact her to obtain a ride receipt or information form but has not been successful. ECF 6685 at 2. Plaintiff's opposition barely presents any argument, asserting simply that because counsel's outreach to her is ongoing, she should be given additional time to produce the information required. *Id.* Plaintiffs cite no legal authority in support of the argument that counsel's claimed efforts to reach their client excuses her noncompliance. In fact, the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 & 1242 (9th Cir. 2006). After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes personally challenging, but regardless, "compliance is not optional." *Capulupo v. Eills*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

**C.     Uber has been prejudiced by Plaintiffs' failure to timely submit a ride receipt or information form and dismissal without prejudice is an appropriate remedy.**

Tellingly, the only filed opposition to Uber's Motion to Dismiss does not dispute that Uber was prejudiced by Plaintiff Jane Roe CL 293's failure to comply with PTO 5. ECF 6685. This is appropriate, given the controlling authority making clear that "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA*, 460 F.3d at 1227. Not only has each Plaintiff's failure to provide a bona fide ride receipt directly prejudiced Uber's ability to initially select bellwether cases, it has also prejudiced Uber's overall ability to defend itself given the absence of substantive information about the individual Plaintiffs or their injuries outside the allegations of the complaint. *See In re Bextra & Celebrex Mktg.*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5                    Case No. 3:23-MD-3084-CRB

*Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*), No. 05-CV-01699CRB, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007) (Breyer, J.).

And, although Plaintiff Jane Roe CL 293 argues in her opposition that this Court should give her counsel additional time to "follow up in various methods to locate and reach her," ECF 6685 at 2, dismissal without prejudice is an appropriate remedy. Courts need not exhaust every possible alternative before ordering dismissal. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Indeed, dismissal is an appropriate remedy where, as here, a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). And Uber is not even requesting dismissal *with* prejudice—a sanction that MDL courts have repeatedly found warranted in light of noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2019 WL 12048517 (S.D.N.Y. Sept. 9, 2019), at *2. These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere (Docetaxel) Prods. Liab. Litig. (In re Taxotere)*, 966 F.3d 351 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865–66 (8th Cir. 2007). What Uber is seeking—dismissal *without* prejudice—is, in fact, a less drastic sanction than is certainly warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a ride receipt, which would be contrary to law and highly prejudicial to Uber.

## CONCLUSION

Plaintiffs have still not complied with the Court's Order to submit a bona fide ride receipt or information form, despite many months to do so and repeated warnings of the consequences for non-compliance. Only one Plaintiff even bothered to oppose Uber's Motion to Dismiss for failure to comply with PTO 5, but her claimed excuse is insufficient and Uber has been prejudiced in its ability to defend its case. As to the other Plaintiffs, dismissal without prejudice is appropriate due to their failure to respond to the Motion to Dismiss or cure their non-compliance by producing a ride receipt or ride information form, in addition to the reasons set forth in Uber's Motion.

4
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5                    Case No. 3:23-MD-3084-CRB

Dated: July 2, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5          Case No. 3:23-MD-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on July 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy