**WAGSTAFF LAW FIRM**
Sommer D. Luther*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | **PLAINTIFF JA.R.'S REPLY IN SUPPORT OF MOTION TO VACATE ORDER OF DISMISSAL WITHOUT PREJUDICE** |
| This Document Relates to: | Judge: Hon. Charles R. Breyer |
| *JA.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-10749 -CRB | Courtroom: 6 – 17th Floor |

Plaintiff JA.R., by and through her counsel of record, respectfully submits this Reply in Support of her Motion to Vacate Order of Dismissal without Prejudice [ECF 5958] entered against her. As such, Plaintiff JA.R. states the following:

**PROCEDURAL HISTORY**

On March 4, 2026, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a Plaintiff Fact Sheet ("PFS") in connection with Pretrial Order ("PTO") 10. [ECF 5382]. Plaintiff opposed the motion [ECF 5552]. On April 22, 2026, the Court granted Defendants' Motion to Dismiss [ECF 5958] and required a notice of dismissal to be filed within 14 days. The Notice of Dismissal Without Prejudice was filed on April 28, 2026 [ECF 6041]. On May 19, 2026, Defendants filed a Motion to Convert Dismissal without Prejudice to Dismissal with Prejudice [ECF 6340]. Plaintiff opposed that motion. [ECF 6475].

**ARGUMENT**

**I. Terminating Sanctions Are Not Warranted Because Plaintiff Has Complied with Amended PTO 10 and Has Not Acted Willfully or in Bad Faith.**

The Court may relieve a party from a judgment or order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). Terminating sanctions are not warranted where a party has complied with its discovery obligations, albeit belatedly. "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault, or bad faith." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993). Here, there has been no finding that Plaintiff willfully disobeyed Amended PTO 10 or acted in bad faith. To the contrary, it is undisputed that Plaintiff has now complied with Amended PTO 10, albeit belatedly. She has also complied with the ride-receipt requirement, which was never in dispute, further demonstrating her good-faith participation in the discovery process.

**II. Dismissal Would Cause Substantial Prejudice to Plaintiff While Imposing No Corresponding Benefit on Defendants.**

Plaintiff's case is not a bellwether, and Defendants have suffered no substantial prejudice to their ability to investigate the case as a result of Plaintiff's late production of her Plaintiff Fact Sheet. By contrast, dismissal of Plaintiff's case, even without prejudice, could bar her from refiling and pursuing her claims under the applicable statute of limitations.

**III. If the Court Is Inclined to Impose Sanctions, Lesser Sanctions Are Appropriate.**

The Court may also consider less drastic sanctions. Plaintiff acknowledges that her delay in completing the PTO requirements violated the Court's order, and respectfully requests that, should the Court remain inclined to impose sanctions, it impose sanctions less drastic than dismissal.

Dated: July 2, 2026

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther*
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
**Appearing Pro Hac Vice*

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  July 2, 2026

/s/ *Sommer D. Luther*
**SOMMER D. LUTHER**