*Submitting counsel on signature page.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB-LJC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PRODUCE DOCUMENTS PURSUANT TO 15 U.S.C. § 1681B(A)(1)** |
| This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al*, Case No. 24-cv-08783 (NDCA); 1:26-cv-01694 (WDTX) | Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, AND TO HIRERIGHT AND ITS COUNSEL:**

Please take notice that on a date and time to be set by the Court, before the Honorable Lisa J. Cisneros in Courtroom G on the 15th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs by and through the undersigned counsel, will and hereby do, move the Court for an Order pursuant to 15 U.S.C. § 1681b(a)(1) for the potential disclosure of consumer reports furnished to Defendant Uber Technologies, Inc. by nonparty HireRight, LLC ("HireRight").

## BACKGROUND

### I.    Authorization to Disclose Consumer Reports

On May 14, 2026, the Court granted Plaintiffs' motion for production of documents from HireRight relating to the drivers in three bellwether cases pursuant to 15 U.S.C. § 1681b(a)(1). *See* ECF No. 6195. Plaintiffs now bring a substantively identical motion for disclosure of records relating to the driver in *QLF 001 v. Uber*, the next bellwether case set for trial in September.

Throughout this litigation, Plaintiffs have sought to discover the criminal history and background of the Uber drivers who sexually assaulted them (the "subject drivers") *and* whether that information was or should have been known by Uber. Ahead of the upcoming bellwether trial in *QLF 001 v. Uber*, Plaintiffs seek to develop a complete picture of the driver's past misconduct history and the information available about this history through at least two avenues: (1) background checks; and (2) the Industry Sharing Safety Program (ISSP).[1] ISSP reports and related documents will shed light on the subject driver's prior history, including whether he has been deactivated from other rideshare platforms for sexual conduct or physical assault. Plaintiffs also requested documents related to the ISSP from Uber but given that HireRight is the recipient of ISSP reports, Plaintiff have no way of knowing whether Uber's productions are complete.

### II.    HireRight Subpoena

Plaintiffs served HireRight LLC ("HireRight") with a subpoena on April 18, 2024. Hoefs Decl. Ex. A. The subpoena included ten document requests, including, as relevant here:

> 4. Please produce all documents relating to work HIRERIGHT has performed on Uber's behalf or at Uber's request relating to sexual assault, sexual misconduct, passenger safety, driver education, or training for Uber employees.
> …

---

[1] The ISSP is a program through which Uber and Lyft share information about driver deactivation for past misconduct including sexual misconduct. ECF 695 at 6–7. Uber and Lyft do not directly share this information but rather share the information through an intermediary, HireRight. *See What is the Industry Sharing Safety Program?* HIRERIGHT.COM, https://support.hireright.com/en-US/articles/what-is-the-industry-sharing-safety-program (last accessed July 2, 2026).

8. Please produce all documents relating to the monitoring or auditing of driver background checks or criminal offenses on Uber's behalf or at Uber's request.

*Id.* HireRight made several productions responsive to the subpoena in 2025. Hoefs. Decl. Ex. B. On February 25, 2025, Plaintiffs indicated that production was incomplete because it did not contain "ISSP records for the drivers involved in bellwether cases… to the extent they exist." *Id.*

On February 27, 2025, counsel HireRight notified Plaintiffs that because it is a consumer reporting agency, it is prohibited from serving ISSP records on Plaintiffs except as provided in 15 U.S.C. § 1681. *Id.* While counsel for HireRight notified Plaintiffs that rideshare companies participating in the ISSP are not consumer reporting agencies and are not subject to the same restrictions, Uber's productions to date do not include ISSP notifications for the subject driver in *QLF 001 v. Uber*. Hoefs Decl. ¶ 4. HireRight's counsel confirmed it can produce "copies of the ISSP reports HireRight provided to Uber" upon receipt of a court order. Hoefs Decl. Ex. B.

## ARGUMENT

HireRight is a consumer reporting agency that potentially generated consumer reports (i.e., ISSP reports) relating to the Uber driver in *QLF 001 v. Uber* and falling within the meaning of the Fair Credit Reporting Act (FCRA). Accordingly, HireRight "may furnish a consumer report" under the circumstances delineated by 15 U.S.C. § 1681b(a) "and no other." These circumstances include furnishing a report "in response to the order of a court." 15 U.S.C. § 1681b(a)(1); *Young v. Trans Union*, 616 Fed.Appx. 301, 302 (9th Cir. 2015) ("consumer reporting agencies may furnish consumer reports in response to a proper court order"). HireRight has represented that it can produce ISSP reports for the relevant subject driver upon receipt of a court order. Hoefs Decl. Ex. B. Here, the ISSP reports potentially generated for the subject driver are central to Plaintiffs' negligence claims, among others. *E.g.*, Master Complaint, ECF No. 269, ¶¶ 17, 160, 163, 165–66, 216, 365. Plaintiffs have sought complete records of the ISSP reports from Uber through party discovery but Uber's case-specific productions have been lacking. Hoefs Decl. ¶ 4. Uber has not produced ISSP reports for QLF 001's

driver, and Plaintiffs have no other way of determining whether any such report exists. Plaintiffs, accordingly, seek to obtain the ISSP reports directly from HireRight, which, in turn, requires a Court order. *See* 15 U.S.C. § 1681b(a)(1).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order authorizing nonparty HireRight to produce consumer reports generated on behalf of Uber for the Subject Driver in *QLF 001 v. Uber*.

Dated: July 6, 2026

Respectfully submitted,

By*: /s/ Sarah R. London*
    Sarah R. London (SBN 267083)
    **GIRARD SHARP LLP**
    601 California St., Suite 1400
    San Francisco, CA 94108
    Telephone: (415) 981-4800
    slondon@girardsharp.com

    */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)
    **PEIFFER WOLF CARR KANE**
    **CONWAY & WISE, LLP**
    555 Montgomery Street, Suite 820
    San Francisco, CA 94111
    Telephone: (415) 426-5641
    Facsimile: (415) 840-9435
    rabrams@peifferwolf.com

    */s/ Roopal P. Luhana*
    Roopal P. Luhana
    **CHAFFIN LUHANA LLP**
    600 Third Avenue, 12th Floor
    New York, NY 10016
    Telephone: (888) 480-1123
    Facsimile: (888) 499-1123
    luhana@chaffinluhana.com

    *Counsel for Plaintiffs*

## **FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated:  July 6, 2026          By:     */s/ Simon Grille*

                         Simon Grille

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PRODUCE DOCUMENTS PURSUANT TO 15 U.S.C. § 1681B(A)(1)
Case No. 3:23-md-03084-CRB