# KIRKLAND & ELLIS LLP

555 California Street
San Francisco, CA 94104
United States

+1 415 439 1400

www.kirkland.com

Laura Vartain
To Call Writer Directly:
+1 415 439 1625
laura.vartain@kirkland.com

Facsimile:
+1 415 439 1500

July 7, 2026

**VIA CM/ECF**

The Honorable Charles R. Breyer
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

> Re: *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, MDL No. 3084 CRB; Response re ECF 6318 (Order) and ECF 6439 (Letter re: State Law Claims by All Plaintiffs)

Your Honor:

Uber respectfully submits this letter in response to Plaintiffs' June 10, 2026 statement of their position on the viability of vicarious liability theories in each state.

Plaintiffs correctly concede that they have no viable vicarious liability claims in 21 states accounting for roughly half of the cases in this MDL.[1] In particular, they acknowledge they have no viable respondeat superior theory in 45 states,[2] no viable apparent agency theory in 41 states,[3] and no viable common carrier nondelegable duty theory in 27 states.[4] Even by Plaintiffs'

---

[1] *See* Ex. A to Ps.' June 10, 2026 Letter (no viable vicarious liability theory in Arkansas, Colorado, District of Columbia, Florida, Idaho, Indiana, Iowa, Kansas, Michigan, New Hampshire, New Mexico, New York, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Texas, Utah, West Virginia, Wisconsin, Wyoming).

[2] *See id.* (no viable respondeat superior claims in Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming).

[3] *See id.* (no viable apparent agency theories in Alabama, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Mississippi, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming).

[4] *See id.* (no viable common carrier nondelegable duty theory in Alaska, Arizona, Arkansas, Colorado, District of Columbia, Florida, Idaho, Indiana, Iowa, Kansas, Louisiana, Michigan, Missouri, New Hampshire, New Mexico,

# KIRKLAND & ELLIS LLP

July 7, 2026
Page 2

accounting, vicarious liability theories are not the rule in this litigation—and respondeat superior and apparent agency theories are very much the exception.  To maximize case-valuation and promote resolution, the bellwether-selection process should reflect the substantial portion of the MDL inventory presenting only direct-liability claims.[5]

As the Court is aware, Uber disputes the viability of Plaintiffs' vicarious liability theories in every state, including because: (i) Uber is not a common carrier and would not owe nondelegable duties even if it were; (ii) drivers on its platform are independent contractors as a matter of law; and (iii) criminal sexual assaults fall outside the scope of independent drivers' actual or apparent authority as a matter of law.  Uber does not here address those contentions, whose resolution in a particular case requires merits briefing under applicable state law.

Instead, Uber writes to highlight five state-law theories that have been identified as viable by Plaintiffs but are squarely foreclosed by controlling state precedent or statutory law:

- *California – Respondeat Superior.*  *See* California Business & Professions Code 7451 ("an app-based driver is an independent contractor and not an employee with respect to the app-based driver's relationship with a network company" where TNC does not dictate schedule, require drivers to accept specific requests, or restrict driver's other work); *see also* PTO 39 at 1 (granting summary judgment on respondeat superior in *Dean* based on similar Arizona statute); *In re Uber Rideshare Cases*, JCCP No. 5188, Order on Defs.' Demurrer to Pls.' Master Long-Form Compl., at 9 (S.F. County Super. Ct. June 22, 2023) (sustaining demurrer on respondeat superior claims for sexual assault as outside scope of employment and noting that Proposition 22 classifies app-based drivers as independent contractors).

- *Georgia – Common Carrier Non-Delegable Duty.*  *See Laidlaw Transit Servs., Inc. v. Young*, 683 S.E.2d 872, 874 (Ga. App. 2009), *cert denied* Mar. 1, 2010 (common carrier could not "be found absolutely liable" for an employee's assault of a passenger "without regard to its diligence"); *see also* O.C.G.A. § 40-1-201(a) ("No ride share network service shall be liable under any theory of liability . . . for any injury to persons . . . from the operation of a personal passenger car by a ride share driver" absent negligence, criminal conduct, or breach of regulatory obligations).[6]

---

New York, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Utah, Virginia, West Virginia, Wisconsin, Wyoming).

[5] Attached hereto as Exhibit A is a table listing Uber's tally of the number of MDL cases in each state as of June 26, 2026, alongside Plaintiffs' May 26, 2026 tally.

[6] A similar Nevada statute, Nev. Rev. Stat. § 706A.155, likewise forecloses any vicarious liability claims in Nevada for incidents allegedly occurring after October 1, 2025.

# KIRKLAND & ELLIS LLP

July 7, 2026
Page 3

- ***Montana – Respondeat Superior.*** *See* Mont. Code Ann. § 69-12-101(20) ("A transportation network carrier may not be deemed to control, direct, or manage . . . transportation network carrier drivers that connect to its digital network, except where agreed to by written contract."); *Butler v. Domin*, 15 P.3d 1189, 1195 (Mont. 2000) (conditioning vicarious liability analysis on "the [defendant's] right to control or exercise[] [of] control over the details, methods, or means of accomplishing [tortfeasor's] work").

- ***Oregon – Common Carrier Non-Delegable Duty.*** *See G.L. v. Kaiser Found. Hosps., Inc.*, 757 P.2d 1347, 1354 (Or. 1988) ("whatever standard of care might be implied by a common carrier accepting a passenger, this court has never held that this standard applies to actions taken by an employee outside the scope of employment nor to convert those acts into a breach of a contract of safekeeping").

- ***Missouri – Apparent Agency.*** *See Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. 1997) ("[I]ntentional sexual misconduct and intentional infliction of emotional distress are not within the scope of employment of a priest, and are in fact forbidden."); *P.S. v. Psychiatric Coverage, Ltd.*, 887 S.W.2d 622, 625 (Mo. App. 1994) ("employer is not liable under respondeat superior for damages resulting from [therapist's] sexual relations with plaintiff . . . because he was not acting within the scope and course of his employment as a therapist").

In highlighting these discrete disagreements with Plaintiffs' submission, Uber does not concede the validity of any other claim or theory asserted by Plaintiffs. Uber reserves its right to challenge all of Plaintiffs' claims through dispositive motions in the ordinary course, or to seek reconsideration of or appeal the Court's prior orders. Further, the resolution of Uber's pending appeal of the *WHB 823* judgment (which rested on a nondelegable duty theory) and its anticipated appeal of the *Dean* judgment (which rested on an apparent agency theory) will shed further light on the viability of Plaintiffs' vicarious liability theories.

Sincerely,

By: */s/ Laura Vartain Horn*

LAURA VARTAIN HORN
**KIRKLAND & ELLIS LLP**
555 California St., 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
laura.vartain@kirkland.com

ALLISON M. BROWN (*pro hac vice*)
**KIRKLAND & ELLIS LLP**

## KIRKLAND & ELLIS LLP

July 7, 2026
Page 4

2005 Market Street, Ste. 1000
Philadelphia, PA, 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

JESSICA DAVIDSON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Ave.,
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Counsel for Defendants Uber
Technologies, Inc., Rasier, LLC, and
Rasier-CA, LLC*