[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT UBER'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| This Document Relates to:<br><br>All Cases | Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

**INTRODUCTION**

Uber asks this Court to do precisely what Rule 72(a) forbids: substitute its judgment for that of the Magistrate Judge on routine discovery management decisions. The June 11 and June 22 Orders reflect careful, individualized application of Rule 26 after full briefing, oral argument, and reconsideration. Judge Cisneros narrowed Plaintiffs' requests, denied other requested discovery as disproportionate, accommodated Uber's asserted burden by permitting a later production deadline, and expressly concluded that production of the requested domestic Bliss and Jira data, together with periodic supplementation of incident categorizations, was proportional to the needs of this MDL because the discovery is necessary for Plaintiffs to test Uber's own positions concerning invalid reports and "support abuse."

Uber's motion identifies no legal error and no clearly erroneous factual finding. Instead, it repackages the same proportionality arguments that were presented to, considered by, and rejected by Judge Cisneros. Rule 72(a) does not authorize de novo review of discretionary discovery rulings simply because a party disagrees with the balancing performed by the magistrate judge. Because Uber has not shown that either challenged ruling is clearly erroneous or contrary to law, its objections should be denied.

**LEGAL STANDARD**

The standard for review of a magistrate judge's non-dispositive ruling under Federal Rule of Civil Procedure 72(a) is highly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). Instead, "[a] non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)). "There is clear error only when the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Zepeda v. Paypal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

NO. 3:23-MD-03084

## **ARGUMENT**

### **I.    Uber Has Not Satisfied Rule 72(a)'s Highly Deferential Standard.**

Rule 72(a) does not permit a district court to substitute its judgment for that of the magistrate judge merely because it may have balanced discovery considerations differently. Rather, a non-dispositive discovery order must be upheld unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Grimes*, 951 F.2d ay 241. Discovery management is committed to the magistrate judge's broad discretion, particularly in a complex MDL.

Uber's motion does not identify any statute, rule, or controlling authority that Judge Cisneros failed to apply or misapplied. Instead, Uber repeatedly argues that the Magistrate Judge should have weighed relevance and burden differently. That is not a proper basis for review under Rule 72(a).

Nor can Uber establish clear error. Judge Cisneros was fully familiar with the parties' discovery disputes after extensive briefing, oral argument, and subsequent reconsideration proceedings. The Court evaluated Uber's burden arguments, limited Plaintiffs' requests, denied others as disproportionate, and fashioned tailored relief. The resulting orders reflect precisely the type of discretionary discovery determinations to which Rule 72(a) requires substantial deference.

### **II.    Judge Cisneros Applied Rule 26's Proportionality Standard and Reasonably Determined That Production of the Bliss and Jira Data Is Proportional.**

Uber's principal contention—that Judge Cisneros failed to conduct any proportionality analysis—is demonstrably incorrect.

The Court's June 11 Order expressly considered the purpose for which Plaintiffs sought the discovery, namely, to test Uber's repeated assertions that a significant percentage of reported sexual assaults are fraudulent "support abuse" and to provide Plaintiffs' experts access to the same underlying information available to Uber. (ECF No. 6452) The Court concluded that Plaintiffs have a significant interest in testing, validating, or challenging those positions and that this interest warrants production of Uber's Bliss and Jira data, in addition to Flack. *Id*.

The June 22 Order confirms that the Court performed the proportionality analysis Uber erroneously claims is missing. (ECF No. 6652) After considering Uber's renewed burden

arguments, Judge Cisneros again concluded that Plaintiffs have established that the data is relevant and important to the case, and weighing that against the burden on Uber to produce it, this discovery is proportionate to the needs of the case. *Id*. That is exactly the analysis Rule 26 requires.

Uber's disagreement with the outcome does not transform a discretionary balancing determination into legal error. Rather, the record demonstrates that Judge Cisneros repeatedly limited discovery based upon proportionality concerns. The Court denied Plaintiffs' request for international incident data as disproportionate, restricted production to domestic incidents, and recognized accommodations for any internal communications requiring manual privilege review.

Far from ignoring proportionality, Judge Cisneros carefully calibrated discovery based upon Rule 26's requirements.

Uber likewise cannot establish clear error by characterizing the requested Bliss and Jira data as "duplicative." Judge Cisneros expressly rejected that argument after reviewing the Dean trial record. The Court found that Plaintiffs require the underlying Bliss and Jira materials because Uber itself relied on those systems in advancing its "support abuse" defense and because Plaintiffs are entitled to test the reliability of Uber's classifications using the same underlying information available to Uber. Whether Flack alone would suffice was squarely presented to Judge Cisneros, who rejected Uber's position. Rule 72(a) does not permit Uber a third bite at the apple simply because it disagrees with Judge Cisneros's determinations.

### III. Judge Cisneros Likewise Reasonably Required Periodic Supplementation of Incident Classifications.

Uber's challenge to the annual supplementation requirement fares no better. Again, Judge Cisneros considered Uber's burden arguments on reconsideration and rejected them. (ECF No. 6652) The Court specifically found that Uber's asserted burden was not disproportionate in light of Plaintiffs' interest in maintaining a mirror view of the incident information available to Uber. *Id*.

The Court also correctly rejected Uber's legal argument that Rule 26 provides no authority for ongoing supplementation. *Id*. Rule 26(e) expressly contemplates supplemental discovery

responses, and Judge Cisneros explained that supplementation is neither novel nor controversial. *Id*. She further noted that Uber itself characterizes its incident information as "living data," that investigations continue after initial categorization, and that incident classifications may change over time. *Id*. Under those circumstances, requiring periodic supplementation to ensure Plaintiffs possess the same information available to Uber was well within the Court's discretion.

At bottom, Uber's motion simply repeats the same arguments the Judge Cisneros already considered and rejected. Again, Rule 72(a) does not permit a party dissatisfied with a magistrate judge's discretionary discovery ruling to obtain de novo review by relabeling those same arguments as objections.

Accordingly, because Uber has failed to demonstrate that either challenged ruling is clearly erroneous or contrary to law, its motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion should be denied.

Dated: July 9, 2026

Respectfully Submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor

- 4 -

New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

NO. 3:23-MD-03084

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/Roopal P. Luhana*

NO. 3:23-MD-03084