ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31** |
| This Document Relates to: | |
| *Jane Roe CL 158 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04038-CRB, | Date:       August 28, 2026 |
| | Time:       10:00 a.m. |
| *Jane Doe LS 671 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00422-CRB, | Courtroom:  6 – 17th Floor |
| *TA.T. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00961-CRB, | |
| *JLG 277 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02710-CRB, and | |
| *Jane Roe CL 304 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-03033-CRB. | |

DEFENDANTS' MOTION TO DISMISS CASES FOR
FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-md-3084-CRB

### NOTICE OF MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 28, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order dismissing without prejudice the claims of the above-listed Plaintiffs subject to Pretrial Order No. 31 ("PTO 31") for failing to prosecute their cases and comply with that order.

This Motion is made pursuant to PTO 31 (ECF 3877) and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

DATED: July 13, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

DEFENDANTS' MOTION TO DISMISS CASES FOR
FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-md-3084-CRB

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order dismissing without prejudice the cases of Plaintiffs who have failed to comply with PTO 31, requiring them to produce a bona-fide ride receipt or a statement explaining in detail the reasonable efforts they have undertaken to search for the receipt and explaining why they have been unable to locate it. ECF 3877. PTO 31 expressly states that "[a] failure by a Plaintiff to provide the information required in this Order by the deadlines set forth above shall subject the Plaintiff to dismissal without prejudice." *Id.* ¶ e.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants move to dismiss Plaintiffs' claims for failure to comply with PTO 31. ECF 3877. That Order was entered to ensure the orderly, efficient, and fair administration of this litigation and imposed clear, mandatory obligations on Plaintiffs. Despite ample notice, repeated opportunities to comply, and the Court's explicit warnings that failure to comply would result in dismissal without prejudice, Plaintiffs have failed to satisfy the requirements of PTO 31. PTO 31 required Plaintiffs to produce a bona-fide ride receipt or, if they could not do so, provide, within 30 days and under penalty of perjury, a detailed explanation of their efforts to locate that receipt and the reasons it could not be found. ECF 3877. The Plaintiffs at issue in this Motion neither produced receipts nor served the sworn statements required by PTO 31. In short, they submitted nothing to attempt to cure their noticed deficiencies. Their noncompliance has impeded Uber's ability to evaluate and defend these claims and has frustrated the Court's ability to manage this MDL efficiently. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006). Under the plain terms of PTO 31, as well as Federal Rules of Civil Procedure 41(b) and 37(b)(2), dismissal without prejudice is warranted.

**BACKGROUND**

This Court has recognized that dozens of Plaintiffs have submitted fraudulent receipts in support of their claims in this MDL. ECF 3876; ECF 3972; ECF 4440; ECF 5454; ECF 5970. To detect and prevent additional fraud, on July 30, 2025, Uber moved for a case management order requiring Plaintiffs whose alleged rides could not be substantiated to either provide a bona-fide ride receipt or, if they could not do so, submit a detailed explanation, under penalty of perjury, why they

1

could not provide one. ECF 3604. Plaintiffs argued that Uber's motion was "disingenuous[]," claiming there was no link between missing receipts and fraud. ECF 3771 at 1. Over Plaintiffs' protests, the Court entered Uber's proposed case management order for Plaintiffs with unsubstantiated rides and missing receipts. ECF 3877.

On September 9, 2025, the Court ordered, in PTO 31: "Within 30 days of receiving Uber's written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt." *Id.* Exhibit A to PTO 31 listed ninety Plaintiffs who were initially subject to the Order's requirements and whose receipts or statements were therefore due within thirty days, or on October 9, 2025. *Id.* Ex. A. In addition, PTO 31 provided that "Uber may serve written notice on [additional] Plaintiff[s] requiring that [they] comply with the procedures set forth in this Order." *Id.* ¶ a. Subsequently, Uber identified hundreds of additional Plaintiffs who claimed to have ordered their own rides, had not submitted ride receipts, and whose alleged rides could not be substantiated by Uber. Declaration of Michael B. Shortnacy ¶ 4.

The Plaintiffs at issue here have been notified in writing of their obligation to provide either a ride receipt or a sworn statement regarding their inability to do so, but have failed to submit either the receipt or statement within thirty days as required by PTO 31. *Id.* ¶ 5 & Ex. A (detailing Plaintiffs' failures to comply with PTO 31 and the notice provided by Uber). Specifically, Uber has served all Plaintiffs subject to this motion to dismiss with PTO 31 delinquency notices via MDL Centrality. *Id.* All have failed to timely cure their delinquencies. *Id.* That is, none of the Plaintiffs subject to this motion has produced a ride receipt or sworn statement describing their efforts to locate a receipt and explaining why they have been unable to find it. *Id.* Uber therefore moves for dismissal of Plaintiffs' claims under Rules 41(b) and 37(b)(2) on the basis of these Plaintiffs' non-compliance with PTO 31.

2

DEFENDANTS' MOTION TO DISMISS CASES FOR
FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-md-3084-CRB

## **ARGUMENT**

**I.     The Claims of the Plaintiffs Who Failed to Comply with PTO 31 Should Be Dismissed Without Prejudice Pursuant to Rule 41(b).**

Uber moves for dismissal under Rule 41(b) of the claims of Plaintiffs listed in Exhibit A to the accompanying Declaration of Michael B. Shortnacy, each of whom failed to comply with the Court's PTO 31 through their failure to submit a bona-fide ride receipt or sworn statement. The Court already warned Plaintiffs that failure to comply with this order would lead to dismissal. ECF 3877.

When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)). These factors favor dismissal of Plaintiffs' claims.

**A.     The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.**

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The factor is especially weighty in a situation such as this one, where Plaintiffs have failed to comply with an order that clarified longstanding court-ordered obligations to provide basic substantiation for their claims. ECF 175. Indeed, hundreds of Plaintiffs in this MDL have failed to comply with several different orders over months and years. *See, e.g.*, ECF 3862 & 3922. The expeditious resolution of this litigation has already been seriously impaired.

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal. Adherence to orders like PTO 31 is particularly important in an MDL, where there are hundreds or thousands of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). The "district

3

DEFENDANTS' MOTION TO DISMISS CASES FOR
FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-md-3084-CRB

judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232. "Pretrial orders… 'are the engine that drives disposition on the merits'" and a court's "willingness to resort to sanctions in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (quoting *In re Cook Medical, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:16-cv-3043, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018)). After all, "when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2022 WL 2792258, at *2 (N.D. Fla. May 2, 2022).

Plaintiffs have not complied with PTO 31 and the first two Malone factors weigh in favor of dismissing Plaintiffs' claims.

**B.      The Third *Malone* Factor: Plaintiffs' Violation of PTO 31 Has Prejudiced and Continues to Prejudice Uber.**

A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 *(quoting Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990)). "Failure to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. *Adriana Int'l Corp.*, 913 F.2d at 1412.

Uber has been prejudiced by Plaintiffs' failure to comply with PTO 31 by providing a bona-fide ride receipt or statement explaining in detail the reasonable efforts they have undertaken to search for the receipt and explaining why they have been unable to locate it. The details of where and when the Uber ride on which Plaintiffs were allegedly assaulted took place are some of the most basic information about Plaintiffs' claims. To defend itself, Uber needs to know at a minimum the basis on which Plaintiffs are seeking relief. *Amatrone v. Champion*, No. 15-cv-01356-JST, 2017 WL 4618671, at *4 (N.D. Cal. Oct. 16, 2017). Without this information, it is impossible for Uber to prepare to defend this case. *See Computer Task Group, Inc. v. Brody*, 364 F.3d 1112, 1116 (9th Cir. 2004). Uber needs

4

DEFENDANTS' MOTION TO DISMISS CASES FOR
FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-md-3084-CRB

time to meaningfully follow up on this information and incorporate it into its litigation strategy, *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997), for instance by confirming that the ride actually occurred in its systems and contacting the relevant independent driver. This is especially true in this MDL where Uber faces "time pressure" to investigate thousands of claims; the prejudice from Plaintiffs' failure to comply with PTO 31 is particularly substantial. *In re Guidant,* 496 F.3d at 867. And with every day of Plaintiffs' noncompliance, Uber has faced a growing risk "loss of evidence and memory. . . factors that are aggravated by the complexity of this litigation*." In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007) (Breyer, J.).

Indeed, Uber has already suffered prejudice because "in order to assess the merits of the claims against it, [Uber] has spent great time and expense identifying deficiencies, providing notices of the deficiencies, and filing discovery motions." *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, No. 2:18-md-02848, 2020 WL 1506434, at *4 (E.D. Penn. May 28, 2020). Given the prejudice Uber has suffered and will continue to suffer, dismissing Plaintiffs' cases is justified.

**C.      The Fourth *Malone* Factor: Given Their Extraordinary Noncompliance, Plaintiffs Should Be Denied the Benefit of the Public Policy Favoring Disposition on the Merits.**

A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's order to provide a bona-fide ride receipt or statement. Hence, the preference for resolving cases on the merits does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1 (preference for resolving cases on the merits did "not weigh in favor of plaintiffs at all" due to failure to comply with court orders).

**D.      The Fifth *Malone* Factor: Dismissal Without Prejudice is not a Particularly Drastic Sanction.**

Given the Plaintiffs' history of repeated and continuing disregard for this Court's orders, the Malone factors would justify dismissing Plaintiffs' cases with prejudice under Rule 41(b). *See In re*

DEFENDANTS' MOTION TO DISMISS CASES FOR
FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-md-3084-CRB

*PPA*, 460 F.3d at 1232–34; *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 354 (5th Cir. 2020); *In re Guidant*, 496 F.3d at 865–66; *In re Bextra*, 2007 WL 136625, at *2. But Uber is not requesting dismissal with prejudice. Rather, Uber is asking that this Court provide the relief it previewed in PTO 31 itself and dismiss the Plaintiffs' claims without prejudice. ECF 3877. A district court is "not required to… attempt less drastic alternatives before dismissing the action without prejudice*." In re Am. Apparel, Inc., 2014 Derivative S'holder Litig.*, 696 F. App'x 848, 848 (9th Cir. 2017). Indeed, "[i]t is hard to imagine a less drastic sanction than dismissal without prejudice." *Sokolsky v. Meeks*, 789 F. App'x 63, 64 (9th Cir. 2019) (cleaned up). Thus, dismissal of Plaintiffs' claims without prejudice is appropriate.

**II.     These Same Plaintiffs' Willful Violation of PTO 31 Warrants Dismissal Under Rule 37(b)(2).**

"The standards governing dismissal for failure to obey a court order are basically the same under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or* fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin* v. *Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905). The Plaintiffs at issue in this motion have willfully violated PTO 31 and they have not demonstrated that it was impossible for them to comply. Dismissal is thus warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

**CONCLUSION**

In PTO 31, the Court and Uber clearly notified Plaintiffs of their obligation to produce a bona-fide ride receipt or a statement explaining their efforts to search for it and why they have been unable to locate it. ECF 3877. Plaintiffs were also warned, more than once, that "failure to comply within 30 days would subject them to dismissal without prejudice." *Id*. Despite these clear warnings, Plaintiffs have violated PTO 31 and have failed to provide a bona-fide receipt or a sworn statement, and this Court should therefore dismiss their claims without prejudice.

DEFENDANTS' MOTION TO DISMISS CASES FOR
FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-md-3084-CRB

DATED: July 13, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

7

DEFENDANTS' MOTION TO DISMISS CASES FOR
FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-md-3084-CRB

## PROOF OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Michael v. Shortnacy*
Michael B. Shortnacy