Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to: | **NOTICE OT MOTION AND MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES** |
| *Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*, No. 1:26-cv-01694-CRB (W.D. Tex.) | Judge:        Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor<br><br>Judge:        Mag. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
Case No. 3:24-cv-08783-CRB

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 25, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order striking Plaintiff's claim for punitive damages in the upcoming bellwether trial of *Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*, CA No. 3:24-cv-08783-CRB.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: July 16, 2026

MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
Case No. 3:24-cv-08783-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff QLF 001 seeks punitive damages from Uber based on her allegation that Uber negligently failed to prevent an independent driver from sexually assaulting her.

That claim, however, is foreclosed by Texas law, which governs Plaintiff's claims and bars courts from awarding punitive damages against a defendant based on the criminal act of another. Tex. Civ. Prac. & Rem. Code Ann. § 41.005(a). Multiple courts have interpreted the Texas statute to preclude an award of punitive damages against a defendant accused of negligently failing to prevent another person from committing a sexual assault. *See, e.g.*, *Massage Heights Franchising, LLC v. Hagman*, 679 S.W.3d 298, 310 (Tex. Ct. App. 2023), *rev'd in part on other grounds*, 712 S.W.3d 615 (Tex. 2025) (reversing award of punitive damages against massage parlor in case involving alleged sexual assault by masseuse).

Moreover, none of the exceptions to the statute could remotely apply to this case. This Court should therefore strike Plaintiff's punitive damages claim under Fed. R. Civ. P. 12(f).

### II.    BACKGROUND

Plaintiff's Short-Form Complaint alleges that she was sexually assaulted by Victor Huynh Le during a ride that was arranged by a third party (a bar manager's then-wife) on the Uber platform. Short-Form Compl. ¶ II.C.1-3. The alleged assault occurred on June 9, 2020, in Tarrant County, Texas, *id.*, where Plaintiff was living. Plaintiff asserts causes of action against Uber sounding in negligence, *id.* ¶ III.1, and she seeks punitive damages.

### III.    ARGUMENT

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have recognized that Rule 12(f) is an appropriate mechanism for striking punitive damages claims that fail as a matter of law. *See Murphy v. Am. Motors Sales Corp.*, 570 F.2d 1226, 1227 (5th Cir. 1978) (reversing district court's denial of motion to strike punitive damages claim where punitive damages were not recoverable as a matter of law); *Erhard v. Loc. Union No.*

*604*, 914 F. Supp. 954, 956 (W.D.N.Y. 1996) (striking punitive damages claim under Rule 12(f) where "law [did] not authorize their award"). In evaluating a Rule 12(f) motion, this Court may consider facts alleged in the pleadings as well as facts of which the Court may take judicial notice. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds sub nom., Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Under Federal Rule of Civil Procedure 12(c), this Court may grant judgment on the pleadings where, "in the light most favorable to the plaintiff," the complaint fails to "state[] a valid claim" for punitive damages. *Radson v. E3 Trucking, Inc.*, No. 3:19CV100-M-P, 2019 WL 4346576, at *1 (N.D. Miss. Sept. 12, 2019) (granting judgment on the pleadings in defendant's favor on plaintiff's punitive damages claim); *Crechale v. Carroll Fulmer Logistics Corp.*, No. 3:19-CV-617, 2020 WL 4927508, at *4-6 (S.D. Miss. Aug. 21, 2020) (same).

The Court should strike Plaintiff's punitive damages claim or grant Uber judgment on the pleadings with respect to that claim.

First, Texas law applies because the subject ride occurred in Texas, the alleged assault occurred in Texas, and Plaintiff is a Texas resident. *See* Short-Form Compl. ¶¶ II.A.2, II.C.3.[1] In other bellwether cases in this MDL, the Court has consistently analyzed the claims under the law of the jurisdiction where the injury occurred, *see, e.g.*, PTO 28 at 3-4 (ECF 3441), including the issue of punitive damages in the *Dean* case.

Second, Tex. Civ. Prac. & Rem. Code Ann. § 41.005 unequivocally bars punitive damages against a defendant, like Uber, based on the criminal act of a third party. *Id.* § 41.005(a) ("In an action arising from harm resulting from an assault, theft, or other criminal act, a court may not award exemplary damages against a defendant because of the criminal act of another."). This statute has been repeatedly applied by Texas courts to bar punitive damages in cases alleging that a defendant negligently failed to prevent a sexual assault. In *Massage Heights*

---

[1]     Specifically, Plaintiff's pleading alleges that she was a resident of Texas at the time she filed her Short-Form Complaint. Short-Form Compl. ¶ II.A.2.

MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
Case No. 3:23-md-03084-CRB

*Franchising*, for example, the Texas Court of Appeals applied § 41.005 in reversing an award of punitive damages against a massage parlor franchisor over a sexual assault committed by a masseuse against a customer. In so ruling, the court reasoned that the statute "bars the award of exemplary damages because the cause of [the plaintiff's] injury is [the masseuse's] criminal act." 679 S.W.3d at 308-10.

Similarly, in *Healthcare Centers of Texas, Inc. v. Rigby*, 97 S.W.3d 610, 617-21 (Tex. Ct. App. 2002), the Texas Court of Appeals applied § 41.005 to reverse an award of punitive damages against a defendant nursing home in a negligence action alleging that the nursing home failed to prevent one of its residents from sexually assaulting another. *See also, e.g.*, *R.M. v. Am. Airlines, Inc.*, 338 F. Supp. 3d 1203, 1216-17 (D. Or. 2018) (applying Texas law and granting summary judgment in defendant airline's favor on punitive damages claim on the ground that the airline's alleged negligent failure to prevent the "criminal touching" by one passenger of another was not a basis for punitive damages as a matter of law); *In re Islamorada Fish Co. Texas, L.L.C.*, 319 S.W.3d 908, 912 (Tex. Ct. App. 2010) (holding that § 41.005 barred an award of punitive damages in dram shop action against restaurant that overserved guest who then drove drunk and injured plaintiff, and granting writ of mandamus vacating trial court order permitting punitive damages discovery into defendant's net worth). The same reasoning underlying these cases applies to Plaintiff's claims here.

Although § 41.005 contains four enumerated exceptions, none could possibly apply here. Plaintiff does not allege that Uber engaged in criminal conduct, that it maintained a public nuisance, or that it violated requirements for security devices on residential property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.005(b)(2)-(4). The last exception is similarly inapplicable. Under § 41.005(b)(1), punitive damages may be available if "the criminal act was committed by an employee of the defendant" *and* if one or more of the conditions enumerated in § 41.005(c) (discussed below) is present. Neither prong of this exception applies.

MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
Case No. 3:23-md-03084-CRB

Mr. Le was not an employee of Uber. Texas's TNC statute, enacted in 2017, makes TNC drivers independent contractors as a matter of law. *See Acosta v. Uber Techs., Inc.*, No. 08-24-00099-CV, 2025 WL 1819017, at *3-4 (Tex. Ct. App. July 1, 2025), *review denied* (Mar. 27, 2026) (confirming as much).[2] That should end the analysis.

But even if Mr. Le had been an Uber employee, Uber still could not be held liable for punitive damages in this case unless one of the four conditions enumerated in § 41.005(c) was also met: (1) Uber authorized the doing and manner of the act; (2) the driver was unfit and Uber acted with malice in employing or retaining the driver; (3) the driver was employed in a managerial capacity and acting within the scope of his employment; or (4) Uber ratified and approved the act. Tex. Civ. Prac. & Rem. Code Ann. § 41.005(c).

There is no possible basis to find that any one of these four conditions is satisfied. Plaintiff does not allege that Uber authorized Mr. Le to sexually assault Plaintiff, that Uber acted with malice in employing or retaining Mr. Le, or that Mr. Le was employed in a managerial capacity and acted within the scope of such employment in connection with the alleged sexual assault. Plaintiff also does not allege any facts that, taken as true, would establish that Uber "ratified or approved" the sexual assault.[3] For these reasons, too, Tex. Civ. Prac. & Rem. Code Ann. § 41.005 bars an award of punitive damages against Uber in this case.

## IV.    **CONCLUSION**

For the foregoing reasons, this Court should strike Plaintiff's punitive damages claim.

---

[2]    The TNC statute imposes four conditions that must be satisfied for a TNC driver to be considered an independent contractor as a matter of law: that the company does not "(A) prescribe the specific hours during which the driver is required to be logged in to the company's digital network; (B) impose restrictions on the driver's ability to use other transportation network companies' digital networks; (C) limit the territory within which the driver may provide digitally prearranged rides; or (D) restrict the driver from engaging in another occupation or business[.]" Tex. Occ. Code Ann. § 2402.114(1)(A)-(D). As the *Acosta* court recognized, there is no dispute that Uber satisfies these conditions.

[3]    To the contrary, Uber waitlisted Mr. Le's account within one day of receiving a report of the alleged incident (via a Checkr continuous monitoring background check on July 14, 2020, which caught Mr. Le's arrest in connection with the subject incident), and permanently deactivated Mr. Le's account a mere ten days after waitlisting him.

MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
Case No. 3:23-md-03084-CRB

DATED: July 16, 2026                        Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5

MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
Case No. 3:23-md-03084-CRB

## <u>PROOF OF SERVICE</u>

I hereby certify that on July 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn

6

MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
Case No. 3:23-md-03084-CRB