# EXHIBIT 1

# FILED UNDER SEAL

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| ROG | 1 | 1 | 1 | 1 | N/A | N/A | 1 | Designated Driver Fraud | Identify all drinking-related Marketing Campaigns and/or Advertising Campaigns that ran (in print, on billboards, at bus stops, on the internet, on any social media including but not limited to Youtube, Instagram, Facebook, SnapChat, on in-app Banners, television, on the radio, by any other electronic medium, or via any other Communications Channel), in the following Cities within the following date ranges: | These Plaintiffs allege that they each relied on Uber's advertisements that Uber was a safe option for people who were intoxicated and needed a ride home. For example, in her amended complaint (Doc. 2501), B.L. alleged: "38. Before taking the August 12, 2022 Uber ride, Plaintiff regularly heard and saw ads promoting Uber as a safe and responsible option for people who had been drinking. 39. As early as 2010, Plaintiff saw Uber advertisements placed in venues and establishments where drinking was popular. 40. Before 2021, Plaintiff heard advertisements on Austin, TX radio advertising Uber as a safe alternative to drunk driving. She recalls that these ads included language such as: 'Don't drink and drive. Call an Uber.'"<br><br>In these cases, Plaintiffs propounded a first interrogatory, before any others, asking Uber to "identify all drinking-related Marketing Campaigns or Advertising Campaigns that ran … in the following Cities within the following date ranges: [Listing cities where Jaylynn Dean and B.L. each lived and the dates for each residence.] These interrogatories are essential for refreshing Plaintiffs' recollection and preparing for deposition. But Uber objected and responded: "Responding Party directs Plaintiff to its response to MDL Plaintiffs' Request for Production No. 102." Request No. 102, in turn, is a generic request for documents regarding alcohol-related marketing to all riders, and is not limited to a particular geographic area or date range. Moreover, Uber did not identify by Bates range any documents in response to Request No. 102. In short, Uber has completely evaded these critical interrogatories. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| ROG | 2 | 2 | 2 | 2 | 1 | 1 | 2 | Uber's defenses: Terms of Use / Forum Selection / Choice of Law | If You contend Plaintiff's MDL action is subject to a forum selection clause or a choice-of-law clause, identify (1) the effective date of each version of Uber's Terms of Use that You contend the Plaintiff agreed to; (2) the date You contend that Plaintiff assented to each version; (3) the actions You contend Plaintiff took that constituted assent; and (4) all facts supporting those contentions, including but not limited to whether the alleged assent occurred in connection with Uber rides, Uber Eats, or some other service and a complete description of "electronic records" of the sort discussed in ECF 393-1, ¶ 6. | N/A |
| ROG | 3 | 3 | 3 | 3 | 2 | 2 | 3 | Uber's defenses: Terms of Use / Forum Selection / Choice of Law | If You contend Plaintiff's MDL action is subject to a forum selection clause or a choice-of-law clause, identify the dates on which You became aware of potential litigation against You on behalf of the Plaintiff, including but not limited to (1) communications from the Plaintiff to You regarding the Incident; (2) communications from a third party (e.g., police) to You regarding the Incident; or (3) communications from attorney(s) representing the Plaintiff. For each date, describe the notice. | N/A |
| ROG | 4 | 4 | 4 | 4 | 3 | 3 | 4 | Uber's defenses: Plaintiff fault | If You contend Plaintiff violated Your Community Guidelines or Your Terms of Use in connection with the Subject Ride, identify all facts in support of that contention, including but not limited to (1) the details of Plaintiff's actions that You contend were a violation of the Community Guidelines or Terms of Use, (2) the operative version of the Community Guidelines or Terms of Use, (3) the specific provision of the Community Guidelines or Terms of Use that You contend Plaintiff violated. | Uber's only response to this ROG other than saying discovery is ongoing is pointing to the documents identified in response to ROG No. 2, an Interrogatory requesting the dates upon which Uber contends it became aware of litigation against it. These responses are not interchangeable. Also, Uber's response to ROG No. 2 did not refer to documents.<br><br>Uber should be precluded from arguing that Plaintiff violated its guidelines or terms of use if it does not meaningfully respond. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|------|---------|------|-----|------|----------|---------|----------|-------|---------|--------------|
| ROG | 5 | 5 | 5 | 5 | 4 | 4 | 5 | Uber's defenses: Rider credibility | If you contend that any pre-Incident reports of Misconduct against the Subject Driver were by Riders with Low Credibility, please state in detail all facts that contention is based on. | Uber points to previously produced Bliss and JIRA tickets for prior misconduct. This does not answer the interrogatory. It does not provide clarity as to whether Uber is making this contention. In BG 1046 (JD), one of the JIRA tickets appears to refer to other documents (not produced by Uber) that would seem to be responsive. Uber needs to clarify that, other than the Bliss and JIRA tickets, there are no other responsive documents, if that is in fact the case.<br><br>Uber sometimes classifies certain users as lacking credibility or engaging in support abuse. Uber should be precluded from justifying its inaction on prior reports by claiming the reporting parties were non-credible account holders, unless it identifies such facts now. |
| ROG | 6 | 6 | 6 | 6 | N/A | 5 | 6 | Uber's defenses: Plaintiff credibility | If Uber ever applied any Low Credibility designation to Plaintiff, please identify (1) the date of any such Low Credibility designation(s), (2) the title/nature of such Low Credibility designation(s), and (3) all facts any such Low Credibility designation was based on. | Uber points to Bliss and JIRA tickets and does not otherwise substantively respond to the interrogatory. It is unclear whether Uber actually determined that Plaintiffs were low-credibility reporters.<br><br>Uber should be precluded from offering evidence that each Plaintiff complained too often, asked for too many refunds, etc. unless Uber identifies such evidence now. |
| ROG | 7 | 7 | 7 | 7 | 5 | 6 | 7 | Uber's defenses: Plaintiff credibility | If You contend that any Information or Data (including but not limited to any Uber App data, dash cam footage, and/or Location Data) contradicts Plaintiff's statements about the Subject Ride and/or Incident (including any statements Plaintiff made directly to Uber, and any statements in Plaintiff's most recent amended complaint), please specifically identify the contents and source of such Information or Data. | Uber did not respond to the interrogatory. Instead, Uber propounded arguments that it is not liable for the actions of third party drivers and merely states that discovery is ongoing. "Plaintiff's statements" in this interrogatory does not refer to lawyers' statements in a complaint. It is discussing statements by the Plaintiff herself (i.e. when she reported the incident to Uber). If Uber has responsive information within its possession, it must identify it. If Uber does not have this information in its possession (for example, there may be no dash cam footage) then Uber must substantively respond to the same.<br><br>If Uber does not produce such data now, it should be precluded from introducing it later for any purpose. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| ROG | 8 | 8 | 8 | 8 | 6 | 7 | 8 | Uber's defenses: Plaintiff fault | Do You contend that Plaintiff bears any fault for the Incident? | Uber states discovery is ongoing and it does not take a position at this time.<br><br>Uber may amend its response later, but should respond now based on information already in its possession. Any facts now in its possession indicating that the Plaintiffs were at fault, which it does not now identify, should be excluded. |
| ROG | 9 | 9 | 9 | 9 | 7 | 8 | 9 | Uber's defenses: Plaintiff fault | If You contend that Plaintiff bears any fault for the Incident, please state all facts that contention is based on. | Uber states discovery is ongoing and it does not take a position at this time.<br><br>Uber may amend its response later, but should respond now based on information already in its possession. Any facts now in its possession indicating that the Plaintiffs were at fault, which it does not now identify, should be excluded. |
| ROG | 10 | 10 | 10 | 10 | 8 | 9 | 10 | Driver history | For any Rider who, before the date of the Subject Incident, reported Sexual Assault and/or Sexual Misconduct against the Subject Driver, which did not result in permanent Deactivation, Identify the Rider by name, email address, physical address, and phone number. (Plaintiff invites Uber to meet and confer regarding a process for allowing these Riders to opt into or out of having their identities shared.) | Addressed in Joint Status Report, and will be addressed in upcoming PTO 8 brief. Not addressed here. |
| ROG | 11 | 11 | 11 | 11 | 9 | 10 | 11 | Driver history | For any Woman Rider who gave the Subject Driver a one-star rating and did not indicate why, please identify the Rider by name, email address, physical address, and phone number. (Plaintiff invites Uber to meet and confer regarding a process for allowing these Riders to opt into or out of having that informed shared through this process. | Addressed in Joint Status Report, and will be addressed in upcoming PTO 8 brief. Not addressed here. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|------|---------|------|-----|------|----------|---------|----------|-------|---------|-------------|
| ROG | 12 | 12 | 12 | 12 | 10 | 11 | 12 | Driver history | For every status change in the Subject Driver's Account History, please identify the reasons for the status change including (1) identify the date and title of the status change, (2) identify the policy or program that governed the status change, if any (2) identify any events or deadlines that triggered the status change, (4) if the status was the result of any Information Uber learned about the Subject Driver, any report by anyone regarding the Subject Driver, or any action or inaction of the Subject Driver, describe such Information, actions, and/or events. | Uber produced short (1 or 2 page) account status logs for the subject drivers that show the timeline of when a driver first applied and was activated, and also any occasions when he was subsequently deactivated, waitlisted, or reactivated. But it is hard to tell if a driver was waitlisted for a benign reason, such as needing to update a background check, or a serious reason, such as an incident or arrest.<br><br>Uber's supplemental interrogatory response is non-committal, saying that "Generally, these status changes may relate to renewals of background checks, vehicle information, or other such reasons. These changes are often automated…." Uber then offers to produce a corporate representative on the topic.<br><br>Uber needs to provide direct responses, instead of vague, noncommittal ones, in order to narrow the issues for the corporate representative depositions, allocate time appropriately to those depositions, and enable Plaintiffs to more efficiently prepare. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| ROG | 13 | 13 | 13 | 13 | 11 | 12 | 13 | Driver history | For any acronyms or terms of art that appear in Uber's Location Data related to the Subject Ride (including the Chronicle data and maps, Voyager data and maps, and/or Fractal data and maps) describe what each acronym or term of art means. | The location data for Plaintiffs' subject rides is replete with "mobile events" written in code speak, such as:"safety_ride_check_anomaly_rider_toolkit_feedback_request_failed."<br><br>Uber's supplemental response is "Responding Party is available to meet and confer regarding any specific questions Propounding Party may have regarding specific "acronyms" or "terms of art" used by Responding Party."<br><br>In meet and confer discussions, Plaintiffs asked Uber to either respond or immediately provide a "data dictionary" (an existing decoder that Uber employees use). A data dictionary is preferred at this point, since Plaintiffs also need Uber's data dictionary to understand the communications and trip logs (also excel printouts filled with code language in lieu of plain-language communications). Uber's counsel acknowledged that this is a mutual need for the attorneys on both sides of the case. However, no supplemental response or data dictionary has been forthcoming. |
| ROG | 14 | 14 | 14 | 14 | 12 | 13 | 14 | Uber's defenses: Plaintiff fault | Please identify, for every safety tool in Uber's Safety Toolkit (e.g. Share My Ride), (1) the date that tool became available to Plaintiff, and (2) the dates if any when Plaintiff used that tool. | Uber does not respond other than to refer Plaintiffs to the trip history log, which does not include identification of what tools were available to Plaintiff when.<br><br>Plaintiff anticipates that Uber will argue the Plaintiffs were not safety conscious given that they did not use "Safety toolkit" tools Uber offered. Rather than respond to this interrogatory, Uber pointed generally to the communication logs with plaintiffs, which do not specify when any safety tools became available or were offered to plaintiffs, nor – as far as plaintiffs can tell – do these logs state whether or not plaintiffs were using certain tools.<br><br>Uber should respond, or else be precluded from arguing that Plaintiffs failed to use tools that were made available to them. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|------|---------|------|-----|------|----------|---------|----------|-------|---------|--------------|
| ROG | 15 | 15 | 15 | 15 | 13 | 14 | 15 | Warnings | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, from 2012 to the present, regarding any of the Minimum Requirements for a Rider to have a Safe Ride with Uber. | Uber fails to respond to this interrogatory and just points generally to the communications log. The log does not appear to contain responsive information.<br><br>If there are no responsive communications, Uber should acknowledge that it has no responsive communications.<br><br>If Uber does not promptly identify responsive communications, it should be taken as established pursuant to Rule 37(b)(2) (A)(i) that there were no such communications.) |
| ROG | 16 | 16 | 16 | 16 | 14 | 15 | 16 | Warnings | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, where Uber attempted to make Plaintiff more Vigilant and less Reliant on or Trusting of Uber during Rides (including but not limited to Communications to Plaintiff, using any words, that Plaintiff was Riding at her own risk; that Plaintiff was doing business with an independent Drivers rather than with Uber when she took a Ride; that Plaintiff should make an independent judgment regarding whether to Trust a particular Driver; that Uber had never met or interviewed its Drivers; that Uber had incomplete information about Drivers; and/or that Uber was not responsible for Plaintiff's Safety during Rides). | Same as No. 15 |
| ROG | 17 | 17 | 17 | 17 | 15 | 16 | 17 | Warnings | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to any risk of Sexual Assault and/or Sexual Misconduct. | Same as No. 15 |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| ROG | 18 | 18 | 18 | 18 | 16 | 17 | 18 | Warnings | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to the risk of Sexual Assault and/or Sexual Misconduct for Female Riders Matched with Male Drivers. | Same as No. 15 |
| ROG | 19 | 19 | 19 | 19 | 17 | 18 | 19 | Warnings | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to Risk Factors, including but not limited to Risk Factors present during the Subject Ride and/or Risk Factors related to the Subject Driver. | Same as No. 15 |
| ROG | 20 | 20 | N/A | 20 | 18 | N/A | N/A | Driver-Specific Fraud | If You contend that Plaintiff did not view the entire Offer Card in connection with the Subject Ride, identify all facts in support of that contention including (1) what specific Information in the Offer Card Plaintiff did not view, and (2) the Documents, Data, and/or Information on which You base that contention. | Uber evasively responded that it was "not present" so does not know what P viewed.<br><br>This is a silly response in light of Uber's app data about what an app user clicked on or viewed. If Uber is going to say that P did not click on, expand, or view a particular offer card screen in the app, that should be identified by Uber now.<br><br>If Uber does not promptly identify responsive facts, it should be precluded from offering any later.) |
| ROG | 21 | 21 | N/A | 21 | 19 | N/A | N/A | Driver-Specific Fraud | Identify (by date, content of the Communications, Communications Channel used,and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff conveying negative information about the Subject Driver, including but not limited to (1) limitations of, or incompleteness of, Uber's Screening and/or Background Check(s) for the Subject Driver; (2) Reports of Misconduct Uber received about the Subject Driver; (3) Risk Factors Uber was aware of about the Subject Driver. | Same as No. 15 |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| ROG | 22 | 22 | 20 | 22 | N/A | N/A | 20 | Designated driver fraud | Identify (by date, contents, Bates numbers of any supporting Documents, and Communications Channels used to reach Plaintiff) any Communications from Uber to Plaintiff, before the Incident, regarding requesting and taking Rides while Intoxicated (including but not limited to any Communications prohibiting or discouraging that practice, and/or any Communications regarding the risk of Sexual Assault and/or Sexual Misconduct for Intoxicated Riders. | Uber fails to respond to this interrogatory and just points generally to the communications log. The log does not appear to contain responsive information.<br><br>If there are no responsive communications, Uber should acknowledge that it has no responsive communications.<br><br>If Uber does not promptly identify responsive communications, it should be precluded from introducing any such communications into evidence later. |
| ROG | 23 | 23 | 21 | 23 | 20 | 20 | N/A | RideCheck | Identify the version of RideCheck, if any, that was used during the Subject Ride, including (1) the Bates numbers for any Documents that describe that version of Ridecheck, (2) which Telematics Triggers were in place at the time of the Subject Ride, and (3) after how many minutes of an Unplanned Stop would there be a Telematics Trigger, (4) after how many minutes of an Unplanned Stop would Uber take any action, (5) what actions, if any, was Uber to take (under its policies) after how many minutes of an Unplanned Stop, and (6) what actions did Uber in fact take. | N/A |
| RPD | -- | -- | -- | -- | -- | -- | -- | | PLEADING RESPONSE | THERE IS NO SUPPLEMENTAL PLEADING RESPONSE STATING WHETHER ALL RESPONSIVE DOCUMENTS HAVE BEEN PRODUCED, WHETHER AFTER A DILIGENT SEARCH NONE COULD BE FOUND, OR IDENTIFYING RESPONSIVE BATES RANGES. |
| RPD | 1 | 1 | 1 | 1 | 1 | 1 | 1 | Uber's Defenses: Agreements | Each Agreement between Uber and the Subject Driver (including sufficient information to identify the effective date of each). | Uber referred Plaintiffs' counsel to the agreement logs for the rider and driver. But Uber also needs to identify the Bates ranges to Plaintiffs' counsel can locate the actual agreements in question. |
| RPD | 2 | 2 | 2 | 2 | 2 | 2 | 2 | Uber's Defenses: Agreements | Each Agreement between Uber and the Plaintiff (including sufficient information to identify the effective date of each). | Same as No. 1. |
| RPD | 3 | 3 | 3 | 3 | 3 | 3 | 3 | Uber's Defenses: Agreements | If Uber contends that Plaintiff's lawsuit against Uber is subject to a forum selection clause or a choice-of-law clause, all Documents supporting that contention. | N/A |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| RPD | 4 | 4 | 4 | 4 | 4 | 4 | 4 | Driver Screening | Any and all Materials reflecting Uber's Screening of the Subject Driver. (This includes but is not limited to Documents reflecting the Screening-related User Experience for the Subject Driver, including Uber's instructions to, offers to, statements to, requests of, and/or questions to the Subject Driver.) | Uber has produced only high-level reports issued by its contractors, but not any actual background checks. Even if Uber does not have access to those, there is clearly information in Uber's possession regarding what adjudication criteria it applied (for the subject drivers). Uber has produced case-specific adjudication criteria in other cases, but not here. In addition, clearly the drivers must have filled out a form, or answered some questions, when they applied to drive. No such documents have been produced. |
| RPD | 5 | 5 | 5 | 5 | 5 | 5 | 5 | Driver Screening | Any and all Materials reflecting Information Uber and/or its Contractors received from the Subject Driver in connection with Screening the Subject Driver (including but not limited to address history, social security number, name, date of birth, image of driver's license, driver's license information, insurance information, vehicle information). | Same as No. 4. |
| RPD | 6 | 6 | 6 | 6 | 6 | 6 | 6 | Driver Screening | Any and all Materials reflecting the Background Check Process(es) for the Subject Driver, including for All Accounts (including but not limited to Uber's policies, protocols, and/or instructions to its Background Check Contractor(s), interactions between Uber and its Background Check Contractor(s), Information the Background Check Contractor(s) made available to Uber, including the Background Check itself, any Background Check Findings, and conversations and decisions about the Background Check Findings). | Same as No. 4. |
| RPD | 7 | 7 | 7 | 7 | 7 | 7 | 7 | Driver Screening | Any and all Communications, including with Third Parties or the Subject Driver, related to Screening the Subject Driver (including but not limited to Communications with the Background Check Contractor(s) about the Background Check). | Same as No. 4. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| RPD | 8 | 8 | 8 | 8 | 8 | 8 | 8 | Driver Screening | Any and all Documents reflecting any Screening Uber performed on the Subject Driver other than a Background Check (including but not limited to any Documents indicating that Uber or its Contractor(s) had the Subject Driver fill out an application, interviewed the Driver, checked the Subject Driver's references, searched Public Information about the Driver, and/or conducted Psychological Screening). | Same as No. 4. |
| RPD | 9 | 9 | 9 | 9 | 9 | 9 | 9 | Driver Screening | Every set of Background Check Adjudication Criteria that applied, at any time, to the Subject Driver, including the Adjudication Criteria that applied in each City and State where the Driver was authorized to offer Rides, and for each time period when the Driver was authorized to offer Rides. | Same as No. 4. |
| RPD | 10 | 10 | 10 | 10 | 10 | 10 | 10 | Driver History | The complete up-to-date Account History for the Subject Driver, including for All Accounts. | N/A |
| RPD | 11 | 11 | 11 | 11 | 11 | 11 | 11 | Driver History | For any status change in the Subject Driver's Account History, all Documents and Communications that explain or relate to that status change. | Other than the JIRA tickets that explain some status changes, Uber has not identified or produced documents that give context for other status changes (for example, policies regarding automatic deactivation when a background check cannot be performed). |
| RPD | 12 | 12 | 12 | 12 | 12 | 12 | 12 | Driver History | The complete up-to-date Ride Log for the Subject Driver, for the whole time period when the Subject Driver was Active. | N/A |
| RPD | 13 | 13 | 13 | 13 | 13 | 13 | 13 | Driver History | All Documents reflecting the Subject Driver's Uber Pro status (including each change to the Uber Pro status, Communications to the Subject Driver about his status, and the timing of each change in status, for the time period during which the Subject Driver was Active). | N/A |
| RPD | 14 | 14 | 14 | 14 | 14 | 14 | 14 | Driver History | All Documents reflecting Metrics Uber kept track of related to the Subject Driver, including but not limited to the Subject Driver's Cancellation Rate, and Displayed Star Rating, including the timing of changes to those Metrics. | Nothing produced. Although the communications log contains some of this information, it appears to only report this information for delivery drivers. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| RPD | 15 | 15 | 15 | 15 | 15 | 15 | 15 | Driver History | All Materials reflecting any thresholds or minimums for any Metrics, such as minimum Displayed Star Rating, Cancellation Rate, that at the time of the Incident Uber required Drivers to maintain in the City where the Subject Ride occurred. | Same as No. 14. |
| RPD | 16 | 16 | 16 | 16 | 16 | 16 | 16 | Driver History | All Materials related to any Deactivation of the Subject Driver, including but not limited to all Communications concerning the Subject Driver's participation in quality improvement aimed to improve the Subject Driver's chances of reactivation. | Need confimation there are no other responsive documents. |
| RPD | 17 | 17 | 17 | 17 | 17 | 17 | 17 | Driver History | Materials reflecting training Uber required the Subject Driver take at any time. | Need confimation there are no other responsive documents. |
| RPD | 18 | 18 | 18 | 18 | 18 | 18 | 18 | Driver History | All Voyager Data for the Subject Driver that resulted in a Telematics Trigger on any Ride at any time prior to and/or on the date of the Incident (including any Documents reflecting a Telematics Trigger, alert, and/or notification). | Nothing produced. Uber uses a program called Fractal to track GPS signals that a driver is engaging in unsafe behavior. It knows that when drivers, e.g., prefer driving in bar areas late at night and then inexplicably stop on the side of the road during rides, the risk of sexual assault is higher. Plaintiffs are trying to find out whether Uber had this knowledge about the subject drivers, which would admittedly signal that they posed a high risk to riders. |
| RPD | 19 | 19 | 19 | 19 | 19 | 19 | 19 | Driver History | All Location Data, including Voyager Data, reflecting Unplanned Stops, Unplanned Rider-Driver Proximity, and/or Route Deviations for the Subject Driver at any time prior to and/or on the date of the Incident, whether or not there was a resulting Telematics Trigger. | Same as No. 18. |
| RPD | 20 | 20 | 20 | 20 | 20 | 20 | 20 | Driver History | All Materials reflecting Communications, at any time prior to or on the date of the Incident, between Uber and the Subject Driver related to any Telematics Triggers. | N/A |
| RPD | 21 | 21 | 21 | 21 | 21 | 21 | 21 | Driver History | For any Ride where the Subject Driver was given a Star Rating of 1 or 2 stars, any Documents related to why the Subject Driver received that rating (including but not limited to any attempts by Uber to find out why the Subject Driver received that rating, and/or anything Uber learned about why the Subject Driver received that rating). | Need confimation there are no other responsive documents. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| RPD | 22 | 22 | 22 | 22 | 22 | 22 | 22 | Driver History | For any Ride where the Subject Driver was given a Star Rating of 0 stars, any Documents related to why the Subject Driver received that rating (including but not limited to any attempts by Uber to find out why the Subject Driver received that rating, and/or anything Uber learned about why the Subject Driver received that rating). | N/A |
| RPD | 23 | 23 | 23 | 23 | 23 | 23 | 23 | Driver History | For All Accounts for the Subject Driver, All Safety Lens Documents (including the Safety Lens landing page and all associated Information, data, documents, and views linked together within Safety Lens). | Need confimation there are no other responsive documents. |
| RPD | 24 | 24 | 24 | 24 | 24 | 24 | 24 | Driver History | All Tickets for All Accounts for the Subject Driver. | Need confimation there are no other responsive documents. |
| RPD | 25 | 25 | 25 | 25 | 25 | 25 | 25 | Driver History | For All Accounts for the Subject Driver, all Ticket-Related Documents or Materials (including but not limited to Location Data and Voyager Data) for any Tickets that involved allegations of Sexual Assault and/or Sexual Misconduct. | Uber has produced several Voyager screenshots stating that the Voyager map was unable to load, but it has not produced the GPS data for prior rides. (Plaintiffs are willing to limit the request for GPS data to the prior rides where there was an allegation that the driver stopped or pulled over or made a detour, and the report where a rider used the word "rapist" without other context.) |
| RPD | 26 | 26 | 26 | 26 | 26 | 26 | 26 | Driver History | For any Rider who gave the Driver a 1-star rating and/or reported Sexual Assault, Sexual Misconduct, and/or an Interpersonal Conflict against the Driver before the Subject Incident, if Uber determined the Rider had Low Credibility, all Materials supporting that determination. | N/A |
| RPD | 27 | 27 | 27 | 27 | 27 | 27 | 27 | Driver History | All Information Uber has concerning cellular phones used by the Subject Driver (including but not limited to cell phone number(s), make and model of cell phone(s), and IP addresses used by the Subject Driver). | Uber has agreed to produce this but still has not done so. |
| RPD | 28 | 28 | 28 | 28 | 28 | 28 | 28 | Uber's Defenses: Plaintiff credibility | All photographs, surveillance, video recordings, and/or audio recordings of the Plaintiff. | Uber may have already produced everything it has (it is hard to know without an actual RPD response), but if not, then Plaintiffs would respectfully request evidentiary sanctions / issue sanctions excluding any later-produced documents |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| RPD | 29 | 29 | 29 | 29 | 29 | 29 | 29 | Uber's Defenses: Plaintiff credibility | All Information in Uber's possession related to the Plaintiff including, for All Accounts for the Plaintiff, any and all Information provided to Uber by Plaintiff. | Same as No. 28. |
| RPD | 30 | 30 | 30 | 30 | 30 | 30 | 30 | Uber's Defenses: Plaintiff credibility | Any and all Documents reflecting Background Checks and/or Criminal History for the Plaintiff, for All Accounts. | N/A |
| RPD | 31 | 31 | 31 | 31 | 31 | 31 | 31 | Uber's Defenses: Plaintiff credibility | Any and all Documents reflecting Investigations (including but not limited to all JIRA Tickets) for All Accounts for the Plaintiff. | Same as No. 28. |
| RPD | 32 | 32 | 32 | 32 | 32 | 32 | 32 | Communications with Plaintiff | All Communications between the Plaintiff and Uber, for All Accounts for Plaintiff. | Same as No. 28. |
| RPD | 33 | 33 | 33 | 33 | 33 | 33 | 33 | Communications with Plaintiff | A complete communications log for the Plaintiff, including the date, time, Trip ID, and contents for all Communications made within the Uber App or Driver App with Drivers or with Uber. | Same as No. 28. |
| RPD | 34 | 34 | 34 | 34 | 34 | 34 | 34 | Plaintiff Account History | The complete Account History for the Plaintiff, including for All Accounts. | N/A |
| RPD | 35 | 35 | 35 | 35 | 35 | 35 | 35 | Plaintiff Account History | A complete log of all Rides (including Request Time/Date, Begin Trip Time/Date, Drop Off Time/Date, Status, Rating, and Feedback) for every Ride where the Plaintiff was a Rider, for the whole time period when Plaintiff was Active. | N/A |
| RPD | 36 | 36 | 36 | 36 | 36 | 36 | 36 | Plaintiff Account History | All Documents reflecting any categories, descriptors, or account types that Uber assigned to the Plaintiff, and the dates for each. This includes but is not limited to the Plaintiff's membership in any rewards programs and paid memberships. | N/A |
| RPD | 37 | 37 | 37 | 37 | 37 | 37 | 37 | Uber's Defenses: Plaintiff credibility | All Documents reflecting Metrics Uber kept track of related to the Plaintiff, including but not limited to the Plaintiff's Cancellation Rate and Displayed Star Rating, including the timing of changes to those Metrics. | N/A |
| RPD | 38 | 38 | 38 | 38 | 38 | 38 | 38 | Uber's Defenses: Plaintiff credibility | Documents related to any Deactivation or Waitlisting of Plaintiff, including the reasons for any Deactivation or Waitlisting. | N/A |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|------|---------|------|-----|------|----------|---------|----------|-------|---------|--------------|
| RPD | 39 | 39 | 39 | 39 | 39 | 39 | 39 | Uber's Defenses: Plaintiff credibility | For All Accounts for the Plaintiff, All Safety Lens Documents (including the Safety Lens landing page and all associated Information, data, documents, and views linked together within Safety Lens). | N/A |
| RPD | 40 | 40 | 40 | 40 | 40 | 40 | 40 | Uber's Defenses: Plaintiff credibility | For All Accounts for the Plaintiff, all Ticket-Related Documents and/or Materials (including but not limited to Location Data and Voyager Data) for any Tickets that involved allegations of Sexual Assault and/or Sexual Misconduct. | Same as No. 28. |
| RPD | 41 | 41 | 41 | 41 | 41 | 41 | 41 | Uber's Defenses: Plaintiff credibility | If Uber determined the Plaintiff had Low Credibility (including but not limited to if Uber ever found a contradiction between a statement by the Plaintiff and any other Information, or if Uber ever determined Plaintiff communications reflecting "over escalation"), all Documents related to that determination. | Same as No. 28. |
| RPD | 42 | 42 | 42 | 42 | 42 | 42 | 42 | Uber's Defenses: Plaintiff credibility | All Documents (for All Accounts) related to any occasion(s) when the Plaintiff received a "Strike" from Uber. (This includes but is not limited to Communications related to the strike and Investigation Documents related to the Strike.) | N/A |
| RPD | 43 | 43 | 43 | 43 | 43 | 43 | 43 | Subject Incident | All Location Data and Voyager Data reflecting the Subject Driver's movements and/or proximity to the Rider from the time the Subject Driver accepted the Subject Ride until two hours after the Subject Ride. | N/A |
| RPD | 44 | 44 | 44 | 44 | 44 | 44 | 44 | Subject Incident | All Location Data and Voyager Data reflecting the Plaintiff's movements and/or proximity to the Driver from the time the Subject Rider requested the Subject Ride until two hours after the Subject Ride. | N/A |
| RPD | 45 | 45 | 45 | 45 | 45 | 45 | 45 | Subject Incident | All Information from Uber's Fractal program concerning the Subject Ride. | Need confimation there are no other responsive documents. |
| RPD | 46 | 46 | 46 | 46 | 46 | 46 | 46 | Subject Incident | The Chronicle Trip map animation that shows the movement of the Driver on the map from the time the Subject Ride was offered to the Driver through completion of the Ride or one hour after Ride completion if the latter data is available. | N/A |
| RPD | 47 | 47 | 47 | 47 | 47 | 47 | 47 | Subject Incident | All Location Data for the Plaintiff for the period from 12 hours prior to 12 hours after the Subject Ride (including but not limited to Location Data for any other Ride taken by the Plaintiff during that time period). | N/A |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| RPD | 48 | 48 | 48 | 48 | 48 | 48 | 48 | Subject Incident | All photographs, surveillance, video recordings, and/or audio recordings that captured any part of the Subject Incident or Subject Ride. | Same as No. 28. |
| RPD | 49 | 49 | 49 | 49 | 49 | 49 | 49 | Subject Incident | Documents reflecting the time, date, and contents of all User Interactions by the Subject Driver related to the Subject Ride. (This includes but is not limited to ride acceptance, trip started, trip ended, any in-app messaging, responses to Telematic Triggers, and any other inputs). | N/A |
| RPD | 50 | 50 | 50 | 50 | 50 | 50 | 50 | Subject Incident | Documents reflecting the time, date, and contents of all User Interactions by the Plaintiff related to the Subject Ride. (This includes but is not limited to ride request, pickup location input, drop-off location input, trip cancellation, interactions with the Offer Card, use of any Safety Toolkit features | N/A |
| RPD | 51 | 51 | 51 | 51 | 51 | 51 | 51 | Subject Incident | All Communications (in any form whatsoever, including audio recordings, and made at any time) related to the Subject Ride, including but not limited to Communications with the Rider, Communications with third parties, third party witness statements, Communications with the Driver, Communications with Law Enforcement, Ride Receipts, Communications regarding refunds, and Communications regarding appeasements, excluding attorney-client privileged Communications). | Need confimation there are no other responsive documents. |
| RPD | 52 | 52 | 52 | 52 | 52 | 52 | 52 | Subject Incident | All Documents provided to Law Enforcement that relate to the Subject Incident. | For clarity, need responsive documents identified by Bates. |
| RPD | 53 | 53 | 53 | 53 | 53 | 53 | 53 | Subject Incident | All Materials reflecting Uber's Investigation of the Subject Incident, including the complete, up-to-date Ticket and Ticket-Related Documents. (Ticket Related Documents includes but is not limited to the Documents accessible via the hyperlinks shown in Appendix A.) | N/A |
| RPD | 54 | 54 | 54 | 54 | 54 | 54 | N/A | Subject Incident; subject driver fraud | The Offer Card for the Subject Driver as it appeared on the day of the Incident. | Nothing has been produced. Uber claims it did not know what Plaintiff meant by "offer card" even though that term is clearly defined in the RPD definitions. |

| Type | Uni No. | Dean | B.L | A.R. | LCHB 128 | WHB 407 | WHB 1876 | Topic | Request | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| RPD | 55 | 55 | 55 | 55 | 55 | 55 | 54 | Offer Cards | All Documents reflecting any occasions when the Plaintiff cancelled a Ride after being matched with a Driver (including but not limited to the dates and times of any such cancellations, the reason(s) given if any for the Cancellations, and the Offer Card(s) for the Driver(s) for those Rides. | N/A |
| RPD | 56 | 56 | 56 | 56 | N/A | N/A | 55 | Designated Driver Marketing | All Drinking-Related Communications from Uber to Plaintiff whether by text, email, or Communications within the Uber App. | While there are some communications in Uber's communications log spreadsheet, they are written as lengthy strings of code, with the user-facing English hidden inside the code. They do not look anything like their original format, where they likely were part of an ad campaign and were displayed with graphics and photos. If Uber has responsive communications in a usable format, it should produce them. |
| RPD | 57 | 57 | 57 | 57 | N/A | N/A | 56 | Designated Driver Marketing | All Documents reflecting Drinking-Related Advertisements and/or Marketing by Uber or its Contractor(s), which are identified by Uber in response to Plaintiff's Special Interrogatories as having run in _____ (location) from _____ to _____ (time period). | Same as No. 56. |
| RPD | N/A | N/A | N/A | 58 | N/A | N/A | 57 | Special investigation | All Materials and Communications that relate to Uber's efforts to investigate the statements made in the Bliss Ticket [BATES 54771] on June 18, 2023 from "Ming." | Not addressed in this brief. |