# EXHIBIT S

# FILED UNDER SEAL



**Sent from:** New York Office

May 1, 2025

*Via ECF*
Magistrate Judge Lisa J. Cisneros
Northern District of California

> Re: *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*
>     Case No. 3:23-md-03084-CRB

Dear Judge Cisneros:

Pursuant to the Court's April 24, 2025 Order (ECF No. 2855), the Parties respectfully submit this joint letter regarding the Parties' dispute regarding Defendants' production of safety report incident data.

## I.    Plaintiffs' Position

As the Court is well aware, for nearly a year, Plaintiffs have been seeking production of documents and data related to Defendants' categorization of safety incidents, requiring the Court to issue at least 8 orders on this matter (ECF Nos. 683, 706, 1068, 1996, 2016, 2067, 2647, 2855). Yet Uber still has not fully complied with the Court's Orders.

As the Court has recognized, Plaintiffs' discovery into Uber's sexual violence safety incident data is not restricted to just the data that Uber audited in conjunction with its U.S. Safety Reports. 4/24/25 H'rg Tr. at 17:13-21 (Plaintiffs are entitled to serve interrogatories to ask … additional questions that are relevant to the case, and those questions may be about data … or analysis that Uber is relying on or uses apart from what's in the safety report or what's in the data that was provided in the safety report."). After months of receiving partial, incomplete productions of safety data containing numerous errors and omissions, Plaintiffs served interrogatories on this issue in February 2025. As relevant here, Plaintiffs requested:

> "For each month in the year[s] [2017 through 2022], specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."[1]

Previously Uber agreed to respond to the interrogatory and to produce a 30(b)(6) witness on the topic on April 25. ECF 2713. Uber's response to the interrogatory is insufficient. Although

---

[1] To be clear, numerous additional disputes remain regarding Uber's production of the safety data, including responses to other interrogatories as well as disputes about the April 25 corporate witness deposition held pursuant to the Court's March 24 Order (ECF No. 2647), during which the witness was not prepared to answer the majority of questions regarding the safety data produced by Uber to BDO and by BDO to Plaintiffs—the primary topic that the Court ordered this deposition to address—notably having had her first and only conversation with BDO about the data just 30 minutes before the deposition began. Plaintiffs anticipate seeking the Court's guidance shortly to address these additional issues and ask that if the Court see fit, that the Court set a deadline for the parties to file a PTO 8 letter on these remaining matters.

Uber produced a chart with numbers for each of the 23 categories for each month in each respective year, *every entry* in that chart – 1,656 numbers in total—is followed by an asterisk indicating that "… this data point is not equivalent to the number of incidents, does not and cannot accurately reflect the volume of incidents by category…". Indeed, Uber's response(s) note(s) that any given entry may include incidents that were counted in as many as four other data points and there is no way for Plaintiffs to deduplicate these numbers. Further, these numbers are not signed or certified by anyone from Uber or Uber's counsel. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

The 30(b)(6) deposition was insufficient too. Over two days of deposition testimony by the JCCP and MDL Plaintiffs, Uber's 30(b)(6) witness was not the person who actually prepared the safety data as produced to BDO and subsequently Plaintiffs, had done nothing (until a 20 minute zoom that delayed the start of her second day of testimony) to verify that the data produced to Plaintiffs through BDO was without errors after compilation by BDO, and refused to answer affirmatively that Uber's "serious sexual assault data is reliable and accurate." McDonald additionally testified that, in addition to Bliss and JIRA, Uber uses a system called Flack to logically "combine multiple tickets on the same trip UUID to a single event." This system, purportedly used to limit access within Uber to data related to sexual violence, also has additional fields upon which Uber relies to determine whether violence was, for example, committed on a rider or driver. At no point prior to the depositions had Uber discussed this system, nor was it mentioned in any of McDonald's verifications despite her testimony that the 11 tables produced to plaintiffs were pulled from Flack.

Plaintiffs appreciate that if Uber establishes that it cannot deduplicate its own data (even though the evidence suggests otherwise), the Court cannot order Uber to do so. Therefore, Plaintiffs ask that the Court order the following:

1.  If Uber's experts rely on any safety incident numbers or counts that are different than those provided to Plaintiffs on April 18, 2025 and April 23, 2025, Uber must disclose that information on or before May 9, 2025, certify it under FRCP 33, and produce a corporate witness to testify about Uber's methodology for collecting that information in a deposition that does not count against Plaintiffs' "soft" cap of 45 depositions.

2.  Uber's experts will rely only on the same safety incident data that has been produced to Plaintiffs through BDO.

3.  Uber's experts will be required to work within the same BDO system to receive, review, and analyze data that Plaintiffs and their experts have been required to work within.

4.  Uber must certify the information provided on April 28, 2025 and April 23, 2025 under FRCP 33.

Plaintiffs also respectfully submit that, given the pattern of improperly withholding discovery related to safety data, now is the appropriate time to consider sanctions under Fed. R. Civ. P. 37(a)(5).

**II.    <u>Uber's Position</u>**

Sincerely,

2

cc:      All counsel of record via ECF