LAURA VARTAIN HORN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
alli.brown@kirkland.com
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF CORY FREIVOGEL** |
| This Document Relates to: | Judge: Hon. Charles R. Breyer |
| ALL ACTIONS | Courtroom: 6-17th Floor |

DECLARATION OF CORY FREIVOGEL ISO OF DEFENDANTS' OMNIBUS MOTION TO SEAL

Case No. 3:23-MD-3084-CRB

**DECLARATION OF CORY FREIVOGEL**

I, Cory Freivogel, having personal knowledge of the following state:

1.     My name is Cory Freivogel.  I am the Director, Head of Safety for the United States and Canada ("US & C") at Uber Technologies, Inc. ("Uber").  I have worked at Uber for approximately 11 years and my prior roles include Head of Platform Safety Operations for U.S. and Canada (2022-2024), Safety Operations Lead for Platform Safety for U.S. and Canada (2021-2022), Safety Operations Lead for Uber Eats for U.S. and Canada (2020-2021), Program Manager for Safety Support (2017-2020) and Community Operations Manager (2015-2017). Since 2024, I have served in my current role, where I am responsible for developing and implementing standards and proactive initiatives for on-trip safety.

2.     I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Omnibus Motion to Seal.  The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

3.     Pursuant to the above, I have become familiar with certain technology Uber uses to ensure the safety of its drivers and riders, including but not limited to Dashcams.  In Uber's case, a Dashcam is a video camera mounted to a dashboard or windscreen of a vehicle that is used to continuously view and record the happenings *inside* the vehicle. Uber permits drivers to install and register Dashcams for their vehicles.  I am also familiar with audio recording technology that Uber has enabled via its app for riders to use if they feel unsafe.

4.     Although Uber's use of these technologies (generally speaking) is considered public (see Uber.com, Using Dashcam, Audio Recording), Uber does not disclose and has not disclosed specifics, including those that relate to the technology used, configuration details, testing,

2

DECLARATION OF CORY FREIVOGEL ISO OF DEFENDANTS' OMINUBUS MOTION TO SEAL
Case No. 3:23-MD-3084-CRB

improvements, or Uber's policies or procedures in connection with the implementation or use of Uber technology or third-party technology.

5.      Uber considers information about these topics to be confidential and proprietary to Uber and takes multiple steps to ensure that information related to these topics remains private to Uber and confidential, including by making such information available only to those internal Uber employees who need to know about, work from, analyze or prepare the confidential information. It is not generally available to any and all employees within Uber and is restricted based on document access procedures. Further, communication about these topics is limited to senior leaders and executives with training on the handling of sensitive and confidential information; and disclosure about technology use and deployment is limited to discreet topics that promote Uber's safety goals while protecting its proprietary interests.

6.      Public disclosure of documents revealing Uber's use and implementation of these technologies would harm Uber's competitive advantage because Uber's competitors could leverage the benefit of Uber's expertise and internal decision making to gain an unfair advantage in the marketplace. In addition, it could serve to undermine Uber's safety goals by providing details to actors who look to bypass Uber's safety protocols.

7.      It is important to note that this technology is continually changing, as is Uber's use of such technology.  Uber's continual and ongoing testing and evaluation of technology and decisions around future use is informed by various factors that are also considered highly confidential, such as Uber's entire safety history (which underpins the business "requirements" or specific needs for the technology).

8.      I have reviewed the 18 documents Uber is seeking to seal that fall into the category of Safety Documents (and specifically, Dashcams and Audio Recordings).  All of these documents represent ones that I believe to be confidential and include the type of information that is considered

DECLARATION OF CORY FREIVOGEL ISO OF DEFENDANTS' OMINUBUS MOTION TO SEAL
Case No. 3:23-MD-3084-CRB

propriety and, if released, would cause unique harm, either to Uber in terms of impact to its competitive advance, or harm in terms of undermining public safety.

9.    ECF    Document    2518    (Exh.    16) [https://drive.google.com/file/d/1A_8rAHTZXVBEEhTklqk_vf8_c9LJRuAO/view?usp=drive_link] is an email in which internal employees discuss what would happen under various scenarios if Uber needed to collect dashcams from drivers in connection with a safety incident – for example, if Uber permitted drivers to install their own "BYOD" or "Bring Your Own Device" camera, or if it was a camera Uber installed using various technologies.  One Uber employee responds with specific commentary about the limitations of each option, informed by the relevant technology and implementation details.  If a potential "bad actor" had access to this information, he or she would immediately know precisely which option would best allow him or her to bypass not just Uber's ability to monitor and collect that data, but any rideshare company's ability to do so.   This would harm public safety.

10.    ECF    Document    2518    (Exh.    89) [https://drive.google.com/file/d/1w1vkhBNWlU07qUwaUXnX86jKNNlAQknP/view?usp=drive_link] is an internal presentation (PowerPoint document) titled "Safety – Rides and Platforms Check Ins" from 2018 that was designed to update recipients and/or meeting participants (all internal Uber staff) on the status of Uber's internal efforts to meet safety initiatives, including use of Dashcams and Audio Technology (among other safety topics). The presentation references testing that Uber performed, market research, Uber-specific key performance metrics, and other insights that – if revealed – could be used unfairly by a competitor. The information from 2018 continues to be relevant to Uber given safety's prominence. Uber has been able to continue to lead the market on innovative safety measures (including those involving technology like dashcams and audio recordings) because of its extensive history exploring options and alternatives.

DECLARATION OF CORY FREIVOGEL ISO OF DEFENDANTS' OMINUBUS MOTION TO SEAL
Case No. 3:23-MD-3084-CRB

Docusign Envelope ID: 8CB8D046-1FED-8ED1-835A-68694131CEF9

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____July 15, 2026____.          By: ___*Cory Freivogel*___

DECLARATION OF CORY FREIVOGEL ISO OF DEFENDANTS' OMINUBUS MOTION TO SEAL

Case No. 3:23-MD-3084-CRB