LAURA VARTAIN HORN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
alli.brown@kirkland.com
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF ERIN O'KEEFE IN SUPPORT OF DEFENDANTS' OMNIBUS MOTION TO SEAL** |
| This Document Relates to: ALL ACTIONS | Judge: Hon. Charles R. Breyer Courtroom: 6-17th Floor |

**DECLARATION OF ERIN O'KEEFE**

I, Erin O'Keefe, having personal knowledge of the following state:

1.      I am Senior Manager, Corporate Business Operations at Uber. I work on the City Operations Team, which is responsible for Uber's rides business in different markets throughout the United States. As such, I have knowledge of Uber's operations including its affairs and communications with state and local governments. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Omnibus Motion to Seal. The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. Disclosure of confidential documents containing internal communications of Uber employees concerning strategy for potential legislation regarding driver screening requirements and regulation of rideshare networks would harm Uber by providing competitors insights into Uber's internal operations and strategies and allowing them to use that information to compete against Uber.

3. Disclosure of these internal communications without the benefit of the full context of the discussion could also be used to unfairly harm Uber's reputation regardless of when the document was created.

4. Additionally, disclosure will make Uber employees less likely and less willing to freely share thoughts and information in intracompany communications concerning lobbying and/or regulatory matters for fear that their communications will become public.

5. Uber's ability to promote its beliefs in furtherance of its business interests and to do so without fear of competition leveraging this information is key to Uber's participation in the legislative process.

DECLARATION OF ERIN O'KEEFE ISO OF DEFENDANTS' OMINUBUS MOTION TO SEAL
Case No. 3:23-MD-3084-CRB

Docusign Envelope ID: 370BEB3F-49F0-8CBA-8054-7B68CA52D42A

6. I have reviewed the documents in Defendants' Omnibus Motion to Seal that fall under the category of "Lobbying and Regulatory Communications." I address two of those documents below as examples of the matters I described in paragraphs 1-5 of this declaration.

7. ECF 1135, Exhibit 38 is an example of a confidential document that contains internal strategy concerning potential legislation. It is a February 2015 email chain in which Uber employees candidly discuss strategy related to proposed legislation in several states regarding independent driver background checks. Disclosure of this internal communication without the benefit of the full context of the discussion could be used to unfairly harm Uber's reputation concerning its safety measures and involvement in the legislative process. Public disclosure would also harm Uber by creating a chilling effect on free and candid discussions about internal lobbying and/or regulatory strategies.

8. ECF 2518, Ex. 165 is a May 2020 confidential email chain in which Uber employees discuss strategy concerning potential legislation in several states concerning driver status. The email conveys sensitive negotiation strategy, assessment of risks, economic analysis, and the effect of potential legislation on insurance reserves. Disclosure of this confidential document would hand counterparties in this legislative effort and Uber's competitors specific information about Uber's negotiating strategy and economic modeling. Moreover, disclosure of this document could be used to unfairly harm Uber's reputation today. Although this document is from 2020, driver status remains an active, ongoing issue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___July 15, 2026___ .        By: ___*Erin O'keefe*___

3

DECLARATION OF ERIN O'KEEFE ISO OF DEFENDANTS' OMINUBUS MOTION TO SEAL

Case No. 3:23-MD-3084-CRB