# Exhibit 2

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted Pro Hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave
Detroit, MI 48202
Telephone: (313) 572-4727
Facsimile: (415) 840-9435
Email: tellis@peifferwolf.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*A.R. v. Uber Technologies, Inc., et al.*, 3:24-cv-07821 | **MDL No. 3084 CRB**<br><br>**PLAINTIFF A.R.'S REPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES** |

PROPOUNDING PARTIES:          **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

RESPONDING PARTY:          **PLAINTIFF A.R.**

If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or recall more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 4**:

For each INJURY identified in response to Interrogatory No. 3, identify every symptom, condition, OR manifestation that YOU believe YOU have experienced as a result of that INJURY AND when YOU first experienced each symptom, condition, OR manifestation, INCLUDING whether YOU ever experienced that symptom, condition, OR manifestation before the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 4**:

Plaintiff objects to Interrogatory No. 4 to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff further objects to the extent that this Request seeks, prematurely, expert materials and/or opinions, as doing so impermissibly intrudes upon her counsel's work product.

Plaintiff further objects that case specific discovery has just begun, and as such this request may be premature.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

The Alleged Incident has caused Plaintiff to experience the following symptoms:

- ███████████████████████████████████ in the immediate aftermath of the Alleged Incident;
- ███████████████████████ the date of the Alleged Incident to this day;
- ███████████████████████████ since the date of the Alleged Incident and to this day;
- ███████████████████████ since the date of the Alleged Incident and to this day;
- ████████████████████████████████ experienced since the date of the Alleged Incident and to this day;
- ████████████████████████████████████████

experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████████████████████████

████████████████████████ experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████████████████████████

████████████ experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████████████ experienced for months following the Alleged Incident;

- ████████████████████████ experienced for months following the Alleged Incident;

- ████████████████████████████ experienced for months following the Alleged Incident;

- ████████████████████████████████████████████████████████████

████████████████████████ experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████████████████████████

████████████████████████████████ experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████ since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████████████ for weeks following the date of the Alleged Incident; and

- ████████████████████████████████████████████████████████████

████████████ since the date of the Alleged Incident and to this day.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or recall more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 5**:

If ANY MEDICAL PRACTITIONER has advised YOU that YOU may require future OR additional treatment for ANY INJURIES that YOU attribute to the ALLEGED INCIDENT, state, for each

9

Plaintiff has ever received in her lifetime, unrestricted by type or limited to a temporal period even remotely connected to the ALLEGED INCIDENT.

Thus, to the extent this Request seeks medical information regarding matters not directly relevant or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy. *Soto v. City of Concord,* 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe*, 429 U.S. 589-600 (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is relevant to the lawsuit. *See, e.g.,Enwere v. Terman Assocs., L.P.,* No. C 07-1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing *Doe v. City of Chula Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these privacy interests, disclosure of highly confidential and sensitive medical information should only be compelled where the documents concern those specific conditions the litigant has put directly at issue.

Plaintiff objects to the extent that it seeks the disclosure of information that would be protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

Furthermore, Plaintiff objects that this Interrogatory seeks identical information to that which has been disclosed in Plaintiff's FACT SHEET, and thus is cumulative and duplicative.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff directs Defendants to Plaintiff's responses to the PLAINTIFF FACT SHEET, which contains and discloses the requested information.

If Defendants believe further information is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 7**:

Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life, INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 7**:

Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

The Alleged Incident has affected Plaintiff in the following ways:

- ███████████████████████████████████ in the immediate aftermath of the Alleged Incident;

- █████████████████████████████ since the date of the Alleged Incident to this day;

- ███████████████████████████████ since the date of the Alleged Incident and to this day;

- ████████████████████████████ since the date of the Alleged Incident and to this day;

- ██████████████████████████████████████ experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████ experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████ ████████████████ experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████ ████████████ experienced since the date of the Alleged Incident and to this day;

- ███████████████████████████ experienced for months following the Alleged Incident;

- ████████████████████ experienced for months following the Alleged Incident;

- ██████████████████████████ experienced for months following the Alleged Incident;

- ████████████████████████████████████████ ████████████████████████ experienced since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████ ████████████████████████████ experienced since the date

of the Alleged Incident and to this day;

- ███████████████████████████████████ since the date of the Alleged Incident and to this day;

- ████████████████████████████████████████████████ for weeks following the date of the Alleged Incident;

- █████████████████████████████████████████████████████████ ███████████ since the date of the Alleged Incident and to this day; and

- █████████████████████████████████████████████████████████ ██████████████████████████████████████ experienced since the date of the Alleged Incident and to this day.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 8**:

Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as a result of the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 8**:

To the extent that this Interrogatory seeks information regarding Plaintiff's future expected out of pocket costs and damages, Plaintiff objects that the request impermissibly intrudes on Plaintiff's counsel's attorney work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose expert discovery at the time specified by the Court.

Plaintiff also objects to Interrogatory No. 8 more broadly, to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

In lieu of responding regarding any written documents in her custody, possession, or control,