ROBERT ATKINS (Admitted *Pro Hac Vice*)
   ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
   jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
   mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL MATTERS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DECLARATION OF DARA KHOSROWSHAHI IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

-2-

KYLE SMITH (Admitted *Pro Hac Vice*)
    ksmith@paulweiss.com
JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DECLARATION OF DARA KHOSROWSHAHI IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER          Case No. 3:23-md-03084-CRB

## DECLARATION OF DARA KHOSROWSHAHI

I, Dara Khosrowshahi, declare pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age, of sound mind, and competent to make the statements in this declaration. This declaration and information are provided pursuant to and under the provisions of the protective order previously entered in this matter.

2. I submit this declaration in support of Defendants' Motion for Protective Order, filed on February 28, 2025.

3. I am the ███████████████████ for Defendant Uber Technologies, Inc. ("Uber"). I have held this role since August 2017.

4. Uber is a global technology company that develops and maintains digital platforms, accessible via smartphone applications, which facilitate connections between individuals offering various independent services to consumers or businesses seeking those services across three operating segments: Mobility, Delivery, and Freight. Uber has approximately 31,100 employees and operates in over 70 countries and more than 15,000 cities around the world. Uber's apps are used by tens of millions of independent drivers, riders, consumers, merchants, shippers, and carriers.

5. As ████ of Uber, I am responsible for leading the vision and strategy for the entire business, setting company-wide goals, and overseeing the work of the members of Uber's ████████████████████ the highest level of management at Uber—who report directly to me.

6. As ████, I rely on the ████ and their teams to execute and implement the company's initiatives. I am not directly involved in creating and implementing every policy and every way in which Uber will meet its goals. Those responsibilities are delegated to individuals who work within the company and my knowledge of their work is based largely on information that is reported to me.

7. I understand that this case involves Uber's Mobility operating segment, and centers on alleged instances of sexual misconduct perpetrated by drivers using the Uber platform against

-3-

Plaintiffs and Plaintiffs' allegation that Uber failed to implement policies that adequately address risks of harm to riders.

8.      Given my position in the company, I do not possess unique personal knowledge concerning the issues presented by Plaintiffs' lawsuits.  For example, I am not involved with driver background checks.  I am not responsible for responding to or investigating incidents of any nature, including Plaintiffs' alleged incidents of sexual misconduct.  I do not make decisions regarding rider or driver account deactivations.

9.      As ████, I am not directly or uniquely involved in the development, implementation, or execution of the safety policies or practices, technologies, or other measures that are the focus of Plaintiffs' lawsuits.  To the extent I have knowledge of those matters, it is information that would have been reported to me by other employees or others directly responsible for those matters.

10.      For example, I understand that Plaintiffs plan to depose ██████████ ██████████████████████ has worked at Uber since 2013 and joined the company's ████ in 2021.  ██████████ leads the ████████████ that has primary oversight over safety and customer support, among other things.  Plaintiffs will also depose ████████ ████████████████████████████████ ████████  I do not believe that I have unique knowledge concerning Uber's safety policies and measures that is not possessed by others including ██████████, who has been Uber's senior ████████████████████ during my tenure at Uber, or ████████.

11.      In addition, I understand that Plaintiffs have deposed, or plan to depose, numerous current and former employees who are or were directly responsible for the subject matters involved in this action, including, among others: ████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████

-4-

12. To the extent Plaintiffs want to learn more about Uber's public communications as they relate to safety, including statements attributed to me as ███, I understand that Plaintiffs plan to depose several employees responsible for communications. For example, Plaintiffs plan to depose ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

13. My potential knowledge of any facts relevant to this case is not unique when compared to the knowledge of the foregoing individuals or any other Uber employees involved in the day-to-day operations of Uber. Simply put, I am not aware of facts or information that cannot be obtained from those individuals, who were either responsible or involved with the relevant topics in this case. I do not believe I possess facts that cannot be obtained from all these other witnesses.

14. As ███ of a public company, I oversee all operations on an international scale with numerous time-sensitive obligations. In addition to my role as Uber's ███ and a member of its ███████████, I also serve in senior positions at other institutions, including as: ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████

15. Having to prepare for and attend the deposition would impose a significant burden on both me and Uber given my obligations to Uber and the other institutions I serve. Based on my knowledge of Uber's operations and the responsibilities of the officers and employees, Plaintiffs can obtain all the relevant information from the company from others who have more specific oversight, responsibility, and knowledge of the issues presented and alleged in this case without diverting my attention from my responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____February 24, 2025_____, in _____New York_____.

*Dara Khosrowshahi*

_____
Dara Khosrowshahi

-5-

DECLARATION OF DARA KHOSROWSHAHI IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB