ROBERT ATKINS (Admitted *Pro Hac Vice*)
   ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
   jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
   mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL MATTERS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DECLARATION OF JILL HAZELBAKER IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

-2-

KYLE SMITH (Admitted *Pro Hac Vice*)
  ksmith@paulweiss.com
JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

## DECLARATION OF JILL HAZELBAKER

I, Jill Hazelbaker, declare pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age, of sound mind, and competent to make the statements in this declaration. This declaration and information are provided pursuant to and under the provisions of the protective order previously entered in this matter.

2. I submit this declaration in support of Defendants' Motion for Protective Order, filed on February 28, 2025.

3. I have been employed by Defendant Uber Technologies, Inc. ("Uber") since November 2015. I am currently the ███████████████████████████ ██████████████████████████████ for Uber and a member of ████████ ██████████████████—the highest level of management at Uber and equivalent to Uber's "█ ██" I report directly to Uber's Chief Executive Officer.

4. I have held the following titles since November 2015: ████████████ ██████████ (November 2015 to April 2017); ████████████████████ ████████████ (April 2017 to July 2019); ████████████████████████ (July 2019 to June 2024); and ████████████████████████ ██████████████ (June 2024 to present).

5. My job responsibilities include supervising the global teams responsible for the company's marketing, communications, and public policy efforts. These teams include the economics and policy research team, the business-to-business marketing team, the corporate communications team, and the internal communications team, among many others. The teams I manage collectively comprise over 900 people globally.

6. I understand that this case involves Uber's Mobility operating segment, and centers on alleged instances of sexual misconduct perpetrated by drivers using the Uber platform against Plaintiffs and Plaintiffs' allegation that Uber failed to implement policies that adequately address risks of harm to riders.

7. Given my position in the company, I do not possess unique personal knowledge concerning the issues presented by Plaintiffs' lawsuits. For example, I am not involved with driver

-3-

background checks.  I am not responsible for responding to or investigating incidents of any nature between drivers and riders, including Plaintiffs' alleged incidents of sexual misconduct.  I do not make decisions regarding rider or driver account deactivations.  I am also not responsible for the development, implementation, or execution of the safety measures and practices that are the focus of Plaintiffs' lawsuits.  Any knowledge I may have of those matters would be information that would have been reported to me by other executives or others directly responsible for those matters.

8.      To the extent Plaintiffs seek my deposition because they would like to learn more about Uber's communications or marketing efforts relating to safety, I understand that Plaintiffs plan to depose multiple Uber employees, both current and former, who were directly responsible for those matters and/or reported to me.

9.      For example, Plaintiffs plan to depose ███████████████████ ██████████████████ was previously ███████████████████████ . In that position, █████████ was directly involved in the communications strategy for █████████ ████████ and had responsibility for Uber's public communications concerning safety.

10.      I understand Plaintiffs will depose ████████████████████ ████████████████████████ ████████ has worked in ███ ████████ since 2016 and is the ██████████████████████ ████ was employed by Uber from 2016 to 2020 and served in █████████████ roles and as the ███ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████ do not believe that I have knowledge regarding Uber's safety communications that is unique to me or cannot be obtained from ██████████████████ ████████████████ who all held direct responsibility for safety communications.

11.      Likewise I understand that Plaintiffs have deposed, or will depose, multiple individuals with direct responsibilities for Uber's marketing efforts, including those relating to safety.  These individuals include ████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████ , who has held

-4-

████████████ roles at Uber. I do not believe that I have knowledge regarding Uber's safety-related marketing that is unique to me or cannot be obtained from those individuals.

12. As an ████████████ my global responsibilities occupy a substantial amount of my time and require significant attention. Time spent preparing for and attending a deposition would impose a significant burden on both me and Uber given my obligations to the company. Plaintiffs can obtain all the relevant information from the company from others who have more focused oversight, responsibility, and knowledge of the issues presented and alleged in this case without diverting my attention from my responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____February 21, 2025_____, in Washington, D.C.

_Jill Hazelbaker_

_____
Jill Hazelbaker

-5-

DECLARATION OF JILL HAZELBAKER IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                Case No. 3:23-md-03084-CRB