Docusign Envelope ID: BB11190B-E143-4159-A44D-B8C2B6DBB740

ROBERT ATKINS (Admitted *Pro Hac Vice*)
   ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
   jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
   mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | CASE NO. 3:23-MD-03084-CRB (LJC) |
| This Document Relates to: | **DECLARATION OF RACHEL WHETSTONE IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| *All Matters* | Judge:        Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

DECLARATION OF RACHEL WHETSTONE IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

-2-

KYLE SMITH (Admitted *Pro Hac Vice*)
    ksmith@paulweiss.com
JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

-2-

DECLARATION OF RACHEL WHETSTONE IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER          Case No. 3:23-md-03084-CRB

## DECLARATION OF RACHEL WHETSTONE

I, Rachel Whetstone, declare pursuant to 28 U.S.C. § 1746:

1.      I am over 18 years of age, of sound mind, and competent to make the statements in this declaration.  This declaration and information are provided pursuant to and under the provisions of the protective order previously entered in this matter.

2.      I respectfully submit this declaration in support of Defendant's Motion for Protective Order, filed on February 28, 2025.

3.      I was employed by Defendant Uber Technologies, Inc. ("Uber") as ███████████ ███████████████████████████████ from June 2015 until April 2017.  In that role, I supervised the global teams responsible for the company's communications and public policy efforts and its communications strategy across Uber's operations worldwide.  The day-to-day work I was ultimately responsible for was performed by my direct and indirect reports.

4.      As the ████████████████████████████████████████, I reported directly to Uber's ████████████████████████████.  A substantial portion of my responsibilities included interfacing with Uber's senior leadership and advising ████████.

5.      I understand that this case involves Uber's Mobility operating segment, and centers on alleged instances of sexual misconduct perpetrated by drivers using the Uber platform against Plaintiffs and Plaintiffs' allegation that Uber failed to implement policies that adequately address risks of harm to riders.

6.      Given my former position in the company, I do not possess unique personal knowledge concerning the issues presented by Plaintiffs' lawsuits.   I was not involved with driver background checks.  I was not responsible for responding to or investigating incidents of any nature between drivers and riders, including Plaintiffs' alleged incidents of sexual misconduct.  I did not make decisions regarding rider or driver account deactivations.  I was also not responsible for the development, implementation, or execution of the safety measures and practices that are the focus of Plaintiffs' lawsuits.  Any knowledge I may have of those matters would be information that would have been reported to me by others directly responsible for those matters.

-3-
DECLARATION OF RACHEL WHETSTONE IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                Case No. 3:23-md-03084-CRB

7. As a former employee, I have not been involved in Uber's communications or policy work in over seven years. To the extent that I have knowledge of these matters, it would only relate to my tenure of less than two years at Uber.

8. To the extent Plaintiffs seek my deposition because they would like to learn more about Uber's communications or marketing efforts relating to safety, I understand that Plaintiffs plan to depose multiple Uber employees who were directly responsible for those matters and reported to me.

9. For example, I understand that Plaintiffs deposed ███████████████████ ████████████████████████████████████. Ms. Hourdajian had primary responsibility for Uber's communications efforts in the United States, was one of my reports, and worked closely with me on communications issues.

10. I also understand that Plaintiffs plan to depose ████████ and ████ ████████ Each of those individuals was a ████████████████████ during my tenure and held direct responsibility for communications relating to safety. Any information concerning Uber's communications efforts that I had would have come from these members of the team.

11. I also understand that Plaintiffs have deposed or plan to depose multiple Uber employees who are knowledgeable or directly responsible for issues relating to Uber's communications related to safety, including: ████████████████████████ ████████.

12. My potential knowledge of any facts relevant to this case is not unique when compared to the knowledge of those individuals. Simply put, I am not aware of facts or information that cannot be obtained from those individuals, who know much more than I do about the relevant topics.

13. I am currently the ████████████████████████ is a start-up and I have only just started my ████████████████ there, which requires significant time and effort. Time spent preparing for and attending a deposition would impose a significant burden on both me and my employer given my obligations to the company. Plaintiffs can obtain all the relevant information from the company from others who have more specific oversight,

-4-

-5-

responsibility, and knowledge of the issues presented and alleged in this case without diverting my attention from my responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____2/28/2025 | 6:13 PM PST_____ in _____.

DocuSigned by:

*Rachel Whetstone*

95A566C19AA74F6...

Rachel Whetstone

DECLARATION OF RACHEL WHETSTONE IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB