ROBERT ATKINS (Admitted *Pro Hac Vice*)
   ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
   jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
   mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL MATTERS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DECLARATION OF FRANK CHANG IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

-2-

KYLE SMITH (Admitted *Pro Hac Vice*)
    ksmith@paulweiss.com
JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DECLARATION OF FRANK CHANG IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER          Case No. 3:23-md-03084-CRB

## DECLARATION OF FRANK CHANG

I, Frank Chang, declare pursuant to 28 U.S.C. § 1746:

1.      I am over 18 years of age, of sound mind, and competent to make the statements in this declaration. This declaration and information are provided pursuant to and under the provisions of the protective order previously entered in this matter.

2.      I submit this declaration in support of Defendants' Motion for Protective Order, filed on February 28, 2025.

3.      I am the ███████████████████████ or Uber Technologies, Inc. ("Uber").  I have held this role since March 2022.  My job responsibilities include supervising global teams that develop the technology and science supporting the ███████████████, which includes Safety, Actuarial, Insurance, Payments Integrations, Payments Processing, Financial Risk, Financial Technology, Global Scaled Solutions, Fraud, Customer Identity, Customer Support Tooling, and Customer Support Channels.  I currently manage a team of 261 employees located across 6 countries.

4.      The safety- and risk-related work that my teams manage expands far beyond the issues relevant to this litigation.  For example, my teams' safety-related work has touched on issues related to COVID-19, crash detection, self-driving cars, and cyber risk, as well as issues that are relevant only to foreign jurisdictions (*e.g.*, cash payments).

5.      I joined Uber in March 2014.  Between March 2014 and March 2022, I held various positions with Uber including: ██████████████████████████████████████████ ██████████████████████████████████████████.

6.      My job responsibilities throughout my tenure at Uber have been varied and have been global in scale.  For example, as ███████████████████████, I supervised a team of people focused on developing technology and science supporting Insurance and Safety, encompassing Applied Science, Data Science, Business Intelligence, Actuarial Pricing, and Actuarial Reserving.  The ███████████ I oversaw were responsible for financial forecasting of reserves and insurance costs for all of Uber's business units, globally.  In addition, I spent a substantial amount of time in 2018 focusing on building a technology center in Brazil with our

-3-

DECLARATION OF FRANK CHANG IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

████████████████████████████ teams.  The ████████████████ teams I oversee sit across a dozen global sites, and I spend almost 50% of my time traveling to visit these teams and establish the Data and Applied Science practices at core global sites.

7.    As ████████████████████, I report directly to ████████████████ ████████████████████████ and a member of the ████████████████████████ A substantial portion of my responsibilities includes interfacing with ████████ and the ███, including Uber's ████████████████.  I participate in meetings with ███ members at least twice a month.

8.    I understand that this case involves Uber's Mobility operating segment, and centers on alleged instances of sexual misconduct perpetrated by drivers using the Uber platform against Plaintiffs and Plaintiffs' allegation that Uber failed to implement policies that adequately address risks of harm to riders.

9.    Given my position in the company, I do not possess unique personal knowledge concerning the issues presented by Plaintiffs' lawsuits.  I am not involved with driver background checks.  I am not responsible for responding to or investigating incidents of any nature between drivers and riders, and I am not involved with specific incidents, investigations, or complaints, including Plaintiffs' alleged incidents of sexual misconduct.  I do not make decisions regarding rider or driver account deactivations.  I am also not uniquely involved in the development, implementation, or execution of the safety measures and practices that are the focus of Plaintiffs' lawsuits.  Any knowledge I may have of those matters would be information that would have been reported to me by my direct reports or others directly responsible for those matters.

10.    To the extent Plaintiffs seek my deposition because they would like to learn more about Uber's data science and analytics relating to safety issues, I understand that Plaintiffs plan to depose my direct report, ████████████████████████████████████████ has worked in data science at Uber for almost a decade, and in her roles has held direct and primary responsibility for maintaining data at Uber relating to, among other things, safety and incidents and has been involved in work streams that relied on such data and information.  This includes pulling

-4-
DECLARATION OF FRANK CHANG IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

safety data required to be submitted to the ███████████████████████; though her role and involvement with safety data is global.

11.    ███████████ was intimately involved in the development of Uber's Sexual Misconduct and Sexual Violence Taxonomy. From the data-science perspective, ████████████ held direct and primary responsibility for managing relationships with related partners, including the National Sexual Violence Resource Center and the Urban Institute. ██████████ also led data collection and auditing processes for Uber's 2017–2018 and 2019–2020 Safety Reports. She was also involved in authoring both Safety Reports.

12.    ████████████ involvement in those matters has been co-extensive to, and in fact far more encompassing and granular than, my own. For example, she was involved in drafting the methodology and data standards section of the Safety Reports, while I was a reviewer and editor only.

13.    Plaintiffs also plan to depose ██████████, who leads the team that oversees cross-company functions, including safety, customer support, payments, insurance, and scaled tech solutions. He also oversaw the development of Uber's Safety Report. Given I report directly to ██████████, he would have been party to relevant, substantive, and/or executive-level communications and work streams that I participated in without ████████████ involvement, if any. Thus, information concerning any involvement in such matters would therefore be presumptively available through a deposition of ██████████.

14.    In addition to ████████████████████, I understand that Uber is making Sunny Wong available for deposition in the litigation proceeding in California Superior Court. █████████████████████████████████████████████████████ has worked at Uber since 2018 and is knowledgeable about data science and analytics relating to safety issues and safety features that were considered or developed to identify and mitigate safety risks and will, as I understand it, testify as a representative of Uber about certain categories of testimony related to those matters.

15.    I also understand that Plaintiffs have deposed or plan to depose several other current and former Uber employees who were involved with the Safety Reports: ████████████████

-5-

DECLARATION OF FRANK CHANG IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████.

16. My potential knowledge of any facts relevant to this case is not unique. Simply put, I am not aware of facts or information that cannot be obtained from those individuals, who know much more than I do about the relevant topics.

17. My role as a ██████████ at Uber is very demanding. My global responsibilities occupy a substantial amount of my time and require significant attention. Time spent preparing for and attending a deposition would impose a significant burden on both me and Uber given my obligations to the company. Plaintiffs can obtain all the relevant information from the company from others who have more specific oversight, responsibility, and knowledge of the issues presented and alleged in this case without diverting my attention from my responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____February 26, 2025_____, in San Francisco, California.

_Frank Chang_
Frank Chang

-6-

DECLARATION OF FRANK CHANG IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB