ROBERT ATKINS (Admitted *Pro Hac Vice*)
  ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
  jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
  mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DECLARATION OF SACHIN KANSAL IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| This Document Relates to: | |
| ALL MATTERS | Judge:      Hon. Lisa J. Cisneros |
| | Courtroom:  G – 15th Floor |

DECLARATION OF SACHIN KANSAL IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

-2-

KYLE SMITH (Admitted *Pro Hac Vice*)
   ksmith@paulweiss.com
JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
   jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DECLARATION OF SACHIN KANSAL IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

**DECLARATION OF SACHIN KANSAL**

I, Sachin Kansal, declare pursuant to 28 U.S.C. § 1746:

1.     I am over 18 years of age, of sound mind, and competent to make the statements in this declaration.  This declaration and information are provided pursuant to and under the provisions of the protective order previously entered in this matter.

2.     I submit this declaration in support of Defendants' Motion for Protective Order, filed on February 28, 2025.

3.     I have been employed by Defendant Uber Technologies, Inc. ("Uber") since June 2017.  I am currently the ███████████████████████ and a member of ██████████ ███████████████—the highest level of management at Uber and equivalent to Uber's ██ ██"  I report directly to Uber's ████████████████.

4.     My job responsibilities include supervising the global teams responsible for app management, design, and operations in Uber's Mobility and Delivery operating segments.  I also oversee app and technology strategy for some of Uber's new initiatives such as autonomous vehicles, sustainability, and taxis.  The teams I manage collectively comprise 700 people spanning 9 countries.

5.     Prior to my current role as ████, I served as ███████████████████ █████████████████████████████████████████████.  My job responsibilities in each of those positions were managerial and included interfacing with the ████ and supervising the work of teams responsible for innovating and delivering apps to market.

6.     I understand that this case involves Uber's Mobility operating segment, and centers on alleged instances of sexual misconduct perpetrated by drivers using the Uber platform against Plaintiffs and Plaintiffs' allegation that Uber failed to implement policies that adequately address risks of harm to riders.

7.     Given my position in the company, I do not possess unique personal knowledge concerning the issues presented by Plaintiffs' lawsuits.  I am not involved with reviewing driver background checks.  I am not responsible for responding to or investigating incidents of any nature between drivers and riders, including Plaintiffs' alleged incidents of sexual misconduct.  I do not

-3-

DECLARATION OF SACHIN KANSAL IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

make decisions regarding rider or driver account deactivations. I am also not uniquely involved in the development, implementation, or execution of the safety measures and practices that are the focus of Plaintiffs' lawsuits. Any knowledge I may have of those matters would be information that would have been reported to me by other executives or others directly responsible for those matters.

8. To the extent Plaintiffs seek my deposition because they would like to learn more about Uber's safety features, I understand that Uber is making Rebecca Payne, who was directly responsible for those matters, available for deposition in the litigation proceeding in California Superior Court. ████████████████████████████ (2018–2019), ████████████ ████████ (2019–2022), and ████████████████████ (2022–2023). She reported directly to me during most of this time. In those roles, ████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████.

9. Plaintiffs could also participate in the already scheduled deposition of ██ ████████████████████, who works directly on in-app audio or video recording features.

10. I also understand that Uber will make ████████████ available for deposition. ████████████████████████████████████ and in that role has led teams that were responsible for innovating and delivering apps to market and for creating and implementing various types of features. ████████ reports directly to me and has participated in meetings with members of the ████ including myself, on at least a monthly basis. I do not believe that I possess any unique knowledge that could not be obtained from ████████████████████████████.

11. In addition to these individuals, I understand that Uber is making ████████████ available for deposition in the litigation proceeding in California Superior Court. ████████████ ████████████████████████████████████, has worked at Uber since 2018 and is knowledgeable about data science and analytics relating to safety issues and safety features

-4-

that were considered or developed to identify and mitigate safety risks and will, as I understand it, testify as a representative of Uber about certain categories of testimony related to those matters.

12. I understand that Plaintiffs have deposed, or plan to depose, numerous current and former employees who are or were responsible for issues relating to safety, including among others:

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████.

13. My potential knowledge of any facts relevant to this case is not unique to me and I am not aware of facts or information that cannot be obtained from those individuals, who know much more than I do about the relevant topics.

14. My role as an ██████████ at Uber is very demanding. My global responsibilities occupy a substantial amount of my time and require significant attention. Time spent preparing for and attending a deposition would impose a significant burden on both me and Uber given my obligations to the company. Plaintiffs can obtain all the relevant information from the company from others who have more specific oversight, responsibility, and knowledge of the issues presented and alleged in this case without diverting my attention from my responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ February 28, 2025 _____, in Los Altos Hills, CA.

Sachin Kansal
Sachin Kansal

-5-
DECLARATION OF SACHIN KANSAL IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER    Case No. 3:23-md-03084-CRB