ROBERT ATKINS (Admitted *Pro Hac Vice*)
  ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
  jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
  mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DECLARATION OF RYAN GRAVES IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| This Document Relates to: | |
| ALL MATTERS | Judge:        Hon. Lisa J. Cisneros |
| | Courtroom:   G – 15th Floor |

DECLARATION OF RYAN GRAVES IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

-2-

KYLE SMITH (Admitted *Pro Hac Vice*)
    ksmith@paulweiss.com
JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DECLARATION OF RYAN GRAVES IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

## DECLARATION OF RYAN GRAVES

I, Ryan Graves, declare pursuant to 28 U.S.C. § 1746:

1.      I am over 18 years of age, of sound mind, and competent to make the statements in this declaration.  This declaration and information are provided pursuant to and under the provisions of the protective order previously entered in this matter.

2.      I submit this declaration in support of Defendants' Motion for Protective Order, filed on February 28, 2025.

3.      I was employed by Defendant Uber Technologies, Inc. ("Uber") from 2010 to 2017. During that period, I served as the ▮▮▮▮▮▮▮ (2010), ▮▮▮▮▮▮▮▮▮▮ (2010 to 2011), and ▮▮▮▮▮▮▮▮▮▮▮ (2011 to 2017 ), and was a member of the ▮▮▮▮▮▮▮▮▮▮▮▮ the highest level of management at Uber and equivalent to Uber's "▮▮▮▮."  I also served as a member of ▮▮▮▮▮▮▮ from 2010 until 2019. As ▮▮▮▮▮▮▮▮▮▮▮, I reported directly to Uber's Chief Executive Officer.

4.      In those positions, I oversaw Uber's operations and did not have a primary focus on any single function of the business.  My job responsibilities were varied and global in scale, covering a broad swath of the company's operations.  Those responsibilities included supervising and overseeing the teams responsible for operations, customer support, human resources, among other initiatives.

5.      At all times, I relied on senior leadership and Uber's employees to execute and implement the company's initiatives.  I was not involved in creating and implementing the vast majority of policies and my knowledge of that work is largely based on information that was reported to me.

6.      I understand that this case involves Uber's Mobility operating segment, and centers on alleged instances of sexual misconduct perpetrated by drivers using the Uber platform against Plaintiffs and Plaintiffs' allegation that Uber failed to implement policies that adequately address risks of harm to riders.

-3-

DECLARATION OF RYAN GRAVES IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

7. Given my prior roles at Uber, I do not possess unique personal knowledge concerning the issues presented by Plaintiffs' lawsuits. I was not involved with individual background checks. I was not responsible for responding to or investigating incidents between drivers and riders, including Plaintiffs' alleged incidents of sexual misconduct. I did not make decisions regarding individual rider or driver account deactivations. I was also not uniquely involved in the development, implementation, or execution of the safety measures and practices that are the focus of Plaintiffs' lawsuits. To the extent I have knowledge of those matters, it is information that would have been reported to me by other executives or others directly responsible for those matters.

8. I understand that Plaintiffs already have deposed, or plan to depose, multiple high-ranking Uber employees who are, or were, directly responsible for the subject matters involved in this action and reported to me during my tenure at Uber.

9. For example, Plaintiffs plan to depose ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and reported to me. ▮▮▮▮▮▮▮ joined Uber in 2011 and worked there throughout my tenure. She served in many ▮▮▮▮▮▮▮▮▮▮▮▮▮ that focused on running the mobility business in various markets, including ▮▮▮▮▮▮▮▮▮▮▮▮▮ for the U.S. & Canada, during which she oversaw operations for the United States and Canada. ▮▮▮▮ also was a member of ▮▮▮▮▮▮ and during certain periods was responsible for the customer support teams and the marketing teams, in addition to the operations teams. ▮▮▮▮ also held ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for the East and the entire United States and Canada. ▮▮▮▮▮▮▮▮ served as a ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ My knowledge of Uber's operations in the United States would not be unique to the knowledge of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

10. ▮▮▮▮▮▮▮ also reported to me for a period of time. ▮▮▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

11. To the extent Plaintiffs seek my deposition because they would like to learn more about Uber's customer support operations, I understand that Plaintiffs plan to depose ▮▮▮▮▮▮

-4-

DECLARATION OF RYAN GRAVES IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                Case No. 3:23-md-03084-CRB

who had direct responsibility for ██████████████, the contact management centers dedicated to providing customer support to riders and drivers.

12. I also understand that Plaintiffs have deposed, or plan to depose, numerous current and former employees who are or were directly responsible for the subject matters involved in this action, including, among others: ████████████████████ ██████████████████

13. My potential knowledge of any facts relevant to this case is not unique as compared to the knowledge of those individuals or any other Uber employees involved in the day-to-day operations of Uber. Simply put, I am not aware of facts or information that cannot be obtained from those individuals, who either were responsible for or involved with the relevant topics in this case.

14. It has been nearly seven years since I left my last position at Uber. I am currently the ████████████████████, an incubation and investment firm. I oversee the firm's operations and investments with numerous time-sensitive obligations. Having to prepare for and attend the noticed deposition would impose a burden on both me and the firm I manage given my obligations to that firm. Nor would preparing and attending the noticed deposition yield any benefit to Plaintiffs since I have no unique personal knowledge with respect to the issues underlying this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___2/28/2025 | 6:01 PM EST___, in ___Kauai, HI___.

DocuSigned by:

_____
38C1D99E456B47F...
Ryan Graves

-5-

DECLARATION OF RYAN GRAVES IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB