ROBERT ATKINS (Admitted *Pro Hac Vice*)
  ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
  jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
  mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DECLARATION OF SARFRAZ MAREDIA IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| This Document Relates to: | |
| ALL MATTERS | Judge:          Hon. Lisa J. Cisneros |
| | Courtroom:    G – 15th Floor |

DECLARATION OF SARFRAZ MAREDIA IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER          Case No. 3:23-md-03084-CRB

Docusign Envelope ID: D527CE06-6279-4F11-852D-5C1903E47B86

-2-

KYLE SMITH (Admitted *Pro Hac Vice*)
    ksmith@paulweiss.com
JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

-2-

DECLARATION OF SARFRAZ MAREDIA IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER          Case No. 3:23-md-03084-CRB

**DECLARATION OF SARFRAZ MAREDIA**

I, Sarfraz Maredia, declare pursuant to 28 U.S.C. § 1746:

1.    I am over 18 years of age, of sound mind, and competent to make the statements in this declaration. This declaration and information are provided pursuant to and under the provisions of the protective order previously entered in this matter.

2.    I respectfully submit this declaration in support of Defendant's Motion for Protective Order, filed on February 28, 2025.

3.    I am the ███████████████████████ for Uber Technologies, Inc. ("Uber"). I have held this role since approximately March 2023. My job responsibilities include overseeing Delivery operations across the United States, Canada, and Latin America, and also overseeing Global Delivery Partnerships. This role includes monitoring and assessing the financial growth of the Delivery service, as well as formulating and implementing growth strategies for Uber's Delivery merchants and user base. I also oversee ██████, a delivery service acquired by Uber in 2020.

4.    As ███████████████████████, I manage a team of over 1,500 employees who are geographically distributed across two continents and responsible for our Delivery business operations in 12 countries. The teams and workstreams I manage sit within Uber's Delivery operating segment, which is separate and distinct from Uber's Mobility segment. I have worked in Uber's Delivery segment since March 2021.

5.    As ███████████████████████, I report directly to ██████ ███████████████████████████████████████████████████ ██████ A substantial portion of my responsibilities include interfacing with ██████ ██ and other members of the ███, including Uber's ███████████████. I participate in meetings with members of the ███ on a weekly basis.

6.    Prior to working in Uber's Delivery operating segment, I held operations-focused roles in Uber's Mobility segment. During that time, I held different roles in which I was responsible for Uber's operations in various regions, including Central U.S. & Canada and later the United

States & Canada, when I served as ██████████████████████████ for the U.S. & Canada.

7.    I understand that this case involves Uber's Mobility operating segment, and centers on alleged instances of sexual misconduct perpetrated by drivers using the Uber platform against Plaintiffs as well as Plaintiffs' allegation that Uber failed to implement policies that adequately address risks of harm to riders.

8.    To the extent Plaintiffs seek my deposition because they would like to learn more about Uber's operations in the Mobility segment, I do not possess unique personal knowledge concerning Uber's operations and the issues presented by Plaintiffs' lawsuits. I was not uniquely involved with driver background checks. I was not directly responsible for responding to or investigating incidents of any nature between drivers and riders, or directly responsible for making decisions regarding rider or driver account deactivations. I was also not uniquely involved in the development, implementation, or execution of the safety measures and practices that are the focus of Plaintiffs' lawsuits.

9.    I understand that Plaintiffs plan to depose multiple members of the operations team who had roles and responsibilities similar to mine during my time working in the Mobility segment. For example, at times I reported to ██████████████████████████ for the U.S. & Canada, during which time she oversaw operations for the United States and Canada. I also worked alongside, and at one point reported to, ██████████████████████ for the East and for a certain period of time the entire United States and Canada. ████████ is another ████████████ I worked alongside who was responsible for Uber's West Coast operations.

10.    I also understand that Plaintiffs plan to depose ██████████████████ ████████████████████████, and previously requested the deposition of ████████████████████████████. Both ████████ ████████ reported to me at certain points in time while I worked in operations in Uber's Mobility segment.

-4-

DECLARATION OF SARFRAZ MAREDIA IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB

11.    I do not believe that I possess unique knowledge of relevant facts concerning Uber's operations in the Mobility Segment that could not be obtained from those individuals.

12.    I understand that Plaintiffs have deposed and plan to depose multiple current and former Uber employees who are knowledgeable about or are (or were) directly responsible for issues relating to safety, including, among others: ███████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

13.    My potential knowledge of any facts relevant to this case would not be unique when compared to the knowledge of other individuals who have already provided depositions or are expected to provide depositions.  I am not aware of facts or information that cannot already be obtained from those individuals.

14.    As ██████████████████████, I oversee all of Uber's Delivery operations across two continents with a number of time-sensitive obligations.  My responsibilities occupy a significant amount of my time and require significant attention, including regular travel. In addition to my role at Uber, I am an ████████████████████████., which is a public company.  Having to prepare for and attend the noticed deposition would impose a significant burden on both me and Uber given my obligations to Uber and the other institutions I serve.  Plaintiffs can obtain all the relevant information from the company from others who have more specific oversight, responsibility, and knowledge of the issues presented and alleged in this case without diverting my attention from my responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____February 26, 2025_____, in Austin, Texas.

_____  *Sarfraz Maredia* _____
Sarfraz Maredia

-5-

DECLARATION OF SARFRAZ MAREDIA IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER                    Case No. 3:23-md-03084-CRB