# EXHIBIT C

Sarah R. London (State Bar No. 267083)
Simon Grille (State Bar No. 294914)
Maya Kalonia (State Bar No. 359755)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: mkalonia@girardsharp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION <br><br> This Document Relates to: <br><br> *LCHB128 v. Uber Technologies, Inc., et al.* <br> Case No. 3:24-cv-07019-CRB <br><br> *A.R. v. Uber Technologies, Inc., et al.* <br> Case No. 3:24-cv-07821 <br><br> *B.L. v. Uber Technologies, Inc., et al.,* <br> Case No. No. 24-cv-7940 <br><br> *Jaylynn Dean v. Uber Technologies, Inc., et al.,* <br> 3:23-cv-06708 <br><br> *WHB 832 v. Uber Technologies, Inc., et al.,* <br> 3:24-cv-04900 | **MDL No. 3084 CRB** <br><br> **WAVE 1 PLAINTIFFS' AMENDED NOTICE OF 30(b)(6) DEPOSITION OF UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC (SUNNY WONG)** |

Pursuant to Federal Rules of Civil Procedure Rules 30(b)(6) and 45, Wave 1 Plaintiffs will take the deposition by oral examination of Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber") through one or more of their designees on the topics listed below. This deposition will be taken before a duly qualified Notary Public, at the time and place specified and via Zoom Video Conferencing, and continued from day to day thereafter, Sundays and holidays excepted, until completed, on behalf of Plaintiff. Pursuant to Federal Rules of Civil Procedure Rules 30(b)(3)(A) and 45(a)(1)(B), notice is given that the deposing party intends to record the testimony by audio and video technology in addition to the stenographic method.  Notice is hereby given that the video is intended for use at trial.

| Witness | Date | Time | Location |
| --- | --- | --- | --- |
| Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, Sunny Wong as to All Topics | July 23, 2025 | 9:00 a.m. Pacific Time | Via Zoom Video Conferencing |

Plaintiff requests that Uber identify in writing at least ten (10) business days in advance of the deposition the name(s) of the person(s) who will testify on their behalf and the subject(s) on which each person will testify. And if Uber intends to have a custodian whose deposition is already scheduled (in his or her personal capacity) testify on its behalf on any of these categories, Plaintiffs request that Uber provide notice of the same at least ten (10) business days in advance of that witness' deposition.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, deponent is directed to produce and permit inspection and copying of the documents and/or tangible things specified in Attachment A to this notice at the time and place of deposition.

## INSTRUCTIONS

1. For purposes of interpreting or construing the scope of this Notice, the terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual topic or request. This includes, without limitation, the following:

    a. The terms "each," "every," "any," and "all" are synonymous with one another and with "each and every" and "any and all;"

1

b. The connectives "and" and "or" are used inclusively and not exclusively and shall be construed either disjunctively or conjunctively as to require the broadest possible response;

c. Construing the singular form of the word to include the plural and the plural form to include the singular;

d. Construing the masculine to include the feminine, and vice-versa;

e. The use of any tense of any verb shall also include all other tenses of that verb;

f. A term or word defined herein is meant to include both the lower and uppercase reference to such term or word;

g. Any Bates number referenced herein shall be construed to refer not only to the specific page number identified but to the entirety of the document associated with that Bates number, including any family members;

h. Construing the term "including" to mean including but not limited to.

2. Unless otherwise indicated, the name of any Person, party or business organization shall specifically include all past and present employees, officers, directors, agents, representatives, general partners, limited partners, successors, predecessors, and attorneys of the Person, party, or business organization.

3. In construing this Notice, You should give effect to the Definitions set forth below. Undefined words and terms shall be given their common meaning.

4. Unless otherwise indicated, the relevant time period for the topics in this Notice is from January 1, 2009, through the present time.

## DEFINITIONS

For the purposes of this Notice, the following words and terms shall bear the meanings as identified below. For any undefined term, the standard dictionary definition of the term applies.

1. "DOCUMENT(S)" shall mean and include "writings" as defined in Federal Rules of Civil Procedure Rule 34(a) and include any written, recorded, or graphic material of any kind, prepared by anyone, so long as it is in the responding party's possession, custody, or control. Without limitation of the foregoing, a document is deemed to be in a person or entity's control if that person or entity has

2

the right to secure the document or a copy thereof from another person. The term "DOCUMENT" includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "DOCUMENT" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document or writing is to be produced in a reasonably legible and usable form.  The term "DOCUMENT" includes all drafts of a "DOCUMENT" and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original.  The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

2. "DRIVER" means anyone other than a taxi driver, limo driver, or charter party carrier who uses or at any time has used the Uber Application to be connected with RIDERs for the purpose of providing rides to RIDERs. Where appropriate, "Driver" shall be interpreted to also include potential or prospective Drivers.

3. "LOCATION DATA" means coordinates, GPS data, satellite data, and/or latitude-longitude data.

4. "PLAINTIFF" means the specific Plaintiff propounding these requests or, in the case of a minor, on whose behalf these requests are propounded.

5. "RIDER" means any individual taking an Uber Ride, regardless of whether the Ride was coordinated through the Uber Application and regardless of whether the Rider was the person who ordered the ride or owner of the account used to order the ride.

3

6. "RISK FACTORS" means factors that are associated, in the data available to UBER, with an increased risk of a SAFETY INCIDENT. RISK FACTORS may include but are not limited to attributes of the Driver (e.g., new driver, prior incidents, inability to conduct a thorough background check, gender, age, driving patterns, patterns of aggressive driving, patterns of inappropriate in-app messaging, patterns of prior UNPLANNED RIDER-DRIVER PROXIMITY, patterns of prior UNPLANNED STOPS, patterns of ROUTE DEVIATIONs, preference for driving at nights and/or weekends, preference for driving in areas frequented by bars and/or restaurants, one-star ratings), attributes of the Rider (e.g., new rider, age, gender), attributes of a specific Ride request (e.g., weekend, late night, rural area, long trip, from an area frequented by bars and restaurants), attributes of the Ride (e.g., inappropriate messaging, live LOCATION DATA indicating UNPLANNED RIDER-DRIVER PROXIMITY, UNPLANNED STOP(S), ROUTE DEVIATION(S)).

7. "RISK SENSITIVE MATCHING" means Uber's matching of RIDERS and/or particular RIDES with DRIVERS, where the risk of a SAFETY INCIDENT is a factor in determining who is matched with whom and/or whether the match occurs. This includes S-RAD (aka Safety Risk Assessed Dispatch), Geo Fencing, and all other prior, subsequent, and/or alternative versions of S-RAD.

8. "RISK RATING" means any metric (including but not limited to a rating, score, or points) that UBER used to (quantitatively or qualitatively) measure, track, or assess the presence of RISK FACTORS and/or the risk of a SAFETY INCIDENT occurring. (A RISK RATING may be for a trip, a driver, a rider, or a combination of driver, trip, and/or rider.)

9. "SAFETY INCIDENT" means a SEXUAL ASSAULT, SEXUAL MISCONDUCT, INTERPERSONAL CONFLICT, IPC, or other harm connected with a RIDE.

10. "SEXUAL ASSAULT" shall mean physical or attempted physical conduct that is sexual in nature and without the consent of the Rider, including but not limited to all acts addressed in Defendants' taxonomy and RALIANCE's Sexual Assault taxonomy.

11. "SEXUAL MISCONDUCT" shall mean any and all non-physical conduct (such as verbal or staring) of a sexual nature that is without consent or has the effect of threatening or intimidating a Rider, including but not limited to all acts addressed in Defendants' taxonomy and RALIANCE's Sexual Misconduct taxonomy.

12. "SUBJECT DRIVER" means the DRIVER who is alleged to have committed the SEXUAL ASSAULT and/or SEXUAL MISCONDUCT in this matter.

13. "SUBJECT RIDE" means the RIDE that PLAINTIFF alleges was connected with the SEXUAL ASSAULT and/or SEXUAL MISCONDUCT she experienced.

14. "UBER," "YOU," "YOUR," or "YOURSELF" shall mean and refer to Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLC, including each of their  parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf that have Documents and information in their possession, custody, or control responsive to the request herein.

15. "UNPLANNED RIDER-DRIVER PROXIMITY" refers to LOCATION DATA indicating that a RIDER and a DRIVER are still in proximity to one another, for an abnormal period of time, when a Ride is no longer in progress.

16. "UNPLANNED STOPS" refers to LOCATION DATA indicating that a RIDER and a DRIVER have stopped at a location other than the intended destination, for an abnormal period of time (i.e. a period of time that is not consistent with a typical stoplight, stop sign).

**DEPOSITION TOPICS**

1. How Uber selected the Subject Driver for the Subject Ride. (Specifically, this topic includes the details of the algorithm(s) Uber utilized in selection of the Subject Driver, and well as the parameters, variables, and data-pertaining to the Subject Ride, Subject Driver, and/or Plaintiff) that were considered or processed by the algorithm during its execution.)

2. Whether and how Uber used Risk Sensitive Matching in connection with the Subject Ride. (This topic includes whether Uber was generally utilizing Risk Sensitive Matching at the time of the Subject Ride, and whether and/or how risk of Sexual Assault was considered or processed by Uber's algorithm when it selected the Subject Driver for the Subject Ride.)

3. What Risk Rating(s), if any, did Uber assign to the Plaintiff, Subject Driver, and/or Subject Ride and how did Uber assign such Risk Rating(s)? (This seeks information about Risk Rating(s) at the time of the Subject Ride, including both Risk Rating(s) for the Subject Driver (which may not have bene specific to the Subject Ride) and Risk Rating(s) if any that were specifically assigned for the Subject Ride).

4. What Risk Factors, if any, did Uber identify (or fail to identify) as being present during the Subject Ride.

## ATTACHMENT A

### DOCUMENTS AND THINGS TO BE PRODUCED

1. Any and all algorithms used in selecting the Subject Driver for the Subject Ride.

2. Any and all Documents describing the parameters, variables, and data that were considered or processed by Uber's algorithm(s) (at the time of the Subject Ride) for the purpose of selecting or deselecting a driver to dispatch.

3. Any and all Documents reflecting the execution of the algorithm that selected the Subject Driver for the Subject Ride (including its processing that used the specific parameters, variables, and data regarding the Subject Ride).

4. Any and all Documents explaining the algorithms used in selecting the Subject Driver for the Subject Ride.

5. Any and all documents reflecting whether and how Uber used Risk Sensitive Matching in connection with the Subject Ride.

6. Any and all Documents reflecting what Risk Rating(s), if any, Uber assigned to the Plaintiff, Subject Driver, and/or Subject Ride (including for Risk Ratings assessed for the Subject Driver, individually; for the Plaintiff, individually; for the Subject Ride, individually; and any Risk Ratings for the Driver, Rider, and/or Ride in combination).

6

7. Any and all Documents reflecting how Uber assigned Risk Rating(s) to the Plaintiff, Subject Driver, and/or Subject Ride (including for Risk Ratings assessed for the Subject Driver, individually; for the Plaintiff, individually; for the Subject Ride, individually; and any Risk Ratings for the Driver, Rider, and/or Ride in combination).

Dated: July 18, 2025                         By:  */s Sara R. London*

Sarah R. London (SBN 267083)
Simon Grille (SBN 294914)
Maya Kalonia (SBN 359755)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: mkalonia@girardsharp.com

8

**PROOF OF SERVICE**

I, Rupashree Gangopadhyay, hereby declare as follows:

I am employed by Chaffin Luhana, LLP. I am over the age of eighteen years and am not a party to this action. On July 18, 2025, I caused a copy of the foregoing document to be served *via electronic mail* on the following:

**WAVE 1 PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION OF UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

on:

**Kirkland & Ellis LLP**
Alli Brown
alli.brown@kirkland.com
Chris Cox
christopher.cox@kirkland.com
Jessica Davidson:
jessica.davidson@kirkland.com
Jennifer Levy
jlevy@kirkland.com
Rupal Joshi
rupal.joshi@kirkland.com

**O'Melveny and Meyers LLP**
Sabrina Strong
sstrong@omm.com
Jonathan Schneller
jschneller@omm.com
Joshua Revesz
jrevesz@omm.com
Louis Fisher:
lfisher@omm.com

**Shook, Hardy & Bacon LLP**
Michael B. Shortnacy
mshortnacy@shb.com
Patrick L. Oot, Jr.
oot@shb.com
Christopher V. Cotton
ccotton@shb.com
Alycia A. Degen
adegen@shb.com

I declare under penalty of perjury that the above is true and correct. Executed on July 18, 2025, 2025, at St. Louis, Missouri.

9

_/s/ Rupashree Gangopadhyay_
Rupashree Gangopadhyay

10