[SUBMITTING COUNSEL BELOW]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.,*<br>N.D. Cal. No. 3:24-cv-08783<br>W.D. Tex. No. 1:26-cv-01694 | Case No.: 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL [JOINT PTO-8 LETTER REGARDING UBER'S REQUEST FOR A PROTECTIVE ORDER REGARDING LOBBYING TOPICS]**<br><br>Judge:          Hon. Lisa J. Cisneros<br>Courtroom:    G – 15th Floor |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| JANE DOE QLF 001,<br><br>          Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>          Defendants. | CASE NO. 26-CV-01694-CRB<br><br>Judge:          Hon. Charles R. Breyer<br><br>Courtroom:    501 |

DEFENDANTS' MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)

Pursuant to Northern District of California Civil Local Rule 79-5, Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion to Seal [Joint PTO 8 Letter Regarding Uber's Request for a Protective Order Regarding Lobbying Topics]. Uber does not waive, and expressly reserves, all applicable privileges, confidentiality protections, privacy interests, trade secret protections, and other protections available under Rule 26(c), Civil Local Rule 79-5, and applicable law. For the reasons set forth herein, there is good cause to seal or redact the following exhibits and letter as described below:

| Document | Description | Party Seeking Confidentiality |
|---|---|---|
| Joint Letter | Portions concerning Uber's confidential information | Uber |
| Ex. C to Joint Letter | Excerpts of the June 4, 2026 30(b)(6) Deposition of Emilie Boman | Uber |
| Ex. D to the Joint Letter | Document Bates-Stamped UBER_JCCP_005145641 | Uber |
| Ex. E to the Joint Letter | Document Bates-Stamped UBER_JCCP_001428352 | Uber |
| Ex. G to the Joint Letter | Document Bates-Stamped UBER_JCCP_004602053 | Uber |

## I.    LEGAL STANDARD

Documents attached to non-dispositive filings that are not directly relevant to the merits of a case are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Rule 26 provides that good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). That protection extends to

1

confidential business information, commercially sensitive strategy, private compensation information, third-party relationship information, and other material the disclosure of which would cause competitive harm, impair business relationships, or invade legitimate privacy interests. In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c).

## II.      ARGUMENT

Uber has established good cause to seal the requested redactions to the Joint Letter and Exhibits C, D, E, and G. The materials at issue relate not to a dispositive motion, but to a discovery dispute over whether certain deposition discovery should be permitted. This motion to seal therefore only needs to meet the less exacting "good cause" standard under Rule 26(c).

The materials that Uber seeks to redact in the Joint Letter and the Exhibits are confidential, commercially sensitive, and protectable under Rule 26(c). They involve Uber's strategy and internal communications concerning potential legislation and regulations. *See generally* July 16, 2026 Declaration of Erin O'Keefe (ECF 6809-4) (discussing why similar lobbying communications should be sealed).

Exhibit C includes excerpts from the 30(b)(6) deposition of Emilie Boman, in which counsel questioned Ms. Boman about a non-Texas ballot initiative. Exhibit D is an email chain between Uber personnel and one of Uber's lobbying consultants discussing lobbying and communications strategy concerning potential regulations in Austin. Exhibit E is a detailed strategy document entitled "Austin Gameplan" concerning Uber's approach to Austin's Prop 1. Exhibit G is a similarly detailed document entitled "Senate Hearings Communications Plan" concerning Uber's internal strategy related to the Texas Senate's hearings on three Transportation Network Company bills.

Disclosure of this information would harm Uber by providing competitors insights into Uber's internal lobbying, legislative, and communications operations and strategies and allowing them to use that information to compete against Uber. O'Keefe Decl. ¶ 2. In addition, disclosure

DEFENDANTS' MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)

of this information will make Uber employees less likely and less willing to freely share thoughts and information in intracompany communications concerning lobbying and/or regulatory matters for fear that their communications will become public. *Id.* ¶ 4. Uber's ability to promote its beliefs in furtherance of its business interests and to do so without fear of competitors leveraging this information is key to Uber's participation in the legislative process. *Id.* ¶ 5. This would have a chilling effect on Uber's exercise of its First Amendment right to petition the government.

Courts seal "internal business materials including [ ] legislative strategies" even under the compelling reasons standard. *See Baker v. SeaWorld Ent., Inc.*, No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017). Disclosure of such documents "could lead to an improper use by competitors, 'circumvent[ing] the time and resources necessary in developing [the competitor's] own practices and strategies.'" *Id.* (alterations in *Baker*); *see also In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing "confidential regulatory strategies and communications, which, if disclosed, could cause significant competitive harm to Defendants"); *Bos. Ret. Sys. v. Uber Techs., Inc.*, No. 19-cv-06361-RS (DMR), 2024 WL 665647, at *8 (N.D. Cal. Feb. 16, 2024) (granting motion to seal documents under good cause standard because they reflect "regulatory analyses"); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15CV274, 2016 WL 6783691, at *2 (M.D.N.C. Oct. 6, 2016) (sealing "e-mail chains among counsel and between [a party] and its regulatory consulting company"); *Flexible Benefits Council v. Feltman*, No. 1:08cv371 (JCC), 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (sealing exhibits containing "historic data on lobbying … expenses"); *cf. S. Cal. Gas Co. v. Pub. Utilities Com.*, 87 Cal. App. 5th 324, 341–45, (2023) (vacating order by agency requiring disclosure of information related to lobbying by investor-owned utility due to infringement on utility's First Amendment rights).

Moreover, the public interest in these documents is very limited. As this Court has already found, documents involving lobbying are irrelevant to the negligence issues in this case. ECF No. 1698 at 25 [Sealed Order] (agreeing that "lobbying activity is not relevant to establish whether Uber violated a duty of care or a common carrier duty to warn its passengers, and such facts appear

3

attenuated to attacking Uber's defense to such claims"). This too supports sealing the documents at issue. Plaintiffs previously argued in a subpoena dispute (which Plaintiffs resolved before the Court could reject the argument, ECF 1758) that lobbying is relevant to the issue of Uber's compliance with applicable legal standards because they want to use it to "demonstrating that Uber wrote and rigged the rules by passing legislation to serve its own needs, not to protect its rider" (ECF 1555), a use of evidence transparently prohibited the *Noerr-Pennington* First Amendment doctrine (ECF 1617, 1624) and therefore not relevant.[1]

The information in Exhibit C is particularly worthy of sealing, because it appears that Plaintiff's counsel are filing it into the public record for an improper purpose. Exhibit C involves counsel's questioning of Uber's corporate representative, who was designated to testify about certain issues related to non-profits, concerning lobbying matters that were well beyond the scope of the 30(b)(6) deposition. The Court will recall that Ms. Boman's deposition was limited to 4 hours on five very discrete topics that Plaintiffs purported were justified by testimony Ms. Boman gave in the *Dean* trial: (1) Non-profit engagement in Driver Education; (2) Non-profit engagement with S-RAD; (3) Non-profit public endorsements or statements regarding safety features and Sexual Assault statistics; (4) Non-profit engagement with Uber regarding Safety Features; and (5) Uber's Safety Advisory Board. *See* May 22, 2026 Deposition Notice, Ex. 5.

Despite being far afield from these topics, and over the continuous objection of Uber's counsel, Plaintiffs' counsel repeatedly and inappropriately questioned Ms. Boman ███████ ████████████████████████████████████████████████████████ ████████████████████████. Only a week after Ms. Boman's deposition (i.e.,

---

[1] In a recent brief, Plaintiffs asserted that "one need look no further than the evidence of Uber's lobbying activities introduced at [the *Dean*] trial to reject the claim that Uber's lobbying and regulatory activities 'have no legal relevance,'" citing *Dean* trial exhibits P-01476, P-01480, and P-01037 for the claim that lobbying evidence was introduced for other unspecified "permissible purposes." ECF 6809 at 44. But these exhibits (later filed on the docket at ECF 5255-14, 5256-2, and 5256-4) deal with other topics deemed relevant and were not admitted or used for the relevance of the portions touching on lobbying. In fact, contrary to Plaintiffs' assertion, the Court excluded "any evidence or argument relating to lobbying efforts by Uber." ECF 4686 at 15, § XIV; ECF 4941 at 2, § IV (granting Uber's Motion in Limine No. 14).

DEFENDANTS' MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)

well before the 30-day default deadline for confidentiality designations), Plaintiffs' counsel emailed Uber's counsel to ask if Uber would be designating that line of questioning as confidential, expressing their view that it was not confidential, and asking Uber to expedite its confidentiality review of those passages of the deposition. Uber declined to expedite its review and ultimately designated the testimony as confidential. Although Plaintiffs now cite this testimony as purportedly going to the "credibility of Uber's witnesses," given this history, it appears that they are instead attempting to use the PTO-8 letter as a vehicle to strip the confidentiality from this testimony by filing it into the public record, presumably so ████████████████████████████ ████████████████████████████████████████████████████████████

The Court should not reward this gamesmanship and should maintain the deposition excerpts under seal. "[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [ ] motion filed with the court." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). This gamesmanship warrants protection "from annoyance, embarrassment, [or] oppression," under Rule 26(c). *See Kamakana*, 447 F.3d at 1180 (explaining that "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties"). In addition, ████████ ██████████████████████████████████████████████████, it is even more irrelevant to this case than the other lobbying documents, and the case for disclosure is even weaker.

Uber's request is also narrowly tailored and uses the least restrictive means available. For example, Uber is not seeking to seal the public article that is at the bottom of the Exhibit D email chain or the press release in Exhibit E. Moreover, the redacted portions of Uber's internal documents and the very limited redactions to the letter are not relevant to whether the Court should grant Uber's requested protective order. *Impossible Foods Inc. v. Impossible LLC*, No. 5:21-cv-02419-BLF, 2025 WL 638350, at *4 (N.D. Cal. Feb. 27, 2025) ("Since IF's proposed redactions leave unredacted the material relevant to the Parties' dispute, the Court also finds that IF's proposed redactions are narrowly tailored."). Thus, Uber's approach is the least restrictive

DEFENDANTS' MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)

alternative and is narrowly tailored to protect Uber's valuable and confidential lobbying and communication strategies.

## III.    CONCLUSION

Good cause exists for the Court to seal the proposed redactions to the Joint Letter and the Exhibits. Uber therefore respectfully requests that the Court order that the Exhibits and Joint Letter be maintained on the docket under seal.

DATED:  July 22, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Kim Bueno (Admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Tel: (512) 678-9100
Email: kim.bueno@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)