**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
**Northern District of California**


**CIVIL MINUTES**


**Date:** July 23, 2026          **Time:**  65 mins.          **Judge:** LISA J. CISNEROS
**Case No.:** 3:23-md-3084-CRB   **Case Name:**  In re: Uber Technologies, Inc., Passenger Sexual
Assault Litigation


**For Plaintiffs:** Marlene Goldenberg, Roopal Luhana, Rachel Abrams, Simon Grille, Carlos
Lopez, Alexndra Walsh, and Sara London.
**For Defendants:** Christopher Cox, Michael Vives, and Michael Shortnacy

**Deputy Clerk:** Stephen Ybarra          **Court Reporter:** Marla Knox

**PROCEEDINGS**

**Status Conference**

**Notes:** The Court addressed issues raised in the parties' status report.

With respect to the parties' dispute over time for 30(b)(6) depositions, the Court adopted a
modified version of Plaintiff's proposal. For each of the two deposition notices at issue, Plaintiffs
shall have either: (1) seven hours if Uber designates only one witness for that notice; or (2) an
aggregate total of five hours per witness if Uber designates multiple witnesses for that notice, to
be divided at Plaintiffs' discretion but no longer than seven hours for the deposition of each
witness.

Regarding the timeline for Uber to object to case-specific 30(b)(6) depositions, the parties shall
file a joint letter by July 28.

Regarding the timeline for Uber to produce documents before a deposition, the Court set a
deadline of 48 hours before a deposition to produce documents and deposition aids, allowing for
reasonable supplementation if needed after that deadline.

Regarding the dispute over a 30(b)(6) deposition regarding Uber's background check policy, the
parties shall file a joint letter by July 27. By July 28, Uber shall provide a date for the deposition
to occur if Plaintiffs prevail on this dispute.

Regarding QLF0001 case-specific discovery, the Court addressed the dispute regarding Uber's
requests for discovery of Plaintiff's data preservation and recovery, and set a deadline of July 29
for a joint letter if the parties are not able to resolve it.  The Court set a deadline of July 31 for a

joint letter regarding Plaintiff's social media production.

Regarding witnesses in Plaintiff QLF0001's initial disclosures and Uber's deposition notices, the parties represented that they are working towards an agreement to resolve that dispute, but disagreements remain over the extent to which Uber should be held to the deposition limit.

Plaintiffs represented that they have reached at least a partial resolution of their dispute with Lyft and will continue to meet and confer as needed.

The Court will continue to hold Thursdays at 10:30 AM for potential discovery hearings in this MDL to the extent the Court determines such hearings are necessary.