DANA LIZIK
BASIL ADHAM
**Johnson Law Group**
2925 Richmond Ave, Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336
Fax: (713) 583-9460
Email: dlizik@johnsonlawgroup.com
Email: badham@johnsonlawgroup.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | **PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS OUT OF TIME UNDER FRCP 6(b)(1)(B)** |
| This Document Relates to: | |
| *JLG 227 v. Uber Technologies, Inc., et al; 3:25-cv-10872* | |

Plaintiff, by and through undersigned counsel, respectfully moves this Court for leave to file their Opposition to Defendants' Motions to Dismiss Out of Time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Plaintiff submits that the failure to meet the applicable deadlines resulted from excusable neglect and that leave should be granted in the interest of resolving the motions on the merits:

### **INTRODUCTION**

This Motion arises from Plaintiff's failure to timely file an opposition to Defendants' Motions to Dismiss due to a combination of Plaintiff's unavailability and a resulting technical systems error. Defendants first moved to dismiss on April 17, 2026 (Dkt. No. 5915) for failure to comply with PTO 31. Plaintiff was also included in Defendants' subsequent Motion to Dismiss for Failure to Comply with Amended PTO 10, filed on June 5, 2026 (Dkt. No. 6420).

Plaintiff's counsel required specific information and documentation from Plaintiff in order to prepare a complete and accurate opposition to these motions. Despite repeated efforts, Plaintiff failed to respond and provide the necessary materials before the applicable deadlines.

While awaiting that information, an inadvertent technical systems error occurred in which the opposition deadlines were not properly tracked. This error has since been resolved. Plaintiff provided the required information on July 17, 2026, and an executed PTO 31 Affidavit and Amended Plaintiff Fact Sheet with a signed verification page were served via MDL Centrality. Counsel has now finalized the opposition and prepared this Motion.

Although the delay is longer than typical, it was not the result of bad faith, and counsel has since addressed the internal technical issues that contributed to the missed deadlines. Because the Court has not yet ruled on the pending Motions to Dismiss, and Defendants will not be prejudiced, Plaintiff respectfully requests leave to file the opposition out of time. Plaintiff's proposed Opposition to Defendants Motions' to Dismiss is attached as Exhibit 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend a deadline after it has expired upon a showing of excusable neglect. In determining whether neglect is excusable, courts consider: (1) the length of the delay and its potential impact on proceedings; (2) the danger of prejudice to the opposing party; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

## ARGUMENT

**A. The Delay Will Not Prejudice Defendants**

Granting leave will not prejudice Defendants. The Court has not yet ruled on the Motions to Dismiss, and Defendants will have an opportunity to address Plaintiff's arguments. If necessary, the Court may adjust any reply schedule.

**B. The Delay Does Not Meaningfully Impact the Proceedings**

Although the delay is not insignificant, allowing the opposition will promote resolution of the Motions to Dismiss on the merits rather than by default. Permitting the filing will not disrupt the Court's management of this case.

### C. The Delay Resulted from Excusable Neglect

The delay resulted from a combination of circumstances, including Plaintiff's unavailability to provide necessary information and a technical error that led to failure in properly tracking the applicable deadlines. The opposition could not be completed without Plaintiff's specific information, and despite repeated efforts to obtain that information, it was not provided until recently.

Once the information was received, Plaintiff, through counsel, acted promptly to prepare both the opposition and this Motion. Counsel has since implemented additional measures to ensure that all deadlines are properly monitored going forward.

### D. Plaintiff Acted in Good Faith

The failure to meet the deadlines was not strategic and conferred no advantage. Upon discovering the issue, Plaintiff, through counsel, acted promptly and has been fully transparent with the Court.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's failure to timely file the opposition constitutes excusable neglect under Rule 6(b)(1)(B). Plaintiff respectfully requests that the Court grant leave to file the opposition to Defendants' Motions to Dismiss out of time and consider it on the merits.

Dated: July 23, 2026

Respectfully submitted,

By: */s/ Dana Lizik*
Dana Lizik (TX SBN 24098007)
Basil Adham (TX SBN 24081742)
**Johnson Law Group**
2925 Richmond Ave, Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336
Fax: (713) 583-9460
Email: dlizik@johnsonlawgroup.com
Email: badham@johnsonlawgroup.com
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, I electronically transmitted the foregoing **MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS OUT OF TIME UNDER FRCP 6(b)(1)(B)** to the Clerk's Office using the CM/ECF System for filing thereby electronically transmitting this filing to all CM/ECF registrants.


*/s/ Dana Lizik*
Dana Lizik