Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (888) 875-2889
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>*TA.T. v. Uber Technologies, Inc., et al., No. 3:26-cv-00961-CRB* | Case No. 3:23-md-03084-CRB<br><br>**WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 31**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:    6 – 17th Floor |

Comes now, the above captioned plaintiff and their Counsel in Response to Uber's Motion to Dismiss Cases for Failure to Comply with PTO 31 [ECF No. 6785]. Plaintiffs respectfully request this Court *deny* all requests.

## I.        INTRODUCTION

On July 13, 2026, Defendants moved to dismiss cases in which plaintiffs purportedly failed to file a bona-fide ride receipt or a detailed statement of reasonable efforts to locate such a receipt as required by Amended Pretrial Order ("PTO") 31 [ECF No. 3877.]. Counsel acknowledges and understands that under PTO 31, the Court has created procedures and deadlines to produce a bona-fide ride receipt or detailed explanation as to the reasonable efforts they have undertaken to search for the receipt and an explanation why they have been unable to locate the bona-fide ride receipt. Counsel has and continues to diligently comply with discovery obligations. For the reasons below, Plaintiffs

respectfully request that the Court deny Defendants' motion as to TA.T.

## II.    ARGUMENT

### a.    *Plaintiff TA.T. is in compliance with PTO 31.*

Defendants' Motion to Dismiss Cases for Failure to Comply with PTO 31 should be denied because Plaintiff TA.T. is in compliance with PTO 31. Plaintiff TA.T. has satisfied their PTO 31 obligations by providing the required ride information and verified submission addressing her efforts to locate any available receipt. Plaintiff TA.T. has responded to discovery obligations and has not demonstrated bad faith or unwillingness to comply with this Court's orders. Given Plaintiff TA.T. is in compliance with PTO 31, Defendants' Motion to Dismiss should be denied.

### b.    *The Court should deny Uber's Motion to Dismiss as procedurally improper.*

Rule 37 supplies the Court with a panoply of options for dealing with discovery disputes. Within that rubric, dismissal is the most "drastic sanction" that due process reserves for "non-compliance…due to willfulness, fault or bad faith" alone. *Signalo v.Mendoza*, 642 F.2d 309, 310 (9th Circ. 1981). Uber does not even attempt to make the requisite showing of "flagrant disregard" here, which dooms their motion and the bespoke procedure it envisions. *Id*. (citation omitted). Uber could have developed an appropriate record in support of its position had it followed proper procedure and sought an order to show cause. Instead, Defendants prematurely filed the present motion, which must therefore be denied.

### c.    *The Court should not dismiss this case.*

Uber has moved to dismiss without prejudice. To the extent the Court considers dismissal, it is bound by the five-factor test established in *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Circ. 1987). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*. at 130.

Application of these factors confirms that dismissal is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal is a punitive sanction reserved only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of any egregious conduct required to justify a terminal sanction and because less drastic measures are available.

Uber suffers no real prejudice warranting dismissal. A ride information form was originally submitted on February 13, 2026, with a PTO 31 Notice of Additional Ride Receipt Discovery being received on March 28, 2026. On April 30, 2026, Plaintiffs responded to the PTO 31 notice with a letter requesting a thirty-day extension, which Uber did not provide a response to. On May 1, 2026, our office made contact with the Plaintiff who stated they were unable to provide a ride receipt as they no longer had access to the email that was used for the Uber account that relates to the subject ride. On July 19, 2026, Plaintiff produced a verified statement regarding Additional Ride Receipt Discovery, signed under penalty of perjury.

### III.    CONCLUSION

For the foregoing reasons, we respectfully request this Court deny Uber's motion as to the Plaintiff referenced above who have complied with the Court's order.

Dated: July 27, 2026                          Respectfully submitted,

/s/ *Sommer D. Luther*
Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (888) 875-2889
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  July 27, 2026

/s/ *Sommer D. Luther*
Sommer D. Luther*
**WAGSTAFF LAW FIRM**
940 Lincoln Street
Denver, CO 80203
Tel: (303) 376-6360
Fax: (888) 875-2889
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiffs*

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 31 CASE NO. 3:23-MD-03084-CRB