DANA LIZIK
BASIL ADHAM
**Johnson Law Group**
2925 Richmond Ave, Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336
Fax: (713) 583-9460
Email: dlizik@johnsonlawgroup.com
Email: badham@johnsonlawgroup.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | **PLAINTIFF'S MOTION FOR LEAVE TO FILE DISMISSAL WITHOUT PREJUDICE OUT OF TIME UNDER FRCP 6(b)(1)(B)** |
| This Document Relates to: | |
| *JLG 134 v. Uber Technologies, Inc., et al; 3:25-cv-04041* | |

Plaintiff, by and through undersigned counsel, respectfully moves this Court for leave to file their Dismissal Without Prejudice Out of Time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Plaintiff submits that the failure to meet the applicable deadlines resulted from excusable neglect and that leave should be granted in the interest of resolving the motions on the merits:

**<u>INTRODUCTION</u>**

This Motion arises from Plaintiff's failure to timely file their Dismissal Without Prejudice. Defendants first moved to dismiss on November 21, 2025 (Dkt. No. 4456) for failure to comply with PTO 31. Plaintiff was also included on the Order Regarding Motion to Dismiss For Failure to Comply with PTO 31 on February 10, 2026 (Dkt. No. 5216). Plaintiff's counsel was directed to file a dismissal without prejudice within 21 days of that order. Subsequently, Plaintiff was included on Defendant's Motion to Convert Orders of Dismissal Without Prejudice to Order of

Dismissal with Prejudice on March 19, 2026 (Dkt. 5567).

During the time of the order, Plaintiff's case was in the process of being transitioned from one attorney to another. This was due to the original attorney of record departing the firm. The order for counsel to file the dismissal was not properly communicated or tracked.

Although the delay is longer than typical, it was not the result of bad faith, and counsel has since acknowledged and corrected the internal issues that contributed to the missed deadlines. Because the Court has not yet ruled on the pending Motions to Dismiss, and Defendants will not be prejudiced, Plaintiff respectfully requests leave to file the dismissal without prejudice out of time. Plaintiff's proposed Dismissal Without Prejudice is attached as Exhibit 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend a deadline after it has expired upon a showing of excusable neglect. In determining whether neglect is excusable, courts consider: (1) the length of the delay and its potential impact on proceedings; (2) the danger of prejudice to the opposing party; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

## ARGUMENT

**A. The Delay Will Not Prejudice Defendants**

Granting leave will not prejudice Defendants. The Court has not yet ruled on the Motions to Dismiss with Prejudice, and Defendants may still oppose Plaintiff's Dismissal Without Prejuice.

**B. The Delay Does Not Meaningfully Impact the Proceedings**

Although the delay is not insignificant, allowing counsel to file the Dismissal Without Prejudice will promote resolution of the Motions to Dismiss on the merits rather than requiring the Court to rule on the Motion For Dismissal with Prejudice. Permitting the filing will not disrupt the Court's management of this case.

**C. The Delay Resulted from Excusable Neglect**

The delay resulted from a combination of circumstances during the period when Plaintiff's case was being transferred from one attorney to another, which resulted in a failure to properly track the applicable deadlines.

Once this oversight was realized, Plaintiff, through counsel, acted promptly to prepare both the Dismissal Without Prejudice and this Motion. Counsel has since implemented additional measures to ensure that all deadlines are properly monitored going forward.

**D. Plaintiff Acted in Good Faith**

The failure to meet the deadlines was not strategic and conferred no advantage. Upon discovering the issue, Plaintiff, through counsel, acted promptly and has been fully transparent with the Court.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's failure to timely file the Dismissal Without Prejudice constitutes excusable neglect under Rule 6(b)(1)(B). Plaintiff respectfully requests that the Court grant leave to file the Dismissal Without Prejudice out of time and deem it timely filed.

Dated: July 28, 2026                          Respectfully submitted,

By: */s/ Dana Lizik*
Dana Lizik (TX SBN 24098007)
Basil Adham (TX SBN 24081742)
**Johnson Law Group**
2925 Richmond Ave, Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336
Fax: (713) 583-9460
Email: dlizik@johnsonlawgroup.com
Email: badham@johnsonlawgroup.com
*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 28, 2026, I electronically transmitted the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE DISMISSAL WITHOUT PREJUDICE OUT OF TIME UNDER FRCP 6(b)(1)(B)** to the Clerk's Office using the CM/ECF System for filing thereby electronically transmitting this filing to all CM/ECF registrants.


*/s/ Dana Lizik*
Dana Lizik