# EXHIBIT 8

**Pages 1 - 44**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Lisa J. Cisneros, Magistrate Judge

```
IN RE:  UBER TECHNOLOGIES,      )
INC., PASSENGER SEXUAL ASSAULT )
LITIGATION                      )   NO. C 23-md-03084-CRB (LJC)
                                )
_____)
```

San Francisco, California
Thursday, July 23, 2026

**TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**: (via videoconference)

For Plaintiffs:

CHAFFIN LUHANA LLP
600 Third Avenue - 12th Floor
New York, New York  10016
BY:  **ROOPAL P. LUHANA, ATTORNEY AT LAW**

PEIFFER WOLF CARR KANE CONWAY & WISE
555 Montgomery Street - Suite 820
San Francisco, California 94111
BY:  **RACHEL B. ABRAMS, ATTORNEY AT LAW**

GIRARD SHARP LLP
601 California Street - Suite 1400
San Francisco, California  94108
BY:  **SARAH R. LONDON, ATTORNEY AT LAW**
     **SIMON S. GRILLE, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Remotely Reported:  Marla F. Knox, RMR, CRR, RPR
                    CSR No. 14421, Official U.S. Reporter

resolve this through meet-and-confer.  I think ideally you should, but how much time to allow for that.  If you meet and confer Monday or Tuesday, you have got other discovery letters.

Are you, Mr. Grille, involved in the other issues that are going to be briefed?  Are -- I'm just wondering if the meet-and-confer can happen tomorrow.  Maybe we will work out a solution.  And if not, file the letter by Monday.

MR. GRILLE:  I'm not involved in the other matters.  I think -- I'm available to meet and confer tomorrow.  I would like to provide a written response to Uber before that.  But, you know, to the extent Uber is prepared to review that in sort of short order, then we can confer on Friday I think.

THE COURT:  Okay.  So, why don't you confer.  And if you are not able to resolve the issue, file the letter by July 29th.  Maybe that gives you enough time to provide a written response, Mr. Grille, that might help the meet-and-confer process be a little more focused and effective.

MR. GRILLE:  That's fine from my perspective.  Thank you.

THE COURT:  Is that enough time for you to give the written response and do the meet-and-confer?  I just want to make sure it is a robust meet-and-confer effort.

MR. GRILLE:  Well, I appreciate that and I think it's important because this is -- we get into a realm which is beyond what lawyers are best equipped to handle because we are

dealing with highly technical information.

And, for example, we have exchanged communications using the term "backup," but in speaking with experts, that term means different things in different contexts.

So, I think this is an issue that should be, you know, well discussed before we are diverting resources to it, but I can work on the Court's timeline.

THE COURT:  I'm trying to figure out what the -- I mean, to the extent that there is technical information involved like a forensic expert or some sort of IT consultant who is working on these devices, then why not allow Uber to speak with them directly in a deposition and say, Hey, you know, in -- and answer their questions.  That might just be something that it makes sense to agree to, that amount of discovery; and that would save having to write letters or parse through these finer details amongst the attorneys and just get the technical person, you know, to the table, formally or informally.

MR. GRILLE:  I think there's two problems with that from my perspective -- and I hear the Court's skepticism regarding the application of Rule 26 -- but we think it does apply here.

THE COURT:  No.  I think Rule 26 first principles apply under, you know, proportionality, you know, is it important to the case, you know, relevance, so on and so forth.

It's just that particular sub-provision -- subsection. It's like 26(b)(4)(D), to me it seems like it related to experts that are retained for purposes of preparing for the trial; consulting experts, trial experts, and a consultant or someone with expertise who is assisting and collecting and producing discovery that is not specific to trial.  It more broadly relates to litigation and development of the case.

But there's still limiting principles under Rule 26(b) more generally that might be appropriate here if this is a fishing expedition.

**MR. GRILLE:**  Right.  And I think -- so, there's sort of at least three strains of authority that we think mitigate against Uber taking a deposition of this consultant and two of them fall within Rule 26.  We agree, we don't think this is proportional for some of the reasons I have said.

It appears to be a fishing expedition, and there appears to be plenty of other information that's available to Uber and no prejudice related to any loss of information.

A second point is that we still -- and we can brief it -- but we do think the sub-provision of Rule 26 regarding non-testifying experts applies here because this is a person who is retained as a consultant to assist in trial preparation in the sense of sorting through the Plaintiff's documents and has not been disclosed as a testifying expert and is, therefore, protected.

PROCEEDINGS

THE COURT: Okay. All right. Thank you. Anything further?

(No response.)

THE COURT: Okay.

MS. LUHANA: Thank you, Your Honor.

(Proceedings adjourned at 11:46 a.m.)

---oOo---

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: July 24, 2026

_____

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter