# EXHIBIT 7

 Outlook

---

## RE: QLF

---

**From** Vives, Michael <michael.vives@kirkland.com>

**Date** Thu 7/30/2026 6:22 PM

**To** Layne Hilton <lhilton@meyerwilson.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Emily Beeson <Emily.Beeson@chaffinluhana.com>; Love, Cohl K. <cohl.love@kirkland.com>

**Cc** Simon Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel Abrams <rabrams@peifferwolf.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin QUEENAN <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Wilkins, Beth <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Steven Cohn <cohn@chaffinluhana.com>; Davidson, Jessica <jessica.davidson@kirkland.com>

Layne,

Our position remains the same as my email sent earlier and I am not going to engage in further back and forth on this. If you want to say this dispute is not ripe despite the letters and emails making clear that is not the case, you can say that, but we cannot let this matter get delayed any further.  Your position also does not make sense because our letter brief specifically states that your July 20 production did not resolve any of the concerns that we have identified. To be clear, there was one issue we raised previously as to your initial production that was resolved with your subsequent production– namely the fact that your initial production had no dates.  Because that one discrete issue was resolved with your 7/20 production we removed that issue from our briefing. But the other issues have been pending for weeks with no response or attempt from Plaintiffs to resolve and we do not have time to let this drag out further. You have known about these concerns for more than two weeks.  It is not Uber's fault and Uber cannot be prejudiced because you have not taken the steps to remedy them in that time. That is particularly true when this case was set on an expedited workup schedule at Plaintiff's request. So again, respond to our letter so we can get this issue on file consistent with the Court's order and her direction on the record when she said – correctly – that this issue is at impasse and needs to be brought to her for resolution.  If you are unwilling to respond, and instead continue to attempt to delay the issue, we will have no choice but to put in our position and say that you refuse to engage.

Thanks,
Mike

**Michael Vives**

--------------------------------------------

**KIRKLAND & ELLIS LLP**

601 Lexington Avenue, New York, NY 10022

**T** +1 646 444 9335 **M** +1 845 820 2372

**F** +1 212 446 4900

--------------------------------------------

michael.vives@kirkland.com

**From:** Layne Hilton <lhilton@meyerwilson.com>
**Sent:** Thursday, July 30, 2026 5:46 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Emily Beeson <Emily.Beeson@chaffinluhana.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Cc:** Simon Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel Abrams <rabrams@peifferwolf.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin QUEENAN <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Wilkins, Beth <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Steven Cohn <cohn@chaffinluhana.com>; Davidson, Jessica <jessica.davidson@kirkland.com>
**Subject:** Re: QLF

Michael:

Under PTO 8, a joint discovery letter may only be filed after the parties have met and conferred and **remain at an impasse**. See PTO 8 at 3 (emphasis added).

While we acknowledge that the parties have exchanged correspondence and participated in a meet and confer on July 15, the parties have clearly not yet reached an impasse on the issues you identify. We want to be clear: Plaintiff does not oppose social media production. To the contrary, she has demonstrated her commitment to producing it.  Plaintiff has undertaken these productions on multiple occasions even though it is a time-consuming process that requires Plaintiff's direct and substantial involvement.

Moreover, Plaintiff has already supplemented her social media production in direct response to Uber's stated concerns.  What has not occurred, however, is that the parties have not had any meaningful discussion about what, if anything, Uber requires for trial that remains deficient from that supplemented production. Before burdening the Court with a discovery dispute, Plaintiff is entitled to understand precisely which documents or posts Uber takes issue with, and whether there is a solution to the issue.  Plaintiff may be able to resolve the issue.  But there may not be a resolution.  As you know, how social  media platforms retain historical information is not something within the Plaintiff's control.  This is why the process is inherently iterative.
We remain willing to meet and confer further on these issues before the parties proceed to any joint filing. I will send a calendar invite for tomorrow at 11amCT/12pmET.

Best,

Layne

**Layne C. Hilton, Esq. | Attorney**

**PHONE** 866.827.6537 **| DIRECT** 614.255.2697
**EMAIL** lhilton@meyerwilson.com

Inbox - Layne Hilton - Outlook

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Thursday, July 30, 2026 12:50 PM
**To:** Layne Hilton <lhilton@meyerwilson.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Emily Beeson <Emily.Beeson@chaffinluhana.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Cc:** Simon Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel Abrams <rabrams@peifferwolf.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin QUEENAN <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Wilkins, Beth <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Steven Cohn <cohn@chaffinluhana.com>; Davidson, Jessica <jessica.davidson@kirkland.com>
**Subject:** RE: QLF

Layne,

I will ignore your inappropriate personal attacks and focus on the issues.

We have raised this issue with your team multiple times over email, on meet and confers, and before the Court at the hearing last week.  I know you are new to these issues, so maybe you should check with your team before making erroneous statements (like your statement that this was not addressed with the Court when it was and is in the minute order).

Please see my email from July 14 on this same thread, in which we raised these very issues. We requested a meet and confer on these issues and several other discovery issues. The parties met and conferred on July 15. Sarah, Simon, Carlos, Alex, and Isa attended for the Plaintiffs.

We specifically discussed the issues raised in our July 14 email on the meet and confer on July 15. We were told that Plaintiff would not attempt to identify the persons she exchanged messages with. We asked when you were committed to completing your production and have never received a clear answer. We raised the fact that these records appeared to have been downloaded in 2025. You said that these were not produced earlier because that was before you agreed to produce records. We expressed to you that we intended to raise these issues with the Court if Plaintiff would not remedy them.

On July 16, I followed up with an email reiterating our discussion and our understanding of your positions. *See* July 16 email also on this thread. You have not remedied the issues we raised on July 14.

We also raised these issues in the JSR that was jointly submitted by the parties on July 20. You represented that Plaintiff had remedied technical deficiencies in her initial production to the extent feasible. However, as outlined in our PTO brief, this is simply not accurate and many deficiencies remain.  If it is your position you've done everything you can to remedy these issues, then it seems like you have a short letter brief you can prepare promptly.

We again raised these issues with Plaintiff's social media production with Judge Cisneros at the status conference last week on July 23. Judge Cisneros ordered the parties to file a joint discovery letter by July 31. This is all very clear on the transcript.

You cannot unilaterally decide an issue is unripe because you chose not to respond to Uber's concerns.  For example, Plaintiffs are intent on moving forward on a brief seeking to limit Uber to 10 depositions when Uber hasn't requested 10 depositions.  We don't think that is ripe, but we will be responding to you shortly on it.  If you want to say these issues aren't ripe, please feel free to tell that to the Court.  But if you do not respond, we will just go ahead and just file our position.

Thanks,

Mike

**Michael Vives**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**KIRKLAND & ELLIS LLP**

601 Lexington Avenue, New York, NY 10022

**T** +1 646 444 9335 **M** +1 845 820 2372

**F** +1 212 446 4900

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

michael.vives@kirkland.com

---

**From:** Layne Hilton <lhilton@meyerwilson.com>
**Sent:** Thursday, July 30, 2026 12:49 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Emily Beeson <Emily.Beeson@chaffinluhana.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Cc:** Simon Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel Abrams

<rabrams@peifferwolf.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin QUEENAN <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Wilkins, Beth <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Steven Cohn <cohn@chaffinluhana.com>; Davidson, Jessica <jessica.davidson@kirkland.com>
**Subject:** Re: QLF

Michael:

Raising speculative issues while filibustering during a case management conference does not constitute a meet-and-confer between the Parties, and Uber knows this.  Clearly Judge Cisneros does not want the Parties to raise unripe issues to the level of a PTO 8 letter brief.  *See* ECF No. 6923.  Plaintiff attempted to resolve issues you raised "weeks ago" in a subsequent production on July 20, 2026.  You have not yet identified how and in what way this new production is deficient.

Please provide the requested list of social media deficiencies such that Plaintiff's counsel can make the proper and necessary inquiries, and the Parties can have a productive meet-and-confer.

Best,

Layne

**Layne C. Hilton, Esq. | Attorney**

**PHONE** 866.827.6537 **| DIRECT** 614.255.2697

**EMAIL** lhilton@meyerwilson.com

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Thursday, July 30, 2026 11:36 AM

**To:** Layne Hilton <lhilton@meyerwilson.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Emily Beeson <Emily.Beeson@chaffinluhana.com>; Love, Cohl K. <cohl.love@kirkland.com>

**Cc:** Simon Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel Abrams <rabrams@peifferwolf.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin QUEENAN <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Wilkins, Beth <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Steven Cohn <cohn@chaffinluhana.com>; Davidson, Jessica <jessica.davidson@kirkland.com>

**Subject:** RE: QLF

Hi Layne,

That's not true. I raised it at he hearing and the Court told us to get a brief by Friday. We have also sent you these very issues weeks ago. Please respond so we can get this resolved. Thanks.

**Michael Vives**

–––––––––––––––––––––––––––––––––––––––––––––

**KIRKLAND & ELLIS LLP**

601 Lexington Avenue, New York, NY 10022

**T** +1 646 444 9335 **M** +1 845 820 2372

**F** +1 212 446 4900

–––––––––––––––––––––––––––––––––––––––––––––

michael.vives@kirkland.com

---

**From:** Layne Hilton <lhilton@meyerwilson.com>
**Sent:** Thursday, July 30, 2026 12:35 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Emily Beeson <Emily.Beeson@chaffinluhana.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Cc:** Simon Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel Abrams <rabrams@peifferwolf.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar

<alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin QUEENAN
<kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura
<laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>;
Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith
Drukker Stratigopoulos <mdrukker@guerrallp.com>; Wilkins, Beth <bwilkins@anapolweiss.com>; Borge, Theresa
<theresa.borge@kirkland.com>; Steven Cohn <cohn@chaffinluhana.com>; Davidson, Jessica
<jessica.davidson@kirkland.com>

**Subject:** Re: QLF

Michael:

This issue is clearly not ripe for a PTO 8 brief.  Indeed, at no point after last week's Case Management
Conference did you raise the issue of Plaintiff's social media production in the multitude of emails you
sent on the QLF discovery issues, nor did you raise any social media issues on the Parties' conferral on
Monday.  Plaintiff believed you Uber reviewed the latest productions after the CMC and decided the
Parties did not require the Court's intervention on this issue.

Nevertheless, Plaintiff will, of course, make herself available to meet-and-confer on the issue as is
required by the PTO 8 process.  But because these issues will require some investigation by Plaintiff's
counsel, Plaintiff requests a comprehensive list of the so-called deficiencies (with citations) in the social
media production (to the extent there are more than the smattering of examples you provide in the
draft PTO letter).  After we receive this list, Plaintiff will promptly set up a time for the Parties to meet
and confer with sufficient time to allow for the necessary inquiries.

Best,

Layne

**Layne C. Hilton, Esq. | Attorney**

**PHONE** 866.827.6537 **| DIRECT** 614.255.2697

**EMAIL** lhilton@meyerwilson.com

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Thursday, July 30, 2026 10:13 AM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>; Emily Beeson <Emily.Beeson@chaffinluhana.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Cc:** Layne Hilton <lhilton@meyerwilson.com>; Simon Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel Abrams <rabrams@peifferwolf.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin QUEENAN <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Wilkins, Beth <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Steven Cohn <cohn@chaffinluhana.com>; Davidson, Jessica <jessica.davidson@kirkland.com>
**Subject:** RE: QLF

All,

Please see Uber's PTO8 letter brief regarding Plaintiff's social media production.  As you know, this is due to be filed tomorrow.

Thanks,

Mike

**Michael Vives**

========================================

**KIRKLAND & ELLIS LLP**

601 Lexington Avenue, New York, NY 10022

**T** +1 646 444 9335 **M** +1 845 820 2372

**F** +1 212 446 4900

========================================

michael.vives@kirkland.com

---

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Thursday, July 30, 2026 9:17 AM
**To:** Emily Beeson <Emily.Beeson@chaffinluhana.com>; Love, Cohl K. <cohl.love@kirkland.com>; Vives, Michael <michael.vives@kirkland.com>
**Cc:** Layne Hilton <lhilton@meyerwilson.com>; Simon Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel Abrams <rabrams@peifferwolf.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin QUEENAN <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Wilkins, Beth <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Steven Cohn <cohn@chaffinluhana.com>; Davidson, Jessica <jessica.davidson@kirkland.com>
**Subject:** Re: QLF

---

Good Morning Mike and Cohl, can you please send the substantive cites/exhibits to your portion of the PTO 8 letter now? As I stated previously, this should have been provided when you sent your draft on July 28, however, we still have not received.

Best,

Roopal

**Roopal Luhana | Partner**

**E:** Luhana@chaffinluhana.com

**P:** (347) 269-4461

**Serving clients nationwide with offices in CT, NY, PA, and WV.**