# EXHIBIT 10

## Isabel Velez

| | |
|---|---|
| **From:** | Isabel Velez |
| **Sent:** | Thursday, July 2, 2026 4:55 PM |
| **To:** | 'Vives, Michael' |
| **Cc:** | Sarah London; Andrew Kaufman; Rachel B. Abrams; Roopal P. Luhana; Carlos Lopez; 'Alexandra Cassar'; 'Stacey White'; Kevin Queenan; 'Wyatt, Geoffrey M.'; 'Vartain, Laura'; 'Brown, Alli'; 'Bueno, Kim'; 'Benfield, Katie'; 'Einstein, Jordan'; 'Meredith Drukker Stratigopoulos'; Simon S. Grille; Elizabeth Wilkins; 'Borge, Theresa' |
| **Subject:** | RE: QLF |

Mike,

Please see our responses to your remaining questions.

Depositions:

We intend to hold on 25 hours for Uber's time for 3rd party witness depos, until we see a more particularized showing of depos that are proportionate, not unduly harassing, or cumulative. We are working on streamlining our list of potential witnesses over the next week or two.

Communications:

We acknowledge receipt of your questions regarding preservation and Plaintiff's devices. We will provide you with additional information responsive to your questions by next week, as we are working with experts regarding Plaintiff's devices and data.

We are exploring additional avenues to determine whether we can locate Plaintiff's contemporaneous communications, which will add some time to us providing you an answer regarding the contemporaneous communications. We are doing everything we can to quickly and thoroughly investigate here. We will provide you with an update next week with what we are able to recover and the steps we have taken.

Social Media:

We agree to produce the categories of social media you propose from 2 years prior to the incident (consistent with Judge Cisneros' order). Please confirm that this agreement resolves our dispute regarding Uber's RFP Nos. 16 and 17.

- Social media posts (if any) that depict drug/alcohol use within 24 hours of the alleged incident;
- Social media that evidences the number or dates of rides taken with other rideshare services;
- Social media posts on the topic of Uber and/or rideshare usage;
- Social media relating to any major traumatic experience or trauma Plaintiff experienced;
- Social media relating to any major stressful experiences Plaintiff experienced;
- Social media that indicates Plaintiff experienced emotional pain and suffering;
- Social media relating to Plaintiff's mental health diagnosis of PTSD and depression;
- Social media relating to Plaintiff's alleged damages of "constant fear of men that I don't know"
- Social media related to alcohol use;

1

- Social media materials that depict or make specific reference to Plaintiff's participation in hobbies (defined as "her regular leisure time activities whether they are creative, social, sporting, intellectual or some other type of pursuit"); and
- Social media materials that depict or make specific reference to Plaintiff's attendance at social events (including parties, concerts, weddings, birthday celebrations, and bridal and baby showers).

To serve as an update as to our social media productions, we have been working with a vendor to identify and gather the responsive social media posts and messages to produce. This process also involves us manually reviewing the various posts, comments, and messages for completeness to compile them for production. We plan to produce social media documents in batches on a rolling basis. It is not feasible to complete production by 7/10. We will consult with our vendor and provide you an update on timing, but are endeavoring to produce as much as possible in advance of the 7/22 deposition.

Pharmacy and Insurance Records

It is our understanding that you are seeking sweeping authorizations for all pharmacy and insurance records going back 10 years from the date of the incident to identify relevant treaters that Plaintiff may not have recalled. We object to those requests as overbroad and a fishing expedition. As we stated, we have agreed to subpoena insurance records to aid in identification of any additional providers, and to supplement our responses as appropriate. At this time, the request for pharmacy records for the same purpose is cumulative, disproportionate and unduly harassing. If, however, you have an ask for specific pharmacy records during a specified period of time, and have a basis for such records, we will consider it.

Best,
Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

---

**From:** Isabel Velez
**Sent:** Wednesday, July 1, 2026 9:32 PM
**To:** 'Vives, Michael' <michael.vives@kirkland.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; 'Wyatt, Geoffrey M.' <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; 'Brown, Alli' <alli.brown@kirkland.com>; 'Bueno, Kim' <kim.bueno@kirkland.com>;

'Benfield, Katie' <katie.benfield@kirkland.com>; 'Einstein, Jordan' <jordan.einstein@kirkland.com>; Meredith Drukker
Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Elizabeth Wilkins
<bwilkins@anapolweiss.com>; 'Borge, Theresa' <theresa.borge@kirkland.com>
**Subject:** RE: QLF

Mike,

Please see our responses to your more time-sensitive requests below. We will follow up shortly with
responses to the rest of the items you raised.

Depositions:

Plaintiff is available for a deposition on July 20 and July 22. Please let us know which date works for Uber.

Also confirming that we are representing Plaintiff's parents and her sister. █████ ███████████
today and will be recovering for the next few days, so we will provide deposition dates for ██████
family members early next week.

Medical Records

We understand that the reasoning behind your request for signed authorizations for insurance and
pharmacy records is to determine the identity of ████████ providers (10 years back for mental health,
and 5 years back for medical). We are aligned in this goal of determining the full list of providers, beyond
what has already been provided. We plan to subpoena Plaintiff's insurance provider this week to obtain
the list of Plaintiff's mental health providers (10 years back) and medical providers (5 years back). We will
supplement Plaintiff's discovery responses accordingly with this information. Our position is that
subpoena-ing Plaintiff's insurance provider will effectively identify her treaters, and that attempting to
get this information from pharmacies won't be effective or necessary. We believe this would resolve the
need for PTO 8 letter briefing. Please let us know your position.

Further, it is incorrect that we have not identified any pre-incident treaters. In Plaintiff's 4th supplemental
response to Interrogatories 5 and 6, she lists pre-incident medical providers, as well as pre-incident
mental health providers.

Best,
Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended
recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone
(415.981.4800). Thank you.

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Tuesday, June 30, 2026 7:26 PM
**To:** Isabel Velez <ivelez@girardsharp.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Beth Wilkins <wilkins@chaffinluhana.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** RE: QLF

EXTERNAL EMAIL
Hi Sarah,

I was listening in to the hearing today. I look forward to being able to see the transcript and lining that up to our discussions, but I was surprised to hear the representations that were made in terms of what Plaintiff has done from a discovery perspective so far in this case. To date, you have rejected of our requests for pre-incident records and identification of treaters and refused reasonable proposals that may allow for identification of these treaters and the associated records, have provided very minimal information (only after questions from me) about the lack of Plaintiff's preservation of relevant communications, and have generally objected to providing social media productions. Despite all that, we are hopeful that we can either resolve some issues promptly or involve the Court so they can ensure discovery proceeds at a reasonable pace here.

**Depositions:**
- Can you please provide a date for Plaintiff's deposition before July 30? You indicated during the hearing that we had not previously requested Plaintiff's deposition in July. Please see my email sent yesterday at 8:24 AM.
- Please confirm by EOD tomorrow if you are representing Plaintiffs parents and sister. You have said you "anticipate" representing them for over a week now. If we do not hear from you by tomorrow, we will proceed with serving them with subpoenas/contacting them directly. If you are representing them, provide dates by the end of this week for their depositions.
- We understand you do not represent any of the other third parties so we will work with them on getting their depositions set.
- Plaintiff's initial disclosures served today include over 50 third party fact witnesses (up from 40 in your previously served amended disclosures). As requested on Friday, can you please look through there and give us some information about who you may actually intend to call to trial? That will give us some better ability to streamline our requests and make it so we can all proceed efficiently here.

**Medical Records:**
- We are at an impasse here. We will be getting you a PTO8 letter brief requesting signed insurance and pharmacy authorizations going back 10 years before the incident.
- To make sure there is no confusion, your discovery responses do not identify a single pre-incident treater and you have represented that the Plaintiff is unable to recall the names of these individuals. As I have pointed out to you several times, it is clear Plaintiff ████████████████████████████ ████████████████████. Because you cannot identify these individuals, we made a reasonable request that you provide us with signed pharmacy and insurance authorizations that we could use to work to identify these treaters and collect their records. You initially rejected that out of hand with no explanation. Last night, you offered to provide a pharmacy authorization going back 5 years. That is not sufficient as that plainly will not allow us to identify the treaters we have asked about several times already, namely the pre-incident mental

4

health treaters. Unless you are willing to change your position and provide the requested authorizations, we plan to proceed with PTO8 letter briefing. In light of Plaintiff's request to expedite the PTO8 letter briefing process, we'll get you our position on 7/2 and you can add yours on 7/6 and we can file on 7/7.

**Communications:**
- In light of your representations to the Court that you have been "transparent" regarding the lack of third-party communications about the incident (which was only disclosed to us on 6/26 only after I specifically asked you questions about why no communications have been produced), please answer the following questions:
  - When did Plaintiff's lawyers (both the Queenan Law Firm and Plaintiff leadership who seem to now also be representing ████████) become aware that Plaintiff likely did not preserve contemporaneous or relevant communications? As you know, Uber has had discovery pending asking for all relevant communications since at least 2025 so presumably this concern has been known for some time.  Please provide specific answers as to Plaintiff Leadership and the Queenan Law Firm.
  - The only explanation we have received to date about what efforts Plaintiffs are undertaking to attempt recover these communications is from Isa's email last night (6/29) at 7:34 PT.  That email stated "Plaintiff replaced her phone after the incident, but prior to the end of 2020, well before she was represented by Queenan Law Firm. A forensic image of Plaintiff's relevant device, as well as repair of a previous laptop, is underway now in an attempt to recover communications on her previous phone. Plaintiff is, and has been, complying with her preservation obligations."
    - We need a lot more details about what, specifically, is being done to attempt to retrieve these materials from Plaintiff's prior devices. Please provide, in detail, the specific steps Plaintiff has taken here. If additional information is not provided, we will need to involve the Court formally.  We'd also ask that you provide responses to the following questions:
      - What type of phone did Plaintiff have at the time of the incident (e.g., iPhone, android, etc.)?
      - Is it your representation that when Plaintiff got rid of her phone in 2020 she did not transfer over her data to her new device as is standard practice?
      - Have you sought any materials from Apple/Google or ████████ cellphone provider? Have you worked to collect materials that have been archived to iCloud if Plaintiff has an iPhone?
      - When did Plaintiff get her current device and what is the date range for communications stored on that device?
      - You state a "repair of a previous laptop is underway now" – is there an expectation that if that repair is successful it would include contemporaneous communications about the incident?
      - When will your alleged efforts to retrieve these materials be complete? When will we know whether any contemporaneous communications do or do not exist?

**Social Media:**
- As you know, you previously told us Plaintiff has "a lot" of social media and asked for search terms. We responded to you yesterday by providing you with specific types of social media that we want you to produce consistent with Judge Cisneros's prior orders.  Are you agreeing to produce social media in the below categories (all of which were previously agreed to or ordered by Judge Cisneros)? Please let us know tomorrow on this so we can begin briefing the issue if we do not have agreement.
  - Social media posts (if any) that depict drug/alcohol use within 24 hours of the alleged incident;
  - Social media that evidences the number or dates of rides taken with other rideshare services;
  - Social media posts on the topic of Uber and/or rideshare usage;
  - Social media relating to any major traumatic experience or trauma Plaintiff experienced;
  - Social media relating to any major stressful experiences Plaintiff experienced;
  - Social media that indicates Plaintiff experienced emotional pain and suffering;
  - Social media relating to Plaintiff's mental health diagnosis of PTSD and depression;
  - Social media relating to Plaintiff's alleged damages of "constant fear of men that I don't know"

- o Social media related to alcohol use;
  - o Social media materials that depict or make specific reference to Plaintiff's participation in hobbies (defined as "her regular leisure time activities whether they are creative, social, sporting, intellectual or some other type of pursuit").
  - o Social media materials that depict or make specific reference to Plaintiff's attendance at social events (including parties, concerts, weddings, birthday celebrations, and bridal and baby showers) from two years before the alleged incident through the present
- As to time limitations, you are correct that Judge Cisneros previously ordered production from two years prior to the incident to the present.  We agree to that same time scope here.

Thanks,
Mike


**Michael Vives**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

---

michael.vives@kirkland.com

---

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Monday, June 29, 2026 7:34 PM
**To:** Vives, Michael <michael.vives@kirkland.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Beth Wilkins <wilkins@chaffinluhana.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** RE: QLF

Mike,

Please see responses to your points below.

Timing: We are committed to working expeditiously on moving this case forward and communicating our response timelines.

Depositions
As stated during our meeting, we will send deposition dates over once we finalize retention agreements with the rest of the ███████

We will coordinate scheduling with treaters.

We are considering your cap proposal and will get back to you.