ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31** |
| This Document Relates to: | Date:       August 28, 2026 |
| *Jane Roe CL 158 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04038-CRB, | Time:       10:00 a.m. |
| | Courtroom:   6 – 17th Floor |
| *Jane Doe LS 671 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00422-CRB, | |
| *TA.T. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00961-CRB, | |
| *JLG 277 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02710-CRB, and | |
| *Jane Roe CL 304 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-03033-CRB. | |

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with PTO 31, ECF 6785, Defendants established that certain Plaintiffs have failed to comply with PTO 31, which required Plaintiffs who had not produced a bona fide Uber ride receipt and whose rides could not be substantiated to provide, within 30 days and under penalty of perjury, a detailed explanation of their efforts to locate that receipt and the reasons it could not be found. ECF 3877. The Court was clear in PTO 31: "A failure by a Plaintiff to provide the information required in this Order by the deadlines . . . shall subject the Plaintiff to dismissal without prejudice. *Id.* Moreover, effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006).

Two of the Plaintiffs at issue, Jane Doe LS 671 and JLG 277, have not responded to Defendants' motion and therefore should be deemed to have consented to the relief Uber seeks. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States*, 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte*, No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Thus, because these Plaintiffs compounded the failure to timely comply with PTO 31 by failing to timely oppose Uber's motion to dismiss, the motion should be granted as to them.

Two of the remaining three Plaintiffs, TA.T. and Jane Roe CL 304, claim that dismissal should be denied because they have now cured their non-compliance with PTO 31. ECF 6895 at 2; ECF 6901 at 2. Plaintiffs have not offered any acceptable justification for their late submissions, nor any acknowledgement of their failure to comply with this Court's order, and Defendants should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Defendants have confirmed that TA.T. and Jane Roe CL 304 have made PTO 31-related

1

submissions, and therefore withdraw their motion as to these Plaintiffs. Defendants reserve and do not waive any potential arguments regarding prejudice to Defendants and the sufficiency of Plaintiffs' late submissions. Defendants further reserve the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiffs or counsel for continued disregard of this Court's orders. For this Court's convenience, Defendants file herewith an Amended Proposed Order reflecting the withdrawal of the motion as to these Plaintiffs.

With regard to the final Plaintiff at issue, Jane Roe CL 158, Cutter Law argues that it "has diligently communicated with [her] throughout the course of litigation" and continues to follow up, such that it hopes she will comply with PTO 31 "with a brief extension." ECF 6901 at 2. But as set forth in Defendants' Motion, Jane Roe CL 158 was notified of her obligation to submit a ride receipt or sworn statement nearly four months ago, on April 2, 2026. ECF 6785-2. The Court's deadline for her to comply was accordingly nearly three months ago. *Id.* She did not ask this court for an extension before that deadline passed, instead choosing to simply ignore her obligations. "Deadlines are not optional. If a party cannot meet a deadline, that party should meet and confer with the other side and shall request leave of Court reasonably before the deadline passes to extend the time." *21st Century Brands Ltd. v. RTW Retailwinds Acquisition LLC,* No. 22-cv-7539, 2024 WL 5504878, at *1 (N.D. Cal. March 12, 2024). When Jane Roe CL 158 filed her complaint, she voluntarily took on the responsibility to comply with court orders and deadlines, just like any other litigant, *see Khan v. Rogers*, No. 17-cv-05548, 2018 WL 4693414, at *2 (N.D. Cal. Sept. 28, 2018), and her months of flouting of this Court's orders should not be so easily absolved, particularly here where Plaintiffs' counsel makes no commitment the Plaintiff will actually comply with the Court's orders but rather seeks an open ended time to simply continue reaching out to Plaintiff.

Accordingly, pursuant to Amended PTO 31, this Court should enter an order in the form of the Amended Proposed Order submitted with its Reply, dismissing the relevant Plaintiffs' cases without prejudice.

2

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

Dated: August 3, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093
*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

3

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB