# GZJ KDKV''A

# JOINT LETTER REGARDING DEFENDANTS' DEPOSITION LIMITS FOR QLF 001

**Pages 1 - 37**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

IN RE:  UBER TECHNOLOGIES,      )
INC., PASSENGER SEXUAL ASSAULT )
LITIGATION                      )   **NO. C 23-md-03084-CRB**
                                )
                                )
_____)

San Francisco, California
Tuesday, June 16, 2026

**TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**: (via videoconference)

For Plaintiffs:

CHAFFIN LUHANA LLP
600 Third Avenue - 12th Floor
New York, New York  10016
**BY:  ROOPAL LUHANA, ATTORNEY AT LAW**


PEIFFER WOLF CARR KANE CONWAY & WISE
555 Montgomery Street - Suite 820
San Francisco, California 94111
**BY:  RACHEL B. ABRAMS, ATTORNEY AT LAW**

GIRARD SHARP LLP
601 California Street - Suite 1400
San Francisco, California  94108
**BY:  SARAH R. LONDON, ATTORNEY AT LAW**


**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


Remotely Reported:  Marla F. Knox, RMR, CRR
CSR No. 14421, Official U.S. Reporter

re-visit this; okay.

All right.  But let's assume just for the sake of this discussion that I'm right; that -- then Jane Doe will be tried in Texas.  I want to try it first before the other one, and I want it -- I think -- you know, I have gone through all the issues; and it seems to me a very, very good bellwether case because it's not going to be confused by all the other issues of liability; that is, the vicarious, common carrier or any of those issues.  It's a lot cleaner.  It is based upon negligence and based upon a defective -- a products liability issue, which may or may not be any good.  I don't know.  But that's -- but it's well pled.  That is, I mean, there is a lot in there.  So, it's nice and clean.

What I need to know from Uber is -- well, the next thing I need to know is how long the case is going to take.

Now, it's obvious to me that there are two different potential lengths of the case.  What is it you are contesting -- is Uber going to contest the assault?  That is, it didn't happen or it didn't happen that way.  Or are they going to say, yeah, it happened but we were not negligent?  Or -- and the damages, by the way, aren't damages that are claimed.  I mean, those are real issues out there.

What will be time consuming -- when I say "time consuming," I'm just saying it will make a difference in how many days it will take to try the case is whether there is

going to be a challenge to the -- to whether or not the assault occurred.  Because my understanding is in this case the driver was convicted, right, of -- do I have that right?

MS. LONDON:  Yes, Your Honor.

MR. WYATT:  Yes.

THE COURT:  It introduces a number of other issues. Anyway, I don't think -- and I don't know who is taking the lead whether it is you, Ms. Vartain or --

MS. VARTAIN:  Mr. Wyatt has got this one, Your Honor.

THE COURT:  Oh, hey, you got it?  Well, all right.

MR. WYATT:  Yes, Your Honor.

THE COURT:  I'm not asking you for your answer today. I think you have to take a look at it.  Where in Texas am I going to try it?  That is a function of what's available and easy for the Texas courts to accommodate me.  I think there are two possibilities.  One is San Antonio and the other is Austin. Both of those have facilities that would, my understanding, easily accommodate this Court.

I have done some discussions with Texas, and obviously I have to make the necessary arrangements including the Circuit and -- the Circuit -- the Chief Circuit Judges for the Fifth Circuit, for the Ninth Circuit and the Chief Justice of the United States all have to be in agreement as to the transfer of the case.  I have no reason to believe they wouldn't do so. They have done it in the past though I haven't dealt with the

in my view what -- as distinct from whether or not the individual factual context presents a totally different picture -- but putting that aside, in terms of -- in terms of the liability, in terms of -- pardon me, in terms of the product and in terms of how the product was developed and so forth and what did Uber know and what should they have done and so forth, that's been explored.  That's been explored.

And my guess is that -- oh, I have no guess.  I don't need to guess.  The question really is how much more time do you need to work this up?

Well, interestingly enough -- and what cuts against your argument in large part for the Jane Doe -- is that the facts have been worked up already, and they have -- they have resulted in a -- in, I guess, a criminal conviction.  So, you know a fair amount.

            **MS. BROWN:**  Your Honor --

            **THE COURT:**  A fair amount of investigation has been conducted with respect to what happened that night or day or whenever it was.  That's there.

Now, that's not the same thing as saying you have to accept it.  I mean, it may be totally contrary to what you think actually happened or what can be proven, which is why I need to know from you in fairly short order -- when I say "short order," I need to know from you as to whether or not you are going to contest it.  You might.  You have a right to

MS. BROWN: Thank you. So, Your Honor, there are logistical things that I need to do to try this case that the timing is in the hands of third parties. I am going to want to serve discovery on third parties potentially. There is a whole criminal trial that I need to unpack and see if there still exists evidence that I might want.

And the timing of just getting that stuff so I can give it to my experts is not -- as many Kirkland people as I put on that doesn't fix that problem. And so, I think because nothing has been done -- there has been almost nothing done in this case, it is absolutely impracticable to think that we could get this to trial in September in a way that truthfully is fair to the due process rights of Uber.

We need to defend this case, and I need to have medical records and my experts with the information they need to opine on the issues --

THE COURT: I agree. I couldn't agree with you more. You need the medical records. You need to prepare your experts. I agree. You are absolutely right. Now, so we now talk to the Plaintiffs and say: When are you going to produce these records? How can you expedite it? It's -- you know, the ball is really in the Plaintiffs' court. You know, they turn this stuff over. They get this stuff going. They --

MS. BROWN: We don't have a lot of it.

THE COURT: What?

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   June 16, 2026

_Marla Knox_
_____

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter