# GZJ KDKV E

# JOINT LETTER REGARDING DEFENDANTS' DEPOSITION LIMITS FOR QLF 001



**QUEENAN LAW**

THE QUEENAN LAW FIRM, P.C.

731 STATION DRIVE
ARLINGTON, TEXAS
76015

817.635.3333 P
817.635.4444 F

queenanlaw.com

July 30, 2026

███████████████████

Re:    *Jane Doe QLF 0001 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-08387*

Dear ████████████

If you have any attorney, please give this letter to your attorney.

We represent Plaintiff Jane Doe QLF in the above-referenced lawsuit. We received a copy of the third party subpoena Uber has served on you seeking Plaintiff's medical records and documents regarding this action. Plaintiff has objected to the document requests in the subpoena as overbroad, encompassing documents that are not relevant to the claims and defenses at issue in this case, and as disproportionate to the needs of the case. Attached to this letter are Plaintiff's objections to the document requests in Uber's subpoena to you.

We request that you hold off on making an early production of documents, as to afford us time to reach an agreement with Uber and/or make the necessary filing/motion with the Court and for the Court to rule on our objections.

Additionally, Uber has represented to us that the deposition date on the subpoena you were issued is a placeholder date and is not moving forward on that date. We understand that you may be in contact with Uber regarding scheduling your deposition.

With kindest regards, I am

Yours very truly,

Carlos Lopez

J:\1291\1\LETTERS\Cover Letter to Treaters.docx

Sarah R. London (State Bar No. 267083)
Simon Grille (State Bar No. 294914)
Andrew Kaufman (*Pro Hac Vice*)
Isabel Velez (State Bar No. 359574)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: akaufman@girardsharp.com
Email: ivelez@girardsharp.com

M. Kevin Queenan (*Pro Hac Vice*)
Carlos Lopez (*Pro Hac Vice*)
**Queenan Law Firm P.C**.
731 Station Drive
Arlington, Texas 76015
Phone: (817) 635-3333
Facsimile: (817) 635-4444
E-mail: service@queenanlaw.com
E-mail: carlos@queenanlaw.com

*Attorneys for Plaintiff Jane Doe QLF 001*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al., 3:24-cv-08783* | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF PLAINTIFF'S TREATERS** |

1

Plaintiff Jane Doe QLF 001 ("Plaintiff") hereby objects to Defendants' document requests contained in the Notice of Videotaped Deposition of Plaintiff's Treaters (the "Requests,") as follows:

## OBJECTIONS TO REQUEST FOR PRODUCTION

## GENERAL OBJECTIONS

1.  Plaintiff objects to Defendants' document requests contained in Attachment A to the third party subpoena directed to Plaintiff's Treaters (the "Requests") to the extent they encompass information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

2.  Plaintiff objects to the Requests because they seek to impose burdens on a non-party that are inconsistent with that non-party's discovery obligations under the Federal Rules of Civil Procedure.

3.  Plaintiff objects to the Requests to the extent they encompass materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

4.  Plaintiff objects to the Requests on the basis of privacy. Plaintiff objects to the production of documents containing information to which parties or non-parties have a legitimate expectation or right of privacy.

5.  Plaintiff objects to the Requests because they are overbroad in scope and time, as records from over 10 years prior to Plaintiff's assault are not relevant to the claims and defenses at issue in this action.

6.  Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

7.  Plaintiff objects to the Requests because they seek the disclosure of information that is neither relevant nor proportional to the needs of this action.

8.  Any information disclosed by Plaintiff's Treaters in response to Defendants' document requests contained in Attachment A is subject to all objections as to competence, relevance, materiality and admissibility, as well as to any other objections on any grounds that would require the exclusion of such information if it were offered into evidence, and Plaintiff expressly reserves all such objections.

9.  With the exception of Request No. 1, Plaintiff incorporates these general objections into each of the responses below as if fully set forth.

1

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF
PLAINTIFF'S TREATERS

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1**:

Please provide a current copy of your curriculum vitae or resume.

**RESPONSE:**

Plaintiff does not object to this Request.

**REQUEST NO. 2**:

Please provide your entire file related to PLAINTIFF, including all medical health records, notes, text messages or other communications via any platform or electronic device, intake and exit forms, diagnostic test results, billing records, pharmacy and prescription records, and/or insurance claims pertaining to treatment or services YOU provided PLAINTIFF.

**RESPONSE**:

Plaintiff objects to this Request to the extent that it encompasses information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

Plaintiff objects to this Request, as it is overbroad in scope of time, as documents from over 10 years prior to Plaintiff's assault are not relevant to the claims and defenses at issue in this action.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request, as the documents requested are already within Defendants' possession and control.

**REQUEST NO. 3**:

All DOCUMENTS reflecting any communications, INCLUDING, but not limited to letters, ELECTRONIC MAIL, text messages, patient portal messages, telecopies, and attachments, RELATED TO treatment between YOU and PLAINIFF.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it encompasses information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

Plaintiff objects to this Request, as it is overbroad in scope of time, as documents from over 10 years prior to Plaintiff's assault are not relevant to the claims and defenses at issue in this action.

2

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF PLAINTIFF'S TREATERS

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request, as the documents requested are already within Defendants' possession and control.

**REQUEST NO. 4**:

All DOCUMENTS reflecting any communications, INCLUDING, but not limited to letters, ELECTRONIC MAIL, text messages, patient portal messages, telecopies, and attachments, RELATED TO this lawsuit between YOU and PLAINIFF.

**RESPONSE**:

Plaintiff objects to this Request to the extent that it encompasses materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff objects to this Request to the extent that it encompasses information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

Plaintiff objects to this Request, as it is overbroad in scope of time, as documents from over 10 years prior to Plaintiff's assault are not relevant to the claims and defenses at issue in this action.

Plaintiff objects to this Request, as the documents requested are already within Defendants' possession and control.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to Defendants' use of the overbroad term "related to." *See, e.g.*, *Frieri v. Sysco Corp.*, 2017 WL 3387713, at *11 (S.D. Cal. Aug. 4, 2017) ("[O]verbroad requests for "all documents" related to the broad categories identified are not proportionate to the needs of the case.").

**REQUEST NO. 5**:

All DOCUMENTS reflecting or relating to any communications exchanged between YOU, and/or PLAINTIFF'S other health care providers that relate to PLAINTIFF.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it encompasses information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

3

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF PLAINTIFF'S TREATERS

Plaintiff objects to this Request, as it is overbroad in scope and time, as documents from over 10 years prior to Plaintiff's assault are not relevant to the claims and defenses at issue in this action.

Plaintiff objects to this Request, as the documents requested are already within Defendants' possession and control.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to Defendants' use of the overbroad term "relate to." *See, e.g.*, *Frieri v. Sysco Corp.*, 2017 WL 3387713, at *11 (S.D. Cal. Aug. 4, 2017) ("[O]verbroad requests for "all documents" related to the broad categories identified are not proportionate to the needs of the case.").

**REQUEST NO. 6**:

ALL DOCUMENTS reflecting or relating to any communications exchanged between YOU and PLAINTIFF'S lawyers related to this lawsuit or Plaintiff's allegations against Uber.

**RESPONSE**:

Plaintiff objects to this Request to the extent it encompasses materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff objects to this Request to the extent that it encompasses information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

Plaintiff objects to this Request, as it is overbroad in scope of time, as documents from over 10 years prior to Plaintiff's assault are not relevant to the claims and defenses at issue in this action.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request, as the documents requested are already within Defendants' possession and control.

Plaintiff objects to Defendants' use of the overbroad term "related to." *See, e.g.*, *Frieri v. Sysco Corp.*, 2017 WL 3387713, at *11 (S.D. Cal. Aug. 4, 2017) ("[O]verbroad requests for "all documents" related to the broad categories identified are not proportionate to the needs of the case.").

July 23, 2026                                                    Respectfully submitted,

4

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF
PLAINTIFF'S TREATERS

s/      *Simon S. Grille*
Sarah R. London (State Bar No. 267083)
Simon Grille (State Bar No. 294914)
Andrew Kaufman (*Pro Hac Vice*)
Isabel Velez (State Bar No. 359574)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: akaufman@girardsharp.com
Email: ivelez@girardsharp.com

M. Kevin Queenan (*Pro Hac Vice*)
Carlos Lopez (*Pro Hac Vice*)
**Queenan Law Firm P.C**.
731 Station Drive
Arlington, Texas 76015
Phone: (817) 635-3333
Facsimile: (817) 635-4444
E-mail: service@queenanlaw.com
E-mail: carlos@queenanlaw.com

*Attorneys for Plaintiff*

5

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF
PLAINTIFF'S TREATERS

**PROOF OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in San Francisco, California. My business address is Girard Sharp LLP, 601 California St #1400, San Francisco, CA 94108.

On the date set forth below, I caused the following document(s):

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF PLAINTIFF'S TREATERS**

to be served by providing a true copy thereof addressed to each of the persons named below:

Christopher D. Cox
Jessica Davidson
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
christopher.cox@kirkland.com

Laura Vartain Horn
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com
jessica.davidson@kirkland.com

Allison M. Brown
Caroline Power
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com
caroline.power@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and  RASIER-CA, LLC

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF
PLAINTIFF'S TREATERS

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 24, 2026 in San Francisco, California.

/s/ Isabel Velez
Isabel Velez

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF PLAINTIFF'S TREATERS