# GZJ KDKV F

# JOINT LETTER REGARDING DEFENDANTS' DEPOSITION LIMITS FOR QLF 001



**QUEENAN LAW**

THE QUEENAN LAW FIRM, P.C.

731 STATION DRIVE
ARLINGTON, TEXAS
76015

817.635.3333 P
817.635.4444 F
queenanlaw.com

July 30, 2026

███████████████████████

Re:    *Jane Doe QLF 0001 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-08387*

Dear ████████████

If you have any attorney, please give this letter to your attorney.

We represent Plaintiff Jane Doe QLF in the above-referenced lawsuit. We received a copy of the third party subpoena Uber has served on you seeking communications with Plaintiff Jane Doe QLF 001 ("Plaintiff") and documents regarding this action. Plaintiff has objected to the document requests in the subpoena as overbroad, encompassing documents that are not relevant to the claims and defenses at issue in this case, and as disproportionate to the needs of the case. Attached to this letter are Plaintiff's objections to the document requests in Uber's subpoena to you.

We request that you hold off on making an early production of documents, as to afford us time to reach an agreement with Uber and/or make the necessary filing/motion with the Court and for the Court to rule on our objections.

Additionally, Uber has represented to us that the deposition date on the subpoena you were issued is a placeholder date and is not moving forward on that date. We understand that you may be in contact with Uber regarding scheduling your deposition.

With kindest regards, I am

Yours very truly,

Carlos Lopez

J:\1291\1\LETTERS\Cover Letter to Treaters.docx

Sarah R. London (State Bar No. 267083)
Simon Grille (State Bar No. 294914)
Andrew Kaufman (*Pro Hac Vice*)
Isabel Velez (State Bar No. 359574)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: akaufman@girardsharp.com
Email: ivelez@girardsharp.com

M. Kevin Queenan (*Pro Hac Vice*)
Carlos Lopez (*Pro Hac Vice*)
**Queenan Law Firm P.C**.
731 Station Drive
Arlington, Texas 76015
Phone: (817) 635-3333
Facsimile: (817) 635-4444
E-mail: service@queenanlaw.com
E-mail: carlos@queenanlaw.com

*Attorneys for Plaintiff Jane Doe QLF 001*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENAS OF** ████████ |
| *Jane Doe QLF 001 v. Uber Technologies, Inc., et al., 3:24-cv-08783* | |

1

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF ████
████

Plaintiff Jane Doe QLF 001 ("Plaintiff") hereby objects to Defendants' document requests contained in the Notice of Videotaped Deposition of ███████████ (the "Requests,") as follows:

## OBJECTIONS TO REQUEST FOR PRODUCTION

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendants' document requests contained in Attachment A to the third party subpoena directed to ██████████ (the "Requests") to the extent they encompass materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

2. Plaintiff objects to the Requests on the basis of privacy. Plaintiff objects to the production of documents containing information to which parties or non-parties have a legitimate expectation or right of privacy.

3. Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

4. Plaintiff objects to the Requests because they seek the disclosure of information that is neither relevant nor proportional to the needs of this action.

5. Plaintiff objects to the "Requests" because they seek to impose burdens on a non-party that are inconsistent with that non-party's discovery obligations under the Federal Rules of Civil Procedure

6. Any information disclosed by the third parties in response to Defendants' document requests contained in Attachment A is subject to all objections as to competence, relevance, materiality and admissibility, as well as to any other objections on any grounds that would require the exclusion of such information if it were offered into evidence, and Plaintiff expressly reserves all such objections.

7. Plaintiff incorporates these general objections into each of the responses below as if fully set forth.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**:

All non-privileged COMMUNICATION(S) between you and any person, including but not limited to PLAINTIFF, concerning the ALLEGED INCIDENT including, but not limited to, text messages, direct messages on any social media platform, messages on any messaging service, group messages on any

1

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF ███████████

messaging service or social media platform, emails, and/or posts or comments on any social media platform.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it encompasses materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff objects to this Request because there appears to be no reason to seek this discovery from a non-party. Defendants must first pursue discovery from parties to the action on issues relevant to the claims and defenses at issue in the case before seeking discovery from a non-party. Defendants have failed to establish that this discovery from this non-party is warranted.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request to the extent it is vague, overbroad in scope and time and unduly burdensome; and it is not proportional to the needs of the case. Plaintiff objects to Defendants' use of the overbroad term "concerning."

**REQUEST NO. 2:**

ALL COMMUNICATION(S) between you and PLAINTIFF between June 8, 2020 and June 16, 2020 including, but not limited to, text messages, direct messages on any social media platform, messages on any messaging service, group messages on any messaging service or social media platform, emails, and/or posts or comments on any social media platform.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is vague, overbroad in scope and unduly burdensome; and it is not proportional to the needs of the case. The request seeks communications that have nothing to do with the claims or defenses in this case.

Plaintiff objects to this Request to the extent it is irrelevant to the claims and defenses at issue in this case and disproportionate to the needs of the case.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

**REQUEST NO. 3:**

2

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF ███

ALL audio or video recordings you have of PLAINTIFF from the June 8 and 9, 2020, including but not limited to, any photographs, videos, and voice recordings.

**RESPONSE:**

Plaintiff objects to this Request because it is vague, overbroad in scope, unduly Burdensome, and not proportional to the needs of the case. The Request is overbroad and disproportionate to the needs of the case in that it seeks a large swath of irrelevant materials, such as audio recordings, videos, or photos that have nothing to do with the claims and defenses in this case.

Plaintiff objects to this Request because there appears to be no reason to seek this discovery from a non-party. Defendants must first pursue discovery from parties to the action on issues relevant to the claims and defenses at issue in the case before seeking discovery from a non-party. Defendants have failed to establish that this discovery from this non-party is warranted.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

**REQUEST NO. 4**:

All non-privileged COMMUNICATION(S) you exchanged with any of PLAINTIFF'S lawyers or any agent or employee of PLAINTIFF'S lawyer.

**RESPONSE**:

Plaintiff objects to this Request to the extent that it encompasses materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff objects to this Request to the extent it is vague, overbroad in scope and time and unduly burdensome; and it is not proportional to the needs of the case. The request seeks communications that have nothing to do with the claims or defenses in this case.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request to the extent it is irrelevant to the claims and defenses at issue in this case and disproportionate to the needs of the case.

**REQUEST NO. 5**:

All non-privileged DOCUMENT(S) and COMMUNICATION(S) you exchanged with anyone

3

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF ███

concerning this ACTION, including text messages, direct messages on any social media platform, messages on any messaging service, group messages on any messaging services or social media platform, emails, and posts or comments on any social media platform.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it encompasses materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff objects to this Request because there appears to be no reason to seek this discovery from a non-party. Defendants must first pursue discovery from parties to the action on issues relevant to the claims and defenses at issue in the case before seeking discovery from a non-party. Defendants have failed to establish that this discovery from this non-party is warranted.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request to the extent it is vague, overbroad in scope and time and unduly burdensome; and it is not proportional to the needs of the case. Plaintiff objects to Defendants' use of the overbroad term "concerning."

Plaintiff objects to this Request to the extent it is irrelevant to the claims and defenses at issue in this case and disproportionate to the needs of the case.

**REQUEST NO. 6**:

All non-privileged DOCUMENT(S) and COMMUNICATION(S) concerning PLAINTIFF'S pre- or post- incident mental health and/or PLAINTIFF'S alleged damages that you created, received, or exchanged with anyone.

**RESPONSE**:

Plaintiff objects to this Request to the extent that it encompasses materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff objects to producing information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

Plaintiff objects to this Request because there appears to be no reason to seek this discovery from a non-party. Defendants must first pursue discovery from parties to the action on issues relevant to the

4

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF █████
█████████

claims and defenses at issue in the case before seeking discovery from a non-party. Defendants have failed to establish that this discovery from this non-party is warranted.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request on the basis of privacy. Plaintiff objects to the production of documents containing information to which parties or non-parties have a legitimate expectation or right of privacy. This request violates Plaintiff's right to privacy by seeking documents regarding her mental health that are not relevant to any issue in this case.

Plaintiff further objects to this Request to the extent it seeks documents or information that is readily obtainable from other sources.

Plaintiff objects to this Request to the extent it is irrelevant to the claims and defenses at issue in this case and disproportionate to the needs of the case.

Plaintiff objects to this Request to the extent it is vague, overbroad in scope and time and unduly burdensome; and it is not proportional to the needs of the case. Plaintiff's mental health beyond ten years prior to the incident is not at issue in this action. This request is significantly overbroad, as it does not contain a limitation on scope of time. Plaintiff objects to Defendants' use of the overbroad term "concerning." Plaintiff objects to PLAINTIFF'S "pre- or post- incident mental health" as vague and ambiguous.

**REQUEST NO. 7**:

All non-privileged DOCUMENTS or COMMUNICATIONS you have had with UBER.

**RESPONSE:**

Plaintiff objects to this Request because there appears to be no reason to seek this discovery from a non-party. Defendants must first pursue discovery from parties to the action on issues relevant to the claims and defenses at issue in the case before seeking discovery from a non-party. Defendants have failed to establish that this discovery from this non-party is warranted.

Plaintiff further objects to this Request to the extent it seeks documents or information that are equally, and more easily, accessible to Defendants.

Plaintiff objects to this Request to the extent it is irrelevant to the claims and defenses at issue in

5

this case and disproportionate to the needs of the case.

Plaintiff objects to the extent this Request seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request to the extent it is vague, overbroad in scope and time and unduly burdensome, and it is not proportional to the needs of the case.

This non-party's communications with Uber or Uber use is not at issue in this action. This request is significantly overbroad, as it does not contain a limitation on scope or time.

**REQUEST NO. 8**:

All non-privileged DOCUMENTS related to any investigations by law enforcement agencies or officers related to PLAINTIFF including, but not limited to, those involving PLAINTIFF as a witness, suspect, or victim.

**RESPONSE**:

Plaintiff objects to this Request to the extent that it encompasses materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff objects to this Request because there appears to be no reason to seek this discovery from a non-party. Defendants must first pursue discovery from parties to the action on issues relevant to the claims and defenses at issue in the case before seeking discovery from a non-party. Defendants have failed to establish that this discovery from this non-party is warranted.

Plaintiff objects to this Request on the basis of privacy. Plaintiff objects to the production of documents containing information to which parties or non-parties have a legitimate expectation or right of privacy.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff further objects to this Request to the extent it seeks documents or information that is readily obtainable from other sources.

Plaintiff objects to this Request to the extent it is irrelevant to the claims and defenses at issue in this case and disproportionate to the needs of the case.

Plaintiff objects to this Request to the extent it is vague, overbroad in scope and time and unduly

6

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF ███

burdensome; and it is not proportional to the needs of the case. This request is significantly overbroad, as it does not contain a limitation on scope of time or limit to investigations related to this action. Plaintiff objects to Defendants' use of the overbroad term "related to." *See, e.g.*, *Frieri v. Sysco Corp.*, 2017 WL 3387713, at *11 (S.D. Cal. Aug. 4, 2017) ("[O]verbroad requests for "all documents" related to the broad categories identified are not proportionate to the needs of the case.").

**REQUEST NO. 9**:

All non-privileged DOCUMENTS and COMMUNICATIONS about or related to the deposition, testimony, or preparations to provide a deposition or testimony by any person in this ACTION, including but not limited to you.

**RESPONSE**:

Plaintiff objects to this Request to the extent that it encompasses materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff objects to this Request because there appears to be no reason to seek this discovery from a non-party. Defendants must first pursue discovery from parties to the action on issues relevant to the claims and defenses at issue in the case before seeking discovery from a non-party. Defendants have failed to establish that this discovery from this non-party is warranted.

Plaintiff objects to this Request to the extent it is irrelevant to the claims and defenses at issue in this case and disproportionate to the needs of the case.

Plaintiff objects to the extent the Requests seek documents beyond the scope of any court orders or parties' agreements regarding the scope of relevant documents and periods of time.

Plaintiff objects to this Request to the extent it is vague, overbroad in scope and time and unduly burdensome; and it is not proportional to the needs of the case. Plaintiff objects to Defendants' use of the overbroad term "related to." *See, e.g.*, *Frieri v. Sysco Corp.*, 2017 WL 3387713, at *11 (S.D. Cal. Aug. 4, 2017) ("[O]verbroad requests for "all documents" related to the broad categories identified are not proportionate to the needs of the case.").

July 23, 2026                                                 Respectfully submitted,

                                                             s/          *Simon S. Grille*

7

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF ██████
██████████

Sarah R. London (State Bar No. 267083)
Simon Grille (State Bar No. 294914)
Andrew Kaufman (*Pro Hac Vice*)
Isabel Velez (State Bar No. 359574)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: akaufman@girardsharp.com
Email: ivelez@girardsharp.com

M. Kevin Queenan (*Pro Hac Vice*)
Carlos Lopez (*Pro Hac Vice*)
**Queenan Law Firm P.C**.
731 Station Drive
Arlington, Texas 76015
Phone: (817) 635-3333
Facsimile: (817) 635-4444
E-mail: service@queenanlaw.com
E-mail: carlos@queenanlaw.com

*Attorneys for Plaintiff*

8
PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF █████
████████

**PROOF OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in San Francisco, California. My business address is Girard Sharp LLP, 601 California St #1400, San Francisco, CA 94108.

On the date set forth below, I caused the following document(s):

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF** ███████████

to be served by providing a true copy thereof addressed to each of the persons named below:

Christopher D. Cox
Jessica Davidson
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
christopher.cox@kirkland.com

Laura Vartain Horn
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com
jessica.davidson@kirkland.com

Allison M. Brown
Caroline Power
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com
caroline.power@kirkland.com


*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and  RASIER-CA, LLC

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF ███████
███████████

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 23, 2026 in San Francisco, California.

/s/ Isabel Velez
Isabel Velez

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA OF ███████
████████