ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S RESPONSE TO PLAINTIFFS JLG 134 AND JLG 180'S MOTIONS FOR LEAVE TO FILE DISMISSAL WITHOUT PREJUDICE OUT OF TIME** |
| This Document Relates to: | |
| *JLG 134 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04041-CRB | |
| *JLG 180 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08985-CRB | |

As Plaintiffs JLG 134 and JLG 180 conceded in their Motions, ECF 6904 & ECF 6905, this Court long ago dismissed their claims without prejudice for failure to comply with this Court's PTO 31. Specifically, the Court dismissed JLG 134's claims without prejudice in a February 10, 2026 order (ECF 5216) and JLG 180's in a February 13, 2026 order (ECF 5242). Because both of these orders

DEFENDANTS' RESPONSE TO PLAINTIFFS JLG 134 & JLG 180'S
MOTIONS FOR LEAVE TO FILE DISMISSAL WITHOUT PREJUDICE
Case No. 3:23-MD-3084-CRB

involved the dismissal of large numbers of Plaintiffs' cases, the Court also ordered each subject Plaintiff to file a notice of dismissal within a few weeks to ensure that the individual docket for that Plaintiff was administratively closed. ECF 5216; ECF 5242. Plaintiffs JLG 134 and JLG 180 failed to timely comply with that order and now ask this Court's leave to do so belatedly. ECF 6904; ECF 6905.

Clearly, Uber does not oppose Plaintiffs complying with this Court's orders by filing notices of dismissal. But Uber objects to Plaintiffs JLG 134 and JLG 180's contention in their motions that "allowing counsel to file the Dismissal Without Prejudice will promote resolution of the Motions to Dismiss on the merits rather than requiring the Court to rule on the Motion For Dismissal with Prejudice." ECF 6904 at 2; ECF 6905 at 2. The Motions to Dismiss **have already been resolved on the merits**, resulting in the dismissal without prejudice of Plaintiffs' claims. ECF 5216; ECF 5242. Under the plain terms of Amended PTO 10, JLG 134 and JLG 180's dismissals "will be converted to a dismissal with prejudice upon Uber's motion—to be filed no earlier than thirty (30) days after the Court's entry of the Order of Dismissal Without Prejudice" because they have not cured their non-compliance with PTO 31. ECF 4287 at 9. Uber has filed the motion to convert the dismissals and it is fully briefed and awaiting this Court's decision. ECF 5567. Plaintiffs JLG 134 and JLG 380 did not oppose that motion or otherwise respond. Their much-belated compliance with the administrative requirement that they file a notice of dismissal does not somehow insulate their dismissals from being converted to dismissals with prejudice or prevent this Court from granting the conversion motion Plaintiffs did not oppose. Indeed, to the extent Plaintiffs are seeking to file dismissals because they wish to avoid an adverse ruling from this Court converting their dismissals to dismissals with prejudice, their motions are improper. *See Thompson v. Janssen Pharm., Inc.,* 756 F. App'x 740 (9th Cir. 2019) ("A district court may consider whether the plaintiff has asked for a voluntary dismissal to avoid a likely adverse ruling."); *White v. Donley*, No. 05-cv-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008) ("the avoidance of an adverse ruling is an abusive reason to seek dismissal"). Indeed, it would be an "abuse of the judicial process" to allow a party to avoid sanctions for discovery non-compliance "by voluntarily dismissing his case or similar gamesmanship." *Yu v. ByteDance Inc.,* 759 F. Supp. 3d 992, 1002 (N.D. Cal. 2024); *see also Coupa Software Inc. v. DCR Workforce, Inc.*, No. 3:23-cv-3102, 2023 WL 6247252, at *4 (N.D. Cal. Sep.

DEFENDANTS' RESPONSE TO PLAINTIFFS JLG 134 & JLG 180'S
MOTIONS FOR LEAVE TO FILE DISMISSAL WITHOUT PREJUDICE
Case No. 3:23-MD-3084-CRB

22, 2023) ("District courts have broad discretion to deny a motion for voluntary dismissal when the purpose is to avoid an adverse determination on the merits of the action.") (quoting *Moore's Federal Practice* § 41.40[7][b][v] (3d ed. 2018)).

Accordingly, although Uber does not oppose Plaintiffs' motion to comply with this Court's orders by filing administrative notices of dismissal, it objects to Plaintiffs' contention that this belated compliance somehow impacts the resolution of the fully-briefed conversion motion that Plaintiffs did not oppose.

Dated: August 5, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' RESPONSE TO PLAINTIFFS JLG 134 & JLG 180'S
MOTIONS FOR LEAVE TO FILE DISMISSAL WITHOUT PREJUDICE
Case No. 3:23-MD-3084-CRB