UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC.,
PASSENGER SEXUAL ASSAULT
LITIGATION

_____

This Document Relates To:

ALL CASES.

Case No.  23-md-03084-CRB   (LJC)

**ORDER RESOLVING JOINT LETTER
REGARDING QLF001 DEPOSITION
LIMITS**

Re: Dkt. No. 6978

The Court has reviewed the parties' Joint Letter regarding deposition limits for the *QLF001* bellwether case (Dkt. No. 6978) and resolves that dispute as follows.  Absent further order of the Court, each party's limit for depositions in this bellwether case is increased to fifteen.  In addition to that basic limit, up to five witnesses named on an opposing party's final trial witness list who have not previously been deposed (regardless of whether they were named on a list of fact witnesses that Plaintiff or Uber will most likely call at trial) may be deposed after service of that list (or their subsequent addition to any supplemental or amended list) without counting against the fifteen-deposition limit.  Expert witnesses disclosed by an opponent also shall not count against the limit.

This Order is informed by the difficulty that the parties face in identifying the most relevant witnesses during the short period of discovery since this case was selected as a bellwether, and on case management and fairness interests in allowing for informed examination of witnesses at trial, particularly in light of the influence that early bellwether trials may have on the thousands of other cases pending in this MDL.  The Court recognizes that this increase in the presumptive limit of ten depositions is not based on an individualized showing of need for specific depositions.  Even so, an increase in the deposition cap is warranted given the stakes involved in

United States District Court
Northern District of California

the case, as well as to streamline the discovery process and reduce the number of deposition-related disputes. Plaintiff's disclosure of a list of sixteen "third-party fact witnesses that Plaintiff will most likely call to trial" is not a persuasive reason to hold Uber to the default ten-deposition limit established in Rule 30 of the Federal Rules of Civil Procedure. The caps that the Court adopts here are informed by the parties' descriptions of the number and nature of the prospective deponents, and the Court's prior decisions in bellwether cases, which have not maintained the default cap under the federal rules.

This Order should not be construed as suggesting that each party will need to use the full number of depositions now authorized. Nor do the presumptive limits established by this Order preclude a party from requesting a protective order for a deposition, or from seeking to take additional depositions based on particularized, strong showings of need and diligence, though the parties are strongly encouraged to remain within these limits.

The terms set by this Order are based on the parties' arguments in the *QLF001* bellwether case and are therefore limited to that case, at least for now. An order more generally addressing case-specific deposition limit was, however, anticipated in Pretrial Order No. 16, Dkt. No. 866, which established a deposition protocol for common discovery while leaving the case-specific protocol to be addressed in the future. Counsel for Uber and the Plaintiffs' Steering Committee are therefore directed to meet and confer as to whether the limits stated herein should be applied to other bellwether cases going forward, without prejudice to the parties in a particular case jointly or separately requesting that the Court modify these terms based on case-specific circumstances. The parties shall address this issue in the next joint discovery status report and the discovery status conference scheduled for August 27, 2026.

**IT IS SO ORDERED.**

Dated: August 5, 2026

LISA J. CISNEROS
United States Magistrate Judge