[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC.
PASSENGER SEXUAL ASSAULT
LITIGATION

_____

This Document Relates to:

*Jane Doe QLF 001 v. Uber Technologies. Inc.*,
et al.
N.D. Cal. No. 3:24-cv-08783
W.D. Tex. No. 1:26-cv-01694

Case No. 23-md-03084-CRB

**PLAINTIFF JANE DOE QLF 001'S
STATEMENT IN SUPPORT OF
DEFENDANTS' ADMINISTRATIVE
MOTION TO SEAL [ECF 6957]**

Judge:        Hon. Charles R. Breyer
Courtroom:  6 – 15th Floor

Judge:        Hon. Lisa J. Cisneros
Courtroom:  G – 15th Floor

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

JANE DOE QLF 0001,

      Plaintiff,

  v.

UBER TECHNOLOGIES, INC., et al.,

      Defendants.

No. 1:26-cv-01694-CRB

Judge:        Hon. Charles R. Breyer
Courtroom:  501

PLAINTIFF JANE DOE QLF 001'S STATEMENT IN SUPPORT OF DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF 6957]
Case No. 23-md-03084-CRB

**PLAINTIFF'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS**

Pursuant to Civil Local Rules 7-11(b) and 79-5(c), Plaintiff Jane Doe QLF 001 ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motions to Consider Whether Another Party's Material Should be Filed Under Seal. ECF No. 6957. Plaintiff respectfully requests that the Court seal portions of the parties' PTO-8 Letter Regarding Plaintiff Jane Doe QLF 001's Preservation and Production of Communications.

## I.    BACKGROUND AND REQUESTED SEALING

The documents at issue in this Motion to File Under Seal are:

| Document | Description of Material to be Sealed |
| --- | --- |
| Ex. 1 to PTO-8 Letter | June-July 2026 email chain between counsel including Plaintiff's confidential information |
| Ex. 2 to PTO-8 Letter | Excerpts from Plaintiff's July 22, 2026 Deposition |
| Ex. 3 to PTO-8 Letter | Document Bates-Stamped DOE QLF001136 |
| Ex. 4 to PTO-8 Letter | Document Bates-Stamped DOE QLF007490 |
| Ex. 5 to PTO-8 Letter | Document Bates-Stamped DOE QLF003493 |
| Ex. 6 to PTO-8 Letter | Plaintiff Jane Doe QLF001's Response to Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC Request for Production of Documents, Set One |

## II.    LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.*

1

PLAINTIFF JANE DOE QLF 001'S STATEMENT IN SUPPORT OF DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL [ECF 6957]
Case No. 23-md-03084-CRB

at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

**III.    PORTIONS OF PARTIES' PTO-8 LETTER, DECLARATION, AND EXHIBITS 1-9 TO THE LETTER SHOULD BE SEALED**

The relevant documents were filed at ECF 6959. *See* Velez Decl. ¶¶ 2-9. The underlying information that Plaintiff seeks to maintain under seal includes Plaintiff's private medical information, details of Plaintiff's private life, and personally identifiable information (PII). Courts routinely find that "individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of Plaintiff Jane Doe QLF 001 outweigh the public's minimal interest in knowing their identities or sensitive information, and warrant the sealing of this information. *See* Velez Decl. ¶ 16.

**A.    Failing to Seal the Records Would Harm Plaintiff Jane Doe QLF 001**

First, Exhibits 2 and 3 should be sealed because they contain PII of Plaintiff. *See* Velez Decl. ¶¶ 11, 12. As names and addresses are PII, this information should be sealed under the compelling reasons standard. *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names [] and physical addresses…"). Privacy interests outweigh any minimal public interest in disclosure. *See* Velez Decl. ¶ 16; *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases) (finding that "individual privacy rights in personal identifying information [] outweigh the presumption in favor of public access to court records."). Likewise, disclosure of Plaintiff

2

Jane Doe QLF 001's address poses risks. This Court has allowed the sealing of PII and should do so again, as publicly disclosing such PII could, at a minimum, pose risk of harassment.

Second, Exhibits 1-6 should be sealed because they include Plaintiff Jane Doe QLF 001's private medical information or highly sensitive information of Plaintiff's private life. *See* Velez Decl. ¶¶ 10-15; *see also Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."); *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights."). The privacy interests of Plaintiff Jane Doe QLF 001 outweigh any minimal public interest in disclosure. *See* Velez Decl. ¶ 16. This information is inherently private and highly sensitive, and typifies the type of information that may be used by a third party to gratify private spite or circulate libel. *See id.* ¶ 25; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted). Accordingly, the highly sensitive personal information in these records should be sealed.

**B.     Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information. *See* Velez Decl. ¶ 18. No less restrictive alternative to sealing Exhibits 1-6 is sufficient. *See id.* Actions short of sealing portions of these records would reveal the contents of Plaintiff's PII and highly sensitive information and would not protect their privacy interests. *See id.*

**IV.     CONCLUSION**

3

For the foregoing reasons, Plaintiff respectfully requests that the Court order that PII and highly sensitive information contained in Exhibits 1-6 remain under seal.

Dated: August 6, 2026

Respectfully submitted,

By*: /s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By*: /s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By*: /s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

PLAINTIFF JANE DOE QLF 001'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL [ECF 6957]
Case No. 23-md-03084-CRB

**<u>FILER'S ATTESTATION</u>**

I, Andrew R Kaufman, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.


Dated: August 6, 2026                    */s/ Andrew R. Kaufman*

Andrew R. Kaufman

5