ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO STRIKE UNTIMELY AND IMPROPER NOTICES OF VOLUNTARY DISMISSAL** |
| This Document Relates to: | |
| *Jane Doe LS 705 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-03316-CRB | Date:          September 11, 2026 |
| *Jane Doe PNA (D.M.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05063-CRB | Time:          10:00 a.m. <br> Courtroom:   6 – 17th Floor |
| *Jane Doe PNA (K.H.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05077-CRB | |
| *Jane Doe PNA (S.Y.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05675-CRB | |

The Court should exercise its inherent authority to manage complex litigation by striking the untimely and improper notices of voluntary dismissal recently filed by Plaintiffs Jane Doe LS 705, Jane Doe PNA (D.M.), Jane Doe PNA (K.H.), and Jane Doe PNA (S.Y.). *See Hinds v. FedEx Ground Package Sys., Inc.,* No. 18-cv-01431, 2022 WL 1212016, at *2 (N.D. Cal. Apr. 25, 2022). Because Defendants have already answered the Master Complaint, Plaintiffs may only obtain voluntary dismissal by filing a motion establishing a basis for it and their notices should be stricken as untimely. *See Walden v. Nevada,* No. 3:14-cv-00320, 2018 WL 3469022, at *2 (D. Nev. July 18, 2018). And even if this Court construes Plaintiffs' notices as motions, voluntary dismissal is inappropriate because all the Plaintiffs at issue here are seeking to avoid an adverse ruling and dismissal with prejudice due to their violations of this Court's orders. *See Thompson v. Janssen Pharm., Inc.,* 756 F. App'x 740 (9th Cir. 2019).

## BACKGROUND

Each of the Plaintiffs at issue in this Motion has a history of disobeying this Court's orders that could result in dismissal with prejudice of their claims:

- Jane Doe LS 705 failed to timely submit a Plaintiff Fact Sheet on May 20, 2026, and is subject to Defendants' pending motion to dismiss for violating PTO 10, which was filed on July 22, 2026. ECF 6856.

- Jane Doe PNA (D.M.) and Jane Doe PNA (K.H.) both failed to submit substantially complete Plaintiff Fact Sheets. Jane Doe PNA (D.M.)'s submission was missing both the required authorization to disclose psychiatric, psychotherapy, and mental health information, and the required authorization to disclose law enforcement records. Jane Doe PNA (K.H.)'s submission was missing the required authorization to disclose psychiatric, psychotherapy, and mental health information. Declaration of Christopher V. Cotton ¶ 3. Both of these Plaintiffs received deficiency notices from Defendants and had a deadline to cure on the very same day they filed their notices of voluntary dismissal, July 30, 2026. *Id.*

- Jane Doe PNA (S.Y.) also submitted an incomplete Plaintiff Fact Sheet missing the mental health records authorization and received a notice of deficiency with a deadline of August 13, 2026, to cure. Cotton Decl. ¶ 3.

Pursuant to Amended PTO 10, all four of these Plaintiffs would be subject to involuntary dismissal for failing to timely comply with the requirement that they submit a substantially complete PFS. ECF 4287 at 8. Such a dismissal would be subject to conversion to a dismissal with prejudice if Plaintiffs

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND IMPROPER
NOTICES OF VOLUNTARY DISMISSAL

Case No. 3:23-MD-3084-CRB

continued to fail to cure their non-compliance for another thirty days. *Id.* at 9. To date, Plaintiffs have made no attempt to cure their PFS deficiencies. Cotton Decl. ¶ 4.

Instead, Plaintiffs filed purported notices of voluntary dismissal without prejudice on July 29 and 30, 2026. ECF 6915; ECF 6931; ECF 6956; ECF 6958. The notices provided no explanation of the reasons for Plaintiffs' desire to dismiss or any legal support for their ability to do so. *Id.* But at this stage of the proceedings, after Uber has answered the Master Complaint and otherwise invested time and resources in investigating Plaintiffs' claims, Plaintiffs cannot merely notice voluntary dismissals. Instead, they must seek this Court's leave to dismiss under Rule 41. And even if Plaintiffs' notices are construed as motions for leave to voluntarily dismiss, leave should be denied, because Plaintiffs should not be permitted to avoid the consequences of their failure to prosecute their cases and comply with this Court's orders.

## ARGUMENT

### I.    Plaintiffs' Notices of Voluntary Dismissal Are Untimely.

Plaintiffs' Notices of Voluntary Dismissal purport to serve as notice that the above-captioned actions are voluntarily dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiffs' notices are untimely. Dismissal pursuant to Rule 41(a)(1)(A)(i) is only proper if noticed "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Defendants already filed an Answer to the operative Master Long Form Complaint in August of 2025 (ECF 3640), so Plaintiffs may no longer dismiss merely by filing a notice. *See Von Haar v. City of Mountain View,* No. 10-cv-2995, 2012 WL 5828511, at *7 (N.D. Cal. Nov. 15, 2012); *Tuck v. Wells Fargo Home Mortg.*, No. 12-cv-1796, 2012 WL 2906738, at *1 (N.D. Cal. July 13, 2012). "The rule is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." *Sanchez v. Seterus*, No. 17-cv-1183, 2017 WL 4355146, at *3 (N.D. Cal. Oct. 2, 2017) (quoting *Armstrong v. Frostie Co*., 453.2d 914, 916 (4th Cir. 1971)). Because Defendants have not only answered the master long form complaint but also invested significant time and effort in investigating Plaintiffs' specific cases and their non-compliance with PTO 10, voluntary

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND IMPROPER
NOTICES OF VOLUNTARY DISMISSAL

Case No. 3:23-MD-3084-CRB

dismissal by notice is untimely. Instead, Plaintiffs must file motions for voluntary dismissal under Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Accordingly, Plaintiffs' purported notices of voluntary dismissal should be stricken as untimely. *See Walden,* 2018 WL 3469022, at *2.

**II.    This Court Should Not Grant Voluntary Dismissal Because Plaintiffs Are Seeking to Avoid the Consequences of Non-Compliance with a Court Order.**

Although this Court can construe Plaintiffs' Notices as motions for voluntary dismissal, *see Tuck*, 2012 WL 2906738, at *1, even if it does so, those motions should be denied on the merits. Plaintiffs' bare-bones notices of dismissal provide no factual or legal basis for their claimed ability to dismiss their actions without prejudice. ECF 6915; ECF 6931; ECF 6956; ECF 6958. For that reason alone, dismissal without prejudice should be denied. *See In re Feinstein,* No. 20-56279, 2023 WL 195513, at *2 (9th Cir. Jan. 17, 2023) ("[a] motion must state with particularity the grounds for the motion ... and the legal argument necessary to support it").

In addition, the Court should deny Plaintiffs' requests to dismiss their actions without prejudice because they are all on notice of their failure to comply with this Court's PTO 10 and seeking to avoid the consequences thereof through voluntary dismissal. As set forth above, Plaintiffs have all failed to provide a substantially complete PFS within the time required by PTO 10. Plaintiff Jane Doe LS 705 is already subject to a pending motion to dismiss for this reason, Plaintiffs Jane Doe PNA (D.M.) and Jane Doe PNA (K.H.) became eligible for such a motion the same day they sought to voluntarily dismiss, and Plaintiff Jane Doe PNA (S.Y.) will soon be eligible.[1] Cotton Decl. ¶ 3. Under the plain terms of PTO 10, those dismissals will be converted to dismissals with prejudice if Plaintiffs continue to flout this Court's order for another thirty days. ECF 4287 at 9. Plaintiffs should not be permitted to avoid the possibility of that outcome (and disobey PTO 10 with impunity) by voluntarily dismissing. *See Thompson,* 756 F. App'x 740 ("A district court may consider whether the plaintiff has asked for a voluntary dismissal to avoid a likely adverse ruling."); *White v. Donley*, No. 05-cv-7728, 2008 WL

---

[1] This court has implicitly recognized that a Plaintiff's eligibility for a motion to dismiss, even where the motion has not yet been filed, weighs against permitting major changes such as the withdrawal of counsel. *E,g,* ECF 5239; ECF 5447.

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND IMPROPER
NOTICES OF VOLUNTARY DISMISSAL

Case No. 3:23-MD-3084-CRB

4184651, at *3 (C.D. Cal. Sept. 4, 2008) ("the avoidance of an adverse ruling is an abusive reason to seek dismissal"). This is true even as to those Plaintiffs where Uber has not yet filed the actual motion to dismiss because "the writing on the wall [is] clear as to how the motion… would be resolved." *Coupa Software Inc. v. DCR Workforce, Inc.,* No. 3:23-cv-03102, 2023 WL 6247252, at *4 (N.D. Cal. Sept. 22, 2023). Because "plaintiff[s] seeks to avoid the imminent consequences of [their] failure to comply" with the PTO 10 and "ha[ve] been the antithesis of diligent," permitting voluntary dismissal would be inappropriate. *Blue Spike, LLC v. Adobe Sys., Inc.,* No. 14-cv-01647, 2015 WL 13655824, at *3 (N.D. Cal. May 4, 2015). Indeed, it would be an "abuse of the judicial process" to allow parties to avoid sanctions for discovery non-compliance "by voluntarily dismissing his case or similar gamesmanship." *Yu v. ByteDance Inc.,* 759 F. Supp. 3d 992, 1002 (N.D. Cal. 2024). Although dismissal without prejudice is absolutely warranted here as a result of Plaintiffs' failure to comply with this Court's orders, *see* Fed. R. Civ. P. 37(b)(2), they should not be permitted to use a voluntary dismissal without prejudice as a means to avoid dismissal with prejudice should they persist in disobeying of PTO 10.

### CONCLUSION

When notified of their failure to comply with PTO 10, Plaintiffs declined to cure their PFS defects and instead filed notices of voluntary dismissal. But voluntary dismissal cannot simply be noticed at this stage of the litigation; a plaintiff must move the Court for leave to voluntarily dismiss. Thus, Plaintiffs' notices should be stricken as untimely. And, even if this Court construes Plaintiffs' notices as motions for voluntary dismissal, Plaintiffs cannot use voluntary dismissal to avoid the consequences of their failure to prosecute their cases and comply with this Court's orders, and voluntary dismissal without prejudice should be denied.

Dated: August 10, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
2555 Grand Boulevard
Kansas City, MO 64108

5

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND IMPROPER
NOTICES OF VOLUNTARY DISMISSAL

Case No. 3:23-MD-3084-CRB

Telephone: (816) 474-6550
ccotton@shb.com


*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

6

**PROOF OF SERVICE**

I hereby certify that on August 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.


By: */s/ Christopher V. Cotton*
Christopher V. Cotton