# EXHIBIT C

## Personal and Third Party Information Redacted

M. Kevin Queenan (TX SBN 16427150)
*Appearance pro hac vice*
Carlos Lopez (TX SBN 24083414)
*Appearance pro hac vice*
**QUEENAN LAW FIRM P.C**.
731 Station Drive
Arlington, Texas 76015
Phone: (817) 635-3333
Facsimile: (817) 635-4444
E-mail: service@queenanlaw.com
E-mail: carlos@queenanlaw.com
*Attorneys for Plaintiff Jane Doe QLF 001*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC.
PASSENGER SEXUAL ASSAULT
LITIGATION

This Document Relates to:

*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.; C.A. No. 3:24-cv-08783-CRB*

**MDL No. 3084 CRB**

**PLAINTIFF JANE DOE QLF 001'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC.'S, RASIER, LLC'S, AND RASIER-CA, LLC'S INTERROGATORIES, SET ONE**

PROPOUNDING PARTIES:     **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

RESPONDING PARTY:     **PLAINTIFF JANE DOE QLF 001**

Plaintiff Jane Doe QLF 001 (hereinafter, "Plaintiff") hereby objects and responds to Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

Plaintiff has not completed discovery; the investigation of the facts, witnesses, or documents; the analysis of available information; or the preparation for trial in this case. These responses, while based on diligent inquiry and investigation by Plaintiff, reflect only the current state of Plaintiff's knowledge, understanding, and belief, based upon the information reasonably available to the Plaintiff at this time. As this action proceeds and further investigation and discovery are conducted, additional or different facts and information could be revealed to Plaintiff. Moreover, Plaintiff anticipates that the Propounding Parties may make legal or factual contentions presently unknown to and unforeseen by Plaintiff which may

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

require Plaintiff to adduce further facts in rebuttal to such contentions.

Consequently, Plaintiff may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses. Accordingly, these responses are provided without prejudice to Plaintiff's right to rely upon and use any information that Plaintiff subsequently discovers, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating herself to do so, Plaintiff reserves the right to: (1) modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, based upon information, evidence, documents, facts, and things that hereafter may be discovered, or the relevance of which may be hereafter discovered; and/or (2) produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence, and information at trial or in any pre-trial proceedings held herein.

Except for the facts explicitly stated herein, no incidental or implied admissions are intended. Plaintiff expressly reserves: all objections regarding the competency, relevance, materiality, probative value, and admissibility of all information provided, documents produced and the contents thereof; and all objections as to vagueness, ambiguity, unintelligibility, and overbreadth. Nothing herein shall be construed as an admission by Plaintiff regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in the Propounding Parties' discovery requests.

The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Plaintiff responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections are incorporated by reference into each of the following responses.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any request may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such request is hereby interposed.

## GENERAL OBJECTIONS

1.     Subject to each and every general objection and each and every specific objection stated

2

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

herein, Plaintiff responds to the Interrogatories as set forth below. Plaintiff's statements in response to the Interrogatories shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2.    Plaintiff objects to the Interrogatories to the extent that they seek to impose burdens on Plaintiff that are inconsistent with, or in addition to, Plaintiff's discovery obligations pursuant to the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff will respond consistent with her discovery obligations under the Federal Rules.

3.    Plaintiff objects generally to the Interrogatories, to the extent that they seek the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff will not disclose any information protected from disclosure by the attorney-client privilege, and/or the attorney work-product doctrine. Relatedly, Plaintiff will not disclose any privileged communications with testifying and non-testifying experts.

4.    Plaintiff objects generally to the Interrogatories to the extent they seek the disclosure of information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege. Plaintiff will not produce such documents unless the relevant privilege has been waived or put at issue by the claims and defenses in this case.

5.    Plaintiff objects generally to the Interrogatories to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to Constitutional, statutory, or case law.

6.    Plaintiff will not produce such documents unless the privilege has been waived by this suit.

7.    Plaintiff objects generally to the Interrogatories to the extent that they are vague and ambiguous, including broad and undefined terms that do not put a reasonable person on notice of what, specifically, is being sought.

8.    Plaintiff objects generally to the Interrogatories to the extent that they seek to have Plaintiff furnish information and documents that are a matter of the public record, and, therefore, are equally available to the Propounding Parties as they are to Plaintiff.

9.    Plaintiff objects generally to the Interrogatories to the extent that they are unreasonably overbroad in scope, and, thus, burdensome and oppressive, in that each such request seeks information

3

pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to the Propounding Parties, while placing a wholly unwarranted burden and expense on Plaintiff in locating, reviewing, and producing the requested information.

10.    Plaintiff objects generally to the Interrogatories to the extent that they are not limited to a time period relevant or even proximate to the events at issue in this action.

11.    Plaintiff objects generally to Interrogatories to the extent that they seek the disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

12.    Any information disclosed by Plaintiff in response to the Interrogatories is subject to all objections as to competence, relevance, materiality, and admissibility, as well as to any other objections on any grounds that would require the exclusion of such information if it were offered into evidence, and Plaintiff expressly reserves all such objections.

13.    Plaintiff objects generally to the Interrogatories to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to identify documents or other information in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time and great expense to Plaintiff, whereas the information sought to be obtained by the Propounding Parties would be of little use or benefit to the Propounding Parties.

14.    Plaintiff incorporates these general objections into each of the responses below as if fully set forth.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State whether YOU have ever been a party in another legal action, criminal OR civil, AND, if so, state the name of the lawsuit, the county of venue, the docket number, the claims OR charges, whether the case is closed OR still pending, the resolution of the case if it is closed, AND the name AND address of the attorney who represented YOU, if ANY.

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to the extent that the request seeks public information that is equally available to the Propounding Parties. Plaintiff further objects to the extent that this request seeks private information that is covered by confidentiality agreements and/or attorney-client privilege.

Subject to these and her general objections, Plaintiff responds as follows:

I have been a part of the following legal actions:

Cause No. CV23-1343; *Jane Doe v. Victor Huynh Le, Uber Technologies, Inc., d/b/a Uber and Uber Arlington, and Uber USA, LLC*, in the 415th District Court of Parker County, Texas. I was represented by the Queenan Law Firm, P.C. and Vick Carney LLP.

I also participated in the ███████████████████████████████████████████████████████████████ ████ .

In lieu of responding further regarding any written documents in her custody, possession, or control, Plaintiff directs Propounding Parties to the documents produced in response to Propounding Parties' concurrently-served Requests for Production Nos. 21 & 28.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time, should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 2:**

Provide a summary of each COMMUNICATION YOU have had CONCERNING the ALLEGED INCIDENT OR CONCERNING ANY DAMAGES YOU claim YOU suffered as a result of the ALLEGED INCIDENT, INCLUDING (a) the date of each COMMUNICATION, (b) whether the COMMUNICATION occurred orally OR in writing, (c) the medium through which each COMMUNICATION occurred if it occurred in writing, (d) the parties to each COMMUNICATION, AND (e) the content of each COMMUNICATION.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to Interrogatory No. 2 on the basis that it would encompass materials protected by the attorney-client privilege and/or the attorney work-product doctrine. **Plaintiff will not identify or**

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

**summarize such COMMUNICATIONS**.

Plaintiff further objects to the extent that this request seeks, prematurely, expert materials and/or opinions, as doing so impermissibly intrudes upon her counsel's work product.

Plaintiff objects to the extent that Defendants seek to require Plaintiff to summarize communications that Plaintiff had with Defendant UBER regarding the alleged incident, as Defendants have equal or better access to such information. Furthermore, this request is unnecessarily cumulative and duplicative of Defendants' concurrently-served Request for Production of Documents, Set One. As to such documents, Plaintiff reasserts, as if stated in full, the objections stated above in her response to Request for Production Number One.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

In lieu of responding regarding any written documents in her custody, possession, or control, Plaintiff directs the Propounding Parties to the documents produced in response to the Propounding Parties' concurrently-served Requests for Production Nos. Two, Three, Four, Seven, Eight, Nine, and Twelve.

Please see Plaintiff's Fact Sheet.

In addition to the produced COMMUNICATIONS, Plaintiff has also engaged in the following non-privileged oral COMMUNICATIONS about the ALLEGED INCIDENT and/or Plaintiff's damages arising from same:

I cannot recall specific conversations I may have had. To the extent I can recall, I spoke with several people about the incident, including my mom, my dad, and friends.

In general, I spoke with law enforcement and medical personnel about the incident.

I spoke with my parents and law enforcement on the night of the incident about what Defendant Le had done. I further spoke with law enforcement in the following days regarding the incident for purposes of their investigation. I spoke with medical personnel at the medical providers listed in the Plaintiff's Fact Sheet on several dates with respect to what happened on the night of the incident and how it has affected me moving forward. I attempted to speak with my friends soon after the incident as well. The particulars as to the dates and substance of the conversations with my friends or which friends, I do not exactly recall.

6

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

I also testified in court in the criminal case against Victor Le about the events made the basis of this suit. I do not know the names of all the people present in the courtroom at the time. The testimony I provided was on August 31, 2022. I spoke with Victor Le, and he spoke to me during the Uber ride-share on June 9, 2020, during the trip from Arlington, Texas to Cresson, Texas.

If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or recall more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 3:**

Identify ANY INJURIES YOU sustained because of the ALLEGED INCIDENT AND ANY DAMAGES to which YOU claim OR expect to claim that YOU are entitled as a result of the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to Interrogatory No. 3 to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff further objects to the extent that this request seeks, prematurely, expert materials and/or opinions, as doing so impermissibly intrudes upon her counsel's work product.

Plaintiff further objects that case specific discovery has just begun, and, as such, this request may be premature.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Please see my responses contained in Plaintiff's Fact Sheet. Plaintiff refers Defendants to the medical records produced in this matter and procured by Defendants. ██████████████████████████████████████████████████████████████████████████████████████ .

If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or recall more responsive, nonprivileged, relevant information.

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

**INTERROGATORY NO. 4**:

For each INJURY identified in response to Interrogatory No. 3, identify every symptom, condition, OR manifestation that YOU believe YOU have experienced as a result of that INJURY AND when YOU first experienced each symptom, condition, OR manifestation, INCLUDING whether YOU ever experienced that symptom, condition, OR manifestation before the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 4**:

Plaintiff objects to Interrogatory No. 4 to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff further objects to the extent that this request seeks, prematurely, expert materials and/or opinions, as doing so impermissibly intrudes upon her counsel's work product.

Plaintiff further objects that case specific discovery has just begun, and, as such, this request may be premature.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Please see my responses contained in Plaintiff's Fact Sheet. Plaintiff refers Defendants to the medical records produced in this matter and procured by Defendants. ███████████

████████████████████████████████████████████

███████████████████████████████

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or recall more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 5**:

If ANY MEDICAL PRACTITIONER has advised YOU that YOU may require future OR additional treatment for ANY INJURIES that YOU attribute to the ALLEGED INCIDENT, state, for each INJURY:

    a.  The name, address, AND phone number of the MEDICAL PRACTITIONER who advised YOU;

    b.  The illness, condition, OR INJURY for which future treatment was discussed; AND

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

c.   The nature, duration, AND estimated cost of the discussed future treatment.

**RESPONSE TO INTERROGATORY NO. 5**:

Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████. Please see Plaintiff's Fact Sheet and my medical records produced in this cause and that are being procured by Defendants.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 6**:

IDENTIFY ANY MEDICAL PRACTITIONER who has diagnosed, examined, AND/OR provided YOU with ANY psychological, psychiatric, OR other mental health treatment, at ANY time prior to AND/OR following the ALLEGED INCIDENT INCLUDING (a) ANY such MEDICAL PRACTITIONER'S full name, address, AND telephone number; (b) the date(s) when YOU were diagnosed, examined, AND/OR treated; AND (c) the INJURY, condition, illness, etc. for which YOU were diagnosed, examined, AND/OR treated.

**RESPONSE TO INTERROGATORY NO. 6**:

Plaintiff objects to this request on the grounds that the interrogatory is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

While Plaintiff has put her mental, psychological, and psychiatric health at issue in the present suit, that does not entitle the Propounding Parties to an unrestricted fishing expedition into all treatment Plaintiff has ever received in her lifetime, unrestricted by type or limited to a temporal period even remotely connected to the ALLEGED INCIDENT.

Thus, to the extent this request seeks medical information regarding matters not directly relevant or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy.

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

_Soto v. City of Concord,_ 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing _Whalen v. Roe,_ 429 U.S. 589-600 (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is relevant to the lawsuit. _See, e.g.,Enwere v. Terman Assocs., L.P.,_ No. C 07-1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing _Doe v. City of Chula Vista,_ 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these privacy interests, disclosure of highly confidential and sensitive medical information should only be compelled where the documents concern those specific conditions the litigant has put directly at issue.

Plaintiff objects to the extent that this interrogatory seeks the disclosure of information that would be protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege.

Furthermore, Plaintiff objects that this Interrogatory seeks identical information to that which has been disclosed in Plaintiff's FACT SHEET, and, thus, is cumulative and duplicative.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff directs Defendants to Plaintiff's responses to the PLAINTIFF FACT SHEET, which contains and discloses the requested information.

If Defendants believe further information is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 7**:

Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life, INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

10

**RESPONSE TO INTERROGATORY NO. 7**:

Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 8**:

Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as a result of the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 8**:

To the extent that this Interrogatory seeks information regarding Plaintiff's future expected out-of-pocket costs and damages, Plaintiff objects that the request impermissibly intrudes on Plaintiff's counsel's attorney work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose expert discovery at the time specified by the Court.

Plaintiff also objects to Interrogatory No. 8 more broadly, to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

To the extent that the Interrogatory is limited to Plaintiff's damages incurred to date, Plaintiff responds, subject to and without waiving her specific and general objections, as follows:

11

In lieu of responding regarding any written documents in her custody, possession, or control, Plaintiff directs Propounding Parties to the documents produced in response to Propounding Parties' concurrently-served Requests for Production Nos. 4, 10, and 11.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 9**:

Describe each ACTIVITY YOU took part in within the 24 hours before AND after the ALLEGED INCIDENT, INCLUDING ALL PERSONS who YOU were with OR communicated with in the 24 hours before AND after the ALLEGED INCIDENT AND their CONTACT INFORMATION.

**RESPONSE TO INTERROGATORY NO. 9**:

Plaintiff objects to this request on the grounds that the interrogatory is impermissibly compound; overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Absent some justification for why Propounding Parties have a need to know each and every single "ACTIVITY" Plaintiff engaged in for a forty-eight hour period over a year ago, including per the provided definition of "ACTIVITY," the contact information for every single person at any commercial establishment Plaintiff may have briefly entered, the request is vastly disproportionate to the needs of the case or Propounding Parties.

Propounding Parties have no legitimate need for information that has no bearing on the case at hand, including, for example, whether PLAINTIFF brushed her teeth on the morning of the incident or ordered take out the night before. Nor are Propounding Parties entitled to the intimate details of Plaintiff's location for the entire twenty-four hours prior to and following the ALLEGED INCIDENT, absent some foundation for the belief that Plaintiff's conduct in said location had any remote bearing on the claims and defenses in this case. Moreover, per the provided definition of "ACTIVITY," which includes every single "action Plaintiff engaged in" during the specified time period, the request could conceivably require Plaintiff to chronicle every time she took a step. Unless Propounding Parties can explain why such a broad

12

category of information is relevant and proportionate to Propounding Parties' legitimate needs, such an unreasonable request is patently oppressive, harassing, and intimidating.

Nor is this the most efficient way to obtain any information that is even potentially relevant to the claims and defenses in this action. Indeed, as Plaintiff has already disclosed information regarding potential witnesses in her Plaintiff's Fact Sheet, such discovery is needlessly duplicative and cumulative. *See* FED. R. CIV. PROC. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Plaintiff objects that Interrogatory 9 lacks the requisite specificity to allow a person of reasonable intelligence to determine what the request is seeking. For example, is the request seeking to know whether Plaintiff got dressed the morning of ALLEGED INCIDENT, and seeking contact information for every person located in the building where Plaintiff did so? Is it seeking to know whether Plaintiff stopped at a coffee shop and purchased a cup of coffee the day *before* the ALLEGED INCIDENT, and, if so, the contact information of every single person who was present with her in the coffee shop at the time it was purchased? If so, why is this information relevant and proportionate to the needs of this case? Absent greater specificity and particularity, the interrogatory is too vague to answer as presently drafted.

Plaintiff objects to the extent that it seeks the disclosure of information that would be protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege. To the extent this request seeks medical information regarding matters not directly relevant or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy. *Soto v. City of Concord,* 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe*, 429 U.S. 589-600 (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is relevant to the lawsuit. *See, e.g.,Enwere v. Terman Assocs., L.P.,* No. C 07-1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing *Doe v. City of Chula Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these privacy interests, disclosure of highly confidential and sensitive medical information should only be compelled where the documents concern those specific conditions the litigant has put directly at issue.

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

In contrast, as presently drafted, the Interrogatory seeks information every "action Plaintiff engaged in" for a forty-eight hour period, which presumably could include taking prescribed medication. Thus, the interrogatory potentially requires disclosure of a broad range of medical conditions and medical history that is unrelated to any physical, mental, or emotional state that Plaintiff has put at issue in the present lawsuit.

Plaintiff also objects on the grounds of relevance, overbreadth, burden, and privacy to the extent that it seeks information regarding any potential consensual sexual activities Plaintiff engaged in prior to or after the ALLEGED INCIDENT, to the extent those have not been put at issue by her claims.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff was in contact with the following individuals directly prior to the ALLEGED INCIDENT and in the twenty-four hours following, who can speak to her state of mind and well-being on the days in question:



14

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

███████████████████████████████████████████████

███████████████████████████████████████

If Defendants believe further information is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 10**:

Within 24 hours before the ALLEGED INCIDENT did YOU OR any PERSON involved in the ALLEGED INCIDENT use OR take any of the following substances: alcoholic beverage, marijuana, or ANY other drug or medication (prescription or not)? If so, for each PERSON, state:

    a.  The name, address, AND telephone number;

    b.  The nature OR description of each substance;

    c.  The quantity of each substance used OR taken;

    d.  The date AND time of day when each substance was used OR taken;

    e.  The address where each substance was used OR taken;

    f.  The name, address, AND telephone number of each PERSON who was present when each substance was used OR taken; AND

    g.  The name, address, AND telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance AND the condition for which it was prescribed OR furnished.

**RESPONSE TO INTERROGATORY NO. 10**:

Plaintiff objects to this request on the grounds that the interrogatory is impermissibly compound; overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

To the extent that this request seeks information regarding Plaintiff's actions in the twenty-four hours prior to the ALLEGED INCIDENT, it is duplicative of Interrogatory Number 9. Plaintiff directs Propounding Parties to her objections and responses to that Interrogatory and hereby incorporates them by reference.

15

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

Absent some justification for why Propounding Parties have a need to know each and every single substance Plaintiff or any other person has taken—extending so far as to include non-psychoactive over-the-counter medication, as much as twenty-four hours prior to the incident, including specifics such as addresses, health care providers, and medical information not germane to the present suit, the request is disproportionate to the needs of the case or Propounding Parties.

Propounding Parties have no legitimate need for medical information that has no bearing on the case at hand, including unrelated treatment details and prescriptions. Nor are Propounding Parties entitled to the intimate details of Plaintiff's location for the entire twenty-four hours prior to the ALLEGED INCIDENT, absent some foundation for the belief that Plaintiff's conduct in said location—including any substances that Plaintiff may or may not have taken—had any remote bearing on the claims and defenses in this case. Unless Propounding Parties can explain why this information is relevant and proportionate to Propounding Parties' legitimate needs, such a broad and unreasonable request is patently oppressive, harassing, and intimidating.

Nor is this the most efficient way to obtain any information that is even potentially relevant to the claims and defenses in this action, as Propounding Parties have the means to issue subpoenas for medical records. *See* FED. R. CIV. PROC. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Plaintiff objects that the interrogatory lacks requisite specificity to allow a person of reasonable intelligence to determine what the request is seeking. More precisely, Plaintiff objects that the request is vague and ambiguous as to the terms "substance," "drug," "medication," and "involved." For example, is the request seeking to understand whether anyone involved in the ALLEGED INCIDENT had a cup of caffeinated coffee up to twenty-four hours in advance of the ALLEGED INCIDENT, and if so, a rendition of every single person who was present when the coffee was consumed? Is it seeking to know whether anyone has smoked a cigarette containing nicotine? Does the term "involved" mean simply Plaintiff and the Driver, or does it mean any other person involved, such as any first responder or person to whom Plaintiff spoke about the incident? Absent greater specificity and particularity, the interrogatory is too vague to answer as presently drafted.

16

Plaintiff further objects to the extent that the interrogatory seeks the disclosure of information that would be protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege. To the extent this Request seeks medical information regarding matters not directly relevant or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy. *Soto v. City of Concord,* 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe*, 429 U.S. 589-600 (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is relevant to the lawsuit. *See, e.g.,Enwere v. Terman Assocs., L.P.,* No. C 07-1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing *Doe v. City of Chula Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these privacy interests, disclosure of highly confidential and sensitive medical information should only be compelled where the documents concern those specific conditions the litigant has put directly at issue.

In contrast, as presently drafted, the Interrogatory seeks information regarding every single substance that Plaintiff or anyone else involved in the ALLEGED INCIDENT took for an entire day prior to the ALLEGED INCIDENT, including any medical conditions and prescribing treatment providers associated with each such substance. Thus, the interrogatory potentially requires disclosure of a broad range of medical conditions and medical history that is unrelated to any physical, mental, or emotional state that Plaintiff has put at issue in the present lawsuit. This is particularly true considering the request seeks information about not just Plaintiff's own conditions, but additionally anyone else "involved" in the ALLEGED INCIDENT.

Furthermore, to the extent that the Interrogatory seeks information about anyone other than Plaintiff, such as other witnesses or the Uber Driver who assaulted Plaintiff, those individuals are the appropriate targets for such discovery. As such, because Propounding Parties have an equal or greater ability to obtain such information as Plaintiff, placing the burden of discovery on Plaintiff is inappropriate under the Federal Rules. *See* FED. R. CIV. PROC. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

If Defendants believe further information is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 11**:

Identify ANY instance of sexual misconduct, sexual harassment, AND/OR sexual assault YOU experienced at ANY time prior to OR at ANY time following the ALLEGED INCIDENT YOU allege in YOUR PLAINTIFF FACT SHEET AND/OR COMPLAINT INCLUDING the date(s) of each such event AND a summary of each such event AND ANY INJURY that YOU suffered as a result of each such event, INCLUDING ANY financial, mental, OR physical harm that YOU suffered as a result of each such event.

**RESPONSE TO INTERROGATORY NO. 11**:

Plaintiff objects to Interrogatory 11 on the grounds that it is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Absent some justification as to why Propounding Parties have a non-oppressive and non-harassing purpose for asking for incredibly detailed information related to "instance of sexual misconduct, sexual harassment, AND/OR sexual assault" Plaintiff has ever experienced, unlimited by severity or even faint temporal proximity to the claims and events at issue, there is not sufficient basis to establish why the request is relevant and proportionate to the needs of this case.

The requests also lack specificity and reasonable particularity sufficient to put a person of reasonable intelligence on notice of what is sought. Accordingly, Plaintiff objects that the interrogatory is vague and ambiguous as to the terms "sexual misconduct" and "sexual harassment." Requiring Plaintiff

18

to list every incident over Plaintiff's entire lifetime related to even the most minor incident of sexual misconduct or sexual harassment puts an unreasonable and potentially incalculable burden on Plaintiff.

Nor is this the most efficient way to obtain any information that is even potentially relevant to the claims and defenses in this action, as Propounding Parties have the means to issue subpoenas for medical records. *See* FED. R. CIV. PROC. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

███████████████████████████████████████████████████████

██████████

If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time.

**INTERROGATORY NO. 12**:

Identify ALL social media AND social networking accounts, INCLUDING but not limited to Facebook, Instagram, X (formerly known as Twitter), MySpace, SnapChat, BeReal, TikTok, Threads, Bluesky, Mastodon, LinkedIn, YouTube, Twitch, Reddit, Tumblr, Pinterest, SoundCloud, MixCloud, Blogger, Yelp, Quora, AND Nextdoor, that YOU have set up OR used from 5 years prior to the ALLEGED INCIDENT to the present, INCLUDING as applicable, the username, account name, alias, AND/OR social media handle associated with each account.

**RESPONSE TO INTERROGATORY NO. 12**:

Plaintiff objects to this request on the grounds that this request is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Plaintiff objects on privacy and proportionality grounds to the extent this request seeks information not temporally related to the matters at issue in this suit and/or information that is not relevant to any matter at issue in this lawsuit. Propounding Parties "do[] not have a generalized right to rummage at will" through social media posts, especially where the Propounding Parties "ha[ve] nothing more than [their]

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

hope that there might be something of relevance in the social media posts." *Palma v. Metro PCS Wireless, Inc.*, 18 F.Supp.3d 1346, 1347-48 (M.D. Fla. 2014). Instead, the Propounding Parties must still make "a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570-71 (C.D. Cal. 2012) (holding social media network communications are "not necessarily probative of the particular mental and emotional health issues in the case" unless they bear directly on the claims and issues in the case).

"[D]istrict courts within the Ninth Circuit have permitted discovery of a party's social media posts and information, but at least for emotional distress claims, the requests must be 'narrowed by websites or platforms, time-period, and content related to the case.'" *Kellman v. Spokeo, Inc.*, No. 3:21-cv-08976-WHO, 2023 U.S. Dist. LEXIS 13132, at *3 (N.D. Cal. Jan. 25, 2023) (internal citations omitted); *see also*, *Perez v. Directv Grp. Holdings*, No. SA CV 16-01440-MS (DFMx), 2020 U.S. Dist. LEXIS 259346, at *26 (C.D. Cal. July 23, 2020) (holding a request for "virtually unfettered and unlimited access" to a party's social media account was "overbroad as written"). Applying this rule, courts have routinely held that incredibly broad requests for every single social media post that might conceivably bear on Plaintiff's emotional well-being or mental state, even where such requests are temporally limited to a far more constrained and relevant time period than that in Propounding Parties' Interrogatory No. 12, fail "to put a 'reasonable person of ordinary intelligence' on notice of which specific documents or information would be responsive to the request, and therefore fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity." *Mailhoit*, 285 F.R.D. at 571.

Here, Defendants have sought an extremely broad category of information relating to Plaintiff's entire social media history over a multi-year period, most of which is not even proximal to the events at issue and thus cannot possibly relate to the claims, defenses, and/or the physical, mental, and/or emotional conditions that Plaintiff has put at issue in this case. In short, "rather than tailor its requests, Defendants seek 'to rummage through the entirety of [Plaintiff's] social media profiles and communications in the hope of concocting some inference about her state of mind.'" *Id.*

Absent some explanation of why every single social media account, handle, and/or username from up to five years prior to now, without any restriction as to whether the Plaintiff posted about matters relevant to this case, is probative of any of the claims or defenses in this case, Interrogatory 12 is

20

impermissibly overbroad and oppressive.

Plaintiff had an extensive social media presence during the specified time period. As such, requiring her identify all of these accounts, particularly where the information sought is not stated with reasonable particularity, is unduly burdensome and disproportionate to the needs of the case. Even if some negligible information about Plaintiff's claims could be gleaned from this information, the burden far outweighs the likely benefit.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

To the extent Plaintiff can recall, Plaintiff posted about the INCIDENT and/or her damages arising from the INCIDENT on the following social media accounts: ███████████████████████

██████████████████████████████████

If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time.

Dated:  April 25, 2025.

**QUEENAN LAW FIRM, P.C**

By:  /s/ Carlos Lopez
M. Kevin Queenan, TX SBN 16427150
*Appearance pro hac vice*
Carlos Lopez, TX SBN 24083414
*Appearance pro hac vice*

*Attorneys for Plaintiff*
JANE DOE QLF 001

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

**PROOF OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the State of Texas. My business address is Queenan Law Firm, P.C., 731 Station Drive, Arlington, Texas 76015.

On the date set forth below, I caused the following document(s):

**PLAINTIFF JANE DOE QLF 001'S FIRST SUPPLEMENTAL
RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC.'S,
RASIER, LLC'S, AND RASIER-CA, LLC'S INTERROGATORIES, SET ONE**

to be served by providing a true copy thereof addressed to each of the persons named below:

ROBERT ATKINS
ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS
cgrusauskas@paulweiss.com
ANDREA M. KELLER
akeller@paulweiss.com
LOUIS A. MURRAY
lmurray@paulweiss.com
JACQUELINE P. RUBIN
jrubin@paulweiss.com
YAHONNES CLEARY
ycleary@paulweiss.com
CLAIRE Z. ABBADI
cabbadi@paulweiss.com
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY
rluskey@paulweiss.com
MARC PRICE WOLF
mpricewolf@paulweiss.com
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, California 94105
Telephone: (628) 432-5100
KYLE SMITH
ksmith@paulweiss.com
JESSICA E. PHILLIPS
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 "K" Street, NW
Washington, DC 20006
Telephone: (202) 223-7300

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

22
PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 25, 2025 in Arlington, Texas.

/s/ Carlos Lopez          .
Carlos Lopez

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES, SET ONE