ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe NLG (J.A.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02506-CRB<br><br>*Jane Roe CL 293 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02510-CRB<br><br>*Jane Doe NLG (P.C.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02528-CRB<br><br>*Jane Doe NLG (C.E.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02540-CRB<br><br>*Ani.C. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02541-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Date:       September 11, 2026<br>Time:       10:00 a.m.<br>Courtroom:   6 – 17th Floor |

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

*Jane Roe CL 295 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02648-CRB

*A.A. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02739-CRB

*M.B. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02742-CRB

*K.P. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02775-CRB

*Jane Doe LS 692 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02819-CRB

*Jane Doe LS 693 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02828-CRB

*Jane Doe LS 694 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02830-CRB

*Jane Doe LS 695 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02833-CRB

*Jane Roe CL 302 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02957-CRB

*Jane Doe NLG (A.B.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-02980-CRB

*Ke.G. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03025-CRB

*M.D. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03075-CRB

*I.L. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03084-CRB

*Jane Doe LS 700 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03102-CRB

*Jane Doe NLG (V.W.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03105-CRB

*Jane Doe LS 701 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03123-CRB

*Jane Doe NLG (J.B.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03166-CRB

*Jane Roe CL 306 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03210-CRB

*Herrera Barreda v. Uber Technologies, Inc., et al.,* No. 5:26-cv-01825-CRB

*C.M. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03271-CRB

*N.D. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03305-CRB

*Jane Doe LS 704 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03310-CRB

*Jane Doe LS 705 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03316-CRB

*Jane Doe DMA (C.P.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03335-CRB

*Jane Doe NLG (B.M.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03382-CRB

*John Doe NLG (C.R.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03385-CRB

*Jane Doe NLG (A.S.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03393-CRB

*Jane Roe CL 310 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03627-CRB

*Jane Doe NLG (A.L.) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03673-CRB

*Jane Doe NLG (NH.1) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03769-CRB

*Jane Doe LS 707 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03816-CRB

*Jane Doe LS 708 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03824-CRB

*Jane Roe CL 315 v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03850-CRB

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

*Jane Doe NLG (AF.1) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03861-CRB

*DI.B. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03885-CRB

*Jane Doe NLG (RJ.1) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03923-CRB

*KAT.W. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03926-CRB

*L.P. v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03928-CRB

*Jane Doe NLG (MM.1) v. Uber Technologies, Inc., et al.,* No. 3:26-cv-03940-CRB

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with PTO 10, ECF 6856, Defendants established that certain Plaintiffs have failed to comply with Amended PTO 10, which required them to submit Plaintiff Fact Sheets, ECF 4287.[1] Specifically, none of these Plaintiffs had produced a PFS. ECF 6856. Amended PTO 10 is clear that if a Plaintiff fails to produce a PFS within thirty days of being notified of their prior failure to do so, that Plaintiff will be subject to dismissal without prejudice. ECF 4287 at 8. Moreover, effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from the lack of even basic information about a Plaintiff's claim, and the inadequacy of lesser sanctions all weigh decisively in favor of dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006).

Many of the Plaintiffs at issue here have not responded to Defendants' motion and therefore should be deemed to have consented to the relief Uber seeks. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Some Plaintiffs represent that they have belatedly submitted a PFS since the filing of the Motion. ECF 6983 at 3; ECF 6985 at 1. Uber has confirmed that these Plaintiffs have in fact made these late submissions, and therefore withdraws its Motion as to them, although Uber reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' late submissions. Other Plaintiffs assert that Uber's motion is "procedurally improper" because it should have sought an order to show cause before filing, ECF 6983 at 3, but the Ninth Circuit has recognized that a motion to dismiss like the one Uber has filed is the appropriate vehicle to seek relief under Federal Rule of Civil Procedure 37. *See Anheuser-Busch, Inc. v. Nat. Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995). And, indeed, this Court has granted numerous similar motions. *E.g.,* ECF 3666; ECF 5253. Some Plaintiffs assert vaguely that "[t]here are numerous reasons why [they] may become unresponsive" or argue that counsel's diligent efforts to contact them should excuse their noncompliance. ECF 6983 at 2. However, Plaintiffs cite no law suggesting that it is acceptable to ignore court orders even if one has personal challenges or purportedly

---

[1] The Court granted a stipulation to further amend PTO 10 on July 14, ECF 6791, but those amendments relate to DFS obligations and are not relevant to the present motion.

hardworking counsel, and indeed cases have held the opposite. *E.g.*, *In re PPA*, 460 F.3d at 1233 & 1242. Finally, some Plaintiffs argue that their cases should not be dismissed with prejudice, ECF 6983 at 3, but as they acknowledge, Uber has not sought dismissal with prejudice and, regardless, the only authority Plaintiffs cite actually *supports* a with-prejudice dismissal. *Malone*, 833 F.2d at 134. This Court should grant Uber's Motion.

## I.   Plaintiffs who have not responded to Uber's motion should be deemed to have consented to the relief sought.

A large number of the Plaintiffs at issue have not responded to Uber's Motion, either by filing an opposition or submitting the required PFS:

| MDLC ID | Case Number |
|---|---|
| None | 3:26-cv-02506-CRB |
| 4375 | 3:26-cv-02528-CRB |
| 5227; 5254 | 3:26-cv-02540-CRB |
| 5108 | 3:26-cv-02739-CRB |
| 5113 | 3:26-cv-02742-CRB |
| 5167 | 3:26-cv-02775-CRB |
| 5865 | 3:26-cv-03105-CRB |
| 5867 | 3:26-cv-03166-CRB |
| None | 5:26-cv-01825-CRB |
| 5199 | 3:26-cv-03335-CRB |
| 5870 | 3:26-cv-03382-CRB |
| 5277 | 3:26-cv-03385-CRB |
| 4378 | 3:26-cv-03393-CRB |
| None | 3:26-cv-03673-CRB |
| 5893 | 3:26-cv-03769-CRB |
| 6134 | 3:26-cv-03861-CRB |
| 6133 | 3:26-cv-03940-CRB |

"Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure to produce a PFS by failing to timely oppose Uber's Motion, it should be granted as to those Plaintiffs.

2

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

**II.      Uber withdraws its motion as to Plaintiffs who have belatedly submitted a PFS.**

Some Plaintiffs belatedly submitted a PFS *after* Uber filed its Motion:

| MDLC ID | Case Number |
|---|---|
| 5101 | 3:26-cv-02819-CRB |
| 5104 | 3:26-cv-02833-CRB |
| 5857 | 3:26-cv-02980-CRB |
| 5211 | 3:26-cv-03084-CRB |
| 5163 | 3:26-cv-03102-CRB |
| 5165 | 3:26-cv-03123-CRB |
| 5257 | 3:26-cv-03305-CRB |
| 5292 | 3:26-cv-03627-CRB |
| 5298 | 3:26-cv-03850-CRB |
| 5278 | 3:26-cv-03923-CRB |
| 5317 | 3:26-cv-03926-CRB |

These Plaintiffs have not offered any excuse for their late submissions, nor any apology to the Court for their failure to comply with this Court's order, ECF 6983 at 3; ECF 6985 at 1; ECF 6989 at 1, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber has confirmed that these Plaintiffs have submitted PFS and therefore withdraws its motion as to these Plaintiffs, although Uber reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions. For the Court's convenience, Uber submits with this Reply an Amended Proposed Order reflecting the withdrawal of the Motion as to the Plaintiffs discussed in this section.

**III.      Uber's Motion is properly before this Court.**

The Wagstaff Law Firm, representing nine of the delinquent Plaintiffs at issue, argues that Uber's Motion was "procedurally improper" because it should have first "sought an order to show cause" to "develop[] an appropriate record" of "flagrant disregard." ECF 6983 at 3. Wagstaff is incorrect about each aspect of this recycled contention, as Uber has informed Wagstaff in past briefing. *E.g.,* ECF 3651 at 10; ECF 5165 at 11. Indeed, this Court has granted previous motions to dismiss where Wagstaff's opposition raised this same argument, implicitly rejecting it. *E.g.,* ECF 3666; ECF 5253.

As an initial matter, the rules pursuant to which Uber brings its Motion—Federal Rules of Civil Procedure 37 and 41—explicitly permit courts to dismiss Plaintiffs' cases for failing to comply with court orders or prosecute cases, and do not impose a procedural prerequisite of an order to show cause.

3

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

And this Court has repeatedly granted motions to dismiss under these rules without any requiring a prior show cause motion, including in this matter. *E.g.*, ECF 5253; ECF 5232; ECF 4979; *Wilson v. Zentih Am. Sols., Inc.,* No. 20-cv-5617, 2023 WL 3579320, at *4 (N.D. Cal. Feb. 23, 2023); *Warne v. City & Cnty. of San Francisco,* No. 16-cv-6773, 2018 WL 2215848, at *9 (N.D. Cal. May 15, 2018).

Moreover, although the Ninth Circuit has "specifically encouraged dismissal" in cases involving flagrant disregard of court orders, *Sigliano v. Mendoz*a, 642 F.2d 309, 310 (9th Cir. 1981), flagrant disregard is not required. Rather, the requisite showing for dismissal is "noncompliance… due to willfulness, fault, or bad faith." *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985). And "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Wagstaff has misstated both the legal standard and the appropriate procedure.

The sole case cited by Wagstaff, ECF 6983 at 3, does not suggest otherwise. In *Sigliana v. Mendoza,* the Ninth Circuit **affirmed** the district court's dismissal of a plaintiff's case for failure to respond to discovery. 642 F.2d 309, 310 (9th Cir. 1981). And that court explicitly rejected the "argument that an order to compel discovery is a prerequisite to dismissal" under Rule 37. *Id.* While the court acknowledged that dismissal is appropriate in cases of flagrant disregard, it did not suggest dismissal is permitted *only* in those cases, but rather recognized that "willfulness, fault, or bad faith" can support dismissal. *Id.*

In short, Wagstaff's procedural arguments are "not warranted under existing law" but rather foreclosed by binding Ninth Circuit precedent discussed above, and should be rejected. *Hill v. Workday, Inc.,* No. 23-cv-6558, 2026 WL 1146289, at *1 (N.D. Cal. April 28, 2026) (noting that making arguments not warranted by existing law "erodes public trust in the legal profession").

**IV.     Neither Plaintiffs' vague assertions of personal challenges nor counsel's claims of diligence in attempting to contact them excuse their noncompliance.**

Some Plaintiffs argue that their non-compliance should be excused because counsel has diligently tried to contact them to obtain a PFS or because there are "numerous reasons" they may be unresponsive, such as that they are "young women" who "may have changed residences, phone

4

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

numbers, email addresses, surnames, or other identifying information." ECF 6983 at 2; *see also* ECF 6985 at 1; ECF 6989 at 1. Levin Simes also argues that it is "working with" some of its Plaintiffs to try to belatedly comply with PTO 10 and that it has "worked diligently to reach" others without success. ECF 6989 at 1-2.

But if Plaintiffs had legitimate reasons that they were unable to comply with this Court's PFS deadline, the appropriate procedure would have been to request an extension of the deadline under Local Rule 6-1(b), not to ignore the deadline entirely. Extensions are discretionary and based on a showing of specific facts demonstrating good cause. *See Emery v. Oregon Dep't of Corr.*, No. 24-6602, 2025 WL 2977821, at *1 (9th Cir. 2025). Plaintiffs' responses have generally not made any individualized showing as to any *specific* Plaintiff's reasons for noncompliance, but merely averred generally about challenges such plaintiffs *may* face. ECF 6983 at 2; ECF 6985 at 1.[2] Of course, it is not surprising that Plaintiffs' counsel lacks specific information about their hypothetical reasons Plaintiffs have not complied with the Court's order, as counsel concede that they have not been able to reach their clients. ECF 6983 at 2. But regardless, when counsel suggests that Plaintiffs have good reasons for their noncompliance, that is really just speculation—counsel do not claim to have asked these individual Plaintiffs for their actual reasons for disobeying the Court's order.

Moreover, Plaintiffs cite no legal authority in support of arguments that a plaintiff's difficult circumstances or counsel's claimed diligence can excuse compliance, and in fact the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re PPA*, 460 F.3d at 1233 & 1242. After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens

---

[2] Levin Simes does aver that Plaintiff Jane Doe LS 704 "is currently incarcerated," ECF 6989 at 1, but does not provide details about when she became incarcerated or why that has rendered her unable to communicate with her counsel to provide information for a PFS. Regardless, the fact that a plaintiff is incarcerated, standing alone, "does not excuse plaintiff's obligations to prosecute the case and comply with the federal rules of civil procedure." *Rodgers v. Alameda Cnty. Social Servs. Agency*, Nos. C-98-3760 VRW & C-00-4470 VRW, 2001 WL 58966, at *1 (N.D. Cal. Jan. 12, 2001). And though this Court recently vacated a dismissal for failure to submit a PFS based in part on that Plaintiff's incarceration, ECF 6937, in that case the Plaintiff *had belatedly submitted the PFS*, not just requested an indefinite extension.

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

of compliance with court orders, which are by their nature sometimes personally challenging," but regardless, "compliance is not optional." *Capolupo v. Eills*, No. 18-cv-07458-RMI, 2019 WL 2327883, at \*7 (N.D. Cal. May 31, 2019).

### V.    Plaintiffs' Claimed Ignorance of this Court's Orders Would Not Excuse Their Failure to Comply.

Levin Simes argues that it has "not received any indication that these clients are actually aware they have failed to comply with this Court's orders," ECF 6989, seemingly arguing that neither Plaintiffs nor their counsel can be faulted for wholly ignoring their cases for months. But "it is the responsibility of the moving party—not the district court or Defendants—to advance the case at a reasonable pace," such that the failure to do so is grounds for dismissal for failure to prosecute. *Collins v. Laborers Int'l Union of N. Am.,* No 24-3937, 2025 WL 1895310, at \*1 (9th Cir. July 9, 2025). If, as Levin Simes suggests, Plaintiffs have been ignoring all efforts from their attorneys to discuss their cases for months, that constitutes "deliberate ignorance" or "willful blindness" to their obligations under this Court's orders. *See United States v. Sangbarini,* No. 24-3339, 2026 WL 2018796, at \*2 (9th Cir. July 13, 2026). Such willfulness is not a defense to dismissal for failure to prosecute, but rather an additional reason that dismissal should be granted. *See Ou-Young v. Potter,* 479 F. App'x 77, 78 (9th Cir. 2012) ("willful, inexcusable failure to prosecute" favors dismissal).

### VI.    Plaintiff Jane Doe LS 705 cannot evade the consequences of her failure to comply with court orders by voluntarily dismissing.

Levin Simes argues that "Uber's Motion is moot" with regard to Plaintiff Jane Doe LS 705 because she filed a notice of voluntary dismissal without prejudice. ECF 6989 at 2. But as set forth in Uber's separate Motion to Strike that voluntary dismissal, ECF 7005, because Defendants have already answered the Master Complaint and otherwise invested resources in this case, Plaintiff Jane Doe LS 705's notice of dismissal was untimely, and she must instead file a motion establishing a basis for voluntarily dismissal. *See Walden v. Nevada*, No. 3:14-cv-00320, 2018 WL 3469022, at \*2 (D. Nev. July 18, 2018). Moreover, voluntary dismissal is inappropriate because Plaintiff is seeking to avoid an adverse ruling and dismissal with prejudice due to her violation of this Court's order. *See Thompson*

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

*v. Janssen Pharm., Inc.*, 756 F. App'x 740 (9th Cir. 2019). Plaintiff Jane Doe LS 705's improper notice of voluntary dismissal should not prevent this Court from granting the relief Uber seeks.

### VII.    Uber is not seeking dismissal with prejudice and Plaintiffs' counsel's unsupported arguments against it waste the Court's time.

The Wagstaff firm acknowledges that "Uber has moved to dismiss **without** prejudice." ECF 6983 at 3 (emphasis added). But it then proceeds to argue that dismissal **with** prejudice is inappropriate. *Id.* This "straw man" argument, opposing relief no one has requested, is frivolous and a waste of the Court's time. *See M.G. v. Bodum USA, Inc.,* No. 19-cv-1069, 2021 WL 718839, at *17 (N.D. Cal. Feb. 24, 2021). Uber will not compound the waste of time by responding in full, but simply notes that the sole case Wagstaff cites in opposing dismissal with prejudice, *Malone,* **actually affirmed the grant of that relief**. 833 F.2d at 134. So, there *is* in fact precedent supporting dismissal with prejudice of Plaintiffs' cases, though Uber continues to request only the dismissal without prejudice anticipated as a remedy by Amended PTO 10 itself.

Accordingly, pursuant to Amended PTO 10, this Court should enter an order in the form of the Amended Proposed Order submitted with this Reply, dismissing the relevant Plaintiffs' cases without prejudice.

Dated: August 12, 2026                    SHOOK, HARDY & BACON L.L.P.


By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093
*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10
Case No. 3:23-MD-3084-CRB

**PROOF OF SERVICE**

I hereby certify that on August 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10
Case No. 3:23-MD-3084-CRB