[Submitting counsel below]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB |
| | Honorable Charles R. Breyer |
| This Document Relates to: | **PLAINTIFF'S ADMINISTRATIVE MOTION TO MODIFY SCHEDULING ORDER TO EXTEND EXPERT REPORT DEADLINE** |
| *Jane Doe QLF 0001 v. Uber Technologies, Inc., et al*, Case No. 3:24-CV-08783 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE DOE QLF 0001, | No. 1:26-cv-01694-CRB |
| Plaintiff, | Judge:      Hon. Charles R. Breyer |
| v. | Courtroom:   501 |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

Pursuant to Civil Local Rules 7-11 and 6-3 and Federal Rule of Civil Procedure 16(b)(4), Plaintiff Jane Doe QLF 0001 respectfully moves to modify the July 13, 2026 Scheduling Order (ECF No. 6784) in the limited respects set out below. Plaintiff requests that the Court: (1) extend the expert-report deadline from August 24 to August 31, 2026; (2) extend the September 2 close of expert discovery only as necessary to complete expert depositions after that date; and (3) permit experts to supplement their opinions, no later than October 2, 2026, to address new testimony obtained in any depositions conducted, by agreement or by Court order, after August 29, 2026. Plaintiff does not seek to move the October 5, 2026 trial date or the other pretrial deadlines in the Scheduling Order.

## I.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order or to amend a pleading past the deadline set by a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4). The Rule 16 good-cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A schedule may be modified where it cannot reasonably be met despite the moving party's diligence. *Id*.

Civil Local Rule 6-3 likewise requires a motion to change time to describe the circumstances supporting the request, disclose previous time modifications, describe the effect of the requested modification on the case schedule, and report the opposing party's position after conferring. Civil Local Rule 7-11 requires an administrative motion to identify specifically the action requested and the reasons supporting it, and to be accompanied by a proposed order and either a stipulation or a declaration explaining why a stipulation could not be obtained.

## II.      GOOD CAUSE EXISTS FOR THE LIMITED MODIFICATIONS REQUESTED

### A.      The need to complete discovery justifies a modest extension of the expert deadline.

The current schedule requires substantial completion of fact discovery by August 21, expert reports by August 24, and the close of expert discovery by September 2. While the parties have been working hard to substantially complete discovery by August 21, it has become clear that, despite

1

Plaintiff's diligence, several depositions will occur after that date (and after the August 24 expert date).

*First*, due to a combination of Uber's decisions not to produce witnesses before the deadline, and scheduling constraints affecting both sides, several corporate witness depositions will occur after August 24. Despite these scheduling deadlines and multiple other related Orders, Uber has not provided deposition dates for a number of witnesses that are likely to have evidence that is essential for both Plaintiff's liability and damages experts. Uber has repeatedly disregarded Plaintiff's requests that Uber provide dates sufficiently before the August 21 deadline so that Plaintiff can meet the expert deadline. These witnesses include:

**Cory Freivogel**: Uber designed Mr. Freivogel on topics contained in 30(b)(6) notices that Plaintiff served on June 19. Although the deposition began on August 7, Uber refused to allow the entire deposition to proceed on that date and ended the deposition early. Plaintiff asked that Uber produce him before August 21 for the remainder of his deposition, but Uber has only offered August 28 or September 2, 3, or 4.

**Greg Brown**: Uber designated Mr. Brown to cover numerous topics in the June 19 30(b)(6) deposition notices. Given the number of topics Uber designated Mr. Brown to cover, two days will be required for his deposition. As of August 7, Uber still had not provided dates for Mr. Brown's deposition. Uber did not offer any dates until July 30, at which time it suggested September 11 or 15. Only upon Plaintiff's insistence for earlier dates, on August 5, Uber offered just one day, August 25. At Plaintiff's instance for two days, on August 7, Uber offered August 25 and 26 for Mr. Brown's deposition.

The 30(b)(6) notices cover topics that will be central to Plaintiff's ability to prove her case, including how Uber matched Plaintiff with the subject driver, driver history information that was specific to the Subject Driver and Uber's knowledge of previously reported incidents relating to this driver, Uber's screening of the Subject Driver, and Uber's conduct within the specific geographical area in which the sexual assault took place.

**Todd Gaddis, Emilie Boman, and Sachin Kansal**: Uber has reserved the right to call Mr. Gaddis, Ms. Boman, and Mr. Kansal at the upcoming trial. On May 15, Judge Cisneros ordered Uber to produce these witnesses for deposition. (ECF No. 6209) Uber did not provide dates for these witnesses

until July 20, providing September 9 for Mr. Kansal and dates in mid-to-late September for Mr. Gaddis and Ms. Boman. Mr. Kansal's deposition is currently scheduled for September 9. Mr. Gaddis' deposition is currently scheduled for September 17 and Ms. Boman's for September 28.

**Matt Mermel**: Mr. Mermel is Uber's internal investigator who handled the report of Plaintiff's rape. Plaintiff served his deposition notice on June 19. Uber did not provide dates until July 20. This deposition is currently scheduled for August 27.

**30(b)(6) Witness on Trip Matching**: On June 19, Plaintiff served a deposition notice on topics related to how Uber matched the Subject Driver and the Plaintiff. Uber refuses to produce a witness. A PTO 8 letter on this issue is pending before Judge Cisneros. (ECF No. 6858)

**Sarfraz Maredia**: Plaintiff requested deposition dates for Mr. Maredia on July 27 and therefore Plaintiff served a deposition notice on August 3 for deposition on September 21. Uber refuses to produce Mr. Maredia for deposition but has not filed a motion to quash or otherwise sought relief

Plaintiffs' experts will necessarily rely on these depositions. *See*, *e.g.*, *In re Outlaw Laboratories, LP Litig.*, 2020 WL 2111920, at *4 (S.D. Cal. May 4, 2020)(finding good cause for a short extension of fact discovery and extending, in turn, expert discovery and expert report deadlines). Uber also refused to offer any dates before September 11, 2026 for one of its case-specific 30(b)(6) witnesses. *See* ECF 6951 at 6. Judge Cisneros ordered the witness be produced no later than August 23, the day before the expert deadline. Plaintiffs' case-specific experts need more than 24 hours to consider that deposition and incorporate it into their opinions. ECF. No. 7012 at 3.

*Second*, other depositions have been delayed by circumstances relating to witness availability and out of Plaintiff's control. For example, Victor Le, the driver, is in prison. The earliest date on which the correctional facility can accommodate the deposition of Mr. Le is September 1, 2026. Because the driver is incarcerated, Rule 30(a)(2)(B) requires leave of Court before the deposition may proceed. Plaintiff is attempting to coordinate the necessary arrangements and obtain agreement from Defendants, but, absent resolution of the remaining disputes, the parties may need to submit a PTO 8 letter to the Court on August 17 concerning the deposition.

Likewise, three third-party depositions have been delayed despite Plaintiff's efforts to complete

them within the existing schedule. The depositions of the National Alliance to End Sexual Violence, the National Network to End Domestic Violence, and Indira Henard remain subject to disputes concerning, among other things, deposition duration and document production. These scheduling difficulties are compounded by the third parties' limited availability. At least one of the nonprofit entities has offered only a single deposition date during August and September, and that date may pass before the outstanding disputes concerning the deposition and related document production can be resolved.

**B.      Plaintiff's psychology expert requires additional time to prepare her report.**

Plaintiff's psychology expert is not available to examine Plaintiff until August 23, one day before expert reports are presently due. That timing makes it impracticable for the expert to conduct the examination, evaluate the results, and prepare a complete report by August 24. The parties have already confronted the same scheduling issue on the defense side: Uber requested, and Plaintiff agreed, that the deadline for Defendants' psychology expert report be extended to August 28 because of scheduling constraints. Accordingly, the work of psychology experts—and of any experts whose opinions depend upon the psychological evaluations or reports—cannot reasonably be completed under the existing schedule despite Plaintiff's diligence.

**C.      The requested schedule modifications are modest and will not prevent the case from being ready for trial.**

The one-week extension for expert reports is limited. The current August 24 deadline falls only three days after the August 21 substantial-completion date. Moving expert reports to August 31 gives the experts a short additional period to account for the fact record being completed at the same time, without moving trial. Because expert reports would then be due two days before the present September 2 close of expert discovery, Plaintiff also asks that expert discovery remain open only to the extent necessary to complete expert depositions. Plaintiff proposes that the parties work efficiently to schedule those depositions and provide two available deposition dates for each expert no later than August 24, identifying the expert by general area of expertise if the expert's name has not yet been disclosed.

**D.  Limited supplementation avoids forcing experts to ignore later testimony.**

To the extent that any depositions are taken after August 29, 2026 (2 days before the modified

4

expert report deadline), Plaintiff requests that the Court order a supplementation deadline of October 2. This clear deadline will avoid the seriatim motions to strike that preceded the *Dean* trial.

**E.  Uber's stated concerns do not warrant denying the requested relief.**

Uber objects that an August 31 report deadline would leave only two days before the September 2 expert-discovery cutoff, and that supplementation through October 2 could occur too close to trial. But if the Court extends the September 2 cutoff as necessary for expert depositions, that eliminates the two-day problem Uber identifies. To the extent that later expert depositions give rise to late-breaking grounds for a *Daubert* motion, the parties can brief, and the Court can decide, such a motion on a modified schedule for that expert.

**F.  The requested modifications reflect diligence and do not alter the trial date.**

Plaintiff expects to complete the majority of depositions before August 21 and has diligently attempted to schedule the remaining depositions within the existing deadlines. As described above, however, certain depositions cannot be completed within that period because of Uber's scheduling limitations, witness availability, the correctional facility's scheduling limitations, disputes concerning third-party discovery, and other circumstances outside Plaintiff's control. The same scheduling constraints have affected the parties' psychology experts. Plaintiff sought Uber's agreement to limited modifications addressing these issues, but Uber did not agree.

The requested modifications ensure expert discovery will still be complete well before the October 5 trial date.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court (1) extend the deadline for service of expert reports to August 31, 2026; (2) extend the deadline to complete expert discovery as necessary to complete expert depositions; (3) order that any supplemental expert reports based on discovery completed after August 29, 2026 be due on October 2, 2026.

Dated: August 12, 2026                                Respectfully submitted,

By: */s/ Sarah R. London*
                                Sarah R. London (SBN 267083)

5

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By*: /s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By*: /s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

## FILER'S ATTESTATION

I, Roopal P. Luhana, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: August 12, 2026                    */s/ Roopal P. Luhana*

Roopal P. Luhana

6