# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br>All cases | **[PROPOSED] PRETRIAL ORDER NO. 45: WAVE 2-4 BELLWETHER TRIALS, REMANDS AND ADR PROCESS** |

## [PROPOSED] PRETRIAL ORDER NO. 45

The Uber MDL was established in November 2023. With two bellwether trials completed (Jaylynn Dean; WHB 823), and two more cases set for trial in September 2026 (Jane Doe QLF 001.; A.R.2), the Court finds that this MDL — now comprising 3,057 cases [CONFIRM #] — has matured to the point where a focused, multi-track approach is both appropriate and necessary.

A substantial number of cases in this MDL have been pending for well over three years, and many involve alleged sexual assaults that occurred years before the case was even filed. While the Court will continue to try bellwether cases as warranted and appropriate to advance these proceedings, it is apparent that the interests of justice and judicial efficiency favor expediting a path to trial or resolution for other cases, as set forth in Section V below.

The overarching goal of this MDL is the fair and efficient resolution of the claims before it — whether by trial or settlement. The Court observes that in related actions, state court cases in the JCCP and elsewhere, the scheduling of a firm trial date appears to create movement toward resolving individual cases. The Court has been further advised that Uber has approached individual Plaintiffs' counsel to mediate cases that the Court has set for bellwether trials. Given the significant and growing number of cases in this MDL, it appears that more trial settings is the optimal way to advance the timely, complete, and final resolution of this MDL and to advance the interests of the parties in obtaining prompt relief, whether by trial or settlement.

The Court has reviewed the proposed trial waves set forth in Pretrial Order No. 24 (ECF No. 2775), the revised Wave 1 composition set forth in Pretrial Order No. 30 (ECF No. 3674), the parties' respective proposals regarding scheduling, and the precedent established in other complex MDL proceedings. This Order supersedes PTO 24 as to bellwether wave composition and scheduling and supplements PTO 30.

Accordingly, the Court ORDERS as follows:

1

[PROPOSED] PRETRIAL ORDER NO. 45: WAVE 2-4 BELLWETHER TRIALS, REMANDS
AND ADR
Case No. 3:23-md-03084-CRB

## I.  GENERAL PROVISIONS

This Order governs: (a) the composition and scheduling of Bellwether Trial Waves 2 through 4; (b) a parallel Remand Track for the broader MDL population; including prioritization criteria to expeditiously identify and remand cases where the Court has already issued rulings on state-specific issues, and (c) ADR milestones designed to work in tandem with the updated trial schedule.

## II.  STRUCTURE OF THE BELLWETHER TRIALS: WAVES 2–4

The Court adopts a dual-track trial process: (1) waves of sequential bellwether trials, with cases lined up to proceed if the first settles or is dismissed; and (2) a parallel remand track (Section V below) that prepares large cohorts of non-bellwether MDL cases for trial in their home districts or transferee courts.

Below is a tentative order regarding the composition and schedule of Bellwether Wave Cases, based on the parties' initial bellwether selections. The Court trusts that the initial bellwether trials have given the parties meaningful information and that those trials should guide what cases should be tried going forward. To that end, the bellwether selection process should remain flexible and iterative: if a party believes that a case that was previously selected no longer makes sense to try as a bellwether, that party should advise the Court and propose substitutions. The Court orders the parties to respond within 21 days with a joint or competing proposal (including new bellwether selections as appropriate) that best furthers the Court's goals of trying the bellwether cases with the broadest range of liability theories and challenged safety features. The Court will consider the submissions and prioritize cases for trial—whether a case was selected by Plaintiffs or Defendants may be considered, but will not be dispositive.

Upon the final Order, the Court instructs the parties to prepare to try each case within a given trial wave on the same designated date. Should the first case within a trial wave settle prior to the trial date, the parties will proceed to the second case, and so on down the line.

[PROPOSED] PRETRIAL ORDER NO. 45: WAVE 2-4 BELLWETHER TRIALS, REMANDS AND ADR
Case No. 3:23-md-03084-CRB

*A. Bellwether Selections*

The Court provisionally selects the below cases for Trial Waves 2-4. Trial Waves 2-4 will be scheduled to begin February 1, 2027, May 3, 2027 and August 2, 2027; the parties will submit a brief not to exceed five pages regarding their positions on these selections, including which cases should be assigned to each Wave (which may include remaining cases from current Wave 1), within 21 days.

| BG ID | Plaintiff Name | Case Number | State |
|---|---|---|---|
| 1025 | William Adorno, an individual on behalf of his minor child, I.O. | 3:23-cv-05101 | AZ |
| 3369 | G.C. | 3:25-cv-03554 | WA |
| 5014 | A.D. | 3:26-cv-01433 | AZ |
| 3077 | B.L. | 3:25-cv-02400 | IL |
| 5148 | R.M. | 3:26-cv-02694 | TN |
| 5328 | G. | 3:26-cv-04059 | NM |
| 5004 | C.L. | 3:24-cv-04542 | MI |
| 5480 | J.J.01 | 3:26-cv-04914 | NC |
| 5338 | C.K. | 3:26-cv-04176 | GA |
| 4074 | L.B. | 3:25-cv-08116 | IN |
| 1301 | A.M. | 3:24-cv-01732 | NY |
| 2759 | A.M. | 3:24-cv-06790 | VA |
| 6207 | L.M. | 3:26-cv-08233 | TX |
| 5499 | M.O. | 3:26-cv-05682 | PA |
| 3352 | L.S. | 3:25-cv-03307 | District of Columbia |

[PROPOSED] PRETRIAL ORDER NO. 45: WAVE 2-4 BELLWETHER TRIALS, REMANDS AND ADR
Case No. 3:23-md-03084-CRB

### B.  Assignment of NDCA Cases to Other Judges for Trial

In the interest of judicial economy, consistency of rulings on common issues of law and fact, and the efficient use of judicial resources, the Court, at its discretion, may assign any case pending in the United States District Court for the Northern District of California, to any other judge within this District for trial, where doing so would be consistent with law and promote the efficient administration of justice. The parties shall meet and confer regarding a rolling trial calendar for such cases and shall submit a joint proposal, or competing proposals, within 21 days of this Order.

### III.  PRETRIAL DEADLINES (BELLWETHER WAVES 2–4)

The following deadlines apply to each individual bellwether trial slot, measured from the scheduled trial date. These deadlines shall govern absent a specific modification order for a given case.

| Event / Deadline | Timing Relative to Trial |
| --- | --- |
| Deadline to Amend Complaint | 150 days before trial |
| Fact Discovery Cutoff | 91 days before trial |
| Plaintiff Expert Reports | 70 days before trial |
| Defendant Expert Reports | 49 days before trial |
| Expert Depositions Complete | 35 days before trial |
| Dispositive Motions and Daubert / Rule 702 Motions | 56 days before trial |
| Oppositions to Dispositive / Daubert Motions | 42 days before trial |
| Reply Briefs | 35 days before trial |
| Pretrial Memoranda, Witness Lists, Exhibit Lists, Deposition Designations | 28 days before trial |
| Objections to Witness/Exhibit Lists and Deposition Designations | 21 days before trial |
| Counter-Designations; Objections to Counter-Designations | 14 days before trial |
| Motions in Limine | 21 days before trial |
| Oppositions to Motions in Limine | 14 days before trial |

[PROPOSED] PRETRIAL ORDER NO. 45: WAVE 2-4 BELLWETHER TRIALS, REMANDS AND ADR
Case No. 3:23-md-03084-CRB

| Event / Deadline | Timing Relative to Trial |
|---|---|
| Replies in Support of Motions in Limine | 10 days before trial |
| Proposed Jury Instructions, Verdict Form, and Voir Dire Questions | 21 days before trial |
| Final Pretrial Conference | 7 days before trial |
| Jury Selection | 1 business day before trial |

Expert discovery shall proceed in accordance with the Federal Rules of Civil Procedure. Nothing in this Order limits any party's right to petition the Court for additional expert discovery upon a showing of good cause. In the interest of MDL efficiency, expert reports, Daubert rulings, and motions in limine decisions from Waves 1 and 2 shall be designated as part of the MDL common record and may be adopted in subsequent wave trials without re-briefing, subject to the specific facts of each case and any party's right to supplement for case-specific issues.

### IV.  TRIAL TIME AND ALLOCATION

1.  Each bellwether trial shall be allotted presumptively 65 hours of trial time, exclusive of closing arguments. Closing arguments shall not be charged against either party's time allocation and shall be scheduled as a separate block of equal time for each side.

2.  Time shall presumptively be allocated 60% to Plaintiffs (39 hours) and 40% to Defendants (26 hours), consistent with the allocation applied in the Dean trial and reflecting Plaintiffs' burden of proof.

3.  Before each trial, the parties shall meet and confer to identify: (a) facts that may be stipulated; (b) agreed deposition clips; and (c) whether any expert testimony from a prior wave trial may be adopted by stipulation, reducing the need for live re-presentation.

[PROPOSED] PRETRIAL ORDER NO. 45: WAVE 2-4 BELLWETHER TRIALS, REMANDS AND ADR
Case No. 3:23-md-03084-CRB

## V. REMAND TRACK — PREPARATION OF NON-BELLWETHER CASES

The Court adopts a Remand Track modeled on the approach employed by Judge Goodwin in *In re Pelvic Mesh.*

### A. Criteria and Rationale

Rather than processing the non-bellwether docket strictly in order of filing date, the Remand Track shall prioritize cases to include in the earliest Remand Wave cohorts according to the following tiers:

Tier 1: Cases in which the operative complaint alleges rape, or digital or oral penetration, and in which the alleged incident occurred in a state recognizing common carrier liability for transportation network companies. For purposes of this Order, those states are: Alabama, California, Connecticut, Delaware, Georgia, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, North Carolina, North Dakota, Ohio, South Carolina, Tennessee, Vermont, and Washington.

Tier 2: Cases in which the operative complaint alleges rape, or digital or oral penetration, arising in any state not listed in Tier 1.

Tier 3: Cases in which the operative complaint alleges touching of a sexual body part, kissing of a sexual body part, or other sexual misconduct not encompassed by Tier 1 or Tier 2.

Tier 4: All remaining non-bellwether cases, to be processed in order of filing date (oldest first), consistent with the approach previously set forth in Pretrial Order No. 24.

Within each Tier, priority shall further be given to cases that (i) have been pending the longest, and (ii) involve alleged incidents that occurred earliest in time. The parties shall meet and confer within 21 days of this Order to categorize all pending non-bellwether cases according to the tiers set forth above and shall submit a joint report, or competing reports if the parties cannot agree, identifying the proposed tier classification for each case, together with a proposed schedule for populating the Remand Wave cohorts below principally from Tier 1 and Tier 2 cases.

The Court finds good cause to depart from a strict oldest-filed approach to cohort composition for the following reasons: First, the Court observes that Tier 1 cases are most likely to drive meaningful resolution discussions. Second, common carrier vicarious liability, where recognized, presents distinct and potentially case-dispositive legal issues that are more efficiently and consistently resolved on a cohort basis for cases arising within jurisdictions that recognize such liability. Grouping these cases together provides greater consistency and clarity for the resolution of similarly situated cases in the same or similar jurisdictions and promotes the efficient administration of this MDL.

Nothing in this prioritization framework alters the substantive elements of any claim or defense, constitutes any finding by the Court regarding the merits of any case, or precludes a party from seeking case-specific relief, including expedited or deferred treatment, upon a showing of good cause.

### B. Remand Wave Cohorts

The Court will process non-bellwether MDL cases in the following Remand Waves, drawn first from Tier 1 and Tier 2 cases identified pursuant to Section V. 1 above. Once all cases from Tier 1 and Tier 2 have been remanded, then the remaining Tier 3 and 4 cases will be remanded:

| Remand Wave | No. of Cases | Case-Specific Discovery Cutoff | ADR Deadline | Joint Venue Proposals Due |
|---|---|---|---|---|
| R-Wave 1 | 50 cases | March 1, 2027 | January 15, 2027 | March 15, 2027 |
| R-Wave 2 | 65 cases | May 3, 2027 | March 19, 2027 | May 17, 2027 |
| R-Wave 3 | 80 cases | July 1, 2027 | May 17, 2027 | July 15, 2027 |
| R-Wave 4 | 95 cases | September 2, 2027 | July 19, 2027 | September 16, 2027 |
| R-Wave 5 | 110 cases | November 3, 2027 | September 20, 2027 | November 17, 2027 |
| R-Wave 6+ | Discuss Process for Remaining | Rolling schedule | Rolling schedule | Rolling schedule |

### 1. Case-Specific Discovery

Discovery for Remand Track cases shall be streamlined as follows:

[PROPOSED] PRETRIAL ORDER NO. 45: WAVE 2-4 BELLWETHER TRIALS, REMANDS AND ADR
Case No. 3:23-md-03084-CRB

a.  Plaintiff Fact Sheets and Defense Fact Sheets compliant with the Amended PTO 10 requirements are a prerequisite for inclusion in any Remand Wave. The parties must address any deficiencies in the PFS or DFS within 14 days of Remand Wave assignment.

b.  Case-specific written discovery shall be limited to: (i) 10 interrogatories per side; (ii) 10 requests for admission per side; and (iii) requests for production limited to case-specific medical records, incident records, and Uber platform data for the driver/passenger/pairing/ride at issue.

c.  Each side is limited to four case-specific fact/30(b)(6) depositions per case (plaintiff deposition for defense; Uber corporate representative(s) on ride-specific data for plaintiffs), plus treater or corroborating fact witness, and the driver.

d.  Common expert reports from the MDL record may be used in Remand Track cases without re-retention, subject to the transferee court's evidentiary rules.

## 2.  Remand / Transfer Process.

Upon completion of case-specific discovery for each Remand Wave cohort, the parties shall submit joint venue proposals identifying, for each case, the appropriate transferee court. The Court will enter individual remand or transfer orders on a rolling basis. Cases for which the parties cannot agree on venue shall be remanded to the federal court in the state in which the alleged incident occurred.

## 3.  Settlement Opportunity Before Remand.

For each Remand Wave, the Court shall direct the parties to conduct a mediation session no later than 45 days before the case-specific cutoff date, focused on the cohort of cases in that wave. Cases resolved in mediation shall be removed from the Remand Wave Cohort.

## VI.  ADR MILESTONES

The ADR Proposal will be subject to a separate Order the parties will submit within 21 days of entry of this Order. The parties shall submit to the Court a joint proposal — or competing proposals if they cannot come to an agreement.

### VII.  MODIFICATION

This Order may be modified upon motion by any party for good cause shown, or by the Court sua sponte in the interests of justice and efficient MDL administration. The compressed schedule established herein reflects the Court's considered judgment that the information gained from prior bellwether trials, together with the length of time this MDL has been pending and the severity of the alleged harms at issue in many member cases, is sufficient to justify accelerating the pace of this litigation. Requests for extensions will be evaluated against this backdrop and will be granted sparingly.

**IT IS SO ORDERED.**

Dated: _____          _____

Honorable Charles R. Breyer
United States District Judge

[PROPOSED] PRETRIAL ORDER NO. 45: WAVE 2-4 BELLWETHER TRIALS, REMANDS AND ADR
Case No. 3:23-md-03084-CRB