# EXHIBIT 11



July 30, 2026

*Via email*

Nadira Clarke
Hogan Lovells Cadwalader US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
nadira.clarke@hlc.com

**Re:**    Deposition of NAESV

Dear Nadira,

Thank you for the productive conversation on Friday. We really appreciate you taking the time and wanted to follow up on a few items.

**First**, we discussed and want to reiterate how much we and our clients respect and value the work NAESV performs and the commitment that the organization has to prevent sexual violence and to educate others about prevention strategies.  And while we do not believe the deposition of NAESV would impose an undue burden, we acknowledge your concerns about the potential impact of that deposition on the employees' schedules. Please know that we have and will continue to do everything we can to minimize any such impact.

In the meantime, we do want to stress that it is not our client who has created the need for NAESV's deposition.  Rather, the reason we need this deposition—and the reason the Court has permitted it—is because *Uber* has chosen to invoke NAESV as part of its litigation strategy.  *See* ECF No. 6533 (permitting depositions of five entities, including NAESV, in light of "Uber's trial presentation in the Dean bellwether case and Emilie Boman's recent deposition testimony"). As explained on Friday, our clients need and deserve an opportunity to respond to Uber's chosen litigation strategy— including by discovering and presenting to the jury the actual facts surrounding the "partnership" Uber claims to have with NAESV. In particular, our clients are entitled to understand the specific work your client actually did—and did not—perform for Uber and the specific information your client was—and was not— privy to—before making public statements in support of Uber.

Put simply, our need to discover these facts—and understand the accuracy of assertions Uber has made about them—arises from what Uber has said at prior trials and presumably plans to repeat in upcoming proceedings. The situation would be far different if Uber were to refrain from invoking your client's name and reputation as part of its trial presentation.  For that reason, and as we discussed Friday, we respectfully ask you to pass on to your client the following proposal:  If NAESV is willing to make a written request to Uber to refrain from presenting any evidence or argument

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW
Third Floor
Washington, DC 20016

T: (202) 792-7927 ext. 101
D: (202) 978-2228
F: (202) 792-7927
mgoldenberg@nighgoldenberg.com

Washington D.C.
Minnesota
Kansas
Florida



about the organization as part of its defense strategy in upcoming trials—and to share that written request with us—we would be willing to forgo the deposition the Court has ordered.  We very much appreciate you relaying this request and are happy to answer any questions you or NAESV may have about this proposal.

**Second**, since we first spoke, you have told us it would be helpful to you and your client to have additional information about issues that may arise as part of any deposition that occurs. We've shared with you some of our concerns surrounding that request without knowing more about any joint privilege Uber may assert with NAESV.  If you are able to shed additional light on that situation, we would appreciate it.

That said, we are at this juncture able to relay publicly available background information regarding the assault that is at issue in the next case that will be tried.  Indeed, we believe this may be important information for your client to understand to the extent it may bear on a decision about the proposal we make in our first point. This background information is a summary of salient facts from the Texas Court of Appeals' opinion, affirming the criminal conviction of the Uber driver who raped our client. *Le v. State of Texas*, No. 07–22–00287–CR (Tx. Ct. App. Aug. 2, 2023).

In June 2020, when our client was 23 years old, she took an Uber home from a bar after a night of drinking. When she arrived home, she went inside and told her parents she had been sexually assaulted by the driver Uber sent. That assault included, among other things, the driver forcibly penetrating Ms. Doe's mouth with his penis. After our client described the assault to her parents, they called the police. The assault was also reported to Uber. In the following months, Uber's driver was criminally charged and at trial convicted of the second–degree felony offense of sexual assault, resulting in a sentence of eleven years of imprisonment. The driver appealed the conviction to the Texas Court of Appeals, where the verdict was affirmed. We are also attaching a copy of the publicly filed Complaint in this case for your reference.

Notwithstanding these facts, Uber has stated in open court that it reserves the right to contest at trial whether this forcible penetration actually occurred—in other words, to take the position that our client is making it up.

Again, we appreciate your willingness to relay this and other information we may be able to share with NAESV.

If the deposition does go forward, we are available to proceed on the date you provided. We request that you complete production of all responsive documents within 72 hours of that date to avoid any need to continue the deposition.  We have set forth our position regarding document production in our email correspondence but again are happy to discuss further at your convenience.

Nigh Goldenberg Raso & Vaughn, PLLC        T: (202) 792–7927 ext. 101        Washington D.C.
14 Ridge Square NW                D: (202) 978–2228            Minnesota
Third Floor                    F: (202) 792–7927            Kansas
Washington, DC 20016            mgoldenberg@nighgoldenberg.com        Florida



Sincerely yours,

Alex and Marlene

Nigh Goldenberg Raso & Vaughn, PLLC    T: (202) 792-7927 ext. 101    Washington D.C.
14 Ridge Square NW    D: (202) 978-2228    Minnesota
Third Floor    F: (202) 792-7927    Kansas
Washington, DC 20016    mgoldenberg@nighgoldenberg.com    Florida