# Exhibit A

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9050
kim.bueno@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **[PROPOSED] ORDER RE: BELLWETHER TRIAL SELECTION AND REMAND PROCESS** |
| This Document Relates to: | |
| ALL CASES | |

## [PROPOSED] ORDER RE: BELLWETHER TRIAL SELECTION AND REMAND PROCESS

This Order supersedes PTO 24 as to bellwether wave composition and scheduling and supplements PTO 30. Having reviewed the Parties' proposals and heard oral argument, the Court now **ORDERS** as follows:

## I.      GENERAL PROVISIONS

This Order governs: (a) the composition and scheduling of Bellwether Trial Waves 2 through 4; and (b) a parallel staggered Remand Track for the broader MDL population, prioritizing the earliest alleged incidents for remand/transfer to trial courts in the states where the alleged incidents occurred. It also includes provisions to eliminate fraudulent cases from the MDL proceeding and to ensure that Plaintiffs' interests are being protected in the mediation process.

## II.      STRUCTURE OF THE BELLWETHER TRIALS: WAVES 2-4

The Court finds that in order to ensure that the next waves of bellwether trials meaningfully advance resolution of the remaining cases, future trials should include categories of alleged misconduct and theories of liability that have not yet been tried. To that end, the Court adopts the following process:

1.  Plaintiffs and Defendants will each propose six cases to replace the current bellwether pool, following the trials in *QLF 001* and *A.R.* Each party will choose:

    a.  Two cases involving allegations of masturbation/indecent exposure;

    b.  Two cases involving allegations of sexual touching over clothing; and

    c.  Two cases involving allegations of sexual touching under clothing.

2.  At least one case chosen by each party in each of the three foregoing categories will be from a state that does not recognize any of the three vicarious liability claims asserted by Plaintiffs in this litigation: (i) common carrier; (ii) respondeat superior; and (iii) apparent agency.[1]

3.  Trial Wave 2 will begin April 1, 2027, and will draw from the pool of cases involving

---

[1] On June 10, 2026, Plaintiffs submitted a letter to the Court explaining the viability of vicarious liability claims in each state with claims then filed in the MDL. *See* ECF 6439.

allegations of masturbation/indecent exposure.

4.  Trial Wave 3 will begin August 1, 2027, and will draw from the pool of cases involving allegations of sexual touching over clothing.

5.  Trial Wave 4 will begin December 1, 2027, and will draw from the pool of cases involving allegations of sexual touching under clothing.

6.  In each wave, the parties will flip a coin to determine which party selects the first case to be tried. Subsequent trials will alternate between the parties' selections until all cases in the wave are tried.

7.  If any of the 12 bellwether cases is dismissed or settled, the party that chose that case shall replace it with another case.

### III.   FRAUD INVESTIGATIONS

In order to address fraud in this proceeding, Plaintiffs' counsel in each of the 12 bellwether cases must certify that they have vetted their entire inventory of cases for fraud and dismissed any fraudulent cases. Only after such certification is completed would any case from a particular law firm's inventory be eligible for selection as a bellwether candidate. The Court will appoint a Fraud Special Master to oversee this process and resolve any ensuing disputes over whether a law firm has satisfied its certification obligations.

### IV.   APPOINTMENT OF GUARDIAN AD LITEM

For the period of time until a Settlement Special Master is appointed, the Court will appoint a guardian ad litem (or similar title) in each bellwether case to ensure that Plaintiffs' interests are being adequately represented. The guardian ad litem will protect the interests of bellwether Plaintiffs and their ability to resolve their cases and receive information about resolution opportunities.

### V.   PRETRIAL DEADLINES FOR BELLWETHER WAVES 2-4

The following deadlines apply to each individual bellwether trial slot, measured from the scheduled trial date. These deadlines shall govern absent a specific modification order for a given case.

[PROPOSED] ORDER RE: BELLWETHER TRIAL
SELECTION AND REMAND PROCESS
CASE NO. 3:23-MD-03084

| Event / Deadline | Timing Relative to Trial |
|---|---|
| Deadline to Amend Complaint | 150 days before trial |
| Fact Discovery Cutoff | 91 days before trial |
| Plaintiff Expert Reports | 70 days before trial |
| Defendant Expert Reports | 49 days before trial |
| Expert Depositions Complete | 35 days before trial |
| Dispositive Motions and Rule 702 Motions | 42 days before trial |
| Oppositions to Dispositive and Rule 702 Motions | 28 days before trial |
| Reply Briefs In Support of Dispositive Motions | 21 days before trial |
| Pretrial Memoranda, Witness Lists, Exhibit Lists, Deposition Designations | 28 days before trial |
| Objections to Witness/Exhibit Lists and Deposition Designations | 21 days before trial |
| Counter-Designations; Objections to Counter-Designations | 14 days before trial |
| Motions in Limine | 21 days before trial |
| Oppositions to Motions in Limine | 14 days before trial |
| Proposed Jury Instructions, Verdict Form, and Voir Dire Questions | 21 days before trial |
| Final Pretrial Conference | 7 days before trial |
| Jury Selection | 1 business day before trial |

Expert discovery shall proceed in accordance with the Federal Rules of Civil Procedure. In the interest of MDL efficiency, Rule 702 rulings and motion in limine decisions from Waves 1 and 2 shall be designated as part of the MDL common record and may be adopted in subsequent wave trials without re-briefing, subject to the specific facts of each case and any party's right to supplement for case-specific issues.

## VI.    TRIAL TIME AND ALLOCATION

1.  Each bellwether trial shall be presumptively allotted 45 hours of trial time, including closing arguments.

2.  Trial time shall be allocated 50% to Plaintiffs and 50% to Defendants.

3.  Before each trial, the parties shall meet and confer to identify: (a) facts that may be stipulated; (b) agreed deposition clips; and (c) whether any expert testimony from a prior wave trial may be adopted by stipulation, reducing the need for live re-

[PROPOSED] ORDER RE: BELLWETHER TRIAL
SELECTION AND REMAND PROCESS
CASE NO. 3:23-MD-03084

presentation.

## VII.    REMAND/TRANSFER TRACK—PREPARATION OF NON-BELLWETHER CASES

### 1.    Remand Wave Cohorts

After the completion of at least two additional bellwether trials, the Court will begin an orderly process of suggesting that the Judicial Panel on Multidistrict Litigation remand those cases initially transferred to this MDL and transferring others that were directly filed in the MDL to the appropriate courts for trial. This process will occur in tranches based on the date of the alleged injury (the "Remand/Transfer Waves"). The Court will suggest remand or transfer of 25 cases every four months for the first year, selecting cases in order of the date of the alleged incident. After the first year, each subsequent Remand/Transfer Wave will increase to 50 cases and Remand Waves will occur every three months. If a case is dismissed or settled from a Remand/Transfer Wave, the next case in line will be added to that Remand/Transfer Wave immediately.

| Remand/ Transfer Wave | No. of Cases | Begin Preparation of Remand/Transfer Package | Deadline for Completion of Remand/Transfer Package | Joint Venue Proposals Due |
|---|---|---|---|---|
| R-Wave 1 | 25 cases | March 1, 2027 | June 30, 2027 | July 9, 2027 |
| R-Wave 2 | 25 cases | July 1, 2027 | October 31, 2027 | November 12, 2027 |
| R-Wave 3 | 25 cases | November 1, 2027 | February 26, 2028 | March 12, 2028 |
| R-Wave 4 | 50 cases | March 1, 2028 | May 31, 2028 | June 9, 2028 |
| R-Wave 5 | 50 cases | June 2, 2028 | August 31, 2028 | September 8, 2028 |
| R-Wave 6+ | Discuss Process for Remaining | | Rolling schedule | Rolling schedule |

### 2.    Case-Specific Discovery

Before any case is remanded or transferred, Plaintiffs must provide preliminary written and oral discovery, with full discovery and work up to take place post-remand/transfer in the court where the case will be tried. This pre-remand/transfer discovery must include production of:

1.    A completed Plaintiff Fact Sheet, communications and social media about the incident, lawsuit, and damages;

2.  A certification that counsel for the Plaintiff has investigated their entire inventory for fraudulent files and dismissed any cases with indicia of fraud;

3.  Relevant pre- and post-incident mental health records and associated authorizations; and

4.  Any law enforcement records.

In addition, Uber may take three depositions (Plaintiff, a fact witness, and a mental health provider). This initial, limited discovery will ensure that the Plaintiff intends to proceed with her case, and inform whether the case can be resolved prior to remand or transfer. This limited discovery is *not* meant to bar Uber from serving additional discovery after the case is transferred out of the MDL.

### 3.  Remand/Transfer Process

Upon completion of initial case-specific discovery for each Remand Wave cohort, the parties shall submit joint venue proposals identifying, for each case, the appropriate transferee court. The Court will enter individual remand or transfer orders on a rolling basis. Cases for which the parties cannot agree on venue shall be remanded to the federal court with jurisdiction over the county or parish in the state in which the alleged incident occurred.

### 4.  Settlement Opportunity Before Remand

For each Remand Wave, the Court shall direct the parties to conduct a mediation session focused on the cohort of cases in that wave. Cases resolved in mediation shall be removed from the relevant Remand Wave and immediately replaced with cases from the next Remand Wave.

### VIII.  <u>MODIFICATION</u>

This Order may be modified upon motion by any party for good cause shown, or by the Court sua sponte in the interests of justice and efficient MDL administration.

**IT IS SO ORDERED.**

Dated:  _____          _____

Honorable Charles R. Breyer
United States District Judge

[PROPOSED] ORDER RE: BELLWETHER TRIAL
SELECTION AND REMAND PROCESS
CASE NO. 3:23-MD-03084