Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br><br>This Document Relates to:<br><br>ALL CASES | Case No.: 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL [DEFENDANTS' MOTION FOR RECONSIDERATION AND STAY OF ORDER]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

DEFENDANTS' MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)

Pursuant to Northern District of California Civil Local Rule 79-5, Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion to Seal [Defendants' Motion for Reconsideration and Stay of Order]. Uber does not waive, and expressly reserves, all applicable privileges, confidentiality protections, privacy interests, trade secret protections, and other protections available under Rule 26(c), Civil Local Rule 79-5, and applicable law. For the reasons set forth herein, there is good cause to redact the following exhibit as described below:

| Document | Description | Party Seeking Confidentiality |
|---|---|---|
| Ex. 1 to Motion for Reconsideration | Portions of deposition transcript concerning Uber's confidential information | Uber |

## I. LEGAL STANDARD

Documents attached to non-dispositive filings that are not directly relevant to the merits of a case are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Rule 26 provides that good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). That protection extends to confidential business information, commercially sensitive strategy, and other material the disclosure of which would cause competitive harm, impair business relationships, or invade legitimate privacy interests. In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c).

## II. ARGUMENT

Uber has established good cause to seal the requested redactions to Exhibit 1. The materials at issue relate not to a dispositive motion, but to a reconsideration motion related to a discovery dispute—a filing that is, at most, only tangentially related to the merits of the underlying claims. This motion to seal therefore only needs to meet the less exacting "good cause" standard under Rule 26(c).

There is good cause to redact certain information in Exhibit 1 related to Uber's compliance and

DEFENDANTS' MOTION TO SEAL                                    Case No. 3:23-md-03084-CRB (LJC)

driver screening strategies. Specifically, Uber seeks to redact certain portions of the June 30, 2025 30(b)(6) deposition of Hannah Nilles that include discussion of and quotations from a July 2024 internal document titled "Proposal: Screening Operations As A Global Function." Uber seeks to redact discussion of certain strategies, proposals, and analysis concerning global screening procedures and a particular internal compliance project. This information concerning Uber's driver screening procedures and strategies is of great interest to Uber's competitors in screening their own work force. *See generally* 12/15/2025 Declaration of Greg Brown (ECF 4676-2) ¶ 11 (discussing how information concerning driver screening is competitively sensitive). Disclosure of this information would result in competitive harm to Uber by providing its competitors with confidential information that Uber's competitors could leverage against Uber to its competitive disadvantage in developing and modifying their own global screening procedures. *Id.*

Courts seal this type of confidential, operation, and strategic business information even under the more demanding compelling reasons standard. *See Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *10 (N.D. Cal. July 10, 2017) (sealing information that "discuss[es] how drivers receive orders and how Grubhub manages drivers"); *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025) (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons standard); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy…."); *see also Blockchain Innovation, LLC v. Franklin Res., Inc.*, No. 21-CV-08787-TSH, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) ("Courts regularly hold that good cause supports sealing such information because disclosing information related to a company's business strategy . . . can impose harm by allowing competitors to capitalize on a business's internal business decisions.").

Uber's request is also narrowly tailored and uses the least restrictive means available. Uber does not seek to seal the entire deposition transcript or even entire pages; rather, it seeks only limited redactions of specific passages that quote from or discuss the confidential July 2024 "Proposal: Screening Operations

3

As A Global Function" document and the internal compliance initiative referenced therein. The redacted material is not relevant to whether the Court should grant Uber's motion to reconsider—the merits of the underlying discovery dispute can be fully resolved on the basis of the unredacted portions of the exhibit. *See Impossible Foods Inc. v. Impossible LLC*, No. 5:21-cv-02419-BLF, 2025 WL 638350, at *4 (N.D. Cal. Feb. 27, 2025) ("Since IF's proposed redactions leave unredacted the material relevant to the Parties' dispute, the Court also finds that IF's proposed redactions are narrowly tailored."). Where a party requests only targeted redactions rather than wholesale sealing, courts consistently find the narrow-tailoring requirement satisfied. *Laatz*, 2025 WL 405702, at *2 (finding sealing requests "narrowly tailored so that there is no less restrictive alternative to redacting the information at issue"); *Bold*, 2024 WL 1329921, at *2 (similar). Uber's approach is the least restrictive alternative and is narrowly tailored to protect Uber's valuable and confidential global screening strategies while preserving full public access to the substance of the parties' legal dispute.

## III.    CONCLUSION

Good cause exists for the Court to seal the proposed redactions to Exhibit 1. Uber therefore respectfully requests that the Court order that the redacted portions of the Exhibit be maintained on the docket under seal.

DATED: August 13, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

DEFENDANTS' MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' MOTION TO SEAL                    Case No. 3:23-md-03084-CRB (LJC)