Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to:<br><br>ALL CASES | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION AND TO STAY**<br><br>Judge:  Mag. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR
PARTIAL RECONSIDERATION
Case No. 3:23-md-03084-CRB (LJC)

**ADMINISTRATIVE MOTION FOR LEAVE
TO FILE MOTION FOR PARTIAL RECONSIDERATION AND TO STAY**

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC respectfully move for leave to file a motion for partial reconsideration of the Court's July 30, 2026 Order that requires Uber to produce certain discovery regarding its June 2026 background check policy.[1] *See* Dkt. 6935 at 3-6 (the "July 30 Order"). Attached as Exhibit A to this Motion for Leave is Uber's Proposed Motion for Reconsideration and to Stay.[2]

**ARGUMENT**

Local Rule 7-9(a) allows "any party" to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order[.]" To be granted leave, the party must show "reasonable diligence in bringing the motion." Local Rule 7-9(b). The moving party also must show one of three grounds for leave. *See* Local Rule 7-9(b)(1)-(3). As set forth below, reconsideration is proper here because: (1) Uber did not have an opportunity to raise certain material facts in its PTO 8 letter brief, given that Uber was limited to two-and-a-half pages and given that this Court fashioned *sua sponte* relief that Uber could not have anticipated; (2) a change in law has occurred since the time of the July 30 Order, and (3) Uber has exercised reasonable diligence in bringing this motion.

**I.      RECONSIDERATION IS APPROPRIATE UNDER LOCAL RULE 7-9(B)(1).**

Under Local Rule 7-9(b)(1), a party may seek leave to file a motion for reconsideration based on a showing:

> That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

---

[1]    Uber is also seeking Judge Breyer's review of these and other aspects of the July 30 Order pursuant to Fed. R. Civ. P. 72.

[2]    The Court also required Uber to provide a declaration from Uber's Global Head of Safety Hannah Nilles, which Uber provided to Plaintiffs earlier this evening.

1

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR
PARTIAL RECONSIDERATION
Case No. 3:23-md-03084-CRB (LJC)

Local Rule 7-9(b)(1).

Local Rule 7-9(b)(1) is satisfied. The July 30 Order imposes on Uber the Hobson's choice of either "stipulat[ing] for the purpose of the next two bellwether trials that the expanded background check policy it adopted in 2026 would have been feasible at the time of the incidents in question for those trials," or submitting to a burdensome deposition as to why "such earlier adoption would not have been feasible." But Uber cannot stipulate to the former, because "feasibility" is not a simple yes or no question. Aa Uber Global Head of Safety Hannah Nilles testified in June 2025, Uber is constantly looking to iterate and improve its safety processes, but its ability to do so is limited by legal and operational, in addition to technical, concerns. In the abstract, almost any screening rule is technically feasible, even if it would violate the law: Uber could instruct a vendor to disqualify drivers based on any number of criteria, including criteria that would be arbitrary, overinclusive, legally problematic, unsupported by safety data, or operationally unworkable. The legally meaningful question is not whether a command could be sent to a vendor, but whether a national screening change was appropriate in light of the full safety, operational, technological, legal, regulatory, and evidentiary environment picture at the relevant time.

## II. PARTIAL RECONSIDERATION IS APPROPRIATE UNDER LOCAL RULE 7-9(B)(2).

Under Local Rule 7-9(b)(2), a party may also seek leave to file a motion for reconsideration based on "the emergence of new material facts or a change of law occurring after the time of such order." Local Rule 7-9(b)(2).

The California Supreme Court's recent opinion in *Gilead Tenofovir Cases*, S283862, 2026 WL 2223748 (Cal. Aug. 3, 2026), makes clear that feasibility is not a proper topic of inquiry under California law. In *Gilead*, the Court affirmed that a company has no duty under California law to bring a safer product to market when the pre-existing product is not unreasonably dangerous. The holding in *Gilead* directly undermines the rationale the Court

2

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR
PARTIAL RECONSIDERATION
Case No. 3:23-md-03084-CRB (LJC)

adopted as to why discovery into the June 2026 background check policy is relevant: that "Plaintiffs . . . have a legitimate interest in exploring whether it would have been feasible for Uber to implement sooner the expanded background checks that it is now conducting." Dkt. 6935 at 5. *Gilead* clarifies that Uber had no duty to adopt the most comprehensive version of a background check policy that was "feasible" at any given point in time, highlighting the irrelevance of the discovery at issue.

**III.    UBER EXERCISED REASONABLE DILIGENCE IN BRINGING THE MOTION.**

Uber's motion for leave should also be granted because Uber exercised reasonable diligence in seeking reconsideration of the Court's July 30 Order. As courts in this district have recognized, "'[r]easonable diligence' in bringing a motion for leave to file a motion for reconsideration" pursuant to Local Rule 7-9(b) "requires the party seeking reconsideration to bring its motion expeditiously." *See Malcolm Drilling Co. v. Davey Kent, Inc.*, No. 19-cv-06974-SK, 2021 WL 6199635, at *1 (N.D. Cal. Mar. 26, 2021) (finding that a party "exercised reasonable diligence in bringing its motion for leave [to file a motion for reconsideration] fewer than 10 days after" the court issued its order); *see also James v. Portfolio Recovery Assocs., LLC*, No. 14-cv-03889-RMW, 2015 WL 13950262, at *1 (N.D. Cal. Apr. 8, 2015) (finding that plaintiff "acted with reasonable diligence" in bringing motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9(b) "21 days after the court entered its order granting defendant's motion to compel arbitration"). Here, Uber moved expeditiously in seeking leave to file a motion for partial reconsideration of the July 30 Order. Uber began preparing the instant motion for leave to seek partial reconsideration (as well as the attached Proposed Motion for Partial Reconsideration) immediately following receipt of the Court's ruling and is submitting this motion within 14 days of the July 30 Order.

3

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION
Case No. 3:23-md-03084-CRB (LJC)

## **CONCLUSION**

For the reasons set forth above, this Court should grant Uber leave to file its proposed Motion for Partial Reconsideration and to Stay.

DATED: August 13, 2026                    Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR
PARTIAL RECONSIDERATION
Case No. 3:23-md-03084-CRB (LJC)