UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No: 3:23-MD-03084 CRB |
| This Document Relates to:<br><br>ALL ACTIONS | PLAINTIFFS' LETTER BRIEF REGARDING NONPROFIT DEPOSITION LOGISTICS<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

Pursuant to PTO 8, Plaintiffs submit this letter to address outstanding disputes as to the timing, length, and document productions for the depositions of third parties Indira Henard, National Alliance to End Sexual Violence (NAESV), and National Network to End Domestic Violence (NNEDV) (collectively "nonprofits"), which remain in dispute following meet and confers, most recently on August 6.[1] Though the nonprofits object to characterizing this as a "joint" letter, Plaintiffs and their counsel exchanged this letter consistent with the PTO 8 process. The nonprofits separately moved to modify the subpoenas in the District of D.C., and Plaintiffs immediately tagged these with the JPML and have asked that those motions be transferred here.

## I. Plaintiffs' Position

**Jurisdiction.** Consistent with this Court's grant of authority under 28 U.S.C. § 1407 and the overwhelming weight of authority interpreting the same (including this Court's prior order, ECF 752), this Court has jurisdiction to address this dispute. *See* ECF 752; *see also*, *e.g.*, *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*, 238 F. Supp. 2d 270 (D.D.C. 2002) (explaining MDL judge has "enforcement powers in relation to subpoenas issued in the deposition district, … including depositions and subpoenas addressed to nonparties.") (quotations omitted); *In re Welding Rod Prods. Liab. Litig.*, 406 F.Supp.2d 1064, 1066 (N.D. Cal. 2005) (stating most courts agree § 1407 gives MDL transferee court jurisdiction over document subpoenas). Plaintiffs also tagged the miscellaneous actions to this MDL and expect they will be transferred shortly given that subpoenas issued *in this MDL* unquestionably share common questions of law and fact *with this MDL*. *See In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, MDL 3084, Dkt. 244. (JPML filed Aug. 14, 2026). The Court therefore has jurisdiction over this PTO 8 dispute seeking to *compel* compliance with the subpoenas. When the miscellaneous actions are eventually transferred, it will also have jurisdiction to address those motions, if they are not moot by that time.

**Background.** Plaintiffs served the nonprofits with deposition subpoenas in July that included limited document requests. Plaintiffs conferred with the nonprofits about logistics and document requests throughout July. Plaintiffs explained it is only because Uber uses its relationships with these nonprofits to suggest it does the "right thing" by sexual assault survivors and that these entities helped develop its safety features, *see, e.g. Dean* Trial Tr. 2478:16–2479:06, that Plaintiffs must "further explore" these relationships—just as the Court determined Plaintiffs should be able to do. ECF 6533.

Plaintiffs made several compromises to reduce potential burden: First, Plaintiffs, offered to withdraw the subpoenas if the nonprofits asked Uber not to invoke their names at the upcoming trials. *See* Ex. A. All declined. Ex. B. Second, during a call on July 24, Plaintiffs narrowed their document requests from the entire custodial file to only two categories of documents, those

[1] The nonprofits disagree that the MDL court has jurisdiction over them at this time and accordingly do not join in this submission. Out of deference to the MDL court's process, the nonprofits have participated solely to the extent of providing their position to Plaintiffs' counsel, without waiver of any arguments. The nonprofits have filed separate motions to modify their respective subpoenas in their home jurisdiction, the U.S. District Court for the District of Columbia. *See* Exs. D – F. Plaintiffs have indicated they intend to tag the nonprofits' miscellaneous actions and seek to have them transferred to this MDL. *See* ECF 752. The nonprofits do not consent to participate in proceedings before the MDL court unless and until such actions are in fact transferred.

containing the @uber.com domain in the "To" or "From" field (category 1) and internal emails containing the word "Uber" (category 2). The nonprofits subsequently informed Plaintiffs by letter that they would sit for a deposition but only on the following conditions: the deposition would be limited to 3 hours; the nonprofits would produce only category 1 documents; and the productions would be made 72 hours before the deposition. Ex. B. Plaintiffs responded the following day, explaining why the nonprofits' stated objections did not preclude the depositions. Ex C.

Plaintiffs now request that the Court compel: (1) the nonprofits' attendance at a 7-hour deposition on mutually agreeable dates on or before September 20, 2026, and (2) the production of documents responsive to both document requests on a rolling basis and, at a minimum, one week in advance of the deposition.

**Standard.** The issuing party may, at any time, move for an order to compel compliance with a Rule 45 subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i). The scope of third-party discovery under Rule 45 is the same as party discovery under Rule 26, that is, Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45 Advisory Comm. Note (1970). Here, the Court already determined that the requested discovery is relevant and permissible. ECF 6533. The issue is the nonprofits' burden-related arguments to the deposition logistics.

**Burden.** The nonprofits claim the subpoenas impose an undue burden. Ex. A, B, C. Not so. Plaintiffs took more than sufficient efforts to minimize the negligible burden on the nonprofits. First, the nonprofits' attorney admitted during an August 6 call that category 1 documents had already been collected by August 6 and was not an "overwhelming" number of documents. For category 1 documents, she said Dr. Henard had about 200 documents, and NAESV had about 100.[2] There is no reason to believe there are substantially more category 2 documents. Indeed, Plaintiffs asked the nonprofits' attorney if they could provide any document counts or specific details about the alleged burden of producing Category 2 documents, and the attorney responded that the nonprofits had not yet attempted these searches. The collection and review of several hundred documents should take, *at most*, a day per nonprofit and, as the nonprofits' attorney reported during the same call, this is "not" an "expensive" process, especially because Plaintiffs already exempted the nonprofits from the ESI protocol. Second, it appears that the little time and expense that *is* required for this process is being funded by Uber. Plaintiffs asked several times if Uber is paying for the representation of these third parties, and each time, their attorney has refused to answer. The nonprofits can't claim even the minimal time and expense is a burden when they are not responsible for it. *Cf. O'Leary v. Radius Recycling Inc.*, 2024 WL 4891861, at *3 (D. Or. Nov. 26, 2024) ("the financial burden fell entirely on a party in the litigation ... rather than on the non-party, as sometimes happens when a party has some other motivation for hiring (and paying) counsel for a non-party.") (quotations omitted). Third, while the nonprofits contend they are very busy (though, not too busy to do press for Uber), "[n]either inconvenience nor being busy provide a basis to quash [a] deposition." *Shammam v. Am. Honda Fin. Corp.*, 2025 WL 2816791, at *3 (S.D. Cal. Sept. 25, 2025). *Shammam* is instructive: there, the court rejected the argument that commitments to nonprofit work precluded a deposition. *Id.*

**Access to Documents.** The nonparties have said they cannot produce category 2 documents because they soon may be out of the office. The deposition subpoenas served between June 24 and July 17, requested production of the nonprofit deponents' custodial file. The nonprofits' unilateral decision to wait weeks to start gathering documents, and then only to gather category 1 documents,

[2] No estimates (beyond not being "overwhelming") were provided for NNEDV).

is a problem of their own making. Further, the fact that Terri Poore and Erica Olsen (the deponents identified by NNEDV and NAESV as their designees) have limited availability over the next few weeks to do additional document collection or production is unpersuasive. These subpoenas were served on the organization, *not* those individuals. There is nothing stopping the nonprofits from selecting another deponent or from providing their attorneys administrative access to their email systems.

**Length.** The nonprofits object to the full 7-hour deposition provided by the Federal Rules. Nothing in Rule 45 provides an exception to this requirement for nonparties. Here, Plaintiffs cannot offer a shortened deposition to the nonprofits because they anticipate both Uber and the nonprofits' attorney will have questions for the deponent. To accommodate the nonparties, Plaintiffs have moved their own schedules around, including to fit in a deposition on the single date NAESV's preferred deponent is available.

**Production Schedule.** Plaintiffs asked the nonprofits to produce category 1 and category 2 documents by August 12 (an extension from the previously requested date, August 7). The nonprofits declined to produce either category on that date despite already having collected the category 1 documents. They provided no basis for their inability to at least begin rolling productions by that date, starting with the already collected (and reviewable within hours) category 1 documents. Instead, the nonparties have taken an all or nothing position–they will not produce any documents unless we agree they only have to produce category 1 documents. And they continue to insist on producing the documents 72 hours before each scheduled deposition. This is arbitrary. Plaintiffs asked counsel for the nonparties if the same 72-hour deadline would apply regardless of when the deposition was scheduled; their attorney stated it was. There is no reason for the Court to implement this deadline. Instead, the Court should require the nonparties to begin rolling productions within one week from today, starting with the already-collected category 1 documents with final productions ending no later than 1 week before the deposition.

**Deposition Dates.** Lastly, though it is "very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances" *S.E.C. v. Parkash*, 2025 WL 786351, at *2 (N.D. Cal. Mar. 12, 2025) (quotations omitted) the nonparties have refused to sit for a deposition unless their demands for a pared down document production and 3.5 hour time limit are met. Now that the parties have reached an impasse on these issues, the nonprofits have advised they are no longer holding the deposition dates they previously agreed to. It is unreasonable for them to refuse to sit for depositions unless or until they get their way with respect to document production. The nonprofits' decision to file additional motions, despite Plaintiffs notifying them that they would be transferred, serves only to further delay these proceedings so that even fewer dates will be available once resolved. This gamesmanship demonstrates that it is not burden or scheduling that is truly at issue for the nonprofits.

## II. Nonprofits' Position

Respectfully, the nonprofits[3] are not properly before the MDL court at this time. The MDL

[3] Plaintiffs' counsel lump Dr. Indira Henard, NAESV, and NNEDV into a single letter rather than raising their concerns against each individually. This is improper, given they seek to enforce three subpoenas against three separate nonparties in one letter.

court has already held that it will hear motions to quash, modify, or enforce document[4] subpoenas where:

> (1) the responding nonparty consents to having the dispute filed in the first instance and adjudicated in this Court;
> (2) the JPML has transferred the motion to this Court; or
> (3) the district in which compliance is required has transferred the motion to this Court pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.

Order Re: Non-Party Subpoena Disputes, Dkt. No. 752 at 1. None of those circumstances are present at this time.

The subpoenas command compliance in the District of Columbia, and thus jurisdiction to quash, modify, or compel adherence lies with the United States District Court for the District of Columbia. *See* Fed. R. Civ. P. 45. The nonprofits filed separate miscellaneous actions in that court on Friday, August 14, 2026, seeking modification of their respective subpoenas.

The nonprofits understand that Plaintiffs intend to tag their actions to the MDL through the JPML process. The nonprofits reserve all of their rights to oppose transfer. As this Court recognized, "nonparties did not participate in the briefing" regarding jurisdiction of the MDL court and "will have the option to respond to, and oppose, a motion to transfer filed before the JPML or the district court where compliance is required." Dkt. No. 752 at 4 n. 1.

The proper course thus is to allow the JPML transfer process to conclude rather than require the nonprofits to participate in the PTO 8 briefing process in the meantime. Either the cases will remain before the District Court for the District of Columbia and be adjudicated there, or the cases will be transferred to the MDL and the issues can be briefed according to PTO 8 at that time.

Accordingly, the nonprofits do not consent to jurisdiction by the MDL court at this time and Plaintiffs' requested relief should be denied. In the event the MDL court nonetheless decides it has jurisdiction to adjudicate this dispute now, the nonprofits respectfully request that it permit *each* of them an opportunity to provide a full position statement within three business days of a court order asserting jurisdiction over the nonprofits.

[4] The court's Order Re: Non-Party Subpoena Disputes addressed jurisdiction over documents-only subpoenas; in contrast, the court's order authorizing discovery of the nonprofits was issued in the context of authorizing depositions. *Compare* Order Re: Non-Party Subpoena Disputes, Dkt. No. 752 *with* Order regarding Joint Letter regarding depositions of advocacy organizations, Dkt No. 6533. Despite that the court only previously authorized depositions, Plaintiffs issued hybrid deposition and document subpoenas. Given the presence of the documents component (and the prevalence of the documents-related dispute), the reasoning of the Order Re: Non-Party Subpoena Disputes appropriately applies here.

Dated: August 17 2026

By: */s/ Alexandra Walsh*
Alexandra Walsh (*Pro Hac Vice*)
Holly Dolejsi (*Pro Hac Vice*)
**Anapol Weiss LLP**
14 Ridge Square NW, 3d Floor
Washington, DC 20016
awalsh@anapol.com
hollydolejsi@anapol.com

Marlene Goldenberg (*Pro Hac Vice*)
Samantha Hoefs (*Pro Hac Vice*)
**Nigh Goldenberg Raso & Vaughn PLLC**
60 South Sixth St, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 445-0202
mgoldenberg@nighgoldenberg.com
shoefs@nighgoldenberg.com

Sarah R. London (SBN 267093)
**Girard Sharp LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

Rachel B. Abrams (SBN 209316)
**Peiffer Wolf Carr Kane Conway & Wise LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

Roopal P. Luhana
**Chaffin Luhana LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Counsel for Plaintiffs*