# EXHIBIT B

HOGAN LOVELLS CADWALADER

Hogan Lovells Cadwalader US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

T: +1 202 637 5600
F: +1 202 637 5910
www.hlc.com

August 3, 2026

**By Electronic Mail**

Marlene Goldenberg, Esq.
Nigh Goldenberg Raso & Vaughn PLLC
14 Ridge Square NW
Third Floor
Washington, D.C. | 20016
mgoldenberg@nighgoldenberg.com

**Re: Objections to Subpoena for National Alliance to End Sexual Violence, *In Re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case No. 3:23-MD-3084-CRB**

Dear Marlene,

We are writing further to our ongoing discussions regarding the subpoena for deposition and documents served on the National Alliance to End Sexual Violence ("NAESV") in the above-referenced matter (the "Subpoena").

We appreciate your constructive engagement with us to date, and we hope to continue in the same spirit to appropriately scope your document requests and the length of NAESV's deposition in view of its non-party status and the considerable burden the Subpoena is placing upon the organization. The terms to which NAESV is willing to commit are set forth below. In the meantime, given the exigencies of your requested timing and the provisional nature of our discussions to date, we write to memorialize and formalize NAESV's objections to the Subpoena pursuant to Federal Rule of Civil Procedure 45 in the hopes of advancing our discussions to more concrete terms. While we would prefer not to have to seek relief from the appropriate court with jurisdiction, on behalf of NAESV, we reserve all rights.

As previously referenced, NAESV is a non-party to this litigation. NAESV advocates for national policy related to sexual violence and survivors' needs, supporting funding for rape crisis programs and sexual assault coalitions, and providing education on the fight to end sexual violence. NAESV is a small organization, operating with only four full-time members. Importantly, its current availability is constrained by the need to navigate through a time that is proving challenging for many nonprofits. Indeed, NAESV is currently undergoing rolling furloughs within the organization as a result of budgetary challenges. The furloughs were scheduled in advance of receipt of the Subpoena and mandate that individuals refrain from any involvement with NAESV when designated to be on leave.

In an effort to be cooperative, NAESV has tentatively agreed to appear for a deposition on August 19, 2026, at 9:00 a.m., subject to reaching agreement on our previously-expressed concerns about both the scope of document production and the length of deposition. To hold that date, we will need to have reached an agreement **on or before August 7, 2026**, because the deponent, Ms. Terri Poore, will largely be unreachable between then and the August 19, 2026 deposition date due to furloughs. With regard to document production, you initially stated that you would not require NAESV to comply with the operative ESI protocol and that producing email communications to and from the

"uber.com" domain would be acceptable. We have proceeded with collection on that basis and, subject to reaching agreement on other terms, are prepared to make such a production 72 hours in advance of the deposition (on or before 9:00 a.m., August 16, 2026) per your request in your letter of July 30. NAESV's rolling furloughs challenge both its availability for a deposition as well as document collection. If, for whatever reason, the August 19 deposition date slips, the reality is that another available date will not be immediately available. Finally, for purposes of clarity, we respectfully decline your proposal by email on July 29, 2026, requesting a production of documents for your initial review by Tuesday, August 4, 2026, and holding open the possibility of follow-up productions. That deadline simply is not feasible and the requested timing for NAESV's deposition does not allow for iterative negotiations of document production.[1]

Moreover, we previously raised limiting the length of the deposition; however, you were not in a position to respond to this request during our last conversation on July 24, 2026. Ms. Poore is prepared to be available for one-half day (3.5 hours), which is more than sufficient given NAESV's non-party status. Please confirm Plaintiffs' commitment to limit NAESV's deposition to a half day, or provide Plaintiffs' position as to appropriate deposition length for our consideration in terms of next steps. If our proposed terms regarding document production and length of deposition are acceptable, we are prepared to finalize the August 19, 2026 deposition date and, again, must do so by August 7, 2026, due to Ms. Poore's upcoming furlough.

For purposes of the record and to facilitate our further meet and confer efforts, NAESV memorializes its objections to the Subpoena on the following grounds:

1. NAESV objects to Plaintiffs' subpoena for deposition as unduly burdensome, particularly as NAESV offered to provide information by less burdensome means, such as deposition by written questions (an offer we understand Plaintiffs have declined). *See* Rule Fed. R. Civ. P. 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

2. NAESV objects to the deposition topics in Schedule A of the subpoena to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

3. NAESV objects to all requests for production of documents to the extent that they are unduly burdensome, overly broad, seek documents already in Plaintiffs' possession, and/or seek discovery beyond the scope permissible under the applicable Federal Rules of Civil Procedure.

4. NAESV also objects to the request for "deponent's custodial file," *see* Schedule B Document Requests, as vague, ambiguous, not reasonably limited in time, and undefined and unduly burdensome.

5. NAESV objects to the definitions of "Communications," "Document(s)," "Identity," "Identification," or "Identify," "National Alliance to End Sexual Violence," "NAESV," "You," and "Your" as overbroad and unduly burdensome and to the extent they seek to impose obligations on NAESV beyond those required by the Federal Rules of Civil Procedure.

---

[1] We note that the Subpoena requires production on the date of deposition; we are of course willing to work with you to provide reasonable review in advance. However, for us to have sufficient time to permit you an advance review period will be dependent upon a reasonable document scope, as we note herein.

6. NAESV objects to the Subpoena to the extent that it seeks information that is in the possession of and/or more easily and directly obtained from Uber Technologies, Inc. ("Uber").

7. NAESV objects to the Subpoena to the extent it purports to impose any obligations to respond on behalf of any person or entity other than NAESV.

8. NAESV objects to the Subpoena to the extent that it calls for information protected by (1) the attorney-client privilege, (2) the work-product doctrine, or (3) any other applicable privilege(s) or immunity or immunities. In responding to the Subpoena, NAESV does not waive any objection based on privilege. Should NAESV provide any privileged or protected information in responding to the Subpoena, unless stated otherwise, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity or of any other ground for objecting to discovery with respect to such information, or of NAESV's right to object to the use of such information.

9. NAESV objects to the Subpoena to the extent that it seeks information subject to confidentiality or non-disclosure agreements, including agreements with Uber. NAESV reserves the right to meet any applicable notification obligations prior to production of documents or its deposition.

10. NAESV objects to the Subpoena to the extent it seeks information that is not relevant to the claims or defenses of any party, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case and NAESV's status as a non-party.

11. NAESV objects to the Subpoena to the extent it seeks documents or information beyond its possession, custody, or control. NAESV will produce responsive documents only to the extent that any such documents exist and only to the extent that such documents are in its possession, custody, or control as required by the Federal Rules of Civil Procedure.

Finally, we want to address your July 30, 2026 correspondence in which you proposed that NAESV's deposition would be unnecessary if it submits a written request to Uber asking that it refrain from presenting any evidence or argument about the organization as part of its defense strategy in upcoming trials and share that written request with Plaintiffs. NAESV is not inclined to accept your offer at this time.

We look forward to our continued discussions with you to address these concerns and the scope of NAESV's response to the Subpoena.

Sincerely,

**Nadira Clarke**
Partner
nadira.clarke@hlc.com
D: 202 637 6951

**Rebecca Mandel**
Partner
rebecca.mandel@hlc.com
D: 202 637 5488

cc:
Sam Hoefs, shoefs@nighgoldenberg.com
Holly Dolejsi, hdolejsi@anapolweiss.com
Alexandra Walsh, awalsh@anapolweiss.com

HOGAN LOVELLS CADWALADER

Hogan Lovells Cadwalader US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

T: +1 202 637 5600
F: +1 202 637 5910
www.hlc.com

August 3, 2026

**By Electronic Mail**

Marlene Goldenberg, Esq.
Nigh Goldenberg Raso & Vaughn PLLC
14 Ridge Square NW
Third Floor
Washington, D.C. | 20016
mgoldenberg@nighgoldenberg.com

**Re: Objections to Subpoena for Indira Henard, *In Re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case No. 3:23-MD-3084-CRB**

Dear Marlene,

We are writing further to our ongoing discussions regarding the subpoena for deposition and documents served on Dr. Indira Henard in the above-referenced matter (the "Subpoena").

We appreciate your constructive engagement with us to date, and we hope to continue in the same spirit to appropriately scope your document requests and the length of Dr. Henard's deposition in view of her non-party status and the considerable burden the Subpoena is placing upon her. The terms to which Dr. Henard is willing to commit are set forth below. In the meantime, given the exigencies of your requested timing and the provisional nature of our discussions to date, we write to memorialize and formalize Dr. Henard's objections to the Subpoena pursuant to Federal Rule of Civil Procedure 45 in the hopes of advancing our discussions to more concrete terms. While we would prefer not to have to seek relief from the appropriate court with jurisdiction, on behalf of Dr. Henard, we reserve all rights.

As previously referenced, Dr. Henard is a non-party to this litigation. She serves as President and Chief Executive Officer of the D.C. Rape Crisis Center ("DCRCC"), the District's only rape crisis center, which operates 24 hours a day, 7 days a week to serve survivors of sexual assault. DCRCC is a direct services provider and Dr. Henard, in addition to her executive responsibilities, is personally "on call" day and night. Further, Dr. Henard's current availability not only is constrained by the need to navigate DCRCC through a time that is proving challenging for many non-profits, but pre-existing personal commitments during the summer months.

In an effort to be cooperative, Dr. Henard has tentatively agreed to appear for a deposition on August 28, 2026, at 9:00 a.m., subject to reaching agreement on our previously-expressed concerns about both the scope of document production and the length of deposition. With regard to document production, you initially stated that you would not require Dr. Henard to comply with the operative ESI protocol and that producing email communications to and from the "uber.com" domain would be acceptable. We have proceeded with collection on that basis and, subject to reaching agreement on other terms, are prepared to make such a production 72 hours in advance of the deposition (on or before 9:00 a.m., August 25, 2026) per your request in your letter of July 30. For purposes of clarity, we respectfully decline your proposal by email on July 29, 2026, requesting a production of documents

for your initial review by Tuesday, August 4, 2026, and holding open the possibility of follow-up productions. That deadline simply is not feasible and the requested timing for Dr. Henard's deposition does not allow for iterative negotiations of document production.[1]

Moreover, we previously raised limiting the length of the deposition; however, you were not in a position to respond to this request during our last conversation on July 24, 2026. Dr. Henard is prepared to be available for one-half day (3.5 hours), which is more than sufficient given her non-party status. Please confirm Plaintiffs' commitment to limit Dr. Henard's deposition to a half day or provide Plaintiffs' position as to appropriate deposition length for our consideration in terms of next steps. If our proposed terms regarding document production and length of deposition are acceptable, we are prepared to finalize the August 28, 2026, deposition date.

For purposes of the record and to facilitate our further meet and confer efforts, Dr. Henard memorializes her objections to the Subpoena on the following grounds:

1. Dr. Henard objects to Plaintiffs' subpoena for deposition as unduly burdensome, particularly as Dr. Henard offered to provide information by less burdensome means, such as deposition by written questions (an offer we understand Plaintiffs have declined). *See* Rule Fed. R. Civ. P. 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

2. Dr. Henard objects to the deposition topics in Schedule A of the subpoena to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including any obligation for Dr. Henard in her individual capacity to prepare testimony on the identified topics.

3. Dr. Henard objects to all requests for production of documents to the extent that they are unduly burdensome, overly broad, seek documents already in Plaintiffs' possession, and/or seek discovery beyond the scope permissible under the applicable Federal Rules of Civil Procedure.

4. Dr. Henard also objects to the request for "deponent's custodial file," *see* Schedule B Document Requests, as vague, ambiguous, not reasonably limited in time, and undefined and unduly burdensome.

5. Dr. Henard objects to the definitions of "Communications," "Document(s)," "Identity," "Identification," or "Identify," and "DCRCC" as overbroad and unduly burdensome and to the extent they seek to impose obligations on Dr. Henard beyond those required by the Federal Rules of Civil Procedure.

6. Dr. Henard objects to the Subpoena to the extent that it seeks information that is in the possession of and/or more easily and directly obtained from Uber Technologies, Inc. ("Uber").

---

[1] We note that the Subpoena requires production on the date of deposition; we are of course willing to work with you to provide reasonable review in advance. However, for us to have sufficient time to permit you an advance review period will be dependent upon a reasonable document scope, as we note herein.

7. Dr. Henard objects to the Subpoena to the extent it purports to impose any obligations to respond on behalf of any person or entity other than Dr. Henard, including without limitation DCRCC.

8. Dr. Henard objects to the Subpoena to the extent that it calls for information protected by (1) the attorney-client privilege, (2) the work-product doctrine, or (3) any other applicable privilege(s) or immunity or immunities. In responding to the Subpoena, Dr. Henard does not waive any objection based on privilege. Should Dr. Henard provide any privileged or protected information in responding to the Subpoena, unless stated otherwise, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity or of any other ground for objecting to discovery with respect to such information, or of Dr. Henard's right to object to the use of such information.

9. Dr. Henard objects to the Subpoena to the extent that it seeks information subject to confidentiality or non-disclosure agreements, including agreements with Uber. Dr. Henard reserves the right to meet any applicable notification obligations prior to production of documents or her deposition.

10. Dr. Henard objects to the Subpoena to the extent it seeks information that is not relevant to the claims or defenses of any party, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case and Dr. Henard's status as a non-party.

11. Dr. Henard objects to the Subpoena to the extent it seeks documents or information beyond her possession, custody, or control. Dr. Henard will produce responsive documents only to the extent that any such documents exist and only to the extent that such documents are in her possession, custody, or control as required by the Federal Rules of Civil Procedure.

Finally, we want to address your July 30, 2026 correspondence in which you proposed that Dr. Henard's deposition would be unnecessary if she submitted a written request to Uber asking that it refrain from presenting any evidence or argument about her or the D.C. Rape Crisis Center as part of its defense strategy in upcoming trials and share that written request with Plaintiffs. Dr. Henard is not inclined to accept your offer at this time.

We look forward to our continued discussions with you to address these concerns and the scope of Dr. Henard's response to the Subpoena.

Sincerely,

**Nadira Clarke**
Partner
nadira.clarke@hlc.com
D: 202 637 6951

**Rebecca Mandel**
Partner
rebecca.mandel@hlc.com
D: 202 637 5488

cc:
Sam Hoefs, shoefs@nighgoldenberg.com
Holly Dolejsi, hdolejsi@anapolweiss.com
Alexandra Walsh, awalsh@anapolweiss.com

HOGAN LOVELLS CADWALADER

Hogan Lovells Cadwalader US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

T: +1 202 637 5600
F: +1 202 637 5910
www.hlc.com

August 5, 2026

**By Electronic Mail**

Marlene Goldenberg, Esq.
Nigh Goldenberg Raso & Vaughn PLLC
14 Ridge Square NW
Third Floor
Washington, D.C. | 20016
mgoldenberg@nighgoldenberg.com

**Re: Objections to Subpoena for National Network to End Domestic Violence, *In Re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case No. 3:23-MD-3084-CRB**

Dear Marlene,

We are writing further to our ongoing discussions regarding the subpoena for deposition and documents served on the National Network to End Domestic Violence ("NNEDV") in the above-referenced matter (the "Subpoena"). Although Plaintiffs have expressed views concerning other third-party depositions in this matter, NNEDV now writes to confirm its position here.

We appreciate your previous constructive engagement with us and we remain hopeful that an opportunity remains to appropriately scope your document requests and the length of NNEDV's deposition in view of its non-party status and the considerable burden the Subpoena is placing upon the organization. The terms to which NNEDV is willing to commit are set forth below. We hope to schedule a meet and confer call tomorrow morning, August 6, but in the meantime, given the exigencies of your requested timing and the provisional nature of our discussions to date, we write to memorialize and formalize NNEDV's objections to the Subpoena pursuant to Federal Rule of Civil Procedure 45 in the hopes of advancing our discussions to more concrete terms. While we would prefer not to have to seek relief from the appropriate court with jurisdiction, on behalf of NNEDV, we reserve all rights.

As previously referenced, NNEDV is a non-party to this litigation. NNEDV provides training and technical assistance to all 56 state and territorial coalitions against domestic violence. NNEDV works to further public awareness of domestic violence and change beliefs that condone domestic violence. Importantly, its current availability is constrained by the need to navigate through a time that is proving challenging for many nonprofits. Indeed, NNEDV is facing a financial crisis with federal funding grants, which makes up a majority of its support. The grants are on hold until at least 2027, and even then, the release date remains uncertain. The organization is now in the middle of grant season, working tirelessly to obtain funding to bridge the period until federal funds are released.

In an effort to be cooperative, NNEDV has proposed availability for a half-day deposition on September 14, 23, or 29, subject to reaching agreement on our previously-expressed concerns about both the scope of document production and the length of deposition. With regard to document production, you initially stated that you would not require NNEDV to comply with the operative ESI protocol and that producing email communications to and from the "uber.com" domain would be

acceptable. We have proceeded with collection on that basis and, subject to reaching agreement on other terms, are prepared to make such a production 72 hours in advance of the ultimate deposition date per your request in your letter of July 30. Finally, for purposes of clarity, we respectfully decline your proposal by email on July 29, 2026, requesting a production of documents for your initial review by Tuesday, August 4, 2026, and holding open the possibility of follow-up productions. That deadline simply is not feasible and the requested timing for NNEDV's deposition does not allow for iterative negotiations of document production.[1]

Moreover, we previously raised limiting the length of the deposition. Ms. Olsen is prepared to be available for one-half day (3.5 hours), which is more than sufficient given NNEDV's non-party status. Please confirm Plaintiffs' commitment to limit Ms. Olsen's deposition to a half day or provide Plaintiffs' position as to appropriate deposition length for our consideration in terms of next steps. If our proposed terms regarding document production and length of deposition are acceptable, we are prepared to finalize a deposition date on the 14, 23, or 29 of September. To extent we proceed with a meet and confer call tomorrow, we are also prepared to have further discussions regarding the length of the deposition.

For purposes of the record and to facilitate our further meet and confer efforts, NNEDV memorializes its objections to the Subpoena on the following grounds:

1. NNEDV objects to Plaintiffs' subpoena for deposition as unduly burdensome, particularly as NNEDV offered to provide information by less burdensome means, such as deposition by written questions (an offer we understand Plaintiffs have declined). *See* Rule Fed. R. Civ. P. 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

2. NNEDV objects to the deposition topics in Schedule A of the subpoena to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

3. NNEDV objects to all requests for production of documents to the extent that they are unduly burdensome, overly broad, seek documents already in Plaintiffs' possession, and/or seek discovery beyond the scope permissible under the applicable Federal Rules of Civil Procedure.

4. NNEDV also objects to the request for "deponent's custodial file," *see* Schedule B Document Requests, as vague, ambiguous, not reasonably limited in time, and undefined and unduly burdensome.

5. NNEDV objects to the definitions of "Communications," "Document(s)," "Identity," "Identification," or "Identify," "National Network to End Domestic Violence," "NNEDV," "You," and "Your" as overbroad and unduly burdensome and to the extent they seek to impose obligations on NNEDV beyond those required by the Federal Rules of Civil Procedure.

6. NNEDV objects to the Subpoena to the extent that it seeks information that is in the possession of and/or more easily and directly obtained from Uber Technologies, Inc. ("Uber").

---

[1] We note that the Subpoena requires production on the date of deposition; we are of course willing to work with you to provide reasonable review in advance. However, for us to have sufficient time to permit you an advance review period will be dependent upon a reasonable document scope, as we note herein.

7. NNEDV objects to the Subpoena to the extent it purports to impose any obligations to respond on behalf of any person or entity other than NNEDV.

8. NNEDV objects to the Subpoena to the extent that it calls for information protected by (1) the attorney-client privilege, (2) the work-product doctrine, or (3) any other applicable privilege(s) or immunity or immunities. In responding to the Subpoena, NNEDV does not waive any objection based on privilege. Should NNEDV provide any privileged or protected information in responding to the Subpoena, unless stated otherwise, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity or of any other ground for objecting to discovery with respect to such information, or of NNEDV's right to object to the use of such information.

9. NNEDV objects to the Subpoena to the extent that it seeks information subject to confidentiality or non-disclosure agreements, including agreements with Uber. NNEDV reserves the right to meet any applicable notification obligations prior to production of documents or its deposition.

10. NNEDV objects to the Subpoena to the extent it seeks information that is not relevant to the claims or defenses of any party, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case and NNEDV's status as a non-party.

11. NNEDV objects to the Subpoena to the extent it seeks documents or information beyond its possession, custody, or control. NNEDV will produce responsive documents only to the extent that any such documents exist and only to the extent that such documents are in its possession, custody, or control as required by the Federal Rules of Civil Procedure.

Finally, we want to address your July 30, 2026 correspondence in which you proposed that NNEDV's deposition would be unnecessary if it submits a written request to Uber asking that it refrain from presenting any evidence or argument about the organization as part of its defense strategy in upcoming trials and share that written request with Plaintiffs. NNEDV is not inclined to accept your offer at this time.

We look forward to our continued discussions with you to address these concerns and the scope of NNEDV's response to the Subpoena, including a yet to be scheduled all, hopefully tomorrow, August 5, in the morning.

Sincerely,

**Nadira Clarke**
Partner
nadira.clarke@hlc.com
D: 202 637 6951

**Rebecca Mandel**
Partner
rebecca.mandel@hlc.com
D: 202 637 5488

cc:
Sam Hoefs, shoefs@nighgoldenberg.com
Holly Dolejsi, hdolejsi@anapolweiss.com

Alexandra Walsh, awalsh@anapolweiss.com