# EXHIBIT C

NIGH GOLDENBERG RASO & VAUGHN

August 4, 2026

Via Email
Nadira Clarke
Rebecca Mansel
Bolton Smith
Hogan Lovells Cadwalader US LLP
555 Thirteenth St NW
Washington, DC 20004
nadira.clarke@hlc.com
rebecca.mandel@hlc.com
Bolton.smith@hlc.com

Re: Deposition of Indira Henard

Dear Nadira,

Plaintiffs write in response to your letter regarding the deposition subpoena for Indira Henard. We reiterate that we value Dr. Henard's work on behalf of sexual assault survivors and the only reason that Plaintiffs need to take her deposition is because Uber has chosen to juxtapose its relationships with survivor advocates like Dr. Henard with trial tactics that harass, retraumatize, and undermine survivors. Given that Uber's positions at trial have been flatly inconsistent with the values Dr. Henard and the D.C. Rape Crisis Center espouse, we wanted to alert Dr. Henard that Uber was invoking her name and organization in this way and offer her the chance to request that it stop doing so. We understand from your letter that Dr. Henard is "not inclined" to do so at this time. However, since we anticipate Uber will continue to invoke her name and her organization at trial to suggest that this relationship means Uber does "the right thing" for sexual assault survivors, we need to take her deposition and explore this relationship.

**Timing.** Plaintiffs will be reserving the full seven-hour deposition time for Dr. Henard on August 28. Nothing in Rule 45 provides for truncated depositions for nonparties. Unfortunately, Uber failed to provide sufficient information regarding its relationships with nonprofits when we deposed its corporate representative. Thus, while Plaintiffs had hoped to take a shorter deposition of Dr. Henard, this is not feasible. Plaintiffs will need to "further explor[e]" the issues that Uber's corporate representative could not or would not address during her deposition through the depositions of Uber's nonprofit partners, including Dr. Henard. *See* ECF 6533.

**Productions.** In preparation for Dr. Henard's August 28 deposition, we request that Dr. Henard make rolling productions of documents responsive to our requests for (1) documents with the @uber.com domain name and (2) internal emails referencing "Uber." These productions should begin no later than Friday, August 7. Given your representations about the number of responsive documents, we do not agree that it takes one month from the date of last week's request to collect, review, and produce the small number of responsive documents. Nor do we agree that Plaintiffs should only be permitted to review these documents 72 hours before the scheduled deposition. As you know, Plaintiffs already substantially narrowed our document requests from Dr. Henard's entire custodial file to just these two categories of documents.

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota

**Jurisdiction.** In your letter, you suggest that you may "seek relief from the appropriate court with jurisdiction." However, should you seek relief from a court other than the MDL court, Plaintiffs will tag that dispute to the JPML and have it promptly transferred to the MDL where it belongs. *See* ECF 752. The MDL Court has consistently required nonparties to produce documents in response to subpoenas. *See*, *e.g.*, ECF 695, 1776, 5263. Even if Plaintiffs did not tag a subpoena dispute to the JPML, the U.S. District Court for the District of Columbia has ordered extensive custodial discovery of a nonparty sexual violence advocacy organization in this MDL. *See In re Subpoena to Rape Abuse and Incest National Network*, 24-0073-ACR, Transcript Order (D.D.C. Aug. 6, 2024). There is no reason to believe that the much narrower requests at issue here would be denied, particularly given the Court's finding that Plaintiffs already demonstrated a "sufficient interest in further exploring this issue" of your client's relationship with Uber. ECF 6533. Such a waste of time and resources is not warranted.

**Relevance (Objection 10).** Uber previously objected that deposing nonparties on these topics was not relevant. ECF 6510. Judge Cisneros rejected this argument and authorized Plaintiffs to explore these topics with nonparties, including Dr. Henard. ECF 6533.

**Burden (Objections 1–5).** Plaintiffs recognize and have accounted for Dr. Henard's status as a nonparty. First, we took steps to minimize any potential burden on Dr. Henard by deposing Uber's corporate representative, Emilie Boman in an attempt to eliminate the need for a deposition of your client or, at a minimum, to narrow the scope to matters Ms. Boman did not or could not address. Second, though our subpoena requested Dr. Henard's entire custodial file, which is a reasonable request given our need to examine what Dr. Henard actually knew about the safety features and processes she endorsed, Plaintiffs offered a compromise. Specifically, Plaintiffs asked Dr. Henard to produce emails with the @uber.com domain name and internal emails referencing "Uber." With respect to the first category, you estimated that there are approximately 200 responsive emails; with respect to the second category, you have not provided an estimate. Please provide an estimate regarding the second category no later than August 7. As a starting point, we note that it takes only a few hours at most to collect and review 200 emails. This is not burdensome.

Further, any purported burden on Dr. Henard as a nonparty is mitigated if Uber is paying for your representation or Dr. Henard's time. To date, you have declined to respond to inquiries regarding whether Uber is paying for your services or your client's time, even citing potential privilege concerns. However, the amount paid for legal services and the identity of the entity paying for such services is not privileged. *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *In re Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992). You have identified no other basis for withholding information about the fee arrangement between Uber and your firm regarding Dr. Henard's deposition. Nevertheless, the silence on this question certainly suggests to Plaintiffs that Uber is paying for your services and your client's time. If this is not the case, we welcome your prompt clarification.

Among other things if Uber is funding your representation of Dr. Henard, the collection and review of documents responsive to Plaintiffs narrowly-tailored document requests will impose a negligible (if any) burden on Dr. Henard. The productions other third parties in this litigation have been ordered to make far eclipse what Plaintiffs request from your client. By way of example, nonparty sexual assault advocacy organization RAINN was ordered by the U.S. District Court for the District of Columbia to produce. *See In re Subpoena to Rape Abuse and Incest National Network*, 24-0073-ACR, Transcript Order (D.D.C. Aug. 6, 2024)

NGRV NIGH GOLDENBERG RASO & VAUGHN

(ordering custodial discovery for five "core" custodians regarding RAINN's role in Safety Report). Collecting and reviewing several hundred emails, particularly where this work is likely funded by Uber, does not impose a burden on your client. Again, if this is not accurate, please let us know.

Deposition by written questions is not appropriate here. Uber has a history of drafting public statements and talking points for your client and is likely involved in your representation. Plaintiffs do not need written responses prepared by Uber. Plaintiffs have already asked Uber their questions with no success. Indeed, that is the entire purpose of this deposition. ECF 6533. Therefore, Plaintiffs need to be able to ask Dr. Henard directly. As described herein, Uber's likely involvement in your representation, paired with Plaintiffs' efforts to minimize any remaining potential burden on Dr. Henard, more than suffice to comply with Rule 45.

**Privilege/Confidentiality (Objections 8–9). 7.** To the extent you claim any information requested is subject to any privilege, please produce an appropriate log. However, to the extent you claim any information requested is subject to a nondisclosure or other confidentiality agreement, the Protective Order in this case, ECF 176, will adequately protect your client's or Uber's privacy interest in the underlying material. ECF 695.

**Documents in Uber's Possession (Objection 6).** Dr. Henard objects that information sought is in Uber's possession. As an initial matter, Plaintiffs have made these requests to Uber and Dr. Henard should therefore direct these concerns to Uber, which has failed to preserve and produce responsive documents. In any event, Plaintiffs are not required to exhaust party discovery before seeking these materials from Dr. Henard. *Viacom Intern. Inc. v. YouTube, Inc.*, 2008 WL 3876142, at *3–4 (N.D. Cal. Aug. 18, 2008) (rejecting argument that plaintiffs must first exhaust party discovery as "without merit" and stating that there is "no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in a defendant's possession."); *see also Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (rejecting argument that discovery would be "duplicative" because plaintiff was entitled to "verify the accuracy" of defendants' reports and defendant had not demonstrated that sales figures were "fully and completely produced"); *see also Roberts v. Cnty. of Riverside*, 2021 5993528, at *8 (C.D. Cal. Oct 7, 2021) (rejecting argument that, because information sought was allegedly available from other sources, including parties, subpoena must be quashed).

Plaintiffs look forward to continuing to work with you. Please let us know your position on scheduling, timing, and productions by Friday, August 7.

Sincerely,

Marlene Goldenberg
Sam Hoefs
Nigh Goldenberg Raso & Vaughn PLLC

Alex Walsh
Holly Dolejsi
Anapol Weiss

NGRV NIGH GOLDENBERG RASO & VAUGHN

August 4, 2026

Via Email
Nadira Clarke
Rebecca Mansel
Bolton Smith
Hogan Lovells Cadwalader US LLP
555 Thirteenth St NW
Washington, DC 20004
nadira.clarke@hlc.com
rebecca.mandel@hlc.com
Bolton.smith@hlc.com

Re: Deposition of National Alliance to End Sexual Violence (NAESV)

Dear Nadira,

Plaintiffs write in response to your letter regarding the deposition subpoena for the National Alliance to End Sexual Violence (NAESV). We reiterate that we value NAESV's work on behalf of sexual assault survivors and the only reason that Plaintiffs need to take its deposition is because Uber has chosen to juxtapose its relationships with survivor advocates like NAESV with trial tactics that harass, retraumatize, and undermine survivors. Given that Uber's positions at trial have been flatly inconsistent with the values NAESV and the espouses, we wanted to alert NAESV that Uber was invoking its name in this way and offer it the chance to request that Uber stop doing so. We understand from your letter that NAESV is "not inclined" to do so at this time. However, since we anticipate Uber will continue to invoke NAESV's name at trial to suggest that this relationship means Uber does "the right thing" for sexual assault survivors, we need to take her deposition and explore this relationship.

**Timing.** Plaintiffs will be reserving the full seven-hour deposition time for NAESV. Nothing in Rule 45 provides for truncated depositions for nonparties. Unfortunately, Uber failed to provide sufficient information regarding its relationships with nonprofits when we deposed its corporate representative. Thus, while Plaintiffs had hoped to take a shorter deposition of NAESV, this is not feasible. Plaintiffs will need to "further explor[e]" the issues that Uber's corporate representative could not or would not address during her deposition through the depositions of Uber's nonprofit partners, including NAESV. *See* ECF 6533.

**Productions.** In preparation for NAESV's forthcoming deposition, we request that NAESV make rolling productions of documents responsive to our requests for (1) documents with the @uber.com domain name and (2) internal emails referencing "Uber." These productions should begin no later than Friday, August 7. Given your representations about the number of responsive documents, we do not agree that it takes one month from the date of last week's request to collect, review, and produce the small number of responsive documents. Nor do we agree that Plaintiffs should only be permitted to review these documents 72 hours before the scheduled deposition. As you know, Plaintiffs already substantially narrowed our document requests from the entire custodial file of NAESV's representative to just these two categories of documents.

NGRV NIGH GOLDENBERG RASO & VAUGHN

**Furlough Status.** NAESV's decision to select a representative who is on a rotating furlough does not require Plaintiffs to take NAESV's deposition before production of documents is complete. Nor does it represent a burden that should factor into deposition scheduling at all. Plaintiffs subpoenaed NAESV, *not* Terri Poore. Therefore, if Ms. Poore is not available, NAESV is free to select another representative who is available.

**Jurisdiction.** In your letter, you suggest that you may "seek relief from the appropriate court with jurisdiction." However, should you seek relief from a court other than the MDL court, Plaintiffs will tag that dispute to the JPML and have it promptly transferred to the MDL where it belongs. *See* ECF 752. The MDL Court has consistently required nonparties to produce documents in response to subpoenas. *See*, *e.g.*, ECF 695, 1776, 5263. Even if Plaintiffs did not tag a subpoena dispute to the JPML, the U.S. District Court for the District of Columbia has ordered extensive custodial discovery of a nonparty sexual violence advocacy organization in this MDL. *See In re Subpoena to Rape Abuse and Incest National Network*, 24-0073-ACR, Transcript Order (D.D.C. Aug. 6, 2024). There is no reason to believe that the much narrower requests at issue here would be denied, particularly given the Court's finding that Plaintiffs already demonstrated a "sufficient interest in further exploring this issue" of your client's relationship with Uber. ECF 6533. Such a waste of time and resources is not warranted.

**Relevance (Objection 10).** Uber previously objected that deposing nonparties on these topics was not relevant. ECF 6510. Judge Cisneros rejected this argument and authorized Plaintiffs to explore these topics with nonparties, including NAESV. ECF 6533.

**Burden (Objections 1–5).** Plaintiffs recognize and have accounted for NAESV's status as a nonparty. First, we took steps to minimize any potential burden on NAESV by deposing Uber's corporate representative, Emilie Boman in an attempt to eliminate the need for a deposition of your client or, at a minimum, to narrow the scope to matters Ms. Boman did not or could not address. Second, though our subpoena requested NAESV's entire custodial file, which is a reasonable request given our need to examine what NAESV actually knew about the safety features and processes she endorsed, Plaintiffs offered a compromise. Specifically, Plaintiffs asked NAESV to produce emails with the @uber.com domain name and internal emails referencing "Uber." With respect to the first category, you estimated that there are approximately 100 responsive emails; with respect to the second category, you have not provided an estimate. Please provide an estimate regarding the second category no later than August 7. As a starting point, we note that it takes only a few hours at most to collect and review 200 emails. This is not burdensome.

Further, any purported burden on NAESV as a nonparty is mitigated if Uber is paying for your representation or NAESV's time. To date, you have declined to respond to inquiries regarding whether Uber is paying for your services or your client's time, even citing potential privilege concerns. However, the amount paid for legal services and the identity of the entity paying for such services is not privileged. *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *In re Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992). You have identified no other basis for withholding information about the fee arrangement between Uber and your firm regarding NAESV's deposition. Nevertheless, the silence on this question certainly suggests to Plaintiffs that Uber is paying for your services and your client's time. If this is not the case, we welcome your prompt clarification.

Among other things if Uber is funding your representation of NAESV, the collection and review of documents responsive to Plaintiffs narrowly-tailored document requests will impose a negligible (if any) burden on

NGRV NIGH GOLDENBERG RASO & VAUGHN

NAESV. The productions other third parties in this litigation have been ordered to make far eclipse what Plaintiffs request from your client. By way of example, nonparty sexual assault advocacy organization RAINN was ordered by the U.S. District Court for the District of Columbia to produce. *See In re Subpoena to Rape Abuse and Incest National Network*, 24-0073-ACR, Transcript Order (D.D.C. Aug. 6, 2024) (ordering custodial discovery for five "core" custodians regarding RAINN's role in Safety Report). Collecting and reviewing several hundred emails, particularly where this work is likely funded by Uber, does not impose a burden on your client. Again, if this is not accurate, please let us know.

Deposition by written questions is not appropriate here. Uber has a history of drafting public statements and talking points for your client and is likely involved in your representation. Plaintiffs do not need written responses prepared by Uber. Plaintiffs have already asked Uber their questions with no success. Indeed, that is the entire purpose of this deposition. ECF 6533. Therefore, Plaintiffs need to be able to ask NAESV directly. As described herein, Uber's likely involvement in your representation, paired with Plaintiffs' efforts to minimize any remaining potential burden on NAESV, more than suffice to comply with Rule 45.

**Privilege/Confidentiality (Objections 8–9). 7.** To the extent you claim any information requested is subject to any privilege, please produce an appropriate log. However, to the extent you claim any information requested is subject to a nondisclosure or other confidentiality agreement, the Protective Order in this case, ECF 176, will adequately protect your client's or Uber's privacy interest in the underlying material. ECF 695.

**Documents in Uber's Possession (Objection 6).** NAESV objects that information sought is in Uber's possession. As an initial matter, Plaintiffs have made these requests to Uber and NAESV should therefore direct these concerns to Uber, which has failed to preserve and produce responsive documents. In any event, Plaintiffs are not required to exhaust party discovery before seeking these materials from NAESV. *Viacom Intern. Inc. v. YouTube, Inc.*, 2008 WL 3876142, at *3–4 (N.D. Cal. Aug. 18, 2008) (rejecting argument that plaintiffs must first exhaust party discovery as "without merit" and stating that there is "no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in a defendant's possession."); *see also Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (rejecting argument that discovery would be "duplicative" because plaintiff was entitled to "verify the accuracy" of defendants' reports and defendant had not demonstrated that sales figures were "fully and completely produced"); *see also Roberts v. Cnty. of Riverside*, 2021 5993528, at *8 (C.D. Cal. Oct 7, 2021) (rejecting argument that, because information sought was allegedly available from other sources, including parties, subpoena must be quashed).

Plaintiffs look forward to continuing to work with you. Please let us know your position on scheduling, timing, and productions by Friday, August 7.

Sincerely,

Marlene Goldenberg
Sam Hoefs
Nigh Goldenberg Raso & Vaughn PLLC

Alex Walsh
Holly Dolejsi
Anapol Weiss

NGRV NIGH GOLDENBERG RASO & VAUGHN

August 6, 2026

Via Email
Nadira Clarke
Rebecca Mansel
Bolton Smith
Hogan Lovells Cadwalader US LLP
555 Thirteenth St NW
Washington, DC 20004
nadira.clarke@hlc.com
rebecca.mandel@hlc.com
Bolton.smith@hlc.com

Re: Deposition of National Network to End Domestic Violence

Dear Nadira,

Plaintiffs write in response to your letter regarding the deposition subpoena for the National Alliance to End Sexual Violence (NNEDV). We reiterate that we value NNEDV's work on behalf of sexual assault survivors and the only reason that Plaintiffs need to take its deposition is because Uber has chosen to juxtapose its relationships with survivor advocates like NNEDV with trial tactics that harass, retraumatize, and undermine survivors. Given that Uber's positions at trial have been flatly inconsistent with the values NNEDV and the espouses, we wanted to alert NNEDV that Uber was invoking its name in this way and offer it the chance to request that Uber stop doing so. We understand from your letter that NNEDV is "not inclined" to do so at this time. However, since we anticipate Uber will continue to invoke NNEDV's name at trial to suggest that this relationship means Uber does "the right thing" for sexual assault survivors, we need to take her deposition and explore this relationship.

**Timing.** Plaintiffs will be reserving the full seven-hour deposition time for NNEDV. Nothing in Rule 45 provides for truncated depositions for nonparties. Unfortunately, Uber failed to provide sufficient information regarding its relationships with nonprofits when we deposed its corporate representative. Thus, while Plaintiffs had hoped to take a shorter deposition of NNEDV, this is not feasible. Plaintiffs will need to "further explor[e]" the issues that Uber's corporate representative could not or would not address during her deposition through the depositions of Uber's nonprofit partners, including NNEDV. *See* ECF 6533.

**Productions.** In preparation for NNEDV's forthcoming deposition, we request that NNEDV make rolling productions of documents responsive to our requests for (1) documents with the @uber.com domain name and (2) internal emails referencing "Uber." These productions should begin no later than Friday, August 7. Given your representations about the number of responsive documents, we do not agree that it takes one month from the date of last week's request to collect, review, and produce the small number of responsive documents. Nor do we agree that Plaintiffs should only be permitted to review these documents 72 hours before the scheduled deposition. As you know, Plaintiffs already substantially narrowed our document requests from the entire custodial file of NNEDV's representative to just these two categories of documents.

NGRV NIGH GOLDENBERG RASO & VAUGHN

**Jurisdiction.** In your letter, you suggest that you may "seek relief from the appropriate court with jurisdiction." However, should you seek relief from a court other than the MDL court, Plaintiffs will tag that dispute to the JPML and have it promptly transferred to the MDL where it belongs. *See* ECF 752. The MDL Court has consistently required nonparties to produce documents in response to subpoenas. *See*, *e.g.*, ECF 695, 1776, 5263. Even if Plaintiffs did not tag a subpoena dispute to the JPML, the U.S. District Court for the District of Columbia has ordered extensive custodial discovery of a nonparty sexual violence advocacy organization in this MDL. *See In re Subpoena to Rape Abuse and Incest National Network*, 24-0073-ACR, Transcript Order (D.D.C. Aug. 6, 2024). There is no reason to believe that the much narrower requests at issue here would be denied, particularly given the Court's finding that Plaintiffs already demonstrated a "sufficient interest in further exploring this issue" of your client's relationship with Uber. ECF 6533. Such a waste of time and resources is not warranted.

**Relevance (Objection 10).** Uber previously objected that deposing nonparties on these topics was not relevant. ECF 6510. Judge Cisneros rejected this argument and authorized Plaintiffs to explore these topics with nonparties, including NNEDV. ECF 6533.

**Burden (Objections 1–5).** Plaintiffs recognize and have accounted for NNEDV's status as a nonparty. First, we took steps to minimize any potential burden on NNEDV by deposing Uber's corporate representative, Emilie Boman in an attempt to eliminate the need for a deposition of your client or, at a minimum, to narrow the scope to matters Ms. Boman did not or could not address. Second, though our subpoena requested NNEDV's entire custodial file, which is a reasonable request given our need to examine what NNEDV actually knew about the safety features and processes she endorsed, Plaintiffs offered a compromise. Specifically, Plaintiffs asked NNEDV to produce emails with the @uber.com domain name and internal emails referencing "Uber." Please provide an estimate regarding both categories no later than August 7. As a starting point, we note that it takes only a few hours at most to collect and review several hundred emails; and given the numbers of emails you have collected for similarly situated nonprofits, we do not expect that NNEDV will have substantially more emails to produce. This is not burdensome.

Further, any purported burden on NNEDV as a nonparty is mitigated if Uber is paying for your representation or NNEDV's time. To date, you have declined to respond to inquiries regarding whether Uber is paying for your services or your client's time, even citing potential privilege concerns. However, the amount paid for legal services and the identity of the entity paying for such services is not privileged. *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *In re Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992). You have identified no other basis for withholding information about the fee arrangement between Uber and your firm regarding NNEDV's deposition. Nevertheless, the silence on this question certainly suggests to Plaintiffs that Uber is paying for your services and your client's time. If this is not the case, we welcome your prompt clarification.

Among other things, if Uber is funding your representation of NNEDV, the collection and review of documents responsive to Plaintiffs narrowly-tailored document requests will impose a negligible (if any) burden on NNEDV. The productions other third parties in this litigation have been ordered to make far eclipse what Plaintiffs request from your client. By way of example, nonparty sexual assault advocacy organization RAINN was ordered by the U.S. District Court for the District of Columbia to produce. *See In re Subpoena to Rape Abuse and Incest National Network*, 24-0073-ACR, Transcript Order (D.D.C. Aug. 6, 2024) (ordering custodial discovery for five "core" custodians regarding RAINN's role in Safety Report). Collecting and reviewing several

hundred emails, particularly where this work is likely funded by Uber, does not impose a burden on your client. Again, if this is not accurate, please let us know.

Deposition by written questions is not appropriate here. Uber has a history of drafting public statements and talking points for your client and is likely involved in your representation. Plaintiffs do not need written responses prepared by Uber. Plaintiffs have already asked Uber their questions with no success. Indeed, that is the entire purpose of this deposition. ECF 6533. Therefore, Plaintiffs need to be able to ask NNEDV directly. As described herein, Uber's likely involvement in your representation, paired with Plaintiffs' efforts to minimize any remaining potential burden on NNEDV, more than suffice to comply with Rule 45.

**Privilege/Confidentiality (Objections 8–9). 7.** To the extent you claim any information requested is subject to any privilege, please produce an appropriate log. However, to the extent you claim any information requested is subject to a nondisclosure or other confidentiality agreement, the Protective Order in this case, ECF 176, will adequately protect your client's or Uber's privacy interest in the underlying material. ECF 695.

**Documents in Uber's Possession (Objection 6).** NNEDV objects that information sought is in Uber's possession. As an initial matter, Plaintiffs have made these requests to Uber and NNEDV should therefore direct these concerns to Uber, which has failed to preserve and produce responsive documents. In any event, Plaintiffs are not required to exhaust party discovery before seeking these materials from NNEDV. *Viacom Intern. Inc. v. YouTube, Inc.*, 2008 WL 3876142, at *3–4 (N.D. Cal. Aug. 18, 2008) (rejecting argument that plaintiffs must first exhaust party discovery as "without merit" and stating that there is "no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in a defendant's possession."); *see also Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (rejecting argument that discovery would be "duplicative" because plaintiff was entitled to "verify the accuracy" of defendants' reports and defendant had not demonstrated that sales figures were "fully and completely produced"); *see also Roberts v. Cnty. of Riverside*, 2021 5993528, at *8 (C.D. Cal. Oct 7, 2021) (rejecting argument that, because information sought was allegedly available from other sources, including parties, subpoena must be quashed).

Plaintiffs look forward to continuing to work with you. We look forward to our meet and confer this afternoon.

Sincerely,

Marlene Goldenberg
Sam Hoefs
Nigh Goldenberg Raso & Vaughn PLLC

Alex Walsh
Holly Dolejsi
Anapol Weiss