[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' MOTION TO ADMIT EVIDENCE OF DRIVER'S CRIMINAL CONVICTION** |
| This Document Relates to:<br><br>*Jane Doe QLF 1 v. Uber Techs. Inc.*,<br>N.D. Cal. No. 24-cv-8783,<br>W.D. Tex. No. 26-cv-01694 | Judge: Honorable Charles R. Breyer<br>Date: September 25, 2026<br>Time: 10:00 A.M<br>Ctrm.: 6-17th Floor (zoom) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JANE DOE QLF 0001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 26-cv-01694-CRB<br><br>Judge: Honorable Charles R. Breyer |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 25, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff will, and hereby does move this Court for an order finding that the judgment of conviction of Victor Le for second-degree sexual assault is admissible in the trial of this matter. The Motion is based on the memorandum, declaration, and exhibits attached, as well as any other arguments or evidence that may be presented to the Court in support of this Motion.

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND BACKGROUND ........ 1

ARGUMENT ........ 1

I. Mr. Le's felony conviction satisfies every element of Rule 803(22). ........ 2

II. Mr. Le's felony conviction is relevant and not precluded by Rule 403. ........ 2

III. The Court should reject any false equivalence between the conviction of Mr. Le and the decision not to prosecute Mr. Turay in the *Dean* case. ........ 3

CONCLUSION ........ 4

## INTRODUCTION AND BACKGROUND

Uber has been dancing around a core question in this trial, one that really should not be a question at all: whether the assault alleged by the Plaintiff occurred. Uber, of course, is entitled to maintain any defense supported by evidence. But this isn't much of one. Plaintiff immediately reported the assault to her parents and the police and underwent a SANE exam. The State then charged the driver, Victor Le, with the assault. He was tried, convicted, and sentenced to 11 years in prison. *See* Ex. A (judgment of conviction). The judgment was affirmed on appeal. *See* Ex. B (appellate opinion).[1]

Nevertheless, Uber says that it cannot yet decide whether to admit the assault happened and that the driver was tried, convicted, and incarcerated. Uber says that it will not provide any more information until Plaintiff takes the driver's deposition. Because the driver is incarcerated, the deposition requires a Court order to go forward. *See* Fed. R. Civ. P. 30(a)(2)(B). Disputes between the parties—ranging from what the driver will be wearing to how much time each side gets to ask questions to—have delayed the submission of a stipulation or motion to permit the deposition. If the deposition goes forward, it will impose significant burdens on both sides by requiring personal travel to the Texas prison, in addition to a substantial burden on the prison.

This is all a waste of time in a trial that is set to begin in six weeks. The primary reason Plaintiff seeks to take the driver's deposition is that Uber will not agree that the driver's conviction is admissible evidence. Under the Federal Rules, the conviction is admissible.

Given the urgency of this issue, Plaintiff requests the Court hear this motion at the August 24, 2026, CMC. Plaintiff will meet and confer with Uber on a briefing schedule.

## ARGUMENT

Under Rule 803(22), "[e]vidence of a final judgment of conviction" is exempt from the prohibition against hearsay if:

(A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea;

(B) the conviction was for a crime punishable by death or by imprisonment for more than

[1] The exhibits have been redacted to remove the Plaintiff's name. Plaintiff can file unredacted versions under seal if the Court desires to see them in deciding this motion.

a year;

(C) the evidence is admitted to prove any fact essential to the judgment; and

(D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.

Fed. R. Civ. 803(22). As the advisory committee explains, the effect of the rule generally is to make a conviction "admissible in evidence for what it is worth." *Id.*, advisory committee note.

## I. <u>Mr. Le's felony conviction satisfies every element of Rule 803(22).</u>

Every element of the hearsay exception relevant to civil cases is satisfied.

**Judgment entered after a trial**. Mr. Le's judgment of conviction came after a full criminal trial and a finding of guilt beyond a reasonable doubt. *See* Exs. A, B.

**Crime punishable by imprisonment for more than a year**. Ms. Le was convicted of sexual assault in the second degree. *See* Exs. A, B. Second-degree felonies in Texas carry a sentence between two and twenty years. Tex. Pen. Code § 22.011(f). Indeed, Mr. Le himself was sentenced to 11 years in prison. *See* Ex. A at 2.

**Evidence offered to prove fact essential to the judgment**. Plaintiff seeks to introduce the conviction to prove exactly what the criminal jury found: that "Victor Huynh Le … on or about the 9th day of June 2020, … did intentionally or knowingly cause the penetration of the mouth of [Plaintiff] by the sexual organ of the defendant without the consent of [Plaintiff]." Ex. A at 1; *see also* Ex. C (9/1/22 trial transcript) at 108:24-109:3 (THE COURT: "Is this the verdict of your jury, 'We, the Jury, find the Defendant, Victor Huynh Le, guilty of the offense of sexual assault, as charged in the indictment'? PRESIDING JUROR: "Yes, Your Honor.").

## II. <u>Mr. Le's felony conviction is relevant and not precluded by Rule 403.</u>

Criminal convictions exempt from the hearsay rule must still be relevant to be admissible. Mr. Le's conviction is relevant. Although a sexual assault is not an element of Plaintiff's negligence claim, whether Mr. Le assaulted Plaintiff is a fact (potentially) in dispute between the parties and so is "of consequence in determining the action." Fed. R. Evid. 401(b). Mr. Le's conviction makes it "more … probable" that Mr. Le assaulted Plaintiff than "it would be without the evidence." Fed. R. Evid. 401(a).

Uber may argue that, nevertheless, the Court should exclude the conviction under Rule 403 because Mr. Le absconded during the criminal trial. This argument should be rejected. To start, the conviction is not just marginally relevant; it is highly probative evidence of an important issue in the case. The criminal jury heard from Plaintiff, her mother, the SANE nurse, and the police detective who investigated the case. Mr. Le had every incentive to challenge the facts (and he did, in fact, challenge the charge as a false accusation). And the jury found, beyond a reasonable doubt, that Mr. Le committed the offense charged (with the jury instructions upheld on appeal).

On the prejudice side, Uber's attempt to collaterally attack a state court conviction does not preclude admission. First, even if Uber's argument is proper, the Federal Rules expressly anticipate that such arguments go to weight, not admissibility. *See* Fed. R. Evid. 803(22), advisory committee note ("[I]t seems safe to assume that the jury will give [the conviction] substantial effect unless defendant offers a satisfactory explanation, a possibility not foreclosed by the provision."). Second, any such argument is likely *im*proper (though the Court need not decide now). Before rendering a guilty verdict, the jury was told only that Mr. Le "has voluntarily absented himself from these proceedings and we will proceed without him." Ex. D (8/31/22 Trial Tr.) at 26:8-11. (The jury learned about Mr. Le's abscondment only in the punishment phase of the trial.) And, the jury was properly instructed on the elements of the charge and what the jury should consider in determining whether the state had met its burden, as found on appeal. *See* Ex. E (charge); Ex. B at 10-12. Uber's argument is pure speculation and so is likely improper in any event.

## III. <u>The Court should reject any false equivalence between the conviction of Mr. Le and the decision not to prosecute Mr. Turay in the *Dean* case.</u>

At points, Uber has argued against the weight of Mr. Le's conviction on the basis that the Court excluded evidence that Arizona declined to prosecute Mr. Turay in the *Dean* case. There is no equivalence between a failure to prosecute and a criminal conviction. A conviction is a finding of fact, beyond a reasonable doubt, which is highly probative of the whether the crime occurred. *See, e.g.*, *Stagecrafters' Club v. D.C. Div. of Am. Legion*, 111 F. Supp. 127, 128-29 (D.D.C 1953) (in case preceding the Federal Rules of Evidence, explaining that "where the issue in the criminal case was clear, the defendant appeared, was represented by counsel, had an opportunity to testify

and present his witnesses and to cross-examine the witnesses against him, and was duly convicted, there is no sound reason why the judgment of conviction should not be admitted in a civil case”).

A failure to prosecute, by contrast, is a discretionary decision influenced by factors other than factual proof and is generally not admissible in a subsequent civil action. *See, e.g.*, *Doe v. Coastal Carolina Univ.*, 2021 WL 1654747, at *3 (D.S.C. Mar. 5, 2021) (“Generally, evidence of acquittal or non-prosecution in a criminal action is not admissible in a civil action containing the same or similar facts.”); *AIM Recycling of Fla., LLC v. Metals USA, Inc.*, 2020 WL 236719, at *4 (S.D. Fla. Jan. 15, 2020) (explaining that any evidence or reference to a criminal investigation in a civil case would be prejudicial, misleading and confusing); *Stella v. Davis Cnty.*, 2022 WL 773247, at *1 (D. Utah Mar. 14, 2022) (excluding evidence of non-prosecution because it had limited probative value, given the “higher burden of persuasion in a criminal case and because a prosecutor exercising her discretion may consider other factors not relevant in a civil case”).[2]

**CONCLUSION**

For these reasons, the Court should order in limine that evidence of Mr. Le’s criminal conviction is admissible.

---

[2] *See also*, *e.g.*, *Kelly’s Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1252 (6th Cir. 1987) (“The evidence of non-prosecution is of very limited probative value in showing that there was no arson because of the higher burden of persuasion in a criminal case”); *Rabon v. Great Southwest Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987) (holding that non-prosecution for arson is inadmissible because such evidence is highly prejudicial, non-prosecution is based on different criteria than apply in civil proceedings including the higher standard of proof, and the prosecutor’s opinion on whether the insured started the fire is based on knowledge outside his personal experience).

Dated: August 17, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: August 17, 2026

By: */s/ Andrew R. Kaufman*
Andrew R. Kaufman