# EXHIBIT E

NO. 1653872D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 372ND JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| VICTOR HUYNH LE | § | TARRANT COUNTY, TEXAS |

COURT'S CHARGE

MEMBERS OF THE JURY:

The Defendant, Victor Hyunh Le, stands charged by indictment with the offense of sexual assault, alleged to have been committed on or about the 9th day of June 2020, in Tarrant County, Texas. To this charge the Defendant has pleaded not guilty.

A person commits the offense of sexual assault if the person intentionally or knowingly causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent.

A sexual assault is without the consent of the other person if:

1. the actor compels the other person to submit or participate by the use of physical force or coercion; OR
2. the actor compels the other person to submit or participate by threatening to cause harm to the other person, and the other person believes that the actor has the present ability to execute the threat.

"Person" means an individual.

"Another" means a person other than the actor.

"Actor" means a person whose criminal responsibility is in issue in a criminal action.

"Coercion" means a threat, however communicated, to commit an offense.

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
SEP 01 2022
TIME 11:41am
BY [signature] DEPUTY

"Consent" means assent in fact, whether express or apparent.

"Act" means a bodily movement, whether voluntary or involuntary, and includes speech.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Our law provides a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded to the defendant, and in the event he does not testify, that fact cannot be taken as a circumstance against him. In this case the Defendant has not testified, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the Defendant.

An offense is committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties.

Sexual assault may be prosecuted in the county in which it is committed, in the county in which the victim is abducted, or in any county through or into which the victim is transported in the course of the abduction and sexual assault.

It shall only be necessary to prove by the preponderance of the evidence that the county where such prosecution is carried on has venue.

"Preponderance of the evidence" means the greater weight and degree of credible evidence that has been admitted before in the trial of this cause.

You are instructed that if there is any testimony before you in this case regarding evidence of other acts of the Defendant, you cannot consider said evidence for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other acts, if any were committed, and even then you may only consider the same in determining whether false allegations were made against the Defendant in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a Defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the Defendant, unless the jurors are satisfied beyond a reasonable doubt of the Defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the Defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the Defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the Defendant's guilt.

In the event you have a reasonable doubt as to the Defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty".

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, Victor Huynh Le, in Tarrant County, Texas, on or about the 9th day of June 2020, did intentionally or knowingly cause the penetration of the mouth of Plaintiff by the sexual organ of the Defendant without the consent of Plaintiff, then you will find the Defendant guilty of the offense of sexual assault, as charged in the indictment.

If you do not so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict "Not Guilty".

The indictment in this case is no evidence whatsoever of the guilt of the Defendant. It is a written instrument necessary in order to bring this case into court for trial, and you will not consider the indictment as any evidence in this case or as any circumstance whatsoever against the Defendant.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to their testimony, but you are bound to receive the law from the Court, which is herein given, and be governed thereby.

You are charged that it is only in open court that the jury is permitted to receive evidence regarding the case, or any witness therein, and no juror is permitted to communicate to any other juror anything he or she may have seen or heard regarding the case or any witness therein, from any source other than in open court.

You were allowed to take notes during this trial. Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes. You may use your notes to refresh your memory and recollection of the evidence, but you may not read out loud from your notes nor may you share your notes in any way with the other jurors. If any juror reveals his or her notes to any other juror, you or the Presiding Juror must report it to me or my staff immediately.

Your verdict must be by a unanimous vote of all members of the jury. In your deliberations you shall consider the charge as a whole and you must not refer to or discuss any matters not in evidence.

At times throughout the trial the Court may have been called upon to rule on the question of whether or not certain offered evidence might properly be admitted. You are not to concern yourselves with the reasons for the Court's ruling nor draw any inferences therefrom. Whether offered evidence is admissible is a question of law and in admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence; nor does the Court pass on the credibility of the witness. You must not consider any evidence offered that has been rejected by the Court. As to any questions to which objections were sustained, you must not engage in conjecture as to what the answers might have been or as to the reason for the objections.

You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise the opinion of the Court to be. The Court has no right by any word or any act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting the outcome of the case. The Court has not intended to express any opinion upon any matter of fact, and if you have observed anything which you may have interpreted as the Court's opinion as to any matter of fact, you must wholly disregard it.

After you retire to the jury room, you should select one of your members as your Presiding Juror. Any member of the jury may serve as Presiding Juror. It is this person's duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form and signing the same as your Presiding Juror.

At this time you will confine your deliberations solely to the issue of whether the Defendant is guilty or not guilty of the offense set forth in this charge.

Should the jury desire to have any or all of the admitted exhibits delivered to you for your deliberations, your Presiding Juror shall so notify the Court in writing and the requested exhibits will be delivered.

After you have retired, you may communicate with the Court in writing through the bailiffs who have you in charge. Your written communications must be signed by the Presiding Juror. Do not attempt to talk to the bailiff, the attorneys, or the Court regarding any question you may have concerning the trial of the case.

After you have reached a unanimous verdict or if you desire to communicate with the Court, please use the jury call button on the wall and one of the bailiffs will respond.

Honorable Robert P. Brotherton
Sitting by Assignment
372nd Judicial District Court
Tarrant County, Texas

# VERDICT FORMS

We, the Jury, find the Defendant, Victor Hyunh Le, not guilty.

______________________________

Presiding Juror

-OR-

We, the Jury, find the Defendant, Victor Hyunh Le, guilty of the offense of sexual assault, as charged in the indictment.

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
SEP 01 2022
TIME 4:08 pm
BY m DEPUTY

______________________________

Presiding Juror