Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Michael Vives (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
michael.vives@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to:<br><br>ALL CASES | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UBER'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Uber respectfully submits this supplemental memorandum in support of its pending Rule 72 motion (ECF 7028) regarding the background check discovery ordered by Judge Cisneros.

As set forth in the Rule 72 motion, Judge Cisneros ordered Uber either to "stipulate[] *for the purpose of the next two bellwether trials* that the expanded background check policy it adopted in 2026 would have been feasible at the time of the incidents in question" or to produce documents and 30(b)(6) deposition testimony regarding why "earlier adoption [of Uber's current background check policy] would not have been feasible." ECF 6935 at 5 (emphasis added). The relief, as ordered, was specific to *QLF 001* and *A.R.*—the "next two bellwether trials[.]" *Id.*

As Uber has previously explained, the feasibility of the June 2026 policy at earlier times is irrelevant as a factual matter in both *QLF 001* and *A.R.* because it is undisputed that the new policy would not have caused a different outcome with respect to the driver in either case. ECF 7028 at 4-5. That became even more evident late last week during a deposition in which the corporate representative for Checkr—a widely recognized and accredited background check company used by Uber, Ex. 1 (Hubbard Dep.) 245:13-252:5—noted that Checkr was "[redacted]" *Id.* 301:7-303:4. In other words, even if the new background check policy had been in effect at the time of the alleged assaults in *QLF 001* or *A.R.*, it would have made no difference in either case. This supports Uber's prior argument that the discovery is highly improper because it is burdensome, disproportionate and irrelevant to the next two trials. ECF 6935 at 5.

For the reasons stated above, and in Uber's Rule 72 Motion, this Court should partially reverse the July 30 Order.

DATED: August 17, 2026

Respectfully submitted,

/s/ *Michael Vives*
Michael Vives (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC