United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB |

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Jane Doe QLF 001 v. Uber Technologies, Inc., et al. | Case No. 1:26-cv-01694-CRB |

The Court has reviewed Magistrate Judge Cisneros' Discovery Order (Dkt. 6935), the Parties' Joint Statement Concerning the Discovery Dispute (Dkt. 6902), Uber's Motion for Relief from Nondispositive Pretrial Order (Dkt. 7028), and Supplemental Brief re Motion for Relief from Nondispositive Pretrial Order (Dkt. 7044).

The Court concludes that Judge Cisneros exercised sound judgment and the Order is not clearly erroneous or contrary to law. Judge Cisneros ordered a limited 30(b)(6) deposition and related document production on why Uber's new 2026 background policy would not have been feasible at the time of the incidents in question for the upcoming two bellwether trials (unless Uber stipulates that the policy would have been feasible at the time of the incidents), acknowledging that Plaintiffs had reasonable grounds to explore "the accuracy or credibility of [Uber's Head of Safety Ms. Hannah] Nilles' June 2025 testimony that Uber was doing all that it could with respect to driver screening and that she was not aware of plans to change its screening practices," as well as whether it was "feasible for

United States District Court
Northern District of California

Uber to implement sooner the expanded background checks that it is now conducting." Uber argues that the Order is based on an erroneous reading of Ms. Nilles' prior testimony and is contrary to California and Texas law in the Gilead Tenofovir Cases, S283862, 2026 WL 2223748 (Cal. Aug. 3, 2026) and Henderson v. Ford Motor Co., 519 S.W.2d 87, 93 (Tex. 1974). The Court disagrees and does not find Judge Cisneros' reading of Ms. Nilles' prior testimony nor her reading of the law as clearly erroneous. Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. Rule 26(b)(1). As Judge Cisneros recognized, this Order is without prejudice to Uber's ability to challenge the admissibility of any such evidence at a later stage.

**IT IS SO ORDERED.**

Dated: August 18, 2026

CHARLES R. BREYER
United States District Judge