Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC, AND RASIER-CA, LLC'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Statement in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF 7021) filed in connection with the parties' August Case Management Conference Statement (ECF No. 7020). For the reasons set forth herein, there is good cause to maintain the following Exhibit under seal:

| Document | Description |
|---|---|
| Exhibit 3 to Case Management Conference Statement (ECF 7020-5; 7021-4) | Personal information concerning attorney's relatives and other private information |

## I. LEGAL STANDARD

The Ninth Circuit has held that personal information should be kept confidential to protect an individual's privacy interest even under the compelling reasons standard (let alone the good cause standard applicable to this non-dispositive filing). *Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-CV-00051-MWF (JCX), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal customers' personal information). "Courts in this Circuit have regularly found that individuals' home addresses are sealable as PII under the 'compelling reasons' standard." *Daybreak Game Co., LLC v. Takahashi*, No. 25-CV-01489-BAS-BLM, 2025 WL 3677379, at *3 (S.D. Cal. Dec. 16, 2025) (collecting cases); *see also NorCal Tea Party Patriots v. Internal Revenue Serv.*, No. 1:13cv341, 2022 WL 1316267, at *5-6 (S.D. Ohio May 3, 2022) (finding that the "safety and privacy of [the individuals] and their families is a compelling interest" sufficient to justify sealing personal information where they had received death threats and been harassed outside their homes).

## II. ARGUMENT

Uber seeks to seal Exhibit 3, which is a social media thread referencing the private personal information of one of Uber's attorneys. The thread reflects attempts to "dox" the attorney, by uncovering her family members' names, their places of work, and instructions on how to locate her residence. That attorney has been forced to work remotely, and leave her home due to the ongoing safety concerns.

Good cause—the standard which applies to this non-dispositive filing—exists to seal this exhibit. Courts have consistently held that where individuals face real threats to their personal safety—including

doxing, harassment, and threats of violence—sealing personal identifying information is warranted. In *NorCal Tea Party Patriots*, IRS employees were "the subject of hate-filled online comments, harassed outside their homes, and received death threats via telephone messages, emails and letters," including threats that "extended to members of their families." 2022 WL 1316267, at *1. Based on those facts, the court sealed personal information, finding that "the safety and privacy of [the individuals] and their families is a compelling interest" that outweighed the presumption of public access. *Id.* at *6. The facts here are analogous—the social media thread at issue constitutes an effort to identify and locate the attorney and her family members, creating precisely the type of safety concern that courts have recognized warrants sealing.

Similarly, in *In re Celsius Network*, the court authorized redaction of home addresses and email addresses where evidence demonstrated that individuals associated with the case had been subject to online threats of violence, and where the court found that disclosure would "create undue risk of unlawful injury." *In re Celsius Network LLC*, 644 B.R. 276, 294 (Bankr. S.D.N.Y. 2022) (analyzing sealing under Bankruptcy Code, which codifies presumption of open access to court records, with certain statutory exemptions).

Courts in the Ninth Circuit have also recognized that where individuals face the potential for "physical harm" or "harassment" based on their connection to a legal proceeding, there is "special reason . . . to give protection to this intimate personal data, to which the public does not have a general right of access in the ordinary course." *Voice of San Diego v. Naval Crim. Investigative Serv.*, 753 F. Supp. 3d 1069, 1104-05 (S.D. Cal. 2024) (citation omitted) (considering redactions in the FOIA context).

The privacy interests at stake here also implicate the attorney's family members, who are entirely uninvolved in this litigation. Courts have recognized that the privacy interests of non-parties and family members are entitled to significant protection. *See Sullivan v. Banks*, No. 24-CV-3251 (LJL), 2026 WL 2283031, at *2 (S.D.N.Y. Aug. 7, 2026) (granting sealing of non-party names where "the identities of these non-parties have no conceivable relevance to Plaintiff's claims"); *NorCal Tea Party Patriots*, 2022 WL 1316267, at *6 (keeping sealed declarations and exhibits that contained "sensitive information . . . relat[ing] to family members . . . who have no connection to this litigation"). The attorney's family members here have no connection whatsoever to this litigation, and their personal information should not

be exposed to public view simply because bad actors have sought to weaponize it.

Although Uber seeks to seal the entire exhibit, this is because leaving portions of the exhibit unsealed would provide a roadmap to anyone wishing to find the private information. Sealing the exhibit in its entirety is narrowly tailored to the concerns at issue because any unsealed portion would reveal the information necessary for a bad actor to target the attorney or her family.

## III. CONCLUSION

Good cause exists for the Court to seal the Exhibit as described above. Uber therefore respectfully requests that the Court order that the Exhibit be maintained on the docket under seal.

DATED: August 19, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC