[Submitting Counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-MD-03084-CRB |
| This Document Relates to:<br><br>ALL CASES | **ADMINISTRATIVE MOTION TO SEAL RE: PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR TEMPORARY PROTECTIVE ORDER**<br><br>Judge: Honorable Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Under Civil Local Rules 7-11 and 79-5, and the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Plaintiffs respectfully submit this Administrative Motion to Seal regarding Plaintiffs' Notice of Motion and Motion for Temporary Protective Order. In support thereof, and pursuant to Civil L.R. 7-11 and 79-5, the following is submitted herewith: (1) the Declaration of Ellyn Hurd in Support of this Motion; and (2) a Proposed Order that lists in tabular format the material sought to be sealed.

**Material To Be Filed Under Seal**

Plaintiffs respectfully request that the Court seal the following materials:

| Document | Description | Designating Party |
|---|---|---|
| Declaration of Ellyn Hurd in Support of Plaintiffs' Notice of Motion and Motion for Temporary Protective Order | Portions highlighted at ¶¶ 10, 11, 14, 15, 16, 21, 22 | Plaintiffs |

**Legal Standard**

Documents attached to non-dispositive discovery motions that are not directly relevant to the merits of a case are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotation marks and citations omitted); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Rule 26 provides good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c).

**The Requested Material Should Be Sealed**

The materials at issue relate to motion for a protective order, not a dispositive motion, and must therefore meet the less exacting "good cause" standard under Rule 26(c).[1] The portions sought

[1] Even if the more "compelling" standard were applied (*see In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2024 WL 4211179, at *1 (N.D. Cal. Sep. 3, 2024), and as discussed below, Plaintiffs submit that the information at issue meets that threshold as well.

to be sealed describe materials protected by the attorney-client privilege and the work-product doctrine; contain detailed descriptions of sexual assaults, sexual abuse, and other highly personal and confidential matters; and reference materials designated Highly Confidential – Attorneys' Eyes Only under the Protective Order entered in this case. The disclosure of that information would cause privacy harms and subject those individuals to "annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c)(1).

The Ninth Circuit and district courts within it have found that the interest in protecting materials covered by the attorney-client privilege and the work-product doctrine outweighs the public's interest in access to court filings, and that such materials are therefore sealable. *See In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 Fed. App'x 603, 609 (9th Cir. 2017) (affirming sealing where the special master found compelling reasons to seal "material protected by the attorney-client privilege and the work product doctrine"); *Adtrader, Inc. v. Google*, 2020 WL 6389186, at *1 (N.D. Cal. Feb. 24, 2020) (finding a "compelling reason to seal documents protected by attorney-client privilege or the work product doctrine," and noting that these protections "by implication" also satisfy the lower "good cause" standard) (citation omitted). And this Court has already determined that there is good cause to seal an "individual's detailed description of an incident of sexual assault[.]" *In re Uber Techs., Inc.*, 2024 WL 4211179, at *1. No less restrictive alternative to sealing exists, and this request is narrowly tailored to seal only privileged, confidential, and highly sensitive personal information, while ensuring the public retains access to the rest of the filing.

## Conclusion

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant this motion to file under seal portions of the Declaration of Ellyn Hurd in Support of Plaintiffs' Notice of Motion and Motion for Temporary Protective Order.

Dated: August 19, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)

**GIRARD SHARP LLP**
601 California St., Suite 1400

San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: August 19, 2026

By: */s/ Ellyn Hurd*
Ellyn Hurd

**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 257-8482
ehurd@simmonsfirm.com