# EXHIBIT 3

Michael B. Shortnacy (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM FOR PRODUCTION FROM A NON-PARTY** |

YOU ARE HEREBY NOTIFIED that in accordance with Rule 45 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") intend to issue a subpoena, a copy of which is attached hereto, to be served upon the following entity, who is not a party in the above captioned lawsuit, to produce items listed at the time and place specified in the attached Subpoena:

- **Blue Sky Legal LLC, 3300 Dallas Pkwy. Suite 200, Plano, TX 75093**

DATED: December 16, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>*Plaintiff*<br>v.<br><br>*Defendant* | ) | Civil Action No. 3:23-md-03084-CRB |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Blue Sky Legal LLC, 3300 Dallas Pkwy. Suite 200, Plano, TX 75093

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.
In lieu of appearance, responsive documents may be mailed/emailed to Michael B. Shortnacy, Shook, Hardy & Bacon L.L.P., 2121 Ave of the Stars, Ste 1400, Los Angeles, CA 90067 (mshortnacy@shb.com).

| Place: | Date and Time: |
|---|---|
| Shook, Hardy & Bacon L.L.P<br>100 Crescent Ct., Suite 700, Dallas, TX 75201 | 01/15/2026 5:00 pm |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/2025

*CLERK OF COURT*

OR

/s/ Michael B. Shortnacy

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC, who issues or requests this subpoena, are:

Michael B. Shortnacy, Shook, Hardy & Bacon L.L.P., 2121 Ave of the Stars, Ste 1400, Los Angeles, CA 90067

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-md-03084-CRB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. "ALL" AND "ANY" both INCLUDE "each" AND "every."

2. "CONTACT INFORMATION" means ANY information that could be used to identify a PERSON, INCLUDING name, phone number, physical address, email address, IP address, Apple Account ID, Google Account ID, OR the number AND financial institution RELATED TO ANY payment method, INCLUDING ANY credit card, debit card, OR bank account.

3. "DOCUMENTS" means the original OR a copy of handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail OR facsimile, AND every other means of recording upon ANY tangible thing, ANY form of communication OR representation, INCLUDING letters, words, pictures, sounds, OR symbols, or combinations thereof, AND ANY record thereby created, regardless of the manner in which it has been stored, INCLUDING electronically stored information as defined in Fed. R. Civ. P. 34.

4. "INCLUDE" AND "INCLUDING" shall mean "INCLUDING, but not limited to."

5. "LEAD" shall mean potential plaintiff in the LITIGATION.

6. "LITIGATION" shall mean the mass tort proceedings against Uber Technologies, Inc. regarding passenger sexual assault, including *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation,* Civil Action No. 3:23-md-03084-CRB in the United States District Court for the Northern District of California.

7. "OR" AND "AND" shall INCLUDE AND/OR.

8. "PERSON" shall INCLUDE a natural PERSON, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

9. "PUBLICATION" shall refer to *Uber and Lyft Sexual Assault Litigation: MDL and State Court Landscape: A Strategic White Paper from Blue Sky Legal, available at* https://blueskylegal.com/case-types/uber-and-lyft-sexual-assault/ (last accessed Dec. 9, 2025).

10. "RELATING TO" OR "RELATED TO" means, by way of example AND without limitation; demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these requests.

11. "YOU," "YOUR" or "YOUR COMPANY" shall mean, as applicable, Blue Sky Legal LLC, INCLUDING YOUR agents, officers, employees, attorneys OR representatives,

AND ANY of YOUR parent companies, subsidiaries, affiliates OR divisions, AND ANY of their respective agents, officers, employees, attorneys OR representatives, which were acquired by YOU.

## INSTRUCTIONS

1. Any production YOU make in response to the Requests for Production below, and any subsequent use thereof by any of the parties to this litigation, is subject to the attached Protective Order (ECF 176).

## REQUESTS FOR PRODUCTION

1. ANY AND ALL DOCUMENTS identifying CONTACT INFORMATION for ANY AND ALL law firms or entities or persons working with or at the direction thereof for whom YOU have generated, forwarded, or otherwise collected LEADS RELATED TO the LITIGATION, from January 1, 2018, to present.

2. ANY AND ALL DOCUMENTS RELATED TO agreements between YOU and ANY AND ALL law firms or entities or persons working with or at the direction thereof RELATED to the LITIGATION, from January 1, 2018, to present.

3. ANY AND ALL DOCUMENTS related to LEADS you have generated RELATED TO the LITIGATION, including any tracking information that may include contract details, IP address, MAC address or platform-based user accounts, from January 1, 2018, to present.

4. ANY AND ALL DOCUMENTS RELATED TO instructions, guidelines, SOPs or creative content RELATED TO LEADS YOU have generated, forwarded, or otherwise collected, RELATED TO the LITIGATION, from January 1, 2018, to present.

5. ANY AND ALL DOCUMENTS identifying marketing instructions, ad placement, geographic targeting return on investment (ROI) reports or budgets YOU have received, generated, forwarded, or otherwise collected RELATED TO the LITIGATION, from January 1, 2018, to present.

6. ANY AND ALL DOCUMENTS RELATED TO the LITIGATION identifying tracking information related to internet-based platforms, including but not limited to Meta Pixels, that may involve collecting data on user behavior on a website, such as page views, button clicks, form submissions, product views, and purchases, January 1, 2018, to present.

7. ANY AND ALL retainer agreements RELATED TO this LITIGATION, which YOU provided to LEADS, from January 1, 2018, to present.

8. ANY AND ALL DOCUMENTS RELATED TO pitch materials RELATED TO the PUBLICATION.

9. ANY AND ALL DOCUMENTS regarding the LITIGATION identifying the law firms or entities or persons working with or at the direction thereof who contacted you (1) before the date of the PUBLICATION and (2) after the date of the PUBLICATION.

10. ANY AND ALL DOCUMENTS RELATED TO the PUBLICATION received by YOU from law firms or entities or persons working with or at the direction thereof.

11. ANY AND ALL DOCUMENTS RELATED TO the PUBLICATION being made available and/or distributed in places other than YOUR website.

12. ANY AND ALL DOCUMENTS RELATED TO instructions, guidelines, or other direction provided by YOU to LEADS relating to ride receipts or Plaintiff Fact Sheets, from January 1, 2018, to present.

13. ANY AND ALL DOCUMENTS RELATED TO trip receipts gathered from or submitted by LEADS, including but not limited to communications with LEADS and law firms or entities or persons working with or at the direction thereof RELATED TO this LITIGATION, from January 1, 2018, to present.

14. ANY AND ALL DOCUMENTS RELATED TO alterations, fabrications, or forgeries by LEADS or others of trip receipts for this LITIGATION, from January 1, 2018, to present.

15. ANY AND ALL DOCUMENTS RELATED TO fraud, including attempted fraud, committed by LEADS RELATED TO this LITIGATION, from January 1, 2018, to present.

16. ANY AND ALL DOCUMENTS RELATED TO screening for fraud in this LITIGATION, from January 1, 2018, to present.

17. ANY AND ALL DOCUMENTS RELATED TO Plaintiff Fact Sheets gathered from or submitted by LEADS RELATED TO this LITIGATION, from January 1, 2018, to present.

18. Documents sufficient to show the number of LEADS RELATED TO the LITIGATION that YOU have generated, forwarded, or otherwise collected for each law firm or entities or persons working with or at the direction thereof, from January 1, 2018, to present.

19. ANY AND ALL DOCUMENTS RELATED TO ANY and ALL advertising campaigns YOU used to solicit LEADS RELATED TO the LITIGATION, INCLUDING ALL "non-branded client acquisition" campaigns (as described at https://blueskylegal.com/services/non-branded-solutions/) and ALL "branded" advertising campaigns (as described at https://blueskylegal.com/services/branded/).

20. ANY AND ALL DOCUMENTS RELATED TO the "criteria," "filters," and "funnel" YOU use in connection with LEADS RELATED TO this

LITIGATION, INCLUDING "criteria," "filters," and "funnel" discussed in YOUR Mass Tort Investment Guide referenced at https://blueskylegal.com/resources/mass-tort-investment-guide/ (last accessed Dec. 9, 2025).

21. ANY AND ALL DOCUMENTS RELATED TO the "intake scripts" YOU use in connection with LEADS RELATED TO this LITIGATION, INCLUDING such "intake scripts" referenced at https://blueskylegal.com/profits-over-safety-inside-the-uber-sexual-assault-trial-reshaping-rideshare-liability/ (last accessed December 9, 2025).

22. ANY AND ALL DOCUMENTS RELATED TO the "fraud and spam compliance filters" YOU use in connection with LEADS RELATED TO this LITIGATION, INCLUDING such "[f]raud and spam compliance filters to safeguard case quality" referenced at https://blueskylegal.com/profits-over-safety-inside-the-uber-sexual-assault-trial-reshaping-rideshare-liability/ (last accessed December 9, 2025).

23. ANY AND ALL DOCUMENTS RELATED TO the "targeted outreach campaigns" YOU use in connection with LEADS RELATED TO this LITIGATION, INCLUDING such "[t]argeted outreach campaigns designed to reach survivors, advocacy networks, and high-risk communities" referenced at https://blueskylegal.com/profits-over-safety-inside-the-uber-sexual-assault-trial-reshaping-rideshare-liability/ (last accessed December 9, 2025).

24. ANY AND ALL DOCUMENTS RELATED TO the "double verification process" YOU use in connection with LEADS RELATED TO this LITIGATION, INCLUDING such "[d]ouble verification processes that deliver only the most reliable signed retainers" referenced at https://blueskylegal.com/profits-over-safety-inside-the-uber-sexual-assault-trial-reshaping-rideshare-liability/ (last accessed December 9, 2025).

25. ANY AND ALL DOCUMENTS RELATED TO the "methodical follow-up strategies" YOU use in connection with LEADS RELATED TO this LITIGATION, INCLUDING such "methodical follow-up strategies" referenced at https://blueskylegal.com/the-latest-in-uber-sex-assault-mass-tort-litigation-an-overview/ (last accessed December 9, 2025).