# EXHIBIT 4

Paul A. Alarcon, Esq. (SBN 275036)
Samuel Q. Schleier, Esq. (SBN 312449)
BOWMAN AND BROOKE LLP
600 Anton Blvd, Suite 650
Costa Mesa, CA 92626-7194
Telephone (310) 380-6500
Facsimile (310) 525-6600
paul.alarcon@bowmanandbrooke.com
sam.schleier@bowmanandbrooke.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM FOR PRODUCTION FROM A NON-PARTY** |

YOU ARE HEREBY NOTIFIED that in accordance with Rule 45 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") intends to issue a subpoena, copy of which is attached hereto, to be served upon the following person, who is not a party in the above captioned lawsuit and to produce items listed at the time and place specified in the attached Subpoena:

- **Meta Platforms, Inc., 1601 Willow Road, Menlo Park, CA 94025**

DATED: April 3, 2026

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Samuel Q. Schleier*
PAUL A. ALARCON
SAMUEL Q. SCHLEIER

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

| | | |
|---|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>*Plaintiff*<br>v.<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:23-md-03084-CRB |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Meta Platform, Inc., 1601 Willow Rd., Menlo Park, CA 94025

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.
In lieu of personal appearance, responsive documents may be mailed/emailed to Sam Q. Schleier, Bowman and Brooke LLP, 600 Anton Blvd, Suite 650, Costa Mesa, CA 92626 (sam.schleier@bowmanandbrooke.com)

| | |
|---|---|
| Place: Bowman and Brooke LLP<br>600 Anton Blvd, Suite 650<br>Costa Mesa, CA 92626 | Date and Time: 04/27/2026 at 5:00 p.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/03/2026

*CLERK OF COURT*

OR

_______________________ /s/ Sam Q. Schleier

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Uber Technologies, Inc.; Rasier, LLC; and Raiser-CA, LLC , who issues or requests this subpoena, are:
Sam Q. Schleier, Bowman and Brooke LLP, 600 Anton Blvd, Suite 650, Costa Mesa, CA 92626; T: 310.380.6569
sam.schleier@bowmanandbrooke.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-md-03084-CRB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

________________________________________________________________________

____________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

________________________________________
*Server's signature*

________________________________________
*Printed name and title*

________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN RE:**
***UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION***

**United States District Court, Northern District of California – San Francisco Division Case No.: 3:23-md-03084-CRB**

## ATTACHMENT A

**Meta Platforms, Inc.**
**1601 Willow Road**
**Menlo Park, CA 94025**

## DEFINITIONS

1. "ALL" and "ANY" both include "each" and "every."

2. "DOCUMENTS" and "RECORDS" means the original or a copy of handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon ANY tangible thing, ANY form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and ANY RECORD thereby created, regardless of the manner in which it has been stored, including electronically stored information as defined in Federal Rule of Civil Procedure 34.

3. "YOU" shall mean, as applicable, Meta Platforms, Inc., and/or Facebook, Inc., including ANY agents, officers, employees, attorneys, or representatives, and ANY parent companies, subsidiaries, affiliates, or divisions, and ANY of their respective agents, officers, employees, attorneys, or representatives, which were acquired by YOU.

4. "SUBJECT PROFILE" refers to the Facebook profile at the URL https://www.facebook.com/freestarmoney with the profile name "Melanie Doran."

## DOCUMENTS AND ESI TO BE PRODUCED

1. DOCUMENTS sufficient to identify the account holder of the SUBJECT PROFILE, including, but not limited to, DOCUMENTS that identify:

- The account holder's full name, date of birth, and other provided profile information.
- The registration date and creation data for the SUBJECT PROFILE.
- Linked or associated accounts (including Instagram, if applicable).

/ / /

/ / /

2. Subscriber and account RECORDS for the SUBJECT PROFILE, including, but not limited to:

- Contact information and profile data for the SUBJECT PROFILE.
- Account settings and privacy settings history for the SUBJECT PROFILE.
- IP login history with timestamps and IP addresses for the SUBJECT PROFILE.
- Device identifiers, browser/user agent information for the SUBJECT PROFILE.
- Account status history (active, disabled, deleted, memorialized) for the SUBJECT PROFILE.

3. ALL DOCUMENTS pertaining to ANY historical or current advertisement or "Facebook Ads" run or otherwise promoted on the SUBJECT PROFILE, including but not limited to the advertisements bearing the following Library ID Nos:

- 1290746656262538
- 1559508248457606
- 1452159269587524
- 2351073588733105
- 1589432265722191
- 801909466300035
- 1347735213785031

4. All content created, posted, shared, or stored by the SUBJECT PROFILE, including, but not limited:

- Timeline posts and status updates.
- Photos, videos, and associated metadata (including Exchangeable Image File Format (EXIF) where available).
- Comments, reactions, and shares.
- Stories, reels, and archived content.

5. ALL communications, including those transmitted via Facebook Messenger to and from the SUBJECT PROFILE, including, but not limited to:

- Private messages (inbox and sent).
- Group messages and chats.
- Attachments (photos, videos, files).
- Timestamps and participant identifiers.

/ / /

/ / /

6. ALL RECORDS OF account connections and activity for the SUBJECT PROFILE, including, but not limited to:

- Friends lists (current and historical).
- Friend requests (sent and received).
- Followers and following.
- Groups joined or participated in.
- Events attended or responded to.

7. In addition to active content, ALL RECORDS and ESI that have been deleted, removed, archived, modified or otherwise rendered inaccessible by the account holder or by YOU, for the SUBJECT PROFILE to the extent such data is retained, including, but not limited to:

- Deleted or unsent messages (including content from Facebook Messenger).
- Deleted posts, comments, photos, videos, and stories.
- Archived stories, reels, and timeline content.
- Content removed due to moderation or policy enforcement.
- Content associated with deactivated or deleted accounts.
- Prior versions of edited or modified content.