# EXHIBIT 5

# ATTACHMENT A

## DEFINITIONS

1. "ALL" AND "ANY" both INCLUDE "each" AND "every."

2. "CONTACT INFORMATION" means ANY information that could be used to identify a PERSON, INCLUDING name, phone number, physical address, email address, IP address, Apple Account ID, Google Account ID, OR the number AND financial institution RELATED TO ANY payment method, INCLUDING ANY credit card, debit card, OR bank account.

3. "DOCUMENTS" means the original OR a copy of handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail OR facsimile, AND every other means of recording upon ANY tangible thing, ANY form of communication OR representation, INCLUDING letters, words, pictures, sounds, OR symbols, or combinations thereof, AND ANY record thereby created, regardless of the manner in which it has been stored, INCLUDING electronically stored information as defined in Fed. R. Civ. P. 34.

4. "INCLUDE" AND "INCLUDING" shall mean "INCLUDING, but not limited to."

5. "LEAD" shall mean potential plaintiff in the LITIGATION.

6. "LITIGATION" shall mean the mass tort proceedings against Uber Technologies, Inc. regarding passenger sexual assault, including *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation,* Civil Action No. 3:23-md-03084-CRB in the United States District Court for the Northern District of California.

7. "OR" AND "AND" shall INCLUDE AND/OR.

8. "PERSON" shall INCLUDE a natural PERSON, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

9. "RELATING TO" OR "RELATED TO" means, by way of example AND without limitation; demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these requests.

10. "YOU," "YOUR" or "YOUR COMPANY" shall mean, as applicable, Mass Tort Ad Agency, INCLUDING YOUR agents, officers, employees, attorneys OR representatives, AND ANY of YOUR parent companies, subsidiaries, affiliates OR divisions, AND ANY of their respective agents, officers, employees, attorneys OR representatives, which were acquired by YOU.

## INSTRUCTIONS

1. Any production YOU make in response to the Requests for Production below, and any subsequent use thereof by any of the parties to this litigation, is subject to the attached Protective Order (ECF 176).

## REQUESTS FOR PRODUCTION

1. ANY AND ALL DOCUMENTS identifying CONTACT INFORMATION for ANY AND ALL law firms or entities or persons working with or at the direction thereof for whom YOU have generated, forwarded, or otherwise collected LEADS RELATED TO the LITIGATION, from January 1, 2018, to present.

2. ANY AND ALL DOCUMENTS RELATED TO agreements between YOU and law firms or entities or persons working with or at the direction thereof RELATED to the LITIGATION, from January 1, 2018, to present.

3. ANY AND ALL DOCUMENTS related to LEADS you have generated RELATED TO the LITIGATION, including any tracking information that may include contract details, IP address, MAC address or platform-based user accounts, from January 1, 2018, to present.

4. ANY AND ALL DOCUMENTS RELATED TO instructions, guidelines, SOPs or creative content RELATED TO LEADS YOU have generated, forwarded, or otherwise collected, RELATED TO the LITIGATION, from January 1, 2018, to present.

5. ANY AND ALL DOCUMENTS identifying marketing instructions, ad placement, geographic targeting return on investment (ROI) reports or budgets YOU have received, generated, forwarded, or otherwise collected RELATED TO the LITIGATION, from January 1, 2018, to present.

6. ANY AND ALL DOCUMENTS RELATED TO the LITIGATION identifying tracking information related to internet-based platforms, including but not limited to Meta Pixels, that may involve collecting data on user behavior on a website, such as page views, button clicks, form submissions, product views, and purchases, January 1, 2018, to present.

7. ANY AND ALL DOCUMENTS RELATED TO instructions, guidelines, or other direction provided by YOU to LEADS relating to ride receipts or Plaintiff Fact Sheets, from January 1, 2018, to present.

8. ANY AND ALL DOCUMENTS RELATED TO trip receipts gathered from or submitted by LEADS, including but not limited to communications with LEADS and law firms or entities or persons working with or at the direction thereof RELATED TO this LITIGATION, from January 1, 2018, to present.

9. ANY AND ALL DOCUMENTS RELATED TO alterations, fabrications, or forgeries by LEADS or others of trip receipts for this LITIGATION, from January 1, 2018, to present.

10. ANY AND ALL DOCUMENTS RELATED TO fraud, including attempted fraud, committed by LEADS RELATED TO this LITIGATION, from January 1, 2018, to present.

11. ANY AND ALL DOCUMENTS RELATED TO screening for fraud in this LITIGATION, from January 1, 2018, to present.

12. ANY AND ALL DOCUMENTS RELATED TO Plaintiff Fact Sheets gathered from or submitted by LEADS RELATED TO this LITIGATION, from January 1, 2018, to present.