# EXHIBIT 6

FILED APR 13 2026 PM1:00 FILED USDC - FLMD - ORL

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UBER TECHNOLOGIES, INC., RASIER, LLC,**
**AND RASIER-CA, LLC,**

*Petitioners,*

v.

**MASS TORT AD AGENCY,**

*Respondent.*

Case No. 6:26-mc-00012-JSS-DCI

**RESPONDENT MASS TORT AD AGENCY'S RESPONSE IN OPPOSITION TO PETITIONERS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM**

*(Filed Pro Se by Jacob Malherbe, Registered Agent and Founder)*

## INTRODUCTION

Respondent Mass Tort Ad Agency ("MTAA"), appearing pro se through its founder and registered agent Jacob Malherbe, respectfully submits this opposition to Petitioners' Motion to Compel. MTAA is a small Florida advertising agency that runs Facebook and Instagram campaigns for plaintiff law firms. It is not a law firm, not an intake company, and not a case management service. MTAA had no involvement in ride receipts, Plaintiff Fact Sheets, or any claim documentation in the Uber MDL. In preparing this response, MTAA conducted a thorough search of its own internal systems and can provide the Court with a precise, documented account of every Uber-related campaign it ever ran — including exact start and end dates — and can confirm with specificity what records exist and what does not.

## I. WHAT MASS TORT AD AGENCY ACTUALLY DOES

MTAA runs paid advertising campaigns on Facebook and Instagram for plaintiff law firms. When MTAA is engaged for a campaign, it builds a landing page with a short lead form. When a person fills out that form and submits it, the lead is transmitted directly and automatically to the law firm or the law firm's designated intake agent. That is the end of MTAA's involvement with that individual.

MTAA does not perform intake. MTAA does not do case workup. MTAA does not sign or sell retainers. MTAA does not advise claimants on what to say, what documents to gather, or how to submit anything to a law firm or a court. MTAA charges its clients the cost of advertising plus a 15% management fee and a one-time setup fee for the landing page and lead integration. Once the lead is delivered to the law firm, MTAA's job is done.

Critically: MTAA does not store leads. Leads pass through MTAA's system in real time directly to the law firm or their designated agent. MTAA retains no database of claimants, no archive of form submissions, and no repository of personal claimant data. This is not a policy choice made in response to this subpoena — it is how the system has always operated.

## II. WHY MTAA DID NOT RESPOND TO THE SUBPOENA BY THE DEADLINE

MTAA does not dispute that it received the subpoena shortly before Christmas 2025 and did not respond by the January 17, 2026 deadline. MTAA is an advertising agency, not a law firm. It is extraordinarily uncommon for a vendor in the legal advertising industry to be subpoenaed in connection with an MDL. When the subpoena arrived during the holiday season, MTAA did not appreciate that it was required to formally respond. MTAA did not understand itself as a meaningful target of the inquiry, given that MTAA has no involvement in the conduct the subpoena describes.

MTAA is not attempting to evade the Court's process. It is appearing now, pro se, to provide a full and transparent account of its Uber-related activity and to demonstrate that the sweeping document production Uber seeks would impose an enormous burden on a small business while producing virtually nothing relevant to Uber's fraud inquiry.

## III. MTAA HAS NO KNOWLEDGE OF OR INVOLVEMENT IN RIDE RECEIPTS OR FRAUDULENT CLAIMS

Uber's motion suggests that MTAA may have knowledge relevant to fraudulent ride receipts and fraudulent MDL claims. MTAA states plainly: it does not. Jacob Malherbe, MTAA's founder, has never reviewed an Uber ride receipt in any professional capacity. MTAA has never instructed any claimant on how to obtain, submit, alter, or fabricate a ride receipt. MTAA has never reviewed Plaintiff Fact Sheets. MTAA has never been involved in any step of the documentation or submission process for any Uber MDL claimant.

MTAA's function ends the moment a lead form is submitted. What happens next — how a law firm vets the claimant, what documents are collected, whether a ride receipt is authentic — is entirely outside MTAA's knowledge and outside the scope of its engagement. Uber has provided no specific allegation connecting MTAA to any identified fraudulent claimant.

## IV. A COMPLETE AND DOCUMENTED ACCOUNT OF MTAA'S UBER-RELATED CAMPAIGNS

Upon receiving this motion, MTAA conducted a thorough review of its internal campaign management system. That system records project metadata — law firm client, landing page URL, daily budget, setup fee, and campaign start and end dates. It does not record or store any claimant personal data, lead submissions, or form responses. The following is a complete account of every Uber-related campaign MTAA has record of.

## A. Campaigns with Confirmed Start and End Dates

The following campaigns have confirmed run dates in MTAA's system. Every one of these campaigns has been completed and ended. The most recent campaign end date in MTAA's records is September 28, 2024 — more than 18 months prior to today. Meta (Facebook/Instagram) retains advertising campaign data for approximately 18 months, after which it is no longer accessible. MTAA has confirmed that its Facebook ad accounts contain no retrievable data for any of these campaigns.

| Law Firm | Landing Page URL | Campaign Start | Campaign End |
|---|---|---|---|
| D Miller & Associates | rideshare-assault.injury-check.com | 12/13/2019 | 3/12/2020 |
| Stein Law | rideshare-survivor.qualified-case.com | 4/16/2020 | 7/13/2020 |
| Holmes Law Group | uberlyft.freeclaimreview.law | 12/31/2020 | 8/25/2021 |
| Greg Jones Law | rideshare.gregjones.lawyer | 2/20/2021 | 6/22/2022 |
| Eisbrouch Marsh | rideshareharassment.com | 5/11/2022 | 8/17/2022 |
| Babin Law | uberlyftclaims.com | 10/18/2022 | 8/16/2023 |
| Neff Law | uberlyftjustice.com | 12/2/2022 | 7/8/2023 |
| IQ Advertising / Tork Law | uberlyftsurvivorclaims.com | 3/23/2023 | 5/20/2023 |
| Bomberger Rubin | uber-assault.injury-check.com | 4/29/2019 | 9/28/2024 |
| Mass Tort Marketing / OPUS | rideshareassaultclaim.com | 1/11/2024 | 2/18/2024 |

## B. Landing Pages Built — No Confirmed Campaign Run

The following law firms had landing pages built by MTAA. MTAA's internal system does not show confirmed campaign run dates for these projects. The existence of a landing page does not mean a paid advertising campaign was ever run. A landing page is a setup deliverable that may or may not have been activated with a live ad campaign. MTAA is willing to provide all available build and configuration records for these pages.

| **Law Firm** | **Landing Page URL** |
| --- | --- |
| Chaffin Luhana | uber-assault-ne.legal-review.com |
| KBA / Eichholz | get.kbaattorneys.com/kba-uber-assault-ad-web-step-1 |
| Killino Law | uber-accident.injury-check.com |
| Potter Handy | uberlyftassault.com |
| Maderal Byrne | rideshareclaimshelp.com |

### C. What This System Confirms About Lead Data

MTAA's internal system records project setup information only. There is no column, table, field, or archive in this system that stores individual claimant names, contact information, form submissions, IP addresses, or any other personal data. That data was never retained by MTAA. When a person submitted a lead form on any of these landing pages, the submission was transmitted in real time to the law firm or their intake agent. MTAA received a notification that a lead was submitted and the data went directly to the client. MTAA kept none of it.

## V. MTAA HAS NEVER RUN THE TYPE OF ADVERTISING UBER DESCRIBES

Uber's motion accuses lead generators of running misleading advertisements promising "no paperwork," "easy settlements," and "one click" sign-ups. MTAA has never run advertisements like that — not for the Uber MDL or for any other campaign.

MTAA's call to action on every mass tort advertisement it has ever run is: "Click to learn more." MTAA does not process paperwork for attorneys, does not promise settlements, and does not make representations about case outcomes. A person who clicks MTAA's ad is taken to a landing page with a short form. When they submit it, they are contacted by a law firm. That is the entirety of what the advertisement promises and what MTAA delivers.

MTAA's business is built on its reputation for ethical advertising that produces real, qualified claimants for plaintiff firms. Making false promises to unqualified claimants would directly undermine MTAA's value to its clients and its standing in the industry.

## VI. WHAT MTAA IS WILLING TO PROVIDE

MTAA is not seeking to obstruct a legitimate fraud investigation. Based on its review of its own systems, MTAA offers the following in good faith:

1. **Its complete internal campaign database** for all Uber-related projects, including the data summarized in the tables above — project names, law firm clients, landing page URLs, budget records, and all available campaign start and end dates. This is the entirety of what MTAA's system contains regarding Uber campaigns.
2. **A sworn declaration** from Jacob Malherbe confirming MTAA's role, its lack of involvement in ride receipts or PFS documentation, the real-time lead transmission process, and the confirmed absence of stored claimant data.
3. **Landing page build records** for all firms identified above, including configuration dates for the five firms in Table B where no confirmed campaign run date exists.
4. **Targeted production** of any records relating to a specific identified claimant that Uber has already determined submitted fraudulent documentation, to the extent any such records exist in MTAA's systems, subject to a protective order designating all produced materials as Highly Confidential – Attorneys' Eyes Only.

MTAA cannot produce stored lead data because it does not exist. MTAA cannot produce ride receipt documents because it has never possessed them. MTAA cannot produce Facebook advertising data because Meta no longer retains it — the most recent campaign ended September 28, 2024, beyond Meta's retention window. What MTAA can and will produce is its complete internal campaign record, as documented above, along with a sworn declaration attesting to the facts in this response.

## CONCLUSION

MTAA is a small Florida advertising agency that ran Facebook and Instagram lead campaigns for plaintiff law firms. It delivered leads in real time, stored none of them, never

touched a ride receipt, never prepared a Plaintiff Fact Sheet, and has now provided this Court with a complete and documented account of every Uber-related campaign in its records. The most recent campaign ended more than 18 months ago. The advertising data from those campaigns no longer exists on Meta's servers.

The subpoena as written demands eight years of MTAA's entire business record — client relationships, advertising infrastructure, internal SOPs, and proprietary methodologies — without identifying a single specific claimant that MTAA is alleged to have assisted fraudulently. MTAA respectfully requests that the Court deny the Motion to Compel. In the alternative, MTAA requests that the Court accept the production described in Section VI above as full and complete compliance, or narrow the subpoena to records relating to specifically identified fraudulent claimants, subject to a Highly Confidential protective order.

Respectfully submitted,

______________________________

**Jacob Malherbe**
Founder and Registered Agent
Mass Tort Ad Agency, f/k/a X Social Media, LLC
4302 Rex Dr., Winter Garden, FL 34787
Respondent, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on 23 April, 2026, a true and correct copy of the foregoing Response was served upon counsel for Petitioners by U.S. Mail and/or email, addressed to:

**Anitra R. Clement / Alycia A. Degen / Michael B. Shortnacy / Christopher V. Cotton**
**SHOOK, HARDY & BACON L.L.P.**
100 North Tampa St., Suite 2900, Tampa, FL 33602 | aclement@shb.com
2121 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067

**Laura Vartain Horn / Jessica Davidson / Christopher D. Cox / Allison M. Brown**
**KIRKLAND & ELLIS LLP**

**Sabrina H. Strong / Jonathan Schneller**
**O'MELVENY & MYERS LLP**

________________________________
Jacob Malherbe