[SUBMITTING COUNSEL BELOW]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*JANE DOE QLF 001 v. Uber Technologies, Inc. et al.,*
N.D. Cal. No. 3:24-cv-08783
W.D. Tex. No. 1:26-cv-01694

CASE NO. 3:23-MD-03084-CRB

**STIPULATION AND [PROPOSED] ORDER RE: EXPERT MENTAL EXAMINATION**

Judge: Hon. Charles R. Breyer
Courtroom: 6 – 17th Floor

Judge: Mag. Lisa J. Cisneros
Courtroom: G – 15th Floor

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

CASE NO. 26-cv-01694-CRB

Judge: Hon. Charles R. Breyer
Courtroom: 501

Plaintiff Jane Doe QLF 0001 (Case No. 24-cv-08387) ("Plaintiff") and Defendants Uber Technologies, Inc., Rasier, LLC, and Raiser-CA, LLC, collectively "Defendants") hereby agree as follows:

1. Pursuant to Federal Rule of Civil Procedure 35, a mental examination shall be conducted by a licensed and qualified practitioner. Plaintiff will be examined by Dr. Sarah Baker, M.D. (the "Examining Provider").

2. The mental examination shall take place in person on August 21, 2026 at 10:00 am CT at the Residence Dallas Hotel.

3. The mental examination shall not last longer than three hours, not inclusive of any breaks, unless extraordinary circumstances justify additional time. Plaintiff agrees she will not cross examine Dr. Baker about the length of time she spent examining Plaintiff or otherwise suggest that Dr. Baker did not have adequate time to appropriately evaluate Plaintiff, unless Defendants open the door.

4. The Examining Provider will conduct a psychiatric evaluation and will not administer any psychological or neuropsychological tests or written tests during the examination.

5. The mental examination shall be limited to assessing the extent, nature, and possible cause[s] of any mental or psychiatric disorders or illnesses.

6. Neither attorneys nor representatives of attorneys for any party shall attend or observe the mental examination either in person or remotely; nor shall they speak with or interact with the Plaintiff or examining provider during the entirety of the examination, inclusive of any breaks.

7. No family member or friend shall attend or observe the mental examination either in person or remotely while the examination is in progress; nor shall such an individual speak with or interact with Plaintiff during the entirety of the mental examination, inclusive of any breaks.

8. Plaintiff may have access to a therapist of her choosing throughout the examination to consult as needed for coping skills to handle stress, but she may not discuss the substance of the mental

examination with the therapist until after the mental examination ends, except to the extent necessary to obtain treatment. Plaintiff will identify who that therapist is at least 48 hours before the examination and any time Plaintiff spends consulting with the therapist will not count towards the three hour time limit for the examination.

9. No person other than those expressly permitted in this stipulation shall be present in person or remotely during the mental examination.

10. No one may record stenographically any words spoken to or by Plaintiff or the Examining Provider during any phase of the mental examination.

11. Only the Examining Provider and Plaintiff shall have the right to record the mental examination by audio technology.

12. If Plaintiff elects to record the mental examination by audio technology, her counsel will produce a copy of the audio recording to counsel for Defendants within 48 hours of the completion of the mental examination.

13. If the Examining Provider elects to record the mental examination by audio technology, she must inform Plaintiff at the beginning of the mental examination of the intent to record and must produce a copy of the audio recording to counsel for Plaintiff within 48 hours of the completion of the mental examination.

14. All drafts of the mental examination reports are privileged. Notes taken during the examination are not privileged.

15. The report will be due on September 3, 2026. Should a scheduled examination not occur in sufficient time to make that date feasible, the parties will confer separately regarding the date for the exchange of the expert report.

16. The Examining Provider shall only be permitted to examine Plaintiff on other sexual incidents that are expressly and specifically agreed to as set forth in Exhibit A, as well as any sexual

incidents Plaintiff reveals during the mental examination ("Other Sexual Incidents"), subject to these limitations: (1) the Examining Provider shall not be permitted to inquire about Plaintiff's general sexual history; and (2) the examining provider will focus on the impact of the reported sexual incident on the Plaintiff's mental state, and not unnecessarily probe into the details of any reported sexual incident. The specific "Other Sexual Incidents" that may be covered in this examination, if any, are listed in Exhibit A.

17. The Examining Provider shall not be permitted to show Plaintiff the following records during the examination: DOE QLF 002187; DOE QLF 002190; DOE QLF 002196; and, DOE QLF 002200. The Examining Provider may inquire, if deemed necessary based on her independent medical judgment, about the relationship between the substance of these records and Plaintiff's mental health. Plaintiff objects to the admissibility of these records and any testimony regarding their substance, for any purpose. By entering into this stipulation, Plaintiff does not waive and expressly preserves these objections.

18. The Examining Provider has reviewed Plaintiff's prior testimony and will not unreasonably probe into the facts or details of the Subject Incident.

19. Defendants will comply with Rule 35(b), which provides that, on request by the examinee, the examining party shall "deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition." Should Plaintiff make this request, Defendants are entitled to request and receive "like reports of all earlier or later examinations of the same condition" as provided by the Rule.

20. Defendants will ensure that the Examining Provider has reviewed this order and understands it prior to the mental examination.

**IT IS SO STIPULATED.**

DATED: August 20, 2026

Respectfully submitted,

*/s/ Michael Vives*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice in N.D. Cal.*)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Michael Vives (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
michael.vives@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DATED: August 20, 2026

*/s/ Sarah R. London*

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

*Attorney for Plaintiff QLF 0001*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

DATED: August 20, 2026

*/s/ Michael Vives*
Michael Vives

# **[PROPOSED] ORDER**

**IT IS SO ORDERED.**

Dated: ___________________

_______________________________________
Honorable Charles R. Breyer
United States District Judge

**EXHIBIT A**

DOE QLF 000035

Confidential-Attorney Eyes Only – Bxxx-GrantG-000005