Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*All Cases*

Case No. 3:23-md-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL [MOTION TO APPOINT A SPECIAL MASTER TO INVESTIGATE FRAUD; MEMORANDUM OF POINTS AND AUTHORITIES]**

Judge: Hon. Charles R. Breyer
Courtroom: 6 – 17th Floor

Pursuant to Northern District of California Civil Local Rule 79-5(f)(3), Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion to Seal personal identifying information ("PII") in their Motion to Appoint a Special Master to Investigate Fraud. For the reasons set forth herein, there is good cause to seal the Motion and Exhibits as described below:

| Document | Description | Party Seeking Confidentiality |
|---|---|---|
| Motion to Appoint Special Master to Investigate Fraud | PII in screenshots and text | Uber |
| **Ex. 2** to the Motion to Appoint Special Master to Investigate Fraud | PII in Email from Plaintiff Jane Doe TD to Plaintiff Counsel, Nachawati Law Group, dated July 3, 2026 | Uber |
| **Ex. 7** to the Motion to Appoint Special Master to Investigate Fraud | PII in Declaration of Brett D. Harrison and FTI Consulting, Inc., dated August 19, 2026 | Uber |
| **Ex. 8** to the Motion to Appoint Special Master to Investigate Fraud | PII in Plaintiff-submitted Uber ride receipt, dated August 15, 2025 | Uber |
| **Ex. 9** to the Motion to Appoint Special Master to Investigate Fraud | PII in Plaintiff-submitted Uber ride receipt, dated June 20, 2024 | Uber |
| **Ex. 11** to the Motion to Appoint Special Master to Investigate Fraud | PII in Excel spreadsheet detailing plaintiffs' MDL IDs and corresponding information regarding their Uber ride requests for non-plaintiffs | Uber |
| **Ex. 12** to the Motion to Appoint Special Master to Investigate Fraud | PII in Uber's records memorializing a telephone exchange between plaintiff with MDL ID 3528 and Uber support staff | Uber |

## I. LEGAL STANDARD

"The Ninth Circuit has held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest." *Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-CV-00051-MWF (JCX), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal customers' personal information). "Courts in this Circuit have regularly found that individuals' home addresses are sealable as PII under the 'compelling reasons'

standard." *Daybreak Game Co., LLC v. Takahashi*, No. 25-CV-01489-BAS-BLM, 2025 WL 3677379, at *3 (S.D. Cal. Dec. 16, 2025) (collecting cases).

## II. ARGUMENT

Assessment of the public and private interests implicated here warrant sealing this information. Local Rule 79-5(c)(1)(i). Uber in particular seeks to seal the names of Plaintiffs, drivers, and other non-parties contained throughout the Motion and Exhibits, as well as home and other addresses,[1] contact information such as phone numbers and email addresses, and financial information. Courts have found that such information can be sealed even under the compelling reasons standard. *See, e.g.*, *Kumandan v. Google LLC*, No. 19-cv-04286-BLF, 2022 WL 17971633, at *1 (N.D. Cal. Nov. 17, 2022); *Daybreak Game Co., LLC*, 2025 WL 3677379, at *3. That is because such information is "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). On the other hand, the public disclosure of the PII contained within the Motion and Exhibits could cause significant and avoidable harm or embarrassment to the affected individuals. Moreover, no less restrictive alternative to sealing the PII in the Motion and Exhibits is sufficient. Local Rule 79-5(c)(1)(iii). Uber's request is narrowly tailored to seal only the PII while ensuring that the public retains access to the rest of the documents. This Court may therefore "appropriately balance[]" the privacy interests of the affected individuals with the public's right to access by allowing redaction of all such PII in the Motion. *O'Connor*, 2015 WL 355496, at *2.

## III. CONCLUSION

Good cause exists for the Court to seal the proposed redactions to the Motion and Exhibits 2, 7-9 & 11-12. Uber therefore respectfully requests that the Court order that the Motion and Exhibits be maintained on the docket under seal.

---

[1] Uber proposes redacting all addresses, because Uber is not able to assess which addresses are potentially personally identifying.

DATED: August 20, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC