# EXHIBIT 1

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| Coordination Proceeding<br>*In Re: Uber Rideshare Cases* | Case No. CJC-21-005188<br><br>*(Assigned to Hon. Ethan P. Schulman, Dept. 304)* |
| This Document Relates to:<br>ALL ACTIONS | **JUDICIAL COUNCIL COORDINATION PROCEEDING CASE NO. 5188**<br><br>**MEMORANDUM AND ORDER OF SPECIAL MASTER ELLEN REISMAN AS TO DEFENDANTS' MAY 4, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF CERTAIN PLAINTIFFS** |

**MEMORANDUM AND ORDER OF SPECIAL MASTER ELLEN REISMAN AS TO DEFENDANTS' MAY 4, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF CERTAIN PLAINTIFFS**

**DATE: July 7, 2026**

# I. BACKGROUND

This coordinated proceeding consolidates numerous individual actions brought by various Plaintiffs against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber"), alleging they were sexually assaulted in connection with the use of Uber's rideshare services. On December 16, 2025, this Court entered its Amended Fact Sheet Implementation and Ride Receipt Discovery Order (the "Amended CMO"), which, *inter alia*, ordered each Plaintiff to "produce to Defendants a bona-fide ride receipt from an Uber trip connected to the alleged incident within 30 days" of the entry of the Amended CMO. If a ride receipt was not readily available, Plaintiffs instead were ordered to produce a completed ride information form, a copy of which is attached to the Amended CMO.[1] For Plaintiffs who filed or were coordinated into the JCCP after December 16, 2025, the ride receipt or ride information form was due within fourteen days of the filing of the case or its being coordinated into the JCCP.

On December 23, 2025, I was appointed as Special Master pursuant to Section 9 of the Amended CMO. Pursuant to Cal. Code Civ. Pro. sections 638 and 644, as Special Master I have authority to issue an order which "must stand as the decision of the court".

On May 4, 2026, Uber filed a Motion for (1) Entry Of An Order To Show Cause Why Certain Plaintiffs Who Have Submitted Non-Bona-Fide Receipts Should Not Be Dismissed With Prejudice And (2) Allowing Limited Depositions Of Certain Plaintiffs ("Uber's May 4, 2026 Motion") as to four Plaintiffs who Uber asserted violated the Amended CMO by failing timely to produce a bona-fide ride receipts. Those Plaintiffs are:

1. Plaintiff Jane Doe 102 (S.E.) (represented by Nachawati Law Group)
2. Plaintiff Jane Doe 106 (E.M.) (represented by Nachawati Law Group)
3. Plaintiff Jane Doe SSS 85 (represented by Slater Slater Schulman LLP)

---

[1] Amended CMO, at 2:6-9.

4. Plaintiff Anthony Carreon (represented by Peiffer Wolf Carr Kane Conway & Wise)

Uber's May 4, 2026 Motion requests that the Court enter an order that these four Plaintiffs show cause why their cases should not be dismissed with prejudice and that Uber be allowed to depose these four Plaintiffs to obtain testimony as to, *inter alia*, how these non-bona-fide receipts were created.

On June 12, 2026, Counsel for Plaintiff Anthony Carreon, Peiffer Wolf Carr Kane Conway & Wise, LLP filed an Opposition to Uber's Motion ("Peiffer Wolf Opposition"). Due to an error in service, this Opposition did not reach Uber or me until approximately one week later, around June 19, 2026. In the meantime, on June 17, 2026, Uber had already filed its Reply In Support of the May 4, 2026 Motion, noting that no Plaintiff had filed an Opposition to Uber's May 4, 2026 Motion. Then, after receiving service of the Peiffer Wolf Opposition, Uber filed its Supplemental Reply in Support of the May 4, 2026 Motion on June 23, 2026, which addressed this singular Peiffer Wolf Opposition.

In preparing this Memorandum and Order, I have reviewed all relevant filings including Uber's May 4, 2026 Motion and accompanying Declarations in Support of its Motion and the exhibits thereto, as well as the only Plaintiff Opposition filed by Peiffer Wolf and Uber's Reply and Supplemental Reply and exhibits and declarations thereto.

Noting the dearth of replies to this specific Motion, I also reviewed certain Plaintiffs' prior Oppositions to prior similar motions filed by Uber and relevant docket updates to Plaintiffs' JCCP cases. I determined that a hearing was unnecessary given that not only have the issues presented here been addressed thoroughly in previous hearings and in the submissions of the Parties, but also because no Plaintiff directly opposed Uber's Motion to Show Cause. Peiffer Wolf in its Opposition states that the firm "concedes that Uber is entitled to entry of the proposed order as it pertains to requiring Plaintiff to show cause as to why his claims should not be dismissed with

prejudice" (Peiffer Wolf Opposition at 6:10-12); Peiffer Wolf did, however, oppose Uber's request for limited depositions. Peiffer Wolf Opposition at pp 4-6.

For the reasons set forth below, I order the Plaintiffs who are the subject of this Motion (1) to show cause why their claims should not be dismissed with prejudice and to file a written response addressing the factual and legal basis for submission of non-bona-fide receipts and why such conduct does not warrant dismissal, and (2) to be deposed for no more than three hours regarding how they became involved in the litigation, how the fraudulent receipts were generated and distributed (including in coordination with a non-party), and who else may have been involved with or aware of this conduct.

## LEGAL STANDARD

In determining whether to impose the terminating sanctions sought by Uber for non-compliance with a discovery order, the Court considers whether "a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules." *J.W. v. Watchtower Bible & Tract Society of New York, Inc.*, 29 Cal. App. 5th 1142 (2018) (affirming terminating sanctions when "the imposition of lesser sanctions" would have been "insufficient to obtain compliance."). The Court also considers whether the moving party has been prejudiced by the non-compliance. *Victor Valley Union High School Dist. v. Superior Court*, 91 Cal. App. 5th 1121 (2023) (internal citations omitted); *Freedman v. Pacific Gas & Electric Co.*, 196 Cal. App. 3d 696, 711 (1987) (holding that discretionary dismissal for delay in prosecution promotes justice by preventing prejudice to defendants and by expediting the administration of justice by compelling reasonable diligence in

the prosecution of actions); *Schumpert v. Tishman Co*, 198 Cal. App. 3d 598, 243 Cal. Rptr. 810 (1988).[2]

## ANALYSIS

### I. TERMINATING SANCTIONS

As indicated above, none of the Plaintiffs who are subject to this Motion opposed the entry of an Order to Show Cause; Peiffer Wolf, the only Plaintiffs' counsel who submitted an Opposition, conceded the appropriateness of such an Order. Peiffer Wolf Opposition at 6:10-12.

Each Plaintiff's individual case posture is summarized below:

As stated previously, Counsel Peiffer Wolf Carr Kane Conway & Wise, LLP, as counsel for Plaintiff Anthony Carreon, does not oppose this Motion, stating, "Counsel agrees that fraud has no place in this litigation and concedes that Uber is entitled to entry of the proposed order as it pertains to requiring Plaintiff to show cause as to why his claims should not be dismissed with prejudice." Peiffer Wolf Opposition at 6:10-12. Peiffer Wolf does oppose, however, the order of a deposition, arguing that the request would be, *inter alia*, premature and unnecessary. Peiffer Wolf Opposition at pp 4-6. Peiffer Wolf states, "Plaintiff is not the individual most likely to possess relevant information regarding the ride receipt at issue" (Peiffer Wolf Opposition at 4:23-25), and that a deposition would be "misguided and unlikely to meaningfully advance resolution . . . [and] appears directed toward advancing broader litigation objectives rather than obtaining discovery necessary to resolve the individual claim at issue" (Peiffer Wolf Opposition at 5:10-15). Additionally, Plaintiff's counsel filed a Motion to be Relieved as Counsel on May 6,

---

[2] Extensive discussion and analysis of this standard, as well as application to cases with similar posture, can be found in my May 7, 2026 Report and Recommendation filed with this Court regarding other Plaintiffs in this Coordination Proceeding and is incorporated by reference herein. See Special Master Ellen Reisman's Report and Recommendation filed May 7, 2026.

2026, for which a hearing will be held on August 5, 2026. Peiffer Wolf Motion to be Relieved as Counsel p 1.

Plaintiff Jane Doe SSS 85, represented by Slater Slater Schulman LLP, did not file an Opposition to Uber's Motion.

Plaintiff Jane Doe 102 (S.E.) represented by Nachawati Law Group, is the subject of both Uber's May 4, 2026 Motion addressed here, and another motion, Uber's Motion to Dismiss Cases for Failure to Comply with the Amended Case Management Order filed March 12, 2026,[3] for which I filed my Report and Recommendation as Special Master on May 7, 2026. No Opposition was filed on behalf of Plaintiff Jane Doe 102 (S.E.) to either of Uber's Motions.

Plaintiff Jane Doe 106 (E.M.), represented by Nachawati Law Group, is also the subject these two of Uber's motions: the instant May 4, 2026 Motion, as well as Uber's Motion to Dismiss Cases for Failure to Comply with the Amended Case Management Order filed March 12, 2026.[4] No Opposition was filed on behalf of Plaintiff Jane Doe 106 (E.M.) to either of Uber's Motions.

The lack of Oppositions to the Motion for an Order to Show Cause by these four Plaintiffs would be reason enough to grant Uber's motion as to them. Although the movant must meet their initial burden in any motion, the non-movant's "failure to oppose a motion may be deemed a consent to the granting of the motion." Cal. Rule of Ct. 8.54(c); see, e.g., *Thatcher v. Lucky Stores, Inc.*, 79 Cal. App. 4th 1081 (2000) (discussing failure to oppose a summary judgment); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal upon lack of opposition to a summary judgment motion).

---

[3] Exhibit A to the Declaration of Christopher V. Cotton in Support of Defendants' Motion to Dismiss Cases for Failure to Comply with Amended Case Management Order, filed March 12, 2026.

[4] Exhibit A to the Declaration of Christopher V. Cotton in Support of Defendants' Motion to Dismiss Cases for Failure to Comply with Amended Case Management Order, filed March 12, 2026.

The evidence put forth by Uber that the ride receipts submitted by all four of these Plaintiffs are non-bona-fide is compelling and concerning:

1. Plaintiff Jane Doe 102 (S.E.)'s (represented by Nachawati Law Group) receipt indicated "payment for the alleged trip occurred before the trip started [but] Uber's standard receipt formatting does not allow for pre-payment of trips." Uber's Motion at 4:24, 5:18-19. Additionally, Plaintiff Jane Doe 102 (S.E.)'s receipt contained formatting inconsistencies relating to the trip length: the length in minutes appeared on the same line as the time of the trip, whereas Uber's "expected format" places the duration of the trip on the line beneath the time. Uber's Motion at 5:19-22.
2. Plaintiff Jane Doe 106 (E.M.)'s (represented by Nachawati Law Group) receipt lacked a state-specific charge, as the trip allegedly occurred in California. As of the date of the alleged ride, May 2, 2023, California trip receipts included an "Access for All Fee" which the Plaintiff's submitted receipt lacked. Uber's Motion at 6:1-3. Plaintiff Jane Doe 106 (E.M.)'s receipt also contains the same indica of fraud as Jane Doe 102 (S.E.)'s regarding the duration of the trip in minutes being placed on the same line as the time of the trip, which "is not expected within bona-fide receipts." Uber's Motion at 6:14-16.
3. Plaintiff Jane Doe SSS 85 (represented by Slater Slater Schulman LLP) is alleged to have "submitted a real receipt from another individual's Uber account but altered to support [her] claims." Uber's Motion at 7:10-11. The alternations included indicating that the alleged trip occurred on March 1, 2024, whereas Uber's systems record "that the trip was taken by a third party on January 24, 2023"; as well as "punctuation issues in the pick-up and drop-off locations"; a mathematical error for the trip duration; and an incorrect font used. Uber's Motion at 7:13-20. Additionally, Jane Doe SSS 85's submitted receipt contains an error in its internal serial number known as a "Trip uuID"; Uber assigns each

trip a unique serial number, but Jane Doe SSS 85's receipt serial number is an exact match to another receipt; Uber alleges that these facts indicate that Jane Doe SSS 85 has copied her receipt from another user's receipt. The "Trip uuID is a unique, alphanumeric string of characters that is connected to each individual Uber trip" which can be located via the hyperlink contained within bona-fide receipts, and no two trips' Trip uuID should match. Uber's Motion at 8:10-14.

4. Plaintiff Anthony Carreon (represented by Peiffer Wolf Carr Kane Conway & Wise) is alleged to have altered the date on a genuine receipt, changing it from February 14, 2023, to July 14, 2023; the receipt also has formatting inconsistencies that would not exist in a bona-fide Uber receipt, such as differing text font and alignment from the rest of the receipt. Uber's Motion at 6:20-25.

On December 16, 2025, this Court entered the Amended CMO, which, *inter alia*, requires that Plaintiffs submit, under penalty of perjury, bona-fide receipts for their Uber rides.[5] The evidence presented indicates that these four Plaintiffs failed to do so. California law permits the imposition of sanctions against parties "engaging in conduct that is a misuse of the discovery process." (Cal Code Civ. Pro. § 2023.030; Cal Code Civ. Pro. § 2023.030(d)) including "[d]isobeying a court order to provide discovery[.]" Cal Code Civ. Pro. § 2023.010(g); *City of Los Angeles v. PricewaterhouseCoopers, LLP*, 17 Cal. 5th 46, 57 (2024) (affirming a finding of discovery misuse in misconduct such as "giving false and incomplete responses to PwC's requests for documents . . . [and] providing false testimony"). An order to show cause as to why Plaintiffs' claims should not be dismissed with prejudice is appropriate in circumstances like the instant cases of credible allegations non-bona-fide filings that appear to have been fraudulent.

---

[5] Amended CMO at p 2.

Courts also have the "inherent authority to impose a variety of serious discovery sanctions[.]" *City of Los Angeles v. PricewaterhouseCoopers, LLP*, 17 Cal. 5th 46, 72 (2024) (internal citations omitted). The Uber MDL Court has faced similar issues and entered orders requiring, *inter alia*, such plaintiffs to show cause why their cases should not be dismissed with prejudice and to sit for depositions regarding the creation of alleged fraudulent receipts. *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, MDL No. 3084, No. 3:23-md-03084-CRB (N.D. Cal.), ECF Nos. 3876, 3972, 4440, 5216, 5970 (Orders entered Sept. 9, 2025, Sept. 22, 2025, Nov. 19, 2025, Feb. 10, 2026, and Apr. 23, 2026).[6] This Court has the authority to take steps to prevent the perpetration of fraud on the Court, and requiring Plaintiffs to show cause why their cases should not be dismissed with prejudice is an appropriate order.

Terminating sanctions are appropriate for willful noncompliance with the Amended CMO. Plaintiffs' lack of compliance with the Amended CMO's requirement that ride receipts or the equivalent ride information be provided, despite the opportunities to do so, supports an inference of willfulness which is an independent basis for terminating sanctions. California law defines willfulness as a conscious or intentional failure to act, without requiring that the party act with a wrongful intent to, e.g., disobey discovery rules. It is sufficient that the party has understood the obligation and had the ability to comply with the obligation but failed to do so. *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967 (2009) (citing *Reedy v. Bussell*, 148 Cal. App. 4th 1272, 1291–1292 (2007)).

To issue terminating sanctions, the Court also considers whether the moving party, the Court, and the interests of justice, have been prejudiced by the non-compliance. *Victor Valley*

[6] More discussion and analysis on this point can be found in my May 8, 2026 Report and Recommendation filed with this Court regarding other Plaintiffs in this Coordination Proceeding and is incorporated by reference herein. See Special Master Ellen Reisman's Report and Recommendation filed May 8, 2026.

*Union High School Dist. v. Superior Court*, 91 Cal. App. 5th 1121 (2023); *Freedman v. Pacific Gas & Electric Co.*, 196 Cal. App. 3d 696, 711 (1987) (holding that discretionary dismissal for delay in prosecution promotes justice by preventing prejudice to defendants and by expediting the administration of justice by compelling reasonable diligence in the prosecution of actions); *Schumpert v. Tishman Co*, 198 Cal. App. 3d 598, 243 Cal. Rptr. 810 (1988). While I am sympathetic to the trauma suffered by abuse survivors, if such Plaintiffs choose to avail themselves of the court system through litigation, they are required to comply with Court orders. Fundamental to pursuing a case is providing the Defendant with the basic facts underlying their claims. The Amended CMO is a recognition of the necessity to implement orderly procedures to ensure that such information is provided, and it specifically contemplates terminating sanctions for failure to comply. Judges have the statutory "responsibility" to ensure speedy resolution of cases. Cal. Gov't Code § 68607; *Tliche v. Van Quathem*, 66 Cal. App. 4th 1054 (1998). The requirement of ride receipts, or the provision of ride information in general, is a small requirement and well within what is typically required to substantiate a claim against a defendant. Both the Defendant and the Court are prejudiced by the failure of these four Plaintiffs to comply with the requirements of the Amended CMO. *Victor Valley Union High School Dist. v. Superior Court*, 91 Cal. App. 5th 1121 (2023); *Freedman v. Pacific Gas & Electric Co.*, 196 Cal. App. 3d 696, 711 (1987).

Accordingly, an Order to Show Cause as to Why Plaintiffs' Cases Should Not be Dismissed with Prejudice is appropriate here because Plaintiffs do not oppose the entry of this Order, and because these violations of the Amended CMO are "willful", prejudicial, and no less drastic sanctions are available.[7]

---

[7] See discussion on the legal standard for willfulness, May 7, 2026 Report and Recommendation of Special Master Ellen Reisman, at pp 4-6.

## II. LIMITED DEPOSITIONS

No clear evidence has yet been presented of systemic fraud. However, as noted, the MDL Court has grappled with the issue of non-bona-fide ride receipts, identifying dozens of Plaintiffs and issuing at least five similar orders upon motions filed by Defendants. There are no allegations or evidence that Plaintiffs' counsel has had any role in creating these non-bona-fide ride receipts. Nonetheless, understanding how they are being created by Plaintiffs will likely also help Plaintiffs' counsel detect situations in which there may be issues with the ride receipts before cases are filed.

Although I recognize that an Order requiring these Plaintiffs to sit for a deposition is not a typical sanction, a Plaintiff's knowingly submitting false documents in support of a claim goes to the heart of the integrity of the judicial system and should be sanctioned. See, e.g., *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991) ("[T]he wielding of [the court's] inherent power is particularly appropriate when the offending parties have practiced a fraud upon the court.") (internal citations omitted); *Stephen Slesinger, Inc. v. Walt Disney Co.*, 155 Cal. App. 4th 736 (2007). Such depositions would allow all parties, including Uber and Plaintiffs' counsel, to learn more about the processes by which these non-bona-fide ride receipts have been created and thus be better able to identify any such ride receipts in the future. Additionally, such sanctions could serve as a deterrent to anyone considering engaging in this conduct in the future. Logistically, it may be difficult to locate and depose these Plaintiffs, but that is not a reason not to try. Likewise, the fact that some or all Plaintiffs may need to be advised to seek additional counsel is not a sufficient reason to avoid this sanction.

## II. CONCLUSION

As to the following four Plaintiffs:

1. Jane Doe 102 (S.E.), Case No. CGC-25-626092 (Nachawati Law Group);
2. Jane Doe 106 (E.M.), Case No. CGC-25-626703 (Nachawati Law Group);

3. Jane Doe SSS 85, Case No. CGC-26-634380 (Slater Slater Schulman LLP); and
4. Anthony Carreon, Case No. CGC-25-625158 (Peiffer Wolf Carr Kane Conway & Wise)

for all the reasons set forth above, having considered Uber's May 4, 2026 Motion For (1) Entry Of An Order To Show Cause Why Certain Plaintiffs Who Have Submitted Non-Bona-Fide Receipts Should Not Be Dismissed With Prejudice And (2) Allowing Limited Depositions Of Certain Plaintiffs, and the responsive filings filed by certain Plaintiffs, the four Plaintiffs listed above are hereby **ORDERED TO SHOW CAUSE** why their claims should not be dismissed with prejudice. The Plaintiffs shall file a written response within 21 days of service of this order. The response must specifically address the factual and legal basis for the submission of non-bona-fide receipts and why the conduct does not warrant dismissal.

The Court also **ORDERS** the Plaintiffs listed above to submit within 30 days to a deposition not to exceed three hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipts were generated and distributed (including in coordination with a non-party), and who else was involved in or aware of the fraud described in Uber's above referenced Motion.

**IT IS SO ORDERED.**

Dated: July 7, 2026

By: */s/ Ellen Reisman*
ELLEN K. REISMAN
Special Master

**PROOF OF SERVICE**

*IN RE: UBER RIDESHARE CASES*
San Francisco County Superior Court Case No. CJC-21-005188

I, the undersigned, declare: I am at least 18 years old and not a party to the within action; that my business mailing address is 1250 I St. NW, Suite 501, Washington, D.C., 20005.

On the date specified below, I served a copy of the foregoing document described as:

**MEMORANDUM AND ORDER OF SPECIAL MASTER ELLEN REISMAN AS TO DEFENDANTS' MAY 4, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF CERTAIN PLAINTIFFS**

on the interested parties in this action in the following manner:

**[X]** **BY NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) by submitting an electronic version of the document(s) to File & ServeXpress through the user interface at www.FileandServeXpress.com. Participants in the case who have consented will be served through the user interface at www.FileandServeXpress.com. Participants who have not consented will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 7, 2026, in Washington, D.C.

*/s/Melissa Folan*

Melissa Folan

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| Coordination Proceeding<br>*In Re: Uber Rideshare Cases* | Case No. CJC-21-005188<br><br>*(Assigned to Hon. Ethan P. Schulman, Dept. 304)* |
| This Document Relates to:<br>ALL ACTIONS | **JUDICIAL COUNCIL COORDINATION PROCEEDING CASE NO. 5188**<br><br>**REPORT AND RECOMMENDATION OF SPECIAL MASTER ELLEN REISMAN REGARDING DEFENDANTS' MARCH 16, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF 5 PLAINTIFFS** |

# REPORT AND RECOMMENDATION OF SPECIAL MASTER ELLEN REISMAN AS TO DEFENDANTS' MARCH 16, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF 5 PLAINTIFFS

**DATE: May 8, 2026**

Pursuant to the Amended Fact Sheet Implementation and Ride Receipt Discovery Order entered by the Court on December 16, 2025 ("the Amended CMO") and the Order Appointing Special Master on December 23, 2025, I respectfully submit this Report & Recommendation to the Court on Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's (collectively, "Uber" or "Defendants") Motion filed on March 16, 2026 for (1) Entry of An Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona-Fide Receipts Should Not Be Dismissed with Prejudice and (2) Allowing Limited Depositions of 5 Plaintiffs ("Uber's March 16, 2026 Motion"). Uber's March 16, 2026 Motion requests that the Court enter an order that five Plaintiffs who submitted ride receipts that appear not to be bona-fide show cause why their cases should not be dismissed with prejudice and that it be allowed to depose these five Plaintiffs for no more than three hours to obtain testimony as to how these non-bona-fide receipts were created.

In preparing this Report and Recommendation, I have reviewed Uber's March 16, 2026 Motion and Memorandum and Declarations in Support of its Motion and the exhibits thereto; the Oppositions to this Motion submitted on behalf of Plaintiff Jane Doe LS 557 by Levin Simes LLP, Plaintiff Jane Doe T.F. by Wagstaff Law Firm, and Plaintiff John Doe PW 025 by Peiffer Wolf Carr Kane Conway & Wise, LLP; and Uber's reply in support of its March 16, 2026 motion. No Opposition was filed on behalf of Plaintiff Jane Doe NLG 59, who is represented by Nachawati Law Group, nor by Plaintiff Jane Doe EB 31, who is *pro se*.

On April 13, 2026, I conducted a hearing by Zoom at which counsel for Uber and Counsel for Jane Doe LS 557, Jane Doe T.F., Jane Doe NLG 59, and John Doe PW 025 participated ("4/13/26 Hearing").[1] A transcript of the 4/13/26 Hearing is attached as Exhibit 2 hereto.

For the reasons set forth below, I recommend that the Court enter the proposed Order attached hereto as Exhibit 1 ordering the Plaintiffs who are the subject of this Motion (1) to show cause why their claims should not be dismissed with prejudice and requiring them to file a written response addressing the factual and legal basis for submission of non-bona-fide receipts and why

[1] While *pro se* Plaintiff Jane Doe EB 31 was notified by email by my office of this hearing and provided the information needed to join, she did not attend.

such conduct does not warrant dismissal, and (2) to be deposed for no more than three hours regarding how they became involved in the litigation, how the fraudulent receipts were generated and distributed (including in coordination with a non-party), and who else may have been involved or aware of this conduct.

## ANALYSIS

### I. DISMISSAL WITH PREJUDICE

As indicated above, three of the five Plaintiffs who are subject to this motion submitted Opposition papers; the other two did not. The failure of Plaintiffs Jane Doe NLG 59 and Jane Doe EB 31 to file an Opposition to Uber's motion would be reason enough to grant Uber's motion as to them. Although the moving party still must meet their initial burden in any motion, the "failure to oppose a motion may be deemed a consent to the granting of the motion." Cal. Rule of Ct. 8.54(c); see, e.g., *Thatcher v. Lucky Stores, Inc.*, 79 Cal. App. 4th 1081 (2000) (discussing failure to oppose a summary judgment); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal upon lack of opposition to a summary judgment motion).

Counsel for all four Plaintiffs who are represented indicated at the 4/13/26 Hearing that they would not oppose dismissal of these cases with prejudice.[2] As noted above, *pro se* Plaintiff Jane Doe EB 31 neither filed an Opposition nor appeared at the 4/13/26 Hearing.

The evidence put forth by Uber that the ride receipts submitted by all five of these Plaintiffs are non-bona-fide is compelling and concerning:

1. Two of the Plaintiffs, John Doe PW 025 and Jane Doe T.F.[3], appear to have generated ride receipts using a website called "Makereceipt.com"[4] that appears to have been created

---

[2] Transcript of 4/13/26 Hearing, p 5 lines 12-23 (attached as Exhibit 2).

[3] Plaintiff Jane Doe T.F., represented by Wagstaff Law Firm, was also subject to Uber's Motion to Dismiss Cases for Failure to Comply with Amended Case Management Order filed on March 12, 2026. Her failure to provide a PFS would have warranted dismissal without prejudice pursuant to that Motion, but the conduct challenged in this Motion (a non-bona-fide receipt) warrants the more severe sanctions sought here.

[4] Uber has indicated that as of February, 2026, this website appears to have been shut down. Declaration of Christopher V. Cotton in Support of this Motion, dated March 11, 2026, p 2, lines 17-19.

solely for the purpose of allowing people to generate their own receipts.[5]

2. One of the Plaintiffs, Jane Doe LS 557, appears to have altered the date on a genuine receipt, changing it from February 25, 2021, to February 25, 2023, along with formatting inconsistencies that would not exist in a bona-fide Uber receipt.[6]
3. Another of the Plaintiffs, Jane Doe EB 31, appears to have modeled her ride receipt after a sample Uber receipt that appeared in an August 6, 2016 online blog article, creating a nearly identical copy of the receipt produced in the article.[7]
4. The remaining Plaintiff, Jane Doe NLG 59, appears to have submitted a receipt that contains a mathematical error that miscalculates the total fare, along with other inconsistencies that would not exist in a bona-fide Uber receipt.[8]

On December 16, 2025, this Court entered the Amended CMO, which, *inter alia*, requires that Plaintiffs submit, under penalty of perjury, bona fide receipts for their Uber rides.[9] The evidence presented indicates that these five plaintiffs failed to do so. California law permits the imposition of sanctions against parties "engaging in conduct that is a misuse of the discovery process." Cal Code Civ. Pro. § 2023.030; Cal Code Civ. Pro. § 2023.030(d). Misuse of the discovery process includes, *inter alia*, "[d]isobeying a court order to provide discovery[.]" Cal Code Civ. Pro. § 2023.010 (g); *City of Los Angeles v. PricewaterhouseCoopers, LLP*, 17 Cal. 5th 46, 57 (2024) (affirming a finding of discovery misuse in misconduct such as "giving false and incomplete responses to PwC's requests for documents . . . [and] providing false testimony").

An order to show cause as to why Plaintiffs' claims should not be dismissed with prejudice is appropriate where, as here, there are credible allegations that the documents provided pursuant to the Amended CMO were not bona fide and indeed appear to have been fraudulent. Courts have the "inherent authority to impose a variety of serious discovery sanctions[.]" *City of Los Angeles*

[5] Defendants' Motion pp 5-6.
[6] Defendants' Motion p 6 lines 2-9.
[7] Defendants' Motion p 7 lines 15-22.
[8] Defendants' Motion p 9 lines 2-3.
[9] Amended CMO Section 2, pp 2 lines 23 - p3 line 1 ("If a Plaintiff provides a receipt, Plaintiff shall verify under penalty of perjury that it is a bona fide receipt. . .").

*v. PricewaterhouseCoopers, LLP*, 17 Cal. 5th 46, 72 (2024) (discussing "the courts' inherent authority to impose a variety of serious discovery sanctions . . . even terminating sanctions) (internal citations omitted). "The wielding of that inherent power is particularly appropriate when the offending parties have practiced a fraud upon the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991); *R.S. Creative Inc. v. Creative Cotton, Ltd.*, 75 Cal. App. 4th 486, 496–498 (1999) (Finding that terminating and monetary sanctions imposed by the court were justified where there was actual fraud).

The Uber MDL Court has been presented with motions seeking similar relief to that sought here in connection with the submission by plaintiffs of non-bona-fide ride receipts. These motions involved the same issues as here – use of the "Makereceipt.com" website, formatting inconsistencies, math errors, and other indicia of fraud. The MDL Court has entered orders requiring such plaintiffs to show cause why their cases should not be dismissed with prejudice and to sit for depositions regarding the creation of these fraudulent receipts, as well as other steps to be taken by counsel to identify and prevent such fraudulent conduct. *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, MDL No. 3084, No. 3:23-md-03084-CRB (N.D. Cal.), ECF Nos. 3876, 3972, 4440, 5216, 5970 (Orders entered Sept. 9, 2025, Sept. 22, 2025, Nov. 19, 2025, Feb. 10, 2026, and Apr. 23, 2026) (Attached hereto as Exhibit 3). [10]

This Court here has the authority to take necessary steps to prevent the perpetration of fraud on the Court. Requiring Plaintiffs to show cause why their cases should not be dismissed with prejudice is an appropriate order.

---

[10] The MDL Court relied on Ninth Circuit law that has affirmed dismissal as an appropriate sanction pursuant to the Court's inherent powers for such misconduct that "undermine[s] the integrity of judicial proceedings" and noted that "[t]here would be a substantial prejudice to the system of justice and this court's integrity if a litigant were permitted to mislead the court." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348, 353 (9th Cir. 1995) ("It is well settled that dismissal is warranted where, as here, a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings: 'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'") (internal citation omitted).

## II. LIMITED DEPOSITIONS OF THESE PLAINTIFFS

Plaintiffs' counsel for the four represented Plaintiffs indicated in either their papers or at the 4/13/26 Hearing that they opposed Uber's request that the Court order these Plaintiffs to be deposed. The reasons they gave for their opposition can be summarized as follows:

1. There is no evidence of systemic fraud that would justify the time and effort that these depositions would entail;[11]
2. Present counsel might not be able to advise these Plaintiffs in connection with such depositions and might need to refer them to a criminal defense lawyer;[12]
3. Depositions focused on fraud are outside the scope of discovery relating to Plaintiffs' allegations; [13] and
4. None of these Plaintiffs has responded to efforts to contact them, and such efforts would likely be time consuming and fruitless.[14]

Despite the low overall percentage of cases that allegedly used fraudulent receipts, the argument that there is no evidence of systemic fraud is not supported because many of these allegedly fraudulent receipts appear to come from the same source: generated using the

[11] Levin Simes LLP, for example, states, "Here, Uber identifies one Levin Simes, out of over one hundred in this JCCP, who it alleges submitted a non bona-fide receipt. This represents less than 1% of Levin Simes Plaintiffs in the JCCP, and infinitesimal percentage of its total cases in the JCCP and MDL."; Levin Simes's Opposition, p 3 lines 11-13. Peiffer Wolf states, "Counsel has filed more than 500 cases, with only two having been alleged to involve non-bona-fide receipts. Decl. ¶ 14. In both cases, the ride receipts did not appear fraudulent on their face and were submitted in good faith without any intent to defraud the court. . . . In total, Uber's allegations involve three cases out of more than 700 claims (less than .4%) filed by Counsel across both proceedings." Peiffer Wolf Opposition, p 3 lines 16-23. Wagstaff Law Firm states, "Uber's allegations concern four cases out of more than 214 claims — fewer than 1.9% — filed by undersigned counsel across both proceedings." WLF Opposition, p 3 lines 1-3.

[12] See, e.g., Levin Simes Opposition, p 4, lines 10-17. ("Here, in our capacity as civil tort lawyers, we do not have the requisite competency to meaningfully advise our client on what is a criminal matter because none of the attorneys at the firm have experience in criminal cases. . . . to the extent Uber seeks to question our client about criminal conduct, it is our belief that our client should have the advice of an actual criminal lawyer. . .").

[13] See, e.g., WLF's Plaintiff Jane Doe T.F.'s Opposition, p 4 lines 10-17 ("Under California law, discovery must be tied to the claims and defenses in the action before the Court. . . .A deposition in the case of Jane Doe T.F., if obtainable, would do little to advance the resolution of her claim.").

[14] See, generally, Plaintiffs' Oppositions.

"Makereceipt.com" website. Additionally, as noted, the MDL Court has grappled with the issue of non-bona-fide ride receipts, identifying over 30 Plaintiffs and issuing five similar orders upon motions filed by Defendants.[15]

Recognizing that an Order requiring these Plaintiffs to sit for a deposition is not a typical sanction, I nonetheless recommend that the Court do so. Knowingly submitting false documents in support of a claim goes to the heart of the integrity of the judicial system. See, e.g., *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991) ("[T]he wielding of that inherent power is particularly appropriate when the offending parties have practiced a fraud upon the court.") (internal citations omitted); *Stephen Slesinger, Inc. v. Walt Disney Co.*, 155 Cal. App. 4th 736 (2007).

Such depositions would allow the parties (both Uber and Plaintiffs' counsel) to learn more about the process by which these non-bona-fide ride receipts have been created. and thus be better able to identify any such ride receipts in the future. Additionally, they could serve as a deterrent to anyone considering engaging in this conduct in the future.

Logistically, it may be difficult to locate and get these Plaintiffs to sit for depositions. But that is not a reason not to try. Likewise, the fact that some or all of them might need to be advised to seek additional counsel is not a sufficient reason to avoid this sanction.

For all, the foregoing reasons, I recommend that the Court enter the proposed Order attached hereto as Exhibit 1.

Respectfully submitted,

Dated: May 8, 2026

By: */s/ Ellen Reisman*

Special Master

---

[15] To be clear, there are no allegations or evidence that Plaintiffs' counsel has had any role in creating these non-bona-fide ride receipts. Nonetheless getting to the bottom of how they are being created by Plaintiffs will likely also help Plaintiffs' counsel detect situations where there may be issues with the ride receipts before cases are filed.

# EXHIBIT 1

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| Coordination Proceeding<br>*In Re: Uber Rideshare Cases* | Case No. CJC-21-005188<br><br>*(Assigned to Hon. Ethan P. Schulman, Dept. 304)* |
| This Document Relates to:<br>ALL ACTIONS | **[PROPOSED] ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS IN THE LITIGATION SHOULD NOT BE DISMISSED WITH PREJUDICE** |

**[PROPOSED] ORDER**

Having considered Defendants' March 16, 2026 Motion for Entry of an Order to Show Cause Why 5 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the responsive filings filed by certain Plaintiffs, and the Special Master's Report and Recommendation, the Court hereby **GRANTS** the motion.

The Court's December 16, 2025 Order required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]"

The 5 Plaintiffs listed below have submitted non-bona fide receipts.

California law authorizes the imposition of terminating sanctions, including dismissal of claims, where a party misuses the discovery process by violating discovery obligations or disobeying court orders. California Code of Civil Procedure § 2023.030 permits the Court to impose such sanctions, including dismissal, and California Code of Civil Procedure § 2023.010 identifies disobedience of a court order and other discovery abuses as misuses of the discovery process. The Court's authority to impose discovery sanctions is broad and will be upheld where supported by evidence of violations of court orders. Where the record demonstrates willful

violations of discovery obligations and court orders, particularly where a party submits a forged document as genuine, such conduct intrudes into the realm of actual fraud on the court and fully justifies the imposition of terminating sanctions. See *R.S. Creative Inc. v. Creative Cotton, Ltd.*, 75 Cal. App. 4th 486, 496, 498 (1999); see also, *J.W. v. Watchtower Bible & Tract Society of New York, Inc.*, 29 Cal. App. 5th 1142 (2018).

Accordingly, the 5 Plaintiffs listed below are hereby **ORDERED TO SHOW CAUSE** why their claims should not be dismissed with prejudice. The Plaintiffs shall file a written response within 21 days of service of this order. The response must specifically address the factual and legal basis for the submission of non-bona fide receipts and why the conduct does not warrant dismissal.

The Court also orders the Plaintiffs listed below to submit within 30 days to a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipts were generated and distributed (including in coordination with a non-party), and who else was involved in or aware of the fraud described in Uber's above referenced Motion:

1. Jane Doe EB 31 (*pro se*) Case No. CGC-22-600524
2. John Doe PW 025 (Peiffer Wolf Carr Kane Conway & Wise, LLP) Case No. CGC-24-612811
3. Jane Doe T.F. (Wagstaff Law Firm) Case No. CGC-24-618790
4. Jane Doe NLG 59 (Nachawati Law Group) Case No. CGC-24-619915
5. Jane Doe LS 557 (Levin Simes LLP) Case No. CGC-25-622285

**IT IS SO ORDERED.**

Dated: _______________, 2026

_________________________________

The Honorable Ethan P. Schulman

Judge of the Superior Court

# EXHIBIT 2

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN FRANCISCO-UNLIMITED JURISDICTION

| | |
|---|---|
| COORDINATION PROCEEDING | ) |
| IN RE: UBER RIDESHARE CASES | ) |
| | ) |
| ALL ACTIONS | )CASE NO. |
| | )CJC-21-005188 |
| | ) |
| ______________________________________ | ) |

REPORTER'S REMOTE
TRANSCRIPT OF PROCEEDINGS
APRIL 13, 2026

TECKLA T. CLAY, CSR 13125
OFFICIAL REPORTER PRO TEMPORE

APPEARANCES:

FOR PLAINTIFF: PEIFFER WOLF CARR KANE CONWAY AND WISE
BY: RACHEL ABRAMS
TIFFANY ELLIS
935 GRAVIER STREET
SUITE 1600
NEW ORLEANS, LOUISIANA 70112

WAGSTAFF LAW FIRM
BY: TARA DOYLE
940 NORTH LINCOLN STREET
DENVER, COLORADO 80203

NACHAWATI LAW GROUP
BY: ARATI FURNESS
5489 BLAIR ROAD
DALLAS, TEXAS 75231

LEVIN SIMES
BY: SAMIRA BOKAIE
1700 MONTGOMERY STREET
SUITE 250
SAN FRANCISCO, CALIFORNIA 94111

FOR DEFENDANT: SHOOK HARDY AND BACON
BY: CHRISTOPHER COTTON
MICHAEL SHORTNACY
2121 AVENUE OF THE STARS
SUITE 1400
LOS ANGELES, CALIFORNIA 90067

IN RE: UBER RIDESHARE CASES

REMOTE TRANSCRIPT OF PROCEEDINGS

12:00 P.M.

COURT REPORTER: Good morning. Teckla Clay, CSR 12:00PM
13125.

SPECIAL MASTER: We should all introduce ourselves. I'm Ellen Reisman. I'm the special matter. Melissa Folan, F-O-L-A-N and Nate Stein from my office are on with me as well. So why doesn't everybody else 12:00PM
kind of introduce yourself for the record.

MS. ABRAMS: I can go ahead and start this is Rachel Abrams from Peiffer Wolf on behalf of the plaintiff PW--

SPECIAL MASTER: 025. 12:00PM

MS. ABRAMS: Yes 025. Thank you.

MS. DOYLE: And I'm Tara Doyle from Wagstaff Law firm. Emma Guidry is a paralegal from our firm. She's joining us and observing us. And we are here on behalf of TF, what's the number, okay. 12:01PM

SPECIAL MASTER: Arati or Tiffany?

MS. FURNESS: Yes, this is Arati Furness from Nachawati Law Group. I don't have the plaintiff ID in front of me. But we're here on behalf of any Nachawati Law Group plaintiffs. 12:01PM

SPECIAL MASTER: I think is NJ Jane Doe NLG 59. Okay. And Tiffany Ellis? No, okay. Bella, hi I see you on there. Samira?

MS. BOKAIE: Hi everyone, I was having a little wifi problem. Samira Bokaie. 12:02PM

SPECIAL MASTER: Why don't you both state your names and who you represent for the record?

MS. BOKAIE: I'm Samira Bokaie representing the Levin Simes plaintiff in this action.

SPECIAL MASTER: And it's LS557 I think. 12:02PM

MS. BOKAIE: Correct, yes.

MS. ELLIS: Tiffany Ellis, I'm an attorney at Pieffer Wolf with Rachel supporting our plaintiff.

SPECIAL MASTER: Okay. And Michael Shortnacy just joined. 12:02PM

MR. SHORTNACY: I am from Shook Hardy and Bacon on behalf of Uber defendants.

SPECIAL MASTER: Okay and Chris?

MR. COTTON: I am also for the defendants.

SPECIAL MASTER: Okay. All right. So let's get 12:02PM started. I don't think this is going to be a terribly long hearing.

So there's five plaintiffs and I take it, Melissa my paralegal I'm asking you a question, we did provide the, one of them is pro se. And we did provide 12:03PM

that person information regarding the Zoom and it does not look to me like she is attending. Is that correct? You can say it for the court reporter.

MS. FOLAN: She's not in attendance. I sent the invitation to her. 12:03PM

SPECIAL MASTER: So there's five plaintiffs total that Uber has made a motion on to for an order to show cause why they should not be dismissed with prejudice because they have not submitted a bona fide receipt and allowing the depositions, allowing limited 12:03PM depositions of these five plaintiffs, I think.

And plaintiff's counsel should correct me if I'm wrong that as to these particular plaintiffs, those who are represented, no one has, is challenging the dismissal; is that correct? 12:03PM

MS. ABRAMS: Rachel Abrams for Peiffer Wolfe, not on behalf of John Doe PW 25 we are not challenging.

MS. BOKAIE: Correct and not for Levin Simes either. 12:04PM

MS. FURNESS: Correct, not for the NLG Nachawati Law Group plaintiff either.

MS. DOYLE: And correct for Wagstaff's client.

SPECIAL MASTER: Okay. The only issue I think that we have to talk about really as to these 12:04PM

plaintiffs is the request that Uber's made that they be, they be deposed in limited deposition as to how these receipts came to be.

Chris, do you want to speak to that first and then I'll let the plaintiffs respond? 12:04PM

MR. COTTON: Sure. I think that's about where-- are --

(Technical Difficulties)

12:04PM

SPECIAL MASTER: I'm not hearing you, Chris. I don't know if anybody else is having that -- Chris, you're cutting in and out. A little better, yeah. Okay. Let's try it again.

MR. COTTON: I'll turn off video to see if that 12:05PM saves my bandwidth. Bear with me once and let me see if I can --

SPECIAL MASTER: How did we survive a whole pandemic doing this? Does it look like he's frozen? Okay. He just dropped off. And we hear some dogs in 12:06PM the background.

(Technical Difficulties)

MR. COTTON: All right. Is that connection any 12:08PM

better?

SPECIAL MASTER: Yes. We can hear you. We can't see you, but we know what you look like.

MR. COTTON: If by chance I get disconnected, I'll just dial in if that works. 12:08PM

SPECIAL MASTER: No it seems to be working okay. So Chris if you want to address the, your position on the need for the depositions. And I have a few questions and then we'll let the plaintiffs counsel here speak to it as well. 12:08PM

MR. COTTON: Certainly. So first, and I think it's clear from the papers the relief we're seeking here in addition to the dismissal is consistent with the relief that we've sought in the MDL and that Judge Breyer has entered. 12:08PM

By that I mean he has consistently ordered depositions of plaintiffs in similar circumstances. From our perspective it's necessary for these depositions to proceed for several reasons including, one, just to get a better understanding of how it is 12:09PM these non bona fide receipts are getting generated.

On our end we continued to identify these receipts getting a better understanding of how they're coming to be so we can better understand how to identify them. It's helpful and important for our 12:09PM

purposes.

We've also seen how in a number of instances where there are, at least it appears, connections between plaintiffs that have submitted non bona fide receipts. So getting a better understanding 12:09PM of the extent of those connections and again how we could detect those will be helpful for our purposes.

And so in short as we request in the, in the proposed order we think a limited deposition not to exceed three hours regarding how these plaintiffs 12:09PM became involved in litigation, how the fraudulent receipts were generated and distributed and who else was involved in all of that is important as we continue to address these issues across the docket not only in the JCCP but also in MDL. 12:10PM

SPECIAL MASTER: In the MDL did any of the depositions ever take place?

MR. COTTON: Two have taken place so far. We're expecting another one to proceed later this week. I will say candidly there have been challenges getting 12:10PM those depositions scheduled at a time, I think for reasons I won't speculate around, plaintiffs have not been generally speaking willing to appear for these depositions.

And so it has been our experience that 12:10PM

getting the cooperation of plaintiffs counsel has proven helpful. You know in particular the Pulaski firm has helped coordinate several depositions of their plaintiffs at issue.

And to the extent these depositions are 12:11PM allowed in the JCCP we'd ask that plaintiffs counsel be expected to facilitate or cooperate at least in the scheduling of those depositions.

SPECIAL MASTER: What's the order of operation? I mean were the cases dismissed? Were they deposed? 12:11PM Were they dismissed? Just how did that work?

MR. COTTON: Yeah it's worked in different ways. And so we have several plaintiffs at issue in the MDL that are subject to this type of order who have not yet been dismissed. 12:11PM

SPECIAL MASTER: Okay.

MR. COTTON: And so they're still of course a party to the litigation. We have other instances where the dismissal orders have been entered. Even in those circumstances the expectation, and we think it's 12:12PM consistent with Judge Breyer's orders, is that the depositions nonetheless proceed.

SPECIAL MASTER: Okay.

MR. COTTON: That has been the case with respect to the Pulaski plaintiff depositions that I've alluded 12:12PM

to. And so again it's been varied. But regardless of whether the dismissal is entered before or after the deposition proceeds we think the Court has the authority to nonetheless compel the deposition even after dismissal. 12:12PM

SPECIAL MASTER: Okay. So who wants to start for the plaintiffs?

MS. ABRAMS: I can, Rachel Abrams. I'm colead of the Uber MDL as well so I can speak to the broader issues. You know Uber has painted the picture that 12:12PM this is a pervasive systemic I think is the word they used problem, when in fact across both the JCCP and the MDL it's less than 1 percent of the filed cases that have alleged non bona fide ride receipt issues.

So it's not as pervasive as Uber has 12:13PM painted. And also in regards for the depositions most of these plaintiffs including plaintiff John Doe PW25 are unresponsive. Once we have been made aware of any issues with regards to a ride receipt, I can speak to my firm, but I believe it's probably across the board 12:13PM here, we diligently tried to or attempted to contact the plaintiffs and get information and rectify the problem.

And we, Peiffer Wolfe has not heard from that plaintiff despite of numerous attempts. So and as 12:14PM

we've seen in the MDL the majority of the plaintiffs that were ordered to sit for a deposition, did not appear.

So I know Mr. Cotton spoke about two Pulaski cases. Those cases were the only cases. The rest of the plaintiffs that were ordered to sit did not show up. And that's not a surprise despite the plaintiffs counsel in those cases, none were my firms, attempts to facilitate that. They just didn't show up. 12:14PM

So these, most of these plaintiffs are not responsive. And once we have tried to rectify the situation and that's hence why at least we have tried to withdraw from the case because we cannot get a voluntary dismissal if we can't get any communication with them and thus don't oppose dismissal of their cases. 12:14PM 12:14PM

But a deposition including in the two Pulaski cases did not prove fruitful. It didn't provide any information that I think flushed out any systemic issue or pervasive problem that counsel has alluded to. 12:15PM

And further it's really a waste of resources. It's not going to facilitate any discovery that, in the case that's going to, you know, move the bar in any direction. So we feel that it's not 12:15PM

necessary to have these depositions and it's a waste of resources to do so.

SPECIAL MASTER: Okay. Thank you.

MR. COTTON: Would it be helpful for me to quickly respond to a few of those points? 12:15PM

SPECIAL MASTER: Go ahead.

MR. COTTON: You know first with respect to kind of the extent of the issues that are evident on the docket, you know, obviously the issues are taking form here. 12:16PM

We've got five plaintiffs that I think there's been a dispute, have submitted non bona fide forms. But the issue with the docket, you know, are evident in other ways.

We talked last week, for example, about 12:16PM plaintiffs that have not admitted --

(Technical Difficulties)

MR. COTTON: --with the docket, but setting that 12:16PM aside again I don't think there's any that the five plaintiffs at issue here have been non bona fide receipts.

You know, Ms. Abram's is right and I mentioned that in the MDL we have had instances where 12:16PM

plaintiffs have not been cooperative and by all accounts have been nonresponsive to counsel.

But of course that doesn't address the issue and doesn't absolve them from the issues that need to be addressed to -- 12:17PM

COURT REPORTER: Mr. Cotton is breaking up.

MR. COTTON: I'll be quick. Even with the MDL we have addressed plaintiffs noncompliance with the orders with Judge Breyer who entered subsequent orders threatening findings of contempt for noncompliance. 12:17PM

The follow up efforts with respect to the MDL efforts continued. Hopefully we won't face the same issue here with these plaintiffs. But if we do there's certainly mechanisms.

And then lastly with respect to what we 12:17PM are learning from these depositions, again only two have proceeded. And one was cut very short and will continue.

You know we are starting to learn information that is pertinent, for example, in both the 12:18PM depositions it seems clear that the plaintiffs at issue did not review their PFS responses before they were submitted.

And so that is an issue that we're taking up with Judge Breyer even this week. Remains to be 12:18PM

seen whether that will be an issue that needs to be addressed in the JCC. But that is just an example of something we are learning from these depositions already that it will be relevant to the MDL and perhaps here. 12:18PM

SPECIAL MASTER: Okay. Let's hear from the other plaintiffs, the Wagstaff firm or the Levin Simes firm first.

MS. BOKAIE: I can go for Levin Simes.

SPECIAL MASTER: Sure. 12:18PM

MS. BOKAIE: So a couple of issues separate from what Ms. Abrams raised on behalf of Levin Simes client, I think a broader issue as well that we raised in our papers is the idea that a lot of the questions that we're anticipating in these depositions asking are 12:19PM about potentially criminal conduct.

So there is that issue of, one, if we are competent as tort lawyers to, you know, defend a deposition that's there to suss out whether fraud occurred, what the level of fraud was, if there's a 12:19PM potentially larger scheme of fraud.

I think as well it also creates an inherent conflict between that client and our other clients. You know we want anybody who's helping to facilitate fraudulent claims to stop doing that. I 12:19PM

mean it's detrimental to every client in the JCCP and MDL.

And so it does create a conflict there for us where we can't represent the interest of one client to the detriment of our other clients, right. So that poses a complication in the relief that Uber is asking for. I think with respect to, you know, the Levin Simes 557 specifically, her receipt, the issue was a modified or allegedly modified date and time on a receipt that was already in her account. 12:19PM 12:20PM

So the notion that she's going to provide additional information of how this larger scheme of ride receipts it's really not going to be helpful because hers is a very fact specific issue.

I just also want to talk about her, we do think that she is incarcerated. That does give us some color as to why she's not being responsive at the moment. I think that kind of covers the points aside from what Ms. Abrams has already talked about. 12:20PM

SPECIAL MASTER: Wouldn't you in that situation, I don't know I'm just guessing here, refer, I mean if she had to sit for a deposition I mean you would say you need to go, obviously she probably has a criminal lawyer at this point. But wouldn't you say you need to go get a criminal lawyer? 12:20PM 12:21PM

MS. BOKAIE: Yeah.

SPECIAL MASTER: I understand the 5th amendment issue there.

MS. BOKAIE: Right, we would absolutely recommend that she gets a criminal counsel. But I think it does create an issue of how do we help facilitate a deposition. Does our representation of her, you know, where does it start and end. And also how much resources is going to this process. 12:21PM

That is all resulting in a dismissal and for this particular complaint going to be relatively unhelpful. Yeah. 12:21PM

SPECIAL MASTER: All right. Tara, do you want to?

MS. DOYLE: Yeah, really Mr. Cotton and I have discussed these this situation at length. In full candor I'm a former prosecutor. And so Mr. Cotton and I have had lots of conversations about how I don't, nobody wants to be submitting fake ride receipts. 12:21PM

And frankly the more we learn as this process and the JCCP and the MDL age, the more and more we're all learning that many plaintiffs firms are probably doing what we're doing, adaptin and changing and putting systems in place so that we don't submit even suspected fake ride receipts. 12:22PM 12:22PM

I don't think it has a place in here. I don't want to spend my time or energy or resources on it. And I don't think anybody else does either.

In terms of the depositions, I put this in our motion as well, but I believe it's California law 12:22PM which states that the discovery should be tied to claims and defenses and the actions before the Court. So in response to the depositions I think the depositions actually don't go to the actual claims at issue in front of the court, whereas a dismissal of 12:22PM nonresponsive clients potentially reaches the same, cures the issue here.

I don't think we need to take it the next step further which is outside the discovery parameters of the JCCP. 12:23PM

SPECIAL MASTER: Ms. Furness?

MS. FURNESS: I really mirror what the other plaintiff counsel have said. My additional concern I think that Ms. Samira, and I apologize I didn't want to butcher your last name, is that when, if our cases are 12:23PM dismissed with prejudice then what authority do I really have to represent this individual in a deposition as well as, or am I just, am I recommending they obtain criminal counsel for any potential, you know, fraud claims? 12:23PM

So I think there's some, I guess, confusion and clarification that's needed. This particular case I have the one plaintiff and she is unresponsive.

So I don't know that a deposition would be 12:24PM in this specific, you know, plaintiff NLG59 who I now have matched her name, I don't know that a deposition setting would be appropriate again because we can't locate her.

But otherwise I think like all counsel we, 12:24PM like Ms. Doyle was saying we also want to identify and learning what is potentially fraudulent. I was reviewing a bunch this morning and there are new formats that I have never seen before.

And I'm like, wait, are these, there's so 12:24PM many different apps and ways to provide receipts. And it's hard to know everything. And I do enjoy Mr. Cotton when we have our meet and confer we go through them and I appreciate that.

And I don't think any plaintiffs attorney 12:24PM that I would know, at least knowingly is trying to harm our other plaintiffs by submitting fraudulent receipts. I think we've been being quite diligent now that we're aware of the situation to cut it off to the extent that we can. 12:25PM

SPECIAL MASTER: Okay. Anybody else have anything they want to add to that?

MS. ABRAMS: Yes, Rachel Abrams for the plaintiffs. Just on a side note Uber has also served subpoenas on some of these companies and in the MDL. 12:25PM So they're flushing out the issue that they are trying to by going to the source of at least some of the ride receipt issues.

So that is in my opinion the best way to get the answers or information that they're seeking 12:25PM rather than, you know, clients that are unresponsive and will not appear if they're forced to come to deposition. So that's just an extra --

SPECIAL MASTER: You're talking about the make receipt people? 12:26PM

MS. ABRAMS: Yes, yes.

SPECIAL MASTER: Okay. Chris or Michael anything else you want to add?

MR. COTTON: Yeah, a couple of quick points. Firstly, the scope of discovery allowed under the 12:26PM California code is broad, you know, with respect to the issue that the Levin Simes firm raised with respect to the possibility of criminal consequences.

Obviously the prospect of that is not a shield to discovery allowed under the Code. I will say 12:26PM

that for at least one of the depositions that preceded that plaintiff did have additional counsel in attendance.

And so that is, you know, obviously available to anybody if they think that is necessary or helpful, you know. And lastly, you know, I understand one of the concerns consistently raised, I think all the firms here is the issue around, you know, locating these plaintiffs -- 12:26PM

SPECIAL MASTER: Okay. 12:27PM

MR. COTTON: -- and getting their compliance within the order. But from my perspective that's a different issue. If a plaintiff objects to the Court order and decided to ignore it or not comply, that's a different issue. 12:27PM

But the first step is to, you know, proceed with this discovery again in the same way that we have in the MDL in this very narrow but important way.

SPECIAL MASTER: What would you expect the plaintiff counsel's role to be in that situation where they, if there were an order requiring them to sit for a, requiring plaintiff to sit for a deposition, but, you know, I believe that these folks have made multiple attempts to find some of these plaintiffs, I mean, you 12:27PM 12:28PM

know, they've gone missing.

I think one of the things there, the plaintiffs lawyers were saying is that, you know, it puts them in a tough spot. They can't, they can't get the person there. I mean how does that work in the MDL 12:28PM where, you know, plaintiffs lawyer clearly cannot get that individual there anymore, but still is counsel of record in the case.

MR. COTTON: Yeah, so I think there are two issues. One is just, is what I recall more of the 12:28PM logistical issues of giving the deposition scheduled and giving notice to the plaintiff.

And even with respect to that threshold logistical issue, my understanding is plaintiffs counsel and the MDL have in some instances faced 12:28PM challenges.

But to your question I think the first expectation would be for plaintiffs counsel to cooperate in at least the effort to get the notice to these plaintiffs and to facilitate the deposition. 12:29PM

So that would be, I think, the first expectation from my perspective. And then, you know, with respect to, you know, participation in the deposition and what role, if any, you know, these counsel or their respective firms would have, I would 12:29PM

of course have to defer to them on kind of what they feel they can do themselves or others in their firm can do.

Again as I said had, you know, in at least one instance involving the Pulaski firm, additional 12:29PM counsel was brought in for that deposition. That may or may not be, you know, what's needed or the same decision made by other firms.

So I would have to defer to them on, you know, working out the representation of the plaintiff 12:30PM during the deposition itself.

SPECIAL MASTER: Okay. Does anybody on the plaintiff side want to react to that or respond? Okay. I mean I think you've kind of covered it in your discussions. 12:30PM

Okay. Well again I'll take it under advisement and hopefully get a report and recommendation prepared on this issue soon. Do you anticipate more, more plaintiffs who are having this issue, Chris? 12:30PM

MR. COTTON: I do for two reasons. One is that has been our experience in the MDL as we've continued to look at receipts and receive receipts and these issues are identified.

At the risk of getting ahead of kind of 12:30PM

where we're at in the process we have initiated a meet and confer with certain firms to talk about receipts that have likewise raised these questions.

And so I wouldn't want to prejudge the result of that meet and confer process. But in my experience that usually is followed by a motion like this. 12:31PM

SPECIAL MASTER: Okay. All right. Well thank you all and hope you have a good rest of the day. And like I said I'll try and get a R and R put together on this rather quickly. 12:31PM

MS. ABRAMS: Can I add one more point?

SPECIAL MASTER: Of course.

MS. ABRAMS: As leadership in the Uber MDL we have, as soon as this came to light we've held like webinars with all plaintiffs counsel including JCCP, anyone that is on the Uber litigation from the plaintiffs side to instruct on diligently getting ahead of these issues and how to look at and locate potential fraud issues. 12:31PM 12:32PM

So I believe that we will not see an increase in these types of cases. And there hasn't been, since this first came to light like a year ago, there's been still less than 1 percent of the docket.

And of course with increased filings and 12:32PM

firms that, you know, some slip past the goalie. But at the same time the actual percentage and trajectory has not gone up.

SPECIAL MASTER: Okay. All right. Well thanks everybody. Talk to you again soon I suspect. 12:32PM

(The proceeding concluded at 12:32 p.m.)

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN FRANCISCO-UNLIMITED JURISDICTION

COORDINATION PROCEEDING )
IN RE: UBER RIDESHARE CASES )
)
ALL ACTIONS )CASE NO.
)CJC-21-005188
)
______________________________________)

I, TECKLA CLAY, CSR NO. 13125, OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES, 1 THROUGH 25 COMPRISE A FULL, TRUE AND CORRECT REMOTE TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE ABOVE ENTITLED CAUSE ON APRIL 13, 2026, THIS 16TH DAY OF APRIL 2026.

____________________________
TECKLA CLAY, CSR NO. 13125

**0**

**025** 3:15,16

**1**

**1** 10:13 23:24 25:12
**12:00** 3:3
**12:32** 24:7
**13** 1:11 25:15
**13125** 1:21 3:6 25:9,19
**1400** 2:17
**1600** 2:4
**16th** 25:15
**1700** 2:12
**18876** 25:18

**2**

**2026** 1:11 25:15,16
**21-005188** 1:6 25:7
**2121** 2:16
**25** 5:17 25:12
**250** 2:13

**5**

**5489** 2:10
**557** 15:8
**59** 4:1
**5th** 16:2

**7**

**70112** 2:5
**75231** 2:10

**8**

**80203** 2:8

**9**

**90067** 2:17
**935** 2:4
**940** 2:7
**94111** 2:14

**a**

**above** 25:14
**abram's** 12:24
**abrams** 2:3 3:12,13,16 5:16,16 10:8,8 14:12 15:19 19:3,3,16 23:12,14
**absolutely** 16:4
**absolve** 13:4
**account** 15:10
**accounts** 13:2
**action** 4:9
**actions** 1:5 17:7 25:6
**actual** 17:9 24:2
**actually** 17:9
**adaptin** 16:23
**add** 19:2,18 23:12
**addition** 7:13
**additional** 15:12 17:18 20:2 22:5
**address** 7:7 8:14 13:3
**addressed** 13:5 13:8 14:2
**admitted** 12:16
**advisement** 22:17
**age** 16:21
**ago** 23:23
**ahead** 3:12 12:6 22:25 23:18
**alleged** 10:14
**allegedly** 15:9
**allowed** 9:6 19:20,25
**allowing** 5:10 5:10
**alluded** 9:25 11:21
**amendment** 16:2
**angeles** 2:17 25:11
**answers** 19:10
**anticipate** 22:19
**anticipating** 14:15
**anybody** 6:12 14:24 17:3 19:1 20:5 22:12
**anymore** 21:7
**apologize** 17:19
**appear** 8:23 11:3 19:12
**appearances** 2:1
**appears** 8:3
**appreciate** 18:19
**appropriate** 18:8
**apps** 18:16
**april** 1:11 25:15,15
**arati** 2:9 3:21 3:22
**aside** 12:21 15:18
**asking** 4:24 14:15 15:6
**attempted** 10:21
**attempts** 10:25 11:9 20:25
**attendance** 5:4 20:3
**attending** 5:2
**attorney** 4:12 18:20
**authority** 10:4 17:21
**available** 20:5
**avenue** 2:16

**aware** 10:18 18:24

**b**

**background** 6:21
**bacon** 2:15 4:16
**bandwidth** 6:16
**bar** 11:25
**bear** 6:16
**behalf** 3:13,19 3:24 4:17 5:17 14:12
**believe** 10:20 17:5 20:24 23:21
**bella** 4:2
**best** 19:9
**better** 6:13 7:1 7:20,23,24 8:5
**blair** 2:10
**board** 10:20
**bokaie** 2:12 4:4 4:5,8,8,11 5:19 14:9,11 16:1,4
**bona** 5:9 7:21 8:5 10:14 12:12,22
**breaking** 13:6
**breyer** 7:15 13:9,25
**breyer's** 9:21
**broad** 19:21
**broader** 10:9 14:13
**brought** 22:6
**bunch** 18:13
**butcher** 17:20

**c**

**california** 1:1 2:13,17 17:5 19:21 25:2,11
**candidly** 8:20
**candor** 16:17
**carr** 2:2
**case** 1:5 9:24 11:13,24 18:3 21:8 25:6
**cases** 1:4 3:1 9:10 10:13 11:5,5,5,8,16 11:18 17:20 23:22 25:5
**cause** 5:8 25:15
**certain** 23:2
**certainly** 7:11 13:14
**certify** 25:12
**challenges** 8:20 21:16
**challenging** 5:14,18
**chance** 7:4
**changing** 16:23
**chris** 4:18 6:4 6:11,12 7:7 19:17 22:20
**christopher** 2:15
**circumstances** 7:17 9:20
**cjc** 1:6 25:7
**claims** 14:25 17:7,9,25
**clarification** 18:2
**clay** 1:21 3:5 25:9,19
**clear** 7:12 13:21
**clearly** 21:6
**client** 5:23 14:12,23 15:1 15:4
**clients** 14:24 15:5 17:11 19:11
**code** 19:21,25
**colead** 10:8
**color** 15:17
**colorado** 2:8
**come** 19:12
**coming** 7:24
**communication** 11:14
**companies** 19:5
**compel** 10:4
**competent** 14:18
**complaint** 16:11
**compliance** 20:11
**complication** 15:6
**comply** 20:14
**comprise** 25:13
**concern** 17:18
**concerns** 20:7
**concluded** 24:7
**conduct** 14:16
**confer** 18:18 23:2,5
**conflict** 14:23 15:3
**confusion** 18:2
**connection** 6:25
**connections** 8:4 8:6
**consequences** 19:23
**consistent** 7:13 9:21
**consistently** 7:16 20:7
**contact** 10:21
**contempt** 13:10
**continue** 8:13 13:18

**continued** 7:22 13:12 22:22
**conversations** 16:18
**conway** 2:2
**cooperate** 9:7 21:19
**cooperation** 9:1
**cooperative** 13:1
**coordinate** 9:3
**coordination** 1:4 25:5
**correct** 4:11 5:2,12,15,19,21 5:23 25:13
**cotton** 2:15 4:19 6:6,15,25 7:4,11 8:18 9:12,17,24 11:4 12:4,7,20 13:6,7 16:15 16:17 18:18 19:19 20:11 21:9 22:21
**counsel** 5:12 7:9 9:1,6 11:8 11:20 13:2 16:5 17:18,24 18:10 20:2 21:7,15,18,25 22:6 23:16
**counsel's** 20:21
**county** 1:2 25:3 25:11
**couple** 14:11 19:19
**course** 9:17 13:3 22:1 23:13,25
**court** 1:1 3:5 5:3 10:3 13:6 17:7,10 20:13 25:2,10
**covered** 22:14
**covers** 15:18
**create** 15:3 16:6
**creates** 14:22
**criminal** 14:16 15:23,25 16:5 17:24 19:23
**csr** 1:21 3:5 25:9,19
**cures** 17:12
**cut** 13:17 18:24
**cutting** 6:13

**d**

**dallas** 2:10
**date** 15:9
**day** 23:9 25:15
**decided** 20:14
**decision** 22:8
**defend** 14:18
**defendant** 2:15
**defendants** 4:17,19
**defenses** 17:7
**defer** 22:1,9
**denver** 2:8
**deposed** 6:2 9:10
**deposition** 6:2 8:9 10:3,4 11:2 11:17 14:19 15:22 16:7 17:23 18:5,7 19:13 20:23 21:11,20,24 22:6,11
**depositions** 5:10,11 7:8,17 7:19 8:17,21 8:24 9:3,5,8,22 9:25 10:16 12:1 13:16,21 14:3,15 17:4,8 17:9 20:1
**despite** 10:25 11:7
**detect** 8:7
**detriment** 15:5
**detrimental** 15:1
**dial** 7:5
**different** 9:12 18:16 20:13,15
**difficulties** 6:9 6:23 12:18
**diligent** 18:23
**diligently** 10:21 23:18
**direction** 11:25
**disconnected** 7:4
**discovery** 11:23 17:6,14 19:20,25 20:17
**discussed** 16:16
**discussions** 22:15
**dismissal** 5:15 7:13 9:19 10:2 10:5 11:14,15 16:10 17:10
**dismissed** 5:8 9:10,11,15 17:21
**dispute** 12:12
**distributed** 8:12
**docket** 8:14 12:9,13,20 23:24
**doe** 4:1 5:17 10:17
**dogs** 6:20
**doing** 6:19 14:25 16:23,23
**doyle** 2:7 3:17 3:17 5:23

16:15 18:11
**dropped** 6:20

**e**

**effort** 21:19
**efforts** 13:11,12
**either** 5:20,22 17:3
**ellen** 3:8
**ellis** 2:3 4:2,12 4:12
**emma** 3:18
**energy** 17:2
**enjoy** 18:17
**entered** 7:15 9:19 10:2 13:9
**entitled** 25:14
**everybody** 3:10 24:5
**evident** 12:8,14
**example** 12:15 13:20 14:2
**exceed** 8:10
**expect** 20:20
**expectation** 9:20 21:18,22
**expected** 9:7
**expecting** 8:19
**experience** 8:25 22:22 23:6
**extent** 8:6 9:5 12:8 18:24
**extra** 19:13

**f**

**f** 3:9
**face** 13:12
**faced** 21:15
**facilitate** 9:7 11:9,23 14:25 16:7 21:20
**fact** 10:12 15:14
**fake** 16:19,25
**far** 8:18
**feel** 11:25 22:2
**fide** 5:9 7:21 8:5 10:14 12:12,22
**filed** 10:13
**filings** 23:25
**find** 20:25
**findings** 13:10
**firm** 2:6 3:18 3:18 9:3 10:20 14:7,8 19:22 22:2,5
**firms** 11:8 16:22 20:8 21:25 22:8 23:2 24:1
**first** 6:4 7:11 12:7 14:8 20:16 21:17,21 23:23
**firstly** 19:20
**five** 4:23 5:6,11 12:11,21
**flushed** 11:19
**flushing** 19:6
**folan** 3:9 5:4
**folks** 20:24
**follow** 13:11
**followed** 23:6
**forced** 19:12
**foregoing** 25:12
**form** 12:9
**formats** 18:14
**former** 16:17
**forms** 12:13
**francisco** 1:2 2:13 25:3
**frankly** 16:20
**fraud** 14:19,20 14:21 17:25 23:20
**fraudulent** 8:11 14:25 18:12,22
**front** 3:24 17:10
**frozen** 6:19
**fruitful** 11:18
**full** 16:16 25:13
**furness** 2:9 3:22,22 5:21 17:16,17
**further** 11:22 17:14

**g**

**generally** 8:23
**generated** 7:21 8:12
**getting** 7:21,23 8:5,20 9:1 20:11 22:25 23:18
**give** 15:16
**giving** 21:11,12
**go** 3:12 12:6 14:9 15:23,25 17:9 18:18
**goalie** 24:1
**going** 4:21 11:23,24 15:11 15:13 16:9,11 19:7
**good** 3:5 23:9
**gravier** 2:4
**group** 2:9 3:23 3:25 5:22
**guess** 18:1
**guessing** 15:21
**guidry** 3:18

**h**

**hard** 18:17
**hardy** 2:15 4:16
**harm** 18:21
**hear** 6:20 7:2 14:6

**heard** 10:24
**hearing** 4:22 6:11
**held** 23:15
**help** 16:6
**helped** 9:3
**helpful** 7:25 8:7 9:2 12:4 15:13 20:6
**helping** 14:24
**hi** 4:2,4
**hope** 23:9
**hopefully** 13:12 22:17
**hours** 8:10

**i**

**idea** 14:14
**identified** 22:24
**identify** 7:22 7:25 18:11
**ignore** 20:14
**important** 7:25 8:13 20:18
**incarcerated** 15:16
**including** 7:19 10:17 11:17 23:16
**increase** 23:22
**increased** 23:25
**individual** 17:22 21:7
**information** 5:1 10:22 11:19 13:20 15:12 19:10
**inherent** 14:23
**initiated** 23:1
**instance** 22:5
**instances** 8:3 9:18 12:25 21:15
**instruct** 23:18
**interest** 15:4
**introduce** 3:7 3:11
**invitation** 5:5
**involved** 8:11 8:13
**involving** 22:5
**issue** 5:24 9:4 9:13 11:20 12:13,22 13:4 13:13,21,24 14:1,13,17 15:8,14 16:3,6 17:10,12 19:6 19:22 20:8,13 20:15 21:14 22:18,20
**issues** 8:14 10:10,14,19 12:8,9 13:4 14:11 19:8 21:10,11 22:24 23:19,20

**j**

**jane** 4:1
**jcc** 14:2
**jccp** 8:15 9:6 10:12 15:1 16:21 17:15 23:16
**john** 5:17 10:17
**joined** 4:15
**joining** 3:19
**judge** 7:14 9:21 13:9,25
**jurisdiction** 1:2 25:3

**k**

**kane** 2:2
**kind** 3:11 12:7 15:18 22:1,14 22:25
**know** 6:12 7:3 9:2 10:10 11:4 11:24 12:7,9 12:13,24 13:19 14:18,24 15:7 15:21 16:8 17:25 18:5,6,7 18:17,21 19:11 19:21 20:4,6,6 20:8,16,24 21:1,3,6,22,23 21:24 22:4,7 22:10 24:1
**knowingly** 18:21

**l**

**l** 3:9
**larger** 14:21 15:12
**lastly** 13:15 20:6
**law** 2:6,9 3:17 3:23,25 5:22 17:5
**lawyer** 15:24 15:25 21:6
**lawyers** 14:18 21:3
**leadership** 23:14
**learn** 13:19 16:20
**learning** 13:16 14:3 16:22 18:12
**length** 16:16
**level** 14:20
**levin** 2:11 4:9 5:19 14:7,9,12 15:7 19:22
**light** 23:15,23
**likewise** 23:3
**limited** 5:10 6:2 8:9

**lincoln** 2:7
**litigation** 8:11 9:18 23:17
**little** 4:4 6:13
**locate** 18:9 23:19
**locating** 20:8
**logistical** 21:11 21:14
**long** 4:22
**look** 5:2 6:19 7:3 22:23 23:19
**los** 2:17 25:11
**lot** 14:14
**lots** 16:18
**louisiana** 2:5
**ls557** 4:10

**m**

**made** 5:7 6:1 10:18 20:24 22:8
**majority** 11:1
**make** 19:14
**master** 3:7,15 3:21 4:1,6,10 4:14,18,20 5:6 5:24 6:11,18 7:2,6 8:16 9:9 9:16,23 10:6 12:3,6 14:6,10 15:20 16:2,13 17:16 19:1,14 19:17 20:10,20 22:12 23:8,13 24:4
**matched** 18:7
**matter** 3:8
**mdl** 7:14 8:15 8:16 9:13 10:9 10:13 11:1 12:25 13:7,12 14:4 15:2 16:21 19:5 20:18 21:5,15 22:22 23:14
**mean** 7:16 9:10 15:1,21,22 20:25 21:5 22:14
**mechanisms** 13:14
**meet** 18:18 23:1,5
**melissa** 3:9 4:24
**mentioned** 12:25
**michael** 2:16 4:14 19:17
**mirror** 17:17
**missing** 21:1
**modified** 15:9,9
**moment** 15:18
**montgomery** 2:12
**morning** 3:5 18:13
**motion** 5:7 17:5 23:6
**move** 11:24
**multiple** 20:24

**n**

**n** 3:9
**nachawati** 2:9 3:23,24 5:21
**name** 17:20 18:7
**names** 4:7
**narrow** 20:18
**nate** 3:9
**necessary** 7:18 12:1 20:5
**need** 7:8 13:5 15:23,24 17:13
**needed** 18:2 22:7
**needs** 14:1
**never** 18:14
**new** 2:5 18:13
**nj** 4:1
**nlg** 4:1 5:21
**nlg59** 18:6
**non** 7:21 8:4 10:14 12:12,22
**noncompliance** 13:8,10
**nonresponsive** 13:2 17:11
**north** 2:7
**note** 19:4
**notice** 21:12,19
**notion** 15:11
**number** 3:20 8:2
**numerous** 10:25

**o**

**o** 3:9
**objects** 20:13
**observing** 3:19
**obtain** 17:24
**obviously** 12:9 15:23 19:24 20:4
**occurred** 14:20
**office** 3:9
**official** 1:21 25:9
**okay** 3:20 4:2,2 4:14,18,20 5:24 6:14,20 7:6 9:16,23 10:6 12:3 14:6 19:1,17 20:10 22:12,13,16 23:8 24:4
**once** 6:16 10:18 11:11
**operation** 9:9
**opinion** 19:9

**oppose** 11:15
**order** 5:7 8:9 9:9,14 20:12 20:14,22
**ordered** 7:16 11:2,6
**orders** 9:19,21 13:9,9
**orleans** 2:5
**outside** 17:14

**p**

**p.m.** 3:3 24:7
**pages** 25:12
**painted** 10:10 10:16
**pandemic** 6:19
**papers** 7:12 14:14
**paralegal** 3:18 4:24
**parameters** 17:14
**participation** 21:23
**particular** 5:13 9:2 16:11 18:3
**party** 9:18
**past** 24:1
**peiffer** 2:2 3:13 5:16 10:24
**people** 19:15
**percent** 10:13 23:24
**percentage** 24:2
**person** 5:1 21:5
**perspective** 7:18 20:12 21:22
**pertinent** 13:20
**pervasive** 10:11,15 11:20
**pfs** 13:22
**picture** 10:10
**pieffer** 4:13
**place** 8:17,18 16:24 17:1
**plaintiff** 2:2 3:14,23 4:9,13 5:22 9:25 10:17,25 17:18 18:3,6 20:2,13 20:21,23 21:12 22:10,13
**plaintiff's** 5:12
**plaintiffs** 3:25 4:23 5:6,11,13 6:1,5 7:9,17 8:4,10,22 9:1,4 9:6,13 10:7,17 10:22 11:1,6,8 11:10 12:11,16 12:22 13:1,8 13:13,21 14:7 16:22 18:20,22 19:4 20:9,25 21:3,6,14,18,20 22:19 23:16,18
**point** 15:24 23:12
**points** 12:5 15:18 19:19
**poses** 15:6
**position** 7:7
**possibility** 19:23
**potential** 17:24 23:19
**potentially** 14:16,21 17:11 18:12
**preceded** 20:1
**prejudge** 23:4
**prejudice** 5:9 17:21
**prepared** 22:18
**pro** 1:21 4:25
**probably** 10:20 15:23 16:23
**problem** 4:5 10:12,23 11:20
**proceed** 7:19 8:19 9:22 20:17
**proceeded** 13:17
**proceeding** 1:4 24:7 25:5
**proceedings** 1:10 3:2 25:14
**proceeds** 10:3
**process** 16:9,21 23:1,5
**proposed** 8:9
**prosecutor** 16:17
**prospect** 19:24
**prove** 11:18
**proven** 9:2
**provide** 4:25,25 11:19 15:11 18:16
**pulaski** 9:2,25 11:5,18 22:5
**purposes** 8:1,7
**put** 17:4 23:10
**puts** 21:4
**putting** 16:24
**pw** 3:14 5:17
**pw25** 10:17

**q**

**question** 4:24 21:17
**questions** 7:9 14:14 23:3
**quick** 13:7 19:19
**quickly** 12:5 23:11
**quite** 18:23

**r**

**r** 23:10,10
**rachel** 2:3 3:13 4:13 5:16 10:8 19:3
**raised** 14:12,13 19:22 20:7 23:3
**rather** 19:11 23:11
**reaches** 17:11
**react** 22:13
**really** 5:25 11:22 15:13 16:15 17:17,22
**reasons** 7:19 8:22 22:21
**recall** 21:10
**receipt** 5:10 10:14,19 15:8 15:10 19:8,15
**receipts** 6:3 7:21,23 8:5,12 12:23 15:13 16:19,25 18:16 18:22 22:23,23 23:2
**receive** 22:23
**recommend** 16:5
**recommendat...** 22:18
**recommending** 17:23
**record** 3:11 4:7 21:8
**rectify** 10:22 11:11
**refer** 15:21
**regarding** 5:1 8:10
**regardless** 10:1
**regards** 10:16 10:19
**reisman** 3:8
**relatively** 16:11
**relevant** 14:4
**relief** 7:12,14 15:6
**remains** 13:25
**remote** 1:9 3:2 25:13
**report** 22:17
**reporter** 1:21 3:5 5:3 13:6 25:10
**reporter's** 1:9
**represent** 4:7 15:4 17:22
**representation** 16:7 22:10
**represented** 5:14
**representing** 4:8
**request** 6:1 8:8
**requiring** 20:22,23
**resources** 11:23 12:2 16:9 17:2
**respect** 9:24 12:7 13:11,15 15:7 19:21,22 21:13,23
**respective** 21:25
**respond** 6:5 12:5 22:13
**response** 17:8
**responses** 13:22
**responsive** 11:11 15:17
**rest** 11:6 23:9
**result** 23:5
**resulting** 16:10
**review** 13:22
**reviewing** 18:13
**ride** 10:14,19 15:13 16:19,25 19:7
**rideshare** 1:4 3:1 25:5
**right** 4:20 6:25 12:24 15:5 16:4,13 23:8 24:4
**risk** 22:25
**road** 2:10
**role** 20:21 21:24

**s**

**samira** 2:12 4:3 4:5,8 17:19
**san** 1:2 2:13 25:3
**saves** 6:16
**saying** 18:11 21:3
**scheduled** 8:21 21:11
**scheduling** 9:8
**scheme** 14:21 15:12
**scope** 19:20
**se** 4:25
**see** 4:2 6:15,16 7:3 23:21
**seeking** 7:12 19:10
**seems** 7:6 13:21
**seen** 8:2 11:1 14:1 18:14
**sent** 5:4
**separate** 14:11
**served** 19:4
**setting** 12:20 18:8
**several** 7:19 9:3 9:13

**shield** 19:25
**shook** 2:15 4:16
**short** 8:8 13:17
**shortnacy** 2:16 4:14,16
**show** 5:8 11:7,9
**side** 19:4 22:13 23:18
**signature** 25:18
**simes** 2:11 4:9 5:19 14:7,9,12 15:8 19:22
**similar** 7:17
**sit** 11:2,6 15:22 20:22,23
**situation** 11:12 15:20 16:16 18:24 20:21
**slip** 24:1
**soon** 22:18 23:15 24:5
**sought** 7:14
**source** 19:7
**speak** 6:4 7:10 10:9,19
**speaking** 8:23
**special** 3:7,8,15 3:21 4:1,6,10 4:14,18,20 5:6 5:24 6:11,18 7:2,6 8:16 9:9 9:16,23 10:6 12:3,6 14:6,10 15:20 16:2,13 17:16 19:1,14 19:17 20:10,20 22:12 23:8,13 24:4
**specific** 15:14 18:6
**specifically** 15:8
**speculate** 8:22
**spend** 17:2
**spoke** 11:4
**spot** 21:4
**stars** 2:16
**start** 3:12 10:6 16:8
**started** 4:21
**starting** 13:19
**state** 1:1 4:6 25:2,10
**states** 17:6
**stein** 3:9
**step** 17:14 20:16
**stop** 14:25
**street** 2:4,7,12
**subject** 9:14
**submit** 16:24
**submitted** 5:9 8:4 12:12 13:23
**submitting** 16:19 18:22
**subpoenas** 19:5
**subsequent** 13:9
**suite** 2:4,13,17
**superior** 1:1 25:2,10
**supporting** 4:13
**sure** 6:6 14:10
**surprise** 11:7
**survive** 6:18
**suspect** 24:5
**suspected** 16:25
**suss** 14:19
**systemic** 10:11 11:20
**systems** 16:24

**t**

**t** 1:21
**take** 4:23 8:17 17:13 22:16
**taken** 8:18 25:14
**talk** 5:25 15:15 23:2 24:5
**talked** 12:15 15:19
**talking** 19:14
**tara** 2:7 3:17 16:13
**technical** 6:9 6:23 12:18
**teckla** 1:21 3:5 25:9,19
**tempore** 1:21
**terms** 17:4
**terribly** 4:21
**texas** 2:10
**tf** 3:20
**thank** 3:16 12:3 23:8
**thanks** 24:4
**things** 21:2
**think** 4:1,10,21 5:11,24 6:6 7:11 8:9,21 9:20 10:3,11 11:19 12:11,21 14:13,22 15:7 15:16,18 16:6 17:1,3,8,13,19 18:1,10,20,23 20:5,7 21:2,9 21:17,21 22:14
**threatening** 13:10
**three** 8:10
**threshold** 21:13
**tied** 17:6
**tiffany** 2:3 3:21 4:2,12
**time** 8:21 15:9 17:2 24:2
**together** 23:10

**tort** 14:18
**total** 5:7
**tough** 21:4
**trajectory** 24:2
**transcript** 1:10 3:2 25:13
**tried** 10:21 11:11,12
**true** 25:13
**try** 6:14 23:10
**trying** 18:21 19:6
**turn** 6:15
**two** 8:18 11:4 11:17 13:16 21:9 22:21
**type** 9:14
**types** 23:22

**u**

**uber** 1:4 3:1 4:17 5:7 10:9 10:10,15 15:6 19:4 23:14,17 25:5
**uber's** 6:1
**under** 19:20,25 22:16
**understand** 7:24 16:2 20:6
**understanding** 7:20,23 8:5 21:14
**unhelpful** 16:12
**unlimited** 1:2 25:3
**unresponsive** 10:18 18:4 19:11
**used** 10:12
**usually** 23:6

**v**

**varied** 10:1
**video** 6:15
**voluntary** 11:14

**w**

**wagstaff** 2:6 3:17 14:7
**wagstaff's** 5:23
**wait** 18:15
**want** 6:4 7:7 14:24 15:15 16:13 17:2,19 18:11 19:2,18 22:13 23:4
**wants** 10:6 16:19
**waste** 11:22 12:1
**way** 19:9 20:17 20:19
**ways** 9:12 12:14 18:16
**we've** 7:14 8:2 11:1 12:11 18:23 22:22 23:15
**webinars** 23:16
**week** 8:19 12:15 13:25
**wifi** 4:5
**willing** 8:23
**wise** 2:2
**withdraw** 11:13
**wolf** 2:2 3:13 4:13
**wolfe** 5:16 10:24
**word** 10:11
**work** 9:11 21:5
**worked** 9:12
**working** 7:6 22:10
**works** 7:5
**wrong** 5:13

**y**

**yeah** 6:13 9:12 16:1,12,15 19:19 21:9
**year** 23:23

**z**

**zoom** 5:1

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>~~[PROPOSED]~~ **REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A WHO HAVE SUBMITTED NON-BONA-FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE**<br><br>Re: Dkt. No. 3604 |

Having considered Uber's Motion for Entry of an Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

The Court's Pretrial Order No. 5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident."

The 21 Plaintiffs listed in Exhibit A have submitted non-bona-fide receipts. Some of these receipts show on their face that they were generated using websites designed for creating receipts, such as Makereceipt.com. Other of these receipts contain math errors, formatting inconsistencies, and other errors. Other receipts submitted by these Plaintiffs were altered from actual receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

Accordingly, the 21 Plaintiffs listed in Exhibit A are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice.

Levin Simes, counsel for Plaintiffs with MDL IDs 1194 and 2350, represents that these two Plaintiffs have "assure[d]" them that "their receipts are authentic." ECF No. 3771 at 2. Uber served Defense Fact Sheets indicating it was not able to validate these receipts. The Court orders that Plaintiffs with MDL IDs 1194 and 2350 be required to: (1) produce native versions of their receipts, in accordance with the parties' agreed upon ESI Protocol (dkt. 524), including all available metadata outlined in Appendix 2; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com"; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts.

**IT IS SO ORDERED.**

Dated: September 9, 2025



# EXHIBIT A

| MDL ID | Law Firm |
|---|---|
| 2812 | Nachawati Law Group |
| 1914 | Slater Schulman LLP |
| 1194 | Levin Simes LLP |
| 2918 | Nachawati Law Group |
| 3425 | Chaffin Luhana |
| 2723 | Nachawati Law Group |
| 3038 | Chaffin Luhana |
| 3286 | Cutter Law PC |
| 2734 | Walkup, Melodia, Kelly & Schoenberger |
| 2350 | Levin Simes LLP |
| 3078 | Pulaski Law Firm |
| 3422 | Pulaski Law Firm |
| 2959 | Simmons Hanly Conroy |
| 3198 | Pulaski Law Firm |
| 2103 | Cutter Law |
| 3510 | Pulaski Law Firm |
| 3521 | Pulaski Law Firm |
| 3048 | Pulaski Law Firm |
| 3303 | Pulaski Law Firm |
| 3125 | Pulaski Law Firm |
| 3047 | Pulaski Law Firm |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

ALL ACTIONS

Case No. 3:23-md-03084-CRB (LJC)

**~~[PROPOSED]~~ ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A1 WHO HAVE SUBMITTED NON-BONA FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE**

Having considered Uber's Motion for Entry of an Order to Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

The Court's PTO #5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" ECF 175, ¶ 4.

The 6 Plaintiffs listed in Exhibit A1 have submitted non-bona fide receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]" *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

Accordingly, the 6 Plaintiffs listed in Exhibit A1 are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice. The Plaintiff with MDL ID 2774 should include in their response an explanation for their representation to the Court that the receipt submitted in MDL ID 1384 was from a "prior, unrelated litigation." ECF 3845 at 2.

**IT IS SO ORDERED.**

Dated: September 22, 2025



# EXHIBIT A1

| MDL ID | Law Firm |
|---|---|
| 2642 | Pulaski Law Firm |
| 1199 | Levin Simes LLP |
| 1384[1] | Peiffer Wolf |
| 2774[2] | Kherkher Garcia |
| 1507[3] | Nachawati Law Group |
| 3841 | Pulaski Law Firm |
| 3659 | Pulaski Law Firm |

[1] Plaintiff was dismissed without prejudice after the Court granted the withdrawal of counsel (Peiffer Wolf) on February 3, 2025. Plaintiff must show cause why dismissal should not be converted to dismissal with prejudice.
[2] Same Plaintiff as Plaintiff with MDL ID 1384.
[3] Dismissed without prejudice on June 2, 2025 due to the failure by Plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of Nachawati. Plaintiff must show cause why dismissal should not be converted to dismissal with prejudice.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

ALL ACTIONS

MDL No. 3084 CRB

**~~[PROPOSED]~~ AMENDED ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A1 WHO HAVE SUBMITTED NON-BONA FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE**

Judge: Honorable Charles R. Breyer

**~~[PROPOSED]~~ AMENDED ORDER**

Having considered Uber's Motion for Entry of an Order to Show Cause Why 7 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

The Court's Pretrial Order No. 5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" ECF 175, ¶ 4.

The 7 Plaintiffs listed in Exhibit A1 of the Motion have submitted non-bona fide receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]" *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

Accordingly, the 7 Plaintiffs listed in Exhibit A1 are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice. The Plaintiffs shall file a written response

no later than December 5, 2025. The response must specifically address the factual and legal basis for the submission of the non-bona fide receipts and why the conduct does not warrant dismissal under the Court's inherent powers.

The Court orders Plaintiffs with MDL IDS 3621, 3962, and 3666 to submit within 30 days to a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here.

**IT IS SO ORDERED.**

Dated: November 19, 2025




HO
Uni ge

# EXHIBIT A1

| MDL ID | Law Firm |
|---|---|
| 3666 | Pulaski Law Firm, PLLC |
| 3699 | Pulaski Law Firm, PLLC |
| 3787 | Pulaski Law Firm, PLLC |
| 3877 | Reich and Binstock, LLP |
| 3921 | Peiffer Wolf Carr Kane Conway & Wise |
| 3962 | Reich and Binstock, LLP |
| 3977 | Reich and Binstock, LLP |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*See Exhibits to Order* | Case No. 3:23-md-03084-CRB<br><br>**~~[PROPOSED AMENDED]~~ ORDER REGARDING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW-CAUSE ORDERS** |

**~~[PROPOSED AMENDED]~~ ORDER**

Having considered Defendants' Motion to Dismiss Cases for Failure to Comply with PTO 31 and Show-Cause Orders, the Court finds that:

1. The Plaintiffs subject to this Court's September 9 and September 22, 2025 orders to show cause have failed to show cause why their cases should not be dismissed with prejudice for their submission of fraudulent receipts in support of their claims. The Court orders that their cases, listed in Exhibit A, are DISMISSED WITH PREJUDICE.

2. The law firms of Nachawati Law Group; Slater Schulman LLP; Levin Simes LLP; Chaffin Luhana; Cutter Law PC; Walkup, Melodia, Kelly & Schoenberger; Pulaski Law Firm; Simmons Hanly Conroy; Peiffer Wolf; and Kherkher Garcia represent one or more of the 27 plaintiffs who submitted fraudulent receipts. For each ride receipt already submitted by clients of these law firms in the MDL, the firms are required to submit within 60 days a Fed. R. Civ. P. 26(g) certification that they have completed a full review and analysis of each receipt with each of their clients before the receipts were submitted, using the certification attached as Exhibit B. For each receipt submitted in the future by clients of these law firms in the MDL, the firms are required to submit the certification attached as Exhibit B contemporaneously with the receipt certifying under Rule 26(g) that they have completed a full review and analysis of each receipt with their clients before the receipts were submitted. For each receipt already submitted by clients of these law firms in the MDL, each plaintiff is required to submit within 60 days a certification stating under oath that they have completed a full review and analysis of each receipt with their counsel before the receipts were submitted, using the certification attached as Exhibit C. For each receipt submitted in the future by clients of these law firms in the MDL, each plaintiff is required to submit the certification attached as Exhibit C

contemporaneously with the receipt, stating under oath that they have completed a full review and analysis of each receipt with their counsel before the receipts were submitted.

3. Multiple Plaintiffs subject to Pretrial Order No. 31 have violated it by failing to produce a bona fide ride receipt or a statement explaining in detail the reasonable efforts they have undertaken to search for the receipt and explaining why they have been unable to locate it. Plaintiffs' non-compliance has substantially prejudiced Uber. Pursuant to Pretrial Order No. 31, the Court orders that their cases, listed in Exhibit D, are DISMISSED WITHOUT PREJUDICE. Plaintiffs' counsel are ordered to file notices of dismissal within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: February 10, 2026



**EXHIBIT A**

| MDLC ID | Case Number |
|---|---|
| 1194 | 3:23-cv-05930 |
| 1199 | 3:23-cv-05944 |
| 1384 | 3:24-cv-03441 |
| 1507 | 3:24-cv-04363 |
| 1914 | 3:24-cv-05717 |
| 2103 | 3:24-cv-05740 |
| 2350 | 3:24-cv-05864 |
| 2642 | 3:24-cv-07491 |
| 2723 | 3:24-cv-08622 |
| 2734 | 3:24-cv-09050 |
| 2812 | 3:25-cv-00369 |
| 2918 | 3:25-cv-01079 |
| 2959 | 3:25-cv-01384 |
| 3038 | 3:25-cv-01999 |
| 3047 | 3:25-cv-02109 |
| 3048 | 3:25-cv-02111 |
| 3078 | 3:25-cv-02401 |
| 3125 | 3:25-cv-02678 |
| 3198 | 3:25-cv-02931 |
| 3286 | 3:25-cv-03260 |
| 3303 | 3:25-cv-03547 |
| 3422 | 3:25-cv-04414 |
| 3425 | 3:25-cv-04466 |
| 3510 | 3:25-cv-04802 |
| 3521 | 3:25-cv-04878 |
| 3659 | 3:25-cv-05474 |
| 3841 | 3:25-cv-06705 |

**<u>EXHIBIT B</u>**

**Attorney Certification of Review for Plaintiff's Receipt**

I declare as follows based upon personal knowledge, including by and through investigation:

[EITHER]

Prior to submitting a ride receipt on behalf of Plaintiff ________________ in this MDL on [date], I completed a full review and analysis of the ride receipt with that Plaintiff.

[OR]

Prior to submitting a ride receipt on behalf of Plaintiff ________________ in this MDL on [date], I did not complete a full review and analysis of the ride receipt with that Plaintiff.

Date: _____________

___________________________
*[Signature of Counsel of Record & Signature Block]*

**<u>EXHIBIT C</u>**

**Plaintiff Certification of Review for Ride Receipt**

I declare as follows under penalty of perjury:

[EITHER]

Prior to my counsel submitting a ride receipt on my behalf in this MDL on [date], my counsel and I completed a full review and analysis of the ride receipt.

[OR]

Prior to my counsel submitting a ride receipt on my behalf in this MDL on [date], my counsel and I did not complete a full review and analysis of the ride receipt.

Date: ______________

______________________________
*[Signature of Plaintiff]*

# EXHIBIT D

| MDLC ID | Case Number | Plaintiff Pseudonym | Plaintiff Firm |
|---|---|---|---|
| 1121 | 3:23-cv-03811 | Jane Doe LS 134 | Levin Simes, LLP |
| 1154 | 3:23-cv-05237 | Jane Doe LS 364 | Levin Simes, LLP |
| 1184 | 3:23-cv-05433 | Jane Doe LS 234 | Levin Simes, LLP |
| 1187 | 3:23-cv-05572 | Jane Doe LS 322 | Levin Simes, LLP |
| 1189 | 3:23-cv-05573 | Jane Doe LS 191 | Levin Simes, LLP |
| 1195 | 3:23-cv-05922 | Jane Doe LS 185 | Levin Simes, LLP |
| 1362 | 3:24-cv-00574 | J.R. | Nachawati Law Group |
| 1490 | 3:24-cv-04322 | Jane Doe (D.H.) | Nachawati Law Group |
| 1493 | 3:24-cv-04330 | Jane Doe (Y.E.) | Nachawati Law Group |
| 1504 | 3:24-cv-04360 | Jane Doe (S.W.) | Nachawati Law Group |
| 1511 | 3:24-cv-04370 | Jane Doe (E.N.) | Nachawati Law Group |
| 1776 | 3:24-cv-04680 | CL 14 | Cutter Law PC |
| 1883 | 3:24-cv-05272 | WHB 644 | Williams Hart & Boundas, LLP |
| 1925 | 3:24-cv-05361 | WHB 703 | Williams Hart & Boundas, LLP |
| 1948 | 3:24-cv-05468 | WHB 1661 | Williams Hart & Boundas, LLP |
| 1963 | 3:24-cv-05555 | WHB 1930 | Williams Hart & Boundas, LLP |
| 1977 | 3:24-cv-05440 | WHB 470 | Williams Hart & Boundas, LLP |
| 1988 | 3:24-cv-05495 | WHB 1414 | Williams Hart & Boundas, LLP |
| 1989 | 3:24-cv-05500 | WHB 1468 | Williams Hart & Boundas, LLP |
| 2066 | 3:24-cv-05779 | WHB 1484 | Williams Hart & Boundas, LLP |
| 2067 | 3:24-cv-05781 | WHB 375 | Williams Hart & Boundas, LLP |
| 2070 | 3:24-cv-05565 | WHB 1659 | Williams Hart & Boundas, LLP |
| 2095 | 3:24-cv-05720 | Jane Roe CL 36 | Cutter Law PC |

| MDLC ID | Case Number | Plaintiff Pseudonym | Plaintiff Firm |
|---|---|---|---|
| 2100 | 3:24-cv-05734 | Jane Roe CL 40 | Cutter Law PC |
| 2104 | 3:24-cv-05741 | Jane Roe CL 43 | Cutter Law PC |
| 2106 | 3:24-cv-05746 | Jane Roe CL 45 | Cutter Law PC |
| 2110 | 3:24-cv-05810 | CL 48 | Cutter Law PC |
| 2111 | 3:24-cv-05811 | CL 49 | Cutter Law PC |
| 2115 | 3:24-cv-05831 | CL 53 | Cutter Law PC |
| 2120 | 3:24-cv-05846 | CL 58 | Cutter Law PC |
| 2127 | 3:24-cv-05950 | WHB 1273 | Williams Hart & Boundas, LLP |
| 2133 | 3:24-cv-05603 | WHB 1381 | Williams Hart & Boundas, LLP |
| 2148 | 3:24-cv-05631 | WHB 438 | Williams Hart & Boundas, LLP |
| 2152 | 3:24-cv-05636 | WHB 349 | Williams Hart & Boundas, LLP |
| 2165 | 3:24-cv-05624 | WHB 1334 | Williams Hart & Boundas, LLP |
| 2174 | 3:24-cv-05669 | WHB 1348 | Williams Hart & Boundas, LLP |
| 2176 | 3:24-cv-05665 | WHB 1611 | Williams Hart & Boundas, LLP |
| 2178 | 3:24-cv-05666 | WHB 891 | Williams Hart & Boundas, LLP |
| 2180 | 3:24-cv-05986 | WHB 1556 | Williams Hart & Boundas, LLP |
| 2189 | 3:24-cv-05715 | WHB 1057 | Williams Hart & Boundas, LLP |
| 2190 | 3:24-cv-05716 | WHB 1470 | Williams Hart & Boundas, LLP |
| 2200 | 3:24-cv-05822 | Jones, Cody | Pro se |
| 2207 | 3:24-cv-05948 | WHB 884 | Williams Hart & Boundas, LLP |
| 2223 | 3:24-cv-05115 | L.B. | Nachawati Law Group |
| 2231 | 3:24-cv-05340 | C.H. | Nachawati Law Group |
| 2233 | 3:24-cv-05343 | J.J. | Nachawati Law Group |
| 2236 | 3:24-cv-05718 | Jane Doe (C.M.) | Nachawati Law Group |

| MDLC ID | Case Number | Plaintiff Pseudonym | Plaintiff Firm |
|---|---|---|---|
| 2253 | 3:24-cv-05764 | T.M. | Nachawati Law Group |
| 2255 | 3:24-cv-05796 | K.M. | Nachawati Law Group |
| 2256 | 3:24-cv-05946 | E.P. | Nachawati Law Group |
| 2264 | 3:24-cv-06076 | S.S. | Nachawati Law Group |
| 2279 | 3:24-cv-05980 | LS 303 | Levin Simes, LLP |
| 2302 | 3:24-cv-05316 | LS 6 | Levin Simes, LLP |
| 2315 | 3:24-cv-05387 | LS 54 | Levin Simes, LLP |
| 2322 | 3:24-cv-05836 | LS 406 | Levin Simes, LLP |
| 2324 | 3:24-cv-05739 | LS 420 | Levin Simes, LLP |
| 2367 | 3:24-cv-05853 | LS 5 | Levin Simes, LLP |
| 2395 | 3:24-cv-05743 | LS 430 | Levin Simes, LLP |
| 2398 | 3:24-cv-05327 | LS 232 | Levin Simes, LLP |
| 2420 | 3:24-cv-05475 | LS 136 | Levin Simes, LLP |
| 2425 | 3:24-cv-06021 | LS 296 | Levin Simes, LLP |
| 2433 | 3:24-cv-06020 | LS 291 | Levin Simes, LLP |
| 2440 | 3:24-cv-05928 | LS 504 | Levin Simes, LLP |
| 2445 | 3:24-cv-05971 | LS 135 | Levin Simes, LLP |
| 2450 | 3:24-cv-05862 | LS 440 | Levin Simes, LLP |
| 2470 | 3:24-cv-05914 | LS 304 | Levin Simes, LLP |
| 2471 | 3:24-cv-05909 | LS 215 | Levin Simes, LLP |
| 2483 | 3:24-cv-05777 | LS 214 | Levin Simes, LLP |
| 2489 | 3:24-cv-05982 | LS 125 | Levin Simes, LLP |
| 2490 | 3:24-cv-05898 | LS 368 | Levin Simes, LLP |
| 2499 | 3:24-cv-05885 | LS 173 | Levin Simes, LLP |

| MDLC ID | Case Number | Plaintiff Pseudonym | Plaintiff Firm |
|---|---|---|---|
| 2509 | 3:24-cv-05419 | LS 206 | Levin Simes, LLP |
| 2513 | 3:24-cv-05760 | John Doe LS 3 | Levin Simes, LLP |
| 2599 | 3:24-cv-06863 | CL 70 | Cutter Law PC |
| 2680 | 3:24-cv-07569 | CL 76 | Cutter Law PC |
| 2682 | 3:24-cv-07584 | Jane Roe CL 78 | Cutter Law PC |
| 2703 | 3:24-cv-08522 | CL 82 | Cutter Law PC |
| 2705 | 3:24-cv-08526 | CL 84 | Cutter Law PC |
| 2714 | 3:24-cv-08756 | CL 86 | Cutter Law PC |
| 2756 | 3:24-cv-09211 | LS 548 | Levin Simes, LLP |
| 2774 | 3:24-cv-09515 | Jane Doe 693827 | Kherkher Garcia |
| 2788 | 3:25-cv-00007 | C.L. | Pro se |
| 2850 | 3:25-cv-01092 | WHB 2060 | Williams Hart & Boundas, LLP |
| 2855 | 3:25-cv-01101 | WHB 2064 | Williams Hart & Boundas, LLP |
| 2862 | 3:25-cv-01130 | WHB 2071 | Williams Hart & Boundas, LLP |
| 2866 | 3:25-cv-01148 | WHB 2075 | Williams Hart & Boundas, LLP |
| 2878 | 3:25-cv-01180 | WHB 2036 | Williams Hart & Boundas, LLP |
| 2884 | 3:25-cv-01206 | WHB 2042 | Williams Hart & Boundas, LLP |
| 2885 | 3:25-cv-01207 | WHB 2043 | Williams Hart & Boundas, LLP |
| 2888 | 3:25-cv-01209 | WHB 2044 | Williams Hart & Boundas, LLP |
| 2892 | 3:25-cv-01216 | WHB 2048 | Williams Hart & Boundas, LLP |
| 2896 | 3:25-cv-01226 | WHB 2051 | Williams Hart & Boundas, LLP |
| 2899 | 3:25-cv-01237 | WHB 2053 | Williams Hart & Boundas, LLP |
| 2900 | 3:25-cv-01244 | WHB 2054 | Williams Hart & Boundas, LLP |
| 2904 | 3:25-cv-01249 | WHB 2057 | Williams Hart & Boundas, LLP |

| MDLC ID | Case Number | Plaintiff Pseudonym | Plaintiff Firm |
|---|---|---|---|
| 2906 | 3:25-cv-01255 | WHB 2059 | Williams Hart & Boundas, LLP |
| 2952 | 3:25-cv-01349 | Jane Roe CL 105 | Cutter Law PC |
| 2989 | 3:25-cv-01493 | LS 553 | Levin Simes, LLP |
| 2990 | 3:25-cv-01693 | LS 554 | Levin Simes, LLP |
| 3013 | 3:25-cv-01711 | NLG (A.B.) | Nachawati Law Group |
| 3014 | 3:25-cv-01714 | NLG (M.G.) | Nachawati Law Group |
| 3016 | 3:25-cv-01717 | NLG (M.L.P.) | Nachawati Law Group |
| 3118 | 3:25-cv-02551 | C.O. | Peiffer Wolf Carr Kane Conway & Wise |
| 3122 | 3:25-cv-02650 | K.B. | Peiffer Wolf Carr Kane Conway & Wise |
| 3151 | 3:25-cv-02616 | Jane Doe NLG (KS) | Nachawati Law Group |
| 3177 | 3:25-cv-02801 | LS 583 | Levin Simes, LLP |
| 3178 | 3:25-cv-02792 | LS 582 | Levin Simes, LLP |
| 3243 | 3:25-cv-03269 | Jane Doe LS 593 | Levin Simes, LLP |
| 3258 | 3:25-cv-01943 | CL 115 | Cutter Law PC |
| 3264 | 3:25-cv-02136 | CL 121 | Cutter Law PC |
| 3266 | 3:25-cv-02139 | CL 123 | Cutter Law PC |
| 3281 | 3:25-cv-03137 | CL 138 | Cutter Law PC |
| 3298 | 3:25-cv-03364 | J.M. | Pro se |
| 3314 | 3:25-cv-02949 | NLG (JH) | Nachawati Law Group |
| 3373 | 3:25-cv-04041 | JLG 134 | Johnson Law Group |
| 3380 | 3:25-cv-04071 | LS 598 | Levin Simes, LLP |
| 3443 | 3:25-cv-03818 | CL 153 | Cutter Law PC |
| 3473 | 3:25-cv-04582 | Jane Doe 691174 | Kherkher Garcia |

Case 3:23-md-03084-CRB Document 5062 Filed 01/20/26 Page 12 of 16

| MDLC ID | Case Number | Plaintiff Pseudonym | Plaintiff Firm |
|---|---|---|---|
| 3512 | 3:25-cv-04699 | LS 601 | Levin Simes, LLP |
| 3552 | 3:25-cv-04708 | CL 172 | Cutter Law PC |
| 3648 | 3:25-cv-05318 | Jane Doe 690917 | Kherkher Garcia |
| 3681 | 3:25-cv-05571 | E.M. 3681 | Cohen Hirsch, LP |
| 3705 | 3:25-cv-05577 | KG 013 | Kherkher Garcia |
| 3748 | 3:25-cv-05865 | NLG (LL) | Nachawati Law Group |
| 3758 | 3:25-cv-05942 | LS 616 | Levin Simes, LLP |
| 3773 | 3:25-cv-06077 | KG 039 | Kherkher Garcia |
| 3790 | 3:25-cv-06249 | LS 620 | Levin Simes, LLP |
| 3791 | 3:25-cv-06243 | LS 619 | Levin Simes, LLP |
| 3793 | 3:25-cv-06306 | LS 622 | Levin Simes, LLP |
| 3798 | 3:25-cv-06382 | I.C. | Peiffer Wolf Carr Kane Conway & Wise |
| 3814 | 3:25-cv-06031 | NLG (KF) | Nachawati Law Group |
| 3828 | 3:25-cv-06541 | LS 626 | Levin Simes, LLP |
| 3865 | 3:25-cv-06843 | B.P. | Peiffer Wolf Carr Kane Conway & Wise |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**~~[PROPOSED]~~ ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A1 WHO HAVE SUBMITTED NON-BONA FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE** |

Having considered Uber's Motion for Entry of an Order to Show Cause Why Certain Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice and Allowing the Deposition of the Three Plaintiffs, the Court hereby GRANTS the motion.

The Court's Pretrial Order No. 5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" ECF 175, ¶ 4.

The 3 Plaintiffs listed in Exhibit A1 of the Motion have submitted apparently non-bona fide receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1474 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]" *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

Accordingly, the 3 Plaintiffs listed in Exhibit A1 are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice. The Plaintiffs shall file a written response no later than May 21, 2026. The response must specifically address the factual and legal basis for the submission of the non-bona fide receipts and why the conduct does not warrant dismissal under the Court's inherent powers.

The Court orders Plaintiffs with MDL IDs 4152, 4190, and 4657 to submit within 30 days to a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipts were generated and distributed (including in coordination with a non-party), and who else was involved in or aware of the fraud described in Uber's above referenced Motion.

**IT IS SO ORDERED.**

Dated: April 23, 2026




HO
Uni ge

# EXHIBIT A1

| MDL ID | Law Firm |
|---|---|
| 4152 | Reich and Binstock, LLP |
| 4190 | Nachawati Law Group |
| 4657 | Wagstaff Law Firm |

# PROOF OF SERVICE

*IN RE: UBER RIDESHARE CASES*
San Francisco County Superior Court Case No. CJC-21-005188

I, the undersigned, declare: I am at least 18 years old and not a party to the within action; that my business mailing address is 1250 I St. NW, Suite 501, Washington, D.C., 20005.

On the date specified below, I served a copy of the foregoing document described as:

**REPORT AND RECOMMENDATION OF SPECIAL MASTER ELLEN REISMAN AS TO DEFENDANTS' MARCH 16, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF 5 PLAINTIFFS**

on the interested parties in this action in the following manner:

[X] **BY NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) by submitting an electronic version of the document(s) to File & ServeXpress through the user interface at www.FileandServeXpress.com. Participants in the case who have consented will be served through the user interface at www.FileandServeXpress.com. Participants who have not consented will be served by mail or by other means permitted by the court rules

[X] **BY U.S. MAIL:** I caused a true copy of the above-referenced document(s) to be placed in a sealed envelope provided by the United States Postal Service and deposited the sealed envelope with the USPS, with the postage fully prepaid, and addressed to the Self-Represented Plaintiff below at her last known address:

| |
|---|
| Jane Doe EB 31 |
| *Self-Represented Plaintiff* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2026, in Washington, D.C.

*/s/Melissa Folan*
Melissa Folan