# EXHIBIT 17

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * | **MDL 2179** |
| | * * | **SECTION J** |
| **This Document Applies to:** | * * | **JUDGE BARBIER** |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | * * * | **MAG. JUDGE SHUSHAN** |

**ORDER**

On June 25, 2013, the Court advised counsel for BP and the Plaintiffs' Steering Committee ("PSC") of its intent to appoint Louis Freeh of the Freeh Group International Solutions, LLC, as a Special Master in this proceeding under Federal Rule of Civil Procedure 53. No one objected to this appointment. By this Order, the Court formally appoints Mr. Freeh and the Freeh Group as Special Master. This appointment is made pursuant to Rule 53 and the inherent authority of the Court. The Court sets forth below the circumstances giving rise to the appointment, and the duties and terms of the Special Master's appointment.

**I. BACKGROUND**

*In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, 10-MD-2179 ("MDL-2179"), was assigned to this Court on August 10, 2010. In 2012, counsel for BP and the PSC reached an agreement to settle claims brought by non-governmental private claimants for economic damages arising from the Deepwater Horizon oil spill. The settlement agreement was given final approval by the Court. In accordance with the settlement agreement, the Court established the Deepwater Horizon Court Supervised Settlement Program

("CSSP"), which began operation on June 4, 2012.

Certain recent events have arisen that led to the resignation of a staff attorney at the CSSP. An internal investigation by the CSSP is underway. However, the Court has concluded that in order to ensure the integrity of the program for the benefit of the parties and the public, an independent, external investigation of this matter should be performed. This type of investigation cannot be effectively and timely addressed by an available district judge or magistrate judge of this district. Accordingly, the Court has decided to appoint Mr. Freeh as Special Master for this purpose. Mr. Freeh's resume and a brief description of the services provided by the Freeh Group are attached to this Order. Mr. Freeh has extensive experience which qualifies him for this appointment, including prior service as an FBI Special Agent, Assistant United States Attorney for the Southern District of New York, United States District Judge for the Southern District of New York, and Director of the FBI. His current firm, the Freeh Group, has extensive experience and expertise in conducting a wide range of both internal and external investigations and fact finding.

The duties of this appointment will not involve traditional special master roles involving mediation, discovery, fact finding, or substantive law. This appointment is limited to: a) performing the aforementioned independent external investigation; b) fact finding as to any other possible ethical violations or other misconduct within the CSSP; and c) examining and evaluating the internal compliance program and anti-corruption controls within the CSSP, and making any necessary recommendations to design and to implement additional such controls, policies, procedures, and practices to ensure the integrity of the CSSP.

## II. COMMUNICATIONS WITH THE PARTIES AND THE COURT

In accordance with Rule 53(b)(2)(B), the Court sets forth the circumstances in which the

Special Master may communicate *ex parte* with the court or a party as follows: The Special Master is instructed to perform his duties independently of BP, the PSC, and the CSSP. However, the Special Master is authorized to communicate *ex parte* with the Court and the parties, without notice, as he deems necessary and appropriate for the performance of his duties.

**III. SPECIAL MASTER'S RECORDS**

The Special Master shall maintain normal billing records of time spent on this matter with reasonably detailed descriptions of his activities. If the Court asks the Special Master to submit a formal report, the Special Master shall submit such report in writing for electronic filing on the case docket.

**IV. COMPENSATION**

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. Fees and expenses for the Special Master shall be submitted monthly to the Court for approval and shall be paid as costs of administration for the CSSP.

Signed in New Orleans, Louisiana, this 2nd day of July, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE