**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*All Cases*

Case No. 3:23-md-03084-CRB

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO APPOINT A SPECIAL MASTER TO INVESTIGATE FRAUD**

Judge: Hon. Charles R. Breyer
Courtroom: 6 – 17th Floor

## I. RECITALS AND BASIS FOR APPOINTMENT

**WHEREAS**, the Court has received motions indicating that suspected fraud has occurred in connection with claims, submissions, or conduct within this mass tort proceeding, including, but not limited to, fabricated or falsified documentation, Plaintiff Fact Sheets submitted without Plaintiff review, material inconsistencies between claims and objective evidence, including receipts, GPS data, trip data, and other data available to the Plaintiffs, and other related fraud and misconduct;

**WHEREAS**, the nature and scope of the suspected fraud are such that the appointment of a Special Master is warranted to (1) investigate suspected fraudulent claims, fabricated evidence, material inconsistencies, and related irregularities; (2) determine which claims or submissions are fraudulent; (3) rule on fraud-related motions; and (4) recommend sanctions and remedial measures;

**WHEREAS**, the Court finds that appointment is warranted under Federal Rule of Civil Procedure 53(a)(1)(C) because investigating and evaluating the suspected fraud requires extensive document review, witness interviews, and claims-data analysis that would unduly burden the Court's docket and because fraud-related matters cannot be effectively and timely addressed by an available district judge or magistrate judge of the district;

**WHEREAS**, the Court has determined that the parties have been afforded notice and an opportunity to be heard regarding the appointment of a Special Master, and the Court has considered and overruled objections for the reasons stated on the record; and

**WHEREAS**, the Court has confirmed that the proposed Special Master has no conflict of interest or relationship to the parties, counsel, or matters at issue that would disqualify the appointee;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

## II. APPOINTMENT OF SPECIAL MASTER

1. Pursuant to Federal Rule of Civil Procedure 53, the Court hereby appoints [SPECIAL MASTER NAME], [TITLE/CREDENTIALS], as Special Master to conduct an investigation into suspected fraud, material misrepresentations, irregularities, and misconduct in connection with claims and submissions in this MDL proceeding (the "Investigation"), to determine which claims or

submissions are fraudulent, and to hear and rule, in the first instance, and subject to Court review, on motions related to that Investigation.

2. The Special Master shall serve at the pleasure of the Court and may be removed at any time, with or without cause, upon order of the Court.

3. The Special Master is not a judicial officer of this Court but acts under the Court's authority and subject to judicial oversight as provided herein and by Rule 53.

## III. SCOPE AND MANDATE OF INVESTIGATION

4. The Special Master is directed to investigate the following categories of suspected fraud and misconduct (collectively, the "Subject Matters"):

a. Fabricated, forged, altered, or falsified documents, including ride receipts, emails, screenshots, support chats, and other submissions bearing indicia of manipulation, such as watermarks, math errors, timestamp inconsistencies, formatting irregularities, or alterations from authentic records;

b. Plaintiff Fact Sheets or other discovery responses submitted without Plaintiff review, falsely represented as completed by Plaintiffs, or populated with statements that Plaintiffs did not make or approve;

c. Claims or Plaintiff Fact Sheets falsely alleging that Plaintiffs ordered rides for themselves when trip data or other information shows the rides were ordered for others;

d. Claims or Plaintiff Fact Sheets alleging facts contradicted by receipts, GPS data, trip data, Defendant Fact Sheet productions, or other objective evidence, including driver-gender allegations contradicted by produced receipts;

e. Claimant or counsel non-compliance with fraud-related Court orders, including failures to appear for Court-ordered depositions or to comply with orders concerning suspected fraudulent submissions;

f. Referral, lead-generation, advertising, solicitation, or claims-acquisition practices that may have contributed to unvetted, unsupported, exaggerated, or fraudulent claims; and

g. Any other fraud, misconduct, or irregularity discovered during the Investigation that is related to or arises from the Subject Matters described above, including patterns bearing on the source, scope, or coordination of suspected fraud.

5. The Special Master's Investigation shall encompass claims, submissions, and conduct filed in this multi-district litigation, and shall extend to parties, counsel, claimants, law firms, referral sources, lead generators, and any other persons or entities whose conduct is relevant to the Subject Matters.

**IV. POWERS AND DUTIES OF THE SPECIAL MASTER**

6. In conducting the Investigation, the Special Master shall have the following powers and duties:

a. Authority to issue subpoenas for documents, electronically stored information, and tangible things, and to compel the attendance of witnesses for testimony, to the same extent as would be available to a party under Federal Rules of Civil Procedure 34 and 45, subject to applicable privileges and protections;

b. Authority to propound written interrogatories and requests for admission upon any party, counsel, claimant, or third party relevant to the Investigation;

c. Authority to conduct interviews and take testimony under oath (including depositions) of any party, claimant, attorney, expert, law firm representative, lead generator, referral source, or other witness;

d. Authority to review, inspect, and copy claim files, billing records, communications, financial records, referral agreements, retainer agreements, and any other documents or electronically stored information relevant to the Investigation;

e. Authority to retain, at the expense of the parties as provided in Section VII below, such staff, consultants, forensic experts, auditors, or investigators as the Special Master reasonably deems necessary to carry out the Investigation;

f. Authority to issue procedural orders governing the conduct of the Investigation, including scheduling orders, discovery protocols, and procedures for the submission of evidence, subject to review by this Court upon objection;

g. Authority to rule, in the first instance and subject to Court review, on fraud-related motions, including motions for orders to show cause why claims should not be dismissed for submission of non-bona-fide evidence and motions to compel or enforce compliance with fraud-related orders, and to recommend sanctions, remedial measures, or other relief, including dismissal of fraudulent claims with prejudice; referral of matters to appropriate disciplinary authorities, law enforcement agencies, or the United States Attorney's Office; imposition of monetary sanctions; and such other relief as may be just and appropriate;

h. Authority to make findings of fact and conclusions of law, and to submit reports and recommendations to the Court as set forth in Section VIII below; and

i. Such other powers as are reasonably necessary to carry out the Investigation and as may be conferred by further order of this Court.

7. The Special Master shall have no authority to enter final judgments. Any orders, findings, conclusions, reports, recommendations, or other rulings of the Special Master shall be subject to review by this Court as provided in Section VI below and Fed. R. Civ. P. 53.

## V. PROCEDURES FOR THE INVESTIGATION

### A. Cooperation of Parties and Counsel

8. All parties, counsel of record, and their agents shall cooperate fully with the Special Master in the conduct of the Investigation. Failure to cooperate may result in sanctions, including, but

not limited to, adverse inferences, monetary penalties, dismissal of claims, or referral for contempt proceedings.

9. Within 30 days of the entry of this Order, all parties and counsel shall produce to the Special Master such documents and information as the Special Master may request in an initial document demand, and shall thereafter comply with all discovery requests and procedural orders issued by the Special Master within the time frames specified therein.

**B. Confidentiality and Protective Order**

10. All information, documents, testimony, and work product generated or obtained in connection with the Investigation shall be treated as confidential and subject to the Protective Order entered in this litigation [Dkt. No. 176]. The Special Master may recommend modifications to the Protective Order as necessary to facilitate the Investigation, subject to Court approval.

11. The Special Master, all staff, consultants, and investigators retained by the Special Master, and all persons given access to confidential materials in connection with the Investigation shall execute appropriate confidentiality agreements and shall be bound by the terms of the Protective Order.

12. Nothing in this Order shall prevent the Special Master from making referrals to law enforcement or regulatory authorities as contemplated by Paragraph 6(g), provided that any such referral shall be made in consultation with the Court and subject to such procedures as the Court may direct to protect the rights of the parties.

**C. Ex Parte Communications**

13. Consistent with Federal Rule of Civil Procedure 53(b)(2)(B), the Special Master may, subject to the following limitations, engage in ex parte communications with the parties or their counsel regarding the substance of the Investigation. The Special Master may communicate ex parte with a party or counsel only for the limited purpose of (i) scheduling and administrative matters, or (ii) investigative interviews conducted pursuant to Paragraph 6(c), provided that the Special Master

shall promptly disclose the occurrence and general subject matter of any such communication to all other parties.

14. The Special Master may communicate ex parte with the Court regarding administrative matters related to the Investigation. Any substantive communication between the Special Master and the Court shall be disclosed to the parties, who shall have an opportunity to respond.

**D. Timelines and Interim Reporting**

15. Within 45 days of the entry of this Order, the Special Master shall submit to the Court and the parties a proposed investigation plan and schedule, including anticipated phases of the Investigation, a preliminary document request list, and a projected timeline for interim and final reports.

16. The Special Master shall submit interim status reports to the Court at intervals of no less than every 90 days, or more frequently as circumstances warrant or as the Court may direct. Interim reports shall be filed under seal unless the Court orders otherwise.

## VI. STANDARD OF REVIEW

17. Consistent with Federal Rule of Civil Procedure 53(f), the Court shall review the Special Master's findings of fact and recommendations as follows:

a. The Court shall decide de novo all objections to conclusions of law made or recommended by the Special Master;

b. The Court shall decide de novo all objections to findings of fact made or recommended by the Special Master, unless the parties stipulate, with the Court's consent, that findings of fact shall be reviewed for clear error, or that the findings of the Special Master shall be final;

c. The Court shall set aside any procedural ruling of the Special Master that is found to be clearly erroneous or contrary to law; and

d. The Court retains ultimate authority to accept, reject, or modify, in whole or in part, any finding, conclusion, or recommendation of the Special Master.

18. Any party may file objections to the Special Master's interim or final reports within 21 days of service of the report. Responses to objections shall be filed within 14 days thereafter. The Court may, in its discretion, hold a hearing on any objections.

## VII. COMPENSATION AND COST ALLOCATION

19. The Special Master shall be compensated at the rate of $[HOURLY RATE] per hour for time devoted to the Investigation. Staff, consultants, and investigators retained by the Special Master shall be compensated at rates approved in advance by the Court.

20. The costs and expenses of the Special Master's Investigation, including the Special Master's fees, staff compensation, travel, retention of consultants, and other reasonable expenses, shall initially be borne equally by the parties.

21. The Special Master shall submit monthly invoices to the Court and the parties detailing time spent and expenses incurred. Any party may object to the reasonableness of the Special Master's fees or expenses within 14 days of receipt of an invoice. The Court shall resolve any disputes regarding compensation.

22. The Court reserves the right to reallocate costs at the conclusion of the Investigation based on the findings and recommendations of the Special Master, and to impose costs upon any party, counsel, or claimant found to have engaged in fraud or misconduct.

## VIII. REPORTING REQUIREMENTS

23. The Special Master shall submit the following reports to the Court:

a. An initial Investigation plan within 45 days of the entry of this Order, as set forth in Paragraph 15;

b. Interim status reports at intervals of not less than every 90 days, addressing: (i) the progress of the Investigation; (ii) any impediments encountered, including non-cooperation; (iii) preliminary findings, if any; and (iv) any recommendations for interim relief or further Court action; and

c. A final report and recommendations upon completion of the Investigation, which shall include: (i) detailed findings of fact; (ii) conclusions of law; (iii) identification of all claims, parties, counsel, or persons found to have engaged in or facilitated fraud or misconduct; (iv) recommendations for remedial measures, sanctions, referrals, and any other relief; and (v) such other information as the Court may direct.

24. All reports shall be filed under seal. The Court will determine, after consultation with the parties, whether and to what extent reports or portions thereof may be unsealed.

25. The procedures for objections to the Special Master's reports are set forth in Paragraph 18 above.

## IX. TERM, DURATION, AND TERMINATION

26. The Special Master's appointment shall be effective as of the date of entry of this Order and shall continue for an initial term of 18 months, unless extended or terminated earlier by order of the Court.

27. Upon motion of any party or upon the Court's own initiative, the term of the appointment may be extended for good cause shown. The Special Master may also request an extension, which shall be granted or denied in the Court's discretion.

28. The appointment of the Special Master may be terminated at any time by order of the Court, upon the Court's own motion or upon motion of a party for good cause shown. The Special Master may resign upon 30 days' written notice to the Court and the parties.

29. Upon termination or expiration of the appointment, the Special Master shall submit a final report (if not previously submitted), return all confidential materials to the parties or destroy them as directed by the Court, and wind up all pending matters within 30 days.

## X. MISCELLANEOUS PROVISIONS

30. This Court retains jurisdiction over all matters arising out of or related to this Order, including enforcement of the Special Master's subpoenas and orders, resolution of disputes, and imposition of sanctions.

31. This Order may be amended, modified, or supplemented at any time by further order of the Court, upon motion of a party, upon recommendation of the Special Master, or upon the Court's own initiative.

32. Nothing in this Order shall be construed to limit the Court's inherent authority to manage this litigation, impose sanctions, or take any other action within its jurisdiction.

33. The Clerk of Court is directed to serve a copy of this Order upon all parties of record and upon the Special Master at the following address: [SPECIAL MASTER ADDRESS].

34. To the extent any provision of this Order conflicts with any prior case management order entered in this MDL, this Order shall control with respect to matters within the scope of the Special Master's Investigation.

**IT IS SO ORDERED.**

Dated:__________________________

________________________________

Hon. Charles R. Breyer
United States District Judge