[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | CASE NO. 3:23-MD-03084-CRB |
| This Document Relates to:<br>*JANE DOE QLF 001 v. Uber Technologies, Inc. et al.,*<br>*N.D. Cal No. 3:24-cv-08783*<br>*W.D. Tex. No. 1:26-cv-01694* | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO ADMIT EVIDENCE OF DRIVER'S CRIMINAL CONVICTION**<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| JANE DOE QLF 001,<br>Plaintiff,<br>v.<br>UBER TECHNOLOGIES, INC., et al.,<br>Defendants. | CASE NO. 26-CV-01694-CRB<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 501 |

Plaintiff's motion is unfairly designed to force Uber—with just a few days' notice—to decide (and disclose) exactly how it plans to defend itself at trial. The Court acknowledged at the August 14, 2026 CMC that Uber is entitled to depose Mr. Le before deciding whether it intends to contest facts regarding the alleged assault underlying this case. *See* 8/14/2026 CMC Tr. 15:22-16:24. In the intervening week, Plaintiff has apparently decided that she would like to avoid deposing the driver and instead preemptively seeks to admit evidence of the driver's criminal case and conviction. But Plaintiff's change of plans should not penalize Uber, which is prepared to go forward with that deposition as planned. Due process and basic fairness demand that Uber be allowed to take the driver's deposition before committing to a position on Plaintiff's motion to admit. As a result, the Court should withhold judgment on Plaintiff's evidentiary motion to admit evidence of the driver's conviction until Uber has conducted the discovery necessary to formulate its defense.[1]

## FACTUAL BACKGROUND

At the August 14, 2026 CMC, the Court raised the issue of whether Uber intends to contest that the assault at issue in this case occurred. *See* 8/14/2026 CMC Tr. 15:22-16:24. In response, Uber's counsel explained that Uber cannot fairly make that determination without the deposition of the driver, which is currently scheduled to take place on or around September 1, 2026—and the Court agreed that Uber should let the Court know "as soon [as possible] after September 1 as to what [its] position is" on this issue. *Id.* 16:7-24. Despite this statement from the Court, Plaintiff proceeded to file the instant premature motion—along with an administrative request to shorten the time for Uber to respond—effectively seeking to force Uber to make this decision without the benefit of the driver's deposition and on just a few days' notice. *See* Dkt. Nos. 7041, 7049.

---

[1] Separate and apart from evidence of the conviction itself, Uber intends to move *in limine* to exclude other irrelevant, cumulative, and highly prejudicial evidence related to the criminal case against the driver, including but not limited to trial transcripts, references to testimony offered during the criminal trial, evidence related to the driver's absence from trial and the circumstances in which he was found, testimony from the punishment phase, and/or the driver's appeal of his conviction and its disposition.

Plaintiff asserts in her motion to admit the conviction—as she did in her administrative motion to shorten Uber's time to respond—that the admissibility of the conviction needs to be resolved immediately because, if the conviction is admitted, Plaintiff will choose not to depose the driver after all. *See* Dkt. No. 7041 at 1; Dkt. No. 7049 at 1. But Plaintiff ignores that Uber also has the right to depose the driver in order to fairly determine whether to contest if the assault occurred. While Uber did not originally notice the deposition of the driver, it has now prepared for that deposition and intends to go forward, regardless of Plaintiff's change of heart, in order to inform its understanding of the facts and prepare its defense at trial.

## ARGUMENT

The appropriate time for an evidentiary motion related to the admissibility of the driver's conviction is ***after*** the parties have had an opportunity to conduct deposition and other discovery related to the driver, such that they can each fairly develop a trial presentation. The Court recognized as much at the August 14 CMC, directing Uber to inform the Court as to whether it intends to contest the assault ***after*** the driver's deposition, which is slated to occur on or about September 1, 2026. *See* 8/14/2026 CMC Tr. 15:22-16:24. This was the correct approach, and Plaintiff has identified no legitimate reason for the Court to deviate from it. As noted above, Plaintiff asserts that the Court needs to decide the motion immediately because admitting evidence of the driver's criminal conviction would render the driver's deposition unnecessary. Dkt. No. 7041 at 1; Dkt. No. 7049 at 1. That is incorrect. While Plaintiff may choose to forgo questioning the driver prior to trial if she prevails on her motion, Uber has an independent right to depose the driver in connection with developing its defense and intends to proceed with the deposition on or around September 1, 2026. As a result, deciding at this point whether evidence related to the driver's conviction is admissible would not provide any efficiency benefit, would be extremely prejudicial to Uber and would violate the Company's due process right to present every available defense at trial. *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (recognizing the due process right "to present every available defense").

Making this determination now would also be premature because the admissibility of the driver's conviction turns on whether Uber will dispute that the assault at issue occurred. Under Fed R. Evid.

803(22), on which Plaintiff premises her motion to admit, *see* Dkt. No. 7041 at 1-2, evidence of a final judgment of conviction is only admissible where the evidence is needed to prove a "fact essential to the judgment[.]" In the event that Uber does not contest that the assault occurred, Plaintiff has no basis to argue that evidence related to the driver's conviction is "essential" and therefore admissible.

In addition, if Uber decides not to contest the fact of the assault after deposing the driver, evidence related to the driver's conviction would also be inadmissible under Fed. R. Evid. 401 and 403. Plaintiff concedes in her motion that "a sexual assault is not an element of Plaintiff's negligence claim" against Uber. Dkt. No. 7041 at 2. Instead, she argues that "whether Mr. Le assaulted Plaintiff ***is a fact (potentially) in dispute*** between the parties," and ***if it is*** disputed, the driver's conviction will be "of consequence in determining the action." *Id*. (quoting Fed. R. Evid. 401(b) (emphasis added)). Thus, Plaintiff implicitly admits that, if Uber does not contest the assault, the driver's criminal prosecution and conviction have no relevance to Plaintiff's claims against Uber. Under those circumstances, the Court may find it appropriate to exclude the conviction as unduly prejudicial. *See*, *e.g.*, *United States v. Gambino*, 59 F.3d 353, 368 (2d Cir. 1995) ("We recognize that evidence of a defendant's prior conviction is inadmissible unless it relates to a disputed issue and unless, further, its probative value outweighs its prejudicial effect.") (citations omitted); *McAvey v. Lee*, 260 F.3d 359, 374 (5th Cir. 2001) (affirming exclusion of evidence of a party's criminal convictions where the probative value was attenuated and the evidence "would have had a comparatively high prejudicial effect").

In short, it would be neither fair nor efficient for the Court to resolve Plaintiff's motion until after Uber deposes the driver and is able to fairly decide to contest whether the alleged assault occurred.

## CONCLUSION

For the foregoing reasons, the Court should hold Plaintiff's Motion to Admit Evidence of Driver's Criminal Conviction in abeyance until the deposition of the driver is completed and Uber has a full and fair opportunity to determine whether to contest the occurrence of the assault.

DATED: August 20, 2026

Respectfully submitted,

*/s/ Michael Vives*

Michael Vives (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
Jessica Davidson (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Michael Vives*
Michael Vives