[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ADMIT EVIDENCE OF DRIVER'S CRIMINAL CONVICTION** |
| This Document Relates to:<br><br>*Jane Doe QLF 1 v. Uber Techs. Inc.*, N.D. Cal. No. 24-cv-8783, W.D. Tex. No. 26-cv-01694 | Judge: Honorable Charles R. Breyer<br>Date: August 24, 2026<br>Time: 11:00 A.M<br>Ctrm.: 6-17th Floor (zoom) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JANE DOE QLF 0001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 26-cv-01694-CRB<br><br>Judge: Honorable Charles R. Breyer |

**REPLY**

Uber remains intent on challenging whether its driver, Victor Le, sexually assaulted Plaintiff, despite the fact that the driver was charged, tried, convicted, and sentenced. Uber does not believe Plaintiff even after a criminal jury heard from her, her mother, and the law enforcement team that investigated and prosecuted the case, and found the assault proven beyond a reasonable doubt. That Uber says it needs to hear from the driver, to see if they believe him instead, is counter to everything the company has said about respecting and believing survivors.

But this motion does not seek to prevent Uber from making that defense (outlandish as it may be). Plaintiff's motion seeks only to admit evidence. Admission of evidence clearly permitted by the governing Federal Rule of Evidence has nothing to do with "the Company's due process right to present every available defense at trial." Opp'n at 2.

On the actual merits of the motion, Uber's opposition makes one legal error and one logical error.

On the law, Uber says that the conviction is admissible only if it goes to a "fact essential to the judgment" *in this trial*. Opp'n at 3. That misreads the rule (and makes no sense—there is no judgment in this case yet). The rule makes convictions admissible if "the evidence is admitted to prove any fact essential to" *the underlying criminal* "judgment." Fed. R. Evid. 803(22); *see also In re Homestore.com, Inc.*, 2011 WL 291176, at *9 (C.D. Cal. Jan. 25, 2011) ("[T]he plea agreement can be used to prove facts that were essential to sustain the judgment."). As Plaintiff's motion explained, that element is met here, and Uber does not contend otherwise.

On logic, Uber says the Court should defer decision of this (barely) contested motion because, if Uber concedes the assault occurred, the Court "may find it appropriate to exclude the conviction as unduly prejudicial." Opp'n at 3. But, as the Motion explained, knowing now whether the conviction is admissible will help Plaintiff tailor discovery, making it easier to get this case to trial on time. Uber's late-breaking decision to notice the driver's deposition (not yet accompanied by the motion required to authorize it) should be viewed as a delay tactic. There is no reason to defer decision on a straightforward issue just because Uber cannot make up its mind whether an assault promptly reported to the police and prosecuted to conviction actually happened.

In any event, even if Uber does concede the assault occurred, the conviction is still relevant as part of the background of the case and as part of Plaintiff's damages (for example, she was terrified that the driver, having absconded from his trial, knew where she lived and would show up at her home). Uber does not cite a single case excluding under Rule 403 a conviction for the conduct alleged in that particular case. *See McAvey v. Lee*, 260 F.3d 359, 374 (5th Cir. 2001) (excluding "*prior* criminal record"); *United States v. Gambino*, 59 F.3d 353, 367-68 (2d Cir. 1995) (evidence of convictions of *other* people as a result of the criminal investigation).

For these reasons, the Court should admit evidence of the judgment of Mr. Le's criminal conviction.

Dated: August 21, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: August 21, 2026 By: */s/ Andrew R. Kaufman*
Andrew R. Kaufman