Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,

This Document Relates to:

*All Cases*

Case No. 3:23-md-03084-CRB

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO APPOINT RANDI ELLIS AS SETTLEMENT SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES**

| | |
|---|---|
| Judge: | Hon. Charles R. Breyer |
| Date: | October 23, 2026 |
| Time: | 10:00 a.m. |
| Courtroom: | 6 – 17th Floor |

**NOTICE OF MOTION AND MOTION TO APPOINT A SPECIAL MASTER**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on October 23, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"), by and through their undersigned counsel, will and hereby do move the Court for an order, pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent authority, appointing Randi Ellis as the new Settlement Special Master.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Elizabeth A. Larsen, the Proposed Order filed concurrently herewith, and all papers and records on file in this action, and on such oral argument as may be presented at the hearing.

Dated: August 24, 2026

KIRKLAND & ELLIS LLP

By: /s/ *Laura Vartain Horn*

*Counsel for Uber*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully move the Court, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C) and the Court's inherent authority, for the appointment of Randi Ellis as the new Settlement Special Master in this multidistrict litigation.

On March 10, 2025, the Court appointed the Hon. Gail A. Andler (ret.) as Settlement Master to facilitate settlement discussions among the parties to this MDL. On July 15, 2026, the Court granted Judge Andler's request to withdraw and directed the parties to submit proposals for managing settlement discussions going forward.

Ms. Ellis is well suited to serve as the new Settlement Special Master. She currently serves as Settlement Special Master in the coordinated JCCP proceeding addressing related Uber rideshare claims, and she brings extensive experience as a court-appointed special master, mediator, and settlement allocator in complex multidistrict and mass tort litigation nationwide. Notably, Plaintiffs themselves included Ms. Ellis among their recommended candidates for Settlement Master in 2023, praising her "thoughtful approach and tireless work ethic." ECF No. 56. While serving as Settlement Special Master in the JCCP over the last year, Ms. Ellis has overseen the successful resolution with several plaintiff firms of nearly 1,000 cases in this MDL and more than 300 cases in the JCCP. This track record demonstrates that Ms. Ellis can work productively with the parties to reach negotiated resolutions across both the MDL and JCCP proceedings.

Moreover, as set forth below, courts have long recognized the efficiencies of appointing a single settlement special master to oversee settlement efforts when related proceedings are pending in multiple courts. *See*, *e.g.*, *In re Syngenta AG MIR162 Corn Litig.*, No. 14-md-2591-JWL-JPO, 2016 WL 11782494, at *1 (D. Kan. Mar. 21, 2016) (single special master for settlement appointed for related federal and state court proceedings).

Uber respectfully requests that the Court appoint Ms. Ellis on terms consistent with those set forth in the Court's prior order appointing Judge Andler.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Whether the Court should appoint Randi Ellis as Settlement Special Master, given her proven record of facilitating settlement as Settlement Special Master in the JCCP.

## III. BACKGROUND

On February 3, 2025, the Court held a status conference at which it discussed with Co-Lead Counsel for plaintiffs and Uber the possibility of appointing a Settlement Master, and the Court directed the parties to meet and confer regarding such an appointment. Following that process, the parties agreed to the appointment of the Hon. Gail A. Andler (ret.), and on March 10, 2025, the Court entered Pretrial Order No. 22, appointing Judge Andler to facilitate settlement discussions among all parties to the MDL as soon as feasible. ECF No. 2459.

On July 15, 2026, the Court entered Amended Pretrial Order No. 22, granting Judge Andler's request to withdraw from her role as Settlement Master and thanking her for her service to the parties and the Court. ECF No. 6799. As the parties informed the Court at the most recent Case Management Conference, the parties have been meeting and conferring about a replacement for Judge Andler.

Randi Ellis is well qualified to serve as the new Settlement Special Master. She is an attorney who specializes in helping parties to resolve complex civil disputes, and has been appointed by federal and state courts across the country as a special master, settlement master, mediator, or neutral to facilitate settlement and oversee the settlement process through distribution of proceeds to final dismissal. Ms. Ellis's approach draws on her experience across numerous complex civil actions and mass tort proceedings. Her appointments include service as a court-appointed special master or mediator in, among others, *In re: Paraquat Products Liability Litigation*, MDL No. 3004 (S.D. Ill.); *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio); *In re: 3M Combat Arms Earplug Products Liability Litigation*, MDL No. 2885 (N.D. Fla.); *In re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL No. 2385 (S.D. Ill.), where she allocated a $650 million settlement fund; and *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, MDL No. 2179 (E.D. La.), where she developed the methodology for allocating a $2.3 billion settlement fund. Ms. Ellis's broad experience working with plaintiffs' and defense counsel across complex, multi-

forum litigation positions her to build the working relationships necessary to facilitate settlement in this MDL.

Indeed, Plaintiffs included Ms. Ellis as one of their recommended candidates for Settlement Master in October 2023. ECF No. 56. In that filing, Plaintiffs praised Ms. Ellis, stating that her "thoughtful approach and tireless work ethic contribute to her record of success." *Id.* at 3.

Ms. Ellis's relevant experience is not limited to matters unrelated to this litigation—she also currently serves as the settlement special master in the coordinated JCCP proceeding addressing related Uber rideshare claims. Ex. 1, 1/20/2026 Order Concerning Appointment of Settlement Special Master. Her JCCP appointment has given her direct familiarity with many of the claims, parties, and plaintiffs' counsel relevant to this MDL, minimizing any learning curve and allowing settlement discussions here to proceed without delay.

Since her appointment in the JCCP, Ms. Ellis has successfully facilitated the settlement of nearly 1,000 cases in this MDL and more than 300 cases in the JCCP, including cases in inventories held by Pulaski Kherkher, PLLC and Williams Hart & Boundas LLP. This track record demonstrates that Ms. Ellis can work efficiently and effectively with the parties to reach negotiated resolutions across both proceedings.

Significant overlap exists between the plaintiffs' firms litigating claims in the JCCP and those litigating claims in this MDL. More than 20 firms represent claimants in both proceedings, meaning settlement negotiations often involve the same counsel and substantially similar issues across both forums. Because Ms. Ellis has already established working relationships with many of these firms through her JCCP appointment, her appointment here will promote consistency and efficiency in settlement discussions across both courts.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 53(a)(1)(C) authorizes a court to appoint a special master to address pretrial and posttrial matters that "cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

Appointment of a special master for settlement is routine in MDL proceedings, as the Court's prior appointment of Judge Andler demonstrates. *See also* Ann. Manual Complex Lit. § 13.13 (4th

ed.) ("Judges have also used special masters to assist in settlement of complex litigation…."). Courts have likewise appointed a single special master to manage settlement discussions involving claims pending in multiple jurisdictions. *See*, *e.g.*, *In re Syngenta AG MIR162 Corn Litig.*, 2016 WL 11782494, at *1; *In re New York Cnty. DES Litig.*, 142 F.R.D. 58, 60 (E.D.N.Y. & N.Y. Sup. Ct. 1992).

## V. ARGUMENT

Uber respectfully requests that the Court appoint Randi Ellis as Settlement Special Master, given her track record of success in the JCCP and other proceedings and the efficiencies of using a single settlement special master across the overlapping proceedings in the MDL and the JCCP.

### A. The JCCP Court Appointed Randi Ellis as Special Master and Multiple Settlements Have Been Reached Under Her Supervision.

As explained above, Ms. Ellis has an extensive record of success as a court-appointed special master, mediator, and settlement allocator across a wide range of complex, multidistrict, and mass tort litigation. In these matters, Ms. Ellis has been entrusted with establishing settlement or discovery protocols, mediating disputes among plaintiffs and defendants, and, in several instances, allocating settlement funds ranging from hundreds of millions to billions of dollars among thousands of claimants. This experience, combined with her ongoing appointment and success as settlement special master in the JCCP, makes her well positioned to facilitate an efficient resolution of the claims pending in this MDL.

Indeed, Plaintiffs themselves have recognized Ms. Ellis's qualifications. In 2023, Plaintiffs included Ms. Ellis in their list of recommended candidates for Settlement Master in this litigation. ECF No. 56. Plaintiffs represented that "[a]ppointment of any of these individuals will facilitate expeditious, efficient, and just resolution of these complex proceedings. They all have stellar reputations for fairmindedness and integrity and have demonstrated the ability to earn parties' trust and broker resolution across multiple jurisdictions." *Id.* at 2. Plaintiffs further described Ms. Ellis specifically as having a "thoughtful approach and tireless work ethic [that] contribute to her record of success." *Id.* at 3. Plaintiffs' prior endorsement of Ms. Ellis underscores that her appointment should be welcomed by all parties.

Courts have long recognized the efficiencies of appointing a single settlement special master for related proceedings pending in multiple jurisdictions. In *In re New York Cnty. DES Litig.*, the Supreme Court of the State of New York and the U.S. District Court for the Eastern District of New York jointly appointed a single special master and referee to facilitate settlement of *DES* cases pending in both courts, explaining that "[t]he shared problems of the two court systems and the litigants require[d] a joint appointment and close cooperation between the state and federal courts." 142 F.R.D. at 60. The courts further noted that individual trials of the hundreds of pending cases would have required more than fifty judge-years and thousands of jurors, and that, given the mature state of the proceedings, "these cases can and should be settled now on terms fair to both the plaintiffs and defendants." *Id.* Similarly, in *In re Syngenta AG MIR162 Corn Litig.*, the presiding MDL judge and magistrate judge appointed a single special master to coordinate settlement discussions across the MDL and parallel state-court proceedings pending in Minnesota, Illinois, and Louisiana "at the same time those cases proceed[ed] toward trial on a traditional litigation track." *In re Syngenta AG MIR162 Corn Litig.*, 2016 WL 11782494, at *1. The MDL Court recommended entry of the same order "in each of the related state and federal cases that are being coordinated with the MDL proceeding." *Id.* The state courts subsequently appointed the same special master. *In re Syngenta AG Mir162 Corn Litig.*, No. 2:14-MD-02591-JWL-JPO, 2018 WL 7254709, at *9 (D. Kan. Nov. 21, 2018), *report and recommendation adopted as modified sub nom. In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2018 WL 6839380 (D. Kan. Dec. 31, 2018), and *on reh'g sub nom. In re Syngenta AG Mir 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 1274813 (D. Kan. Mar. 20, 2019) ("The settlement process began in March 2016 when the Kansas federal court, the Illinois federal court, the Minnesota state court, and the Illinois state court all appointed Ellen Reisman as Special Master for Settlement in the Syngenta corn litigation that was pending before them."). The same logic applies here. Ms. Ellis's concurrent appointment as settlement special master in the JCCP and the MDL will allow her to coordinate settlement discussions efficiently, avoiding duplication of effort and inconsistent treatment of overlapping claims and counsel.

**B. The Proposed Special Master's Authority and Scope of Work.**

Consistent with the Proposed Order filed concurrently herewith and the terms of the Court's order appointing Judge Andler, Uber respectfully requests that the Special Master be vested with the following powers and authority:

1. The Special Master's authority shall be limited to facilitating settlement discussions among the parties; the Special Master shall not adjudicate, or assist the Court in adjudicating, any issues in these coordinated proceedings.

2. The Special Master shall have the authority to schedule, at her discretion, any settlement discussions; to decide who shall participate in the discussions, including what party representatives are needed; and to choose where and how the discussions are to occur.

3. Negotiations on behalf of MDL plaintiffs shall proceed in a manner consistent with Pretrial Order No. 4. The Special Master shall promptly apprise plaintiffs' Co-Lead Counsel of the fact of other settlement negotiations if, in her independent judgment, she determines that such negotiations are likely to affect the Court's schedule.

4. The Special Master, all counsel and parties, and any other persons participating in settlement discussions shall treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. Except in the circumstances set forth in point 7 below, such confidential information shall not be disclosed to anyone not involved in the litigation, disclosed to the Court, or used for any purpose, including impeachment, in any pending or future proceeding.

5. To facilitate settlement discussions, the Special Master may have ex parte communications with any party or party representative; if a party does not want the Special Master to share the contents of an ex parte communication with another party, the sharing party shall make that desire clear to the Special Master.

6. Notwithstanding this appointment, any claimant or group of claimants may separately negotiate or mediate their claims with Uber without the Special Master's involvement, provided that

if such negotiations are likely to affect the Court's schedule, the negotiating parties shall promptly apprise plaintiffs' Co-Lead Counsel of the fact of such negotiations.

7. Upon the agreement of all participating parties, the Special Master may communicate confidential information to the Court without violating this Order or the rules governing confidentiality of settlement discussions; the Special Master may otherwise communicate with the Court regarding non-confidential matters, including procedural issues, the nature of her activities, and periodic updates on the progress of settlement communications.

8. The Special Master shall have the authority to resolve any disputes among law firms representing plaintiffs in this MDL regarding submissions for common benefit fees and expenses, including any disputes regarding whether certain tasks, categories of costs, or level of fee requests are properly sought.

9. Plaintiffs and Uber shall jointly compensate the Special Master and any personnel working under her direction, at a rate plaintiffs' Co-Lead Counsel, Uber, and the Special Master determine, with the split of such fees to be determined based upon discussions with the Special Master and the relevant parties.

10. The Special Master may incur necessary expenses and costs at reasonable amounts to permit her to fully facilitate settlement of these related actions, including the engagement of additional necessary personnel such as outside experts, and plaintiffs and Uber shall jointly reimburse the Special Master for such costs and expenses, with the split to be determined based upon discussions with the Special Master and the relevant parties.

## VI. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court appoint Randi Ellis as Settlement Special Master, on the same terms as the Court's prior order appointing Judge Andler, to facilitate settlement discussions in this MDL.

DATED: August 24, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC