Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*All Cases* | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO APPOINT RANDI ELLIS AS SETTLEMENT SPECIAL MASTER**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

**WHEREAS**, on March 10, 2025, the Court entered Pretrial Order No. 22, appointing the Hon. Gail A. Andler (ret.) as Settlement Master to facilitate settlement discussions among the parties to this MDL;

**WHEREAS**, on July 15, 2026, the Court entered Amended Pretrial Order No. 22, granting Judge Andler's request to withdraw from her role as Settlement Master;

**WHEREAS**, the Court directed the parties to submit proposals for managing settlement discussions going forward;

**WHEREAS**, Uber proposed the appointment of Randi Ellis, an attorney who specializes in the resolution of complex civil disputes and has been appointed by federal and state courts across the country as a special master, settlement master, mediator, and neutral to facilitate settlement and oversee the settlement process in complex multidistrict and mass tort litigation;

**WHEREAS**, Ms. Ellis currently serves as Settlement Special Master in the coordinated JCCP proceeding addressing related Uber rideshare claims, and in that capacity has facilitated the successful resolution of nearly 1,000 cases in this MDL and more than 300 cases in the JCCP; and

**WHEREAS**, the Court provided notice of its intention to appoint Ms. Ellis as Settlement Special Master, all parties have had an opportunity to be heard, and the Court has determined that there is no basis for disqualification and that Ms. Ellis should be appointed as Settlement Special Master.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Court hereby appoints Randi Ellis, Esq. as Settlement Special Master to facilitate settlement discussions among all parties to this multi-district litigation.

2. Ms. Ellis's authority is limited to facilitating settlement discussions. Ms. Ellis shall not adjudicate, or assist the Court in adjudicating, any issues in these coordinated proceedings.

3. The Settlement Process

   a. As Settlement Special Master, Ms. Ellis has the authority to schedule, at her discretion, any settlement discussions; to decide who shall participate in the

discussions, including what party representatives are needed; and to choose where and how the discussions are to occur. Negotiations on behalf of MDL plaintiffs shall proceed in a manner consistent with Pretrial Order No. 4. Ms. Ellis shall promptly apprise the three Co-Lead Counsel of the fact of other settlement negotiations if, in her independent judgment, she determines that such negotiations are likely to affect the Court's schedule.

b. Ms. Ellis, all counsel and parties, and any other persons participating in settlement discussions shall treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. Such confidential information shall not be:

i. disclosed to anyone not involved in the litigation;

ii. disclosed to the Court; or

iii. used for any purpose, including impeachment, in any pending or future proceeding.

c. To facilitate settlement discussions, Ms. Ellis may have *ex parte* communications with any party or party representative. If a party does not want Ms. Ellis to share any of the contents of an *ex parte* communication with another party, the sharing party shall make that desire clear to Ms. Ellis. For the avoidance of doubt and notwithstanding this Order, any claimant or group of claimants may separately negotiate or mediate their claims with Uber without the involvement of Ms. Ellis. If any claimant or group of claimants enters into settlement negotiations with Uber and such negotiations are likely to affect the Court's schedule, the parties to such negotiations shall promptly apprise the three Co-Lead Counsel of the fact of such negotiations.

d. Notwithstanding paragraph 3(b)(ii) above, upon the agreement of all participating parties, Ms. Ellis may communicate confidential information to the Court without violating this Order or the rules governing confidentiality of settlement discussions. Ms. Ellis may otherwise communicate with the Court regarding non-confidential matters, including procedural issues, the nature of Ms. Ellis's activities, and periodic updates on the progress of settlement communications; but, as explained above, she shall not communicate any confidential information to the Court absent the parties' agreement.

4. Ms. Ellis also has the authority to resolve any disputes among law firms representing Plaintiffs in this MDL regarding submissions for common benefit fees and expenses, including any disputes regarding whether certain tasks, categories of costs, or level of fee requests are properly sought.

5. Plaintiffs and Defendants shall jointly compensate Ms. Ellis and any personnel working under her direction, at a rate Co-Lead Counsel, the Defendants, and Ms. Ellis determine, with the split of such fees to be determined based upon discussions with Ms. Ellis and the relevant parties. Ms. Ellis may incur necessary expenses and costs at reasonable amounts to permit her to fully facilitate settlement of these related actions, including the engagement of additional necessary personnel including any outside experts. Plaintiffs and Defendants shall jointly reimburse Ms. Ellis for such costs and expenses, with the split of such costs and expenses to be determined based upon discussions with Ms. Ellis and the relevant parties.

The Court thanks Ms. Ellis in advance for her service to the parties and the Court.

**IT IS SO ORDERED.**

Dated:________________________

____________________________
Hon. Charles R. Breyer
United States District Judge