[Submitting Counsel Below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*,<br>N.D. Cal. No. 3:24-cv-08783<br>W.D. Tex. No. 1:26-cv-01694 | Case No.: 3:23-MD-03084-CRB<br><br>**JOINT LETTER REGARDING PLAINTIFF'S NOTICE OF SUBPOENAS DIRECTED TO NON-PARTIES**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| JANE DOE QLF 001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | CASE NO. 26-CV-01694-CRB<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 501 |

The Parties respectfully submit this joint letter regarding disputed issues related to Plaintiff Jane Doe QLF 001's Notice of Subpoenas Directed to Non-Parties.

Respectfully submitted,

DATED: August 24, 2026

By: /s/ *Andrew Kaufman*
ROOPAL P. LUHANA (*pro hac vice*)
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
ANDREW KAUFMAN
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com
Email: akaufman@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Michael Vives*
MICHAEL VIVES (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
JESSICA DAVIDSON (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

LAURA VARTAIN HORN (Admitted *Pro Hac Vice* in W.D. Tex.)
CA SBN 258485
**KIRKLAND & ELLIS LLP**
555 California St., 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
laura.vartain@kirkland.com

ALLISON M. BROWN (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Ste. 1000
Philadelphia, PA, 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

KIM BUENO (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9100
kim.bueno@kirkland.com

*Counsel for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC*

## I. Uber's Position:

The Court should quash Plaintiff's subpoenas to A.B. (the former spouse of the driver, Victor Le) and M.S. (who engaged in a sexual encounter with Mr. Le in 2019 that never resulted in arrest or criminal charges).[1] Neither of these individuals witnessed the events alleged in Plaintiff's Complaint, and neither possesses any knowledge bearing on whether Uber was negligent in onboarding Mr. Le. Rather, the purpose of these subpoenas is to elicit inflammatory and inadmissible testimony concerning Mr. Le's allegedly bad conduct and character that has no connection to what Uber knew or reasonably should have known about him. This Court has already held that such evidence is inadmissible.[2] With so little time left before trial, and much left to be done, the burden and expense of these depositions far outweigh any conceivable benefit. Indeed, they appear to be part of a strategy by Plaintiff to barrage Uber with onerous discovery that is not intended to yield admissible evidence, but rather to hamper Uber's trial preparation. Because the depositions seek information outside the proper scope of Rule 26(b)(1) and impose disproportionate burdens on the eve of trial, the subpoenas should be quashed.

**Factual Background.** On August 11, 2026, Plaintiff noticed and served subpoenas for deposition testimony of non-parties A.B., the former spouse of Victor Le, and M.S., an individual who allegedly accused Victor Le of sexually assaulting her in 2019.[3]

**Argument.** The subpoenas directed to A.B. and M.S. should be quashed because: (1) Plaintiff has identified no information these witnesses possess that could bear on what Uber knew or reasonably should have known about Le; and (2) any testimony Plaintiff might elicit would constitute highly inflammatory, inadmissible character or propensity evidence.

***First***, the depositions of non-parties A.B. and M.S. would not yield information relevant to Plaintiff's claims. Plaintiff alleges that Uber negligently hired and retained Victor Le and failed to prevent him from sexually assaulting her. But A.B. and M.S. have no knowledge that bears on the reasonableness of Uber's conduct. Plaintiff's argument that "[a]nything the people in Mr. Le's life knew about him is information potentially available to Uber" is baseless because it conflates private familial knowledge with information accessible through reasonable screening procedures.[4] No conceivable background screening procedure would have enabled Uber to learn everything about Victor Le that his ex-wife knew about him; and Mr. Le's encounter with M.S. did not lead to an arrest and therefore could not have affected a background check either.

Moreover, neither A.B. nor M.S. witnessed any of the events alleged in Plaintiff's Complaint. Plaintiff's assertion that A.B. "may have knowledge about the sexual assault" because she was married to Le is speculative. Courts have routinely quashed deposition subpoenas directed at non-parties when the testimony sought is not relevant to the claims in the litigation. *See, e.g.*, *In re Remec, Inc. Sec. Litig.*, No. 04cv1948 MMA (AJB), 2009 WL 10673008, at *4 (S.D. Cal. Feb. 20, 2009) (quashing third-party deposition subpoenas because defendants "fail[ed] to demonstrate how the testimonial information is important or relevant to the claims or defenses"); *Miller v. Woofter*, No. CV 23-75-H-DWM, 2024 WL 4362286, at *4 (D. Mont. Oct. 1, 2024) (quashing deposition subpoenas issued to "several non-parties whose testimony is not relevant to [plaintiff's]

[1] In July 2019, M.S. reported to the police that Victor Le had sexually assaulted her. Although the police investigated her allegations, Mr. Le was neither arrested nor charged.

[2] *See* 4/15/2026 *Mensing* Trial Tr. 188:22 (Ex. 1).

[3] Plaintiff also served a deposition subpoena directed to T.L., Mr. Le's sister. Plaintiff has since indicated that she will withdraw her subpoena to T.L.

[4] Plaintiff also contends that A.B. may have knowledge of why Mr. Le was discharged from the military, but Uber does not oppose Plaintiff's request to obtain Mr. Le's military records directly.

claims"); *Addington v. US Airline Pilots Ass'n*, No. CV-13-00471-PHX-ROS, 2013 WL 11394253, at *2 (D. Ariz. Sept. 18, 2013) (similar).[5]

***Second***, any testimony that A.B. and M.S. might offer about Victor Le would constitute improper character or propensity evidence. *See* Fed. R. Evid. 404(a)(1) (barring evidence of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character or trait"); *see also Lange v. Michigan Dep't of Corr.*, No. 21-cv-10317, 2022 WL 22629255, at *3 (E.D. Mich. Aug. 19, 2022) (quashing deposition subpoena issued to a non-party prisoner; "because [the defendant's] alleged retaliation against [the non-party prisoner] likely would be inadmissible under Rule 404(b), requiring [him] to testify about" how the defendant retaliated against him "would not be proportional to the needs of the case"). This Court also already found such evidence inadmissible in prior trials.[6]

The same reasoning applies here. With respect to M.S., the only conceivable purpose for which Plaintiff seeks to take her deposition is to elicit testimony from her regarding a supposedly similar prior incident involving Mr. Le, improperly suggesting that he has a propensity to commit sexual assault and acted in accordance with that character trait in connection with the alleged incident giving rise to this case. But such evidence is inadmissible under Rule 404(b). While Plaintiff argues that M.S.'s testimony may be admissible under Rule 404 if Uber "open[s] the door to such evidence" by "defending Mr. Le's character or record, "[t]he Rules of Evidence do not simply evaporate when one party opens the door on an issue." *See In re DePuy Orthopaedics, Inc.*, 888 F.3d 753, 784 (5th Cir. 2018) (internal quotation marks and citation omitted). Even where a party supposedly opens the door to certain evidence, a party may not use that as a pretext for "inviting the jury to infer guilt based on no more than prior bad acts, in direct contravention of Rule 404(b)(1)." *Id.* at 785; *Houlihan v. City of Chicago*, 871 F.3d 540, 553 (7th Cir. 2017). That is precisely what Plaintiff seeks here, foreclosing her strained door-opening theory. And Plaintiff's suggestion that this encounter would be admissible under Rule 404(b)(2) to show "intent, plan …, absence of mistake, or lack of accident" is similarly unavailing because the facts at issue are highly dissimilar from the alleged assault at issue here.[7]

Plaintiff apparently also intends to elicit testimony from Victor Le's ex-wife regarding his mental health challenges or supposed criminal propensities. The proposed testimony would then be used to improperly suggest that Mr. Le has a bad character or that he acted in accordance with a poor character trait during the alleged incident. This is precisely what the Rules of Evidence prohibit, and courts often bar discovery that would only yield such inadmissible evidence. *See Priest v. Rotary*, 98 F.R.D. 755, 759-60 (N.D. Cal. 1983) (prohibiting discovery of plaintiff's past sexual behavior because "it is clear that defendant is merely attempting to utilize plaintiff's past acts to show her propensity to act in a similar manner in the instant case, a use which is patently improper under Rule 404(a)"); *see also Lewin v. Nackard Bottling Co.*, No. CV 10-8041-PCT-

---

[5] Plaintiff claims that Uber previously took the position that "parties lack standing to challenge non-party subpoenas on relevance or proportionality grounds." But the submission Plaintiff points to, ECF 7011, concerned a Plaintiff reaching out directly to third-party witnesses to assert objections to subpoenas Uber had served.

[6] *See* Ex. 1, 4/15/2026 *Mensing* Trial Tr. 188:22.

[7] A.S. and Mr. Le met at a bar, engaged in a sexual encounter outside that bar, and then went back to A.S.'s apartment, where they engaged in a second sexual encounter. A.S. reported to the police that she never told Mr. Le to stop during any of the sexual encounters and instead said intimate things to him during the encounters. While Uber does not condone, and need not take a position on the appropriateness of this encounter, it clearly does not fit within Rule 404(b)(2) given the dissimilar facts.

FJM, 2010 WL 4607402, at *2 (D. Ariz. Nov. 4, 2010) (quashing subpoenas and granting protective order and noting that "an attack on plaintiff's credibility by introducing evidence of his character in another employment setting is likely inadmissible propensity evidence under Rule 404(a)"); *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *4 (S.D.N.Y. Jan. 25, 2016) ("[E]ven if Defendant's speculation were justified in some way, the evidence to be adduced from the non-party employers would likely be inadmissible propensity evidence under Rule 404(a).").

Plaintiff's arguments regarding Rule 415 are unavailing. Rule 415 provides that "[i]n a civil case involving a claim for relief based on ***a party's*** alleged sexual assault . . . the court may admit evidence that ***the party*** committed any other sexual assault[.]" Fed. R. Evid. 415(a) (emphasis added). But even if Rule 415 applies to non-parties like Mr. Le, as Plaintiff argues, the cases she cites make clear that the admissibility of evidence related to prior alleged assaults depends on its relevance to the particular claim being litigated. As set forth above, any testimony by M.S. about her alleged assault is irrelevant to Plaintiff's claims against ***Uber*** because the two alleged incidents are utterly dissimilar and there is, in any event, no evidence that Uber knew or had the ability to know about M.S.'s allegations at the time of the alleged assault at issue here.

In short, the depositions sought by Plaintiff are intended to assassinate Mr. Le's character and disrupt Uber's trial preparation efforts, not to lead to the discovery of admissible evidence. As such, they are irrelevant, improper, and disproportionate, and the Court should issue a protective order barring them from going forward.

## II. Plaintiff's Position:

Uber's position in this PTO 8 letter is remarkable in several ways.

*First*, Uber has, over and over again, falsely accused Plaintiff of obstructing discovery in this bellwether case. Now, Uber now seeks to prevent depositions of one person (A.B.) with timely personal knowledge of the sexual offender whose conduct Uber may seek to defend at trial and another person (M.S.) who accused that same offender of another sexual assault.[8]

*Second*, while Uber maintains that it may assert at trial that Victor Le did not assault Plaintiff, it has consistently resisted discovery that would be relevant to that issue. Uber objected to Plaintiff taking the driver's deposition unless Plaintiff would agree on what clothing the driver would wear. Uber refused to streamline discovery by consenting to admission of the driver's criminal conviction (or consent to even quick review of the issue), *see* ECF 7041, 7049.

*Third*, after asserting just weeks ago that parties lack standing to challenge non-party subpoenas on relevance or proportionality grounds, *see* ECF 7011, Uber now evidently agrees with Plaintiffs that parties in fact do have such standing. Uber should have filed a notice with the Court withdrawing its previous position.

---

[8] Uber's comparison of this case to *Greene v. Camreta*, 2005 WL 8159810 (D. Ore. Sept. 22, 2005), is telling. In that case, the plaintiff alleged that the government violated her constitutional rights by speaking with her child about her husband's alleged sexual abuse of the child. The plaintiff sought to depose the child "in the hopes that he will recant his allegations and exonerate" the husband, who had been "convicted" of the abuse. *Id.* at *4. Here, it is Uber denying sexual abuse proven beyond a reasonable doubt and seeking to resist discovery sought in response.

**Legal Standard**. The only question presented here is whether the two non-party witnesses possess relevant information. The Rule 26(b) proportionality analysis considers the relevance of the information balanced against the "burden or expense of the proposed discovery." But here, the third parties have not objected to the depositions (which also pose little to no burden on Uber, whose counsel may attend the depositions by Zoom if it so chooses).

**M.S.** M.S. reported to the police and testified at Mr. Le's criminal trial that he sexually assaulted her in 2019 after taking advantage of her intoxication at a bar, testimony obviously relevant to whether he assaulted Plaintiff or G.M. (the other assault reported to Uber), both of whom were intoxicated when Mr. Le assaulted them. Uber argues that such evidence is inadmissible under Federal Rule of Evidence 404(b). But, of course, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. 26(b)(1). For good reason: if it turns out that M.S.'s testimony would be admissible, it would be too late to go back and take the deposition wrongly denied. And, admissibility often turns on what happens at trial, which at this point is unknown. *See* ECF 3346 ("[A]ny question of admissibility will be for the presiding judge to resolve[.]").

In any event, it is far from obvious that evidence of a previous assault would be inadmissible under Rule 404(b). Rule 415 permits relevant evidence of previous sexual assaults where the assailant is a party. Fed. R. Evid. 415(a). And, at least two courts have explained that the same rule applies where the plaintiff has, rather than sued the assailant, sued another party she asserts is liable as a result of the assault. *See James v. Tilghman*, 194 F.R.D. 398, 401 (D. Conn. 1999); *Cleveland v. KFC Nat. Mgmt. Co.*, 948 F. Supp. 62, 64 (N.D. Ga. 1996).

Even if Rule 404(b) applies, the rule admits several exceptions, including to show "intent, plan …, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As mentioned, Plaintiff may seek to show that Mr. Le had a consistent plan of seeking out and taking advantage of intoxicated women, a plan that he pursued by driving late at night and cancelling rides ordered by male riders. More generally, Plaintiff has no idea how Uber may defend Mr. Le at trial. Uber may argue that Mr. Le misunderstood Plaintiff moving to the front seat of his car (at his direction) and thought she consented, or was otherwise misled by her intoxication. If so, then evidence of the assault of M.S. goes to show plan and absence of mistake. Uber says that her claim is "highly dissimilar from the alleged assault at issue here," a contention that makes unwarranted assumptions about (1) what M.S. will say, (2) what the evidence will show at trial about the assault in this case, and (3) how the trial judge will view the two sets of evidence. Uber may also open the door to such evidence by defending Mr. Le's character or record. *See Jerden v. Amstutz*, 430 F.2d 1231, 1239 n.9 (9th Cir. 2005) ("Under the rule of curative admissibility, or the 'opening the door' doctrine, the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission.").[9]

[9] Uber cites *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 999 F.3d 753 (5th Cir. 2018), but in that case the appellate court found that basis for door opening "strained," and also that the plaintiffs' counsel "suggested unequivocally that the jury treat the [evidence] not … as otherwise-inadmissible rebuttal evidence offered 'curatively,' but as a proxy for [the defendant's] liability." *Id.* at 784-85. Uber also cites *Houlihan v. City of Chicago*, 871 F.3d 540 (7th Cir. 2017), but that case merely held that a district court did not abuse its discretion in finding evidence excludable under Rule 403 despite the other party opening the door. What Judge Breyer

Plaintiff also does not know what the driver will say in his deposition (set for September 1). If Mr. Le vouches for his own character, then Plaintiff may cross-examine him on "relevant specific instances of" his "conduct." Fed. R. Evid. 405(a). M.S.'s testimony would be relevant to such an inquiry. That is exactly what Uber tried to do in the *Mensing* trial. There, Uber sought to introduce the driver's vouching for his own character. Judge Breyer excluded that testimony (and, accordingly, excluded the evidence of the driver's conviction). *See Mensing* Trial Tr. at 187.[10]

**A.B.** Uber argues that A.B. will testify only about Mr. Le's poor character, which Uber says "is not relevant to Uber's negligence." As an initial point, there is no reason to assume that her testimony will be so limited. A.B. married Mr. Le right after he assaulted Plaintiff and continues to have a connection to him (they have a child together). She may have knowledge about the sexual assault.

Even if A.B.'s testimony was limited to Mr. Le's character, nature, and history, it would still be relevant. Anything the people in Mr. Le's life knew about him is information potentially available to Uber when it allowed Mr. Le to drive for the company. Putting aside that Uber could have spoken with A.B., she may be able to testify about other evidence about Mr. Le (like social media activity) that Uber could have found. For example, A.B. may be able to testify about why Mr. Le was discharged from the army. The Army redacted related information on privacy grounds and Uber declined to consent to a motion to release the information under 5 U.S.C. § 552a(b)(12), changing its position only in response to Plaintiff's draft of this PTO 8 brief. Uber evidently did not ask Mr. Le for that information before advertising him to passengers as a "US Army Drone Operator 3rd Ranger Bat." The woman who ordered the ride for Plaintiff testified that seeing that information made her think the ride would be safe, making what Uber could have discovered about Mr. Le's army experience particularly relevant.

Putting Uber's negligence aside, testimony about Mr. Le's nature and character may be admissible if Uber opens the door to it. For example, based on disclosures concerning her testimony in the criminal trial, A.B. may also have information about how Mr. Le was "pushy and persistent" when it came to sex, would ignore her refusals and would "use his intoxication as a defense."[11] Such testimony may well be admissible depending on how Uber defends Mr. Le's conduct (such as which deposition testimony of his Uber designates).

---

might decide at trial and how such a decision might be viewed on appeal, are outside the scope of this PTO 8 brief.

[10] Uber cites *Priest v. Rotary*, 98 F.R.D. 755 (N.D. Cal. 1983), but there the defendant sought "detailed information about plaintiff's sexual history, including the name of each person with whom she has had sexual relations in the past ten years." *Id.* at 756. There is no comparison to short depositions of non-objecting witnesses. In *Lewin v. Nackard Bottling Co.*, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010), document subpoenas were "overbroad," "burdensome," and failed to satisfy the then-applicable "reasonably calculated" test for a number of reasons. *Id.* at *1. And in *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016), the defendant justified its subpoenas only with "wholesale speculation." *Id.* at *3.

[11] These facts are supported by State's Exhibit 39 to the criminal trial. Plaintiff can provide Exhibit 39 to this Court if requested.

**FILER'S ATTESTATION**

I, Michael Vives, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Michael Vives*
Michael Vives