# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Before the Honorable Charles R. Breyer, Judge

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | No. 3:23-MD-03084-CRB |
| WHB 823 v. Uber Techs, Inc., et al. No. 3:24-cv-04900 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WHB 823, Plaintiff, | No. 3:25-cv-00737-CB |
| vs. | VOLUME I |
| UBER TECHNOLOGIES, INC., et al., Defendants. | Pages 1 - 253 |

TRANSCRIPT OF JURY TRIAL PROCEEDINGS
BEFORE THE HONORABLE CHARLES R. BREYER
UNITED STATES SENIOR DISTRICT COURT JUDGE
WEDNESDAY, APRIL 15, 2026 AT 9:15 A.M.

JILLIAN M. TURNER, RMR, CRR, CRC
Official U.S. District Court Reporter
United States District Court
Charlotte, North Carolina

to say his statements to the effect, I never -- and by the way, I haven't read it. Okay? So I'm just generally paraphrasing what I understand was elicited during the course of the testimony was that his statements like I would never have done that because, one, I have two daughters, or two, I've never been accused of anything, or three -- or whatever other reasons why I would not have done it.

I don't think any of that comes in.

Similarly, I don't think the conviction comes in.

Now, if, in fact, I let in the conviction, I would certainly let in all the other stuff, within reason.

So I've taken -- my position is it's just -- none of it comes in. It's all -- and I'm not -- I'm not trying to trivialize it. And I'm not suggesting it's not real. It wasn't in his mind.

I'm just saying that people can't get on the stand or testify and say, I'm telling the truth and let me tell you why I'm telling the truth. I have two children. I never lie, or I have this or I have that and so forth. You don't allow that. That's not of an evidentiary value.

So I wouldn't allow any of that. Though I haven't seen what the proposed testimony is.

Now, you may proceed.

MR. WYATT: I appreciate, Your Honor. It's a good table setting.

Because I think part of the issue with Mr. Richardson is the denial is intertwined with language somewhat along the lines what Your Honor just said. And so to get the denial in, you almost have to have some of this that comes along with it.

THE COURT: Well, I have to see it.

MR. WYATT: Understood. And I -- I don't mean to cut you off.

THE COURT: You didn't cut me off. I cut you off. Go ahead.

MR. WYATT: Okay. Good.

I'm raising it now. I don't think we need to resolve this right now because we're not about to play that testimony, but because there's parallel testimony that's come in from this witness to the effect she's not a bad person, she's not a liar, and she doesn't make up stories, I think that testimony either needs to be stricken or if this indeed does open the door to Mr. Richardson's convictions, then I think the door is also open for the plaintiff.

THE COURT: Well, Number One -- well, Number 2 -- or maybe it's the last number, I don't care. They're out. The conviction is out.

So you want to do the reverse, given that the conviction is out, what do you want me to do?

MR. WYATT: Well, we should either strike those

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

CERTIFICATE OF OFFICIAL REPORTER

I, Jillian M. Turner, RMR, CRR, CRC, Federal Official Court Reporter, in and for the United States District Court for the Western District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this the 15th day of April 2026.

/s/ Jillian M. Turner
Jillian M. Turner, RMR, CRR, CRC
U.S. Official Court Reporter