Timothy G. Tonkin (UT Bar No.17500)
*Appearance Pro Hac Vice*
Lucas P. Frei (AZ Bar No. 032255)
*Appearance Pro Hac Vice*
Vara G. Lyons (NY Bar No. 5464524)
*Appearance Pro Hac Vice*
**PHILLIPS & ASSOCIATES LAW FIRM P.C.**
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Tel: (602) 288-1684
Fax: (602) 900-0107
Email: tim.tonkin@phillipsandassociateslaw.com
Email: lucas.frei@phillipsandassociateslaw.com
Email: vara.lyons@phillipsandassociateslaw.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**

This Document Relates to:

*Jane Doe PNA (D.M.) v. Uber Technologies, Inc., et al., No. 3:26-cv-05063-CRB*

*Jane Doe PNA (K.H.) v. Uber Technologies, Inc., et al., No. 3:26-cv-05077-CRB*

*Jane Doe PNA (S.Y.) v. Uber Technologies, Inc., et al., No. 3:26-cv-05675-CRB*

Case No. 3:23-md-03084-CRB

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE UNTIMELY AND IMPROPER NOTICES OF VOLUNTARY DISMISSAL**

This court should deny Defendants' motions when motivated by false assumptions about litigation strategy and plaintiffs it cannot possibly know, should not know, and is prevented from knowing, absent exceptional circumstances:

> *"all the Plaintiffs at issue here are seeking to avoid an adverse ruling and dismissal with prejudice due to their violation of this Court's order."*

Regardless of Defendants' belief in its own clairvoyance in, both, predicting sexual assault and the motivations behind victims' decisions, Plaintiffs justly and timely exercised their procedural right to voluntarily dismiss the contested cases without prejudice. Under the Federal Rules of Civil Procedure 41(a)(1)(A)(i) and PTO 11, Plaintiffs are permitted to file notice voluntarily dismissing these claims without prejudice because Defendants' Answer to the Master Complaint, which was filed *prior* to these matters, did not serve as a reply to the subsequently filed short form complaints. *See Am. Soccer Co. v. Score First Enters., a Div. of Kevlar Indus.,* 187 F.3d 1108, 1112 (9th Cir. 1999) *(*"The literal terms of the rule apply: if the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court."*); Gelboim v. Bank of Am. Corp.,* 574 U.S. 405, 413 fn. 3 (2015)*; In re Uber Techs., Inc., Passenger Sexual Assault Litig.,* 745 F. Supp. 3d 869, 882 (N.D. Cal. 2024). Plaintiffs are not required to further explain the reasoning behind said notices because the decision to proceed, or not proceed with litigation, is the Plaintiff's absolute right to make, free from interference. Defendants are ultimately fortunate that Plaintiffs Jane Doe PNA (D.M.), (K.H.), and (S.Y.) played within the Rules to abandon their claims against them and, in truth, should hope these claimants never rethink their course of action.

## BACKGROUND

At every step of these three matters, Plaintiffs proceeded diligently and in full compliance with this Court's Pretrial Orders. Plaintiffs timely filed their respective cases, and submitted their Plaintiff Fact Sheets with signed verifications.

Jane Doe PNA (D.M.) — Case No. 3:26-cv-05063-CRB (Tonkin Decl. ¶ 4)

*5/28/26 – Complaint filed*

*6/5/26 – Defendants served*

*6/10/26 – Ride receipt submitted*

*6/26/26 – Plaintiff fact sheet and signed verification submitted*

*6/30/26 – Defendants issued deficiency notice*

*7/30/26 – Plaintiffs attempted to confer re: proposed voluntary dismissal (per PTO 10); Defendants did not respond*

*7/30/26 (same day) – Notice of Voluntary Dismissal without Prejudice filed*

Jane Doe PNA (K.H.) — Case No. 3:26-cv-05077-CRB (Tonkin Decl. ¶ 5)

*5/29/26 – Complaint filed*

*6/5/26 – Defendants served*

*6/10/26 – Ride receipt submitted*

*6/27/26 – Initial plaintiff fact sheet and signed verification produced*

*6/30/26 – Defendants issued first deficiency notice*

*7/30/26 – Plaintiffs communicated intent to file voluntary dismissal; Defendants did not respond*

*7/30/26 (same day) – Notice of Voluntary Dismissal without Prejudice filed*

Jane Doe PNA (S.Y.) — Case No. 3:26-cv-05675-CRB (Tonkin Decl. ¶ 6)

*6/11/26 – Complaint filed;*

*7/13/26 – Plaintiff fact sheet and signed verification submitted*

*7/14/26 – Defendants issued first deficiency notice*

*7/30/26 – Notice of Voluntary Dismissal without Prejudice filed*

## ARGUMENT

**I. Plaintiffs' Notices of Voluntary Dismissal without Prejudice Were Timely.**

**A. Defendants' Answer to the Master Complaint Does Not Serve As a Response to the Specific Matters at Issue Here.**

Under the Federal Rules of Procedure, a plaintiff is permitted to voluntarily dismiss an action without asking for leave of the court so long as the notice is filed "before the opposing party serves…an answer." FRCP 41(a)(1)(A)(i). Defendants' Answer to the Master Complaint, filed in August 2025, does not serve as a response to the specific matters at issue here as they were subsequently filed short form complaints in a multi-district litigation. *Gelboim* at 413 fn. 3. As explained by the Supreme Court, "[c]ases consolidated for MDL pretrial proceedings ordinarily

retain their separate identities." *Gelboim* at 406. While parties "may elect to file a master complaint and a corresponding consolidated answer which supersede prior individual pleadings," the individual actions are not merged when the master complaint is merely intended as "an administrative summary" of plaintiffs' claims. *Id.* at 413 fn. 3.

This failure to merge the actions is exactly the type of scheme already acknowledged by this very Court in PTO 17. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 745 F.Supp.3d 869, 882 (N.D. Cal. 2024). Consequently, Defendants' Answer is not a time-barring response to the cases at issue because they retained an identity separate from Plaintiffs' Master Complaint, which, as this Court has noted, is simply "an administrative device designed to summarize allegations and claims that are common to cases in this MDL." *Id.* Consequently, Defendant's Answer did not trigger the dismissal cut-off contemplated in FRCP 41(a)(1)(A)(i).

Nothing in PTO 11 or later pretrial orders amends or circumvents FRCP 41(a)(1)(A)(i) such that this Court should construe Defendant's Answer to a Master Complaint before a case is filed as the type of "time and effort" expended in preparation of its case necessary to prevent Plaintiffs Jane Doe PNA (K.H.), Jane Doe PNA (D.M.), and Jane Doe PNA (S.Y.) from the protection afforded under Rule 41. *Defendants' Motion* p. 3, ln 23-24, citing *Sanchez v. Seterus*, No. 17-cv-1183, 2017 WL 4355146, at *3 (N.D. Cal. Oct. 2, 2017). Indeed, PTO 11 suggests that the Court anticipate an eventual answer to the short form complaints as it informs Defendant that for the sake of efficiency they "need not answer or otherwise respond to any SFC filed in this MDL proceeding *until* ordered to do so by the Court." (emphasis added). It is of note that this instruction does not suggest *if* the Court will require an answer but rather *when*.

Furthermore, the idea that Defendant's initial answer to the Master Complaint would serve as an effective response to the later-filed short form complaints at issue here defies logical and chronological sense. Plaintiffs filed the cases at issue in this motion over nine months later. Though PTO 11 dictates that all short form complaints are deemed to have incorporated the allegations set forth in the Master Complaint, it also notes that they each contain "individual claims" and "additional factual allegations." While Defendants' Answer may have addressed the overarching issues common amongst the cases within the MDL, they could not have peremptorily anticipated

*all* of the unique facts and claims laid out by each individual short form complaint through an Answer that was filed months beforehand.

### B. Defendants' AI-assisted Nitpick of Non-substantial Deficiencies Is Not Sufficient to Subvert Plaintiffs' Absolute Right to File for Timely Dismissal.

Plaintiffs have an ultimate right to voluntarily dismiss a case under FRCP 41(a)(1)(A)(i) so long as the notice is timely, as previously established above. *Am. Soccer Co.* at 1121. The Ninth Circuit has held this right "absolute" so long as notice is filed "prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Despite Defendants' false protestations that they have spent "significant time and effort in investigating Plaintiff's specific cases," the supposed expenditure of numerous billable hours are not determinative when faced with the timely application by Plaintiffs of FRCP 41(a)(1)(A)(i). *See Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (noting that "[t]he language of Rule 41(a)(1) is unequivocal). Regardless of Plaintiffs' reasoning for dismissal, once this notice is exercised, "[t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Id.*, *quoting Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

## II. Plaintiffs Substantially Complied With All Court Orders and Dismissal Without Prejudice Was Not Inevitable.

| | Jane Doe PNA (D.M.) | Jane Doe PNA (K.H.) | Jane Doe PNA (S.Y.) |
|---|---|---|---|
| Case No. / MDLC ID | 3:26-cv-05063-CRB (MDLC ID 5428) | 3:26-cv-05077-CRB (MDLC ID 5440) | 3:26-cv-05675-CRB (MDLC ID 5806) |
| Cotton Decl. Claims Missing | Psychiatric/mental health authorization; law enforcement records authorization | Psychiatric/mental health authorization | Mental health records authorization |
| What the PFS Actually Disclosed | Date, time, location of incident; driver's identity; detailed narrative of assault; Plaintiff's notification to Uber; treating provider and date of care | Date, time, location of incident; driver's identity; detailed narrative of assault; Plaintiff's same-day in-app report to Uber; treating provider and date of care (to best of recollection) | Signed verification; street, city, state, ZIP, and time of incident (to best of recollection); a treating provider with dates and course of treatment |

| | | | |
|---|---|---|---|
| **Items Uber Flagged as Deficient** | Middle name; employment and education history; specific law-enforcement agency | Internal checkbox clarifications; granular location details; fuller employment history | Several typographical deficiencies contradicted by face of the PFS itself |
| **Why Not Material** | Bear on neither liability nor damages; information not provided is beyond Plaintiff's present recollection; a PFS/deficiency notice cannot compel production of information Plaintiff does not possess | No wage-loss or earning-capacity claim in this case — no damages category, claim, or defense to which employment history could be relevant; PTO 10 § 8 requires material deficiency, not merely Uber's preference for more detail; remaining items answered to best of recollection | No identified deficiency is material or warrants dismissal |
| **Authorization Status** | Exhibits A & B signed and produced in MDL Centrality within 30 days of Uber's deficiency notice | Verification Form and Exhibits A & B produced in MDL Centrality on 6/27/26 — before Uber's 6/30/26 deficiency notice issued | *See above* |
| **Conclusion** | PFS substantially complete; nothing identified by Defendants as deficient is material | PFS substantially complete; nothing identified by Defendants as deficient is material | PFS substantially complete; no identified deficiency is material or warrants dismissal |

A plaintiff's decision to proceed with or without litigation is based upon a variety of factors that are not privy to the Defendants under the cover of attorney-client privilege. Defendants' mere speculation about these factors is not an acceptable basis for a motion. Such assumptions seek to invade the longstanding right of client confidentiality and pervert it to a conspiracy of avoidance and malfeasance. As demonstrated above, Defendants cited deficiencies that were immaterial, inaccurately portrayed, and easily cured should Plaintiffs wish to do so. Their reaching conclusion that the cases at issue would inevitably be dismissed with prejudice has no factual basis. Ultimately, this motion should be construed for what it is – an attempt to push an advantage in litigation that the Defendants neither deserve under the rules nor can factually support.

## CONCLUSION

Plaintiffs submitted timely voluntary notices of dismissal on behalf of Jane Doe PNA (D.M.), Jane Doe PNA (K.H.), and Jane Doe PNA (S.Y.) because Defendants' Answer to the Master Complaint did not serve as a FRCP 41(1)(a)(A)(i)-triggering response to the individual actions. Defendants' unsubstantiated allegations and false speculation of the intent that Plaintiffs'

actions were calculated to avoid adverse consequences is unfounded and untrue. It is only Defendants that luckily avoided harm by Plaintiffs' exercise of their absolute right to dismiss their cases without prejudice. Consequently, this Court should deny Defendants' Motion to Strike Untimely and Improper Notices of Voluntary Dismissal and permit Plaintiffs to dismiss the three cases at issue without prejudice.

Dated: August 24, 2026,

Respectfully submitted,

**PHILLIPS & ASSOCIATES LAW FIRM P.C.**

By: *_/s/ Timothy G. Tonkin_*
Timothy G. Tonkin (UT Bar No. 17500)
*Appearance Pro Hac Vice*
Lucas P. Frei (AZ Bar No. 032255)
*Appearance Pro Hac Vice*
Vara G. Lyons (NY Bar No. 5464524)
*Appearance Pro Hac Vice*
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Tel: (602) 288-1684
Fax: (602) 900-0107
Email: tim.tonkin@phillipsandassociateslaw.com
Email: lucas.frei@phillipsandassociateslaw.com
Email: vara.lyons@phillipsandassociateslaw.com

*COUNSEL FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I electronically filed the foregoing document Plaintiffs' Opposition to Defendants Motion to Strike Untimely and Improper Notices of Voluntary Dismissal with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record in this action.

By: *<u>/s/ Timothy G. Tonkin</u>*
Timothy G. Tonkin