# EXHIBIT 2

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Thursday, July 2, 2026 4:55 PM
**To:** Vives, Michael <michael.vives@kirkland.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** RE: QLF

Mike,

Please see our responses to your remaining questions.

Depositions:

We intend to hold on 25 hours for Uber's time for 3rd party witness depos, until we see a more particularized showing of depos that are proportionate, not unduly harassing, or cumulative. We are working on streamlining our list of potential witnesses over the next week or two.

Communications:

We acknowledge receipt of your questions regarding preservation and Plaintiff's devices. We will provide you with additional information responsive to your questions by next week, as we are working with experts regarding Plaintiff's devices and data.

We are exploring additional avenues to determine whether we can locate Plaintiff's contemporaneous communications, which will add some time to us providing you an answer regarding the contemporaneous communications. We are doing everything we can to quickly and thoroughly investigate here. We will provide you with an update next week with what we are able to recover and the steps we have taken.

Social Media:

We agree to produce the categories of social media you propose from 2 years prior to the incident (consistent with Judge Cisneros' order). Please confirm that this agreement resolves our dispute regarding Uber's RFP Nos. 16 and 17.

- Social media posts (if any) that depict drug/alcohol use within 24 hours of the alleged incident;
- Social media that evidences the number or dates of rides taken with other rideshare services;
- Social media posts on the topic of Uber and/or rideshare usage;
- Social media relating to any major traumatic experience or trauma Plaintiff experienced;
- Social media relating to any major stressful experiences Plaintiff experienced;
- Social media that indicates Plaintiff experienced emotional pain and suffering;
- Social media relating to Plaintiff's [redacted];
- Social media relating to Plaintiff's alleged damages of "constant fear of men that I don't know"
- Social media related to alcohol use;

- Social media materials that depict or make specific reference to Plaintiff's participation in hobbies (defined as "her regular leisure time activities whether they are creative, social, sporting, intellectual or some other type of pursuit"); and
- Social media materials that depict or make specific reference to Plaintiff's attendance at social events (including parties, concerts, weddings, birthday celebrations, and bridal and baby showers).

To serve as an update as to our social media productions, we have been working with a vendor to identify and gather the responsive social media posts and messages to produce. This process also involves us manually reviewing the various posts, comments, and messages for completeness to compile them for production. We plan to produce social media documents in batches on a rolling basis. It is not feasible to complete production by 7/10. We will consult with our vendor and provide you an update on timing, but are endeavoring to produce as much as possible in advance of the 7/22 deposition.

<u>Pharmacy and Insurance Records</u>

It is our understanding that you are seeking sweeping authorizations for all pharmacy and insurance records going back 10 years from the date of the incident to identify relevant treaters that Plaintiff may not have recalled. We object to those requests as overbroad and a fishing expedition. As we stated, we have agreed to subpoena insurance records to aid in identification of any additional providers, and to supplement our responses as appropriate. At this time, the request for pharmacy records for the same purpose is cumulative, disproportionate and unduly harassing. If, however, you have an ask for specific pharmacy records during a specified period of time, and have a basis for such records, we will consider it.

Best,

Isa

**Isa Velez**

**GIRARD | SHARP**

601 California Street, Suite 1400

San Francisco, CA 94108

415.544.6455 (office)

415.544-6431 (direct)

ivelez@girardsharp.com

www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.