# EXHIBIT 3

GIRARD
SHARP

July 23, 2026

**<u>Via Email</u>**
Michael Vives
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
michael.vives@kirkland.com

Counsel:

We write in response to Uber's July 14 letter. Plaintiff has worked with her counsel to take reasonable and proportionate steps to preserve and search for materials relevant to this litigation. To date, Plaintiff has produced over 7,000 pages of documents, including communications from before, after, and near the time of the assault. Despite the disruptive nature of Uber's repeated accusations and unreasonable demands, Plaintiff has promptly reported the results of her ongoing efforts to retrieve data from many years in the past across multiple sources.

Plaintiff has retained and produced documents from her cell phone, laptop, and online accounts, including social media accounts and messaging apps. She has produced text messages, emails, and documents from Facebook, Instagram, Snapchat, TikTok, X (Twitter), YouTube, and Telegram. She has recovered text messages from her phone dating back to 2021 and messages from email accounts or other apps from several years before the assault. Plaintiff conducted a reasonable search in response to Uber's requests and produced responsive, non-privileged documents on an expedited basis.

As Uber knows, Plaintiff is no longer in possession of the phone she had when she was sexually assaulted in an Uber on June 9, 2020. She traded-in that phone for a new one in February, 2021—roughly a year and a half prior to retaining counsel for this action, roughly two years prior to commencing her state court action, and over three years prior to filing in the MDL. Plaintiff inadvertently damaged her second phone beyond repair when she dropped it in water. Our understanding is that she obtained a new phone in March 2024. Plaintiff is also in possession of a MacBook laptop, which she has owned since before the assault.

Plaintiff, through counsel, retained data recovery specialists to extract documents and data from her devices, extract information from online accounts, and help prepare those materials for review and production of responsive information. Through that process, as well as manual searches, Plaintiff has identified and produced thousands of pages of communications that are not only responsive to the substance of Uber's requests but also extend across the complete time period for which Uber has sought documents. While Plaintiff has not identified text messages from the time period 2020-2021, Plaintiff has been candid with Uber about this possibility. The

apparent lack of text messages from this short period is not the result of any misconduct, but instead appears to result from a routine cell phone upgrade long before Plaintiff retained counsel for this action. To the extent Uber intends to suggest spoliation, that suggestion fails at the threshold: any 2020-2021 text messages were lost, if at all, through an ordinary device upgrade before any duty to preserve arose, and nothing indicates that Plaintiff failed to take reasonable steps to preserve relevant information—let alone that she acted with any intent to deprive Uber of its use. See Fed. R. Civ. P. 37(e).

Our understanding is that Plaintiff has not manually deactivated automatic backups or deleted backups, and each time Plaintiff traded in or replaced her phone, her data was transferred. Uber has now had an opportunity to depose Plaintiff regarding these matters. Uber provides no legitimate basis for seeking an authorization for iCloud records, which would presumably give Uber access to every piece of data ever stored on Plaintiff's iCloud account. Such a request is disproportionate to the needs of the case and harassing.

As Uber is also aware, Plaintiff produced records from her cell phone carrier, T-Mobile, for the time period agreed upon by the parties—24 hours before and after the assault. These records address Uber's queries about phone calls or text messages Plaintiff set around the time of the assault. Uber's letter wrongfully accuses Plaintiff of misstating the date of this production. The production was made April 14, 2025. Plaintiff then uploaded a new link on July 10, in response to Uber's request, because the old link had expired. The letter also quibbles about production logistics, but there has been no attempt to hide documents from Uber's counsel, and Plaintiff has since provided production cover letters in the manner requested.

Next, Uber speculates that Plaintiff has used cell phone carriers other than T-Mobile. But the screenshot in Uber's letter is not from Plaintiff's phone. It appears to be a screenshot taken by one of her friends that is captured within one of her text threads. Misleading accusations like this one are unproductive and distract from Plaintiff's efforts to provide responsive material as quickly as possible. In any event, as discussed, to the extent Uber is requesting that Plaintiff subpoena additional logs from T-Mobile, Plaintiff is amenable to discussing a reasonable time period for such a request.

Uber continues to seek work product regarding Plaintiff's non-testifying consultant retained for purposes of data recovery. But Uber provides no reasonable basis for seeking this "discovery on discovery," and, in light of the foregoing, has not demonstrated that such discovery is proportionate to the needs of this case. To the extent Uber still has specific, unanswered questions about Plaintiff's data-recovery efforts, we ask that Uber identify those questions, and Plaintiff will work in good faith to address them directly. Plaintiff has already provided substantial information through her productions, her written discovery responses, and her own recent deposition. She remains willing to answer reasonable, specific questions so that any genuine concern can be resolved without deposing a non-testifying consultant.

In response to Uber's point that text messages and social media messages are distinct, Plaintiff has produced both. That Plaintiff did not use certain platforms to communicate with certain people is not a preservation failure. In response to Uber's demands, Plaintiff made an initial production of social media communications on July 10. Uber then complained of minor technical problems that naturally flowed from the forced haste of that production. Plaintiff addressed those points in her July 20 production. Plaintiff cannot, however, control when social media platforms remove certain information, such as when a person's account is deleted or how parties are identified (e.g., by phone number rather than name). Plaintiff produced these records "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i).

It is unclear why Uber believes Plaintiff's efforts with respect to nonparties have been insufficient. As Uber knows, Plaintiff has issued a variety of subpoenas to nonparties for records, has signed authorizations for Uber to obtain records from nonparties, and is producing for deposition nonparties represented by counsel.

Plaintiff has met her preservation obligations and has substantially produced responsive, non-privileged materials within her possession, custody, or control. To the extent Uber believes otherwise, we ask that it identify with specificity the documents or categories it contends remain outstanding, rather than repeating generalized accusations of delay or non-preservation that the record does not support. We look forward to discussing these matters in hopes of resolving any lingering disputes.

Sincerely,

*/s/ Simon S. Grille*

___________________

Sarah R. London (State Bar No. 267083)
Simon Grille (State Bar No. 294914)
Isabel Velez (State Bar No. 359574)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: ivelez@girardsharp.com

M. Kevin Queenan (*Pro Hac Vice*)
Carlos Lopez (*Pro Hac Vice*)
**Queenan Law Firm P.C**.

731 Station Drive
Arlington, Texas 76015
Phone: (817) 635-3333
Facsimile: (817) 635-4444
E-mail: service@queenanlaw.com
E-mail: carlos@queenanlaw.com

*Attorneys for Plaintiff Jane Doe QLF 001*