# EXHIBIT 4

---

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Wednesday, July 8, 2026 11:22 PM
**To:** Vives, Michael <michael.vives@kirkland.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** RE: QLF

Mike,

Your exaggerated accusations are unproductive. Please see our responses below.

**Depositions:** Confirming that we are accepting service for Plaintiff, her mother, her father, and her sister. We will review and respond to the document requests in due course and reserve all rights and objections.

We have now confirmed proposed deposition dates for the [redacted] Family.

- July 20th: [redacted]
- July 24th: [redacted]
- July 30th or 31st: [redacted]

Please let us know if these dates work for Uber.

As for Plaintiff's deposition, we've secured space at Queenan Law Firm (731 Station Dr, Arlington, TX 76015) to hold the deposition.

We will review any subpoenas you serve on unrepresented parties in due course and reserve all rights and objections. As we've told you repeatedly, we anticipate providing a narrowed list of individuals identified under Rule 26(a). For example, at this time, we do not anticipate calling the vast majority of people listed as friends at the time of incident.

**Communications**: Last week, we advised Uber that we were working with experts regarding Plaintiff's devices and data, and that we were exploring additional avenues to determine whether we can locate Plaintiff's contemporaneous communications, which would take additional time to exhaust. We also advised that we would provide an update on what we've learned from our experts, as well as additional information regarding preservation, Plaintiff's devices, and steps taken. Here is that update now.

At the time of the incident, Plaintiff had an iPhone. Plaintiff does not recall manually backing up her phone on iCloud. Our expert has concluded that there are no backups on the iCloud related to this phone. Around February 2021, Plaintiff traded her phone in for a new iPhone, leaving her phone carrier (T Mobile) with the phone. Queenan Law Firm began representing Plaintiff in July 2023 and advised her of her preservation obligations at that time.

In early 2024, Plaintiff damaged this phone and cannot locate it, despite best efforts. In March 2024, Plaintiff obtained a new iPhone that was last backed up on March 15, 2024. A forensic image of this device has been made but did not uncover contemporaneous text communications surrounding the incident. The forensic imaging did, however, identify additional responsive documents, which will be produced in short order.

Between 2025 to 2026, Queenan Law Firm repeatedly reminded Plaintiff of her ongoing preservation obligations. As you know, on May 30, 2026, Queenan Law Firm confirmed to Uber that Plaintiff was notified of her preservation obligations and was provided a copy of PTO 2.

Plaintiff's expert also repaired and conducted a forensic image of Plaintiff's laptop, which she owned prior to the incident date. The imaging did not uncover contemporaneous text communications surrounding the incident, but did identify additional responsive documents, which will also be produced in short order.

Your PTO 8 letter seeks the identity of Plaintiff's phone carrier and an authorization for records from that carrier, but we've already produced records from her phone carrier (T-Mobile). *See* DOE QLF 001136. It is unclear what additional information you seek. Please advise if you would accept a certificate attesting that what we've produced is complete, and what additional information you are seeking aside from what has already been collected and produced.

We note that you appear to have refused our invitation to confer regarding the items on this district's ESI checklist. This conferral would avoid exactly the situation we have here, where unripe or moot disputes are being raised.

**Social Media**: As we've told you repeatedly, we are making every effort to produce social media records as soon as possible. We anticipate an initial production by the end of this week. While July 17 is unrealistic given the volume of information, we will make every effort to complete production by July 20. Alternatively, we are willing to discuss a later deposition date, however Plaintiff needs 10 days notice to adjust her deposition date due to her work schedule. Accordingly, we think your PTO 8 letter is moot and suggest that you withdraw it.

**Pharmacy and Insurance Records**: Uber has been sending subpoenas and records requests pursuant to Plaintiff's authorizations, which authorize collection of "pharmacy and prescription records" pursuant to PTO 10. It is not necessary for Plaintiff to sign an additional authorization. These authorizations allow Uber to collect Plaintiff's pharmacy records, and Uber has in fact already received such records from Wal-Mart, with record requests currently pending to CVS and Walgreens. As you also know, Plaintiff has served a subpoena on her insurance to obtain the list of medical providers for the last 5 years, and mental health providers for the last ten years. We do not see the need to brief this to the Court, as Uber is successfully obtaining Plaintiff's pharmacy records and Plaintiff has served a subpoena on her insurance.

**PTO 8 Timing**: As stated in our previous email, we do not agree to the one-day turnaround you propose for our responses to the PTO 8 letter briefs you have raised here. We will respond to your PTO 8 letter briefs

within 3 business days, consistent with PTO 8. We are not attempting to delay. You have sent three briefs in one day, and we need time to respond to them. While you are correct that Plaintiffs proposed shortening response intervals to 2 days, Uber rejected that proposal. The intervals in PTO 8 control unless the parties agree otherwise, and we do not agree to modify them under these circumstances.

**Objections to RFP Set 3:** Plaintiff intends to produce all responsive documents in her possession, control, or custody in response to RFP Set 3 – limiting the scope of communications and calls made or received from 24 hours before and after the incident, as agreed upon. Our representation that Plaintiff would produce responsive documents sits alongside FRCP 34 – that Plaintiff will produce documents <u>in her possession, custody, or control</u>. Now that we have exhausted additional methods of recovering contemporaneous text records, we confirm that Plaintiff does not have possession of contemporaneous text communications.

Best,

Isa

**Isa Velez**

**GIRARD | SHARP**

601 California Street, Suite 1400

San Francisco, CA 94108

415.544.6455 (office)

415.544-6431 (direct)

ivelez@girardsharp.com

www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.