# EXHIBIT 9

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Monday, July 6, 2026 5:31 PM
**To:** Vives, Michael <michael.vives@kirkland.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** RE: QLF

Mike,

We disagree with the mischaracterizations in your email. Plaintiffs are not intent on delaying discovery in this case. Our efforts to date demonstrate the opposite. Those efforts include our ongoing production of documents (*see* 6/18/2026 and 6/30/2026 productions, with more to come on a rolling basis), updating initial disclosures, provision of deposition dates, provision of relevant authorizations, comprehensive responses to written discovery, responses to Uber's deficiency letter, and ongoing efforts to recover contemporaneous communications. We respond below to the specific points in your email.

**Depositions**: We intend to provide you with a streamlined list of persons identified under Rule 26(a)(1)(A)(i) that we may intend to call at trial as soon as we are able. The initial disclosures includes a number of people with very little relevant knowledge—this is because you and other counsel for Uber in other cases have insisted on a scorched earth strategy for identifying people with potential knowledge. We now understand your approach has changed and you would like a more narrowed list of who we may call, so you can focus and prioritize depositions. We are willing to cooperate with you on this, as we have said several times. Our investigation is ongoing and, in an effort to provide the most complete list possible, we anticipate this process will take a week or so. There is no gamesmanship. Moving to strike when we have informed you that we are in the process of streamlining is inefficient and will create unnecessary work for the Court and the parties.

Your contention that it "is not Uber's burden to show why depositions are necessary" is mistaken. *E.g.*, *Optimize Tech. Sols., LLC. v. Staples, Inc.*, No. 14MC80095LHKHRL, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."). We have informed you of the persons who we represent and have offered deposition dates. As we noted on

Wednesday, the [redacted] family has been occupied by a surgery, but we intend to provide additional deposition dates early this week.

**Communications:** It is unclear what relief you intend to seek from the Court given that we have been forthcoming regarding preservation and our ongoing efforts to identify and produce relevant communications. Plaintiff has advised Uber of the efforts underway to determine if contemporaneous communications are discoverable, and that because these efforts are still underway, Plaintiff would provide an update shortly, to ensure we are conveying complete information to help the parties understand the current landscape. To address questions you have raised regarding this topic, we suggest the parties schedule an ESI conferral, during which both parties can go through the topics on the ND Cal ESI checklist. While we do not agree that all of the questions you have posed are appropriate, we think that both parties would benefit from a bilateral discussion of the items on the checklist.

**Social Media**: It is unclear why you believe this timing is unacceptable or inconsistent with any representations made to the Court. It is also unclear what relief you will be seeking, given that we've agreed to provide the information you've requested, consistent with the constraints in Judge Cisneros's Order. We've explained the constraints on our end in terms of the timing of production. We have devoted resources to begin a rolling production as soon as possible and, as noted, anticipated completing that rolling production within the next couple weeks. Uber will receive the first of these rolling productions by this Friday, July 10.

**Pharmacy and Insurance Records**: You received today a notice of a subpoena to Plaintiff's insurance provider, Blue Cross Blue Shield. As we've discussed, we believe this subpoena is the most effective way to identify prior, relevant treaters. Accordingly, there appears to be no basis to authorize a broad release of any and all pharmacy records at this time. If, after reviewing the subpoena, there are still specific pharmacy records that you believe Uber needs, we will consider those requests, as noted in a prior email.

**PTO 8 Timing**: We do not agree to the one-day turnaround you propose for our responses to PTO8 letter briefs. While Plaintiffs proposed shortening PTO8's 3-day intervals to 2 days, Uber did not agree to that proposal. The Court has not entered any order shortening the PTO8 intervals. Accordingly, we will respond to any PTO8 letter brief you send within 3 business days, consistent with PTO 8.

**Objections to RFP Set 3**: Plaintiff objects to the scope of RFP Nos. 2 and 3. Plaintiff agrees to produce communications and calls made or received limited to the same period of time Uber has agreed to produce mobile events for the subject driver for the subject incident. Plaintiff objects to producing documents outside of that time period.

Best,
Isa

**Isa Velez**

**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Monday, July 6, 2026 9:48 AM
**To:** Isabel Velez <ivelez@girardsharp.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** RE: QLF

EXTERNAL EMAIL

Isa,

It appears from your email that Plaintiffs are intent on delaying discovery in this case. This case was selected – at Plaintiff's request – on July 16 and since then all we have received is continued delay, objections, and a general unwillingness to engage in the discovery process all of which is directly in contrast with the representations Ms. London has repeatedly made to the Court. We will be bringing these issues to the attention of the Court promptly.

**Depositions:**

- Plaintiffs served revised initial disclosures last week with 60+ witnesses, but now suggest you will work on "streamlining" your list of "potential witnesses over the next week or two." So Plaintiffs are attempting to artificially limit Uber's ability to conduct discovery while attempting to reserve the right to bring upwards of 60 people to trial, but suggesting that you'll only streamline in the next "week or two." This is textbook gamesmanship designed to prejudice Uber's ability to conduct discovery. It is not Uber's burden to show why depositions are necessary, it is Plaintiff's burden to prove to the Court they are not. We will proceed with issuing subpoenas and if Plaintiff does not streamline her initial disclosures by Wednesday we will be moving to strike her facially overbroad list.