ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

---

This Document Relates to:

*KN v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04184-CRB,

*JLG 225 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10870-CRB,

*S.C. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01122-CRB,

*S.M. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01124-CRB,

Case No. 3:23-md-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**

Date: September 11, 2026
Time: 10:00 a.m. PST
Courtroom: 6 – 17th Floor

*B.A. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01823-CRB, and

*JLG 277 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-02710-CRB.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its Motion to Dismiss Cases for Failure to Comply with Amended PTO 10 (ECF 6420), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve substantially complete Plaintiff Fact Sheets (PFS) despite this Court's clear directive that they do so months ago. ECF 348 at 6; ECF 4286. These Plaintiffs' noncompliance with the Court's Order impairs Uber's ability to defend itself in this MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and prepare for trial. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig. (In re PPA).*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig. (In re Bextra)*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice. *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Five of the six Plaintiffs subject to this Motion have not responded to Uber's Motion and can therefore be deemed to have consented to the relief it seeks. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). One Plaintiff, *JLG 225*, also has not responded to Uber's Motion and instead filed a Motion for Leave to File an Opposition Out of Time (ECF 7077) after the opposition deadline had passed. Uber has confirmed, however, that Plaintiff *JLG 225* has also made additional submissions—although belatedly—and therefore Uber withdraws its Motion as this Plaintiff, while reserving any arguments regarding prejudice and the sufficiency of Plaintiff JLG 225's late submissions.

**ARGUMENT**

**I. Five Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.**

Reich and Binstock, LLP, representing Plaintiffs *S.C.*, *S.M.*, and *B.A.*, failed to file an opposition to Uber's Motion. Similarly, the Johnson Law Group, which represents Plaintiff *JLG 277*,

also failed to file an opposition. And, finally, Plaintiff *K.N.*, proceeding in this litigation pro se, likewise failed to file an opposition. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). Moreover, unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions, a party's failure to respond constitutes consent to granting the motion. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure to produce substantially complete Plaintiff Fact Sheets by failing to timely oppose Uber's Motion—despite notice and numerous opportunities to provide substantially complete Plaintiff Fact Sheets—the Motion should be granted as to those Plaintiffs.

**II. Uber withdraws its motion as to the Plaintiff who belatedly cured the defects in her Plaintiff Fact Sheet.**

Uber has confirmed that Plaintiff *JLG 225* belatedly cured her PFS deficiency identified by Uber and should therefore not be subject to dismissal without prejudice. Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Uber withdraws its motion as to her, although it reserves and does not waive any potential arguments regarding prejudice against Uber and the sufficiency of Plaintiff's late submissions. Uber reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiff *JLG 225* or her counsel for continued disregard of this Court's Orders. For this Court's convenience, Uber submits, concurrently with this Reply, an Amended Proposed Order reflecting the withdrawal of the Motion as to Plaintiff *JLG 225*.

## CONCLUSION

Plaintiffs have failed to comply with PTO 10's requirement that they submit a substantially complete PFS. Their failing to do so has prejudiced Uber in its ability to defend its case. This Court should take the same approach as other MDL courts, and as this Court has already done in several similar motions (*e.g.* – ECF 3922, ECF 5232, and ECF 5253), and dismiss these Plaintiffs' claims without prejudice.

Dated: August 25, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on August 25, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy