*Submitting Counsel Below*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,<br><br>This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*,<br>N.D. Cal. No. 3:24-cv-08783<br>W.D. Tex. No. 1:26-cv-01694 | Case No. 3:23-md-03084-CRB<br><br>**NOTICE OF STIPULATION SUBMITTED BY UBER IN RESPONSE TO JUDGE CISNEROS'S JULY 30, 2026 ORDER**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Judge: Mag. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| JANE DOE QLF 001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | CASE NO. 26-CV-01694-CRB<br><br>Judge: Hon. Charles R. Breyer<br><br>Courtroom: 501 |

Defendant Uber respectfully submits this stipulation in response to Judge Cisneros's July 30, 2026 Order, requiring Uber to admit that the June 2026 background-check enhancements were "feasible" at the time of the alleged incidents in the *QLF 001* and *AR* cases, or prepare a Rule 30(b)(6) witness to explain why they were not. This stipulation is submitted without waiver of Uber's right to move to exclude this stipulation, in its entirety, and any related evidence, from trial as inadmissible.

1. For purposes of the *QLF 001* trial only, Uber stipulates that it was technologically feasible at the time of the alleged incident in *QLF 001* to instruct its background-check provider to conduct a 99-year Social Security Number trace.

2. By technologically feasible, Uber means that it could have directed the provider to expand the social security number trace lookback period, subject to jurisdictional limitations on the reporting of criminal records. In other words, Uber could have requested that a vendor conduct such a search, but that does not mean Uber would have received all the records requested from every jurisdiction, in light of legal limitations in some localities.

3. This stipulation is necessarily incomplete without the following context. Background-check policy is not a binary technical question. Uber develops its screening criteria in consultation with lawmakers, screening experts, and civil rights advocates, and works to balance rider safety with fair access to economic opportunity across more than 60 different background-check adjudication standards nationwide. Decisions about whether and when to implement a particular screening configuration involve assessment of numerous factors, including, but not limited to, expert feedback on recidivism data, existing safety policy evidence, legal, policy, and regulatory considerations across multiple jurisdictions, operational readiness and adjudication accuracy, false-positive rates and their impact on driver access, and the interaction of any screening change with Uber's broader multilayered safety system.

4. Uber does not admit that, at the time of the alleged incident in *QLF 001*:

(a) implementation of a 99-year Social Security Number trace was required by any applicable standard of care;

(b) such a change was operationally ready for nationwide deployment;

(c) such a change was legally advisable across all jurisdictions in which Uber operates;

(d) such a change was validated as materially improving rider safety;

(e) such a change would have disqualified the driver in *QLF 001* or prevented the Plaintiff's alleged incident; or

(f) Uber's then-existing screening process was unsafe, unreasonable, below industry standards, or inconsistent with the testimony of Hannah Nilles regarding Uber's screening practices at the time.

5. This stipulation is made solely in response to the Court's July 30, 2026 Order and is not an admission of negligence, breach of any duty, defect, or causation in *QLF 001*, *A.R.*, or any other case.

Respectfully submitted,

DATED: August 26, 2026

By: /s/ *Roopal P. Luhana*
ROOPAL P. LUHANA (*pro hac vice*)
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

By: /s/ *Michael Vives*
MICHAEL VIVES (*pro hac vice*)
JESSICA DAVIDSON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Ave.,
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

LAURA VARTAIN HORN
**KIRKLAND & ELLIS LLP**
555 California St., 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
laura.vartain@kirkland.com

ALLISON M. BROWN (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Ste. 1000
Philadelphia, PA, 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

KIM BUENO
State Bar No. 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701

Telephone: (512) 678-9100
kim.bueno@kirkland.com

*Counsel for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC*

**FILER'S ATTESTATION**

I, Michael Vives, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Michael Vives*
Michael Vives