# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

| | | |
|---|---|---|
| **Date:** August 27, 2026 | **Time:** 11:09 a.m.-12:31 p.m. | **Judge:** LISA J. CISNEROS |
| **Case No.**: 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. | |

**For Plaintiffs:** Roopal Luhana and Beth Wilkins, Chaffin Luhana LLP, Layne Hilton, Meyer Wilson, Co., LPA, William Smith, Anapol Weiss, Carlos Lopez, Queenan Law Firm, P.C., Sarah London and Simon Grille, Girard Sharp LLP, and An Truong, Simmons Hanly Conroy, LLP, counsel for Plaintiffs

**For Defendants:** Christopher Cox and Michael Vives, Kirkland & Ellis LLP and Veronica Gromada and Christopher Cotton, Shook, Hardy and Bacon LLP, counsel for Defendants

**Deputy Clerk:** Brittany Sims **Reported by:** Layli Phillips

## PROCEEDINGS

Discovery Status Conference held.

Regarding Dkt. No. 7110, the Court inquired whether the Army and Mr. Le should be heard before granting Plaintiff and Uber's joint request for unredacted records. Plaintiff's counsel represented that such notice is likely feasible. The Court may issue an order to show cause why the records should not be produced unredacted.

Regarding Dkt. No. 7011, the Court inquired as to Plaintiff's cognizable interest in avoiding burdensome discovery from her friends. The Court noted that Plaintiff may have an interest in not disrupting her social relationships through unduly burdensome discovery. Plaintiff's counsel represented that six of the depositions at issue have gone forward and three are scheduled, and two of the friends and one treatment provider have produced documents. Uber's counsel represented that one witness has produced documents. The Court asked about third parties' communications with other third parties, and Uber argued that those are relevant but asserted that its focus is on communications with Plaintiff.

With respect to Dr. C.G.'s deposition, the Court noted that Uber likely needs to file a motion to compel in the appropriate jurisdiction. Uber represented that it would do so.

The Court urged the parties to work out their dispute over any potential need for Plaintiff's authorization in the QLF001 case for Uber to subpoena records from Meta to identify counterparties to communications who have deleted their accounts. The Court noted that Plaintiff is not required to subpoena Meta for documents Uber is seeking.

With respect to identifying original posts as context for replies included in Plaintiff's downloaded Facebook data, the Court instructed the parties to work out a reasonable number of specific, relevant replies for which Uber needs Plaintiff to identify the original post through more burdensome manual review.

The parties represented that they expect to agree to a date for Plaintiff's deposition in the QLF001 case.

With respect to the first-look issues raised in the joint letter, the Court truncated the first-look period to two business days for the purpose of the QLF001 case.

The Court noted that disputes over assertions of work product protection implicate Judge Jones's appointment as special master for privilege disputes. If the Court has any further guidance for the parties after conferring with Judge Jones, the Court will advise the parties by text-only order in the docket, but in the absence of such an order, these disputes should be presented to Judge Jones.

Regarding documents obtained by Uber from subpoenas to marketing and lead-generation firms, Plaintiff's counsel stated that the parties are continuing to meet and confer regarding a possible stay of Uber's use of this information. The Court questioned why this was not raised as a discovery dispute to this Court under Pretrial Order No. 8 rather than the motion Plaintiffs presented to Judge Breyer. Plaintiffs asserted that they view it as a case management issue. Uber asserted that it has disclosed all subpoena recipients at issue to Plaintiffs. Plaintiffs shall provide Uber with a list of the entities they are aware of today, and Uber shall confirm whether that list is complete by tomorrow.

With respect to Dkt. Nos. 7111 through 7014, Uber's stipulations offered in lieu of a Rule 30(b)(6) deposition regarding Uber's 2026 background check policy, Plaintiffs objected to these stipulations' limitation to only one component of that policy. Uber represented that it is unable to provide a stipulation without caveats that the 2026 background check policy could have been implemented earlier. The Court therefore ordered the discovery set forth in the July 30 Order (Dkt. No. 6935 at 5) to proceed, including a witness to be identified today, documents to be produced by September 3, 2026, and a 30(b)(6) deposition to occur on September 10, 2026. The Court denied Uber's request to stay that Order.

The Court set a presumptive limit of 15 case-specific depositions for each bellwether case going forward. The parties may seek to alter that limit upwards or downwards for a particular case if circumstances so warrant.

The parties shall file a joint letter no later than Monday regarding any remaining disputes over supplemental search terms for Plaintiff's records in QLF 001. Uber shall respond today to Plaintiff's latest proposal.

The parties noted a potential issue regarding authorization to release Plaintiff's phone records because her phone number is part of a family plan and she is not the primary accountholder. The parties represented that they can likely resolve this issue in a manner that authorizes the release of the appropriate records, i.e., records specific to Plaintiff's phone number.