[SUBMITTING COUNSEL BELOW]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,

This Document Relates to:

*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*,
N.D. Cal. No. 3:24-cv-08783
W.D. Tex. No. 1:26-cv-01694

Case No. 3:23-md-03084-CRB

**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL [PARTIES' JOINT LETTER REGARDING PLAINTIFF JANE DOE QLF 001'S REQUEST TO DEPOSE SARFRAZ MAREDIA AND DEFENDANTS' REQUEST FOR PROTECTIVE ORDER]**

Judge: Hon. Charles R. Breyer
Courtroom: 6 – 17th Floor

Judge: Mag. Lisa J. Cisneros
Courtroom: G – 15th Floor

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

CASE NO. 26-CV-01694-CRB

Judge: Hon. Charles R. Breyer

Courtroom: 501

Pursuant to Northern District of California Civil Local Rule 79-5, Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion to Seal [Parties' Joint Letter Regarding Plaintiff Jane Doe QLF 001's Request to Depose Sarfraz Maredia and Defendants' Request for Protective Order]. Uber does not waive, and expressly reserves, all applicable privileges, confidentiality protections, privacy interests, trade secret protections, and other protections available under Rule 26(c), Civil Local Rule 79-5, and applicable law. For the reasons set forth herein, there is good cause to redact the following document and exhibits as described below:

| Document | Description | Party Seeking Confidentiality |
|---|---|---|
| Joint Letter | Quotations from Exhibits 9 and 10 | Uber |
| Ex. 3 to Joint Letter | July 30, 2026 email from Beth Wilkins to Jennifer Levy[1] | Uber |
| Ex. 5 to Joint Letter | UBER_JCCP_MDL_004899909 | Uber |
| Ex. 6 to Joint Letter | UBER_JCCP_MDL_005125966 | Uber |
| Ex. 9 to Joint Letter | UBER_JCCP_MDL_004014873 | Uber |
| Ex. 10 to Joint Letter | UBER_JCCP_MDL_004219553 | Uber |
| Ex. 13 to Joint Letter | UBER_JCCP_MDL_001221912[2] | Uber |

## I. LEGAL STANDARD

Documents attached to non-dispositive filings that are not directly relevant to the merits of a case

[1] Uber only seeks to redact the names of a third party from this Exhibit. There is good cause to seal this personally identifying information of non-parties.

[2] Uber only seeks to redact the names of two third parties from this Exhibit. There is good cause to seal this personally identifying information of non-parties.

are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Rule 26 provides that good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). That protection extends to confidential business information, commercially sensitive strategy, and other material the disclosure of which would cause competitive harm, impair business relationships, or invade legitimate privacy interests. In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material[.]" Civ. L.R. 79-5(c).

## II. ARGUMENT

Uber has established good cause to seal the requested redactions to the Joint Letter and to Exhibits 5, 6, 9, and 10 The materials at issue relate not to a dispositive motion, but to a discovery dispute—a filing that is, at most, only tangentially related to the merits of the underlying claims. This motion to seal therefore only needs to meet the less exacting "good cause" standard under Rule 26(c).

There is good cause to redact certain information in Exhibits 5, 6, 9, and 10 as well as the corresponding quotations from Exhibits 9 and 10 that appear in the Joint Letter. These exhibits involve Uber's strategy and internal communications concerning legislation and regulations. *See generally* July 16, 2026 Declaration of Erin O'Keefe (ECF 6809-4) (discussing why similar lobbying communications should be sealed).

Exhibit 9 [UBER_JCCP_MDL_004014873] is an email chain containing internal Uber analysis of certain proposed amendments to a Houston ordinance and their potential effect on Uber's operations, as well as discussion of a potential additional amendment and of lobbying strategies concerning the amendments. Exhibit 10 [UBER_JCCP_MDL_004219553] is an email chain analyzing a compromise concerning rideshare passed by Houston's city council, discussing the impact of the ordinance on Uber's operations, and discussing further lobbying efforts and strategies. Exhibit 6 [UBER_JCCP_MDL_005125966] is a draft version of one of the emails in that chain. Exhibit 5

[UBER_JCCP_MDL_004899909] involves discussion about Uber's implementation of certain processes and communications concerning independent drivers' compliance with Houston regulations. Uber also seeks to make minor corresponding redactions to quotations from Exhibits 9 and 10 that appear in the Joint Letter.

Disclosure of this information would harm Uber by providing competitors insights into Uber's internal lobbying operations and strategies and allowing them to use that information to compete against Uber. O'Keefe Decl. ¶ 2. In addition, disclosure of this information will make Uber employees less likely and less willing to freely share thoughts and information in intracompany communications concerning lobbying and/or regulatory matters for fear that their communications will become public. *Id.* ¶ 4. Uber's ability to promote its beliefs in furtherance of its business interests and to do so without fear of competitors leveraging this information is key to Uber's participation in the legislative process. *Id.* ¶ 5. This would have a chilling effect on Uber's exercise of its First Amendment right to petition the government.

Courts seal "internal business materials including [ ] legislative strategies" even under the compelling reasons standard. *See Baker v. SeaWorld Ent., Inc.*, No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017). Disclosure of such documents "could lead to an improper use by competitors, 'circumvent[ing] the time and resources necessary in developing [the competitor's] own practices and strategies.'" *Id.* (alterations in *Baker*); *see also In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13md2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing "confidential regulatory strategies and communications, which, if disclosed, could cause significant competitive harm to Defendants"); *Bos. Ret. Sys. v. Uber Techs., Inc.*, No. 19-cv-06361-RS (DMR), 2024 WL 665647, at *8 (N.D. Cal. Feb. 16, 2024) (granting motion to seal documents under good cause standard because they reflect "regulatory analyses"); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15CV274, 2016 WL 6783691, at *2 (M.D.N.C. Oct. 6, 2016) (sealing "e-mail chains among counsel and between [a party] and its regulatory consulting company"); *Flexible Benefits Council v. Feltman*, No. 1:08cv371 (JCC), 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (sealing exhibits containing "historic data on lobbying … expenses"); *cf. S. Cal. Gas Co. v. Pub. Utils. Comm'n*, 87 Cal. App. 5th 324, 341-45 (2023), *as modified* (Feb. 3, 2023) (vacating order by agency requiring disclosure of information related to lobbying by

investor-owned utility due to infringement on utility's First Amendment rights).

Moreover, the public interest in these documents is very limited. As this Court has already found, documents involving lobbying are irrelevant to the negligence issues in this litigation. ECF No. 1698 at 25 [Sealed Order] (agreeing that "lobbying activity is not relevant to establish whether Uber violated a duty of care or a common carrier duty to warn its passengers, and such facts appear attenuated to attacking Uber's defense to such claims"). This too supports sealing the documents at issue. Plaintiffs previously argued in a subpoena dispute (which Plaintiffs resolved before the Court could reject the argument, ECF 1758) that lobbying is relevant to the issue of Uber's compliance with applicable legal standards because they want to use it to "demonstrating that Uber wrote and rigged the rules by passing legislation to serve its own needs, not to protect its riders" (ECF 1555), a use of evidence transparently prohibited by the *Noerr-Pennington* First Amendment doctrine (ECF 1617, 1624) and therefore not relevant.[3]

Uber's request is also narrowly tailored and uses the least restrictive means available. Uber does not seek to seal the entire email chains, but only the portions including Uber's sensitive internal communications. For example, with respect to Exhibit 5 [UBER_JCCP_MDL_004899909], Uber is not seeking to seal the portions describing the communications to independent drivers, but only the internal Uber discussions and comments reflecting Uber's deliberative process regarding compliance with the regulations. Moreover, the redacted material is not relevant to whether the Court should grant Uber's motion for a protective order—the merits of the underlying discovery dispute can be fully resolved on the basis of the unredacted portions of the exhibit. *See Impossible Foods Inc. v. Impossible LLC*, No. 5:21-cv-02419-BLF, 2025 WL 638350, at *4 (N.D. Cal. Feb. 27, 2025) ("Since IF's proposed redactions leave unredacted the material relevant to the Parties' dispute, the Court also finds that IF's proposed redactions

[3] In a recent brief, Plaintiffs asserted that "one need look no further than the evidence of Uber's lobbying activities introduced at [the *Dean*] trial to reject the claim that Uber's lobbying and regulatory activities 'have no legal relevance,'" citing *Dean* trial exhibits P-01476, P-01480, and P-01037 for the claim that lobbying evidence was introduced for other unspecified "permissible purposes." ECF 6809 at 44. But these exhibits (later filed on the docket at ECF 5255-14, 5256-2, and 5256-4) deal with other topics deemed relevant and were not admitted or used for the relevance of the portions touching on lobbying. In fact, contrary to Plaintiffs' assertion, the Court excluded "any evidence or argument relating to lobbying efforts by Uber[.]" ECF 4686 at 15, § XIV; ECF 4941 at 2, § IV (granting Uber's Motion in Limine No. 14).

are narrowly tailored."). Where a party requests only targeted redactions rather than wholesale sealing, courts consistently find the narrow-tailoring requirement satisfied. *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *2 (N.D. Cal. Feb. 5, 2025); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) (similar). Uber's approach is the least restrictive alternative and is narrowly tailored to protect Uber's valuable and confidential lobbying strategies while preserving full public access to the substance of the parties' legal dispute.

## III. CONCLUSION

Good cause exists for the Court to seal the proposed redactions to Exhibits 3, 5, 6, 9, 10, 13. Uber therefore respectfully requests that the Court order that the redacted portions of the Exhibits be maintained on the docket under seal.

DATED: August 28, 2026

Respectfully submitted,

*/s/ Michael Vives*

Michael Vives (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
Jessica Davidson (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9050
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC