# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,

This Document Relates to:

v.

*JANE DOE QLF 001 v. Uber Technologies, Inc. et al.,*
*N.D. Cal. No. 3:24-cv-08783*
*W.D.Tex. No. 1:26-cv-01694,*

Defendant.

CASE NO. 3:23-MD-03084-CRB

**DECLARATION OF SARFRAZ MAREDIA IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Judge: Hon. Charles R. Breyer

Courtroom: 6 – 17th Floor

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

CASE NO. NO. 26-CV-01694-CRB

Judge: Hon. Charles R. Breyer

Courtroom: 501

**DECLARATION OF SARFRAZ MAREDIA**

I, Sarfraz Maredia, declare pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age, of sound mind, and competent to make the statements in this declaration. This declaration and information are provided pursuant to and under the provisions of the protective order previously entered in this matter.

2. I have been employed by Defendant Uber Technologies, Inc. ("Uber") since 2014. I am currently the Vice President, Autonomous Mobility & Delivery, and a member of Uber's Executive Leadership Team ("ELT")—the highest level of management at Uber and equivalent to Uber's "C-suite." I report directly to Andrew Macdonald, Uber's President and Chief Operating Officer. I have held this role since June 2025.

4. As Head of Autonomous Mobility & Delivery for Uber, I am responsible for all of Uber's autonomous marketplace and fleet operations, commercial strategy, partnerships, and expansion efforts.

5. Prior to that, I served as Vice President, Head of Americas, Delivery, from 2023 to 2025. My job responsibilities in that position included overseeing Delivery operations across the United States, Canada, and Latin America, and also overseeing Global Delivery Partnerships with our largest enterprise merchant partners.

6. From 2021 to 2023, I served as Vice President and Regional General Manager, U.S. and Canada, Delivery. In that role, I led Uber's Delivery business across the United States and Canada, including responsibility for profit and loss, strategy, operations, growth, and marketplace performance. In addition to having accountability for overall business performance in the region, I also oversaw Postmates, a delivery platform acquired by Uber in 2020.

7. From June 2019 to 2021, I served as Regional General Manager for Mobility in the U.S. and Canada. In that role, I was responsible for Uber's Mobility business, overseeing strategy and marketplace operations across the U.S. and Canada.

8. From January to June 2019, I was the Head of U.S. and Canada Central Operations for Mobility. In that role, I led centralized Mobility operations (rider, driver, and marketplace verticals) across the United States and Canada.

9. From 2017 to 2018, I was the Head of Northeast and subsequently Head of U.S. and Canada City Operations for Mobility. In those roles, I had ownership of business performance, including profit and loss responsibility, for the Northeast U.S. and later oversaw the U.S. and Canada City Operations organization.

10. From January to June 2017, I was the Regional General Manager, Central U.S. and Canada for Mobility. In that role, I had ownership of business performance including profit and loss responsibility for Mobility across Central U.S. markets and Canada.

11. From 2016 to 2017, I was the Texas and Southwest General Manager for Mobility. In that role, I had ownership of business performance including profit and loss responsibility for Mobility across Texas and the Southwest United States.

12. From 2014 to 2016, I was the General Manager of Uber's Houston office. My responsibilities included managing all aspects of Uber's operation in the Southeast Texas Metropolitan areas of Houston, Galveston, Bryan/College Station, and Corpus Christi.

13. I understand that this case involves allegations by a plaintiff that she was sexually assaulted in Arlington, Texas by a driver using the Uber platform in 2020. (Uber's Houston office does not cover this part of Texas.) I generally understand that the Plaintiff also alleges that Uber failed to implement policies that adequately address risks of harm to riders.

14. Given my current and former positions in the company, I do not possess any firsthand, let alone, unique personal knowledge concerning the facts or issues presented by Plaintiff's lawsuit. For example, I have not reviewed, performed, or conducted background checks on specific drivers; nor did I have direct responsibility for formulating Uber's policies or procedures on background checks. I have also not been responsible for responding to or investigating specific safety incidents, including Plaintiff's alleged sexual assault.

15. In my roles at Uber, I have not been directly involved in the development, implementation, or execution of the safety policies or practices, technologies, or other measures that are the focus of Plaintiff's lawsuit.

16. My understanding is that Plaintiff believes I may have relevant information as a result of my time as General Manager of Uber's Houston office. I further understand that Plaintiff has identified an affidavit I signed in 2015 as evidence that I have information relevant to this specific case. (Ex. 1.) The 2015 affidavit was prepared in response to a Texas Public Information Act request seeking information about drivers in Houston who used the Uber platform. The affidavit explained that the requested information was highly confidential and proprietary. In other words, the affidavit addressed Uber's position that driver and rider supply lists are competitive trade secrets, a topic that cannot possibly have any bearing on any policies involving rideshare in Arlington, Texas (250 miles from Houston) or Plaintiff's experience on the Uber platform in 2020, that is the subject of this lawsuit.

17. I understand that Plaintiffs previously deposed Gus Fuldner, former Senior Vice President of Safety & Core Services. Mr. Fuldner worked at Uber from 2013 to 2025 and was part of the company's Executive Leadership Team from 2021 to 2025. Mr. Fuldner led the organizational unit that has primary oversight over safety and customer support, among other things. Plaintiffs also deposed Roger Kaiser, former Senior Director, Global Head of Safety Operations. Until his departure in mid-2025, Mr. Kaiser oversaw safety operations and reported to Mr. Fuldner.

18. I understand Plaintiffs have also deposed Hannah Nilles on multiple occasions. Ms. Nilles is the current Global Head of Safety Operations, who since 2019, has had responsibility and oversight related to Uber's background check processes.

19. Plaintiffs have also deposed Sachin Kansal, Uber's current Chief Product Officer. Since 2017, Mr. Kansal has been involved in the development and implementation of Uber's safety features.

20. I do not have any knowledge concerning Uber's safety policies or features that is not possessed by others including Mr. Kansal, Mr. Fuldner, Mr. Kaiser, or Ms. Nilles.

21. In addition, I understand that Plaintiffs have previously deposed 57 current and former Uber employees who are or were directly responsible for the subject matters involved in this action, including, among others: Cory Freivogel, Head of Safety, U.S. & Canada; Rachel Holt, former Regional General Manager for U.S. & Canada; Danielle Sheridan, former Senior Manager, Head of Safety & Standards (currently Global Head of Membership & Loyalty); Katy McDonald, Director of Data Science; Valerie Shuping, former Global Safety Program Manager; Jenny Luu, Director, Safety Access & Identity; Catherine Gibbons, Senior Director, Head of Platform Safety, Identity, Risk & Payments, Community Operations; and Joseph Sullivan, Senior Director, Trust & Security, Global Public Safety.

22. I do not have personal knowledge related to safety issues that would not have been obtained from any of these individuals, all of whom had day-to-day involvement on safety-related issues.

23. I also have no personal knowledge of the facts underlying the alleged incident underlying the *QLF 001* case, the onboarding of the driver or any other matters specific to this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2026, in Austin, Texas.

Sarfraz Maredia

Sarfraz Maredia