ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Doe LS 705 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-03316-CRB<br><br>*Jane Doe PNA (D.M.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05063-CRB<br><br>*Jane Doe PNA (K.H.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05077-CRB<br><br>*Jane Doe PNA (S.Y.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05675-CRB | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE UNTIMELY AND IMPROPER NOTICES OF VOLUNTARY DISMISSAL**<br><br>Date: September 11, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

In their Motion, Defendants established that Plaintiffs' purported notices of dismissal were untimely and improper because (1) Defendants have already filed an answer and (2) each of the Plaintiffs has violated a court order and has filed for dismissal in lieu of seeking to cure discovery non-compliance. ECF 7005 at 2-5. Plaintiff Jane Doe LS 705 did not file an opposition to Defendants' Motion and should therefore be deemed to have consented to the relief Defendants seek. *George v. United States*, 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). The remaining three Plaintiffs—Jane Does PNA (D.M.), (K.H.), and (S.Y.)[1]—tie themselves into knots claiming that Defendants' answer was in fact not an answer and misrepresent the state of their discovery responses to obscure the simple truth that they were in violation of this Court's PTO 10. ECF 7095 at 3-7. But this does not change the fact that Plaintiffs' purported notices of dismissal did not comply with Federal Rule of Civil Procedure 41 and therefore, should be stricken.

## ARGUMENT

### I. Plaintiffs' Notices of Voluntary Dismissal Are Untimely.

Plaintiffs do not and cannot dispute the plain language of Rule 41(a)(1)(A)(i), which states that a notice of dismissal (as opposed to a motion) is only proper "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Instead, they dispute that the "Answer to Plaintiffs' Master Long Form Complaint" that Defendants filed on August 5, 2025, ECF 3640, was an answer. ECF 7095 at 3-5. Plaintiffs premise this argument on their contention that Defendants' answer "does not serve as a response to the specific matters at issue here," ECF 7095 at 3, but that is not what the plain language of Rule 41 requires. That rule says only that the filing of "an answer" cuts off a plaintiffs' ability to seek dismissal by notice rather than motion; it does not provide guidelines courts or plaintiffs can use to deem an answer insufficient for Rule 41 purposes. And in interpreting that rule, at least one court has explicitly concluded that "a plaintiff may not unilaterally dismiss the case" once an answer to the Master Complaint has been filed, even if an individual answer has not. Docket Text, *Gallo v. Exactech, Inc. et al.,* No. 1:23-cv-01007 (E.D.N.Y. July 7, 2023). That

[1] It appears that the individual cases for Jane Does PNA (D.M.) and (K.H.) were administratively closed on August 4, after they filed their Notices but before Defendants could file their Motion. The individual case for Jane Doe PNA (S.Y.) remains open.

court found it significant that "Defendants were only obligated to answer the Master Complaint, rather than individual cases." *Id.* The same is true here, as this Court held in PTO 11 that "all Defendants named in the Master Complaint need not answer or otherwise respond to any SFC filed in this MDL proceeding until ordered to do so by the Court." ECF 349. So, as in the *Gallo* matter, it is appropriate that "[a]ny voluntary dismissal should be stipulated between the parties on terms satisfactory to both." No. 1:23-cv-01007 (July 7, 2023 order).

Nor do the cases cited by Plaintiffs state that an answer to a master complaint is somehow not an answer. *American Soccer Company v. Score First Enterprises* did not deal with an answer to a master complaint at all. 187 F.3d 1108 (9th Cir. 1999). Similarly, *Gelboim v. Bank of America Corporation* decided issues of appellate jurisdiction; though it mentioned master complaints and corresponding answers in a footnote, it did not hold that master answers are not answers or address Rule 41 in any way. 574 U.S. 405, 413 n.3 (2015). And the December 2024 decision Plaintiffs reference from this matter likewise does not address Rule 41. *In re Uber Techs., Inc.,* 745 F. Supp. 869 (N.D. Cal. 2024). Far from minimizing the importance of the master complaint and answer as Plaintiffs suggest, this decision actually recognized that, given the paucity of individual allegations in Plaintiffs' short-form complaints, "the operative pleading in any given case consists solely of the allegations in the MC" or master complaint. *Id.*

Indeed, treating answers to master complaints as answers for the purpose of Rule 41 makes sense in light of the purposes behind the deadline for dismissal by notice as opposed to motion. Courts have recognized that "[t]he theory underlying" Rule 41's limits on notices of voluntary dismissal "is that, after the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities." *Exxon Corp. v. Maryland Cas. Co.,* 559 F.2d 659, 661 (5th Cir. 1979). Defendants' 53-page Answer to Master Long-Form Complaint, which responds to 513 paragraphs of allegations and sets forth ten affirmative and other defenses, certainly shows that it has become actively engaged in the defense of this suit. ECF 3640. The fact that Plaintiffs have subsequently filed bare-bones, six-page form Short Form

Complaints[2] does nothing to diminish the time and expense Uber has put into defending this MDL or reset the clock on notices of dismissal. *See Quick v. EMCO Enters.,* 251 F.R.D. 371, 374 (S.D. Iowa 2008) (rejecting argument that plaintiff's filing of amended complaint permitted dismissal via notice where defendant had already answered original complaint). And the Ninth Circuit has rejected overly formalistic efforts to redefine what an "answer" is under Rule 41, construing filings to be answers when they "serve[] the same purpose as an answer to a complaint" and "put[] the merits of the dispute in contention." *In re Alfahel,* No. 23-60026, 2024 WL 2269279, at *1 (9th Cir. May 20, 2024). The merits of the dispute underlying this MDL have been in contention since Defendants filed their answer over a year ago; it is far too late for Plaintiffs to come and go from the action simply by filing a notice.

## II. Plaintiffs Are Not in Compliance with PTO 10 and Should Not Be Permitted to Sidestep the Consequences of their Non-Compliance Through Voluntary Dismissal.

As Uber set forth in its Motion and accompanying declaration, the three Phillips & Associates Plaintiffs at issue here have violated PTO 10. ECF 7005 at 2. Specifically, Jane Doe PNA (D.M.)'s PFS submission was missing both the completed authorization to disclose psychiatric, psychotherapy, and mental health information (Exhibit B), and the completed authorization to disclose law enforcement records (Exhibit C). *Id.* Jane Doe PNA (K.H.) and Jane Doe PNA (S.Y.) both submitted PFS missing the completed mental health records authorization. *Id.* Amended PTO 10 is clear that a PFS is not "substantially complete" unless it "provide[s] duly executed record release authorizations." ECF 4287 at 8. If a Plaintiff fails to submit a substantially complete PFS, their claims are subject to dismissal without prejudice, which will be converted to dismissal with prejudice if the deficiencies are not timely cured. *Id.* at 8-9. And this Court has previously dismissed Plaintiffs for the same violation.[3]

In their opposition, Plaintiffs attempt to muddy the waters by listing out all of the information that they did provide in their PFS. ECF 7095 at 5-6. But none of this information is a substitute for the

---

[2] *Jane Doe PNA (D.M.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05063-CRB, at Dkt. 1 (May 28, 2026); *Jane Doe PNA (K.H.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05077-CRB, at Dkt. 1 (May 29, 2026); *Jane Doe PNA (S.Y.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-05675-CRB, at Dkt. 1 (June 11, 2026).

[3] *E.g.*, ECF 5232, dismissing, among others, *P.L. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-02847-CRB and *Jane Doe KGDB 016 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04337-CRB; and ECF 5455, dismissing, among others, *Jane Doe NLG (WJ) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01705-CRB.

required authorizations. Plaintiffs also focus on other deficiencies identified by Defendants that Plaintiffs do not consider material, *id.,* but it is only the missing authorizations that Defendants have pointed to as a substantial deficiency and a basis for dismissal of Plaintiffs' claims. ECF 7005 at 2. The language of PTO 10 is plainly in agreement with Defendants—a PFS that is not accompanied by all required and completed authorizations is not substantially complete and subjects a Plaintiff to dismissal without prejudice. ECF 4287 at 8-9.

As to the authorizations themselves, Plaintiff Jane Doe (D.M.) apparently does not dispute that she never provided the law enforcement authorization (Exhibit C). ECF 7095 at 5-6. She claims to have produced Exhibits A and B, but not Exhibit C. *Id.* Similarly, Plaintiff Jane Doe PNA (S.Y.) does not claim to have produced the mental health authorization (Exhibit B). *Id.* She notes that Defendants have pointed out that Exhibit B is missing and states the conclusion that her PFS is substantially complete and "no identified deficiency is material or warrants dismissal," but she does not anywhere state that she produced Exhibit B. *Id.* She did not. Meanwhile, although Plaintiffs Jane Doe (D.M.) and Jane Doe PNA (K.H.) assert that they completed mental health authorizations (Exhibit B), *id.,* a simple check of MDL Centrality shows that is inaccurate. Both of these Plaintiffs uploaded a document where their completed mental health authorizations should be submitted, but neither document was in fact a completed mental health authorization. Declaration of Christopher V. Cotton ¶ 3. While the mental health authorization requires Plaintiffs to provide the name of the health care provider, patient name, date of birth, social security number, address, and other information, both of these Plaintiffs provided only their signature. *Id.* Clearly, an authorization that is missing all of this information is not complete and cannot be used to obtain the release of a Plaintiff's treatment records as intended.

Accordingly, each of these Plaintiffs have failed to comply with PTO 10 by submitting a substantially complete and correct fact sheet. ECF 4287 at 8-9. Each should be subject to dismissal without prejudice and subsequent conversion of that dismissal to with prejudice. *Id.* Plaintiffs should not be able to avoid that outcome (and their discovery obligations) by filing eleventh-hour dismissal notices after receiving notices of their discovery deficiencies. *See Thompson v. Janssen Pharm., Inc.,*

756 F. App'x 740 (9th Cir. 2019); *White v. Donley*, No. 05-cv-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008) ("the avoidance of an adverse ruling is an abusive reason to seek dismissal").

**CONCLUSION**

For the foregoing reasons and those set forth in Defendants' Motion, the Motion should be granted and Plaintiffs' notices of voluntary dismissal should be stricken as untimely and improper.

Dated: August 31, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Christopher V. Cotton*
Christopher V. Cotton