Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Michael Vives (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
michael.vives@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No.: 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S EMERGENCY MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE OR FOR A STAY PENDING UBER'S MANDAMUS PETITION**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Uber is a technology company focused on continuous innovation to evolve its approach to safety. But the magistrate judge has allowed Plaintiffs to weaponize Uber's latest update to its background-check process—and that very innovation—as a litigation tactic. This Court should intervene immediately to stop it. Uber is facing irreparable harm *now* preparing for a deposition that the magistrate has ordered to occur by September 10 based on an erroneous legal standard. At the very least, this Court should enter a temporary stay and allow the court of appeals an opportunity to consider whether relief is warranted.

Uber recently expanded its background check process, following ongoing evolution in this area, to undertake 99-year social security number traces that will identify all counties where a potential driver has lived for criminal-records validation. Uber believes it is the first (and only) rideshare company to take this step in all jurisdictions. Plaintiffs have seized on that change and sought discovery in the hope of painting it, unfairly, as evidence of Uber's negligence in the upcoming *QLF001* and *A.R.* trials. Plaintiffs have argued for discovery even though they have not attempted to show—because they could not—that discovery into the latest background-check change would lead to any admissible or even relevant evidence for either *QLF001* or *A.R.* The driver in *A.R.* was *already subject* to a 99-year SSN trace, so the new Uber nationwide policy is entirely irrelevant there. And the *QLF001* plaintiff has never shown that, if the new process had been in place sooner, the check would have revealed anything material about the driver at issue there. Plaintiffs thus seek discovery that is not even arguably relevant to their cases, but that would be highly burdensome on Uber to produce—including because Plaintiffs will surely strive to take that information out of context before the juries and in the press.

Uber complied with the magistrate judge's order compelling it to make a difficult choice: either stipulate to an improper factual admission (that it was technically feasible for Uber to implement its recently enacted background check process sooner), or else sit for an improper and burdensome deposition probing the details of that irrelevant policy. Uber stipulated that it was technically feasible to implement 99-year social security number traces at the time of the alleged incidents in *QLF001* and *A.R.* Uber also supplied the essential context necessary for a jury to understand that stipulation. The magistrate judge nevertheless ordered Uber to produce a Rule 30(b)(6) witness and documents for the very deposition those stipulations were meant to avoid.

The order was legally flawed because, among other reasons, the magistrate judge did not find that the ordered discovery is calculated to lead to relevant, admissible evidence. This litigation is four years into discovery, with millions of documents and more than 1,000 hours of corporate testimony already produced. But the magistrate judge did not hold Plaintiffs to their burden to show that the requested additional information is reasonably likely to lead to discovery of relevant evidence. The existing evidentiary record—including the August 13 Checkr deposition—shows there is *nothing* that a 99-year lookback would have uncovered about the *QLF001* driver that was not revealed by the trace that actually occurred. And in *A.R.*, a 99-year lookback *was* run. Thus, the ordered discovery will add burden without adding evidence relevant to either bellwether.

If this Court declines to vacate the magistrate judge's order, then Uber intends immediately to petition the Ninth Circuit for a writ of mandamus. Uber thus alternatively moves for a stay of the deposition deadline and related discovery pending resolution of that petition, as is common in similar circumstances. *See*, *e.g.*, *Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1104 (9th Cir. 1996) (discovery order stayed pending resolution of mandamus petition); *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for Dist. of Alaska*, 788 F.2d 1408, 1410 (9th Cir. 1986) (same), *vacated by* 823 F.2d 382 (9th Cir. 1987); *In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1388 (Fed. Cir. 1996) (same, in MDL); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 842 (6th Cir. 2020) (same). That common-sense procedure is appropriate here. Uber is likely to succeed in its petition to quash this irrelevant deposition; it will be irreparably harmed should the deposition proceed before the Ninth Circuit can consider the petition; and the balance of the equities and public interest favors a stay.

To ensure Uber can timely seek a stay from the Ninth Circuit before the deposition occurs as ordered, and so that the court of appeals has the benefit of this Court's ruling, *see* Fed. R. App. P. 8(a), Uber respectfully requests that this Court require Plaintiffs to file any response to this motion by no later than September 1, and issue a ruling no later than September 3.

## ARGUMENT

### I. THE COURT SHOULD VACATE THE MAGISTRATE JUDGE'S AUGUST 27 ORDER.

The Court should vacate Judge Cisneros's clearly erroneous August 27 order, which compounds the original error, *see* Dkt. 7028, 7044, under Rule 72. Uber has now complied with the July 30 order by providing the stipulation contemplated by that order concerning the technological feasibility of the relevant change. Dkt. 6935 at 5; Dkt. 7113; Dkt. 7114. But at the August 27 hearing, Judge Cisneros refused to accept that stipulation because Uber included necessary context without which the stipulation would be misleading, and instead ordered Uber to proceed with the improper discovery. The August 27 order therefore leaves Uber subject to both a stipulation that resolves the asserted feasibility issue and the very discovery obligation that the stipulation was intended to obviate. The Court should not require a party to choose between an incomplete stipulation and expansive discovery where the (irrelevant) feasibility issue has already been addressed.

### II. THE COURT SHOULD STAY DISCOVERY PENDING MANDAMUS REVIEW.

If the Court is inclined to uphold the magistrate judge's order, Uber intends to petition the Ninth Circuit Court of Appeals immediately for a writ of mandamus quashing the deposition and related document discovery, and precluding introduction of any testimony obtained in that deposition should it ultimately go forward. This Court should stay the deposition and related document productions so that the court of appeals has a chance to consider Uber's petition. Courts enter stays when, as here, appellate review in the ordinary course may otherwise "come too late for the party seeking review." *Nken v. Holder*, 556 U.S. 418, 421 (2009).

#### A. Uber is likely to succeed on the merits.

Uber is likely to succeed in its mandamus petition. Courts frequently grant mandamus relief where, as here, district courts "authorize voluminous discovery that is irrelevant to the remaining issues in a case." *In re Clinton*, 970 F.3d 357, 365-66 (D.C. Cir. 2020); *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987). Uber's new background check policy was not in effect until six years after the alleged incident in *QLF001* and three years after the alleged incident in *A.R.* It has no bearing on whether Uber acted reasonably under the information and circumstances existing at the time. And the existing record proves that the ordered

deposition regarding Uber's new background check process will not produce any evidence relevant to either the *QLF001* or *A.R.* bellwethers. For *QLF001*, the recent Checkr deposition confirms that even if a 99-year trace had been run at the time, such a check would not have revealed anything relevant about the driver that was not revealed by the trace actually performed. Ex. 1, 8.13.26 Hubbard Dep. 302:7-303:4. And in *A.R.*, a 99-year check of the driver's social security number was run. *See* Dkt. 6902-3 at 195:12-14. The magistrate judge thus erred by asking whether the new policy was "feasible" earlier—feasible or not, Plaintiffs have not shown how discovery into the later policy bears on either case.

Moreover, because Uber had no duty to implement its 2026 background check policy earlier, whether it had the technological feasibility to do so has no legal bearing on the issues in these cases. There is no duty in either California or Texas to adopt a safety measure at the soonest possible moment, and imposing such a duty would wreak havoc on both businesses and consumers. *See*, *e.g.*, *Gilead Tenofovir Cases*, No. S283862, 2026 WL 2223748, at *23 (Cal. Aug. 3, 2026); *Henderson v. Ford Motor Co.*, 519 S.W.2d 87, 93 (Tex. 1974), *overruled on other grounds by Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984). But even assuming feasibility were a proper subject of discovery in these cases, Uber's stipulation resolves that question. What remains is an inquiry into the reasons Uber chose to adopt the policy when it did, none of which advances the issues to be tried in either bellwether. Because the new policy is irrelevant, it is "not a proper subject of discovery[.]" *Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 625 (9th Cir. 1999).

This discovery also fails the proportionality requirement of Rule 26. Where a party's need for discovery is "small or non-existent," ordering that discovery "alone impose[s] a burden" that is disproportionate. *Whole Woman's Health v. Smith*, 896 F.3d 362, 375-76 (5th Cir. 2018); *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 564 (9th Cir. 1984). Plaintiffs' counsel clearly intend to embark on a fishing expedition into every person involved in the decision to implement the 2026 policy, and every reason Uber decided to do so. Dkt. 6902-2 at 9-18. Their motive is transparent: Plaintiffs want to paint Uber in a bad light before the juries and in the press by taking its actions out of context. It would be enormously burdensome for Uber to provide such discovery, particularly where it is actively preparing to defend itself

at a trial that is just weeks away, and has already produced voluminous discovery regarding its background check policies.

**B. Uber will be irreparably harmed absent a stay.**

Under the accelerated schedule set by the magistrate judge for the deposition, Uber's petition could "become moot unless the stay is continued pending determination of the appeal[]." *Providence J. Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (granting stay pending appeal of discovery order). "The possibility of irreparable injury to" Uber is thus "evident": its appeal may "become moot and [may] be dismissed since the [deposition] will have been carried out." *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986).

In the meantime, complying with the August 27 order would require Uber to incur the substantial burden of identifying and preparing an appropriate corporate witness and collecting, reviewing, and producing related materials concerning a policy that is irrelevant to the two upcoming bellwether trials. Those burdens are especially severe and disruptive right now, because *QLF001*'s trial is only weeks away. Once the deposition occurs and the documents are produced, no later appeal can undo that compelled disclosure.

The magistrate judge's order also irreparably harms Uber by penalizing it for updating its safety policies. The order sets a troubling precedent that actively *discourages* safety innovations during ongoing litigation by subjecting those innovations to expansive discovery over whether they could have been implemented sooner. The chilling effect on innovation would be especially acute here, where Plaintiffs' counsel have been litigating this MDL as much in the press as in the courtroom. Even Rule 407's policy restricting admission of subsequent remedial measures will not protect Uber from the burden and prejudice of compelled discovery now.

## CONCLUSION

Uber respectfully requests that, by September 3, this Court vacate the magistrate judge's August 27 order and quash Plaintiffs' Rule 30(b)(6) deposition notice. At a minimum, the Court should stay the order pending the court of appeals' resolution of Uber's mandamus petition.

DATED: August 31, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC