[SUBMITTING COUNSEL BELOW]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*,<br>N.D. Cal. No. 3:24-cv-08783<br>W.D. Tex. No. 1:26-cv-01694 | **STATUS REPORT REGARDING DRIVER DEPOSITION PURSUANT TO ECF 7075**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Judge: Mag. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| JANE DOE QLF 001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | CASE NO. 26-CV-01694-CRB<br><br>Judge: Hon. Charles R. Breyer<br><br>Courtroom: 501 |

**STATUS REPORT REGARDING DRIVER DEPOSITION PURSUANT TO ECF 7075**

Per the Court's order on August 21, 2026 (Dkt. 7075), Uber respectfully submits this update regarding the deposition of the driver in the QLF001 case, Victor Le.

Uber's counsel was blindsided yesterday afternoon upon discovering that Plaintiff's counsel had conducted an *ex parte* telephone conversation with Mr. Le just one day prior to his September 1 deposition, which, according to Plaintiff's counsel, culminated in Mr. Le's stating his intent to assert his Fifth Amendment rights. Plaintiff's counsel proceeded to have this private conversation

with Mr. Le (with no notice to Uber or the Court) even though Plaintiff's counsel recently announced to the Court that they were no longer seeking to depose Mr. Le, meaning they had no legitimate reason to contact Mr. Le. Plaintiff's counsel notified Uber after his discussion with Mr. Le, and insisted that this call was professional and appropriate, but he provided shifting, convoluted explanations about the substance of the conversation. These developments are deeply troubling. The only possible reason why Plaintiff's counsel would have reached out on the eve of Mr. Le's deposition is to somehow influence his testimony. If the discussion were truly innocuous, Plaintiff would have included Uber's counsel in the conversation. And while Plaintiff has professed a sudden interest in ensuring that Mr. Le is aware of his constitutional rights, this late-breaking concern (several weeks after the deposition was originally scheduled) seems highly disingenuous.

Instead, Plaintiff's counsel's actions appear to be the latest in an ongoing pattern of influence, interference, or outright obstruction of discovery from third-party witnesses in this case (which has included their interference with depositions of treaters, eyewitnesses, and third-party non-profit organizations). In prior communications with the Court or Uber, Plaintiff has never suggested a concern that Mr. Le would plead the Fifth, and it strongly appears that Plaintiff's counsel went forward with the call in order to ensure that result.

Given these circumstances, Uber had no choice but to postpone today's deposition to gather additional information. To ensure that any future deposition of Mr. Le is conducted fairly, Uber respectfully requests that the Court issue an order directing Plaintiff to produce all written correspondence exchanged with the prison and Mr. Le. Furthermore, Uber requests an expedited Order to obtain the recording of the August 31 phone call between Plaintiff's counsel and Mr. Le, which Uber has confirmed would have been recorded in accordance with state prison policy. Access to the recording will enable Uber to assess whether Plaintiff's counsel—having previously requested and then withdrawn their request for the driver's deposition—improperly influenced or encouraged Mr. Le to refuse deposition questioning from Uber. Furthermore, obtaining this recording will help Uber decide whether proceeding with the deposition would be futile; if Mr. Le confirms he intends to invoke his Fifth Amendment rights, conducting the deposition would result in an unnecessary expenditure of resources for the parties, the prison, and the Court. As a result,

Uber should be granted the opportunity to evaluate that recording before deciding whether to reschedule the deposition. Prompt disclosure of this information is vital in light of the approaching trial date.

More details about the parties' correspondence on this issue is attached as Exhibit A to this Status Report.

DATED: September 1, 2026

Respectfully submitted,

*/s/ Michael Vives*

Michael Vives (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
Jessica Davidson (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9050
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC