# Exhibit A

**From:** Smith, William
**To:** Vives, Michael; Walsh, Alexandra; Sarah London; Roopal Luhana; Rachel Abrams; Kevin Queenan; carlos@queenanlaw.com; Barnholtz, Rebecca; Andrew Kaufman
**Cc:** Bueno, Kim; Brown, Alli; Cowan, Chris; Davidson, Jessica
**Subject:** Re: QLF 001 Driver Deposition
**Date:** Monday, August 31, 2026 6:24:44 PM

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Mike,

Despite your assertions that you copied me verbatim. I disagree. Nevertheless, we have nothing to hide. If you want to request a recording, feel free. We don't believe that the call was recorded. But we obviously have no objection to you requesting a recording if one exists. You also could have just asked Mr. Le about the conversation tomorrow, but it looks like you've chosen against that. I'll note that you did not, as you claimed you were going to, "raise this issue with the Court immediately." Instead, you've elected to pull down the deposition the Court ordered happen by tomorrow now that you've, apparently for the first time, thought about the implications of the driver accused of raping the Plaintiff taking the 5th during a deposition about that rape.

Thanks.

Best,
William

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Monday, August 31, 2026 6:12 PM
**To:** Smith, William <wsmith@anapolweiss.com>; Walsh, Alexandra <awalsh@anapolweiss.com>; Sarah London <slondon@girardsharp.com>; Roopal Luhana <luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Kevin Queenan <kevin@queenanlaw.com>; carlos@queenanlaw.com <carlos@queenanlaw.com>; Barnholtz, Rebecca <rbarnholtz@anapolweiss.com>; Andrew Kaufman <akaufman@girardsharp.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Cowan, Chris <chris.cowan@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>
**Subject:** RE: QLF 001 Driver Deposition

Hi William,

I wrote down what you told me verbatim and copied that into the email I sent you. I did not attempt

to characterize it in any way. It was literally direct quotes of what you told me your conversation was with Mr. Le. You also told me you were going to follow up with a written summary of the conversation right after we got off our call hours ago, but never did that, which is what led to my email memorializing our conversation.

In any event, the only way to know what was actually said is by getting a copy of the recording. Are you now taking the position that you would object to Uber requesting and/or receiving a copy of that recording? If so, please provide your basis for your objection. Please also explain why your position changed from our conversation a few hours ago where you told me that you fully understood why we would make that request, that you would be making the same request if we had a recorded conversation with the driver the day before his deposition, and that you intended to request a copy of the recording yourself. Please know that we will be making a formal request to Judge Breyer that he enter an order requiring the prison to turn over the recording. Surely if the conversation is as you described, you will have no concerns with that and will join in our request to put this issue to bed.

And, to confirm, we have notified the prison that the deposition is off tomorrow in light of your phone call.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Smith, William <wsmith@anapolweiss.com>
**Sent:** Monday, August 31, 2026 6:32 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Walsh, Alexandra <awalsh@anapolweiss.com>; Sarah London <slondon@girardsharp.com>; Roopal Luhana <luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Kevin Queenan <kevin@queenanlaw.com>; carlos@queenanlaw.com; Barnholtz, Rebecca <rbarnholtz@anapolweiss.com>; Andrew Kaufman <akaufman@girardsharp.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Cowan, Chris <chris.cowan@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>
**Subject:** Re: QLF 001 Driver Deposition

Hey Mike,

Uber’s repeated accusations of witness interference are inappropriate and unprofessional. Our outreach to a witness such as Mr. Le in advance of a deposition was

in no way improper—it is standard practice in litigation.

Further, several of the points made in your email are incorrect.

1) You assert, "You also told me that you told Mr. Le that he did not have to speak with you, that he was entitled to a lawyer, and that he did not need to speak with us at all." I did not say that. As I stated on our call, I told Mr. Le that he was under no obligation to speak with me and that our discussion was entirely voluntary. I also told him that I did not represent him and that I could not give him legal advice, but that he was free to consult a lawyer if he so chose. To the extent you believe/are suggesting that I told Mr. Le he did not need to speak with Uber or appear for the deposition, that is incorrect.

2) You assert, "You said you also asked him if he had a lawyer and at that point he indicated that because the deposition related to Ms. Doolin, he notified you that he planned to invoke his 5th Amendment right against incrimination." That is untrue. First, I did not tell you that Mr. Le connected his statement that he would not have a lawyer at the deposition with his comment regarding the 5th Amendment. Second, Mr. Le did not say he would invoke his right against self-incrimination. He said he likely would. I have no idea what course he will actually choose.

3) I did not tell you that I would provide the information you enumerate and your demands are not well-taken. Again, the implication that Plaintiff has done anything improper here is completely unfounded. I called earlier today to inform you and Uber of my call as a courtesy. I don't believe I was under any obligation to do so. (You presumably would have learned about the call at the deposition, as happens in depositions often.) I wanted to bring it to your attention on the off chance you had not considered the possibility that an incarcerated individual being deposed about criminal activity (both Ms. Doolin's rape and Mr. Le's assaults of other women) might plead the 5th. I was surprised and indeed concerned you had not. If you would like to raise this with the Court, feel free.

Please know that if you do not appear for Mr. Le's deposition tomorrow Plaintiff reserves her right to object to it being rescheduled, given the significant amount of work that remains before trial and the truncated time we have to complete it.

Thanks.

Best,

William

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Monday, August 31, 2026 3:24 PM
**To:** Smith, William <wsmith@anapolweiss.com>; Walsh, Alexandra <awalsh@anapolweiss.com>; Sarah London <slondon@girardsharp.com>; Roopal Luhana <luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Kevin Queenan <kevin@queenanlaw.com>; carlos@queenanlaw.com <carlos@queenanlaw.com>
**Cc:** Bueno, Kim <kim.bueno@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Cowan, Chris <chris.cowan@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>
**Subject:** QLF 001 Driver Deposition

Hi William,

I am following up on your phone call earlier. As I understand it, you (and perhaps other Plaintiff lawyers as well) had a brief telephone conversation with Mr. Le this morning. You told me this call was set up by the prison and that this was the first conversation anyone on your side had with Mr. Le either in writing, on the phone, or otherwise. You indicated that during this call, you explained that you represented Bethany Doolin and that the requested deposition was related to Ms. Doolin's lawsuit against Uber. You also told me that you told Mr. Le that he did not have to speak with you, that he was entitled to a lawyer, and that he did not need to speak with us at all. You said Mr. Le told you he had not yet had time to speak to a lawyer about the subpoena. You indicated you also asked him about whether he had any pending appeals and he noted that he does have a pending appeal and that his family had just put down some money that would be used in furtherance of some form of an appeal. You said you also asked him if he had a lawyer and at that point, he indicated that because the deposition related to Ms. Doolin he notified you that he planned to invoke his 5th Amendment right against self-incrimination.

In light of this information, I requested that you provide the following, which you said you would:

- Copies of all communications you have had with Mr. Le. You indicated there were none other than this call, but please confirm that in writing;
- All communications you had with the prison to set up this phone call with Mr. Le (as I told you, we understand these calls need to be arranged in advance, typically with the express consent of the prisoner);
- A copy of any recorded phone calls you had with Mr. Le and/or your consent that Uber can request the phone call and Plaintiff will not object. On this one, you indicated you also wanted a copy of the call, understood why we were making our request, and suggested that you intend to request it yourself.

You also told me you would send me a summary of your call with Mr. Le, but so far, no such summary has been sent.

While we intend to postpone the deposition tomorrow, please provide the requested information ASAP so we can evaluate whether we need to proceed on another date and whether, and to what extent, we need to seek relief with the Court. To be clear, Uber has real concerns that Plaintiff's counsel had an unnecessary and inappropriate conversation with Mr. Le that has now led to him not

participating in the deposition process (despite the fact that Plaintiff had been representing for weeks that this deposition would go forward on this date). We are also extremely surprised and troubled that you did not offer Uber an opportunity to participate in this call. This conduct is particularly troubling given the pattern in this case (seen across multiple witnesses and issues) of Plaintiff attempting to interfere with third-party discovery and the fact that you had this conversation after you told Uber and the Court that you were no longer pursuing this deposition. We intend to raise this with the Court immediately.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.