[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' RESPONSE TO UBER'S STATUS REPORT REGARDING DRIVER DEPOSITION**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 6-17th Floor (zoom) |
| This Document Relates to:<br><br>*Jane Doe QLF 1 v. Uber Techs. Inc.*,<br>N.D. Cal. No. 24-cv-8783,<br>W.D. Tex. No. 26-cv-01694 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JANE DOE QLF 0001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 26-cv-01694-CRB<br><br>Judge: Honorable Charles R. Breyer |

**RESPONSE**

After claiming that the deposition of Victor Le was essential to determining the company's trial strategy in this case, Uber unilaterally postponed (indefinitely) the deposition once it learned that Mr. Le would likely assert his Fifth Amendment rights. Uber apparently was "blindsided" by the revelation that a person convicted of rape might assert his right against self-incrimination. The excuse does not stand up to scrutiny. The Court should presume that Uber has little interest in taking this deposition and is embracing delay for the sake of delay. Uber's conduct has also harmed Plaintiff's counsel who incurred expenses and spent time traveling to Texas for the deposition.

To distract from its own strategic choices, Uber asserts that Plaintiff's counsel acted improperly in reaching out to Mr. Le (and by, as a courtesy, disclosing the communication to Uber). There is nothing inappropriate about contact between a lawyer and a fact witness before a deposition. *See In re: Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 14-1748, ECF 1209 (N.D. Ill. Mar. 7, 2016) ("In a typical case, there are no restrictions on a party's contacts with a fact witness … prior to the witness's deposition. … There is nothing at all improper about this."); *Lloyd v. Covanta Plymouth Renewable Ener., LLC*, 532 F. Supp. 3d 259, 261 (E.D. Pa. 2021) (explaining that "ordinary unrepresented fact witnesses … may be spoken to without permission of the court or anyone else"); *Frank v. L.L. Bean, Inc.*, 377 F. Supp. 2d 233, 235 (D. Me. 2005) ("Where a witness is not represented by an attorney, a party is under no obligation whatsoever to inform anyone of contact with the witness.").

It is standard fare (and has been typical practice in this litigation) for parties to explore the existence and nature of ex parte communications in the deposition itself.[1] Indeed, in the earlier bellwether trials, Uber spoke with Mr. Richardson (the driver in *Mensing*) and Mr. Turay (the driver in *Dean*) without prior notice to Plaintiffs, the Court, or anyone else, and certainly without "includ[ing] [Plaintiffs'] counsel in the conversation." Status Rep. at 2. Apparently, Uber now thinks those conversations were improper and conducted with the intent to influence Mr.

[1] That default permission is why the bellwether deposition protocol negotiated by the parties carves out an exception for treating physicians. *See* ECF 3412-1 at p. 5/7 ("Counsel for the Parties and their support staff shall not communicate directly with treating physicians regarding Bellwether Plaintiffs or this litigation.").

Richardson's and Mr. Turay's testimony.

To be clear, there was no intent to "influence [Mr. Le's] testimony." Status Rep. at 2. Plaintiff's counsel arranged a discussion with Mr. Le before his deposition for the same reason any lawyer seeks to speak with a third-party witness before that witness is deposed—to help prepare for that deposition by understanding how the witness might present and what information he or she might provide. The entire conversation lasted approximately seven minutes. Toward the conclusion of the conversation, Mr. Le volunteered that he would likely assert his right against self-incrimination. Following the call, Plaintiff's counsel determined it would be appropriate to share this information with Uber given the ethical obligations both Uber and Plaintiff might have in light of the potential jeopardy facing an unrepresented third-party witness. Plaintiff's counsel does not know if the call was recorded, but certainly does not object to Uber obtaining any such recording if it exists.

Finally, the Court should admonish Uber to cease from including ad hominem attacks in its filings. Recently, the Court received a lengthy case management statement falsely accusing counsel of leaking confidential information to the New York Times. Even though this Court and Judge Cisneros have found no merit to such attacks, Uber repeats them, including in its Rule 72 motion filed just days ago. *See* ECF 7171 at 5 ("Plaintiffs' counsel have been litigating this MDL as much in the press as in the courtroom."). Similarly, Uber levelled charges of "witness tampering" in filings before Judge Cisneros, who did not find anything improper in Plaintiffs' counsel's conduct. The mud-slinging must stop.

Dated: September 2, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: September 2, 2026

By: */s/ Andrew R. Kaufman*
Andrew R. Kaufman