# EXHIBIT A

M. Kevin Queenan (TX SBN 16427150)
*Appearance pro hac vice*
Carlos Lopez (TX SBN 24083414)
*Appearance pro hac vice*
**QUEENAN LAW FIRM P.C.**
731 Station Drive
Arlington, Texas 76015
Phone: (817) 635-3333
Facsimile: (817) 635-4444
E-mail: service@queenanlaw.com
E-mail: carlos@queenanlaw.com
*Attorneys for Plaintiff Jane Doe QLF 001*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | MDL No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.; C.A. No. 1:26-cv-01694-CRB* | **AFFIDAVIT OF SERVICE RELATED TO ECF 7117**<br><br>Judge: Honorable Charles R. Breyer<br>Courtroom: 6 – 15th Floor<br><br>Judge: Honorable Lisa J. Cisneros<br>Courtroom: G –15th Floor |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE DOE QLF 001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 1:26-cv-01694-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Courtroom: 501 |

STATE OF TEXAS §
§
COUNTY OF TARRANT §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Stacey White, known to me to be the person whose name is subscribed below, and acknowledged to me that she executed same for the purpose and consideration therein expressed, who then, being by me duly sworn, on her oath deposed and said:

1. "My name is Stacey White. I am over twenty-one (21) years of age, I have never been convicted of a felony or crime involving moral turpitude, and I am fully competent to make this affidavit. I have personal knowledge of the facts set forth herein, and the statements and facts contained herein are true and correct.

2. I am a legal assistant at the law firm of Queenan Law Firm, P.C., which represents Plaintiff Jane Doe QLF 001 in this direct-filed member case styled C.A. 1:26-cv-01694-CRB; *Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*, as well as in the multi-district litigation proceeding styled C.A. No. 3:23-md-03084-CRB, *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation.*

3. In accordance with ECF 7117, on August 28, 2026 at 2:42 p.m. C.D.T., I transmitted an e-mail to the following e-mail addresses.

monique.a.wey.civ@army.mil
usarmy.knox.hrc.mbx.foia@army.mil

4. That August 28, 2026 e-mail included the following items:

a. correspondence;

b. Order to Show Cause Why Stipulation to Authorize Release of Unredacted Army Records Should Not Be Granted [Doc. 7117];

c. Stipulation and Proposed Order Authorizing Release of Victor Le's Army Discharge Records [Doc. 7110]; and

d. Protective Order [Doc. 176].

5. A true and correct copy of the e-mail and its attachments is attached hereto as Exhibit A.

6. On August 28, 2026, at 2:43 p.m. C.D.T., I received a confirmation of message delivery related to the above e-mail.

7. A true and correct copy of that delivery confirmation is attached hereto as Exhibit B.

8. On August 28, 2026, at 4:36 p.m. C.D.T., I received a read receipt for the message transmitted to:

usarmy.knox.hrc.mbx.foia@army.mil

indicating that that e-mail was read on Friday, August 28, 2026 at 5:30:27 p.m. Eastern Time.

9. A true and correct copy of that read receipt is attached hereto as Exhibit C.

10. Furthermore, in accordance with ECF 7117, on August 28, 2026, I sent correspondence to the following, via FedEx priority overnight delivery:

Department of the Army
U.S. Army Human Resources Command
ATTN: AHRC-FOIA
1600 Spearhead Division Avenue, Department 107
Fort Knox, Kentucky 40122

Ms. Monique A. Wey
Chief, FOIA/Privacy
Department of the Army
U.S. Army Human Resources Command
1600 Spearhead Division Avenue, Department 107
Fort Knox, Kentucky 40122

Chief, General Litigation Branch
Litigation Division, USALSA
9275 Gunston Road, Building 1450
Fort Belvoir, Virginia 22060

U.S. Army Human Resources Command
ATTN: AHRC-PDR-V, Department 420
1600 Spearhead Division Avenue
Fort Knox, Kentucky 40122

Director
National Personnel Records Center (NARA)
(Military Personnel Records)
1 Archives Drive
St. Louis, Missouri 63138-1002

11. That August 28, 2026 correspondence included the following items:

a. correspondence;

b. Order to Show Cause Why Stipulation to Authorize Release of Unredacted Army Records Should Not Be Granted [Doc. 7117];

c. Stipulation and Proposed Order Authorizing Release of Victor Le's Army Discharge Records [Doc. 7110]; and

d. Protective Order [Doc. 176].

12. A true and correct copy of the correspondence and enclosures is attached hereto as Exhibit D.

13. On August 31, 2026, Queenan Law Firm, P.C. received notice that all of the above-listed had been delivered to their intended recipients.

14. True and correct copies of the FedEx proof-of-delivery receipts for each are attached hereto as Exhibit E.

15. Further, Affiant sayeth naught."

Stacey White

SUBSCRIBED AND SWORN TO BEFORE ME, on this 2nd day of September, 2026, to certify which witness my hand and official seal.

Notary Public, State of Texas

RACHEL LYNN DAYHOFF
Notary Public, State of Texas
Comm. Expires 11-26-2028
Notary ID 135185680

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 2, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

_____________________________

# EXHIBIT A

| | |
|---|---|
| **From:** | Stacey White |
| **To:** | usarmy.knox.hrc.mbx.foia@army.mil; monique.a.wey.civ@army.mil |
| **Cc:** | Carlos Lopez; Sarah London; Simon S. Grille |
| **Subject:** | MDL No. 3084 CRB; In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation; Servicemember: PFC Victor Huynh Le |
| **Date:** | Friday, August 28, 2026 2:42:00 PM |
| **Attachments:** | 1291.1 2026.08.28 L2 U.S. Army Command and Personnel from MKQ re show cause order re PFC Victor Le.PDF<br>image001.png<br>Doc. 7117 - Order from Cisneros to show cause re release of unredacted army records per stip 7010.pdf<br>Doc. 7110 - Stipulation and proposed order.pdf<br>Doc. 176 - Protective-Order.pdf |

Good afternoon Sir(s) or Madam(s):

Kindly see the attached revised correspondence and updated court order. The correspondence was sent earlier today, however, the Judge issued a second order. The second (revised) order is attached.

Thank you.

Kindest regards,

*Stacey White*

**Stacey White**
Legal Assistant

stacey@queenanlaw.com

QUEENAN LAW
THE QUEENAN LAW FIRM, P.C.

731 STATION DRIVE • ARLINGTON, TEXAS 76015
817.635.3333 p • 817.635.4444 f

**NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail. Please virus check all attachments to prevent widespread contamination and corruption of files and operating systems. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.**

QUEENAN LAW
THE QUEENAN LAW FIRM, P.C.

731 STATION DRIVE
ARLINGTON, TEXAS
76015

817.635.3333 P
817.635.4444 F

queenanlaw.com

August 28, 2026

via e-mail: usarmy.knox.hrc.mbx.foia@army.mil
and FedEx-priority
Department of the Army
U.S. Army Human Resources Command
ATTN: AHRC-FOIA
1600 Spearhead Division Avenue,
Department 107
Fort Knox, Kentucky 40122

via e-mail: monique.a.wey.civ@army.mil
and FedEx-priority
Ms. Monique A. Wey
Chief, FOIA/Privacy
Department of the Army
U.S. Army Human Resources Command
1600 Spearhead Division Avenue,
Department 107
Fort Knox, Kentucky 40122

via FedEx-priority
Chief, General Litigation Branch
Litigation Division, USALSA
9275 Gunston Road, Building 1450
Fort Belvoir, Virginia 22060

via FedEx-priority
U.S. Army Human Resources Command
ATTN: AHRC-PDR-V, Department 420
1600 Spearhead Division Avenue
Fort Knox, Kentucky 40122

via FedEx-priority
Director
National Personnel Records Center (NARA)
(Military Personnel Records)
1 Archives Drive
St. Louis, Missouri 63138-1002

***Re:*** ***MDL No. 3084 CRB; In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation***
***Member Case No. C.A. No. 1:26-cv-01694-CRB; Jane Doe QLF 001 v. Uber Technologies, Inc., et al.***
***Servicemember:*** ***Victor Huynh Le***
***SSN:*** ***XXX-XX-XX45***
***DOB:*** ***07/17/1997***
***Our File No.:*** ***1291.1***

Dear Ms. Wey, Madam(s), and Sir(s):

This firm represents the plaintiff in the bellwether case designated QLF001 in the above multidistrict litigation. I write to serve the enclosed Order to Show Cause entered August 27, 2026 (Dkt. No. 7117), together with the parties' Stipulation and Proposed Order (Dkt. No.

7110). The Court directed that these documents be served on the U.S. Army, and I am doing so in compliance with that direction.

I also enclose a copy of the protective order entered by the federal court in the MDL matter.

I want to be plain about what this is. Plaintiff and UBER TECHNOLOGIES, INC. jointly submitted a stipulation asking the Court to authorize the Army to release certain unredacted records of former Private First Class Victor Huynh Le. The Court entered the Order to Show Cause on its own initiative. The United States is not a party to this litigation, and no relief of any kind is sought against the Army, its components, or its personnel.

By way of brief background, this case arises from a sexual assault committed against our client by Mr. Le while he was driving for Uber. Mr. Le was criminally convicted and is presently incarcerated in Texas. He enlisted in the U.S. Army on February 9, 2018, entered active duty on March 5, 2018, served with B Troop, 1st Squadron, 91st Cavalry Regiment, 173rd Infantry Brigade Combat Team (Airborne) in Germany, and separated from active duty on January 17, 2020, roughly nineteen months before his expiration of term of service.

The government produced eleven pages of his records in response to a FREEDOM OF INFORMATION ACT request. Those pages document his enlistment, training, and assignments, but the fields on his DD Form 214 describing the type of separation, character of service, separation authority, separation and reentry codes, and narrative reason for separation were withheld on third-party privacy grounds, as were the flag code and date on his Enlisted Record Brief. Those withheld fields are the subject of the Proposed Order.

Under the Court's Order, a response is required only if the Army opposes disclosure. If the Army does not oppose, no filing is necessary.

**If the Army does oppose, any response is due September 4, 2026.** For reference, a copy of the Protective Order governing this action is attached as Exhibit 1.

Please contact me directly with any questions or if the Army would prefer these materials routed to a different office. I will make myself available at the Army's convenience.

With kindest regards, I am

Yours very truly,

M. Kevin Queenan
MKQ/syw
Enclosures

c: Carlos Lopez, Esq. — in-house
Sarah London, Esq. — via e-mail: slondon@girardsharp.com
Simon S. Grille, Esq. — via e-mail: sgrille@girardsharp.com

K:\1291\1\LETTERS\MDL\ARMY 003.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER TO SHOW CAUSE WHY STIPULATION TO AUTHORIZE RELEASE OF UNREDACTED ARMY RECORDS SHOULD NOT BE GRANTED**<br><br>Re: Dkt. No. 7110 |

In the QLF001 bellwether case, Plaintiff and Uber filed a stipulated request to authorize the U.S. Army to release unredacted records related to Victor Huynh Le, who is currently incarcerated in Texas for sexually assaulting Plaintiff in the incident that gives rise to this case. Dkt. No. 7110. That Stipulation does not include any agreement by the Army or Mr. Le to release those records, nor does it state their positions on such disclosure.

The Army and Mr. Le are hereby ORDERED TO SHOW CAUSE why records should not be released in accordance with the Proposed Order filed at pages 4 and 5 of Dkt. No. 7110. Plaintiff is ORDERED to serve this Order and the parties' Stipulation (Dkt. No. 7110) on the U.S. Army through whatever channels counsel has been communicating with the Army about this document request, and on Mr. Le by any means consistent with Rule 5(b) of the Federal Rules of Civil Procedure, no later than August 28, 2026.

**If the Army or Mr. Le (or anyone else with a relevant interest) opposes disclosure of documents in accordance with the Proposed Order, they must file a response to this Order no later than September 4, 2026.**

Though Mr. Le is hereby ordered to file a response in the docket if he opposes disclosure, the Court recognizes that he may have difficulty doing so if he is not represented by counsel. If

United States District Court
Northern District of California

counsel for any party receives a response to this Order from Mr. Le that does not also appear in the docket, counsel shall file that response in the docket no later than one business day after receiving it.[1] That does not, however, excuse Mr. Le from his obligation to file any response in the docket.

**IT IS SO ORDERED.**

Dated: August 27, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

[1] Counsel and coordinate to avoid duplicative filings if more than one attorney receives Mr. Le's response.

[Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*ALL CASES*

Case No. 3:23-md-03084-CRB (LJC)

**STIPULATION AND PROPOSED ORDER AUTHORIZING RELEASE OF VICTOR LE'S ARMY DISCHARGE RECORDS**

Judge: Hon. Lisa J. Cisneros
Courtroom: G – 15th Floor

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No.: 26-cv-01694-CRB

Judge: Hon. Charles R. Breyer
Courtroom: 501

Plaintiff Jane Doe QLF 001 and Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively, "Uber" or "Defendants"), respectfully submit this joint stipulation authorizing the release of driver Victor Huynh Le's army discharge records.

WHEREAS, the parties have received information through a Freedom of Information Act request that indicate that Mr. Le served in the military from March 5, 2018 to January 2020;

WHEREAS, the records indicate that Le separated from the Army nineteen months before the expiration of his enlistment;

WHEREAS, the information provided by the Army redacts, on privacy grounds, the circumstances around Mr. Le's discharge, including on Mr. Le's Certificate of Release or Discharge from Active Duty (DD Form 214) stating the type of separation, character of service, separation authority, separation code, reentry code, narrative reason for separation, and dates of time lost;

WHEREAS, the information provided by the Army also omits on privacy grounds the substance of Victor Le's separation order (Order 343-0001 issued by the USAG Bavaria Transition Center on December 9, 2019) and redacted the flag code and date of the flag imposition from Le's Enlisted Record Brief;

WHEREAS, the redacted and withheld information is not reasonably available from any other source in complete, unredacted, and authenticated form;

WHEREAS, under the Privacy Act of 1974, private material may be disclosed "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(12);[1]

WHEREAS, the parties conferred and jointly request that the Court enter an order authorizing the release of the foregoing records, which can be produced subject to the Protective Order in this action;

WHEREAS, the parties agree that the material sought may be relevant to Le's character and credibility;

[1] An ordinary subpoena will not suffice. *See Stiles v. Atlanta Gas Light Co.*, 453 F. Supp. 798, 800 (N.D. Ga. 1978) ("Mere issuance in discovery proceedings of a subpoena which is always subject to the power of the court to quash or limit does not meet this standard.")

WHEREAS, Plaintiff reserves the right to argue that the materials are relevant to other issues in this litigation, and Uber reserves the right to dispute any such relevance arguments.

THEREFORE, the parties stipulate that the Court should enter an order authorizing the release of the foregoing records subject to the protective order. A Proposed Order is attached hereto.

DATED: August 26, 2026

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Michael Vives*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Michael Vives (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**

601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
michael.vives@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*

UBER TECHNOLOGIES, INC., RASIER, LLC, And RASIER-CA, LLC

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: August 26, 2026

/s/ *Sarah R. London*
Sarah R. London

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*ALL CASES* | Case No. 3:23-md-03084-CRB (LJC)<br><br>**[PROPOSED] ORDER TO EXTEND THE TIME TO FILE LETTER BRIEF RE: PLAINTIFF JANE DOE QLF 001'S ESI PRODUCTION**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

Having reviewed the parties' joint stipulation, the record, and applicable law, the Court hereby finds that the information sought is Defendant Victor Huynh Le's Army Military Human Resource Record, including his complete and unredacted Certificate of Release or Discharge from Active Duty (DD Form 214), the full text of Orders 343-0001 issued by the USAG Bavaria Transition Center on December 9, 2019, his Enlisted Record Brief including the flag code and date of imposition, and all documents reflecting the authority, basis, and characterization of his separation from active duty on January 17, 2020. The Court further finds that this information is relevant to the claims and defenses in this action and may be relevant to Le's character and credibility. The Court finds that this information is not reasonably available from any other source in complete, unredacted, and authenticated form, and that Defendant Le's privacy interests are adequately protected by the

protective order entered in this cause. The Court accordingly ORDERS as follows:

1. The Department of the Army shall, pursuant to 5 U.S.C. § 552a(b)(12), disclose to counsel of record in this action records disclosing the type of separation, character of service, separation authority, separation code, reentry code, narrative reason for separation, and dates of time lost for Victor Huynh Le. The Army may also disclose the separation order itself, as well as the flag code and the date of imposition for the flag appearing on Victor Huynh Le's Enlisted Record Brief. The Army will make any such disclosures consistent with the Department's *Touhy* procedures and upon receipt of a conforming written request from Plaintiff's counsel of record.

2. The Army may produce records subject to the Protective Order in this Action with the confidentiality designations it deems appropriate.

3. Any personally identifying information pertaining to persons other than Victor Huynh Le may be redacted unless such information is directly constitutive of the separation basis and necessary to understand the action, in which case the material will be submitted to the Court for *in camera* review before disclosure to counsel.

4. Any medical or mental health records will be excluded from production unless such information is directly constitutive of the separation basis and necessary to understand the action, in which case the material will be submitted to the Court for *in camera* review before disclosure to counsel.

5. The Army may produce certified true copies of the records and/or a custodian declaration sufficient to authenticate the produced records.

IT IS SO ORDERED.

Dated: ______________________________

______________________________
Hon. Lisa J. Cisneros
United States Magistrate Judge

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION / <br><br> This Order Relates To: <br><br> ALL ACTIONS | MDL No. 3084 CRB <br><br> **PROTECTIVE ORDER** |

Pursuant to Pretrial Order No. 4, the parties filed a Stipulated Protective Order and a letter brief outlining certain outstanding disputes on December 21, 2023. Dkt. No. 170. This Protective Order adopts those provisions on which the parties agreed and resolves the disputes identified in the parties' letter brief.

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated

United States District Court
Northern District of California

Case 3:23-md-03084-CRB Document 2017-6 Filed 09/02/26 Page 22 of 86



Protective Order does not entitle them to file CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Action: MDL No. 3084 and all related cases that have been or later are filed in, transferred to, or removed to MDL No. 3084.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: Any Discovery Material that the Producing Party believes in good faith contains financial or business plans or projections; proprietary business information, or other confidential research, design, development, financial, business or commercial information; information regarding or relating to a Party's insurance program; personnel information; personal information about any Party to this lawsuit or employees (current or former) or board members (current or former) of any Party to this lawsuit; the personal information and any identifying information of any Non-Party; non-public incident reports; executive committee selection; and any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or contract.

2.4 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

2.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, Testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES-ONLY” Information or Items: Extremely sensitive “CONFIDENTIAL” Information or Items as defined in Section 2.3 that the Designating Party reasonably believes to be economically or competitively sensitive and warrants the extra layer of protection described below. By way of example, and not limitation, “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES-ONLY” Information includes non-public information reflecting: transactional sales data; technical, sales, product and design research or analysis; research or analysis pertaining to drivers who use Uber’s platform; sales information related to specific customers or classes of customers; financial, marketing, or strategic business planning information; trade secrets; pricing information; information related to government or regulatory investigations; information relating to research, development, testing of, or plans for existing or proposed future products; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; and communications that constitute, incorporate, summarize, or reference any “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES-ONLY” Information. In designating Discovery Material as Highly Confidential Information, the Producing or Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY.”

2.9 In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

United States District Court
Northern District of California

Case 3:23-md-03084-CRB Document 201 Filed 12/28/23 Page 4 of 19



2.10 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.13 Privileged Material: Disclosure or Discovery Material subject to a claim of attorney-client privilege, work-product protection, or any other legally recognized privilege or immunity from production.

2.14 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

2.17 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.18 Testimony: All depositions, declarations, or other testimony taken, provided or used in this Action.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

Material; and (3) any Testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this Protective Order shall modify or abrogate the rights or responsibilities of the Parties under HIPAA or any other existing data privacy statute.

This Stipulation and Protective Order is without prejudice to the right of any Party to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by the Stipulation and Protective Order. This stipulation and Protective Order is without prejudice to the right of any Party to seek further or additional protection of any materials or to modify this Stipulation and Protective Order in any way, including, without limitation, an Order that certain materials not be produced at all. This stipulation and Protective Order does not alter, waiver, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including, but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

In the event that additional parties join or are joined in this Action, they shall not have access to the materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" pursuant to this Stipulation and Protective Order unless and until the additional parties have executed and, at the request of any Party, filed with the Court, their agreement to be bound by this Stipulation and



United States District Court
Northern District of California

Protective Order in the form of their signing the Acknowledgment and Agreement to Be Bound (Exhibit A).[1]

Nothing in this Stipulation and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Protected Materials require additional protection, such as protection of one Party's sensitive personal information from being disclosed to other Parties. The Parties shall meet and confer to agree upon the terms of such additional protection. If the parties cannot reach an agreement after meeting and conferring, the Designating Party shall seek an order from the Court as to any additional protections it seeks within 14 days of the parties' meet and confer.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. The Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify—so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a limited and clearly delineated part of

[1] If additional non-natural persons are later added as parties to this action and this Protective Order is insufficient to address a party's needs for protection, the party may seek a modification of this Protective Order at that time.

the materials, documents, items, or oral or written communications qualify for protection, The Designating Party shall, to the extent practicable, make all reasonable efforts to designate for protection only those parts that qualify.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, just as disclosure of Protected Material in violation of this order would do. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number. If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has



United States District Court
Northern District of California

United States District Court
Northern District of California

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES-ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES-ONLY" legend to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number. If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For Testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party designates within thirty (30) days after receipt of a final transcript, all protected Testimony and specify the level of protection being asserted by giving written notice to the court reporter and all Parties. A Designating Party may specify at the deposition, hearing, or other proceeding, or up to 30 days after receipt of the transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcribed deposition Testimony or exhibits to depositions that reveal Protected Material must be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" by the court reporter. All rough or final Testimony transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" until thirty (30) days after receipt of the final transcript. After that period ends, only Testimony that has been properly designated for protection consistent with the provisions of this Section 5.2(b) shall be covered by the provisions of this Order. Should a pending motion or procedural requirement necessitate an earlier date, the parties shall meet and confer as to a reasonable

Case 3:23-cv-03084-CRB Document 120-1 Filed 09/02/26 Page 29 of 86

date for provision of the confidentiality designation notice.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. For paper copies of transcribed deposition Testimony, pages of transcribed deposition Testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. The Designating Party shall inform the court reporter of these requirements. Any failure of or refusal by the court reporter to comply with these procedures will not invalidate the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" designation.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). When possible, in order to minimize the likelihood of inadvertent disclosure of information protected by this Order transmitted by electronic means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the Protected Material and on the title of the digital document or media through which it is conveyed, or otherwise notify the Receiving Party of the fact that Protected Material is being conveyed. A failure to place the appropriate confidentiality designation in the subject of the electronic mail conveying the information and on the title of the digital document or media through which it is conveyed, or to otherwise notify the Receiving Party of the fact that information protected by this Order is being conveyed, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. However, a Designating Party cannot seek sanctions against the

Case 3:23-cv-03084-CRB Document 7076 Filed 12/02/23 Page 30 of 86

United States District Court
Northern District of California

Receiving Party if the Receiving Party fails to treat the produced information as "CONFIDENTIAL" until such time as the Designating Party corrects any error or omission as the confidential nature of said information or electronic mail in writing to the Receiving Party, unless the Receiving Party is otherwise on notice that the information is "CONFIDENTIAL" through, for example, a confidentiality stamp on the document.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If any Producing Party inadvertently produces or disclosed Protected Material without marking it with an appropriate designation, the Producing Party or a Designating Party shall promptly notify the Receiving Party that the Protected Material should be treated in accordance with the terms of the Stipulated Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of the appropriately stamped copies of the items in question, the Receiving Party shall return or destroy the previously unmarked versions of the items and all copies thereof, and, additionally, must make all other reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The inadvertent disclosure shall not be deemed a waiver of confidentiality.

If any information was disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order prior to notice of the inadvertent failure to designate, the non-Designating Party responsible for the disclosure shall bring all pertinent facts relating to such disclosure of such Protected Materials, to the extent such facts are known or reasonably knowable to the non-Designating Party, to the immediate attention of the Designating Party.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

United States District Court
Northern District of California

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Parties may agree to seek informal conference with the Court. If the Parties still cannot resolve the challenge or do not have such a conference, the Designating Party must file and serve a motion to retain or challenge confidentiality within 14 days of conferring on the challenged designation or an informal conference with the court, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Unless prompt intervention to resolve a dispute over a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to seek an informal conference with the Court promptly after the Parties have completed the procedure set forth above. The procedures set out in this provision shall be procedural

only, and shall not affect the burden on challenging or maintaining a designation as established under applicable law.

6.4 Frivolous challenges. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action or the consolidated action captioned In re Uber Rideshare Cases, Case No. CJC-21-005188, so long as such use is permitted herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees, including current and former employees, as well as In-House Counsel, of the Receiving Party to whom disclosure is

Case 3:23-cv-03084-CRB Document 71 Filed 12/02/26 Page 13 of 19

United States District Court
Northern District of California

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) or insurers of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The court and its personnel, and any appellate court in this litigation;

(e) Court reporters, stenographers, or videographers and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) During their depositions, potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or any current employee of the Designating Party.

(i) Special masters or discovery referees appointed by the Court.

(j) Mediators or settlement officers, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussion.

(k) Any other person as to whom the Designating Party has consented to disclosure in advance.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

writing by the Designating Party, a Receiving Party may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b) Designated In-House Counsel of the Receiving Party who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel, and any appellate court in this litigation.

(e) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound." (Exhibit A);

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) Special masters, mediators, or other third parties retained by the parties for settlement purposes or resolution of discovery disputes or mediation;

(h) During their depositions, potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that



United States District Court
Northern District of California

United States District Court
Northern District of California

compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material– and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement

Case 3:23-cv-03408-RFL Document 61 Filed 12/20/23 Page 16 of 19

United States District Court
Northern District of California

with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1. Pursuant to Federal Rule of Evidence 502(d), if a Producing Party inadvertently discloses information (including both paper documents and electronically

United States District Court
Northern District of California

stored information) subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, such disclosure shall not constitute a waiver or forfeiture of any privilege or other protection in this or any other action, provided that the Producing Party notifies the Receiving Party of the inadvertent production, in writing, within a reasonable amount of time of the discovery of the inadvertent production; however, if the discovery is made after the final Pretrial Conference is held, the Producing Party may seek protection for the privileges and doctrines contained in the paragraph for produced information only by further order of the Court.

11.2 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.3 This stipulated Order set forth in this section and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege. This agreement also is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Right to Additional Protection. Nothing in this Order shall be construed to preclude either Party from asserting in good faith that certain Protected Material requires

United States District Court
Northern District of California

additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection. If the parties cannot reach an agreement after meeting and conferring, the Designating Party shall seek an order from the Court as to any additional protections it seeks within 14 days of the parties' meet and confer.

12.4 This Order shall be binding upon the Parties to this action, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The Parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and representatives retained in connection with this Action each expressly stipulates to the personal jurisdiction of this Court for the purpose of any proceeding brought by a Party to this Action to enforce this Stipulation and Protective Order.

12.5 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action, or any other action, any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court. While a motion to seal is pending before the Court, no Party shall make use in open court, in public, or in any way inconsistent with the protection in this order of any Disclosure or Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

United States District Court
Northern District of California

13. FINAL DISPOSITION

Within 90 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all reasonably accessible copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports and work product, attorney work product, and consultant work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute as Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

Dated: December 28, 2023

CHARLES R. BREYER
United States District Judge

# EXHIBIT B

**From:** Microsoft Outlook <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@queenanlaw.com>
**To:** usarmy.knox.hrc.mbx.foia@army.mil; monique.a.wey.civ@army.mil
**Sent:** Friday, August 28, 2026 2:43 PM
**Subject:** Relayed: MDL No. 3084 CRB; In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation; Servicemember: PFC Victor Huynh Le

## Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:

usarmy.knox.hrc.mbx.foia@army.mil (usarmy.knox.hrc.mbx.foia@army.mil)

monique.a.wey.civ@army.mil (monique.a.wey.civ@army.mil)

Subject: MDL No. 3084 CRB; In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation; Servicemember: PFC Victor Huynh Le

# EXHIBIT C

| | |
|---|---|
| **From:** | USARMY Ft Knox HRC Mailbox FOIA |
| **To:** | Stacey White |
| **Subject:** | Read: MDL No. 3084 CRB; In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation; Servicemember: PFC Victor Huynh Le |
| **Date:** | Friday, August 28, 2026 4:36:02 PM |

Your message

To: USARMY Ft Knox HRC Mailbox FOIA
Subject: MDL No. 3084 CRB; In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation; Servicemember: PFC Victor Huynh Le
Sent: Friday, August 28, 2026 3:42:46 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Friday, August 28, 2026 5:30:27 PM (UTC-05:00) Eastern Time (US & Canada).

# EXHIBIT D

QUEENAN LAW
THE QUEENAN LAW FIRM, P.C.

731 STATION DRIVE
ARLINGTON, TEXAS
76015

817.635.3333 P
817.635.4444 F

queenanlaw.com

August 28, 2026

via e-mail: usarmy.knox.hrc.mbx.foia@army.mil
and FedEx-priority
Department of the Army
U.S. Army Human Resources Command
ATTN: AHRC-FOIA
1600 Spearhead Division Avenue,
Department 107
Fort Knox, Kentucky 40122

via e-mail: monique.a.wey.civ@army.mil
and FedEx-priority
Ms. Monique A. Wey
Chief, FOIA/Privacy
Department of the Army
U.S. Army Human Resources Command
1600 Spearhead Division Avenue,
Department 107
Fort Knox, Kentucky 40122

via FedEx-priority
Chief, General Litigation Branch
Litigation Division, USALSA
9275 Gunston Road, Building 1450
Fort Belvoir, Virginia 22060

via FedEx-priority
U.S. Army Human Resources Command
ATTN: AHRC-PDR-V, Department 420
1600 Spearhead Division Avenue
Fort Knox, Kentucky 40122

via FedEx-priority
Director
National Personnel Records Center (NARA)
(Military Personnel Records)
1 Archives Drive
St. Louis, Missouri 63138-1002

***Re:*** ***MDL No. 3084 CRB; In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation***
***Member Case No. C.A. No. 1:26-cv-01694-CRB; Jane Doe QLF 001 v. Uber Technologies, Inc., et al.***
***Servicemember:*** ***Victor Huynh Le***
***SSN:*** ***XXX-XX-XX45***
***DOB:*** ***07/17/1997***
***Our File No.:*** ***1291.1***

Dear Ms. Wey, Madam(s), and Sir(s):

This firm represents the plaintiff in the bellwether case designated QLF001 in the above multidistrict litigation. I write to serve the enclosed Order to Show Cause entered August 27, 2026 (Dkt. No. 7117), together with the parties' Stipulation and Proposed Order (Dkt. No.

7110). The Court directed that these documents be served on the U.S. Army, and I am doing so in compliance with that direction.

I also enclose a copy of the protective order entered by the federal court in the MDL matter.

I want to be plain about what this is. Plaintiff and UBER TECHNOLOGIES, INC. jointly submitted a stipulation asking the Court to authorize the Army to release certain unredacted records of former Private First Class Victor Huynh Le. The Court entered the Order to Show Cause on its own initiative. The United States is not a party to this litigation, and no relief of any kind is sought against the Army, its components, or its personnel.

By way of brief background, this case arises from a sexual assault committed against our client by Mr. Le while he was driving for Uber. Mr. Le was criminally convicted and is presently incarcerated in Texas. He enlisted in the U.S. Army on February 9, 2018, entered active duty on March 5, 2018, served with B Troop, 1st Squadron, 91st Cavalry Regiment, 173rd Infantry Brigade Combat Team (Airborne) in Germany, and separated from active duty on January 17, 2020, roughly nineteen months before his expiration of term of service.

The government produced eleven pages of his records in response to a FREEDOM OF INFORMATION ACT request. Those pages document his enlistment, training, and assignments, but the fields on his DD Form 214 describing the type of separation, character of service, separation authority, separation and reentry codes, and narrative reason for separation were withheld on third-party privacy grounds, as were the flag code and date on his Enlisted Record Brief. Those withheld fields are the subject of the Proposed Order.

Under the Court's Order, a response is required only if the Army opposes disclosure. If the Army does not oppose, no filing is necessary.

**If the Army does oppose, any response is due September 4, 2026.** For reference, a copy of the Protective Order governing this action is attached as Exhibit 1.

Please contact me directly with any questions or if the Army would prefer these materials routed to a different office. I will make myself available at the Army's convenience.

With kindest regards, I am

Yours very truly,

M. Kevin Queenan
MKQ/syw
Enclosures

| | | |
|---|---|---|
| c: | Carlos Lopez, Esq. | in-house |
| | Sarah London, Esq. | via e-mail: slondon@girardsharp.com |
| | Simon S. Grille, Esq. | via e-mail: sgrille@girardsharp.com |

K:\1291\1\LETTERS\MDL\ARMY 003.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER TO SHOW CAUSE WHY STIPULATION TO AUTHORIZE RELEASE OF UNREDACTED ARMY RECORDS SHOULD NOT BE GRANTED**<br><br>Re: Dkt. No. 7110 |

In the QLF001 bellwether case, Plaintiff and Uber filed a stipulated request to authorize the U.S. Army to release unredacted records related to Victor Huynh Le, who is currently incarcerated in Texas for sexually assaulting Plaintiff in the incident that gives rise to this case. Dkt. No. 7110. That Stipulation does not include any agreement by the Army or Mr. Le to release those records, nor does it state their positions on such disclosure.

The Army and Mr. Le are hereby ORDERED TO SHOW CAUSE why records should not be released in accordance with the Proposed Order filed at pages 4 and 5 of Dkt. No. 7110. Plaintiff is ORDERED to serve this Order and the parties' Stipulation (Dkt. No. 7110) on the U.S. Army through whatever channels counsel has been communicating with the Army about this document request, and on Mr. Le by any means consistent with Rule 5(b) of the Federal Rules of Civil Procedure, no later than August 28, 2026.

**If the Army or Mr. Le (or anyone else with a relevant interest) opposes disclosure of documents in accordance with the Proposed Order, they must file a response to this Order no later than September 4, 2026.**

Though Mr. Le is hereby ordered to file a response in the docket if he opposes disclosure, the Court recognizes that he may have difficulty doing so if he is not represented by counsel. If

United States District Court
Northern District of California

counsel for any party receives a response to this Order from Mr. Le that does not also appear in the docket, counsel shall file that response in the docket no later than one business day after receiving it.[1] That does not, however, excuse Mr. Le from his obligation to file any response in the docket.

**IT IS SO ORDERED.**

Dated: August 27, 2026

LISA J. CISNEROS
United States Magistrate Judge

[1] Counsel and coordinate to avoid duplicative filings if more than one attorney receives Mr. Le's response.

*[Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*ALL CASES*

Case No. 3:23-md-03084-CRB (LJC)

**STIPULATION AND PROPOSED ORDER AUTHORIZING RELEASE OF VICTOR LE'S ARMY DISCHARGE RECORDS**

Judge: Hon. Lisa J. Cisneros
Courtroom: G – 15th Floor

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No.: 26-cv-01694-CRB

Judge: Hon. Charles R. Breyer
Courtroom: 501

Plaintiff Jane Doe QLF 001 and Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively, "Uber" or "Defendants"), respectfully submit this joint stipulation authorizing the release of driver Victor Huynh Le's army discharge records.

WHEREAS, the parties have received information through a Freedom of Information Act request that indicate that Mr. Le served in the military from March 5, 2018 to January 2020;

WHEREAS, the records indicate that Le separated from the Army nineteen months before the expiration of his enlistment;

WHEREAS, the information provided by the Army redacts, on privacy grounds, the circumstances around Mr. Le's discharge, including on Mr. Le's Certificate of Release or Discharge from Active Duty (DD Form 214) stating the type of separation, character of service, separation authority, separation code, reentry code, narrative reason for separation, and dates of time lost;

WHEREAS, the information provided by the Army also omits on privacy grounds the substance of Victor Le's separation order (Order 343-0001 issued by the USAG Bavaria Transition Center on December 9, 2019) and redacted the flag code and date of the flag imposition from Le's Enlisted Record Brief;

WHEREAS, the redacted and withheld information is not reasonably available from any other source in complete, unredacted, and authenticated form;

WHEREAS, under the Privacy Act of 1974, private material may be disclosed "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(12);[1]

WHEREAS, the parties conferred and jointly request that the Court enter an order authorizing the release of the foregoing records, which can be produced subject to the Protective Order in this action;

WHEREAS, the parties agree that the material sought may be relevant to Le's character and credibility;

[1] An ordinary subpoena will not suffice. *See Stiles v. Atlanta Gas Light Co.*, 453 F. Supp. 798, 800 (N.D. Ga. 1978) ("Mere issuance in discovery proceedings of a subpoena which is always subject to the power of the court to quash or limit does not meet this standard.")

WHEREAS, Plaintiff reserves the right to argue that the materials are relevant to other issues in this litigation, and Uber reserves the right to dispute any such relevance arguments.

THEREFORE, the parties stipulate that the Court should enter an order authorizing the release of the foregoing records subject to the protective order. A Proposed Order is attached hereto.

DATED: August 26, 2026

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Michael Vives*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Michael Vives (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**

Case 3:23-md-03084-CRB Document 7201 Filed 09/02/26 Page 4 of 6

601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
michael.vives@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*

UBER TECHNOLOGIES, INC., RASIER, LLC, And RASIER-CA, LLC

## ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: August 26, 2026

/s/ *Sarah R. London*
Sarah R. London

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*ALL CASES*

Case No. 3:23-md-03084-CRB (LJC)

**[PROPOSED] ORDER TO EXTEND THE TIME TO FILE LETTER BRIEF RE: PLAINTIFF JANE DOE QLF 001'S ESI PRODUCTION**

Judge: Hon. Lisa J. Cisneros
Courtroom: G – 15th Floor

Having reviewed the parties' joint stipulation, the record, and applicable law, the Court hereby finds that the information sought is Defendant Victor Huynh Le's Army Military Human Resource Record, including his complete and unredacted Certificate of Release or Discharge from Active Duty (DD Form 214), the full text of Orders 343-0001 issued by the USAG Bavaria Transition Center on December 9, 2019, his Enlisted Record Brief including the flag code and date of imposition, and all documents reflecting the authority, basis, and characterization of his separation from active duty on January 17, 2020. The Court further finds that this information is relevant to the claims and defenses in this action and may be relevant to Le's character and credibility. The Court finds that this information is not reasonably available from any other source in complete, unredacted, and authenticated form, and that Defendant Le's privacy interests are adequately protected by the

protective order entered in this cause. The Court accordingly ORDERS as follows:

1. The Department of the Army shall, pursuant to 5 U.S.C. § 552a(b)(12), disclose to counsel of record in this action records disclosing the type of separation, character of service, separation authority, separation code, reentry code, narrative reason for separation, and dates of time lost for Victor Huynh Le. The Army may also disclose the separation order itself, as well as the flag code and the date of imposition for the flag appearing on Victor Huynh Le's Enlisted Record Brief. The Army will make any such disclosures consistent with the Department's *Touhy* procedures and upon receipt of a conforming written request from Plaintiff's counsel of record.

2. The Army may produce records subject to the Protective Order in this Action with the confidentiality designations it deems appropriate.

3. Any personally identifying information pertaining to persons other than Victor Huynh Le may be redacted unless such information is directly constitutive of the separation basis and necessary to understand the action, in which case the material will be submitted to the Court for *in camera* review before disclosure to counsel.

4. Any medical or mental health records will be excluded from production unless such information is directly constitutive of the separation basis and necessary to understand the action, in which case the material will be submitted to the Court for *in camera* review before disclosure to counsel.

5. The Army may produce certified true copies of the records and/or a custodian declaration sufficient to authenticate the produced records.

IT IS SO ORDERED.

Dated: ______________________________

______________________________
Hon. Lisa J. Cisneros
United States Magistrate Judge

# EXHIBIT 1

Case 3:23-md-03084-CRB Document 176 Filed 12/28/23 Page 1 of 19

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION _______/ | MDL No. 3084 CRB |
| This Order Relates To: ALL ACTIONS | **PROTECTIVE ORDER** |

Pursuant to Pretrial Order No. 4, the parties filed a Stipulated Protective Order and a letter brief outlining certain outstanding disputes on December 21, 2023. Dkt. No. 170. This Protective Order adopts those provisions on which the parties agreed and resolves the disputes identified in the parties' letter brief.

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated

United States District Court
Northern District of California

Case 3:23-md-03084-CRB Document 201-1 Filed 12/28/23 Page 2 of 19

Protective Order does not entitle them to file CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Action: MDL No. 3084 and all related cases that have been or later are filed in, transferred to, or removed to MDL No. 3084.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: Any Discovery Material that the Producing Party believes in good faith contains financial or business plans or projections; proprietary business information, or other confidential research, design, development, financial, business or commercial information; information regarding or relating to a Party's insurance program; personnel information; personal information about any Party to this lawsuit or employees (current or former) or board members (current or former) of any Party to this lawsuit; the personal information and any identifying information of any Non-Party; non-public incident reports; executive committee selection; and any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or contract.

2.4 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

2.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, Testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.



United States District Court
Northern District of California

2.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES-ONLY” Information or Items: Extremely sensitive “CONFIDENTIAL” Information or Items as defined in Section 2.3 that the Designating Party reasonably believes to be economically or competitively sensitive and warrants the extra layer of protection described below. By way of example, and not limitation, “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES-ONLY” Information includes non-public information reflecting: transactional sales data; technical, sales, product and design research or analysis; research or analysis pertaining to drivers who use Uber’s platform; sales information related to specific customers or classes of customers; financial, marketing, or strategic business planning information; trade secrets; pricing information; information related to government or regulatory investigations; information relating to research, development, testing of, or plans for existing or proposed future products; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; and communications that constitute, incorporate, summarize, or reference any “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES-ONLY” Information. In designating Discovery Material as Highly Confidential Information, the Producing or Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY.”

2.9 In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

Case 3:23-cv-03084-CRB Document 71 Filed 12/28/23 Page 4 of 19

2.10 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.13 Privileged Material: Disclosure or Discovery Material subject to a claim of attorney-client privilege, work-product protection, or any other legally recognized privilege or immunity from production.

2.14 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

2.17 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.18 Testimony: All depositions, declarations, or other testimony taken, provided or used in this Action.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

United States District Court
Northern District of California

Case 3:23-cv-03084-CRB Document 71 Filed 12/29/23 Page 5 of 19

Material; and (3) any Testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this Protective Order shall modify or abrogate the rights or responsibilities of the Parties under HIPAA or any other existing data privacy statute.

This Stipulation and Protective Order is without prejudice to the right of any Party to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by the Stipulation and Protective Order. This stipulation and Protective Order is without prejudice to the right of any Party to seek further or additional protection of any materials or to modify this Stipulation and Protective Order in any way, including, without limitation, an Order that certain materials not be produced at all. This stipulation and Protective Order does not alter, waiver, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including, but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

In the event that additional parties join or are joined in this Action, they shall not have access to the materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" pursuant to this Stipulation and Protective Order unless and until the additional parties have executed and, at the request of any Party, filed with the Court, their agreement to be bound by this Stipulation and

United States District Court
Northern District of California

United States District Court
Northern District of California

Protective Order in the form of their signing the Acknowledgment and Agreement to Be Bound (Exhibit A).[1]

Nothing in this Stipulation and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Protected Materials require additional protection, such as protection of one Party's sensitive personal information from being disclosed to other Parties. The Parties shall meet and confer to agree upon the terms of such additional protection. If the parties cannot reach an agreement after meeting and conferring, the Designating Party shall seek an order from the Court as to any additional protections it seeks within 14 days of the parties' meet and confer.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. The Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify—so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a limited and clearly delineated part of

[1] If additional non-natural persons are later added as parties to this action and this Protective Order is insufficient to address a party's needs for protection, the party may seek a modification of this Protective Order at that time.

Case 3:23-cv-03084-CRB Document 72-1 Filed 12/9/23 Page 7 of 19

United States District Court
Northern District of California

the materials, documents, items, or oral or written communications qualify for protection, The Designating Party shall, to the extent practicable, make all reasonable efforts to designate for protection only those parts that qualify.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, just as disclosure of Protected Material in violation of this order would do. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number. If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has

United States District Court
Northern District of California

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES-ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES-ONLY" legend to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number. If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For Testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party designates within thirty (30) days after receipt of a final transcript, all protected Testimony and specify the level of protection being asserted by giving written notice to the court reporter and all Parties. A Designating Party may specify at the deposition, hearing, or other proceeding, or up to 30 days after receipt of the transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcribed deposition Testimony or exhibits to depositions that reveal Protected Material must be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" by the court reporter. All rough or final Testimony transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" until thirty (30) days after receipt of the final transcript. After that period ends, only Testimony that has been properly designated for protection consistent with the provisions of this Section 5.2(b) shall be covered by the provisions of this Order. Should a pending motion or procedural requirement necessitate an earlier date, the parties shall meet and confer as to a reasonable

date for provision of the confidentiality designation notice.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. For paper copies of transcribed deposition Testimony, pages of transcribed deposition Testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. The Designating Party shall inform the court reporter of these requirements. Any failure of or refusal by the court reporter to comply with these procedures will not invalidate the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" designation.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). When possible, in order to minimize the likelihood of inadvertent disclosure of information protected by this Order transmitted by electronic means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the Protected Material and on the title of the digital document or media through which it is conveyed, or otherwise notify the Receiving Party of the fact that Protected Material is being conveyed. A failure to place the appropriate confidentiality designation in the subject of the electronic mail conveying the information and on the title of the digital document or media through which it is conveyed, or to otherwise notify the Receiving Party of the fact that information protected by this Order is being conveyed, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. However, a Designating Party cannot seek sanctions against the

United States District Court
Northern District of California

Case 3:23-md-03084-CRB Document 716 Filed 12/20/23 Page 10 of 19



Receiving Party if the Receiving Party fails to treat the produced information as "CONFIDENTIAL" until such time as the Designating Party corrects any error or omission as the confidential nature of said information or electronic mail in writing to the Receiving Party, unless the Receiving Party is otherwise on notice that the information is "CONFIDENTIAL" through, for example, a confidentiality stamp on the document.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If any Producing Party inadvertently produces or disclosed Protected Material without marking it with an appropriate designation, the Producing Party or a Designating Party shall promptly notify the Receiving Party that the Protected Material should be treated in accordance with the terms of the Stipulated Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of the appropriately stamped copies of the items in question, the Receiving Party shall return or destroy the previously unmarked versions of the items and all copies thereof, and, additionally, must make all other reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The inadvertent disclosure shall not be deemed a waiver of confidentiality.

If any information was disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order prior to notice of the inadvertent failure to designate, the non-Designating Party responsible for the disclosure shall bring all pertinent facts relating to such disclosure of such Protected Materials, to the extent such facts are known or reasonably knowable to the non-Designating Party, to the immediate attention of the Designating Party.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

Case 3:23-md-03084-CRB Document 7201-6 Filed 12/02/26 Page 67 of 86



does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Parties may agree to seek informal conference with the Court. If the Parties still cannot resolve the challenge or do not have such a conference, the Designating Party must file and serve a motion to retain or challenge confidentiality within 14 days of conferring on the challenged designation or an informal conference with the court, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Unless prompt intervention to resolve a dispute over a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to seek an informal conference with the Court promptly after the Parties have completed the procedure set forth above. The procedures set out in this provision shall be procedural

United States District Court
Northern District of California

only, and shall not affect the burden on challenging or maintaining a designation as established under applicable law.

6.4 Frivolous challenges. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action or the consolidated action captioned In re Uber Rideshare Cases, Case No. CJC-21-005188, so long as such use is permitted herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees, including current and former employees, as well as In-House Counsel, of the Receiving Party to whom disclosure is

Case 3:23-cv-03417-VC Document 461 Filed 02/06/26 Page 69 of 86

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) or insurers of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The court and its personnel, and any appellate court in this litigation;

(e) Court reporters, stenographers, or videographers and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) During their depositions, potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or any current employee of the Designating Party.

(i) Special masters or discovery referees appointed by the Court.

(j) Mediators or settlement officers, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussion.

(k) Any other person as to whom the Designating Party has consented to disclosure in advance.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

writing by the Designating Party, a Receiving Party may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b) Designated In-House Counsel of the Receiving Party who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel, and any appellate court in this litigation.

(e) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound." (Exhibit A);

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) Special masters, mediators, or other third parties retained by the parties for settlement purposes or resolution of discovery disputes or mediation;

(h) During their depositions, potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that



United States District Court
Northern District of California

Case 3:23-md-03084-CRB Document 720-1 Filed 07/26/23 Page 15 of 19

United States District Court
Northern District of California

compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material– and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1. Pursuant to Federal Rule of Evidence 502(d), if a Producing Party inadvertently discloses information (including both paper documents and electronically

United States District Court
Northern District of California

Case 3:23-md-03084-CRB Document 716 Filed 12/02/24 Page 17 of 30



stored information) subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, such disclosure shall not constitute a waiver or forfeiture of any privilege or other protection in this or any other action, provided that the Producing Party notifies the Receiving Party of the inadvertent production, in writing, within a reasonable amount of time of the discovery of the inadvertent production; however, if the discovery is made after the final Pretrial Conference is held, the Producing Party may seek protection for the privileges and doctrines contained in the paragraph for produced information only by further order of the Court.

11.2 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.3 This stipulated Order set forth in this section and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege. This agreement also is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Right to Additional Protection. Nothing in this Order shall be construed to preclude either Party from asserting in good faith that certain Protected Material requires

Case 3:23-cv-03084-CRB Document 1-1 Filed 12/02/23 Page 18 of 19

additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection. If the parties cannot reach an agreement after meeting and conferring, the Designating Party shall seek an order from the Court as to any additional protections it seeks within 14 days of the parties' meet and confer.

12.4 This Order shall be binding upon the Parties to this action, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The Parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and representatives retained in connection with this Action each expressly stipulates to the personal jurisdiction of this Court for the purpose of any proceeding brought by a Party to this Action to enforce this Stipulation and Protective Order.

12.5 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action, or any other action, any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court. While a motion to seal is pending before the Court, no Party shall make use in open court, in public, or in any way inconsistent with the protection in this order of any Disclosure or Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

United States District Court
Northern District of California

United States District Court
Northern District of California

13. <u>FINAL DISPOSITION</u>

Within 90 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all reasonably accessible copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports and work product, attorney work product, and consultant work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute as Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

Dated: December 28, 2023

CHARLES R. BREYER
United States District Judge

ORIGIN ID:CNWA (817) 635-3333
M. KEVIN QUEENAN, ESQ.
QUEENAN LAW FIRM, P.C.
731 STATION DRIVE

ARLINGTON, TX 76015
UNITED STATES US

SHIP DATE: 28AUG26
ACTWGT: 1.00 LB
CAD: 5475419/INET4535

BILL SENDER

TO DEPARTMENT OF THE ARMY
U.S. ARMY HUMAN RESOURCES COMMAND
ATTN: AHRC-FOIA
1600 SPEARHEAD DIVISION AVENUE
DEPARTMENT 107
FORT KNOX KY 40122
(888) 276-9472 REF: 1291.1
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

E

J261026012001uv

MON - 31 AUG 12:00P
PRIORITY OVERNIGHT

TRK# 0201 8764 4379 0718

BRYA 40122

XX SHPDG

KY-US SDF

FedEx 146525 Rev. 1/19 RRDO 24

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

FedEx

ORIGIN ID:CNWA (817) 635-3333
M. KEVIN QUEENAN, ESQ.
QUEENAN LAW FIRM, P.C.
731 STATION DRIVE

ARLINGTON, TX 76015
UNITED STATES US

SHIP DATE: 28AUG26
ACTWGT: 1.00 LB
CAD: 5475419/INET4535

BILL SENDER

TO MS. MONIQUE A. WEY
CHIEF, FOIA/PRIVACY
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE
DEPARTMENT 107
FORT KNOX KY 40122
(888) 276-9472 REF: 1291.1
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

E

J261026012001uv

TRK# 0201 8764 4400 1356

MON - 31 AUG 5:00P
STANDARD OVERNIGHT

XX SHPDG

BRYA 40122
KY-US SDF

FedEx 146525 Rev. 1/19 RRDO 24

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ORIGIN ID:CNWA (817) 635-3333
M. KEVIN QUEENAN, ESQ.
QUEENAN LAW FIRM, P.C.
731 STATION DRIVE

ARLINGTON, TX 76015
UNITED STATES US

SHIP DATE: 28AUG26
ACTWGT: 1.00 LB
CAD: 5475419/INET4535

BILL SENDER

TO CHIEF, GENERAL LITIGATION BRANCH
LITIGATION DIVISION, USALSA
9275 GUNSTON ROAD
BUILDING 1450
FORT BELVOIR VA 22060
(703) 805-2856 REF: 1291.1
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

J261026012001uv

MON - 31 AUG 10:30A
PRIORITY OVERNIGHT

TRK# 0201 8764 4420 6548

XA PIZA

22060
VA-US IAD

FedEx 146525 Rev. 1/19 RRDD 24

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

FedEx

ORIGIN ID:CNWA (817) 635-3333
M. KEVIN QUEENAN, ESQ.
QUEENAN LAW FIRM, P.C.
731 STATION DRIVE

ARLINGTON, TX 76015
UNITED STATES US

SHIP DATE: 28AUG26
ACTWGT: 1.00 LB
CAD: 5475419/INET4535

BILL SENDER

TO **U.S. ARMY HUMAN RESOURCES COMMAND**
**ATTN: AHRC-PDR-V, DEPARTMENT 420**
**1600 SPEARHEAD DIVISION AVENUE**

**FORT KNOX KY 40122**
(888) 276-9472 REF: 1291.1
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

E

J261026012001uv

MON - 31 AUG 12:00P
PRIORITY OVERNIGHT

TRK# 0201 **8764 4430 0623**

BRYA 40122

**XX SHPDG** KY-US SDF

FedEx 146525 Rev. 1/19 RRDD 24

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ORIGIN ID:CNWA (817) 635-3333
M. KEVIN QUEENAN, ESQ.
QUEENAN LAW FIRM, P.C.
731 STATION DRIVE
ARLINGTON, TX 76015
UNITED STATES US

SHIP DATE: 28AUG26
ACTWGT: 1.00 LB
CAD: 5475419/INET4535

BILL SENDER

TO DIRECTOR
NATIONAL PERSONNEL RECORDS CENTER
MILITARY PERSONNEL RECORDS
1 ARCHIVES DRIVE
ST. LOUIS MO 63138
(314) 801-0800 REF: 1291.1
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

E

J261026012001uv

MON - 31 AUG 10:30A
PRIORITY OVERNIGHT

TRK# 0201 8764 4443 0412

63138

XS ALNA

MO-US STL

FedEx 146525 Rev. 1/19 RRDO 24

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT E

August 31, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 876443790718

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | K.Hutcherson | **Delivery Location:** | 1600 SPEARHEAD DIVISION AVE |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday | | FORT KNOX, KY, 40122 |
| | | **Delivery date:** | Aug 31, 2026 11:13 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 876443790718 | **Ship Date:** | Aug 28, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
DEPARTMENT OF THE ARMY, U.S. ARMY HUMAN RESOURCES COMMAND
ATTN: AHRC-FOIA
1600 SPEARHEAD DIVISION AVENUE
DEPARTMENT 107
FORT KNOX, KY, US, 40122

**Shipper:**
M. Kevin Queenan, Esq., QUEENAN LAW FIRM, P.C.
731 Station Drive
Arlington, TX, US, 76015

**Reference** 1291.1




Thank you for choosing FedEx

August 31, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 876444001356

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | K.Hutcherson | **Delivery Location:** | 1600 SPEARHEAD DIVISION AVE |
| **Service type:** | FedEx Standard Overnight | | |
| **Special Handling:** | Deliver Weekday | | FORT KNOX, KY, 40122 |
| | | **Delivery date:** | Aug 31, 2026 11:13 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 876444001356 | **Ship Date:** | Aug 28, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
MS. MONIQUE A. WEY, CHIEF, FOIA/PRIVACY
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE
DEPARTMENT 107
FORT KNOX, KY, US, 40122

**Shipper:**
M. Kevin Queenan, Esq., QUEENAN LAW FIRM, P.C.
731 Station Drive
Arlington, TX, US, 76015

**Reference** 1291.1




Thank you for choosing FedEx

August 31, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 876444206548

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | L.Lopez | **Delivery Location:** | 9275 GUNSTON RDBLDG 1450 |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Residential Delivery | | FORT BELVOIR, VA, 22060 |
| | | **Delivery date:** | Aug 31, 2026 11:38 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 876444206548 | **Ship Date:** | Aug 28, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
CHIEF, GENERAL LITIGATION BRANCH, LITIGATION DIVISION, USALSA
9275 GUNSTON ROAD
BUILDING 1450
FORT BELVOIR, VA, US, 22060

**Shipper:**
M. Kevin Queenan, Esq., QUEENAN LAW FIRM, P.C.
731 Station Drive
Arlington, TX, US, 76015

**Reference** 1291.1



Thank you for choosing FedEx

August 31, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 876444300623

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | K.Hutcherson | **Delivery Location:** | 1600 SPEARHEAD DIVISION AVE |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday | | FORT KNOX, KY, 40122 |
| | | **Delivery date:** | Aug 31, 2026 11:13 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 876444300623 | **Ship Date:** | Aug 28, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
U.S. ARMY HUMAN RESOURCES COMMAND, ATTN: AHRC-PDR-V,
DEPARTMENT 420
1600 SPEARHEAD DIVISION AVENUE
FORT KNOX, KY, US, 40122

**Shipper:**
M. Kevin Queenan, Esq., QUEENAN LAW FIRM, P.C.
731 Station Drive
Arlington, TX, US, 76015

**Reference** 1291.1




Thank you for choosing FedEx

FedEx

August 31, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 876444430412

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | F.Sauer | **Delivery Location:** | 1 ARCHIVES DRnull |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday | | ST. LOUIS, MO, 63138 |
| | | **Delivery date:** | Aug 31, 2026 09:26 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 876444430412 | **Ship Date:** | Aug 28, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
DIRECTOR, NATIONAL PERSONNEL RECORDS CENTER
MILITARY PERSONNEL RECORDS
1 ARCHIVES DRIVE
SAINT LOUIS, MO, US, 63138

**Shipper:**
M. Kevin Queenan, Esq., QUEENAN LAW FIRM, P.C.
731 Station Drive
Arlington, TX, US, 76015

**Reference** 1291.1



Thank you for choosing FedEx