United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION
______________________________/

This Order Relates To:

ALL ACTIONS

MDL No. 3084

**ORDER DENYING EMERGENCY MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE OR FOR A STAY PENDING UBER'S MANDAMUS PETITION**

Uber has filed an emergency motion for relief from Magistrate Judge Cisneros' nondispositive pretrial order compelling discovery, and alternatively for a stay of Magistrate Judge Cisneros' nondispositive pretrial order pending resolution of Uber's motion for relief and pending the resolution of any petition for writ of mandamus that Uber may file with the Ninth Circuit Court of Appeals. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES the motion for relief and DENIES the motion to stay.

## I. Background

In June 2026, Uber implemented a new background check process that undertakes a 99-year social security number trace for Uber drivers. Plaintiffs sought discovery on "what Uber knew before June 2026, when Uber first considered these changes, why it delayed

United States District Court
Northern District of California

implementing them, whether they were feasible years earlier, and what information ultimately caused Uber to abandon [its previous] positions." Dkt. 6902 at 6. Uber objected to that discovery, arguing that it was "inadmissible, irrelevant, overly broad…and predicated on material misrepresentations of the facts and the record." Id. at 3. After considering the issue, Magistrate Judge Cisneros ordered a limited 30(b)(6) deposition and related document production on why the new background check policy would not have been feasible at the time of the incidents in question, unless Uber stipulates otherwise. Dkt. 6935. Uber objected to that order, and this Court denied the motion for relief. Dkt. 7052.

Following the denial of the first motion for relief, Uber filed two stipulations as to the feasibility of the background checks during the time of the two bellwether incidents, which contained certain caveats. Dkts. 7113, 7114. Plaintiffs objected to the language used in the stipulations, and argued that because the stipulation only addresses a portion of the Judge Cisneros' order, a deposition is necessary. Dkt. 7125 (Aug. 27 Hr'g Tr.) at 41:20-23. Judge Cisneros ordered a 30(b)(6) deposition. Id. at 45:3-13. Uber appeals again, asking this Court to vacate the Magistrate Judge's order. Dkt. 7171. Uber also asks for a stay, stating that if this Court declines to vacate the Magistrate Judge's order, it will petition the Ninth Circuit for a writ of mandamus. Id.

## II. Motion for Relief

Uber argues that the Court should vacate the Magistrate Judge's order because it was "legally flawed." The Court disagrees and denies Uber's motion for relief.

The Court will overturn a non-dispositive magistrate judge's order only where the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). The clear error standard for factual findings is "extremely deferential," and

the magistrate judge's rulings should ordinarily be considered "the final decisions of the district court." Wi-Lan, Inc. v. LG Elecs., Inc., No. C 10-80254-JF PSG, 2011 WL 841271, at *1 (N.D. Cal. Mar. 8, 2011) (citations omitted). Under the "contrary to law" standard, the Court reviews de novo the magistrate judge's legal conclusions as well as mixed questions of law and fact. Turner v. Apple, Inc., No. 5:20-cv-07495-EJD, 2025 WL 1518043 (N.D. Cal. May 28, 2025) (citations omitted).

When the Court reviews a magistrate judge's determination of relevance, "the standard of review in most instances is…the clearly implicit standard of abuse of discretion." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citation omitted). "The court should not disturb the magistrate's relevance determination except where it is based on an erroneous conclusion of law or where the record contains no evidence on which [the magistrate] rationally could have based that decision." Id.

Uber argues that Judge Cisneros' order is "legally flawed" because it was not "calculated to lead to relevant, admissible evidence." Dkt. 7171 at 2. But on the contrary, Judge Cisneros applied the correct legal standard of relevance. As stated in Judge Cisneros' order, and in this Court's previous order denying motion for relief, the question here is whether the requested discovery would lead to relevant evidence under Rule 26, not whether the evidence is admissible. Uber's argument that the new background check process would not have revealed anything about the driver (QLF001) or that the 99-year test was run (A.R.) goes to the admissibility of such evidence in those bellwether trials. But "[i]nformation…need not be admissible in evidence in order to be discoverable." Fed. R. Civ. P. Rule 26(b)(1). And information on whether the new background policy was feasible at the time of the incidents in question is clearly relevant as to Plaintiffs' negligence claims

against Uber. The discovery is also proportionate, as Judge Cisneros limited the deposition and production as to whether the new policy would have been feasible at the time of the two bellwether incidents.

**III. Motion for Stay**

Uber also asks for a stay of the discovery order pending review of Uber's anticipated writ of mandamus quashing the deposition and related discovery. The Court denies Uber's request for a stay.

"[T]he factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other [parties' interest] in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The decision to issue a stay is within the discretion of the district court. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

Here, the Court finds that there is no basis on which to grant the stay. As discussed *supra*, Uber has not made a strong showing that it is likely to succeed on the merits. Furthermore, Uber fails to show that it will be irreparably injured absent a stay. The Court disagrees that the burden of preparing a 30(b)(6) witness on a limited topic is one that would cause "irreparable harm," especially to a large, sophisticated company such as Uber.[1] Furthermore, Uber's request for a stay appears to be a tactic to defer the deposition until

[1] In contrast, the Ninth Circuit case that Uber quotes from, Artukovic v. Rison, 784 F.2d 1354 (9th Cir. 1986), discussed the harm of extraditing an individual pending the appeal of a habeas corpus petition.

after the upcoming bellwether trial, scheduled to begin on October 5. Judge Cisneros issued her order over a month ago, and Plaintiffs will be substantially injured if Uber is allowed to continue to avoid the deposition.

Finally, the Court also disagrees with Uber that presenting a witness on its changed background policy "penalize[s]" Uber and "actively discourages safety innovations during ongoing litigation." Dkt. 7171 at 5. A decision to expand existing social security number traces from 7 years to 99 years is distinguishable from, for example, a pharmaceutical company's decision to continue developing a promising drug. Uber's concerns over press coverage is a protective order dispute and not an appropriate reason to stay discovery.

For the foregoing reasons, the Court **DENIES** Defendant's motion for relief and motion for stay.

**IT IS SO ORDERED.**

Dated: September 2, 2026

CHARLES R. BREYER
United States District Judge