Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC
*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge: Hon. Lisa J. Cisneros<br>Courtroom: G-15th Floor |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD**:

Pursuant to Civil Local Rules 7-11 and 79-5(f) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Defendants" or "Uber"), respectfully submit this Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal in connection with Uber's Response in Opposition to Plaintiffs' Motion for Temporary Protective Order.

**Material To Be Filed Under Seal**

The following materials contain (1) information from documents that non-party Mass Tort Ad Agency ("MTAA") has produced in compliance with a subpoena issued by Defendants, from this Court, with respect to this litigation, and produced following a Motion to Compel filed in Case No. 6:26-mc-00012-JSS-DCI (M.D. Fla.), and which MTAA has designated as Highly Confidential – Attorneys' Eyes Only;[1] and (2) a deposition transcript which contains Personally Identifiable Information (PII).

| Document | Description | Designating Party |
|---|---|---|
| Defendants' Response in Opposition to Plaintiffs' Motion for Temporary Protective Order ("Opposition") | Portions of Opposition quoting from non-party email chain, designated as Highly Confidential – Attorneys' Eyes Only | Mass Tort Ad Agency |
| Declaration of Christopher V. Cotton in Support of Defendants' Opposition ("Cotton Declaration") | Portions of Declaration quoting from non-party email chain, designated as Highly Confidential – Attorneys' Eyes Only | Mass Tort Ad Agency |
| Exhibit 3 to Cotton Declaration: Spreadsheet entitled Sample of | Spreadsheet describing non-party email chains and other documents designated as | Mass Tort Ad Agency |

[1] Uber disputes that any of the documents produced by MTAA are subject to attorney-client privilege or attorney work product protections. However, Uber is filing this Motion to Seal because the materials sought to be sealed contain information from documents that were designated as attorneys' eyes only and are subject to a global clawback request made by MTAA on behalf of Plaintiffs, which Uber maintains is improper and seeks to challenge. Uber will provide the Court with a copy of any document produced by MTAA for *in camera* review if the Court so desires.

| | | |
|---|---|---|
| Improperly Designated Materials | Highly Confidential – Attorneys' Eyes Only | |
| Exhibit 10 to Cotton Declaration: Deposition Transcript | May 7, 2026 Deposition Transcript of MDL ID 4232 | *See* ECF 174 (stipulated order requiring confidentiality of true names of Plaintiffs filing under pseudonym and/or filing under seal) |

The May 7, 2026, deposition transcript of an MDL Plaintiff is filed under seal in its entirety as required by the Court's order dated December 28, 2023, ECF 174. The deposition transcript contains questions and testimony that would disclose, directly and/or indirectly, the identities of several current or former MDL Plaintiffs who filed under pseudonym, as permitted by the Court. The Court's order requires Defendants to keep such Plaintiffs' "true names … confidential." *Id.* at 1. The Court also authorized and required filing documents under seal that disclose any pseudonymous / anonymous Plaintiffs' identities. *See id.* at 1-2 ("To the greatest extent possible, the parties agree to refer to plaintiffs by their designated pseudonyms in all filings. Where impossible, such documents shall be filed under seal.").

Public disclosure of the deposition transcript would also reveal additional private and personally identifiable information of MDL ID 4232, including her phone number, birthdate, personal medical history, and the details of the alleged assault. These subjects arise throughout the deposition and are intertwined with the witness's testimony such that redacting only selected portions would be impracticable and would not adequately protect the confidentiality interests at stake. Indeed, even extensive redactions could risk revealing identifying information through context, testimony, and cross-references within the transcript. Accordingly, sealing the transcript in its entirety, rather than only select portions, is the narrowest and most effective means of protecting the identities of plaintiffs proceeding pseudonymously and safeguarding MDL ID 4232's highly sensitive personal information. And in any event, the content of the transcript relates to a discovery matter, not the merits of this litigation. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Under Local Rule 79-5(f)(3), the Designating Party bears responsibility to establish that all of the designated material is sealable, and must, within 7 days of this Motion's filing, "file a statement and/or declaration as described in subsection (c)(l)" of the Local Rules.

This Motion complies with Civil Local Rule 7-11 and 79-5, and the following attachments accompany this Motion:

1. The Declaration of Daniel Cummings in Support of this Motion; and
2. A Proposed Order that lists in tabular format all material sought to be sealed.

DATED: September 2, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Daniel Cummings*

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd. Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK L. OOT, JR. (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC