Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON, L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY PROTECTIVE ORDER** |

Date: September 25, 2025
Time: 10:00 a.m. PST
Courtroom: 6 – 17th Floor

**DECLARATION OF CHRISTOPHER V. COTTON**

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Rasier LLC's, and Rasier-CA, LLC's (collectively, "Defendants") Response in Opposition to Plaintiffs' Motion for Temporary Protective Order.

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bars of the State of Iowa, the State of Missouri, and the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. Since July 31, 2025, Uber has filed five fraudulent-receipt motions (ECF 3604, ECF 3784, ECF 4137, ECF 4933, and ECF 5483), and the Court has granted all five, including ordering 13 depositions (ECF 3876, ECF 3972, ECF 4440, ECF 5454, and ECF 5970). As part of these investigatory and discovery efforts, Uber served 16 third-party subpoenas in connection with this MDL to marketing companies and lead generators, among other entities between July 2025 and July 2026. Uber began receiving and producing documents received from the third parties in November 2025. I am not aware of any objections made by the Plaintiffs in this litigation in response to those subpoenas prior to the issues raised in connection with Plaintiffs' Motion for Temporary Protective Order.

4. In December 2025, subpoenas were prepared for service upon three third-party entities: (1) Mass Tort Ad Agency ("MTAA"), (2) Blue Sky Media LLC ("Blue Sky"), and (3) NexLevel Direct LLC ("NexLevel"). Those subpoenas were prepared because it was believed that each entity was reasonably likely to possess information regarding the persistent fraud perpetuated by Plaintiffs in this MDL. This belief was informed by marketing campaigns and information from the websites of these companies advertising the services they offer for lead generation and claim vetting services.

5. Consistent with prior and subsequent practice, the following materials were prepared for each subpoena for service on each entity: (1) Notice of Intent ("NOI"), (2) Federal Rule of Civil

Procedure 45 Subpoena Form ("Rule 45 Forms"), and (3) an accompanying Attachment A ("Attachment A").

6. Besides MTAA, Blue Sky, and NexLevel, Counsel for Uber also served subpoenas upon the following third-party entities between July 31, 2025 and June 4, 2026[1]: (1) Apple Inc., (2) Google, (3) Stripe, (4) Express Digital Services, LLC ("Express Digital"), (5) Pack and Ship, (6) Cloudflare, (7) Isla Marketing d/b/a Legal Cove ("Isla Marketing"), (8) Publisher First, Inc. d/b/a Freestar ("Freestar"), and (9) Meta. For each of those subpoenas, NOIs, Rule 45 Forms, and Attachment As were prepared in advance of service.

7. For each of the subpoenas referenced in paragraph 6, Counsel for Uber served NOIs upon Plaintiffs' counsel, as follows: (1) Apple (served July 31, 2025 and October 10, 2025), (2) Google (served July 30, 2025 and April 16, 2026), (3) Stripe (served July 30, 2025 and June 4, 2026), (4) Express Digital (served September 23, 2025 and October 17, 2025), (5) Pack and Ship (served September 23, 2025), (6) Cloudflare (served July 30, 2025), (7) Isla Marketing (served April 8, 2026), (8) Freestar (served April 8, 2026), and (9) Meta (served April 3, 2026).

8. In November 2025, Uber made its first production to Plaintiffs' Leadership in this MDL with documents produced in response to third-party subpoenas and has continued to produce documents since, to the extent any documents were produced at all (some third-party entities claimed to not possess any responsive documents).

9. On December 16, 2026, Counsel for Uber served a NOI and accompanying subpoena pertaining to Blue Sky via email upon Plaintiffs' Leadership in this MDL. Service of the subpoena upon Blue Sky occurred on December 18, 2025.

10. Uber issued subpoenas to MTAA and NexLevel on December 18, 2025. MTAA was served that same day–on December 18, 2025. After multiple attempts, NexLevel was served on February 15, 2026.

[1] The following third party entities were served two subpoenas during this time period: (1) Apple Inc., (2) Google, (3) Stripe, and (4) Express Digital Services, LLC.

11. The Blue Sky, MTAA, and NexLevel subpoenas were substantially similar and sought the same categories of information related to the services offered by each entity concerning the lead generation and marketing services offered by each. Plaintiffs did not move to quash, seek to meet and confer, make objections, or assert privilege or any other protections concerning the Blue Sky subpoena. Also, Plaintiffs did not raise any concerns about the two similar subpoenas served upon Isla Marketing and Freestar after receiving notice of each on April 8, 2026. Around the same time, Plaintiffs also received and did not object to the subpoena directed to Meta.

12. In June 2026, MTAA produced more than 17,000 documents. On August 7, 2026, MTAA provided the same documents again, and added a Confidentiality Designation deeming the entire production "Attorneys Eyes Only" (AEO)." Later on the same day, August 7, 2026, Uber provided the MTAA documents to Plaintiffs' Leadership in this MDL.

13. A number of documents provided by MTAA strongly evidence fraud in this MDL. In an April 2026 email exchange, MTAA's founder and CEO, Jacob Malherbe, noted that [redacted]

14. Additionally, in a public-facing blog post, Jacob Malherbe discussed [redacted]

15. Finally, in an email with a potential customer, Jacob Malherbe described [redacted]

16. Prior to this production from MTAA, the largest number of unique documents provided by any third-party entity which had received a subpoena from Uber was 76, from Isla Marketing.

17. In August 2026, I learned the NOIs for MTAA and NexLevel had not been served upon Plaintiffs' Leadership in this MDL. At that point, an internal investigation was undertaken to determine why service had not been effectuated.

18. In the course of that investigation, Counsel for Uber determined that NOIs pertaining to all subpoenas served upon third-party entities had been prepared, consistent with routine procedure. Counsel for Uber was also able to locate transmittal emails for each of those NOIs except those for MTAA and NexLevel. A clerical error, likely stemming from altered schedules and availability of office personnel in advance of the December holidays, resulted in those transmittal emails not being sent. It was not done in bad faith or to avoid providing notice. Uber's intent was to comply with the applicable requirements in the Federal Rules of Civil Procedure, consistent with its conduct before and after service of the subpoenas was effectuated upon MTAA and NexLevel, and is further supported by the timely notice Uber provided of the substantially similar Blue Sky subpoena. Between July 2025 and April 2026, Counsel for Uber caused NOIs pertaining to 14 other third-party lead generation and marketing subpoenas to be properly served upon Plaintiffs' Leadership in this MDL.

19. Plaintiffs' Leadership first contacted Counsel for Uber on August 13, 2026, suggesting that the NOI for the MTAA subpoena had not been served. Prior to that date, Plaintiffs' Leadership had not contacted Counsel for Uber to my knowledge regarding any of the many other subpoenas served upon third parties up to that point. Nor did Plaintiffs' Leadership contact Counsel for Uber to my knowledge for the subsequent lead generation and marketing subpoenas.

20. On August 19, 2026, Counsel for Uber disclosed to Plaintiffs' Leadership that a NOI was inadvertently not served with respect to the subpoenas directed to MTAA. At the same time, in the interest of transparency and consistent with the facts described above, Counsel for Uber disclosed to Plaintiffs' Leadership that a NOI was also inadvertently not served with respect to the subpoena directed to NexLevel.

21. On August 21, 2026, Plaintiffs' Leadership sent a letter to Blue Sky regarding the subpoena. The next day, on August 22, 2026, MTAA sent Uber a letter via email demanding its entire production be returned, sequestered, and for privileged and protected materials to be destroyed pursuant to Federal Rule of Civil Procedure 45(e)(2)(B). In that letter, however, MTAA did not assert any attorney-client privilege, work product, or other protections of its own (see attached Exhibit 14).

To date, no person or entity, i.e. – MTAA, Plaintiffs' Leadership Counsel, etc., has provided Uber with a privilege log relating to the MTAA production.

22. On August 27, 2026, the parties met and conferred regarding the instant Motion. The meet and confer largely focused on the subpoena directed to MTAA.

23. To date, Plaintiffs have not provided Uber with a privilege log relating to the MTAA production, or any other lead generation or marketing production.

24. Attached as Exhibit 1 is a true and correct copy of the transcript of the August 25, 2026 hearing before Judge Breyer.

25. Attached as Exhibit 2 is a true and correct copy of ECF 7070-3, a redacted version of an email from a Plaintiff to Nachawati Law Group (an unredacted version of the email was filed under seal at ECF No. 7068-3).

26. Attached as Exhibit 3 is a chart addressing a sample of documents provided by MTAA that were improperly designated.

27. Attached as Exhibit 4 is a true and correct copy of a rideshare litigation lead generation advertisement included in ECF 3604.

28. Attached as Exhibit 5 is a true and correct copy of a rideshare litigation lead generation offer provided by Blue Sky.

29. Attached as Exhibit 6 is a true and correct copy of a Cease and Desist Letter sent by Counsel for Uber to Isla Marketing.

30. Attached as Exhibit 7 is a true and correct copy of Isla Marketing's response to Uber's Cease and Desist Letter.

31. Attached as Exhibit 8 is a true and correct copy of a report prepared by X Ante for Uber regarding rideshare litigation lead generation advertisements, including AI-generated advertisements.

32. Attached as Exhibit 9 is a true and correct copy of ECF 7078-8, Exhibit 7 of Uber's Motion to Appoint a Special Master to Investigate Fraud.

33. Attached as Exhibit 10 is a true and correct copy of a deposition of a Plaintiff in this MDL.

34. Attached as Exhibit 11 is a true and correct copy of a public-facing LinkedIn post published by Blue Sky.

35. Attached as Exhibit 12 is a true and correct copy of correspondence provided by Blue Sky between Blue Sky and the Nachawati Law Group regarding a proposed business arrangement between the two.

36. Attached as Exhibit 13 is a true and correct copy of correspondence provided by Blue Sky among Blue Sky employees discussing rideshare litigation lead generation intake procedures.

37. Attached as Exhibit 14 is a true and correct copy of a letter sent to Counsel for Uber by MTAA demanding the return, sequestration, and destruction of its production.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on September 2, 2026.

*/s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON (*Pro Hac Vice*)

**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC