# EXHIBIT 7

ATTORNEYS AT LAW

CARLTON FIELDS

Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard | Suite 1000
Tampa, Florida 33607-5780
P.O. Box 3239 | Tampa, Florida 33601-3239
813.223.7000 | fax 813.229.4133
www.carltonfields.com

**Simon A. Gaugush**
Shareholder
813.229.4227 Direct Dial
sgaugush@carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
Minneapolis
New York
Orlando
Tallahassee
**Tampa**
Washington, DC
West Palm Beach

May 16, 2026

***VIA EMAIL***
Dale Cendali
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
dale.cendali@kirkland.com

Re: Response to Uber's Cease & Desist Letter served on Isla Marketing, LLC (d/b/a LegalCove)

Ms. Cendali:

We are writing in response to the cease and desist letter that Uber Technologies, Inc. ("Uber") served on Isla Marketing, LLC (d/b/a LegalCove) ("Isla Marketing") on May 5, 2026. As opposed to exhaustively rebutting each and every claim in Uber's 10-page demand letter, we will address the key issues. The contents of this letter are inadmissible in any future proceeding under FRE 408 and contain no admissions.

First and foremost, Isla Marketing has not violated any law or engaged in any false advertising or unlawful commercial activity related to identifying victims of rideshare assaults. There is nothing unlawful in identifying the victims of crime, whether that's to pursue civil remedies, criminal penalties, or even for commercial purposes.

Second, Uber falsely claims that "Isla's conduct falsely associates Uber with *invented factual scenarios involving serious alleged criminal conduct*...." *See* Uber Demand Ltr., at 1. This claim requires the suspension of reality. At present, Uber is

facing thousands of lawsuits related to rideshare-related sexual assaults. That's why there is an MDL. Rideshare assaults are a real and pervasive problem. There is nothing "invented" about this scenario.

Third, Uber claims that Isla Marketing has constructed "false human testimony . . . by combining a misappropriated photograph of a real, uninvolved person with an AI-generated video persona that purports to recount a sexual assault that never occurred." *See* Uber Demand Ltr., at 2. If Uber is claiming that the person on the profile is the same as the person in the video, its claim is patently spurious, as the images below reflect:

**Melanie Doran**




**Sameera Reddy**



If Uber is claiming that having a real person on a Facebook profile makes videos on that page more credible, that is overreach. If Uber is trying to make a different point, I am not sure what it is.

Fourth, Uber makes the inflated claim that it has "expend[ed] substantial resources investigating the campaign, defending its reputation, and addressing downstream consequences in the legal claims process." *See* Uber Demand Ltr., at 1 and 6. I am not sure how that can be the case. This ad ran for a period of less than three weeks—from approximately February 17, 2026 through March 4, 2026. It involved a limited ad spend of less than $3,000. It's unclear to me what "downstream consequences" Uber has experienced from such a short-lived ad that recently ended.

Finally, and probably most important to resolve this dispute, Isla Marketing took down this ad two months *before* receiving Uber's demand letter and one month

*before* receiving the subpoena in *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084-CRB (N.D. Cal.). The very thing that Uber complains of doesn't exist anymore.

On April 14, 2026, I spoke with your legal team about the third-party subpoena served on Isla Marketing. I was surprised to receive a 10-page demand letter three weeks later, on May 5. There was no need to send this demand letter. If this ad was an issue, then your team should have brought it to my attention during our meeting. We could have discussed this issue and probably resolved it.

The key takeaway here is that Isla Marketing took down this ad over two months ago without any prompting from Uber, and this ad will not get put back up. We therefore consider this matter closed. However, if you would like to discuss it further, please feel free to contact me. Thank you.

CARLTON FIELDS, P.A.

*Simon A. Gaugush*

Simon A. Gaugush

CC: D. Matthew Allen, Esq.