# EXHIBIT 14

**MASS TORT AD AGENCY**
[Street Address] · [City, State ZIP] · [Phone]
jacob@masstortadagency.com

August 22, 2026

**VIA ELECTRONIC MAIL**

Michael B. Shortnacy, Esq.
SHOOK, HARDY & BACON L.L.P.
mshortnacy@shb.com
Counsel for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC

**Re: *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation,* No. 3:23-md-03084 (N.D. Cal.)**

**Notice of Inadvertent Production and Demand for Return, Sequestration, and Destruction of Privileged and Protected Materials Pursuant to Fed. R. Civ. P. 45(e)(2)(B)**

Dear Mr. Shortnacy:

I write on behalf of Mass Tort Ad Agency ("MTAA") concerning the documents MTAA produced to Uber in response to the subpoena Uber served on MTAA in the above-captioned litigation, including the productions served on or about [DATE] and [DATE] (the "Productions").

This letter constitutes formal notice under Federal Rule of Civil Procedure 45(e)(2)(B) that the Productions contain information subject to claims of attorney-client privilege and protection as trial-preparation (work-product) material, as well as confidential and highly sensitive personal information of individuals who are not parties to this litigation. That information was produced inadvertently and without authorization. MTAA demands its immediate return, sequestration, or destruction, and demands that Uber cease all review, use, and disclosure of it pending resolution of the privilege claims by the Court.

## I. The Productions Were Made Without Complete Pre-Production Review

MTAA is a marketing and advertising company. It is not a law firm, and I am not an attorney. MTAA responded to Uber's subpoena in good faith and without the benefit of a document-by-document privilege review of the materials collected. I have since been advised, and independent review has confirmed, that the Productions were not fully reviewed before they were served and that they contain material that should never have been produced.

Specifically, and without limitation, the Productions include:

(a) communications between prospective clients and law firms, and materials generated in the course of individuals seeking legal representation, that are subject to the attorney-client privilege held by those individuals and their counsel;

(b) intake, screening, questionnaire, and vetting materials prepared at the direction of counsel that reflect counsel's mental impressions, case-selection criteria, and litigation strategy, and that constitute protected work product;

(c) the identities, contact information, and firsthand narrative accounts of sexual assault survivors, including survivors who have never filed suit against Uber; and

(d) personal, medical, and other confidential information of thousands of individuals with no connection to this litigation, relating to unrelated matters and campaigns entirely outside the scope of this MDL.

MTAA does not hold the attorney-client privilege or work-product protection attaching to these materials, and MTAA had no authority to waive them. Any disclosure was inadvertent, was made without the knowledge or consent of the privilege holders, and does not effect a waiver under Federal Rule of Evidence 502(b), Federal Rule of Civil Procedure 45(e)(2)(B), or the protective order and ESI protocol entered in this MDL.

## II. Demands

Pursuant to Rule 45(e)(2)(B), Uber and each of its agents must, promptly upon receipt of this notice:

1. Immediately cease all review, analysis, coding, indexing, searching, quotation, summarization, and any other use of the Productions and of any information derived from them;
2. Return, sequester, or destroy the Productions and every copy, excerpt, extract, image, load file, OCR or extracted-text file, database record, index, chronology, summary, attorney or consultant work product, and other derivative material reflecting their contents;
3. Instruct every person and entity to whom the Productions or their contents were disclosed — including in-house counsel, co-counsel, local counsel, contract reviewers, testifying and consulting experts, investigators, litigation-support and e-discovery vendors, and any hosted review platform — to do the same, and take reasonable steps to retrieve any material already disclosed;
4. Make no use of the Productions or their contents in any deposition, declaration, expert report, motion, brief, exhibit, discovery request or response, meet-and-confer communication, or communication with any third party;

5. Disclose in writing whether any of the Productions or their contents have already been used, disclosed, quoted, or transmitted to any person or entity, identifying each recipient and each such use; and

6. Provide written certification that the foregoing has been completed. If Uber intends to contest any privilege or protection claim, it may sequester a single copy and present the disputed material to the Court under seal for determination as Rule 45(e)(2)(B) permits — but it may not review or use that material in the interim.

Given the extraordinary sensitivity of the information at issue, MTAA requests Uber's written confirmation of compliance no later than [DATE]. Please treat this request as urgent.

## III. Related Matters

Plaintiffs have filed a Motion for Temporary Protective Order seeking relief that substantially overlaps with the demands in this letter, and have advised MTAA that they will also move to quash the subpoena. MTAA does not oppose the entry of an order restricting access to, use of, and dissemination of the Productions pending the Court's resolution of the privilege and protection claims.

MTAA is also suspending any further production in response to the subpoena pending resolution of these issues and the completion of an appropriate privilege review, and is preserving the Productions and the underlying materials in place. MTAA remains willing to meet and confer with Uber and with Plaintiffs' counsel on a protocol for any further production.

Nothing in this letter, and nothing in MTAA's prior conduct, is intended as or should be construed as a waiver of any privilege, protection, right, or objection held by MTAA or by any other person, all of which are expressly reserved.

Please direct any response to me at jacob@masstortadagency.com and to [MTAA counsel, if applicable]. I am available to discuss at your earliest convenience.

Very truly yours,

Jacob Malherbe
Founder & Chief Executive Officer
Mass Tort Ad Agency

**cc:**

Rachel B. Abrams, Esq. — Peiffer Wolf Carr Kane Conway & Wise, LLP (rabrams@peifferwolf.com)

Counsel for Plaintiffs