[SUBMITTING COUNSEL BELOW]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*,<br>N.D. Cal. No. 3:24-cv-08783<br>W.D. Tex. No. 1:26-cv-01694 | **STATUS REPORT REGARDING VICTOR LE DEPOSITION PURSUANT TO ECF 7208**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Judge: Mag. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| JANE DOE QLF 001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | CASE NO. 26-CV-01694-CRB<br><br>Judge: Hon. Charles R. Breyer<br><br>Courtroom: 501 |

Defendant Uber respectfully submits this status report regarding the scheduling of the deposition of Victor Le pursuant to the Court's September 3, 2026 text order at ECF 7208.

Uber hereby notifies the Court that it has been in regular contact with the prison working to re-schedule Mr. Le's deposition. The prison has notified Uber that the earliest dates available for Mr. Le's deposition are September 21 or September 22 (both of which they can accommodate for a maximum of four hours). Uber has asked the prison to hold those dates and is making all necessary arrangements to proceed on one or both of those dates.

On September 4, Uber promptly notified Plaintiff's counsel that the prison had offered September 21 and September 22 and asked them whether they would be willing to proceed on either or both dates. Plaintiff's counsel indicated that they "do not oppose the prison's dates" but that they "do object to the deposition going forward that far past the Court's deadline unless Uber bears the costs it created by unreasonably postponing the deposition." Plaintiff's counsel refused to discuss this issue further with counsel for Uber and specifically refused to talk by phone. Per Plaintiff's counsel's email, the request for costs "includ[es] but [is] not limited to plaintiff's travel back to the prison, additional expert time to supplement reports, and any time spent on discovery that could have been avoided if Uber had stipulated earlier to the assault occurring."

Plaintiff's request is unreasonable and further suggests that she seeks to prevent the deposition from going forward for strategic reasons. Plaintiff has provided no legal or factual justification for her requests to recover an ill-defined set of costs. While Plaintiff contends that this deposition will slow down discovery and/or cause experts to have to supplement reports, the reality is that significant discovery remains outstanding related to Plaintiff herself. Most notably, Plaintiff's deposition has not yet been completed because Plaintiff has not completed her document productions following several Orders to do so from Judge Cisneros. (Needless to say, Uber's costs resulting from Plaintiff dragging her feet on discovery are much higher than Plaintiff's supposed costs related to this deposition.)

While the Court did not find that Plaintiff acted unethically with respect to the phone call to the driver, Uber believes the call was conducted in order to influence his testimony, particularly

because, unfortunately, this has been Plaintiff's approach with other third-party witnesses too.[1] Punishing Uber by requiring it to pay costs supposedly caused by the delay would be highly inappropriate and would simply invite a tit-for-tat request of costs by Uber for all the different ways in which Plaintiff has prolonged discovery in this matter and undermined Uber's ability to prepare efficiently for trial.

As a result, Uber requests that the Court enter an Order permitting the deposition of Mr. Le to go forward on September 22 and/or September 23 while rejecting Plaintiff's factually and legally unsupported request for costs.

[1] Uber has previously raised these issues with the Court (*see* ECF 7020) and does not raise them here to re-litigate them, but instead to highlight a pattern of conduct that continues to be highly concerning to Uber.

DATED: September 4, 2026

Respectfully submitted,

*/s/ Michael Vives*

Michael Vives (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
Jessica Davidson (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9050
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC