United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION
_________________________________/

This Order Relates To:

All Actions

MDL No. 3084

**SECOND AMENDED PRETRIAL ORDER NO. 22: APPOINTMENT OF RANDI ELLIS AS SETTLEMENT MASTER**

1. The Court appoints Randi Ellis to facilitate settlement discussions among all parties to this multi-district litigation as soon as is feasible.

2. Ms. Ellis' authority is limited to facilitating settlement discussions. Ms. Ellis will not adjudicate, or assist the Court with adjudicating, any issues in these consolidated proceedings.

3. The Settlement Process

   a. As Settlement Master, Ms. Ellis has the authority to schedule at her discretion any settlement discussions; to decide who shall participate in the discussions, including what party representatives are needed; and to choose where and how the discussions are to occur. Negotiations on behalf of MDL plaintiffs shall proceed in a manner consistent with Pretrial Order No. 4. The Settlement Master shall promptly apprise the Co-Lead Counsels of the fact of other settlement negotiations if, in her independent judgment, she determines that such settlement negotiations

United States District Court
Northern District of California

are likely to affect the Court's schedule.

b. Ms. Ellis, all counsel and parties, and any other persons participating in Settlement discussions shall treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. "Confidential information" shall not be:

i. Disclosed to anyone not involved in the litigation;

ii. Disclosed to the Court; or

iii. Used for any purpose, including impeachment, in any pending or future proceeding.

c. To facilitate settlement discussions, Ms. Ellis may have *ex parte* communications with any party and party representative. If a party does not want Ms. Ellis to share any of the contents of an *ex parte* communication with another party, the sharing party shall make that desire clear to Ms. Ellis.

d. Notwithstanding paragraph 3(b)(ii) above, upon the agreement of all participating parties, Ms. Ellis may communicate "confidential information" to the Court without violating this Order or the rules governing confidentiality of settlement discussions. Ms. Ellis may otherwise communicate with the Court regarding non-confidential matters, including procedural issues, the nature of Ms. Ellis' activities, and periodic updates on the progress of settlement communications; but, as explained above, she shall not communicate any "confidential information" to the Court absent the parties' agreement.

4. Plaintiffs and Defendants shall jointly compensate Ms. Ellis and any personnel working under her direction, at a rate Co-Lead Counsels, the Defendants, and

United States District Court
Northern District of California

Ms. Ellis determine, with the split of such fees to be determined based upon discussions with Ms. Ellis and the relevant parties. Ms. Ellis may incur necessary expenses and costs at reasonable amounts to permit her to fully facilitate settlement of these related actions, and Plaintiffs and Defendants shall jointly reimburse Ms. Ellis for such costs and expenses, with the split of such costs and expenses to be determined based upon discussions with Ms. Ellis and the relevant parties. Such costs and expenses may consist of, but are not limited to, the engagement of additional necessary personnel, including any outside experts.

The Court thanks Ms. Ellis in advance for her service to the parties and the Court.

**IT IS SO ORDERED.**

Dated: September 8, 2026



CHARLES R. BREYER
United States District Judge