[SUBMITTING COUNSEL BELOW]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,<br><br>This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.*,<br>N.D. Cal. No. 3:24-cv-08783<br>W.D. Tex. No. 1:26-cv-01694 | Case No. 3:23-md-03084-CRB<br><br>**STATUS REPORT REGARDING VICTOR LE DEPOSITION PURSUANT TO ECF 7208**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Judge: Mag. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| JANE DOE QLF 001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | CASE NO. 26-CV-01694-CRB<br><br>Judge: Hon. Charles R. Breyer<br><br>Courtroom: 501 |

## JOINT STATUS REPORT REGARDING ECF 7208

The parties respectfully submit this status report regarding the scheduling of the deposition of Victor Le pursuant to the Court's September 3, 2026 text order at ECF 7208.

As communicated to the Court previously, the prison has informed Uber that the earliest availability it has for Mr. Le's deposition is September 21 and September 22. Uber is regularly following up with the prison—and will do so again tomorrow—to assess whether the prison has any earlier availability. If the prison offers any earlier dates, Uber will promptly notify Plaintiff's counsel and work with them on scheduling. But in the meantime, the parties are holding both September 21 and September 22 and plan to proceed on those dates.

While the parties are working together on scheduling, there continues to be a dispute regarding requests Uber has made regarding the production of certain materials in advance of any deposition of Mr. Le. This dispute is described below:

**Uber's Position:** Uber continues to believe a recording of Plaintiff's counsel's phone call with Mr. Le should be produced in advance of the deposition. The prison has confirmed that an audio recording of the phone call exists, but a court order is required for its release. Plaintiff has indicated that she does not object to any such Court Order. Uber renews its request to the Court to issue an order for production of the audio recording.

Uber also requested that Plaintiff produce her communications with Mr. Le and/or the prison to facilitate the August 31 telephone conversation. Plaintiff states that she has no written communications with Mr. Le, and Uber accepts that representation. Plaintiff acknowledges she communicated with the prison to set up the phone call, but she refuses to produce that correspondence. Plaintiff has provided no meaningful rationale for objecting to producing correspondence with the prison. The parties have routinely produced pre-deposition communications with third-party wintesses, including those about deposition logistics. In this case, Uber is entitled to know what Plaintiff's counsel said to the prison—which presumably was then communicated to Mr. Le—about this phone call and why it needed to take place in advance of Mr.

Le's deposition.

**Plaintiff's Position:**

Plaintiff has not objected to Uber requesting a recording of the August 31 call, and said so on August 31. Plaintiff does not possess such a recording and never has. Plaintiff takes no position on an order directed to the facility, but no order is necessary as to Plaintiff.

Other than the original subpoena served on Mr. Le, a copy of which Uber has, there are no written communications between Plaintiff's counsel and Mr. Le.

As for communications with the prison, the parties in this litigation have never produced logistics communications with non-testifying third parties, and Uber does not explain why this situation should be any different. As the Court has already explained, Uber can explore any questions it has about the phone call in Mr. Le's deposition.

Finally, Plaintiff does not believe a status report is the appropriate vehicle for resolving a discovery dispute. Uber has previously indicated to Plaintiff that it reserves the right to bring a letter brief under PTO 8. If Uber wishes to press this issue, that is the proper course, and Plaintiff will respond.

DATED: September 8, 2026

Respectfully submitted,


/s/ William L. Smith

Roopal P. Luhana (*Pro Hac Vice*)
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

William L. Smith (*Pro Hac Vice*)
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (202) 780-7736
Email: wsmith@anapolweiss.com

*Counsel for Plaintiffs*

/s/ Michael Vives

Michael Vives (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
Jessica Davidson (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9050
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, And RASIER-CA, LLC

**ATTESTATION**

I, Michael Vives, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: September 8, 2026

*/s/ Michael Vives*
Michael Vives

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026 I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/ Michael Vives*
Michael Vives