UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

ALL CASES

Case No. 23-md-03084-CRB

**DECLARATION OF JACOB MALHERBE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**

Judge: Hon. Charles R. Breyer
Courtroom: 6 – 17th Floor

Judge: Mag. Lisa J. Cisneros
Courtroom: G – 15th Floor

I, Jacob Malherbe, state and declare as follows:

1. I am the founder and Chief Executive Officer of nonparty Mass Tort Ad Agency ("MTAA"). I make this declaration based on my personal knowledge of MTAA's business operations, practices, and the materials described below. If called as a witness, I could and would testify competently to these facts.

2. I submit this declaration under Civil Local Rule 79-5(f)(3) in support of Uber's Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal.

3. On December 18, 2025, MTAA received a subpoena from Uber in connection with this litigation.

4. On August 7, 2026, MTAA produced materials to Uber's counsel in response to that subpoena. MTAA designated those materials as Highly Confidential – Attorneys' Eyes Only under the Protective Order entered in this case because they contain privileged, protected, and confidential information, including confidential business and commercially sensitive information concerning MTAA's operations, pricing, and business relationships.

5. MTAA requests that the Court maintain under seal the portions of the produced materials cited by Uber in connection with Defendants Uber Technologies, Inc., Raiser, LLC, Rasier-CA, LLC's Response in Opposition to Plaintiffs' Motion for Temporary Protective Order, ECF No. 7204, which reveal MTAA's confidential business information. *See Prescott v. Reckitt Benckiser LLC*, 2023 WL 2465778, at *4 (N.D. Cal. Mar. 9, 2023) (sealing "confidential information regarding . . . marketing campaign results, budgeting, price analyses, profit statements, business objectives, and competitive strategies"). The request is narrowly limited to specific information that is not publicly available and that would provide competitors and other third parties with insight into MTAA's business practices.

6. The materials MTAA seeks to seal are as follows:

| **Document** | **Portion Sought to be Sealed** |
| --- | --- |
| Defendants Uber Technologies, Inc., Raiser, LLC, Rasier-CA, LLC's Response in Opposition to Plaintiffs' Motion for Temporary Protective Order | Page 3, Lines 11-14<br>Page 8, Lines 12-14, 16-17 |
| Declaration of Christopher V. Cotton in Support of Defendants' Opposition | ¶ 13, Page 3, Lines 13-17<br>¶ 14, Page 3, Lines 18-20<br>¶ 15, Page 3, Lines 21-22 |
| Exhibit 3 to the Declaration of Christopher V. Cotton in Support of Defendants' Opposition: Spreadsheet | Entire Exhibit |

7. The material MTAA seeks to seal consists of quoted portions of email exchanges discussing pricing for obtaining leads and signed claimants in the rideshare mass tort advertising market, including MTAA's historical pricing information, business observations concerning market pricing, and MTAA's assessment of competitive conditions in that marketplace. *See Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 998 (S.D. Cal. 2021) (business information, "such as a company's confidential profit, cost, and pricing information, which if publicly disclosed could put the company at a competitive disadvantage," constitutes a compelling reason to seal).

8. The material also reflects confidential communications between MTAA and a potential business contact regarding the cost and availability of claimant acquisition services and related business strategy.

9. MTAA operates in an intensely competitive marketplace. Its business depends on developing and maintaining confidential relationships, including with law firms, vendors, and other participants in the legal industry. *See Nanometrics, Inc. v. Optical Sols., Inc.*, 2023 WL 7356602, at *2 (N.D. Cal. June 21, 2023) (sealing "commercially sensitive descriptions of Nanometrics's internal strategy and business practices, including its business partnerships with suppliers and certain practices to achieve a competitive advantage in the market"). MTAA does not publicly disclose its internal pricing information, business assessments, or confidential communications with business contacts.

10. Public disclosure of this information would likely harm MTAA's competitive position. *See Blockchain Innovation, LLC v. Franklin Res., Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) ("Courts regularly hold that good cause supports sealing such information because disclosing information related to a company's business strategy and finances can impose harm by allowing competitors to capitalize on a business's internal business decisions."). Competitors could use the disclosed pricing information and market observations to undercut MTAA's business, adjust their own pricing strategies, or gain an unfair understanding of MTAA's approach to claimant acquisition and related services.

11. Disclosure of MTAA's confidential business communications could also harm MTAA's relationships with current and potential clients and business partners, who reasonably expect their communications with MTAA to remain confidential.

12. MTAA has taken reasonable steps to protect the confidentiality of this information. The material was produced only because of the subpoena issued in this litigation, and MTAA designated it as Highly Confidential – Attorneys' Eyes Only under the Protective Order.

13. The material is not relevant to the substance of the claims or defenses in this litigation. The discussion of MTAA's pricing and business practices does not assist the public in understanding the merits of the case and is unnecessary to meaningful public access to the issues being litigated.

* * *

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 8, 2026 in Winter Garden, Florida.

/s/ Jacob Malherbe

Jacob Malherbe