United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_______________________________________/<br>This Order Relates To:<br>ALL ACTIONS | MDL No. 3084<br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TEMPORARY PROTECTIVE ORDER**<br>Re: Dkt. No. 7059 |

Before the Court Plaintiffs' Motion for Protective Order (Dkt. 7059) and Uber's Opposition (Dkt. 7204), as well as declarations and exhibits submitted in support. The Court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion for a Protective Order. Uber shall not access, use, or disseminate the productions from Mass Tort Ad Agency ("MTAA"), Blue Sky Media LLC ("Blue Sky"), and Isla Marketing, LLC d/b/a LegalCove.com ("Isla") while Plaintiffs review the productions and the parties resolve any disputes over the subpoenas before Judge Cisneros. The Court denies the Motion as to the production from Meta Platforms, Inc. ("Meta"). The Court further orders that MTAA, Blue Sky, Isla, Meta, NexLevel Direct LLC ("NexLevel"), and Publisher First, Inc. d/b/a Freestar ("Freestar") do not need to produce any additional documents in response to Uber's subpoenas until Judge Cisneros resolves subpoena disputes submitted by the parties, but must preserve any responsive documents they may possess.

## I. Background

At dispute here are third-party subpoenas that Uber served on litigation support

companies that provide various marketing and client acquisition services to law firms: MTAA, Blue Sky, Isla, NexLevel, and Freestar.[1] The subpoenas included broad requests for the companies' communications with potential plaintiffs and law firms; vetting and claim screening materials; and marketing and advertising information. See Dkts. 7059-2–7059-6, 7059-10.

MTAA, Isla, Blue Sky, and Meta produced documents in response to Uber's subpoenas, totaling around 17,000 documents. Dkt. 7059 at 8. The productions by MTAA, Isla, and Blue Sky include data that potential plaintiffs filled out while seeking legal representation for rideshare sexual litigations, including details about the alleged sexual assault and the victims' contact information. Dkt. 7058-3 at ¶¶ 11, 13, 16, 18, 22. The productions also include communications with counsel related to those intake forms, including the criteria used to screen potential plaintiffs. Id. at ¶¶ 12, 13. The MTAA production also included information not only about the rideshare sexual litigations, but also other mass torts litigations such as OBGYN abuse, social media harms, clergy abuse, NY adult abuse, trafficking, Camp Lejeune, hair relaxer, Roundup, opioids, talc powder, Paraquat, and others. Id. at ¶ 8.

Plaintiffs now move for a temporary protective order preventing Uber from accessing, using, or disseminating the materials produced until Plaintiffs have had an opportunity to review the productions and Judge Cisneros has resolved any related discovery disputes. Dkt. 7059. Uber opposes the Motion.[2] Dkt. 7204.

## II. Legal Standard

Rules 26 and 45 of the Federal Rules of Civil Procedure govern the discovery from nonparties by subpoena. See Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774,

[1] Uber also served subpoenas to third-parties Apple, Google, Stripe, Cloudflare, Express Digital, and Pack and Ship. Plaintiffs do not address those subpoenas in their Motion; this Order does not pertain to those subpoenas.

[2] Uber argues that Plaintiff failed to comply with Rule 26's requirements to meet and confer before filing the Motion. The Court considers the merits of this Motion notwithstanding Uber's argument. The Court understands that the parties conferred on August 27, before Uber filed its opposition.

779 (9th Cir.1994) (applying both Rule 26 and Rule 45 standards to rule on a motion to quash subpoena). Under Rule 26, a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c). The moving party has the burden of showing a particular need for protection under Rule 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.1992) (quoting Cipollone v. Ligget Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986)).

**III. Analysis**

The Court finds that there is good cause to grant a temporary protective order as to the productions from MTAA, Isla, and Blue Sky. Uber's subpoena and the corresponding productions contain communications and questionnaire responses by prospective plaintiffs. Contrary to Uber's assertions, such communications are squarely protected by the attorney-client privilege. Privilege attaches even to individuals who complete a law firm's online questionnaire "with a view to ret[ain] the law firm". Barton v. U.S. Dist. Ct. for Cent. Dist. Of Cal., 410 F.3d 1104, 1110 (9th Cir. 2005). Such privilege applies to litigation support companies such as here, who act as agents of plaintiffs' law firms in mass tort litigation by performing essential services of informing potentially thousands of plaintiffs across 50 states. See, e.g., Ulrich v. General Motors LLC, 2026 WL 183676, at *5 (S.D.N.Y. Jan. 23, 2026) (similar entity acting as an agent of class counsel by performing the essential services of informing potential class members about the class action and providing a mechanism for them to share their stories and get involved in the litigation). And indeed, the individuals filling out those forms did so with the understanding that they were responding to attorney advertising and wished to retain counsel. Dkt. 7058-3 at ¶¶ 10, 16, 21. The production also contains law firms' correspondence with the litigation support firms. Lawyers' communications with their agents is also protected under the work product doctrine. Id. at *10. Accordingly, there is risk of "annoyance, embarrassment, oppression or undue burden or expense" to Plaintiffs

United States District Court
Northern District of California

of having protected materials produced to Uber both by enforcing the subpoena as drafted, and by allowing access to the currently produced materials by non-parties.

Uber also served a subpoena to Meta. See Dkt. 7059-5. The subpoena requested documents related to Isla's Facebook account, including communications from and to the account. Id. Meta produced account data information, such as IP addresses, login/logout timestamps, and the associated email address for the Isla Facebook account. Dkt. 7059 at 9. Plaintiffs concede that the Meta production "does not appear to contain the same categories of privileged and confidential information produced by Isla, MTAA, and Blue Sky." Id. at 9, n.4. Accordingly, the Motion is denied as to the production from Meta.

**IV. Conclusion**

The Motion is GRANTED IN PART and DENIED IN PART. The hearing on the Motion for Protective Order is vacated. The case management conference will still be held on September 11 at 11am.

**IT IS SO ORDERED.**

Dated: September 10, 2026

CHARLES R. BREYER
United States District Judge