United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB |

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Jane Doe QLF 001 v. Uber Technologies, Inc., et al. | Case No. 1:26-cv-01694-CRB |

The Court has reviewed Magistrate Judge Cisneros' Discovery Order (Dkt. 7164, "Order"), the Parties' Joint Statement Concerning the Discovery Dispute (Dkt. 7130), and Uber's Motion for Relief from Nondispositive Pretrial Order (Dkt. 7256, "Motion"). The Court concludes that Judge Cisneros exercised sound judgment and the Order is not clearly erroneous or contrary to law and denies the Motion.

The dispute relates to Mr. Sarfraz Maredia, Uber's Vice President, Head of Autonomous Mobility & Delivery and a member of Uber's Executive Leadership Team, who also previously led Uber's rideshare operations in Texas from 2014 to 2017. Uber objected to Plaintiff's request to depose Mr. Maredia, stating that the deposition was barred by this Court's prior ruling on apex depositions in common discovery and that Mr. Maredia had no case-specific information. See Dkt. 7130 at 1-2. Plaintiffs argued that the deposition was not precluded by this Court's prior order as Mr. Maredia had relevant information specific to this bellwether case related to Texas-specific policies, requirements, and

United States District Court
Northern District of California

capabilities that bear directly on how the Uber driver in the QLF001 bellwether case was activated on Uber's platform. Id. at 3-5. Judge Cisneros agreed with the Plaintiffs, finding that the Court's prior order does not apply here as that order related to Mr. Maredia's later role in the national context, and that here Plaintiffs were seeking to explore Mr. Maredia's work for Uber in Texas. Dkt. 7164. Finding that Mr. Maredia was relevant to this case, she did not cabin the deposition to specific topics. Id. Uber argues that this was clear error as Mr. Maredia at most had knowledge of Houston's regulations, not Texas, and that Houston was in a different operating market from Torrant County where the alleged incident involving QLF001 took place. Dkt. 7256.

The Court finds that Judge Cisneros' Order was not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Mr. Maredia was not only the General Manager of Uber's Houston office (2014-16), but also Uber's Texas and Southwest General Manager and Mobility (2016-17) and Regional General Manager for Central U.S. and Canada (2017). Dkt. 7130. The driver in this case was active on Uber's platform at various periods between 2016 and 2020. Id. The Court agrees with Judge Cisneros that Mr. Maredia's work in Texas may be highly relevant to the issues in this bellwether case.

For the foregoing reasons, the Court DENIES Defendant's Motion for Relief.

**IT IS SO ORDERED.**

Dated: September 11, 2026

CHARLES R. BREYER
United States District Judge