# Exhibit 12

141-345646-23

CAUSE NO. 141-345646-23

| | | |
|---|---|---|
| BLANCA TORRES, | § | IN THE DISTRICT COURT |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| VS. | § | |
| | § | 141ST JUDICIAL DISTRICT |
| UBER TECHNOLOGIES, INC., | § | |
| RASIER, LLC, KELLI GREEN AND | § | |
| LAMAR HENLEY, | § | |
| | § | TARRANT COUNTY, TEXAS |
| *DEFENDANTS.* | | |

## ORDER GRANTING DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S' TRADITIONAL AND NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

ON THIS DAY, came to be considered Defendants Uber Technologies, Inc. and Rasier, LLC ("Defendants") Traditional and No-Evidence Motion for Summary Judgment. After considering same, it is the finding of this Court that Defendants Uber Technologies, Inc. and Rasier, LLC are not vicariously liable for Defendant Kelli Green's actions because she was an independent contractor, not an employee, pursuant to Tex. Occ. Code § 2402 as a matter of law. The Court also finds that Plaintiff's claims of product liability against Defendants Uber Technologies, Inc. and Rasier, LLC fail because the Uber App is fundamentally a digital marketplace platform providing a service by connecting independent drivers with potential riders for the purpose of transportation services.

For these reasons, the Motion is well taken and should be granted, hereby ORDERS as follows:

It is hereby ORDERED, that Defendants' Traditional and No Evidence Motion for Summary Judgment is in all things GRANTED, and Plaintiff takes nothing by reason of their claims against Defendants' and all of her claims be dismissed in its entirety. All relief not granted herein is denied. This judgment is final and appealable and dismisses all claims against Defendants.

SIGNED this 2 day of July, 2024.

JUDGE PRESIDING