[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*JANE DOE QLF 001 v. Uber Technologies, Inc. et al.,*
N.D. Cal. No. 3:24-cv-08783
W.D. Tex. No. 1:26-cv-01694

CASE NO. 3:23-MD-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF MOTION AND MOTION TO EXCLUDE THE OPINIONS OF PLAINTIFF'S EXPERT H. DAVID FELTOON, PH.D.; MEMORANDUM OF POINTS & AUTHORITIES**

Judge: Hon. Charles R. Breyer

Courtroom: 6 – 17th Floor

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

CASE NO. 26-CV-01694-CRB

Judge: Hon. Charles R. Breyer

Courtroom:

# NOTICE OF MOTION AND MOTION TO EXCLUDE

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") by and through their undersigned counsel, will and hereby do move the Court for an order, pursuant to Federal Rule of Evidence 702, excluding the opinions of Plaintiffs' expert H. David Feltoon.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: September 14, 2026

KIRKLAND & ELLIS LLP

By: */s/ Kim Bueno*

*Counsel for Uber*

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court should exclude the opinions and testimony of Plaintiff's putative psychological-testing expert, H. David Feltoon, because he failed to disclose a proper "list of all other cases in which, during the previous 4 years, [he] testified as an expert . . . ." Fed. R. Civ. P. 26(a)(2)(B)(v). In fact, another court in the Western District of Texas expressly placed Dr. Feltoon on notice—in ***2009***—that producing a barebones list that did not sufficiently identify the other cases in which he testified rendered his reports prejudicially deficient. *See Arnold v. City of San Antonio*, No. SA-07-CA-877-XR, 2009 WL 780671, at *2-3 (W.D. Tex. Mar. 24, 2009). Seventeen years later, Dr. Feltoon's disclosures suffer from the same deficiency despite that express warning. Dr. Feltoon's opinions and testimony should be excluded in full.

At a minimum, the Court should exclude his "opinions" that merely vouch for Plaintiff's credibility, and those that simply repeat Plaintiff's self-reported complaints. These opinions are not proper expert testimony but instead constitute improper vouching and narrative recitation of testimony that the jury can evaluate on its own.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Has Plaintiff failed to demonstrate by a preponderance of the evidence that Mr. Feltoon's proffered testimony should be admitted even though his expert report does not contain the information required of a putative expert witness by Fed. R. Civ. P. 26?
2. Has Plaintiff failed to demonstrate by a preponderance of the evidence that Mr. Feltoon's proffered testimony that merely vouches for Plaintiff's credibility, and that simply repeats Plaintiff's self-reported complaints, is admissible pursuant to Federal Rule of Evidence 702?

## BACKGROUND

Dr. Feltoon is a psychologist who "was retained in this matter principally to perform and interpret standardized psychological testing of" Plaintiff. Feltoon Rep. at 8 (Ex. 1). He asserts that he administered four psychological tests and conducted a mental status examination and a clinical interview. *See id.* Though he claims that his opinions "focus principally on the testing [he] performed, the validity and interpretation of the test results, and the psychological findings demonstrated by those results," *id.* at 8-9, the "Conclusions" section of his report has little to do with the testing he administered. Instead, that section

largely repeats—and, on occasion, vouches for—Plaintiff's self-reported claims, despite Dr. Feltoon's lack of personal knowledge concerning those claims.

To date, and despite Uber's request, Dr. Feltoon has not produced a list of all cases in the past four years in which he testified as an expert. Instead, he produced a letter that merely contained various plaintiffs' names and attorney information, and omitted dates, jurisdictions, docket numbers, and even the names of the defendants in those cases.

Dr. Feltoon's report also failed to contain or append all "facts or data considered by [him] in forming" his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B) & (B)(ii). Specifically, his report did not include the underlying tests Dr. Feltoon supposedly administered to Plaintiff, the results of those tests, or his notes on this case, because Dr. Feltoon believes that "ethical and professional standards" prevent him from producing those materials to non-psychologists without a court order specifically naming him. Plaintiff's counsel took the position that it was not possible to disclose materials on the date the report was disclosed because there was no such order (and apparently believe they had no obligation to seek such an order themselves to ensure the timely production of Dr. Feltoon's reliance materials by the disclosure deadline). Thus, the deficient testimony list is not the only respect in which Dr. Feltoon's disclosure failed to provide the information necessary to evaluate his opinions.

Judge Cisneros recently endorsed a stipulation requiring Dr. Feltoon to "produce his testing materials, raw testing data, and notes related to his work in [this] matter." Dkt. 7298. Uber reserves its rights to seek to exclude Dr. Feltoon on additional grounds following receipt of his reliance materials.

## **LEGAL STANDARD**

The standard for admissibility under Fed. R. Evid. 702 is set forth in Uber's Motion to Exclude the Opinions of Plaintiffs' Expert Lacey Keller and incorporated herein by reference.

## ARGUMENT

### A. Dr. Feltoon's Opinions And Testimony Should Be Excluded In Full Because His Report Fails To Comply With Rule 26.

A testifying expert's report "***must***" include, among other things, "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition[.]" Fed. R. Civ. P. 26(a)(2)(B) & (B)(v) (emphasis added). Dr. Feltoon's report does not comply with this provision.

In a letter, Dr. Feltoon represents that he "do[es] ***not*** maintain a list of the various cases that [he] ha[s] been requested to testify in," attributing his failure to do so to the fact that he "work[s] only part-time," does not "maintain[] a staff of employees," and "do[es] not have a secretary." Feltoon Letter dated June 23, 2026 at 1 (Ex. 1 at 27) (emphasis added). He instead catalogs over 60 cases that he "currently recall[s] being involved with as an expert witness, either by way of deposition and/or trial testimony," but his "list" does not include defendant names, jurisdictions, docket numbers, or dates. For example, Dr. Feltoon represents that he provided a deposition in the "Soto" case with an attorney named "Crowley." *Id.* at 2. Uber demanded that Plaintiff produce a Rule 26-compliant list of other cases, *see* email from M. Vives dated Sept. 9, 2026, Ex. 2, but Plaintiff has not produced such a list to date.

There is no excuse for this deficiency. Seventeen years ago, Dr. Feltoon produced a report that similarly "indicat[ed] that he does not have any staff and has not kept a listing of full case names and cause numbers where he has testified as an expert at trial or by deposition." *Arnold*, 2009 WL 780671, at *2. The court in that case concluded that Dr. Feltoon's reports "failed to adequately identify what other cases he has testified in," rendering his reports "deficient" and non-compliant with the Federal Rules. *Id.* at *3. The court further held this deficiency was "prejudicial" because the Rule 26 list of all other cases "allows the opposition to obtain prior testimony of an expert," "to identify inconsistent positions taken in previous cases for use in cross-examination," and to otherwise "ascertain[] the legitimacy of the expert." *Id.* (citation and internal quotations omitted).

This prejudicial deficiency could not be justified by Dr. Feltoon's decision not to maintain a running list of testimony, or his failure to hire support staff. As the *Arnold* court explained, "A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make

notwithstanding the known requirements of Rule 26." *Id.* at *3 (citation omitted). "The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures." *Id.* (citation omitted). "The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness." *Id.* (citation omitted).

The same reasoning applies here. Rule 26 entitles Uber to a list of "***all*** other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," Fed. R. Civ. P. 26(a)(2)(B)(v) (emphasis added), with detail sufficient to enable Uber to identify those cases and make arrangements to obtain available testimony and other materials. Dr. Feltoon's "list" expressly does not include "all" such cases—just those that he "currently recall[s]," Feltoon Letter dated June 23, 2026 at 1 (emphasis added)—and even as to those cases, he does not produce sufficient information from which Uber can readily identify the majority of those cases. This is not an inadvertent or technical disclosure failure. Dr. Feltoon has been on notice for 17 years that this very disclosure practice does not satisfy Rule 26. Moreover, Dr. Feltoon admitted that he could have reached out to the attorneys he worked with to ask them for the full case captions, but he declined to do so. 9/10/2026 Feltoon Dep. 25:23-26:6, Ex. 3. His noncompliance therefore reflects a choice—not an inability—to provide the required disclosure.

Rule 37(c)(1) confirms that exclusion is warranted. A party that fails to provide information required by Rule 26(a) may not use the undisclosed witness or information unless the failure was substantially justified or harmless. Neither exception applies. The failure is not substantially justified for the reasons above. Nor is it harmless: without an identifiable and complete list, Uber cannot locate Dr. Feltoon's prior testimony, identify potentially inconsistent opinions, assess his litigation history, or prepare an informed cross-examination. That is precisely the prejudice the court identified in *Arnold*. And questioning Dr. Feltoon about his prior work is no substitute for Uber's ability to independently obtain and evaluate the prior testimony itself. Because Plaintiff's "failure to disclose [Dr. Feltoon's] other cases is prejudicial," *Arnold*, 2009 WL 780671, at *3, Dr. Feltoon's opinions and testimony should be excluded in full.

### B. Alternatively, Significant Portions of Dr. Feltoon's Opinions Should Be Excluded.

#### 1. Dr. Feltoon Should Be Precluded From Testifying About Plaintiff's Credibility.

At a minimum, the Court should limit Dr. Feltoon's opinions to the realm of valid expert testimony. To start, that means Dr. Feltoon should not be permitted to offer testimony that seeks only to bolster Plaintiffs' credibility. Indeed, in *WHB 823*, the plaintiff sought and obtained an order precluding Uber's expert psychiatrist from "offer[ing] opinions about Plaintiff's credibility as a witness . . . ." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, MDL No. 3084, 2026 WL 974509, at *2 (N.D. Cal. Apr. 10, 2026). Plaintiff's expert should be subject to the same limitation here. Although a qualified and reliable expert psychologist may "testify that a plaintiff ***seems*** genuinely distressed ***to him***," *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 618 (5th Cir. 1999) (emphases added), such an expert may not opine that a plaintiff is telling the truth. That is because "[c]redibility determinations . . . fall within the jury's province." *Id.*; *see also United States v. Wertis*, 505 F.2d 683, 685 (5th Cir. 1974) (expert psychiatrist cannot serve as "a compurgator"—i.e., someone who vouches for a witness's veracity).

In his report, Dr. Feltoon did not simply opine that Plaintiff's symptoms ***seemed*** genuine ***to him***. He also opines that Plaintiff [redacted] Feltoon Rep. at 12 (emphasis added). That opinion crosses the line from permissible expert testimony to impermissible credibility-vouching testimony—and questions regarding Plaintiff's credibility are something that the jury must decide. Accordingly, this opinion—and any other opinion regarding Plaintiff's credibility—should be excluded.

#### 2. Dr. Feltoon Should Be Precluded From Repeating Plaintiff's Factual Narrative.

The Court should also bar Dr. Feltoon from simply relaying to the jury factual allegations he says he received from Plaintiff. Although Dr. Feltoon represents that his opinions "focus principally on the testing [he] performed, the validity and interpretation of the test results, and the psychological findings [supposedly] demonstrated by those results," Feltoon Rep. at 8-9, the bulk of the "Conclusions" section of Dr. Feltoon's report consists of what Plaintiff supposedly reported to him, *id.* at 12-14. Dr. Feltoon's

expertise may permit him to explain what his tests measure and what Plaintiff's results signify; it does not transform Plaintiff's account of events into expert opinion merely because she repeated that account during a clinical interview.

In this respect, his report is like the report of the psychologist in *Williams v. East Meadow Union Free School District*, No. 2:21-cv-3310 (NJC) (JMW), 2026 WL 790580 (E.D.N.Y. Mar. 20, 2026), in that it "features significant factual narrative of which [Dr. Feltoon] lacks any personal knowledge and that is unnecessary to provide an explanation of what psychological tests she administered to [Plaintiff] and the results of those tests." *Id.* at *16.

Such testimony should be precluded because it would not "help the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702(a), and because an expert psychologist's "bald repetition of [a plaintiff's] beliefs as to the cause of his condition simply does not reflect a methodology reliant upon [his] specialized knowledge or experience, and thus, cannot be considered reliable." *Matthews v. Hewlett-Packard Co.*, No. 15 Civ. 3922 (DAB), 2017 WL 6804075, at *4 (S.D.N.Y. Dec. 22, 2017). Indeed, "[p]ermitting [Dr. Feltoon] to repeat what [Plaintiff] told [him] during [his] clinical examination as fact, as is done throughout [his] expert report, creates a significant risk that the jury will improperly conclude that [Dr. Feltoon] is bolstering [Plaintiff's] testimony[.]" *Williams*, 2026 WL 790580, at *16; *accord, e.g.*, *Tardif v. City of New York*, 344 F. Supp.3d 579, 603 (S.D.N.Y. 2018).

To the extent Dr. Feltoon is permitted to testify at all at trial, the Court should enter an order circumscribing his testimony along the lines of the order in *Williams*: Dr. Feltoon should "be permitted to describe [Plaintiff's] responses to specific test questions only to the extent necessary to provide a foundation for [his] findings [of what] the test results [supposedly] showed[.]" *Williams*, 2026 WL 790580, at *16. And "[i]n doing so, [he] must clearly identify information that lies outside [his] personal knowledge[.]" *Id.* He should not be permitted to vouch for Plaintiff's credibility or repeat Plaintiff's allegations except to the limited extent necessary to explain an otherwise admissible psychological opinion.

## **CONCLUSION**

The Court should exclude the opinions and testimony of Dr. Feltoon.

DATED: September 14, 2026

Respectfully submitted,

*/s/ Kim Bueno*

Kim Bueno (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
kim.bueno@kirkland.com

Laura Vartain Horn (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Kim Bueno*
Kim Bueno