[Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S TRIAL BRIEF RE MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE ABOUT MR. LE'S MILITARY SERVICE** |
| This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Techs., Inc., et al.*,<br>N.D. Cal. No. 3:24-cv-08783<br>W.D. Tex. No. 1:26-cv-01694 | Judge: Honorable Charles R. Breyer<br>Date: September 25, 2026<br>Time: 10:30 A.M. PT<br>Ctrm.: 6-17th Floor |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JANE DOE QLF 0001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 26-cv-01694-CRB<br><br>Judge: Honorable Charles R. Breyer |

## INTRODUCTION

The driver in this case, Victor Le, served in the United States Army from 2018-2019. Plaintiff moves to exclude evidence and argument about Victor Le's Army service, including his enlistment, the Army's background screening, his service awards, and the character and circumstances of his discharge. Uber's experts previewed three uses for this material. Uber expert Jason Morris devotes a section of his report to the claim that Le "Passed a Detailed Military Background Check Prior to Onboarding." Ex. 1, Morris Rep. at 15–16. He lists Le's four service awards and concludes that the service "is further evidence" that Le's history "would not have included a disqualifying criminal offense." *Id*. Uber expert Vida Thomas argues a nearly opposite proposition from the same records. She opines that because the Army "does not allow applicants to join if they have any current charges pending," and Le enlisted anyway, she reasons that "it appears the military did not find the 2017 citation" (referring to a pending charge for sexual assault). Ex. 2, Thomas Rep. ¶ 46. Uber expert Kevin Phelan describes Le as "a United States military veteran with possible PTSD symptoms" and recites the same awards as "commendations." Ex. 3, Phelan Rep. at 17 & n.1. Each potential use of these materials is improper under Rules 401, 403, and 404.

## I. ARGUMENT

### A. SPECULATION ABOUT LE'S ARMY BACKGROUND CHECK MUST BE EXCLUDED UNDER RULE 403.

In this case, Plaintiff argues that Uber's 2020 background check of Mr. Le missed a 2017 pending criminal charge for sexual assault and a 2018 outstanding arrest warrant related to that charge. [redacted] Uber's argument is speculative, irrelevant, and would create a mini-trial on issues with no importance here.

Uber's argument is pure speculation. No one knows whether the Army did not discover the pending criminal charge, or discovered the pending criminal charge and decided to enlist Le anyway. Uber's argument is also irrelevant: it is undisputed that the outstanding warrant—which Uber should have found—did not exist when Le enlisted with the Army in February 2018. Instead, Fort Worth issued the warrant after Le failed to appear in Municipal Court on June 11, 2018, three months after Le had already shipped off to basic training. Ex. 6, DOE QLF 001137–38; Ex. 3, Phelan Rep. att. at 58–59. [redacted].

Allowing this evidence and argument would also create a mini-trial over the Army's background checks, enlistment criteria, and Mr. Le's conduct during his enlistment. [redacted] (Unlike the army, Uber never asked Mr. Le if he had any outstanding charges.)

Untangling all of that would require a trial within a trial. The jury would need to learn what a National Agency Check search is, how it differs from Uber's background checks, and what the Army's fraudulent-enlistment rules require. Neither side has designated a competent witness to explain the Army's screening process. [redacted] And if the Army in fact did discover the pending charge and enlisted Mr. Le anyway, then trial will focus on the myriad differences between enlisting in the Army and driving for Uber.

### B. LE'S SERVICE AWARDS ARE INADMISSIBLE CHARACTER EVIDENCE.

[redacted]

[redacted] Each of these awards is issued for time served, for completing a course, or for holding an assignment during a period of hostilities. None recognizes an act of valor or merit. [redacted]

But Rule 404(a)(1) forbids that use: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Courts applying the rule "typically consider evidence of military or police commendations as impermissible character evidence, beyond ordinary background evidence." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 U.S. Dist. LEXIS 47274, at *7 (N.D. Fla. Mar. 14, 2021) (granting motion to exclude "military commendations and awards"); *accord Stone v. Anderson*, No. 1:21-cv-01461-SAB (PC), 2025 U.S. Dist. LEXIS 69861, at *31 (E.D. Cal. Apr. 11, 2025) (excluding "military service awards and commendations" as irrelevant and unfairly prejudicial).

Uber may argue that it seeks to use these awards as evidence that its onboarding of Mr. Le was reasonable rather than as proof of Le's virtue. [redacted] Uber never asked Le whether he had served, never requested his records, and never considered his service record in deciding whether to onboard him. [redacted] Accordingly, evidence of Mr. Le's service record is inadmissible. *See United States v. Warnock*, No. 3:21-CR-130-KHJ-ASH, 2025 U.S. Dist. LEXIS 120469, at *11 n.3 (S.D. Miss. June 25, 2025) (barring defendant from mentioning his military service); *see Simonsen v. McClinton Energy Grp.*, LLC, No. 13-CV-635-JED-FHM, 2014 U.S. Dist. LEXIS 156981, at *5 (N.D. Okla. Nov. 6, 2014) (excluding "decorated war hero" evidence where the proponent offered "no explanation of how the plaintiff's military experience is relevant").

Even if Uber did consider the service awards (it did not), they would still be inadmissible. As one court facing that argument in a negligent-hiring case explained, it was "unclear how" an officer's awards "would support Defendants' contentions that the City Defendants neither engaged in negligent hiring nor failed to properly supervise." *Hassan v. City of Shreveport*, No. 15-2820, 2018 U.S. Dist. LEXIS 102460, at *11 (W.D. La. June 18, 2018). Any probative value, the court held, "is substantially outweighed by the risk that a jury would give them improper weight." *Id.* The Fifth Circuit's rule is simple: "[e]vidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant." *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978). A ribbon for finishing basic training says nothing about whether Uber should have caught a warrant, and says nothing about what Le did to Plaintiff.

**C. LE'S "HONORABLE" DISCHARGE IS INADMISSIBLE CHARACTER EVIDENCE AND WOULD REQUIRE A MINI-TRIAL ON HIS MENTAL-HEALTH SEPARATION.**

Uber similarly has suggested that Le's honorable discharge makes Uber's onboarding reasonable. [redacted] But, by definition, an "honorable" characterization is character evidence. This evidence "is of slight probative value and may be very prejudicial," and it "tends to distract the trier of fact from the main question of what actually happened on the particular occasion." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc) (quoting advisory committee's note). Worse, it "subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *Id.* Military service carries a particular danger because it carries an emotional and patriotic charge of its own. The Ninth Circuit affirmed exclusion of a photograph of a defendant in uniform because "the only apparent purpose behind introducing the photograph was to elicit the jury's sympathy and patriotism, which runs afoul of Fed. R. Evid. 403." *United States v. Pintado-Isiordia*, 448 F.3d 1155, 1158 (9th Cir. 2006). And, as with the service medals, there is no evidence Uber considered the circumstances of Le's discharge when it hired him.

Nor can the discharge come in as innocuous "background." Le is not a party and will not testify; he is serving an eleven-year sentence for assaulting Plaintiff. His service is background to

no claim or defense. In *3M*, the court let plaintiffs mention an honorable discharge only because their own service was the setting of their injuries, and even then it excluded the commendations. *In re 3M*, No. 3:19-md-2885, ECF 1702 (N.D. Fla. Mar. 14, 2021). Here, ***Uber*** would offer the "background," about a non-party, to suggest that a man the Army certified as "honorable" could not have had a record worth finding. That is just propensity reasoning with an American flag draped around it.

Admission of this evidence would create a certainty of undue prejudice and wasted time. If Uber opened that door, Plaintiff would be entitled to close it, and the jury would then spend its time on Le's psychiatric history rather than on Uber's conduct. [redacted] But none of it sheds any light on Uber's choice to onboard Le because Uber knew nothing about it. And none of it sheds any light on what Le did to Plaintiff. Accordingly, the Court should spare the jury the detour.

**CONCLUSION**

For these reasons, the Court should exclude all evidence and argument about Le's military service, the Army's screening of him, his service awards, and the character or circumstances of his discharge.

Dated: September 17, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: September 17, 2026

By: */s/ Roopal P. Luhana*
Roopal P. Luhana