# Exhibit A
# FILED UNDER SEAL

**From:** Andrew Kaufman
**To:** Sarah London; Vives, Michael; Sommer Luther; Isabel Velez; Simon S. Grille; Alexandra M. Walsh; Rachel B. Abrams; An V. Truong
**Cc:** Rachel B. Abrams; Roopal P. Luhana; Carlos Lopez; Alexandra Cassar; Stacey White; Kevin Queenan; Wyatt, Geoffrey M.; Vartain, Laura; Brown, Alli; Bueno, Kim; Benfield, Katie; Einstein, Jordan; Meredith Drukker Stratigopoulos; Elizabeth Wilkins; Borge, Theresa; Love, Cohl K.; Davidson, Jessica; Trangle, Asher; Benjamin Gillig
**Subject:** RE: QLF
**Date:** Saturday, September 5, 2026 12:18:23 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png

---

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Hi Mike,

Plaintiffs were clear in their position that it does not make sense to compare Uber's compulsory Rule 35 examination with a voluntary examination, that we would not be discussing our work product, and that the parties should negotiate based on Uber's representation of what its expert needed for her evaluation. We then negotiated a stipulation that the Court entered. ECF 7067. Uber conducted its examination on August 21, more than two weeks ago, and never said anything about needing more time or otherwise raising after-the-fact concerns with the conditions agreed to in the stipulation. Uber has not presented any facts that would support a finding of good cause to conduct a second IME or justification to reconsider the Court's order adopting the stipulation. *See, e.g.*, *Booth v. Mohave Transp. Ins. Co.*, 2014 WL 3881203, at *5 (E.D. La. Aug. 6, 2014) ("Where the moving party has already made an examination in the past, the court will require a stronger showing of necessity before it will order repeated examinations."); *Mayfield v. Continental Underwriters, Ltd.*, 2007 WL 4522602, at *2-3 (W.D. La. Dec. 14, 2007) (finding no entitlement to third IME where there was no evidence that prior IMEs had been inadequate). If Uber intends to submit this issue to the Court on this record, please send us a PTO 8 brief. We will aim to respond within one business day and file one business day after that, on the condition that we receive Uber's edits by 1 PT, exchange final edits by 3 PT, and file by 5 PT as PTO 8 requires. If Uber would like to meet and confer or provide more information, we will be available on Tuesday.

Thanks,

Andrew

**Andrew R. Kaufman**
GIRARD | SHARP

415.287.7142 (direct)
415.981.4800 (main)
akaufman@girardsharp.com
www.girardsharp.com

---

**From:** Sarah London <slondon@girardsharp.com>
**Sent:** Friday, September 4, 2026 7:14 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** Re: QLF

Dear Mike,

You have written an email to two dozen people accusing me of lying to you and the Court. That is absolutely false, as you know, and we cannot stress enough how tired we are of these inflammatory and unprofessional accusations. At this point, we are considering taking up your conduct with the Court and relevant state bar.

We will respond to your request for three more hours for a Rule 35 mental examination in more thorough detail, but I had to respond immediately to the defamatory comments and ask you to immediately retract them.

Sarah

**From:** Vives, Michael <michael.vives@kirkland.com>
**Date:** Friday, September 4, 2026 at 4:54 PM
**To:** Sarah London <slondon@girardsharp.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** RE: QLF

EXTERNAL EMAIL

Sarah,

We were very surprised to receive Dr. Leibowitz's report last night and see that she met with [redacted] "for a total of 18 hours on 8/16/26, 8/17, 26 and 8/18/26" as well as a further 2 ½ hour interview on 8/31. The reason this is so surprising is because, as you know (and as the below email chain and the attached August 13, 2026 Case Management Statement makes clear), at the very same time [redacted] was meeting with Dr. Leibowitz for three full days, you were representing to counsel for Uber (and the Court) that [redacted] such that it was necessary to have several unprecedented and legally unsupported "guardrails to ensure that **any** mental examination does not unnecessarily re-traumatize her." (ECF 7020 at 28) (emphasis added). In the interest of resolving a dispute, Uber took your representations to both counsel and the Court at face value and worked with you on a stipulation. As part of that process, Uber made several compromises that it did not think were warranted or legally justified but agreed to based on what you said to counsel and the Court about how impactful the litigation process and talking about the incident was on [redacted]

Having now read Dr. Leibowitz's report, we have deep concerns that the statements and

representations you made were not true and have now prejudiced Uber's ability to prepare for trial. It is clear from Dr. Leibowitz's report that not only were there no limitations placed on her examination of the Plaintiff, but instead you had her meet with the Plaintiff for three straight days where she talked about the very things that [redacted]r that they were off limits for Uber's expert. It is difficult to see this as anything other than gamesmanship.

As a result, please let us know this weekend whether you will agree to [redacted] sitting for an additional three-hour examination with Dr. Baker. If you are unwilling to agree, we will be raising this issue both with Judge Breyer (to whom prior statements were made about the traumatizing nature of "any mental examination") and Judge Cisneros.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Sarah London <slondon@girardsharp.com>
**Sent:** Wednesday, August 19, 2026 12:51 AM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** Re: QLF

Hi Mike, I am still finalizing this on our end, but wanted to send back over to you largely accepting your redlines, but with a few edits that reflect our discussion and we believe are important safeguards. I believe this should resolve the issue, but let me know if you'd like to discuss.

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Date:** Tuesday, August 18, 2026 at 2:56 PM
**To:** Sarah London <slondon@girardsharp.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** RE: QLF

EXTERNAL EMAIL

Hi Sarah,

Thanks for the call yesterday and your proposal. We have some proposed modifications in the attached in redline which we feel are important to ensure our expert has the ability to conduct an adequate, thorough, and appropriate examination as permitted under Rule 35. If you have questions about this, feel free to give me a call on my cell.

Would you also be able to send over the proposed Exhibit A that you are envisioning (and apologies if this was sent in a prior email)?

As to a location, we are planning to confirm the [redacted]

Thanks,
Mike

**Michael Vives**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022

**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Sarah London <slondon@girardsharp.com>
**Sent:** Tuesday, August 18, 2026 12:21 AM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** Re: QLF

Hi Mike,

Thank you for your call today. I thought it was very productive, and appreciate you highlighting the important issues on your side and what you believed you could compromise on. Based on our discussion and both sides' willingness to compromise to resolve this issue, I am hopeful that this stipulation will be acceptable to your client.

Please confirm we have an agreement, and whether if the Rule 35 will go forward on Friday, and if so, where you propose to do it, thanks.

Sarah

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Date:** Monday, August 17, 2026 at 7:26 PM
**To:** Sarah London <slondon@girardsharp.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>

**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** RE: QLF

EXTERNAL EMAIL

Hi Sarah,

Just following up on our call this evening. As I understand it, you will be sending us a revised stipulation (hopefully tonight) consistent with our conversation and we will take a look at that and get back to you no later than tomorrow with edits or a letter brief if we feel we are not going to be able to reach agreement. We look forward to getting this issue sorted out promptly one way or the other so we can continue to prepare this case for trial.

You also indicated that the Plaintiff is still holding this Friday for her IME and that she could sit for a second deposition next Monday (8/24) or Tuesday (8/25), which we will get back to you on shortly.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Vives, Michael
**Sent:** Monday, August 17, 2026 2:01 PM
**To:** 'Sarah London' <slondon@girardsharp.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams

<rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** RE: QLF

Hi Sarah,

I am not sure I understand your email. While there may be some limited issues we can reach agreement on and we would of course we happy to discuss those, our CMC statement lays out, in detail, why we do not believe your proposed conditions are appropriate or legally supportable. My email below is also very clear that we are not going to agree to have an examination conducted by our expert that is severely limited while your expert conducts an examination without the same limitations (all of which you would presumably use at trial to bootstrap your expert while attacking our expert). I am concerned that you are attempting to drag this process out so you can conduct your IME this Sunday before the Court has time to rule on this. So unless you are going to agree that your expert's examination is subject to the same limitations you have sought to impose on Uber's expert (which it seems like you are not), we need to brief this issue, and we need to brief it on an expedited fashion. As the below makes clear, we have been attempting to get resolution on this issue for weeks and Plaintiff has generally been unwilling to provide her position or engage. So I am happy to discuss today but we need this issue teed up promptly and we need written confirmation that you will not conduct your examination before the Court rules on this issue as, again, it is our position that your proposed conditions are not reasonable or supported in the law, but if the Court believes any of them should apply, they need to apply equally to the examination done by your expert.

I know we have a call set at 5:30 ET to discuss a few issues including expert scheduling, so happy to chat quick before or after that call if that works for you.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

**From:** Sarah London <slondon@girardsharp.com>
**Sent:** Sunday, August 16, 2026 10:46 AM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** Re: QLF

Hi Mike, stepping in for Sommer here. Rule 35 Examinations pose entirely different risks than voluntary examinations. Why don't you give me a call as I mentioned? We are unsure what remains as the sticking points here, but based on the CMC submission I believe there is room for compromise. I am at [redacted]

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Date:** Friday, August 14, 2026 at 9:28 AM
**To:** Sommer Luther <sluther@wagstafflawfirm.com>; Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra M. Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos

<mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** RE: QLF

EXTERNAL EMAIL
Hi Sommer,

The admin motion that Plaintiffs filed on 8/12 states that Plaintiff is intending to have an expert psychiatrist examine her and that that examination allegedly cannot occur until August 23. So I am confused why you were unwilling to answer my question about this when I posed it to you the very same day that motion was filed. Regardless, now that we know that you all intend to have your client examined by an expert psychiatrist, can you confirm whether that examination will or will not be subject to the same conditions that you have told us is necessary to avoid the [redacted] Like we said, we would be happy to have a discussion about this, but if Plaintiff's position is that Uber's examination needs to have several substantial limitations (many of which lack any apparent legal support), but that none of those will apply to the examination conducted by Plaintiff's expert, we will likely have no choice but to brief this issue and get the Court's guidance, particularly when the asserted rationale of [redacted] would apply equally to questioning from Plaintiff's expert and Uber's expert.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Sommer Luther <SLuther@wagstafflawfirm.com>
**Sent:** Wednesday, August 12, 2026 9:16 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; ivelez <ivelez@girardsharp.com>; slondon <slondon@girardsharp.com>; Simon Grille <sgrille@girardsharp.com>; Alexandra Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie

<katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>; Benjamin Gillig <Bgillig@wagstafflawfirm.com>
**Subject:** Re: QLF

Mike,

We are interested in working with you to promptly resolve this issue, which addresses the scope of Uber's request for a Rule 35 examination. As the Rule and Courts have recognized, an involuntary mental examination by an agent of an adversary requires greater protections (such as a Court Order) than a voluntary one conducted with an expert or treater of her choosing. This is particularly so where the subject matter involves sexual assault, and where there is [redacted]

While we respectfully decline to discuss attorney and expert work product with you at this time, we are prepared to work through the proposed stipulation to see if we can reach middle ground.

How about we hop on the phone to see if we can work through this.

Sommer

**Sommer D. Luther, Esq. | *Wagstaff Law Firm***
**Attorney at Law**
*****Licensed and Practicing in Colorado *****
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 208-9417 | sluther@wagstafflawfirm.com**
**www.WagstaffLawFirm.com**
**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Vives, Michael <michael.vives@kirkland.com>
**Date:** Wednesday, August 12, 2026 at 2:12 PM
**To:** Sommer Luther <SLuther@wagstafflawfirm.com>; ivelez <ivelez@girardsharp.com>; slondon <slondon@girardsharp.com>; Simon Grille <sgrille@girardsharp.com>;

Alexandra Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** RE: QLF

Hi Sommer,

Thanks for your email. We are considering your proposal, but we have a couple of questions that will help us determine the best path forward. First, are you intending to have [redacted] go through her own IME with one of Plaintiff's experts, or has any such examination already occurred? If you are intending to conduct your own IME – or if you have already done so – was that examination governed by the same conditions you have proposed below? If a prior IME was conducted already by one of Plaintiff's experts, please explain what conditions, if any, were attached to that examination. If you are not intending to conduct an IME (and have not already done one), there is some possibility we could largely avoid these issues altogether in light of your client's apparent condition.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Sommer Luther <SLuther@wagstafflawfirm.com>
**Sent:** Monday, August 10, 2026 9:55 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; ivelez <ivelez@girardsharp.com>; slondon <slondon@girardsharp.com>; Simon Grille <sgrille@girardsharp.com>; Alexandra Walsh <awalsh@anapolweiss.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Andrew Kaufman

<akaufman@girardsharp.com>; An V. Truong <atruong@simmonsfirm.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** Re: QLF

Mike,

Thank you for meeting with us last week to discuss Uber's request for a DME in the QLF case. As we let you know on Friday, we had to further confer with our client regarding our position on the IME protocol, in light of [redacted] testimony that [redacted]. We cannot take this testimony lightly and must ensure that any IME going forward will be trauma-informed and not inflict unreasonable or unnecessary trauma. We are continuing to discuss with our client and consult with [redacted] professionals but would like to try to move things forward and attempt to reach resolution or proceed PTO 8 as needed.

At this time, we are willing to proceed with scheduling the DME of Plaintiff QLF 001 subject to the conditions below. I have also made edits to the Proposed Stipulation, which you will find attached.

First, we do not agree that Dr. Baker is qualified to conduct psychological testing, based on the CV we received. We have limited the DME to a psychiatric evaluation.

Second, as we confirmed on Friday, we agree to the proposed schedule that you outlined: DME on 8/21 and report to be disclosed by 8/28. At this time, we are not objecting entirely to a DME, rather we need to ensure some additional protections are in place for our client.

Third, we object to four hours as unreasonable for this examination, which is limited to the extent, nature, and possible cause[s] of any mental or psychiatric disorders or illnesses. The parties previously agreed to a limit of 3 hours for the examinations, and there is no valid basis to extend beyond that limit in this case—particularly in light of our [redacted] We would be willing to compromise at 3 hours to avoid burdening

the Court, but If Uber plans to litigate this issue, Plaintiff will request that the DME be limited to 2 hours.

Fourth, we will agree that if the Plaintiff records the examination, we will produce a copy of that audio recording to Uber. This is consistent with the agreement that if the examiner records the examination, that audio recording will be produced to the Plaintiffs.

Fifth, we maintain our position regarding the scope of the examination. In reviewing the prior Stipulation that was agreed to by the parties and the specific facts in this case, we have amended the Stipulation as follows;

If, despite [redacted] testimony under oath that [redacted] the examiner deems in her professional judgement that it is necessary and appropriate to inquire regarding the two specific medical records that Uber has identified, we will we agree that the examiner may inquire regarding the information contained within (a) DOE QLF 000035 and (b) Confidential-Attorney Eyes Only-[redacted]-000005 as limited in the stipulation. I have included these as Exhibit A to our Proposal. This is in line with the prior Stipulation entered into with Uber, which is also attached here for your review.

Further, we believe that examiner may not inquire into the Plaintiff's general sexual history, which includes, but is not limited to, the following documents: DOE QLF 002187; DOE QLF 002190; DOE QLF 002196; and, DOE QLF 002200. If Uber's position is that the examiner can ask Plaintiff about these messages, we will seek a protective order and brief this issue for the Court.

Sixth, the examiner may not ask Plaintiff about the details of her assault by the Uber driver. As was made clear in Plaintiff's deposition, as well as what came to light in her sister's deposition, [redacted] The Examiner has access to Plaintiff's deposition testimony, case file, and criminal trial testimony. This should be sufficient.

Seventh, in light of Plaintiff's [redacted] Plaintiff should be permitted to have a support person present with her during the IME, and an attorney for plaintiff should be permitted to be present in the room who can intervene only in the event that the examiner's questioning becomes probing and resembles a second deposition of Plaintiff.

We appreciate these issues are difficult and remain willing to roll up our sleeves to work with you. Our proposal is an attempt to work with you to allow for your client to prepare for trial while also balancing the very real and disproportionate impact a DME—someone hired by the defense who is there to aid in Uber's defense without anyone else in the room for support—can have on needlessly and unreasonably triggering a sexual assault survivor's trauma, and in this case, [redacted] If necessary, we will provide declarations from [redacted] professionals in support of our position.

We are available to meet and confer again to discuss Plaintiff's position. Please let us know if Uber intends on litigating any of the above.

Thank you,
Sommer

**Sommer D. Luther, Esq. | *Wagstaff Law Firm***
**Attorney at Law**
*****Licensed and Practicing in Colorado *****
**940 Lincoln Street, Denver, Colorado 80203**
**Direct - (720) 208-9417 | sluther@wagstafflawfirm.com**
**www.WagstaffLawFirm.com**
**This e-mail transmission contains information from the Wagstaff Law Firm and Andrus Wagstaff, PC and which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.**

**From:** Vives, Michael <michael.vives@kirkland.com>
**Date:** Monday, August 10, 2026 at 6:50 PM
**To:** ivelez <ivelez@girardsharp.com>; slondon <slondon@girardsharp.com>; Simon Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein,

Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Sommer Luther <SLuther@wagstafflawfirm.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** RE: QLF

Following up on this.

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Vives, Michael
**Sent:** Monday, August 10, 2026 5:33 PM
**To:** 'Isabel Velez' <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** RE: QLF

Counsel,

Thanks for your email. As you know, we have been discussing an IME for the last several weeks and our discussions have focused on stipulation language governing that IME. We provided you with a detailed email laying out our position on Wednesday and we were previously assured that Plaintiff would respond to us no later than this Friday so that we could understand if we had a dispute and, if we did, get this issue briefed promptly. Not once during any of those discussions did you suggest or state that Plaintiff may be objecting to the entire IME. We are now approaching the end of the day on Monday and have not received your position. If your position is that Plaintiff will not sit for IME – despite Rule 35 making clear Uber is entitled to an IME in this case – you need to tell us that

immediately and explain why you think Uber is not entitled to an IME so we can evaluate your request and, if needed, seek appropriate and immediate relief with the Court.

You also previously confirmed that Plaintiff will sit for a second deposition – both on the record and in the attached email exchange. Can you please also advise by EOD today whether you now object to any additional deposition of [redacted]?

These issues directly impact whether this case can be trial ready by October 5, so we look forward to your prompt responses.

Thanks,
Mike

**Michael Vives**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

---

michael.vives@kirkland.com

---

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Friday, August 7, 2026 7:22 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** RE: QLF

Hi Mike,

In light of the testimony today from Plaintiff's sister regarding [redacted] we are conferring with our client regarding the IME. We will provide our position on Monday.

For scheduling purposes, to the extent an IME goes forward, we can agree to August 21,

with an extension to August 28 for your expert's report.

Thanks,
Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Wednesday, August 5, 2026 7:26 AM
**To:** Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Davidson, Jessica <jessica.davidson@kirkland.com>; Trangle, Asher <asher.trangle@kirkland.com>
**Subject:** RE: QLF

EXTERNAL EMAIL
Hi all,

Thanks for speaking with us yesterday. Sending a recap of the discussion regarding our IME and next steps.

We can agree to conduct the IME on 8/21 but will need an extension to 8/28 for our expert's report (from the current 8/24 deadline) if we set the IME this late. You said you would get back to us on if this is agreeable or provide alternative dates.

We have some disagreements regarding the IME protocol. Our understanding is that you are not disputing our ability to take an IME of the Plaintiff. If that is at all in question, please let us know today, as we would need to brief this immediately.

We discussed the parties competing IME protocols. As we understand it, you would like us to specify in the protocol any specific "sexual incidents" our expert plans to ask about and to agree that our expert would not deviate from that list other than if new incidents are discussed by the Plaintiff in the IME. We told you that we are unable to commit to that because, in light of the pace of discovery here, and the fact that many medical records, communications, and social media messages remain outstanding, we cannot tell you what our examiner believes is necessary for her to inquire about in order to evaluate the Plaintiff in connection with her independent medical judgment. As you know, we had to file a brief with Judge Cisneros to get access to authorizations that could help us collect relevant records and record collection is still very much underway. As such, we cannot agree to limit what our examiner is able to ask about when we still do not have the full universe of facts discovered in this case. Regardless, however, you can trust that the examiner will conduct herself appropriately and treat the Plaintiff with care and respect and will only ask questions that she believes—as the expert psychologist—are warranted in order to be able to fairly and adequately evaluate the Plaintiff and any psychiatric disorders she does or does not have. As you know, we have done several IMEs in the past and at no point has Plaintiff suggested that anything improper, harassing, or unwarranted occurred in any of those IMEs.

While we told you we could not agree to a system that requires a precise delineation of questions and topics that the examiner can ask about, we did reiterate that she would conduct the examination pursuant to the limitations that were in the prior stipulation. Specifically, we agree with the following language "[t]he Examining Provider shall be permitted to examine Plaintiff on other sexual incidents disclosed in discovery ("Other Sexual Incidents"), including any disclosed during Plaintiff's deposition as well as any relevant additional matters that Plaintiff may reveal during the mental examination, subject to these limitations: (1) the examining provider may not inquire about Plaintiff's general sexual history; and (2) with respect to Other Sexual Incidents, the examining provider will focus on the impact of the reported sexual incident on the Plaintiff's mental state, and not unnecessarily probe into the details of any reported sexual incident." While we believe that language (which frankly is not required by any case law or rules we are aware of) is more than sufficient to show we intend for this IME to be conducted appropriately and with all due care, we asked you to identify what areas and issues you believe the examiner should not be able to ask about so we could better understand your position. You indicated that you had not yet read the deposition transcript but would review and get back to us on that. We also asked you if you had any legal authority to support your position that an IME can and should be narrowed in this way prior to it occurring and you said you would get back to us on that as well. We also pointed out that Judge Breyer previously admitted evidence of other sexual incidents in the Dean trial and asked you to consider that as you develop your position here. You also indicated that if the Plaintiff told the examiner that a medical record was not accurate or correct, that it is your position the examiner must move on and not ask anything further. We told you we did not understand that comment and that we are concerned that Plaintiff is seeking to artificially limit and control this medical examination in a way that is not appropriate or consistent with prevailing case law.

You asked for caselaw supporting our views. Here are some cases for you to consider -- *Pierce v. Aveanna Healthcare, LLC*, No. 1:21-CV-00287-RP, 2023 WL 2764660, at *6 (W.D. Tex. Mar. 31, 2023) (denying request to "preclude the examiner from asking any questions about Pierce's childhood, her father's suicide, and any postulated childhood sexual abuse" in sexual assault case "because these topics may be relevant to whether Plaintiffs' injuries were proximately caused by the alleged sexual assault at issue"); *Richmond v. Reefer Sys., Inc.*, No. CV 19-7940-SB (PLAX), 2021 WL 4815910, at *7 (C.D. Cal. Apr. 12, 2021) (denying employment discrimination plaintiff's request to prohibit inquiry into her relationships, childhood, medical, and psychological history, substance abuse, "all history of abuse," and "all other traumatic experiences, from childhood to the present" because the Court "will not 'micro-manage the examination' to the extent requested by plaintiff, and will not interfere with Dr. Abrams' professional judgment or ability to conduct a comprehensive evaluation"); *Franco v. Bos. Sci. Corp.*, No. 05-CV-1774 RS, 2006 WL 3065580, at *2 (N.D. Cal. Oct. 27, 2006) (rejecting Plaintiff's proposed restrictions that her counsel "approve all tests administered" and forbid inquiry on "past or present sexual experiences" because it would "unduly hamper a determination of what effects are attributable" to an allegedly discriminatory termination); *Snipes v. United States*, 334 F.R.D. 667, 672–73 (N.D. Cal. 2020) ("The Court finds Snipes has failed to show the examiners should not be allowed to exercise discretion in the manner and means of conducting their examination, including the amount of time Drs. Binder and Gregory stated they need to conduct an adequate examination."); *Sanders v. Holdings*, No. 11CV1590 LAB MDD, 2012 WL 2001967, at *3 (S.D. Cal. June 4, 2012) ("The Court will not micro-manage the examination. Dr. Kalish will be authorized to conduct the clinical interview to the extent that he considers necessary to properly evaluate Plaintiff's condition . . ."); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 626–27 (D. Kan. 1999) (refusing to limit inquiry into "private, non-work-related sexual activities" in a sexual harassment case because it would "unreasonably restrict" the expert's ability to obtain relevant information about the causes of plaintiff's claimed conditions); Ragge *v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) (refusing to restrict scope of examination during IME in sexual harassment case because "some preference should be given to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted, provided it is not an improper examination.").

We also indicated that, in light of Plaintiff's medical history, we believe four hours is an appropriate length of time for this IME. Please advise as to your position on this.

We asked that, in light of the compressed scheduled here, that you get back to us with a) whether, in light of the above, you will drop your request and agree to Uber's proposed language on what appears to be our primary dispute; b) if you are not willing to drop your request, identify the specific areas of inquiry that you believe are not permissible to be raised by the examiner at the IME so we can consider them; and c) provide any case law you have to support narrowing an IME in federal court in this manner by Thursday. You indicated you would need to speak with others on the team but that you could get back to us by Friday at the latest. To ensure this issue continues to move forward, can we please set a conferral for Friday afternoon on this issue? We are available 2-4 ET. If the parties cannot agree to a stipulation by our call on Friday, we'd ask that we agree to the following briefing schedule to ensure this issue is promptly resolved by the Court.

- Monday at noon ET – Plaintiff provided her position
- Tuesday at noon ET – Uber will provide its position
- Tuesday at 5:00 ET – Filing

Please confirm we are agreed on timing.

Lastly, in order to avoid a dispute, please see Dr. Baker's CV attached.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Monday, August 3, 2026 6:50 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>
**Subject:** RE: QLF

Hi Mike,

Great, I will send a calendar invite around for tomorrow at 2:30pm Pacific shortly.

Plaintiff is available August 21 for the IME. Please confirm that this date will work on your end, and what time the IME will begin.

Thanks,

Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Monday, August 3, 2026 2:13 PM
**To:** Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>
**Subject:** RE: QLF

EXTERNAL EMAIL
Hi Isa,

Thanks for sending along these times. 2:30 PT works for us. Could you send through an invite? To ensure our call is productive, I will get some more information out to you all on our position in advance. And in response to your other email, August 11 and 12 do not work for us. Does your client have other availability in August? Would the 17 or 21st work?

Thanks,
Mike

**Michael Vives**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

---

michael.vives@kirkland.com

---

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Monday, August 3, 2026 4:55 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>
**Subject:** RE: QLF

Hi Mike,

Following up with our availability to meet and confer on the IME protocol. We are available tomorrow from 2:30pm Pacific to 4pm Pacific. What works best for you in that range?

Thanks,
Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

**From:** Isabel Velez
**Sent:** Monday, August 3, 2026 10:35 AM
**To:** 'Vives, Michael' <michael.vives@kirkland.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>; Sommer Luther <sluther@wagstafflawfirm.com>
**Subject:** RE: QLF

Hi Mike,

Our emails crossed, but we provided two dates for Plaintiff's IME: August 11 and 12. Please let us know if these will not work. Please note that Plaintiff is not available August 18-20.

Regarding the IME Protocol:

First, we will get back to you soon regarding a time to meet and confer.

Second, the stipulation parties reached a year ago on this issue required specific reported sexual incidents relevant to each Plaintiff to be set forth in an Exhibit to the Protocol if they were to be covered during the IME.

Third, the IME agreement that parties reached last year was based on compromises on both sides. If Uber intends to litigate this issue, we will provide all objections we have before our meet and confer. Please advise if Uber intends to bring this to the Court.

Thank you,
Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400

San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Monday, August 3, 2026 9:21 AM
**To:** Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Subject:** RE: QLF

EXTERNAL EMAIL
Counsel,

Please provide a date promptly for Plaintiffs IME. It took a very long time to get dates for depositions of your clients so we need a date ASAP that we can hold and work towards. Dr. Baker is available August 18-20. If those do not work, provide two dates that do work.

We have also responded to your comments in the attached. In short, we do not agree with your suggestion that Uber needs to specifically identify any sexual incident that may be discussed in the course of the confidential examination. That is inconsistent with the parties' approach at prior IMEs and it is flatly inconsistent with the Dean trial where Judge Breyer permitted the jury to hear about Ms. Dean's prior sexual incidents. It makes no sense to attempt to restrict what is done in a confidential and private IME and you have provided no legal basis for this limitation. You will have the chance to move to exclude issues that you do not believe should be presented to the jury through a MIL. It is also not practical in this case, in light of the truncated schedule where medical record collection and discovery is far from complete, to require Uber to specifically identify everything we want to ask the Plaintiff about. To be clear we do agree to this language that was in the prior stipulation and should resolve your concerns: "(1) the Examining Provider shall not be permitted to inquire about Plaintiff's general sexual history; and (2) the examining provider will focus on the impact of the reported sexual incident on the Plaintiff's mental state, and not unnecessarily

probe into the details of any reported sexual incident."

Please provide a time to confer on this issue today or tomorrow so we can either reach agreement or brief the issue with the Court.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com

---

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Tuesday, July 28, 2026 12:48 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Subject:** RE: QLF

Mike,

At our discussion last week, Ms. London had asked you to please look at what had occurred previously, so we would not have to re-litigate or re-invent the wheel.

It is not clear to us whether you have not done so, or whether you have done so and intend to re-litigate.

Attached is the Wave 1 stipulation we reached a year ago on this issue that reflects negotiations and compromises on both sides.

We encourage you to update your proposal to reflect the negotiated agreements

reached, and we will consider it. Please send any updated in redline so we can easily review the changes.

If you choose not to do so and would like to litigate, please send another time to meet and confer.

Best,
Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Tuesday, July 28, 2026 7:53 AM
**To:** Isabel Velez <ivelez@girardsharp.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Subject:** RE: QLF

EXTERNAL EMAIL
Hi Isa,

I am not sure what you are asking regarding the IME stip. I would point you to the highlighted language in in my email below where I identify the name of the expert and respond to the questions regarding testing. We have also updated the stipulation we sent previously with the name of the

provider in the attached since that is the only issue you seem to raise in your email.

What are your actual objections and issues with the stipulation? Vague comments like "inconsistent with Rule 35" are not helpful (or accurate). Please identify any specific concerns you have so we can have a meaningful discussion about it, but in the meantime, in light of the delay in providing any dates for the clients you represent, please work on dates now or we will be raising with the Court. In addition, just so you know, the stipulation you sent over was never entered by the Court.

Thanks,
Mike

**Michael Vives**
-----------------------------------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900
-----------------------------------------------------------
michael.vives@kirkland.com

---

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Monday, July 27, 2026 6:23 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Subject:** RE: QLF

Hi Michael,

We will respond to your points in the email below through a separate email, but we'd like to first address the IME stipulation.

As we discussed last week, we object to this proposal as inconsistent with Rule 35. Last year, the parties negotiated an agreement regarding IMEs in the Wave 1 cases (attached). We are open to considering a similar agreement in this case. If you would like to forward us an updated proposal that incorporates the agreements previously reached and complies with Rule 35, including specifying the person(s) performing the

examination, we would be happy to work with you on scheduling it.

Thanks,
Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Monday, July 27, 2026 11:11 AM
**To:** Sarah London <slondon@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Subject:** RE: QLF

EXTERNAL EMAIL
Hi Sarah,

Thanks for your email, please find responses to your questions below as well as deposition dates for an initial set of third party witnesses we intend to depose.

**Stipulation:**
While we are open to discussing the stipulation you have offered, this does not really resolve our concerns. We continue to believe the appropriate course here is that we enter into a stipulation consistent with the Court's guidance that permits pre-trial depositions of witnesses on either side's final witness list, even if that results in more than 10 depositions, so that Judge Breyer is not

resolving these issues at trial. We will consider what you have sent over, but continue to believe there is no reason not to enter the stipulation we sent over previously.

**Deposition Dates/Scheduling:**
I am in receipt of Isa's email from earlier today offering deposition dates for Plaintiff's parents and one date for Plaintiff's sister. We will review and get back to you, but the delay in providing these dates is prejudicial to Uber. As to Plaintiff's parents, we had been asking for dates since July 10 and only received a date when we said we'd be raising with the Court. As to Plaintiff's sister, [redacted] her deposition had been set since July 10 and you notified us on Friday, July 24, that it would no longer go forward on that date with no explanation or rationale. Like I said, we will get back to you on these, but consistent with PTO 16, please provide a second date for Plaintiff's sister.

We are providing below proposed dates for several third party deponents. Can you please let us know by EOD on 7/28 if any of these dates do not work for you. To be clear, this is not an exhaustive list and we will be following up this week to set up additional depositions. We intend to take these depositions via zoom. We will be pushing out notices shortly.

- [redacted] – August 6 or 7
- [redacted] – August 13 or 14
- [redacted] – August 17 or 19
- [redacted] – August 15 or 22
- [redacted] – We are working to serve this witness and intend to proceed with his deposition once he is served.
- [redacted] We are working to schedule a date but intend to proceed with her deposition. Are you all in contact with Ms. [redacted] as I understand you also appear to be seeking her deposition?
- [redacted] – August 3 or 4

You reached out asking if we would agree to modify the deposition protocol so you can have substantive conversations with treaters. We do not agree.

In terms of the correspondence on Friday, we reiterate that it is not proper or appropriate to notify third party witnesses that they do not have to comply with valid subpoenas. If you have objections, you need to raise them with the Court. Based on the objections you provided – where you object and suggest that witnesses need to produce any documents they have related to the incident – we have concerns this is part of Plaintiff's continued efforts to deprive Uber of relevant communications. We reserve the right to seek any and all relief if these letters go out.

**Subpoenas Served By Plaintiffs:**
Alex Walsh represented to us that the driver was served or about to be served with a subpoena last Thursday for his deposition. Can we please get an update on that? Also, as you know, under the Federal Rules of Civil Procedure, you have an obligation to provide notice of any subpoenas consistent with what Uber has been doing in this case. Please ensure you are following that process going forward. To that end, please promptly notify us if you have served any other subpoenas.

**IME Stipulation:**
You asked for the name of Uber's expert who we propose conducting the IME and whether that expert will perform any testing. The IME will be conducted by Sarah E**.** Baker, M.D., M.A. Dr. Baker does not plan to administer any written psychological or neuropsychological tests during the IME. Please provide dates for the Plaintiff to sit for the IME by Wednesday as well as any edits you have on the IME stip so this can get resolved and set up or litigated with the Court if need be.

**Stipulation Related to Law Enforcement Records:**
You asked on Thursday if Uber would agree to a stipulation related to the law enforcement records in this case. We are evaluating your request, but need some additional clarity. Are you seeking a stipulation for authenticity, admissibility, or both? And can you provide us with a specific list about the materials and documents you believe this stipulation should apply to with references to bates numbers? This information will help us meaningfully respond to your proposal.

Thanks,
Mike

**Michael Vives**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

---

michael.vives@kirkland.com

---

**From:** Sarah London <slondon@girardsharp.com>
**Sent:** Thursday, July 23, 2026 2:49 PM
**To:** Vives, Michael <michael.vives@kirkland.com>; Simon S. Grille <sgrille@girardsharp.com>; Isabel Velez <ivelez@girardsharp.com>
**Cc:** Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Elizabeth Wilkins <bwilkins@anapolweiss.com>; Borge, Theresa <theresa.borge@kirkland.com>; Love, Cohl K. <cohl.love@kirkland.com>
**Subject:** Re: QLF

Hi Mike,

As we discussed, here are our edits to the stipulation.