# **Exhibit D**

Laura Vartain Horn (SBN: 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION
.

This Document Relates to:

ALL ACTIONS

Case No. 3:23-md-03084-CRB

**DECLARATION OF KATHLEEN WAITZMAN IN SUPPORT OF DEFENDANTS' BRIEF IN SUPPORT OF UBER'S PRIVILEGE LOGS FROM AUGUST AND SEPTEMBER OF 2026 PURSUANT TO SPECIAL MASTER ORDER NO. 4, § II**

I, Kathleen Waitzman, having personal knowledge of the following, state:

1. I am the Vice President, Chief Deputy General Counsel, at Uber Technologies, Inc. ("Uber"). I was first employed by Uber in March of 2015 and have worked for Uber as in-house legal counsel in various positions for the past 11 years. In my current role, I lead a global legal team of more than 200 people and am responsible for providing legal advice and leadership on an array of issues, including litigation strategy and regulatory matters. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Brief in Support of (1) Uber's August 2026 Privilege Logs and (2) Clawbacks Identified in Uber's September 11, 2026 Privilege Log Pursuant to Special Master Order No. 4, § II. The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with the eight documents identified on the privilege log as **JCCP_MDL_PRIVLOG117126, JCCP_MDL_PRIVLOG117125, JCCP_MDL_PRIVLOG117127, JCCP_MDL_PRIVLOG117128, JCCP_MDL_PRIVLOG117129, JCCP_MDL_PRIVLOG117130, JCCP_MDL_PRIVLOG117131,** and **JCCP_MDL_PRIVLOG117132**. Each of these documents is part of the same email thread initiated by Matt Kallman that discusses reporting by the *New York Times* concerning certain of Uber's safety policies and procedures. I directed Mr. Kallman to provide the information in these emails to Uber's leadership team, including me and Elizabeth Coleman, Vice President, Deputy General Counsel & Deputy Corporate Secretary at Uber. The purpose of doing so was to facilitate our legal advice and strategic assessments concerning several categories of subject matter central to this litigation.

3. Certain redactions in these documents protect the legal advice of Uber's in-house counsel and in-house counsel's mental impressions and conclusions regarding Uber's litigation and regulatory strategy and posture—including counsel's confidential assessments of Uber's safety processes as they bear on the claims in this litigation. As referenced multiple times in the documents themselves, the content of this email chain was directly relevant to issues in this litigation. Reporting by the *New York Times* in 2025 raised concerns about the potential connection between those articles and confidential information produced by Uber during discovery. Uber raised those concerns before the Court in August of 2025, and

related concerns persist in this litigation on which I continue to provide legal advice. My legal advice and the legal advice of other Uber in-house counsel are reflected in the redacted content, which includes counsel's evaluation of Uber's media response strategy to the *New York Times* articles and as such strategy relates to this litigation. The redacted contents also reflect counsel's legal analysis and opinions as to Uber's safety processes discussed in the articles, which were conveyed in person by me and other in-house counsel to Uber's leadership team as concerns arose regarding the response to reporting by the *New York Times*.

4. Certain redactions in the challenged documents also reflect confidential communications among senior executives and in-house counsel concerning issues implicated by this litigation, including a competitor's policies referenced in the email chain. The redacted material reflects a confidential request by senior leadership for legal advice concerning those issues, which in-house counsel, including me, evaluated for the purpose of providing legal advice to Uber.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 20, 2026.

By: Kathleen Waitzman
Kathleen Waitzman