# EXHIBIT 14

**Pages 1 - 108**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION )

) **NO. C 23-md-03084-CRB**

San Francisco, California
Tuesday, January 6, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:

GIRARD SHARP LLP
601 California Street - Suite 1400
San Francisco, California 94108
**BY: SARAH R. LONDON, ATTORNEY AT LAW**
**ANDREW KAUFMAN, ATTORNEY AT LAW**
**SIMON S. GRILLE, ATTORNEY AT LAW**

PEIFFER WOLF CARR & KANE
555 Montgomery Street - Suite 820
San Francisco, California 94111
**BY: RACHEL B. ABRAMS, ATTORNEY AT LAW**

CHAFFIN LUHANA LLP
600 Third Avenue - 12th Floor
New York, New York 10016
**BY: ROOPAL P. LUHANA, ATTORNEY AT LAW**
**STEVEN COHN, ATTORNEY AT LAW**
**ELIZABETH WILKINS, ATTORNEY AT LAW**
**(Appearances via Zoom)**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR
Official Reporter, CSR No. 12219

Honor, is any kind of --

**THE COURT:** Well, one head is nodding "yes," and the other head is nodding "no."

**MS. BLAKE:** It is not an advice of counsel. We're agree. Yes, we're not saying that.

**THE COURT:** Is Uber saying "We didn't do this because our lawyers told us no to do it"?

**MS. BLAKE:** No, Your Honor. We're intending to present nonprivileged evidence about potential legal considerations or things that lay witnesses were -- factoring into a decision-making process --

**THE COURT:** Wait a minute.

**MS. BLAKE:** -- not "Our lawyer told us this."

**THE COURT:** When you use the word "nonprivileged" -- when you use that, I wonder are you saying that you got legal advice which you choose to waive the privilege, and therefore it's not privileged? Or are you saying something else?

Because, if you are relying on "My lawyers told me X," that is a waiver of the privilege, and we may have some supplemental discovery in the next week of lawyers, finding out.

I don't want to hear "Our lawyers told us" --

**MS. BLAKE:** Correct, we're not saying. Yes, Your Honor, we're not saying that.

**THE COURT:** Okay. So they're not -- you're not

**THE COURT:** 13. Okay. Low or rare prevalence of sexual violence on Uber's platform, compared to society in general or other forms of transportation.

**MS. WALSH:** Your Honor, this motion addresses evidence that Uber draws many comparisons between the rate of what they say the rate of at least those assaults that are reporter to Uber, as compared to -- so translated to the risk of, you know, an Uber ride involving a sexual assault to, for example, the risk of a woman in the United States throughout her entire lifetime.

**THE COURT:** Okay. But that's cross. I mean, it just strikes me that -- I don't see, as a category, it would be -- it would be excludable. I see that there may be appropriate cross-examination to show why it's apples and oranges or why somehow whatever statistics they put up are subject to some question.

**MS. WALSH:** Yes.

**THE COURT:** But that's cross. That's cross.

**MS. WALSH:** Agreed. Thank you, Your Honor.

**THE COURT:** Uber has helped reduce drunk-driving rates. That's great, but this isn't a case about drunk-driving. It's out.

Ms. Vartain.

**MS. VARTAIN:** Your Honor, I think plaintiff is likely to put it at issue by introducing marketing materials or

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Wednesday, January 7, 2026

Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG, CSR No. 12219
Official Reporter, U.S. District Court