# EXHIBIT 16

**Pages 1 - 108**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION )

) **NO. C 23-md-03084-CRB**

San Francisco, California
Tuesday, January 6, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

GIRARD SHARP LLP
601 California Street - Suite 1400
San Francisco, California 94108
**BY: SARAH R. LONDON, ATTORNEY AT LAW**
**ANDREW KAUFMAN, ATTORNEY AT LAW**
**SIMON S. GRILLE, ATTORNEY AT LAW**

PEIFFER WOLF CARR & KANE
555 Montgomery Street - Suite 820
San Francisco, California 94111
**BY: RACHEL B. ABRAMS, ATTORNEY AT LAW**

CHAFFIN LUHANA LLP
600 Third Avenue - 12th Floor
New York, New York 10016
**BY: ROOPAL P. LUHANA, ATTORNEY AT LAW**
**STEVEN COHN, ATTORNEY AT LAW**
**ELIZABETH WILKINS, ATTORNEY AT LAW**
**(Appearances via Zoom)**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR
Official Reporter, CSR No. 12219

her -- I have to think about it some more. And it has to be tied to the particular incident so I can judge it.

**MS. BUENO:** Understood. And the only thing I'll point out for Your Honor is the plaintiffs' expert, who we mentioned earlier, who did the examination and is providing psychological testimony, listed these issues as one of the adverse childhood experiences, the ACE, that increased the risk of mental health problems. So the intent here is to talk with the expert about the things she included in her report.

**THE COURT:** Okay. So I'm intrigued. Number 5 says plaintiff's post-incident rideshare use.

Well, what was it? I mean, what can you tell me about it?

**MS. BUENO:** I'm happy to respond, Your Honor.

This is one that was denied in the JCCP, and we believe should be here too. Ms. Dean, after the incident in question, November 15th of 2023, continued to use rideshares, both Uber and Lyft.

Now, the reason it's relevant is twofold. First of all, certainly, it goes to damages. It's something that should be explored. She continued to get into rideshares.

It will also be, I think, important at the trial because one of plaintiffs' theories is that Uber was negligent for not having something called "women driver preferred," which is an opportunity to set the app so you are preferred to have female drivers when you ask for a ride.

At the time of this incident, in November of 2023, Lyft had that optionality on the app and Uber did not. And so I do think -- because I know in discovery that has come up that plaintiffs will suggest that we should have had it at that time. So I think it's very important and relevant as to what her rideshare use was after this incident, which apps she was choosing and why, which rides she took, and the gender of those drivers for us to be able to address those allegations regarding the women driver preferred.

**MS. CHANG:** Yes, Your Honor. Again, Deborah Chang.

There were three instances, I think, of post-incident rideshare use. First of all, they were always in the day, and she was never alone; she was with other friends. And two of them were with women. And she -- one of arguments is that --

**THE COURT:** Wait a minute. Okay. I mean -- excuse me for interrupting.

But why aren't you both right? Why aren't you both right?

You're right, I think you can introduce it.

And you're right, you could explain it.

You're both right. Congratulations. You're both right.

Moving right ahead, Uber's post-lawsuit investigation into complaints from Jennifer, including late-produced documents indicating that Jennifer engaged in Uber support abuse.

Well, I mean, the plaintiff intends to introduce evidence that at the time that the plaintiff was assaulted, he had two

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Wednesday, January 7, 2026

Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG, CSR No. 12219
Official Reporter, U.S. District Court