# EXHIBIT 17

**Pages 1 - 102**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

IN RE UBER TECHNOLOGIES, INC., ) **No. 3:23-md-03084-CRB**
PASSENGER SEXUAL ASSAULT )
LITIGATION, )
___________________________________)

San Francisco, California

Thursday, April 2, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
**BY: SARAH R. LONDON, TRIAL ATTORNEY**

Williams Hart and Boundas, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
**BY: JOHN T. BOUNDAS, TRIAL ATTORNEY**
**SEJAL BRAHMBHATT, TRIAL ATTORNEY**
**MYLES SHAW, TRIAL ATTORNEY**

Anapol Weiss
6060 Center Drive, 10th Floor
Los Angeles, CA 90045
**BY: WILLIAM L. SMITH, TRIAL ATTORNEY**

(Appearances continued on following page.)

REPORTED BY: April Wood Brott, CSR No. 13782
Official United States Reporter

So moving ahead -- and the answer to the number 3 is it's probably all out subject to somebody opening the door in some way and allowing it in.

**MR. BOUNDAS:** Understood.

**THE COURT:** Plaintiff's post-incident rideshare use, I think that's admissible. I mean, I think it's admissible. You know, she says she gets into the Uber and is assaulted, and then that's the issue. Was she assaulted in the Uber by an unknown driver?

And then -- I'll put it in quotes -- the next day she rents an Uber -- or hires an Uber, or whatever you do with Uber. Okay. Orders an Uber. Fine. Well, I think a jury could consider, "You mean somebody who goes through this incident, 24 hours," or whatever the evidence is, and goes and hires another Uber.

Now, there may be differences in her rideshare -- in her subsequent behavior. Maybe she went in daytime, or maybe it was nighttime with two people, or maybe from here to there and so forth. But as a general proposition, it would come in because it bears on her credibility.

It's a fair thing for a jury to conclude -- it's a reasonable inference for a jury to conclude that perhaps she wasn't assaulted because she went back under the same -- if they are -- terms and conditions and took the Uber.

**MR. BOUNDAS:** Okay.

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Tuesday, April 7, 2026

________________________________________

April Wood Brott, CSR No. 13782