[Submitting Counsel below]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*ALL ACTIONS*

Case No.: 3:23-MD-03084-CRB

**ADMINISTRATIVE MOTION TO SEAL RE: JOINT STATUS REPORT FOR SEPTEMBER 24, 2026 DISCOVERY STATUS CONFERENCE**

Judge: Hon. Lisa J. Cisneros
Courtroom: G – 15th Floor

Under N.D. Cal. Civil Local Rule 79-5, and the Protective Order entered in this case dated December 28, 2023, Dkt. No. 176 (the "Protective Order"), Plaintiff respectfully submits this Administrative Motion to Seal regarding the parties' Joint Status Report for the September 24, 2026 Discovery Status Conference and related exhibits. In support thereof, and pursuant to Civil L.R. 79-5, the following is submitted herewith: (1) the Declaration of Roopal P. Luhana in Support of this Motion; and (2) a Proposed Order that lists in tabular format the material sought to be sealed.

**Materials To Be Filed Under Seal**

Plaintiff respectfully requests that the Court seal the following document:

| Document | Description | Designating Party |
|---|---|---|
| Joint Status Report | Portions referencing Plaintiff's highly sensitive personal information | Plaintiff |
| Exhibit A | Document containing highly sensitive personal information relating to Plaintiff QLF 001 | Plaintiff |
| Exhibit B | Document containing highly sensitive personal information relating to Plaintiff QLF 001 | Plaintiff |

**Legal Standard**

Documents attached to non-dispositive discovery motions that are not directly relevant to the merits of a case are properly sealed when the moving party makes a showing under the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (5th Cir. 2010). Rule 26 provides good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1).

**The Requested Material Should Be Sealed**

The documents at issue relate to the parties' Joint Status Report for the September 24, 2026 Discovery Status Conference, not a dispositive motion, and must therefore meet the less exacting "good cause" standard under Rule 26(c).[1] The documents contain the personal identifying information of Plaintiff, and Plaintiff's family members and friends. The disclosure of this sensitive

[1] Even if the more "compelling" standard were applied (*see In re Uber Technologies, Inc., Passenger Sexual Assault Litig.*, 2024 WL 4211179, at *1 (N.D. Cal. Sep. 3, 2024), and as discussed below, Plaintiffs submit that the information at issue meets that threshold as well.

information will result in privacy harms and "annoyance, embarrassment, oppression, or undue burden[.]" FED. R. CIV. P. 26(c)(1).

Courts within the Fifth Circuit have found that a party's legitimate interest in ensuring the privacy of personal and medical information outweighs the public's interest in access to court filings and is therefore sealable. *See Williams v. Luminator Holdings, LP*, 2012 WL 5878370, at * 2 (N.D. Tex. Nov. 21, 2012) (noting "need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure") (collecting cases); *see also Arup US Inc. v. Akmansoy*, 2025 WL 1673837, at *2 (N.D. Tex. May 8, 2025) (stating that "[a]s a general matter, personal information (name, date of birth, social security number, address, work history, telephone number) triggers a privacy right that creates good cause for sealing") (internal quotation marks and citations omitted); *Martinez v. Tex. Dep't of Crim. Just.*, 2022 WL 2834294, at *1 (S.D. Tex. July 20, 2022) (granting defendant nurse practitioners' motion to seal documents containing their personal identifying information). Indeed, this Court has already determined that third parties' privacy in personal identifying information and Plaintiff's privacy in mental health information outweighs the public's interest. *See* Dkt. Nos. 6015, 6076. Further, there is no less restrictive alternative to sealing, and this request is narrowly tailored to seal only highly sensitive personal information, while ensuring the public retains access to the rest of the filing.

**Conclusion**

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant this motion to file under seal portions of the parties' Joint Status Report for the September 24, 2026 Discovery Status Conference and related exhibits.

Dated: September 22, 2026

Respectfully submitted,

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: September 22, 2026 By: */s/ Roopal P. Luhana*
Roopal P. Luhana