# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

| | | |
|---|---|---|
| **Date:** September 24, 2026 | **Time:** 3:14 p.m.-3:42 p.m. | **Judge:** LISA J. CISNEROS |
| **Case No.**: 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. v. | |

**For Plaintiffs:** Roopal Luhana, Chaffin Luhana LLP, Sarah London, Lieff Cabraser Heimann & Bernstein LLC, Rachel Abrams, Peiffer Wolf Carr Kane Conway & Wise, LLP, William Smith, Anapol Weiss, Layne Hilton, Meyer Wilson, Co., LPA, Sam Hoefs, Nigh Goldenberg Raso Vaughn, PLLC, and Carlos Lopez, Queenan Law Firm, P.C., counsel for Plaintiffs

**For Defendants:** Christopher Cox and Michael Vives, Kirkland & Ellis LLP, counsel for Defendants

**Deputy Clerk:** Brittany Sims **Reported by:** Kelly Shainline

## PROCEEDINGS

Discovery Status Conference held. Regarding the dispute over the interrogatory limit in the QLF001 bellwether case, the Court encouraged the parties to resolve this dispute without getting bogged down in technicalities, and to narrow the dispute to the best of their ability before filing a PTO 8 letter.

Regarding the prison audio recording for Plaintiff's counsel's conversation with Mr. Le, the driver in the QLF001 case, the Court noted that its authority may be limited to order production by a Texas prison. The Court recognized Uber's interest in the recording and authorized Uber to serve a subpoena seeking its production.

Regarding Plaintiff's text messages in the QLF001 case, the Court stands ready to resolve a dispute if presented for resolution but encouraged the parties to stay focused on preparing for trial.

Regarding the further deposition of Dr. Feltoon, the Court indicated that he should be deposed notwithstanding his international travel. Plaintiff's counsel represented that Dr. Feltoon is traveling in Europe. The Court ordered Dr. Feltoon to appear for a deposition by videoconference within the next week.

Regarding incident ticket data for the QLF001 case, Plaintiff represented that Uber's production

has not explained why the ticket was classified as invalid or unsupported. Uber represented that it has produced all responsive data (except for redactions for privilege) and that the ticket is now classified as involving nonconsensual sexual penetration across all of Uber's systems. The Court ordered the parties to meet and confer.

Uber stated that a joint letter regarding preservation issues will be filed today and requested a prompt ruling.