# EXHIBIT 1

**From:** Isabel Velez <ivelez@girardsharp.com>
**Sent:** Monday, June 29, 2026 7:34 PM
**To:** Vives, Michael <michael.vives@kirkland.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Beth Wilkins <wilkins@chaffinluhana.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** RE: QLF

Mike,

Please see responses to your points below.

Timing: We are committed to working expeditiously on moving this case forward and communicating our response timelines.

Depositions
As stated during our meeting, we will send deposition dates over once we finalize retention agreements with the rest of the [redacted] family.

We will coordinate scheduling with treaters.

We are considering your cap proposal and will get back to you.

Medical Records/Authorizations: We will be providing signed authorizations as discussed for mental health records going back 10 years, medical records going back 5 years, and employment records going back 2 years by Wednesday July 1.

Regarding pharmacy records, we indicated that we would take your request back, and stated we'd consider pharmacy records going 2 or 5 years back, but not 10.

Please explain the relevance for insurance records and why not cumulative, and provide a more narrowed timeframe for insurance records for us to consider.

We are considering the other records as well and will get back with our position promptly.

Communications and Document re Incident: We will have an update on whether relevant communications from Plaintiff's previous phone can be retrieved by Friday of this week.

Plaintiff replaced her phone after the incident, but prior to the end of 2020, well before she was represented by Queenan Law Firm. A forensic image of Plaintiff's relevant device, as well as repair of a previous laptop, is underway now in an attempt to recover communications on her previous phone. Plaintiff is, and has been, complying with her preservation obligations.

Social Media: You request production of social media records and list 11 categories of records. Please confirm the context of this request. Please confirm if this relates to Plaintiff's responses to Interrogatories 16 and 17, and please see our written responses to your deficiency letter. To preview, Judge Cisneros' prior Order at Dkt. 3136 narrows the scope of discovery for requests like these to two years prior to the incident—exceeding your proposed time limitation of 5 years prior to the incident.

Deficiency Letter: You will receive our written responses to your deficiency letter today.

Written Discovery: We can agree to the proposal for parties to respond within 14 days to discovery requests, otherwise to let the other party know within 7 days of service if the receiving party will object to producing discovery. This is without prejudice to seeking a faster timeline depending on the issue and, as appropriate, explaining why compliance cannot be completed within the timeframe.

Best,
Isa

**Isa Velez**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.544.6455 (office)
415.544-6431 (direct)
ivelez@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

---

**From:** Vives, Michael <michael.vives@kirkland.com>
**Sent:** Monday, June 29, 2026 8:24 AM
**To:** Isabel Velez <ivelez@girardsharp.com>
**Cc:** Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; Rachel B. Abrams <rabrams@peifferwolf.com>; Roopal P. Luhana <luhana@chaffinluhana.com>; Carlos Lopez <carlos@queenanlaw.com>; Alexandra Cassar <alexandra@queenanlaw.com>; Stacey White <stacey@queenanlaw.com>; Kevin Queenan <kevin@queenanlaw.com>; Wyatt, Geoffrey M. <geoffrey.wyatt@kirkland.com>; Vartain, Laura <laura.vartain@kirkland.com>; Brown, Alli <alli.brown@kirkland.com>; Bueno, Kim <kim.bueno@kirkland.com>; Benfield, Katie <katie.benfield@kirkland.com>; Einstein, Jordan <jordan.einstein@kirkland.com>; Meredith Drukker Stratigopoulos <mdrukker@guerrallp.com>; Simon S. Grille <sgrille@girardsharp.com>; Beth Wilkins <wilkins@chaffinluhana.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** RE: QLF

EXTERNAL EMAIL
Sarah and Carlos,

Thank you for your time on Friday afternoon. I wanted to summarize our conversation so there can be no confusion on your positions going forward.

**Timing:**

- You made a comment that in order to avoid "re-traumatizing" your client, you only speak to her at set times once a week. As you know, Plaintiffs' counsel chose to elevate this case and to do so on a very limited timeline. While we understand litigation can be stressful, it cannot be that we have to wait a week for your position on issues, particularly when we are preparing for a public trial in in September in this case, at Plaintiff's request.

**Depositions:**

- Plaintiff proposes a 25-hour limit on third party witnesses (friends, family, treaters, law enforcement). This would only apply to time Uber spends questioning. Plaintiff indicated that they intend to question witnesses as well but have not proposed any time limit for their questioning.
- Uber has considered your position and is unwilling to agree. Your prior emails reference the FRCP. Under the FRCP, we are entitled to 10 depositions of 7 hours. Arbitrarily limiting Uber to 25 hours at this stage is not productive or necessary. But in order to avoid disputes, we are willing to agree to a 40-hour soft cap, with the understanding that we can revisit this, if we learn Plaintiff has not complied fully with her disclosure obligations.
- To be clear, Uber intends to conduct itself efficiently and to that end, invited Plaintiff to provide Uber with information, at this stage, about who she intends to call to trial. Uber indicated they would consider that information in good faith to see if it could be used to streamline some discovery, all while reserving our right to depose witnesses Plaintiff does not intend to bring to trial. You indicated you would provide us with some updated information on this.
- Please start providing deposition dates for the witnesses you represent. To that end, please provide a deposition date for Plaintiff <u>before July 30.</u> Please note that we intend to proceed with serving subpoenas this week. If you intend to coordinate dates with treaters, please let us know. Please also provide us with a list of any fact witnesses you intend to depose.

**Medical Records/Authorizations:**

- Plaintiff has agreed to execute another authorization for mental health records going back 10 years to Kirkland and Marker, but so far has not done so. You have also agreed to provide an authorization for all providers going back five years before the incident, but have not done so. You said these authorizations would be coming but did not commit to when.
- I told you that Plaintiff's identification of treaters in discovery responses is not sufficient to allow Uber to collect relevant records. You and Mr. Lopez suggested that was not the case. But the responses are plainly deficient. For example, as to mental health providers prior to the incident, Plaintiff's response in her Fourth Set of Interrogatories (served on April 22, 2026) that Plaintiff [redacted]

[redacted]; and [redacted] For [redacted], you have identified one provider who saw Plaintiff between 2019 and 2020. As the below post-incident record makes clear (DOE QLF 000187), Plaintiff [redacted] Based on the information provided, we have no ability to identify these highly relevant providers.



- You indicated that you would go back to your client and asked her to provide more information here. If she comes up with more information, I will have questions about why that wasn't provided earlier, but in any event, please also make sure you ask her parents about these treaters and ensure that if they have information about the treaters names and/or any records that that is promptly provided.
- In order to facilitate collection of these relevant records, I asked you to have your client sign a pharmacy authorization that would allow for the identification of treaters who have prescribed her with medication (in part because the record copied above notes that Plaintiff [redacted]). You declined without providing any explanation. Please provide the pharmacy authorization or we will need to raise this with the Court. We do not have time to waste. Please also sign an authorization that will allow us to collect insurance records that may shed light on relevant providers in light of Plaintiff's deficient responses and spotty memory. Please get back to us on this on by EOD today (6/29) or we will raise with Judge Breyer on Tuesday. In fact, if there are any authorizations that we sent you last week that you will not sign please explain why.
- You indicated that Plaintiff was also working to collect medical records from Plaintiff's providers consistent with the comments you made to Judge Breyer at the 6/16 CMC. You did not provide any information about the status of that outreach and then seemingly objected to providing records when I indicated that Uber appreciates that offer, but intends to continue to collect records itself as well. To the extent Plaintiff provides any records, please ensure they come with certifications supporting their authenticity and that they are complete sets.

**Communications/Documents About the Incident:**

- We told you we have not received any communications with anyone about the incident, Plaintiff's damages, or this lawsuit. You did not dispute that but instead asked that Uber provide "search terms" to help facilitate your identification and production of relevant

materials.

- I asked you whether Plaintiff still has her phone from the time of the incident. You said she did not. I asked you whether contemporaneous communications exist that could be relevant. You said that you were working with third parties to try to retrieve communications. You did not provide an update as to when you will know if relevant communications have been destroyed or if they can be retrieved. You indicated that work on this issue has been ongoing for some time. This is a serious issue, and Uber is deeply concerned that Plaintiffs have proposed elevating this case despite knowing that it may have serious discovery issues and without notifying Uber or the Court of that fact until after this case was selected. We would like a response in writing on this issue today and plan to raise this with the Court. We would also like information on when Plaintiff got rid of her phone, a description of efforts that have been made to retrieve the data, and a commitment that Plaintiff is complying with her preservation obligations currently.
- In terms of your request for search terms, we do not think it makes sense to propose any search term until we understand what data does and does not exist. Once we have that information, we are happy to work with you on potential next steps. To be clear, Uber reserves the right to bring a spoliation motion depending on the facts at issue here.

**Social Media:**

- You told us that Plaintiff has a lot of social media and because of that you asked Uber to provide search terms for her social media. Based on prior agreements on this issue and Judge Cisneros's prior Orders [Dkt. 3136 and 3209], we expect you to review her social media and produce the following for five years prior to the incident and two years after the incident.
    - Social media posts (if any) that depict drug/alcohol use within 24 hours of the alleged incident;
    - Social media that evidences the number or dates of rides taken with other rideshare services;
    - Social media posts on the topic of Uber and/or rideshare usage;
    - Social media relating to any major traumatic experience or trauma Plaintiff experienced;
    - Social media relating to any major stressful experiences Plaintiff experienced;
    - Social media that indicates Plaintiff experienced emotional pain and suffering;
    - Social media relating to Plaintiff's [redacted]
    - Social media relating to Plaintiff's alleged damages of "constant fear of men that I don't know"
    - Social media related to alcohol use;
    - Social media materials that depict or make specific reference to Plaintiff's participation in hobbies (defined as "her regular leisure time activities whether they are creative,

social, sporting, intellectual or some other type of pursuit").

- Social media materials that depict or make specific reference to Plaintiff's attendance at social events (including parties, concerts, weddings, birthday celebrations, and bridal and baby showers) from two years before the alleged incident through the present

- We sent you a deficiency letter on this issue on 6/23 (among others). Please commit to producing the data no later than July 7th or we will seek relief with the Court.

**IME:**

- You told us you are not opposed to an IME as a concept but asked us to provide you with a proposed protocol. We will do so no later than Tuesday. Please work with your client on dates consistent with the windows I provided below.

**Written Discovery:**

- In light of your position, we are serving some additional written discovery here. You agreed you would respond within 14 days and that if you plan to object you will let us know no later than 7. days from service. We hope and trust that in light of the pressing demands here that Plaintiffs will respond to these as quickly as possible. We reserve all rights to raise issues as to timing with the Court, particularly in light of the suggestions you made that Uber is seeking to delay this case, when that is not true or accurate.

**Deficiency Letter:**

- You were not prepared to discuss our deficiency letter (set on 6/23) on 6/26 and said that you would get a response to us in writing on Monday, 6/29. We hope and trust that response will not just include continued objections but instead actual positions that will advance the ball forward.

Thanks,
Mike

**Michael Vives**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 646 444 9335 **M** +1 845 820 2372
**F** +1 212 446 4900

michael.vives@kirkland.com