# EXHIBIT 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | MDL No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Technologies, Inc., et al.; C.A. No. 1:26-cv-01694-CRB* | **DECLARATION OF LAYNE HILTON, ESQ. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO UBER'S REQUEST FOR FORENSIC EXAMINATION OF JANE DOE QLF 001's DEVICES**<br><br>Judge: Honorable Charles R. Breyer<br>Courtroom: 6 – 15th Floor<br><br>Judge: Honorable Lisa J. Cisneros<br>Courtroom: G –15th Floor |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE DOE QLF 001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 1:26-cv-01694-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Courtroom: 501 |

I, Layne Hilton declare as follows:

1. I am an attorney at law, duly licensed and admitted to practice. I am a member of the Plaintiff's Steering Committee ("PSC") in the *In re: Uber Sexual Assault Litigation*. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would competently testify to the facts stated herein.

2. I submit this Declaration to set forth the efforts undertaken by Plaintiff and her counsel to comply with the Court's Order (ECF No. 7103), entered on August 25, 2026.

3. On August 25, 2026, the Court entered ECF No. 7103, ruling on the parties' Joint Letter regarding Plaintiff's compliance with the Court's prior Order (ECF No. 7012) regarding forensic recovery efforts.

**Declarations Required by ECF 7103**

4. On August 26, 2026, in response to ECF No. 7103, I served my declaration explaining use of the term "experts" and "specialists" in correspondence from Counsel regarding Plaintiff's devices.

5. Plaintiff also served the Declaration of Kevin Queenan, Esq., confirming that he is the only attorney who retained CFSI and Mr. Sloves, and that he did not retain any other person or entity, before or after that retention, to perform forensic imaging of the Devices.

6. On August 28, 2026, counsel for Uber wrote to me advising that, in Uber's view, the declarations served on August 26, 2026 did not fully address certain specific prior statements identified in Uber's portion of the letter brief underlying ECF No. 7103.

7. I agreed on behalf of Plaintiff to serve a supplemental declaration addressing those statements.

8. I served my supplemental declaration on August 31, 2026.

9. During a September 2, 2026, conferral with Uber regarding search terms, the topic of my supplemental declaration was discussed. After that call, I believed Uber's questions regarding my declaration, and why certain representations were made in correspondence in early July, were finally settled.

**Supplemental Search Term Production**

10. Upon receipt of the Court's Order, on August 26, 2026, I immediately reached out to Counsel requesting a conferral to discuss search terms.

11. While the Parties briefed issues related to certain consensual sex terms (ECF 7183), as to the remainder of the terms, I largely accepted Uber's proposals on Thursday September 3, 2026.

12. Over the Labor Day weekend, the documents were reviewed for production.

13. The documents were produced on Tuesday September 8, 2026.

**Supplemental Social Media Production**

14. During the August 27, 2026, Discovery Hearing, the Court ordered Plaintiff to provide an authorization to Uber allowing Uber to request the identity of some number of since-deleted users with whom Plaintiff had been conversing on facebook messenger. The Court also ordered that Uber identify some number of posts from Facebook for which it was requesting Plaintiff to search and produce.

15. On Friday September 4, 2026, Uber requested a signed authorization and identified 8 posts for which it was seeking Plaintiff to make a supplemental search and production.

16. Plaintiff provided her signed authorization on Wednesday September 9, 2026.

17. Plaintiff produced the requested social media posts on Friday September 11th.

**Total Volume of Plaintiff's Production**

18. As of September 23, 2026, Plaintiff produced 27 volumes of material, totaling approximately 11,308 pages of discovery.

Executed on September 24, 2026, at New Orleans, Louisiana.

Layne C. Hilton