[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*JANE DOE QLF 001 v. Uber Technologies, Inc. et al.,*
N.D. Cal. No. 3:24-cv-08783
W.D. Tex. No. 1:26-cv-01694

CASE NO. 3:23-MD-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE ABOUT MR. LE'S MILITARY SERVICE**

Judge: Hon. Charles R. Breyer

Courtroom: 6 – 17th Floor

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

CASE NO. 26-CV-01694-CRB

Judge: Hon. Charles R. Breyer

Courtroom: 5 – 6th Floor

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit the following response in opposition to Plaintiff's motion *in limine* to exclude certain evidence about Mr. Le's military service.[1] Plaintiff's motion should be denied because: (1) Mr. Le's military background check is highly probative of Plaintiff's claims that Uber's own background check was inadequate; (2) evidence regarding Mr. Le's enlistment in the army is relevant background information related to his employment history that is not unduly prejudicial; and (3) evidence of Mr. Le's honorable discharge is relevant and admissible to rebut the opinions of Plaintiff's expert witnesses.[2]

## ARGUMENT

### I. EVIDENCE RELATED TO MR. LE'S MILITARY BACKGROUND CHECK IS RELEVANT TO PLAINTIFF'S CLAIMS, AND ITS ADMISSION WOULD NOT CAUSE ANY UNFAIR PREJUDICE.

Plaintiff's request to exclude evidence related to the background check of Mr. Le performed by the United States military should be rejected because: (1) this evidence is highly relevant to rebut Plaintiff's claims that Uber's background check was inadequate; and (2) its introduction would not result in any undue prejudice or unnecessary delay.

***First***, the Court has already recognized—in ordering production of Mr. Le's military records after Plaintiff insisted they were critical to this case—that evidence relating to Mr. Le's military service, including the military's background screening of Mr. Le, is "relevant to the claims and defenses in this action[.]" ECF No. 7272 at 4. Plaintiff is asserting claims based on the allegation that Uber negligently failed to prevent the sexual assault incident at issue in this case because "Uber's 2020 background check of Mr. Le missed a 2017 pending criminal charge for sexual assault and a 2018 outstanding arrest warrant related to that charge." Mot. at 1. In addition, Plaintiff's experts fault Uber's background check process

[1] Plaintiff's motion should be rejected as untimely and in violation of the Court's orders. In addition to the fact that Plaintiff filed the motion ***six days after*** the September 11, 2026 deadline for the parties' motions *in limine*, *see* ECF 7087 at 1, the motion (when combined with Plaintiff's omnibus motion *in limine*) exceeds the 25-page briefing limit set forth in the Joint Case Management Statement. ECF No. 7264 at 6.

[2] Uber does not intend to enter evidence regarding awards and commendations received by Mr. Le during his military service unless Plaintiff opens the door to such evidence by improperly arguing or suggesting that Mr. Le was unsuccessful in the military, forced out of the military, or otherwise was a bad person generally. *See Logwood v. City of Chicago*, No. 11 C 4932, 2013 WL 1385559, at *2 (N.D. Ill. Apr. 4, 2013) ("evidence that [d]efendant [o]fficers received commendations, awards, or other professional honors" is admissible "if [plaintiff] opens the door by attempting to introduce evidence concerning such matters").

because Uber did not obtain and consider Mr. Le's military records. *See* Romero Rep. at 12 (Ex. 1); 9/10/2026 Tremblay Dep. 58:4-14 (Ex. 2). Plaintiff's experts have also opined that Uber's background check was insufficient because Uber did not conduct a fingerprint-based background check on Mr. Le before permitting him to drive on the platform. *See* Romero Rep. at 11-12 ("Uber's background checks do not include fingerprinting" but "fingerprint-based background checks would help eliminate false positives and negatives associated with name-based searches and would provide Uber with a more accurate and thorough identity verification process"); Tremblay Rep. at 23 (Ex. 3) (opining that "Uber is essentially running a limited name search not supported by fingerprinting, that does not include comprehensive criminal record checks.").

Uber is entitled to rebut Plaintiff's claims—and her experts' opinions—regarding the adequacy of Uber's background check procedures by introducing evidence that Mr. Le passed a military background check that included the very features that Plaintiff claims were missing from Uber's assessment. As Uber's experts explain—based on military records that Plaintiff affirmatively insisted be produced—the military conducted a comprehensive background screening process on Mr. Le, including an FBI ***fingerprint-based*** criminal background check, in connection with his enlistment. *See* Morris Rep. at 2, 16 (Ex. 4); Thomas Rep. at 14 (Mot. Ex. 2); *see also* Zgoba Rep. at 28 (Mot. Ex. 4). Further, the military's 2018 fingerprint background check did not uncover the 2017 citation of Mr. Le that Plaintiff claims should have been disqualifying. *See* Thomas Rep. at 14; Morris Rep. at 15-16. Contrary to Plaintiff's assertions, there is nothing "speculative" about this evidence. Mot. at 1-2. Instead, it demonstrates that, even if Uber had employed a fingerprint-based background check process, it would not have changed the outcome of the process. *See Freyer v. Lyft, Inc.*, 639 S.W.3d 772, 789 (Tex. App.—Dallas 2021, no pet.) (rejecting the plaintiff's argument that Lyft should have employed a different background check procedure because there was "no evidence that Lyft would have discovered additional, unknown information if it had conducted the background check itself"). Thus, evidence related to Mr. Le's military background check is highly relevant to refuting Plaintiff's theory of negligence.

Plaintiff's argument that the military's background check of Mr. Le should nonetheless be excluded because Mr. Le had an "outstanding warrant" issued in 2018 that "did not exist when Le enlisted

with the Army," Mot. at 2, is also baseless. As noted above, the military's fingerprint background check was performed ***after*** Mr. Le's 2017 citation, which is what led to the 2018 warrant—and Plaintiff apparently intends to tell the jury that Uber's background check should have flagged the 2017 citation itself. And while Plaintiff speculates that the 2018 warrant, if issued at the time of the military background check, would have been caught and disqualified Mr. Le from the military, there simply is no evidence to that effect in the record.

***Second***, the admission of evidence related to Mr. Le's military background check would not, as Plaintiff argues, lead to an unnecessary "mini-trial over the Army's background checks, enlistment criteria, and Mr. Le's conduct during his enlistment." Mot. at 2. For one thing, a jury is more than equipped to consider the limited amount of materials related to Mr. Le's military background check in assessing the reasonableness of Uber's own background check. In addition, Plaintiff appears to suggest that, if evidence of the military's background check is admitted, she will attempt to convince the jury that Mr. Le "may have hidden" his 2017 citation from the military by falsely certifying that "he had no pending charges" and was "morally qualified" to serve. *Id.* But if Plaintiff were to take this tack, her suggestion that the U.S. military conducted a less rigorous background check of Mr. Le because Mr. Le told the military that he did not have any pending charges against him would itself be relevant to assessing the reasonableness of Uber's own background check, which did not simply take Mr. Le's word for it.

## II. EVIDENCE OF MR. LE'S ENLISTMENT IN THE MILITARY IS RELEVANT BACKGROUND INFORMATION, NOT IMPROPER CHARACTER EVIDENCE.

Plaintiff's argument that Uber is barred from offering evidence of Mr. Le's enlistment in the military generally because it is improper character evidence also fails. Mot. at 3. Courts have repeatedly recognized that evidence of an individual's military service is "admissible as background evidence" in a case implicating that individual. *Bird v. W. Valley City*, No. 2:12-cv-00903, 2019 WL 1406614, at *7 (D. Utah Mar. 28, 2019), *aff'd*, 831 F. App'x 881, 890 (10th Cir. 2020) (evidence of non-party witness's "military experience was relevant and admissible as background evidence"); *United States v. Forral*, No. 2:25-CR-00113-RLP-2, 2026 WL 1506465, at *4 (E.D. Wash. May 6, 2026) ("Evidence of a defendant's prior military service has been held to be admissible to tell the jury about the defendant's background and life experience. . . . This is not character evidence prohibited under FRE 404(a)"); *United States v. Deel*,

No. 1:09CR00022, 2010 WL 519836, at *1 (W.D. Va. Feb. 11, 2010) (holding background evidence, including military service, is admissible "for the jury's benefit to judge [a party's] credibility"). Plaintiff's cited cases are not to the contrary. Indeed, in *In re 3M Combat Arms Earplug Products Liability Litigation*, the court recognized that "testimony by a [p]laintiff that he was promoted during his military service and/or honorably discharged from the military is admissible as background evidence." No. 3:19md2885, 2021 WL 954785, at *1 (N.D. Fla. Mar. 14, 2021) (cited in Mot. at 3).[3]

And even if Plaintiff were correct that all evidence of military service qualifies as "character evidence," Plaintiff's own cases make clear that she has opened the door to such evidence by insisting on injecting evidence into this case about Mr. Le's bad character. *See United States v. Warnock*, No. 3:21-CR-130-KHJ-ASH, 2025 WL 1756855, at *3-4 (S.D. Miss. June 25, 2025) (cited in Mot. at 3) (holding that a defendant could introduce evidence of "his military service" if the government "open[s] the door" to it by attacking his character); *see also Zrowka v. BNSF Ry. Co.*, No. CV-21-61-GF-BMM, 2023 WL 3412465, at *3 (D. Mont. May 12, 2023) (plaintiff may introduce evidence of his "military service or honorable discharge from the U.S. military" if "BNSF attempts to impeach his character"). Uber has moved to exclude essentially all evidence regarding Mr. Le but for the fact of his conviction and incarceration. Plaintiff, however, has made clear that she wants to focus the trial on a discussion of Mr. Le's character, including by introducing the details of the criminal case against him and allegations of unrelated misconduct by him. ECF No. 7472, Pl.'s Opp'n to Defs.' Mots. *in Limine* at 7-11, 17-20. If Plaintiff is permitted to introduce such evidence, she will have opened the door to Uber providing background information about who Mr. Le is as a person, including his military service immediately prior to the incident at issue.

## III. EVIDENCE RELATED TO MR. LE'S HONORABLE DISCHARGE FROM ACTIVE MILITARY SERVICE IS ADMISSIBLE TO REBUT PLAINTIFF'S EXPERTS' OPINIONS.

Plaintiff also asks the Court to preclude Uber from mentioning that Mr. Le received an "honorable" discharge from the military on grounds that this is also inadmissible character evidence. Mot.

[3] Plaintiff's other cited cases, *see* Mot. at 3-4, are generally inapposite because they address the admissibility of service awards and commendations, which Uber does not intend to raise unless Plaintiff specifically opens the door to such evidence, as noted above.

at 4. But the Court has recognized, in ordering the Department of the Army to release Mr. Le's military discharge records, that "this information is ***relevant to the claims and defenses in this action*** and may be relevant to Le's character and credibility." ECF No. 7272 at 4 (emphasis added). For example, Uber is entitled to offer evidence of Mr. Le's "honorable" discharge to rebut the opinions, and impeach the credibility, of Plaintiff's experts. This includes Mr. Romero, who asserts that Uber should have considered the circumstances surrounding Mr. Le's discharge from the military in considering whether to allow him to drive on the Uber platform, suggesting that Mr. Le engaged in some type of bad conduct that disqualified him from military service that Uber ignored. *See* Romero Rep. at 12-13 ("[t]he type of discharge is a strong indicator of a candidate's performance" and "[i]t is important to understand whether a potential [driver] has been discharged and the basis for discharge to assess if the prospective [driver] is appropriate for a safety-sensitive role"). Because Plaintiff's experts have placed Mr. Le's military discharge directly at issue in this litigation, due process demands that Uber be permitted to introduce evidence of Mr. Le's honorable discharge to rebut Plaintiff's experts' opinions. Nor is this evidence unduly prejudicial to Plaintiff. To the contrary, ***excluding*** this evidence would unfairly prejudice Uber by depriving the jury of essential information needed to evaluate the credibility of Plaintiff's experts and their opinions.

## CONCLUSION

For all the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's motion *in limine* to exclude evidence relating to Mr. Le's military service.

DATED: September 24, 2026

Respectfully submitted,

*/s/ Kim Bueno*

Kim Bueno (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9050
kim.bueno@kirkland.com

Laura Vartain Horn (SBN 258485)

**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Michael Vives (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
Jessica Davidson (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Kim Bueno*
Kim Bueno