[Submitting counsel below]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF QLF 001'S MOTION TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO SAFETY ADVISORY BOARD AND CERTAIN NON-PROFITS**<br><br>Judge: Honorable Charles R. Breyer |
| This Document Relates to:<br><br>*Jane Doe QLF 001 v. Uber Techs., Inc., et al.*,<br>N.D. Cal. No. 3:24-cv-08783<br>W.D. Tex. No. 1:26-cv-01694 | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JANE DOE QLF 001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 1:26-cv-01694-CRB<br><br>Judge: Honorable Charles R. Breyer |

## INTRODUCTION

Plaintiffs respectfully request that the Court preclude Uber from invoking the Safety Advisory Board (SAB), its members, and the organizations affiliated with those members at trial. This Motion is made on the heels of two closely related actions by Uber that occurred yesterday, September 24. First, during the deposition of Emilie Boman, Uber instructed Ms. Boman not to answer many of Plaintiff's questions about the role of the SAB, and its members and affiliated organizations due to privilege. Second, after the deposition concluded, counsel for Indira Henard, the National Network to End Domestic Violence (NNEDV), and the National Alliance to End Sexual Violence (NAESV), which are or were SAB members or affiliated organizations (whose employee or employees were members), notified Plaintiffs that document productions Plaintiffs had been seeking for months were being produced but that documents were withheld on privilege grounds at Uber's direction. *See* Ex. E, NNEDV Production Letter; Ex. F, Henard Production Letter; Ex. F, NAESV Production Letter. By these two actions, Uber seeks to shield information Plaintiffs need to rebut Uber's SAB defenses at trial while ensuring that it can access favorable information. Privilege may not be used as both sword and shield. As the Ninth Circuit has long held and this Court already ruled, Uber must choose one.

Plaintiffs anticipate that Uber will seek to introduce evidence and argument regarding the SAB and its members at trial. In prior bellwether trials, Uber touted its SAB and SAB members to suggest that Uber does the "right thing" for sexual assault survivors. *Jaylynn Dean v. Uber Techs. Inc. et al.*, Trial Tr. ("*Dean* Tr.") 2461:4–11, 2462:18–20. Uber has suggested that its work with the SAB is altruistically motivated by a desire to reduce sexual assault and keep its users safe. *Id.* Uber has further suggested that these third-party partners and its SAB members, including Indira Henard (CEO of the D.C. Rape Crisis Center) and Erica Olsen (CEO of the National Network to End Domestic Violence), Ebony Tucker (former member of National Alliance to End Sexual

Violence) have endorsed Uber's safety efforts. *Id.* at 2478:16–2479:06, 2461:12–23. During the deposition of Emilie Boman, Plaintiffs introduced a [redacted], as well as a [redacted]. *See* Ex. A, September 24, 2026 Emilie Boman Dep. (Rough) ("Boman Dep."), [redacted]. *See*, *e.g.*, , UBER_JCCP_MDL_002309920.

[redacted] Ex. B, Boman Dep. Ex. 2502; Ex. A, Boman Dep. 31:17–25. In other words, [redacted]. *Id.*

Contrary to what Uber has told jurors, [redacted] Ex. B, Boman Dep. Ex. 2502. Plaintiffs' attempt to explore this part of the SAB's role as spelled out in various documents was cut short by counsel for Uber's [redacted]. Boman Dep. at 35:20–25 [redacted] Ex. B, Boman Dep. Exhibit 2502; Ex. C, Boman Dep., Exhibit 2505.

With the documents clawed back, Plaintiffs attempted to ask questions about [redacted]

[redacted]. Invariably, Uber's counsel [redacted]. Boman Dep. 40:20–8, 41:23–4, 41:13–16. [redacted], Plaintiffs were unable to impeach Ms. Boman without those documents. *See*, *e.g.*, 41:10–21, 45:1–11, 48:3–17, 115:2–15.

In addition, on September 24, 2026, after seeking documents and depositions from current and former SAB members for months, SAB member Indira Henard, current SAB-affiliated organization NNEDV, and former SAB-affiliated organization NAESV produced some documents. *See* Ex. E, NNEDV Production Letter; Ex. F, Henard Production Letter; Ex. G, NAESV Production Letter. For the first time, these third parties notified Plaintiffs that *Uber* had reviewed the productions and culled the documents based on assertions of attorney-client privilege. *Id.* No contemporaneous privilege log was produced. *Id.* Therefore, should Plaintiffs attempt to depose current and former SAB members or affiliated organizations, they will be in the same position as when they deposed Ms. Boman: unable to question these third parties regarding issues that may be reflected in documents withheld *by Uber*, including the full role and activity of the SAB and the full extent of the third parties' relationships with Uber. The documents needed to do that are—and will remain—out of reach. Moreover, Plaintiffs anticipate that Uber will further assert privilege over any questions Plaintiffs attempt to ask the third parties about the role they had in [redacted] and issues reflected in the withheld documents.

Plaintiffs need to be able to explore the extent to which [redacted]. Without being able to ask questions about the latter, testimony on the former cannot be tested. Plaintiffs were not able

to investigate these issues because Uber's counsel refused to waive privilege and allow Plaintiffs to question Uber employee Emilie Boman about these topics. *See*, *e.g.*, Boman Dep. 39:5-8, 40:6-15, 49:7-17. It is elementary that a party cross-examining a witness has the right to cross examine the witness on any bias or lack of independence that could influence their testimony, but Uber's conduct and refusal to allow Plaintiffs to access documents or information about the SAB's and nonprofits' potential bias or role cut off that line of questioning so Plaintiffs could not effectively rebut Uber's SAB defense.

Because Uber refused to waive privilege regarding the SAB members, the Court should preclude Uber from introducing any evidence about the SAB or its members at trial. Additionally, on September 24, 2026, hours after the deposition of Ms. Boman, Plaintiff received a production letter from counsel for Uber's nonprofit partners and SAB members, in which it admitted that documents responsive to Plaintiffs subpoenas were being held back not because the nonprofits were asserting privilege, but because Uber was asserting privilege (although no privilege log has been provided). Plaintiffs therefore cannot test the bias of these nonprofits through the document productions of these nonprofits. Depositions of these nonprofits on October 1 or 2, as offered by the nonprofits on September 21 (while Plaintiffs' counsel was out for the holiday) cannot cure the harm, as the deposition of Ms. Boman made clear.

## <u>ARGUMENT</u>

### I. Uber Should Not Be Permitted to Abuse Privilege

A party cannot use privilege as both a sword and a shield. *See Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1042 (9th Cir. 2009). In practical terms, "this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (*en banc*) (citation omitted). Under this principle, a "[d]efendant

may not proffer favorable information and conceal potentially unfavorable information on the same subject by hiding behind a claim of privilege." *Moeller v. Taco Bell Corp.*, 2009 WL 10710495, at *5 (N.D. Cal. Oct. 6, 2009). This is true even if the defendant does not plan to offer the nonprivileged material into evidence because "the unfairness resulting from a party submitting testimony while simultaneously withholding documents that its adversary might need to contest that testimony" is precisely the point of waiver. *Id.* at 4.

This is precisely what Uber has done with the SAB and its members. In the *Dean* trial, Uber invoked the SAB 18 times,[1] primarily through the testimony of Uber executive Emilie Boman, and used the SAB to imply that endorsements from these organizations on the SAB demonstrate that Uber prioritizes safety and does the right thing. *Dean* Tr. 2461:6–11, 2462:723 (stating SAB exists to help Uber do the "right thing" and that Uber "learn[s] from experts in this space"); *see also* Ex. A, Boman Dep., 13:16–22 ([redacted]). Seeking to test this assertion, in the September 24 deposition of Ms. Boman, Plaintiff's counsel attempted to inquire about [redacted] Ex. B, Dep Ex 2502. Over and over again, Uber's counsel [redacted]. *Compare* Ex. A, Boman Dep. 13:16–22 ([redacted]") *with* 27:9-19 ([redacted]

[1] *Dean* Tr. 2460:4, 2460:8, 2460:14, 2460, 18–22, 2461L1, 2461:7–8, 2461:12–13, 2461:16, 2461:21–22, 2462:8, 2462:20–21, 2461:24–25, 2464:14, 2465:1, 2467:12.

[redacted] Ex. B, Boman Dep. Exhibit 2502 [redacted]

Uber claimed that portions of [redacted] members are legally privileged and refused to permit Plaintiffs to introduce those portions into evidence or question witness Emilie Boman about those portions, thus depriving Plaintiffs of access to the privileged materials needed to impeach Ms. Boman. Ex A. Boman Dep., 35:20-36:9 [redacted]. *See*, *e.g.* Ex. A, Boman Dep. 39:5-8 [redacted] *id.* at 39:14-17 [redacted]); *id.* at 40:6-15 [redacted]; *id.* at 49:7-17 [redacted]

Moreover, Plaintiffs asked Ms. Boman questions about topics addressed in the redacted version of the document, and Ms. Boman's answers contradicted what the document said on several occasions. However, because the document had been clawed back in the middle of the deposition, Plaintiff was prevented from impeaching Ms. Boman on her testimony. *See* Ex. C, Boman Dep., Exhibit 2505.[2]

"Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir.1992)). Under these circumstances, the Court gives the holder of the (claimed) privilege a choice: "If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker*, 331 F.3d at 720. Uber refuses to waive its claim of privilege related to this information and material. *See*, *e.g.*, Boman Dep. 39:5-8, 40:6-15, 49:7-17.

Not only did Uber restrict Plaintiffs from accessing information needed to rebut its defenses from *its own* production and witnesses, it interfered with Plaintiffs' ability to obtain that information from third parties. *See* Ex. F, Henard Production Letter; Ex. G, NAESV Production Letter; Ex. G, NNEDV Production Letter. Uber's decision to hold back *third parties'* documents based on claims of privilege underscores just how far it is willing to go from keeping Plaintiffs from accessing information they need in this case to understand the [redacted]. This conduct is in direct contravention of this District's decisions on similar matters. *See Calhoun v. Google*, 4:20-cv-05146-YGR, Dkt. 558 at 2 (N.D. Cal. Mar, 14, 2022) ("Google then took it upon itself to review

[2] Because the unredacted version of UBER_JCCP_MDL_002624763 has been clawed back, Plaintiffs could neither demonstrate that Ms. Boman's answers contradicted the document nor attach the document to this Motion.

the EY production … resulting in the drastic culling above… Google's resort to self-help is wholly without support in either common sense or the law."); *Calhoun v. Google*, 4:20-cv-05146-YGR, Dkt. 685 at 3–4 (N.D. Cal. June 6, 2022) (sanctioning Google for interfering with third party production).

Therefore, to prevent Uber from abusing its privilege claim—and the privilege claims it has interposed into third party productions—Uber must be precluded from l invoking the SAB or NNEDV, NAESV, or Indira Henard as part of its defense. *Bittaker*, 331 F.3d at 720. A contrary result would create serious fairness concerns. First, the [redacted]. If Uber is permitted to introduce evidence and argument about the SAB, it can and will tell the jury that the SAB is there to protect riders. *See Dean* Tr. 2450:8–2467:12. Without access to information and documents over which Uber claims privilege, Plaintiffs will not be able to tell the other side of the story: [redacted]

Second, Ms. Boman testified that the [redacted]. *See* Ex. C, Boman Dep., Exhibit 2505 [redacted].[3] However, Uber prohibited Plaintiff from impeaching Ms. Boman with this evidence by invoking privilege. Ex. A, Boman Dep. 45:2–47:8. Even if that privilege claim were valid, Uber cannot have its cake and eat it too: SAB members' roles cannot be trotted out to the extent they are helpful to Uber and otherwise shrouded in secrecy Instead, the case law is clear: if Uber introduces evidence about the SAB and its members at trial, or about nonprofits, to suggest that SAB members who are women's safety advocates endorse Uber's approach to safety, Plaintiffs should be able to explore the bias of the SAB members and the nonprofits. *Hara v. Santa Clara Superior Court at San*

[3] *See supra* note 2.

*Jose*, 2006 WL 889420, at *6 (N.D. Cal. 2006) (explaining that bias is "always relevant" for purposes of credibility). Because Uber blocked Plaintiffs' ability to do so, the evidence Uber likes must be excluded too.

**CONCLUSION**

For the foregoing reasons, the Court should exclude all evidence and arguments about the SAB and its members.

Dated: September 25, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: September 25, 2026

By: */s/ Samantha Hoefs*
Samantha Hoefs