# EXHIBIT G

HOGAN LOVELLS
CADWALADER

Hogan Lovells Cadwalader US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

T: +1 202 637 5600
F: +1 202 637 5910
www.hlc.com

September 24, 2026

**By Electronic Mail**

Marlene Goldenberg, Esq.
Nigh Goldenberg Raso & Vaughn PLLC
14 Ridge Square NW
Third Floor
Washington, D.C., 20016
mgoldenberg@nighgoldenberg.com

**Re: *In Re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case No. 3:23-MD-3084-CRB**

Dear Counsel,

With this letter and the accompanying document production, the National Alliance to End Sexual Violence ("NAESV") responds to the subpoena for documents issued to it by Plaintiffs' counsel in the above-referenced matter.

Without waiving the general and specific objections previously asserted by NAESV, per our prior compromise agreements (as memorialized in our e-mail correspondence dated September 10 and 17), this production contains responsive (1) e-mail communications with @uber.com based on domain searches for @uber.com and (2) internal NAESV email communications based on domain searches for @endsexualviolence.org and the search term "Uber."

The production consists of one volume, NAESV VOL001, which is Bates-labeled NAESV_000001 - NAESV_001253.

Please note that some of the materials in this production have been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and "CONFIDENTIAL" pursuant to the Protective Order entered in this litigation. We trust that you will use these documents and limit their disclosure in accordance with that Order.

By making this production, NAESV does not waive, nor intend to waive, any of its rights, privileges, objections, or positions with respect to the documents. It is our intention that this production does not include documents that we believe to be protected under any claim of privilege that would protect the documents from disclosure, including, but not limited to, the attorney-client privilege and the attorney work product doctrine. Moreover, to the extent that non-responsive information has inadvertently been produced, we do not agree to any expansion of the scope of the subpoena or our compromise agreements. In particular, and without limitation, as previously agreed, Plaintiffs have not sought, and NAESV has not intended to produce, sensitive documents involving survivor narratives or other confidential survivor information. The production of any privileged or confidential survivor information or document by NAESV is unintentional, and any such inadvertent production shall not be construed as a waiver of any applicable objection or privilege. The parties and their counsel shall, upon the

request of NAESV, immediately return or destroy any such document(s) inadvertently produced. Further, upon the parties' discovery of what they think may be a privileged or confidential survivor document in NAESV's production, the discovering party should immediately inform NAESV in writing and should segregate and cease reviewing such document(s).

This completes NAESV's document production. If you have questions regarding the above, please do not hesitate to contact us.

Sincerely,

**Nadira Clarke**
Partner
nadira.clarke@hlc.com
D: 202 637 6951

**Rebecca Mandel**
Partner
rebecca.mandel@hlc.com
D: 202 637 5488

CC:
Holly Dolejsi, Esq. (hdolejsi@anapolweiss.com)
Alexandra Walsh, Esq. (awalsh@anapolweiss.com)
Sam Hoefs, Esq. (shoefs@nighgoldenberg.com)
Jennifer Levy, Esq. (jlevy@kirkland.com)