[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S TRIAL BRIEF TO EXCLUDE IN PART THE EXPERT REBUTTAL TESTIMONY OF AMOR CORREA** |
| This Document Relates to:<br><br>*Jane Doe QLF 0001 v. Uber Technologies, Inc., et al*, Case No. 3:24-CV-08783 | Judge: Honorable Charles R. Breyer |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| JANE DOE QLF 0001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 1:26-cv-01694-CRB<br><br>Judge: Hon. Charles R. Breyer |

## I. INTRODUCTION

Plaintiff moves to exclude the rebuttal testimony of Uber's expert, psychologist Amor Correa, to the extent she offers opinions that Plaintiff was inconsistent, exaggerated symptoms, or was motivated by financial gain.[1] While Correa may critique the psychological tests administered by Plaintiff's experts, she may not use that critique as a vehicle to tell the jury that Plaintiff is not credible or that she pursued this case for a "big payday." These are not admissible expert opinions. They are credibility and motive arguments dressed as expert testimony. They improperly encroach on the province of the jury, and are speculative, untethered to any reliable methodology, and unduly prejudicial. The testimony should be excluded.

## II. LEGAL STANDARD

Plaintiff incorporates by reference the legal standard set forth in her Omnibus Motion to Exclude. *See* ECF 7363 at 6-7.

## III. ARGUMENT

Uber's expert Amor Correa purports to offer rebuttal opinions about psychological tests administered by Plaintiff's expert Dr. Feltoon. *See* Ex. A, Expert Rebuttal Report of Amor Correa dated Sept. 25, 2026 ("Correa Rebuttal Rep."). While Dr. Correa asserts that her focus will be on the testing results, e.g., inconsistent response style and certain scoring that (in her opinion) warrants additional validity testing (*see id.* at ¶¶ 12-18), her actual opinions invade the jury's role in two critical aspects: credibility and motive.

*First,* Correa opines that Plaintiff's statements made to other treaters as "inconsistent." *See, e.g., id.* at ¶ 22. This is not an expert opinion at all. It is a credibility argument about what Plaintiff said, whether her statements conflict, and what inference the jury should draw. Courts are clear that such "opinions" are improper. *See Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) (reversible error to admit defense psychiatrist's testimony offered to show that plaintiff's "version of the facts was inconsistent and changed over time and that it was tainted by bias and desire for financial gain"); *Nale v. Finley*, 505 F. Supp. 3d 635, 645-46 (W.D. La. 2020) (excluding expert's statement that defendant's affidavit statement was "suspicious" in light of his deposition testimony as an improper credibility determination). The opinion goes to issues of witness credibility which rests solely with the jury. *See Equal Emp. Opportunity Comm'n v. Mod. Grp., Ltd.*, 725 F.

[1] Dr. Correa's rebuttal report was served on September 25, 2026.

Supp. 3d 644, 690 (E.D. Tex. 2024) ("Fifth Circuit precedent makes clear that '[i]t is uniquely within the jury's province to weigh the evidence and make credibility determinations.'") (quoting *Wackman v. Rubsamen*, 602 F.3d 391, 404 n.5 (5th Cir. 2010)); *see also Doe (S.R.C.) v. G6 Hosp., LLC*, 2025 WL 4225662, at *4 (E.D. Tex. Dec. 17, 2025) (excluding as improper credibility opinion expert testimony that sought to point out alleged inconsistencies in statements)*; Poole-Ward v. Affiliates for Women's Health, P.A.,* 329 F.R.D. 156, 168 (S.D. Tex. 2018) ("[a]s a threshold matter, [an expert] may not characterize witness testimony [or] assess witness credibility"); ECF 5809 (excluding, in *WHB 823,* Uber's expert "to the extent she seeks to offer opinions about Plaintiff's credibility as a witness").

Correa's credibility conclusions are made even more problematic by the fact that they parrot the opinions of Uber's other expert, Sarah Baker.[2] *See* Correa Rebuttal Rep. at ¶ 22 (citing to and summarizing Baker's characterization of Plaintiff's "inconsistent" statements). Repeating the opinion of another defense expert under the pretense of a psychological testing critique serves only to confuse and mislead the jury as to the weight and authority of expert opinions. It is improper bolstering of Baker's improper credibility conclusions. *See Mod. Grp., Ltd.*, 725 F. Supp. 3d at 685, 690 (striking rebuttal expert's statement that "[m]ore weight should be given to [the] psychiatrist's testimony" as improperly encroaching on the jury's responsibility to weigh the evidence, and explaining that "a testifying expert may not 'act as a mere conduit' for another expert's opinion") (citation omitted); *Hunt v. McNeil Consumer Healthcare*, 297 F.R.D. 268, 275 (E.D. La. 2014) (excluding expert who "merely parroted" other experts' opinions and conclusions). Correa should not be permitted to vouch for another defense expert's narrative or tell the jury what inference to draw from Plaintiff's statements.

*Second*, Correa improperly suggests Plaintiff may be exaggerating symptoms for "secondary" and "financial" gain, relying on statements that third parties characterize as being about a "big payday" and financial settlement plans. *See, e.g.,* Correa Rebuttal Rep. at ¶¶ 26, 41; *see also id.* at ¶ 18 (speculating that Plaintiff is "financially driven"). These opinions are speculative, untethered to any reliable methodology for determining motive, and unduly prejudicial. *See Nichols*, 154 F.3d at 884 (prejudice from expert testimony that plaintiff's statements were "tainted by bias and desire for financial gain"; "[t]hese were inferences for the

[2] Plaintiff has moved to exclude Baker's improper credibility opinions. *See* ECF 7363 (Under Seal) at 1, 7-8.

jury to draw from the admissible evidence before it, and [expert's] testimony impermissibly instructed the jury on how to weigh that evidence"); *Poole-Ward*, 329 F.R.D. at 167 ("expert testimony must be grounded in the methods and procedures of the applicable science and be more than unsupported speculation or subjective belief") (cleaned up). Indeed, Correa's "opinions" operate as nothing more than a conduit to introduce hearsay statements and convey conclusions regarding motive that require no expertise at all. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.,* 801 F. Supp. 3d 330, 367, 383 (S.D.N.Y. 2025) ("expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence" and cannot be used "simply as a conduit to introduce hearsay") (internal quotation marks omitted).

The impropriety of Correa's credibility and motive conclusions are underscored by her own opinions elsewhere in the report. Correa asserts that *more* testing is needed to determine the validity of reported symptoms (*see, e.g.,* Correa Rebuttal Rep. at ¶ 18), yet despite the absence of those additional tests she still concludes that Plaintiff exaggerated her symptoms and was "financially driven." Her opinions are improper and should be excluded.

## IV. CONCLUSION

For these reasons, the above opinions should be excluded.

Dated: September 28, 2026

Respectfully submitted,

By: /s/ Sarah R. London
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: September 28, 2026 By:

*/s/ Ellyn Hurd*
Ellyn Hurd