[Submitting counsel below]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S TRIAL BRIEF TO EXCLUDE EXPERT REBUTTAL TESTIMONY OF JASON MORRIS AND KEVIN PHELAN** |
| This Document Relates to:<br><br>*Jane Doe QLF 0001 v. Uber Technologies, Inc., et al*, Case No. 3:24-CV-08783 | Judge: Honorable Charles R. Breyer |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| JANE DOE QLF 0001,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 1:26-cv-01694-CRB<br><br>Judge: Hon. Charles R. Breyer |

## I. INTRODUCTION

Plaintiff moves to exclude rebuttal testimony from Jason Morris and Kevin Phelan. Both purport to opine that Texas law prevented Victor Le's 2018 arrest warrant from public view (and so from Uber's background check).[1] Morris and Phelan's opinions in this regard are improper and incorrect legal opinions. No Texas law says what Morris and Phelan claim. Rather, the opinion is nothing more than their misinterpretation of Article 15.26 of the Texas Code of Criminal Procedure and a Tarrant County Sheriff's Office webpage. Phelan and Morris should not be permitted to dress up an incorrect legal argument as expert testimony and tell the jury that Texas law requires a conclusion it does not. The opinions should be excluded.

## II. LEGAL STANDARD

Experts may not deliver legal interpretations and conclusions, especially not those premised on an "incorrect understanding of the law." *Lamar Advert. Co. v. Zurich Am. Ins. Co.*, 533 F. Supp. 3d 332, 344 (M.D. La. 2021); *see also Martinez v. Porta*, 601 F. Supp. 2d 865, 866 (N.D. Tex. 2009) ("While it is true that a qualified expert is not prohibited, ipso facto, from expressing an opinion on an ultimate issue of fact, such an opinion cannot be based on an erroneous legal premise."); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008) (expert's "legal conclusions not only invaded the province of the trial judge, but constituted erroneous statements of law.").

## III. ARGUMENT

When Uber onboarded Victor Le, he had a pending charge for sexual assault issued on May 16, 2017. *See* ECF No. 7349-1 (Tremblay Rep.) Schedule A.6 at 15. On June 11, 2018, after Le failed to appear for a court appearance, the Fort Worth Municipal Court issued an alias warrant to be served by the Fort Worth Marshal's Office. *Id.* At the time Uber approved and onboarded Le as a driver, the warrant remained unresolved. *Id.* It was not executed until July 2, 2020. *Id.* at 27. Plaintiff's position is that the records of the charge and the warrant were publicly available and could have been discovered through a background check that encompassed the Fort Worth municipal court records (the jurisdiction in which Le lived). Uber's position is that the warrant was not available in a public database at the time Le was onboarded.

To support that defense, Uber presents the opinions of Phelan and Morris. Both opine that the warrant

[1] Rebuttal reports were served on September 25, 2026.

was not available until it was "executed." *See* Ex. A, Expert Rebuttal Report of Kevin Phelan ("Phelan Rebuttal Rep.") dated Sept. 25, 2026, at 3 (warrant "would not have been knowable to the public, including any private citizen or company such as Uber, prior to its execution on July 2, 2020"); Ex. B, Expert Rebuttal Report of Jason Morris ("Morris Rebuttal Rep.") dated Sept. 25, 2026, at 10-11 (the "public's right to access warrants…depends on whether the warrant has been executed" and the warrant was not "discoverable through any background check, regardless of how thorough" at the time of onboarding).

**A. Morris Incorrectly Interprets the Texas Code of Criminal Procedure.**

Morris relies on Article 15.26 of the Texas Code of Criminal Procedure and a Tarrant County Sheriff's Office webpage. According to Morris, these sources conclusively demonstrate that the "public's right to access warrants…depends on whether the warrant has been executed." Morris Rebuttal Rep. at 10. But neither of these sources supports that sweeping and improper legal opinion.

Article 15.26 provides that an arrest warrant and any supporting affidavit "is public information," and that "beginning immediately when the warrant is executed," the magistrate's clerk shall make copies available for public inspection. Tex. Code Crim. Proc. art. 15.26. The statute thus does two things: *First,* it classifies arrest warrants as public information, without temporal qualification. *Second*, it fixes the point at which the clerk's *affirmative duty* to furnish copies attaches. That is a floor, not a ceiling. Nothing in Article 15.26 precludes pre-execution public access.

The Tarrant County webpage merely states that "[i]t is not the policy of the Tarrant County Sheriff's Office to release criminal warrant information to the general public." But Le's warrant was issued out of the Fort Worth Municipal Court, by the Fort Worth Marshal's Office — not the Tarrant County Sheriff. *See* Ex. C, Fort Worth Police Department Records, at 4. Even if the Tarrant County office were somehow relevant, an agency's discretionary practice about what it volunteers is not a legal bar on what the public may obtain. A webpage describing an office "policy" cannot establish that a court record held by a different office was, as a matter of law, unknowable to anyone.

**B. Phelan Relies on a Website and Unexplained Conversations with Unnamed Individuals.**

Phelan relies on the same Tarrant County webpage, and also references conversations with unnamed individuals from the Fort Worth Police Department, "Tarrant County personnel, as well as a former Texas-based law enforcement official, regarding criminal records access and policies." Phelan Rebuttal Rep. at 3.

Phelan never identifies these individuals by name or title, describes his conversations, or explains how they support his conclusion that Le's warrant "would not have been available to the public until the warrant was executed." *Id*.

**C. Phelan's and Morris's Opinions are Erroneous Legal Conclusions.**

Both Phelan's and Morris's opinions reduce to an erroneous legal conclusion about what Texas law requires. They propose to construe a criminal procedure statute, a webpage, and/or unexplained conversations with unnamed individuals, and then pronounce an incorrect legal consequence that would serve to instruct the jury on a question of fact that is central to the case. This is neither reliable nor helpful. Experts cannot render opinions based on an "incorrect understanding of the law." *Lamar*, 533 F. Supp. 3d at 345.

## IV. CONCLUSION

For these reasons, the above opinions should be excluded.

Dated: September 28, 2026

Respectfully submitted,
By*: /s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By*: /s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By*: /s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: September 28, 2026

By: */s/ Ellyn Hurd*
Ellyn Hurd