UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates To:

ALL CASES.

Case No. 23-md-03084-CRB (LJC)

**ORDER DENYING UBER'S REQUEST FOR A FORENSIC EXAMINATION TO COLLECT METADATA**

Re: Dkt. No. 7504

Uber seeks a forensic examination of Plaintiff's devices to collect metadata that would help ascertain whether she intentionally destroyed text messages on her devices. Dkt. No. 7504. Plaintiff opposes the request. The deadline for the substantial completion of fact discovery passed on September 1, 2026. Dkt No. 7087 (ordering that remaining depositions could be completed up to September 25, 2026).

By June 29, 2026, Plaintiff informed Uber that she had no longer had her phone that she had at the time of the incident in 2020, raising the prospect that messages from the relevant time period would not be available. Dkt. No. 7503-2 at 109, 113. On July 8, 2026, Plaintiff shared additional information concerning the phones that Plaintiff owned, and when they were replaced. Dkt. No. 7504-4 at 3.

Steps were taken to attempt to recover relevant messages, in particular by searching for iCloud backups. *See* 6959. In connection with these efforts inconsistent statements were made on the part of Plaintiff about the degree to which potentially relevant messages could be recovered through the backups. Dkt. No. 7012. Uber sought certain discovery, including a declaration and deposition from Plaintiff's expert(s) concerning their efforts and methods. Dkt No. 7100. The Court had determined that Uber had a legitimate interest in understanding Plaintiff's data recovery

United States District Court
Northern District of California

United States District Court
Northern District of California

process, whether potentially relevant communications were still lost, and whether there were additional steps that could be taken in the very limited time remaining before trial to attempt to recover them. Dkt. No. 7012. The Court ordered Plaintiff to provide declarations. *Id*; Dkt No. 7103.

Whereas Uber previously sought discovery regarding the adequacy of data recovery efforts, it now seeks discovery that directly bears on Plaintiff's conduct, namely whether she intentionally destroyed messages. Uber has not demonstrated why it could not have made this request earlier, as the concerns regarding evidence preservation were apparent weeks before the substantial discovery cutoff. Dkt. Nos. 6959 at 4, 7012 at 4.

Yet, more than three weeks after the deadline for the substantial completion of fact discovery, Uber seeks an order from the Court for Plaintiff's device metadata. Uber's request is supported foremost by an analysis by a forensic expert, Daniel Roffman, dated September 11, 2026. Roffman analyzed, among other things, certain text messages, but it is not clear from his declaration when these text messages were produced to Uber. Uber presented its request to the Court on September 24, 2026, when the parties are due to begin selecting a jury on September 30, 2026, and start trial on October 5, 2026.

On this record Uber has not demonstrated the diligence necessary to warrant such late-stage discovery. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also*, *Norton v. LVNV Funding*, LLC, Case No. 18-cv-05051 DMR, 2020 WL 2557003, *3 (May 19, 2020 N.D. Cal.) ("[T]he purpose of Rule 16(b) [of the Federal Rules of Civil Procedure] is to facilitate efficient case management.") (citing *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011)). Uber's request for discovery relief is DENIED.

**IT IS SO ORDERED.**

Dated: September 28, 2026

LISA J. CISNEROS
United States Magistrate Judge