[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*JANE DOE QLF 001 v. Uber Technologies, Inc. et al.,*
N.D. Cal. No. 3:24-cv-08783
W.D. Tex. No. 1:26-cv-01694

CASE NO. 3:23-MD-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFF'S TRIAL BRIEF TO EXCLUDE IN PART THE EXPERT REBUTTAL TESTIMONY OF AMOR CORREA**

Judge: Hon. Charles R. Breyer

Courtroom: 6 – 17th Floor

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

CASE NO. 26-CV-01694-CRB

Judge: Hon. Charles R. Breyer

Courtroom: 5 – 6th Floor

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit the following response in opposition to Plaintiff's trial brief to exclude in part the rebuttal testimony of Amor Correa, Ph.D. Plaintiff largely does not challenge Dr. Correa's opinions. Rather, Plaintiff moves to exclude objectively valid and reliable expert testimony that challenges her injury and damages allegations and rebuts her expert opinions, arguing that Dr. Correa is offering "credibility and motive arguments dressed as expert testimony." Mot. at 2.

This argument misstates the nature of Dr. Correa's opinions. What Dr. Correa actually does is interpret Plaintiff's experts' psychological testing results, ***based on the official testing manual***, and explain that [redacted]. The fact that Dr. Correa further looked for evidence in the record that would either corroborate or refute Plaintiff's testing results does not make her opinions impermissible; it is precisely what any responsible psychologist would do. For these reasons, discussed further below, the motion should be denied.

**BACKGROUND**

Dr. Amor Correa is a clinical and forensic psychologist and assistant professor in the department of psychiatry at the University of Texas Southwestern Medical Center. During her graduate studies, Dr. Correa specialized in forensic psychological assessment, including the construction of psychological tests. She has published peer-reviewed articles and book chapters on the construction and validation of psychological assessment tools as well as methods of assessing an evaluee's response style on psychological testing tools. Dr. Correa also consults for Psychological Assessment Resources ("PAR"), a large nationwide psychological testing company, to aid the development of empirically validated psychological tests published by PAR.

Dr. H. David Feltoon, one of Plaintiff's expert psychologists, administered four psychological testing instruments to Plaintiff: (1) the Minnesota Multiphasic Personality Inventory-2 ("MMPI-2"); (2) the Beck Depression Inventory-II; (3) the Beck Anxiety Inventory; and (4) the Incomplete Sentence Form test. *See* 9/3/2026 Feltoon Rep. (ECF 7357-2) at 8. In his report, Dr. Feltoon states that "[s]tandardized psychological testing provides an objective and systematic means of assessing psychological functioning, measuring the nature and severity of symptoms, identifying patterns of psychological functioning, and

evaluating the validity and clinical significance of a test profile." *Id.* His opinions "focus principally on the testing" he performed, "the validity and interpretation of the test results, and the psychological findings demonstrated by those results." *Id.* at 8-9. Dr. Feltoon stated in his report that Plaintiff's MMPI-2 [redacted]." *Id.* at 11. At his deposition, however, Dr. Feltoon was forced to admit that [redacted]. 9/29/2026 Feltoon Dep. 41:25-42:5, 42:13-17 (rough) (Ex. 1). He also conceded that [redacted]. *See id.* 49:23-50:2, 51:3-18. While Dr. Feltoon agreed that [redacted], *see id.* 50:3-20, 51:19-52:1, [redacted], *see id.* 55:18-56:8, 58:4-11, [redacted], *see id.* 58:4-11.

Dr. Leslie Lebowitz, Plaintiff's other expert psychologist, conducted a separate battery of psychological tests on Plaintiff, and also "accepted and incorporated" Dr. Feltoon's reported findings into her opinions (although she did not review the results themselves). 9/3/2026 Lebowitz Rep. (ECF 7474-2) at 11-12. With respect to Dr. Feltoon's administration of the MMPI-2, Dr. Lebowitz stated that the "MMPI is a comprehensive measure of personality and psychopathology that includes validity scales designed to detect exaggeration, minimization, and random responding." *Id.* at 12. She then concluded—without actually seeing the test results themselves—that Plaintiff [redacted] *Id.* at 13; *see also* 9/21/2026 Lebowitz Dep. 164:1-10 (Ex. 2) (never received actual testing data); 165:8-19 ("accepted" Dr. Feltoon's report about Plaintiff's MMPI results, including the validity scales, without independent corroboration). Dr. Lebowitz opines that there was [redacted] *See* 9/3/2026 Lebowitz Rep. at 13. When shown Plaintiff's MMPI-2 testing results by defense counsel, however, Dr. Lebowitz conceded that they are [redacted] 9/21/2026 Lebowitz Dep. 169:8-12**.**

After reviewing the testing materials, Plaintiff's records, depositions, and Plaintiff's expert reports, Dr. Correa offers a set of narrow rebuttal opinions about the testing data provided by Plaintiff's experts and her review of the record evidence. Specifically, she opines, *inter alia*, that: [redacted]

[redacted] *See* Correa Rep. (Mot. Ex. A) ¶¶ 12-19.

**ARGUMENT**

Although Plaintiff does not challenge the majority of Dr. Correa's opinions, she argues that: (1) Dr. Correa offers an impermissible credibility opinion because she states that there are inconsistencies in Plaintiff's reported symptoms; and (2) Dr. Correa's opinion that [redacted] is speculative, unreliable, and unduly prejudicial. Both arguments lack merit. *See* Mot. at 2-3.

***First***, contrary to Plaintiff's suggestion, Dr. Correa is not offering a standalone opinion that Plaintiff is not credible or should not be believed because she has made inconsistent statements about her symptoms over time. *See* Mot. at 2. Rather, Dr. Correa merely opines that the [redacted]. *See* Correa Rep. ¶¶ 12-13. As Dr. Correa explains in her report, [redacted] *Id.* ¶ 18. Nowhere has Dr. Correa weighed in on whether Plaintiff is a credible witness.

Importantly, part of the process for interpreting high scores on the MMPI-2's F (Infrequency) Scale involves examining other available information (i.e., the record in this case) for potential inconsistencies in self-reported symptoms to look for this type of corroboration. Moreover, the search for consistent or inconsistent statements is a standard step in ***every*** forensic psychological evaluation. Indeed, Plaintiff's own expert, Dr. Feltoon, testified that consistency is important to his methodological process,

and that he "mainly" is looking at "consistencies and inconsistencies" when it comes to assessing the potential for a plaintiff to malinger. *See* 9/29/2026 Feltoon Dep. 27:19-28:11 (rough). This statement echoes his earlier testimony that he "look[s] for consistencies and inconsistencies" as part of his psychological assessment. 9/10/2026 Feltoon Dep. (ECF 7357-4) 73:21-74:4. Dr. Lebowitz similarly testified that she looks for "important inconsistencies" as part of her evaluative process. 9/21/2026 Lebowitz Dep. 80:3-13. Dr. Correa's assessment is no different in this regard; it mirrors the same process purportedly undertaken by Plaintiff's own experts. It does not become inadmissible simply because it rebuts Plaintiff's theory of the case.

In any event, Dr. Correa may rebut Plaintiff's experts' conclusion that there were no significant inconsistencies by identifying the inconsistencies relevant to assessing Plaintiff's psychopathology and explaining whether and how those inconsistencies relate to the testing data she reviewed in this case. That is not an impermissible credibility determination; rather, it is intrinsic to the role of a forensic psychologist such as Dr. Correa. *See, e.g.*, *Kakeh v. United Plan. Org., Inc.*, 587 F. Supp. 2d 125, 130 (D.D.C. 2008) (permitting forensic psychiatric expert to testify regarding contradictions between Plaintiff's litigation statements and the "facts [] contained in the voluminous medical records"); *Norman v. Leonard's Express, Inc.*, No. 7:22CV00096, 2023 WL 3244002, at *5 (W.D. Va. May 4, 2023) (while a medical expert "may not testify about [a plaintiff's] credibility," he or she will "be permitted to testify" about why the opposing party's expert opinions are "inconsistent with the medical record or evaluative tools" used "in forming his opinion"). Dr. Correa did just that by reviewing, first-hand, Plaintiff's medical records, testimony, and the examination by Dr. Baker in forming her opinion that Plaintiff has not been consistent in reporting her symptoms over time.[1]

***Second***, Plaintiff also misapprehends the nature of Dr. Correa's [redacted] opinion. Dr. Correa is not offering the opinion that the testing data or collateral evidence ***prove*** Plaintiff is dishonest or that she is, in fact, acting under a motivation for money to exaggerate her symptoms. Her opinion is simply that [redacted]

---

1 Plaintiff's further suggestion that Dr. Correa is merely relying on Dr. Baker for this opinion overlooks the plain language of Dr. Correa's report as to what she personally reviewed. *See, e.g.*, Correa Rep. ¶ 8 (noting her opinions "are based on ***my review and assessment*** of the testing materials, records, depositions, expert reports, and case materials contained in Exhibit A to my report) (emphasis added).

[redacted] Correa Rep. ¶¶ 13, 18. This is an entirely appropriate opinion for Dr. Correa to offer. Part of a forensic psychologist's role is to look at available collateral evidence to determine whether there are further red flags that raise the specter of symptom exaggeration, particularly where there is potential for secondary gain. *See, e.g.*, *Allen v. Barratt*, No. 2:23-CV-00474-TL, 2025 WL 1484736, at *2 (W.D. Wash. May 23, 2025) (an expert "may testify as to whether he believes Plaintiff's testimony is supported by established medical principles and her own medical records"). That is precisely why Dr. Correa looked at the record—to determine [redacted]. The evidence she cites—e.g., that [redacted]—is precisely the sort of collateral information that psychologists use to help interpret [redacted], like those noted above. Dr. Correa is merely noting that the testing results, combined with the available records and testimony, could support a conclusion that [redacted].

Plaintiff also argues that Dr. Correa's opinions about the [redacted] are "speculative, untethered to any reliable methodology for determining motive, and unduly prejudicial." Mot. at 3. But Dr. Correa's rebuttal opinion on this issue comes ***directly*** from the testing data that Plaintiff's own experts administered. Unless Plaintiff intends to argue that her own experts' testing methods were unreliable or that the results from those tests are speculative, Dr. Correa's opinions, which are primarily grounded in the testing, cannot be excluded.

Dr. Correa cogently explains that the [redacted]. Correa Rep. ¶ 23(a). Specifically, the administrative manual for the MMPI-2 states that [redacted]" *Id.* Indeed, [redacted]. Because Plaintiff's [redacted], Dr. Correa opines that the test results are "[redacted]

[redacted]" Correa Rep. ¶ 26. This is entirely consistent with and grounded in the testing materials used by Plaintiff's experts and relied upon by Dr. Correa here.

To the extent Plaintiff is suggesting that Dr. Correa may not offer this opinion because she did not administer the testing that she opines Plaintiff's own experts failed to administer, that is clearly wrong. It is entirely appropriate for a ***rebuttal*** expert to critique the other party's expert's methodology without taking the extra step of filling the holes in that analysis. *Stonewater Roofing Ltd. Co. v. Merryton Bossier, LLC*, No. 22-1048, 2025 WL 3654059, at *3 (W.D. La. Dec. 17, 2025) (holding it is proper for a rebuttal expert "to identify flaws in the opposing expert's analysis, not necessarily to construct a competing model"); *Archer Daniels Midland Co. v. M/T Am. Liberty*, No. 19-10525, 2022 WL 3700896, at *3 (E.D. La. Aug. 26, 2022) (explaining that criticizing the opponent's expert's analysis "is the precise purpose of a rebuttal report" and it is proper for a rebuttal expert to "attempt[] to poke holes in and undermine" the other side's expert analyses). Indeed, that is classic rebuttal opinion.

In short, Plaintiff's motion faults Dr. Correa for interpreting the testing data from tests that Plaintiff's own experts administered (and failed to properly interpret) in light of the record evidence available. Because that is precisely the job of a forensic psychologist, there is no basis to exclude any of Dr. Correa's opinions.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's trial brief to exclude in part Dr. Correa's testimony.

DATED: September 29, 2026

Respectfully submitted,

*/s/ Kim Bueno*

Kim Bueno (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9050
kim.bueno@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700

San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Michael Vives (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
Jessica Davidson (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Kim Bueno*
Kim Bueno