[*Submitting counsel below*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**

This Document Relates to:

*Jane Doe QLF 1 v. Uber Techs. Inc.*,
N.D. Cal. No. 24-cv-8783,
W.D. Tex. No. 26-cv-01694

No. 3:23-md-03084-CRB

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OFFER OF PROOF RE LE'S MILITARY HISTORY**

Judge: Honorable Charles R. Breyer
Ctrm.: 6-17th Floor

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

JANE DOE QLF 0001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

No. 26-cv-01694-CRB

Judge: Honorable Charles R. Breyer

**RESPONSE**

**Plaintiff does not contend that fingerprinting or an interview would have revealed the Fort Worth criminal records.** Uber says that the evidence of Le's military background check is relevant because (1) Plaintiff said Uber should have conducted a fingerprint background check and interview and (2) the military did those things but did not find the 2017 criminal charge. But the first premise is wrong. Plaintiff does not contend that fingerprinting or an interview necessarily would have revealed the Fort Worth criminal records (the "local" background check required by Texas law would have revealed those records). Fingerprinting and interviews are relevant in other ways (to contrast with Uber's marketing and characterizations of its background checks, to show that Uber could have matched Le's 2020 driver application with his earlier accounts, and to illustrate Uber's overall approach to background checks). But Plaintiff will not make the inference that Uber asserts makes this evidence probative.

**Plaintiff will not introduce evidence about Le's military record or the circumstances of his discharge (which appears to have been related to mental health issues) if the Court grants the motion in limine**. If evidence about Le's military service is excluded, neither Plaintiff nor her experts will assert that Uber should have investigated his military service before onboarding him.

**No one knows whether the military identified Mr. Le's pending charge or, if it did, why it enlisted him**. Uber assumes that the military did not find Mr. Le's pending charge, but there is no evidence to support that contention. Uber's experts have no idea, as is clear from the excerpts Uber supplies. Ms. Thomas *assumes* that the Army did not find the citation based not on any expertise or experience she has, but based on her review of an Army website. Offer of Proof at 7. No evidence of what the military found or did not find, or what it did with that information, has been produced in this case or will be available to the jury. (In addition, it is not disputed that the outstanding warrant for Mr. Le's arrest was issued *after* he joined the military.)

**Admission of military evidence will require a time-consuming sideshow on the standards for military enlistment, what is known and not known about Mr. Le's enlistment, and the differences between Uber and the military**. If Uber is permitted to argue that its conduct

was reasonable because the Army enlisted Mr. Le, then Plaintiff will be forced to rebut, including with the expert testimony of Major Laura Wells that: (1) Uber's experts mischaracterize the military's screening and enlistment process; (2) the purpose of the military's screening and enlistment process); and (2) Uber's expert's speculation that the military did not find the citation is not supported. *See* ECF 7537-5 (Wells Reb. Rep.). Major Wells is also prepared to address Uber's inaccurate reliance on Le's medals and discharge (topics that Plaintiff understands the Court has already excluded). This case will become about what the Army did or should have done, rather than what Uber did or should have done.

**It does not matter that Plaintiff requested Le's military records in discovery**. Evidence need not be admissible to be discoverable. Fed. R. Civ. P. 26(1). That Le's military service was explored in discovery does not make it admissible at trial.

Dated: September 30, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*

Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: September 30, 2026

By: */s/ Andrew R. Kaufman*
Andrew R. Kaufman