[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*JANE DOE QLF 001 v. Uber Technologies, Inc. et al.,*
N.D. Cal. No. 3:24-cv-08783
W.D. Tex. No. 1:26-cv-01694

CASE NO. 3:23-MD-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 13 TO EXCLUDE HEARSAY FROM NON-PROFIT ORGANIZATIONS**

Judge: Hon. Charles R. Breyer

Courtroom: 6 – 17th Floor

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

JANE DOE QLF 001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

CASE NO. 26-CV-01694-CRB

Judge: Hon. Charles R. Breyer

Courtroom: 5 – 6th Floor

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this supplemental opposition to Plaintiff's Motion *In Limine* No. 13.

MIL No. 13 asked the Court to exclude so-called "[h]earsay from non-profit organizations, especially ones that refused to be deposed." ECF 7324 at 23. Essentially, Plaintiff argued that Uber witnesses should not be allowed to testify about non-profit "endorsements" of Uber's safety efforts. As Uber explained in its response, the fact of Uber's work with these organizations is not hearsay if discussed by Uber witnesses who have personal knowledge of such work; and statements by non-profit organizations are admissible for the non-hearsay purposes of establishing Uber's state of mind and reasonable care.

Having failed with that argument, Plaintiff has shifted her approach and now seeks to argue that the non-profit evidence should be excluded because Uber asserted privilege with respect to four out of 12,000 documents produced by the non-profits (less than 0.03 percent). In so doing, Plaintiff has also sought to conflate two separate issues—documents produced by the non-profits and documents produced by non-profits affiliated with Safety Advisory Board ("SAB") members—in the hope that the Court will issue a wholesale ban on any discussion of non-profits or the SAB because Uber purportedly claimed privilege over the non-profits' and SAB's documents. As Uber explains in its separate response to Plaintiff's untimely Motion to Exclude Evidence or Argument Related to Safety Advisory Board and Certain Non-Profits, these issues are distinct, and Plaintiff's request for a complete exclusion of testimony related to non-profits or SAB is not warranted.

Nonetheless, during the pretrial conference, the Court directed Uber to:

1. Identify any non-profit organization that an Uber witness might identify at trial;
2. State whether that non-profit has been subpoenaed to produce documents;
3. If it was, indicate whether any of those documents were withheld; and
4. If any documents were withheld, submit them to the Court for in camera review.

This document is submitted in accordance with the Court's directive and contains responsive information for non-SAB-related non-profits.

| Non-Profit Org. | Last Production Date | Number of Docs Produced | Number of Docs Uber Asserted Priv Over | Number of Priv Claims Challenged by Plaintiffs | Did Plaintiffs Subpoena Docs Directly from Org.? |
|---|---|---|---|---|---|
| NSVRC | November 2024 | 11,265 | 3 | 0 | Yes |
| Urban Institute | January 2025 | 80 | 1 | 0 | Yes |
| RAINN | October 2024 | 707 | 0 | 0 | Yes |
| NO MORE | N/A | 0 | 0 | 0 | Yes |

This table makes clear that Plaintiff's latest argument—like her previous ones—is not supported by the actual facts. Uber has not asserted privilege over a large number of documents produced by non-profits in this litigation. As discussed in more detail in Uber's Response to Plaintiff's Motion to Exclude SAB Evidence, Uber took a narrow and appropriate approach to privilege, focusing only on the legal advice or mental impressions of Uber's attorneys. As a result, Uber has asserted privilege over only four documents out of more than 11,000 documents produced by non-profits that Uber may reference at trial.

Furthermore, NSVRC, RAINN, and the Urban Institute all produced documents pursuant to Plaintiffs' subpoenas in late 2024 or early 2025. Thus, Plaintiff has been in possession of these documents for almost two years, belying any claim that these non-profits only recently produced documents.

The four documents with privilege claims have been submitted to the Court for *in camera* review.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion *In Limine* No. 13.

DATED: September 30, 2026

Respectfully submitted,

*/s/ Kim Bueno*

Kim Bueno (Admitted *Pro Hac Vice* in N.D. Cal.)
TX SBN 24065345
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701

Telephone: (512) 678-9050
kim.bueno@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Michael Vives (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
Jessica Davidson (Admitted *Pro Hac Vice* in N.D. Cal. and W.D. Tex.)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Kim Bueno*
Kim Bueno