UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**

This Document Relates to:

*Jane Doe QLF 1 v. Uber Techs. Inc.*, No. 24-cv-8783

No. 3:23-md-03084-CRB

**JOINT AND CONTESTED PROPOSED JURY INSTRUCTIONS**

p

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

JANE DOE QLF 0001,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

No. 26-cv-01694-CRB

Judge: Honorable Charles R. Breyer

# TABLE OF CONTENTS

Page

Introductory Statement ..... 1
Jury Charge ..... 2
The Uber Defendants ..... 3
Bias—Corporate Party Involved ..... 4
Burden of Proof: Preponderance of the Evidence ..... 5
Evidence ..... 6
Witnesses ..... 7
Limiting Instruction ..... 8
Expert Witnesses ..... 9
Law-Enforcement Officer Testimony ..... 10
No Inference from Filing Suit ..... 11
[Disputed] Negligence ..... 12
[Disputed] Negligence and Ordinary Care ..... 14
[Disputed] Proximate Cause ..... 16
Consider Damages Only If Necessary ..... 20
Compensatory Damages ..... 21
[Disputed] Injury, Pain, and Loss of Capacity for Enjoyment of Life ..... 23
[Disputed] Personal Injury Damages—Aggravation of Pre-Existing Injury or Condition ..... 25
[Disputed] Personal Injury Damages—Life Expectancy ..... 26
[Disputed] Personal Injury Damages – Basic Question ..... 27
No Exemplary Damages ..... 28
Duty to Deliberate; Notes ..... 29
[In-Trial Instruction] Deposition Testimony ..... 30
[In-Trial Instruction] Video Corporate Representative Deposition Testimony ..... 31
[In-Trial Instruction] [Disputed] Expert Work on Multiple Cases ..... 32

**Introductory Statement**

Pursuant to the Court's scheduling order, the parties respectfully submit the proposed agreed and disputed jury instructions to be given to the jury prior to trial and after the close of evidence as designated herein.

These proposed jury instructions are submitted prior to rulings on, among other things, motions for summary judgment, motions in limine and any other pretrial motions, deposition designations and evidentiary objections at trial, and without knowing precisely which witnesses will be called at trial or the exact claims that will be submitted to the jury following a ruling on any motions for judgment as a matter of law.

By submitting these proposed instructions, Uber does not waive any defenses or arguments; nor does it concede there is any fact issue on any question pertaining to either liability or damages. Uber submits it is entitled to a take-nothing judgment. Uber reserves its rights to seek dismissal, summary judgment, judgment as a matter of law, judgment notwithstanding the verdict, and any other appropriate relief before, during, or after trial. Plaintiff reserves all rights as well.

The parties reserve rights to offer additional instructions as necessary or to clarify or withdraw instructions already submitted.

**Jury Charge**[1]

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be. If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph. The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

[1] Fifth Cir. Pattern Civil Instr. 3.1

**The Uber Defendants**

There are three Uber Defendants: Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC. The jury instructions and verdict form refer to these entities collectively as “Uber.” You may have seen evidence that discusses one or more of these Uber Defendants individually. In evaluating the evidence against the Uber Defendants, you should treat these three Defendants as if they are a single Defendant. Your verdict must be the same as to all of the Uber Defendants.

**Bias—Corporate Party Involved**[2]

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

[2] Fifth Cir. Pattern Civil Instr. 4.1

**Burden of Proof: Preponderance of the Evidence**[3]

Plaintiff has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

[3] Fifth Cir. Pattern Civil Instr. 3.2 [modified to remove Plaintiff name]

**Evidence**[4]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

[4] Fifth Cir. Pattern Civil Instr. 3.3

**Witnesses**[5]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

[5] Fifth Cir. Pattern Civil Instr. 3.4

**Limiting Instruction**[6]

When testimony or an exhibit was admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

[6] Fifth Cir. Pattern Civil Instr. 2.6 (modified to past tense)

**Expert Witnesses**[7]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

[7] Fifth Cir. Pattern Civil Instr. 3.5

**Law-Enforcement Officer Testimony**[8]

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because her or she is a law enforcement officer.

[8] Fifth Cir. Pattern Civil Instr. 2.15

**No Inference from Filing Suit**[9]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

[9] Fifth Cir. Pattern Civil Instr. 3.6

**[Disputed] Negligence**

**Plaintiff's Proposed Instruction:**[10]

Plaintiff claims that Uber is liable for negligence. To establish this claim, Plaintiff must establish that Uber was negligent and that Uber's negligence proximately caused her injuries.

**Uber's Proposed Instruction:**

**Question 1**

Did the negligence of Uber, if any, proximately cause Plaintiff's injuries?

Answer "yes" or "no": ______________________________[11]

**Plaintiff's Position:**

Uber proposes that the Court adopt a modified form of the Texas state court pattern jury instructions, which interweave the jury questions (i.e., the verdict form) into the instructions. But we are not in state court (and the thousands of cases in this MDL, by virtue of diversity jurisdiction, are all in federal court). In Texas *federal* court, the most typical "local practice" is to have the instructions (applying substantive Texas law) and the verdict form be separate documents. *See*, *e.g.*, *Verdecia v. State Farm Lloyds*, No. 23-cv-00067, ECF 158 (W.D. Tex. Apr. 9, 2025) (attached as **Exhibit A**). *Jordan v. Zavolas*, No. 4:18-cv-00004, ECF 43 (S.D. Tex. Nov. 15, 2018) (attached as **Exhibit B**); *Knight v. Cooper*, No. 5:17-cv-00234, ECF 77 (W.D. Tex. June 6, 2018) (attached as **Exhibit C**). Uber cites what it says are examples of courts adopting its approach, but two of those examples (**Exhibit D** and **Exhibit E**) in fact mostly do what Plaintiff proposes here: give the jury its instructions and then ask it to fill out a verdict form (without the questions being interwoven with the instructions).

Uber's approach, although adopted in the pattern instructions, is not required by Texas law. The Texas Rule of Civil Procedure Uber cites requires only that the court "submit such instructions and definitions as shall be proper to enable to the jury to render a verdict." Tex. R. Civ. P. 277. The Rule does not prohibit the standard federal practice of setting out jury instructions and verdict forms in separate documents.

Even if Texas did require the approach Uber requests, that requirement would not apply in federal court. Unlike substantive law, a state court system's form of verdict does not control in federal court. The "court has the broad authority given by Fed. R. Civ. P. 49 and is not bound by state procedures on special issues." *S. Pac. R.R. v. Montalvo*, 397 F.2d 50, 51 (5th Cir. 1968); *see also* Fed. R. Civ. P. 49, advisory committee notes ("The Federal courts are not bound by state statutes authorizing or requiring the court to ask a jury to find a special verdict or to answer interrogatories."); 9B Fed. Prac. & Proc. Civ. § 2502 (3d ed.) ("The courts uniformly have reached the result predicted by the Advisory Committee and have refused to regard state law as controlling on the utilization of special verdicts and interrogatories. State law does not govern … the form of the questions submitted, how the jury is to be instructed, … or any other detail of the special verdict and interrogatory practice."). The form of the jury instructions and verdict are federal questions for this federal court.

[10] Tex. Pattern Jury Instr. 4.1, which is written in the form of a question rather than an instruction. The pattern notes that it "is a broad-form question designed to accompanied by one or more appropriate instructions."

[11] Tex. Pattern Jury Instr. 4.1.

Uber's approach of interweaving questions in the jury instructions is also at least in tension with the Federal Rules, which envision separate instructions (governed by Rule 51) and form of verdict (governed by Rule 49). A separate verdict form is also less confusing because it does not require the jury to dig through dozens of pages of instructions in order to find the questions it must answer.

If the Court agrees with Plaintiff on the form of verdict, then it should give Plaintiff's proposed instruction, which introduces the claim and sets out its elements in neutral fashion reflective of the pattern jury instruction.

**Uber's Position:**

The Court should adopt Uber's proposal to the use of jury questions, which combines and integrates the jury verdict form with the substantive jury instructions. This approach is standard in Texas state courts. *See* Tex. R. Civ. P. 277 ("In all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions," with "such instructions and definitions as shall be proper to enable the jury to render a verdict."). Doing so clarifies the jury's task, which is to answer the verdict form's questions in light of the governing law. The Texas pattern jury instructions, which both parties cite in their respective submissions, reflect as much, and Plaintiff's submission re-writes these pattern instructions to separate the question from the instruction. *See, e.g.*, Texas Pattern Jury Charge 4.1 – Joint Submission of Negligence and Proximate Cause; *id.* 28.3 – Personal Injury Damages – Basic Question.

Contrary to Plaintiff's suggestion, it is not unusual for federal courts to follow the same practice in Texas, or alternatively, to follow a hybrid approach where the verdict form contains certain substantive instructions, even if stock instructions may be given in a separate document. *See, e.g.*, Court's Instructions to the Jury, Dkt. 52, *Mireles v. Bodega Latina Corp.*, No. 3:18-cv-00034-DB (Nov. 6, 2019) (attached as **Exhibit D**); Verdict Form, Dkt. 56, *Mireles v. Bodega Latina Corp.*, No. 3:18-cv-00034-DB (Nov. 6, 2019) (attached as **Exhibit E**); Verdict Form on Damages, Dkt. 97, *Paez v. Wal-Mart Stores Texas, LLC*, No. 3:20-CV-00321-DCG (W.D. Tex. June 21, 2022) (attached as **Exhibit F**). Plaintiff highlights that separate verdict forms were used in Exhibit D and E, but this ignores the form of the instruction used in Exhibit D (which included the questions asked of the jury in the instructions themselves) and the similar level of detail provided in the verdict form submitted to the jury in both Exhibits E and F. Indeed, Plaintiff's own Exhibits A and B show that when federal district courts in Texas utilize separate verdict forms, they carry over detailed instructions in connection with certain instructions (damages, in these examples).

The Court has repeatedly expressed a preference for following local practice, including with regard to jury instructions. *E.g.*, 4/16/26 *Mensing* Tr. 318:5-19 ("Well, I want to do what is usually done here. So if both [instructions] are usually given [in North Carolina], I'll give both of them."); 9/25/26 *QLF* Tr. 132:23-25 ("And so I look at this and I want to make sure that when the day is over, it's indicative of how a case in Texas would be tried by a Texas court."). This Court should adhere to that principle in this case, and accordingly follow the standard Texas practice of combining the jury instructions with the verdict form.

**[Disputed] Negligence and Ordinary Care[12]**

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

**Uber's Proposed Addition:**

If you find that Uber complied with the Texas law governing background checks for Transportation Network Company (TNC) drivers in conducting its background check of Mr. Le, then you must find that Uber exercised ordinary care with respect to its background check of Mr. Le.

**Plaintiff's Contingent Proposed Addition (subject to objecting to any addition at this time):**

Texas law required Uber to conduct, or cause to be conducted, a local, state, and national background check before permitting an individual to log in as a driver on the company's digital network.

Uber's compliance or non-compliance with that law is evidence of Uber's use of reasonable care, but is not dispositive of that issue. If you find that Uber complied with the law, you may consider Uber's compliance as evidence of reasonable care. If you find that Uber did not comply with the law, you may consider Uber's non-compliance as evidence of a lack of reasonable care.

**Plaintiff's Position:**

In Texas law, "[c]ompliance with statutory standards is evidence of the use of reasonable care but is not necessarily dispositive of that issue." *Morris v. JTM Mats., Inc.*, 78 S.W. 28, 50 (Tex. App. 2002) (collecting cases). The Texas Court of Appeals has confirmed that the general principle applies to the TNC statute and its background-check provisions specifically. *See Freyer v. Lyft, Inc.*, 639 S.W.3d 772, 784 (Tex. App. 2021).

The only authority Uber cites for the proposition that the TNC statute is exempt from this general rule is Tex. Civ. Prac. & Rem. Code § 150E.003(b). As explained in Plaintiff's Opposition to Summary Judgment, that statute (1) was enacted after Plaintiff was assaulted and does not apply retroactively and (2) expressly limits only vicarious liability. *See* ECF 7468 at 22-23. Uber's position is based on an example the statute gives of negligent conduct, following the word "including." But in Texas, as in most jurisdictions, "[i]ncludes' and 'including' are words of enlargement and not limitations or exclusive enumeration, and the use of the terms does not create

[12] Tex. Pattern Jury Instr. 2.1

a presumption that components not expressed are excluded." Tex. Gov't Code § 311.005(13); *see also In re E.C.R.*, 402 S.W.3d 239, 246 n.6 (Tex. 2013). Moreover, when the Texas legislature limits liability based on compliance with a statute, it does so expressly, not obliquely, consistent with the general rule requiring a clear statement to abrogate common-law principles. *See*, *e.g.*, Tex. Civ. Prac. & Rem. Code § 82.008(a) (setting out rebuttable presumption in products liability actions based on compliance with regulations); *Taylor v. Tolbert*, 644 S.W.3d 637, 649 (Tex. 2022) ("[S]tatutes purporting to abrogate common-law principles must do so either expressly or by necessary implication.").

**<u>Uber's Position:</u>**

As explained in Uber's Motion for Summary Judgment, Plaintiff's negligence theories premised on the background check of Mr. Le fail as a matter of law because Uber indisputably complied with the requirements of the Texas Transportation Network Company ("TNC") statute regarding background checks of TNC drivers. *See* Tex. Occ. Code § 2402.107; Tex. Civ. Prac. & Rem. Code § 150E.003(b); Uber's Mot. for Summary Judgment, MDL Dkt. 7328, at 12-14. Contrary to Plaintiff's argument, § 150E.003 does not limit its scope to vicarious liability, instead explaining in subsection (b) that it leaves in place the rules governing direct liability, and further clarifying that a TNC would need "actual knowledge that the driver was disqualified from logging on to the company's digital network" to be liable for its "own negligence," citing Tex. Occ. Code § 2407.107(b) (i.e., the TNC background-check statute). Even if the Court were to deny summary judgment on the ground that a factual issue remained as to whether Uber complied with the TN statute, the jury should be instructed that Uber's compliance with that statute in the background check of Mr. Le is conclusive evidence that Uber acted with ordinary care with regard to that background check.

**[Disputed] Proximate Cause**[13]

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom.

**Plaintiff's Proposed Addition:**[14]

There may be more than one proximate cause of an injury.

**Uber's Proposed Additions**:[15]

A "new and independent cause" of an injury is the act or omission of a separate and independent agent, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the injury in question.

There may be more than one proximate cause of an injury, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an injury, then no act or omission of any party could have been a proximate cause.

**Plaintiff's Position**:

Uber's proposed additions to the Proximate Cause pattern instruction should not be given. Instead, the Court should stick to the default language in Pattern Instruction 2.4 ("There may be more than one proximate cause of an injury.").

The "New and Independent Cause" instruction (Tex. Pattern Jury. Instr. 3.1) should not be given for essentially the same reasons such an instruction was inappropriate in the *Dean* Arizona case. A "new and independent cause … is an act or omission not brought into operation by the original wrong act of the defendant, and operates entirely independently of the defendant's allegedly negligent act of the defendant." *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 857-58 (Tex. 2009) (affirming refusal to give jury instruction). Where, as here, "the risk resulting from the intervening act is the same risk resulting from the original actor's negligence, the intervening act cannot be classified as a superseding cause." *Id.* at 859; *see also Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 453 (Tex. 2006) ("Where the intervening act's risk is the very same risk that renders the original actor negligent, the intervening act cannot serve as a superseding cause. … Because these are our present circumstances, Crown Derrick was not entitled to an instruction on new and independent cause.").

Uber has no answer to the clear rule elucidated in *Colombia* and *Dew*. Uber argues that in

[13] Tex. Pattern Jury Instr. 2.4 (modified to select "injury" bracketed option rather than "occurrence")

[14] Tex. Pattern Jury Instr. 2.4

[15] Tex. Pattern Jury Instr. 3.1 (if given, "New and Independent Cause" instruction adds to Tex. Pattern Instruction 2.4); Tex. Pattern Jury Instr. 3.2 (if given, instruction supplants final sentence of Tex. Pattern Jury Instr. 2.4);

*Dew* whether or not there was an intervening force was a disputed question of fact. But that does not explain *Dew*'s clear holding that a *jury instruction* was not warranted because "the risk resulting from the intervening act is the same risk resulting from the original actor's negligence."

Uber argues that *Columbia* is distinguishable because in that case the defendant and the non-parties "were charged with effectively the same wrongful conduct" whereas, here there is "a much clearer distinction" between the two sets of conduct. But no such distinction appears in *Columbia* itself, which instead emphasized that the non-party doctors had an "independent duty" that was breached. 284 S.W.3d at 858. The court gave no indication that its opinion was based on the "same conduct" reasoning Uber supplies.

Against two recent, on-point Texas Supreme Court decisions, Uber cites older and lower decisions. *Perez v. Weingarten Realty Invs.*, 881 S.W.3d 490 (Tex. App. 1994), predated *Dew* and and *Columbia* by more than a decade, and did not apply the rule that those cases make clear controls in Texas. *Phan Son Van v. Pena*, 990 S.W.3d 751 (Tex. 1999), is at least a Texas Supreme Court case, but one easily distinguished. In that case, the defendant was accused of serving alcohol to minors, who went on to commit "assault and murder." *Id.* at 752. The court easily concluded that "the harm inflicted by the gang members was different in kind from that generally contemplated by the duty not to furnish alcoholic beverages to minors." *Id.* at 755. Here, in contrast, Uber's duty encompasses preventing drivers from sexually assaulting passengers, as confirmed by the ample evidence that such assaults are a significant risk known to Uber and by the Texas law requiring Uber to screen specifically for sexual-based offenses.[16]

Similarly, the Sole Proximate Cause instruction is appropriate *only* where there is evidence that the defendant bears *no* responsibility for the harm. *See Dillard v. Tex. Elec. Co-op.*, 157 S.W.3d 429, 434 (Tex. 2005) (explaining that "the instructions on new and independent cause and sole proximate cause can cover much of the same territory"). There is no Texas case approving a Sole Proximate Cause instruction in circumstances like these, where the defendant owed a duty to exercise case in selecting a third party who then harmed the plaintiff—i.e., the third party's conduct is part of the defendant's breach of duty. For example, in *CMH Set & Finish, Inc. v. Taylor*, 2016 WL 1254063 (Tex. App. Mar. 31, 2016), the plaintiff alleged that the defendant breached its "duty to inspect and maintain [a] tractor-trailer," specifically to ensure that the "lug nuts" were "[]properly torqued." *Id.* at *2. The defendant requested a Sole Proximate Cause instruction on the theory that a "third-party vendor" whom the defendant used "to service its tires "improperly torqued the lug nuts on the morning of the accident." *Id.* at *4. The trial court denied the instruction, and the appellate court affirmed. The court explained: The plaintiff's "theory was that [the defendant] was not negligent simply because the lug nuts were loose. Instead … [the plaintiff's] theory was that [the defendant] was negligent because it was responsible for properly maintaining and inspecting the tractor-trailer. The fact that [the defendant] is unable to identify who might have serviced its vehicle after the fact does not support the conclusion it shares no portion of the responsibility for the accident." *Id.*; *see also Wal-Mart Stores Tex., LLC v. Autrey*, 2021 WL 1216890, at *12 (Tex. App. Apr. 1, 2021) ("Here, even if the jury believed that the man was holding a cup, that it had a liquid in it, and that he spilled it on the floor as he walked out of the store, those actions would not negate the fact that Autrey's fall was proximately caused by Walmart's failure to warn invitees of the spill or to make the premises reasonably safe.").

Instead, courts give the Sole Proximate Cause instruction when the third party's conduct is independent of and unrelated to the defendant's conduct. In *Bel-Ton Elec. Serv., Inc. v. Pickle*, 915 S.W.2d 480 (Tex. 1996), the plaintiff alleged that the defendant electrician was negligent in not removing certain electrical switches (that "controlled the hangar doors" that crushed the plaintiff) at the plaintiff's workplace. *Id.* at 480. The defendant contended that "sometime after [it] completed its work" (removing, nor not removing) switches, one of the plaintiff's co-workers "intentionally jammed a switch … because of the ongoing feud with other [] employees over the use of the hangar doors," causing the plaintiff's injuries. *Id.* at 481. In other words, the asserted "sole cause" was a

[16] *Boggs v. Bottomless Pit Cooking Team*, 25 S.W.3d 818 (Tex. App. 2000), is similar to *Phan*.

third party that the electrician defendant—and the duty assigned to it—had nothing to do with. The reason the electrician was hired to remove the switches was the risk of someone accidently pressing them, not the risk of a workplace feud resulting in intentional attacks via hangar door. Here, in contrast, one of the reasons Uber is responsible for preventing sexual assault is the real risk of sexual assault, again as demonstrated by Uber's own documents and data and the Texas TNC statute.

Similarly, in *Dresser Indus., Inc. v. Lee*, 880 S.W.2d 750 (Tex. 1993), the defendant manufactured allegedly dangerous "silica flour and silica sand" and the plaintiff worked at a "foundry where pipe is made using" the silica products. *Id.* at 751-52. But the products were not dangerous in the state in which they were delivered to the customer; rather, "the pipe-making process utilized" at the foundry "produced a power of minute particles of silica" that caused disease. *Id.* The court held that the manufacturer defendant was entitled to a Sole Proximate Cause instruction based on evidence that the employer's negligence—not requiring the plaintiff to use safety gear—was the only cause of the plaintiff's injuries. *Id.* at 751-55. The employer's actions were completely independent of the manufacturer's alleged tortious conduct.

Finally, both instructions are "inferential rebuttal instructions." The Texas Supreme Court has held that inferential rebuttal instructions are not mandatory even if supported by the evidence. Tex. Pattern Jury Inst. 3.2, cmt. (citing *Gunn v. McCoy*, 554 S.W.3d 645, 676 (Tex. 2018).

**<u>Uber's Position</u>**:

The Court should give Uber's requested instructions on "new and independent cause" and "sole proximate cause." The facts of this case present a triable question as to whether Mr. Le's criminal sexual assault of Plaintiff was a new and independent cause or the sole proximate cause of Plaintiff's injuries, such that any causal connection between Uber's purported negligence and Plaintiff's injuries is severed. The Court should accordingly deliver these instructions and allow the jury to be the arbiter of facts on these significant questions.

The general rule in Texas is that "a person's criminal conduct is a superseding cause extinguishing liability of a negligent actor," except that "the tortfeasor's negligence . . . is not superseded when the criminal conduct is a foreseeable result of the negligence." *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313-314 (Tex. 1987), *superseded by statute on other grounds*; *see also Gutierrez v. Scripps-Howard*, 823 S.W.2d 696, 700 (Tex. App.—El Paso 1992) (same). Plaintiff has no answer to this basic proposition, which controls in this case. Here, Plaintiff's core contention is that Mr. Le criminally assaulted Plaintiff, and the question whether that assault was a foreseeable result of Uber's purported negligence in allowing him access to the app is a quintessential jury question. Texas appellate courts have expressly held as much in analogous cases. For example, in *Perez v. Weingarten Realty Investors*, 881 S.W.2d 490 (Tex. App.—San Antonio 2011), a tenant raped in her apartment by another resident sued the management company, arguing that it had negligently failed to provide security for the apartment complex—conceptually tracking the same theory of liability asserted here. The trial court instructed the jury on new and independent cause and sole proximate cause and the Court of Appeals affirmed. *Id.* at 495-97. Notably, in holding that foreseeability presented a jury question, the Court rejected the very argument that Plaintiff makes here, i.e., that these instructions were unwarranted because "the rape . . . is the very act that the defendants were charged with negligently failing to prevent." *Id.* at 495. Analogously, Texas appellate courts have also held new and independent cause and sole proximate cause to be viable defenses in dram shop actions where a store or bar was accused of negligently over-serving a customer who went on to commit a crime while intoxicated. *Phan Son Van v. Pena*, 990 S.W.2d 751, 755 (Tex. 1999) (affirming trial court's grant of summary judgment to defendant on ground of superseding cause); *Boggs v. Bottomless Pit Cooking Team*, 25 S.W.3d 818, 824-25 (Tex. App. 2000) (similar).

Plaintiff places heavy reliance on the Texas Supreme Court's decisions in *Columbia Rio*

*Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851 (Tex. 2009) and *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 453 (Tex. 2006), but the facts of those cases are not analogous to those alleged here, and the propositions for which Plaintiff cites them therefore do not control here. As an initial matter, neither *Columbia Rio Grande* nor *Dew* involved a situation where the intervening event that caused the plaintiff's injury was a criminal act by a third person. These cases (unlike *Perez*) therefore fall outside the scope of the rule from *El Chico Corp.* and *Gutierrez* entirely. In *Dew*, moreover, "a fact question existed as to whether any intervening act occurred" in the first place. 208 S.W.3d at 450. In that case, the plaintiff died after falling through an opening in an oil derrick platform, which his estate argued was negligently left unguarded. The defendant argued that there had been a rope barrier around the opening and sought a new and independent cause instruction on the ground that a third-party must have removed the rope. There were no witnesses to the accident, however, and so a fact question remained as to "whether any subsequent forces intervened" to cause the accident. *Id.*

*Columbia Rio Grande* is also inapposite. There, the defendant hospital and the non-party doctors were charged with effectively the same wrongful conduct, i.e., failing to timely inform a patient of a cancer diagnosis. The hospital failed to expressly notify the doctors (but included the diagnosis in the plaintiff's hospital records), and the doctors failed to review the records with the diagnosis. Plaintiff quotes language from the opinion that the doctors had an "independent duty" to review the records, but the fact remains that the doctors and the hospital breached their duties through effectively the same ***conduct***. That is not what happened here: what is alleged is not that Uber set into motion some injurious sequence of events that Mr. Le failed to prevent. Instead, the facts evince a much clearer distinction between Uber's purported negligence (e.g., allegations of background check issues, failing to provide a gender-matching safety feature, advertising Uber as a safe option for intoxicated passengers) and the intentional, criminal act committed by Mr. Le.

On sole proximate cause, *Bel-Ton Elec. Serv., Inc. v. Pickle*, 915 S.W.2d 480 (Tex. 1996), cited by Plaintiff, similarly supports Uber's position. Plaintiff contends that the standard set forth in that case is whether the third party's conduct is independent of and unrelated to the defendant's conduct; and here, there is a clear question for the jury whether Mr. Le's criminal conduct is independent of and unrelated to Uber's purported negligence. Notably, the mere fact that Uber's negligence was allegedly a cause-in-fact of Plaintiff's injuries is no reason not to instruct the jury on this defense; in *Bel-Ton*, the defendant electrician's failure to remove certain switches was similarly the but-for cause of the injury since, had the switches been removed, no one could have smashed them (which was the alleged cause of the injury). *Dresser Indus., Inc. v. Lee*, 880 S.W.2d 750 (Tex. 1993) is similar. There, the Court held that the manufacturer of a dangerous product was entitled to a sole proximate cause instruction in light of a downstream employer's failure to provide adequate protective gear; here, likewise, Uber should receive that instruction where the conduct of the downstream actor (Mr. Le) was similarly independent of Uber's conduct.

For all these reasons, the Court should instruct the jury on new and independent cause and sole proximate cause.

**Consider Damages Only If Necessary**[17]

If Plaintiff has proved her claim against Uber by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Uber is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Uber is liable and that Plaintiff is entitled to recover money from Uber.

[17] Fifth Cir. Pattern Civil Instr. 15.1 (amended to remove Plaintiff name).

**Compensatory Damages**[18]

If you find that Uber is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that has suffered because of Uber's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Uber's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Uber. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence.

1. Physical pain and mental anguish sustained in the past.

2. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future.

---

[18] Fifth Cir. Pattern Civil Instr. 15.2 (amended to remove Plaintiff name, add the word "Compensatory" in the second paragraph); Tex. Pattern Jury Instr. 28.3 (for categories of damages recoverable).

3. Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.[19]

[19] Uber objects to the inclusion of the third element of alleged damages with respect to future medical on the ground that Plaintiff has not submitted admissible evidence of such expenses. The only proffered evidence is the opinion of Leigh Anne Levy, whose testimony is unreliable and inadmissible for the reasons set forth in Uber's motion to exclude that testimony. *See* MDL Dkt. 7356.

### [Disputed] Injury, Pain, and Loss of Capacity for Enjoyment of Life

**Plaintiff's Proposed Instruction:**[20]

You may award damages for any pain and suffering or mental anguish that Plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**Uber's Proposed Instruction (changes from Plaintiff's instruction indicated in ~~strike-through~~ and red):**

You may award damages for any physical pain ~~and suffering~~ or mental anguish that Plaintiff experienced in the past or, in reasonable probability, will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**Plaintiff's position:**

Uber argues that Plaintiff's instruction is inconsistent with Texas pattern instructions, but omits the fact that there is no Texas pattern instruction for this point (which both parties agree the jury should understand). There *is* a Fifth Circuit pattern instruction, which Texas federal courts typically give in non-economic damage personal injury cases. *See*, *e.g.*, *Jordan v. Zavolas*, No. 4:18-cv-00004, ECF 39, at 10 (S.D. Tex. Nov. 15, 2018) (attached as **Exhibit G**). Plaintiff's proposal reflects the Fifth Circuit pattern instruction, modified only to remove Plaintiff's name and conform to the damages categories at issue.

**Uber's position:**

The Texas pattern language uses the terms "physical pain and mental anguish" to describe the personal injuries that are compensable by noneconomic damages. *See* Tex. Pattern Jury Instr. 28.3. Indeed, this is the language contained in the pattern instruction requested by Plaintiff immediately preceding this one. For consistency and clarity, the same formulation should carry through into this instruction, especially because Texas's distinction between "physical" and

[20] Fifth Cir. Pattern Civil Instr. 15.3 (amended to remove Plaintiff name and conform to damages categories at issue)

"mental" injuries adds clarity to what the jury is to consider. Moreover, the reference to future damages (if any) should be modified by the words "in reasonable probability," which is also standard language in the Texas pattern instructions. *See id.* It is no accident that these words are included in the pattern instruction. The Texas Supreme Court long ago made plain that the concept of "reasonable probability" is a "very vital element" of a request for future damages; that "courts have been zealous in safeguarding th[is] rule"; that "instructions with respect to this rule should be faithfully adhered to"; and that it is reversible error to instruct the jury without this language. *Fisher v. Coastal Transp. Co.*, 149 Tex. 224, 226-30, 230 S.W.2d 522 (1950).

**[Disputed] Personal Injury Damages—Aggravation of Pre-Existing Injury or Condition[21]**

If the damages you found have resulted in part from any preexisting injury or condition that was causing symptoms at the time of the occurrence in question, do not include any amount for any such preexisting injury or condition, except to the extent the preexisting injury or condition was aggravated by the occurrence in question.

**Plaintiff's Proposed Addition:**[22]

If a preexisting injury or condition was not causing any symptoms at the time of the occurrence in question but made the plaintiff more susceptible to injury than a person without that injury or condition, include damages, if any, resulting from a combination of the preexisting injury or condition and the occurrence in question.

**Plaintiff's Position:**

Uber has indicated intent to put on evidence that every negative event in Plaintiff's life (including "a move to New York") left her damaged goods and less harmed by the Uber driver sexual assault than a person without those experiences would have been. The jury is entitled to evaluate whether that evidence shows alternative causation—as Uber contends—or instead merely made Plaintiff more susceptible to the conditions she developed after being assaulted. Uber wants the Court to put a thumb on the scale for Uber's theory, which jury instructions are not supposed to do.

The Court gave a parallel instruction in *Dean* over the same objections from Uber, and should so here as well. *See* ECF 5167 at 25.

**Uber's Position:**

Uber objects to Plaintiff's proposed instruction (Texas Pattern Jury Instruction 28.8C) regarding Plaintiff's unusual susceptibility to injury, i.e., the "eggshell plaintiff" instruction. A proposed jury instruction must be supported by "more than a scintilla" of evidence. *Elabor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992). Here, however, Plaintiff has not proffered any evidence supporting a conclusion that she was unusually susceptible to injury.

---

[21] Tex. Pattern Jury Instr. 28.8B

[22] Tex. Pattern Jury Instr. 28.8C

## [Disputed] Personal Injury Damages—Life Expectancy

**Plaintiff's Proposed Instruction:**[23]

In assessing any damages that Plaintiff will experience in the future, you are instructed to accept as a fact that Plaintiff's life expectancy is an additional 54 years to an age of 83, according to the CDC's 2023 United States life tables, which are available for your review as Court Exhibit __.

**Plaintiff's Position:**

Uber does not seriously dispute that Plaintiff's life expectancy is a fact subject to judicial notice. If necessary, Plaintiff will file a motion for the Court to take judicial notice of the life tables (as the Court did in *Dean*). Once the Court takes judicial notice of a fact, "the court must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f). Uber is free to argue to the jury that Plaintiff will not experience damages in the future. The Court instructed the jury on life expectancy in *Dean* and should do so here.

**Uber's Position:**

The Court should not instruct the jury on Plaintiff's life expectancy. Plaintiff is attempting to use the jury instructions to portray as a fact a point that is actually disputed—which is whether Plaintiff's alleged injuries will persist for her lifetime. The Court's instructions of law are not the proper vehicle for this purpose. *See United States v. Bishop*, 264 F.3d 535, 553 (5th Cir. 2001) (explaining that the purpose of jury instructions is to "correctly state the law and clearly inform jurors of the principles of law applicable to the factual issues"). The authorities cited by Plaintiff in the footnote below provide, at best, that the fact of Plaintiff's remaining life expectancy may be admissible and judicially noticeable – and Plaintiff may, at the appropriate time, make a motion (which Uber reserves the right to oppose) for the Court to take judicial notice of actuarial tables. But Plaintiff's remaining life expectancy is not an element of her damages claim, and so it need not be included in the jury instructions. *See, e.g.*, *Wal-Mart Stores, Inc. v. Ard*, 991 S.W.2d 518, 523 (Tex. App—Beaumont 1999) ("Proof of life expectancy is not required to recover lost future earnings.").

---

[23] *Lutkus v. Garcia*, 2025 WL 1829778, at *11 (Tex. App. July 3, 2025) (life expectancy tables admissible evidence of life expectancy); *Aetna Cas. & Sur. Co. v. Hill*, 1992 WL 172384, at *2 (Tex. App. July 21, 1992) (unpublished) ("We hold that the trial court correctly took judicial notice of the life table.").

**[Disputed] Personal Injury Damages – Basic Question**

**<u>Uber's Proposed Instruction:</u>**[24]

**<u>Question 2</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for her injuries, if any, that were proximately caused by Uber?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

1. Physical pain and mental anguish sustained in the past: $__________________

2. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future: $__________________

3. Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. $_________[25]

**<u>Plaintiff's Position:</u>**

As explained in Plaintiff's Position Statement on the "Negligence" instruction (page 12, *supra*), the Court should give the jury a separate verdict form rather than interlineate questions in the jury instructions.

**<u>Uber's Position:</u>**

Uber incorporates by reference its position statement on the "Negligence" instruction with respect to the propriety of following Texas law and providing the questions to the jury as part of the jury instructions.

---

[24] Tex. Pattern Jury Instr. 28.3.

[25] Uber disputes the element of future medical expenses for the reasons detailed in note 19, *supra*, but includes it here as the third element, subject to its objection, to illustrate what this question would look like if the objection is overruled.

**No Exemplary Damages**[26]

You must not include in your award any damages to punish or make an example of Uber. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate the plaintiff for any loss.

[26] CACI 3924.

**Duty to Deliberate; Notes**[27]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

[27] Fifth Cir. Pattern Civil Instr. 3.7 (selected option where jury was permitted to take notes)

**[In-Trial Instruction] Deposition Testimony**[28]

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be shown to you today. Edits were made both to shorten the video and to comply with my earlier out-of-court rulings on specific objections or issues raised during the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

---

[28] Adapted from Fifth Cir. Pattern Civil Instr. 2.13 (modified to explain video editing)

**[In-Trial Instruction] Video Corporate Representative Deposition Testimony[29]**

You will now be shown the video-recorded testimony of Uber through a witness designated by Uber to testify on its behalf. The testimony concerns information known or reasonably available to Uber. The testimony should be considered by you as testimony of Uber itself except when it is clear from context or an instruction by the Court that the witness is speaking only on his or her own behalf. Edits were made both to shorten the video and to comply with my earlier out-of-court rulings on specific objections or issues raised during the testimony. You should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[29] Adapted from Fifth Cir. Pattern Civil Instr. 2.13 to instruct jury on nature of 30(b)(6) testimony

**[In-Trial Instruction] [Disputed] Expert Work on Multiple Cases**

**Plaintiff's Proposed Instruction:**

You have heard an expert or experts testify as to the amount of money they have been paid for their work in this litigation. It is important for you to know that this trial is part of a larger Multi-District Litigation (MDL) proceeding. An MDL involves a number of similar cases filed in different parts of the country. All of the similar cases are consolidated and transferred to one judge for handling. These cases were consolidated for purposes of the MDL for reasons of efficiency only because they share certain facts in common, including some common expert witnesses.

**Uber's Proposed Instruction (changes from Plaintiff's instruction indicated in ~~strike-through~~ and red):**

You have heard an expert or experts testify as to the amount of money they have been paid for their work in this litigation. Experts may testify across other cases, whether of a similar nature or not, which might contribute to their overall fees. ~~It is important for you to know that this trial is part of a larger Multi-District Litigation (MDL) proceeding. An MDL involves a number of similar cases filed in different parts of the country. All of the similar cases are consolidated and transferred to one judge for handling. These cases were consolidated for purposes of the MDL for reasons of efficiency only because they share certain facts in common, including some common expert witnesses.~~

**Plaintiff's Position**:

Plaintiff's proposed instruction reflects what the Court gave in *Dean* and what the Court indicated it would give in *WHB 823* if Uber elected to ask Plaintiff's experts about their total compensation or hours worked. If Uber asks such questions, the instruction is necessary to ensure that the jury is not given a misleading impression that an expert was paid an inordinate amount relative to the value of the single case at issue. Uber's proposal is insufficient: it tells the jury only that experts "may testify" in other cases, which "might contribute to their overall fees." In reality, Plaintiff's experts *did* testify in other cases (and *will* testify in more), which *did* contribute to their overall fees.

If Uber does not want the jury to know that there are many similar cases pending, the solution is simple: do not ask Plaintiff's experts how many hours they have worked or what they have been paid. If the door is not opened, this instruction is unnecessary.

**Uber's Position**:

Uber objected to this instruction in *Mensing* and the Court did not give it after the parties agreed

that experts would be asked their hourly rate but not the number of hours worked in the litigation. *See* 4/16/23 Tr. 318:20-327:18. It should follow the same course here. Plaintiff's proposed instruction improperly references other litigations against Uber and should be rejected. It is well-established that "references to other litigations risk danger of unfair prejudice, confusion of the issues, and misleading the jury." *SPEX Techs., Inc. v. W. Digital Corp.*, No. 8:16-CV-01799-JVS (AGRX), 2024 WL 5379305, at *1 (C.D. Cal. Oct. 7, 2024); *see also BackGrid USA, Inc. v. Source Digital, Inc.*, No. 2:22-CV-06176-HDV (SKX), 2024 WL 3001344, at *1 (C.D. Cal. May 3, 2024) ("It is well-settled that alluding to a plaintiff's prior litigation actions is generally irrelevant and prejudicial under Federal Rule of Evidence 402."); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. CIV.A.05-CV-1887 DMC, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (references to "prior and/or collateral litigations are likely to result in unfair prejudice, confusion and undue delay will result"). As these and other courts have recognized, such references "tend to encourage a verdict in their favor based merely on the fact that [Uber] has been named as a defendant in other lawsuits." *Hubbell v. State Farm Fire & Cas. Co.*, No. 21-CV-0341-CVE-JFJ, 2022 WL 3050020, at *8 (N.D. Okla. Aug. 2, 2022) (prohibiting references to other litigation unless necessary to assess experts' experience or bias).

If the Court is inclined to give some instruction on this issue, Uber's proposed instruction strikes the right balance between informing the jury that an expert's fees may be high because they are testifying in other cases and improperly informing jurors that similar allegations have been made against Uber in other cases. It supplies Plaintiff all she needs to defend Dr. Valliere's hours worked or payments received, without unnecessarily highlighting the multiple cases pending against Uber. As a result, Uber requests that, if the Court decides to instruct the jury on this topic, that Uber's proposed instruction be given.