# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JOSE VERDECIA,<br>*Plaintiff,*<br><br>v.<br><br>STATE FARM LLOYDS and<br>MARVIN JOHNSON,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MO:23-CV-00067-DC |

## JURY VERDICT FORM

**Question 1:** Did State Farm or its agents, engage in "false, misleading, or deceptive act or practice" or "unfair or deceptive acts or practices" that Verdecia relied on to his detriment and did that act cause damage to Verdecia?

Answer "Yes" or "No."

Answer: NO

**Question 2:** Did State Farm engage in any of the above such conduct knowingly?

Answer "Yes" or "No."

Answer: NO

**Question 3:** Did State Farm engage in any "false, misleading, or deceptive act or practice" or "unfair or deceptive acts or practices" that Verdecia relied on to his detriment? and that was a producing cause of damages to Verdecia?

Answer "Yes" or "No."

Answer: NO

**Question 4:** Did State Farm engage in any of the above such conduct knowingly?

In answering this question, consider only the conduct that you have found was a producing cause of damages to Verdecia.

Answer "Yes" or "No."

Answer: NO

**Question 5:** Did State Farm engage in any of the above such conduct intentionally?

In answering this question, consider only the conduct that you have found was a producing cause of damages to Verdecia.

Answer "Yes" or "No."

Answer: NO

**Question 6:** Did State Farm commit fraud against Verdecia?

Answer "Yes" or "No."

Answer: NO

**Question 7:** Did State Farm or Marvin Johnson make a negligent misrepresentation on which Verdecia justifiably relied?

Answer "Yes" or "No."

Answer: NO

**Question 8:** Did the negligence of any of the following individuals proximately cause the injuries of Verdecia?

Answer "Yes" or "No" for each of the following.

1. State Farm NO
2. Marvin Johnson NO
3. Jose Verdecia Yes

If you answered "Yes" to Question 8 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the injury. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

**Question 9**: For each person you found caused or contributed to cause the injury or occurrence, find the percentage of responsibility attributable to each:

1. State Farm ____0____%
2. Marvin Johnson ____0____%
3. Jose Verdecia ____100____%

Again, the above percentages should add up to 100 percent.

**Question 10:** What sum of money, if paid now in cash, would fairly and reasonably compensate Verdecia for his injuries in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of State Farm.

Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

1. Physical pain and suffering sustained in the past.

Answer: Ø Dollars

2. Mental anguish sustained in the past.

Answer: Ø Dollars

3. Physical pain and suffering that, in reasonable probability, Verdecia will sustain in the future.

Answer: Ø Dollars

4. Mental anguish that, in reasonable probability, Verdecia will sustain in the future.

Answer: Ø Dollars

5. Disfigurement sustained in the past.

Answer: Ø Dollars

6. Disfigurement that, in reasonable probability, Verdecia will sustain in the future.

Answer: Ø Dollars

7. Physical impairment sustained in the past.

Answer: Ø Dollars

8. Physical impairment that, in reasonable probability, Verdecia will sustain in the future.

Answer: Ø Dollars

Case 7:23-cv-03087-DC-RCG Document 75-1 Filed 09/30/25 Page 5 of 15

# CERTIFICATE

Our verdict is unanimous. All of us have agreed to each and every answer. The presiding juror has signed the certificate for all of us as set forth below.

| | |
|---|---|
| Original Signed by Presiding Juror | Original has Printed Name of Presiding Juror |
| Signature of Presiding Juror | Printed Name of Presiding Juror |

SIGNED 9th April, 2025.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES-ZACHARY CLIFTON JORDAN | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-00004 |
| | § | |
| NOAH ZAVOLAS, | § | |
| *Defendant.* | § | |

## JURY QUESTIONS

The court gave the following questions to the jury on November 15, 2018.

Signed at Houston, Texas, on November 15, 2018.

Christina A. Bryan
United States Magistrate Judge

QUESTION NO. 1

Did the negligence, if any, of Noah Zavolas proximately cause the occurrence in question?

Answer "Yes" or "No" No

If you answer "Yes," proceed to Question 2.

## QUESTION NO. 2

What sum of money, if paid now in cash, would fairly and reasonably compensate James-Zachary Clifton Jordan for damages, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Do not include any amount for any condition that did not result from the occurrence in question.

Answer separately, in dollars and cents, for damages, if any.

a. Physical pain and mental anguish sustained in the past.

Answer: __________

b. Physical pain and mental anguish that, in reasonable probability, James-Zachary Clifton Jordan will sustain in the future.

Answer: __________

c. Physical impairment sustained in the past.

Answer: __________

d. Physical impairment that, in reasonable probability, James-Zachary Clifton Jordan will sustain in the future.

Answer: __________

e. Reasonable expenses of necessary medical care incurred in the past.

Answer: __________

f. Reasonable expenses of necessary medical care, that, in reasonable probability, James-Zachary Clifton Jordan will sustain in the future.

Answer: __________

CERTIFICATE

We, the jury, have answered the above and foregoing questions unanimously, and herewith return the same into court as our verdict.

11-15-2018
Date

Jury Foreperson

# EXHIBIT C

FILED
JUN 06 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____________ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RONIT KNIGHT,<br><br>*Plaintiff,*<br><br>v.<br><br>CAMERON COOPER and CENTRAL HAULING COMPANY, INC.,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 5:17-CV-234-OLG |

## VERDICT FORM

QUESTION 1

Did the negligence, if any, of those named below proximately cause the injury in question?

Answer "yes" or "no" as to each of the following:

Central Hauling Company, Inc.,
by and through its agent, Cameron Cooper NO

Ronit Knight YES

If you have answered "yes" to Question 1 for more than one of those named above, then answer the following question. Otherwise, do not answer the following question.

QUESTION 2

For each of those that you found in Question 1 to have caused or contributed to cause Plaintiff's injuries, find the percentage of responsibility attributable to each. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.

| | |
|---|---|
| Central Hauling Company, Inc., by and through its agent, Cameron Cooper | 0 % |
| Ronit Knight | 100 % |
| Total | 100% |

If you answered "yes" for Cameron Cooper and Central Hauling Company, Inc. in Question 1, and answered either "no" for Ronit Knight in Question 1, or 50% or less for Ronit Knight in Question 2, then answer the following question. Otherwise, do not answer the following question.

QUESTION 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Ronit Knight for her injuries, if any, that resulted from the automobile collision? Answer separately in dollars and cents, if any, or "none."

1. Physical pain sustained in the past.
   Answer: NONE
2. Physical pain that, in reasonable probability, will be sustained in the future.
   Answer: NONE
3. Physical impairment in the past.
   Answer: NONE
4. Physical impairment that, in reasonable probability, will be sustained in the future.
   Answer: NONE
5. Mental anguish sustained in the past.
   Answer: NONE
6. Mental anguish that, in reasonable probability, will be sustained in the future.
   Answer: NONE
7. Medical care expenses incurred in the past.
   Answer: NONE
8. Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.
   Answer: NONE
9. Lost wages in the past.
   Answer: NONE
10. Loss of wage earning capacity in the future.
   Answer: NONE

**VERDICT**

We, the jury, return the foregoing as our unanimous verdict.

Signature of Foreperson

June 6, 2018
Date