# EXHIBIT D

FILED

NOV 06 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EUSTOLIO MIRELES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-18-CV-354-DB** |
| | § | |
| **BODEGA LATINA CORPORATION** | § | |
| **d/b/a EL SUPER,** | § | |
| **Defendant.** | § | |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law that you must apply in this case. The law contained in these instructions is the law you must follow. It is your duty to follow what I instruct you the law is, regardless of any opinion you might have as to what the law should be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have any opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I might have said or done during the trial in arriving at your verdict.

You should consider all the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence—they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and decide whether the

evidence admitted in this trial supports their arguments. You must determine the facts from all the testimony you have heard and from the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You must not be influenced by passion, prejudice, or sympathy that you might have for the plaintiff or the defendant in arriving at your verdict.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Parties**

As you know, the plaintiff in this case is Eustolio Mireles. The defendant is Bodega Latina Corporation which does business as El Super. For convenience, I will refer in these instructions to Eustolio Mireles as "Plaintiff" and to Bodega Latina Corporation as "Defendant."

**Corporation or Business Entity**

A corporation or business entity can act only through its officers and employees. Any Act or omission of an officer or employee of the corporation or business entity, within the course and scope of his employment, is the act or the omission of the corporation or business entity.

### Bias—Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

### Burden of Proof: Preponderance of the Evidence

Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove that something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

### Preponderance of the Evidence

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

### Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Ordinary Care**

"Ordinary care," when used with respect to the conduct of Defendant, means that degree of care that would be used by a grocery retail store of ordinary prudence under the same or similar circumstances.

**Proximate Cause**

"Proximate cause," means a cause that was a substantial factor in bringing about an event and without which cause such event would not have occurred. In order to be a

proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

**Consider Damages Only If Necessary**

If Plaintiff has proved his claim against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

**Compensatory Damages**

If you find that Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury. If Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Damages

are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

**Mental Anguish**

"Mental anguish" means a relatively high degree of mental pain and distress. It is more than mere worry, anxiety, vexation, embarrassment, or anger. It must include a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair or public humiliation. There must be direct

evidence of the nature, duration, and severity that shows a high degree of mental pain and distress resulting in a substantial disruption of the daily routine of the Plaintiff.

**Injury/Pain**

You may award damages for any bodily injury that Plaintiff sustained and any pain and suffering, mental anguish, and/or loss of capacity for enjoyment of life that Plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**Aggravation instruction**

A tortfeasor takes the victim as he finds him and is responsible in damages for consequences of his tort even though the damages are greater because of the victim's prior condition. When the defendant's negligent act aggravates a preexisting condition or injury, the victim is entitled to compensation for the full extent of the aggravation.

**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you

were wrong. But do not give up your honest beliefs simply because the other jurors think differently or just to finish the case.

Remember at all times, you are the judges of the facts.

When you go into the jury room to deliberate, you may take with you a copy of this charge and the exhibits that I have admitted into evidence. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. In other words, you all must agree on your answer to each question in these instructions. After you have reached a unanimous verdict, your jury foreperson must write your answers to the questions in the blanks provided and sign and date the verdict form. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write down your question and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to jury room to begin your deliberations.

**JURY QUESTIONS**

**Question 1**

Did the negligence, if any, of the party named below proximately cause the event in question?

With respect to the condition of the premises, Defendant was negligent if:

a. *the condition* posed an unreasonable risk of harm, and

b. Defendant knew or reasonably should have known of the danger, and

c. Defendant failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

Answer "yes" or "no" for the party named below:

Defendant: ________________

**Question 2**

If you answered “Yes” to Question No.1 for Defendant, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

When considering damages, do not include any amount for any condition that did not result from the occurrence in question.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

1. Physical pain sustained in the past.

Answer:________________

2. Physical pain that, in reasonable probability, Plaintiff will sustain in the future.

Answer:________________

3. Mental anguish sustained in the past.

Answer:__________________

4. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future.

Answer:__________________

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EUSTOLIO MIRELES,**<br>**Plaintiff,** | §<br>§<br>§ | |
| **v.** | § | **EP-18-CV-354-DB** |
| **BODEGA LATINA CORPORATION**<br>**d/b/a EL SUPER,**<br>**Defendant.** | §<br>§<br>§<br>§ | |

**VERDICT FORM**

**Question 1**

Did the negligence, if any, of the party named below proximately cause the event in question?

With respect to the condition of the premises, Defendant was negligent if:

a. *the condition* posed an unreasonable risk of harm, and

b. Defendant knew or reasonably should have known of the danger, and

c. Defendant failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

Answer "yes" or "no" for the party named below:

Defendant: Yes

**Question 2**

If you answered "Yes" to Question No.1 for Defendant, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

When considering damages, do not include any amount for any condition that did not result from the occurrence in question.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

1. Physical pain sustained in the past.

Answer: $10,000.00

2. Physical pain that, in reasonable probability, Plaintiff will sustain in the future.

Answer: $15,000.00

3. Mental anguish sustained in the past.

Answer: $15,000.00

4. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future.

Answer: $15,000.00

We, the members of the jury, have answered the foregoing questions as instructed and hereby return our unanimous verdict.

11/06/2019 — Enrique Castaños

**DATE** — **FOREPERSON**

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED
June 21, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Greg Duenas
DEPUTY

| | | |
|---|---|---|
| **REBECCA PAEZ,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | |
| | § | **EP-20-CV-00321-DCG** |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

**VERDICT FORM ON DAMAGES**

**Question No. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Rebecca Paez for her injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the

negligence, if any, of Rebecca Paez. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

When considering damages, do not include any amount for any condition that did not result from the occurrence in question.

If a preexisting injury or condition was not causing any symptoms at the time of the occurrence in question but made the plaintiff more susceptible to injury than a person without that injury or condition, include damages, if any, resulting from a combination of the preexisting injury or condition and the occurrence in question.

1. Physical pain and mental anguish sustained in the past.

Answer: 122,640.00

2. Physical pain and mental anguish that, in reasonable probability, Plaintiff Rebecca Paez will sustain in the future.

Answer: 1,185,520.00

"Mental anguish" refers to a heightened emotional injury beyond ordinary grief; it encompasses keen and poignant mental suffering, a high degree of mental suffering, or an intense pain of mind or body. It includes a mental sensation of pain resulting from

such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair and/or public humiliation. It does not refer to mere fear, anger or sorrow, worry, anxiety, vexation, or embarrassment. Mental anguish requires direct evidence of the nature, duration, or severity of one's anguish that results in a substantial disruption of one's daily routine.

**SIGNED on this 21 day of June 2022, in El Paso, Texas**

[redacted]

Foreperson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **REBECCA PAEZ,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | |
| | § | **EP-20-CV-00321-DCG** |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

**VERDICT FORM ON DAMAGES**

**Question No. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Rebecca Paez for her injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the

negligence, if any, of Rebecca Paez. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

When considering damages, do not include any amount for any condition that did not result from the occurrence in question.

If a preexisting injury or condition was not causing any symptoms at the time of the occurrence in question but made the plaintiff more susceptible to injury than a person without that injury or condition, include damages, if any, resulting from a combination of the preexisting injury or condition and the occurrence in question.

1. Physical pain and mental anguish sustained in the past.

Answer: _______________

2. Physical pain and mental anguish that, in reasonable probability, Plaintiff Rebecca Paez will sustain in the future.

Answer: _______________

"Mental anguish" refers to a heightened emotional injury beyond ordinary grief; it encompasses keen and poignant mental suffering, a high degree of mental suffering, or an intense pain of mind or body. It includes a mental sensation of pain resulting from

such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair and/or public humiliation. It does not refer to mere fear, anger or sorrow, worry, anxiety, vexation, or embarrassment. Mental anguish requires direct evidence of the nature, duration, or severity of one's anguish that results in a substantial disruption of one's daily routine.

**SIGNED on this ___ day of June 2022, in El Paso, Texas**

______________________________

Foreperson