# EXHIBIT G

United States District Court
Southern District of Texas
**ENTERED**
November 15, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES-ZACHARY CLIFTON JORDAN | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-00004 |
| | § | |
| NOAH ZAVOLAS, | § | |
| *Defendant.* | § | |

**COURTS INSTRUCTIONS TO THE JURY**

The court gave the following instructions to the jury on November 15th, 2018.

Signed at Houston, Texas, on November 15th, 2018.

Christina A. Bryan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES-ZACHARY CLIFTON JORDAN | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-00004 |
| | § | |
| NOAH ZAVALOS, | § | |
| *Defendant.* | § | |

## <u>JURY INSTRUCTIONS</u>

## I. GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

During your deliberations, you must not communicate with or provide any information to anyone by any electronic means. You may not use any device or media, such as a cell phone, computer, the internet, any internet service, or any text

or instant messaging service, chat room, blog, or website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

**Parties and Definitions**

The plaintiff in this case is James-Zachary Clifton Jordan. The defendant in this case is Noah Zavolas.

Throughout these instructions and questions, plaintiff shall be referred to as plaintiff or Jordan. Defendant shall be referred to as defendant or Zavolas.

**Burden of Proof: Preponderance of the Evidence**

As the plaintiff, Jordan has the burden of establishing by a preponderance of the evidence that he is entitled to recover on a claim of negligence under Texas law. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Jordan has failed to prove any element of his claim by a preponderance of the evidence, then you must find in favor of Zavolas.

**Stipulations of Fact**

A stipulation" is an agreement. When there is dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Objections**

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against an attorney or the attorney's client because that attorney has made an objection.

If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative

value of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence.

If I sustained an objection to a question or to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to

accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Impeachment by Witnesses Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider

whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Deposition Testimony**

Certain testimony has been presented to you through deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you today. This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way, as if the witness had been present and had testified from the witness stand in court.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## Damages

If plaintiff has proved his claim against defendant by a preponderance of the evidence, you must determine the damages to which plaintiff is entitled. You should not interpret the fact that I am giving instructions about plaintiff's damages as an indication in any way that I believe that plaintiff should, or should not, win this case. It is your task first to decide whether defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that defendant is liable and that plaintiff is entitled to recover money from defendant.

If you find that defendant is liable to plaintiff, then you must determine an amount that is fair compensation for all of plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make plaintiff whole—that is, to compensate plaintiff for the damage that he has suffered. Compensatory damages are not limited to expenses that plaintiff may have incurred because of his injury. If plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of defendant's wrongful conduct. You may award compensatory damages only for injuries that plaintiff proves were proximately caused by defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize defendant. You should

not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered or that plaintiff is reasonably likely to suffer in the future. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may award damages for any bodily injury that plaintiff sustained and any pain and suffering, physical impairment, and/or mental anguish that plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

## II. SPECIFIC INSTRUCTIONS

### Negligence and Ordinary Care

"Negligence" means failure to use ordinary care, that is failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the actor or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefore. There may be more than one proximate cause of an injury.

To recover on his negligence claim, Jordan must prove by a preponderance of the evidence that:

1. Zavolas was negligent; and
2. Zavolas' negligence was a proximate cause of Jordan's injuries.

If Jordan has proved by a preponderance of the evidence that Zavolas' negligence was a proximate cause of his injuries, then your verdict should be for Jordan.

## III. CLOSING INSTRUCTIONS

### Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.

You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.