ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

---

This Document Relates to:

*Jane Doe LS 320 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04010-CRB,

*J.R.M. v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05840-CRB,

*Jane Doe LS 516 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05829-CRB,

Case No. 3:23-md-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**

Date: November 20, 2026
Time: 10:00 a.m. PST
Courtroom: 6 – 17th Floor

*Jane Doe LS 355 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05887-CRB,

*Jane Doe LS 153 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06011-CRB,

*A.R. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08177-CRB,

*Jane Doe NLG (M.G.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01714-CRB,

*Jane Doe NLG (B.D.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05972-CRB,

*Jane Roe CL 191 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06607-CRB,

*Jane Doe NLG (H.D.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00690-CRB,

*T.R. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01926-CRB,

*Jane Roe CL 315 v. Uber Technologies, Inc., et al.*, 3:26-cv-03850-CRB,

*Jane Roe CL 338 v. Uber Technologies, Inc., et al.*, 3:26-cv-05513-CRB,

*Jane Doe PNA (A.A.) v. Uber Technologies, Inc., et al.*, 3:26-cv-05643-CRB,

*Jane Doe PNA (H.F.) v. Uber Technologies, Inc., et al.*, 3:26-cv-05673-CRB, and

*E.S. 4712 v. Uber Technologies, Inc., et al.*, 3:26-cv-06777-CRB.

**NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 20, 2026 at 10:00 a.m. PST, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, via Zoom videoconference, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") will, and hereby do, move this Court for an order dismissing without prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to prosecute their cases and have failed to comply with Amended Pretrial Order No. 10.

This Motion is made pursuant to Amended Pretrial Order No. 10 (ECF 4287) and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Christopher V. Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: October 1, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*
CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**STATEMENT OF RELIEF SOUGHT**

Pursuant to the procedures set forth in Amended Pretrial Order No. 10 ("Amended PTO 10")[1], Uber seeks an order dismissing the above-captioned Plaintiffs' cases without prejudice for failure to timely and substantially comply with Amended PTO 10.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In March 2024, this Court entered Pretrial Order No. 10, which ordered each Plaintiff to submit a "substantially complete" PFS that "answer[ed] all applicable questions," "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record release Authorizations," and was accompanied by a production of "the requested documents." ECF 348 at 6. For Plaintiffs who filed their cases before March 26, 2025, the PFS was due within sixty days. *Id.* at 5. For all other Plaintiffs, the PFS was due within 30 days of the case being filed in, removed to, or transferred to this MDL. *Id.* at 5-6.

As the litigation progressed, many Plaintiffs failed to comply with their court ordered obligation to timely submit a substantially complete PFS, and Uber was forced to seek dismissal of those Plaintiffs' cases for non-compliance and failure to prosecute. *E.g.*, ECF 3731; ECF 4181; ECF 4203; ECF 4491. In response to Uber's motions, this Court ordered the relevant Plaintiffs to comply with PTO 10 within fourteen days or have their cases dismissed without prejudice. ECF 3922. Then, with the other motions still pending, on October 31, 2025, the parties filed a stipulation proposing amendments to PTO 10, ECF 4274, which the Court granted on November 3, 2025. ECF 4286.

Among other things, Amended PTO 10 states that if a Plaintiff fails to timely and substantially comply with the Order, Uber may serve them with a "Notice of Overdue Discovery" identifying the Plaintiff's Amended PTO 10 violation(s) and stating that if Plaintiff does not comply their case may be subject to dismissal. *Id.* at 8. If that Plaintiff then fails to cure within thirty days of service of the

---

[1] The Court granted a stipulation to further amend PTO 10 on July 14, 2026, ECF 6791, but those amendments relate to DFS obligations and are not relevant to the present motion.

Notice of Overdue Discovery, Uber may move the Court for an Order dismissing the relevant Complaint without prejudice.[2] *Id.*

The Plaintiffs listed in the above case caption and Exhibit A to the accompanying Declaration of Christopher V. Cotton ("Cotton Decl.") have all failed to provide a verification, failed to provide a release, failed to provide a required production, and/or failed to answer questions in the PFS as required by Amended PTO 10. The details of these Plaintiffs' non-compliance are set forth in Exhibit A, which identifies the specific Amended PTO 10 deficiencies attributed to each Plaintiff and summarizes Defendants' efforts to resolve those deficiencies through notice and meet-and-confer communications. Cotton Decl. ¶ 6. Uber served each of these Plaintiffs with a Notice of Overdue Discovery on a date, more than thirty days ago, as specified in Exhibit A to Mr. Cotton's Declaration. *Id.* Uber also met and conferred with counsel for each of these Plaintiffs, as specified in Exhibit A, between September 21 and September 25, 2026. *Id.* In their respective conferrals, counsel for nine Plaintiffs[3] acknowledged the deficiencies that Uber raised in their respective Notices and represented that they were actively working to cure those deficiencies. *Id.* They have not, however, cured those deficiencies as of the date of this Motion's filing. *Id.* Counsel for five Plaintiffs acknowledged the deficiencies that Uber raised in their respective Notices and represented that they were continuing to attempt to contact Plaintiffs, who were either unreachable or difficult to reach.[4] *Id.* These Plaintiffs, too, have not cured since the meet and confer. *Id.* Counsel for two Plaintiffs[5], each with missing releases, responded by saying they would serve Amended Record Certifications indicating no responsive records existed. *Id.* Counsel for Uber clarified that Plaintiffs' obligations to produce missing releases were predicated on their PFS responses and independent from the content of their Records Certifications. *Id.* Plaintiffs had no substantive response to that clarification and have not produced the missing releases. *Id.*

[2] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to Uber moving the Court for a dismissal without prejudice based on such deficiencies. Uber has complied with this requirement. *See* Cotton Decl. ¶ 6.

[3] Plaintiffs Jane Doe LS 320, Jane Doe LS 516, Jane Doe LS 355, Jane Doe LS 153, A.R., Jane Roe CL 191, Jane Roe CL 315, Jane Roe CL 338, and E.S. 4712.

[4] Plaintiffs J.R.M., Jane Doe NLG (M.G.), Jane Doe NLG (B.D.), Jane Doe NLG (H.D.), and T.R.

[5] Plaintiffs Jane Doe PNA (A.A.) and Jane Doe PNA (H.F.).

As set forth above, Uber has already briefed, and this Court has already resolved, motions dealing with Plaintiffs' failure to comply with PTO 10, and Uber will not restate the relevant law at length. This Court has already recognized that "Plaintiffs' failure to provide substantially complete and verified fact sheets has caused prejudice to Uber" and that dismissal without prejudice is an appropriate remedy. ECF No. 3922. This Court should follow its own prior decision and the decisions of numerous other courts and dismiss Plaintiffs' claims for failure to comply with a court order and prosecute their cases. *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232-1234 (9th Cir. 2006) (affirming dismissal with prejudice of cases for failure to submit complete PFS); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice for late and incomplete PFS); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-66 (8th Cir. 2007) (same); *In re Mirena IUD Prods. Liab. Litig.*, No. 13-MD-2434, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015) (dismissing with prejudice for PFS deficiencies); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 09–md–2096, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011) (same).

## ARGUMENT

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal without prejudice of Plaintiffs' claims is justified here.

### I. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO RULE 41(B).

Uber moves for dismissal of Plaintiffs' claims under Rule 41(b) due to their continued non-compliance with Amended PTO 10. When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

availability of less drastic sanctions." *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal quotation omitted). These factors favor dismissal of Plaintiffs' claims without prejudice.

**A. The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.**

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal citation omitted).

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal without prejudice. Adherence to orders like Amended PTO 10 is particularly important in an MDL, where there are thousands of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant*, 496 F.3d at 867. The "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232. "Pretrial orders . . . 'are the engine that drives disposition on the merits'" and a court's "willingness to resort to sanctions in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (cleaned up). After all, "when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2022 WL 2792258, at *2 (N.D. Fla. May 2, 2022). The first two *Malone* factors thus weigh in favor of dismissing Plaintiffs' claims.

**B. The Third *Malone* Factor: Plaintiffs' Violation of Amended PTO 10 Has Prejudiced Uber.**

A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 (internal quotation omitted). "Failure to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. *Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

Plaintiffs' failure to comply with Amended PTO 10 prejudices Uber by impairing its ability to defend itself in this MDL. *See Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004). The PFS is essentially the only way for defendants to obtain "the specific information necessary to defend the case against" them. *In re PPA*, 460 F.3d at 1234. The PFS asks Plaintiffs to provide basic but crucial information regarding the alleged incident and alleged damages. *E.g.*, Am. PFS at 7, 13, ECF 360-2. Only Plaintiffs possess this information "regarding the critical elements of their claims," *In re PPA*, 460 F.3d at 1234, and if it is incomplete or inaccurate, Uber cannot assess Plaintiffs' cases and mount an effective defense, *see In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. MDL 1699, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Failure to provide a complete, verified PFS "raise[s] questions about the credibility of the information that has been obtained," rendering it "of no use for assessing whether claims should proceed to trial, settlement, or dismissal" and making "the entire process . . . a waste of everyone's time and resources." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 3:09–md–02100, 2011 WL 3035087, at *2 (S.D. Ill. July 25, 2011). Accordingly, "defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 10-2258, 2012 WL 629747, at *2 (E.D. La. Feb. 27, 2012).

In addition, Uber has already suffered prejudice because "in order to assess the merits of the claims against it, [Uber] has spent great time and expense identifying deficiencies, providing notices of the deficiencies, and filing discovery motions." *In re Zostavax*, No. 2:18-md-02848, 2020 WL 1506434, at *4 (E.D. Penn. March 30, 2020). Given the prejudice Uber has suffered and will continue to suffer, dismissing Plaintiffs' cases is a justified consequence.

### C. The Fourth *Malone* Factor: Plaintiffs Are Not Entitled to the Benefit of the Public Policy Favoring Disposition on the Merits.

A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's order to produce verifications for their PFS, produce documents required by Amended PTO 10, or

substantially complete their PFS. Hence, the preference for resolving cases on the merits does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1 (preference for resolving cases on the merits did "not weigh in favor of plaintiffs at all" due to failure to comply with court orders).

### D. <u>The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.</u>

The Court must consider the availability of alternative sanctions when deciding whether to dismiss a case for non-compliance with court orders. *Malone*, 833 F.2d at 131–32. But that does not mean the court must somehow exhaust every possible alternative before ordering dismissal. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

In the past, Plaintiffs have attempted to avoid the sanction of dismissal by proffering excuses for their failure to comply with this Court's orders. *See, e.g.*, ECF No. 3605 at 1; ECF No. 3610 at 4. But courts have rejected such excuses, including "the difficulty in locating clients, the debilitating nature of the injuries at issue, and the burden of complying with other case management orders." *In re PPA*, 460 F.3d at 1233. MDL courts frequently dismiss plaintiffs' claims notwithstanding their excuses for noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019). These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 360-61; *In re Guidant*, 496 F.3d at 865–66. Additionally, dismissal is warranted because all the Plaintiffs at issue in this motion have been warned, including through written notice and through the conferral process, of their noncompliance with Amended PTO 10 and the possibility of dismissal. *See Jackson v. United States*, 116 F.3d 484, 484 (9th Cir. 1997). Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Degrelle v. Simon Wiesenthal Ctr.*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC*, No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020).

## II. PLAINTIFFS' WILLFUL VIOLATION OF AMENDED PTO 10 WARRANTS DISMISSAL UNDER RULE 37(B)(2).

"The standards governing dismissal for failure to obey a court order are basically the same under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including

dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or* fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin Cnty*. v. Combs, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* The Plaintiffs at issue in this motion have willfully violated Amended PTO 10 despite receiving notice of their failure and the opportunity to cure, and they have not demonstrated that it was impossible for them to comply with the Court's Order. Dismissal is thus warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

## CONCLUSION

Through its prior orders, the Court has already very clearly notified Plaintiffs of their obligation to timely provide a complete PFS under Amended PTO 10. Uber has also notified Plaintiffs of the risk of dismissal via a Notice of Overdue Discovery and otherwise followed the procedures required by Amended PTO 10. Despite these repeated notices, additional time to comply, and a meet and confer pursuant to Section 9 of Amended PTO 10, Plaintiffs have failed to do so. This Court should provide the relief contemplated by Amended PTO 10 and dismiss these Plaintiffs' claims without prejudice.

Dated: October 1, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on October 1, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: *<u>/s/ Christopher V. Cotton</u>*
Christopher V. Cotton