ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Doe LS 320 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04010-CRB,<br><br>*J.R.M. v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05840-CRB,<br><br>*Jane Doe LS 516 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05829-CRB,<br><br>*Jane Doe LS 355 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05887-CRB, | **DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Date: November 20, 2026<br>Time: 10:00 a.m. PST<br>Courtroom: 6 – 17th Floor |

*Jane Doe LS 153 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06011-CRB,

*A.R. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08177-CRB,

*Jane Doe NLG (M.G.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01714-CRB,

*Jane Doe NLG (B.D.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05972-CRB,

*Jane Roe CL 191 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06607-CRB,

*Jane Doe NLG (H.D.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00690-CRB,

*T.R. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01926-CRB,

*Jane Roe CL 315 v. Uber Technologies, Inc., et al.*, 3:26-cv-03850-CRB,

*Jane Roe CL 338 v. Uber Technologies, Inc., et al.*, 3:26-cv-05513-CRB,

*Jane Doe PNA (A.A.) v. Uber Technologies, Inc., et al.*, 3:26-cv-05643-CRB,

*Jane Doe PNA (H.F.) v. Uber Technologies, Inc., et al.*, 3:26-cv-05673-CRB, and

*E.S. 4712 v. Uber Technologies, Inc., et al.*, 3:26-cv-06777-CRB.

# DECLARATION OF CHRISTOPHER V. COTTON

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Rasier LLC's, and Rasier-CA, LLC's (collectively, "Defendants") motion to dismiss the cases of certain Plaintiffs for noncompliance with Amended Pretrial Order No. 10 ("Amended PTO 10").

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bars of the State of Iowa, the State of Missouri, and the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. In March 2024, the Court entered Pretrial Order No. 10 in this matter, requiring each Plaintiff to submit a "substantially complete" PFS that "answer[ed] all applicable questions," "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record release Authorizations," and was accompanied by a production of "the requested documents." ECF 348 at 6. For Plaintiffs who filed their cases before March 26, 2024, the PFS were due within sixty days. *Id.* at 5. For all other Plaintiffs, the PFS were due within 30 days of the case being filed in, removed to, or transferred to this MDL. *Id.* at 5-6.

4. On October 31, 2025, the parties filed a stipulation proposing amendments to PTO 10 ("Amended PTO 10"). ECF 4274. The Court granted the stipulation on November 3, 2025. ECF 4286.

5. Among other things, Amended PTO 10 states that if a Plaintiff fails to timely and substantially comply with the Order, Uber may serve them with a "Notice of Overdue Discovery" identifying the Plaintiff's violation(s) and stating that if Plaintiff does not comply, their case may be subject to dismissal. *Id.* at 8. If that Plaintiff then fails to cure within thirty days of service of the Notice

of Overdue Discovery, Uber may move the Court for an Order dismissing the relevant Complaint without prejudice.[1] *Id.*

6. The Plaintiffs listed in the attached **Exhibit A** have, as of October 1, 2026, all failed to comply with their Amended PTO 10 obligations in various ways. Specifically, these Plaintiffs have failed to provide a verification, failed to provide a release, failed to provide the required production, and/or failed to answer questions in the PFS as required by Amended PTO 10. The details of these Plaintiffs' non-compliance are set forth in Exhibit A, which identifies the specific Amended PTO 10 deficiencies attributed to each Plaintiff and summarizes Defendants' efforts to resolve those deficiencies through notice and meet-and-confer communications. Uber served each of these Plaintiffs with a Notice of Overdue Discovery on a date, more than thirty days ago, as specified in Exhibit A. Uber also met and conferred with counsel for each of these Plaintiffs, as specified in Exhibit A, between September 21 and September 25, 2026. In their respective conferrals, counsel for nine Plaintiffs[2] acknowledged the deficiencies that Uber raised in their respective Notices and represented that they were actively working to cure those deficiencies. They have not, however, cured those deficiencies as of the date of this Motion's filing. Counsel for five Plaintiffs acknowledged the deficiencies that Uber raised in their respective Notices and represented that they were continuing to attempt to contact Plaintiffs, who were either unreachable or difficult to reach.[3] These Plaintiffs, too, have not cured since the meet and confer. Counsel for two Plaintiffs[4], each with missing releases, responded by saying they would serve Amended Record Certifications indicating no responsive records existed. Counsel for Uber clarified that Plaintiffs' obligations to produce missing releases were predicated on their PFS responses and independent from the content of their Records Certifications. Plaintiffs had no substantive response to that clarification and have not produced the missing releases.

[1] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to Uber moving the Court for a dismissal without prejudice based on such deficiencies. Uber has complied with this requirement.

[2] Plaintiffs Jane Doe LS 320, Jane Doe LS 516, Jane Doe LS 355, Jane Doe LS 153, A.R., Jane Roe CL 191, Jane Roe CL 315, Jane Roe CL 338, and E.S. 4712.

[3] Plaintiffs J.R.M., Jane Doe NLG (M.G.), Jane Doe NLG (B.D.), Jane Doe NLG (H.D.), and T.R.

[4] Plaintiffs Jane Doe PNA (A.A.) and Jane Doe PNA (H.F.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 1, 2026 in Kansas City, Missouri.

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC