**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: UBER TECHNOLOGIES, INC.,**
**PASSENGER SEXUAL ASSAULT LITIGATION** MDL No. 3084

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in the District of Arizona *Doe* action, listed on Schedule A, moves under Panel Rule 7.1 to vacate our order that conditionally transferred her action to the Northern District of California for inclusion in MDL No. 3084 and, alternatively, requests we defer our ruling on the issue of transfer pending a ruling by the District of Arizona on plaintiff's motion to remand to state court. Defendants Uber Technologies, Inc., and Rasier, LLC (together, Uber), oppose the motion.

After considering the argument of counsel, we find that *Doe* involves common questions of fact with the actions transferred to MDL No. 3084, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that centralization was warranted for actions sharing factual questions arising from allegations that Uber failed to implement appropriate safety precautions to protect passengers, and that plaintiffs suffered sexual assault or harassment as a result. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 699 F. Supp. 3d 1396 (J.P.M.L. 2023). Like many MDL No. 3084 plaintiffs, plaintiff in *Doe* alleges that she was assaulted by her Uber driver and that Uber misrepresents its commitment to ride safety, fails to take reasonable steps to prevent sexual assaults (such as conducting robust background checks and mandating cameras record the ride), and fails to properly handle sexual assault claims.

In support of her motion to vacate, plaintiff argues that the District of Arizona should resolve plaintiff's motion to remand to state court, which she argues will turn on case-specific facts. We consistently have held that "jurisdictional objections, including objections to removal, are not relevant to transfer," even where, as here, "plaintiffs assert that the removals were patently improper." *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018). Plaintiff can present her remand arguments to the transferee court.[1]

---

[*] Judge M. Casey Rodgers took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. We, therefore,

Plaintiff also suggests her action is unique because of the egregious misconduct of both Uber and its driver, and she wishes to proceed in her own community. She also argues that, due to her pregnancy, the delay caused by transfer will prejudice her. While we are sympathetic to plaintiff's experience, we consistently have held that, "[w]hile transfer of a particular action might inconvenience some parties to that action, transfer is often necessary to further the expeditious resolution of the litigation taken as a whole." *In re Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Moreover, the degree of harm suffered by a particular plaintiff is not a persuasive basis to vacate transfer of a case that falls squarely within the MDL's parameters. *See, e.g.*, *In re Covidien Hernia Mesh Prods. Liab. Litig. (No. II)*, MDL No. 3029 (J.P.M.L. Aug. 6, 2026), ECF No. 220 at p. 2 (rejecting plaintiff's argument that vacatur was warranted because he alleged particularly severe injuries). Centralization is for pretrial purposes only, and therefore, plaintiff's action may be remanded to her home court for trial upon the conclusion of pretrial proceedings.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly
Dale A. Kimball
Richard Seeborg
David C. Norton
Madeline Cox Arleo

---

decline to delay our decision to give the transferor court further time to rule on the pending remand motion, as requested by plaintiff in the alternative.

**IN RE: UBER TECHNOLOGIES, INC.,**
**PASSENGER SEXUAL ASSAULT LITIGATION** MDL No. 3084

**SCHEDULE A**

District of Arizona

UNKNOWN PARTY v. UBER TECHNOLOGIES INCORPORATED, ET AL.,
C.A. No. 4:26−00370