ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*DB M.B.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08262-CRB<br><br>*Reeder v. Uber Technologies, Inc., et al.,* No. 3:26-cv-06300-CRB | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS DUPLICATIVE CASES**<br><br>Date: November 20, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

**NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 20, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, via Zoom videoconference, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants") will, and hereby do, move this Court for an order dismissing with prejudice the later-filed case of the above-listed Plaintiff on the grounds that Plaintiff has filed two duplicative actions in this multidistrict litigation, for an order to show cause why Plaintiff should not be required to pay Defendants' reasonable attorneys' fees and costs incurred to file this Motion to Dismiss, and for such other and further relief the Court deems just and proper.

This Motion is made pursuant to the rule against claim splitting recognized in *Mendoza v. Amalgamated Transit Union Int'l,* 30 F.4th 879 (9th Cir. 2022), and other cases. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Christopher V. Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: October 14, 2026

SHOOK, HARDY & BACON L.L.P.

By: *<u>/s/ Christopher V. Cotton</u>*

CHRISTOPHER V. COTTON
(Admitted *Pro Hac Vice*)
ccotton@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550

## STATEMENT OF RELIEF SOUGHT

Uber seeks an order dismissing Plaintiff's later-filed duplicative action within this MDL with prejudice and an order to show cause why Plaintiff should not be required to pay Uber's reasonable attorneys' fees incurred to file this Motion to Dismiss. Uber does not move as against the first-filed cases for this Plaintiff.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Yet this is what the Plaintiff at issue in this motion has attempted to do in this multidistrict litigation ("MDL"). This Plaintiff has filed two separate actions within this MDL, related to the same alleged incident on the same date and including the same defendants. Indeed, the only difference between the two actions filed by this Plaintiff appears to be that different law firms purport to be representing Plaintiff in the two different actions. Uber has contacted each of these law firms in an attempt to resolve these issues without having to unnecessarily burden this Court. However, counsel in the later-filed case, The ClaimBridge PLLC, has ignored all outreach, including service more than 21 days ago of a copy of this draft Motion, and continued to maintain both of the overlapping cases. Regardless, duplicative actions like these are a waste of this Court's and the parties' resources and should be dismissed with prejudice. *See Bell v. ReconTrust Co., N.A.,* 587 F. App'x. 402, 405 (9th Cir. 2014).

### II. BACKGROUND

Plaintiff has filed duplicative actions in this MDL and, when informed of the redundant complaints by Uber, failed to resolve the issue.

On September 29, 2025, Plaintiff DB M.B.R. filed a complaint alleging that she had been sexually assaulted or harassed by an independent driver she located using the Uber application in Dallas, Texas on October 13, 2025. Complaint, *DB M.B.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08262-CRB, Dkt. 1 (N.D. Cal. Sept. 29, 2025). Counsel was Daly & Black, P.C. *Id.* Approximately

eight months later, on June 24, 2026, that same Plaintiff filed a second complaint, this time through The ClaimBridge and under a different name, again relating to an alleged October 13 incident in Dallas. Complaint, *Reeder v. Uber Technologies, Inc., et al.,* No. 3:26-cv-06300-CRB, Dkt. 1 (N.D. Cal. June 24, 2026). Uber's counsel contacted Plaintiff's counsel requesting that the duplication in cases be resolved. *See* Declaration of Christopher V. Cotton ¶ 3. Although counsel at Daly & Black was responsive, counsel at The ClaimBridge was not, even after Uber notified them of its intent to file the present Motion and served a copy thereof on September 18, 2026. To date, both identical actions remain pending.

## III. ARGUMENT

### A. The later-filed of Plaintiff's duplicative actions should be dismissed with prejudice for improper claim-splitting.

It is an important premise of our justice system that a plaintiff is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894). Thus, plaintiffs are not permitted to "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza*, 30 F.4th at 886. District courts have "broad discretion to control their dockets [and] may exercise [their] discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688.

To determine whether a suit is duplicative, the Ninth Circuit uses the "transaction test," borrowed from the context of claim preclusion. *Id.* at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* The Ninth Circuit has identified four criteria for courts to consider in evaluating whether two actions are duplicative: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.* at 689 (*quoting Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.

1982)). The "most important factor is whether the two suits arise out of the same transactional nucleus of facts." *Mendoza,* 30 F.4th at 887. Indeed, the Ninth Circuit has repeatedly found this last factor to be outcome determinative. *Media Rights Tech., Inc. v. Microsoft Corp.,* 922 F.3d 1014, 1028 (9th Cir. 2019).

Beginning, then, with this most important factor, Plaintiff should have one of her cases dismissed because both suits arise out of the same transactional nucleus of facts. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Mpoyo v. Litton Electro-Optical Sys.,* 430 F.3d 985, 987 (9th Cir. 2005). Here, Plaintiff's complaints show that both of her actions depend on the exact same set of facts: a single alleged incident with an Uber driver, at the same place and time, that forms the basis of both cases.

- **Both of DB M.B.R.'s cases relate to an incident in Dallas on October 13, 2025. Complaint, *DB M.B.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08262-CRB, Dkt. 1 (N.D. Cal. Sept. 29, 2025); Complaint, *Reeder v. Uber Technologies, Inc., et al.,* No. 3:26-cv-06300-CRB, Dkt. 1 (N.D. Cal. June 24, 2026).**

Because Plaintiff has based two different cases on "near identical factual allegations," dismissal of the later-filed case is appropriate. *Malberg v. McCracken,* No. 5:22-cv-03613, 2023 WL 6278879, at *2 (N.D. Cal. Sept. 25, 2023); *see also Indigo Group USA, Inc. v. Ralph Lauren Corp.,* 690 F. App'x 945, 946 (9th Cir 2017) (affirming dismissal of later-filed case arising out of same facts as earlier one). Indeed, this Court need not even consider the other factors given the lack of any "real differences (if there are any differences at all) between the factual predicates for" each of the Plaintiff's two cases. *United States v. Liquidators of European Federal Credit Bank,* 630 F.3d 1139, 1151 (9th Cir. 2011).

The other factors also favor dismissal. Two cases involve infringement of the same right (for purposes of the third factor) where they assert the "same overall harms and primary rights," even if there are "modest difference in the legal theories." *Ramchandran v. City of Los Altos,* No. 23-cv-02928, 2024 WL 1745037, at *11 & 14 (N.D. Cal. April 22, 2024). Here, both of Plaintiff's cases are part of the same MDL, incorporate the same Master Long-Form Complaint by reference, and assert the same basic claims related to sexual assault or harassment. *See* ECF 269. They indisputably assert the same overall harms and primary rights. *See Mpoyo,* 430 F.3d at 987. Because the facts and the

legal theories at issue in Plaintiff's actions are basically indistinguishable from one another, it follows that "the evidence in both actions will be essentially the same," satisfying the second factor. *Raskin v. Bausch & Lomb Inc.,* No. 24-cv-6442, 2025 WL 1666145, at *3 (N.D. Cal. June 12, 2025). And by filing separate but virtually identical complaints based on the same facts and legal interests, Plaintiff has created a risk of inconsistent decisions across their two matters. *Murphy v. Wells Fargo Home Mortgage,* No. 12-cv-6228, 2013 WL 4482671, at *7 (N.D. Cal. Aug. 19, 2013). Any inconsistencies in the later-filed case would serve to destroy or impair rights or interests from the first-filed case, consistent with the first factor. *See Kleidman v. Murphy,* No. 22-cv-6355, 2023 WL 6232562, at *6 (N.D. Cal. Sept. 25, 2023) (emphasizing importance of "fostering reliance on judicial action by minimizing the possibility of inconsistent decisions").

In addition, "judicial economy and the comprehensive disposal of litigation" favor dismissal of one of Plaintiff's identical actions. *Jones v. Ghaly,* No. 21-cv-5828, 2022 WL 1128680, at *1 (N.D. Cal. April 15, 2022). Dismissal is appropriate because "[p]arallel litigation of claims that could have been brought in the same lawsuit is exactly the conduct the doctrine of claim splitting is meant to prevent." *Raskin,* 2025 WL 1666145, at *4. Thus, this Court should dismiss the later-filed actions for Plaintiff with prejudice, namely *Hall v. Uber Technologies, Inc., et al.,* No. 3:26-cv-07109-CRB.

**II. Plaintiff should be ordered to show cause why she should not be required to pay Uber's reasonable attorneys' fees incurred to file this motion to dismiss.**

This Court has the inherent authority to order a party or its counsel to pay another party's legal fees associated with litigation abuses or bad faith conduct. *See Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1035 (9th Cir. 2012); *Burris v. JPMorgan Chase & Co.,* No. 21-16852, 2024 WL 1672263, at *3 (9th Cir. 2024). Where, as here, a party has filed a duplicative complaint, courts have ordered sanctions in the past. *See, e.g., Pace v. Cirrus Design Corp.,* No. 3:22-cv-685, 2025 WL 819006, at *10 & 12 (S.D. Miss. March 13, 2025) (ordering $15,000 sanction where plaintiff filed a duplicative lawsuit); *Cole v. City of Wauwatosa,* No. 23-cv-1321, 2024 WL 2862112, at *1 & 4 (E.D. Wis. June 6, 2024) (awarding reasonable attorneys' fees and costs where plaintiff "unnecessarily consumed both the Court's limited resources and that of Defense counsel" by filing a duplicative lawsuit). By filing duplicative lawsuits, Plaintiff caused Uber to unnecessarily spend time and money

to defend against meritless claims. *See White v. Witt,* No. 05-cv-695, 2006 WL 3337365, at *3 (W.D. Wash. Nov. 16, 2006). And by failing to take action to resolve the duplication after Uber's counsel notified them of it, Plaintiff necessitated the effort and expense of this motion practice. Indeed, in accordance with Federal Rule of Civil Procedure 11, Uber served Plaintiff with a copy of this motion more than 21 days ago and gave her the opportunity to withdraw her duplicative and frivolous complaint, but Plaintiff has not done so. Uber respectfully requests that this court exercise its authority to order Plaintiff to show cause why she (or particularly her non-responsive counsel at The ClaimBridge) should not be ordered to pay Uber's reasonable attorneys' fees incurred to file this Motion to Dismiss. *See Coronavirus Reporter Corp. v. Apple, Inc.,* No. No. 24-cv-08660, 2025 WL 2162947, at *3 (N.D. Cal. July 30, 2025) ("On its own, the court may order an attorney, law firm, or party to show cause").

Due to Plaintiff's failure to resolve the duplication of cases after receiving notice from Defendants, Defendants were forced to expend an approximate total of nine attorney hours to research, draft, and prepare this motion, at an approximate total cost to Defendants of $5,978. Defendants are prepared to substantiate these costs with appropriate back up material should the Court so order.

## IV. CONCLUSION

Plaintiff has filed two duplicative actions within this MDL and, when apprised of the issue by Uber's counsel, failed to remedy it. Plaintiff's competing complaints are substantively identical and maintaining them would serve only to waste the Court's and the parties' resources. This Court should dismiss the later-filed of Plaintiff's actions with prejudice and Plaintiff should be ordered to show cause why she should not be required to pay Uber's reasonable attorneys' fees incurred to file this Motion to Dismiss.

Dated: October 14, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*
CHRISTOPHER V. COTTON
(Admitted *Pro Hac Vice*)
ccotton@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on October 14, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Christopher V. Cotton*
Christopher V. Cotton