ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*See* Exhibit A

Case No. 3:23-md-03084-CRB

**DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**

Date: November 20, 2026
Time: 10:00 a.m.
Courtroom: 6 – 17th Floor

**DECLARATION OF CHRISOPHER V. COTTON**

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Raiser LLC's, and Raiser-CA, LLC's (collectively, "Defendants") motion to dismiss the cases of certain Plaintiffs for noncompliance with Amended Pretrial Order No. 10 ("Amended PTO 10").

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bars of the State of Iowa, the State of Missouri, and the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. In March 2024, the Court entered Pretrial Order No. 10 in this matter, requiring each Plaintiff to submit a "substantially complete" Plaintiff Fact Sheet ("PFS") that "answer[ed] all applicable questions," "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record release Authorizations," and was accompanied by a production of "the requested documents." ECF 348 at 6. For Plaintiffs who filed their cases before March 26, 2024, the PFS were due within sixty days. *Id.* at 5. For all other Plaintiffs, the PFS were due within 30 days of the case being filed in, removed to, or transferred to this MDL. *Id.* at 5-6.

4. On October 31, 2025, the parties filed a stipulation proposing amendments to PTO 10 ("Amended PTO 10"). ECF 4274. The Court granted the stipulation on November 3. ECF 4286.

5. Among other things, Amended PTO 10 states that if a Plaintiff fails to timely and substantially comply with the Order, Uber may serve them with a "Notice of Overdue Discovery" identifying the Plaintiff's violation(s) and stating that if Plaintiff does not comply their case may be subject to dismissal. *Id.* at 8. If that Plaintiff then fails to cure within thirty days of service of the Notice of Overdue discovery, Uber may, move the Court for an Order dismissing the relevant Complaint without prejudice.[1] *Id.*

[1] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to filing a motion to dismiss. However, the present motion only pertains to Plaintiffs that have failed to submit a PFS altogether (as opposed to submitting anything that Uber argues is deficient) and therefore this conferral provision does not apply.

6. The Plaintiffs listed in the attached **Exhibit A** have, as of October 14, 2026, all failed to comply with their Amended PTO 10 obligations. Specifically, none of the identified Plaintiffs have produced a PFS as required by Amended PTO 10. Uber served each of these Plaintiffs, listed in Exhibit A, with a written Notice of Overdue Discovery on a date more than thirty days ago. Plaintiffs have still not produced a PFS of any kind and have therefore failed to cure their non-compliance with Amended PTO 10.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2026, in Kansas City, Missouri.

*/s/ Christopher V. Cotton*
Christopher V. Cotton