William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*Jane Doe LS 320 v. Uber Technologies, Inc., et al., No. 3:23-cv-04010-CRB*

*Jane Doe LS 516 v. Uber Technologies, Inc., et al., No. 3:24-cv-05829-CRB*

*Jane Doe LS 355 v. Uber Technologies, Inc., et al., No. 3:24-cv-05887-CRB*

*Jane Doe LS 153 v. Uber Technologies, Inc., et al., No. 3:24-cv-06011-CRB*

Case No. 3:23-md-03084-CRB

**LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**

Judge: Honorable Charles R. Breyer
Date: November 20, 2026
Time: 10:00 a.m.
Courtroom: 6 – 17th Floor

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

## I. INTRODUCTION

Uber's motion treats the four Levin Simes Plaintiffs it names as if they had refused to comply with Amended PTO 10. They have not. None of them have acted willfully or in bad faith. These Plaintiffs have provided verified fact sheets and produced documents consistent with their obligations. Uber's argument that the deficiencies it identified in the above-listed Plaintiffs' cases are material fails to take into account the information provided during the meet and confer and discovery exchange process. As discussed further below, the deficiency has either already been resolved, or the outstanding deficiency is not material such that dismissal is warranted under the Malone factors.

We acknowledge and understand that under Amended PTO 10, the court has created procedures and deadlines to produce a PFS and supporting documents. Our firm is, and has been, employing all of the resources available to us in an effort to amend and/or correct the alleged deficiencies.

## II. FACTUAL BACKGROUND

The Levin Simes Plaintiffs who are subject to Uber's motion fall into two distinct categories: (1) the deficiency has been resolved, or (2) counsel has provided information to Defendant such that the deficiency is immaterial at this stage in the litigation. Neither category warrants dismissal. First, Jane Doe LS 153 (MDLC ID 2351) produced Exhibit B to the Plaintiff Fact Sheet, Authorization to Disclose Psychiatric, Psychotherapy, and Mental Health Information on October 1, 2026. Declaration of Samira J. Bokaie ¶ 3.

With respect to the remaining Levin Simes Plaintiffs subject to Uber's motion, our office has communicated with Uber and has taken steps to remediate the deficiency while we are working to obtain new authorizations from the Plaintiff. More specifically, in the case of Plaintiff Jane Doe LS 516 (MDLC ID 2363), counsel has told Uber that Plaintiff no longer has access to the responsive production and therefore cannot produce any records. Bokaie Decl. at ¶ 4. We have stated that we will work with Plaintiff to produce an Amended Fact Sheet that reflects this. *Id.* at ¶ 5. Given that there are no records to be produced, this does not fall under a category of "missing production," and the amendment is not material. Plaintiff's counsel is diligently working to amend

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

the Plaintiff Fact Sheet. Bokaie Decl. at ¶ 5.

In the case of Plaintiff Jane Doe LS 355 (MDLC ID 2352), our office has communicated to Uber that even if an authorization was produced, there are no relevant records to order, which is consistent with the Plaintiff's other responses in her fact sheet. *Id.* at ¶ 6. Our office sent the missing authorization to Plaintiff but has not yet been able to obtain her signature. *Id.* at ¶ 7. However, given the fact that a signed authorization will not yield any records, the missing authorization is not a material deficiency.

With respect to Plaintiff Jane Doe LS 320 (MDLC 1125) Plaintiff has produced all responsive documents that would be obtained with her signed authorization and informed Uber's counsel of this during the meet and confer. *Id.* at ¶ 8. While we are working to cure this procedural issue, the missing authorization is not a material deficiency because the records, should Uber use the authorization, the records that it would receive have already been produced.

## III. ARGUMENT

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a claim for failure to prosecute or complaint with a court order, "dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme cases." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir., 1996). Involuntary dismissal under FRCP 41(b) is a "drastic remedy which by is nature cannot be appropriately applied to every case of failure to comply with an order of the Court." *Industrial Bldg. Materials v. Interchemical Corp.*, 278 F.Supp. 938, 949 (C.D. Cal. 1967). Additionally, dismissal is appropriate under Fed. R. Civ. P. 37 for violation of a discovery order "only where the failure to comply is due to willfulness, bad faith, or fault of the parties," *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 589 (9th Cir.1983), and "where lesser sanctions are considered by the district court to be inadequate." *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986). "The sanctions of dismissal or default, however, are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case." *Id.*

In analyzing whether involuntary dismissal under FRCP 41(b) is warranted in any particular case, the Court must way the following five factors: "(1) the public's interest in expeditious

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir.1987) (*quoting Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829 (1986)). Each of these factors weigh against dismissal because the nature of the purported deficiency, and the information already exchanged during the discovery and meet and confer process.

**A. The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice.**

With respect to the first *Malone* factor, the district court has discretion to determine what is an unreasonable delay in the expeditious resolution of the litigation because "it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The second *Malone* factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay…[the district court] knows when its docket may become unmanageable." *Id*. at 1453.

Neither the public's interest in quick resolution nor the Court's docket is served by dismissing these Plaintiffs, because none of them has caused any meaningful delay in this litigation. This MDL moves forward through coordinated bellwether and pretrial proceedings. The status of a few individual fact sheet items for four Plaintiffs does not delay any deadline, hearing, or bellwether selection.

The supposed delay is also minimal and is already being fixed. Jane Doe LS 153 has fully complied, so there is nothing left to address in her case. For Jane Doe LS 516, counsel told Uber that she no longer has access to the responsive production, and counsel expects to serve an Amended Fact Sheet saying so shortly. For Jane Doe LS 355 and Jane Doe LS 320, the only remaining items are signatures on authorizations, and counsel is diligently trying to get them. However, neither authorization will yield a production that Uber is not already in possession of. Therefore, these factors weigh against dismissal.

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

### B. The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv*., 833 F.2d 128, 131 (9th Cir. 1987).

Here, Uber has not been prejudiced, and it cannot show that any remaining deficiency "impair[s] [its] ability to go to trial or threaten[s] to interfere with the rightful decision of the case." Each Plaintiff's situation shows this:

- **Jane Doe LS 153 (MDLC ID 2351):** There is no deficiency left. She produced the Authorization to Disclose Psychiatric, Psychotherapy, and Mental Health Information on October 1, 2026. Bokaie Decl. at ¶ 3.
- **Jane Doe LS 516 (MDLC ID 2363):** Uber is complaining about a "missing production" that does not exist. Plaintiff no longer has access to the responsive materials, and our office communicated that to Uber. *Id.* at ¶ 4. An Amended Fact Sheet confirming this will not give Uber any document or information it doesn't already know about. Uber cannot be prejudiced by failing to receive records that don't exist.
- **Jane Doe LS 355 (MDLC ID 2352):** Our office told Uber there are no records to order, which matches Plaintiff's other fact sheet answers. *Id.* at ¶ 6. A signed authorization would not uncover any evidence because there is nothing for it to retrieve. Uber's evidence and its ability to defend the case are the same whether or not the signature is provided.
- **Jane Doe LS 320 (MDLC ID 1125):** Plaintiff has already produced every responsive document the authorization would have obtained, and counsel told Uber this during the meet and confer. *Id.* at ¶ 8. Uber already has the records, so the missing signature does not keep any evidence from Uber.

In short, Uber has everything it would get if every item it identified were cured. These procedural issues change nothing about the evidence cannot "interfere with the rightful decision of the case."

//

//

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

**C. The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice.**

At a general level, the "public policy favoring disposition of cases on their merits"—the fourth Malone factor—always weighs against a default judgment, and often "strongly" so." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "By definition, a default judgment does not promote the public policy of resolving lawsuits in their merits." *Smith v. Humboldt Cnty. Sheriff's Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *5 (N.D. Cal. Jan. 7, 2025). As such, this factor weighs against dismissal.

**D. The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice.**

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131. "Our case law reveals that the following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Id*. These factors as well as the pretrial orders and processes in other multi-district litigations weigh against a dismissal with prejudice. "Before dismissing an action, a court should always be certain that other less drastic alternatives are not available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

Uber's motion asks for the harshest sanction first instead of the last. Uber's analysis of this factor conflates a Plaintiff who has failed to provide discovery with Plaintiff's that have provided substantially complete information, as discussed above. These Plaintiffs have provided verified fact sheets and produced records. Other than correcting a discrepancy in the fact sheet, of which Uber is already aware, or providing an authorization which can be used to obtain records already produced, or that will yield no records, there is no material deficiency that prejudices Uber, or

otherwise impedes the progress of this litigation. Should the Court find that these deficiencies are in fact material, the Court could set a deadline for these three Plaintiffs to cure the outstanding deficiency.

## IV. CONCLUSION

For the foregoing reasons, we respectfully request this Court deny Uber's motion.

Dated: October 15, 2026

Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ Samira J. Bokaie*
William A. Levin
Laurel L. Simes
Samira J. Bokaie
*Attorneys for LS Plaintiffs*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Samira J. Bokaie*
Samira J. Bokaie