John P. Leader, Esq. (*pro hac vice application pending*)
**THE LEADER LAW FIRM**
405 West Cool Drive Suite 107
Tucson, AZ 85704
Phone (520) 575-9040
Fax (520) 575-9340
john@leaderlawaz.com

Carmen S. Scott, Esq. (*admitted pro hac vice*)
Jessica F. Crowder, Esq. (*admitted pro hac vice*)
**MOTLEY RICE, LLC**
28 Bridgeside Blvd
Mount Pleasant, SC 29464
Phone: (843) 216-9160
Fax: (843) 216-9430
cscott@motleyrice.com
jcrowder@motleyrice.com

Alexandra A. Stulpin, Esq. (*pro hac vice application pending*)
**MOTLEY RICE, LLC**
1717 Arch Street
Suite 3610
Philadelphia, PA
astulpin@motleyrice.com
Phone: (267) 267-4742
Fax: (267) 267-4759

*Attorneys for Plaintiff Unknown Party*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>______________________________<br>This Document Relates to:<br><br>*Unknown Party v. Uber Technologies Inc.; Rasier, LLC; Ricky Rosales; and John Does 1-10*, No. 3:26-cv-11441-CRB. | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S MOTION FOR REMAND**<br><br>Judge: Honorable Charles R. Breyer<br>Date: November 20, 2026<br>Time: 10:00 am<br>Courtroom: |

Plaintiff Unknown Party, by and through undersigned counsel, at 10:00 am on November 20, 2026 will hereby move this Court for an Order pursuant to 28 U.S.C § 1447, remanding this matter, which has been recently transferred to this MDL (Dkt. 16, dated October 6, 2026), to Pima County, Arizona Superior Court.

The District Court, in which Plaintiff initially sought remand, declined to consider the matter of remand in favor of deferring that decision to this Honorable Court. *See* Order on Defendants' Mot. to Stay (attached hereto as Ex. 2 to the Decl. of Carmen Scott) ("For the following reasons, the Court will grant Defendants' Motion to Stay and defer ruling on Plaintiff's Motion to Remand" . . . "Moreover, the Court agrees transfer is likely and 'deference to the MDL court . . . provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system...'" . . . "Alternatively, if the JPML transfers this case, Plaintiff will have the opportunity to present her Motion to Remand in the MDL."); Certified MDL Transfer Order (attached hereto as Ex. 3 to the Decl. of Carmen Scott) ("Plaintiff can present her remand arguments to the transferee court.").

Plaintiff brought this case against Defendants Uber Technologies, Inc. (hereinafter "Uber"); Rasier, LLC (hereinafter "Rasier"); and Ricky Rosales, driver for Uber and Rasier. Plaintiff alleges that Uber and Raiser are legally responsible for Rosales' conduct. She further alleges the Defendants improperly hired and then permitted Rosales to continue driving for Uber even after public records showed that Rosales frequently engaged in dangerous behaviors, including threatening his wife with guns. *See* Decl. of Carmen Scott and Ex. 4 thereto, Plaintiffs' Motion to Vacate Conditional Transfer Order No. 19 (hereinafter "CTO-19") and Memorandum in Support, Memorandum at 2. Because of Uber and Rasier's negligence, Defendant Rosales, agent of Defendants Uber and Rasier, continued driving for Uber despite the danger he posed to his passengers, and thereafter raped his passenger, Plaintiff. She became pregnant as a result. Plaintiff seeks remand because complete diversity is lacking. At the time of filing, Defendant Rosales was a lawful permanent resident who resided in Pima County, Arizona, where this matter was originally filed, where Plaintiff resides, and where the acts that give rise to this matter took place.

Plaintiff respectfully requests that this Court rule upon the issue of remand, as it has been fully briefed prior to transfer. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. In summary, Plaintiff seeks remand because Defendant Rosales was legally admitted for permanent residence and was residing in Arizona when all relevant events occurred, including at the time of filing. The statute authorizing diversity jurisdiction states: "[D]istrict courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same state." 28 U.S.C. § 1332(a)(2). Because Rosales is such a lawful permanent resident, complete diversity is lacking, and this case is not properly in federal court. Defendant Rosales is a citizen of a foreign state. From the known facts, Rosales had been admitted for permanent U.S. residence and was domiciled in Arizona at all relevant times. A copy of his "Green Card" has been produced, and evidence of his domicile in Arizona has been produced. *See* Plaintiff's Mot. for Remand and the Exhibits thereto, attached hereto as Ex. 5 to the Decl. of Carmen Scott. Defendants bear a high burden of proof on remand and have not demonstrated that Rosales was not admitted for permanent U.S. residence and not domiciled in Arizona.

Plaintiff has been substantially prejudiced by the delay in resolution of this threshold jurisdictional issue. Since Defendants' wrongful removal of this action, the case has stalled with no meaningful progress for months during Plaintiff's pregnancy, which arose from the acts alleged in her complaint. She has now given birth. The delay has pushed any potential resolution of this matter further out of reach, postponing Plaintiff's ability to seek the relief requested in this action. It has also compelled Plaintiff to remain engaged in litigation during a period when her attention should be focused on caring for her infant.

On June 23, 2026, Plaintiff Unknown Party filed her complaint in Pima County, Arizona Superior Court. On July 23, 2026, Defendants noticed removal of the case to federal court. On July 27, 2026, the JPML issued CTO-19, conditionally transferring this matter to this MDL, providing Plaintiff an opportunity to object and move for vacatur of the transfer. On

August 13, 2026, Plaintiff moved to vacate CTO-19. On August 12, 2026, Plaintiff filed a Motion for Remand, attached hereto as Exhibit 5 to the Decl. of Carmen Scott. (Defendants' Opposition and Plaintiff's Reply in Support of Remand are attached as Exhibits 6 and 7 to the same, respectively). On August 25, 2026, Defendants moved for a stay pending decision by the JPML, and a stay was granted on September 10, 2026. On October 2, 2026, the JPML finalized CTO-19, and Plaintiff's case was thereafter transferred to this MDL.

Given the recent transfer of Plaintiff's case to this jurisdiction, Plaintiff raises this matter to the attention of this Court requests that this matter be remanded to Pima County, Arizona Superior Court, where jurisdiction is proper.

Dated: October 16, 2026

By: /s/ *Carmen S. Scott*

Carmen S. Scott, Esq.
**MOTLEY RICE, LLC**
28 Bridgeside Blvd
Mount Pleasant, SC 29464
Phone: (843) 216-9160
Fax: (843) 216-9430
cscott@motleyrice.com

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

By: /s/ *Carmen S. Scott*
Carmen S. Scott