# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Unknown Party,

Plaintiff,

v.

Uber Technologies Incorporated, et al.,

Defendants.

No. CV-26-00370-TUC-SHR

**ORDER STAYING CASE**

Pending before the Court are a Motion to Remand to State Court filed by Plaintiff (Doc. 7) and a Motion to Stay Pending Ruling on Transfer by the U.S. Judicial Panel on Multidistrict Litigation (Doc. 8) filed by Defendants Uber Technologies, Inc. and Rasier, LLC. Both Motions are fully briefed. (Docs. 9, 10, 11, 12.) For the following reasons, the Court will grant Defendants' Motion to Stay and defer ruling on Plaintiff's Motion to Remand.

## I. BACKGROUND

In July 2026, Plaintiff filed a First Amended Complaint against Defendants Uber Technologies, Inc., Rasier, LLC, and Ricky Rosales in Pima County Superior Court alleging she had been sexually assaulted by Defendant Rosales following a ride facilitated through the Uber platform in January 2026. (Doc. 1-3 at 4–5.) Plaintiff alleges fourteen causes of action against Defendants including negligence, negligent training, supervision, and retention, fraudulent concealment, civil conspiracy, and assault and battery. (*Id.* at

39–67.)

Defendants Uber and Rasier subsequently removed the action to this Court on the basis of diversity jurisdiction and asked the United States Judicial Panel on Multidistrict Litigation (JPML) to determine whether this matter should be transferred for inclusion in an already existing Multidistrict Litigation (MDL) proceeding in the Northern District of California before Judge Charles R. Breyer (No. 3:23-md-03084-CRB). *See In re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 699 F. Supp. 3d 1396 (J.P.M.L. Oct. 4, 2023) (transferring and consolidating cases and creating MDL No. 3084). On July 27, based on its review of the Complaint and docket in this action, the JPML issued a Conditional Transfer Order stating "[i]t appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California." (Doc. 8-1.) Plaintiff challenged the conditional transfer order and the motion will be submitted at the September 24, 2026 JPML hearing session.

On August 12, 2026, Plaintiff filed a Motion to Remand to State Court, challenging Defendants' assertion complete diversity exists between the parties. (Doc. 7.) Defendants Uber and Rasier subsequently moved to stay this action pending the JPML's ruling regarding transfer. (Doc. 8.)

## II. DISCUSSION

Federal district courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). While a court "should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings" when a party moves to transfer a case to an MDL panel, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997), the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred to the MDL panel," *In re Diet Drug Litig.*, 2012 WL 13012665, at *1 (C.D. Cal. 2012). When

considering a motion to stay pending a JPML transfer, courts assess "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360.

Balancing the factors set forth above, the Court finds a stay is warranted pending the JPML's final transfer decision. Because the JPML is likely to issue a decision shortly after the motion is submitted on September 24, Plaintiff will suffer minimal prejudice as a result of the stay. *See Palmer v. Am. Honda Motor Co.*, No. CV 07–1904–PHX–DGC, 2008 WL 54914, at *1 (D. Ariz. Jan. 3, 2008) ("Because the Panel will hear the motion for transfer at the end of this month, the Court concludes that Plaintiffs will not suffer prejudice as a result of a stay of this action."). Moreover, the Court agrees transfer is likely and "deference to the MDL court . . . provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" In the event the JPML declines to transfer the action, the Court will consider the merits of Plaintiff's Motion to Remand. Alternatively, if the JPML transfers this case, Plaintiff will have the opportunity to present her Motion to Remand in the MDL. *See In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

## III. CONCLUSION

**IT IS ORDERED** Defendants' Motion to Stay (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** the deadlines in this action are **STAYED** until twenty-eight (28) days after the JPML issues its ruling as to whether transfer of this case to MDL No. 3084 is appropriate.

**IT IS FURTHER ORDERED** the parties shall file a joint status report informing the Court of the JPML's ruling within seven (7) days of its issuance.

Dated this 9th day of September, 2026.

Honorable Scott H. Rash
United States District Judge