# EXHIBIT 4

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | **MDL No. 3084** |
| Jane Doe v. Uber Technologies, Inc.; Rasier, LLC; Ricky Rosales; and John Does 1-10 | DC No. 4:26-cv-00370-SHR<br>U.S. District for Arizona, Tucson |

**<u>MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 19 (CTO-19)</u>**

In accordance with Rule 7.1(g) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, and for the reasons stated in the Memorandum in Support of Motion to Vacate the Conditional Transfer Order (CTO-19) filed herewith, Plaintiff Jane Doe respectfully requests that this Panel vacate CTO-19 and its proposed transfer of *Jane Doe v. Uber Technologies Inc., et al.*, No. 4:26-cv-00370-SHR (D. Az.), into MDL No. 3084.

Respectfully submitted this 13th day of August, 2026.

<u>/s/ John P. Leader</u>
John P. Leader, Esq.
Carmen S. Scott, Esq.
Alexandra A. Stulpin, Esq.
Jessica F. Tallant, Esq.
*Co-counsel for Plaintiff*

Counsel for Plaintiff Jane Doe:

John P. Leader, Esq.
**THE LEADER LAW FIRM**
405 West Cool Drive Suite 107
Tucson, AZ 85704
Phone (520) 575-9040

Fax (520)575-9340
john@leaderlawaz.com

Carmen S. Scott, Esq.
Jessica F. Tallant, Esq.
**MOTLEY RICE, LLC**
28 Bridgeside Blvd
Mount Pleasant, SC 29464
Phone: (843) 216-9160
Fax: (843) 216-9430
cscott@motleyrice.com
jtallant@motleyrice.com

Alexandra A. Stulpin, Esq.
**MOTLEY RICE, LLC**
1717 Arch Street
Suite 3610
Philadelphia, PA
astulpin@motleyrice.com
Phone: (267) 267-4742
Fax: (267) 267-4759

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | **MDL No. 3084** |
| Jane Doe vs. Uber Technologies, Inc.; Rasier, LLC; Ricky Rosales; and John Does 1-10 | DC No. 4:26-cv-00370-SHR<br>U.S. District for Arizona, Tucson |

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER CTO-19**

Pursuant to Rule 7.1(g) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Plaintiff Jane Doe submits this memorandum in support of her Motion to Vacate Conditional Transfer Order No. 19 ("CTO-19", Doc. No. 228), that transferred *Jane Doe v. Uber Technologies Inc., et al.*, 4:26-cv-00370-SHR into *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation* (MDL No. 3084).

**INTRODUCTION**

This Panel created *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation* (MDL No. 3084) for the purpose of resolving common factual questions regarding allegations that Defendants Uber Technologies, Inc. and Rasier, LLC (hereinafter "Uber and Rasier") failed to protect passengers and that sexual assault or harassment resulted from that failure. Transfer Ord. (Doc. 94), MDL No. 3084 (Oct. 4, 2023), at 1. Such consolidation was deemed proper in part because centralization would "conserve the resources of the parties, their counsel, and the judiciary." *Id.* at 2.

Transfer of the present case, however, does not promote the conservation of judicial or party resources, because Jane Doe's case is dominated by a case-specific jurisdictional dispute regarding an individual defendant (Ricky Rosales). This case-specific threshold issue does not

involve Uber's corporate knowledge, policies, or procedures. No efficiency gains will result from transfer because this unique threshold issue must be resolved before any common discovery can occur. Unlike cases where transfer to the MDL is routine and expected, Plaintiff's Complaint was filed to highlight the particularly egregious conduct of Defendants and to bring that alleged misconduct before the community in which Plaintiff lives and works.

Specifically, despite a publicly available Order of Protection filed against Defendant Uber driver Ricky Rosales by his wife, which indicated that Rosales frequently engaged in dangerous behaviors including threatening his wife with guns, Defendants Uber and Rasier permitted Defendant Ricky Rosales to continue transporting passengers as a driver for Uber. Ex. A (a true and correct copy of the Order of Protection is attached hereto as Ex. 1 to the Decl. of John Leader (Aug. 12, 2026)). During the time after which Uber should have known of the threat posed by Rosales, Jane Doe, an Uber passenger, was raped by Uber driver Rosales and is now pregnant as a result. This matter should remain in the District of Arizona, where Plaintiff's Motion for Remand has been filed, so that Plaintiff can seek to have her case properly returned to the courts of the State of Arizona.

**BACKGROUND**

Plaintiff filed the present action to seek accountability for the horrific and preventable sexual assault that took place on January 23, 2026, in Pima County, Arizona, perpetrated by Defendant Ricky Rosales, driver for Defendants Uber and Rasier. Plaintiff Jane Doe is now pregnant as a result of the rape. On June 23, 2026, Plaintiff brought this action against Defendants Uber Technologies, Inc.; Rasier, LLC; Ricky Rosales; and John Does 1-10 in the Superior Court for the State of Arizona, Pima County. Defendants thereafter removed the matter to federal court on July 23, 2026. On July 27, 2026, the Panel issued CTO-19, which granted conditional transfer

Case MDL No. 3084 Document 247-2 Filed 08/13/26 Page 3 of 6

of Jane Doe's case into the MDL. (Doc. No. 228). On July 30, 2026, Jane Doe noticed her opposition to CTO-19. (Doc. No. 232). On August 12, 2026, Plaintiff filed a motion in the District of Arizona seeking remand to Arizona state court.

**ARGUMENT**

This Panel should vacate CTO-19 because transferring the present matter into the MDL would cause inefficiencies that would hinder the objectives of the MDL. A Conditional Transfer Order by the Panel "is simply an administrative act of the Clerk which can be and will be vacated upon the showing of good cause by any party." *In re Grain Shipments*, 319 F. Supp. 533, 534 (J.P.M.L. 1970). Under 28 U.S.C. § 1407(a), transfers of "civil actions involving one or more questions of fact" may be properly transferred from different districts to a district for coordinated or consolidated pretrial proceedings where such a transfer will be "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

Transfer "is not mandated by a finding that common questions of fact permeate the actions . . . A transfer will not be ordered unless the convenience of parties and witnesses is served and the just and efficient conduct of the actions promoted by such a transfer." *In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969); *see, e.g.*, *In re: Accutane Prods. Liab. Litig.*, 560 F. Supp. 2d 1370, 1371 (J.P.M.L. 2008) (vacating a CTO when a pending motion in the potential transferor court involved issues unique to the case and not common to the MDL); *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 468 (S.D.N.Y. 2015) (stating: "[W]here the jurisdictional issue on which the remand motion is based is common to other cases that are the subject of the pending transfer motion, the argument for leaving resolution of that issue to the eventual transferee court is stronger . . . Where, however, the underlying jurisdictional issue turns on questions of law

or fact that are specific to the case at hand, the argument for the district court to rule on jurisdiction and not wait for the JPML panel's transfer decision is stronger.).

Transfer would undermine judicial efficiency because the present case cannot advance toward common discovery regarding the conduct of Defendants Uber and Rasier unless and until a threshold case-specific dispute is resolved. Plaintiff's Motion for Remand is currently pending before the District of Arizona. *See* Plaintiff's Mot. for Remand (Aug. 12, 2026), attached hereto as Exhibit A. Resolution of this issue will necessarily involve fact-intensive, case-specific inquiries, premised upon evidence that pertains to a single individual Defendant (Ricky Rosales), who is not otherwise named as a Defendant in the MDL. *See, e.g.* Defs.' Notice of Removal at ¶¶13-17 and Plaintiff's Mot. for Remand at 2-3, 5-6 (discussing fact-bound indicia of citizenship and domicile, including Defendant Rosales's family, addresses, driver's licenses, and social media posts).

This Panel centralized MDL No. 3084 to coordinate discovery and pretrial proceedings concerning common factual questions, including Defendants Uber and Rasier's knowledge of the prevalence of sexual assaults by their drivers, their background-check procedures, safety policies, and responses to passenger complaints. Transfer Ord. (Doc. 94), MDL No. 3084 (Oct. 4, 2023), at 1-2. Those common questions are not implicated by the jurisdictional dispute presented here. Adjudication of that issue will require individualized evidence, individualized briefing, and individualized factual findings that are wholly unrelated to Uber's corporate policies or practices. Transfer will serve only to require the transferee court to expend resources resolving a jurisdictional controversy that is unique to this case (and which is already pending before the proposed transferor court) before any MDL-related efficiencies can be realized. If Plaintiff's Motion for Remand is granted, the action will be returned to Arizona state court where it will never proceed as part of the MDL. Transfer would serve only to burden the MDL and the parties.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Panel vacate CTO-19 and decline to transfer *Jane Doe v. Uber Technologies Inc., et al.*, No. 4:26-cv-00370-SHR (D. Az.), into MDL No. 3084. Alternatively, Plaintiff requests that the Panel, in its discretion, defer ruling on the transfer pending the District of Arizona's decision on Plaintiff's Motion for Remand.

Respectfully submitted this 13th day of August, 2026.

/s/ John P. Leader
John P. Leader, Esq.
Carmen S. Scott, Esq.
Alexandra A. Stulpin, Esq.
Jessica F. Tallant, Esq.
*Co-counsel for Plaintiff*

Counsel for Plaintiff Jane Doe:

John P. Leader, Esq.
**THE LEADER LAW FIRM**
405 West Cool Drive Suite 107
Tucson, AZ 85704
Phone (520) 575-9040
Fax (520)575-9340
john@leaderlawaz.com

Carmen S. Scott, Esq.
Jessica F. Tallant, Esq.
**MOTLEY RICE, LLC**
28 Bridgeside Blvd
Mount Pleasant, SC 29464
Phone: (843) 216-9160
Fax: (843) 216-9430
cscott@motleyrice.com
jtallant@motleyrice.com

Alexandra A. Stulpin, Esq.
**MOTLEY RICE, LLC**
1717 Arch Street

Suite 3610
Philadelphia, PA
astulpin@motleyrice.com
Phone: (267) 267-4742
Fax: (267) 267-4759