# EXHIBIT 5

Case 3:24-md-03084-CRB Document 8472-5 Filed 03/12/26 Page 1 of 9

**THE LEADER LAW FIRM**
405 West Cool Drive Suite 107
Tucson, AZ 85704
Phone (520) 575-9040
Fax (520)575-9340
John P. Leader, Esq.
john@leaderlawaz.com
SBN 012511 / PCN 64791

**MOTLEY RICE, LLC**
28 Bridgeside Blvd
Mount Pleasant, SC 29464
Phone: (843) 216-9160
Fax: (843) 216-9430
Carmen S. Scott
Laura K. Stemkowski
Jessica F. Tallant
cscott@motleyrice.com
*Pro hac vice application forthcoming*

1717 Arch Street
Suite 3610
Philadelphia, PA
Alexandra A. Stulpin
astulpin@motleyrice.com
Phone: (267) 267-4742
Fax: (267) 267-4759
*Pro Hac Vice application forthcoming*

*Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION**

| | |
|---|---|
| Jane Doe,<br>Plaintiffs,<br>vs.<br>UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company; RICKY ROSALES, an individual; and JOHN DOES 1-10;<br>Defendants. | **Case 4:26-cv-00370-SHR**<br>Pima Cty. Case No. C20264861<br>**MOTION FOR REMAND**<br>(The Hon. Scott H Rash) |

Plaintiff Jane Doe, by and through undersigned counsel, hereby moves this Court for an

Order pursuant to 28 U.S.C. § 1447, remanding this matter to state court because complete diversity is lacking. Plaintiff's filing of this Motion should not be construed as consent to this jurisdiction.

## I. <u>INTRODUCTION</u>

Defendant Ricky Rosales is a resident of Pima County, Arizona, where this matter is filed, where Plaintiff resides, and where the acts that give rise to this matter took place. Removal in this case is improper because no diversity exists between Plaintiff and Defendant Ricky Rosales.[1] Uber Technologies, Inc. and Rasier, LLC make an argument for diversity jurisdiction that obfuscates unambiguous statutory language. The statute that provides for diversity jurisdiction states: "[D]istrict courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). Rosales is such a permanent resident.

Uber and Rasier cannot bootstrap jurisdiction under 28 U.S.C. § 1332(a)(3) when § 1332(a)(2) plainly bars it. Defendants provide no authority to support their argument, and Defendants' attempt to overextend diversity jurisdiction is supported neither by the legislative history of 28 U.S.C. § 1332(a) nor fundamental rules of statutory construction.

## II. <u>BACKGROUND</u>

Plaintiff brings this action seeking damages for the sexual assault she suffered as a passenger of Defendants, perpetrated by Defendant Ricky Rosales, driver and agent for Defendants Uber Technologies, Inc. and Rasier, LLC. Compl. ¶¶ 63-87. (Defendants Uber

---

[1] As a threshold matter, Plaintiff does not dispute that diversity exists specifically as between *Plaintiff and Uber* and specifically as between *Plaintiff and Rasier*. Plaintiff likewise does not dispute that the amount in controversy in this matter is greater than $75,000.

Technologies, Inc. and Rasier, LLC are hereinafter referred to as "Defendants Uber and Rasier"). Notably, Defendant Rosales is the holder of a Permanent Resident Card ("green card"). *See* Ex. A, Decl. of John Leader (Aug. 12, 2026), at ¶ 2, and Ex. 1 thereto. Mr. Rosales has a Social Security Number and is licensed to drive in the United States, most recently in Arizona. Defs.' Notice of Removal, ¶ 17. Mr. Rosales is associated with numerous Arizona addresses, one of which is listed on the registration of a vehicle that he co-owns in Arizona. Defs.' Notice of Removal, ¶ 13, and Ex. A, ¶¶ 3(c) and 4, and Ex.s 4 and 5 thereto. Defendant Rosales conducted business in Arizona as an Uber driver and agent. Compl. ¶ 2. Plaintiff has independently confirmed that Defendant Rosales has a spouse and child located in Arizona. Ex. A, ¶ 3(a) – (c), and Ex.s 2-4 thereto.

## III. <u>ARGUMENT</u>

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *Guardado v. Highshaw*, No. EDCV13365PSGSPX, 2013 WL 12137105, at *4 (C.D. Cal. May 6, 2013) ("*Guardado*") (citing 28 U.S.C. § 1441). Where diversity is not complete, a federal court lacks original jurisdiction over all claims in an action. *Guardado* (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

Federal courts are to "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d

1031, 1034 (9th Cir. 2008); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). District courts must exercise "prudence and restraint" when assessing removal. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986)). Pursuant to 28 U.S.C. § 1447(d), a remand order is not appealable. 28 U.S.C. § 1447(d).

**A. Defendant Rosales is Lawfully Admitted for Permanent Residence in the United States.**

"Under the immigration laws, a noncitizen who is authorized to live permanently in the United States is a lawful permanent resident—also commonly known as a green-card holder." *Barton v. Barr*, 590 U.S. 222, 224 (2020). For venue purposes, "a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." *State of Texas v. State of Fla.*, 306 U.S. 398, 424 (1939).

"Of course it cannot be known without the gift of prophecy whether a given abode is 'permanent' in the strictest sense. But beyond this, it is frequently used in the authorities on domicile to describe that which is not merely 'temporary . . . '". *D.C. v. Murphy*, 314 U.S. 441, 451 (1941). The determination of domicile involves a number of factors, with no single factor controlling, including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. *Lew v. Moss*, 797

F.2d 747, 750 (9th Cir. 1986). Diversity jurisdiction is assessed at the time of filing. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

Because Defendant Rosales is the holder of a "green card," he is therefore a lawful permanent resident of the United States. *See* Ex. A, at ¶ 2, and Ex. 1 thereto. Clear objective indicia demonstrate that he was domiciled in Arizona at the time of filing. First, Defendant Rosales maintained employment in Arizona, where he conducted business as an Uber driver. Compl. ¶ 2. Defendants Uber and Rasier admit that Mr. Rosales has a Social Security Number, and that Mr. Rosales is associated with numerous Arizona addresses, one of which is verified as associated with his motor vehicle registration in Arizona. Defs.' Notice of Removal, ¶¶ 13, 17 and Ex. A, ¶¶ 3(c) and 4, and Ex.s. 4 and 5 thereto. To the extent Defendants Uber and Raiser contend that they were unaware of Mr. Rosales's lawful permanent resident status, that contention suggests a failure on Uber's part to adhere to its own policies regarding the investigation and vetting of prospective drivers.[2] Plaintiff has independently confirmed that Defendant Rosales has a spouse and family located in Arizona. Ex. A, ¶ 3(a) – (c), and Ex.s. 2-4 thereto. Rosales was licensed to drive in the United States (most recently in Arizona, issued in 2025). Defs.' Notice of Removal at ¶ 14.

Plaintiff has alleged, as informed by law enforcement, Defendant Rosales is believed to have fled the country at least temporarily following a criminal investigation into Plaintiff's allegations of sexual assault. Compl. ¶ 2. If true, this does not mean that Defendant Rosales cedes his previously awarded Permanent Resident status for purposes of avoiding state court jurisdiction and/or any parallel criminal prosecution.

---

[2] *See* Uber, *Driver Screening, Frequently Asked Questions* (last accessed Aug. 11, 2026) (stating: "Uber's screening process focuses on identity verification . . . Before a driver can take their first trip with Uber, they must submit their Social Security number (validated directly with the IRS), full name, date of birth, a valid form of government-issued ID, and a live profile photo, among other vehicle documents)," among other listed background checks).

Objective indicia at the time of filing: his green card, his Arizona driver's license, his employment, the location of his spouse and child, his motor vehicle registration, and his verified address, together indicate that Defendant Rosales is domiciled in Arizona with intent to remain there.

**B. Because Defendant Rosales is Lawfully Admitted for Permanent Residence in the United States, Removal is Improper.**

Diversity jurisdiction is plainly barred in the instant matter under 28 U.S.C. § 1332(a)(2). Its plain text is clear (emphasis added):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, *except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State*;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> 28 U.S.C.A. § 1332(a)(1)-(4).

The "lawfully admitted for permanent residence" provision of § 1332(a)(2) is a plain bar to diversity. Indeed, Uber and Rasier cite no case where a named party was a lawfully admitted permanent resident domiciled in the same state as an opposing party, which holds that diversity jurisdiction is proper under 28 U.S.C. § 1332(a)(3) despite 28 U.S.C. § 1332(a)(2)'s plain bar against diversity jurisdiction in such a situation. Uber and Rasier do not cite such a case because they simply cannot. The explicit textual bar in § 1332(a)(2) is absolute: "the district courts *shall not*." 28 U.S.C. § 1332 (emphasis added). This prohibition operates independently of whether other diverse parties are present—Defendants do not meet their burden of providing authority to the contrary.

The legislative history of the 2011 amendment to 28 U.S.C. § 1332(a) supports Plaintiff's understanding of the restrictive bounds of diversity jurisdiction where permanent residents are concerned (emphasis added):

> In 1988, Congress added the "resident alien proviso" to subsection 1332(a) through enactment of the Judicial Improvements and Access to Justice Act (Pub. L. No. 100–702). The proviso state[d] that "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. S 1332(a). ***The purpose of that change was to preclude Federal alienage jurisdiction under paragraph 1332(a)(2) in suits between a citizen of a state and an alien permanently residing in the same state, thereby also reducing the caseload of the Federal courts*** . . . In such situations, the permanent resident alien has appreciable connections to the state, and there was perceived to be no need to provide for a Federal forum to protect the alien against possible bias in state court . . . Although the 1988 amendment curtailed alienage jurisdiction in one setting, the "deeming" feature created an arguable basis for expansion of alienage jurisdiction in other settings–a problem with which the courts have struggled.
> . . .
> ***To correct the problem***, section 101 ***eliminates the resident alien proviso and its deeming feature altogether, along with its potential for jurisdictional expansion.*** . . . In place of the proviso, section 101 would provide that the district courts shall not have diversity of citizenship jurisdiction under paragraph 1332(a)(2) of a claim between a citizen of a state and a citizen or subject of a foreign state admitted to the United States for permanent residence and domiciled in the same state . . .
>
> H.R. REP. 112-10, 6-8, 2011 U.S.C.C.A.N. 576, 580.

Indeed, after the amendments in 1988 and 2011, courts echo Congress's intent that the "lawfully admitted for permanent residence" provision of § 1332(a)(2) be implemented to reduce federal court caseloads by eliminating jurisdiction over disputes involving a U.S. citizen and a lawful permanent resident domiciled in the same state. *See, e.g. Van Der Steen v. Sygen Int'l, PLC*, 464 F. Supp. 2d 931, 935 (N.D. Cal. 2006) ("Congress wished to eliminate federal jurisdiction over lawsuits between citizens and permanent resident aliens residing in the same state); *Prem v. Wing Spirit Inc.*, No. CV 20-00399 JAO-RT, 2022 WL 801338, at *3 (D. Haw. Mar. 16, 2022) (applying the legislative history of the 2011 amendment to 28 U.S.C.

§ 1332, to find that diversity jurisdiction was lacking in a case involving a Japanese citizen who was a permanent resident of the U.S.).

In addition to the strict construal of removal statutes *against* removal, (*see* discussion *supra*), to the extent that any doubt remains, Plaintiff's proposed plain-reading interpretation of the interplay between 28 U.S.C. s. 1332(a)(2) and (3) is supported by fundamental rules of statutory construction: "'[a] specific provision controls over one of more general application." *Save Our Skies LA v. Fed. Aviation Admin.*, 50 F.4th 854, 865 (9th Cir. 2022) (quoting *Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991)); *Paxton v. City of Montebello*, 712 F. Supp. 2d 1007, 1016 (C.D. Cal. 2010) (referring to this concept, as set forth in *Gozlon-Peretz v. United States*, as a "fundamental statutory construction rule."). Here, where § 1332(a)(2) creates a *specific* rule for a *narrow subset of non-citizens* (lawful permanent residents)—and more specifically, within that subset, those which are domiciled in the same state as an opposing party, such a specific rule controls over a general rule otherwise set forth regarding non-citizens elsewhere in that same statute. Removal is improper because diversity jurisdiction is lacking.

## IV. CONCLUSION

Because the parties in the instant case are not completely diverse, no Federal Court may properly claim jurisdiction over this matter. For the reasons stated herein, Plaintiff respectfully requests that this Court remand this case to Pima County Superior Court for the State of Arizona. Plaintiff requests an award of fees and costs associated with Defendants' removal. A proposed form of order is submitted herewith.

Respectfully submitted this 12th day of August, 2026.

/s/ John P. Leader
John P. Leader, Esq.
Carmen S. Scott *(pro hac vice* forthcoming)

Laura K. Stemkowski *(pro hac vice* forthcoming)
Alexandra A. Stulpin *(pro hac vice* forthcoming)
Jessica F. Tallant *(pro hac vice* forthcoming)
*Co-counsel for Plaintiff*

CERTIFICATE OF SERVICE:

I hereby certify that on August 12, 2026, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jamie Brown (Bar No. 022830)
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2601
New York, NY 10020
(212) 989-8844
jabrown@shb.com
*Attorney for Defendants*
*Uber Technologies, Inc., Rasier, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA, TUCSON DIVISION**

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company; RICKY ROSALES, an individual; and JOHN DOES 1-10;<br>Defendants. | Case No. 4:26-cv-00370-SHR<br><br>Pima Cty. Case No. C20264861<br><br>**DECLARATION OF JOHN LEADER IN SUPPORT OF MOTION FOR REMAND**<br><br>(The Hon. Scott H Rash) |

I, John Leader, declare under penalty of perjury that the following is true and correct:

1. I am counsel for Plaintiff in this matter. I make this declaration based upon my personal knowledge of the matters stated herein, and if called as a witness, could and would testify competently thereto.
2. Plaintiff retained a private investigator in connection with this matter. A true and correct copy of a Permanent Resident Card ("green card") belonging to Ricky Rosales as obtained by Plaintiff's private investigator is attached hereto as Exhibit 1.
3. Upon information and belief, Ricky Rosales married Nataly Shacha Rosales on December 13, 2020:
    a. On December 13, 2025, a public post on what is believed to be Ricky Rosales's Facebook Account depicts a photograph of a woman in a wedding gown and veil, holding a bouquet, standing with a man in a tuxedo who appears to be Ricky Rosales. The caption of the photo is "Happy anniversary my Nataly." A true and correct copy of this post is attached hereto as Exhibit 2.
    b. A public post, dated December 22, 2020, on what is believed to be Ricky Rosales's Facebook Account, depicts a photograph of the same woman in the

same wedding gown and veil, holding what appears to be the same bouquet, holding hands with Defendant Rosales, in what appears to be a church filled with Christmas décor (a tree, poinsettias, and garland), with the caption "—feeling in love." Commentors on the post wished the couple congratulations. A true and correct copy of this post is attached hereto as Exhibit 3.

c. On July 18, 2025, Nataly Shacha Rosales filed an Order of Protection in Pima County, Arizona, against Ricky Sorino Rosales. On page one of the Order of Protection, "Defendant/Plaintiff Relationship:" indicates "MARRIED NOW OR IN THE PAST." Page three of that same document shows under "Defendant/Plaintiff Relationship" two checked boxes: "Married (past or present)" and "Parent of child in common." Defendant Ricky Rosales's address is listed on the Order of Protection filed by Nataly Shacha Rosales as 2800 S Mission Rd Apt 11102 Tucson, Arizona 85713. A true and correct copy of the Order of Protection is attached hereto as Exhibit 4.

4. Arizona Department of Transportation motor vehicle registration records show that Defendant Ricky Rosales is co-owner of a 2021 Toyota Venza (with Nataly Rosales). His address is listed as 2800 S Mission Rd Apt 11102, Tucson, AZ 85713. A true and correct copy of this record is attached hereto as Exhibit 5.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 12, 2026

/s/ John P. Leader
John P. Leader, Esq.
**THE LEADER LAW FIRM**
*Counsel for Plaintiff*

# EXHIBIT 1


UNITED STATES OF AMERICA
PERMANENT RESIDENT
Surname
ROSALES
Given Name
RICKY S
USCIS#
219-845-310
Category
CR6
Country of Birth
Philippines
Date of Birth
08 AUG 1985
Sex
M
Card Expires:
04/11/24
Resident Since:
04/11/22

# EXHIBIT 2

Ricky Rosales
December 13, 2025 ·

Happy anniversary my Nataly



65 27

Most relevant

**Yvette Ochoa** · 34w
Oh wow! Happy Anniversary P. Ricky and Ms. Nataly!
Reply

**Elizabeth German Beck** · 34w
Happy anniversary
Reply

**Maricar Ylarde** · 34w
Happy Anniversary 🙏🎉
Reply

**Fe Lopez** · 34w
Happy anniversary 💕
Reply

**Edgar Lopez** · 34w



Write a comment…

# EXHIBIT 3

[redacted]



**Ricky Rosales**
December 22, 2020 ·

— feeling in love.

241 20

Most relevant

**Cuenco Eden** · 5y
Wowwww"Congrats' Best wishes both of you Pstr.🎂🌹🍒🍑🍐🍎🍇🍉😘🎁🍡🍞🍰🍕🍗🍟🎉🎉🎊🎊🌹🌹🌹🌹🌹🌹🌹🌹 God in heaven Bless you both🙏🙏🙏🙏🙏🙏🙏.
Reply

**Rhea Castro-Garcia Lagundino** · 5y
Congrats po Pastor abd wifey
Reply

**Rose Lyn** · 5y
Congratulations!💕
Reply

# EXHIBIT 4

TUCSON CITY COURT
103 E ALAMEDA ST, P.O. BOX 27210, TUCSON, AZ 85726 PH - 520-791-4216

# ORDER OF PROTECTION

Case No. M1041PO25027256

[ ] Amended Order

Court ORI No. AZ010011J

County PIMA State AZ

**PLAINTIFF**

| NATALY | SHACHA | ROSALES |
|---|---|---|
| First | Middle | Last |

**PLAINTIFF IDENTIFIERS**

06/29/1987
Plaintiff's Date of Birth

And on behalf of minor family member or Protected Person listed below. (List name and DOB.)

**V.**

**DEFENDANT**

| RICKY | SORINO | ROSALES |
|---|---|---|
| First | Middle | Last |

Defendant/Plaintiff Relationship: MARRIED NOW OR IN THE PAST

Defendant's Address: 2800 S MISSION RD APT 11102 TUCSON ARIZONA 85713

CAUTION: [ X ] Weapon Alleged in Petition

**DEFENDANT IDENTIFIERS**

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| MALE | ASIAN OR PACIFIC ISLANDER | 08/08/1985 | 5' 5" | 118 |
| **EYES** | **HAIR** | *Arizona Prohibits Release of Social Security Numbers* | | |
| BROWN | BLACK | | | |
| **DRIVER LICENSE #** | | **STATE** | **EXP DATE** | |
| | | | | |

[ ] Estimated Date of Birth

**WARNINGS TO DEFENDANT:** This Order shall be enforced, even without registration, by the courts of any state, the District of Columbia, or any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. § 2265). Crossing state, territorial, or tribal boundaries to violate this Order may result in federal imprisonment (18 U.S.C. § 2262). Because of this order, it may be unlawful for you to possess or purchase a firearm or ammunition pursuant to federal law under 18 U.S.C. § 922(g)(8) or state, tribal, territorial, or local law. If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney.

**Only the Court, in writing, can change this order. This order is in effect for two years from date of initial service, even if it is later modified.**

TUCSON CITY, << COURTADDRESS_PHONE>>

**THE COURT HEREBY FINDS THAT:** It has jurisdiction over the parties and the subject matter.

[ ] Defendant received actual notice of this hearing and had an opportunity to participate.

**THE COURT,** finding reasonable cause to believe that Defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year (or good cause exists to consider a longer period),

**HEREBY ORDERS:**

**NO CRIMES.** Defendant shall not commit any crimes, including but not limited to harassment, stalking, or conduct involving the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury, against Plaintiff or Protected Persons.

[ X ] **NO CONTACT.** Defendant shall have no contact with **Plaintiff** except through attorneys, legal process, court hearings, and as checked:
[ ] **Phone** [ X ] Electronic (email, text, etc) – REGARDING THEIR CHILF "LILLIAN" [ ] **Mail** [ ] **Other:**

[ ] **NO CONTACT.** Defendant shall have no contact with **Protected Persons** except through attorneys, legal process, court hearings and as checked: [ ] **Phone** [ ] Electronic (email, text, etc.) [ ] **Mail** [ ] **Other:**

THE COURT FURTHER ORDERS:

[ ] **RESIDENCE.** Plaintiff is granted exclusive use and possession of the residence currently shared with Defendant.

[X] **LAW ENFORCEMENT STANDBY.** Defendant may return once with a law enforcement officer to obtain necessary personal belongings. Neither law enforcement nor this protective order can resolve conflicts over property, title, furniture, finances, real estate, or other ownership issues.

**PROTECTED LOCATIONS.** Defendant shall not go to or near the Plaintiff's or other Protected Person's:

[X] Residence (confidential): CONFIDENTIAL;

[X] Workplace (leave blank if confidential): CONFIDENTIAL;

[ ] School/other:

[X] **ARIZONA FIREARMS LAW. Under** A.R.S. § 13-3602(G)(4), the Court finds that Defendant poses a credible threat to the physical safety of Plaintiff or Protected Persons. Therefore, Defendant shall not possess, receive, or purchase firearms and shall surrender same within 24 hours of service to: CREDIBLE THREAT: LOCAL LAW ENFORCEMENT - Within 48 hours of service, the defendant is ordered to file an Affidavit of Firearms Transfer form at Tucson City Court, Room 119. This form is to be filled out in every case, even if the defendant does not possess a firearm. Failure to file the form could result in a contempt of court hearing and new criminal charges for violating the Protective Order.

[] **ANIMALS.** Plaintiff is granted the exclusive care, custody, or control of any animal that is owned, possessed, leased, kept, or held by the plaintiff, the defendant, or a minor child residing in the residence or household of the plaintiff or the defendant. Defendant is ordered to stay away from the animal and shall not take, transfer, encumber, conceal, commit an act of cruelty or neglect in violation of section 13-2910, or otherwise dispose of the animal.

OTHER ORDERS:

| | | |
|---|---|---|
| 07/18/2025 | /s/ | HOLLOWAY, HON MURDOCK E |
| Date | HOLLOWAY, HON MURDOCK E<br>Judicial Officer | Printed Name |

**WARNING:** This is an official court order. If you disobey this order, you will be subject to arrest and prosecution for the crime of interfering with judicial proceedings and any other crime you may have committed in disobeying this order.

**NOTICE:** If you disagree with this order, you have the right to request a hearing, which will be held within 5 to 10 business days after your written request has been filed in the court that issued this order. Violations of this order should be reported to a law enforcement agency, not the court. Each party must notify this court if an action for dissolution (divorce), separation, annulment or paternity/maternity is filed. This is NOT a parenting time (visitation) or custody (legal decision-making) order. You must file those requests separately in Superior Court.

**ADDITIONAL WARNINGS TO DEFENDANT:** Nothing the plaintiff does can stop, change, or undo this order without the court's written approval. You must appear in court to ask a judge to change (modify) or dismiss (quash) this order. **You can be arrested and prosecuted for violating this order, even if the plaintiff contacts you. If you do not want the plaintiff to contact you, you have the right to request a protective order against the plaintiff. But orders are not automatically granted upon request. Legal requirements must be met.**

PCO 1,4,5,7,8

All Courts in Arizona/NCIC#/DPS# Address, City, AZ Zip Telephone Number

| | | |
|---|---|---|
| Plaintiff ☐ Employer-Plaintiff if Workplace Injunction<br>Nataly Shacha Rosales | Defendant<br>Ricky Sorino Rosales | Case No.<br>PO2025027250 |
| ☐ On behalf of minor/person in need of protection named: | Defendant's address | PETITION for:<br>☑ Order of Protection<br>☐ Injunction Against Harassment<br>☐ Workplace Injunction |
| Agent's name (if Workplace Injunction) | Defendant's phone | |

**This is NOT a court order.**

**This petition contains Plaintiff's allegations and requests. To see what the court has ordered, see "Order" form.**

*DIRECTIONS: Please read the Plaintiff's Guide Sheet before filling out this form.*

1. Defendant/Plaintiff Relationship *(or relationship between Defendant and minor/person in need of protection)*

- ☑ Married (past or present)
- ☐ Live/lived together as intimate partners
- ☐ Romantic/sexual (past or present)
- ☒ Parent of child in common
- ☐ One party is pregnant by the other
- ☐ Related as parent, grandparent, child, grandchild, brother, sister (or in-law/step)
- ☐ Live/lived together but not as intimate partners
- ☐ Other:

2. ☐ If checked, Defendant and I have a pending action involving maternity, paternity, annulment, legal separation, dissolution, custody, parenting time, or support in ________ County Superior Court, Case # ________.

3. Name of court, if any, in which any other protective order related to this conduct has been filed.

Court name ________ Case # ________

4. Tell the judge what happened and why you need this order. PRINT both the dates and a brief description of what happened. If there is a contested hearing, a judge can consider only what you write here.

*NOTE: Defendant will receive a copy of this petition when the order is served.*

| Approx. Date | (Do not write on back or in the margin. Attach additional paper if necessary.) |
|---|---|
| 06/28/2025 | Ricky became upset at me, yelling and pounding hands on counters, screaming, threatening me that "would explode". He hit the dry wall and bleed his knuckles and blame me for his actions. My 2-yr old became scared, covering her ears with pillows. I hid from him in a closet, fearful that he might hit me because he was furious. That same morning, he forced me to go to church by yelling at me and intimating me with words and did not allow me to talk. He kept saying "be quiet, shut up" He threaten me to quit his job as a pastor and that it was all my fault. That I "mess up his life". Calling me "useless". He threatened to kill himself with a gun and stated that's what I wanted. I told him to get help/ therapy. |
| 07/17/2025 | Ricky became agitated as soon as he saw me walk in the door from work. Screaming at me and accusing me to "put him down". I asked him to call geico our insurance to sort out a late payment. He became upset because I asked him for help and claimed that " I am always negative and putting him down" He left the home upset. I told him that we cannot live fighting and it's not a safe environment for our children. I told him to return the keys from apt. He returned home and gave me his keys, later texted me that "Don't worry tonight you will be happy for your whole life". |

Case 2:26-cv-00874-GBR Document 8-2 Filed 01/22/26 Page 3 of 15

FD2502725

| | |
|---|---|
| 07/12/2025 | I asked him to help me load clothes in washer and dryer. I was giving him specific indications when he became mad and screaming, saying he knows what he is doing. He said to "shut up or else he would explode". Rick is almost daily becoming upset, yells over simple day to day conversations that a couple can have. He does not allow me to express myself or my feelings. Despise even seeing me, he rolls his eyes at me when I call his name. I once said have a nice day, he responded in negative tone saying that I was making fun of him, because he never has nice day. Does not want to talk in normal tone. Forces me to go to church against my will. |
| 12/15/2024 | Ricky tosh his gun to me, gun landed on the floor near me, he threaten me that he was going to kill himself during an argument. |
| 07/06/2025 | During an argument Ricky said he was going to kill the whole world and himself with his gun. |
| required | |
| required | |
| required | |
| required | |
| required | |

5. The following persons should also be on this order. They should be protected because Defendant is a danger to them:

6. Defendant should be ordered to stay away from these locations at all times, even when I am not present.
NOTE: Do not list confidential addresses here.

- ☑ Residence (confidential)
- ☑ Work (confidential)
- ☐ School (confidential)
- ☐ Other: (confidential)
- ☐ Business Name/Address (If Workplace Injunction)

7a. ☑ Defendant owns or carries a firearm or other weapons.

7b. ☑ Defendant should be ordered NOT to possess firearms while this order is in effect because of the risk of harm to me or other protected persons.

8. ☐ Defendant should be ordered to stay away from any animal that is owned, possessed, leased, kept or held by me, Defendant, or a minor child living in either my household or Defendant's household.

9. Other requests:

Under penalty of perjury, I swear or affirm the above statements are true to the best of my knowledge. I request an order or an injunction granting relief as allowed by law.

/s/ Nataly Shacha Rosales
Plaintiff

Attest: [signature] 7/18/25
Judicial Officer/Clerk/Notary — Date

# EXHIBIT 5

**ADOT**
**Motor Vehicle Division**
15-1015 R12/19

## Uncertified Arizona Motor Vehicle Record as of: 5/5/2026

| Plate | Plate Type | Plate Status | VIN |
|---|---|---|---|
| AXA1KZ | Standard | Active | JTEAAAAH2MJ021388 |

| Year | Make | Model | Style |
|---|---|---|---|
| 2021 | Toyota | Venza | Station Wagon 4 Dr |

| Factory List Price | Fuel Type | Odometer Reading | Odometer Code |
|---|---|---|---|
| 32390 | Hybrid | 0 | |

| GVW | SAR Start | SAR End | SAR Weight | Length | Width |
|---|---|---|---|---|---|
| 3847 | | | 0 | | |

| Registration Use | First Registered | Expiration Date | Date Registration Renewed |
|---|---|---|---|
| Regular | 1/2021 | 12/15/2026 | |

| Title Number | State Issued | Title Issued Date | Title Indicator | Title Status |
|---|---|---|---|---|
| | | | | |

| Date of Sale | Received Date |
|---|---|
| | |

| De-Insure Start Date | De-Insure End Date | Certificate Received Date | Reason |
|---|---|---|---|
| | | | |

No Permits Available

### Owner(s)

7087136 Nataly Shacha Rosales 2800 S Mission Rd Apt 11102, Tucson, AZ 857133185 Or
18132833 Ricky S Rosales 2800 S Mission Rd Apt 11102, Tucson, AZ 857133185

### Mailing Address

2800 S Mission Rd Apt 11102, Tucson, AZ 857133185

### Domicile Address

### Lienholder(s)

### Additional Information

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION**

| | |
|---|---|
| Jane Doe,<br>Plaintiffs,<br>vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company; RICKY ROSALES, an individual; and JOHN DOES 1-10;<br>Defendants. | **Case 4:26-cv-00370-SHR**<br><br>Pima Cty. Case No. C20264861<br><br>**ORDER FOR REMAND**<br><br>(The Hon. Scott H Rash) |

On review of Plaintiff's motion, and good cause appearing, IT IS HEREBY ORDERED that this matter is REMANDED to Pima County Superior Court for all subsequent proceedings.