# EXHIBIT 7

**THE LEADER LAW FIRM**
405 West Cool Drive Suite 107
Tucson, AZ 85704
Phone (520) 575-9040
Fax (520) 575-9340
John P. Leader, Esq.
john@leaderlawaz.com
SBN 012511 / PCN 64791

**MOTLEY RICE, LLC**
28 Bridgeside Blvd
Mount Pleasant, SC 29464
Phone: (843) 216-9160
Fax: (843) 216-9430
Carmen S. Scott
Laura K. Stemkowski
Jessica F. Tallant
cscott@motleyrice.com
*Pro hac vice application forthcoming*

1717 Arch Street
Suite 3610
Philadelphia, PA
Alexandra A. Stulpin
astulpin@motleyrice.com
Phone: (267) 267-4742
Fax: (267) 267-4759
*Pro Hac Vice application forthcoming*

*Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION**

| | |
|---|---|
| Jane Doe,<br>Plaintiff,<br>vs.<br>Uber Technologies, Inc.; Rasier, LLC; Ricky Rosales; and John Does 1-10,<br>Defendants. | **Case 4:26-cv-00370-SHR**<br>Pima Cty. Case No. C20264861<br>**REPLY IN SUPPORT OF MOTION FOR REMAND**<br>(The Hon. Scott H Rash) |

Defendants' opposition rests on a highly strained interpretation of 28 U.S.C. § 1332(a). Defendants expend considerable effort to suggest that Congress intended to say something

other than what Congress plainly wrote. Defendants' lengthy analysis cannot obscure a simple truth: Section 1332(a) states what it states, and a departure from its unambiguous text would not be proper.

**ARGUMENT**

As a threshold matter, Defendants Uber Technologies, Inc. and Rasier, LLC (collectively referred to as "Defendants" herein) do not dispute that they bear the burden of establishing federal jurisdiction. "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Defendants do not dispute that a remand order is not appealable. 28 U.S.C. § 1447(d).

**I. Because Defendant Rosales is a Lawful Permanent Resident Who at the Time of Filing Resided in the Same State as Plaintiff, 28 U.S.C. § 1332 Divests Federal Courts of Jurisdiction Over This Matter**

The statute at issue states: "district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." § 1332(a)(2). This language is not susceptible to reasonably varied interpretations. Because Rosales was a lawful permanent resident residing in Arizona, where Plaintiff is domiciled, there is no diversity between those two parties. The Court's analysis could end here.

**II. Defendants Have Not Met their Burden to Show that Diversity Jurisdiction is Proper Under 28 U.S.C. § 1332**

Defendants have made no attempt to provide evidence to disprove Defendant Rosales's status as a lawful permanent resident. Defendants' challenge to Rosales's Arizona domicile appears to rest on two premises: (1) that Rosales appears to have changed domicile frequently and (2) that Rosales did not reside in Arizona long enough before this action was

filed. Neither argument disproves Rosales's Arizona domicile. First, Rosales's past domicile changes have no bearing on whether he was domiciled in Arizona at the start of this action. The relevant inquiry is domicile at the date of filing, not the number of prior domicile changes. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

Second, Defendants seem to suggest that Rosales was not domiciled in Arizona based upon alleged indicia that he lived in Arizona for less than one year. Yet, Defendants provide no support to establish a minimum duration of residence necessary to acquire domicile in a given state. Nor could they. Domicile is residence, accompanied with intent to remain indefinitely. *Mitchell v. United States*, 88 U.S. 350, 352 (1874). It has been long established that there is no prescribed minimum period of residence to establish domicile. *See, e.g.*, *The Venus*, 12 U.S. 253, 279 (1814) ("If it sufficiently appear that the intention of removing was to make a permanent settlement, or for an indefinite time, the right of domicil[sic] is acquired by a residence even of a few days."); *Williams v. State of N. Carolina*, 317 U.S. 287, 299 (1942) ("The fact that a stay in a state is not for long is not necessarily fatal to the existence of a domicil[sic].").

Here, Defendants carry the burden of establishing diversity jurisdiction (*Luther*, *supra*, 533 F.3d at 1034), yet they provide no evidence to dispute that: Rosales held a lawful permanent resident card; his most recently issued driver's license was issued in the State of Arizona; social media posts along with a public filing by Rosales's wife in Arizona courts together indicate that his wife and child resided with him in Arizona; Rosales worked in Arizona as an Uber Driver; Rosales is listed along with his wife on an Arizona motor vehicle registration. (Mot. at 4-6). These verified indicia demonstrate that Rosales was both physically present in Arizona at the time of filing, and that he intended to remain in Arizona indefinitely. Defendants have failed to carry their burden of establishing otherwise.

### III. A Plain-Language Reading of 28 U.S.C. § 1332(a) Supports Remand

Plaintiff maintains that this issue can be decided based upon the plain text of § 1332(a) without resort to technical, structural analysis. However, because Defendants suggest that Plaintiff's plain-language position is unclear, Plaintiff proposes the following analysis, at the risk of overexplaining. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979); *see Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 958 (9th Cir. 2013). Here, the language of the statute is clear and unequivocal:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> > (1) citizens of different States;
> > (2) citizens of a State and citizens or subjects of a foreign state, <u>except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;</u>
> > (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> > (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a) (emphasis added). The word "**section**" as used in 28 U.S.C. § 1332, refers to 28 U.S.C. **section** 1332, in its entirety. The word "**subsection**" in 28 U.S.C. §1332(a)(2) (the provision at issue here) refers to **sub-section** (a) of section 1332—not **paragraph** 2 *within* **sub-section** (a) of **section** 1332. This reading is the only reading that makes structural sense of the statute.

Certainly, the **section** symbol in 28 U.S.C. **§** 1332 means "**Section**." The use of "**section**" to mean the entirety of section 1332 is consistent with the manner in which the term "**section**" is used elsewhere in the statute. For example, § 1332(e) states: "The word 'States,'

as used in this **section**, includes the territories, the District of Columbia, and the Commonwealth of Puerto Rico." *There is no other text in § 1332(e)*. If "**this section**" as used in § 1332(e) refers only to § 1332**(e)**, then the provision defines terms that are not otherwise used. The entirety of that provision would become meaningless.[1]

**Section** 1332 is divided into five "**subsections**": (a), (b), (c), (d), and (e). Within those "**subsections**" are numbered "**paragraphs**." For example, **section** 1332, **subsection** (d) sets forth rules for class actions. **Subsection** (d) is divided into eleven numbered **paragraphs**. **Paragraph** one of **subsection** (d) begins with: "In this **Subsection**—." It then defines the terms "class," "class action," "class certification order," and "class members." **Paragraph** one of **subsection** (d) contains only term definitions—it does not otherwise use the terms defined. Therefore, if by "**this subsection**," Congress referred only to **subsection** (d), **paragraph** 1, and not also **paragraphs** 2-11 of **subsection** (d), then the defined terms in 28 U.S.C. § 1332(d)(1) become meaningless. This would be nonsensical. Moreover, internal references to *numbered provisions* within **subsection D** refer to those numbered provisions as **paragraphs**—not **subsections**.

The words "**section**," "**sub-section**," and "**paragraph**" are terms that Congress employed with precision when drafting 28 U.S.C. § 1332. These terms are not interchangeable. Defendants' argument depends entirely upon the conflation of distinct statutory terms. If this Court affords those terms their ordinary, distinct, and internally consistent meanings, Defendants' interpretation of the relationship between §§ 1332(a)(2) and

---

[1] As another example, § 1332(c) begins, "For the purposes of this section and section 1441 of this title—." Here, "**section**" means § 1332 as a whole, not merely § 1332 **sub-section** (c). The provision as it refers in the same line of text to the entirety of 28 U.S.C. § 1441 with parallel language— "section." The text that follows sets forth generally applicable rules pertaining to corporation citizenship, plainly applicable to the entirety of **section** 1332—not just applicable **sub-section** C.

(a)(3) cannot be reconciled with the statute's plain text. The lawful permanent resident restriction of 28 U.S.C. § 1332(a)(2) applies by its very text to "this **subsection**," meaning 28 U.S.C. § 1332(a), inclusive of paragraphs one through four therein. If Congress had intended to convey Defendants' interpretation, Congress would have used the phrase "this **paragraph**."

### IV. Defendants Offer No Authority Approving Diversity Jurisdiction in a Factually Comparable Case, and Established Removal Principles Favor Remand

The canon of strict construction applies precisely in situations such as the present one. Notably, Defendants have provided no precedent from the Ninth Circuit Court of Appeals interpreting §§ 1332(a)(2) and (a)(3) in the manner they propose. Defendants rely exclusively on nonbinding district court decisions, none from the District of Arizona, to support their interpretation of the relationship between §§ 1332(a)(2) and (a)(3). To the extent that uncertainty exists regarding how the Ninth Circuit would resolve the issue at hand, established and binding precedent counsels remand. *Luther*, *supra,* 533 F.3d at 1034 (stating, "any doubt is resolved against removability").

Defendants' cited nonbinding cases do not support extension of diversity jurisdiction in this case, because each case cited by Defendants differs materially from the present factual scenario in party configuration, citizenship status, and/or jurisdictional theory. Here, the parties are: one United States citizen domiciled in Arizona, versus two corporate United States citizens domiciled outside of Arizona, and one citizen of the Philippines who is lawfully admitted for permanent residence in the United States, domiciled in Arizona.

By contrast, *Big3 LLC v. Al-Rumaihi* and *Cumming v. Mohamed* involved multiple alien parties, with no indicia that any of those parties were admitted as lawful permanent residents. No. CV 18-3466, 2018 WL 11470406, at *2-3 (C.D. Cal. Nov. 29, 2018); No. 14-CV-03455, 2014 WL 4802634, at *2-3 (N.D. Cal. Sept. 26, 2014). *Katebian v. Missaghi* and

*Nouinou v. Smith* involved aliens on both sides of the litigation. No. 18-13379, 2021 WL 2381690, at *6-9 (E.D. Mich. June 10, 2021) (holding diversity jurisdiction did not exist); No. 20-CV-8682, 2021 WL 1199431, at *3-4 (S.D.N.Y. Mar. 30, 2021) (finding diversity jurisdiction to be lacking). *Auctus Fund, LLC v. Drone Guarder, Inc*. involved aliens on both sides of the litigation, including a mixed domestic-alien entity, and no lawful permanent resident aliens. 588 F. Supp. 3d 177, 180-84 (D. Mass. 2022). *One World, LLC v. Onoufriadis* involved aliens on both sides of the litigation, including a lawful permanent resident who was domiciled in a different country than the opposing party, who was also an alien. No. 20 CIV. 5802, 2021 WL 184400, at *1-2 (S.D.N.Y. Jan. 19, 2021). Likewise, in *Onoufriadis v. One World, LLC*, all parties were foreign citizens. No. 21-CV-10085, 2022 WL 2392968, at *1-2 (D. Mass. May 23, 2022) (holding that there was no diversity jurisdiction). *Signature Fin. LLC v. Razikov* is an Order to Show Cause, not a ruling on jurisdiction, where the issue was whether alleged United States citizen defendants had relocated abroad. No. 620CV1190ORL22, 2020 WL 13120130, at *2-3 (M.D. Fla. July 9, 2020). *Ben-Haim v. New Israel Fund* involved aliens on both sides of the litigation, including a potential dual-citizen, but no lawful permanent resident. No. CV 17-2194, 2017 WL 3105879 (D.N.J. July 20, 2017) (granting the plaintiff's Motion for Remand).

Faced with the absence of any decision from a district court in any jurisdiction exercising diversity jurisdiction in a genuinely parallel factual scenario, Defendants fall back on an argument to limit the force of the strict construction canon. This attempt is unavailing. For that point, Defendants rely upon *Breuer v. Jim's Concrete of Brevard, Inc.*, which acknowledged only that the federal policy of construing removal jurisdiction narrowly was limited in force in a case not involving diversity jurisdiction, due to a specific "later statutory

development" in a provision which is not disputed here. 538 U.S. 691, 697-98 (2003). *Breuer* in no way abolished the strict construction canon for all removal and jurisdictional questions.

Indeed, Plaintiff cites the Ninth Circuit's *Luther* for the proposition that courts are to strictly construe against removal and that all doubts should be resolved against removability. *Supra,* 533 F.3d 1031, 1034. While Defendants suggest that this Court should interpret *Breuer* as limiting the longstanding principle of strict construction against removal established in *Shamrock Oil & Gas Corp. v. Sheets* (313 U.S. 100, 108–09 (1941)), Ninth Circuit precedent leaves little room for such an interpretation. Critically, the Ninth Circuit decided *Luther* five years *after Breuer* was decided. Beholden to the precedent set in *Breuer*, in *Luther*, the Ninth Circuit again cited *Shamrock* for the proposition that "removal statutes are strictly construed against removal" and that "any doubt is resolved against removability." *Id.* at 1034. Therefore, in the present case, this Court need only follow the Ninth's Circuit's clear guidance by resolving any doubt about the extension of diversity jurisdiction against removability.

**V. Defendants' Attempt to Create Ambiguity in an Unambiguous Statute by Reference to Legislative History is Improper**

Defendants may not resort to legislative history to try and contradict the plain and unambiguous text of a statute. Defendants note that, in her Motion, Plaintiff has directed the Court's attention to a U.S. House of Representatives Judiciary Committee report for "general language in the report about the purpose of the 1988 Deeming Clause and the purpose of the 2011 repeal," "none of which directly addresses the issue here." (Opp. at 14). Plaintiff agrees that she cited "general language in the report about the purpose of the 1988 Deeming Clause and the purpose of the 2011 repeal to address potential constitutional problems with the clause" and that her quoted excerpt did not "directly address[] the issue here." (Opp. at 14). This was intentional. Indeed, Plaintiff provided this information as context for the history of the statute before and after amendment. Plaintiff used legislative history for this limited

purpose because it would be improper to utilize legislative history to alter or qualify the meaning of unambiguous statutory text.

Defendants, by contrast, rely on comments within the report that pertain to specific statutory provisions, in an effort to diminish the force of the statute's plain language and to argue that Congress failed to express its intent with sufficient precision. Where, as here, the statute's text is unambiguous, legislative history cannot be used to manufacture ambiguity. *See Arizona Elec. Power Co-op., Inc. v. United States*, 816 F.2d 1366, 1375 (9th Cir. 1987) ("Moreover, an analysis of legislative history is proper only to solve, not to create an ambiguity."); *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 132 n.9 (2018) ("Even for '[t]hose of us who make use of legislative history,' 'ambiguous legislative history' cannot trump 'clear statutory language.'").

However, to the extent any ambiguity exists in the statutory language such that legislative history is relevant for this purpose, the *very language from the report cited by Defendants* supports Plaintiffs' plain-language interpretation of the statute set forth *supra* in Section III. Specifically, in the report—even in the quote presented by Defendants—numbered provisions are called **paragraphs**, not **subsections**. Opp. at 14, quoting H.R. Rep. No. 112-10, at 7-8, 2011 U.S.C.C.A.N. 576, 580 (2011). Elsewhere in the report, section 1332 is referred to as a "**section**" and part (a) of **section** 1332 is referred to as a "subsection." *Id.* at 6-7. *See supra* Section III.

Moreover, the statement quoted by Defendants from the report addresses a specific concern: ensuring that a permanent resident alien's immigration status would not be weaponized to manipulate the citizenship analysis for U.S. citizen parties. The report does not affirmatively state that a permanent resident alien domiciled in the same state as an opposing party can independently serve as the alien party anchoring jurisdiction under § 1332(a)(3). To

Case 3:26-cv-00374-CSBR Document 7842-7 Filed 08/28/26 Page 10 of 11

the extent resort to legislative history is necessary for the purpose of clarifying any ambiguity, the terminology used therein further supports Plaintiff's proposed plain reading of the statute.

## CONCLUSION

For these reasons, Plaintiff respectfully asks this Court to remand this case to Pima County Superior Court for the State of Arizona for further proceedings.

Respectfully submitted this 28th day of August, 2026.

/s/ John P. Leader
John P. Leader, Esq.
Carmen S. Scott *(pro hac vice* forthcoming)
Laura K. Stemkowski *(pro hac vice* forthcoming)
Alexandra A. Stulpin *(pro hac vice* forthcoming)
Jessica F. Tallant *(pro hac vice* forthcoming)
*Co-counsel for Plaintiff*

**CERTIFICATE OF SERVICE**:
I hereby certify that on August 28, 2026, I, Maria Barr, PP, PLS, electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jamie Brown (Bar No. 022830)
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2601
New York, NY 10020
(212) 989-8844
jabrown@shb.com
*Attorney for Defendants*
*Uber Technologies, Inc., Rasier, LLC*