ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Doe LS 320 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04010-CRB,<br><br>*J.R.M. v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05840-CRB,<br><br>*Jane Doe LS 516 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05829-CRB,<br><br>*Jane Doe LS 355 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05887-CRB, | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Date: November 20, 2026<br>Time: 10:00 a.m. PST<br>Courtroom: 6 – 17th Floor |

*Jane Doe LS 153 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06011-CRB,

*A.R. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08177-CRB,

*Jane Doe NLG (M.G.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01714-CRB,

*Jane Doe NLG (B.D.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05972-CRB,

*Jane Roe CL 191 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06607-CRB,

*Jane Doe NLG (H.D.) v. Uber Technologies, Inc., et al.*, No. 3:26-cv-00690-CRB,

*T.R. v. Uber Technologies, Inc., et al.*, No. 3:26-cv-01926-CRB,

*Jane Roe CL 315 v. Uber Technologies, Inc., et al.*, 3:26-cv-03850-CRB,

*Jane Roe CL 338 v. Uber Technologies, Inc., et al.*, 3:26-cv-05513-CRB,

*Jane Doe PNA (A.A.) v. Uber Technologies, Inc., et al.*, 3:26-cv-05643-CRB,

*Jane Doe PNA (H.F.) v. Uber Technologies, Inc., et al.*, 3:26-cv-05673-CRB, and

*E.S. 4712 v. Uber Technologies, Inc., et al.*, 3:26-cv-06777-CRB.

# MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion to Dismiss Cases for Failure to Comply with Amended PTO 10 (ECF 6420), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve substantially complete Plaintiff Fact Sheets (PFS) despite this Court's clear directive that they do so months ago. ECF 348 at 6; ECF 4286. These Plaintiffs' noncompliance with the Court's Order impairs Uber's ability to defend itself in this MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and prepare for trial. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig. (In re PPA)*., 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig. (In re Bextra)*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice. *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Seven[1] of the sixteen Plaintiffs subject to this Motion have not responded to Uber's Motion and can therefore be deemed to have consented to the relief it seeks. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Three[2] Plaintiffs have responded to Uber's motion with arguments that their respective deficiencies are "immaterial," ECF 7841 at 1, but in fact their deficiencies are the type expressly identified in PTO 10 as grounds for dismissal. ECF 4287 at 8. Counsel for two[3] Plaintiffs responded to Uber's Motion with representations that each Plaintiff has become unresponsive. ECF 7836 at 2; ECF 7838 at 2. Of course, counsel's inability to contact its client is not an adequate excuse for the failure to comply with a court order. *In re PPA*, 460 F.3d at 1233 & 1242. Regardless, to date, none of these Plaintiffs has cured the defects in their respective PFSs and thus dismissal is appropriate.

---

[1] Plaintiffs A.R., Jane Doe NLG (M.G.), Jane Doe NLG (B.D.), Jane Doe NLG (H.D.), Jane Doe PNA (A.A.), Jane Doe PNA (H.F.), and E.S. 4712.

[2] Plaintiffs Jane Doe LS 320, Jane Doe LS 516, and Jane Doe LS 355.

[3] Plaintiffs T.R. and Jane Roe CL 338.

At the same time, Uber withdraws its Motion as to four[4] Plaintiffs. Three of those Plaintiffs, Jane Doe LS 153, Jane Roe CL 191, and Jane Roe 315, have made additional submissions, although belatedly. Counsel for the fourth, J.R.M., responded to Uber's motion with a representation that they recently learned Plaintiff is currently in a rehabilitation facility, making communication between them difficult. ECF 7836 at 2. Uber reserves any potential arguments regarding prejudice and the sufficiency of late submissions by Plaintiffs Jane Doe LS 153, Jane Roe CL 191, and Jane Roe 315. Uber also reserves the right to again raise Plaintiff J.R.M.'s failure to comply with Amended PTO 10 should her PFS deficiency remain uncured after 30 days from the filing of this Reply.

## ARGUMENT

### I. Seven Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.

Meyer Wilson, representing Plaintiff A.R.; Nachawati Law Group, representing Plaintiffs Jane Doe NLG (M.G.), Jane Doe NLG (B.D.), and Jane Doe NLG (H.D.); Phillips & Associates, representing Plaintiffs Jane Doe PNA (A.A.) and Jane Doe PNA (H.F.); and Cohen Hirsch, LP, representing Plaintiff E.S. 4712 have all failed to file an opposition. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). Moreover, unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions, a party's failure to respond constitutes consent to granting the motion. *Spears,* 2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure to produce substantially complete Plaintiff Fact Sheets by failing to timely oppose Uber's Motion—despite notice and numerous opportunities to provide substantially complete Plaintiff Fact Sheets—the Motion should be granted as to those Plaintiffs.

[4] Plaintiffs J.R.M., Jane Doe LS 153, Jane Roe CL 191, and Jane Roe 315.

**II. <u>Plaintiffs Jane Doe LS 320, Jane Doe LS 516, Jane Doe LS 355, T.R., and Jane Roe CL 338 have not cured the defects in their respective PFSs, such that dismissal is appropriate.</u>**

Plaintiffs Jane Doe LS 320 and Jane Doe LS 355 acknowledge that they have failed to provide the releases required by PTO 10, but argue (without the benefit of any supporting legal authority) that these deficiencies are not material because they have separately represented to Uber that either no relevant records exist or all relevant records have already been produced. ECF 7841 at 2. But under PTO 10, plaintiffs must provide "duly executed record release [a]uthorizations" for their PFS to be considered "substantially complete" PFS, which includes "duly executed record release [a]uthorizations[.]" ECF 4287 at 8. PTO 10 does not include any exceptions to this requirement. *Id.* And indeed this Court has recognized that representations by counsel—like counsel's statement here about the availability of records—are not a substitute for discovery from the client, particularly because there is no way to test their accuracy. *See Shenzhenshi Haitiecheng Science & Tech. Co., Ltd. v. Rearden LLC,* No. 15-cv-797, 2016 WL 5930289, at *11 (N.D. Cal. Oct. 11, 2016). PTO 10 required the Plaintiffs at issue to provide the releases, not just to claim through counsel that there is no need for those releases. ECF 4287 at 8. The failure to provide the releases is a material deficiency and grounds for dismissal without prejudice.

Plaintiff Jane Doe LS 516, who has failed to provide a responsive production related to one of her answers to the PFS questions, represents in her briefing that she no longer has access to the production at issue and will provide an Amended PFS to that effect. ECF 7841 at 1. She has not yet provided the Amended PFS, however, so she remains in the category of Plaintiffs who have violated by PTO 10 by failing to "[p]roduce the requested documents" to make their PFS "substantially complete." ECF 4287 at 8. And although she claims that "the amendment is not material," ECF 7841 at 1, she provides no legal support for that contention. Because Plaintiff herself is claiming that this supposedly forthcoming amendment would wholly negate her obligation to make a production under PTO 10, it falls within any reasonable definition of materiality. *See, e.g., Aubin v. Bonta,* 665 F. Supp. 3d 1097, 1103 (N.D. Cal. 2023) (defining materiality by relation to potential impact on the outcome).

Counsel for Plaintiffs T.R. and Jane Roe CL 338 represent that they have become unresponsive, precluding any cure of their respective material deficiencies. ECF 7836 at 2, ECF 7838 at 2. The Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re PPA*, 460 F.3d at 1233 & 1242. After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." Id. at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes personally challenging, but regardless, "compliance is not optional." *Capulupo v. Eills*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

Because each of these five Plaintiffs has failed to provide a substantially complete PFS despite notice and numerous opportunities to do so, the Motion should be granted as to them.

### III. <u>Uber withdraws its motion as to the Plaintiffs who belatedly cured the defects in their Plaintiff Fact Sheets and the Plaintiff who is currently in a rehabilitation facility.</u>

Uber withdraws its Motion as to four Plaintiffs. Three of those Plaintiffs, Jane Doe LS 153, Jane Roe CL 191, and Jane Roe 315, made additional PFS submissions after Uber filed its motion. Of course, Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations, and Uber reserves and does not waive any potential arguments regarding prejudice against Uber and the sufficiency of Plaintiffs' late submissions. Uber reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiffs Jane Doe LS 153, Jane Roe CL 191, and Jane Roe 315 or their counsel for continued disregard of this Court's Orders.

Uber also withdraws its motion as to Plaintiff J.R.M. because Plaintiff's counsel responded to Uber's motion with a representation that they recently learned Plaintiff is "likely" currently in a rehabilitation facility, making communication between them difficult. ECF 7836 at 2. Counsel has not provided any detail about how long Plaintiff has been in the facility or is likely to remain there and Plaintiff has already had a substantial amount of time to submit a substantially complete PFS, but under the circumstances Uber does not object to counsel's request for an additional 30 days to comply

with her PTO 10 obligations. Uber reserves the right to again raise Plaintiff J.R.M.'s failure to comply with Amended PTO 10, however, should her PFS deficiency remain uncured after 30 days from the filing of this Reply.

For this Court's convenience, Uber submits, concurrently with this Reply, an Amended Proposed Order reflecting the withdrawal of the Motion as to Plaintiffs Jane Doe LS 153, Jane Roe CL 191, Jane Roe 315, and J.R.M.

**CONCLUSION**

Plaintiffs have failed to comply with PTO 10's requirement that they submit a substantially complete PFS. Their failing to do so has prejudiced Uber in its ability to defend its case. This Court should take the same approach as other MDL courts, and as this Court has already done in several similar motions (*e.g.* – ECF 3922, ECF 5232, and ECF 5253), and dismiss these Plaintiffs' claims without prejudice.

Dated: October 20, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on October 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Christopher V. Cotton*
Christopher V. Cotton