# KIRKLAND & ELLIS LLP

Laura Vartain
To Call Writer Directly:
+1 415 439 1625
laura.vartain@kirkland.com

555 California Street
San Francisco, CA 94104
United States

+1 415 439 1400

www.kirkland.com

Facsimile:
+1 415 439 1500

October 23, 2026

**VIA ECF**

Hon. Charles R. Breyer
United States Senior District Judge
U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, MDL No. 3084 (Proposed Bellwether Groupings)

Dear Judge Breyer:

Uber respectfully submits the below proposed groupings for replenishing bellwether cases in the MDL pursuant to the Court's guidance during the October 16, 2026 Case Management Conference.

As set forth below, Uber strongly believes that the Court should set the *LCHB 128* case as the next trial following *AR*. *LCHB 128* was selected by Plaintiffs' leadership and was fully worked up as one of the Wave 1 cases. It is the only remaining Wave 1 case that has not settled or received a trial date. *LCHB 128* is also represented by Girard Sharp, a Plaintiff leadership firm, and setting it for trial would therefore give Plaintiffs' leadership, and Girard Sharp in particular, their desired ability to control whether and to what extent that case proceeds to trial.

Following the trial of *LCHB 128*, Uber proposes a grouping of cases in response to the Court's expressed desire[1] to focus on cases that would not implicate vicarious liability.[2] These cases also involve new jurisdictions that satisfy the Court's geographic preferences.

---

[1] 10/16/26 Tr. 11:13-20 ("I think -- and again, I come back to my concern about -- about the negligence, just a pure negligence case, because I think that will tell you -- that does tell you a lot…").

[2] Uber based its analysis on ECF 6439, in which Plaintiffs' Leadership identified the viability of vicarious liability claims in the states with cases pending in the MDL proceeding.

Finally, Uber proposes a third category of cases that involve new states' laws and the most common types of taxonomies/allegations in the MDL that have not yet been tried.

**A. Remaining Wave 1 Case**

1. **LCHB 128 (Girard Sharp) (Arizona): This case, selected by Plaintiffs, is a fully worked up case from Wave 1.** Plaintiff's claims arise from an alleged incident on June 28, 2024. Plaintiff contends that she arranged a ride on the Uber app to bring her home from her place of employment, Sprouts Farmer's Market, after a shift. Plaintiff contends that after she moved to the front seat, the independent driver fondled her breast. The driver allegedly asked, "is this okay" to which Plaintiff claims she responded, "no," but she alleges that he continued to fondle her until they reached her destination. Plaintiff reported the alleged incident to both Uber and law enforcement the same night.

**B. Grouping 1: Cases Where Parties Agree No Vicarious Liability**

1. **LCHB 107 (1324) (Girard Sharp LLP) (Florida):** Plaintiff's claims arise from a March 15, 2024 ride in Port St. Lucie, Florida. Plaintiff alleges that, during the ride, the driver made sexual comments, pulled Plaintiff's shirt down, and stared at her chest. Plaintiff alleges she attempted to report the assault to Uber but could not find the correct way to do so in the app.

2. **Jane Doe NLG (C.N.) (2915) (Nachawati Law Group) (Florida):** Plaintiff's claims involve a May 14, 2024 ride in Arcadia, Florida. Plaintiff alleges that the driver made sexual remarks and asked Plaintiff if she would perform sex acts on him. Plaintiff alleges that, when she declined, the driver became angry, pulled behind a building, and began masturbating. Once finished, she alleges, the driver continued the trip and took Plaintiff to her final destination.

3. **E.G. (1390) (Slater Schulman) (Florida):** Plaintiff's claims arise from a June 26, 2020 ride near Fort Lauderdale-Hollywood International Airport. Plaintiff alleges that the driver fondled and groped her buttocks as she entered the vehicle and also fondled and groped her buttocks and breasts at the end of the ride, after the driver removed Plaintiff's bags from the trunk of the vehicle.

4. **L.M.02 (4799) (Chaffin Luhana LLP) (Oklahoma):** Plaintiff's claims arise from a May 31, 2024 ride in El Reno, Oklahoma. Plaintiff alleges that the driver pulled over, saying he needed to check the tires, and then proceeded to open the back door and grab the Plaintiff's neck, breasts, thighs, and genitals before continuing to drive to the

Plaintiff's destination.

5. **JLG 221 (4610) (Johnson Law Group) (Texas):** Plaintiff's claims stem from a January 3, 2024 ride in Houston, Texas. Plaintiff alleges that, during the ride, the driver stared at Plaintiff in a sexual manner. She further alleges that the driver texted her photos of his genitals after the ride. Because *QLF 001* settled, there has not been a bellwether trial in Texas.

6. **M.P. (1359) (Simmons Hanly Conroy) (New York):** Plaintiff's claims stem from a May 22, 2021 trip in Merrick, New York. Plaintiff alleges that the driver stopped at the intended destination, locked the doors, exposed himself, and began masturbating. The driver then forced himself onto Plaintiff, fondled her, and attempted to kiss her.

7. **N.L. (4193) (Anapol Weiss) (New York):** Plaintiff claims that during an October 1, 2022 ride in Grand Island, New York, the driver made sexual advances toward Plaintiff. Plaintiff alleges that, when they arrived at the Plaintiff's home, the driver exited the car, reached under Plaintiff's dress and touched her vaginal area. Plaintiff also alleges that the driver insisted on walking Plaintiff to her door and tried to continue the assault inside her house, stopping only after Plaintiff's dog scared him away.

8. **S.A. (1369) (Cohen Hirsch) (West Virginia):** Plaintiff's allegations involve a March 21, 2023 ride in Dunbar, West Virginia, that was arranged for the Plaintiff by a third party. Plaintiff alleges that, during the ride, the driver groped her between her legs and on her breasts both over and under her clothing.

**C. <u>Grouping 2 – Other Cases</u>**

1. **D.S. (3354) (Chaffin Luhana LLP) (Oregon):** This case arises out of a May 14, 2023 ride in Portland, Oregon. Plaintiff alleges that, during the ride, the driver pulled over and grabbed her breasts.

2. **T.W. (3860) (Girard Sharp LLP) (Missouri)**: Plaintiff's claims arise from a December 17, 2024 ride in Kansas City, Missouri. Plaintiff alleges that, during the ride, the driver leered at her, made sexual comments to her, and grabbed her breast.

3. **A.J. (3715) (Daly & Black, P.C.) (Virginia):** Plaintiff's claims arise from a ride on October 7, 2023 that originated at a bar in Falls Church, Virginia. Plaintiff alleges that, during the ride, the driver touched himself over his pants, asked Plaintiff inappropriate questions, and then pulled his penis out of his pants and started masturbating. Plaintiff alleges that she exited the vehicle once it came to a stop, before reaching her

destination.

4. **JLG 283 (5156) (Johnson Law Group) (Nevada):** Plaintiff's claims arise from an April 11, 2024 ride in Las Vegas, Nevada, that the Plaintiff's husband ordered for her. Plaintiff alleges that, when she entered the vehicle, she saw the driver masturbating with his penis outside of his pants. Plaintiff alleges that she exited the vehicle and retrieved her husband. According to Plaintiff, when they returned to the car, the driver had put his penis back into his pants.

5. **B.R. 1470 (1470) (Cohen Hirsch) (Nevada):** Plaintiff alleges that, during a November 8, 2023 ride in Las Vegas, Nevada, the driver made inappropriate sexual comments about his penis and told the Plaintiff she could get a free ride if she gave him a handjob. The driver also allegedly exposed himself and masturbated in Plaintiff's presence.

6. **A.G. (1505) (Nachawati Law Group) (Alabama):** Plaintiff alleges that, during a guest ride on January 18, 2023 in Huntsville, Alabama, the driver verbally harassed her, attempted to grab Plaintiff's groin area, and became aggressive when Plaintiff resisted.

7. **JLG 235 (4880) (Johnson Law Group) (Ohio):** Plaintiff's claims arise from a ride on August 6, 2025, in Cincinnati, Ohio. Plaintiff alleges that, as she was exiting the vehicle, the driver groped her and made sexual comments; Plaintiff reported this incident to Uber and the Cincinnati police later that same day.

Sincerely,

Laura Vartain Horn

cc: Counsel of record (via ECF)