[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*Jane Doe v. Uber Technologies Inc., Rasier, LLC, Ricky Rosales, and John Does 1-10*, No. 3:26-cv-11441-CRB.

CASE NO. 3:23-MD-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Judge: Hon. Charles R. Breyer

Courtroom: 6 – 17th Floor

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber" or "Defendants") request that the Court deny Plaintiff's Motion to Remand ("Motion")[1] because this lawsuit clearly meets the requirements for federal diversity jurisdiction. As Plaintiff conceded in her fully briefed Motion before the transferor court, she is a citizen of Arizona, while Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC are citizens of California and Delaware, and the alleged driver is a citizen of a foreign country.[2] Accordingly, and as elaborated in greater detail in Uber's previously filed Opposition to Plaintiff's Motion to Remand (incorporated in full herein), Uber properly removed the action to federal court under subsection (a)(3) of the diversity statute. *See* 28 U.S.C. § 1332(a)(3) ("citizens of different States and in which citizens or subjects of a foreign state are additional parties").[3]

Relying on her prior briefing, Plaintiff argues that federal subject matter jurisdiction is nonetheless lacking because the independent driver who allegedly assaulted Plaintiff is a purported lawful permanent resident of Arizona. Plaintiff's argument rests on a jurisdictional carve-out contained in a different subsection of the diversity statute, subsection (a)(2), which applies to a different class of diversity cases. *See* 28 U.S.C. § 1332(a)(2) ("citizens of a State and citizens or subjects of a foreign state, except . . . [in cases] between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence . . . ."). In this case, Uber did not remove the case under subsection § 1332(a)(2); rather, it removed under subsection § 1332(a)(3), precisely because Plaintiff and Uber are "citizens of different States" as opposed to "citizens of a state."[4]

In accordance with this plain statutory text, courts have routinely held that "Section 1332(a)(3) does ***not*** deprive federal courts of jurisdiction over cases involving foreign citizens who are domiciled in the United States." *Big3 LLC v. Al-Rumaihi*, No. 18-3466-DMG, 2018 WL 11470406, at *2-3 (C.D. Cal. Nov. 29, 2018) (emphasis added); *Cumming v. Mohamed*, No. 14-cv-03455-BLF, 2014 WL 4802634, at *1-3 (N.D. Cal. Sep. 26, 2014) (residence of Indian citizen defendants was irrelevant, even though they

---

[1] N.D. Cal. 3:26-cv-11441-CRB, ECF No. 23 ("Remand Motion").

[2] Notice of Removal at 2-3, N.D. Cal. No. 3:26-cv-11441-CRB, ECF No. 1 ("Removal"). Plaintiff also "does not dispute that the amount in controversy in this matter is greater than $75,000." Remand Motion, Ex. 5, at 2 n.1.

[3] Remand Motion, Ex. 6 (Uber's Opp'n to Pl.'s Mot. to Remand); *see also* Removal ¶¶ 7-17.

[4] *See* Removal ¶ 20.

potentially lived in California and the plaintiffs being California citizens). There is no basis for reaching a different conclusion here because: (1) subsection § 1332(a)(2) explicitly states that the jurisdictional carve-out only applies "under this subsection," and (2) principles of statutory construction and adherence to congressional intent do not support Plaintiff's proposed application of the carve-out to subsection § 1332(a)(3).[5] For these reasons, Uber respectfully requests that the Court deny Plaintiff's Motion to Remand.

DATED: October 30, 2026

Respectfully submitted,

*/s/ Michael Vives*

Michael Vives (Admitted *Pro Hac Vice*)
Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
michael.vives@kirkland.com
jessica.davidson@kirkland.com

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[5] Remand Motion, Ex. 6, at 1-16.

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Michael Vives*
Michael Vives