**Verona E. Swanigan (CABN 246332)**
THE SWANIGAN FIRM
425 W. Capitol Ave., Ste. 1533
Little Rock, AR 72201
Telephone: (866) 603-5239
Email: callthelawlady@outlook.com
*Attorneys for Plaintiff and Counter-Defendant Winter McClain*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WINTER McCLAIN,<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation; RASIER, LLC, a Delaware limited liability company; and VINCENT I. GERAGE, an individual,<br><br>Defendants.<br><br>VINCENT I. GERAGE,<br><br>Counter-Claimant. | Case No. 3:26-cv-03007-CRB<br><br>MDL No. 3084 (Lead Case No. 3:23-md-03084-CRB)<br><br>This Document Relates To:<br>McClain v. Uber Technologies, Inc., et al., No. 3:26-cv-03007-CRB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIM OF DEFENDANT VINCENT I. GERAGE (ECF No. 22); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 15, 2027<br>Time: 10:00 a.m.<br>Courtroom: 6, 17th Floor (Zoom)<br>Judge: Hon. Charles R. Breyer |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on January 15, 2027, at 10:00 a.m., or as soon thereafter as the matter may be heard, by videoconference (Zoom) as set on the Court's civil law and motion calendar, or in Courtroom 6, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Charles R. Breyer, Plaintiff

and Counter-Defendant Winter McClain will and hereby does move the Court for an order dismissing with prejudice the Counterclaim of Defendant Vincent I. Gerage (ECF No. 22) pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h), or, in the alternative, requiring a more definite statement under Rule 12(e), and awarding attorney's fees and costs. This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Verona E. Swanigan and Exhibit 1 thereto, the concurrently filed Request for Judicial Notice, the pleadings and records on file in this action, and such other matters as the Court may consider. Plaintiff submits that the Motion may be decided on the papers without oral argument pursuant to Civil L.R. 7-1(b).

**STATEMENT OF ISSUES TO BE DECIDED (Civil L.R. 7-4(a)(3))**

1. Whether the Counterclaim's defamation claim is barred by the one-year statute of limitations, 735 ILCS 5/13-201.

2. Whether Gerage may maintain private civil claims for filing a false police report and perjury.

3. Whether the Counterclaim states a defamation claim with the required factual particularity, and whether the communications at issue are privileged.

4. Whether the Counterclaim invokes any basis for this Court's subject-matter jurisdiction.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**MOTION AND BRIEF TO DISMISS DEFENDANT'S COUNTERCLAIM**

NOW HERE COMES, Plaintiff Winter McClain, by and through her attorney Verona Swanigan for to move this court to dismiss the Counterclaim of Defendant pursuant to Fed. R. Civ. P. 12(b)(6), 12(h)(2) and 735 ILCS 5/13-201, and the Federal and Illinois Rules of Civil Procedure and statutes and the Federal Rules of Civil Procedure, and further saith:

## I. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(1), a court must dismiss claims over which it lacks subject-matter jurisdiction, including claims for which a plaintiff lacks Article III standing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010). *United States v. Hawaii (D.Haw. 2026)* 830 F. Supp. 3d 1028, 1036. Rule 12(b)(1) allows litigants to seek the dismissal of

an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (quotation omitted). "Allegations raised under Rule 12(b)(1) should be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses raised become moot." Id. "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); see also *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) ("An attack on subject matter jurisdiction may be facial or factual."); *Saltzman v. United States DOI* (D.Ariz. Mar. 26, 2026, No. CV-25-00020-PHX-SPL) 2026 U.S.Dist.LEXIS 64205, at *3-4.

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave County*, No. CV 11-8093-PCT-JAT, 2012 U.S. Dist. LEXIS 3843, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *Hefferman v. Bass*, 467 F.3d 596, 598-99 (7th Cir. 2006) ("Rule 12(b)(6) does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. In re *Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Based on the Illinois claims, in Illinois to survive a motion to dismiss pursuant to 735 ILCS 5/2-615 (2010), a complaint must be both legally and factually sufficient. Illinois is a fact-pleading jurisdiction. Although both 735 ILCS 5/2-603(c) (2010) and 735 ILCS 5/2-612(b) (2010) mandate the liberal construction of pleadings, those provisions do not authorize notice pleading. Conclusions of fact are insufficient to state a cause of action regardless of whether they generally inform a defendant of the nature of the claim against him. Rather, under Illinois fact pleading, the pleader is required to set out ultimate facts that support his or her cause of action. *Coghlan v. Beck*,

2013 IL App (1st) 120891, ¶ 22, 368 Ill. Dec. 407, 416-17, 984 N.E.2d 132, 141-42.

735 ILCS 5/2-619 (2010) provides for involuntary dismissal based upon certain defects or defenses, and if the grounds for dismissal are not apparent on the face of the pleading, the motion shall be supported by affidavit. 735 ILCS 5/2-619 (2010). 735 ILCS 5/2-619(a)(9) (2010) permits involuntary dismissal of a claim where the claim is barred by other affirmative matters defeating or avoiding the legal effect of the claim, such as a claim of privilege. 735 ILCS 5/2-619(a)(9) (2010). Id. ¶ 23, 984 N.E.2d at 142. 735 ILCS 5/2-619.1 (2010) permits a party to combine a 735 ILCS 5/2-615 (2010) motion to dismiss based upon a plaintiff's substantially insufficient pleadings with a 735 ILCS 5/2-619 (2010) motion to dismiss based upon certain defects or defenses. 735 ILCS 5/2-619.1 (2010). Id.

## II. THE MOTION TO DISMISS SHOULD BE GRANTED AS THE STATUTE OF LIMITATIONS HAS RUN AND IMPROPER FORUM/LACK OF STANDING

Pursuant to Sec. 13-201. Defamation - Privacy. Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued. See 735 ILCS 5/13-201. Winter McClain filed a police report of sexual assault while intoxicated by an Uber driver, Vincent Gerage on December 31, 2023. Gerage has only ambiguously alleged the police report filing in the counter-claim and has not identified where Winter McClain has made any public statements orally or in writing regarding the incident other than speaking to law enforcement per Law enforcement requested meetings and interactions, which does not qualify as defamation. Accordingly, even if the court deemed the communications with the police department defamatory, the statute of limitations for defamation has expired. Gerage has failed to identify any actual statements or dates in his complaint other than stating she filed a police report, which if we read the counterclaim generously for a layperson could indicate that the defamation relates to the police report filing date. Hence, the statute of limitations if read based on the filing date has run out and the counterclaim should be dismissed.

Furthermore, Gerage has filed the claims of filing a false police report and perjury. However, in the State of Illinois, there is no legal right for an individual to pursue claims for filing a false police report or perjury as those are purely criminal remedies and must be pursued by the

State of Illinois. In Illinois, perjury is defined in 720 ILCS 5/32-2 and, in civil contexts, also covered by 735 ILCS 5/1-109, which makes false statements in sworn or certified documents a Class 3 felony. In Illinois, knowingly making a false report to police, fire, or other public safety agencies is a criminal offense under 720 ILCS 5/26-1. The Illinois False Claims Act (740 ILCS 175/) allows the State of Illinois, its agencies, and certain local governments to sue individuals or entities for knowingly making false claims or providing false information to obtain money or property from the state. Gerage is not a governmental entity and therefore lacks standing under the Act. Accordingly, the civil court system is the improper forum and Gerage lacks standing to sue for those claims. Ms. Winter requests that those claims be dismissed with prejudice.

However, if the court interprets those terms liberally as they did in *Dabbs* as if they were allegations part of the defamation claim, the court should also find similarly to *Dabbs's* that the conclusory statements were insufficient to state a claim as discussed further in the next section. *Dabbs v. Peoria Cty*., 2020 ILApp(3d) 190391-U, ¶ 22. Gerage has not alleged any other state or federal claims and therefore, the counter claim should be dismissed with prejudice.

## III. FAILURE TO STATE A CAUSE OF ACTION WITH PARTICULARITY ON WHICH RELIEF CAN BE GRANTED

Pursuant to Rule 12(b)(6), Winter is permitted to pursue a motion to dismiss for failure of the complaint to state a claim on which relief can be granted. According to the Federal Rules of Civil Procedure, a plaintiff is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Such a statement serves the purpose of giving the defendant fair notice of what the claim is and the grounds upon which it rests. To survive a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff must provide the grounds on which the plaintiff claims to be entitled to relief. This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. A complaint must always allege enough facts to state a claim to relief that is plausible on its face, and how many facts are enough will depend on the type of case. When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in plaintiffs' favor. *Kingsbury Int'l, Ltd. v. Trade the News, Inc.*, No. 08 C 3110, 2008

U.S. Dist. LEXIS 86859, at *1 (N.D. Ill. Oct. 28, 2008). Since Gerage has only alleged Illinois claims, the court may claim that Illinois law should control those claims. According to 735 ILCS 5/2-603 (a), "all pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply."

The counterclaim does not identify any actual statements made, the date of the statements, who made the statements, who the statements were made to, and were the statements written or oral. The counterclaim does not attach an affidavit or any exhibits. It is mere conjecture and conclusion without any legal grounds or facts associated thereto. Both libel and slander fall under the general rubric of defamation. In addition, libel and slander are treated alike, and the same rules apply to a defamatory statement regardless of whether a statement is written or oral. To state a defamation claim, a plaintiff must present sufficient facts establishing that (1) a defendant made a false statement about the plaintiff; (2) the defendant made an unprivileged publication of that statement to a third party; and (3) the publication caused damages. A defamatory statement is one that harms the plaintiff's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him. The preliminary construction of an allegedly defamatory statement is a question of law. *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 38, 368 Ill. Dec. 407, 420, 984 N.E.2d 132, 145.

Both libel and slander fall under the general rubric of defamation. *Black's Law Dictionary* 934, 1421 (8th ed. 2004). In addition, libel and slander are treated alike and the same rules apply to a defamatory statement regardless of whether the statement is written or oral. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 89, 672 N.E.2d 1207, 220 Ill. Dec. 195 (1996). To state a defamation claim, a plaintiff must present sufficient facts establishing that (1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third party, and (3) this publication caused damages. *Green v. Rogers*, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 334 Ill. Dec. 624 (2009). A defamatory statement is one that harms the plaintiff's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him. Id. The preliminary construction of an allegedly defamatory statement is a question of law. Id. at 492; *Coghlan*, 2013 IL App (1st) 120891, ¶ 38.

A statement is defamatory per se if the harm is "obvious and apparent on its face." Id. at 491. The supreme court has recognized five categories of statements that are considered defamatory per se, three of which are relevant here: "(1) words that impute a person has committed a crime; *** (3) words that impute a person is unable to perform or lacks integrity in performing her or his employment duties; [and] (4) words that impute a person lacks ability or otherwise prejudices that person in her or his profession." Id. at 491-92. A claim of defamation per se, however, must be pled "with a heightened level of precision and particularity." Id. at 495. Gerage has not plead any supportive facts with particularity or precision to meet this burden.

Furthermore, a defamatory statement is not actionable where it is subject to a privilege. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 585, 852 N.E.2d 825, 304 Ill. Dec. 369 (2006). There are two types of privileges: absolute and qualified. Id. To determine whether a qualified privilege exists, a court "looks only to the occasion itself for the communication and determines as a matter of law and general policy whether the occasion created some recognized duty or interest to make the communication so as to make it privileged." *Kuwik v. Starmark Star Marketing & Administration, Inc.*, 156 Ill. 2d 16, 27, 619 N.E.2d 129, 188 Ill. Dec. 765 (1993). Here, Winter contends that the privilege applies as Winter has an interest in the communications, her communications were for the purpose of investigation in collaboration with the police department, Winter's reputation and income have been impacted by the actions of the Gerage and Winter could be potentially negatively impacted by future employers knowledge and willingness to see her in a certain light in her career as she is now defined as a rape victim. The potential for shame and impacts on her employment is so significant that there are organizations in the United States dedicated to assisting survivors in the workplace and booklets are writing to offer assistance and protection aimed at helping employers to understand victims, such as Sexual Assault Employer's Rights. Accordingly, sexual assault victims should be protected by a privilege to allow them to come forward and seek legal protection from their attackers without fear of being sued for stating their truth and what happened to them and requesting for it to be investigated by employers like Uber and the police department.

Counter-Defendant contends that this counterclaim should be dismissed for failure to state

a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). However, if this court deems that premature, in the alternative, Counter-Defendant moves for a more definite statement, Fed. R. Civ. P. 12(e). *Kingsbury Int'l, Ltd. v. Trade the News, Inc.*, No. 08 C 3110, 2008 U.S. Dist. LEXIS 86859, at *1 (N.D. Ill. Oct. 28, 2008).

## IV. THERE IS NO JURISIDICTIONAL BASIS STATED FOR THE CLAIMS IN THE COMPLAINT TO BE BEFORE THE FEDERAL COURT

Gerage has not claimed any legal basis for which these claims come before the federal court. Gerage has not identified a federal question or controversy and has not identified diversity jurisdiction or the amount in controversy. See 28 USCS § 1332 (a) (1). Gerage must show that the amount in controversy satisfies the jurisdictional threshold. See c.f. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). This framework applies equally to situations like in the counterclaim of Gerage where the complaint leaves the amount in controversy unclear or ambiguous. See c.f. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Martin v. FCA US, LLC* (C.D.Cal. Jan. 27, 2026, No. 8:26-cv-00077-DOC-KES) 2026 LX 48874, at *3.). Winter states affirmatively that he could not state provable facts to show either federal question or amount in controversy. The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction sua sponte. See *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *Martin v. FCA US, LLC* (C.D.Cal. Jan. 27, 2026, No. 8:26-cv-00077-DOC-KES) 2026 U.S.Dist.LEXIS 16140, at *4. Therefore, Winter objects to the federal court's jurisdiction of these claims and requests that the counterclaim be dismissed.

## V. CONCLUSION

Based on the aforementioned, Ms. Winter requests that the court dismiss the counterclaim with prejudice for lack of standing, lack of jurisdiction, violation of the statute of limitations, insufficient facts plead with particularity, and privileged communications for a police investigation. Additionally, Ms. Winter requests that the court award attorney's fees plus interest

and costs for the filing of this motion based on the frivolous nature of the counter-claim.

Dated: November 3, 2026.

Respectfully submitted,

By:

/s/ Verona Swanigan
Verona E. Swanigan (CABN 246332)
THE SWANIGAN FIRM
425 W. Capitol Ave., Ste. 1533
Little Rock, AR 72201
Telephone: (866) 603-5239
Email: callthelawlady@outlook.com

*Attorneys for Plaintiff and Counter-Defendant Winter McClain*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2026, I electronically filed the foregoing Plaintiff and Counter-Defendant Winter McClain's Motion to Dismiss the Counterclaim of Defendant Vincent I. Gerage with the Clerk of Court using the CM/ECF system in the master docket, MDL No. 3:23-md-03084-CRB, and in the member case, No. 3:26-cv-03007-CRB, which will send notification of the filing to all counsel of record.

I further certify that on November 3, 2026, I served a true and correct copy of the foregoing, together with the Request for Judicial Notice, the Declaration of Verona E. Swanigan, Exhibit 1, and the [Proposed] Order, on Defendant and Counter-Claimant Vincent I. Gerage, who is proceeding pro se and is not a registered ECF user, by depositing it in the United States Mail, first-class postage prepaid, addressed to him at: (1) 1531 NE 51st St., Fort Lauderdale, FL 33334 (address listed on ECF No. 22); and (2) 811 N. Harlem Ave., Oak Park, IL 60302 (address of record on the Court's docket).

/s/ Verona E. Swanigan
Verona E. Swanigan