ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
One Kansas City Place
1200 Main Street
Suite 2200
Kansas City, MO 64105
(816) 868-6840
chris.cotton@nelsonmullins.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*See* ECF 7806-2 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Date: November 20, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion to Dismiss Cases for Failure to Comply with Amended PTO 10 (ECF 7806), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve substantially complete Plaintiff Fact Sheets (PFS) despite this Court's clear directive that they do so months ago. ECF 348 at 6; ECF 4286. These Plaintiffs' noncompliance with the Court's Order impairs Uber's ability to defend itself in this MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and prepare for trial. *See, e.g., In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice. *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

The vast majority the Plaintiffs subject to this Motion have not responded to Uber's Motion and can therefore be deemed to have consented to the relief it seeks. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Uber has confirmed that the remaining four Plaintiffs have produced a PFS and therefore withdraws its motion as to those Plaintiffs.

## ARGUMENT

### I. The vast majority of the Plaintiffs subject to Uber's Motion have not responded and therefore should be deemed to have consented to the relief sought.

Levin Simes and the Nachawati Law Group, together representing the vast majority of the Plaintiffs subject to this Motion, have not responded. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States*, 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). Moreover, unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte, No. 24-3848*, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions, a party's failure to respond constitutes consent to granting the motion. *Spears*,

2025 WL 2028305, at *1. Thus, because these Plaintiffs compounded their failure to produce substantially complete PFSs by failing to timely oppose Uber's Motion—despite notice and numerous opportunities to provide substantially complete PFSs—the Motion should be granted as to those Plaintiffs.

## II. <u>Uber withdraws its Motion as to Plaintiffs who have produced a PFS.</u>

Chaffin Luhana LLP represents in its opposition to Defendants' Motion that Plaintiff J.J.02 has produced a PFS. ECF 8128. Specifically, Plaintiff J.J.02 previously had two different suits pending in this MDL and had produced a PFS in one of them but not the other. *Id.* She then voluntarily dismissed the matter in which she had not produced a PFS. *Id.* Uber was not aware that Plaintiff had voluntarily dismissed that matter because the dismissal was filed in only the individual matter and not the MDL docket. *See J.J.02 v. Uber Technologies Co., Inc.*, No. 3:26-06107, ECF 6 (Aug. 5, 2026). Regardless, Uber has confirmed that Plaintiff J.J.02 has produced a PFS in the only action that remains pending and accordingly withdraws its Motion as to Plaintiff J.J.02. Uber reserves and does not waive any potential arguments regarding the sufficiency of Plaintiff's submission.

In addition, Uber has confirmed that, although they have not opposed Uber's Motion, Plaintiffs Jane Doe NLG (MLW.1), Jane Doe NLG (JW-B), and Jane Doe NLG (443708) have belatedly produced PFSs after Uber filed its Motion. Of course, Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations, and Uber reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions. Uber reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiffs or their counsel for continued disregard of this Court's Orders.

Uber also withdraws the Motion as to Plaintiff Jane Doe NLG (MC.1), who has advised of her intention to file a stipulation to dismiss with prejudice.

For this Court's convenience, Uber submits, concurrently with this Reply, an Amended Proposed Order reflecting the withdrawal of the Motion as to these Plaintiffs.

**CONCLUSION**

Plaintiffs have failed to comply with PTO 10's requirement that they submit a substantially complete PFS. Their failing to do so has prejudiced Uber in its ability to defend its case. This Court should take the same approach as other MDL courts, and as this Court has already done in several similar motions (*see e.g.* – ECF 3922, ECF 5232, and ECF 5253), and dismiss these Plaintiffs' claims without prejudice.

Dated: November 4, 2026

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *Christopher V. Cotton*

CHRISTOPHER V. COTTON
(Admitted *Pro Hac Vice*)
One Kansas City Place
1200 Main Street
Suite 2200
Kansas City, MO 64105
(816) 868-6840
chris.cotton@nelsonmullins.com

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC and RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on November 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: *<u>/s/ Christopher V. Cotton</u>*
Christopher V. Cotton