# EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
10/22/2026 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2026-025813 10/21/2026

HONORABLE SCOTT MINDER

CLERK OF THE COURT
A. Navarro Albor
Deputy

RAYNESHA HANSBROUGH ELIZABETH M GONZALEZ

v.

UBER TECHNOLOGIES INC, et al. JACK STENGEL

RYAN DALE
NO ADDRESS ON RECORD
LUKE C SPENCER
5850 GRANITE PARKWAY
SUITE 900
PLANO TX 75024-6754
JUDGE MINDER

ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART

East Court Building – Courtroom 711–VC–CV

9:31 a.m. This is the time set for Oral Argument regarding *Defendant Uber Technologies, Inc.'s Motion to Dismiss Plaintiff Raynesha Hansbrough's Complaint Pursuant to Arizona Rule of Civil Procedure 12(b)(6)*, filed August 24, 2026 ("Motion to Dismiss"). Plaintiff Raynesha Hansbrough, who is not present, is represented by counsel Elizabeth M Gonzalez. Defendant Uber Technologies, Inc. is represented by counsel Jack Stengel, and co-counsel *pro hac vice* Luke C. Spencer. No one else appears. All parties are present telephonically/virtually via Court Connect.

A record of the proceedings is made digitally in lieu of a court reporter.

Discussion is held regarding the August 24, 2026, *Motion to Dismiss* and Defendant Uber Technologies, Inc.'s October 15, 2026, *Motion to Associate Counsel Pro Hac Vice*.

For the reasons stated on the record,

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2026-025813 10/21/2026

**IT IS ORDERED** granting Defendant Uber Technologies, Inc.'s October 15, 2026, *Motion to Associate Counsel Pro Hac Vice*.

Discussion is held regarding hearing procedure.

Arguments are presented,

Based on the arguments presented on the record,

**IT IS ORDERED** taking this matter under advisement.

10:03 a.m. Matter concludes.

**LATER:**

On August 24, 2026, Defendant Uber Technologies, Inc. moved to dismiss the claims against it. The Court has reviewed the motion, response, reply, complaint, and pertinent filings. Oral argument was held on October 21, 2026. Because the complaint does not plead facts that would establish that Defendant Mr. Dale was acting within the scope of any employment with Uber, the claim for vicarious liability must be dismissed. But the facts and inferences from them could support the claim for negligent hiring, retention, and supervision, especially given Plaintiff's request to amend. The motion is therefore granted with respect to Count Four and denied without prejudice with respect to Count Five.

*Background*

According to the complaint:

- On November 12, 2024, Mr. Dale was operating his vehicle on the Uber platform and providing transportation services on behalf of Uber.
- That day, Plaintiff, Ms. Hansbrough, requested a ride through the Uber app.
- Mr. Dale accepted the ride request, but then cancelled the request.
- Ms. Hansbrough contacted Mr. Dale about the ride. Mr. Dale told her that he was finishing a different trip and would return to give Ms. Hansbrough a ride.
- Mr. Dale picked up Ms. Hansbrough. She fell asleep during the ride.
- Mr. Dale then physically and sexually assaulted her.
- Uber was compensated for the ride through its platform.
- "Uber knew or should have known facts demonstrating that Defendant Ryan Dale posed a risk of harm to passengers."

Compl. at ¶¶ 9-19, 37-38, 44.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2026-025813 10/21/2026

*Analysis*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court will "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 (2008). The Court will grant the motion only if the plaintiff is not entitled to relief "under any facts susceptible of proof in the statement of the claim." *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 289 (Ct. App. 2010), *quoting Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996). The Court will not "speculate about hypothetical facts that might entitle the plaintiff to relief." *Cullen*, 218 Ariz. at 420. Nor will the Court "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389 (Ct. App. 2005).

Here, Ms. Hansbrough has asserted two claims against Uber. Count Four claims that Uber is vicariously liable for Mr. Dale's conduct. Count Five claims that Uber was negligent in its hiring, retention, supervision, end entrustment of Mr. Dale as a driver on the Uber platform. (The Court notes that no Count Three is identified.)

Under Arizona law, an employer is liable for its employee's tortious conduct under the doctrine of respondeat superior only where the employee "was acing within the course and scope of his employment." *Doe v. Roman Cath. Church of the Diocese of Phoenix*, 255 Ariz. 483, 491 (Ct. App. 2023). Whether an employee's conduct is within the course and scope of employment can be decided as a question of law "if the undisputed facts indicate that the conduct was clearly outside the scope of employment." *Id.* (citation omitted).

An employee's conduct is "within the scope [of employment] if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it." *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phoenix, Inc.*, 197 Ariz. 535, 540 (Ct. App. 2000). Determining whether an employee's tortious act furthers his or her employment "depends on whether the employee was performing a service in furtherance of his employer's business, irrespective of whether it was done in a manner exactly as the employer prescribed." *Doe*, 255 Ariz. at 491 (citations and quotations omitted). Arizona courts examine whether the wrongful act is "expressly or impliedly authorized as part of [the] job duties" and "incidental to his employment," potentially creating vicarious liability, or "committed solely to further his own personal interests," thus eliminating vicarious liability, to determine whether it is in the scope of employment. *Id.*

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2026-025813 10/21/2026

With limited exception, Arizona's courts have repeatedly held that sexual misconduct does not further an employer's business interests. *See Doe*, 255 Ariz. at 491-92, *Smith v. Am. Expres Travel Related Servs. Co.*, 179 Ariz. 131, 136 (Ct. App. 1994). This is not a case where a supervisor is harassing employees or where there is a long history of bad behavior known to Uber. Instead, assuming the truth of the facts alleged in the complaint, Mr. Dale had only this single interaction with Ms. Hansbrough. And the complaint provides no facts to suggest that Uber had any knowledge or that the acts were in furtherance of business interests.

Ms. Hansbrough argues that the Court must permit the vicarious liability claim to proceed because Arizona is a pleading jurisdiction and not all facts need to be provided. While true, the alleged facts create no reasonable inferences from which the Court can identify a viable claim for vicarious liability. And although this is a motion to dismiss rather than a motion for summary judgment, the Court has presumed the truth of all allegations in the complaint while Plaintiff has not suggested that any pertinent additional facts remain that would change the result, such that amendment or allowing additional discovery would be appropriate. During argument, counsel identified various facts to establish that the ride was conducted through the Uber app and was not off the books. But those facts do not alter the assessment above.

On these allegations, the Court must conclude that Uber cannot be held vicariously liable for any assault by Mr. Dale.

As to the claim for negligent hiring, supervision, and retention, the Court finds that the reasonable inferences from the facts in the complaint do not support dismissal at this time. Uber first argues that it cannot be liable because Mr. Dale was not on Uber premises using Uber's chattels at the time. But Uber's counsel noted in oral argument that this defense relates to "off the clock" situations. And there is a factual dispute about whether Mr. Dale was working in his capacity as an Uber employee at the time or whether he was independently giving Ms. Hansbrough a ride.

Uber then argues that it had no reason to know that control or prevention of the incident was needed. The complaint states only that "Uber knew or should have known facts demonstrating that Defendant Ryan Dale posed a risk of harm to passengers." Compl. at ¶ 44. While that appears to this Court to be an unsupported legal conclusion, Ms. Hansbrough responds that she can amend the complaint to provide the missing facts. An opportunity to do so is appropriate.

*Conclusion*

**IT IS ORDERED** granting the August 24, 2026, *Motion to Dismiss* insofar as Count Four is dismissed. The remaining requests are denied.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2026-025813 10/21/2026

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend Count Five (and to renumber it to account for the missing Count Three) as requested in the response and during oral argument. Any amended complaint shall be filed no later than **November 13, 2026**.