# EXHIBIT U

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION ) MDL No. 3084 CRB

LCHB128 v. Uber Technologies, Inc., et al.
Case No. 3:24-cv-07019-CRB
A.R. v. Uber Technologies, Inc., et al.
Case No. 3:24-cv-07821
B.L. v. Uber Technologies, Inc., et al.,
Case No. No. 24-cv-7940
Jaylynn Dean v. Uber Technologies, Inc., et al.,
3:23-cv-06708
WHB 832 v. Uber Technologies, Inc., et al.,
3:24-cv-04900

HIGHLY CONFIDENTIAL
UNDER PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF GREG BROWN, VOL. II - WAVE 1 PLAINTIFFS' 30(b)(6) DEPOSITION OF UBER TECHNOLOGIES, INC., RASIER LLC, AND RASIER-CA, LLC, (TOPICS 4A-D, 6A-G, 7A-D, 8A-N, 9A-E, 10A, B, C, E, AND F)

August 26, 2025
7:40 a.m. Pacific Standard Time

Reported by: Renee Ogden, RPR, California CSR #14485

understanding is, yes, Uber would have determined the fare.

Q. Well, she did not set the fare, right? WHB138 [sic] did not negotiate or choose what her fare would be, true?

A. That's correct.

Q. And the driver did not negotiate or choose what the fare would be, true?

A. The driver would have had the ability to accept or not accept the trip, but I don't believe had any say in the fare.

Q. So Uber set the fare, true?

ATTORNEY LEVY: Object to form.

You can answer again.

A. Yes, I think it's fair to say Uber set the fare.

BY ATTORNEY PETERS:

Q. And Uber chose which driver to match WHB138 [sic] with, right?

ATTORNEY LEVY: Object to form.

A. Uber, as I had just mentioned, would have offered the trip to, in this case, Mr. Richardson, who does appear to have accepted the trip.

BY ATTORNEY PETERS:

Q. But Uber, when it received that request from WHB138 [sic], it had multiple drivers that it could have