**NOT FOR PUBLICATION**

FILED

NOV 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER-CA, LLC,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO,<br><br>Respondent,<br><br>PLAINTIFFS IN MDL NO. 3084; ZIAD ZEIN; SYD SYED; KEITH BRIEN; MAYBEL UPIERRE PEREZ; YOVANIS ESCORC A ESCORCIA BUSTAMANTE II; BRYAN M. CARTER; DENCITY ODELUGA; ROBERT RUFFNER; RYAN TAYLOR-BYERS; PATRICK SHAMWAMA; NADEEM AMIN; MAJDI ALTWAITI; RICHARD KOKUMA; HECTOR HORLANDY MIER; RASHAD MCCLANAHAN; RAZIK MOUSSAOUI,<br><br>Real Parties in Interest. | No. 26-2390<br><br>D.C. No.<br>3:23-md-03084-CRB<br><br>MEMORANDUM* |

Argued and Submitted October 28, 2026
San Francisco, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON, BYBEE, and SUNG, Circuit Judges.

Petitioners Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") seek a writ of mandamus vacating an allegedly erroneous discovery ruling of the district court. "A writ is an extraordinary remedy[,] and Petitioners bear the burden of showing that their right to it is clear and indisputable." *In re Crain Walnut Shelling, LP*, 175 F.4th 1069, 1075 (9th Cir. 2026) (quotation marks omitted) (quoting *In re Mersho*, 6 F.4th 891, 897 (9th Cir. 2021)). Uber has not met that burden because it failed to demonstrate that the district court's decision was clearly erroneous as a matter of law. *See In re Mersho*, 6 F.4th at 897 ("To determine whether a writ of mandamus should be granted, we weigh the five factors outlined in *Bauman v. United States District Court*."); *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977) (listing factors); *In re Van Dusen*, 654 F.3d 838, 841 (9th Cir. 2011) ("The third [*Bauman*] factor, clear error as a matter of law, is a necessary condition for granting a writ of mandamus.").

The petition is **DENIED**.[1]

[1] The motions for leave to file an amicus brief (Dkt. Nos. 6, 8) are granted.