**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF SARAH R. LONDON IN SUPPORT OF PLAINTIFF'S PTO 8 LETTER BRIEF REGARDING UBER'S THIRD-PARTY SUBPOENAS TO LEGAL MARKETING AND CLIENT ACQUISTION SERVICES**<br><br>Judge: Hon. Lisa J. Cisneros |

I, Sarah R. London, declare:

1. I am an attorney in the law firm of Girard Sharp LLP, appointed Co-Lead and Liaison Counsel for Plaintiffs in the above-captioned Multi-District Litigation. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this declaration in support of Plaintiff's PTO 8 Letter Brief Regarding Uber's Third-Party Subpoenas to Legal Marketing and Client Acquisition Services.

3. I have reviewed the Declaration of Brooks Cutter Regarding Defendants' Motion to Approve Narrowed Third-Party Subpoenas, executed November 10, 2026, and filed in In re Uber Rideshare Cases, JCCP No. 5188 (the "Cutter Declaration").

4. Mr. Cutter is the founder of Cutter Law P.C., which represents Plaintiffs in both the JCCP and this MDL. In his declaration, he supports Uber's request for discovery from third-party marketing and client acquisition companies.

5. The Cutter Declaration acknowledges that Uber identified two Cutter Law plaintiffs as having submitted fraudulent trip receipts in this MDL. It also acknowledges that one of those plaintiffs is connected to the receipt Uber attributes to Torticity. Cutter Decl. ¶ 5 & n.1. Uber relies on that same receipt in its portion of this letter brief.

6. The Cutter Declaration does not disclose that Cutter Law reached an arrangement with Uber concerning this discovery dispute. I learned of that arrangement from Mr. Cutter's partner, and Liaison Counsel in the JCCP, Celine E. Cutter.

7. On August 12, 2026, Ms. Cutter sent a letter on Cutter Law letterhead to Uber demanding that it withdraw the 17 third-party subpoenas it served on litigation support providers, communication specialists, and consultants across the country. In her letter, attached as Exhibit A, she wrote: "the subpoenas have no legitimate purpose and reflect a transparent attempt to weaponize discovery as a tool of harassment rather than a means of obtaining relevant evidence." She further wrote: "There is no scenario where the inner workings of litigation support would shed light on matters at issue in this litigation." As to lead generation, she wrote: "As with the litigation

funding subpoenas in the MDL, there is no indication that discovery into advertising, lead generation (including as pertaining to sexual assault survivors who never filed cases), or litigation support could "lead in any way, directly or indirectly," to evidence related to any party's claims or defenses." Also, she stated: "With respect to 'leads' who have filed suit against Uber, both this Court and the MDL Court have already struck a careful balance regarding the scope of discoverable information concerning plaintiffs' sexual assaults and other highly personal matters." And, "for 'leads' who did not file suit and are not parties to this litigation, the requested discovery bears no relationship to this case while imposing a severe intrusion into one of the most private domains of these individuals' lives."

8. On August 27, 2026, the JCCP Court held an informal discovery conference regarding the 17 subpoenas that Uber served on third-party legal marketing and client services company.

9. At the conference, Ms. Cutter and her colleagues in JCCP leadership advised the JCCP Court they would not be speaking on issue and instead deferred entirely to the MDL leadership to address the Court regarding the JCCP subpoenas. I found this abdication surprising and concerning, given the serious privilege, privacy, burden and relevance issues that Ms. Cutter had raised in her August 12, 2026 letter.

10. The next morning, on August 28, 2026, I spoke with Ms. Cutter by telephone. During that conversation, I expressed shock that Ms. Cutter, liaison for the JCCP Plaintiffs, had abdicated on the issue of whether the JCCP Court should quash the subpoenas to third-party legal marketers and service companies. I asked if there was some context I had missed, as Ms. Cutter's August 12, 2026 letter to Uber expressed a very different sentiment. Ms. Cutter told me something to the effect that she had been told to stand down on the subpoena issue in connection with Cutter Law getting a mediation scheduled to resolve her firm's cases.

11. I have been advised that Uber has sought declarations from plaintiffs' counsel on similar matters as conditions of mediation or settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of November, 2026 in San Francisco, California.

*/s/ Sarah R. London*

Sarah R. London