C. Brooks Cutter, SBN 121407
Celine E. Cutter, SBN 312622
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 290-9400
Facsimile: (916) 588-9330
Email: bcutter@cutterlaw.com
Email: ccutter@cutterlaw.com

*Liaison Counsel for Plaintiffs*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| Coordination Proceeding<br><br>*In Re: Uber Rideshare Cases*<br><br>This Document Relates to:<br><br>*ALL CASES* | JUDICIAL COUNCIL COORDINATION PROCEEDING CASE NO. 5188<br><br>Case No. CJC-21-005188<br><br>*(Assigned to Hon. Ethan P. Schulman, Dept. 304)*<br><br>**DECLARATION OF BROOKS CUTTER REGARDING DEFENDANTS' MOTION TO APPROVE NARROWED THIRD-PARTY SUBPOENAS**<br><br>Hearing Date: TBD<br>Hearing Time: TBD<br>Department: Zoom<br>Judge: Special Master Reisman |

# DECLARATION OF BROOKS CUTTER

I, Brooks Cutter, declare as follows:

1. I am over the age of 18 and am a resident of San Francisco, California. I respectfully submit this declaration regarding Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Defendants") Motion to Approve Narrowed Third Party Subpoenas.

2. I am the founder of Cutter Law P.C., representing over 100 Plaintiffs in this JCCP as well as hundreds of Plaintiffs in the similar federal MDL, *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litig.,* No. 3:23-md-03084-CRB (N.D. Cal.). I have been a member in good standing of the Bar of the State of California since 1985. Over four decades, I have represented thousands of plaintiffs in complex consumer class action litigation and multidistrict mass tort cases, including as court appointed lead or co-lead counsel. My firm currently serves as a court appointed Liaison Counsel in this JCCP. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. Over my years as an attorney representing plaintiffs, it has become increasingly common for plaintiffs' lawyers to work with third-party vendors to locate potential claimants and develop their claims for litigation. Third-party lead generators and other related marketing, intake, and claimant acquisition vendors, perform a range of services for plaintiffs' firms, which can include interviewing potential claimants, verifying their claims, gathering supporting records and evidence (e.g., trip receipts), drafting Plaintiff Fact Sheets, and screening their claims and associated documentation for fraud. In my experience, these vendors are not just marketers; they frequently communicate directly with claimants during the intake process. My law firm and I have worked with numerous such third-party vendors over the years. Based on my experience, communications with these companies encompass a broad range of business and operational matters. While these lead generators may be a valuable resource for plaintiffs' attorneys, they must be used carefully, as they can

contribute to the submission of fraudulent legal claims. Moreover, it is essential that plaintiffs' firms put processes in place to evaluate the basis for each claim.

4. Legitimate lead generation can identify potential claimants and obtain accurate information about their potential claims. It does not involve inventing allegations, coaching a potential claimant to provide false information, or creating or altering documents to misrepresent the facts supporting a claim. The use of a third-party vendor does not relieve counsel of the responsibility to independently evaluate a claim before filing. In assessing whether lead-generation and intake practices are reliable, it is important to understand what information the claimant originally provided, who collected or supplied supporting documents, what verification occurred, and whether the information or documents were changed before being transmitted to counsel. Understanding how a vendor obtained a claimant's information and supporting documents can help distinguish legitimate intake activity from practices that facilitate false claims.

5. In the multidistrict litigation in the Northern District of California, Uber identified two Cutter Law plaintiffs who Uber concluded had submitted fraudulent trip receipts. *See* Uber's Motion for Entry of an Order to Show Cause Regarding Non-Bona Fide Receipts, MDL ECF No. 3604. Uber subsequently determined that one of those plaintiffs was connected to multiple plaintiffs in the MDL who had submitted versions of the same trip receipt to support their own allegedly unique sexual assault allegations. *See* Uber's Fourth Motion for Entry of an Order to Show Cause Regarding Non-Bona Fide Receipts, MDL ECF No. 4933. Uber also presented evidence through deposition testimony regarding an intake firm's involvement with that trip receipt.[1] At no time did Cutter Law know, communicate with, coordinate with, or share information with the other claimants associated with that receipt. Our firm was unable to defend their trip receipts as legitimate, and their claims were dismissed with prejudice. Those claims were filed notwithstanding

[1] The entity identified in the testimony was Torticity, which is one of the entities under subpoena. *See* Defs.' Resp. in Opp'n to Pls.' Mot. for Temp. Protective Order ("Protective Order Opposition"), MDL ECF No. 7204, at 13.

Cutter Law's pre-filing vetting, which includes scrutiny by a team of intake professionals which has resulted in the rejection of some potential claimants referred by third-party lead generators prior to the initiation of a lawsuit. Since then, Cutter Law further refined and enhanced its screening procedures, particularly for claimants referred through third-party lead generators. These proactive efforts better positioned the Cutter Law firm to litigate its cases in this JCCP and the MDL without the specter of fraud continually identified by Uber.

6. These issues also illustrate the limitations of reviewing claims within a single law firm. A firm evaluating an individual claimant's materials may not know whether the same supporting document has been presented by other claimants to other firms. Information about the source and handling of that document, including the vendor's role in obtaining, verifying, or transmitting it, can help determine whether the problem is confined to an individual claim or reflects a practice affecting additional claims. That information is generally held by the vendors rather than individual plaintiffs' firms.

7. Uber's briefing in this JCCP and the MDL indicates that some of the plaintiffs Uber identified as having submitted fraudulent ride receipts were plaintiffs located through the efforts of third-party lead generators. *See* Protective Order Opposition, MDL ECF No. 7204, at 13:6–9 & n.13; Uber's Motion to Appoint a Special Master to Investigate Fraud, MDL ECF No. 7070-7. It is my understanding that some third-party lead generators are paid on a per-lead basis and shop those leads to multiple law firms. Uber's briefing indicates that some lead generators prioritize volume and income generation over quality control, particularly where the vendor arrangements may be contingent on the outcome of the litigation. *See* Protective Order Opposition, MDL ECF No. 7204, at 4:18–21, 22:8–10. That is one reason Cutter Law follows its own quality-control procedures before initiating legal proceedings on behalf of a plaintiff. The existence of any third-party arrangement does not diminish any firm's independent obligations to evaluate the legitimacy of a claim before filing and to satisfy its ethical duties, as my firm has done.

8. In addition, fraudulent claims must be removed promptly because they stand in the way of legitimate claimants receiving fair compensation for their injuries. As long as fraudulent claims persist in this litigation, it will be difficult for Uber and the legitimate plaintiffs to fairly value their claims and reach a negotiated resolution efficiently. Cutter Law's own efforts to detect and reject claims of questionable legitimacy have helped properly evaluate its cases. Additional information about lead generators will only further benefit Cutter Law and plaintiffs' firms in the JCCP and MDL. It's important for each firm to verify that any lead generation is done ethically and appropriately to detect fraud and remove any illegitimate claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2026, in San Francisco, California.

By:__________________________

Brooks Cutter

Uber Rideshare Cases
San Francisco County Superior Court, Case No. JCCP 5188

**PROOF OF SERVICE**

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within entitled action; my business address is Cutter Law P.C., 401 Watt Avenue, Sacramento, California 95864.

On the date below, I served a copy of the following document(s) described as BROOKS CUTTER DECL. RELATED TO DEFS.' MTN TO APPROVE NARROWED THIRD-PARTY SUBPOENAS on the interested party(ies) in this action as follows:

| | |
|---|---|
| | **BY MAIL:** By causing to be placed a true copy thereof enclosed in a sealed envelope(s) addresses as above or on the service list, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid |
| | **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above or on the service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above or on the service list on the date above at approximately ________ a.m./p.m. The telephone number of the sending facsimile machine was (916) 669-4499. The sending facsimile machine issued a transmission reporting confirming that the transmission was complete and without error. A copy of that report is attached. |
| **X** | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent through File&ServeXpress to the person(s) on the service list maintained electronically on File&ServeXpress. |
| | **BY PERSONAL SERVICE:** I ***caused*** the above documents to be hand delivered to the party(ies) listed above or on the service list. |
| **X** | **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| | **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. |

Executed on November 10, 2026, at Sacramento, California.

Elaine Bell

*Elaine Bell* (signature)

ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (admitted *Pro Hac Vice*)
chris.cotton@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
One Kansas City Place
1200 Main Street
Suite 2200
Kansas City, Missouri 64105
Telephone: (816) 868-6840

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*ALL MATTERS*

MDL No. 3084 CRB

**DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS' SUBMISSION REGARDING UBER'S THIRD-PARTY SUBPOENAS TO LEGAL MARKETING AND CLIENT ACQUISITION SERVICES**

Judge: Hon. Lisa J. Cisneros
Courtroom: G – 15th Floor

**DECLARATION OF CHRISTOPHER V. COTTON**

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Uber's") Submission Regarding Uber's Third-Party Subpoenas to Legal Marketing and Client Acquisition Services.

2. I am a partner at the law firm of Nelson Mullins Riley & Scarborough LLP representing Uber in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of Iowa, the Bar of the State of Missouri, and the Bar of the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. In July 2025, Uber served several notices of their intent to serve subpoenas for production from non-parties and received no objections at that time. *See, e.g.* Composite Ex. A (E-Mail from D. Hillburn to R. Abrams (Jul. 30, 2025); E-Mail from D. Louviere-Hernandez to R. Abrams (Jul. 31, 2025)).

4. Approximately 44% of the 261 ride receipts Plaintiffs produced in October 2026 alone bear facial indicators of third-party involvement, including forwarding email headers, intake-firm email addresses, and/or other markers showing that the receipt passed through a vendor before reaching counsel. In the MDL and JCCP, Uber has identified over 450 instances of fraud in the form of non-bona-fide ride receipts, fraudulent fact sheets, and discrepancies between objective data and verified fact sheets.

5. In the MDL, Uber has identified more than 300 active claims with indicators of third-party vendor involvement. Receipts in active matters reflecting this involvement go back to at least March 2025, and they show an increasing level of vendor participation in assembling claim materials.

6. In an October 19, 2026 communication, Subpoena Recipient MTAA's counsel agreed that Uber's request for a document-level log or a categorical log is "a fair request," and MTAA agreed to provide a privilege log within 30 days identifying documents by category, the protection claimed,

the holder, the law firm involved, and the basis for any work-product claim. *See* Ex. B (Letter from M. Dortch to V. Gromada (Oct. 19, 2026)). MTAA's counsel further agreed with the "suggestion of pinpoint redaction and [to] provide redacted replacements." *Id.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 9, 2026 in Kansas City, Missouri.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON (admitted *Pro Hac Vice*)
chris.cotton@nelsonmullins.com
One Kansas City Place
1200 Main Street
Suite 2200
Kansas City, Missouri 64105
Telephone: (816) 868-6840

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

# Exhibit A

**From:** Hillburn, Deborah (SHB)
**Sent:** Wednesday, July 30, 2025 6:02 PM
**To:** 'Rabrams@peifferwolf.com'; 'Luhana@chaffinluhana.com'; 'slondon@girardsharp.com'; 'gangopadhyay@chaffinluhana.com'; 'Wilkins@chaffinluhana.com'
**Cc:** Shortnacy, Michael (SHB); Cotton, Chris (SHB)
**Subject:** In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation; Case No. 3:23-md-3084-CRB
**Attachments:** 2025-07-30 Notice of Intent to Serve Subpoena for Production from Non-Party Cloudfare.pdf; 2025-07-30 Notice of Intent to Serve Subpoena for Production from Non-Party Google.pdf; 2025-07-30 Notice of Intent to Serve Subpoena for Production from Non-Party Stripe, Inc..pdf

Counsel,

Please see the attached.

**Deborah Hillburn**
*Legal Administrative Assistant III*
Shook, Hardy & Bacon L.L.P.

415-544-1938 | dhillburn@shb.com

SHOOK
HARDY & BACON

SHOOK, HARDY & BACON LLP
Michael B. Shortnacy (SBN 277035)
mshortnacy@shb.com
Alycia A Degen (SBN 211350)
adegen@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 424-285-8330
Facsimile: 424-204-9093

Christopher V. Cotton (Admitted *Pro Hac Vice*)
ccotton@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF INTENT TO SERVE SUPOENA DUCES TECUM FOR PRODUCTION FROM A NON-PARTY** |

YOU ARE HEREBY NOTIFIED that in accordance with Rule 45 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") intends to issue a subpoena, copy of which is attached hereto, to be served upon the following person, who is not a party in the above captioned lawsuit and to produce items listed at the time and place specified in the attached Subpoena:

- **Cloudflare, Inc. C/O Registered Agent Solutions, Inc. 720 14th Street, Sacramento, CA 95814**

DATED: July 30, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION
*Plaintiff*
v.

*Defendant*

Civil Action No. 3:23-md-03084-CRB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cloudflare, Inc. C/O Registered Agent Solutions, Inc. 720 14th Street, Sacramento, CA 95814

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.
In lieu of appearance, responsive documents may be mailed/emailed to Michael B. Shortnacy, Shook, Hardy & Bacon LLP, 2121 Ave of the Stars, Ste 1400, Los Angeles, CA 90067 (mshortnacy@shb.com).

| Place: Shook, Hardy & Bacon LLP<br>555 Mission Street, Suite 2300<br>San Francisco, CA 94105 | Date and Time:<br>08/04/2025 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/30/2025

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael B. Shortnacy
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC , who issues or requests this subpoena, are:

Michael B. Shortnacy, Shook, Hardy & Bacon LLP, 2121 Ave of the Stars, Ste 1400, Los Angeles, CA 90067

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-md-03084-CRB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. "ALL" AND "ANY" both INCLUDE "each" AND "every."

2. "COMMUNICATION(S)" means ANY AND ALL oral AND/OR written COMMUNICATIONS INCLUDING a telephone COMMUNICATION, memorandum, letter, e-mail, message, telegram, telex, AND ANY other instance in which information is transmitted from one PERSON to another through ANY means whatsoever.

3. "DOCUMENTS" means the original or a copy of handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which it has been stored.

4. "INCLUDE" AND "INCLUDING" shall mean INCLUDING, but not limited to.

5. "OR" AND "AND" shall INCLUDE AND/OR.

6. "PERSON" shall INCLUDE a natural PERSON, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

7. "RELATING TO" OR "RELATED TO" means, by way of example AND without limitation: demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these requests.

8. "YOU," "YOUR" or "YOUR COMPANY" shall mean, as applicable, Cloudflare, Inc., and any of YOUR parent companies, subsidiaries, affiliates or divisions, and any of their respective agents, officers, employees, attorneys or representatives, which were acquired by YOU.

## RECORDS TO BE PRODUCED

1. ANY AND ALL DOCUMENTS RELATED TO MakeReceipt.com, Registry Domain ID 1951426295_DOMAIN_COM-VRSN, INCLUDING ANY AND ALL DOCUMENTS identifying ANY PERSON RELATED TO Makereceipt.com, Registry Domain ID 1951426295_DOMAIN_COM-VRSN.

2. ANY AND ALL DOCUMENTS RELATED TO ExpressExpense.com, Registry Domain ID 1853711213_DOMAIN_COM-VRSN, INCLUDING ANY AND ALL

DOCUMENTS identifying ANY PERSON RELATED TO ExpressExpense.com, Registry Domain ID 1853711213_DOMAIN_COM-VRSN.

SHOOK, HARDY & BACON LLP
Christopher V. Cotton (Admitted *Pro Hac Vice*)
ccotton@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF INTENT TO SERVE SUPOENA DUCES TECUM FOR PRODUCTION FROM A NON-PARTY** |

YOU ARE HEREBY NOTIFIED that in accordance with Rule 45 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") intends to issue a subpoena, copy of which is attached hereto, to be served upon the following person, who is not a party in the above captioned lawsuit and to produce items listed at the time and place specified in the attached Subpoena:

- **Google LLC, c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833**

DATED: July 30, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: *<u>/s/ Christopher V. Cotton</u>*
CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION
*Plaintiff*
v.

*Defendant*

Civil Action No. 3:23-md-03084-CRB

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Google LLC, c/o Coporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.
In lieu of appearance, responsive documents may be mailed/emailed to Christopher V. Cotton, Shook, Hardy & Bacon LLP, 2555 Grand Blvd., Kansas City, MO 64108 (ccotton@shb.com).

| Place: Shook, Hardy & Bacon LLP<br>555 Mission Street, Suite 2300<br>San Francisco, CA 94105 | Date and Time:<br>08/04/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/30/2025

*CLERK OF COURT*

OR

/s/ Christopher V. Cotton

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC, who issues or requests this subpoena, are:

Christopher V. Cotton, Shook, Hardy & Bacon LLP, 2555 Grand Blvd., Kansas City, MO 64108

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-md-03084-CRB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. "ALL" AND "ANY" both INCLUDE "each" AND "every."

2. "COMMUNICATION(S)" means ANY AND ALL oral AND/OR written COMMUNICATIONS INCLUDING a telephone COMMUNICATION, memorandum, letter, e-mail, message, telegram, telex, AND ANY other instance in which information is transmitted from one PERSON to another through ANY means whatsoever.

3. "DOCUMENTS" means the original or a copy of handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which it has been stored.

4. "INCLUDE" AND "INCLUDING" shall mean INCLUDING, but not limited to.

5. "OR" AND "AND" shall INCLUDE AND/OR.

6. "PERSON" shall INCLUDE a natural PERSON, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

7. "RELATING TO" OR "RELATED TO" means, by way of example AND without limitation: demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these requests.

8. "YOU," "YOUR" or "YOUR COMPANY" shall mean, as applicable, Google LLC, and any of YOUR parent companies, subsidiaries, affiliates or divisions, and any of their respective agents, officers, employees, attorneys or representatives, which were acquired by YOU.

## RECORDS TO BE PRODUCED

1. ANY AND ALL DOCUMENTS RELATED TO ExpressExpense OR ANY Google Play Store application developed, operated by OR RELATED TO ExpressExpense, INCLUDING ANY AND ALL DOCUMENTS identifying ANY PERSON RELATED TO ExpressExpense OR ANY smartphone application developed, operated by OR RELATED TO ExpressExpense INCLUDING ExpressExpense, Make Receipt, AND Make Receipt – Receipt Generat.

SHOOK, HARDY & BACON LLP
Michael B. Shortnacy (SBN 277035)
mshortnacy@shb.com
Alycia A Degen (SBN 211350)
adegen@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 424-285-8330
Facsimile: 424-204-9093

Christopher V. Cotton (Admitted *Pro Hac Vice*)
ccotton@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF INTENT TO SERVE SUPOENA DUCES TECUM FOR PRODUCTION FROM A NON-PARTY** |

YOU ARE HEREBY NOTIFIED that in accordance with Rule 45 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") intends to issue a subpoena, copy of which is attached hereto, to be served upon the following person, who is not a party in the above captioned lawsuit and to produce items listed at the time and place specified in the attached Subpoena:

- **Stripe, Inc., 354 Oyster Point, Blvd., San Francisco, CA 94080**

DATED: July 30, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT
*Plaintiff*
v.

*Defendant*

Civil Action No. 3:23-md-03084-CRB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stripe, Inc., 354 Oyster Point Blvd., San Francisco, CA 94080

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.
In lieu of appearance, responsive documents may be mailed/emailed to Michael B. Shortnacy, Shook, Hardy & Bacon LLP, 2121 Ave of the Stars, Ste 1400, Los Angeles, CA (mshortnacy@shb.com).

| Place: Shook, Hardy & Bacon LLP<br>555 Mission Street, Suite 2300<br>San Francisco, CA 94105 | Date and Time:<br>08/04/2025 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/30/2025

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael B. Shortnacy
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC , who issues or requests this subpoena, are:

Michael B. Shortnacy, Shook, Hardy & Bacon LLP, 2121 Ave of the Stars, Ste 1400, Los Angeles, CA 90067

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-md-03084-CRB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ____________________

______________________________________________________________________

______________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. "ALL" AND "ANY" both INCLUDE "each" AND "every."

2. "COMMUNICATION(S)" means ANY AND ALL oral AND/OR written COMMUNICATIONS INCLUDING a telephone COMMUNICATION, memorandum, letter, e-mail, message, telegram, telex, AND ANY other instance in which information is transmitted from one PERSON to another through ANY means whatsoever.

3. "DOCUMENTS" means the original or a copy of handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which it has been stored.

4. "INCLUDE" AND "INCLUDING" shall mean INCLUDING, but not limited to.

5. "OR" AND "AND" shall INCLUDE AND/OR.

6. "PERSON" shall INCLUDE a natural PERSON, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

7. "RELATING TO" OR "RELATED TO" means, by way of example AND without limitation: demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these requests.

8. "YOU," "YOUR" or "YOUR COMPANY" shall mean, as applicable, Stripe, Inc., and any of YOUR parent companies, subsidiaries, affiliates or divisions, and any of their respective agents, officers, employees, attorneys or representatives, which were acquired by YOU.

## RECORDS TO BE PRODUCED

1. ANY AND ALL DOCUMENTS RELATED TO MakeReceipt.com, INCLUDING ANY AND ALL DOCUMENTS identifying ANY PERSON RELATED TO Makereceipt.com.

2. ANY AND ALL DOCUMENTS RELATED TO ExpressExpense.com, INCLUDING ANY AND ALL DOCUMENTS identifying ANY PERSON RELATED TO ExpressExpense.com.

3. ANY AND ALL DOCUMENTS RELATED TO ExpressExpense OR ANY smartphone application developed, operated by OR RELATED TO ExpressExpense, INCLUDING ANY AND ALL DOCUMENTS identifying ANY PERSON RELATED TO ExpressExpense OR ANY smartphone application developed, operated by OR RELATED TO ExpressExpense INCLUDING ExpressExpense, Make Receipt, AND Make Receipt – Receipt Generat.

**From:** DeAnna Louviere-Hernandez
**Sent:** Thursday, July 31, 2025 12:09 PM
**To:** Rabrams@peifferwolf.com; Luhana@chaffinluhana.com; gangopadhyay@chaffinluhana.com; Wilkins@chaffinluhana.com; slondon@girardsharp.com
**Cc:** Shortnacy, Michael (SHB) ; Cotton, Chris (SHB) ; Sam Schleier ; Elsa Krize
**Subject:** In re Uber Technologies, Inc. Passenger Sexual Assault Litigation, Case No. 3:23-md-3084-CRB

**EXTERNAL**

Counsel,

Please see attached.

Regards,

**DeAnnaJ.Louviere-Hernandez**
Senior Legal Administrative Assistant
+1 310-380-6573 | DeAnna.Louviere-Hernandez@bowmanandbrooke.com

Bowman and Brooke LLP   1000 TRIALS TRIED & TRUE

Note: This electronic mail is intended to be received and read only by certain individuals. It may contain information that is attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply. Thank you.

Paul A. Alarcon, Esq. (SBN 275036)
Samuel Q. Schleier, Esq. (SBN 312449)
BOWMAN AND BROOKE LLP
600 Anton Blvd, Suite 650
Costa Mesa, CA 92626-7194
Telephone (310) 380-6500
Facsimile (310) 525-6600
paul.alarcon@bowmanandbrooke.com
sam.schleier@bowmanandbrooke.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM FOR PRODUCTION FROM A NON-PARTY** |

YOU ARE HEREBY NOTIFIED that in accordance with Rule 45 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") intends to issue a subpoena, copy of which is attached hereto, to be served upon the following person, who is not a party in the above captioned lawsuit and to produce items listed at the time and place specified in the attached Subpoena:

- **Apple Inc., c/o CT Corporation System, 330 N Brand Blvd, Suite 700, Glendale, CA 91203**

DATED: July 31, 2025

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Samuel Q. Schleier*
PAUL A. ALARCON
SAMUEL Q. SCHLEIER

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

for the

_Northern District of California

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION
*Plaintiff*
v.

*Defendant*

Civil Action No. 3:23-md-03084-CRB

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Apple Inc., c/o CT Corporation System, 330 N Brand Blvd, Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.
In lieu of personal appearance, responsive documents may be mailed/emailed to Sam Q. Schleier, Bowman and Brooke LLP, 600 Anton Blvd, Suite 650, Costa Mesa, CA 92626 (sam.schleier@bowmanandbrooke.com)

| | |
|---|---|
| Place: Bowman and Brooke LLP<br>600 Anton Blvd, Suite 650<br>Costa Mesa, CA 92626 | Date and Time: 08/14/2025 5:00 PM |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/31/2025

*CLERK OF COURT*

OR

_______________________ /s/ Sam Q. Schleier
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Uber Technologies, Inc.; Rasier, LLC; and Raiser-CA, LLC , who issues or requests this subpoena, are:
Sam Q. Schleier, Bowman and Brooke LLP, 600 Anton Blvd, Suite 650, Costa Mesa, CA 92626

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-md-03084-CRB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. "ALL" AND "ANY" both INCLUDE "each" AND "every."

2. "COMMUNICATION(S)" means ANY AND ALL oral AND/OR written COMMUNICATIONS INCLUDING a telephone COMMUNICATION, memorandum, letter, e-mail, message, telegram, telex, AND ANY other instance in which information is transmitted from one PERSON to another through ANY means whatsoever.

3. "DOCUMENTS" means the original or a copy of handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which it has been stored.

4. "INCLUDE" AND "INCLUDING" shall mean INCLUDING but not limited to.

5. "OR" AND "AND" shall INCLUDE AND/OR.

6. "PERSON" shall INCLUDE a natural PERSON, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

7. "RELATING TO" OR "RELATED TO" means, by way of example AND without limitation demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these requests.

8. "YOU," "YOUR" or "YOUR COMPANY" shall mean, as applicable, Apple Inc., and any of YOUR parent companies, subsidiaries, affiliates or divisions, and any of their respective agents, officers, employees, attorneys or representatives, which were acquired by YOU.

## RECORDS TO BE PRODUCED

1. ANY AND ALL DOCUMENTS RELATED TO ExpressExpense OR ANY Apple App Store application developed, operated by OR RELATED TO ExpressExpense, INCLUDING ANY AND ALL DOCUMENTS identifying ANY PERSON RELATED TO ExpressExpense OR ANY smartphone application developed, operated by OR RELATED TO ExpressExpense INCLUDING ExpressExpense, Make Receipt, AND Make Receipt – Receipt Generat.

# Exhibit B

DORTCH LINDSTROM LIVINGSTON LAW GROUP

**T. Micah Dortch**
Licensed in Texas, Oklahoma, Arkansas and Ohio
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
(214) 393-1212
(888) 653-3299 fax
Micah@dll-law.com

October 19, 2026

**VIA ELECTRONIC MAIL**

Veronica Hayes Gromada
Shook, Hardy & Bacon L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, Texas 77002
vgromada@shb.com

Michael B. Shortnacy
Shook, Hardy & Bacon L.L.P.
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
mshortnacy@shb.com

**Re:** *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, No. 3:23-md-03084-CRB (N.D. Cal.); Uber's Subpoena to Mass Tort Ad Agency

Dear Ms. Gromada and Mr. Shortnacy:

This firm now represents Mass Tort Ad Agency ("MTAA") and its founder, Jacob Malherbe, in connection with the subpoena Uber served on MTAA on December 18, 2025, the related proceeding in the Middle District of Florida, No. 6:26-mc-00012-JSS-DCI, and the documents MTAA produced. Going forward, I would appreciate it if communications about the subpoena or the production came to me rather than to Mr. Malherbe. I wanted to introduce myself, respond to Ms. Gromada's September 3, 2026 letter, and suggest a way for us to work through the remaining issues without taking up more of the Court's time.

**Background**

MTAA is a small advertising agency that places Facebook and Instagram ads for plaintiff firms, and it did not have a lawyer when it responded to the subpoena. As Mr. Cotton's declaration describes (ECF 7204-1 ¶ 12), Mr. Malherbe uploaded more than 17,000 documents in June 2026 without a privilege review, and that upload mistakenly swept in intake email from a separate vendor, Legal Conversion Center. When Ms. Clement kindly pointed out on July 31 that nothing had been designated, Mr. Malherbe replied that he wanted the materials seen only by attorneys who needed them but was not sure how to accomplish that, and he re-uploaded the set with an AEO designation on August 7. I appreciate Ms. Clement and Mr. Haider walking him through that process. His August 22 letter was a good-faith attempt, by a non-lawyer, to address what he had come to understand were privileged and personal materials that should not have gone out. The law firms whose communications were included were not consulted before the production, and at least one of them has since written to MTAA objecting to the disclosure and asking for the return of its materials.

## The Court's September 10 Order

Since Ms. Gromada's letter, the Court has addressed several of the points it raised. In its September 10, 2026 order on Plaintiffs' motion (ECF 7297), the Court directed that Uber not access, use, or disseminate the MTAA production while Plaintiffs review it and the parties resolve their subpoena disputes before Judge Cisneros, and it relieved MTAA of any further production in the meantime. The Court also found that the production includes questionnaire responses from people seeking legal representation and law firms' communications about screening criteria, and that those materials are protected by the attorney-client privilege and the work product doctrine. ECF 7297 at 2–3 (citing *Barton v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 410 F.3d 1104, 1110 (9th Cir. 2005)). I expect Uber is already handling the production consistent with that order, and I would be grateful for a short written confirmation to that effect, along with a list of the persons and entities, including vendors and Plaintiffs' Leadership, who received a copy, so that MTAA can make sure everyone holding the material is on the same page.

## Documents Outside the Subpoena

The easiest place to start may be the documents that have nothing to do with this litigation. Uber's opposition acknowledged that MTAA produced documents that are not responsive to the subpoena and that Uber has no interest in them, and the Court noted that the production reaches OBGYN abuse, clergy abuse, Camp Lejeune, Roundup, Paraquat, and other unrelated matters. ECF 7204; ECF 7297 at 2. Because those documents concern other clients and other people, MTAA would ask that Uber return or destroy any MTAA documents that do not relate to the rideshare sexual assault litigation and confirm when that is done. MTAA is happy to make this as easy as possible, whether through agreed search terms, Bates ranges, or a clean replacement production once the Court permits one.

## Privilege Log and Designations

Ms. Gromada's letter asked for a document-level log or, at minimum, a categorical log identifying the documents in each category, the protection claimed, the holder, the law firm involved, and the basis for any work-product claim. That is a fair request, and MTAA will provide a categorical log in that format within 30 days. MTAA does not screen or interview claimants; its ads lead to a website form, and MTAA passes the completed forms along to the law firms it serves. The log will therefore cover (1) website form submissions from people who responded to attorney advertising seeking legal representation; (2) intake email from Legal Conversion Center, a separate intake provider, that was swept into the production by mistake; (3) MTAA's communications with its law-firm clients and their agents about case criteria and campaign strategy; and (4) materials from unrelated campaigns, to the extent any remain after we address the documents above.

Uber also raised a fair point about MTAA's blanket AEO designation, including on public material such as blog posts. MTAA has no wish to restrict documents that are already public. With the log, MTAA will narrow its designations so that published material carries none and the remaining documents are designated individually under Section 5.2 of the Protective Order. For documents containing the names, contact information, and accounts of people who answered an advertisement but never filed suit, MTAA would like to take up Ms. Gromada's suggestion of pinpoint redaction and provide redacted replacements.

**Next Steps**

If it works for you, I would suggest a short call during the week of November 2, 2026 to talk through the log, the unrelated documents, and the redaction protocol. It would also be helpful to have Uber's written confirmation on the points above by October 30, 2026, if that timing is workable on your end. MTAA would also appreciate being kept informed of any proceedings before Judge Cisneros that concern its subpoena or its production, so it can be of help where needed.

MTAA continues to preserve its documents as the Court directed, and nothing in this letter is intended to waive any privilege or protection, including those belonging to the law firms and individuals whose information was produced. Thank you for your attention to this, and I look forward to speaking with you. I can be reached at the number above or at Micah@dll-law.com.

Sincerely,

Micah Dortch

Micah Dortch
Counsel for Mass Tort Ad Agency