# EXHIBIT 17

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

West District, Santa Monica Courthouse, Department J

**23STCV10200** March 12, 2026
**ELISA LOPEZ vs UBER TECHNOLOGIES, INC, et al.** 3:52 PM

Judge: Honorable Susan Bryant-Deason CSR: None
Judicial Assistant: C. Rivera ERM: None
Courtroom Assistant: D. Romero Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter re: Hearing on Motion for Summary Judgment or in the Alternative, Summary Adjudication; By Defendant Uber Technologies, Inc.;; Hearing on Motion - Other to Seal Exhibits Filed Held on 03/11/2026

The Court, having taken the matter under submission on 03/11/2026 for Hearing on Motion - Other to Seal Exhibits Filed, now rules as follows: (see below)

The Motion for Summary Judgment filed by UBER TECHNOLOGIES, INC on 01/21/2025 is Granted.

The Motion to Seal Defendant Uber Technologies, Inc.s Notice of Motion to Seal Exhibits Filed with the Declaration of Timothy R. McCormick in Support of Plaintiffs Opposition to Uber Technologies, Inc.s Motion for Summary Judgment or, in the Alternative, Summary A filed by UBER TECHNOLOGIES, INC on 03/03/2026 is Granted.

**********

The motion to seal is GRANTED pursuant to the April 24 protective order signed by both parties and the February 18, 2025, ruling issued by Hon. Judge Lee Arian sealing substantially similar documents included in defendant’s moving papers. No opposition has been filed, and the relevant documents are pre-marked as confidential.

The motion for summary judgment is GRANTED. Defendant Ring was an independent contractor at the time of the accident in this case.

The courts notes that the same counsel of record appeared on a factually comparable case for a motion for summary judgment in front of this court on February 6, 2026. No new arguments are presented.

“A person who hired an independent contractor generally [is] not liable to third parties for

injuries caused by the contractor's negligence in performing the work." Privette v. Superior Court (1993) 5 Cal.4th 689, 693.
Business and Professions Code § 7451 states:

"Notwithstanding any other provision of law, including, but not limited to, the Labor Code . . . an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company if the following conditions are met . . ."
The plain meaning of "notwithstanding any other provision of law" is that this statute applies as to all other statutes. It does not carve out an exception for common law or any specific legal doctrine like vicarious liability. The legislature can limit a statute's application and does so in many other statutes, but in this case, the legislature chose not to do so. The statute further clarifies that the statutes listed as applicable are not exhaustive. BPC § 7451 ["including, but not limited to, the Labor Code . . ."]. The court would have to insert its own interpretation based on legislative history to reach a different conclusion. It is settled law that the text of a statute is a more reliable indicator of legislative intent than legislative history. Barron v. Superior Court (2023) 90 Cal.App.5th 628, 637. The court so finds that BPC § 7451 applies to vicarious liability.

Now, defendant must prove that Ring meets the criteria established in BPC § 7451 to be classified as an independent contractor. It is undisputed that Uber cannot and does not proscribe dates, times or hours at which the drivers (including Ring) must work. Def's UMF No. 12. Ring thus satisfies the first requirement. The undisputed material facts also show that Uber drivers like Ring are not obligated to take the orders, receive no penalty if they reject the orders, and maintain access to the platform regardless of their decision. Id., Nos. 10-11, 13-14. Thus, criteria two is established. In addition, plaintiff agrees that Ring was not prevented from using other competing platforms, thereby fulfilling the statute's third requirement. Id., No. 15. Lastly, it is undisputed that Ring "can also work full time or part time for [himself] or any third parties." Id., No. 16. As such, Ring fits all of the criteria laid out in BPC § 7451.

Defendant does not need to present evidence of these factors as plaintiff does not dispute the veracity of each material fact.

As there is no dispute that Ring was driving for Uber at the time of the crash and that Uber is subject to BPC § 7451, defendant has met its burden to establish there is no triable issue of material fact as to vicarious liability. The burden now shifts to plaintiff.
Plaintiff argues that BPC § 7451 does not apply and thus the Borello test controls, raising a triable issue of material fact about whether Uber asserted control over Ring, making him an

employee. Plaintiff fails to meet her burden to establish there is a triable issue of material fact.
First, plaintiff argues that the statutory language, "with respect to the app-based driver's relationship with a network company" precludes the statute from applying in the vicarious liability context. Plaintiff repeatedly refers to this phrase as "limiting language." But, the plain meaning of those words does not limit the application of the definition of the relationship. After all, when a third party gets hurt, the network company's relationship with a driver is a necessary part of determining vicarious liability. Plaintiff is therefore admitting that the statute defines the relationship between Uber and Ring. Opp. at pp. 14-15. That is what is at issue in this motion. The result that third party liability is prevented is the legal effect of defining the relationship in this way. In addition, the statute expressly notes that its definition applies to "any other provision of law," "including, but not limited to, the Labor Code . . ." The statute cannot be read to exclude vicarious liability application on its face.
Plaintiff asserts that a labor relationship can be characterized as employer/employee or independent contracting for separate legal purposes. The issue with this argument is that all the authority plaintiff cites was decided prior to the passage of Proposition 22. Thus, none of the authorities speak to whether Proposition 22 is dispositive. The text of Proposition 22 begins with the stated purpose to "protect the basic legal right of Californians to choose to work as independent contractors with rideshare and delivery network companies throughout the state." BPC § 7450(a). This statement is broad and indicates a controlling purpose to define ride-share and app-based delivery drivers as independent contractors. The court finds no textual evidence that a distinct definition was intended for vicarious liability.
Next, plaintiff contends that § 7451's definition contradicts the definition laid out in PUC § 5354. The court is not persuaded given the "notwithstanding" language from BPC § 7451. This language must be most plainly interpreted as meaning that the rules created under this new statute pre-empt any conflicting statute. The language of PUC § 5354 seems to address the issue of direct liability, not vicarious liability. PUC § 5354 states that, "the act, omission, or failure of any officer, agent, or employee, or person offering to afford the authorized service with the approval or consent of the permit or certificate holder, is the act, omission, or failure of the permit or certificate holder." Thus, PUC § 5354 would create, if anything, a direct cause of action under this statute. Here, plaintiff does not allege a direct cause of action under PUC § 5354.
Finally, plaintiff attempts to argue that California common law establishes that an employer can also be vicariously liable for the acts of its agent, not just its employee. This argument is inapposite as the statute directly states "an app-based driver is an independent contractor and not an employee or agent . . ." BPC § 7451. Therefore, the statute operates to preclude actions under both employment and agency theory.

Plaintiff has failed to meet her burden to establish a genuine dispute of material fact as to Ring's

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department J

**23STCV10200**
**ELISA LOPEZ vs UBER TECHNOLOGIES, INC, et al.**

March 12, 2026
3:52 PM

Judge: Honorable Susan Bryant-Deason
Judicial Assistant: C. Rivera
Courtroom Assistant: D. Romero

CSR: None
ERM: None
Deputy Sheriff: None

status as an independent contractor. Thus, defendant is shielded from both vicarious liability as a matter of law, and from direct liability due to its undisputed non-ownership or entrustment of the car. Def's UMF No. 18.

The motion is therefore GRANTED.

**********

As this matter has been ruled upon, the Court orders as follows:

On the Court's own motion, the Status Conference re: Motions from 03/11/2026 Taken Under Submission scheduled for 03/17/2026 is advanced to this date and vacated.

Any party filing documents to the Court are to provide courtesy copies to Department J of the Santa Monica Courthouse and are to be provided no later than 5 days prior to the next hearing date.

Clerk is to give notice.

Certificate of Service is attached.