# EXHIBIT 18

Janice Y. Walshok, Esq., SBN 261098
PETTIT KOHN INGRASSIA LUTZ & DOLIN PC
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: jwalshok@pettitkohn.com

Attorneys for Defendant
**UBER TECHNOLOGIES, INC.**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
1/15/2025 10:50:07 AM

Clerk of the Superior Court
By C. Martinez ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| JONATHAN BILBY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAYED M. JALIL, an individual; UBER TECHNOLOGIES, INC., a Delaware Corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | CASE NO.: 37-2023-00015325-CU-PA-CTL<br><br>**[~~PROPOSED~~] JUDGMENT ON DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Dept.: C-72<br>Judge: Hon. Marcella O. McLaughlin<br>Filed: April 13, 2023<br>Trial: August 22, 2025 |

On December 20, 2024, Defendant UBER TECHNOLOGIES, INC.'s ("Defendant") Motion for Summary Judgment, or in the alternative, Summary Adjudication ("Motion"), was set for hearing in Department C-72 of the above-entitled court, the Honorable Marcella O. McLaughlin presiding. Janice Y. Walshok, Esq. appeared for Defendant UBER TECHNOLOGIES, INC. ("Uber"). Edward M. Morgan, Esq. appeared for Plaintiff JONATHAN BILBY ("Plaintiff"). The parties presented oral arguments.

After reviewing all moving, opposing and reply papers, and considering the parties' oral arguments, the Court GRANTED Uber's Motion for Summary Judgment. A copy of the Court's Minute Order, dated December 20, 2024, is attached as Exhibit "A" to this Judgment, and incorporated herein.

**IT IS HEREBY ADJUDGED AND DECREED:**

1. Defendant UBER TECHNOLOGIES, INC.'s Motion for Summary Judgment is GRANTED.

2. Plaintiff JONATHAN BILBY's Complaint shall be dismissed as to Defendant UBER TECHNOLOGIES, INC. and judgment is entered in favor of Defendant UBER TECHNOLOGIES, INC. and against Plaintiff JONATHAN BILBY.

3. Defendant UBER TECHNOLOGIES, INC. as the prevailing party shall be awarded costs against Plaintiff JONATHAN BILBY in an amount to be determined by Defendant UBER TECHNOLOGIES, INC.'s Memorandum of Costs.

4. Plaintiff is to take nothing.

**IT IS SO ORDERED.**

Dated: 1/15/2025 By: ______________________
The Honorable Marcella O. McLaughlin

**PROOF OF SERVICE**
***Jonathan Bilby v. UTI, et al.***
**San Diego Superior Court Case No. 37-2023-00015325-CU-PA-CTL**

I, the undersigned, declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

On **January 7, 2025**, I caused to be served the following documents:

- **[PROPOSED] JUDGMENT ON DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

[X] **BY ELECTRONIC SERVICE (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, rule 2.251):** I caused such document(s) to be electronically served on those parties listed below, at their respective electronic service address(es) listed below, from e-mail address cgalleta@pettitkohn.com.

| | |
|---|---|
| Edward M. Morgan, Esq.<br>DOWNTOWN LA LAW GROUP<br>612 S. Broadway<br>Los Angeles, CA 90014<br>Tel: (213) 389-3765<br>Fax: (877) 389-2775<br>Email: Edward@downtownlalaw.com<br>channel@downtownlalaw.com<br>**Attorney for Plaintiff JONATHAN BILBY** | Lauren N. Romans, Esq.; SBN 326846<br>BORTON PETRINI, LLP<br>6390 Greenwich Drive, Suite 180<br>San Diego, California 92122<br>Tel.: (619) 232-2424<br>Fax: (619) 531-0794<br>Email: lromans@bortonpetrini.com<br>**Attorney for Defendant Sayed M. Jalil** |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **January 7, 2025**, at San Diego, California.

[signature]
Carla Galleta

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 12/20/2024 TIME: 9:30 AM DEPT: C-72

JUDICIAL OFFICER: MARCELLA O. MCLAUGHLIN
CLERK: Valerie Secaur
REPORTER/ERM: Debbie Wood; CSR #6515
BAILIFF/COURT ATTENDANT: T. Morales

CASE NO: **37-2023-00015325-CU-PA-CTL** CASE INIT.DATE: 04/13/2023
CASE TITLE: **Bilby vs Jalil [IMAGED]**
CASE CATEGORY: Civil CASE TYPE: (U)PI/PD/WD Auto: Personal Injury (Auto)

---

**HEARING TYPE**: Summary Judgment/Summary Adjudication
MOVING PARTY:

---

**APPEARANCES**
Edward M Morgan, Attorney for Plaintiff Jonathan Bilby, present via remote audio appearance.
Janice Y Walshok, Attorney for Defendant Uber Technologies Inc, present in person.

---

**HEARING ON MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**

The Court hears argument of counsel.

The Court confirms the tentative ruling as follows:

Defendant Uber Technologies, Inc.'s motion for summary judgment or, in the alternative, summary adjudication is GRANTED.

**A.** A three-step analysis is employed in ruling on motions for summary judgment. *Kline v. Turner* (2001) 87 Cal.App.4th 1369, 1373. "First, the court identifies the issues framed by the pleadings." *Pierson v. Helmerich & Payne Internat. Drilling Co.* (2016) 4 Cal.App.5th 608, 617. "Second, the court determines whether the moving party has established facts justifying judgment in its favor." *Id.* "Third, if the moving party has carried its initial burden, the court decides whether the opposing party has demonstrated the existence of a triable issue of material fact." *Id.* at 618.

Here, plaintiff alleges that defendant Sayed M. Jalil was an agent and employee of Uber at the time of the accident. (Complaint at p. 4.) Plaintiff further alleges that Uber "negligently entrusted" the vehicle to Jalil. (*Id.* at p. 5.)

**B.** Plaintiff has failed to raise a triable issue of material fact showing that Uber is vicariously liable for Jalil's alleged negligence.

“[A]n employer is vicariously liable for the negligent acts of its employees, but not of its independent contractors.” *Bowman v. Wyatt* (2010) 186 Cal.App.4th 286, 299. Business and Professions Code section 7451, which was enacted by the voters through Proposition 22, provides that a driver for an app-based transportation company is an independent contractor and not an agent or employee of the company:

> Notwithstanding any other provision of law, including, but not limited to, the Labor Code, the Unemployment Insurance Code, and any orders, regulations, or opinions of the Department of Industrial Relations or any board, division, or commission within the Department of Industrial Relations, an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company if the following conditions are met:
>
> (a) The network company does not unilaterally prescribe specific dates, times of day, or a minimum number of hours during which the app-based driver must be logged into the network company's online-enabled application or platform.
>
> (b) The network company does not require the app-based driver to accept any specific rideshare service or delivery service request as a condition of maintaining access to the network company's online-enabled application or platform.
>
> (c) The network company does not restrict the app-based driver from performing rideshare services or delivery services through other network companies except during engaged time.
>
> (d) The network company does not restrict the app-based driver from working in any other lawful occupation or business.

In this case, it is undisputed that Uber meets each of the conditions set forth in subdivisions (a)-(d). (*See* UMF 10-16, 32-38.) Thus, as a matter of law, Jalil was neither an employee nor an agent of Uber.

Plaintiff argues that section 7451 is limited to compensation issues and does not apply to the liability of app-based transportation companies. The court disagrees. Nothing in the statutory text supports such an interpretation. To the contrary, the plain meaning of the introductory phrase “[n]othwithstanding any other provision of law” signals an intent to override all contrary law – including statutory and decisional law. *See Souvannarath v. Hadden* (2002) 95 Cal.App.4th 1115, 1125-26; *see also People v. Tillman* (1999) 73 Cal.App.4th 771, 784. Moreover, it is well-settled that “[a] court is not authorized to create an exception not contained in the statutory language.” *University of Southern California v. Superior Court* (1996) 45 Cal.App.4th 1283, 1290.

Alternatively, plaintiff contends that Uber is liable as a “common carrier.” Plaintiff, however, has not alleged a theory of common carrier negligence. “A plaintiff opposing summary judgment may not raise facts or legal theories not encompassed by his complaint to defeat a summary judgment motion.” *Berlanga v. University of San Francisco* (2024) 100 Cal.App.5th 75, 87. Even if plaintiff had alleged a theory of common carrier negligence, it is undisputed that plaintiff was not a passenger in Jalil’s vehicle at the time of the accident. (*See* UMF 16, 22, 38, 44.) “Common carriers owe their passengers a duty of utmost care and the vigilance of a very cautious person.” *Orr v. Pacific Southwest Airlines* (19890 208 Cal.App.3d 1467, 1472.

**C.** Plaintiff has also failed to raise a triable issue of material fact showing that Uber negligently entrusted the vehicle to Jalil. *See* CACI 724. It is undisputed that Uber never owned or possessed the vehicle that Jalil was driving at the time of the accident. (*See* UMF 45-46.)

**D.** In issuing this ruling, the court has not considered Uber's reply separate statement. ROA 56. There is no authority for the filing of such a document. *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 249. Nor has the court considered the numerous trial court rulings cited in the moving and reply papers. "[A] written trial court ruling has no precedential value." *Santa Ana Hospital Medical Center v. Belshe* (1997) 56 Cal.App.4th 819, 831.

**E.** This ruling is dispositive as Uber. Counsel for Uber is directed to submit a proposed judgment for the court's signature.

**IT IS SO ORDERED.**

Marcella O. McLaughlin

Judge Marcella O. McLaughlin