# EXHIBIT 19

Electronically Received 09/14/2026 02:57 PM

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

EDWARD J. VALDESPINO (SBN: 272754)
evaldespino@grsm.com
AMANDA LYNN MCKEE (SBN: 357096)
amckee@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 407-0627
Facsimile: (415) 986-8054

Attorneys for Defendant,
LYFT, INC.

FILED
Superior Court of California
County of Los Angeles
10/02/2026
David W. Slayton, Executive Officer / Clerk of Court
By: B. Vargas Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PAUL CABANILLAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC.; DANIEL R. LAMBIRTH; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 24STCV12700<br><br>**[~~PROPOSED~~] JUDGMENT**<br><br>Action Filed: May 20, 2024<br>Trial Date: December 14, 2026 |

The Court hereby enters judgment in favor of Defendant Lyft, Inc. ("Lyft") and against Plaintiff Paul Cabanillas ("Plaintiff") pursuant to the Court's September 4, 2026, Order granting Lyft's Motion for Summary Judgment. A true and correct copy of the Court's Minute Order is attached hereto as Exhibit "A".

Plaintiff to receive nothing from Lyft.

Lyft shall recover from Plaintiff costs in the amount of $_______________.

**IT IS SO ORDERED.**

Dated: 10/02/2026, ~~2026~~

Virginia Keeny / Judge
JUDGE OF THE SUPERIOR COURT

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 529

**24STCV12700** September 4, 2026
**PAUL CABANILLAS, AN INDIVIDUAL vs LYFT, INC., et al.** 8:30 AM

Judge: Honorable Virginia Keeny CSR: None
Judicial Assistant: Brittany Vargas ERM: None
Courtroom Assistant: None Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 09/03/2026 for Hearing on Motion for Summary Judgment, now rules as follows:

**BACKGROUND**

This action arises out of a motor vehicle accident that occurred on October 13, 2022. On May 20, 2024, Plaintiff Paul Cabanillas filed a complaint against Lyft, Inc. and Daniel R. Lambirth for negligence, asserting three theories of liability including vicarious liability, direct liability for negligent ownership, operation, maintenance, leasing, management, entrustment, and/or control of Lambirth's vehicle, and direct liability for Lyft's alleged negligent selection, hiring, retention, training, and supervision of Lambirth.

**RULING**

Defendant Lyft, Inc.'s Motion for Summary Judgment or, in the alternative, Motion for Summary Adjudication of Issues is GRANTED.

**REQUEST FOR JUDICIAL NOTICE**

Plaintiff requests this court take judicial notice of the following: (1) Plaintiff's Complaint for Damages (Negligence) filed on May 20, 2024 (Exh. 1); (2) Order re Summary Judgment and/or Adjudication *Miriam Moreno v. LYFT et al.*, Superior Court of California County of Santa Clara, Case No. 24CV440997 (Exh. 6); and (3) Tentative Ruling Denying UBER's Motion for Summary Judgment, *Hirzallah v. Carfair Auto et al.*, February 19, 2025 (Exh. 7).

The court DENIES the request for judicial notice.

**EVIDENTIARY OBJECTIONS**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 529

**24STCV12700**
**PAUL CABANILLAS, AN INDIVIDUAL vs LYFT, INC., et al.**

September 4, 2026
8:30 AM

Judge: Honorable Virginia Keeny
Judicial Assistant: Brittany Vargas
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

Plaintiff submits objections to the evidence submitted by Defendant Lyft, Inc. in support of their motion for summary judgment. The court SUSTAINS objection nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9.

Defendant Lyft also submits objections to Plaintiff's evidence supported in support of their opposition to the motion for summary judgment. The court SUSTAINS objection nos. 1 – 4.

**DISCUSSION**

Defendant Lyft, Inc. moves for summary judgment or, in the alternative, summary adjudication on Plaintiff's complaint on the grounds Plaintiff cannot state a claim for vicarious liability against Lyft, Lyft neither owned nor operated any vehicles involved in the Accident, and Defendant Lambirth was not an employee of Lyft.

"[T]he party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, fn. omitted.) "Once the [movant] has met that burden, the burden shifts to the [other party] to show that a triable issue of one or more material facts exists as to that cause of action . . . ." (CCP § 437c(p)(2); see *Aguilar*, *supra*, 25 Cal.4th at 850.) The party opposing summary judgment "may not rely upon the mere allegations or denials of its pleadings," but rather "shall set forth the specific facts showing that a triable issue of material fact exists . . . ." (CCP § 437c(p)(2).) A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, *supra*, 25 Cal.4th at 850.)

*Vicarious Liability*

Lyft first moves for summary judgment or, in the alternative, summary adjudication of Plaintiff's vicarious liability claim on the grounds the claim fails as a matter of law. Specifically, because Defendant Lambirth is an independent contractor pursuant to Proposition 22 and vicarious liability applies to an employer's liability for the tortious acts of its employees, not independent contractors.

The general standard for vicarious liability is that an employer is responsible to third parties for the negligence of his employee. (CCP § 2338.) But, the legal definition of an employee is critical because "a person who hired an independent contractor generally [is] not liable to third parties for injuries caused by the contractor's negligence in performing the work." (*Privette v. Superior*

*Court* (1993) 5 Cal.4th 689, 693.)

Business and Professions Code section 7451, enacted via Proposition 22, provides that app-based drivers are independent contractors, if four specified conditions are satisfied, which are:

> (a) The network company does not unilaterally prescribe specific dates, times of day, or a minimum number of hours during which the app-based driver must be logged into the network company's online-enabled application or platform.
> (b) The network company does not require the app-based driver to accept any specific rideshare service or delivery service request as a condition of maintaining access to the network company's online-enabled application or platform.
> (c) The network company does not restrict the app-based driver from performing rideshare services or delivery services through other network companies except during engaged time.
> (d) The network company does not restrict the app-based driver from working in any other lawful occupation or business.

(Bus. & Prof. Code § 7451(a)-(d).)

Lyft argues Plaintiff's complaint alleges that Lambirth acted negligently, and that Lyft is responsible for his negligence because of an alleged employment or agency relationship with Lambirth. However, Proposition 22 forecloses this claim entirely. Lyft presents evidence that it is a TNC, Defendant Lambirth was an app-based driver at the time of the accident, and that the four statutory conditions of Section 7451 are satisfied. Specifically, Lyft presents evidence Lambirth had complete control to decide "when, where and whether [he] wanted to log into the Lyft platform" and Lambirth did not have a set schedule or shift (UMF 8-9, 12); Lambirth could choose whether to accept, decline, or ignore a ride request and even cancel a ride request after initially accepting the request (UMF 9, 13, Exh. J); the Terms of Service explicitly states that Lambirth had "complete discretion" to provide "services similar to the Rideshare Services to other companies, and that Lyft does not, and shall not be deemed to, restrict you from engaging in such activity" (UMF 9, 14-15, Exh. J); and nothing in the Terms of Services imposed any restrictions on Lambirth holding other jobs or performing other types of work (UMF 9, Exh. J). Lyft contends because the conditions in Section 7451 are indisputably satisfied, Lambirth was an independent contractor and therefore, no vicarious liability against Lyft can stand.

The court finds Lyft has met their burden and now, the burden shifts to Plaintiff to show that a triable issue of material fact exists. In opposition, Plaintiff argues nothing in Proposition 22 (and its statutory progeny Business and Professions Code § 7451) exempts Lyft or other ride share

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 529

**24STCV12700** September 4, 2026
**PAUL CABANILLAS, AN INDIVIDUAL vs LYFT, INC., et al.** 8:30 AM

Judge: Honorable Virginia Keeny CSR: None
Judicial Assistant: Brittany Vargas ERM: None
Courtroom Assistant: None Deputy Sheriff: None

companies from vicarious liability for the negligence of their drivers. Plaintiff cites *Castellanos v. State of California* (2024) 16 Cal.5th 588 to support their contention. In *Castellanos*, the California Supreme Court was asked to resolve a single question: whether Business and Professions Code section 7451 — the provision of Proposition 22 that classified app-based drivers as independent contractors — violated Article XIV, section 4 of the California Constitution. Plaintiff contends even assuming Proposition 22 eliminated Lyft's vicarious liability, Lyft did not comply with the requirements of Proposition 22 because Lyft punished drivers who declined requests by deactiviating their access to the app and lowering the driver's ratings. (AUMF 35-37.) The court also notes Plaintiff argues there are triable issues as to whether Defendant was Lyft's employee under the Borello test.

The court finds Plaintiff has failed to establish a triable issue of material fact. Plaintiff is right Proposition 22 does not speak to the common law tort doctrines that govern vicarious liability in personal injury cases. However, Section 7451 is clear that if the conditions are met, then the app-based driver is neither an employee or an agent and under the general rule recognized in *Bowman v. Wyatt* (2010) 186 Cal.App.4th 286, an employer is not vicariously liable for the negligent acts of an independent contractor. Moreover, Plaintiff's contention regarding the Borello factors and agency not apply here as Section 7451 provides "[n]otwithstanding any other provision of law…" As for Lyft's alleged "punishment" of drivers who declines rides, Plaintiff proffers no evidence Lyft actually requires drivers to accept "any specific rideshare service…request as a condition of maintaining access to the…platform". (Bus. & Prof. Code § 741(b).)

Based on the foregoing, the motion for summary judgment as to the vicarious liability claim is GRANTED.

*Negligent Operation and Entrustment*

Lyft next moves for summary judgment or, in the alternative, summary adjudication of Plaintiff's negligent operation and entrustment claim on the grounds the claim fails as a matter of law.

To hold a defendant liable for negligent entrustment, the plaintiff must prove that (1) the driver was negligent in operating the vehicle; (2) that the defendant was an owner of the vehicle operated by the driver; (3) that the defendant knew, or should have known, that the driver was incompetent or unfit to drive the vehicle; (4) that the defendant permitted the driver to use the vehicle; and (5) that the driver's incompetence or unfitness to drive was a substantial factor in causing harm to the plaintiff. (See *Jeld-Wen, Inc. v. Superior Court* (2005) 131 Cal.App.4th 853, 863-64.)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 529

**24STCV12700** September 4, 2026
**PAUL CABANILLAS, AN INDIVIDUAL vs LYFT, INC., et al.** 8:30 AM

Judge: Honorable Virginia Keeny CSR: None
Judicial Assistant: Brittany Vargas ERM: None
Courtroom Assistant: None Deputy Sheriff: None

Lyft argues it is a TNC and incapable of, e.g., "driving" or "operating" any vehicles involved, let alone Lambirth's vehicle. (UMF 22-23.) Similarly, the record confirms that Lyft did not own or have legal control over the Vehicle. (UMF 23.) Lastly, Lyft notes there is no evidence that Lyft knew or should have known that Lambirth was unfit to operate a motor vehicle before the Accident. (UMF 1-11.)

Plaintiff does not address this argument in the opposition. Based on the foregoing, the motion for summary judgment as to the negligent entrustment theory is GRANTED.

*Negligent Hiring, Retention, and Supervision*

Defendant Lyft moves for summary judgment or, in the alternative, summary adjudication of Plaintiff's negligent hiring, retention, and supervision on the grounds the claim fails as a matter of law.

An employer can be held liable for the negligent hiring, supervising or retaining of an unfit employee if the employer knew or should have known that the employee created a particular risk and that particular harm materializes. (Doe v. Capital Cities (1996) 50 Cal.App.4th 1038.) "[A]n employer's duty, as defined by California authority, is breached only when the employer knows, or should know, facts which would warn a reasonable person that the employee presents an undue risk of harm to third persons in light of the particular work to be performed." (Federico v. Superior Court (1997) 59 Cal.App.4th 1207, 1214.)

Lyft argues these claims fail because they presuppose an employment or agency relationship, which does not exist since Lambirth was not Lyft's employee or agent pursuant to Section 7451. Lyft also argues Plaintiff cannot offer any evidence that Lyft had information or knowledge that Lambirth was unfit or incompetent to drive or that he was reasonably likely to cause an automobile accident. Lyft presents evidence that he was a licensed California Driver, he had no disqualifying violations on his driving record, and his criminal background check revealed no disqualifying violations. (UMF 3, 5.)

In opposition, Plaintiff argues Lyft has not met its initial burden and even assuming it did, Business and Professions Code 7459 mandates Lyft provide safety training to its drivers. However, Lyft does nothing to ensure that the drivers actually undergo the training or have learned from them. Moreover, Lyft was aware of a prior accident that involved Defendant Lambirth before this collision. (AUMF 47.) As a result, a triable issue of material fact exists.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 529

**24STCV12700** September 4, 2026
**PAUL CABANILLAS, AN INDIVIDUAL vs LYFT, INC., et al.** 8:30 AM

Judge: Honorable Virginia Keeny CSR: None
Judicial Assistant: Brittany Vargas ERM: None
Courtroom Assistant: None Deputy Sheriff: None

The court finds Plaintiff has failed to meet his burden. As noted above, Lyft has established Defendant Lambirth as an independent contractor and claims for negligent hiring, retention, and supervision depend on the existence of an employer-employee relationship. (See *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235, 1239.) Regardless, Lyft presents evidence it complied with its statutory obligations in providing safety training to Lambirth as Section 7459 requires. (UMF 11.) Moreover, Plaintiff provides no evidence that the prior accident would cause Lyft to know or should have known that Defendant Lambirth was unfit to operate a motor vehicle.

Based on the foregoing, the motion for summary judgment as to the negligent hiring, retention, and supervision theory is GRANTED.

The Amended Motion for Summary Judgment filed by LYFT, INC. on 04/15/2026 is Granted.

On the Court's own motion, the Final Status Conference scheduled for 12/04/2026, and Jury Trial (10 day) scheduled for 12/14/2026 are advanced to this date and vacated.

Order to Show Cause Re: Entry of Judgment is scheduled for 11/05/2026 at 08:30 AM in Department 529 at Stanley Mosk Courthouse.

Certificate of Service is attached.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles
09/08/2026
David W. Slayton, Executive Officer / Clerk of Court
By: B. Vargas Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA, 90012

PLAINTIFF(S)/PETITIONER(S):
PAUL CABANILLAS, an individual

DEFENDANT(S)/RESPONDENT(S):
LYFT, INC., et al.

## CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE

CASE NUMBER:
24STCV12700

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Minute Order of 09/04/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Alan A. Ahdoot" <alan@aa.law>,**
**"John Garrett Revelli" <jrevelli@grsm.com>,**
**"Paul K Schrieffer" <mrs@pksllp.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA, 90012.

Dated: 09/8/2026

David W. Slayton, Executive Officer / Clerk of Court

By: B. Vargas
Deputy Clerk

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**PROOF OF SERVICE**

*Cabanillas v. Lyft, Inc., et al.*

Los Angeles County Superior Court Case No. 24STCV12700

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111. On the date below, I served the within documents:

**[PROPOSED] JUDGMENT**

☒ Via E-Mail: Pursuant to Code of Civil Procedure section 1010.6, I caused the documents to be electronically sent to the persons listed below. Before first serving electronically, I confirmed through prior email communications the appropriate electronic service address for counsel being served. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

| | |
|---|---|
| Arash Nematollahi, Esq.<br>ADAMSON AHDOOT, LLP<br>1122 S. La Cienega Blvd.<br>Los Angeles, CA 90035<br>Tel: (310) 888-0024<br>Fax: (888) 895-4665<br>Email: arash@aa.law<br>yarexi@aa.law<br>mia@aa.law<br><br>**Attorneys for Plaintiff,**<br>**PAUL CABANILLAS** | Maxwell R. Schrieffer, Esq.<br>Ryan P. Mattson, Esq.<br>P.K. SCHRIEFFER, LLP<br>1343 E. Gladstone St., Ste 301<br>Glendora, CA 91740<br>Tel: (626) 373-2444<br>Fax: (626) 974-8403<br>Email: mrs@pksllp.com<br>rpm@pksllp.com<br>ada@pksllp.com<br>jmc@pksllp.com<br>ycg@pksllp.com<br><br>**Attorneys for Defendant,**<br>**DANIEL R. LAMBIRTH** |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 14, 2026 at San Francisco, California.

Maria Deang