# EXHIBIT 20

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Southwest District, Torrance Courthouse, Department E

**22STCV23537**
**LISA CHAN, et al. vs LYFT, INC., A DELAWARE CORPORATION, et al.**

October 1, 2025
10:00 AM

Judge: Honorable Alan B. Honeycutt
Judicial Assistant: M. Seals
Courtroom Assistant: S. Scott

CSR: J. Hong Elsey (CSR No. 11975)
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Jonathan Kwan (Telephonic)

For Defendant(s): Robert S. Cooper (Telephonic); Megumi Horiuchi (Telephonic); Micaela Swim for Kimberly Suzanne Oberrecht (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion for Summary Judgment; Hearing on Motion to Compel Further Discovery Responses

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Jane Hong Elsey (CSR No. 11975), certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

Matter is called for hearing on Motion for Summary Judgment.

The parties have read and considered the Court's Tentative Ruling. Each party submits on the Court's Tentative. The Court, having fully considered the arguments of all parties, adopts the tentative ruling as its final ruling as follows:

* * * * * COURT'S RULING * * * * * *
Moving Parties: Defendant Lyft Inc.
Responding Party: Plaintiffs Lisa Chan and Kurt Selbach

HEARING: Motion for Summary Judgment
The Court considered the moving, opposition, and reply papers.

RULING
The Court grants the Motion for Summary Judgment.

BACKGROUND
On July 21, 2022, Plaintiffs Lisa Chan and Kurt Selbach filed the Complaint against Lyft Inc., Richard Darrell Jones, and Jake Munagary, alleging a single cause of action for negligence.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Southwest District, Torrance Courthouse, Department E

**22STCV23537**
**LISA CHAN, et al. vs LYFT, INC., A DELAWARE CORPORATION, et al.**

October 1, 2025
10:00 AM

Judge: Honorable Alan B. Honeycutt
Judicial Assistant: M. Seals
Courtroom Assistant: S. Scott

CSR: J. Hong Elsey (CSR No. 11975)
ERM: None
Deputy Sheriff: None

---

On July 11, 2025, Defendant Lyft Inc. filed the Motion for Summary Judgment.

On September 11, 2025, Plaintiffs filed the Opposition.

September 19, 2025, Defendant filed the Reply.

JUDICIAL NOTICE
The Court may take judicial notice of records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States. (Evid. Code § 452 subd. (d).) The Court may also take judicial notice of “Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States.” (Evid. Code § 452 subd. (c).)

Plaintiffs request the Court take Judicial Notice of the Minute Order for Defendant Richard Darrell Jones’ Motion for Summary Judgment, head and decided on October 04, 2024. The Court grants this request pursuant to Evidence Code Section 452 subdivision (d).

EVIDENTARY OBJECTIONS
Defendants' Objections to Plaintiff’s Request for Judicial Notice
Sustained:
Overruled: 1-3

Defendants' Objections to Plaintiff’s Evidence
Sustained:
Overruled: 1-10

LEGAL STANDARD
The function of a motion for summary judgment or adjudication is to allow a determination as to whether an opposing party cannot show evidentiary support for a pleading or claim and to enable an order of summary dismissal without the need for trial. (Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 843.) Code of Civil Procedure section 437 subdivision (c) “requires the trial judge to grant summary judgment if all the evidence submitted, and ‘all inferences reasonably deducible from the evidence’ and uncontradicted by other inferences or evidence, show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” (Adler v. Manor Healthcare Corp. (1992) 7 Cal.App.4th 1110, 1119.) “The function of the pleadings in a motion for summary judgment is to delimit the scope

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Southwest District, Torrance Courthouse, Department E

**22STCV23537**
**LISA CHAN, et al. vs LYFT, INC., A DELAWARE CORPORATION, et al.**

October 1, 2025
10:00 AM

Judge: Honorable Alan B. Honeycutt
Judicial Assistant: M. Seals
Courtroom Assistant: S. Scott

CSR: J. Hong Elsey (CSR No. 11975)
ERM: None
Deputy Sheriff: None

of the issues; the function of the affidavits or declarations is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings." (Juge v. County of Sacramento (1993) 12 Cal.App.4th 59, 67, citing FPI Development, Inc. v. Nakashima (1991) 231 Cal. App. 3d 367, 381-382.)

As to each cause of action, as framed by the complaint, the defendant moving for summary judgment or summary adjudication must satisfy the initial burden of proof by presenting facts to show "that one or more elements of the cause of action ... cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c(p)(2); see also Scalf v. D. B. Log Homes, Inc. (2005) 128 Cal.App.4th 1510, 1520.) Courts "liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (Dore v. Arnold Worldwide, Inc. (2006) 39 Cal.4th 384, 389.)

Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. To establish a triable issue of material fact, the party opposing the motion must produce substantial responsive evidence. (Sangster v. Paetkau (1998) 68 Cal.App.4th 151, 166.)

DISCUSSION
This case arises from a November 13, 2021, accident involving Plaintiffs Lisa Chan and Kurt Selbach, who were riding a tandem bicycle, and a vehicle driven by Defendant Richard Darrell Jones. Defendant Jones was providing a ride to Defendant Jake Mungaray, whom he connected with through the Lyft platform. While the vehicle was stopped at a red light, Defendant Mungaray opened the passenger door, and Plaintiffs collided with it. It is undisputed that the accident occurred when Defendant Mungaray opened the door.

Vicarious Liability
"Under the common law doctrine of respondeat superior, a principal or employer is vicariously liable for the acts of an agent or employee committed in the course of employment." (Lathrop v. HealthCare Partners Medical Group (2004) 114 Cal.App.4th 1412, 1421.)

Defendant Lyft argues that it cannot be held vicariously liable because Defendant Jones was an independent contractor under Proposition 22, not an employee or agent. The statutory conditions of Proposition 22 were satisfied, as Defendant Lyft did not control Defendant Jones's schedule, require him to accept rides, restrict him from driving for other companies, or prevent him from holding other jobs. Thus, Defendant Jones was legally classified as an independent contractor, and Defendant Lyft bears no liability for his conduct. Defendant further contends that Plaintiffs'

vicarious liability claim fails because Defendant Jones himself was not negligent and did not cause the accident. Instead, the sole cause was Defendant Mungaray's negligent act of opening the passenger door into traffic in violation of Vehicle Code section 22517, for which he was cited. Defendant Jones had stopped lawfully at a red light, did not instruct or permit Defendant Mungaray to exit, and had no opportunity to prevent his actions.

Plaintiffs contend that Defendant Lyft's reliance on Proposition 22 is misplaced because the measure has nothing to do with vicarious liability for torts. Instead, Plaintiffs argue, Proposition 22 was enacted to address compensation and classification issues in the gig economy, particularly to overturn AB 5 by codifying app-based drivers as independent contractors for purposes of wages, benefits, and employment protections. Its statutory provisions focus on drivers' schedule control, minimum compensation, benefits such as health care subsidies, and safety measures like background checks and insurance. Nowhere does Prop 22 speak to the allocation of liability when a driver negligently injures a third party. Plaintiffs emphasize that the issue in this case is Defendant Lyft's liability for the actions of its driver, not the driver's classification for compensation purposes. They also argue that the Judicial Council's Direction for Use in CACI 3704, which suggests Prop 22 is relevant to vicarious liability, misinterprets the statute's scope.

Separately, Plaintiffs argue that there are triable issues of material fact as to whether Defendant Jones was Lyft's employee under the Borello test. They cite provisions of Defendant Lyft's Terms of Service and Driver Addendum that reflect Defendant Lyft's significant control over drivers including, restricting account use to one individual driver, reserving broad rights over drivers' data and content, imposing rules of conduct and restrictions on who may ride in the vehicle, requiring use of Lyft-approved vehicles, setting passenger limits, mandating compliance with Defendant Lyft's service animal and accessibility policies, deactivating accounts based on star ratings, prohibiting disclosure of rider identities, controlling cancellations, and, importantly, unilaterally setting fares, payment terms, and dispute resolution procedures. Plaintiffs contend that these provisions are characteristic of an employer-employee relationship rather than an independent contractor arrangement.

Even if Defendant Jones were considered an independent contractor, Plaintiffs argue that triable issues exist as to whether he was nevertheless Defendant Lyft's agent. They highlight that California law recognizes a person can be both an independent contractor and an agent if the principal exercises control over key aspects of the work. According to Plaintiffs, Lyft's extensive oversight, fare setting, safety standards, driver deactivation, routing through Lyft Nav, vehicle requirements, and the use of Lyft branding reasonably lead riders to believe drivers act on Lyft's

behalf. This reliance creates ostensible agency, making Lyft potentially liable for drivers' negligence.

Finally, Plaintiffs point to decisions of the California Public Utilities Commission (CPUC), which explicitly describe drivers as "agents connected with the firm" and impose obligations directly on Defendant Lyft rather than individual drivers. Under the Public Utilities Code, they argue, Defendant Lyft, as the permit holder, is responsible for the acts and omissions of its drivers. In Plaintiffs' view, all of these considerations demonstrate that Prop 22 does not eliminate Defendant Lyft's potential vicarious liability, and at a minimum, the record presents triable issues of fact that preclude summary judgment.

Business and Professions Code section 7451 reads:
"Notwithstanding any other provision of law, including, but not limited to, the Labor Code, the Unemployment Insurance Code, and any orders, regulations, or opinions of the Department of Industrial Relations or any board, division, or commission within the Department of Industrial Relations, an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company if the following conditions are met:

(a) The network company does not unilaterally prescribe specific dates, times of day, or a minimum number of hours during which the app-based driver must be logged into the network company's online-enabled application or platform.
(b) The network company does not require the app-based driver to accept any specific rideshare service or delivery service request as a condition of maintaining access to the network company's online-enabled application or platform.
(c) The network company does not restrict the app-based driver from performing rideshare services or delivery services through other network companies except during engaged time.
(d) The network company does not restrict the app-based driver from working in any other lawful occupation or business." (Bus. & Prof. Code, § 7451.)

Here, the statute is clear that if its conditions are met, an app-based driver is neither an employee nor an agent. While Plaintiffs argue that protecting carriers from vicarious liability was not the purpose of Prop 22, the Court must adhere to the plain meaning of the statute. (Barron v. Superior Court (2023) 90 Cal.App.5th 628, 637.) Furthermore, it is undisputed that Defendant Lyft's relationship with Defendant Jones met the conditions of Business and Professions Code section 7451. (UMF 6, 8. 12-15.) Therefore, the Court finds that Defendant Jones was not an employee or agent of Defendant Lyft.

Direct Liability
Defendant Lyft argues that Plaintiffs' theories of direct liability collapse into three categories, none of which are supported by the evidence: that Defendant Lyft acted as a driver or operator of the vehicle, that Defendant Lyft negligently hired, supervised, or entrusted the vehicle to Defendant Jones, and that Defendant Lyft designed, manufactured, or maintained the vehicle.

First, Defendant Lyft asserts that there is no evidence it controlled, drove, or operated the vehicle. Only Defendant Jones drove the vehicle, and under the Vehicle Code a "driver" is the person in actual physical control of the car. (Veh. Code, § 305) Defendant Lyft stresses that it never assumed such control, and to the extent Plaintiffs' claims are tied to Jones's driving, those theories are not claims of direct liability but instead claims of vicarious liability, claims Defendant Lyft maintains are already barred under Proposition 22.

Second, Defendant Lyft argues that Plaintiffs cannot establish negligent hiring or supervision. Such claims depend on the existence of an employer-employee relationship, but Proposition 22 explicitly classifies app-based drivers like Defendant Jones as independent contractors, not employees or agents. (See, Diaz v. Carcamo (2011) 51 Cal.4th 1148, 1159.) Defendant Lyft further contends that even if the theory were viable, Plaintiffs have no evidence that Defendant Jones was incompetent or unfit to drive. Defendant Lyft notes it conducted all required background checks and driving record reviews, provided mandatory safety training, and found no disqualifying issues. In fact, Defendant Jones successfully completed more than 800 rides with an average rating of 4.96 out of 5, demonstrating competence rather than unfitness.

Third, Defendant Lyft contends that Plaintiffs' negligent entrustment theory also fails as a matter of law. Defendant Lyft did not own, lease, or control Jones's vehicle, Jones alone owned it. Without an ownership or possessory interest, Defendant Lyft maintains it cannot be held liable for negligent entrustment. (Veh. Code, § 17150; Allen v. Toledo (1980) 109 Cal.App.3d 415, 421.) Similarly, Defendant Lyft argues that Plaintiffs' suggestion that it designed, manufactured, or repaired the vehicle is meritless. Defendant Lyft is a transportation network company and does not design or maintain vehicles, and Plaintiffs have offered no factual support beyond conclusory allegations.

In opposition, Plaintiffs contend that Defendant Lyft is directly liable for negligence because it failed to take reasonable steps to prevent foreseeable harm from its driver, despite having actual notice of safety concerns. They emphasize that Defendant Lyft owes a duty of reasonable care to passengers and the public, which includes monitoring and supervising drivers who use its

platform. Evidence shows that Jones received negative reviews shortly before the accident, including one review less than three weeks prior, warning that he drove "really fast, almost not safe," and another just three days before the collision describing "driver issues" and poor customer service. Plaintiffs argue that these complaints put Defendant Lyft on notice of Jones' unsafe driving, yet Defendant Lyft failed to investigate, suspend, or take remedial action. They assert that a jury could reasonably conclude that Defendant Lyft's inaction in response to specific complaints of unsafe driving constituted a breach of duty that proximately caused Plaintiffs' injuries.

Defendant Lyft's reliance on Jones' high rider rating, 4.96 out of 5 stars, does not, in Plaintiffs' view, negate the significance of the negative reviews. Plaintiffs point out that Defendant Lyft has not provided admissible evidence establishing the rating's accuracy or foundation, and discovery revealed that negative feedback existed alongside the purportedly favorable average. Thus, Plaintiffs maintain that Defendant Lyft cannot rely on star ratings to absolve itself when contemporaneous complaints about safety were ignored.

Additionally, Plaintiffs argue that Defendant Lyft was negligent in failing to properly train its drivers about known risks such as "dooring" accidents, in which vehicle doors strike passing cyclists. Defendant Lyft's corporate representative admitted that the company was aware of prior dooring incidents but never provided warnings or training, such as the "Dutch Reach" method, to its drivers or passengers to mitigate this risk. Plaintiffs argue that this omission demonstrates a further failure to exercise reasonable care in protecting both passengers and the public.

Finally, Plaintiffs highlight Defendant Lyft's internal records, which reveal that the company exercised control over Jones' account and driving activity. For example, Defendant Lyft previously suspended Defendant Jones' account following other accidents. Plaintiffs argue that this authority shows Defendant Lyft had both the ability and responsibility to suspend Defendant Jones or otherwise restrict his driving when safety complaints were raised. By failing to act, Defendant Lyft exposed passengers and the public to foreseeable harm. Plaintiffs conclude that these facts create triable issues as to whether Defendant Lyft negligently supervised, trained, and controlled Jones, making summary judgment improper.

"An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit.... The rule of direct employer liability under the Restatement Second of Agency section 213 is: 'A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless .... [¶] .... [¶] (b) in the employment of improper persons or instrumentalities in work

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Southwest District, Torrance Courthouse, Department E

**22STCV23537** October 1, 2025
**LISA CHAN, et al. vs LYFT, INC., A DELAWARE CORPORATION, et al.** 10:00 AM

Judge: Honorable Alan B. Honeycutt CSR: J. Hong Elsey (CSR No. 11975)
Judicial Assistant: M. Seals ERM: None
Courtroom Assistant: S. Scott Deputy Sheriff: None

involving risk of harm to others....' As explained in comment (d): 'The principal may be negligent because he has reason to know that the ... agent, because of his qualities, is likely to harm others in view of the work or instrumentalities entrusted to him. If the dangerous quality of the agent causes harm, the principal may be liable under the rule that one initiating conduct having an undue tendency to cause harm is liable therefor.... [¶] ... An agent ... may be incompetent because of his reckless or vicious disposition, and if a principal, without exercising due care in selection, employs a vicious person to do an act which necessarily brings him in contact with others while in the performance of a duty, he is subject to liability for harm caused by the vicious propensity.... [¶] One who employs another to act for him is not liable ... merely because the one employed is incompetent, vicious, or careless. If liability results it is because, under the circumstances, the employer has not taken the care which a prudent man would take in selecting the person for the business in hand.... [¶] Liability results ... not because of the relation of the parties but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment. (Federico v. Superior Court (Jenry G.) (1997) 59 Cal.App.4th 1207, 1213-1214.)

As a preliminary note, the Complaint makes no claims regarding a lack of training or negligent retention, and "a party may not oppose a summary judgment motion based on a claim, theory, or defense that is not alleged in the pleadings." (California Bank & Trust v. Lawlor (2013) 222 Cal.App.4th 625, 637.) As to Plaintiffs contentions regarding the two complaints made against Defendant Jones, the Court finds that two negative reviews out of hundreds, only one of which was related to driving, does not create a genuine dispute of material fact over whether Defendant Jones was unfit to drive for Defendant Lyft or whether Defendant Lyft had reason to believe that undue risk would exist if Defendant Lyft retained Defendant Jones. (Federico, supra, 59 Cal.App.4th 1207, 1213-1214.) Furthermore, the Court has already found that Defendant Jones was not an employee or agent of Defendant Lyft.

Thus, the Court finds that Defendant Lyft has shown that Plaintiff cannot establish the causes of action of negligence, and Plaintiff has not shown any triable issues of material fact.

Therefore, the Court grants the Motion for Summary Judgment.

* * END OF RULING * *
--------------------------------------------

The NOTICE OF DEFENDANT LYFT, INC.'S AMENDED MOTION AND AMENDED MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Southwest District, Torrance Courthouse, Department E

**22STCV23537**
**LISA CHAN, et al. vs LYFT, INC., A DELAWARE CORPORATION, et al.**

October 1, 2025
10:00 AM

Judge: Honorable Alan B. Honeycutt
Judicial Assistant: M. Seals
Courtroom Assistant: S. Scott

CSR: J. Hong Elsey (CSR No. 11975)
ERM: None
Deputy Sheriff: None

SUMMARY ADJUDICATION OF ISSUES filed by LYFT, Inc., a Delaware corporation on 07/11/2025 is Granted.

The Motion to Compel Further Discovery Responses filed by LYFT, Inc., a Delaware corporation on 08/27/2025 is Denied. Said motion is denied as moot based on the ruling of the Motion for Summary Judgment issued above.

Pursuant to the request of moving party, the Hearing on Motion to Compel Further Discovery Responses scheduled for 10/08/2025 is advanced to this date and vacated.

The Final Status Conference (10/22/2025) and Jury Trial (11/04/2025) dates remain on calendar as previously set.

Counsel for Lyft, Inc. is to prepare and submit a proposed Judgment after Summary Judgment to the Court. Order to Show Cause Re: Proposed Judgment after Summary Judgment is scheduled for 10/22/2025 at 08:30 AM in Department E at Torrance Courthouse.

Counsel for defendant Jones is to set up a meeting with all parties and the Court to have an informal discussion regarding settlement of this matter.

Notice is waived.