# EXHIBIT 21

Electronically FILED by Superior Court of California, County of Riverside on 05/29/2025 03:21 PM
Case Number CVPS2303174 0000130705936 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

RYAN T. MOORE (SBN 285070)
RMoore@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Defendant and Cross-Defendant
LYFT, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE - RIVERSIDE HISTORIC COURTHOUSE

| | |
|---|---|
| PRESCOTT FRIESTH GRIFFITH, individually; and GREGORY WAYNE FLETCHER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH RALPH SIMONE II, individually; LYFT, INC., a Delaware corporation; CITY OF PALM SPRINGS, a California Charter City; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. CVPS2303174<br><br>The Honorable Carol A. Greene, Department 2<br><br>**NOTICE OF RULING GRANTING DEFENDANT LYFT, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| JOSEPH RALPH SIMEONE, JR., erroneously sued as JOSEPH RALPH SIMEONE II, an individual,<br><br>Cross-Complainant,<br><br>v.<br><br>CITY OF PALM SPRINGS, public entity and ROES 1 to 25, inclusive,<br><br>Cross-Defendants | |

CITY OF PALM SPRINGS, a California Charter City,

Cross-Complainant,

v.

JOSEPH RALPH SIMONE II, individually; LYFT, INC., a Delaware corporation and ROES 26 through 50, inclusive,

CROSS-DEFENDANTS.

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 27, 2025, the Court in the above-entitled matter issued a tentative ruling granting Defendant Lyft, Inc.'s ("Lyft's") Motion for Summary Judgment. A true and correct copy of the Court's tentative ruling is attached hereto as **Exhibit A.**

Per local rule, any party that contested the tentative ruling was to advise the Court and all parties by no later than 4:30 p.m. on May 27, 2025. No parties contested the tentative ruling, and it became the final ruling on May 28, 2025. Additionally, per the tentative ruling, the Prevailing Party (Lyft) was ordered to give notice.

Dated: May 29, 2025

**FOX ROTHSCHILD LLP**

*<u>/s/ Ryan T. Moore</u>*
Ryan T. Moore
Attorney for Defendant Lyft, Inc.

# EXHIBIT A

# Tentative Rulings for May 28, 2025
# Department 2

### To request oral argument, you must notify Judicial Secretary Vanessa Siojo at (760) 904-5722 and inform all other counsel no later than 4:30 p.m.

This court follows California Rules of Court, Rule 3.1308 (a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law & motion matter are posted on the Internet by 3:00 p.m. on the court day immediately before the hearing at https://www.riverside.courts.ca.gov/online-services/tentative-rulings. If you do not have Internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, no later than 4:30 p.m. on the court day before the hearing you must (1) notify the judicial secretary for Department 2 at (760) 904-5722 and (2) inform all other parties of the request and of their need to appear telephonically, as stated below. If no request for oral argument is made by 4:30 p.m., the tentative ruling **will become the final ruling** on the matter effective the date of the hearing. **UNLESS OTHERWISE NOTED, THE PREVAILING PARTY IS TO GIVE NOTICE OF THE RULING.**

COUNSEL AND SELF-REPRESENTED PARTIES ARE ENCOURAGED TO APPEAR AT ANY LAW AND MOTION DEPARTMENT TELEPHONICALLY WHEN REQUESTING ORAL ARGUMENTS.

**TELEPHONIC APPEARANCES**: On the day of the hearing, call into one of the below listed phone numbers, and input the meeting number (followed by **#**):

- Call-in Numbers: 1 (833) 568-8864 (Toll Free), 1 (669) 254-5252, 1 (669) 216-1590, 1 (551) 285-1373, or 1 (646) 828-7666
- Meeting Number: 161 143 8184

Please **MUTE** your phone until your case is called and it is your turn to speak. It is important to note that you must call fifteen (15) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For additional information and instructions on telephonic appearances, visit the court's website at https://www.riverside.courts.ca.gov/PublicNotices/remote-appearances.php.

**Riverside Superior Court provides official court reporters for hearings on law and motion matters only for litigants who have been granted fee waivers and only upon their timely request. (See General Administrative Order No. 2021-19-1) Other parties desiring a record of the hearing must retain a reporter pro tempore.**

1.

| | | |
|---|---|---|
| CVPS2303174 | GRIFFITH VS SIMEONE | MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION ON COMPLAINT FOR OTHER PERSONAL INJURY/PROPERTY DAMAGE/WRONGFUL DEATH TORT (OVER $25,000) OF PRESCOTT FRIESTH GRIFFITH BY LYFT, INC. |

***Tentative Ruling:***

**I. <u>MSJ - Merits</u>**

*A. <u>Evidentiary Objections</u>*

On reply, Lyft makes evidentiary objections. These evidentiary objections do not comply with California Rules of Court, rule 3.1354 and are not considered. The objections improperly lump multiple objections together, do not come with a proposed order, and are improperly stated within the response separate statement rather than being served and filed separately from the other papers. The court DENIES Lyft's evidentiary objections.

*B. <u>First Cause of Action for Negligence</u>*

As an initial matter, as Lyft points out, the first cause of action for negligence contains two theories of liability against Lyft. For summary adjudication purposes, separate wrongful acts may give rise to separate causes of action and whether they are pleaded in the same or single counts is not determinative. (*Lilienthal & Fowler v. Sup.Ct. (Karr)* (1993) 12 Cal.App.4th 1848, 1854; *Blue Mountain Enterprises, LLC v. Owen* (2022) 74 Cal.App.5th 537, 549-550; and see CCP § 437c(p)(2) [defense motion proper where "one or more elements of a cause of action, even if not separately pleaded, cannot be established"].) Here, the complaint's first cause of action alleges two distinct theories of negligence – vicarious liability and direct liability for negligent supervision. Lyft's motion properly seeks summary judgment as to both theories.

Regarding Simeone's status as an employee, agent, or intendent contractor, under Business & Professions Code § 7451, "[n]otwithstanding any other provision of law, including, but not limited to, the Labor Code, the Unemployment Insurance Code, and any orders, regulations, or opinions of the Department of Industrial Relations or any board, division, or commission within the Department of Industrial Relations, an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company if the following conditions are met: (1) the network company does not unilaterally set specific dates, times of day, or minimum number of hours under which the driver must be logged into the network company's application or platform; (2) the network company does not require the driver to accept specific rideshare or service requests as a condition of maintaining access to the application or platform; (3) the network company does not limit or restrict the driver form performing services through other network companies except during engaged time; and (4) the network company does not restrict the driver from working in any other lawful business or occupation."

Here, Lyft provides undisputed evidence that meets the requirements of § 7451. Lyft does not prescribe specific hours for which Simeone was required to be logged into the app, that "Simeone was equally free not to drive on the Lyft App at all" and that "[w]hen Simeone did log onto the Lyft App, he had absolute discretion to accept, decline, or ignore any ride request he received." (Lyft's Separate Statement of Undisputed Material Facts ("SSUMF"), Fact 10; See also Plaintiff's Response where Fact 10 is undisputed.) Lyft also states Simeone was free to use any other digital network or other network company of his choice and was free to work in any other occupation or business of his choice. (SSUMF, Fact 12; See also Plaintiff's Response where Fact

12 is undisputed.) Thus, there is undisputed evidence that Simeone was an independent contractor under Business & Professions Code § 7451.

Plaintiffs' legal arguments regarding the *Borello* factors, Prop 22 only applying in employment context, the CPUC decisions, and agency must all be rejected. In the context of app-based drivers, under Business & Professions Code § 7451 applies "[n]otwithstanding any other provision of law..." and specifically states drivers are neither employees nor agents.

Thus, the vicarious liability and direct negligent supervision claims must be examined within the context of Simeone as an independent contractor. Regarding vicarious liability, under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment. (*Perez v. Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 967.) But because Simeone was an intendent contractor as established by the undisputed evidence examined above, Lyft is not liable to third parties for injuries caused by his negligence. (*Privette v. Superior Court* (1993) 5 Cal.4th 689, 693.)

Regarding the allegations of direct negligence for negligent supervision, the result is the same. An employer can be held liable for the negligent hiring, supervising or retaining of an unfit employee if the employer knew or should have known that the employee created a particular risk and that particular harm materializes. (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038.) "[A]n employer's duty, as defined by California authority, is breached only when the employer knows, or should know, facts which would warn a reasonable person that the employee presents an undue risk of harm to third persons in light of the particular work to be performed." (*Federico v. Superior Court* (1997) 59 Cal.App.4th 1207, 1214.) "Liability results not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment." (*Roman Catholic Bishop v. Superior Court* (1996) 42 Cal.App.4th 1556, 1565.) But again, because Lyft has established Simeone as an independent contractor via undisputed evidence there can be no liability for Lyft for negligent supervision. Plaintiff's argument regarding Simeone's customer reviews referencing unsafe driving does not create a triable issue of material fact.

For these reasons, Lyft's motion for summary judgment is GRANTED.

*C.* <u>*Request for Continuance*</u>

As a final issue, within their opposition, Plaintiffs claim a continuance is necessary to conduct discovery to obtain evidence to properly oppose this motion pursuant to CCP § 437a(h). If the opposing party shows *by declaration* that essential evidence "may exist but cannot, for reasons stated, then be presented, the court shall deny the motion" or continue it for a reasonable period, or "make any other order as may be just." (CCP § 437c(h); *Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395.) A continuance, normally a matter within the court's discretion, is "virtually mandated" where the nonmoving party makes the requisite showing. The party need not show that essential evidence does exist, but only that it *may* exist. (*Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30, 34.) To be entitled to a continuance, the party opposing the motion for summary judgment must show that its proposed discovery will lead to facts essential to justify opposition. (*Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 325-326.)

Additionally, even if the standard for a continuance under CCP § 437c(h) has not been met, it has been found that a motion for summary judgment should be continued if the ordinary discretionary standard for a continuance (good cause) has been met. (*Levingston v. Kaiser Foundation Health Plan, Inc.* (2018) 26 Cal.App.5th 309, 315.)

Here, Plaintiffs neither meet the statutory requirements for a continuance nor is there good cause. Plaintiffs is seeking further discovery into negative customer reviews that reference Simeone's unsafe driving. Plaintiffs state further discovery is necessary to support their claim for negligent supervisions. But as stated above, Lyft cannot be liable for negligent supervision of an

employee because Simeone is an independent contractor as per Business and Professions Code § 7451.

The request for a continuance to conduct further discovery is DENIED.

**Ruling**

OVERRULE Lyft's evidentiary objections as they do not comply with California Rules of Court, rule 3.1354. GRANT Lyft's motion for summary judgment as to the first cause of action for negligence as Lyft establishes via undisputed evidence that Simeone is an independent contractor under Business and Professions Code § 7451. DENY Plaintiffs' request for a continuance.

2.

| | | |
|---|---|---|
| CVRI2400610 | CANELOS DE HERRERA VS NISSAN NORTH AMERICA, INC. | MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION ON COMPLAINT FOR BREACH OF CONTRACT/WARRANTY (OVER $35,000) OF GINA C. CANELOS DE HERRERA |

**Tentative Ruling:** Continued to 7/25/2025 at the ex parte on 5/27/2025.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is Constellation Place, 10250 Constellation Boulevard, Suite 900, Los Angeles, California 90067.

On May 29, 2025, I served the following document(s) described as **NOTICE OF RULING GRANTING DEFENDANT LYFT, INC.'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[ ] **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on the attached Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Fox Rothschild LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[XX] BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address pjames@foxrothschild.com to the persons at the e-mail address(es) listed on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **MESSENGER:** I served the documents by placing them in an envelope or package addressed to the persons at the address listed on the attached Service List and providing them to a professional messenger service for service on the addresses listed above or on the attached service list.

[ ] **BY OVERNIGHT MAIL (FEDEX):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

[ ] **BY PERSONAL SERVICE:** I caused said document(s) to be personally delivered to the person(s) at the address(es) listed on the attached Service List by leaving the document(s) in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 29, 2025, at Los Angeles, California.

Pauletta James

**SERVICE LIST**

***Prescott Friesth Griffith, et al. v. Joseph Ralph Simone II, et al.***

**Riverside County Superior Court Case No. CVPS2303174**

| | |
|---|---|
| Alan K. Nicolette, Esq.<br>NORDSTROM, STEELE, NICOLETTE AND BLYTHE<br>17542 East 17th Street, Suite 470<br>Tustin, California 92780<br>Telephone: (714) 750-1010<br>Facsimile: (714) 750-0786<br>Email: nsnj@nicolettelaw.com | *Attorneys for Plaintiffs, Prescott Friesth Griffith and Gregory Wayne Fletcher* |
| Gary A. Dordick, Esq.<br>Michael J. Yepp, Esq.<br>DORDICK LAW CORPORATION<br>509 South Beverly Drive<br>Beverly Hills, California 90212<br>Telephone: (310) 551-0949<br>Facsimile: (424) 260-7901<br>Email: Gary@dordicklaw.com<br>michael.yepp@dordicklaw.com<br>Maricruz.hartman@dordicklaw.com<br>eva.alcaraz@dordicklaw.com<br>MJYeservice@dordicklaw.com | *Attorneys for Plaintiffs, Prescott Friesth Griffith and Gregory Wayne Fletcher* |
| Paul V. Ash, Esq.<br>Phillip A. Denny, Esq.<br>HANGER, STEINBERG, SHAPIRO & ASH<br>21031 Ventura Boulevard, Suite 800<br>Woodland Hills, California 91364<br>Telephone: (818) 226-1222<br>Facsimile: (818) 226-1215<br>Email: pva@hssalaw.com<br>pad@hssalaw.com<br>dg@hssalaw.com | *Attorney for Defendants, Joseph Ralph Simeone, Jr., erroneously sued as Joseph Ralph Simone II* |

| | |
|---|---|
| John H. Horwitz, Esq.<br>Cynthia A. Kitchen, Esq.<br>CHEN HORWITZ & FRANKLIN<br>8055 West Manchester Avenue, Suite 430<br>Playa del Rey, California 90293<br>Telephone: (424) 320-8420<br>Facsimile: (424) 320-8430<br>Email: John@chflawfirm.com<br>cynthia@chflawfirm.com<br>michele@chflawfirm.com<br>yolinda@chflawfirm.com | *Attorney for Defendant/ Cross-Defendant, City of Palm Springs* |
| Probal G. Young, Esq.<br>GORDON REES SCULLY MANSUKHANI, LLP<br>101 West Broadway, Suite 2000<br>San Diego, California 92101<br>Telephone: (619) 696-6700<br>Facsimile: (619) 696-7124<br>Email: pyoung@grsm.com | *Attorney for Cross-Defendants, St. Francis Electric, LLC* |