**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY** |
| This Document Relates to:<br><br>*A.R.2 v. Uber Technologies, Inc.,* N.D. Cal. No. 24-cv-07821 | |

**[PROPOSED] ORDER**

Having considered Plaintiff's motion, the record, and the applicable law, the Court hereby GRANTS Plaintiff's Motion to Exclude Expert Testimony:

- The testimony of Defendants' expert Sara West is excluded to the extent she offers the following opinions, including those in her October 26, 2026 supplemental report:
    - that Plaintiff's meetings with counsel, psychologists, or consultants were "irregular" or should have been disclosed to Defendants' examiners;
    - that Dr. West "suspects" or "cannot rule out" that such meetings or other litigation-related activities altered how Plaintiff viewed the incident, its impact on her, or her stress or anxiety levels; or that Plaintiff's symptoms relate to litigation-related activities rather than the incident; and
    - opinions concerning Plaintiff's credibility as a witness, including that such meetings raise concerns about the integrity and validity of Plaintiff's psychological and psychiatric examinations.
- The testimony of Defendants' expert Betsy Bartko is excluded to the extent she opines on the validity of the June 2023 report made against Uber driver Michael Le, including that nothing "unusual" or "no irregularities" occurred during ride.
- The testimony of Defendants' expert Kristen Zgoba is excluded to the extent she offers the following opinions:
    - regarding the standard of care or the foreseeability of Plaintiff's assault, including that the appropriate benchmark or standard for evaluating Uber is whether risk is meaningfully reduced relative to realistic alternatives, and that risk factors cannot support a conclusion that a specific ride presented a foreseeable risk of sexual assault;
    - that ridesharing reduces drunk driving, displaces other purportedly less safe alternatives, or functions as a "harm-reduction tool," including opinions concerning "Comparative Transportation Risk and Realistic Counterfactuals," and "Empirical Evidence of Risk Substitution and Harm Reduction";

- ○ that Uber's reporting channels are effective or have particular impacts on reporting, including opinions that Uber's reporting channels reduce practical or psychological barriers to reporting, reduce underreporting, increase reporting or detection, document a greater proportion of incidents, or show that higher reported incident counts reflect stronger reporting/detection rather than higher underlying prevalence. This exclusion includes such opinions in her "Reporting Systems, Detection, and the Appearance of Elevated Risk" and "Perceived Underreporting and the 'Dark Figure of Crime'" sections;
- ○ that Uber or rideshare should be evaluated by analogy to correctional facilities, prisons, or Prison Rape Elimination Act reporting/prevention systems;
- ○ that Uber acted with certain corporate motives or character, including opinions concerning "Uber Data Transparency";
- ○ regarding a zero-incident or zero-risk benchmark; and
- ○ that Uber's background screening was effective, reliable, "sound and defensible," or added protection, including opinions regarding the effectiveness or reliability of Uber's name-based, commercial, periodic, or continuous background-screening practices; and
- ○ regarding the efficacy of Uber's in-app safety features.

- The testimony of Defendants' expert Lindsay Orchowski is excluded to the extent she offers opinions on Uber's reduction of alcohol-related risks or on "foreseeability."
- The testimony of Defendants' expert Jason Morris is excluded to the extent he offers the following opinions:
  - ○ that Michael Le's criminal records were not reportable under the Fair Credit Reporting Act or California law, and that searching Le's middle name as a surname would violate the Fair Credit Reporting Act;
  - ○ regarding restraining orders, including the legal standards for obtaining temporary or permanent restraining orders in California; and
  - ○ that federal or state law prohibits Uber from conducting FBI fingerprint-based background checks, and opinions concerning biometric privacy laws.

- The testimony of Defendants' expert Vida Thomas is excluded to the extent she offers the following opinions:
  - that Uber's and Checkr's background checks were adequate or "met generally accepted standards in the HR industry";
  - that "Uber had no information through its background-check process suggesting Le posed a risk of sexual assault or was otherwise likely to sexually assault a rider";
  - legal conclusions regarding the Fair Credit Reporting Act, California's TNC statute, U.S. Department of Transportation and California Department of Human Resources regulations, the Illinois Biometric Information Privacy Act, the California Consumer Privacy Act, or statutory authorization for FBI fingerprint checks; and
  - that Uber's conduct was "reasonable," including that it was not reasonable for Uber to collect fingerprints from applicant drivers, that Uber's investigation and steps taken concerning a prior rider report were reasonable, and that Uber's response to Plaintiff A.R.'s August 11, 2023 report was reasonable.
- The testimony of Defendants' expert Joseph Okpaku is excluded to the extent he offers opinions concerning the "disparate impact" of fingerprint-based background checks on communities of color.

**IT IS SO ORDERED.**

DATED: ____________________

Hon. Charles R. Breyer
United States District Judge