ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
chris.cotton@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
One Kansas City Place
1200 Main Street
Suite 2200
Kansas City, MO 64105
Telephone: (816) 868-6840

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*N.S. 774019 v. Uber Technologies, Inc., et al.*, No. 3:26-cv-07982-CRB | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF N.S. 774019**<br><br>Judge: Honorable Charles R. Breyer |

Guerra LLP's Motion to Withdraw as Counsel for Plaintiff N.S. 774019 (ECF 8246) should be denied for the same reasons this Court denied prior, similar motions. *See* ECFs 3759, 3974, 4167, & 4956. Counsel has not set forth an adequate basis to withdraw and has not complied with its professional obligations in this case. The firm's last-minute withdrawal would be unduly prejudicial to both Plaintiff N.S. 774019 and Uber.

The motion to withdraw is emblematic of a larger problem in this Multi-District Litigation. The Plaintiffs' law firms advertise heavily to attract additional clients, who are drawn in by promises of "free compensation" with little or no effort. The Plaintiffs' law firms do not vet the legitimacy of these Plaintiffs' claims sufficiently, perhaps for fear of driving away their new clients. After retaining the law firms, these new clients disappear and fail to participate in their cases or even respond to counsel for months or even years at a time. *E.g.*, ECF 4103-1 (stating in October 2025 that "Plaintiff A.T. has not responded to any efforts to reach her made by myself or my staff since May 9, 2023"); ECF 4104-1 (stating in October 2025 that "Plaintiff K.B. has not responded to any efforts to reach her made by myself or my staff since March 13, 2025"). But these firms continue to initiate lawsuits and submit discovery responses without their clients even reviewing them. *E.g.*, ECF 4103-1; ECF 4104-1. Then, when Uber highlights a failure to provide required substantiation for their claim pursuant to Amended Pretrial Order 10 ("PTO 10") or worse, Uber discovers fraud by Plaintiff's counsel, the only prompt action taken is counsel's motion to withdraw based on the lack of communication with the client, attempting to leave the client, Uber, and this Court to clean up the mess alone. *E.g.*, ECF 4103; ECF 4104. This approach may be good for the Plaintiffs' lawyers, but it is prejudicial to their clients and Uber and harmful to this Court's administration of justice, and withdrawal should be denied.

In this case, Plaintiff N.S. 774019 (MDL ID 6181) submitted an alleged ride receipt that bears indicia of fraud and was a subject of Uber's September 20, 2026 Motion to Appoint a Special Master to Investigate Fraud and supporting documents. ECFs 7070 & 7070-07. As set forth in the declaration of forensic expert Brett D. Harrison of FTI Consulting, Inc., Plaintiff's ride receipt contained formatting inconsistent with genuine Uber ride receipts, such as incorrect alignment, a black background logo, missing commas in the pick-up and drop-off addresses, and miscalculated charges. ECF 7070-07 at 10-12. These obvious errors suggest fraud and should have been identified on even a cursory review by

Plaintiff's counsel. ECF 7070 at 6. But Guerra LLP does not even disclose these indicia of fraud or Uber's motion in its motion to withdraw or the supporting declaration. ECFs 8246 & 8246-1. Instead, counsel makes general averments about "[f]undamental disagreements" and "inability to communicate with Plaintiff." ECF 8246-1 ¶¶ 2 & 4.

Counsel has a "duty **prior to** filing a complaint . . . to conduct a reasonable factual investigation." *Christian v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added). It is unclear why Guerra LLP did not assess the authenticity of the alleged "receipt" at issue before it filed a complaint asserting serious sexual assault claims against Uber. Attorneys are prohibited from "falsify[ing] evidence" and/or "knowingly disobey[ing] an obligation under the rules of a tribunal." Cal. R. Prof' l Conduct 3.4. If, as Uber has already presented to this Court, the receipt Plaintiff N.S. 774019 provided in support of her claims was fraudulent, Guerra LLP should explain what it did to investigate the receipt's alleged authenticity. It should not be permitted to withdraw as though Plaintiff's potential fraud has nothing to do with it; courts can impose discovery sanctions under Federal Rule of Civil Procedure 37 on both clients and their attorneys depending on their culpability. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 5:11-cv-01846. 2014 WL 12596470, at *5 (N.D. Cal. Jan. 29, 2014). As this Court put it in denying a similar motion to withdraw:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

ECF 3759; *see also* ECFs 3974 & 4167. The Cout should deny Guerra LLP's Motion to Withdraw for the same reasons.

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC*, No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Guerra LLP's motion to withdraw

does not articulate this test and does not cite any case law in support of its requested relief. ECF 8246. Failing to timely raise and substantively address these issues constitutes a forfeiture, *In re Cellular 101, Inc.*, 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

On the merits, this Court should deny Guerra LLP's motion to withdraw because of the prejudice withdrawal would cause Plaintiff and Uber, the likely delay, and the potential harm to the administration of justice. As set forth above, Plaintiff N.S. 774019 has submitted a receipt that bears indicia of fraud and is subject to a pending motion that could terminate her case and result in other sanctions. The critical juncture at which Guerra LLP's abrupt Motion to Withdraw comes makes the potential prejudice to Plaintiff more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. Cal. Jan 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover, Uber would be severely prejudiced by Guerra LLP's withdrawal at this juncture, because withdrawal would make it more difficult for Uber and this Court to get answers to the serious fraud issues before this Court and would undoubtedly delay these proceedings. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.*, No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in the proceeding"); *Eslick v. Intuitive Surgical, Inc.*, No. 18-cv-02200-LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). At the very least, this Court needs more information from Guerra LLP about its communications with Plaintiff and what it did to investigate her claims so it can determine the extent to which withdrawal would harm the administration of justice. *Floyd v. Amazon.com Inc*., No. 22-cv-1599, 2024 WL 5040453, at *1 (W.D. Wash. Nov. 5, 2024) ("more information from Floyd's counsel is needed in order to resolve questions of delay, prejudice, and harm to the administration of justice, before the Court can adjudicate the motion to withdraw representation").

Accordingly, Guerra LLP's Motion to Withdraw should be denied.

Dated: November 17, 2026

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
(Admitted *Pro Hac Vice*)
chris.cotton@nelsonmullins.com
One Kansas City Place
1200 Main Street
Suite 2200
Kansas City, MO 64105
Telephone: (816) 868-6840

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on November 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: *__/s/ Christopher V. Cotton__*
Christopher V. Cotton