Richard Eugene Caroll
727 E. San Ysidro Blvd.,
San Ysidro, CA 92173
Telephone: 1-252-948-6062
Email: mochilando33@gmail.com
RICHARD EUGENE CAROLL, IN PRO PER

FILED
NOV 09 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
COUNTY OF SAN FRANCISCO DIVISION

(FILE BY FAX)
CA RULE 2.303

| | |
|---|---|
| IN RE UBER TECHNOLOGIES INC. PASSENGER SEXUAL ASSAULT LITIGATION<br>Plaintiffs,<br><br>vs.<br><br>Defendants | Case No.: 3:23-md-03084<br><br>NOTICE OF MOTION AND MOTION TO DISCLOSE PLAINTIFF'S IDENTITY; ALTERNATIVELY FOR LIMITED PROTECTIVE-ORDER DISCLOSURE<br><br>Judge: Hon. Charles R. Breyer<br>[DEPARTMENT]<br>Hearing Date: [HEARING DATE]<br>Hearing Time: [HEARING TIME] |

NOTICE OF MOTION AND MOTION TO DISCLOSE PLAINTIFF'S IDENTITY; ALTERNATIVELY FOR LIMITED PROTECTIVE-ORDER DISCLOSURE

NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on [HEARING DATE], at [HEARING TIME], or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles R.

Breyer, United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, Richard Eugene Caroll will move this Court for an order compelling the plaintiff identified as [PLAINTIFF'S PSEUDONYM — not provided] to disclose their true legal identity.

This motion is made pursuant to Fed. R. Civ. P. 10(a), the Ninth Circuit balancing test established in Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000), the constitutional presumption of openness in federal judicial proceedings, and Mr. Caroll's due process rights to confront and investigate claims made against him.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the [AFFIRMATION OR DECLARATION — if filed concurrently], the records and files in this action, and any oral argument this Court may permit.

Mr. Caroll respectfully requests expedited consideration of this motion due to the ongoing prejudice he suffers from the anonymous allegations and [DISCOVERY DEADLINE — not provided].

## RELIEF REQUESTED

Richard Eugene Caroll respectfully requests that this Court enter an order:

1. **Primary Relief:** Requiring the plaintiff proceeding as [PLAINTIFF'S PSEUDONYM — not provided] to amend all previously filed pleadings and documents to replace the pseudonym with plaintiff's full legal name, and directing the Clerk to amend the public docket and case caption accordingly to reflect plaintiff's true identity;
2. **Alternative Relief:** If the Court declines to order full public disclosure, at minimum ordering disclosure of plaintiff's true identity to Mr. Caroll under a limited protective order pursuant to Fed. R. Civ. P. 26(c)(1) for purposes of investigation, discovery, and preparation of defense;

3. **Consequence for Non-Compliance:** Warning plaintiff that failure to comply with any order of disclosure within a time certain will result in dismissal of plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order;
4. **Expedited Consideration:** Granting expedited consideration of this motion and requiring a response within a shortened time period; and
5. Such other and further relief as the Court deems just and proper.

## ISSUES TO BE DECIDED

1. Whether the plaintiff's anonymity pursuant to the Court's order dated [DATE OF ANONYMITY ORDER — not provided], Docket No. [DOCKET NUMBER OF ANONYMITY ORDER — not provided], remains justified under the Ninth Circuit balancing test articulated in Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000), in light of the specific prejudice to Mr. Caroll.
2. Whether Mr. Caroll's constitutional due process rights and Sixth Amendment-analogous rights to confront and investigate his accuser outweigh any privacy interests the plaintiff may claim.
3. Whether the strong presumption of public access to federal judicial proceedings requires disclosure of plaintiff's identity on the public docket.
4. Whether Fed. R. Civ. P. 10(a), which requires that the title of a complaint name all parties, compels disclosure absent extraordinary circumstances.
5. Whether, in the alternative, good cause exists under Fed. R. Civ. P. 26(c)(1) to disclose plaintiff's identity to Mr. Caroll under a limited protective order for discovery purposes.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Richard Eugene Caroll is a retired United States Army soldier with over twenty years of honorable service to this country. In February 2024, an anonymous Uber rider filed a sexual assault complaint against him with Uber Technologies, Inc. Mr. Caroll categorically denies these allegations. At all times, he drove with a dashcam recording device and immediately offered the footage to Uber to disprove the false accusations. Uber refused to accept or review the evidence. Mr. Caroll offered to provide approximately four hours of dashcam video recording that would conclusively establish his innocence. Uber refused.

No criminal police report was ever filed by the accuser. Despite the absence of any police investigation, criminal charge, or independent corroboration, in March 2026 Uber permanently banned Mr. Caroll from its platform. Mr. Caroll possesses a letter from Uber stating that the reason for his ban was that the anonymous accuser had joined this multidistrict litigation, Case No. 3:23-md-03084.

Mr. Caroll now seeks to vindicate his rights and clear his name. He has been denied the opportunity to confront his accuser, to investigate the truthfulness of the allegations, or even to learn the identity of the person whose uncorroborated complaint destroyed his livelihood and reputation. The plaintiff proceeds under a pseudonym pursuant to a prior anonymity order of this Court. That anonymity, whatever its initial justification, now works a profound and concrete injustice.

Mr. Caroll respectfully moves this Court to compel disclosure of plaintiff's true identity, either to the public or at minimum to Mr. Caroll under protective order, so that he may exercise his fundamental rights to investigate the claims, obtain exculpatory evidence, and defend his good name and honor.

## II. PROCEDURAL BACKGROUND

In February 2024, an unidentified Uber passenger filed a sexual assault complaint against Mr. Caroll with Uber Technologies, Inc. Mr. Caroll drove with an operational dashcam

at all times and immediately offered the recorded footage to Uber. Uber declined to accept, review, or preserve this exculpatory evidence.

The anonymous accuser subsequently joined this multidistrict litigation and proceeds under the pseudonym [PLAINTIFF'S PSEUDONYM — not provided] pursuant to an anonymity order entered by this Court on or about [DATE OF ANONYMITY ORDER — not provided], Docket No. [DOCKET NUMBER OF ANONYMITY ORDER — not provided].

In March 2026, Uber permanently terminated Mr. Caroll's access to its driver platform. Uber provided Mr. Caroll with a letter expressly stating that the reason for the ban was the accuser's participation in this MDL lawsuit. Mr. Caroll has retained that letter.

To this date, no criminal complaint or police report has been filed against Mr. Caroll arising from the February 2024 incident. Mr. Caroll has never been questioned, arrested, charged, or prosecuted in connection with any allegation of sexual assault or misconduct. The sole source of the accusation is the anonymous complaint filed with Uber and the subsequent lawsuit filed under pseudonym in this MDL.

Mr. Caroll now seeks [CAROLL'S STATUS IN MDL — unclear whether he is a named party, interested party, or non-party seeking intervention] to challenge the continued anonymity of his accuser and to obtain the identifying information necessary to investigate and refute the false allegations that have destroyed his reputation and livelihood.

## III. LEGAL STANDARD

### A. Presumption of Openness and the Rule 10(a) Baseline

Federal courts operate under a strong presumption of public access to judicial proceedings and records. As the Supreme Court recognized in Nixon v. Warner Commc'ns, Inc., 435 U.S. 589 (1978), there exists a common-law right to inspect and copy judicial

records, though the exercise of discretion remains with the trial court based on the specific facts and circumstances of each case.

Fed. R. Civ. P. 10(a) establishes the baseline requirement that the title of a complaint must name all parties. Pseudonymous litigation departs from this foundational rule and is permitted only in special circumstances.

In Press-Enter. Co. v. Superior Ct., 464 U.S. 501 (1984), the Supreme Court held that the presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Any restriction on public access, including the use of pseudonyms, must meet this demanding standard.

**B. The Ninth Circuit Balancing Test**

In the Ninth Circuit, a party may preserve anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000). This standard requires a fact-specific balancing that accounts for the nature of the threatened harm, the reasonableness of any asserted fear, the vulnerability of the party seeking anonymity, and the concrete prejudice to the opposing party and the public.

Critically, the party seeking to maintain anonymity bears the burden of demonstrating that anonymity remains justified. The mere fact that the production of records or identification may lead to embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records or permit pseudonymous proceeding. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172 (9th Cir. 2006). Specific factual findings supported by compelling reasons are required to overcome the strong presumption favoring public access.

**IV. ARGUMENT**

**A. Plaintiff's Anonymity Imposes Severe and Concrete Prejudice on Mr. Caroll**

Mr. Caroll suffers profound prejudice from plaintiff's continued anonymity. He has been publicly accused of one of the most serious crimes recognized in our society. His livelihood has been destroyed: he was permanently banned from the Uber platform, eliminating his source of income. His reputation and honor, earned through more than twenty years of faithful military service to the United States, have been irreparably damaged by an anonymous, uncorroborated accusation.

Unlike the typical defendant corporation in an employment or civil rights case, Mr. Caroll is not a repeat litigant with institutional knowledge and resources. He is an individual, proceeding without counsel, who has been accused by name while his accuser hides behind a pseudonym. The asymmetry is stark and fundamentally unfair.

Mr. Caroll cannot meaningfully investigate the truthfulness of the allegations without knowing the identity of his accuser. He cannot determine whether witness testimony or documentary evidence exists to corroborate or refute the claims. He cannot ascertain whether text message communications between himself and the accuser, which he believes exist but have since been deleted, can be recovered through a court order directed to his cellular carrier, MetroPCS. He cannot interview witnesses, retain experts, or prepare any defense because he does not know whom he is accused of assaulting, when the alleged incident occurred with specificity, or what route was taken.

The dashcam footage Mr. Caroll possesses may conclusively establish his innocence, but without knowing the accuser's identity, the date and time of the ride with greater precision, or the pickup and destination locations, he cannot correlate the video evidence to the accusation. Plaintiff's anonymity thus operates as a shield not merely against public scrutiny, but against the truth itself. Please note that the letter addressed to Mr. Caroll from Uber banning him from its site spelled his name as RICHARD EUGENE CARROLL, but Mr. Caroll's legal name is RICHARD EUGENE CAROLL

This Court's anonymity order, whatever its original justification, now enables a plaintiff to destroy an innocent person's life while facing no accountability, no investigation, and no scrutiny. That result offends fundamental principles of due process and fairness.

**B. Mr. Caroll's Due Process Rights Require Disclosure**

The due process protections of the Fifth Amendment guarantee Mr. Caroll the right to defend himself against serious accusations. While sexual assault allegations in a civil MDL do not trigger the full panoply of Sixth Amendment confrontation rights applicable in criminal prosecutions, the analogy is instructive. A person accused of a crime has the constitutional right to confront witnesses and to compel disclosure of exculpatory evidence. The civil context here involves allegations no less grave and consequences no less severe.

Mr. Caroll's termination from the Uber platform, the destruction of his income, and the damage to his reputation are direct consequences of plaintiff's allegations. These are not speculative or abstract harms; they are concrete, documented, and ongoing. Due process requires that he be afforded a meaningful opportunity to defend himself, and that opportunity is impossible without knowing the identity of his accuser.

The absence of any criminal investigation or police report underscores the weakness of plaintiff's claims and the injustice of continued anonymity. If the allegations had merit, one would expect the accuser to have reported them to law enforcement. The failure to do so, combined with Uber's refusal to review exculpatory video evidence, strongly suggests that the accusations are false or exaggerated. Yet Mr. Caroll is denied the basic tools necessary to prove his innocence.

**C. Plaintiff Has Not Met the Burden to Justify Continued Anonymity**

Plaintiff bears the burden of demonstrating that anonymity remains warranted under the Does I thru XXIII balancing test. That burden has not been met here, and indeed cannot be met in light of the specific facts.

First, there is no evidence of any credible threat of physical harm, harassment, or retaliation. No criminal case is pending. Mr. Caroll is a retired military veteran, not a violent offender or member of a criminal enterprise. He has never threatened plaintiff, has never contacted plaintiff, and indeed does not know plaintiff's identity. Any asserted fear of harm is speculative and unsupported by specific facts.

Second, embarrassment alone does not justify sealing records or proceeding pseudonymously. Kamakana, 447 F.3d at 1178-79. Sexual assault cases undoubtedly involve sensitive and personal subject matter, but that alone cannot override the public's right of access and the opposing party's right to a fair process. Many plaintiffs in sexual assault litigation proceed under their true names; plaintiff has not shown why this case is different or why less restrictive alternatives, such as sealing certain sensitive discovery materials while disclosing identity, would not suffice.

Third, plaintiff's anonymity is not narrowly tailored. Press-Enter. Co., 464 U.S. at 510. Complete concealment of identity on the public docket is the most extreme form of closure. Less restrictive alternatives, including disclosure to Mr. Caroll alone under a protective order, would serve any legitimate privacy interest while permitting him to mount a defense.

Fourth, the balance of harms weighs decisively in Mr. Caroll's favor. Plaintiff chose to file this lawsuit and invoke the power of the federal courts. With that choice comes responsibility and accountability. Mr. Caroll did not choose to be accused; he has been involuntarily subjected to life-altering harm based on anonymous allegations. The equities do not favor the accuser.

**D. The Public Interest Requires Disclosure**

The public has a strong interest in open judicial proceedings. Secrecy breeds suspicion and undermines confidence in the justice system. When courts permit plaintiffs to prosecute serious accusations from behind a veil of anonymity, the public is left to wonder whether the proceedings are fair, whether the allegations are credible, and whether justice is being done.

In this case, the public interest is heightened because the litigation involves Uber Technologies, Inc., a company that provides transportation services to millions of people. The public has a legitimate interest in knowing the identities of those who bring claims in this MDL, in assessing the credibility of those claims, and in evaluating Uber's response. Anonymity frustrates that interest and prevents meaningful public oversight.

Moreover, permitting unfettered pseudonymous litigation risks encouraging false or frivolous claims. When a plaintiff can accuse another person of sexual assault without facing any public accountability, the deterrent effect of reputational consequences is eliminated. That risk is unacceptable in a system premised on truth-seeking and adversarial testing.

**E. Fed. R. Civ. P. 10(a) Requires Disclosure Absent Extraordinary Justification**

Fed. R. Civ. P. 10(a) provides that the title of the complaint must name all the parties. This rule reflects a foundational principle: litigation is public, and parties must stand behind their claims. Departure from Rule 10(a) is permitted only in extraordinary circumstances, and those circumstances are not present here.

Plaintiff has not demonstrated any concrete threat that would justify continued deviation from the rule. The original anonymity order may have been entered on a preliminary showing or on consent, but anonymity is not a permanent entitlement. As the case progresses and as the prejudice to the opposing party becomes clear, the Court must revisit the balance and restore the default rule of public identification.

**V. ALTERNATIVE RELIEF: LIMITED PROTECTIVE-ORDER DISCLOSURE**

If this Court concludes that plaintiff's privacy interests warrant continued anonymity on the public docket, Mr. Caroll respectfully requests that the Court order disclosure of plaintiff's identity to him under a limited protective order pursuant to Fed. R. Civ. P. 26(c)(1).

Rule 26(c)(1) authorizes the court, for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Good cause exists here to disclose plaintiff's identity to Mr. Caroll under terms that prohibit him from publicly disseminating that information or using it for any purpose other than investigating and defending against plaintiff's claims in this litigation.

Such an order would balance plaintiff's asserted privacy interests against Mr. Caroll's undeniable need to prepare a defense. It would permit him to recover deleted text messages through a subpoena to MetroPCS, to identify and interview witnesses, to correlate his dashcam footage to the specific trip in question, and to gather exculpatory evidence. At the same time, it would protect plaintiff from any public disclosure or harassment.

Mr. Caroll certifies that he has made a good-faith effort to resolve this issue without court action by attempting to ascertain plaintiff's identity through Uber's notice of termination, but that effort has been unsuccessful because Uber has declined to provide further information.

A limited protective order represents a narrowly tailored, less restrictive alternative to blanket anonymity on the public docket. If the Court is not prepared to order full public disclosure, this alternative relief should be granted.

## VI. CONSEQUENCE OF NON-COMPLIANCE

If this Court orders disclosure of plaintiff's identity, whether publicly or under protective order, and plaintiff refuses to comply, Mr. Caroll respectfully requests that the Court impose sanctions pursuant to Fed. R. Civ. P. 41(b).

Rule 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Dismissal

for failure to comply with a court order ordinarily operates as an adjudication on the merits unless the dismissal order states otherwise.

A plaintiff who invokes the jurisdiction of this Court and seeks substantial monetary or equitable relief must be prepared to abide by the Court's orders. If plaintiff elects to defy an order of disclosure, dismissal with prejudice is the appropriate remedy. Such a sanction would vindicate the integrity of the judicial process, protect Mr. Caroll from ongoing harm caused by anonymous and unsubstantiated accusations, and deter future abuse of pseudonymity procedures.

## VII. EXPEDITED CONSIDERATION IS WARRANTED

Mr. Caroll respectfully requests expedited consideration of this motion. He continues to suffer reputational and economic harm every day that plaintiff's anonymity persists. Discovery in this MDL may be ongoing, and [DISCOVERY DEADLINE — not provided] may be imminent. If Mr. Caroll is to have any meaningful opportunity to investigate plaintiff's claims and gather exculpatory evidence, he must learn plaintiff's identity without further delay.

The interests of justice require that this motion be heard and decided on an expedited schedule, with a requirement that plaintiff respond within a shortened time period.

## VIII. CONCLUSION

For more than two years, Mr. Caroll has lived under a cloud of false accusation. He has been branded a sexual predator based on an anonymous, uncorroborated complaint. He has lost his livelihood. He has been denied the opportunity to defend himself, to confront his accuser, or even to learn her identity. He possesses exculpatory evidence that Uber refused to review. No police report was filed. No criminal investigation was conducted. No due process was afforded.

The anonymity order that shields plaintiff from accountability cannot be permitted to continue. The Ninth Circuit's balancing test, the constitutional presumption of openness, the requirements of Fed. R. Civ. P. 10(a), and the fundamental principles of due process and fairness all require disclosure.

Mr. Caroll respectfully requests that this Court order plaintiff to amend all filings to disclose her true identity on the public docket, or in the alternative, to disclose that identity to Mr. Caroll under a limited protective order. He further requests that the Court warn plaintiff that failure to comply will result in dismissal of her claims with prejudice, and that the Court grant expedited consideration of this motion.

Mr. Caroll has served his country honorably for over twenty years. He now asks only that this Court afford him the basic fairness and due process to which every person accused of wrongdoing is entitled.

Respectfully submitted,

DATED: [DATE]

Richard Eugene Caroll

Richard Eugene Caroll
727 E. San Ysidro Blvd., #437
San Ysidro, CA 92173
Telephone: 1-252-948-6062
Email: mochilando33@gmail.com

Movant In Pro Per

## CERTIFICATE OF SERVICE

I, Richard Eugene Caroll, declare that on [DATE], I electronically filed the foregoing NOTICE OF MOTION AND MOTION TO DISCLOSE PLAINTIFF'S IDENTITY with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Richard Eugene Caroll

Richard Eugene Caroll
Movant In Pro Per