# EXHIBIT A

DORTCH LINDSTROM LIVINGSTON LAW GROUP

**T. Micah Dortch**
Licensed in Texas, Oklahoma, Arkansas and Ohio
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
(214) 393-1212
(888) 653-3299 fax
Micah@dll-law.com

November 17, 2026

**VIA ELECTRONIC MAIL**

Veronica Hayes Gromada
Shook, Hardy & Bacon L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, Texas 77002
vgromada@shb.com

Michael B. Shortnacy
Shook, Hardy & Bacon L.L.P.
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
mshortnacy@shb.com

Jenny Paulson
Simmons Hanly Conroy
jpaulson@simmonsfirm.com

**Re:** *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, No. 3:23-md-03084-CRB (N.D. Cal.); Uber's Subpoena to Mass Tort Ad Agency

Dear Ms. Gromada, Mr. Shortnacy, and Ms. Paulson:

I understand that Judge Cisneros will take up the parties' November 13 joint letter brief on Uber's subpoenas to legal marketing and client acquisition companies (ECF 8284) at an upcoming hearing. Because Uber's portion of that brief relies on my October 19, 2026 letter, I wanted to clarify MTAA's position on a few points before the hearing.

**THE OCTOBER 19 LETTER**

My October 19 letter offered a categorical privilege log, pinpoint redactions, and a meet-and-confer process as a way to work through the open issues without taking up the Court's time. Uber's portion of the joint letter brief presents that offer as MTAA proposing the process Uber now asks the Court to adopt. Cotton Decl. ¶ 6 & Ex. B. The offer was not meant to take a side between Plaintiffs and Uber. Any review MTAA conducts will be the review Judge Cisneros orders, if she orders one, and MTAA will comply with whatever the Court directs. Beyond asking

for a log, Uber has not said what review it expects from MTAA, which documents matter to it, or what it hopes to find in them.

**<u>THE BURDEN OF A REVIEW</u>**

By Plaintiffs' count, MTAA's production includes 17,659 documents, more than 90,000 pages, and more than 800 spreadsheets holding over 42 million rows of intake data, most of it from campaigns that have nothing to do with rideshare litigation. ECF 8284 at 2. MTAA is a small advertising agency with no in-house lawyers and no review staff. A document-by-document review of that material, done without artificial intelligence, would take months if not years and would cost well over $250,000. That burden would fall on a nonparty, for a production that was never supposed to include most of what is in it.

**<u>RIDE RECEIPTS</u>**

Uber's portion of the brief ties its need for this discovery to altered ride receipts and the vendors that handled them. MTAA has never requested a rideshare receipt from anyone as part of its marketing process. If Uber's interest is in how altered receipts made their way into the litigation, MTAA's production will not answer that question.

**<u>A PRACTICAL PATH FORWARD</u>**

MTAA's production of materials from its other campaigns was an accident, and the simplest way to undo it is to treat the production as a whole rather than one row at a time. MTAA therefore supports an order that the material produced to date be destroyed. If Uber still needs discovery from MTAA after that, a new subpoena narrowly tailored to the issues actually in dispute in the rideshare litigation would let MTAA respond promptly and with the benefit of counsel. That approach protects the privileges of the law firms and individuals whose information was produced, spares a nonparty months of review, and still gives Uber any relevant information MTAA has.

MTAA continues to preserve its documents as the Court directed, and nothing in this letter waives any privilege or protection, including those belonging to the law firms and individuals whose information was produced. I am glad to discuss any of this before the hearing and can be reached at (214) 393-1212 or Micah@dll-law.com.

Sincerely,

*Micah Dortch*

Micah Dortch
Counsel for Mass Tort Ad Agency

cc: Rachel B. Abrams, Peiffer Wolf (rabrams@peifferwolf.com)
Christopher V. Cotton, Nelson Mullins (chris.cotton@nelsonmullins.com)