*[Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

ALL ACTIONS

Case No. 3:23-md-03084-CRB

**JOINT STATUS REPORT FOR NOVEMBER 19, 2026 DISCOVERY STATUS CONFERENCE**

Judge: Hon. Lisa J. Cisneros
Courtroom: G – 15th Floor

**JOINT STATUS REPORT**

In advance of the discovery status conference set by the Court for November 19, 2026 at 3:00 p.m. (ECF 6463), Plaintiffs and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, “Defendants”) (jointly, “the parties”), respectfully submit this Joint Status Report.

**1. PTO 8 Letter Regarding Third Party Subpoenas**

**Plaintiffs' Position:** On November 13, 2026, the Parties filed a PTO 8 brief regarding Uber's third-party subpoenas to legal marketing and client acquisition services (ECF 8284). On November 17, 2026, the Parties received a letter from MTAA regarding the issues addressed in the PTO 8 brief. Plaintiffs intend to submit the letter to the Court with a Notice of Supplemental Material. Given the importance of the issues, including the privilege and privacy interests of parties and nonparties, Plaintiffs respectfully request the Court hear argument at the November 19 conference.

Related issues are before the JCCP. On October 26, 2026, Uber filed *Defendants' Motion to Approve Narrowed Third-Party Subpoenas*, requesting the JCCP Court approve a narrowed version of the subpoenas. Plaintiffs filed their opposition on November 4, 2026. Special Master Reisman has advised the Parties she will defer hearing that motion, given the briefing before Your Honor and the November 19 conference. Special Master Reisman has scheduled a call with the JCCP Parties for November 23, 2026, to receive a status report on the MDL briefing and the November 19 conference.

**Uber's Position:** The PTO 8 submission (ECF 8284) addresses third-party subpoenas seeking information relevant to the origination and substantiation of claims in this MDL, including productions already made by certain third parties. The submission also proposes a path forward to address Plaintiffs' privilege claims and privacy concerns, including privilege logging, clawback under the Protective Order, redaction protocols, etc.. As to the JCCP, Uber's pending motion seeks approval of *narrowed* subpoenas, which already address concerns Plaintiffs have raised. Uber does not object to the Court hearing argument at the November 19 conference, and welcomes the opportunity to address a practical framework for resolving Plaintiffs' concerns without foreclosing discovery to which Uber is entitled.

**2. Motion to Strike Rebuttal Report of Uber Expert Betsy Bartko**

**Plaintiffs' Position:** Plaintiff intends to move to strike the rebuttal report of Uber's expert Betsy Bartko. The parties are currently briefing the PTO 8 letter and anticipate that it will be filed by Wednesday, November 18.

**Uber's Position:** Uber opposes Plaintiff's motion to strike Betsy Barko's rebuttal report. As Plaintiff's note, this dispute will be submitted to the Court through the PTO 8 process.

**3. Deficiencies in Plaintiff's Document Productions**

**Uber's Position:** Over the last year and a half, Plaintiff's counsel in the *AR* case has needlessly delayed and obstructed discovery, thereby impacting Uber's ability to mount a full and fair defense at trial. After it became clear that counsel for Plaintiff instructed third-party witnesses to conceal relevant and responsive documents, the parties agreed on and entered into a protocol whereby Plaintiff's counsel agreed to work with witnesses and re-collect and re-produce documents. Unfortunately, and as explained in more detail below, Plaintiffs' counsel has repeatedly failed to comply with the re-production requirements, resulting in numerous deficiencies and untimely productions. It is these failures - not Uber - that have created the need for additional depositions and follow up on discovery. Despite Plaintiff's attempts to cast aspersions on Uber, it has only ever sought to obtain highly relevant discovery - efforts that have been hamstrung by Plaintiff and her counsel's discovery misconduct. Plaintiff's representations that these efforts somehow reflect intimidation are grossly unfair and misleading.[1]

[1] While Plaintiff contends that Uber has not met and conferred, that could not be further from the truth. As explained in detail, Uber has repeatedly attempted to work with Plaintiff on her discovery deficiencies, including negotiating an entire re-collection protocol before bringing this issue to the Court. At this point, however, with trial rapidly approaching, Uber needs some concrete reassurance that Plaintiff has properly completed her discovery obligations in light of her continued failure to do so. Indeed, Uber told Plaintiff when she reached out that if she would agree to supply a declaration, Uber would remove this issue from the JSR. She refused.

With trial less than two months away, Uber has asked Plaintiff's counsel to confirm her productions are complete and counsel has refused to do so. Uber has a right to know whether Plaintiff's counsel is still sitting on additional discovery, particularly given the significant delays already caused by their discovery misconduct. As a result, Uber asks that the Court enter an Order requiring Plaintiff to confirm by sworn declaration, whether her productions are complete, and if they are not, to explain, in writing, why that is the case and to complete any remaining productions no later than November 30, 2026.

After a witness represented by Plaintiff's counsel raised concerns that her attorneys had improperly instructed her to conceal evidence at her deposition, the Court ordered further depositions of Plaintiff and the witness at issue. ECF 3985. During those depositions, it became clear that Plaintiff's counsel did not adequately engage in the collection process and that discoverable information was not properly collected or produced. After months of negotiations, Plaintiff's counsel agreed to a collection protocol under which they would supervise collections by Plaintiff and the other witnesses using specific search terms that included "Uber" to ensure that discovery was being properly collected and produced. The agreed-upon deadline for completion was May 22, 2026, nearly 6 months ago.

Plaintiff's counsel did not produce any documents until June 6, 2026, and even then, conceded that *at least* two of the five witnesses' productions were incomplete. The new productions contained hundreds of documents, many of which were highly probative and facially responsive to prior requests for production. At a follow-up deposition of Plaintiff regarding these new documents, it was revealed that her counsel did not comply with the protocol and Plaintiff improperly limited her search for documents. Again, Plaintiff belatedly produced new probative documents as a result. More than a year after Uber's initial discovery requests and four months after Plaintiff's production pursuant to the agreed collection protocol, Plaintiff produced additional messages, including

messages in the hours following the purported events and messages about the litigation, many of which used the word “Uber.” These latest productions call into question whether Plaintiff adequately searched and collected responsive information using the most basic search terms. Despite their repeated failures and agreements to be actively involved in overseeing collections, counsel has continued to blame their client for the deficient productions.

Uber has asked repeatedly whether productions of Plaintiff and the other witnesses are complete, and counsel has deflected and refused to provide a response. If there is more discovery to be had, Uber needs to know, and that discovery needs to be produced immediately. As a result, Uber respectfully requests that the Court order Plaintiff to confirm whether her productions are complete, and if they are not, to complete them no later than November 30, 2026.

Plaintiff’s counsel does not address the production history underlying Uber’s request and instead seeks to distract attention from her repeated discovery failings by blaming Uber. The Court ordered her to sit for a second deposition. After that deposition - and after representing that her production was complete - Plaintiff produced hundreds of pages of additional discovery. Following her third deposition and another representation of completeness, Plaintiff again produced over one hundred pages of additional discovery. Counsel’s October 28, 2026 email is just more of the same - empty representations that are belied by a history of Plaintiff promising a completed set of discovery only to produce mass amounts of highly probative information after Uber’s opportunity to depose certain witnesses, including Plaintiff herself, has already passed. Plaintiff’s observation that some recently produced text messages postdate her last production does not address whether the remaining materials should have been produced earlier (they should have). Nor does invoking an ongoing duty to supplement resolve the concern raised by successive assurances of completeness followed by substantial additional productions. As a result of the repeated pattern of productions post-

representations of completeness, Uber requests the Court order her to certify, by sworn declaration, that her productions are complete.

**Plaintiff's Position:** Without meeting and conferring as required under PTO 8, Uber inappropriately argues alleged A.R. case-specific discovery issues that have no place in this JSR.[2] Uber is again rehashing old arguments to manufacture issues where none exist. We have seen this before, several times. Plaintiff has produced all responsive documents in her possession. Plaintiff filed her case in November 2024 and has been a Wave 1 Bellwether case since February 2025. As expected during the course litigating for 2 years, Plaintiff has updated her discovery, as she is required to do. She has been deposed *three times*, including as recently as September 2026.

Uber's counsel requests that Plaintiff confirm whether her productions are complete. However, on October 28, 2026, Plaintiff's counsel affirmatively stated in an email to Uber's counsel:

> Regarding your first question, Plaintiff has an ongoing duty to produce responsive documents, which she has consistently fulfilled. She was selected as a Wave 1 bellwether trial case more than a year and eight months ago. Additionally, as you know, many of Plaintiff's recently produced text messages reflect communications that occurred after her last document production. ***That said, I can confirm that all responsive documents have been produced.*** (Emphasis added).

Now, for the first time in this JSR, Uber is requesting that the Court order A.R. to certify, by sworn declaration, that her productions are complete. Again, Uber has never once made this request to Plaintiff, so raising without meeting and conferring is wholly improper. Further, Plaintiff A.R. already has been subjected to relentless deposition questioning and repeated attempts by Uber to intimidate her from appearing at her upcoming trial—a pervasive tactic we've seen throughout this litigation. Uber must be stopped. As stated above, at the request of Uber, Plaintiff's counsel recently confirmed that all responsive documents have been produced.

---

[2] Plaintiff's counsel reached out to Uber's counsel to discuss limiting the argument in this section, and welcomed a meet and confer on the matter, but Uber did not agree to discuss before filing this letter brief.

By: */s/Roopal P. Luhana*

ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

By: */s/Michael Vives*

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN
MICHAEL VIVES

**NELSON MULLINS**
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

## ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: November 17, 2026

/s/ *Roopal P. Luhana*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ *Roopal P. Luhana*