# EXHIBIT A

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| Coordination Proceeding<br>*In Re: Uber Rideshare Cases* | Case No. CJC-21-005188<br><br>*(Assigned to Hon. Ethan P. Schulman, Dept. 304)* |
| This Document Relates to:<br>ALL ACTIONS | **JUDICIAL COUNCIL COORDINATION PROCEEDING CASE NO. 5188**<br><br>**MEMORANDUM AND ORDER OF SPECIAL MASTER ELLEN REISMAN REGARDING DEFENDANTS' JULY 22, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF CERTAIN PLAINTIFFS** |

**MEMORANDUM AND ORDER OF SPECIAL MASTER ELLEN REISMAN REGARDING DEFENDANTS' JULY 22, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF CERTAIN PLAINTIFFS**

**DATE: September 1, 2026**

On December 16, 2025, this Court entered its Amended Fact Sheet Implementation and Ride Receipt Discovery Order (the "Amended CMO"), which sets out a series of procedures for discovery. On December 23, 2025, I was appointed as Special Master pursuant to Section 9 of the Amended CMO. Pursuant to Cal. Code Civ. Pro. sections 638 and 644, as Special Master I have authority "to report a statement of decision" which "must stand as the decision of the court".

On July 22, 2026, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC filed their Motion for (1) Entry Of An Order To Show Cause Why Certain Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed With Prejudice And (2) Allowing Limited Depositions Of Certain Plaintiffs ("Uber's July 22, 2026 Motion") as to three Plaintiffs.

In preparing this Memorandum and Order, I have reviewed Uber's July 22, 2026 Motion and the Memorandum and Declarations in Support of its Motion and exhibits thereto; the Opposition to this Motion submitted on behalf of Plaintiff JLG 1008 (Case No. CGC-26-633909) represented by Johnson Law Group; and Uber's reply in support of its July 22, 2026 Motion.

No Oppositions were filed on behalf of Plaintiffs Jane Doe NLG 88 or Jane Doe 104, both of whom are represented by Nachawati Law Group.

A hearing was scheduled for August 18, 2026, but I determined that it was unnecessary and that the Motion could be decided on the papers.

I have reviewed the applicable law and Parties' submissions and now, for the reasons outlined below, issue an ORDER to dismiss the claims of Jane Doe NLG 88 (Case No. CGC-25-623158) and Jane Doe 104 (Case No. CGC-25-626703) with prejudice. As discussed below, JLG 1008's case has already been dismissed with prejudice so the Motion is denied as moot as to this plaintiff.

## ANALYSIS

### I. DISMISSAL WITH PREJUDICE

As noted above, Plaintiffs Jane Doe NLG 88 and Jane Doe 104 did not file any responses

to Uber's Motion.[1] These two Plaintiffs were previously the subject of Uber's March 12, 2026 Motion to Dismiss Cases for Failure to Comply with Amended Case Management Order (for failure to submit a Plaintiff Fact Sheet), and their cases were dismissed without prejudice on May 11, 2026, in accordance with my May 7, 2026 Report and Recommendation. Accordingly, as to those Plaintiffs, I am treating this Motion as one seeking to convert their prior dismissals from dismissals without prejudice to dismissals with prejudice.

An Opposition was filed on behalf of Plaintiff JLG 1008, but JLG 1008's Opposition "does not defend the challenged receipt or oppose Uber's request that Plaintiff's claim be dismissed with prejudice." Plaintiff JLG 1008's Response And Opposition To Uber's July 22, 2026 Motion at 2:6-8. Indeed, JLG 1008's Counsel, Johnson Law Group, had already filed a request to dismiss JLG 1008's case with prejudice on June 22, 2026, which was entered by the Court on the same date (dismissal attached as Exhibit I hereto). Accordingly, no further action is necessary to effectuate a dismissal with prejudice as to that case.

Moreover, the evidence put forth by Uber, as detailed in the Declaration of Brett D. Harrison and FTI Consulting, Inc., that the ride receipts submitted by all three of these Plaintiffs were non-bona fide, is persuasive and so also provides a sufficient basis for the dismissal with prejudice of these cases.[2] Under these circumstances, there is no real dispute that dismissal with prejudice is appropriate for all three Plaintiffs, and indeed has already taken place for one of the three.

---

[1] The failure of Plaintiffs Jane Doe NLG 88 and Jane Doe 104 to file an opposition to Uber's motion would be reason enough to grant Uber's Motion as to them. Although the moving party still must meet their initial burden in any motion, the "failure to oppose a motion may be deemed a consent to the granting of the motion." Cal. Rule of Ct. 8.54(c); see, e.g., *Thatcher v. Lucky Stores, Inc.*, 79 Cal. App. 4th 1081 (2000) (discussing failure to oppose a summary judgment); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal upon lack of opposition to a summary judgment motion).

[2] The Court's inherent authority to impose discovery sanctions "is particularly appropriate when the offending parties have practiced a fraud upon the court." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991); *R.S. Creative Inc. v. Creative Cotton, Ltd.*, 75 Cal. App. 4th 486, 496–498 (1999) (Finding that terminating and monetary sanctions imposed by the court were justified where there was actual fraud).

## II. LIMITED DEPOSITIONS OF THESE PLAINTIFFS

This is the third motion made by Uber seeking depositions of Plaintiffs who, they assert, submitted fraudulent ride receipts. In the two earlier motions I agreed that the limited depositions sought by Uber should be allowed. Here I conclude that the facts described above do not warrant an Order requiring these Plaintiffs to sit for depositions. First, all three of these Plaintiffs' cases have already been dismissed (and one already with prejudice) through mechanisms outside of this Motion and so at the time this Motion is being decided, they no longer have live lawsuits pending before this Court.

Second, the three fraudulent ride receipts that are the subject of this Motion appear to be unique, individualized efforts to modify legitimate ride receipts, as opposed to part of a larger scale, organized effort to perpetrate fraud on the Court. As such, it is not clear how depositions of these three individuals would address more generalized fraud concerns.

Third, while any fraudulent evidence submitted in support of a lawsuit is deeply problematic, there have been a total of twelve Plaintiffs whose allegedly fraudulent ride receipts have been brought to the attention of this Court. At present, there has not been evidence to suggest that Plaintiffs' Counsel are involved in, or somehow facilitated, the creation of such fraudulent evidence. Uber has asserted that Plaintiffs' Counsel should be more diligent in ferreting out fraudulent ride receipts, and that may well be the case, but requiring depositions of these three individuals will not, in my opinion, bring that about.

Finally, requiring depositions in these circumstances seems to have become a mechanism for seeking additional punishment of these individuals for submitting fraudulent evidence. *See e.g.,* Uber's July 6, 2026 Motion to Enforce the Court's May 11, 2026 Order & For Findings of Contempt seeking an order finding that certain Plaintiffs were in contempt for failing to appear for depositions. Sanctions are not appropriate when there is no basis upon which to conclude the sanctions would "suffice" to ensure production of the sought-after discovery. *See Miranda v. 21st Century Ins. Co.*, 117 Cal. App. 4th 913, 929 (2004). Discovery sanctions "should be appropriate to the dereliction and should not exceed that which is required to protect the interests

of the party entitled to but denied discovery" and a terminating sanction is the "ultimate sanction". *Vernola-Salas v. Urb. Soccer 5 Ctr., LLC*, 2025 Cal. Super. LEXIS 32926, *15-16 (2025). Here, Uber has made a compelling case that these individuals had produced fraudulent ride receipts by altering actual receipts. But it is not clear that continued litigation over a deposition in these cases will yield additional information about either these cases or more generally about how to prevent fraudulent receipts in other cases.

Accordingly, Uber's motion is denied as to its request for depositions of Jane Doe NLG 88, Jane Doe 104, and JLG 1008.

## III. CONCLUSION

For all the reasons set forth above, having considered Uber's July 22, 2026 Motion For (1) Entry Of An Order To Show Cause Why Certain Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed With Prejudice And (2) Allowing Limited Depositions Of Certain Plaintiffs, I hereby **ORDER** that the dismissals without prejudice of the following Plaintiffs' cases be **CONVERTED** to **DISMISSALS WITH PREJUDICE:**

1. Jane Doe NLG 88 (CGC-25-623158)
2. Jane Doe 104 (CGC-25-626703)

I also find that JLG 1008's case (CGC-26-633909) has already been dismissed with prejudice and thus this Motion is **DENIED** as moot as to that plaintiff.

Finally, Uber's motion is **DENIED** as to its request for depositions of Jane Doe NLG 88, Jane Doe 104, and JLG 1008.

**IT IS SO ORDERED**

Dated: September 1, 2026

By: */s/ Ellen Reisman*

Special Master

# EXHIBIT I

**CIV-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 350821
NAME: Russell W. Lewis, IV
FIRM NAME: Johnson Law Group
STREET ADDRESS: 2925 Richmond Avenue, Ste. 1700
CITY: Houston STATE: TX ZIP CODE: 77098
TELEPHONE NO.: (800) 230-7700 FAX NO.:
EMAIL ADDRESS: rlewis@johnsonlawgroup.com
ATTORNEY FOR *(name)*: Plaintiff JLG 1008, an Individual

*FOR COURT USE ONLY*

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**06/22/2026**
**Clerk of the Court**
**BY: EDWARD SANTOS**
**Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: JLG 1008
DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al.

**REQUEST FOR DISMISSAL**

CASE NUMBER:
CGC-26-633909 (CJC-21-005188)

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [x] With prejudice (2) [ ] Without prejudice (3) [ ] Without prejudice and with the court retaining jurisdiction (Code Civ. Proc., § 664.6)
   b. (1) [x] Complaint (2) [ ] Petition
   (3) [ ] Cross-complaint filed on *(date)*: by *(name)*:
   (4) [ ] Cross-complaint filed on *(date)*: by *(name)*:
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other *(specify)**: As to Plaintiff JLG 1008 only. All parties to bear their own fees and costs.
2. *(Complete in all cases except family law cases.)*
   The court [ ] did [x] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)*

Date: 06/22/2026

Russell W. Lewis, IV
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

[signature]
(SIGNATURE)

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed

Attorney or party without attorney for
[x] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.†
Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

† If item 1a(3) is checked, all parties must sign.
If a cross-complaint—or *Response—Marriage/Domestic Partnership* (form FL-120) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

Attorney or party without attorney for
[ ] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross-Complainant

[ ] Check here and use form MC-025 or a separate page for additional signatures. Include date, printed name, and party information.

4. [ ] Dismissal entered as requested on *(date)*:
5. [ ] Dismissal entered on *(date)*: as to only *(name)*:
6. [ ] Dismissal **not entered** as requested for the following reasons *(specify)*:

**DISMISSAL ENTERED**
**06/22/2026**
**By: EDWARD SANTOS**
**Deputy Clerk**

7. a. [ ] Attorney or party without attorney notified on *(date)*:
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed [ ] means to return conformed copy

Date: Clerk, by ________________, Deputy

| PLAINTIFF/PETITIONER: JLG 1008<br>DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CASE NUMBER:<br>CGC-26-633909 (CJC-21-005188) |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below)*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION) ▶ (SIGNATURE)

**PROOF OF SERVICE**

The undersigned declares: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is 2925 Richmond Ave., Suite 1700, Houston, TX 77098 and my email address is rlewis@johnsonlawgroup.com.

On the date shown below I served the following document(s):

- **REQUEST FOR DISMISSAL**

to be served on the parties by providing a true copy thereof as follows:

☒ **EMAIL OR ELECTRONIC SUBMISSION:** Pursuant to Code of Civil Procedure sections 1010.6(b) and 1013b, and California Rules of Court 2.251(a) and (c)(3), I caused the documents to be sent to the person(s) at the email address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Ricky Brown<br>rlbrown@shb.com<br>Mike Arnone<br>marnone@shb.com<br>Christopher V. Cotton, Esq.<br>ccotton@shb.com<br>Geoffrey J. Geftman<br>ggeftman@shb.com<br>**SHOOK, HARDY & BACON L.L.P.**<br><br>*Attorneys for Defendants Uber Technologies, Inc., & Rasier, LLC.* | |

And to all counsel of record in JCCP No. 5188 as follows:

☒ **VIA FILE&SERVEXPRESS:** I am familiar with the business practice for electronic service. The above described document(s) was filed and served electronically and the transmission reported as complete and without error to the parties listed on the service list with File & ServeXpress. This service complies with the Court's order in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 22, 2026, at Houston, Texas.

/s/
Russell W. Lewis

**PROOF OF SERVICE**

*IN RE: UBER RIDESHARE CASES*
San Francisco County Superior Court Case No. CJC-21-005188

I, the undersigned, declare: I am at least 18 years old and not a party to the within action; that my business mailing address is 1250 I St. NW, Suite 501, Washington, D.C., 20005.

On the date specified below, I served a copy of the foregoing document described as:

**MEMORANDUM AND ORDER OF SPECIAL MASTER ELLEN REISMAN REGARDING DEFENDANTS' JULY 22, 2026 MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF CERTAIN PLAINTIFFS**

on the interested parties in this action in the following manner:

**[X]** **BY NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) by submitting an electronic version of the document(s) to File & ServeXpress through the user interface at www.FileandServeXpress.com. Participants in the case who have consented will be served through the user interface at www.FileandServeXpress.com. Participants who have not consented will be served by mail or by other means permitted by the court rules

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 1, 2026, in Washington, D.C.

*/s/ Julia Brosnan*
Julia Brosnan